TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:        213.430.3400
Facsimile:        213.430.3409

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

LEXANALYTICA, PC
Perry J. Narancic – SBN 206820
pjn@lexanalytica.com
2225 E. Bayshore Road
Suite 200
Palo Alto, CA 94303
Telephone:        650.655.2800

Attorneys for Defendants,
ONLINENIC, INC. and DOMAIN ID SHIELD
SERVICES CO., LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC, | Case No. 5:19-cv-07071-SVK |
| Plaintiffs, | **STIPULATED [PROPOSED] FEDERAL RULE OF EVIDENCE 502(D) ORDER AND CLAWBACK AGREEMENT** |
| v. | |
| ONLINENIC INC., DOMAIN ID SHIELD SERVICE CO., LIMITED, and DOES 1-20, | |
| Defendants. | Hon. Susan van Keulen |

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

1. **PURPOSE**

Pursuant to Federal Rules of Evidence 502(d), the production or disclosure of any privileged or otherwise protected documents (as defined by Fed. R. Civ. P. 34(a)(1)) and accompanying metadata ("Documents"), shall not result in the waiver of any privilege or other protection (including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, or any other applicable privilege) associated with such Documents as to the receiving party or any third parties. The production or disclosure shall not result in any waiver, including subject matter waiver, of any kind, in this or in any other state or federal proceeding regardless of the circumstances of disclosure pursuant to Federal Rule of Evidence 502(d). This Paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Documents.

2. **CLAWBACK AGREEMENT**

In the event that a producing party discovers that it produced Documents subject to a legally recognized claim of privilege or work-product protection, it shall provide written notice of the claim to the receiving party (a "Clawback Notice"), identifying the subject Documents within thirty days of the discovery.

3. **PROCEDURES FOLLOWING CLAWBACK NOTICE**

a)     Within ten business days of receipt of a Clawback Notice (regardless of whether the receiving party agrees with the producing party's claim of privilege) or a receiving party's own determination that information it received is privileged or work-product-protected, the receiving party must promptly return and/or destroy the Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege is claimed, and notify the producing party when this is complete.

b)     If a receiving party challenges a claim that a Document specified in a Clawback Notice is privileged or work-product-protected, the receiving party shall notify the producing party of its positions within fourteen days of receiving the Clawback Notice asserting the claim. Within fourteen days of the producing party's receiving notification of the dispute, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, either party may submit the issue to the Court for a determination and may submit the Document(s) at issue for *in camera* review

Tucker Ellis LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

pursuant to Civil Local Rule 79-5. In submitting such a dispute to the Court, the parties must follow the procedure outlined in Civil Local Rule 37 and this Court's Civil and Discovery Referral Matters Standing Order. The Document(s) covered by the Clawback Notice shall not be used or disclosed by the receiving party during the time in which the parties are meeting and conferring about the privileged nature of the Document(s) or during the time in which the privilege dispute is before the Court.

**4.    PROHIBITION ON USE OF PRIVILEGED INFORMATION**

To the extent any party is aware that it has obtained privileged or work-product-protected information, or has received a Clawback Notice, or it is reasonably apparent that the party has obtained, privileged or work-product-protected information through production, disclosure, or communications, such information may not be submitted to the Court (except in connection with a challenge of the privilege assertion) or presented for admission into evidence or sought in discovery in this proceeding or in any other proceeding or action. The party must immediately notify the opposing party of its possession of such privileged information and return or destroy such information or Documents. Any Documents at issue in a privilege challenge that are filed with the Court must be filed under seal for *in camera* review pursuant to Civil Local Rule 79-5.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: February 13, 2020                    Tucker Ellis LLP


By:  /s/David J. Steele
        David J. Steele
        Howard A. Kroll
        Steven E. Lauridsen

        Attorneys for Plaintiffs,
        FACEBOOK, INC. and INSTAGRAM, LLC

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

DATED: February 13, 2020                    LexAnalytica, PC


                                            By: /s/Perry J. Narancic
                                                Perry J. Narancic

                                            Attorneys for Defendants,
                                            ONLINENIC, INC. and DOMAIN ID
                                            SHIELD SERVICES CO., LIMITED


## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that all other signatories listed and on whose behalf this filing is made concur in the filing of this document and have granted permission to use an electronic signature.


                                            /s/David J. Steele


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: _____          _____

                                            Susan van Keulen
                                            United States Magistrate Judge

T U C K E R   E L L I S   L L P

Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis