Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA 94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

FACEBOOK, INC. and INSTAGRAM, LLC

Plaintiffs,

v.

ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.

Defendants.

Case No. 19-CV-07071-SVK

**DEFENDANTS' MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS UNDER PROTECIVE ORDER (ECF 35) AND MOTION FOR PROTECTIVE ORDER UNDER FED. R. CIV. PROC. 26(c).**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This motion comes before the Court because plaintiffs Facebook, Inc. and Instagram, LLC ("Plaintiffs") refuse to reasonably cooperate with OnlineNIC, Inc. and Domain ID Shield Services Co., Limited ("Defendants") on the Defendants' confidentiality designations in their production of documents. As explained below, Plaintiffs insist that Defendants do a page-by-page review of over 270,000 pages of documents, plus millions of database records, in order to make confidentiality designations. Defendants simply can't afford to do that. Defendants bring this motion to retain their confidentiality designations under Section 6.3 of the protective order in this case at ECF 35 ("Protective Order"), and to obtain further protection under Fed. R. Civ. Proc. 26(c). Section 5.1 of the Protective Order specifically states that such page-by-page review is only required "to the extent that it is practical to do so". As explained below, Defendants have indeed acted reasonably and practically.

### II. FACTS

Plaintiffs propounded overly broad documents requests, with over 150 documents requests to each Defendant. Declaration of Perry J. Narancic in Support of Defendants' Motion to Retain Confidentiality Designations and for a Protective Order under Fed. R. Civil Proc. 26(c), "Narancic Decl."), Ex. A. To help narrow the search, Defendants asked for a list of keywords in order to satisfy some of those searches – which took nearly a month to get from Plaintiffs and which were spectacularly broad (examples of keywords were "disclose", "reveal", "redacted" etc…). Narancic Decl., para. 3 and Ex. B. Defendants did their best to comply with Plaintiffs' keyword list – and Defendants produced over 28,000 documents (amounting to over 270,000 pages), which included approximately 200,000 pages in the dataset of keyword searches ("KeyWord Dataset"). Narancic Decl., para. 4. Defendants also produced their "Registration Database", which contained millions of transactional records about their registration business, including customer contact information, customer credit cards and bank information. Declaration of Yu Hongxia in Support of Defendants' Motion to Retain Confidentiality Designations and for a Protective Order under Fed. R. Civil Proc. 26(c), ("Yu Decl."), para. 5.

Defendants produced documents on a rolling basis and served formal responses at completion. Narancic Decl., para. 5, Ex. C. Defendants timely designated certain categories of their document production (including the Registration Database) as CONFIDENTIAL under the Protective Order. On October 1, 2020 (more than 2 months after OnlineNIC served their formal responses and completed rolling document production), Plaintiffs sent a letter challenging all of Defendants' confidentiality designations. Narancic Decl., para. 7, Ex. D.

On October 12, 2020 counsel for both parties had a telephonic meet and confer for almost two hours. During the meet-and-confer process, Defendant's counsel made clear the obvious point that Defendants do not claim confidentiality over any publicly available information, such as (a) WHOIS information which is also located in the Registration Database, (b) UDRP decisions and official actions (ONLINENIC 225793 – 252185), and other public filings (such as court orders). Any designations for such records were withdrawn. But Defendants explained that it was impossible for Defendants to review over 270,000 pages of documents and millions of database records for confidentiality designations, as demanded by Plaintiffs. Plaintiffs rejected Defendants' proposal that Plaintiffs send relevant documents that they might actually use, and that Defendants would review any confidentiality designations for that subset. Narancic Decl., para. 8.

Defendants produced over 28,000 documents. Throughout the meet and confer process, Plaintiffs only gave six examples of documents that they claim were improper (ONLINENIC 180886 ( a scam email sent to complaints@onlinenic.com relating to rich Ivorian Royals), 178950 (an advertisement for pain relief sent to abuse@onlinenic.com) , 178949 ( a spam menswear collection email sent to abuse@onlinenic.com) , 225791(a domain name transfer matter sent to icann@onlinenic.com), 225901 (a court order) and 70837 ( a support ticket containing customer contact information). Narancic Decl., para. 9.

Plaintiffs have not identified a single document that they actually intend to use in this case. In addition, Plaintiffs have given no reason in meet and confers why it is necessary for these documents to be de-designated. Defendants are left to assume that the only reason for Plaintiffs' stand is to harass and deplete Defendants. Narancic Decl., para. 10.

## III. CERTIFICATION

The undersigned counsel certifies that the parties engaged in substantive meet-and-confer meetings, both by phone and by exchange of writings, prior to Defendants' filing of this motion.

## IV. LEGAL ARGUMENT

### A. Legal Standards And Summary Of Protective Order

The parties in this case entered into a stipulated protective order at Dkt. No. 35. This order applies to material produced in discovery designated by either party as "confidential." Protective Order ¶ 2.13. To be designated as "confidential," materials must qualify for protection under Federal Rule of Civil Procedure 26(c). *Id.* ¶ 2.2. The process for designation starts with a party marking material as "confidential" before disclosure. *Id.* ¶ 5.2. If another party wishes to challenge that designation, the party shall "initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge." *Id.* ¶ 6.2. "Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner." *Id.* However, the protective order requires that if the parties cannot agree, the party seeking the confidentiality designation must file a motion to retain confidentiality with the court within 21 days of the initial notice of the challenge, or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. *Id.* ¶ 6.3. Failure to file the motion on time constitutes waiver of the confidentiality designation. *Id.*

The confidentiality of materials covered by protective orders is governed by Federal Rule of Civil Procedure 26(c). That rule requires that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a confidentiality designation over materials under a protective order bears the burden of showing good cause for confidentiality; that burden remains when the confidentiality designation is challenged by another party. *In re Roman Catholic Archbishop of Portland Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).

The court's analysis in deciding whether a party has shown good cause for a confidentiality designation begins with asking whether disclosure of the material will cause a "particularized harm." *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002). The party seeking confidentiality must "allege specific prejudice or harm" that will result from disclosure. *Id.* (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Broad allegations without specific examples do not sufficiently constitute a showing of particularized harm. *Id.*

If the court determines that disclosure of the material will cause particularized harm, it next proceeds to balance the public and private interests in confidentiality versus disclosure. Id. Seven factors guide this balancing test:

(1) whether disclosure will violate any privacy interests;

(2) whether the information is being sought for a legitimate purpose or for an improper purpose;

(3) whether disclosure of the information will cause a party embarrassment;

(4) whether confidentiality is being sought over information important to public health and safety;

(5) whether the sharing of information among litigants will promote fairness and efficiency;

(6) whether a party benefitting from the order of confidentiality is a public entity or official; and

(7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *In re Roman Catholic Archbishop of Portland*, 661 F.3d at 424.

Under Fed. R. Civ. Proc. 26 and the Protective Order, the Court has wide discretion to craft fair protective measures, including reversing the burden of proof. *See* Protective Order, fn 1.

### B. Plaintiff Has Not Complied With The Procedure Of The Protective Order To Properly Challenge The Defendants' Designations

As a preliminary matter, Plaintiff failed to comply with the parties' agreed upon Protective Order in this case. Specifically, the Protective Order requires that the Challenging Party provide "written notice of each designation it is challenging and describing the basis for each challenge." Dkt. No. 37 ¶ 6.2. The letter that Plaintiff sent to Defendants in this case does not list a single document, instead challenging all of the documents that Defendants designated on the sole grounds that Defendants designated a lot of documents. Narancic Decl., para. 7, Ex. D, para. 9.

According to the Protective Order, if the challenging party has not specifically identified and explained its challenges, the party cannot "proceed to the next stage" regarding judicial intervention. (*Id.*) Courts have held the challenging party to this requirement. *See Fiechtner v. Am. Family Mut. Ins. Co.*, No. 09-CV-02681-REB-MEH, 2010 WL 5072006, at *3 (D. Colo. Dec. 7, 2010) (rejecting objections to confidentiality designations where plaintiffs had not strictly adhered to the protective order's procedures).

Unfortunately, since the Protective Order requires Defendants to file this motion, or risk losing its designations, even though Plaintiff has not complied with the terms of the Protective Order, Defendants filed to ensure that its designations would be protected. Here, Plaintiffs take the position that because there is a large volume of documents marked "Confidential," that OnlineNIC must now justify these designations. Such position has been rejected. *See, e.g., Bank of Montreal v. Optionable, Inc.*, No. 09 Civ. 7557 GBD JLC, 2011 WL 6259668, at *1 (S.D.N.Y. Dec. 15, 2011) (refusing to de-designate the entire production of 3.4 million pages which were all marked confidential). In essence, Plaintiffs are asking for the protective order to be rendered meaningless, as the only way to comply under its standard would be for OnlineNIC to provide a document-by-document response BEFORE Plaintiffs have even made an allegation that ANY specific document is not designated properly. Plaintiffs have not been able to cite a single case for this proposition.

### C. Defendants Designated the Documents in Good Faith.

Even if Plaintiffs had complied with the Protective Order, Plaintiffs still should not prevail here because Defendants designated its production in good faith. Defendants did not designate

as CONFIDENTIAL approximately 4,000 documents (Narancic Decl., para. 6)., and do not claim confidentiality for any publicly available document (Narancic Decl., para. 8).

The relevant inquiry here is not whether some arbitrary percentage of documents has been marked confidential, but rather, whether the individual circumstances of the discovery merit the designations. Courts have rejected challenges to confidentiality designations for productions where all or nearly all the documents were marked confidential. *See, e.g.*, *Bank of Montreal v. Optionable, Inc.*, No. 09 Civ. 7557 GBD JLC, 2011 WL 6259668, at *1 (S.D.N.Y. Dec. 15, 2011) (refusing to de-designate the entire production of 3.4 million pages which were all marked confidential).

The relevant inquiry is whether the documents designated by Defendants at the lower level of "Confidential" fall under the categories of Federal Rule of Civil Procedure 26(c), as stated in the Protective Order. That rule requires that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In addition, the rule specifically allows for coverage of "trade secret or other confidential research, development, or commercial information." *Id.* Despite the fact that Plaintiffs failed to comply with the Protective Order, most of the documents are designated for the following reasons:

- Registration Database – The database contains CONFIDENTIAL information, including client names, credit card information, and information about payments made. Yu Decl., para. 5.
- Emails – Again, the emails contain private information including private contact information, client names, internal discussions and financial information. Yu Decl., para. 8-10.
- Financial information – Some of the documents provide bank information, credit card numbers, and company financial information that is traditionally considered at least "Confidential." Yu Decl., para. 5.

For some categories of documents, because of the sheer-volume of documents created by Plaintiffs' keywords, Defendant's initially applied CONFIDENTIAL designations as place-holders

to all public-facing email aliases, and the Registration Database. Of note, there are no designations of "Highly Confidential – Attorneys' Eyes Only." Thus, under the Protective Order, all of the documents can be shared with Plaintiffs' employees. For other categories of documents, Defendants did page-by-page review for the purpose of redacting and designating documents. For instance, Defendants redacted information from their tax returns so that this information could be produced without a designation.

**D. Defendants' Designations Are Also Proper Given Defendants' Obligations Under the GDPR**

Plaintiffs are correct that many of the emails sent to public facing aliases, such as abuse@onlinenic.com, come from trademark owners complaining of some kind of abuse. Plaintiffs argue that such emails should be be freely available on the Internet through their public flings on PACER. Plaintiffs assume that members of the public would feel comfortable having their names and addresses available on the Internet for anyone to see. But it is not a proper assumption that a member of the public who contacts and domain name registrar to complain about trademark infringement has given over to Plaintiffs the ability to publish their information on the Internet. Moreover, many individuals who contact OnlineNIC to complain about abuse are individuals who are protected by the EU General Data Protection Regulation ("GDPR"), which imposes strict prohibitions on the disclosure of personal data. Yu Decl., para. 10, See also Narancic Decl., para. 12.

Defendants have worked hard to comply with GDPR requirements since it was implemented. Defendants do receive communications (and have customers) in countries where the GDPR is applicable. Because the GDPR is relatively new and the sanctions can be huge, the Defendants are very cautious in this matter. In this case, for example, the emails that were produced which were sent from/to "abuse@onlinenic.com" are documents from customers and third parties that have complaints involving trademarks. Some of these are third parties, who leave private information such as phone numbers or other contact information. Some of the contacts are from individuals in countries that are covered by the GDPR. To this end, the Defendants treat all

communications that it receives through public facing aliases (such as absue@onlinenic.com) as confidential. Yu Decl., para. 10. See also Narancic Decl., para. 12.

### E. Plaintiffs Are Not Prejudiced By Defendants' Designations, Whereas Causing Defendants To Review Each Document Would Be Cost Prohibitive.

Plaintiffs insist that Defendants do a page-by-page review of 270,000 pages of documents, plus millions of database records, in order to make confidentiality designations. The estimated cost of doing that is at least $40,000 - $80,000, and Defendants simply can't afford such costs – particularly where the clear purpose of the Plaintiffs is merely to harass Defendants. Yu Decl., para. 11; See also Narancic Decl., para. 10-11.

The Federal Rules of Civil Procedure address cost/benefit balances in order to impose some constraints "on discovery's otherwise sprawling reach." *U.S. ex rel. Carter v. Bridgepoint Educ., Inc., 305 F.R.D. 225, 237 (E.D. Cal. 2015)*. *Rule 26* states, in relevant part:

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of *Rule 26(b)(2)(C)*. The court may specify conditions for the discovery.

Here, the Court should intervene to protect Defendants from Plaintiffs' "sprawling" discovery request, expansive keywords, and oppressive demands for page-by-page review of millions of records.

## V. CONCLUSION

Defendants ask this Court to grant its motion and find that Defendants' documents can retain their "Confidential" designation. Further, in order to be constructive and avoid this motion, Defendants made a common-sense proposal – which is that Plaintiffs follow the Protective Order and show to Defendants those documents that are relevant and that they might actually use. Assuming that Plaintiffs act in good faith, Defendants will review those documents for confidentiality on an individual basis. But since Plaintiffs have rejected that proposal, the only

reasonable approach is for the Court to order such a process, and reverse the burden of proving confidentiality, as specifically permitted under the Protective Order at footnote 1.

Respectfully Submitted,

DATED: October 22, 2020

LEXANALYTICA, PC

By: ______________________________

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHEILD SERVICE CO., LIMITED