Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.<br><br>Defendants. | Case No. 19-CV-07071-SVK<br><br>**DECLARATION OF YU HONGXIA IN SUPPORT OF DEFENDANTS' MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS UNDER PROTECVIE ORDER (ECF 35) AND MOTION FOR PROTECTIVE ORDER UNDER FED. R. CIV. PROC. 26(c).** |

I, Yu Hongxia, declare as follows:

1.    I have personal knowledge of the facts set forth in this declaration, and if called as a witness I would testify to the facts contained in this declaration.

2.    I am an officer of OnlineNIC, Inc. ("OnlineNIC") and Domain ID Shield Services Co., Limited (collectively "OnlineNIC Entities"), defendants in the above-captioned action.

3.    As a result of my roles at OnlineNIC Entities, I have knowledge of OnlineNIC Entities' policies and business practices.  I also assisted counsel with the collection of documents in this case, and I am familiar with our production.

- 1-

4.  OnlineNIC's principal business is domain name registration. The vast majority of our customers are "resellers", as opposed to individual registrants.  A "reseller" typically markets to, and services, customers who want to register domains, but the reseller may not be able to directly register such domains because they may not have a proper registrar accreditation like OnlineNIC.  Therefore, such resellers use the OnlineNIC platform to register domains, using a variety of means, including API interfaces.

5.  OnlineNIC maintain a structured database that includes transactional data for its busines operations ("Registration Database"), including sensitive customer information.   This database is massive and contains much confidential material, such as customer names and contact information, and financial information such as credit card and bank account information.  Other materials maintained in the Registration Database contains publicly available information, such as WHOIS data.  OnlineNIC does not claim confidentiality over any publicly available information, including WHOIS information. At huge expense and effort, OnlineNIC produced responsive parts of its Registration Database to Plaintiffs in this case by setting up a separate server that allowed Plaintiffs to search the database.  The produced Registration Database contains millions of records.

6.  In addition to the Registration Database, we also produced emails and other documents that were found using keywords provided by Facebook ("KeyWord Dataset"), and we produced over 20,000 such records as part of the KeyWord Dataset.

7.  The documents produced under the KeyWord Dataset are in addition to ones that were obtained by doing manual searches to find documents relating to Facebook and other specific issues in this case.  These documents contain communications with customers, complaints from third parties, and internal communications.  The OnlineNIC Entities are small companies and we have a limited staff and legal budget.  The OnlineNIC Entities do not have the budget or personnel to individually review for confidentiality all of these documents (page-by-page), including the millions of records in the Registration Database and the KeyWord Dataset.

8.  I regard the identities of OnlineNIC Entities' customers as extremely sensitive information and would not provide the names to competitors, nor anyone else.  Especially confidential are the names of our contact people (and their contact information) within various

company clients.   OnlineNIC's employees treat information about OnlineNIC customers as confidential, and do not share outside the company.  I believe that OnlineNIC has customers (and names and contact information for our contacts) that are not known to competitors, and should this information become known this would be put OnlineNIC at a competitive disadvantage.

9.      I also consider internal communications and communications with customers as confidential.  Some of these emails discuss issues that are occurring with various accounts or give instructions to us from clients with instructions.  Some of this is information that our clients may not want to be known, for various business reasons.  We treat all of these communications as confidential and produced them in this litigation with the understanding that they would be treated as such.

10.      Further, the OnlineNIC Entities are aware of the EU General Data Protection Regulation ("GDPR") and we have worked hard to comply with its requirements since it was implemented.  The OnlineNIC Entities do receive communications (and has customers) in countries where the GDPR is applicable.  Because the GDPR is relatively new and the sanctions can be huge, the OnlineNIC Entities are very cautious in this matter.  In this case, for example, the emails we produced which were sent from/to "abuse@onlinenic.com" are documents from customers and third parties that have complaints involving trademarks.  Some of these are third parties, who leave private information such as phone numbers or other contact information.  Some of the contacts are from individuals in countries that are covered by the GDPR.  To this end, the OnlineNIC Entities treat all communications that it receives through public facing aliases (such as absue@onlinenic.com) as confidential.

11.      As has already been communicated to Plaintiffs, OnlineNIC is willing to work with Plaintiff to review confidentiality designations where Plaintiff  act in good faith and can fairly claim that such documents will be used at trial.

1

2          I declare under penalty of perjury under the laws of the United States that the foregoing is

3    true and correct.  Executed in Xiamen, China on October 22, 2020.

4

5                                          By:    /s/ Yu Hongxia

6                                                Yu Hongxia

7

8

9

10

11         I hereby attest that I have on file all holograph signatures for any signatures indicated by a

     "conformed" signature (/s/) within this e-filed document.

12
                                          /s/ Perry J. Narancic
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Facebook, Inc. v. OnlineNIC, Inc.                                    Case No. 19-cv-7071-SVK
Declaration of Yu Hongxia