Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>Plaintiffs,<br>v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.<br><br>Defendants. | Case No. 19-CV-07071-SVK<br><br>**DECLARATION OF PERRY NARANCIC IN SUPPORT OF DEFENDANTS' MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS UNDER PROTECIVE ORDER (ECF 35) AND MOTION FOR PROTECTIVE ORDER UNDER FED. R. CIV. PROC. 26(c).** |

I, Perry Narancic, declare as follows:

1.     I am counsel of record for OnlineNIC, Inc. and DomainID Shield Service Co., Limited in the above-captioned action.  I have personal knowledge of the facts set forth in this declaration, and if called as a witness I would testify to the facts contained in this declaration.

2.     Attached as <u>Exhibit A</u> is a true and correct copy of Plaintiffs' First Set of Requests for Production of Documents and Things to Defendant OnlineNIC, Inc.  Similar requests were sent to Defendant Domain ID Shield Service Co., Limited.

3.     Upon receiving these requests, Defendants were concerned about the broad nature of the requests and how to ensure that Defendants met their discovery obligations.  Thus, Defendants asked for a list of keywords in order to satisfy some of those searches. Plaintiffs took nearly a

- 1-

Facebook, Inc. v. OnlineNIC, Inc.                                                               Case No. 19-cv-7071-SVK
Declaration of Perry Narancic

month to respond, at which time Plaintiffs gave to Defendants a list of keywords that were very broad, such as "disclose," "reveal," "redacted," etc.   Attached as <u>Exhibit B</u> is the email from Plaintiff's counsel with Plaintiffs' keywords.

4. I am told that Defendants did their best to comply with Plaintiffs' keyword list – and Defendants produced over 28,000 documents (amounting to over 270,000 pages), which included approximately 200,000 pages in the dataset of keyword searches ("KeyWord Dataset").

5. Attached as <u>Exhibit C</u> is a true and correct copy of First Supplemental Response of OnlineNIC, Inc. to Requests for Production of Documents Propounded by Facebook, Inc. and Instagram, LLC.  A similar response was made by Defendant Domain ID Shield Service Co., Limited.

6. Defendants timely designated certain categories of their document production as CONFIDENTIAL under the Protective Order in this case, at ECF 35 ("Protective Order").  The designations included OnlineNIC's "Registration Database", as well as 24,179 of the 28,079 unstructured documents produced by Defendants through the Relativity document review platform. My understanding from Plaintiffs' counsel is that Plaintiffs also use Relativity.

7. Attached as <u>Exhibit D</u> is a true and correct copy of a letter from David Steele to P. Narancic dated October 1, 2020.

8. On October 12, 2020 counsel for both parties had a telephonic meet and confer for almost two hours.  Attached as <u>Exhibit E</u> is a true and correct copy of follow-up e-mails between counsel relating to our meet and confer.  During the meet-and-confer process, I made clear the obvious point that Defendants do not claim confidentiality over any publicly available information, such as (a)  WHOIS information which is also located in the Registration Database, (b) UDRP decisions and official actions (ONLINENIC 225793 – 252185), and other public filings (such as court orders). Plaintiffs rejected my proposal that they send me relevant documents that they might actually use, and that Defendants would review any confidentiality designations for that subset.

9. Defendants produced over 28,000 documents.  Throughout the meet and confer process, Plaintiffs only gave six examples of documents that they claim were improper (ONLINENIC 180886 ( a scam email sent to complaints@onlinenic.com relating to rich Ivorian

Royals), 178950 (an advertisement for pain relief sent to abuse@onlinenic.com) , 178949 ( a spam menswear collection email sent to abuse@onlinenic.com) , 225791(a domain name transfer matter sent to icann@onlinenic.com), 225901 (a court order) and 70837 ( a support ticket containing customer contact information).

10. Plaintiffs have not identified a single document that they actually intend to use in this case.  In addition, Plaintiffs have given no reason in our meet and confers, why it is necessary for these documents to be de-designated.  Defendants are left to assume that the only reason for Plaintiffs' stand is to harass and deplete Defendants.

11. To review Defendant's massive production in this case (which is needlessly large due to Plaintiffs' unreasonably expansive discovery requests and wild keywords), I estimate that it would take an associate attorney 100-200 hours, which at an assumed rate of $400/hr., would cost $40,000 – 80,000.

12. Following the October 12, 2020 meet-and-confer, I agreed to go back and review abuse@onlinenic.com emails, which I did.  I concluded that some of the emails contained emails from individuals who were citizens of EU states, and who were protected by the GDPR.  (e.g. ONLINEIC 180592, 180423,  194460).  Accordingly, it is improper to publicly disclose names and contact information for these individuals protected by GDPR.  I concluded that it would simply be too burdensome to go through 22,000 emails to investigate who is, and who is not, protected by GDPR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Atherton, CA on October 22, 2020.


DATED:  October 22, 2020              By:    /s/Perry J. Narancic
                                                     Perry J. Narancic