# EXHIBIT D

# Tucker Ellis LLP

515 South Flower Street, Forty Second Floor | Los Angeles, CA 90071-2223 | TEL 213.430.3400 | FAX 213.430.3409

Direct Dial 213.430.3360 | david.steele@tuckerellis.com

**Via Email to:**
pjn@lexanalytica.com

October 1, 2020

Perry J. Narancic, Esq.
pjn@lexanalytica.com
LexAnalytica, PC
2225 East Bayshore Road #200
Palo Alto, California 94303

Dear Perry:

We have completed our initial review of OnlineNIC's document production. In the near future I will be sending you a meet and confer letter with regard to the substantive deficiencies in that production. In accordance with Paragraph 6.2 of the Protective Order, this letter is notice of Plaintiffs' challenge to OnlineNIC's mass, indiscriminate, and routinized designation that nearly all of the documents and database records produced on July 23, 2020 are CONFIDENTIAL.

*First*, Plaintiffs challenge OnlineNIC's CONFIDENTIAL designations in its production on the grounds that mass, indiscriminate, and routinized designations are on their face inappropriate and should be stricken. Section 5.1 of the Protective Order provides, in relevant part, that "[m]ass, indiscriminate, or routinized [confidentiality] designations are prohibited." In addition, indiscriminate confidentiality designations are prohibited by Federal Rule of Civil Procedure 26(c) as they place "an enormous burden on both of the parties" and the court. *Humphreys v. Regents of University of California*, 2006 WL 3302444, at *2 (N.D. Cal. Nov. 14, 2006); *see also Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151 JW (PVT), 2007 WL 3306496, at *4-5 (N.D. Cal. Nov. 6, 2007) (awarding sanctions against defense counsel for over-designating documents as confidential without justification.)

OnlineNIC had produced 272,092 images, of which it designated 241,623 as CONFIDENTIAL. OnlineNIC had also produced 607 native files that were not imaged and designated 593 of them as CONFIDENTIAL. In addition to the images OnlineNIC produced approximately 10 GB of database records and designated nearly all of the information contained in those records (with one minor exception) as CONFIDENTIAL. Notwithstanding these designations, OnlineNIC freely admits that portions of the database and many of the documents marked CONFIDENTIAL do not in fact contain any confidential information. OnlineNIC's justification for this over-designation is that it would be too time consuming and not practical to review and analyze each document and database record separately. *See First Supplemental Response of OnlineNIC, Inc. To Requests For Production of Documents Propunded [sic] By Facebook, Inc. And Instagram*, LLC, Preliminary Statement, ¶ F.

Notwithstanding OnlineNIC's arguments, Federal Rule of Civil Procedure 26(c) mandates that a "party asserting good cause bears the burden, for each particular document it

**Tucker Ellis** LLP

Perry J. Narancic, Esq
October 1, 2020
Page 2

seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). OnlineNIC cannot satisfy its burden by "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006). As a result, OnlineNIC's designations are improper and must be withdrawn or stricken.

*Second*, Plaintiffs also challenge the confidentiality designations in OnlineNIC's July 23rd production on the grounds that disclosure of the information in those documents and database records will not cause OnlineNIC any "particularized harm." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). Assuming if OnlineNIC considers the information in those documents proprietary, that alone does not justify a CONFIDENTIAL designation. *See Mitchell v. Home Depot U.S.A.*, No. 3:11-CV-332, 2012 WL 2192279, at *5 (W.D. Ky. Jun. 14, 2012) (rejecting Home Depot's argument that its training manuals and standard operating procedures are proprietary and therefore should be protected as confidential). Further, without more, OnlineNIC also cannot argue that the threat of significant harm to its competitive and/or financial position justifies any of its confidentiality designations. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.") Rather, for each document and database record that has been designated CONFIDENTIAL, there must be a "specific prejudice or harm [that] will result" if the confidentiality designation is not allowed, and OnlineNIC can make no such showing. *Foltz*, 331 F.3d at 1130.

*Third*, Plaintiffs also challenge the confidentiality designations on the grounds that OnlineNIC waived its right to designate any document CONFIDENTIAL. As we have discussed on several occasions, even though Plaintiffs granted numerous extensions of time, OnlineNIC failed to respond to Plaintiffs' First Request For Production of Documents, and as a result, waived its right to designate any document or database record CONFIDENTIAL. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Moreover, even after Plaintiffs put OnlineNIC on notice of its waiver on July 1, 2020, OnlineNIC has made no attempt to seek rectify its waiver. Accordingly, all designations in OnlineNIC's production should be disregarded. *See Eureka Financial Corp. v Hartford Accident & Indemnity Co.*, 136 F.R.D. 179 (E.D. Cal. 1991) (finding a waiver of the attorney-client privilege where defendant failed to make object time and thereafter made no attempt to rectify its prior conduct).

Pursuant to the terms of the Protective Order, the parties must discuss resolution of this issue by phone or in person within fourteen (14) days of this letter, which is **Thursday, October 15, 2020**. Please provide me with a date and time that you will be available to participate in a conference call during which we can discuss resolution of Plaintiffs' challenges to OnlineNIC's designations. Given the scope of Plaintiffs' challenges, I recommend that this conference take

Tucker Ellis LLP

Perry J. Narancic, Esq
October 1, 2020
Page 3

place early next week because, if the parties cannot resolve this dispute, OnlineNIC's deadline for filing a motion to preserve any unresolved issues is **Thursday, October 22, 2020**.

Sincerely,

TUCKER ELLIS LLP

David J. Steele

DJS:dd

cc:     All counsel of record

4296138.2