# EXHIBIT E



Perry Narancic <pjn@lexanalytica.com>

## RE: Section 6.2 Protective Order Follow-up
1 message

**Lauridsen, Steven E.** <Steven.Lauridsen@tuckerellis.com>     Wed, Oct 21, 2020 at 9:51 PM
To: "Perry J. Narancic" <pjn@lexanalytica.com>, "Steele, David J." <David.Steele@tuckerellis.com>, "Kroll, Howard A." <Howard.Kroll@tuckerellis.com>

Hi Perry,

As you know, we disagree with each of your positions.

We wanted to particularly highlight that Defendants' approach to confidentiality designations would eviscerate the prohibition against the mass, indiscriminant designation of materials set forth in Section 5.1 of the protective order. By your logic, any party could designate the entirety of their production as confidential and refuse to de-designate absent the identification of every single page of the production per Section 6.2 of the protective order. This approach essentially reads Section 5.1 out of existence. As we explained, Section 6.2's requirement that we identify each document that should be de-designated presumes that there was not a mass designation in the first place and that the parties only have to discuss discrete issues.

Defendants' mass and indiscriminant designations are reflected in the fact that Defendants designated as confidential spam emails they had received, emails with no confidential information that could be identified during our conference, publicly filed court documents pulled from PACER, and every ticket in the trouble ticket database that was produced. Examples we provided during our conference include documents Bates numbered ONLINENIC180886, ONLINENIC178950, ONLINENIC178949, ONLINENIC225791, ONLINENIC225901, and ONLINENIC070837.

The burden of justifying confidentiality designations lies with the producing party, and Defendants therefore cannot pass onto Plaintiffs their duty to review their production page. We are hopeful that you will reconsider your position so that the parties can focus their resources elsewhere, though we do appreciate your promise to review the abuse@onlinenic.com emails. If you could let us know a date certain by which this will be completed, we would appreciate it.

Best,

Steven

**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Monday, October 12, 2020 1:58 PM
**To:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Subject:** Section 6.2 Protective Order Follow-up

**<<< EXTERNAL EMAIL >>>**

David, Howard, Steven,

Thank you for your time today during our meet-and-confer process, which as you note in your October 1, 2020 letter, was conducted in accordance with paragraph 6.2 of the Protective Order.

I understand that you take the position that the designations made by OnlineNIC were "mass and indiscriminate". While I disagree with that characterization, I did agree to go back to emails sent to "abuse@onlinenic.com" and try to determine which emails were sent from trademark owners. Where justified we will de-designate appropriate records. To be clear, however, we will not de-designate support emails or database records which contain sensitive customer information, including contact information, credit card information or competitively sensitive information.

We also take the view that OnlineNIC complied with the agreement of the parties (confirmed in Facebook's email on June 4) whereby OnlineNIC would satisfy its document production responses by searching for keywords SUPPLIED BY FACEBOOK. I am told that OnlineNIC did its best to conduct those searches, but if you feel that the production does not comply with the June 4 agreement, please let me know.

I also want to highlight an issue that came up at the end of our meeting. I fully expect Facebook to fully comply with its discovery obligations, and to respond to OnlineNIC's discovery based on all documents and information within its possession, custody or control, including the discovery responses already provided by OnlineNIC. I have already provided a 30 day extension to Facebook to respond to our discovery requests, which discovery responses are now due on October 21. I am a little confused as to why Facebook is only now raising confidentiality challenges when it has had OnlineNIC's discovery responses since JULY 23. Accordingly, I am confident that Facebook is already able to specifically identify each and every document that it believes to be relevant - including any designated as "confidential".

I hope that Facebook reconsiders its threat to bring a motion. As I noted today, getting into expensive motion practice is an unnecessary waste of time, at least until Facebook has identified specific documents that it thinks are relevant and that it intends to use at trial. Where justified, I can assure you that OnlineNIC will de-designate any such documents - and such a process seems fair and reasonable in these circumstances.

—

**Perry J. Narancic**
LexAnalytica, PC | Attorneys at Law
San Francisco | Silicon Valley
Direct: 650-655-2800
www.lexanalytica.com | Bio | LinkedIn