TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:       213.430.3409

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC, INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and DOES 1-20,<br><br>Defendants. | Case No. 5:19-cv-07071-SVK<br><br>**DECLARATION OF DAVID J. STEELE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS UNDER PROTECTIVE ORDER (ECF 35) AND MOTION FOR PROTECTIVE ORDER**<br><br>DATE:      December 1, 2020<br>TIME:       10:00 a.m.<br>CTRM:     6 – 4th Floor<br><br>Hon. Susan van Keulen |

I, David J. Steele, declare as follows:

1. I am a partner at Tucker Ellis LLP, attorneys of record for Plaintiffs in this action. I make this declaration based on my personal knowledge and, if called as a witness, would testify competently to each of the following facts.

2. On March 20, 2020, we served a First Set of Requests for Production of Documents on each of the defendants in this action, OnlineNIC Inc. and Domain ID Shield Service Co., Limited. Defendants rolling production of documents began on May 11, 2020 and ended on August 20, 2020. During this period, Defendants had a variety of production issues or errors that required them to reproduce several production batches. By the time Defendants had completed their production they had produced 271,145 images, and had designated 241,628 as confidential.

3. On October 1, 2020, I sent a letter to Perry Narancic, counsel for Defendants in this matter, informing him that Defendants' mass, indiscriminate and routinized confidentiality designations were improper and requesting a time to meet and confer to resolve this dispute. A copy of that letter is attached to this Narancic Declaration, ECF No. 49, Exh. D.

4. We ultimately scheduled this meeting for Monday October 12, 2020. However, one hour and forty-five minutes before the conference was scheduled to begin, Mr. Narancic sent me and email requesting "specific examples of the kinds of designations that are being challenged." I complied and provided him with six examples of indiscriminately designated documents.

5. During our call, Mr. Narancic acknowledged that all emails and support ticket produced by Defendants were marked as confidential. Mr. Narancic also admitted that Defendants did not perform either a relevance or confidentiality review on these documents. Mr. Narancic did deny that Defendants' designations were "mass and indiscriminate."

6. We also discussed the six exemplars of improperly designated documents that I sent to Mr. Narancic. He agreed that these designations were improper and agreed to de-designate them.

7. Mr. Narancic's justification for Defendants' mass designation was that Plaintiffs' ESI search terms were too broad and resulted in too many hits. This was the first time that Mr. Narancic had raised this issue with me and he never asked me to revise our terms.

8. Mr. Narancic took the position that Defendants were not required to affirmatively review their production and remove all improper designations. Rather, he said that it was Plaintiffs' obligation to identify every document that they thought were improperly designated as confidential. I told Mr. Narancic that we disagreed with his position. No consensus was ever reached on this point.

9. At the end of our call, Mr. Narancic agreed to go back and review the emails that were produced and sent to abuse@onlinenic.com and de-designate as confidential any email that was sent by a trademark owner and that did not contain sensitive customer information.

10. My colleague, Mr. Steven Lauridsen, contacted Mr. Narancic the following week and requested a date certain by when he would be able to complete his review of the abuse@onlinenic.com emails.

11. Mr. Narancic never responded to Mr. Lauridsen's inquiry.

12. In addition to their improper designations, Defendants produced 160,671 pages of "Confidential" Support Tickets in 103 PDF files. Most of these files, which are hundreds and sometimes thousands of pages in length, contain hundreds of separate documents. Defendants produced these PDF files without the metadata required by the ESI Order and organized the documents in each file without page breaks such that one document ends on the same page that the following document begins. Defendants also produced duplicate copies of many of the Support Tickets.

13. Defendants also produced multiple copies of the same document. By way of example, Defendants produced a two page email exchange between an employee of OnlineNIC and one of its customers that was shown to have registered and used an infringing domain. This email was dated November 4, 2015 and can be found at 5 separate locations: Bates Nos. ONLINENIC_247621 – ONLINENIC_247622, ONLINENIC_212691 – ONLINENIC_212692, ONLINENIC_223566 – ONLINENIC_223567, ONLINENIC_259527 – ONLINENIC_259528 and ONLINENIC_268724 – ONLINENIC_268725. Of the five copies of this document, four have been designated as confidential and one was de-designated by Defendants.

14. In the interests of judicial economy, I have not attached copies of these documents to this declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 5, 2020.

/s/David J. Steele