Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>Plaintiffs,<br>v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.<br><br>Defendants. | Case No. 19-CV-07071-SVK<br><br>**DECLARATION OF PERRY J. NARANCIC IN SUPPORT OF DEFENDANTS' REPORT UNDER ECF 54** |

I, Perry Narancic, declare as follows:

1.  I am counsel of record for OnlineNIC, Inc. and Domain ID Shield Service Co., Limited ("Defendants") in the above-captioned action.  I have personal knowledge of the facts set forth in this declaration, and if called as a witness I would testify to the facts contained in this declaration.

2.  Defendants' motion for a protective order (ECF 47) sought the Court's protection from the demands of Facebook, Inc. and Instagram, LLC ("Plaintiffs") that Defendants de-designate as CONFIDENTIAL thousands of pages of internal business records, including customer support tickets, customer billing information, financial records and millions of database records.

- 1-

Facebook, Inc. v. OnlineNIC, Inc.                                                                Case No. 19-cv-7071-SVK
Declaration of Perry J. Narancic ISO Defendants' Report under ECF 54

3. The Court made a ruling at ECF 54 which required Defendants to: (a) identify and de-designate "public" documents, and (b) de-duplicate documents. This declaration is offered as a report on Defendants' efforts to comply with ECF 54.

4. The documents produced by Defendants can be generally grouped into 4 categories: (a) loose files e.g. tax returns, corporate records, internal policies, etc…, (b) internal and external emails, (c) a registration database that includes customer information, payment information, and registration information ("Registration Database"), and (d) a customer support ticket database, which contains customer support information, including customer emails ("Support Ticket Database").

5. To help with the de-designation and de-duplication review, I hired a consultant attorney with over 20 years of experience in federal intellectual property litigation and who previously worked for AMLaw firms. I have worked with her for years, and I have the utmost confidence in her abilities and legal acumen. She has experience in cases involving massive e-discovery, including a case that involved over a million pages of documents.

6. Under my supervision, she started her de-designation and de-duplication review by doing a review of the type of documents that were collected and produced. She conducted numerous searches for public documents, including searches for "court," "exhibit," "annex," "panel decision," and "complaint." After reviewing all the hits for these searches, she also went back to look for attachments to emails that reported hits for an individual search. These documents were de-designated. It should be noted that cover letters or emails were left designated, as those are not publicly available. This process took over 40 hours. I myself spot-checked the designations and spent approximately 20 hours on de-designation and de-duplication issues and review.

7. A review of OnlineNIC's previous production shows that most of the documents that are designated as CONFIDENTIAL are communications, such as emails or service tickets. While e-mails are not generally considered public documents, there were attachments to those emails that were public. OnlineNIC's counsel did searches to identify and de-designate these attached public documents.

- 2-

Facebook, Inc. v. OnlineNIC, Inc.                                          Case No. 19-cv-7071-SVK
Declaration of Perry J. Narancic ISO Defendants' Report under ECF 54

8. It should be noted that identifying which documents are "public" is not always an easy task. Plaintiffs themselves conceded this point. ECF 52, lns. 23-26 ( a search for public documents would require a party to "scour the pubic domain to learn what documents are publicly available"). With this in mind, Defendants' counsel made several assumptions in their de-designation process, including that complaints filed by trademark holders to an administrative tribunal, as well as the corresponding decisions, were "public". Accordingly, UDRP decisions and filed complaints were de-designated. I have already provided updated load files with the de-designated documents to Plaintiffs. According to the Relativity database, approximately 2,300 documents were de-designated (out of a total document production of over 28,000 documents).

9. As to de-duplication, I confirmed with the document discovery company I retained for Defendants that Defendants produced all "load" files to Plaintiffs by August 3, 2020. Even though Defendants produced .eml files to the discovery company prior to production (which should have made de-duplication easier based on hash tag analysis), I was advised by a senior manager at the discovery company that some emails were not successfully de-duped. I expect to update a production with de-duped emails by December 18, 2020.

10. As to the Support Ticket Database, Defendants have produced to Plaintiffs an SQL version of Defendants' support ticket database. Since the Court found that internal customer information was generally considered "confidential", no de-designation analysis was performed on the Support Ticket Database. There do not appear to be any duplications in the Support Ticket Database.

10. As to the "public documents" in the Defendant's Registration Database (which has been designated as CONFIDENTIAL), I have advised opposing counsel of which tables in the database include the WHOIS information (which includes publicly available information on the registration of domains, including registrant name, address and contact information). As I informed opposing counsel prior to filing Defendants' motion for a protective order, Defendants do not claim that such WHOIS information, or any public information, is "confidential". To my knowledge, there are no other "public documents" in the Registration Database.

- 3-

Facebook, Inc. v. OnlineNIC, Inc.                                          Case No. 19-cv-7071-SVK
Declaration of Perry J. Narancic ISO Defendants' Report under ECF 54

1 | I declare under penalty of perjury under the laws of the State of California that the foregoing
2 | is true and correct. Executed at Atherton, CA on December 15, 2020.

DATED: December 15, 2020         By: _____
                                     Perry J. Narancic

- 4 -