TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:    213.430.3409

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| FACEBOOK, INC. and INSTAGRAM, LLC, | Case No. 5:19-cv-07071-SVK |
|---|---|
| Plaintiffs, | **PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' RESPONSE TO DEFENDANTS' STATUS REPORT AND SUPPORTING DECLARATION OF PERRY J. NARANCIC (Dkt. No. 55)** |
| v. | |
| ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and DOES 1-20, | |
| Defendants. | Hon. Susan van Keulen |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, as well as Section 13 of this Court's Civil and Discovery Referral Matters Standing Order, Plaintiffs seek leave to file the following documents partially under seal in connection with their Response to Defendants' Status Report and Supporting Declaration of Perry J. Narancic (Dkt. No. 55):

| Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| Plaintiffs' Response to Defendants' Status Report and Supporting Declaration of Perry J. Narancic (Dkt. No. 55) | Portions of Page 6, Lines 24-27 containing customer name. | Designated by Defendants. |
| *Id.* | Portions of Page 7, Line 1 containing customer name. | Designated by Defendants. |
| *Id.* | Portions of Page 7 n.4 containing customer ID number and customer pseudonym. | Designated by Defendants. |

As explained further below, because Defendants designated these documents as confidential, the burden rests with them to show good cause to that these documents should be sealed.

## II. BECAUSE PLAINTIFFS SEEK TO FILE DOCUMENTS DESIGNATED AS CONFIDENTIAL BY DEFENDANTS, DEFENDANTS MUST SHOW GOOD CAUSE TO SEAL.

Although there is a presumption in favor of public access to court filings, that presumption can be overcome "on the basis of articulated facts known to the court." *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986). To determine whether a document may be sealed, a court may consider the "likelihood of an improper use, including publication of scandalous, libelous, pornographic, or trade secret materials . . . and residual privacy rights." *Id.* (citation omitted); *see also EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990) (holding that the *Valley Broadcasting* factors apply equally to civil and criminal proceedings); see also Fed. Re. Civ. P. 26(c)(l)(F)-(G). "In

short, the district court must weigh 'the interests advanced by the parties in the light of the public interest and the duty of the courts.'" *Valley Broadcasting Co.*, 798 F.2d at 1294 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978)). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180. Thus, "[a] 'good cause' showing will suffice to seal documents produced in discovery." *Id.*

The documents for which Plaintiffs seek leave to file under seal were designated by Defendants as confidential pursuant to the terms of the protective order in this action (ECF No. 35). Declaration of David J. Steele ¶¶ 2-3. Thus, pursuant to Civil Local Rule 79-5(e), the burden rests with Defendants as the designating party to submit via declaration a good cause showing as to why these materials should be filed under seal. *See also* Civil Local Rule 79-5(e)(1) (providing designating party four days to file declaration establishing material is sealable). Plaintiffs otherwise have no objection to these materials being filed on the public docket.

### III.   CONCLUSION

Plaintiffs seek leave to file the aforementioned information under seal solely because Defendants designated that information as confidential per the protective order. Plaintiffs therefore seek leave to file under seal the documents containing that information upon a showing of good cause by Defendants.

DATED: January 5, 2021                                        Tucker Ellis LLP


By:   /s/David J. Steele
      David J. Steele
      Howard A. Kroll
      Steven E. Lauridsen

      Attorneys for Plaintiffs,
      FACEBOOK, INC. and INSTAGRAM, LLC