TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:        213.430.3400
Facsimile:        213.430.3409

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC, | Case No. 5:19-cv-07071-SVK |
| Plaintiffs, | **DECLARATION OF DAVID J. STEELE IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' COURT ORDERED STATUS REPORT (ECF 55)** |
| v. | |
| ONLINENIC, INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and DOES 1-20, | |
| Defendants. | Hon. Susan van Keulen |

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

I, David J. Steele, declare as follows:

1.     I am a partner at Tucker Ellis LLP, attorneys of record for plaintiffs Facebook, Inc. and Instagram, LLC (collectively "Plaintiffs") in this action. I make this declaration based on my personal knowledge and, if called as a witness, would testify competently to each of the following facts.

2.     The present dispute relates, generally, to the support tickets produced by defendants OnlineNIC, Inc. and Domain ID Shield Service Co., Limited (collectively "Defendants") in response to Plaintiffs' First Request for Production of Documents that was served on March 20, 2020. True and correct copies of both of Defendants' supplemental responses are attached to this declaration as Exhibits 1 and 2, respectively.

3.     During the course of the following sixty days, Defendants' counsel, Mr. Perry Narancic, requested, and we granted, several extensions of time in which Defendants could timely serve their written responses to these requests and to produce their responsive documents. True and correct copies of the correspondence between my firm and Mr. Narancic are attached to this declaration as Exhibit 3. Ultimately, Defendants responses were due on May 11, 2020.

4.     Defendants did not serve their written responses or request an additional extension by the May 11, 2020 deadline. Defendants served their written responses on June 9, 2020.

5.     After reviewing Defendants' written responses and the documents Defendants produced, I sent Mr. Narancic a letter requesting that the parties meet and confer regarding Defendants' responses to Plaintiffs' document requests. A true and correct copy of my letter is attached to this declaration as Exhibit 4.

6.     The meet and confer conference, which took place via Zoom, took place over a five day period on July 8, 10-11 and 14-15, 2020. At the conclusion of the conference, Defendants agreed to supplemental their written responses and make a supplemental production of documents on or before July 21, 2020. A true and correct copy of Mr. Narancic's confirming email to me is attached to this declaration as Exhibit 5.

7.     Mr. Narancic served defendant OnlineNIC's supplemental written response on July 23, 2020, and provided the credentials necessary to download the supplemental production on Friday July 25, 2020 at 7:02 p.m. Mr. Narancic did not serve the supplemental written response for defendant

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

DECLARATION OF DAVID J. STEELE
CASE NO. 5:19-CV-07071-SVK

Domain ID Shield until August 19, 2020.

8.      Defendants' production included electronic copies of a variety of different documents (emails, support tickets, financial records, corporate formation documents, contracts, agreements and pleadings from prior litigation and enforcement proceedings) (the "Relativity Documents") and approximately 10 Gigabytes of native database files from a database containing information regarding their customers and their domain names associated with the customers (the "Registration Database"). With the exception of the Registration Database, Defendants were supposed to produce the electronic copies of its documents as TIFFs and with a load file that could be processed by our Relativity e-Discovery tool. This did not happen. Rather, the files that received were all PDF files, and there was no load file.

9.      When we asked Mr. Narancic about this omission, he defended his production of PDF files and provided what he represented was the explanation that was given to him by his e-Discovery vendor, BlackStone Discovery, that "for productions produced in PDF format, load files are not necessary and not provided, as they serve to link opt text and certain metadata, which are not provided with PDFs. The cross-reference should provide everything they need." A true and correct copy of Mr. Narancic's email is attached to this declaration as Exhibit 6.[1]

10.      After several days of discussions about the requirements of the ESI Order, Mr. Narancic eventually agreed to re-produce the Relativity Documents as TIFFs and with the load file required by the Court's ESI Order. A true and correct copy of Mr. Narancic's confirming email is attached to this declaration as Exhibit 7.

11.      On August 5, 2020 Defendants supplied Plaintiffs with the re-produced Relativity Documents, and on August 20, 2020, Defendants supplemented their initial production for the fourth time. Copies of the emails transmitting this information are attached as Exhibit 8.

12.      Defendants' final supplemental production combined ***hundreds*** of separate support tickets and emails into single PDFs, and in so doing created and produced over 1,000 PDFs that were ***each*** unreasonably large in size. For instance, ONLINENIC018278 is 1.3GB in size.

13.      Defendants' final supplemental production also contained countless duplicate records.

---

[1] In the exhibits attached to this declaration, any encryption keys or other information needed to download the documents at issue have been redacted.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

14.    It is difficult to work with PDFs of this size in Relativity. This is because the image viewer in that product cannot accommodate such large files. As a result, to view a large PDF stored in Relativity, the application requires the user to download the file and view it with a separate PDF viewer such as Adobe Acrobat, a process that takes extensive time when files are gigabytes in size. That process is cumbersome and time consuming, especially when trying to review 30,000 documents efficiently.

15.    Because de-duplicating the support tickets in their prior production, as ordered by the Court, was going to be very difficult and time consuming given the lack of metadata and especially hash values, Defendants produced native files from the database in which Defendants' support tickets are maintained ("Support Ticket Database"). Unlike the Relativity Documents, the native files comprising the Support Ticket Database were processed directly by Defendants in China and not their discovery vendor BlackStone Discovery.

16.    Defendants' initial production of the Support Ticket Database was on November 27, 2020 and contained 37,840 records that were associated with 20,615 distinct support tickets. Each record only included seven data fields, and there was only one table in the entire database, which was labeled *kayako_searchterms*. Those terms are set forth below.



17.    After spending several days reviewing the contents of Defendants' initial production, it became clear that Defendants had not included many of the data fields and tables from the source database. In addition, after comparing the support tickets (previously produced as large PDF files) in the Relativity Documents with the support tickets in the initial production of the Support Ticket Database, it was also clear that Defendants had filtered relevant and responsive support tickets. For example, in the Relativity Documents, Support Ticket No. SNO-1516186 was 12 pages in length and contained 14 separate posts and was 2,495 words in length. In contrast, that same support ticket in Defendants' initial production of

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

the Support Ticket Database contained only two posts and comprised only 136 words. In addition, Defendants' initial production of the Support Ticket Database did not contain any index tables.

18.     As a result, I raised my concerns with Mr. Narancic in an email that I sent to him on December 15, 2020. I received a supplemental production from Mr. Narancic that same day. True and correct copies of these emails are attached to my declaration as Exhibits 9 and 10.

19.     In the supplemental production, Defendants' re-produced Support Ticket Database was significantly larger and more complex than in their initial production. There were 77,168 support ticket posts in the supplemental production, which was over twice as many as in the initial production of the Support Ticket Database. In addition, in the supplemental production, each support ticket is stored across separate database tables with a combined sixty-nine fields of data, as compared to the seven fields in one single table in the initial production. Finally, the supplemental production contained 134 more database tables, including index tables, than did the initial production.

20.     After further analysis of the supplemental production Support Ticket Database, we found that Defendants had not produced all of the support tickets that were responsive to Plaintiffs' requests.

21.     In response to several document requests for information related to the domain names listed in Plaintiffs' complaint, the individuals or entities associated with those domain names, and any other domain name associated with those individuals or entities, Defendants stated that they had searched their Support Ticket Database and produced all responsive documents. And one such individual covered by Defendants' response, is one of OnlineNIC's more prolific customers, whom I will refer to as in this declaration as *Mr. T*.

22.     The Support Ticket Database of the supplemental production contains only twenty-three support ticket posts related to Mr. T. However, in reviewing other tables in the database and in particular the previously unproduced index table, we have discovered that there are ***171 more support tickets*** related to Mr. T that Defendants did not produce. We identified these unproduced support tickets by cross-referencing two of the previously unproduced index tables in the Support Ticket Database, ***swticketword*** and ***swticketpostindex***.

23.     It is also apparent from the review of original PDFs and the additional database tables produced that many of the support tickets include attachments. For example, the Support Ticket Database

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

DECLARATION OF DAVID J. STEELE
CASE NO. 5:19-CV-07071-SVK

contains a tabled named ***hasattachments*** (the stored values are 0 and 1; and 4,388 rows (tickets) have a value of 1). Additionally, the database contains a table named ***swattachments*** that appears to store both the file type and file location of the attachment files on the database server's file system. However, Defendants did not produce any of these attachments.

24.     I do not believe that these issues are isolated incidents or occurrences. For the past eight months, Defendants have been selectively producing relevant and responsive documents and hiding relevant information in virtual boxes of irrelevant or duplicative documents in an effort to thwart our legitimate discovery efforts.

25.     Based on my prior experience with OnlineNIC, Defendants will not honor their discovery obligations without some meaningful oversight. I previously represented Verizon California Inc. in a similar matter against OnlineNIC. *See Verizon California Inc. et al. v. OnlineNIC, Inc.*, United State District Court for the Northern District of California, Case No. C 08-2832 JF(RS). In that case OnlineNIC was sanctioned for removing electronic data that was harmful to is case from it electronic productions. *See Order Granting In Part And Denying In Part Motions For Contempt Sanctions And For Relief From Judgment* (Dkt. No. 136) (holding OnlineNIC in civil contempt after a finding by clear and convincing evidence that after being ordered to produce certain documents OnlineNIC produced "a selective subset of data.").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 5, 2021

/s/David J. Steele

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

DECLARATION OF DAVID J. STEELE
CASE NO. 5:19-CV-07071-SVK

# Exhibit 1

1
2
3
4

Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

5
6

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

7

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

11
12
13
14
15
16
17

FACEBOOK, INC. and INSTAGRAM, LLC

            Plaintiffs,

v.

ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.

           Defendants.

Case No. 19-CV-07071-SVK

**FIRST SUPPLEMENTAL RESPONSE OF ONLINENIC, INC. TO REQUESTS FOR PRODUCTION OF DOCUMENTS PROPUNDED BY FACEBOOK, INC. AND INSTAGRAM, LLC.**

18
19
20
21

PROPOUNDING PARTY:      Facebook, Inc. and Instagram, LLC

RESPONDING PARTY:       OnlineNIC, Inc.

SET NO.:                One (1)

22
23
24
25

    Defendant OnlineNIC, Inc. ("OnlineNIC") hereby responds to the Request for Production of Documents propounded by Facebook, Inc. and Instagram, LLC (together, the "Plaintiffs") as follows:

PRELIMINARY STATEMENT

26
27
28

    A.    The specific responses as set forth below are for the purposes of discovery only and OnlineNIC does not intend to waive, but expressly reserves, any and all objections and may have

- 1-

Facebook, Inc. v. OnlineNIC, Inc.                             Case No. 19-cv-7071-SVK
OnlineNIC, Inc.'s First Supplemental Responses to Plaintiffs' Requests for Production of Documents – Set 1

to the relevance, competence, materiality, admissibility or use at trial of any information, documents or writings produced, identified or referred to herein. All such objections may be made at any time up to and including the time of trial.

B.      The following responses are based on information reasonably available to OnlineNIC as of the date of these responses, and upon documents that are in the possession, custody or control of OnlineNIC. OnlineNIC has conducted a diligent search and believes that the document production is substantially complete, except where expressly noted herein. However, due to its limited resources and current pandemic conditions, OnlineNIC's investigation and search for documents and things responsive to these requests are ongoing. Pursuant to Federal Rule of Civil Procedure 26, OnlineNIC specifically reserves the right to revise, supplement and/or amend these responses and, if necessary, to assert additional objections arising from further investigation.

C.      By agreement of the parties, the parties do not seek privilege logs for materials covered by the attorney-client privilege or the attorney work product doctrine where such materials arose after the original complaint was filed in this action.

D.      OnlineNIC expressly reserves its right to rely, at any time during trial, upon subsequently discovered information or information omitted from the specific responses set forth below as a result of mistake, oversight, or inadvertence.

E.      OnlineNIC objects to each and every request to the extent that it seeks information that may be prohibited from disclosure under the General Data Protection Regulation, and OnlineNIC reserves the right to "claw-back" such information if it determines that such "claw-back" is required by applicable law.

F.      References to the "Database Records" refers to OnlineNIC's database records delivered on July 23, 2020, as may be supplemented. Since it is not practicable to legend such database records (as they have been provided in native format) OnlineNIC designates the Database Records as CONFIDENTIAL under the protective order at ECF 37, which applies to all information therein except publicly available WHOIS information.  Database Records exclude: (a) account password, (b) login authenticator keys, and (c) API and allowed-IP, on the grounds that such information is not relevant and increase the risk of a security breach. To the extent that any

- 2-

Database Records have been previously produced without a confidentiality designation, this response serves as notice under Section 5.3 of ECF 37 that such production was inadvertent and that the Database Records pursuant to these responses supplant and replace those database records that were previously provided.

G.     References to "Keyword Dataset" refers to the results of a search conducted by OnlineNIC using search terms provided by Plaintiffs, which search was conducted on OnlineNIC's and Domain ID Shield's emails and support tickets. The Keyword Dataset is provided at Bates numbers ONLINENIC18278 – ONLINENIC222221.

H.     OnlineNIC has attempted to categorize documents in response to specific Requests based upon its reasonable interpretation of those requests. Any failure to specify a document in response to a particular Request should not be construed as an admission that no documents exists, or that such omitted documents (which are otherwise provided in the production) are not responsive.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

For each domain name listed on Exhibit 1, all DOCUMENTS that IDENTIFY the ONLINENIC account or accounts used to register the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has produced Database Records. Defendant has also conducted a search in emails and support tickets which are produced at Bates numbers

ONLINENIC222222 – ONLINENIC225763. Additional responsive documents may exist in the Keyword Dataset, which has been produced in searchable format. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 2:**

For each account identified in Request for Production No. 1, all DOCUMENTS relating to the account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a search in the Database Records and responsive material has been produced. Defendant has also conducted a search in emails and support tickets which are produced at Bates numbers ONLINENIC222222 – ONLINENIC225763. Additional responsive documents may exist in the Keyword Dataset, which has been produced in searchable format. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 3:**

For each account identified in Request for Production No. 2, all DOCUMENTS that IDENTIFY every domain name registered in or associated with the account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the

years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  Subject to these objections, Defendant has conducted a diligent search in the Database Records and responsive material has been produced. Defendant has also conducted a diligent search in emails and support tickets which are produced at Bates numbers ONLINENIC222222 – ONLINENIC225763.   Additional responsive documents may exist in the Keyword Dataset, which has been produced in searchable format. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 4:**

For each domain name listed on Exhibit 1, all DOCUMENTS related to the REGISTRATION of the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  Subject to these objections, Defendant has conducted a diligent search in the Database Records and responsive material has been produced. Defendant has also conducted a diligent search in emails and support tickets which are produced at Bates numbers ONLINENIC222222 – ONLINENIC225763 and ONLINENIC258437- ONLINENIC260023. Additional responsive documents may exist in the Keyword Dataset, which has been produced in

searchable format. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 5:**

For each domain name listed on Exhibit 1, all DOCUMENTS that IDENTIFY the REGISTRANT of the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a diligent search in the Database Records and responsive material has been produced. Defendant has also conducted a search in emails and support tickets which are produced at Bates numbers ONLINENIC222222 – ONLINENIC225763 and ONLINENIC258437- ONLINENIC260023. Additional responsive documents may exist in the Keyword Dataset, which has been produced in searchable format. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 6:**

For each domain name listed on Exhibit 1, all DOCUMENTS related to the TRAFFICKING IN of the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million

emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a search in the Database Records and responsive material has been produced. Additional responsive documents may exist in the Keyword Dataset, which has been produced in searchable format. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 7:**

For each domain name listed on Exhibit 1, all DOCUMENTS that IDENTIFY any person or entity TRAFFICKING IN the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a search in the Database Records and responsive material has been produced. Additional responsive documents may exist in the Keyword Dataset, as well as Bates numbers ONLINENIC222222 - ONLINENIC258330 and ONLINENIC018142 – ONLINENIC018277. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 8:**

For each domain name listed on Exhibit 1, all DOCUMENTS related to the USE of the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  Subject to these objections, Defendant has conducted a search in the Database Records and responsive material has been produced. Additional responsive documents may exist in the Keyword Dataset, as well as Bates numbers ONLINENIC222222 - ONLINENIC258330 and ONLINENIC018142 – ONLINENIC018277.  OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 9:**

For each domain name listed on Exhibit 1, all DOCUMENTS that IDENTIFY any person or entity that USES or USED the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  Subject to these objections, Defendant has conducted a search in the Database Records and responsive material has been produced. Additional responsive documents may exist in the Keyword Dataset, as well as Bates numbers ONLINENIC222222 - ONLINENIC258330 and ONLINENIC018142 – ONLINENIC018277.  OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 10:**

For each domain name listed on Exhibit 1, all DOCUMENTS related to the MONETIZATION of the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a search in the Database Records and responsive material has been produced. Additional responsive documents may exist in the Keyword Dataset, as well as Bates numbers ONLINENIC222222 - ONLINENIC258330 and ONLINENIC018142 – ONLINENIC018277. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 11:**

For each domain name listed on Exhibit 1, all DOCUMENTS that IDENTIFY any person or entity involved in the MONETIZATION of the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a diligent search in the

Database Records and responsive material has been produced. Additional responsive documents may exist in the Keyword Dataset, as well as Bates numbers ONLINENIC222222 - ONLINENIC258330 and ONLINENIC018142 – ONLINENIC018277.   OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 12:**

For each domain name listed on Exhibit 1, all DOCUMENTS related to DOMAIN ID SHIELD's privacy service for the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  Subject to these objections, Defendant has conducted a search in the Database Records and responsive material has been produced. Additional responsive material may exist at Bates numbers ONLINENIC266948 – ONLINENIC266955, the Keyword Dataset, as well as Bates numbers ONLINENIC225791 - ONLINENIC258330. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 13:**

For each domain name listed on Exhibit 1, all DOCUMENTS that IDENTIFY any person or entity involved in the provision of DOMAIN ID SHIELD's privacy service for the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records, and tens of thousands of emails and support tickets.   The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  Subject to these objections, Defendant has conducted a search in the Database Records, and in emails and support tickets, and at Bates OnlineNIC252186-OnlineNIC258330,  OnlineNIC000001-70, OnlineNIC266918-266947, OnlineNIC268299 – 268773, OnlineNIC267164-OnlineNIC267167. Additional responsive documents exist in the Keyword Dataset, which has been produced in searchable format OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 14:**

All contracts, agreements, and/or any other written understanding between ONLINENIC and DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 15:**

All contracts, agreements, and/or any other written understanding between DOMAIN ID SHIELD and any United States entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Responsive documents are located in the Database Records, and at OnlineNic266948 – 266955.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS relating to the relationship between DOMAIN ID SHIELD and any California entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Responsive documents are located in the Database Records, and at ONLINENIC266948 –

ONLINENIC266955.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS relating to any travel by a DOMAIN ID SHIELD officer, employee or agent to the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  The request is also overbroad because it includes personal travel, and OnlineNIC objects to providing such documents, and has no right to do so. Subject to these objections, Defendant has provided a passport extract at Bates number 268788, which evidences the only business trip of a Doman ID Shield officer to the United States. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS relating to any prior actions or complaints concerning any intellectual property claims filed against or by DOMAIN ID SHIELD in a United States Federal or State Court or before any administrative tribunal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other

- 12-

business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable locations and has produced the Keyword Dataset and other responsive documents at Bates numbers OnlineNIC225791-OnlineNIC252185. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS relating to any prior actions or complaints concerning any DOMAIN NAME ABUSE claims filed against or by DOMAIN ID SHIELD in a United States Federal or State Court or before any administrative tribunal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

See the Keyword Dataset and Bates numbers OnlineNIC225791-OnlineNIC252185.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS relating to any prior actions or complaints concerning any intellectual property claims filed against or by ONLINENIC in a United States Federal or State Court or before any administrative tribunal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

See Keyword Dataset. See also Bates numbers OnlineNIC258331- OnlineNIC258369 and OnlineNIC252186-OnlineNIC258330. Filings in Federal cases are equally available to Plaintiffs using PACER, and Defendants object to producing those filings on those grounds. Identification of those cases is located at Bates numbers OnlineNIC268774. See also Bates numbers OnlineNIC258331-OnlineNIC258369. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS relating to any prior actions or complaints concerning any DOMAIN NAME ABUSE claims filed against or by ONLINENIC in a United States Federal or State Court or before any administrative tribunal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

See Keyword Dataset. See also Bates numbers OnlineNIC225764 – 225778, 225791 – OnlineNIC258369.  Filings in Federal cases are equally available to Plaintiffs using PACER, and Defendants object to producing those filings on those grounds.  Identification of those cases is located at Bates OnlineNIC268774 .  See also Bates numbers OnlineNIC258331-OnlineNIC258369. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS related to any communications between DOMAIN ID SHIELD and any person or entity in the United States concerning domain name registration. This includes, but is not limited to, emails, phone records, letters, any form of electronic communication, and any materials sent through those means.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Responsive materials are located in the Keyword Dataset, and Bates numbers OnlineNIC225764 – OnlineNIC 225778, OnlineNIC225791 – OnlineNIC258330.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS relating to the corporate relationship between DOMAIN ID SHIELD and ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  Subject to these objections, OnlineNIC has searched reasonably ascertainable locations and has produced records at ONLINENIC266918 – ONLINENIC266947, ONLINENIC266956-ONLINENIC266988,                ONLINENIC000001-ONLINENIC000070,

ONLINENIC000075). OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS relating to the corporate formation and maintenance of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

ONLINENIC objects to this request as vague, ambiguous, overbroad, irrelevant and unduly burdensome to the extent that it seeks "all" documents for an unrestricted period of time. Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its financial records to determine what expenses were paid for Domain ID Shield's formation and maintenance going back indefinitely, as demanded by Plaintiffs. Subject to the foregoing, *see* ONLINENIC266956-ONLINENIC266988, ONLINENIC000001-ONLINENIC000070, ONLINENIC000075), ONLINENIC258370-ONLINENIC258436. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS relating to the corporate formation and maintenance of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

OnlineNIC objects to this request as vague, ambiguous, overbroad, irrelevant and unduly burdensome to the extent that it: (a) seeks "all" documents for an unrestricted period of time and, (b) seeks information not relevant to Plaintiffs' intellectual property claims. Specifically,

- 15-

Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its financial records to determine what formation and maintenance expenses were paid and when going back indefinitely, as demanded by Plaintiffs. Subject to the foregoing, *see* Bates number ONLINENIC000071-ONLINENIC000074. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that IDENTIFY officers and/or directors of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

OnlineNIC objects to this request as vague, ambiguous, overbroad, irrelevant and unduly burdensome to the extent that it: (a) seeks "all" documents for an unrestricted period of time and, (b) seeks information not relevant to Plaintiffs' intellectual property claims. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its financial records to determine what formation and maintenance expenses were paid going back indefinitely, as demanded by Plaintiffs. Subject to the foregoing, *see* Bates numbers ONLINENIC268777-ONLINENIC268778 and ONLINENIC266989 – ONLINENIC267162.

OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that IDENTIFY officers and/or directors of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

*See* ONLINENIC266956-ONLINENIC266988, ONLINENIC000001-ONLINENIC000070, ONLINENIC000075).

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that IDENITFY all locations for the transaction of DOMAIN ID SHIELD's business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. Domain ID Shield was formed more than 10 years ago. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, produced records at Bates numbers OnlineNIC268779-OnlineNIC268781, OnlineNIC268782, and OnlineNIC268787. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 29:**

A representative sampling of DOCUMENTS sufficient to IDENTIFY all locations where ONLINENIC conducts or has conducted business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

*See* Bates Number ONLINENIC225779-225790, ONLINENIC000076-ONLINENIC000164, and ONLINENIC000165.

**REQUEST FOR PRODUCTION NO. 30:**

A representative sampling of DOCUMENTS sufficient to IDENTIFY ONLINENIC's principal place of business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

*See* Bates Number ONLINENIC225779-225790, ONLINENIC000076-ONLINENIC000164, and ONLINENIC000165.

**REQUEST FOR PRODUCTION NO. 31:**

A representative sampling of DOCUMENTS sufficient to IDENTIFY DOMAIN ID SHIELD's principal place of business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

*See* Bates numbers OnlineNIC268779-OnlineNIC268781, OnlineNIC268782, and OnlineNIC268787.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS that show federal, state, and local taxes paid by DOMAIN ID SHIELD in the last 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Defendant objects to this request, tax returns and related tax information are not relevant to the subject matter of the pending action. The Ninth Circuit recognizes a public policy against unnecessary public disclosure of tax returns. *Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975)*. The Court may only order their production if they are relevant and where the requesting party shows there is a compelling need for them because the information sought is not otherwise available. *Flores v. Albertsons, Inc., 2002 U.S. Dist. LEXIS 6171, 2002 WL 1163623 at *3 (C.D.Cal. 2002)*. Subject to and without waiving this objection, Domain ID Shield has not filed tax returns since 2015 and will produce a redacted form of that 2015 document on or before July 28, 2020.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that show federal, state, and local taxes paid by ONLINENIC in the last 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

Defendant objects to this request, as OnlineNIC's tax returns and tax information are not relevant to the subject matter of the pending action. The Ninth Circuit recognizes a public policy against unnecessary public disclosure of tax returns. *Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975).* The Court may only order their production if they are relevant and where the requesting party shows there is a compelling need for them because the information sought is not otherwise available. *Flores v. Albertsons, Inc., 2002 U.S. Dist. LEXIS 6171, 2002 WL 1163623 at *3 (C.D.Cal. 2002).* Subject to and without waiving this objection, Defendant has produced redacted tax returns at Bates numbers OnlineNIC 266989 – 267162., since Plaintiffs have been unable to state a reason why they need the full tax return.

**REQUEST FOR PRODUCTION NO. 34:**

All contracts entered into by ONLINENIC that specify California as the governing jurisdiction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable contracts and has produced the OnlineNIC268789 – OnlineNIC268789, OnlineNIC268814 – OnlineNIC268826, OnlineNIC268841 – OnlineNIC268844. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 35:**

All contracts entered into by DOMAIN ID SHIELD that specify California as the

- 19-

governing jurisdiction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 36:**

All contracts entered into by ONLINENIC with a California domiciled citizen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record (such as counsel's engagement agreement and other service provider agreements) to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable contracts and has produced hereunder the Bates numbers OnlineNIC268789 – OnlineNIC268844. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 37:**

All contracts entered into by DOMAIN ID SHIELD with a California domiciled citizen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

*See* Bates numbers OnlineNIC266948 – OnlineNIC266955.

**REQUEST FOR PRODUCTION NO. 38:**

A representative sampling of DOCUMENTS sufficient to IDENTIFY the location of any post office box used by DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

OnlineNIC objects to this request as vague, ambiguous, overbroad, irrelevant and unduly burdensome to the extent that it: (a) seeks documents to identify "any post office box" (e.g. one

- 20-

Facebook, Inc. v. OnlineNIC, Inc.                                    Case No. 19-cv-7071-SVK
OnlineNIC, Inc.'s First Supplemental Responses to Plaintiffs' Requests for Production of Documents – Set 1

operated by a governmental postal service?) for an unrestricted period of time and, (b) seeks information not relevant to Plaintiffs' intellectual property claims. Subject to the foregoing, *see* documents Bates Numbered ONLINENIC000075 ONlineNIC268779-268781 for possibly responsive documents. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 39:**

All agreements or contracts between ICANN and ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

*See* Bates Number ONLINENIC225779-225790, ONLINENIC000076-ONLINENIC000164, and ONLINENIC000165.

**REQUEST FOR PRODUCTION NO. 40:**

All agreements or contracts between ICANN and DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS related to agreements or contracts between ICANN and ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable contracts and documents in its emails and contract folders and produced documents Bates Numbered ONLINENIC012051-ONLINENIC018141, ONLINENIC267174-ONLINENIC267194, ONLINENIC260457-ONLINENIC266917. OnlineNIC is not aware of any responsive records

- 21-

within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS related to agreements or contracts between ICANN and DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 43:**

All annual or monthly reports prepared by ONLINEINC or DOMAIN ID SHIELD that contain formation related to the activities of either entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.". OnlineNIC does prepare periodic reports that discuss profitability, but OnlineNIC will not produce such reports on the grounds that they constitute competitively sensitive information and such information (like tax records) are not relevant to the case at bar.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS relating to any marketing of services by DOMAIN ID SHIELD including any advertising or marketing materials on the Internet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

*See* Bates numbers OnlineNIC268779-OnlineNIC268781, OnlineNIC268782, OnlineNIC268787, OnlineNIC268845-268847.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS relating to any website operated or USED by DOMAIN ID SHIELD,

including, but not limited to, all current and prior versions of any webpages ever accessible on or from that website and any agreements of any kind ever entered into with respect to the website or the domain name through which that website is or was accessible.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable contracts and documents in its emails and has produced records at Bates numbers OnlineNIC268779-OnlineNIC268781, OnlineNIC268782, OnlineNIC268787, OnlineNIC268845-268847.. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS identifying each domain name for which ONLINENIC was the REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable

contracts and documents in its emails and has produced records at ONLINENIC267169-ONLINENIC267173. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS identifying each domain name for which DOMAIN ID SHIELD was the REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS that IDENTIFY the ONLINENIC account or accounts used to register the domainidshield.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Subject to these objections, OnlineNIC has searched reasonably ascertainable database records and has produced documents Bates Numbered ONLINENIC268848-ONLINENIC269034. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS relating to payments for the registration and maintenance of the domainidshield.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its financial records to determine what expenses were paid, as demanded by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS relating to the hosting of the website available at the domainidshield.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information. Subject to the foregoing, see Bates numbers ONLINENIC267207-ONLINENIC268298 .OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS relating to payments for hosting the website available at the domainidshield.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS that IDENTIFY every domain name registered in or associated with the ONLINENIC account or accounts used to register the domainidshield.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for "All Documents". Subject to the foregoing, *see* documents Bates

- 26 -

Numbered ONLINENIC267163. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS relating to any website operated or used by ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information. Subject to the foregoing, see Bates numbers ONLINENIC269035-ONLINENIC272093 and ONLINENIC269035-ONLINENIC272093. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS that IDENTIFY the ONLINENIC account or accounts used to register the onlinenic.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every

record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information. Subject to the foregoing, see documents Bates Numbered ONLINENIC267163 and ONLINENIC268848 -269034 is sufficient to "identify" the account. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS relating to payments for the registration and maintenance of the onlinenic.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS relating to the hosting of the website available at the onlinenic.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million

- 28-

emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for "All Documents".  Subject to the foregoing, see Bates numbers ONLINENIC269035-ONLINENIC272093 and ONLINENIC269035-ONLINENIC272093. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS relating to payments for hosting the website available at the onlinenic.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Accordingly, OnlineNIC has not searched its voluminous financial and email records for "All Documents".

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS that IDENTIFY every domain name registered in or associated with the ONLINENIC account or accounts used to register the onlinenic.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant

has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for "All Documents". Subject to the foregoing, see documents Bates Numbered ONLINENIC267163. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS that IDENTIFY individuals involved with, or having knowledge of ONLINENIC'S relationship with DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Subject to the foregoing, see Bates numbers ONLINENIC000001-ONLINENIC000075, ONLINENIC266956-ONLINENIC267162, ONLINENIC268775-268776, ONLINENIC252186-258330, and ONLINENIC266918 – ONLINENIC266947. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS that IDENTIFY individuals involved in or having knowledge of ONLINENIC'S business transactions with DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Subject to the foregoing, see Bates numbers ONLINENIC000001-ONLINENIC000075, ONLINENIC266956-ONLINENIC267162, ONLINENIC268775-268776, ONLINENIC252186-258330, ONLINENIC266918 – ONLINENIC266947. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS that identify all or part of the corporate structure of ONLINENIC, including, but not limited to, DOCUMENTS that IDENTIFY any principals, officers, directors, shareholders, partners, joint venturers, employees, executives, managing agents, parents, divisions, departments, corporate subunits, subsidiaries, or affiliates of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other

business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Subject to the foregoing, see Bates numbers ONLINENIC000001-ONLINENIC000075, ONLINENIC266956-ONLINENIC267162, ONLINENIC268775-268776, ONLINENIC252186-258330, ONLINENIC266918 – ONLINENIC266947. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS that identify all or part of the corporate structure of DOMAIN ID SHIELD, including, but not limited to, DOCUMENTS that IDENTIFY any past or present principals, officers, directors, shareholders, partners, joint venturers, employees, executives, managing agents, parents, divisions, departments, corporate subunits, subsidiaries, or affiliates of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. OnlineNIC does not interpret this request as seeking all documents on all business operations, as proposed by Plaintiffs. Subject to the foregoing, see Bates numbers  ONLINENIC000001-ONLINENIC000075,  ONLINENIC266956-ONLINENIC267162, ONLINENIC268775-268776,    ONLINENIC252186-258330,    and    ONLINENIC268777-ONLINENIC268778.  OnlineNIC is not aware of other responsive records within its possession,

custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS that identify the managers and executives of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Subject to the foregoing, see Bates numbers ONLINENIC000001-ONLINENIC000075, ONLINENIC266956-ONLINENIC267162, ONLINENIC268775-268776, ONLINENIC252186-258330, and ONLINENIC268777-ONLINENIC268778. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS that identify the managers and executives of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its

operations and pays its expenses. Subject to the foregoing, see Bates numbers ONLINENIC000001-ONLINENIC000075, ONLINENIC266956-ONLINENIC267162, ONLINENIC268775-268776, ONLINENIC252186-258330, and ONLINENIC268777-ONLINENIC268778. .OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS that describe the business and/or purpose of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to the foregoing, see Bates numbers ONLINENIC260024-ONLINENIC260456 and ONLINENIC269035-ONLINENIC272093.. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS that describe the business and/or purpose of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**

See Bates numbers OnlineNIC268782, OnlineNIC268787, OnlineNIC268779-268781, and OnlineNIC266948-OnlineNIC266955.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS that IDENTIFY the employees of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**

The parties agree that this request should be limited to documents "sufficient" to identify

the employees of OnlineNIC. *See* Bates numbers ONLINENIC266989-ONLINENIC267162, ONLINENIC000073- ONLINENIC000074. .

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS that IDENTIFY the employees of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**

The parties agree that this request should be limited to documents "sufficient to identify the employees of OnlineNIC. *See* Bates numbers ONLINENIC000017- ONLINENIC000038.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS that IDENTIFY the responsibilities of the employees, managers and executives of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS that IDENTIFY the responsibilities of the employees, managers, and executives of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS that IDENTIFY the source of funds used to pay employees of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS that IDENTIFY the source of funds used to pay employees of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant

has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  Subject to these objections, OnlineNIC has provided a redacted version of its most recent corporate bank account statement at Bates number OnlineNIC272094 – OnlineNIC272097. Except for all other bank statements from 1999 onward, OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS that IDENTIFY the source of funds used to form ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS that IDENTIFY the amount of capitalization of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS that IDENTIFY the amount of capitalization of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75**

*See* Bates numbers OnlineNIC266968-OnlineNIC266974, OnlineNIC266987-OnlineNIC266988.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS that IDENTIFY the source of funds used to form DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS relating to ONLINENIC's annual shareholder meetings including lists of invitees and attendees, minutes of the meetings, and notes taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS relating to meetings of ONLINENIC's board of directors, including lists of invitees and attendees, minutes of the meetings, and notes taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS relating to meetings of ONLINENIC's executives, including lists of invitees and attendees, minutes of the meetings, and notes taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 80:**

All DOCUMENTS relating to DOMAIN ID SHIELD's annual shareholder meetings including lists of invitees and attendees, minutes of the meetings, and notes taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS relating to meetings of DOMAIN ID SHIELD's board of directors, including lists of invitees and attendees, minutes of the meetings, and notes taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS relating to meetings of DOMAIN ID SHIELD's executives, including lists of invitees and attendees, minutes of the meetings, and notes taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS relating to ONLINENIC's Articles of Incorporation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83**

*See* Bates numbers OnlineNIC000071-OnlineNIC000074.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS relating to ONLINENIC's Bylaws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS relating to DOMAIN ID SHIELD's Articles of Incorporation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85**

*See* Bates numbers OnlineNIC266956 - OnlineNIC266988.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS relating to DOMAIN ID SHIELD's Bylaws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS that IDENTIFY all bank accounts owned or maintained by ONLINENIC and the individuals with access to such bank accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has provided a redacted version of its most recent corporate bank account statement for its two bank accounts at Bates number OnlineNIC272094 – OnlineNIC272097 . As to individuals with access to such accounts see Bates numbers OnlineNIC266989-OnlineNIC267162. With respect to identification of bank accounts, except for all other bank statements from 1999 onward, OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein. With respect to individuals with access to bank accounts, OnlineNIC interprets the Request as seeking only documents sufficient to identify all such individuals, and accordingly, OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS that IDENTIFY all bank accounts owned or maintained by DOMAIN ID SHIELD and the individuals with access to such bank accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS that IDENTIFY the PARTY or PARTIES responsible for

- 39 -

ONLINENIC's financial liabilities, including any insurance carrier.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89**

No responsive documents, except for insurance policies, which will be produced by July 28, 2020.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS that IDENTIFY the PARTY or PARTIES responsible for DOMAIN ID SHIELD's financial liabilities, including any insurance carrier.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS that IDENTIFY real property owned or leased by ONLINENIC in California at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS that IDENTIFY real property owned or leased by DOMAIN ID SHIELD in California at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS reflecting or referring to utility bills directed to, or payments made by or on behalf of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS reflecting or referring to utility bills directed to, or payments made by or on behalf of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS reflecting funds transferred between ONLINENIC and DOMAIN ID SHIELD at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information.

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS reflecting payments made by ONLINENIC for the benefit of DOMAIN ID SHIELD at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its

operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS reflecting payments made by DOMAIN ID SHIELD for the benefit of ONLINENIC at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS that IDENTIFY the PARTIES responsible for online security at DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS that IDENTIFY the PARTIES responsible for online security at ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Accordingly, OnlineNIC has produced a business email that sufficiently identifies the relevant individual, who is the CTO. *See* Bates number OnlineNIC272098.

**REQUEST FOR PRODUCTION NO. 100:**

All DOCUMENTS that IDENTIFY the person(s) at ONLINENIC responsible for responding to requests for contact information for any domain name REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, documents sufficient to identify persons responsible for responding to contact information can be obtained from the Keyword Dataset, and at Bates Numbered ONLINENIC012051-ONLINENIC0181277, ONLINENIC267174-ONLINENIC267194, ONLINENIC260457-ONLINENIC266917. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS that IDENTIFY the processes and procedures followed at ONLINENIC upon receipt of requests for contact information for any domain name REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has provided documents sufficient to provide the requested information in the Keyword Dataset and at Bates numbers OnlineNIC267164 – OnlineNIC267167. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

- 43-

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS that IDENTIFY the person(s) at DOMAIN ID SHIELD responsible for responding to requests for contact information for any domain name REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS that IDENTIFY the processes and procedures followed at DOMAIN ID SHIELD upon receipt of requests for contact information for any domain name REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 104:**

All DOCUMENTS that IDENTIFY any requests for contact information for any domain name REGISTRANT received by ONLINENIC in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104**

The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 105:**

All DOCUMENTS that IDENTIFY any requests for contact information for any domain name REGISTRANT received by DOMAIN ID SHIELD in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105**

The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 106:**

All DOCUMENTS that reflect or demonstrate ONLINENIC's receiving a request for contact information for any domain name REGISTRANT in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106**

The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 107:**

All DOCUMENTS that reflect or demonstrate ONLINENIC's responding to a request for contact information for any domain name REGISTRANT received by ONLINENIC in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has provided documents sufficient to provide the requested information in the Keyword Dataset, as well as documents at Bates numbers OnlineNIC225764 – OnlineNIC225778, OnlineNIC225791 – OnlineNIC252185, and OnlineNIC018142 – OnlineNIC018277. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 108:**

All DOCUMENTS that reflect or demonstrate DOMAIN ID SHIELD's receiving a request for contact information for any domain name REGISTRANT in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108**

The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS that reflect or demonstrate DOMAIN ID SHIELD's responding to a request for contact information for any domain name REGISTRANT received by DOMAIN ID SHIELD in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109**

The parties have agreed that the Keyword Dataset satisfies this request, which has been

- 45-

produced.

**REQUEST FOR PRODUCTION NO. 110:**

All communications between DOMAIN ID SHIELD and persons or entities whose contact information was requested by a third party in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110**

The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 111:**

All communications between ONLINENIC and persons or entities whose contact information was requested by a third-party in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111**

The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 112:**

All communications between ONLINENIC and DOMAIN ID SHIELD concerning domain name REGISTRANTS whose contact information was requested by a third party in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112**

The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 113:**

All registration agreements signed or agreed upon in the last 5 years between DOMAIN ID SHIELD and a California resident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113.**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 114:**

All registration agreements between ONLINENIC and a third party signed or agreed upon in the last 5 years that mention DOMAIN ID SHIELD.

- 46-

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114**

2
No responsive documents.

**REQUEST FOR PRODUCTION NO. 115:**

3

4
All DOCUMENTS referencing or relating to measures, steps, policies, or procedures taken,

5
enacted, followed, or engaged in by ONLINENIC to protect the identity of REGISTRANTS.

6
**RESPONSE TO REQUEST FOR PRODUCTION NO. 115**

7
*See* Bates number OnlineNIC267195 – OnlineNIC267201.

**REQUEST FOR PRODUCTION NO. 116:**

8

9
All DOCUMENTS referencing or relating to privacy measures taken by DOMAIN ID

10
SHIELD to protect the identity of REGISTRANTS.

11
**RESPONSE TO REQUEST FOR PRODUCTION NO. 116**

12
*See* Keyword Dataset and Bates number OnlineNIC267168, and OnlineNIC266948 –

13
OnlineNIC266955, OnlineNIC268779-268781, and OnlineNIC269035-OnlineNIC272093.

**REQUEST FOR PRODUCTION NO. 117:**

14

15
All DOCUMENTS relating to privacy policies enacted by DOMAIN ID SHIELD to

16
protect the identity of REGISTRANTS.

17
**RESPONSE TO REQUEST FOR PRODUCTION NO. 117**

18
*See* Keyword Dataset and Bates number OnlineNIC267168, and OnlineNIC266948 –

19
OnlineNIC266955, OnlineNIC268779-268781, and OnlineNIC269035-OnlineNIC272093..

20
**REQUEST FOR PRODUCTION NO. 118:**

21
All DOCUMENTS used for training staff of ONLINENIC in relation to privacy policies at

22
ONLINENIC.

23
**RESPONSE TO REQUEST FOR PRODUCTION NO. 118**

24
OnlineNIC will produce the responsive documents by July 28, 2020.

25
**REQUEST FOR PRODUCTION NO. 119:**

26
All DOCUMENTS used for training staff of ONLINENIC in relation to privacy policies at

27
DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119**

28

- 47-

OnlineNIC will produce the responsive documents by July 28, 2020.

**REQUEST FOR PRODUCTION NO. 120:**

All DOCUMENTS related to trademarks or service marks applied for or registered by ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 121:**

All DOCUMENTS related to trademarks or service marks applied for or registered by DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 122:**

All DOCUMENTS related to trademarks or service marks applied for or registered by ONLINENIC's principals, employees, managers, or executives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 123:**

All DOCUMENTS related to domain names registered to ONLINENIC's principals, employees, managers, or executives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 124:**

All DOCUMENTS related to trademarks or service marks applied for or registered by DOMAIN ID SHIELD's principals, employees, managers, or executives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 125:**

All DOCUMENTS related to any domain name for which DOMAIN ID SHIELD is or was

entitled to the exclusive control and use of that domain name, for any length of time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 126:**

All DOCUMENTS related to any domain name for which any DOMAIN ID SHIELD principal, employee, manager, or executive is or was the REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 127:**

All DOCUMENTS related to any domain name for which ONLINENIC is or was entitled to the exclusive control and use of that domain name, for any length of time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. There are monetization records for some of the domains in question, but these are are not relevant to the case at bar. Subject to these objections, OnlineNIC has searched its databases and produced responsive records in the Database Records. OnlineNIC will produce further responsive documents by July 28, 2020.

**REQUEST FOR PRODUCTION NO. 128:**

All DOCUMENTS related to any domain name for which any ONLINENIC principal, employee, manager, or executive is or was the REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 129:**

All DOCUMENTS that IDENTIFY the business entities under which the principals, employees, managers, and/or executives of DOMAIN ID SHIELD operated in the last 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. The definition of IDENTIFY is also over-broad because it potentially includes every detail concerning an entity, which is not the ordinary meaning of "identify". Accordingly, OnlineNIC interprets this request as seeking documents sufficient to identify the name and address of the entity in question. Since Domain ID Shield has only one "executive", who also performs services for OnlineNIC, Bates number 268775 – 268776 is sufficient to identify that entity.

**REQUEST FOR PRODUCTION NO. 130:**

All DOCUMENTS that IDENTIFY the business entities under which the principals, employees, managers, and/or executives of ONLINENIC operated in the last 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. The definition of IDENTIFY is also over-broad because it potentially includes every detail concerning an entity, which is not the ordinary meaning of "identify". Accordingly,

- 50-

OnlineNIC interprets this request as seeking documents sufficient to identify the name and address of the entity in question. In relevant part, OnlineNIC has only one "executive", who also performs services for  Xiamen 35.com Technology Co. Ltd, and the documents at Bates number 266918 – 266947 are sufficient to identify that entity.    Rex Liu is also involved in an auto parts business, which is unrelated to domain names – and accordingly identification of that business is not relevant.

**REQUEST FOR PRODUCTION NO. 131:**

All DOCUMENTS that IDENTIFY claims of trademark infringement asserted against ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  Subject to these objections, OnlineNIC has produced records the Keyword Dataset, and the documents at Bates numbers  OnlineNIC258331 – OnlineNIC258369. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 132:**

All DOCUMENTS that IDENTIFY claims against ONLINENIC that a registered domain name is or was identical or confusingly similar to a trademark or service mark and either that it was registered and/or used in bad faith or that ONLINENIC had a bad faith intent to profit from the trademark or service mark at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited

in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has produced records the Keyword Dataset, and the documents at Bates numbers  OnlineNIC258331 – OnlineNIC258369. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 133:**

For all claims identified in the immediately preceding request, all DOCUMENTS related to such claims, including, but not limited to, settlement documents, judgments, and documents concerning any satisfaction of a judgment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 134:**

All DOCUMENTS that IDENTIFY claims of trademark infringement asserted against DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 135:**

All DOCUMENTS that IDENTIFY claims against DOMAIN ID SHIELD that a registered domain name is or was identical or confusingly similar to a trademark or service mark and either that it was registered and/or used in bad faith or that DOMAIN ID SHIELD had a bad faith intent to profit from the trademark or service mark at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135**

See Keyword Dataset.

**REQUEST FOR PRODUCTION NO. 136:**

For all claims identified in the immediately preceding request, all DOCUMENTS related to such claims, including, but not limited to, settlement documents, judgments, and documents concerning any satisfaction of a judgment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136**

See Keyword Dataset.

**REQUEST FOR PRODUCTION NO. 137:**

All DOCUMENTS that IDENTIFY claims of trademark infringement asserted against any entity associated with ONLINENIC'S principals, employees, managers and/or executives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 138:**

All DOCUMENTS that IDENTIFY claims asserted against any business entity associated with ONLINENIC's principals, employees, managers and/or executives that a registered domain name is or was identical or confusingly similar to a trademark or service mark and either that it was registered and/or used in bad faith or that the entity against whom the claim was asserted had a bad faith intent to profit from the trademark or service mark at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 139:**

All DOCUMENTS that IDENTIFY claims of trademark infringement asserted against any business entity associated with DOMAIN ID SHIELD's principals, employees, managers and/or executives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 140:**

All DOCUMENTS that IDENTIFY claims asserted against any business entity associated with DOMAIN ID SHIELD'S principals, employees, managers and/or executives that a registered

domain name is or was identical or confusingly similar to a trademark or service mark and either that it was registered and/or used in bad faith or that the entity against whom the claim was asserted had a bad faith intent to profit from the trademark or service mark at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 141:**

All DOCUMENTS pertaining to enforcement of contracted terms against ONLINENIC by ICANN for failure to comply with any user agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141**

*See* Bates numbers OnlineNIC000076 – OnlineNIC000165, OnlineNIC267174 - OnlineNIC267194.

**REQUEST FOR PRODUCTION NO. 142:**

All DOCUMENTS pertaining to enforcement of contracted terms against DOMAIN ID SHIELD by ICANN for failure to comply with any user agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 143:**

All DOCUMENTS pertaining to enforcement of contracted terms against any business entity associated with ONLINENIC's principals, employees, managers and/or executives by ICANN for failure to comply with any user agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 144:**

All DOCUMENTS pertaining to enforcement of contracted terms against any business entity associated with DOMAIN ID SHIELD's principals, employees, managers and/or executives by ICANN for failure to comply with any user agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 145:**

All DOCUMENTS pertaining to compliance matters directed to ONLINENIC by ICANN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable emails aliases such as icann@onlinenic.com, and has produced records at Bates numbers OnlineNIC012051 – OnlineNIC018141, and OnlineNIC267174 - OnlineNIC267194, and in the Keyword Dataset. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 146:**

All DOCUMENTS pertaining to compliance matters directed to DOMAIN ID SHIELD by ICANN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 147:**

All DOCUMENTS pertaining to lawsuits or legal actions filed by third parties against ONLINENIC in any jurisdiction for the past 10 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million

emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  OnlineNIC has been a party to the legal actions set forth at Bates number OnlineNIC268774 – OnlineNIC268774. Filings in Federal cases are equally available to Plaintiffs using PACER, and Defendants object to producing those filings on those grounds.  OnlineNIC was also a party to the case identified at Bates number OnlineNIC267202 – OnlineNIC267206.  All communications related to that case are not being produced on the grounds of the attorney-client privilege, as set forth in the privilege log at Bates number OnlineNIC272099 – OnlineNIC272100.  *See also* Bates numbers OnlineNIC258331-OnlineNIC258369. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 148:**

All DOCUMENTS pertaining to lawsuits or legal actions filed by third parties against DOMAIN ID SHIELD in any jurisdiction for the past 10 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 149:**

All DOCUMENTS that IDENTIFY claims of DOMAIN NAME ABUSE submitted to ONLINENIC in last 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149**

The parties have agreed that the Keyword Dataset satisfies this Request, which has been produced.

**REQUEST FOR PRODUCTION NO. 150:**

All DOCUMENTS that IDENTIFY claims of DOMAIN NAME ABUSE submitted to DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150**

The parties have agreed that the Keyword Dataset satisfies this Request, which has been

produced.

**REQUEST FOR PRODUCTION NO. 151:**

All DOCUMENTS that IDENTIFY internal or external policies, procedures, or best practices to deter cybersquatting by ONLINENIC since 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151**

*See* Bates numbers OnlineNIC267195 – OnlineNIC267201, as well as the policies and procedures that are evidenced in the business operations set forth in the Keyword Dataset.

**REQUEST FOR PRODUCTION NO. 152:**

All DOCUMENTS that IDENTIFY internal or external policies, procedures, or best practices to deter cybersquatting by DOMAIN ID SHIELD since 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152**

No responsive documents.

As to Objections.

                                    Respectfully Submitted,

DATED:  July 23, 2020               LEXANALYTICA, PC

                                    By: _____

                                    Attorneys for Defendants
                                    ONLINENIC, INC. and DOMAIN ID SHEILD
                                    SERVICE CO., LIMITED

- 57 -

VERIFICATION

I, YU HONGXIA, am an officer of OnlineNIC, Inc.. and am authorized to sign this verification. I believe, based on reasonable inquiry, that the foregoing First Supplementary Responses of OnlineNIC, Inc. to Plaintiffs' Requests for Production of Documents, Set 1 – are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:  July 23, 2020 at Xiamen, China

By: _____
Yu Hongxia

Exhibit 2

1
2
3
4

Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA 94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

5
6

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

7

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

11
12
13
14
15
16
17

FACEBOOK, INC. and INSTAGRAM,
LLC

            Plaintiffs,

      v.

ONLINENIC, INC. and DOMAIN ID
SHIELD SERVICE CO., LIMITED.

            Defendants.

Case No. 19-CV-07071-SVK

**FIRST SUPPLEMENTAL
RESPONSE OF DOMAIN ID
SHIELD SERVICE CO. LIMITED
TO REQUESTS FOR PRODUCTION
OF DOCUMENTS PROPUNDED BY
FACEBOOK, INC. AND
INSTAGRAM, LLC.**

18
19
20
21

PROPOUNDING PARTY:          Facebook, Inc. and Instagram, LLC

RESPONDING PARTY:           Domain ID Shield Service Co. Limited.

SET NO.:                    One (1)

22
23
24
25
26
27
28

        Defendant Doman ID Shield Service Co. Limited ("Domains ID Shield") hereby responds

to the Request for Production of Documents propounded by Facebook, Inc. and Instagram, LLC

(together, the "Plaintiffs") as follows:

PRELIMINARY STATEMENT

        A.      The specific responses as set forth below are for the purposes of discovery only and

Domain ID Shield does not intend to waive, but expressly reserves, any and all objections and may

- 1-

Facebook, Inc. v. OnlineNIC, Inc.                                    Case No. 19-cv-7071-SVK
Domain ID Shields' First Supplemental Responses to Plaintiffs' Requests for Production of Documents – Set 1

have to the relevance, competence, materiality, admissibility or use at trial of any information, documents or writings produced, identified or referred to herein. All such objections may be made at any time up to and including the time of trial.

B.    The following responses are based on information reasonably available to Domain ID Shield as of the date of these responses, and upon documents that are in the possession, custody or control of OnlineNIC, Inc. ("OnlineNIC") and Domain ID Shield. Defendant has conducted a diligent search and believes that the document production is substantially complete, except where expressly noted herein. However, due to its limited resources and current pandemic conditions, Domain ID Shields's investigation and search for documents and things responsive to these requests are ongoing. Pursuant to Federal Rule of Civil Procedure 26, Doman ID Shield specifically reserves the right to revise, supplement and/or amend these responses and, if necessary, to assert additional objections arising from further investigation.

C.    By agreement of the parties, the parties do not seek privilege logs for materials covered by the attorney-client privilege or the attorney work product doctrine where such materials arose after the original complaint was filed in this action.

D.    Domain ID Shield expressly reserves its right to rely, at any time during trial, upon subsequently discovered information or information omitted from the specific responses set forth below as a result of mistake, oversight, or inadvertence.

E.    Defendant objects to each and every request to the extent that it seeks information that may be prohibited from disclosure under the General Data Protection Regulation, and Defendant reserves the right to "claw-back" such information if it determines that such "claw-back" is required by applicable law.

F.    References to the "Database Records" refers to OnlineNIC's database records delivered on July 23, 2020, as may be supplemented. Since it is not practicable to legend such database records (as they have been provided in native format) Domain ID Shield designates the Database Records as CONFIDENTIAL under the protective order at ECF 37, which applies to all information therein except publicly available WHOIS information.  Database Records exclude: (a) account password, (b) login authenticator keys, and (c) API and allowed-IP, on the grounds that

such information is not relevant and increase the risk of a security breach. To the extent that any Database Records have been previously produced without a confidentiality designation, this response serves as notice under Section 5.3 of ECF 37 that such production was inadvertent and that the Database Records pursuant to these responses supplant and replace those database records that were previously provided.

G.    References to "Keyword Dataset" refers to the results of a search conducted by OnlineNIC using search terms provided by Plaintiffs, which search was conducted on OnlineNIC's and Domain ID Shield's emails and support tickets. The Keyword Dataset is provided at Bates numbers  ONLINENIC18278 – ONLINENIC222221.

H.    Domain ID Shield has attempted to categorize documents in response to specific Requests based upon its reasonable interpretation of those requests. Any failure to specify a document in response to a particular Request should not be construed as an admission that no documents exists, or that such omitted documents (which are otherwise provided in the production) are not responsive.

I.    Domain ID Shield is controlled by OnlineNIC, Inc., and OnlineNIC performs the business operations of Domain ID Shield on behalf of Domain ID Shield, including the management of all business records which are the subject of these Requests.  Domain ID Shield adopts the responses of OnlineNIC made in the First Supplemental Response of OnlineNIC, Inc. to Request for Production by Facebook, Inc. and Instagram, LLC. For purposes of these First Supplemental Responses only, "Defendant" and "OnlineNIC" include both OnlineNIC and Domain ID Shield, since the business operations and business records of each are maintained in a common repository.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

For each domain name listed on Exhibit 1, all DOCUMENTS that IDENTIFY the ONLINENIC and/or DOMAIN ID SHIELD account or accounts used to register the domain name.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has produced Database Records. Defendant has also conducted a search in emails and support tickets which are produced at Bates numbers ONLINENIC222222 – ONLINENIC225763. Additional responsive documents may exist in the Keyword Dataset, which has been produced in searchable format. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 2:**

For each account identified in Request for Production No. 1, all DOCUMENTS relating to the account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a search in the Database Records and responsive material has been produced. Defendant has also conducted a search in emails and support tickets which are produced at Bates numbers ONLINENIC222222 – ONLINENIC225763. Additional responsive documents may exist in the Keyword Dataset, which

- 4-

has been produced in searchable format. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 3:**

For each account identified in Request for Production No. 2, all DOCUMENTS that IDENTIFY every domain name registered in or associated with the account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  Subject to these objections, Defendant has conducted a diligent search in the Database Records and responsive material has been produced. Defendant has also conducted a diligent search in emails and support tickets which are produced at Bates numbers ONLINENIC222222 – ONLINENIC225763.   Additional responsive documents may exist in the Keyword Dataset, which has been produced in searchable format. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 4:**

For each domain name listed on Exhibit 1, all DOCUMENTS related to the REGISTRATION of the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million

emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a diligent search in the Database Records and responsive material has been produced. Defendant has also conducted a diligent search in emails and support tickets which are produced at Bates numbers ONLINENIC222222 – ONLINENIC225763 and ONLINENIC258437- ONLINENIC260023. Additional responsive documents may exist in the Keyword Dataset, which has been produced in searchable format. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 5:**

For each domain name listed on Exhibit 1, all DOCUMENTS that IDENTIFY the REGISTRANT of the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a diligent search in the Database Records and responsive material has been produced. Defendant has also conducted a search in emails and support tickets which are produced at Bates numbers ONLINENIC222222 – ONLINENIC225763 and ONLINENIC258437- ONLINENIC260023. Additional responsive documents may exist in the Keyword Dataset, which has been produced in searchable format. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REQUEST FOR PRODUCTION NO. 6:**

For each domain name listed on Exhibit 1, all DOCUMENTS related to the TRAFFICKING IN of the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a search in the Database Records and responsive material has been produced. Additional responsive documents may exist in the Keyword Dataset, which has been produced in searchable format. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 7:**

For each domain name listed on Exhibit 1, all DOCUMENTS that IDENTIFY any person or entity TRAFFICKING IN the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a search in the Database

Records and responsive material has been produced. Additional responsive documents may exist in the Keyword Dataset, as well as Bates numbers ONLINENIC222222 - ONLINENIC258330 and ONLINENIC018142 – ONLINENIC018277. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 8:**

      For each domain name listed on Exhibit 1, all DOCUMENTS related to the USE of the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

      Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  Subject to these objections, Defendant has conducted a search in the Database Records and responsive material has been produced. Additional responsive documents may exist in the Keyword Dataset, as well as Bates numbers ONLINENIC222222 - ONLINENIC258330 and ONLINENIC018142 – ONLINENIC018277.  OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 9:**

      For each domain name listed on Exhibit 1, all DOCUMENTS that IDENTIFY any person or entity that USES or USED the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

      Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million

emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  Subject to these objections, Defendant has conducted a search in the Database Records and responsive material has been produced. Additional responsive documents may exist in the Keyword Dataset, as well as Bates numbers ONLINENIC222222 - ONLINENIC258330 and ONLINENIC018142 – ONLINENIC018277.  OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 10:**

For each domain name listed on Exhibit 1, all DOCUMENTS related to the MONETIZATION of the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  Subject to these objections, Defendant has conducted a search in the Database Records and responsive material has been produced. Additional responsive documents may exist in the Keyword Dataset, as well as Bates numbers ONLINENIC222222 - ONLINENIC258330 and ONLINENIC018142 – ONLINENIC018277. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 11:**

For each domain name listed on Exhibit 1, all DOCUMENTS that IDENTIFY any person or entity involved in the MONETIZATION of the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a diligent search in the Database Records and responsive material has been produced. Additional responsive documents may exist in the Keyword Dataset, as well as Bates numbers ONLINENIC222222 - ONLINENIC258330 and ONLINENIC018142 – ONLINENIC018277.   OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 12:**

For each domain name listed on Exhibit 1, all DOCUMENTS related to DOMAIN ID SHIELD's privacy service for the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a search in the Database Records and responsive material has been produced. Additional responsive material may exist at Bates numbers ONLINENIC266948 – ONLINENIC266955, the Keyword Dataset, as well as Bates numbers ONLINENIC225791 - ONLINENIC258330. OnlineNIC is not aware of other

responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 13:**

For each domain name listed on Exhibit 1, all DOCUMENTS that IDENTIFY any person or entity involved in the provision of DOMAIN ID SHIELD's privacy service for the domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records, and tens of thousands of emails and support tickets. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a search in the Database Records, and in emails and support tickets, and at Bates OnlineNIC252186-OnlineNIC258330, OnlineNIC000001-70, OnlineNIC266918-266947, OnlineNIC268299 – 268773, OnlineNIC267164-OnlineNIC267167. Additional responsive documents exist in the Keyword Dataset, which has been produced in searchable format OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 14:**

All contracts, agreements, and/or any other written understanding between ONLINENIC and DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 15:**

All contracts, agreements, and/or any other written understanding between DOMAIN ID SHIELD and any United States entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Responsive documents are located in the Database Records, and at OnlineNic266948 – 266955.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS relating to the relationship between DOMAIN ID SHIELD and any California entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Responsive documents are located in the Database Records, and at ONLINENIC266948 – ONLINENIC266955.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS relating to any travel by a DOMAIN ID SHIELD officer, employee or agent to the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. The request is also overbroad because it includes personal travel, and OnlineNIC objects to providing such documents, and has no right to do so. Subject to these objections, Defendant has provided a passport extract at Bates number 268788, which evidences the only business trip of a Doman ID Shield officer to the United States. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS relating to any prior actions or complaints concerning any intellectual property claims filed against or by DOMAIN ID SHIELD in a United States Federal or State Court

- 12-

or before any administrative tribunal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable locations and has produced the Keyword Dataset and other responsive documents at Bates numbers OnlineNIC225791-OnlineNIC252185. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS relating to any prior actions or complaints concerning any DOMAIN NAME ABUSE claims filed against or by DOMAIN ID SHIELD in a United States Federal or State Court or before any administrative tribunal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

See the Keyword Dataset and Bates numbers OnlineNIC225791-OnlineNIC252185.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS relating to any prior actions or complaints concerning any intellectual property claims filed against or by ONLINENIC in a United States Federal or State Court or before any administrative tribunal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

See Keyword Dataset. See also Bates numbers OnlineNIC258331- OnlineNIC258369 and OnlineNIC252186-OnlineNIC258330. Filings in Federal cases are equally available to Plaintiffs using PACER, and Defendants object to producing those filings on those grounds. Identification of those cases is located at Bates numbers OnlineNIC268774. See also Bates numbers

- 13-

OnlineNIC258331-OnlineNIC258369. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS relating to any prior actions or complaints concerning any DOMAIN NAME ABUSE claims filed against or by ONLINENIC in a United States Federal or State Court or before any administrative tribunal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

See Keyword Dataset. See also Bates numbers OnlineNIC225764 – 225778, 225791 – OnlineNIC258369. Filings in Federal cases are equally available to Plaintiffs using PACER, and Defendants object to producing those filings on those grounds. Identification of those cases is located at Bates OnlineNIC268774 . See also Bates numbers OnlineNIC258331-OnlineNIC258369. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS related to any communications between DOMAIN ID SHIELD and any person or entity in the United States concerning domain name registration. This includes, but is not limited to, emails, phone records, letters, any form of electronic communication, and any materials sent through those means.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Responsive materials are located in the Keyword Dataset, and Bates numbers OnlineNIC225764 – OnlineNIC 225778, OnlineNIC225791 – OnlineNIC258330.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS relating to the corporate relationship between DOMAIN ID SHIELD and ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the

- 14-

years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable locations and has produced records at ONLINENIC266918 – ONLINENIC266947, ONLINENIC266956-ONLINENIC266988,                    ONLINENIC000001-ONLINENIC000070, ONLINENIC000075). OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS relating to the corporate formation and maintenance of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 24**

ONLINENIC objects to this request as vague, ambiguous, overbroad, irrelevant and unduly burdensome to the extent that it seeks "all" documents for an unrestricted period of time. Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its financial records to determine what expenses were paid for Domain ID Shield's formation and maintenance going back indefinitely, as demanded by Plaintiffs. Subject to the foregoing, *see* ONLINENIC266956-ONLINENIC266988, ONLINENIC000001-ONLINENIC000070, ONLINENIC000075),

ONLINENIC258370-ONLINENIC258436.  OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS relating to the corporate formation and maintenance of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

OnlineNIC objects to this request as vague, ambiguous, overbroad, irrelevant and unduly burdensome to the extent that it: (a) seeks "all" documents for an unrestricted period of time and, (b) seeks information not relevant to Plaintiffs' intellectual property claims. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its financial records to determine what formation and maintenance expenses were paid and when going back indefinitely, as demanded by Plaintiffs. Subject to the foregoing, *see* Bates number ONLINENIC000071-ONLINENIC000074. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that IDENTIFY officers and/or directors of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

OnlineNIC objects to this request as vague, ambiguous, overbroad, irrelevant and unduly burdensome to the extent that it: (a) seeks "all" documents for an unrestricted period of time and, (b) seeks information not relevant to Plaintiffs' intellectual property claims. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices

and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its financial records to determine what formation and maintenance expenses were paid going back indefinitely, as demanded by Plaintiffs. Subject to the foregoing, *see* Bates numbers ONLINENIC268777-ONLINENIC268778 and ONLINENIC266989 – ONLINENIC267162. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that IDENTIFY officers and/or directors of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

*See* ONLINENIC266956-ONLINENIC266988, ONLINENIC000001-ONLINENIC000070, ONLINENIC000075).

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that IDENITFY all locations for the transaction of DOMAIN ID SHIELD's business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. Domain ID Shield was formed more than 10 years ago. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, produced records at Bates numbers OnlineNIC268779-OnlineNIC268781, OnlineNIC268782, and OnlineNIC268787. OnlineNIC is not aware of any responsive records within its possession,

custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 29:**

A representative sampling of DOCUMENTS sufficient to IDENTIFY all locations where ONLINENIC conducts or has conducted business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

*See* Bates Number ONLINENIC225779-225790, ONLINENIC000076-ONLINENIC000164, and ONLINENIC000165.

**REQUEST FOR PRODUCTION NO. 31:**

A representative sampling of DOCUMENTS sufficient to IDENTIFY ONLINENIC's principal place of business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

*See* Bates Number ONLINENIC225779-225790, ONLINENIC000076-ONLINENIC000164, and ONLINENIC000165.

**REQUEST FOR PRODUCTION NO. 30:**

A representative sampling of DOCUMENTS sufficient to IDENTIFY all locations where DOMAIN ID SHIELD conducts or has conducted of business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

*See* Bates numbers OnlineNIC268779-OnlineNIC268781, OnlineNIC268782, and OnlineNIC268787.

**REQUEST FOR PRODUCTION NO. 32:**

A representative sampling of DOCUMENTS sufficient to IDENTIFY where DOMAIN ID SHIELD principal place of business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

*See* Bates numbers OnlineNIC268779-OnlineNIC268781, OnlineNIC268782, and OnlineNIC268787.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that show federal, state, and local taxes paid by DOMAIN ID SHIELD

- 18-

Facebook, Inc. v. OnlineNIC, Inc.                                    Case No. 19-cv-7071-SVK
Domain ID Shields' First Supplemental Responses to Plaintiffs' Requests for Production of Documents – Set 1

in the last 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

Defendant objects to this request, tax returns and related tax information are not relevant to the subject matter of the pending action. The Ninth Circuit recognizes a public policy against unnecessary public disclosure of tax returns. *Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975)*. The Court may only order their production if they are relevant and where the requesting party shows there is a compelling need for them because the information sought is not otherwise available. *Flores v. Albertsons, Inc., 2002 U.S. Dist. LEXIS 6171, 2002 WL 1163623 at *3 (C.D.Cal. 2002)*. Subject to and without waiving this objection, Domain ID Shield has not filed tax returns since 2015 and will produce a redacted form of that 2015 document.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that show federal, state, and local taxes paid by ONLINENIC in the last 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Defendant objects to this request, as tax returns and tax information are not relevant to the subject matter of the pending action. The Ninth Circuit recognizes a public policy against unnecessary public disclosure of tax returns. *Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975)*. The Court may only order their production if they are relevant and where the requesting party shows there is a compelling need for them because the information sought is not otherwise available. *Flores v. Albertsons, Inc., 2002 U.S. Dist. LEXIS 6171, 2002 WL 1163623 at *3 (C.D.Cal. 2002)*. Subject to and without waiving this objection, Defendant has produced redacted tax returns at Bates numbers OnlineNIC 266989 – 267162., since Plaintiffs have been unable to state a reason why they need the full tax return.

**REQUEST FOR PRODUCTION NO. 35:**

All contracts entered into by ONLINENIC that specify California as the governing jurisdiction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited

in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable contracts and has produced the OnlineNIC268789 – OnlineNIC268789, OnlineNIC268814 – OnlineNIC268826, OnlineNIC268841 – OnlineNIC268844. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 36:**

All contracts entered into by DOMAIN ID SHIELD that specify California as the governing jurisdiction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 37:**

All contracts entered into by ONLINENIC with a California domiciled citizen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record (such as counsel's engagement agreement and other service provider agreements) to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable contracts and has

produced hereunder the Bates numbers OnlineNIC268789 – OnlineNIC268844. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 38:**

All contracts entered into by DOMAIN ID SHIELD with a California domiciled citizen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

*See* Bates numbers OnlineNIC266948 – OnlineNIC266955.

**REQUEST FOR PRODUCTION NO. 39:**

A representative sampling of DOCUMENTS sufficient to IDENTIFY the location of any post office box used by DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Defendant objects to this request as vague, ambiguous, overbroad, irrelevant and unduly burdensome to the extent that it: (a) seeks documents to identify "any post office box" (e.g. one operated by a governmental postal service?)  for an unrestricted period of time and, (b) seeks information not relevant to Plaintiffs' intellectual property claims.  Subject to the foregoing, *see* documents Bates Numbered ONLINENIC000075 ONlineNIC268779-268781 for possibly responsive documents. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 40:**

All agreements or contracts between ICANN and ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

*See* Bates Number ONLINENIC225779-225790, ONLINENIC000076-ONLINENIC000164, and ONLINENIC000165.

**REQUEST FOR PRODUCTION NO. 41:**

All agreements or contracts between ICANN and DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS related to agreements or contracts between ICANN and ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable contracts and documents in its emails and contract folders and produced documents Bates Numbered ONLINENIC012051-ONLINENIC018141, ONLINENIC267174-ONLINENIC267194, ONLINENIC260457-ONLINENIC266917. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS related to agreements or contracts between ICANN and DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 44:**

All annual or monthly reports prepared by ONLINEINC or DOMAIN ID SHIELD that contain information related to the activities of either entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million

emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.". OnlineNIC does prepare periodic reports that discuss profitability, but OnlineNIC will not produce such reports on the grounds that they constitute competitively sensitive information and such information (like tax records) are not relevant to the case at bar.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS relating to any marketing of services by DOMAIN ID SHIELD including any advertising or marketing materials on the Internet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

*See* Bates numbers OnlineNIC268779-OnlineNIC268781, OnlineNIC268782, OnlineNIC268787, OnlineNIC268845-268847.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS relating to any website operated or USED by DOMAIN ID SHIELD, including, but not limited to, all current and prior versions of any webpages ever accessible on or from that website and any agreements of any kind ever entered into with respect to the website or the domain name through which that website is or was accessible.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable contracts and documents in its emails and has produced records at Bates numbers OnlineNIC268779-OnlineNIC268781, OnlineNIC268782, OnlineNIC268787, OnlineNIC268845-

268847.. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS identifying each domain name for which ONLINENIC was the REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable contracts and documents in its emails and has produced records at ONLINENIC267169-ONLINENIC267173. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS identifying each domain name for which DOMAIN ID SHIELD was the REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS that IDENTIFY the ONLINENIC account or accounts used to register the domainidshield.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant

has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Subject to these objections, OnlineNIC has searched reasonably ascertainable database records and has produced documents Bates Numbered ONLINENIC268848-ONLINENIC269034. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS relating to payments for the registration and maintenance of the domainidshield.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its financial records to determine what expenses were paid, as demanded by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS relating to the hosting of the website available at the domainidshield.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

- 25-

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information. Subject to the foregoing, see Bates numbers ONLINENIC267207-ONLINENIC268298 .OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS relating to payments for hosting the website available at the domainidshield.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS that IDENTIFY every domain name registered in or associated with the ONLINENIC account or accounts used to register the domainidshield.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for "All Documents". Subject to the foregoing, *see* documents Bates Numbered ONLINENIC267163. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 54**

All DOCUMENTS relating to any website operated or used by ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

financial and email records for the requested information. Subject to the foregoing, see Bates numbers ONLINENIC269035-ONLINENIC272093 and ONLINENIC269035-ONLINENIC272093.  OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS that IDENTIFY the ONLINENIC account or accounts used to register the onlinenic.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information. Subject to the foregoing, see documents Bates Numbered ONLINENIC267163 and ONLINENIC268848 -269034 is sufficient to "identify" the account. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS relating to payments for the registration and maintenance of the onlinenic.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the

years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS relating to the hosting of the website available at the onlinenic.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for "All Documents".  Subject to the foregoing, see Bates numbers ONLINENIC269035-ONLINENIC272093 and ONLINENIC269035-ONLINENIC272093. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS relating to payments for hosting the website available at the onlinenic.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Accordingly, OnlineNIC has not searched its voluminous financial and email records for "All Documents".

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS that IDENTIFY every domain name registered in or associated with the ONLINENIC account or accounts used to register the onlinenic.com domain name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for "All Documents". Subject to the foregoing, see documents Bates Numbered ONLINENIC267163. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS that IDENTIFY individuals involved with, or having knowledge of ONLINENIC'S relationship with DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Subject to the foregoing, see Bates numbers ONLINENIC000001-ONLINENIC000075, ONLINENIC266956-ONLINENIC267162, ONLINENIC268775-268776, ONLINENIC252186-258330, and ONLINENIC266918 – ONLINENIC266947. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS that IDENTIFY individuals involved in or having knowledge of ONLINENIC'S business transactions with DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Subject to the foregoing, see Bates numbers ONLINENIC000001-ONLINENIC000075, ONLINENIC266956-ONLINENIC267162,

ONLINENIC268775-268776,        ONLINENIC252186-258330,        ONLINENIC266918        –
ONLINENIC266947. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS that identify all or part of the corporate structure of ONLINENIC, including, but not limited to, DOCUMENTS that IDENTIFY any principals, officers, directors, shareholders, partners, joint venturers, employees, executives, managing agents, parents, divisions, departments, corporate subunits, subsidiaries, or affiliates of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Subject to the foregoing, see Bates numbers ONLINENIC000001-ONLINENIC000075,        ONLINENIC266956-ONLINENIC267162, ONLINENIC268775-268776,        ONLINENIC252186-258330,        ONLINENIC266918        – ONLINENIC266947. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS that identify all or part of the corporate structure of DOMAIN ID SHIELD, including, but not limited to, DOCUMENTS that IDENTIFY any past or present principals, officers, directors, shareholders, partners, joint venturers, employees, executives, managing agents, parents, divisions, departments, corporate subunits, subsidiaries, or affiliates of DOMAIN ID SHIELD.

- 32-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. OnlineNIC does not interpret this request as seeking all documents on all business operations, as proposed by Plaintiffs. Subject to the foregoing, see Bates numbers ONLINENIC000001-ONLINENIC000075, ONLINENIC266956-ONLINENIC267162, ONLINENIC268775-268776, ONLINENIC252186-258330, and ONLINENIC268777-ONLINENIC268778. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS that identify the managers and executives of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Subject to the foregoing, see Bates numbers ONLINENIC000001-ONLINENIC000075, ONLINENIC266956-ONLINENIC267162,

- 33-

ONLINENIC268775-268776, ONLINENIC252186-258330, and ONLINENIC268777-ONLINENIC268778.  OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS that identify the managers and executives of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Subject to the foregoing, see Bates numbers ONLINENIC000001-ONLINENIC000075, ONLINENIC266956-ONLINENIC267162, ONLINENIC268775-268776, ONLINENIC252186-258330, and ONLINENIC268777-ONLINENIC268778.  .OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS that describe the business and/or purpose of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every

record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to the foregoing, see Bates numbers ONLINENIC260024-ONLINENIC260456 and ONLINENIC269035-ONLINENIC272093.. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS that describe the business and/or purpose of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**

See Bates numbers OnlineNIC268782, OnlineNIC268787, OnlineNIC268779-268781, and OnlineNIC266948-OnlineNIC266955.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS that IDENTIFY the employees of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**

The parties agree that this request should be limited to documents "sufficient" to identify the employees of OnlineNIC. *See* Bates numbers ONLINENIC266989-ONLINENIC267162, ONLINENIC000073- ONLINENIC000074.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS that IDENTIFY the employees of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69**

The parties agree that this request should be limited to documents "sufficient to identify the employees of OnlineNIC. *See* Bates numbers ONLINENIC000017- ONLINENIC000038.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS that IDENTIFY the responsibilities of the employees, managers and executives of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS that IDENTIFY the responsibilities of the employees, managers, and

- 35-

executives of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS that IDENTIFY the source of funds used to pay employees of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS that IDENTIFY the source of funds used to pay employees of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has provided a redacted version of its most recent corporate bank account statement at Bates number OnlineNIC272094 – OnlineNIC272097. Except for all other bank statements from 1999 onward, OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS that IDENTIFY the source of funds used to form ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS that IDENTIFY the amount of capitalization of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS that IDENTIFY the amount of capitalization of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76**

*See* Bates numbers OnlineNIC266968-OnlineNIC266974, OnlineNIC266987-OnlineNIC266988.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS that IDENTIFY the source of funds used to form DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information.

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS relating to ONLINENIC's annual shareholder meetings including lists of invitees and attendees, minutes of the meetings, and notes taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS relating to meetings of ONLINENIC's board of directors, including lists of invitees and attendees, minutes of the meetings, and notes taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 80:**

All DOCUMENTS relating to meetings of ONLINENIC's executives, including lists of invitees and attendees, minutes of the meetings, and notes taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS relating to DOMAIN ID SHIELD's annual shareholder meetings including lists of invitees and attendees, minutes of the meetings, and notes taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS relating to meetings of DOMAIN ID SHIELD's board of directors, including lists of invitees and attendees, minutes of the meetings, and notes taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS relating to meetings of DOMAIN ID SHIELD's executives, including lists of invitees and attendees, minutes of the meetings, and notes taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS relating to ONLINENIC's Articles of Incorporation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84**

*See* Bates numbers OnlineNIC000071-OnlineNIC000074.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS relating to ONLINENIC's Bylaws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS relating to DOMAIN ID SHIELD's Articles of Incorporation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86**

*See* Bates numbers OnlineNIC266956 - OnlineNIC266988.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS relating to DOMAIN ID SHIELD's Bylaws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS that IDENTIFY all bank accounts owned or maintained by ONLINENIC and the individuals with access to such bank accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has provided a redacted version of its most recent corporate bank account statement for its two bank accounts at Bates number OnlineNIC272094 – OnlineNIC272097 . As to individuals with access to such accounts see Bates numbers OnlineNIC266989-OnlineNIC267162. With respect to identification of bank accounts,

except for all other bank statements from 1999 onward, OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.   With respect to individuals with access to bank accounts, OnlineNIC interprets the Request as seeking only documents sufficient to identify all such individuals, and accordingly, OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS that IDENTIFY all bank accounts owned or maintained by DOMAIN ID SHIELD and the individuals with access to such bank accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS that IDENTIFY the PARTY or PARTIES responsible for ONLINENIC's financial liabilities, including any insurance carrier.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90**

No responsive documents, except for insurance policies, which have been produced.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS that IDENTIFY the PARTY or PARTIES responsible for DOMAIN ID SHIELD's financial liabilities, including any insurance carrier.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS that IDENTIFY real property owned or leased by ONLINENIC in California at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS that IDENTIFY real property owned or leased by DOMAIN ID

SHIELD in California at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93**

    No responsive documents.

**REQUEST FOR PRODUCTION NO. 94:**

    All DOCUMENTS reflecting or referring to utility bills directed to, or payments made by or on behalf of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94**

    No responsive documents.

**REQUEST FOR PRODUCTION NO. 95:**

    All DOCUMENTS reflecting or referring to utility bills directed to, or payments made by or on behalf of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95**

    No responsive documents.

**REQUEST FOR PRODUCTION NO. 96:**

    All DOCUMENTS reflecting funds transferred between ONLINENIC and DOMAIN ID SHIELD at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96**

    Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information.

- 41 -

Facebook, Inc. v. OnlineNIC, Inc.                          Case No. 19-cv-7071-SVK
Domain ID Shields' First Supplemental Responses to Plaintiffs' Requests for Production of Documents – Set 1

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS reflecting payments made by ONLINENIC for the benefit of DOMAIN ID SHIELD at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its voluminous financial and email records for the requested information.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS reflecting payments made by DOMAIN ID SHIELD for the benefit of ONLINENIC at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS that IDENTIFY the PARTIES responsible for online security at DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 100:**

All DOCUMENTS that IDENTIFY the PARTIES responsible for online security at ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Accordingly, OnlineNIC has produced a business email that sufficiently identifies the relevant individual, who is the CTO. *See* Bates number OnlineNIC272098.

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS that IDENTIFY the person(s) at ONLINENIC responsible for responding to requests for contact information for any domain name REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, documents sufficient to identify persons responsible for responding to contact information can be obtained from the Keyword Dataset, and at Bates Numbered ONLINENIC012051-ONLINENIC0181277, ONLINENIC267174-ONLINENIC267194, ONLINENIC260457-ONLINENIC266917. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS that IDENTIFY the processes and procedures followed at ONLINENIC upon receipt of requests for contact information for any domain name REGISTRANT.

- 43-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has provided documents sufficient to provide the requested information in the Keyword Dataset and at Bates numbers OnlineNIC267164 – OnlineNIC267167. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS that IDENTIFY the person(s) at DOMAIN ID SHIELD responsible for responding to requests for contact information for any domain name REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 104:**

All DOCUMENTS that IDENTIFY the processes and procedures followed at DOMAIN ID SHIELD upon receipt of requests for contact information for any domain name REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 105:**

All DOCUMENTS that IDENTIFY any requests for contact information for any domain name REGISTRANT received by ONLINENIC in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105**

The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 106:**

All DOCUMENTS that IDENTIFY any requests for contact information for any domain name REGISTRANT received by DOMAIN ID SHIELD in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106**

The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 107:**

All DOCUMENTS that reflect or demonstrate ONLINENIC's receiving a request for contact information for any domain name REGISTRANT in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107**

The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 108:**

All DOCUMENTS that reflect or demonstrate ONLINENIC's responding to a request for contact information for any domain name REGISTRANT received by ONLINENIC in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has provided documents sufficient to provide the requested information in the Keyword Dataset, as well as documents at Bates numbers OnlineNIC225764 – OnlineNIC225778, OnlineNIC225791 – OnlineNIC252185, and OnlineNIC018142 – OnlineNIC018277. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS that reflect or demonstrate DOMAIN ID SHIELD's receiving a request for contact information for any domain name REGISTRANT in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109**

The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 110:**

All DOCUMENTS that reflect or demonstrate DOMAIN ID SHIELD's responding to a request for contact information for any domain name REGISTRANT received by DOMAIN ID SHIELD in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110**

The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 111:**

All communications between DOMAIN ID SHIELD and persons or entities whose contact information was requested by a third party in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111**

The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 112:**

All communications between ONLINENIC and persons or entities whose contact information was requested by a third-party in the past 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112**

The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 113:**

All communications between ONLINENIC and DOMAIN ID SHIELD concerning domain name REGISTRANTS whose contact information was requested by a third party in the past 5

years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113**

    The parties have agreed that the Keyword Dataset satisfies this request, which has been produced.

**REQUEST FOR PRODUCTION NO. 114:**

  All registration agreements signed or agreed upon in the last 5 years between DOMAIN ID SHIELD and a California resident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114.**

  No responsive documents.

**REQUEST FOR PRODUCTION NO. 115:**

  All registration agreements between ONLINENIC and a third party signed or agreed upon in the last 5 years that mention DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115**

  No responsive documents.

**REQUEST FOR PRODUCTION NO. 116:**

  All DOCUMENTS referencing or relating to measures, steps, policies, or procedures taken, enacted, followed, or engaged in by ONLINENIC to protect the identity of REGISTRANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116**

  *See* Bates number OnlineNIC267195 – OnlineNIC267201.

**REQUEST FOR PRODUCTION NO. 117:**

  All DOCUMENTS referencing or relating to privacy measures taken by DOMAIN ID SHIELD to protect the identity of REGISTRANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117**

  *See* Keyword Dataset and Bates number OnlineNIC267168, and OnlineNIC266948 – OnlineNIC266955, OnlineNIC268779-268781, and OnlineNIC269035-OnlineNIC272093.

**REQUEST FOR PRODUCTION NO. 118:**

  All DOCUMENTS relating to privacy policies enacted by DOMAIN ID SHIELD to protect the identity of REGISTRANTS.

- 47-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118**

*See* Keyword Dataset and Bates number OnlineNIC267168, and OnlineNIC266948 – OnlineNIC266955, OnlineNIC268779-268781, and OnlineNIC269035-OnlineNIC272093..

**REQUEST FOR PRODUCTION NO. 119:**

All DOCUMENTS used for training staff of ONLINENIC in relation to privacy policies at ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119**

OnlineNIC will produce the responsive documents by July 28, 2020.

**REQUEST FOR PRODUCTION NO. 120:**

All DOCUMENTS used for training staff of ONLINENIC in relation to privacy policies at DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120**

OnlineNIC will produce the responsive documents by July 28, 2020.

**REQUEST FOR PRODUCTION NO. 121:**

All DOCUMENTS related to trademarks or service marks applied for or registered by ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 122:**

All DOCUMENTS related to trademarks or service marks applied for or registered by DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 123:**

All DOCUMENTS related to trademarks or service marks applied for or registered by ONLINENIC's principals, employees, managers, or executives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 124:**

All DOCUMENTS related to domain names registered to ONLINENIC's principals, employees, managers, or executives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 125:**

All DOCUMENTS related to trademarks or service marks applied for or registered by DOMAIN ID SHIELD's principals, employees, managers, or executives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 126:**

All DOCUMENTS related to any domain name for which DOMAIN ID SHIELD is or was entitled to the exclusive control and use of that domain name, for any length of time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 127:**

All DOCUMENTS related to any domain name for which any DOMAIN ID SHIELD principal, employee, manager, or executive is or was the REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 128:**

All DOCUMENTS related to any domain name for which ONLINENIC is or was entitled to the exclusive control and use of that domain name, for any length of time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million

- 49-

Facebook, Inc. v. OnlineNIC, Inc.                                         Case No. 19-cv-7071-SVK
Domain ID Shields' First Supplemental Responses to Plaintiffs' Requests for Production of Documents – Set 1

emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. There are monetization records for some of the domains in question, but these are not relevant to the case at bar – and based on such objection, those records will not be produced. Subject to these objections, OnlineNIC has searched its databases and produced responsive records in the Database Records. Except for records showing monetization for the domains that are the subject of this Request, OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 129:**

All DOCUMENTS related to any domain name for which any ONLINENIC principal, employee, manager, or executive is or was the REGISTRANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 130:**

All DOCUMENTS that IDENTIFY the business entities under which the principals, employees, managers, and/or executives of DOMAIN ID SHIELD operated in the last 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. The definition of IDENTIFY is also over-broad because it potentially includes every detail concerning an entity, which is not the ordinary meaning of "identify". Accordingly, OnlineNIC interprets this request as seeking documents sufficient to identify the name and address

of the entity in question. Since Domain ID Shield has only one "executive", who also performs services for OnlineNIC, Bates number 268775 – 268776 is sufficient to identify that entity.

**REQUEST FOR PRODUCTION NO. 131:**

All DOCUMENTS that IDENTIFY the business entities under which the principals, employees, managers, and/or executives of ONLINENIC operated in the last 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  The definition of IDENTIFY is also over-broad because it potentially includes every detail concerning an entity, which is not the ordinary meaning of "identify".   Accordingly, OnlineNIC interprets this request as seeking documents sufficient to identify the name and address of the entity in question. In relevant part, OnlineNIC has only one "executive", who also performs services for  Xiamen 35.com Technology Co. Ltd, and the documents at Bates number 266918 – 266947 are sufficient to identify that entity.    Rex Liu is also involved in an auto parts business, which is unrelated to domain names – and accordingly identification of that business is not relevant.

**REQUEST FOR PRODUCTION NO. 132:**

All DOCUMENTS that IDENTIFY claims of trademark infringement asserted against ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million

- 51-

emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has produced records the Keyword Dataset, and the documents at Bates numbers OnlineNIC258331 – OnlineNIC258369. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

## REQUEST FOR PRODUCTION NO. 133:

All DOCUMENTS that IDENTIFY claims against ONLINENIC that a registered domain name is or was identical or confusingly similar to a trademark or service mark and either that it was registered and/or used in bad faith or that ONLINENIC had a bad faith intent to profit from the trademark or service mark at issue.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 133

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has produced records the Keyword Dataset, and the documents at Bates numbers OnlineNIC258331 – OnlineNIC258369. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

## REQUEST FOR PRODUCTION NO. 134:

For all claims identified in the immediately preceding request, all DOCUMENTS related to such claims, including, but not limited to, settlement documents, judgments, and documents concerning any satisfaction of a judgment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 135:**

All DOCUMENTS that IDENTIFY claims of trademark infringement asserted against DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 136:**

All DOCUMENTS that IDENTIFY claims against DOMAIN ID SHIELD that a registered domain name is or was identical or confusingly similar to a trademark or service mark and either that it was registered and/or used in bad faith or that DOMAIN ID SHIELD had a bad faith intent to profit from the trademark or service mark at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136**

See Keyword Dataset.

**REQUEST FOR PRODUCTION NO. 137:**

For all claims identified in the immediately preceding request, all DOCUMENTS related to such claims, including, but not limited to, settlement documents, judgments, and documents concerning any satisfaction of a judgment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137**

See Keyword Dataset.

**REQUEST FOR PRODUCTION NO. 138:**

All DOCUMENTS that IDENTIFY claims of trademark infringement asserted against any entity associated with ONLINENIC'S principals, employees, managers and/or executives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 139:**

All DOCUMENTS that IDENTIFY claims asserted against any business entity associated with ONLINENIC's principals, employees, managers and/or executives that a registered domain

name is or was identical or confusingly similar to a trademark or service mark and either that it was registered and/or used in bad faith or that the entity against whom the claim was asserted had a bad faith intent to profit from the trademark or service mark at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 140:**

All DOCUMENTS that IDENTIFY claims of trademark infringement asserted against any business entity associated with DOMAIN ID SHIELD's principals, employees, managers and/or executives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 141:**

All DOCUMENTS that IDENTIFY claims asserted against any business entity associated with DOMAIN ID SHIELD'S principals, employees, managers and/or executives that a registered domain name is or was identical or confusingly similar to a trademark or service mark and either that it was registered and/or used in bad faith or that the entity against whom the claim was asserted had a bad faith intent to profit from the trademark or service mark at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 142:**

All DOCUMENTS pertaining to enforcement of contracted terms against ONLINENIC by ICANN for failure to comply with any user agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142**

*See* Bates numbers OnlineNIC000076 – OnlineNIC000165, OnlineNIC267174 - OnlineNIC267194.

**REQUEST FOR PRODUCTION NO. 143:**

All DOCUMENTS pertaining to enforcement of contracted terms against DOMAIN ID SHIELD by ICANN for failure to comply with any user agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 144:**

All DOCUMENTS pertaining to enforcement of contracted terms against any business entity associated with ONLINENIC's principals, employees, managers and/or executives by ICANN for failure to comply with any user agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 145:**

All DOCUMENTS pertaining to enforcement of contracted terms against any business entity associated with DOMAIN ID SHIELD's principals, employees, managers and/or executives by ICANN for failure to comply with any user agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 146:**

All DOCUMENTS pertaining to compliance matters directed to ONLINENIC by ICANN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, OnlineNIC has searched reasonably ascertainable emails aliases such as icann@onlinenic.com, and has produced records at Bates numbers OnlineNIC012051 – OnlineNIC018141, and OnlineNIC267174 - OnlineNIC267194, and in the Keyword Dataset. OnlineNIC is not aware of any responsive records within its possession, custody

- 55-

Facebook, Inc. v. OnlineNIC, Inc.                                        Case No. 19-cv-7071-SVK
Domain ID Shields' First Supplemental Responses to Plaintiffs' Requests for Production of Documents – Set 1

or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 147:**

All DOCUMENTS pertaining to compliance matters directed to DOMAIN ID SHIELD by ICANN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 148:**

All DOCUMENTS pertaining to lawsuits or legal actions filed by third parties against ONLINENIC in any jurisdiction for the past 10 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148**

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case.  Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files.  The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records.  OnlineNIC has been a party to the legal actions set forth at Bates number OnlineNIC268774 – OnlineNIC268774. Filings in Federal cases are equally available to Plaintiffs using PACER, and Defendants object to producing those filings on those grounds.  OnlineNIC was also a party to the case identified at Bates number OnlineNIC267202 – OnlineNIC267206.  All communications related to that case are not being produced on the grounds of the attorney-client privilege, as set forth in the privilege log at Bates number OnlineNIC272099 – OnlineNIC272100. *See also* Bates numbers OnlineNIC258331-OnlineNIC258369. OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 149:**

All DOCUMENTS pertaining to lawsuits or legal actions filed by third parties against

DOMAIN ID SHIELD in any jurisdiction for the past 10 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 150:**

All DOCUMENTS that IDENTIFY claims of DOMAIN NAME ABUSE submitted to ONLINENIC in last 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150**

The parties have agreed that the Keyword Dataset satisfies this Request, which has been produced.

**REQUEST FOR PRODUCTION NO. 151:**

All DOCUMENTS that IDENTIFY claims of DOMAIN NAME ABUSE submitted to DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151**

The parties have agreed that the Keyword Dataset satisfies this Request, which has been produced.

**REQUEST FOR PRODUCTION NO. 152:**

All DOCUMENTS that IDENTIFY internal or external policies, procedures, or best practices to deter cybersquatting by ONLINENIC since 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152**

*See* Bates numbers OnlineNIC267195 – OnlineNIC267201, as well as the policies and procedures that are evidenced in the business operations set forth in the Keyword Dataset.

**REQUEST FOR PRODUCTION NO. 153:**

All DOCUMENTS that IDENTIFY internal or external policies, procedures, or best practices to deter cybersquatting by DOMAIN ID SHIELD since 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153**

No responsive documents.

1

2    As to Objections.

3                                              Respectfully Submitted,

4
     DATED:  August 18, 2020                   LEXANALYTICA, PC
5

6                                              By:

7
                                               Attorneys for Defendants
8                                              ONLINENIC, INC. and DOMAIN ID SHEILD
                                               SERVICE CO., LIMITED
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION

I, YU HONGXIA, am an officer of Domain ID Shield Services Co., Limited. and am authorized to sign this verification. I believe, based on reasonable inquiry, that the foregoing First Supplementary Responses of Domain ID Shield Services Co., Limited to Plaintiffs' Requests for Production of Documents, Set 1 – are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:  July 23, 2020 at Xiamen, China

By: _____
         Yu Hongxia

Exhibit 3

**Kessel, Bart**

| | |
|---|---|
| **From:** | Perry J. Narancic <pjn@lexanalytica.com> |
| **Sent:** | Tuesday, April 14, 2020 5:42 PM |
| **To:** | Lauridsen, Steven E. |
| **Cc:** | Steele, David J.; Kroll, Howard A. |
| **Subject:** | Re: Facebook, Inc., et al. v. OnlineNIC, Inc., et al. - Service of Requests for Production (TE No. 015949-007) |

<<< EXTERNAL EMAIL >>>

Thank you.

On Mon, Apr 13, 2020 at 3:31 PM Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com> wrote:

Hi Perry,

I am attaching a copy of Exhibit 1 to the RFPs. Also, we agree to the extension to May 1, 2020.

We're hoping you and your loved ones are safe and well.

Best,

Steven

**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Monday, April 13, 2020 12:39 PM
**To:** Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Subject:** Re: Facebook, Inc., et al. v. OnlineNIC, Inc., et al. - Service of Requests for Production (TE No. 015949-007)

<<< EXTERNAL EMAIL >>>

David - hope you are good.

I'd like to set up a call with you this week so that you can help me understand some of the document requests.  How is Thursday afternoon?

Also, where is "Exhibit 1", referenced in RFPD 1?

Finally, given the Covid-19 circumstances, can you please provide a extension to May 1?

P

On Thu, Mar 26, 2020 at 3:28 PM Steele, David J. <David.Steele@tuckerellis.com> wrote:

> Thanks Perry.
>
> David
>
> **From:** Perry J. Narancic <pjn@lexanalytica.com>
> **Sent:** Thursday, March 26, 2020 1:29 PM
> **To:** Steele, David J. <David.Steele@tuckerellis.com>
> **Cc:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
> **Subject:** Re: Facebook, Inc., et al. v. OnlineNIC, Inc., et al. - Service of Requests for Production (TE No. 015949-007)
>
> **<<< EXTERNAL EMAIL >>>**
>
> _____
>
> Got it, David.  thx.

On Wed, Mar 25, 2020 at 8:58 PM Steele, David J. <David.Steele@tuckerellis.com> wrote:

Perry,

Hoping you're safe and well.

I wanted to quickly follow up to make sure that you received Steven's email. Can you please confirm your receipt.

Thank you,

David

---

**From:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Sent:** Friday, March 20, 2020 5:52 PM
**To:** Perry J. Narancic <pjn@lexanalytica.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** Facebook, Inc., et al. v. OnlineNIC, Inc., et al. - Service of Requests for Production (TE No. 015949-007)

Counsel:

I am attaching for service Plaintiffs' first sets of requests for production.

**Steven E. Lauridsen | Attorney | Tucker Ellis LLP**

515 South Flower Street, Forty-Second Floor| Los Angeles, CA 90071

Direct: 213-430-3308 | Fax: 213-430-3409

**Kessel, Bart**

| | |
|---|---|
| **From:** | Perry J. Narancic <pjn@lexanalytica.com> |
| **Sent:** | Thursday, April 30, 2020 3:38 PM |
| **To:** | Steele, David J. |
| **Cc:** | Lauridsen, Steven E.; Kroll, Howard A. |
| **Subject:** | Re: Facebook, Inc., et al. v. OnlineNIC, Inc., et al. - Service of Requests for Production (TE No. 015949-007) |

**<<< EXTERNAL EMAIL >>>**

Thank you, David.  Of course, no problem on an extension re amendment.

Talk soon,
P

On Thu, Apr 30, 2020 at 3:01 PM Steele, David J. <David.Steele@tuckerellis.com> wrote:

Perry,

Given your assurance re this being the last extension of time, we consent to the extension.

We are mindful that the last day to amend pleadings in this case is May 27, 2020. Should we need additional time to review the production so as to amend, can you confirm that you will stipulate to a reasonable extension of time and to adjusting the case schedule accordingly?

We look forward to talking with you tomorrow.

**David Steele | Partner | Tucker Ellis LLP**

515 South Flower Street | Forty-Second Floor| Los Angeles, CA 90071

Direct: 213-430-3360

david.steele@tuckerellis.com

This e-mail is sent by the law firm of Tucker Ellis LLP and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately by return email.

**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Thursday, April 30, 2020 1:25 PM
**To:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** Re: Facebook, Inc., et al. v. OnlineNIC, Inc., et al. - Service of Requests for Production (TE No. 015949-007)


<<< EXTERNAL EMAIL >>>

Guys, just so that I am not pulling an all-nighter, can we agree to an interim extension to May 6 for my production?  If I need to May 11, we can discuss tomorrow.  Please let me know soonest.  Thanks.

On Thu, Apr 30, 2020 at 12:40 PM Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com> wrote:

Perry, I was just too excited for a discovery call apparently! Tomorrow at 2p is fine. I'll send a new invite. In the meantime, here is the Word version of the discovery requests.

**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Thursday, April 30, 2020 12:05 PM
**To:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** Re: Facebook, Inc., et al. v. OnlineNIC, Inc., et al. - Service of Requests for Production (TE No. 015949-007)


<<< EXTERNAL EMAIL >>>

Steven - the invite is for today, but I asked for tomorrow at 2.  Can you do that?

On Thu, Apr 30, 2020 at 11:44 AM Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com> wrote:

Hi Perry,

A call at 2:00 p.m. works fine for us. We will send out a calendar invite shortly. There will be a call-in number and a link for video in the invite should you wish to participate by video as well.

Best,

Steven

**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Thursday, April 30, 2020 9:02 AM
**To:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** Re: Facebook, Inc., et al. v. OnlineNIC, Inc., et al. - Service of Requests for Production (TE No. 015949-007)

**<<< EXTERNAL EMAIL >>>**

All,

Due to the virus situation, I will need a little more time on the production.  Can I do May 11?  This will be the last request for an extension.

Can I also set up a call with you tomorrow to discuss some of the requests .  How is 2 pm?

3

Finally, as a courtesy, can you please send me a Word version of the document requests?


Thank you.


P


On Tue, Apr 14, 2020 at 5:41 PM Perry J. Narancic <pjn@lexanalytica.com> wrote:

Thank you.


On Mon, Apr 13, 2020 at 3:31 PM Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com> wrote:

Hi Perry,


I am attaching a copy of Exhibit 1 to the RFPs. Also, we agree to the extension to May 1, 2020.


We're hoping you and your loved ones are safe and well.


Best,

Steven



**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Monday, April 13, 2020 12:39 PM
**To:** Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Subject:** Re: Facebook, Inc., et al. v. OnlineNIC, Inc., et al. - Service of Requests for Production (TE No. 015949-007)


**<<< EXTERNAL EMAIL >>>**

David - hope you are good.

I'd like to set up a call with you this week so that you can help me understand some of the document requests.  How is Thursday afternoon?

Also, where is "Exhibit 1", referenced in RFPD 1?

Finally, given the Covid-19 circumstances, can you please provide a extension to May 1?

P

On Thu, Mar 26, 2020 at 3:28 PM Steele, David J. <David.Steele@tuckerellis.com> wrote:

Thanks Perry.

David

**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Thursday, March 26, 2020 1:29 PM
**To:** Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Subject:** Re: Facebook, Inc., et al. v. OnlineNIC, Inc., et al. - Service of Requests for Production (TE No. 015949-007)

**<<< EXTERNAL EMAIL >>>**

Got it, David.  thx.

On Wed, Mar 25, 2020 at 8:58 PM Steele, David J. <David.Steele@tuckerellis.com> wrote:

Perry,

Hoping you're safe and well.

I wanted to quickly follow up to make sure that you received Steven's email. Can you please confirm your receipt.

Thank you,

David

---

**From:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Sent:** Friday, March 20, 2020 5:52 PM
**To:** Perry J. Narancic <pjn@lexanalytica.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** Facebook, Inc., et al. v. OnlineNIC, Inc., et al. - Service of Requests for Production (TE No. 015949-007)

Counsel:

I am attaching for service Plaintiffs' first sets of requests for production.

**Steven E. Lauridsen | Attorney | Tucker Ellis LLP**

515 South Flower Street, Forty-Second Floor| Los Angeles, CA 90071

Direct: 213-430-3308 | Fax: 213-430-3409

steven.lauridsen@tuckerellis.com

tuckerellis.com

--

**Perry J. Narancic**
LexAnalytica, PC  |  Attorneys at Law
San Francisco | Silicon Valley
Direct:  650-655-2800
www.lexanalytica.com | Bio | LinkedIn

--

**Perry J. Narancic**
LexAnalytica, PC  |  Attorneys at Law
San Francisco | Silicon Valley
Direct:  650-655-2800
www.lexanalytica.com | Bio | LinkedIn

--

Exhibit 4



**Tucker Ellis** LLP

515 South Flower Street, Forty Second Floor  |  Los Angeles, CA 90071-2223  |  TEL 213.430.3400  |  FAX 213.430.3409

July 1, 2020

DIRECT DIAL 213.430.3360 | david.steele@tuckerellis.com

**VIA EMAIL**

Perry J. Narancic, Esq.
pjn@lexanalytica.com
LexAnalytica, PC
2225 East Bayshore Road #200
Palo Alto, California 94303

Re: *Facebook, Inc. v. OnlineNIC Inc.*, No. 5:19-cv-07071-SVK (N.D. Cal.)
    Request to Meet and Confer Concerning Discovery (TE No. 015949-007)

Dear Perry,

We write in anticipation of—but also in an effort to obviate the need for—a motion to compel the further production of documents as well as written responses to Plaintiffs' first sets of requests for production to Defendants.[1] Please let us know some times you are available to meet and confer by telephone on July 2, 2020 or July 6, 2020 concerning the issues raised in this letter.

<u>**Issues Common to All Requests**</u>

As an initial matter, while Plaintiffs agreed to a number of extensions of time for Defendants to provide written responses, the last such extension expired on May 11, 2020. *See* May 4, 2020 email sent at 5:53 p.m. from D. Steele to P. Narancic. The failure of a party to timely respond to discovery requests waives all objections to those requests. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). We must therefore insist that Defendants respond to Plaintiffs' outstanding requests in writing and without objections.

Even if Defendants had not waived all objections with their tardy responses, each of Defendants' respective responses to Plaintiffs' requests for production is still in violation of Rule 34 of the Federal Rules of Civil Procedure. Rule 34 dictates, "The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). Despite this requirement, Defendants fail to specify in their written responses that they have concurrently produced all documents responsive to a specific request or that the document production will be completed

_____

[1] For simplicity, all references to specific requests for production are to the set propounded on Defendant OnlineNIC; however, the issues raised in this letter apply equally to the requests propounded on Defendant Domain ID Shield.

CHICAGO  CLEVELAND  COLUMBUS  LOS ANGELES  SAN FRANCISCO  ST. LOUIS  |  tuckerellis.com



on a date certain. You have indicated by email that additional documents responsive to unspecified categories are forthcoming; however, we must insist that you provide such information for each outstanding request and that you formally do so in the written responses subject to the strictures of Rule 26(g), rather than in an informal email.

Further, while Defendants' responses incorporate the same, repeated boilerplate objections and also contain numerous rote objections, none of the objections complies with Rule 34, which states, "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). As a result, Plaintiffs are left to wonder whether any documents are being withheld based on each objection. General, boilerplate objections, including those at the beginning of Defendants' respective responses, are insufficient under the rules as amended in 2015. *See* Fed. R. Civ. P. 34 advisory committee notes to 2015 amendment; *cf. Convertino v. U.S. Dept. of Justice*, 565 F.Supp.2d 10, 12 (D.D.C. 2008) (general objections not applied with sufficient specificity to enable the court to evaluate their merits); *Alexander v. F.B.I.*, 194 F.R.D. 299, 302 (D.D.C. 2000) ("The party objecting to ... discovery bears the burden of show[ing] why discovery should not be permitted.").

We must therefore request that, in addition to Defendants supplementing each response to reflect the fact that all objections have been waived, during our conference of counsel, you be prepared to discuss whether documents have been withheld based on each objection so that we can discuss any particular issues at that time.

We must also note that Defendants state in numerous places that they object on the basis of privilege. We must therefore request that Defendants provide a privilege log listing all privileged documents to allow us to determine the propriety of any privilege objection.

Additionally, each of the documents produced by Defendants lacks proper document control numbers, such as Bates numbers, on each individual page. We did not discuss during our Rule 26(f) conference any alternative scheme for numbering pages of documents produced in discovery. We must therefore request that Defendants Bates number their document production to avoid difficulties in discovery down the line.

## <u>General Objections</u>

Notwithstanding that each of Defendants' respective objections has been waived, Defendants' general objections are deficient for a number of reasons.

First, in General Objection B (second),[2] Defendants state that they respond with the assumption that none of the requests seeks information protected by the attorney-client privilege

---

[2] Defendants list three general objections that are all lettered 'B', so these objections are referenced in their sequential order.

# Tucker
# Ellis | LLP

Perry J. Narancic, Esq.
July 1, 2020
Page 3

or the attorney work-product doctrine. This presumption is inappropriate: to the extent that any requests call for privileged documents, those documents must be logged in accordance with Rule 26(b)(5)(A). However, as explained above, all objections have been waived, and even privileged documents must be produced.

Second, in General Objection C, Defendants state that all responses are based on Defendants' own interpretations of the language used in the request. This is improper. "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996). Thus, to the extent that Defendants contend that any of the language in these requests requires interpretation, Defendants must specifically identify the ambiguity. If Defendants respond based on a specific interpretation, Defendants must state what that interpretation is rather than leave Plaintiffs to guess.

Third, in General Objection D, Defendants state that their responses should not be interpreted as implying that responsive documents or things exist or that the requests are appropriate. This runs contrary to the Federal Rules of Civil Procedure. In 2015, Rule 34 was amended to require a party to specifically state whether it was withholding documents based on each asserted objection. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection"). The Advisory Committee has explained the basis for this change: "Rule 34(b)(2)(C) is amended to provide that ***an objection to a Rule 34 request must state whether anything is being withheld*** on the basis of the objection. ***This amendment should end the confusion that frequently arises when a producing party states several objections*** and still produces information, ***leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections***." Fed. R. Civ. P. 34 advisory committee notes to 2015 amendment (emphasis added). General Objection D seeks to circumvent this requirement, and it must therefore be withdrawn.

Fourth, in General Objection E, Defendants object to the extent that the requests seek the disclosure of information that is prohibited from disclosure by GDPR. This objection is specious for three reasons in addition to the fact that a broad, general objection "to the extent that" is not permissible: (1) GDPR Article 6(1) permits disclosure the customer identification information in response to legal process, something to which Defendants' customers have expressly consented. (2) OnlineNIC's registration agreement with its customers states that it is governed by California law. As a result, GDPR does not apply. (3) Even if GDPR Article 6(1) did apply, that article provides for the disclosure of the requested information in these circumstances.

## **Issues Common to Multiple Responses**

As discussed above with respect to General Objection C, Defendants cannot simply assert bare "vague and ambiguous" objections without specifying what terms are purportedly vague and why that is the case. To the extent that Defendants are able to interpret the request—as demonstrated by a statement that they are producing documents or that no documents exist— Defendant must provide their interpretation of the term or phrase to which they have objected. This issue presents itself throughout Defendants' responses and appears at least in response to

# Tucker
# Ellis | LLP

Request Nos. 2, 8-9, 13-17, 20-21, 23-29, 32-34, 36-38, 41, 43-46, 48-67, 69-101, 104-07, 115-17, 123, 127-30, 141-46, and 149-50. These improper objections must be withdrawn. Please be prepared during our conference of counsel to clarify whether Defendants have withheld documents or refrained from conducting a search due to each objection.

Similarly, Defendants have improperly limited the temporal scope of numerous requests to a period beginning on January 1, 2017. Defendants have provided no justification for this limitation beyond a vague "unduly burdensome" objection. Defendants need to explain the burden justifying this restriction, for each specific request, or withdraw it. This objection is particularly troubling given that numerous requests already provide a temporal restriction going back five years. Although we expect this deficiency to be remedied wherever it appears, this issue presents itself in response to at least Request Nos. 20-21, 28, 104-05, 108, 111, and 149-50.

Next, in response to numerous requests, Defendants assert that the requests are overly broad and unduly burdensome and seek irrelevant information because they call for "all documents." While we recognize that a request for "all documents" may be overly broad in select circumstances, requests that contain such language are not *per se* unreasonable. For instance, Defendants may be aware that the universe of documents called for is small or that a search would be relatively straightforward. Thus, please withdraw these objections, or explain why the request is burdensome for the particular category requested.

## <u>Issues with Respect to Individual Requests</u>

With respect to specific requests for production, Defendants' responses are deficient in numerous ways. These deficiencies are as follows.

First, Request No. 2 seeks all documents relating to each account identified in Request No. 1. In reviewing the documents produced, we note that one customer account alone has over 200,000 domain names associated with it, yet the production itself does not reflect the number of domain names at issues. For instance, the correspondence provided is incomplete. It appears Defendants' correspondence comes in three main forms: entries in a trouble ticket database, email, and other traditional types of correspondence, such as faxes. To date, it appears Defendants have only produced a copy of the trouble ticket database.

At the very least, we would expect the production to include API agreements and various other agreements (including those entered into when the accounts were opened), communications with the various account holders (which we would expect to exist given the fact OnlineNIC has granted its customers access to its APIs), post-lawsuit communications with OnlineNIC's customers (and in particular indemnification requests), payment information, and information concerning the owners of the accounts. We would also expect Defendants to have and to produce renewal information for these domains and related communications as well as general emails and correspondence. We appreciate that Defendants have produced some correspondence concerning UDRP complaints, but such correspondence only represents a tiny fraction of that for which the request calls. At the very least, we would expect to see customer correspondence regarding these same UDRP complaints.

# Tucker
# Ellis | LLP

Similarly, we note that while we have received some correspondence concerning certain accounts (you described the document produced as the trouble ticket database), that same correspondence indicates that additional related correspondence is missing from the production. For instance, in reviewing the trouble ticket database for customer number 551607, we see outgoing correspondence from OnlineNIC to the account holder seeking verification of ownership; however, the incoming correspondence verifying that ownership was not produced even though Defendants produced emails confirming and reflecting receipt of such correspondence. *See* September 9, 2013 and January 21, 2014 messages. There appear to be numerous additional missing email based on the contents of this ticket entry alone.

In response to Request No. 3, Defendants first provided database tables which identified currently registered domain names. After I inquired about domain names that were previously registered by one of the accounts identified in Request for Production No. 2, OnlineNIC supplemented its production to include two additional tables (i.e., numbers 24 and 25). However, our independent search identified additional domain names missing from OnlineNIC's production. For example, the holder of OnlineNIC account 551607, "Takashi Yamaguchi" or another alias used by this account holder, registered dolcegabannaesales.com, marlborolight.net, porsche-spyder.com and 918-spyder.com. However, these domain names were not disclosed by OnlineNIC in its responses. We determined these omissions from a mere spot check of UDRP complaints,[3] which indicates that this issue is likely pervasive throughout the production. Please have Defendants supplement their production to remedy this issue. Additionally, Defendant's boilerplate objections regarding "overbroad and unduly burdensome" are especially troubling here as this evidence is directly supportive of one of the statutory factors for bad faith in cybersquatting, and responsive records should be easily searchable in OnlineNIC's database. Moreover, the request is specifically limited to only those accounts that OnlineNIC has identified as having registered one of the Infringing Domain Names in the Complaint.

Request Nos. 4-5 and 8 seek documents related to the registration and the registrant of each of the domain names listed in Exhibit 1 to the requests for production as well as those domain names' use. Every document concerning these twenty domain names is relevant, particularly given the resale nature of Defendants' business as you have described it to us. Moreover, to the extent there are emails for these domain names, those emails would be easily searched, particularly given the unique nature of the search terms we have provided. Please supplement Defendants' responses and production. Additionally, we are aware of numerous UDRP complaints that were filed against the account holders identified in OnlineNIC's production, but documents related to these complaints were not produced.

---

[3] *See Dolce & Gabbana s.r.l. v. Domain ID Shield Service/ Misato Takahashi, bkt*, D2013-0600 (WIPO May 23, 2013) (dolcegabannaesales.com); *Dr. Ing. h.c. F. Porsche AG v. Takashi Yamaguchi/ Domain ID Shield Service CO., Limited*, D2014-0071 (WIPO Oct. 3, 2014) (porsche-spyder.com and 918-spyder.com); *Philip Morris USA Inc. v. DNS MANAGER/ Misato Takahashi*, D2014-0649 (WIPO Jun. 16, 2014) (marlborolight.net). Importantly, as discussed further below, documents regarding these UDRP were not produced by OnlineNIC.

# Tucker
# Ellis | LLP

For Request No. 10, Defendants objected completely; however, they should be able to readily produce a report to the extent the domain names were monetized. If these domain names were not monetized, then Defendants would be able to easily say they have no responsive documents. Please supplement accordingly.

Request No. 12 seeks documents related to Domain ID Shield's privacy services for the domain names listed in Exhibit 1, yet no records of any customers agreeing to use this privacy service have been produced, nor have we received any contracts whatsoever concerning these domain names. In their written responses, Defendants do not state they will produce documents, and they only provide a generic, boilerplate objection without providing any actual reason that documents cannot or should not be produced. We must therefore insist that Defendants supplement their responses and production.

For Request No. 14, Defendants object that "written understanding" is vague and ambiguous. While we dispute this, please consider this phrase defined as "any formal or informal written agreement, rule, or procedure" and supplement with this in mind.

In response to Request Nos. 15 and 16, Defendants merely provide a hyperlink to a purportedly responsive document. This is improper, and we must insist that Defendants actually produce—with Bates numbers or other appropriate document control references—all responsive documents in their possession, custody, or control. If there are template agreements with database records of accessions to those agreements, please indicate as much.

We note that this hyperlink issue also presents itself in response to Request Nos. 26, 44-45, 63, 113, and 116. We must request that Defendants supplement these responses (and any others that reference a hyperlink) for these same reasons.

In response to Request Nos. 18, 20, 21, 133, 147, and 149, Defendants have provided limited responsive documents, relying on Plaintiffs' ability to obtain information from public sources. Defendants have also limited their responses to "documents after Jan. 1, 2017." This is improper. The ACPA statute does not contain any temporal limitations concerning the relevance of a defendant's violations of third-party rights, and numerous documents exist that are not available on the public docket, including discovery requests and responses, communications, settlements agreements, and the like. We must insist that all responsive documents be produced.

With respect to Request No. 23, as with all of the requests, we need to know whether any documents have been withheld on the basis of the asserted objections. The objections in this request are particularly concerning given that Defendants object to the phrase "corporate relationship" as vague and ambiguous. Please clarify.

Next, in response to Request No. 24, Defendants state, "To the extent that the requested information is relevant to Plaintiffs' claims that OnlineNIC and Domain ID Shield are liable for the acts of each other, OnlineNIC states that it controls Domain ID Shield and runs its operations." This is not responsive to the request and does not satisfy Defendants' obligation to diligently search for documents and produce them. This statement is repeated in response to Request Nos.

# Tucker
# Ellis | LLP

25, 27, 32-34, 36-37, 43, 49-51, 53, 55-57, 59-67, 69-99, and 129-30. The requested information is directly relevant to Plaintiffs' *alter ego* allegations and, absent a stipulation that Defendants are *alter egos* of one another, Plaintiffs cannot even ***consider*** withdrawing these requests. We must therefore demand that all responsive documents be produced immediately.

Further, the business license produced in response to Request Nos. 24 and 25 cannot realistically constitute the entire universe of responsive corporate documents. To the extent Defendants attempt to apply a temporal limitation to the scope of these requests, such a restriction is improper given the limited universe of corporate formation documents that would be in existence and the ease at which Defendants should be able to locate them.

For the document produced in response to Request No. 26, please confirm whether this document captures all of Defendants' officers. Similarly, for Request No. 28, please confirm the identified location is the only one and that there are no other documents that exist, for it seems illogical that there are no responsive documents other than the tax filing that has been produced. These same issues apply for Request No. 27.

Again, for Request No. 29, none of the objections is well taken. Please confirm whether there are additional responsive documents or if any have been withheld based on any of these objections.

In Response to Request Nos. 29-32, which seek documents sufficient to identify where Defendants do business, as well as their principal places of business, you referred us to OnlineNIC's website. This does not meet the substance of the request. We would expect to see documents reflecting bills, server locations, employee information, documents Defendants received from third parties evidencing Defendants' business, and the like. Similarly, we need documents reflecting Defendants' federal, state, and local tax payments, for those documents are also responsive.

Next, in response to Request Nos. 30-31, Defendants begin their responses with "Subject to the foregoing" despite the fact no objections were asserted. Please clarify.

We also need to know if documents have been withheld in response to Request No. 38. We can imagine that Defendants have used very few post office boxes, yet they have asserted a number of objections, including those based on the request having an "unrestricted period of time." Please supplement promptly.

As with the other requests where an "overly broad" objection has been asserted, Defendants object to Request No. 41, and fail to produce documents, without explaining what burden is created by the request. Please supplement.

We find the response to Request No. 45 to be unrealistic, particularly given that we know Defendants websites have been revised at least once. Please supplement.



In response to Request No. 46, Defendants provide a document listing five domain names. Once again, we need to know whether any responsive information has been withheld on the basis of any objections. Please be prepared to discuss this during our conference.

The documents produced in response to Request Nos. 52 and 58 do not identify the Defendants' accounts at issue but instead just show the domain names in those accounts. Similarly, these documents do not identify the domain names formerly registered in these accounts. Please supplement promptly.

In response to Request Nos. 59-60 and 63-64, Defendants object that these requests call for "all documents"; however, during a prior conference of counsel, these requests were rewritten by agreement to call for "documents sufficient to identify." We must therefore request that Defendants respond appropriately.

For Request No. 69, we are perplexed as to how Defendants can object to this request concerning the responsibilities of Domain ID Shield's employees given that the response to Request No. 68 implies there are no such employees. Please explain.

For Request No. 83, the identified document does not appear to be responsive, and we would expect there to be other responsive documents. Please explain.

Next, the document produced in response to Request No. 100 does not actually identify the persons at OnlineNIC responsible for responding to requests for contact information and instead just identifies generic employee roles and responsibilities. Please supplement.

In response to Request Nos. 104-06 and 108, Defendants only produced Facebook's own requests for contact information. Also, no faxes have been produced despite the fact that until recently Domain ID Shield required all third parties to contact them by fax when requesting domain name holder contact information.[4] Please produce the remaining documents. Moreover, we have provided a list of keywords to use in searching for documents responsive to this request, but it does not appear that any resulting documents *have* been produced. Please provide them promptly.

We note that in response to Request No. 107, the documents produced (labeled as RFPD 149-1, 149-2, and 143-3) contain some responses to requests for contact information, but all such responses are from Defendants' ticketing database, and similarly to what was discussed above and explained by you, these database entries only comprise a portion of the correspondence responsive to this request. Normal email correspondence presumably exists but has not been produced.

---

[4] Defendants cite RFPD 143-3 as a responsive document, but no such document was produced. We presume Defendants meant to refer to RFPD 149-3 in their responses, but please clarify.

# Tucker
# Ellis | LLP

Perry J. Narancic, Esq.
July 1, 2020
Page 9

In response to Request Nos. 109-10, 112, and 114, Defendants state no documents exist, but Defendants have previously produced some documents that appear to be responsive. Please clarify whether there are responsive documents for these requests.

In response to Request Nos. 118-19, Defendants simply produced ICANN privacy policy documents. Please clarify whether Defendants have any other responsive documents.

For Request No. 123, please identify "Anthonny" (anthonny@yahoo.com).

For Request Nos. 127-28, Defendants have produced a spreadsheet that was clearly prepared for this litigation. At the very least, there should also be a whois record, registration agreement, payment document, etc. Please explain why these documents were not produced.

We are confused concerning Defendants' responses to Request Nos. 131-32. These responses refer to the response to Request No. 20, where at least some responsive documents were identified and produced, yet these later responses state that no responsive documents exist. Please clarify.

For Request No. 141, we know from the *Verizon v. OnlineNIC* litigation, where OnlineNIC was found liable for cybersquatting, letters from ICANN to OnlineNIC and other documents exist concerning how OnlineNIC has breached its agreement with ICANN. Plus, a simple Google search reveals a notice of breach from ICANN to OnlineNIC. Defendants' response to this request is therefore suspect. Please explain and produce all responsive documents.

For Request No. 142, we note that Defendants state they have no responsive documents; we further note that, according to OnlineNIC's most recent ICANN registrar accreditation renewal form, when ICANN specifically asked whether OnlineNIC had any privacy or proxy service providers affiliated with it, it answered "None." We suspect ICANN would not therefore have sent any breach notices to Domain ID Shield as a result.

We find it surprising that OnlineNIC asserts it has no documents responsive to Request No. 143. Please be prepared to discuss during our conference of counsel how this could be.

In response to Request No. 150, Defendants only produced trouble ticket documents. Please produce all missing emails, faxes, etc.

Finally, in response to Request No. 151, Defendants only produced an informational piece from ICANN that consists of the manual on cybersquatting. There is nothing to indicate this is Defendants' actual policy, and there is nothing in the production about policies in general. Please confirm whether Defendants have any responsive documents.

As you are aware, Plaintiffs cannot conduct follow-up discovery until each of these issues have been resolved. The parties are facing a fact discovery cutoff on September 4, 2020, so time is of the essence. We therefore request that you provide us some times on July 2, 2020 or



Perry J. Narancic, Esq.
July 1, 2020
Page 10

July 6, 2020, when we can engage in a telephonic conference of counsel in an effort to resolve these disputes.

Finally, given the current state of discovery and difficulties posed by the COVID-19 pandemic, we propose preparing and filing a stipulation to continue the dates in this case. If this is agreeable to you and your clients, let us know, and we will prepare a draft for your review.

Sincerely,

TUCKER ELLIS LLP

David J. Steele

DJS:sel

Exhibit 5

| | |
|---|---|
| **From:** | Perry J. Narancic |
| **To:** | Lauridsen, Steven E. |
| **Cc:** | Steele, David J.; Kroll, Howard A. |
| **Subject:** | Re: Facebook v. OnlineNIC - Stipulation to Extend Case Deadlines (TE No. 015949-007) |
| **Date:** | Wednesday, July 15, 2020 12:59:19 PM |

**<<< EXTERNAL EMAIL >>>**

Steven, thanks for sending this. This is all good, except that I can commit to having supplemented responses and supplemental production on or before July 21. It is already Thursday in China, and I may have to have them re-execute some very large searches depending on how our meet and confer goes. For instance, in our last meet-and-confer - under RFPD 18 - my understanding is that FB is seeking all UDRP complaints for an unlimited period of time - but then a similar request at 149 (which we have not yet discussed) only seeks 5 years. I need to resolve time limitations like these, one way or another, today - so that I can get the clients to execute date range searches. Just to give you a sense, it takes hours and hours for the files I have so far to simply get uploaded into my shared Drive, and then it takes 1-2 days for the discovery company to turn around bates numbers, and then I have to do a final qc. Please be prepared to discuss date range issues today. Thank you.

On Tue, Jul 14, 2020 at 5:04 PM Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com> wrote:

> Hi Perry,
>
>
> I am attaching a draft stipulation to continue all dates in this action. Once we have finalized the language, we will send over a declaration mirroring the language in the stipulation.
>
>
> Best,
>
> Steven
>
>
>
> **Steven E. Lauridsen | Attorney | Tucker Ellis LLP**
>
> 515 South Flower Street, Forty-Second Floor| Los Angeles, CA 90071
>
> Direct: 213-430-3308 | Fax: 213-430-3409
>
> steven.lauridsen@tuckerellis.com
>
> tuckerellis.com

--

**Perry J. Narancic**
LexAnalytica, PC  |  Attorneys at Law
San Francisco | Silicon Valley
Direct:  650-655-2800
www.lexanalytica.com | Bio | LinkedIn

Exhibit 6

**Kessel, Bart**

---

| | |
|---|---|
| **From:** | Perry J. Narancic <pjn@lexanalytica.com> |
| **Sent:** | Monday, July 27, 2020 4:58 PM |
| **To:** | Lauridsen, Steven E. |
| **Cc:** | Steele, David J.; Kroll, Howard A. |
| **Subject:** | Re: Suplemental Responses |

**<<< EXTERNAL EMAIL >>>**

---

Steven, this is the email I got back from the discovery company.  I've asked for further clarification re metadata.

----------------------

For productions produced in PDF format, load files are not necessary and not provided, as they serve to link opt text and certain metadata, which are not provided with PDFs.  The cross-reference should provide everything they need

On Mon, Jul 27, 2020 at 11:09 AM Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com> wrote:

> Hi Perry,
>
>
> I know we discussed the production files being loadable in a standard litigation database, such as Relatively or Concordance. While the data is loadable, there were no specific load files included, such as those that would contain email metadata. Would you please confirm whether these were intended to be included and, if so, whether they were inadvertently omitted?
>
>
>
> Best,
>
> Steven
>
>
> **From:** Perry J. Narancic <pjn@lexanalytica.com>
> **Sent:** Saturday, July 25, 2020 12:00 PM
> **To:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
> **Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
> **Subject:** Re: Suplemental Responses
>
>
> **<<< EXTERNAL EMAIL >>>**

Hot off the presses. I am told that this is the entire, searchable set.  lmk if this is everything.  should be 272,112 pages.

2020.07.23 - PROD001_Confidentiality - Searchable PDFs (106.1 GB)

- Encryption:  REDACTED

On Sat, Jul 25, 2020 at 11:50 AM Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com> wrote:

Thank you. We'll let you know if that doesn't work. We also note that "PROD003 – Non-Searchable" is not on the server, though it is included I the list of downloads. Is this in error? Is it just a duplicate of the searchable version of PROD003 that hasn't been OCR'd?

**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Friday, July 24, 2020 3:50 PM
**To:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** Re: Suplemental Responses

**<<< EXTERNAL EMAIL >>>**

Hi Steven,

try this -

REDACTED

P

On Fri, Jul 24, 2020 at 1:20 PM Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com> wrote:

Hi Perry,

This document did not include a password for PROD004. Would you please send it?

Have a great weekend.

Best,

Steven

**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Thursday, July 23, 2020 11:40 PM
**To:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Subject:** Suplemental Responses

**<<< EXTERNAL EMAIL >>>**

---

David, Howard, Steven,

Attached are OnlineNIC's supplemental responses. Also attached are your access credentials to the document production. I am told that the documents right now are non-searchable, but that they should be converted into searchable documents tomorrow.

If there are deficiencies in these supplemental responses, I would ask that you give me a ring to see if we can quickly iron them out before your client files any motion to compel. We've tried to address many of the issues raised in our meet and confer sessions, but we should chat about any new issues arising from the supplemental responses.

I will shoot out the DIDS responses tomorrow, which will be almost identical.

Thank you,

P

--

**Perry J. Narancic**
LexAnalytica, PC  |  Attorneys at Law
San Francisco | Silicon Valley
Direct:  650-655-2800
www.lexanalytica.com | Bio | LinkedIn

--

**Perry J. Narancic**
LexAnalytica, PC  |  Attorneys at Law
San Francisco | Silicon Valley
Direct:  650-655-2800
www.lexanalytica.com | Bio | LinkedIn

--

**Perry J. Narancic**
LexAnalytica, PC  |  Attorneys at Law
San Francisco | Silicon Valley
Direct:  650-655-2800
www.lexanalytica.com | Bio | LinkedIn

Exhibit 7

**Kessel, Bart**

---

| | |
|---|---|
| **From:** | Lauridsen, Steven E. |
| **Sent:** | Friday, July 31, 2020 3:14 PM |
| **To:** | Perry J. Narancic; Steele, David J. |
| **Cc:** | Kroll, Howard A. |
| **Subject:** | RE: Suplemental Responses |

Hi Perry,

We agree that the production should comply with all aspects required by the ESI order, so please proceed.

Thank you and have a great weekend.

Best,
Steven

**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Friday, July 31, 2020 12:38 PM
**To:** Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** Re: Suplemental Responses

**<<< EXTERNAL EMAIL >>>**

D, I think the only way to do this right, so there is no further misunderstanding from my discovery company, is that we are going to produce everything in the form (including TIFFS and metadata)  required under the ESI order, ECF 34.  I have walked the discovery company through the order, and they tell me they understand the issues. When FB produces its documents, it should also just follow the ESI order.   I have a few docs that I promised you in (like the 2015 tax return) that I am just going to throw into the next production you get, so they are Bates numbered.

I will wait back to hear from you if you have any disagreements with this, before I instruct the discovery company to proceed.

thx.

P

**From:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Sent:** Friday, July 31, 2020 11:46 AM
**To:** Perry J. Narancic <pjn@lexanalytica.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** RE: Suplemental Responses

Thank you, Perry. That would explain some of the confusion. I will let our IT people know these are coming.

**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Friday, July 31, 2020 10:55 AM
**To:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** Re: Suplemental Responses


**<<< EXTERNAL EMAIL >>>**

---

Steven, I followed up on this and it appears that the discovery company did not provide tiff files; they only provided pdf's.  So I have asked them to provide tiffs and will let you know as soon as they are available.


On Tue, Jul 28, 2020 at 12:01 PM Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com> wrote:

Hi Perry,


We are checking as we load it into Relativity. My understanding is items like emails would not have their metadata based on how the documents were provided, but if your teams says we have all we need for that, we'll confirm once everything is fully loaded and processed.


Best,

Steven


**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Tuesday, July 28, 2020 11:07 AM
**To:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** Re: Suplemental Responses


**<<< EXTERNAL EMAIL >>>**

Steven - what's the word?  My discovery people are saying you have everything you need re metadata etc... I don't know much about the technicalities, so let me know if this is resolved.

----------

Hi Perry – yes, this tracks with our PDF deliverable.  We can confirm that no load files are necessary here.  Thanks!

On Mon, Jul 27, 2020 at 4:57 PM Perry J. Narancic <pjn@lexanalytica.com> wrote:

Steven, this is the email I got back from the discovery company.  I've asked for further clarification re metadata.

----------------------

For productions produced in PDF format, load files are not necessary and not provided, as they serve to link opt text and certain metadata, which are not provided with PDFs.  The cross-reference should provide everything they need

On Mon, Jul 27, 2020 at 11:09 AM Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com> wrote:

Hi Perry,

I know we discussed the production files being loadable in a standard litigation database, such as Relatively or Concordance. While the data is loadable, there were no specific load files included, such as those that would contain email metadata. Would you please confirm whether these were intended to be included and, if so, whether they were inadvertently omitted?

Best,

Steven

**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Saturday, July 25, 2020 12:00 PM
**To:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** Re: Suplemental Responses

**<<< EXTERNAL EMAIL >>>**

Hot off the presses. I am told that this is the entire, searchable set.  lmk if this is everything.  should be 272,112 pages.

2020.07.23 - PROD001_Confidentiality - Searchable PDFs (106.1 GB)

- Encryption:  REDACTED

On Sat, Jul 25, 2020 at 11:50 AM Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com> wrote:

Thank you. We'll let you know if that doesn't work. We also note that "PROD003 – Non-Searchable" is not on the server, though it is included I the list of downloads. Is this in error? Is it just a duplicate of the searchable version of PROD003 that hasn't been OCR'd?

**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Friday, July 24, 2020 3:50 PM
**To:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** Re: Suplemental Responses

**<<< EXTERNAL EMAIL >>>**

Hi Steven,

4

try this -

REDACTED

P

On Fri, Jul 24, 2020 at 1:20 PM Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com> wrote:

Hi Perry,

This document did not include a password for PROD004. Would you please send it?

Have a great weekend.

Best,

Steven

**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Thursday, July 23, 2020 11:40 PM
**To:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Subject:** Suplemental Responses

**<<< EXTERNAL EMAIL >>>**

David, Howard, Steven,

Attached are OnlineNIC's supplemental responses. Also attached are your access credentials to the document production. I am told that the documents right now are non-searchable, but that they should be converted into searchable documents tomorrow.

If there are deficiencies in these supplemental responses, I would ask that you give me a ring to see if we can quickly iron them out before your client files any motion to compel. We've tried to address many of the issues raised in our meet and confer sessions, but we should chat about any new issues arising from the supplemental responses.

I will shoot out the DIDS responses tomorrow, which will be almost identical.

Thank you,

P

--

**Perry J. Narancic**
LexAnalytica, PC  |  Attorneys at Law
San Francisco | Silicon Valley
Direct:  650-655-2800
www.lexanalytica.com | Bio | LinkedIn

--

**Perry J. Narancic**
LexAnalytica, PC  |  Attorneys at Law
San Francisco | Silicon Valley
Direct:  650-655-2800
www.lexanalytica.com | Bio | LinkedIn

Exhibit 8

**Kessel, Bart**

---

| | |
|---|---|
| **From:** | Perry J. Narancic <pjn@lexanalytica.com> |
| **Sent:** | Wednesday, August 5, 2020 8:32 AM |
| **To:** | Steele, David J. |
| **Cc:** | Lauridsen, Steven E.; Kroll, Howard A. |
| **Subject:** | Re: Suplemental Responses |

<span style="color:red">**<<< EXTERNAL EMAIL >>>**</span>

---

Gentlemen,

The tiff production should be at:

28,075 records | 272,092 images | 611 natives
BegBates: ONLINENIC 000001
EndBates: ONLINENIC 272123

Encryption: REDACTED

Please let me know if this has everything required.

P

On Fri, Jul 31, 2020 at 12:37 PM Perry J. Narancic <pjn@lexanalytica.com> wrote:

> D, I think the only way to do this right, so there is no further misunderstanding from my discovery
> company, is that we are going to produce everything in the form (including TIFFS and
> metadata)  required under the ESI order, ECF 34.  I have walked the discovery company through
> the order, and they tell me they understand the issues. When FB produces its documents, it
> should also just follow the ESI order.   I have a few docs that I promised you in (like the 2015 tax
> return) that I am just going to throw into the next production you get, so they are Bates numbered.
>
> I will wait back to hear from you if you have any disagreements with this, before I instruct the
> discovery company to proceed.

thx.

P

**Lauridsen, Steven E.**

| | |
|---|---|
| **From:** | Perry J. Narancic <pjn@lexanalytica.com> |
| **Sent:** | Thursday, August 20, 2020 10:05 AM |
| **To:** | Lauridsen, Steven E. |
| **Cc:** | Steele, David J.; Kroll, Howard A. |
| **Subject:** | Re: Suplemental Responses |

**<<< EXTERNAL EMAIL >>>**

Here are bates numbered docs:

This is complete, and loaded to the SFTP: REDACTED .

**PROD005**

- 4 Records | 21 Images | 0 Natives
- BegBates: ONLINENIC 272124
- EndBates: ONLINENIC 272144
- No Confidentiality = All

Password: REDACTED

On Wed, Aug 19, 2020 at 4:07 PM Perry J. Narancic <pjn@lexanalytica.com> wrote:
Sorry, here are the responses with verification. Bates numbered docs on order.

On Wed, Aug 19, 2020 at 3:44 PM Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com> wrote:

Hi Perry,

It does not appear that any written responses or verifications were attached to your last email; we just received four production documents. Would you please send the responses? Also, would you please send versions of these production documents with Bates numbers?

Best,

Steven

1

Exhibit 9

**Kessel, Bart**

| | |
|---|---|
| **From:** | Steele, David J. |
| **Sent:** | Tuesday, December 15, 2020 9:05 PM |
| **To:** | Perry J. Narancic; Kroll, Howard A.; Lauridsen, Steven E. |
| **Subject:** | RE: Support Tickets, and Word Version of FB discovery (TE No. 015949-007) |

Perry,

We've reviewed the database you provided (see your email below) and have a few issues.

When we discussed this on the phone (right after the court's hearing on Nov. 10), I advised you that it appeared from the .pdf files previously produced that not all fields were produced. For example, it appears that the database is connected with the user account of the customer sending/receiving the message in the database. Otherwise OnlineNIC would have no way of knowing what customer it is communicating with. And for this to work correctly, the database must have a column for the customer account (likely the customer id). Because this information was not produced with the .pdf files, I asked to review the database schema showing all the table columns. Further, I asked you to ensure that all of the table columns were produced.

Firstly, you did not provide me the table schema – so we are left to guess what information has not been produced. Please provide that.

Next, the same columns have been produced (and no columns that identify what customer account the ticket is associated with). Please reproduce the entire table (without removing any table columns).

We also discussed with you supplementing your written responses to our first RFPs to identify the specific table (and for some questions the specific column of the table). You were going to 'get back to us on that.' Can you confirm when (an actual specific date) when you will provide us those updated responses.

Lastly, we would like to arrange a call, preferably early next week, to discuss the operational database (the collection of ~157 tables OnlineNIC produced) and how best to present the data in a usable form that works for all parties at depositions and trial. Could you please let us know your availability?

Thank you,

David

**From:** Perry J. Narancic <pjn@lexanalytica.com>
**Sent:** Friday, November 27, 2020 9:20 AM
**To:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Subject:** Re: Support Tickets, and Word Version of FB discovery

**<<< EXTERNAL EMAIL >>>**

host： REDACTED

username：REDACTED

password: REDACTED

port: REDACTED

On Fri, Nov 27, 2020 at 9:19 AM Perry J. Narancic <pjn@lexanalytica.com> wrote:

David, here is the server info for the server tickets.  I know you wanted this in a different format, and I am working on that. In the meantime, this is my second request for Word versions of the last set of FB discovery.  We have shared Word versions in the past, and I would appreciate your cooperation here.

Thanks.

P

--

**Perry J. Narancic**
LexAnalytica, PC  |  Attorneys at Law
San Francisco | Silicon Valley
Direct:  650-655-2800
www.lexanalytica.com | Bio | LinkedIn

--

**Perry J. Narancic**
LexAnalytica, PC  |  Attorneys at Law
San Francisco | Silicon Valley
Direct:  650-655-2800
www.lexanalytica.com | Bio | LinkedIn

# Exhibit 10

**Kessel, Bart**

| | |
|---|---|
| **From:** | Perry J. Narancic <pjn@lexanalytica.com> |
| **Sent:** | Tuesday, December 15, 2020 10:28 PM |
| **To:** | Steele, David J. |
| **Cc:** | Kroll, Howard A.; Lauridsen, Steven E. |
| **Subject:** | De-Designations |

**<<< EXTERNAL EMAIL >>>**

David, there should be overlay files loaded into the server; same coordinates as last time.   Encryption is:  REDACTED

I understand that these overlay files should provide the documents which have been de-designated.  I plan on getting you the de-duped production on Friday, together with any documents to be produced under the Second RFPs.

You should also have the support ticket database. I understand that there may have been some duplicates in the database, so the server has been updated with a de-duped version.

--

**Perry J. Narancic**
LexAnalytica, PC  |  Attorneys at Law
San Francisco | Silicon Valley
Direct:  650-655-2800
www.lexanalytica.com | Bio | LinkedIn