TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:   213.430.3400
Facsimile:   213.430.3409

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

LEXANALYTICA, PC
Perry J. Narancic – SBN 206820
pjn@lexanalytica.com
2225 E. Bayshore Road
Suite 200
Palo Alto, CA 94303
Telephone:   650.655.2800

Attorneys for Defendants,
ONLINENIC, INC. AND DOMAIN ID SHIELD SERVICES CO., LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>       Plaintiffs,<br><br>   v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and DOES 1-20,<br><br>       Defendants. | Case No. 5:19-cv-07071-SVK<br><br>**THIRD STIPULATION AND [PROPOSED] ORDER TO CONTINUE ALL CASE DEADLINES BY APPROXIMATELY THREE MONTHS [CIVIL L.R. 6-2]**<br><br>Hon. Susan van Keulen |

Plaintiffs and Defendants (collectively, the "Parties"), by and through their counsel of record, hereby stipulate to continue all deadlines in this action by approximately three months and hereby request that the Court grant this stipulation and enter an order to that effect. The current and proposed dates are as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Deadline to Complete Private Mediation | March 1, 2021 | No Change |
| Fact Discovery Cut-off | February 2, 2021 | May 4, 2021 |
| Opening of Expert Disclosures | February 19, 2021 | May 21, 2021 |
| Rebuttal Expert Disclosures | March 12, 2021 | June 11, 2021 |
| Close of Expert Discovery | April 6, 2021 | July 6, 2021 |
| Dispositive Motion Filing Deadline | April 20, 2021 | July 20, 2021 |
| Last Day to Hear Dispositive Motions | June 15, 2021 | September 14, 2021 |
| Final Pretrial Conference | August 5, 2021<br>Filing Dates: July 22, 2021<br>July 29, 2021 | November 4, 2021<br>Filing Dates: October 21, 2021<br>October 28, 2021 |
| Trial | August 16, 2021 | November 15, 2021 |

This stipulation is based on the following facts:

**Mediation and Progress on Settlement**

1. On January 8, 2020, the Parties participated in a mediation conducted through JAMS, which was led by former Magistrate Judge (Hon.) Elizabeth Laporte. Judge Laporte and the Parties agree that substantial progress was made during that session. Declaration of David J. Steele ("Steele Decl.") ¶ 2; Declaration of Perry J. Narancic ("Narancic Decl.") ¶ 2.

2. During the mediation, Judge Laporte and the Parties agreed that a settlement, if it were to be reached, would require certain further actions, and that these actions would also require additional time

to complete. Judge Laporte and the Parties also agreed that a temporarily suspension of work on the case in order to contain legal fees, and a continuance by the Court, would better facilitate settlement. Steele Decl. ¶ 3; Narancic Decl. ¶¶ 3-4.

3. Judge Laporte has agreed to discuss the procedural aspects of the mediation with the Court should the Court have any questions. The Parties have no objection to such communication. Steele Decl. ¶ 4.

**Outstanding Discovery Disputes.**

4. In addition to settlement discussions, the Parties agree that a continuance would be appropriate in order allow time for substantial discovery disputes to be resolved. The Parties also agree that the resolution of their respective discovery disputes will materially aid in negotiating a possible future settlement, should the immediate settlement efforts fail. To date, the Parties have attempted to avoid motion practice so as not to burden the Court. A short summary of the main discovery disputes is set forth below.

5. Plaintiffs served their first sets of requests for production of documents and things on each Defendant and provided a set of ESI search terms to enable Defendants to more efficiently search for documents. *Id.* ¶ 5. Defendants served their first sets of interrogatories and requests for production on Plaintiffs. The Parties have each responded to this discovery and have been making a rolling document production. *Id.* ¶ 9.

6. Defendants requested several extensions of time to respond to the written discovery and to complete their document productions, and in most cases Plaintiffs agreed to such extensions. These requests were based on Defendants' counsel's representations concerning issues in collecting and producing the information due to the COVID-19 pandemic and due to communications issues with Defendants' counsel having to coordinate with Defendants' principals in China. *Id.* ¶ 7.

7. After Defendants completed their initial rolling document production, the Parties extensively met and conferred concerning a number of open issues with Defendants' production. Defendants have since served supplemental responses. Plaintiffs, however, assert that a number of disputes remain concerning Defendants' production—including with respect to confidentiality designations, deletion of documents from Defendants' production, and the overall completeness of the

production—and the Parties met and conferred in an effort to work through their positions. *Id.* ¶ 8.

8. In November, Plaintiffs have also served additional requests for admission, interrogatories, and additional requests for production on Defendants. Plaintiffs contend that Defendants' responses, which were received on December 18, 2020, are deficient, so the Parties have also meet and conferred on Plaintiffs' forthcoming motions to compel, which will be filed should the Parties' settlement efforts fail. *Id.*¶ 10.

9. Further, on November 10, 2020 and in response to one of the Parties' discovery disputes concerning Defendants' document production, the Court issued an order requiring Defendants to de-duplicate their existing document production and to de-designate certain confidentiality designations, with a report concerning Defendants' compliance with the order being due on December 15, 2020. Dkt. No. 54. On December 15, 2020, Defendants filed a report stating they had complied with the Court's. Dkt. No. 55; Steele Decl., ¶ 11. Plaintiffs allege that Defendants' report is deficient. *Id.; See also* Response re Status Report (Doc. 58) (highlighting problems with Defendants' production of documents and Defendants' lack of compliance with the Court's November 10, 2020 Order.).

10. While Defendants have reproduced portions of their document productions and databases, Plaintiffs allege that Defendants have produced partial records with defective metadata, have removed documents previously produced, and have produced incomplete information. Further, Plaintiffs contend that Defendants have continued to withhold certain documents from their productions. Steele Decl., ¶ 8.

11. Defendants allege that Plaintiff's discovery responses are also deficient, and have detailed those in meet-and-confer letters.

12. Plaintiffs anticipate taking Defendants' depositions once Defendants have completed their document production and have properly responded to all current outstanding discovery, as well as after Plaintiffs have acquired the necessary documents from ICANN. Defendants similarly expect to take Plaintiffs' depositions once Plaintiff's responses are complete. However, due to the issues discussed above, the Parties have been unable to confirm dates for these depositions. *Id.* ¶ 14.

13. Unfortunately, due to the numerous outstanding discovery issues, Plaintiffs do not anticipate being in the position to take Defendants' depositions before the close of fact discovery. Taking depositions with incomplete document discovery would likely result in further motion practice with the

Court to compel additional deposition time once additional documents are produced. Moreover, given the number of outstanding discovery issues as well as the rate at which Defendants have responded to discovery and have supplemented their deficient responses and productions in the past, Plaintiffs anticipate requiring several additional months to complete fact discovery. *Id.* ¶ 15. Likewise, Defendants do not believe that Plaintiffs will be able to timely produce required documents. For instance, Plaintiffs have yet to produce documents concerning their efforts to police their marks and have agreed to meet and confer regarding the scope of the production.

14. In addition to taking party discovery, on November 23, 2020, Plaintiffs served a subpoena for documents and a deposition on the Internet Corporation for the Assignment of Names and Numbers ("ICANN") seeking documents Defendants' ICANN-compliance documents not present in Defendants' document production. The compliance date for this subpoena was January 6, 2021. In response to the subpoena, ICANN stated it would not produce any documents until the Court has granted a motion to compel production from Defendants and until Defendants have certified to the Court that they do not have these documents. Plaintiffs anticipate filing a motion to compel both Defendants and ICANN should the Parties' settlement efforts fail. *Id.*¶ 13.

15. In view of the above information, the Parties seek an extension of all deadlines by approximately three months in order to better facilitate settlement and to allow for the orderly completion of fact discovery, should those settlement efforts fail.

16. Not including the previous stipulation to extend and align the deadlines for Defendants to respond to the Complaint pursuant to Civil Local Rule 6-1 (ECF. No. 19), this is the fourth request for an extension of a deadline in this action. The first request was to continue the deadline to amend the pleadings from May 27, 2020 to July 1, 2020, which the Court granted (ECF No. 39), the second request was to continue all deadlines by approximately three months, which the Court also granted (ECF No. 43), and the third request was to continue all deadlines by an additional three months, which the Court partially granted (ECF No. 46). *Id.* ¶ 16.

17. The proposed schedule modification will extend the overall schedule in this case by approximately three months. *Id.* ¶ 17.

NOW THEREFORE, based on the foregoing facts, the Parties respectfully request that the Court grant this stipulation and enter an order continuing the deadlines in this action by approximately three months.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: January 11, 2021                            Tucker Ellis LLP


By: /s/David J. Steele
    David J. Steele
    Howard A. Kroll
    Steven E. Lauridsen

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

DATED: January 11, 2021                            LexAnalytica, PC


By: /s/Perry J. Narancic
    Perry J. Narancic

Attorneys for Defendants,
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICES CO., LIMITED

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that all other signatories listed and on whose behalf this filing is made concur in the filing of this document and have granted permission to use an electronic signature.

                                                              /s/David J. Steele

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____                            _____
                                                                                  Susan van Keulen
                                                                                  United States Magistrate Judge

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis