TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:       213.430.3409

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>             Plaintiffs,<br><br>    v.<br><br>ONLINENIC, INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and DOES 1-20,<br><br>             Defendants. | Case No. 5:19-cv-07071-SVK<br><br>**DECLARATION OF DAVID J. STEELE IN SUPPORT OF STIPULATION TO CONTINUE ALL CASE DEADLINES [CIVIL L.R. 6-2]**<br><br>Hon. Susan van Keulen |

I, David J. Steele, declare as follows:

1. I am a partner at Tucker Ellis LLP, attorneys of record for Plaintiffs in this action. I make this declaration based on my personal knowledge and, if called as a witness, would testify competently to each of the following facts.

2. On January 8, 2020, the Parties participated in a mediation conducted through JAMS, which was led by former Magistrate Judge (Hon.) Elizabeth Laporte. Judge Laporte and the Parties agree that substantial progress was made during that session.

3. During the mediation, Judge Laporte and the Parties agreed that a settlement, if it were to be reached, would require certain further actions, and that these actions would also require additional time to complete. Judge Laporte and the Parties also agreed that a temporarily suspension of work on the case in order to contain legal fees, and a continuance by the Court, would better facilitate settlement.

4. Judge Laporte has agreed to discuss the procedural aspects of the mediation with the Court should the Court have any questions. The Parties have no objection to such communication.

5. Following the Case Management Conference in this action, I caused to be served Plaintiffs' first sets of requests for production of documents and things on each Defendant, and I provided a set of ESI search terms to enable Defendants to more efficiently search for documents.

6. The parties originally worked cooperatively with respect to Defendants responding to this discovery and producing documents. Defendants have made several rolling productions in response to Plaintiffs' discovery.

7. Defendants requested several extensions of time to respond to the written discovery and to complete their document productions. These requests were based on Defense counsel's representations concerning issues in collecting and producing the information due to the COVID-19 pandemic and due to communications issues with Defendants' counsel having to coordinate with Defendants' principals in China.

8. After Defendants completed their initial rolling document production, the parties extensively met and conferred concerning a number of open issues with Defendants' production. Defendants have since served supplemental responses and have taken the position that they have completed their production. Plaintiffs, however, assert that a number of disputes remain concerning

Defendants' production—including with respect to confidentiality designations, deletion of documents from Defendants' production, and the overall completeness of the production—and the parties are meeting and conferring in an effort to work through their positions.

9. Defendants have served their first sets of interrogatories and requests for production on Plaintiffs. Plaintiffs have responded to this discovery and have been making a rolling document production.

10. In November, Plaintiffs have also served follow-up written discovery on Defendants in the form of requests for admission, interrogatories, and additional requests for production. Plaintiffs contend that Defendants' responses, which were received on December 18, 2020, are deficient, so the parties have also meet and conferred on Plaintiffs' forthcoming motions to compel, which will be filed as soon as the parties' joint letters are finalized per this Court's procedures.

11. On November 10, 2020 and in response to one of the parties' discovery disputes concerning Defendants' document production, the Court issued an order requiring Defendants to de-duplicate their existing document production and to de-designate certain confidentiality designations, with a report concerning Defendants' compliance with the order being due on December 15, 2020. Dkt. No. 54. On December 15, 2020, Defendants filed a report stating they had partially complied with the Court's order but had not fully done so. Dkt. No. 55.

12. In fact, while Defendants have reproduced portions of their document productions and databases, Defendants have only produced partial records with defective metadata and incomplete information. And while certain critical information was missing in certain instances, in others, Defendants reproduced their support ticket database with 77,168 support tickets, which is over twice the number of support tickets in Defendants' original production. Further, Plaintiffs contend that Defendants have still withheld certain documents from their productions, which are the subject to an additional forthcoming motion to compel. *See* Response re Status Report (Doc. 58) (highlighting problems with Defendants' production of documents and Defendants' lack of compliance with the Court's November 10, 2020 Order.)

13. In addition to taking party discovery, on November 23, 2020, Plaintiffs served a subpoena for documents and a deposition on the Internet Corporation for the Assignment of Names and Numbers ("ICANN") seeking documents Defendants' ICANN-compliance documents not present in Defendants'

document production. The compliance date for this subpoena is January 6, 2021. In response to the subpoena, ICANN stated it would not produce any documents until the Court has granted a motion to compel production from Defendants and until Defendants have certified to the Court that they do not have these documents. The parties have met and conferred on this issue, and Plaintiffs are preparing their motion to compel.

14. Plaintiffs anticipate taking Defendants' depositions once Defendants have completed their document production and have properly responded to all current outstanding discovery, as well as after Plaintiffs have acquired the necessary documents from ICANN. Defendants similarly expect to take Plaintiffs' depositions once their document production is complete. However, due to the issues discussed above, the Parties have been unable to confirm dates for these depositions.

15. Unfortunately, due to the numerous outstanding discovery issues, Plaintiffs do not anticipate being in the position to take Defendants' depositions before the close of fact discovery. Moreover, given the number of outstanding discovery issues as well as the rate at which Defendants have responded to discovery and have supplemented their deficient responses and productions in the past, Plaintiffs anticipate requiring several additional months to complete fact discovery. Therefore, the parties seek an extension of all deadlines by approximately three months.

16. Not including the previous stipulation to extend and align the deadlines for Defendants to respond to the Complaint pursuant to Civil Local Rule 6-1 (ECF. No. 19), this is the fourth request for an extension of a deadline in this action. The first request was to continue the deadline to amend the pleadings from May 27, 2020 to July 1, 2020, which the Court granted (ECF No. 39), the second request was to continue all deadlines by approximately three months, which the Court also granted (ECF No. 43), and the third request was to continue all deadlines by an additional three months, which the Court partially granted (ECF No. 46).

17. The proposed schedule modification will extend the overall schedule in this case by approximately three months.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on January 11, 2021 in Fullerton, California.

/s/David J. Steele