**Tucker Ellis** LLP

515 South Flower Street, Forty Second Floor | Los Angeles, CA 90071-2223 | TEL 213.430.3400 | FAX 213.430.3409

Direct Dial 213.430.3360 | david.steele@tuckerellis.com

<u>Via CM/ECF</u>

February 12, 2021

Magistrate Judge Susan van Keulen
U.S. District Court
Northern District of California
280 South 1st Street
San Jose, CA 95113

Re: *Facebook Inc. et al. v. OnlineNIC Inc., et al.*
  *No. 5:19-cv-07071-SKV*
  *Joint Discovery Letter Brief – Request for Special Discovery Master*

SUPPLEMENTAL STATEMENT OF PLAINTIFFS FACEBOOK, INC.
AND INSTAGRAM LLC

Dear Magistrate Judge van Keulen:

This statement is provided to supplement Facebook and Instagram's Joint Discovery Letter Brief – Request for Special Discovery Master (Dkt.61). The information contained in this supplement is based upon facts that arose after Facebook provided Defendants with its portion of the Joint Discovery Letter Brief on Wednesday February 3, 2021.

In Footnote No.1 of the Joint Discovery Letter Brief, Facebook stated that Defendants had not yet provided the "corrected" copy of the Support Ticket Database to Facebook.[1] However, on Friday February 5, 2021 at 2:00 p.m., and two days after receiving Facebook's portion of the Joint Discovery Letter Brief, Defendants provided Facebook with the proper credentials to download the database files it promised weeks before. Defendants' counsel February 5, 2021 letter reads, in pertinent part:

> The First Production was generated based on two types of searches: (a) a "Keyword Search" based on keywords provided by Plaintiffs, going back to 2015, and (b) an "Identification Search" based on customer name, customer number and email addresses, going back to the start of the database in 2009 or 2010.
>
> There was a mysql database version of the ticket system provided, which is referenced on page 5 of ECF 56 (the "Second Production"). That production,

---

[1] The Support Ticket Database contains highly relevant evidence in this case including items such as notices that Defendants received regarding cybersquatting, infringement and other abusive uses of domain names like phishing and malware. Additionally, the Support Ticket Database contains evidence of correspondence between Defendants and its customers to whom it licensed use of the Infringing Domain Names at issue in this action.

Tucker Ellis LLP

Magistrate Judge Susan van Keulen
February 12, 2021
Page 2

apparently, was not complete because it was taken from a partial backup. Defendants' third production was taken from OnlineNIC's production system and is referenced on page 6 of ECF 56. ("Third Production"). The Third Production did not include the "Identification Search" – obviously this was inadvertent because the same search had already been provided. The Third Production has been updated and should now be complete.

While Defendants' latest version of the Support Ticket Database[2] includes some of the support tickets that were missing from the prior production, it is still deficient. First, not all of the support tickets identified by Facebook in its Response to Defendants' Status Report and Supporting Declaration of Perry J. Narancic ("Status Report Response") have been included.[3] Second, Defendants still have not produced any of the 11,141 attachments referenced in the database records. However, the most troubling revelation is that ***Defendants appear to have once again removed responsive data*** from their most recent production.

As shown in the table below, there are thirteen database tables in which the total record count went down in the Defendants' latest production.

| Table Name | 5-Feb-2021 Production | 15-Dec-2020 Production |
|---|---|---|
| swticketwords | 529,528 | 572,802 |
| swcommentdata | 163,351 | 163,502 |
| swticketnotes | 128,770 | 128,869 |
| swticketrecipients | 11,246 | 12,179 |
| swuseremails | 4,184 | 6,838 |
| swticketemails | 1,413 | 1,999 |
| swchathits | 434 | 786 |
| swruleactions | 31 | 35 |
| swnewssubscribers | 13 | 14 |
| swcomments | 5 | 9 |
| swticketlabels | 4 | 5 |
| swsessions | 0 | 551 |
| swticketlocks | 0 | 82 |

By way of example, there were 529,528 ticket words in Defendants' most recent production of database files. However, in their December 15, 2020 production, the database files

---

[2] It is worth pointing out that this is Defendants forth attempt at production, and its third attempt after being ordered by the Court to de-duplicate its production.

[3] Facebook's Status Report Response was filed with this Court on January 5, 2021 as Docket No. 56, along with the supporting declaration of David J. Steele (Dkt. 57).

Tucker
Ellis | LLP

Magistrate Judge Susan van Keulen
February 12, 2021
Page 3

contained 572,802 ticket words. In other words, Defendants removed 43,274 records from the swticketwords table from their February 4, 2021 production.

Defendants' actions are significant for more than just the fact that they have yet again removed responsive data from a document production. In its Status Report Response, Facebook disclosed to the Court and Defendants that it discovered the 171 missing support tickets by cross-referencing the entries in the *swticketword* and *swticketpostindex* index tables. *See*, Status Report Response, p.6, ln.25 – p.7 ln.2. Now, Defendants have removed records from *swticketword* index table.

In addition to the delay caused by Defendants' conduct, with each production by Defendants, Plaintiffs are required to analyze the produced data to find (if they can) what Defendants have hidden. And Plaintiffs' efforts are both time consuming and costly.

At this point it should be clear to even a casual observer that Defendants cannot be trusted to play by the rules. It should also be clear that, after its fourth production attempt, that these actions inadvertent. Accordingly, the appointment of a special discovery master is appropriate.

        TUCKER ELLIS LLP

        By: /s/David J. Steele
        David J. Steele
        Attorneys for Plaintiffs
        FACEBOOK, INC. and INSTAGRAM, LLC

4296138.2