

2225 E. BAYSHORE ROAD, SUITE 200
PALO ALTO, CA  94303
WWW.LEXANALYTICA.COM
T://          650.655.2800
E://   PJN@LEXANALYTICA.COM

February 16, 2021

Magistrate Judge Susan van Keulen
U.S. District Court
Northern District of California
280 South 1st Street
San Jose, CA  95113

Re:  Facebook, Inc. v. OnlineNIC, Inc.
Case No. 19-cv-7071-SVK
Facebook, Inc.'s Letter Brief Re: Request for Special Discovery Master

Dear Judge van Kuelen:

    Plaintiff Facebook, Inc. filed a "Supplemental Brief" to Dkt. No. 61 at 2:22 PM on Friday February 12th, 2021 (Dkt. No. 64). As an initial matter, Facebook did not meet and confer with Defendants' counsel prior to filing the Supplemental Brief. [1] Moreover, it curiously seems to have been filed on Chinese New Year, precisely when Facebook knew that OnlineNIC's staff was observing the most significant holiday in the Chinese calendar. Accordingly, this response to the Supplemental Brief is being written at 5 am, only hours before a scheduled hearing, because this was the first opportunity since Friday afternoon that Defendants' counsel has had to connect with OnlineNIC's technical staff concerning the subject matter of the Supplemental Brief.

    To be direct, Defendants agree to the appointment of a special master, provided that the costs are equally split – and subject to fee-shifting after the special master issues a report as set forth in the accompanying proposed order.  This proposal is appropriate for the reasons set forth below.

    Like Facebook's allegations at Dkt. No. 61 that it did not have a searchable ticket system in August 2020, the Supplemental Brief also may contain inaccurate claims. Given the lateness of the hour and time differences with China, Defendants' counsel has not had a chance to independently investigate Facebook's allegations or the data supplied below, but it appears – contrary to Facebook's allegation – that OnlineNIC did provide, for instance, the file attachments

---

[1] As noted in the screen shots at Dkt. No. 61, Facebook also failed to meet-and-confer on its first effort to appoint a special master at Dkt No. 55.



in question.  On  Friday, February 5, 2021, Defendants' counsel provided download instructions to opposing counsel for the support ticket database - including directions to the file attachments:

> Table swusers: userpassword and userpasswordtxt
> Table swuserverifyhash: userverifyhashid.
>
> The file attachments are at /home/files/files.zip

OnlineNIC states that the referenced files were at the correct location, as shown below:

```
:[/home/files]ls -l
total 1725660
-rwxrwxrwx 1 root root 1767069773 Feb  4 17:10 files.zip
:[/home/files]pwd
/home/files
root@li231-136.members.linode.com:[/home/files]
```

OnlineNIC further states that the below image reflects a sample of the file attachments that were loaded into the referenced location.

| ticketmaskid | storefilename | attachme... | ticketid | ticketpostid | downloadite... | filename | filesize | filetype | dateline |
|---|---|---|---|---|---|---|---|---|---|
| OVL-814019 | attach_ee972387ad3eb3503161d6199c24d85a | 398362 | 1593768 | 2292827 | 0 | WhatsApp Image | 311919 | image/jpeg | 1549424243 |
| YWK-122278 | attach_9fb4d37f9fa9c974d4cdb0aa105b618b | 369876 | 1504742 | 2041890 | 0 | Inscripcion obra p | 823073 | image/jpeg | 1422357939 |
| HAP-365845 | attach_98621249a3b656a3c3a6e7b552623814 | 398349 | 1594076 | 2292761 | 0 | COB.JPG | 252495 | image/jpeg | 1549378870 |
| TLV-729277 | attach_8d35111401ca08046a51e163122d8dab | 370790 | 1444954 | 2049294 | 0 | 2015-03-06 10-24 | 301396 | image/jpeg | 1425719521 |
| VSX-757612 | attach_46592a94fb02e0a9e99ee1ac11b24ea5 | 372955 | 1513972 | 2068335 | 0 | yorhost.jpg | 324659 | image/jpeg | 1434971886 |
| OVL-814019 | attach_3bcb00ab8147e7bb93b75d05449bc729 | 398363 | 1593768 | 2292827 | 0 | WhatsApp Image | 262600 | image/jpeg | 1549424243 |
| HAP-365845 | attach_31b185d0b07956ff4008fc3e2fef4465 | 398350 | 1594076 | 2292761 | 0 | Macq.JPG | 149839 | image/jpeg | 1549378870 |
| HAP-365845 | attach_2c860b7ff07c608713f5fb0ca7eaefe7 | 398361 | 1594076 | 2292823 | 0 | Macq.JPG | 149839 | image/jpeg | 1549418445 |
| HAP-365845 | attach_2b775430b0a3693ec528b4c673f240d8 | 398360 | 1594076 | 2292823 | 0 | COB.JPG | 252495 | image/jpeg | 1549418445 |
| OXZ-952776 | attach_27068c423c81dc310b154cd54ef8d60c | 398333 | 1594014 | 2292573 | 0 | ff vs turnin.JPG | 89319 | image/jpeg | 1549255905 |

To get to the bottom of the dispute, and to prevent Facebook from filing yet more motions without meeting and conferring with Defendants' counsel, it is appropriate for the court to appoint a special master solely for the purpose of addressing any production issues with the support ticket database – which is the only database issue identified by Facebook at Dkt. No. 61.

However, it is not appropriate at this stage to shift the very expensive burden of having a special master on to OnlineNIC alone, particularly given Facebook's conduct - which is concerning.  Having failed to meet and confer on at least two occasions prior to making filings, Facebook has also violated (no doubt mistakenly) ECF filing rules by filing unredacted confidential documents containing OnlineNIC's customer information. For instance, prior to Facebook filing its motion at Dkt. No.  61, Defendants' counsel provided Defendants' portion of the joint letter on the express condition that it must be redacted as shown in the pdf file that was



provided by Defendants' counsel. However, instead of filing that redacted pdf, Facebook filed its own pdf – but without the redaction:



      Facebook's filing error was corrected after a frenzy, but not without some wrecked nerves. All the foregoing goes to show that while mistakes do happen, OnlineNIC is not the only one making them. Accordingly, Defendants respectfully request that a special master be appointed to address only the support ticket database discussed at Dkt. No. 61, and that the special master issue a report to the parties confirming whether any material data has been intentionally deleted. Based on such a report, either party should be able to move for cost-shifting.

                                                  Respectfully submitted,

                                                  LEXANALYTICA, P.C.

                                                  By: Perry J. Narancic