TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiffs
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC, INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and DOES 1-20,<br><br>Defendants. | Case No. 5:19-cv-07071-SVK<br><br>**DECLARATION OF DAVID J. STEELE IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND A FIRST AMENDED COMPLAINT**<br><br>Date:      April 6, 2021<br>Time:     10:00 a.m.<br>Court:    Courtroom 6, 4th Floor<br>Judge:   Hon. Susan van Keulen |

TUCKER ELLIS LLP
Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

I, David J. Steele, declare as follows:

1.     I am a partner at Tucker Ellis LLP, attorneys of record for Plaintiffs in this action. I make this declaration based on my personal knowledge and, if called as a witness, would testify competently to each of the following facts.

2.     When Facebook filed this action in October 2019, it was unaware that 35.CN was involved in Defendants' cybersquatting enterprise or the precise relationship between 35.CN and Defendants.

3.     On March 20, 2020 Facebook served a first set of requests for production of documents and things on each defendant that requested documents about OnlineNIC's officers, directors, shareholders, parents and subsidiaries.   Due to a variety of factors, including the outbreak of the COVID-19 pandemic, Facebook gave counsel for Defendants and his clients numerous extensions to provide written responses to these requests and produce responsive documents. Defendants eventually served their written responses and completed their initial production on June 9, 2020, which was twenty-nine days after all extensions had expired.

4.     However, both Defendants' written responses and document production were inadequate. To compel compliance, Facebook engaged in a series of discovery conferences with Defendants' counsel that ultimately concluded on July 15, 2020. The net result of these discussions was that Defendants agreed to make a supplemental production of documents on or before July 21, 2020.

5.     Rather than producing responsive documents as required by Rule 34, Defendants used extension requests, late responses, specious objections and the discovery dispute meet and confer process to delay production of responsive documents.

6.     Defendants breached their promise to produce responsive documents on July 21, 2020. It took Defendants until August 20, 2020, six months after the initial document requests, to complete their first supplemental production in a somewhat usable format.

7.     Defendants' supplemental production contained 271,145 images and 4.1 Gigabytes of database files. Among the documents that were produced was a series of purported outsourcing agreements between OnlineNIC and 35.CN providing for monthly transfers of OnlineNIC's assets to 35.CN. This was when Facebook first became aware that 35.CN was involved in Defendants' cybersquatting enterprise and learned about the relationship between 35.CN and Defendants.

DECLARATION OF DAVID J. STEELE
CASE NO. 5:19-CV-07071-SVK

8.    In an attempt to develop additional facts regarding 35.CN, Facebook served a first set of requests for admission on both Defendants on September 10, 2020. There were twelve requests in each set that were directed at the relationship between 35.CN and the Defendants. Defendants, after being given an extension of time, responded to these requests on October 16, 2020 with spurious objections and refused to respond to many of these requests. For example, Defendants objected to the use of terms such as "day-to-day," "owns," "holder," "proxy service," and "maintains," claiming that these words were ambiguous, and then refused to either admit or deny the request.

9.    As a result of a discovery meet and confer with Defendants, Defendants agreed to withdraw their objections and provide amended responses.  Counsel did not commit to a date certain, but told us that he would not be able to provide us with amended responses until Wednesday January 6, 2021, at the earliest.

10.    Defendants, however, did not serve their amended responses until Friday January 29, 2021. And it was in these responses that each of the Defendants admitted, for the first time, that their businesses were operated by 35.CN.

11.    On November 13, 2020 Facebook served a first set of interrogatories on both Defendants. Like the requests for admission discussed above, several of the interrogatories were directed at the relationship between 35.CN and the Defendants. Steele Decl. ¶11. On December 18, 2020, Defendants responded to Facebook's interrogatories with equally frivolous objections. *Id.* For example, rather than provide substantive responses to Facebook's interrogatories regarding the relationship between 35.CN and Defendants, Defendants banked on several additional specious objections, claiming that the term "alter ego" was ambiguous, as were terms central to their domain name registration business ("proxy service," "Registrant," and "Registration"). *Id*

12.    Facebook also discussed the sufficiency of Defendants' interrogatory responses during the December 30, 2020 discovery conference described above. And like the requests for admission, counsel agreed to withdraw the objections and provide amended answers on or after January 6, 2021.

13.    In an attempt to encourage compliance, Facebook sent defense counsel Plaintiffs' portion of a Joint Discovery Motion regarding Defendants interrogatory responses on Monday January 25, 2021, and requested he provide us with Defendants portion by Monday February 1, 2021.

DECLARATION OF DAVID J. STEELE
CASE NO. 5:19-CV-07071-SVK

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

14.     On February 1, 2021 Facebook received Defendants portion of the Joint Discovery Motion, along with Defendants' amended interrogatory responses, which were verified by 35.CN employee Carrie Yu.

15.     Defendants' amended interrogatory responses contained critical disclosures regarding Plaintiffs' alter ego claim against 35.CN including that: (i) Shaohui Gong, the majority and controlling shareholder of 35.CN, is the incorporator, founding president and shareholder of OnlineNIC; (ii) Carrie Yu, the lone director of OnlineNIC, is an employee of 35.CN; (iii) all of the individuals who run the operations of ID Shield are employees of 35.CN; (iv) all but one of the individuals who run the operations of OnlineNIC are employees of 35.CN; and (v) 35.CN, OnlineNIC and ID Shield share office space. Defendants' amended interrogatory responses also disclose that Carrie Yu is the current shareholder of ID Shield, and that she holds these shares beneficially for OnlineNIC.

16.     In addition, in examining OnlineNIC's domain name registration database files (these files were extracted from the system used to operate OnlineNIC's registrar business), it appears that the same database is also used by 35.CN to operate its registrar business.

17.     These facts, along with the admissions discussed above and additional information learned during our investigation in the anticipation of litigation, provided the factual support that is required by Rule 11 for the allegations against 35.CN in the proposed amended complaint.

18.     On Saturday January 30, 2020 I participated in a discovery conference with counsel for Defendants. During that call, I told counsel that Facebook has evidence to allege that defendants OnlineNIC and ID Shield were alter egos of 35.CN. I asked him if Defendants would stipulate that Facebook could amend its complaint and add 35.CN as an additional defendant. He told me that Defendants would not agree to that amendment and would oppose any motion for leave to amend filed by Facebook.

19.     No depositions have occurred in this matter and no summary judgment motions have been filed.

20.     In the interests of judicial economy, I have not attached copies of these documents to this declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

1    is true and correct.

2        Executed on February 25, 2021.

3                                                    /s/David J. Steele

DECLARATION OF DAVID J. STEELE
CASE NO. 5:19-CV-07071-SVK

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis