# Exhibit A

Pursuant to Rule 53 of the Federal Rules of Civil Procedure, and for good cause shown, **IT IS ORDERED** that a Special Discovery Master shall be appointed in this case to supervise and complete, with all reasonable diligence, Defendants' collection, search~~ing~~, and production to Plaintiffs' counsel of Defendants' support ticket database[1], as set forth further below. Pursuant to agreement of the parties, the Court appoints Thomas P. Howe, Esq. of the Howe Law Firm, as the Special Master for this purpose.

**IT IS FURTHER ORDERED** that Defendants shall, within seven calendar days <ins>of the date of this Order</ins> provide the Special Master unencumbered access to their <ins>entire</ins> Support Ticket Database, ~~to~~ any backup copies of the Support Ticket Database, and ~~to~~ any third-party vendor hosting or storing the Support Ticket Database or any backup copies for Defendants. The Special Master shall copy the Support Ticket Database and appropriate backup copies that the Special Master deems appropriate, for use and inspection by the Special Master. <ins>Defendants shall also provide the Special Master all passwords, encryption keys, database owner logins, licenses, credentials, and database connection strings to transfer or access the database files and login to the Support Ticket Database and backups.</ins>

<ins>Within seven calendar days of the date of this Order, Plaintiffs shall provide the Special Master the Requests for Productions, protocols, or agreements relating to the Support Ticket Database discovery.</ins>

The Special Master shall develop a search strategy which will take into account Defendants' previous productions and search strategies to overcome any difficulties with Defendants' prior production efforts. The Special Master shall conduct a search of the Support Ticket Database <ins>and backups</ins> based on search terms mutually agreed to by the Parties. The Special Master shall also determine, if able, whether data was destroyed or withheld from the Support Ticket Database. If the Special Master determines it is necessary to review and analyze Defendants' previous productions to determine whether data was destroyed or withheld from Defendants' previous productions, Defendants or Plaintiffs shall provide those previous <ins>original</ins> productions to the Master.

---

[1] As used in this order, "support ticket database" refers to the database referenced by that name in ECF Nos. 47-50 and 52-54 ("Support Ticket Database"). The support ticket database is ESI as defined in the ESI Order (ECF No. 34).

The Special Master shall consult with Plaintiffs and Defendants when developing the Special Master's search~~ing~~ strategy. Thereafter, the Special Master shall search the Support Ticket Database and any backup copies deemed appropriate by the Special Master~~,~~ and produce <u>to the Parties simultaneously</u> the result set~~,~~ in native database form<u>,</u> ~~and~~ including all related database tables, derived from the agreed searches ("Result Set") ~~to the Parties~~. The Special Master shall not publically file the Result Set and shall fully comply with the Protective Order in this case (ECF No. 35).

**IT IS FURTHER ORDERED** that the Special Master shall have the authority to communicate <u>ex-parte</u> with third-parties, including Defendants' hosting company, and to examine any evidence, declarations, and testimony as needed to complete his analysis and produce the Result Set. <u>The Special Master shall also have the authority to communicate with the vendor of the Support Ticket Database and application.</u> The Special Master may also communicate ex parte with the Court. The Special Master may communicate with counsel for the parties provided all counsel are provided the reasonable opportunity to participate. Should any counsel not participate, the Special Master may communicate ex parte with remaining counsel.

**IT IS FURTHER ORDERED** that the Special Master shall preserve any evidence gathered, including all versions of the <u>S</u>~~s~~upport <u>T</u>~~t~~icket <u>D</u>~~d~~atabase or backups, and shall keep a record of the Special Master's activities.

**IT IS FURTHER ORDERED** that the Special Master shall, with the parties' input, file an initial report with the Court within ~~fourteen~~ <u>twenty-one</u> calendar days <u>of the date of this Order</u>, detailing the Special Master's initial efforts and a timeline for completion.

The Special Master shall also file status reports with the Court upon the successful collection and production of the Result Set. The Special Master shall also report, if able, on whether data was destroyed or withheld from Defendants' previous productions. If the Result Set has not been produced to the Parties within ~~twenty-one~~ <u>thirty</u> days of the appointment of the Special Master, the Special Master shall file a status report with the Court explaining the Special Master's progress, intended completion date, and any

impediments posed, whether they be technical in nature or caused by one or more of the parties. Upon the close of fact discovery and after the final disposition of any motions to compel fact discovery, the Special Master's duties will have been completed unless the Court has otherwise issued an order expanding the Special Master's duties or directing the Special Master to continue his or her work concerning the S~~s~~upport T~~t~~icket D~~d~~atabase.

**IT IS FURTHER ORDERED** that the basis, terms, and procedure for fixing the Special Master's compensation under Rule 53(g) are~~is~~ as follows: as an interim allocation under Rule 53(g)(3), the parties will divide the costs and fees of the Special Master such that Plaintiffs pay half and Defendants pay the remaining half. The parties bear the responsibility to determine the Special Master's costs and fees prior to selecting the Special Master, and the parties will be required to provide the Special Master an initial deposit of funds that the Special Master estimates will be required to complete the duties set forth in this order. The Parties shall promptly retain the services of the Master (including any payment terms and advanced payment issues).

**IT IS FURTHER ORDERED** that the Special Master shall promptly file an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455. If no such ground is disclosed, the Special Master shall be deemed appointed upon the filing of the affidavit. If a ground for disqualification is disclosed, the parties may, with the Court's approval, waive the disqualification, in which case the Special Master shall be deemed appointed when the Court enters an order approving the disqualification waiver. If one or more of the parties does not waive the disqualification, the parties shall submit a proposed order appointing a new Special Master within seven days of the filing of the Special Master's affidavit.

**IT IS FURTHER ORDERED** that, upon entry of this order, Plaintiffs shall serve a copy of this order on the Special Master by email.

**IT IS SO ORDERED.**