Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA 94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>            Plaintiffs,<br>  v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.<br><br>            Defendants. | Case No. 19-CV-07071-SVK<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND MODIFY THE SCHEDULING ORDER TO ALLOW AMENDMENT OF THE COMPLAINT** |

- 1-

Facebook, Inc. v. OnlineNIC, Inc.                                                                                          Case No. 19-cv-7071-SVK
Defendants' Opposition to Plaintiffs' Motion for Leave to File FAC

## I. INTRODUCTION

While Defendants disagree with large swaths of Plaintiffs' "Summary of Relevant Facts" and other factual allegations in their Motion, only a few facts really matter. First, claims that Plaintiffs Facebook, Inc. and Instagram, LLC (together, "Plaintiffs" or "Facebook") did "not have necessary facts" to bring this motion until after January 29, 2021 (Mot. p. 2, ln. 25) is flatly contradicted by their own Motion. Facebook devastatingly admits that in July and August 2020 Defendants produced certain database records and that: "This was when Facebook <u>first</u> became aware that 35.CN was involved in Defendants' cybersquatting enterprise and learned about the relationship between 35.CN and Defendants." (emphasis added) (Mot., p. 4: lns. 16-18).

Second, contrary to Facebook's assertions that it only recently learned that 35.CN employees conduct the business operations of OnlineNIC, Inc. (Mot., p. 6, ln. 3), the truth is that Facebook has known since July 2020 that 35.CN provides all services to Defendants pursuant to an "Outsourcing Agreement" - when Defendants produced that agreement in discovery.

Since Facebook repeatedly claims that Defendants have obstructed discovery in order to "protect their parent" (see e.g. Mot., p. 11, n.5), it is important to note that the two main facts that Facebook claims support its Motion – are <u>both facts that Defendants produced in discovery in the summer of 2020</u>.

In view of the foregoing, Facebook's contention that it acted diligently in seeking to amend the complaint rings hollow (or worse). Thus, even under Facebook's own cited law – there is no reasonable argument that Facebook can meet the single most important factor in seeking amendment – diligence. *See* Mot., p. 7, ln. 25-26, citing *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992): "In evaluating whether good cause exists [for amendment], courts 'primarily consider the diligence of the party seeking the amendment'".

## II. PLAINTIFF HAS NOT DEMONSTRATED DILIGENCE OR GOOD CAUSE DOES TO ADD A PARTY IN THIS CASE

### A. Legal Standard

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file

- 2-

motions. Fed. R. Civ. P. 16(b)(1)-(3). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent."

Good cause may be found to exist where the moving party shows, for example, that it: (1) diligently assisted the court in recommending and creating a workable scheduling order, *see In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 228 (1st Cir. 1997), (2) is unable to comply with the deadlines contained in the scheduling order due to issues not reasonably foreseeable at the time of the scheduling order, *see Johnson*, 975 F.3d at 609, and (3) was diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order, see *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996); *see also Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D. Cal. 1999). "If [the] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. If the Court finds that there is good cause to modify the schedule, the court then turns to Rule 15(a) to determine whether the amendment sought should be granted. *Jackson*, 186 F.R.D. at 607 ("As the Ninth Circuit explained in [*Johnson*], once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

### B.     Plaintiffs Have Not Demonstrated Diligence Nor Good Cause

In this case, the Court entered a scheduling order on January 28, 2020 and at the time set the deadline to amend pleadings as May 27, 2020. (Dkt. No. 31). The parties stipulated to move the deadline to amend pleadings to July 1, 2020 on May 27, 2020 (Dkt. No. 39). It should be noted that the parties have since made two further stipulation requests to the Court to amend the schedule in this case. However, in the last two stipulations Facebook dropped its request to move the time to amend pleadings and its claim that parties may need to be added after more discovery.

Here, Facebook did not file this motion within the time constraints set forth by the Court in the scheduling order, which from the amended schedule was July 1, 2020. Since the Court has set a scheduling order, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Whether good cause exists to modify a scheduling order rests on whether the party seeking the modification has been diligent. *See Johnson*, 975 F.2d at 609.

- 3-

Facebook, Inc. v. OnlineNIC, Inc.                                                                                        Case No. 19-cv-7071-SVK
Defendants' Opposition to Plaintiffs' Motion for Leave to File FAC

Facebook's own statements in the three previous stipulations to the Court seeking extensions to the schedule demonstrate Facebook's lack of diligence and good cause to add a party now. In the parties' first stipulation request on May 27, 2020, it was stipulated that "[t]he parties have worked diligently and cooperatively with respect to Defendants responding to this discovery and producing documents. In fact, Defendants have made a number of rolling productions in response to Plaintiffs' discovery." (Dkt. No. 39, paragraph 4). The stipulation then states that Plaintiffs may need to amend their complaint to add additional parties or otherwise revise their claims based on the information being produced and ask for an extension of the deadline to amend pleadings to July 1, 2020. *Id*. at paragraphs 6 and 8. The parties then sought a second extension on July 15, 2021, submitting a stipulation to the Court. (Dkt. No. 42). This stipulation does not seek an extension of the deadline to amend the pleadings. In fact, there is no mention of it at all. The parties then submitted a third stipulation, seeking more extensions on the schedule, but again, no mention was made of the need (or even potential need) to amend the pleadings. Instead, Plaintiffs waited over four months after the deadline to amend pleadings had been entered to file its motion.

Facebook cites 8 facts in support of their Motion, which it claims it only learned of after "diligent" discovery. This is a baseless claim, since some of the facts that Facebook relies on are either publicly available or were known to Facebook in July 2020:

1. **The majority and controlling shareholder of 35.CN was the initial shareholder, incorporator and founding president of OnlineNIC.**

This information IS publicly available. Shaohui Gong was the original incorporator of OnlineNIC, as shown on the publicly available website of the California Secretary of State. Declaration of Perry J. Narancic in Support of Defendant's Opposition to Plaintiffs' Motion For Leave to File a First Amended Complaint and Modify the Scheduling Order ("Narancic Decl.", para.2, Ex. A). A simple Google search for "Shaohui Gong" reveals him as the Chairman/President of Xiamen 35.Com. *See* Narancic Decl. para.3, Ex. B. Certainly, Facebook should have known about the connection even before filing the lawsuit and certainly before the deadline to amend the pleadings in July 2020.

- 4-

Facebook, Inc. v. OnlineNIC, Inc.                                                                                      Case No. 19-cv-7071-SVK
Defendants' Opposition to Plaintiffs' Motion for Leave to File FAC

2. **35.CN employees manage and operate OnlineNIC on a daily basis, and 35.CN provides office space to Defendants.**

This information was disclosed by Defendants on July 22, 2020 when they produced the outsourcing contract under which 35.CN provides all services to OnlineNIC. Narancic Decl., para. 4, Ex. D. Defendants produced outsourcing agreements with 35.CN going back to 2014, and these agreements unambiguously state (in English) the extent of the services. Despite this knowledge, Facebook did not serve its first set of interrogatories until November 13, 2020 (over 3 months later), which Defendants answered on December 18, 2020. Also in July 2020, OnlineNIC produced to Facebook an OnlineNIC ICANN contract which showed its address as the same address at 35.CN. *See* Narancic Decl., para.3, Ex. C.

### III. PLAINTIFFS' MOTION TO ADD A PARTY SHOULD BE DENIED BASED ON UNDUE DELAY

#### A. The Standard

Under Rule 15, when a plaintiff knows of facts supporting the amendment, courts are less tolerant of the delay and deny leave to amend. In *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999), the Ninth Circuit affirmed the trial court's decisions to refuse leave to amend, noting that "[n]othing in the proposed amended complaint relied on facts that were unavailable before the *stipulated deadline*…Lockheed did not explain the delay, but supported it based on a claim of no prejudice to NSI." (emphasis added).

In *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006), a motion for leave to amend was denied because of undue delay. The Ninth Circuit stated:

> In assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." [citations omitted.] We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable. [citation omitted].

- 5-

Facebook, Inc. v. OnlineNIC, Inc.  Case No. 19-cv-7071-SVK
Defendants' Opposition to Plaintiffs' Motion for Leave to File FAC

*See also, Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (noting the relevance of evaluating "whether the moving party knew or should have known the facts and theories raised by the amendment" and concluding that a seven month delay from October 1987 to May 1988 was "inexplicable and unjustified.").

### B. Application of the Undue Delay Standard Should Result in the Denial of Plaintiff's Motion to Add a Party

Initially, it should be noted that Facebook's motion to add a party was filed nearly seven months after the deadline of July 1, 2020 for "amending pleadings" stated in the Court's May 27, 2020 Order granting the Parties' Stipulation. *See* Dkt. No. 39. That lateness alone is a reason to deny the motion. *See Gencarelli v. Twentieth Century Fox Film Corp.*, 2018 U.S. Dist. LEXIS 5375, *20-21 (C.D. Cal. January 11, 2018) (denying motion to add parties because the motion was not timely filed under the scheduling order).

Defendants have largely addressed this factor above. Specifically, as outlined above, Facebook has known about 35.CN since July 2020. Despite the facts that Facebook knew about 35.CN, Facebook chose not to seek an extension of the deadline to amend the pleadings, when the parties sought to extend other deadlines, not once, but twice. Further, Facebook has had the Outsourcing Agreement between OnlineNIC and 35.CN since July 2020. The fact that Facebook waited months to bring this motion – and chose to file with discovery set to close in less than two months – demonstrates the undue delay by Facebook.

## IV. ALLOWING THE PLAINTIFFS TO ADD A NEW PARTY NOW WILL UNDULY PREJUDICE THE CURRENT DEFENDANTS

### A. The Standard

Under Rule 15, prejudice to the opposing party is the most important factor. *Zenith Radio Corp., 401 U.S. 321, 330-31, 91 S. Ct. 795, 28 L. Ed. 2d 77*. The Ninth Circuit has repeatedly stated that the prejudice must be "substantial." *See Duggan v. Hobbs,* 99 F.3d 307, 313 (9th Cir. 1996) (citing *Consol. Data Terminals v. Applied Digital Data Sys. Inc.,* 708 F.2d 385, 396 (9th Cir.1983) (stating that "late pleading amendments are improper under [Rule 15] if they cause substantial prejudice to the opposing party.")); *see also Savignac v. Buchanan,* 999

- 6-

Facebook, Inc. v. OnlineNIC, Inc.                                                          Case No. 19-cv-7071-SVK
Defendants' Opposition to Plaintiffs' Motion for Leave to File FAC

F.2d 544 (9th Cir. 1993*)* (citing *ids.*). Additionally, the only prejudice that is relevant is the prejudice to the party opposing amendment. *See Foman, 371 U.S. at 182* (propounding the *Forman* factors and stating that courts should consider whether amendment will cause "undue prejudice to the opposing party").

As a general rule, prejudice is the product of delay. WRIGHT, MILLER & KANE, *supra*, at § 1488; *see also Roberts v. Arizona Bd. of Regents, 661 F.2d 796 (9th Cir. 1981)* (holding that the trial court did not abuse its discretion when it found prejudice because the plaintiff failed to move to amend until after the close of discovery and defendant's motion for summary judgment was pending with the court). Prejudice has been found where "[t]he parties have engaged in voluminous and protracted discovery" and where "[e]xpense, delay, and wear and tear on individuals and companies" is shown. *Kaplan v. Rose,* 49 F.3d 1363 (9th Cir. 1994); *see also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991).

### B. Application of the Prejudice Standard Should Result in the Denial of Plaintiff's Motion to Add a Party

Here, Defendants will be prejudiced by the adding of 35.CN to this case. Discovery is set to close in less than 2 months. However, there are likely to be issues regarding jurisdiction and service (see section regarding futility below) that will likely significantly delay this litigation if 35.CN is added to this case. In fact, because 35.CN is a Chinese corporation, the only way to serve it is through the Hague Service Convention's Article 5 procedure. Service alone is likely to take over a year. *See* Affidavit of Celeste Ingalls in *Koninklijke KPN NV, v. Oneplus Technology (Shenzhen) Co*., Case No. 17-cv-89-LPS-CJB (D. Del.) at Dkt. No. 16-1 (stating that service on China companies takes 1-2 years). *See* Narancic Decl., para. 5, Ex. E. During this year, Facebook will continue to seek vast and unreasonable discovery from Defendants – knowing that the Defendants have limited resources. While Defendants believe that they have done nothing wrong, Defendants would be prejudiced by this addition so late in the litigation. Plaintiffs are eager for discovery to close, in the hopes that it can seek summary judgment on the issues in this case.

Discovery is set to close on May 4, 2021. Given Facebook's onerous discovery requests to date (including hundreds and hundreds of document requests and requests for admission), there is

- 7-

Facebook, Inc. v. OnlineNIC, Inc.                                                                                                    Case No. 19-cv-7071-SVK
Defendants' Opposition to Plaintiffs' Motion for Leave to File FAC

little doubt that the same discovery will be served on 35.CN, after it is served with the Complaint. Defendants believe that this request is meant to drive up costs to this litigation for Defendants and to delay discovery longer. Thus, this motion is meant for an improper purpose and should be denied.

### V. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE PROPOSED CLAIMS AGAINST THE NEW DEFENDANT IS FUTILE

#### A. The Standard

A proposed amended complaint is "futile" if it would not withstand a *Rule 12(b)(6)* motion to dismiss. *Miller v. Rykoff- Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988). The Supreme Court's decision in *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) prescribes a two-step procedure for determining whether a complaint satisfies Rule 12(b)(6). First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal, 556 U.S. at 680*. Factual allegations are not entitled to the assumption of truth if they are conclusory, "merely consistent with liability," *id. at 678*, or "amount to nothing more than a 'formulaic recitation of the elements' of a" cause of action. *Id. at 681*.

#### B. Application of the Standard Demonstrates That the Addition of 35.CN and the Amended Complaint is Futile

It "is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *Roll v. Tracor, Inc.*, 140 F. Supp. 2d 1073, 1078 (D. Nev. 2001) (quoting *United States v. Best Foods*, 524 U.S. 51, 61-62, 141 L. Ed. 2d 43, 118 S. Ct. 1876 (1998)). Further, if two parties are related such that responsibility for a claim is identical, then asserting a claim against both is unnecessary. *Pham v. Wal-Mart Stores, Inc.*, 2012 U.S. Dist. LEXIS 89677, *4 (D. Nev. 2012).

Here, 35.CN is a separate, although related company of OnlineNIC. 35.CN is an ICANN accredited registrar, separate and distinct from OnlineNIC. While the companies do share some resources and personnel, their businesses are distinct. As such, 35.CN is not relevant to this litigation, or at the very least under *Pham* is not a necessary party.

- 8-

Facebook, Inc. v. OnlineNIC, Inc.                                                                                  Case No. 19-cv-7071-SVK
Defendants' Opposition to Plaintiffs' Motion for Leave to File FAC

In addition to the issues raised above, Facebook's proposed amendments are futile, as they fail to state a claim for *alter ego*.

The conditions required before the alter-ego doctrine will be applied to two related corporations are that: (1) there is such a unity of interest and ownership that the separate personalities of the corporations no longer exist, or are merged, so that one corporation is a mere adjunct of the other or the two companies form a single enterprise, and (2) inequitable results will follow if the corporate separateness is respected, and the acts in question are treated as those of one corporation alone. *See Tran v. Farmers Group Inc.*, 140 Cal. App. 4th 1202 (2002).

Facebook's pleadings do not address either of these conditions. Instead, Facebook points to the fact that the parties share some employees and resources. In their proposed amended complaint, Facebook gives conclusory statements, ignoring such facts as:

(1) 35.CN and OnlineNIC have an Outsourcing Agreement.

(2) 35.CN and OnlineNIC are each, separately, ICANN accredited registrars and have their own customers and accounts.

(3) Facebook has not identified a single act of infringement by 35.CN.

(4) 35.CN and OnlineNIC do not hold themselves out as one company. They maintain separate territories for the services they offer and have separate websites.

Facebook cannot demonstrate any inequitable results if *alter ego* theories are not applied - because Facebook has not presented a single fact that shows that 35.CN has participated in any way in any act of infringement or cybersquatting.

## VI. CONCLUSION

For the following reasons, Defendants ask the Court to deny Facebook's Motion.

Respectfully Submitted,

DATED: March 11, 2021          LEXANALYTICA, PC

By: _____

- 9 -

Facebook, Inc. v. OnlineNIC, Inc.                                                Case No. 19-cv-7071-SVK
Defendants' Opposition to Plaintiffs' Motion for Leave to File FAC

|   |   |
|---|---|
| 1 | Attorneys for Defendants<br>ONLINENIC, INC. and DOMAIN ID SHEILD SERVICE CO., LIMITED |

- 10-

Facebook, Inc. v. OnlineNIC, Inc.                                                                                 Case No. 19-cv-7071-SVK
Defendants' Opposition to Plaintiffs' Motion for Leave to File FAC