# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE KPN N.V., <br><br> Plaintiff, <br><br> v. <br><br> ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., <br><br> Defendant. | Case No.: 17-CV-89-LPS-CJB |

### AFFIDAVIT OF CELESTE INGALLS

OREGON           )
                 ) ss.
County of Multnomah )

I declare that I, Celeste Ingalls, am a citizen of the United States, over the age of twenty-one, not a party nor an attorney for any party in this action, and state the following:

1. I am employed by Alan H. Crowe & Associates, Inc. dba Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon, and have specialized in the service of civil process in foreign countries for more than 22 years; and

2. The United States and China are signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Done at the Hague, November 15, 1965, (Hague Service Convention); and

3. I have lectured to state/county bar, and other professional, associations on the mechanics and requirements of process service in foreign countries; and

4. Since 2003, I have attended, at special invitation as a private expert, all the Special Administrative Sessions of the Hague Conference in The Hague, Netherlands, at which each signatory country was represented by their respective Judicial Authorities to discuss the practical mechanics of, and problems encountered in dealing with, the Hague Service

Affidavit of Celeste Ingalls                                                                 Page 1 of 3
Re: service upon Oneplus Technology (Shenzhen) Co., Ltd.

Convention and the Hague Evidence Convention as they apply to each country's laws and interpretations of the Convention and its obligations; and

5. I have participated (at invitation) with the Hague Administration in a "training" session, presided over by the Hague Administration, to provide guidance to a foreign Central Authority and its courts on their practical obligations with respect to service under the provisions of the Hague Service Convention. At this session, it was agreed by the Hague Administration that although it contradicts the spirit of the Hague Service Convention, each signatory country has the discretion to interpret the Convention articles in a way that conforms to their internal law; and

6. The Ministry of Justice in China has declared that it formally objects to the service of process by private individuals and has designated the Hague Service Convention, through China's designated central authority, as the authorized method of service within its territory; and

7. China declared that all documents to be served in accordance with the Hague Service Convention must be translated into Chinese; and

8. On April 28, 2017, I forwarded the Summons in a Civil Action, Notice, Consent and Reference of a Civil Action/Dispositive Motion to Magistrate Judge, Original Complaint for Patent Infringement, with Exhibit A, Civil Cover Sheet, with Chinese translations provided by Plaintiff counsel, to the Central Authority in China to be served upon **OnePlus Technology (Shenzhen) Co., Ltd.** in accordance with the Hague Service Convention; and

9. No signatory nation is obligated under the Hague Service Convention to provide status with respect to service of documents in its possession and the China courts generally do not; and

10. The Hague Service Convention does not impose an obligatory time frame; and

11. Until recently, service in China in accordance with the Hague Service Convention averaged 8 months to 1 year. Although the situation with China remains frustrating and unbending, we recently received notification from the Ministry of Justice in Beijing that the standard turnaround time for service will now be between 1 and 2 years and proofs of service are starting to be returned for requests in various cases that were originally sent to China 2 years ago; and

12. There is no provision within the Articles or framework of the Hague Service Convention for enforcement of a signatory country's actions and obligations and we must simply wait for the Chinese courts to complete service and return a Hague Certificate of service.

*Celeste Ingalls*

SUBSCRIBED AND SWORN to before me this 28th day of March, 2018.

_____
Notary Public for Oregon



OFFICIAL STAMP
NAO SAKAMOTO
NOTARY PUBLIC-OREGON
COMMISSION NO. 944775
MY COMMISSION EXPIRES NOVEMBER 15, 2019