

515 South Flower Street, Forty Second Floor | Los Angeles, CA 90071-2223 | TEL 213.430.3400 | FAX 213.430.3409

March 16, 2021                    DIRECT DIAL 213.430.3360 | david.steele@tuckerellis.com

**VIA CM/ECF**

Magistrate Judge Susan van Keulen
U.S. District Court
Northern District of California
280 South 1st Street
San Jose, CA 95113

Re: *Facebook Inc. et al. v. OnlineNIC Inc., et al.*
    *No. 5-19-cv-07071-SKV*
    *Joint Discovery Letter Brief – Records of Business Dealings with 35.CN*

Dear Magistrate Judge van Keulen:

    Pursuant to Your Honor's Civil Scheduling and Discovery Order (dated June 2020), the parties to the above-entitled action submit this joint statement to seek the Court's assistance in resolving a discovery dispute.

    **Days Remaining Before the Close of Fact Discovery and/or Trial**
    The close of fact discovery is May 4, 2021, and trial is set to begin on November 15, 2021. (ECF No. 60). There are **49 days** before the close of fact discovery and **244 days** before trial is scheduled to commence.

    **Brief Statement of the Unresolved Dispute.**
    The parties are at an impasse regarding Defendants' response to Request No. 153 in Plaintiffs' second set of requests for production of documents to both Defendants. The unresolved dispute presented in this Joint Statement concerns production of documents regarding Defendants' business activities with 35.CN. Plaintiffs contend that these documents are relevant to their alter ego claim against 35.CN and the pending motion for leave to amend (Dkt. 68). Through discovery, Plaintiffs have continued to discover facts suggesting that the tortious conduct at issue in this case go beyond that of Defendants and also include 35.CN, which appears to be a direct participant in the activity given its loan of employees to Defendants and a substantial overlap in individuals who direct and control each entity. The requested documents are in Defendants' possession, and there is no basis under the applicable law or rules for Defendant to withhold them.

    Defendants believe that they have complied by providing the requested "representative samples" of "all [relevant] business activities".

CHICAGO  CLEVELAND  COLUMBUS  LOS ANGELES  SAN FRANCISCO  ST. LOUIS | tuckerellis.com

**Tucker**
**Ellis** | LLP

### Facebook and Instagram's Statement of Proposed Compromise

On November 18, 2020 Plaintiffs served a second set of requests for production of documents on each defendant. Request No. 153 in each set contained the following request: [1]

> A representative sample of DOCUMENTS, including communications, that demonstrate all business activities engaged in between [ONLINENIC or DOMAIND ID SHIELD] and 35.CN.

Defendants' initial responses, which were served on December 18, 2020, were identical:[2]

> Defendant objects to this request as vague, ambitious, overbroad and unduly burdensome as to the phrase "including communications" and "all business activities". Defendant further object to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege, Defendant further object to this request to the extent that it calls for information that is not relevant to any claim or defense in this case.

> Defendant is willing to meet and confer regarding this request.

On January 30, 2021, counsel for the parties met and conferred regarding the sufficiency of Defendants' response to Request No. 153. In particular, the parties discussed the types of documents and email communications between Defendants and 35.CN sought by these requests. During the course of that meeting, Defendants' counsel stated that Defendants would withdraw the objections and provide responsive documents.

Defendants served amended responses on February 4, 2021.[3] However, Defendants did not withdraw the objections as promised, nor did Defendants produce any additional documents as promised by their counsel. Rather, Defendants responded as follows:

> Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all business activities", which could include everything from individual sales calls to sharpening pencils. Accordingly, there are literally tens of millions of records that could be responsive. Subject to this objection, the Outsourcing Agreement is located at ONLINENIC 266918 – 266922. Under that agreement, 35.CN provides outsourced personnel for day-to-day operations support, such as customer support (as evidenced by the support documents located at ONLINENIC 18278 – 178948) and operation of the information

---

[1] The relevant document requests that Plaintiffs served on defendants OnlineNIC and Domain ID Shield are attached as Exhibits 1 and 2, respectively.

[2] OnlineNIC's and ID Shield's initial responses are attached as Exhibits 3 and 4, respectively.

[3] OnlineNIC's and ID Shield's amended responses are attached as Exhibits 5 and 6, respectively.

# Tucker
# Ellis | LLP

technology systems which are owned or paid for by OnlineNIC, like the Registration Database and Support Ticket Database.

As set forth below, Defendants' objections are specious and appear to be asserted for sole purpose of obfuscation and delay.

*First*, Defendants' response breaches the agreement reached by counsel during their January 30, 2021 discovery conference. As counsel for Plaintiffs explained during this conference, Plaintiffs' request does not ask for all documents regarding their business dealings with 35.CN, but rather a "representative sample." In addition, Plaintiffs' counsel disclosed that the purpose of the request was to develop a factual basis for Plaintiffs' alter ego claim against 35.CN. Counsel for Defendants acknowledged the same and indicated that he knew the types of documents that Plaintiffs were requesting. However, after discussing the matter with representatives of his client (who also happen to be employees of 35.CN), Defendants are no longer willing to produce the requested documents.

*Second*, even if Defendants' counsel had not agreed to withdraw their objections, Defendants' claim that the term "all business activities" is vague, ambiguous, overbroad and unduly burdensome is specious. Plaintiffs are "entitled to individualized, complete responses to each of the requests, . . . accompanied by production of each of the documents responsive to the request." *Loop AI Labs Inc. v. Gatti, 2016 WL 2342128, 2342131* (N.D. Cal. 2016) (citing *Louen v. Twedt,* 236 F.R.D. 502, 505 (E.D. Cal. 2006)). During the discovery conference, the parties discussed the outsourcing agreements, and that Plaintiffs were seeking documents and correspondence between the parties regarding 35.CN's performance of those agreements. Accordingly, Defendants had an obligation to produce those documents.

*Third*, Defendants' response are nothing more than boilerplate objections without any specificity as to how these general objections are applicable to the particular discovery requests. Defendants' response provide no meaningful indication as to the specific nature of amount of material being withheld on the basis of the general objections. This type of response is insufficient and is tantamount to no response at all as a party objecting to a document request must "includ[e] the reasons" for the objection. Fed.R.Civ.P. 34(b)(2)(B). This requirement enables the requesting party to evaluate and determine whether to challenge the objection raised. When objections are stated, as they were here, without specificity, "the objection is waived." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015).

*Fourth*, the requested documents are relevant to proof of alter ego and to establish that Defendants are "so organized and controlled" and their "affairs are so conducted" as to make them "merely an instrumentality, agency, conduit, or adjunct of" one another. *City of Dana Point v New Method Wellness, Inc.* (2019) 39 Cal.App.5th 985, 991. Some of the factors that a court will consider when evaluating whether two separate entities should be treated as one for liability purposes include: (1) common employees, (2) common offices, (3) centralized accounting, (4) payment of wages by one corporation to another corporation's employees, (5) common business name, (6) services rendered by the employees of one corporation on behalf of another corporation, (7) undocumented transfers of funds between corporations, and (8) unclear allocation of profits and losses between corporations. *See, e.g., Pan Pacific Sash & Door Co. v. Greendale Park, Inc.* (1958) 166 Cal.App.2d 652; *Las Palmas Assoc. v. Las Palmas Ctr. Assoc.* (1991) 235 Cal.App.3d



1220. The requested documents and communications are likely to shed light on each of these factors.

Accordingly, Plaintiffs request that Defendants be ordered to produce documents sufficient to show the scope and depth of their business relationship with 35.CN.

### OnlineNIC and Domain ID Shield's Statement of Proposed Compromise

Once again,  Plantiffs (or "Facebook") and Defendants do not see eye-to-eye on some basic facts. As an initial matter, defense counsel never agreed to withdraw all objections with respect to all categories of requested information – although Defendants did agree to amend the responses, which they did.  Defendants' Feb. 4, 2021 response makes clear why the objections there are well-taken. For instance, even now, Facebook is unable to articulate the scope of "all business activities"? Facebook has not offered any "compromise" at all on this issue – and certainly none that woud assist the Court in deciding what "all business activities" are.

Second, Defendants' February 4, 2021 response makes clear exactly what the relevant business activities are in this case – because they are expressly set forth in the Outsourcing Agreements between OnlineNIC and 35.CN i.e., website design, new product research and development, system maintenance, technical support and technical consulation, and marketing, sales and support. See Dkt. No. 76   (See Declaration of Perry J. Narancic in Support of Defendants' Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint and Modify Scheduling Order, para.4, Ex. D, which is a copy of the 2018 Outsourcing Agreement). Defendants produced the Outsourcing Agreeements (from 2014 onward) to Facebook in the summer of 2020.

As Defendants have disclosed in other discovery, and as Facebook well knows, all of the above-mentioned business activities are carried out by personnel who are formal employees of 35.CN, but who perform services for OnlineNIC pursuant to the Outsourcing Agreement. Defendants believe that they have complied with Request No. 153 by providing the requested "representative samples" of documents for each of the "business activities" identified in the Outsourcing Agreements. Moreover, Defendants have provided specific Bates numbers for responsive documents and have supplied millions of records in the Registrtaion Datbase and the Support Ticket Database which contain responsive documents.

Tucker
Ellis | LLP

TUCKER ELLIS LLP
By: /s/David J. Steele

David J. Steele
Attorneys for Plaintiffs
FACEBOOK, INC. and INSTAGRAM, LLC

LEXANALYTICA, PC
By: /s/Perry J. Narancic

Perry J. Narancic
Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD
SERVICES CO., LIMITED

# EXHIBIT 1

EXHIBIT 1

TUCKER ELLIS LLP
David J. Steele - SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen – SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213-430-3400
Facsimile:    213-430-3409

Attorneys for Plaintiffs
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., and INSTAGRAM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC INC., DOMAIN ID SHIELD SERVICE CO., LIMITED, and DOES 1-20,<br><br>Defendants. | Case No. 5:19-CV-07071-SVK<br><br>**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT ONLINENIC, INC.**<br><br>Hon. Susan van Keulen |

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

Plaintiffs Facebook, Inc. and Instagram, LLC (collectively "Plaintiffs") request that Defendant OnlineNIC Inc. provide a written response and produce for inspection and copying each DOCUMENT and tangible thing in its possession, custody, or control requested below, in accordance with Rule 34 of the Federal Rules of Civil Procedure. Plaintiffs request that the DOCUMENTS and things be made available for inspection and copying at the offices of Tucker Ellis, LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071, or at another location mutually agreeable to the parties, within thirty days after the service of these requests.

## DEFINITIONS

Unless specifically indicated, or otherwise required by the context in which the terms and names are used the following definitions shall apply:

A.    "DOCUMENT(S)" shall have the broadest possible meaning permissible by Rules 26 and 34(a)(1) of the Federal Rules of Civil Procedure, and shall include both documents or electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

B.    "ONLINENIC" shall mean Defendant OnlineNIC Inc.

C.    "DOMAIN ID SHIELD" shall mean Defendant Domain ID Shield Service Co., Limited.

D.    "DEFENDANTS" shall mean ONLINENIC and DOMAIN ID SHIELD, collectively and individually.

E.    "35.CN" shall mean 35 Technology Co., Ltd a/k/a 35cn a/k/a 35.cn a/k/a 35.com.

F.    "REGISTRATION" shall mean the registration or renewal of domain name, or any other act that entitles a party to the exclusive control and use of a domain name, for any length of time.

G.    "TRAFFICKING IN" shall have the meaning provided for in the Lanham Act.

H.    "USE" or "USES" shall mean using a domain name to provide a website accessible at that domain name, or configuring the domain name to redirect visitors to any other domain name or website, using a domain name to send or receive any electronic communication, or authorizing any third party to do any of the above actions.

I.      "USED" shall mean the past tense of USE.

J.      "MONETIZATION" shall mean using the domain name to provide a website accessible at that domain name that displays links to advertisements, or that displays advertisements, or that displays pop-up and pop-under advertisements.

K.      "IDENTIFY" shall mean provide information about a person or entity, or thing or place, including but not limited to the name, address, IP address, telephone number, email address, banking information, payment information, credit card information, and any other information about the identity of the person or entity, or the thing or place.

L.      "PERSONS" shall mean any individual or entity regardless of his, her, or its affiliation (or lack thereof) with DEFENDANTS.

M.      "REGISTRANT" shall mean the name and contact information listed in the WHOIS directory as the registrant or registered name holder of a domain name.

N.      "ICANN" shall mean the Internet Corporation of Assigned Names and Numbers.

O.      "RAA" shall mean the ICANN Registrar Accreditation Agreement.

P.      "ACCUSED DOMAIN NAMES" shall mean the domain names identified in Exhibit 1.

Q.      "DOMAIN NAME ABUSE" shall mean registering, trafficking, and/or using in any manner whatsoever any domain name in connection with any type of illegal activity or online abuse, including, but not limited to, trademark or service mark infringement, false designation of origin, cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets.

R.      "RESELLERS" shall mean those individuals or entities involved in the REGISTRATION of the ACCUSED DOMAIN NAMES.

**INSTRUCTIONS**

The following instructions apply to the discovery requests below and should be considered as part of each such request:

1.      ONLINENIC shall produce requested DOCUMENTS stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

2.      As required by Rule 34(b) of the Federal Rules of Civil Procedure, all requested DOCUMENTS shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in this request.

3.      For those produced DOCUMENTS that require other DOCUMENTS to render the produced DOCUMENTS either comprehensible or not misleading, produce all such other DOCUMENTS.

4.      If ONLINENIC withholds from production any of the requested DOCUMENTS or things on the grounds that it is privileged or subject to protection as trial preparation material, then, in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, please provide, within thirty days of service of this request, the following information as to each of the DOCUMENTS and things withheld.

    a)  the name and title or capacity of its author or originator;

    b)  the name and title of capacity of every person who received it;

    c)  the relationship between the author or originator and each person who received the withheld DOCUMENT or thing;

    d)  whether the primary purpose of the withheld DOCUMENT or thing or any underlying communication was to seek or provide legal advice or services;

    e)  the date of the withheld DOCUMENT or things;

    f)  each subject matter addressed in it;

    g)  whether the withheld DOCUMENT or thing was transmitted in confidence; and

    h)  all privileges or other objections asserted as to the withheld DOCUMENT or thing.

5.      Unless ONLINENIC claims that the entirety of a DOCUMENT is privileged or protected from discovery by an immunity or the work product doctrine, ONLINENIC shall produce the portions of the DOCUMENT that it does not claim are privileged or protected from discovery by an immunity or the work product doctrine and log the redactions in accordance with the provisions of paragraph 4 above.

6.      All DOCUMENTS requested are to be produced in the same file or other organizational environment in which they are maintained. For example a DOCUMENT that is part of a file, docket, or other grouping, should be physically produced together with all other DOCUMENTS from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each DOCUMENT and thing produced in response hereto, identify the request for production in response to

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1    which the DOCUMENT or thing is being produced.

2        7.      Electronic DOCUMENTS produced pursuant to these Requests are to be produced in their

3    native electronic format.

4        8.      These requests seek all responsive DOCUMENTS in their original language and, if such

5    original language is not English, these requests also seek all English-language translations that may exist

6    for such DOCUMENTS.

7        9.      If ONLINENIC objects to any subpart or portion of a request for production or objects to

8    providing certain information requested, ONLINENIC shall state the objection and supply the

9    unobjectionable information requested.

10       10.     If any of the following requests for information cannot be responded to in full and after

11   exercising reasonable diligence to secure the information, ONLINENIC shall so state, supply the

12   information for those portions it is able to, and supply whatever information it has concerning the portion

13   of the request that cannot be answered in full. If ONLINENIC's response is qualified in any particular

14   respect, set forth the details of such qualification.

15       11.     No request for a particular item or category should be construed as a limitation on any other

16   part of this request.

17                              **REQUESTS FOR PRODUCTION**

18   **REQUEST FOR PRODUCTION NO. 153:**

19       A representative sample of DOCUMENTS, including communications, that demonstrate all

20   business activities engaged in between ONLINENIC and 35.CN.

21   **REQUEST FOR PRODUCTION NO. 154:**

22       All agreements between ONLINENIC and 35.CN.

23   **REQUEST FOR PRODUCTION NO. 155:**

24       All agreements between ONLINENIC and 35.CN concerning ONLINENIC's business as a

25   registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

26   **REQUEST FOR PRODUCTION NO. 156:**

27       All agreements between DOMAIN ID SHIELD and 35.CN concerning ONLINENIC's business

28   as a registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**REQUEST FOR PRODUCTION NO. 157:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind for both ONLINENIC and 35.CN.

**REQUEST FOR PRODUCTION NO. 158:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of ONLINENIC.

**REQUEST FOR PRODUCTION NO. 159:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of ONLINENIC whose work involves registering domain names as a registrar, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, complying with the RAA, working with DOMAIN ID SHIELD, and performing the work of a registrar.

**REQUEST FOR PRODUCTION NO. 160:**

DOCUMENTS sufficient to show the work performed by all of ONLINENIC's independent contractors.

**REQUEST FOR PRODUCTION NO. 161:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of DOMAIN ID SHIELD whose work involves registering domain names for its customers, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, working with ONLINENIC and complying with the RAA.

**REQUEST FOR PRODUCTION NO. 162:**

DOCUMENTS sufficient to IDENTIFY all or part of the business structure of ONLINENIC, including, but not limited to, DOCUMENTS that IDENTIFY any contractors, subcontractors, principals, officers, directors, shareholders, partners, joint venturers, employees, executives, managing agents, parents, divisions, departments, corporate subunits, subsidiaries, or affiliates of ONLINENIC as well as all entities with whom ONLINENIC has or has had a business relationship where that entity is responsible, in whole or in part, for any of ONLINENIC's business functions.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**REQUEST FOR PRODUCTION NO. 163:**

DOCUMENTS sufficient to show ICANN's actions, correspondence or outreach to enforce the RAA against ONLINENIC.

**REQUEST FOR PRODUCTION NO. 164:**

DOCUMENTS sufficient to show ICANN's actions, correspondence or outreach to enforce the RAA against any business entity associated with ONLINENIC's principals, employees, managers and/or executives.

**REQUEST FOR PRODUCTION NO. 165:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against DOMAIN ID SHIELD for failure to comply with the RAA.

**REQUEST FOR PRODUCTION NO. 166:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against any business entity associated with DOMAIN ID SHIELD's principals, employees, managers and/or executives for failure to comply with the RAA.

**REQUEST FOR PRODUCTION NO. 167:**

Written agreements between ONLINENIC and the RESELLERS pursuant to 3.12 of the RAA.

**REQUEST FOR PRODUCTION NO. 168:**

DOCUMENTS sufficient to show actions taken by ONLINENIC against the RESELLERS pursuant to 3.12.6 of the RAA.

**REQUEST FOR PRODUCTION NO. 169:**

Financial statements of ONLINENIC since 2009.

**REQUEST FOR PRODUCTION NO. 170:**

Balance sheets of ONLINENIC since 2009.

**REQUEST FOR PRODUCTION NO. 171:**

Income statements of ONLINENIC since 2009.

**REQUEST FOR PRODUCTION NO. 172:**

Profit and loss statements of ONLINENIC since 2009.

**REQUEST FOR PRODUCTION NO. 173:**

Revenue and expense statements of ONLINENIC since 2009.

**REQUEST FOR PRODUCTION NO. 174:**

DOCUMENTS which support YOUR responses to the First Set of Interrogatories propounded to DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 175:**

DOCUMENTS which support YOUR denial of any Request For Admission in the First Set of Requests for Admission propounded to DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 176:**

DOCUMENTS which support YOUR denial of any Request For Admission in the Second Set of Requests for Admission propounded to DEFENDANTS,

**REQUEST FOR PRODUCTION NO. 177:**

DOCUMENTS sufficient to show any investigation, analysis and/or conclusion by DEFENDANTS as to whether the registration and use of the ACCUSED DOMAIN NAMES constituted DOMAIN NAME ABUSE.

**REQUEST FOR PRODUCTION NO. 178:**

DOCUMENTS sufficient to show fees paid to ICANN by ONLINENIC and whether any invoices are past due.

**REQUEST FOR PRODUCTION NO. 179:**

Correspondence with ICANN relating to DOMAIN NAME ABUSE by ONLINENIC.

**REQUEST FOR PRODUCTION NO. 180:**

Correspondence with ICANN relating to DOMAIN NAME ABUSE by DOMAIN ID SHIELD.

**REQUEST FOR PRODUCTION NO. 181:**

Correspondence with ICANN relating to this lawsuit.

TUCKER ELLIS LLP
Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco

1  Dated:  November 18, 2020                    Tucker Ellis LLP

2

3                                               By: /s/David J. Steele
                                                David J. Steele
4                                               Howard Kroll
                                                Steven E. Lauridsen
5

6                                               Attorneys for Plaintiffs,
                                                Facebook, Inc. and Instagram, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1 to Plaintiffs' Second Set of Requests For Production of Documents**

facebook-fans-buy.com

facebook-mails.com

facebook-pass.com

facebook-pw.com

facebookphysician.com

facebookvideodownload.net

findfacebookid.com

hackingfacebook.net

hacksomeonesfacebook.com

lamsocialfacebook.net

trollfacebook.com

www-facebook-login.com

www-facebook-pages.com

buyinstagramfans.com

instaface.org

instagram01.com

iiinstagram.com

login-lnstargram.com

m-facebook-login.com

singin-lnstargram.com

1

## CERTIFICATE OF SERVICE

2

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4      I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

5

6      On November 18, 2020, I served the following: **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT ONLINENIC, INC.** on the interested parties in this action as follows:

7

8                          LEXANALYTICA, PC

9                           Perry J. Narancic

                        pjn@lexanalytica.com

10                        2225 E. Bayshore Road

                              Suite 200

11                         Palo Alto, CA 94303

                    Telephone:    650.655.2800

12

13                     Attorneys for Defendants,

              ONLINENIC, INC. and DOMAIN ID SHIELD

14                    SERVICES CO., LIMITED

15   (X)    **BY EMAIL:** the above-entitled document to be served electronically by email by written agreement of the parties.

16

17   ( )    **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

18

19

20

21   (X)    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

22

23      Executed on November 18**, 2020**, at Los Angeles, California.

24

25                                          /s/Howard A. Kroll

26                                          Howard A. Kroll

27

28



# EXHIBIT 2

**EXHIBIT 2**

TUCKER ELLIS LLP
David J. Steele - SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen – SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213-430-3400
Facsimile:    213-430-3409

Attorneys for Plaintiffs
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., and INSTAGRAM, LLC, | Case No. 5:19-CV-07071-SVK |
| Plaintiffs, | **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT DOMAIN ID SHIELD SERVICE CO., LIMITED** |
| v. | |
| ONLINENIC INC., DOMAIN ID SHIELD SERVICE CO., LIMITED, and DOES 1-20, | |
| Defendants. | Hon. Susan van Keulen |

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

Plaintiffs Facebook, Inc. and Instagram, LLC (collectively "Plaintiffs") request that Defendant Domain ID Shield Service Co., Limited provide a written response and produce for inspection and copying each DOCUMENT and tangible thing in its possession, custody, or control requested below, in accordance with Rule 34 of the Federal Rules of Civil Procedure. Plaintiffs request that the DOCUMENTS and things be made available for inspection and copying at the offices of Tucker Ellis, LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071, or at another location mutually agreeable to the parties, within thirty days after the service of these requests.

## **DEFINITIONS**

Unless specifically indicated, or otherwise required by the context in which the terms and names are used the following definitions shall apply:

A.     "DOCUMENT(S)" shall have the broadest possible meaning permissible by Rules 26 and 34(a)(1) of the Federal Rules of Civil Procedure, and shall include both documents or electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

B.     "ONLINENIC" shall mean Defendant OnlineNIC Inc.

C.     "DOMAIN ID SHIELD" shall mean Defendant Domain ID Shield Service Co., Limited.

D.     "DEFENDANTS" shall mean ONLINENIC and DOMAIN ID SHIELD, collectively and individually.

E.     "35.CN" shall mean 35 Technology Co., Ltd a/k/a 35cn a/k/a 35.cn a/k/a 35.com.

F.     "REGISTRATION" shall mean the registration or renewal of domain name, or any other act that entitles a party to the exclusive control and use of a domain name, for any length of time.

G.     "TRAFFICKING IN" shall have the meaning provided for in the Lanham Act.

H.     "USE" or "USES" shall mean using a domain name to provide a website accessible at that domain name, or configuring the domain name to redirect visitors to any other domain name or website, using a domain name to send or receive any electronic communication, or authorizing any third party to do any of the above actions.

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

I.      "USED" shall mean the past tense of USE.

J.      "MONETIZATION" shall mean using the domain name to provide a website accessible at that domain name that displays links to advertisements, or that displays advertisements, or that displays pop-up and pop-under advertisements.

K.      "IDENTIFY" shall mean provide information about a person or entity, or thing or place, including but not limited to the name, address, IP address, telephone number, email address, banking information, payment information, credit card information, and any other information about the identity of the person or entity, or the thing or place.

L.      "PERSONS" shall mean any individual or entity regardless of his, her, or its affiliation (or lack thereof) with DEFENDANTS.

M.      "REGISTRANT" shall mean the name and contact information listed in the WHOIS directory as the registrant or registered name holder of a domain name.

N.      "ICANN" shall mean the Internet Corporation of Assigned Names and Numbers.

O.      "RAA" shall mean the ICANN Registrar Accreditation Agreement.

P.      "ACCUSED DOMAIN NAMES" shall mean the domain names identified in Exhibit 1.

Q.      "DOMAIN NAME ABUSE" shall mean registering, trafficking, and/or using in any manner whatsoever any domain name in connection with any type of illegal activity or online abuse, including, but not limited to, trademark or service mark infringement, false designation of origin, cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets.

R.      "RESELLERS" shall mean those individuals or entities involved in the REGISTRATION of the ACCUSED DOMAIN NAMES.

**INSTRUCTIONS**

The following instructions apply to the discovery requests below and should be considered as part of each such request:

1.      DOMAIN ID SHIELD shall produce requested DOCUMENTS stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

2.    As required by Rule 34(b) of the Federal Rules of Civil Procedure, all requested DOCUMENTS shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in this request.

3.    For those produced DOCUMENTS that require other DOCUMENTS to render the produced DOCUMENTS either comprehensible or not misleading, produce all such other DOCUMENTS.

4.    If DOMAIN ID SHIELD withholds from production any of the requested DOCUMENTS or things on the grounds that it is privileged or subject to protection as trial preparation material, then, in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, please provide, within thirty days of service of this request, the following information as to each of the DOCUMENTS and things withheld.

    a)   the name and title or capacity of its author or originator;

    b)   the name and title of capacity of every person who received it;

    c)   the relationship between the author or originator and each person who received the withheld DOCUMENT or thing;

    d)   whether the primary purpose of the withheld DOCUMENT or thing or any underlying communication was to seek or provide legal advice or services;

    e)   the date of the withheld DOCUMENT or things;

    f)   each subject matter addressed in it;

    g)   whether the withheld DOCUMENT or thing was transmitted in confidence; and

    h)   all privileges or other objections asserted as to the withheld DOCUMENT or thing.

5.    Unless DOMAIN ID SHIELD claims that the entirety of a DOCUMENT is privileged or protected from discovery by an immunity or the work product doctrine, DOMAIN ID SHIELD shall produce the portions of the DOCUMENT that it does not claim are privileged or protected from discovery by an immunity or the work product doctrine and log the redactions in accordance with the provisions of paragraph 4 above.

6.    All DOCUMENTS requested are to be produced in the same file or other organizational environment in which they are maintained. For example a DOCUMENT that is part of a file, docket, or other grouping, should be physically produced together with all other DOCUMENTS from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

-3-

DOCUMENT and thing produced in response hereto, identify the request for production in response to which the DOCUMENT or thing is being produced.

7. Electronic DOCUMENTS produced pursuant to these Requests are to be produced in their native electronic format.

8. These requests seek all responsive DOCUMENTS in their original language and, if such original language is not English, these requests also seek all English-language translations that may exist for such DOCUMENTS.

9. If DOMAIN ID SHIELD objects to any subpart or portion of a request for production or objects to providing certain information requested, DOMAIN ID SHIELD shall state the objection and supply the unobjectionable information requested.

10. If any of the following requests for information cannot be responded to in full and after exercising reasonable diligence to secure the information, DOMAIN ID SHIELD shall so state, supply the information for those portions it is able to, and supply whatever information it has concerning the portion of the request that cannot be answered in full. If ONLINENIC's response is qualified in any particular respect, set forth the details of such qualification.

11. No request for a particular item or category should be construed as a limitation on any other part of this request.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 153:

A representative sample of DOCUMENTS, including communications, that demonstrate all business activities engaged in between DOMAIN ID SHIELD and 35.CN.

### REQUEST FOR PRODUCTION NO. 154:

All agreements between DOMAIN ID SHIELD and 35.CN.

### REQUEST FOR PRODUCTION NO. 155:

All agreements between DOMAIN ID SHIELD and 35.CN concerning ONLINENIC's business as a registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

### REQUEST FOR PRODUCTION NO. 156:

DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind for both

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1    DOMAIN ID SHIELD and 35.CN.

2    **REQUEST FOR PRODUCTION NO. 157:**

3         DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of

4    ONLINENIC whose work involves registering domain names as a registrar, providing privacy shield

5    service to its customers, managing customer relationships, marketing, processing payments, managing

6    finances, complying with the RAA, working with DOMAIN ID SHIELD, and performing the work of a

7    registrar.

8    **REQUEST FOR PRODUCTION NO. 158:**

9         DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of

10   DOMAIN ID SHIELD.

11   **REQUEST FOR PRODUCTION NO. 159:**

12        DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of

13   DOMAIN ID SHIELD whose work involves registering domain names for its customers, providing

14   privacy shield service to its customers, managing customer relationships, marketing, processing payments,

15   managing finances, working with ONLINENIC and complying with the RAA.

16   **REQUEST FOR PRODUCTION NO. 160:**

17        DOCUMENTS sufficient to show the work performed by all of DOMAIN ID SHIELD's

18   independent contractors.

19   **REQUEST FOR PRODUCTION NO. 161:**

20        DOCUMENTS sufficient to IDENTIFY all or part of the business structure of DOMAIN ID

21   SHIELD, including, but not limited to, DOCUMENTS that IDENTIFY any contractors, subcontractors,

22   principals, officers, directors, shareholders, partners, joint venturers, employees, executives, managing

23   agents, parents, divisions, departments, corporate subunits, subsidiaries, or affiliates of DOMAIN ID

24   SHIELD as well as all entities with whom DOMAIN ID SHIELD has or has had a business relationship

25   where that entity is responsible, in whole or in part, for any of DOMAIN ID SHIELD's business functions.

26   **REQUEST FOR PRODUCTION NO. 162:**

27        DOCUMENTS sufficient to show ICANN's enforcement of the RAA against DOMAIN ID

28   SHIELD for failure to comply with the RAA.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

-5-

**REQUEST FOR PRODUCTION NO. 163:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against any business entity associated with DOMAIN ID SHIELD's principals, employees, managers and/or executives for failure to comply with the RAA.

**REQUEST FOR PRODUCTION NO. 164:**

Financial statements of DOMAIN ID SHIELD since 2009.

**REQUEST FOR PRODUCTION NO. 165:**

Balance sheets of DOMAIN ID SHIELD since 2009.

**REQUEST FOR PRODUCTION NO. 166:**

Income statements of DOMAIN ID SHIELD since 2009.

**REQUEST FOR PRODUCTION NO. 167:**

Profit and loss statements of DOMAIN ID SHIELD since 2009.

**REQUEST FOR PRODUCTION NO. 168:**

Revenue and expense statements of DOMAIN ID SHIELD since 2009.

**REQUEST FOR PRODUCTION NO. 169:**

DOCUMENTS which support YOUR responses to the First Set of Interrogatories propounded to DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 170:**

DOCUMENTS which support YOUR denial of any Request For Admission in the First Set of Requests for Admission propounded to DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 171:**

DOCUMENTS which support YOUR denial of any Request For Admission in the Second Set of Requests for Admission propounded to DEFENDANTS,

**REQUEST FOR PRODUCTION NO. 172:**

DOCUMENTS sufficient to show any investigation, analysis and/or conclusion by DEFENDANTS as to whether the registration and use of the ACCUSED DOMAIN NAMES constituted DOMAIN NAME ABUSE.

1   **REQUEST FOR PRODUCTION NO. 173:**

2       Correspondence with ICANN relating to DOMAIN NAME ABUSE by DOMAIN ID SHIELD.

3   **REQUEST FOR PRODUCTION NO. 174:**

4       Correspondence with ICANN relating to this lawsuit.

5

6

7   Dated:  November 18, 2020                                    Tucker Ellis LLP

8

9                                                               By: /s/David J. Steele
                                                                David J. Steele
10                                                              Howard Kroll
                                                                Steven E. Lauridsen
11

12                                                              Attorneys for Plaintiffs,
                                                                Facebook, Inc. and Instagram, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 5:19-cv-07071-SVK

**Exhibit 1 to Plaintiffs' Second Set of Requests For Production of Documents**

facebook-fans-buy.com

facebook-mails.com

facebook-pass.com

facebook-pw.com

facebookphysician.com

facebookvideodownload.net

findfacebookid.com

hackingfacebook.net

hacksomeonesfacebook.com

lamsocialfacebook.net

trollfacebook.com

www-facebook-login.com

www-facebook-pages.com

buyinstagramfans.com

instaface.org

instagram01.com

iiinstagram.com

login-lnstargram.com

m-facebook-login.com

singin-lnstargram.com

PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 5:19-cv-07071-SVK

## CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On November 18, 2020, I served the following: **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT DOMAIN ID SHIELD SERVICE CO. LIMITED** on the interested parties in this action as follows:

LEXANALYTICA, PC
Perry J. Narancic
pjn@lexanalytica.com
2225 E. Bayshore Road
Suite 200
Palo Alto, CA 94303
Telephone:    650.655.2800

Attorneys for Defendants,
ONLINENIC, INC. and DOMAIN ID SHIELD
SERVICES CO., LIMITED

(X)    **BY EMAIL:** the above-entitled document to be served electronically by email by written agreement of the parties.

( )    **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X)    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18, **2020**, at Los Angeles, California.

/s/Howard A. Kroll
Howard A. Kroll

PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 5:19-cv-07071-SVK



# EXHIBIT 3

**EXHIBIT 3**

1
2
3
4

Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

5
6

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

7

8          **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA**

10

11
12
13
14
15
16
17

FACEBOOK, INC. and INSTAGRAM,
LLC

                Plaintiffs,

        v.

ONLINENIC, INC. and DOMAIN ID
SHIELD SERVICE CO., LIMITED.

                Defendants.

Case No. 19-CV-07071-SVK

**RESPONSE OF ONLINENIC, INC.
TO REQUESTS FOR PRODUCTION
OF DOCUMENTS PROPUNDED BY
FACEBOOK, INC. AND
INSTAGRAM, LLC.**

18
19

PROPOUNDING PARTY:         Facebook, Inc. and Instagram, LLC

20

RESPONDING PARTY:          OnlineNIC, Inc.

21

SET NO.:                   Two (2)

22
23
24
25

        Defendant OnlineNIC, Inc. ("Defendant") hereby responds to the Requests for Production

of Documents propounded by Facebook, Inc. and Instagram, LLC (together, the "Plaintiff") as

follows:

26          PRELIMINARY STATEMENT

27
28

        A.      The specific responses as set forth below are for the purposes of discovery only and

OnlineNIC does not intend to waive, but expressly reserves, any and all objections and may have

- 1-

1    to the relevance, competence, materiality, admissibility or use at trial of any information,

2    documents or writings produced, identified or referred to herein. All such objections may be made

3    at any time up to and including the time of trial.

4          B.     The following responses are based on information reasonably available to

5    OnlineNIC as of the date of these responses, and upon documents that are in the possession,

6    custody or control of OnlineNIC. OnlineNIC's investigation and search for documents and things

7    responsive to these requests are ongoing. Pursuant to Federal Rule of Civil Procedure 26,

8    OnlineNIC specifically reserves the right to revise, supplement and/or amend these responses and,

9    if necessary, to assert additional objections arising from further investigation.

10          C.     By agreement of the parties, the parties do not seek privilege logs for materials

11    covered by the attorney-client privilege or the attorney work product doctrine where such materials

12    arose after the original complaint was filed in this action.

13          D.     OnlineNIC expressly reserves its right to rely, at any time during trial, upon

14    subsequently discovered information or information omitted from the specific responses set forth

15    below as a result of mistake, oversight, or inadvertence.

16          E.     Capitalized terms, unless otherwise defined herein, have the same meaning as set

17    forth in Plaintiff's Interrogatories.

18          F.     Defendant objects to the definitions of REGISTRANT, as it is ambiguous as to the

19    term "registered name holder"; for instance, it is not clear whether this term refers to beneficial

20    owners, licensors, licensees or some other type of person or entity.

21          G.     Defendant objects to the definition of "REGISTRATION" because it does not

22    distinguish between: (a) the transactional steps to register a domain with a registry, and (b) "acts

23    that entitle a party to the exclusive control" of a domain.

24          H.     Defendant objects to the definitions of REGISTARTION, USES and DOMAIN

25    NAME ABUSE as not consistent with applicable law.

26

27

28

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 153:

A representative sample of DOCUMENTS, including communications, that demonstrate all business activities engaged in between ONLINENIC and 35.CN.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 153

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "including communications" and "all business activities." Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege. Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case.

Defendant is willing to meet and confer regarding this request.

## REQUEST FOR PRODUCTION NO. 154:

All agreements between ONLINENIC and 35.CN.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 154

Defendant objects to this request as duplicative.

## REQUEST FOR PRODUCTION NO. 155:

All agreements between ONLINENIC and 35.CN concerning ONLINENIC's business as a registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 155

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all agreements." Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege. Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case.

Defendant is willing to meet and confer regarding this request.

## REQUEST FOR PRODUCTION NO. 156:

All agreements between DOMAIN ID SHIELD and 35.CN concerning ONLINENIC's business as a registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

- 3-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all agreements." Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege. Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case.

Defendant does not have any responsive documents.

**REQUEST FOR PRODUCTION NO. 157:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind for both ONLINENIC and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all PERSONS" and "perform work of any kind," Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege. Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case.

Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 158:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all independent contractors." Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege. Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case.

Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 159:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of ONLINENIC whose work involves registering domain names as a registrar, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, complying with the RAA, working with DOMAIN ID SHIELD, and performing the work of a registrar.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all independent contractors of ONLINENIC," "registering domain names," "providing privacy shield service," "managing customer relationships," and "managing finances." Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege. Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, in that this information seems to want to know every employee.

Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 160:**

DOCUMENTS sufficient to show the work performed by all of ONLINENIC's independent contractors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "work performed by all of ONLINENIC's independent contractors." Defendant further objects to this request as not limited in time an scope, causing this request to be overbroad, unduly burdensome and served purely to harass. Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege. Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, in that this information seems to want to know what every employee does every minute of every day.

Defendant is willing to meet and confer regarding this request.

- 5-

Facebook, Inc. v. OnlineNIC, Inc.                                    Case No. 19-cv-7071-SVK
OnlineNIC, Inc.'s Responses to Facebook, Inc.'s Request for Production – Set 2

**REQUEST FOR PRODUCTION NO. 161:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of DOMAIN ID SHIELD whose work involves registering domain names for its customers, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, working with ONLINENIC and complying with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all independent contractors of DOMAIN ID SHIELD," "registering domain names," "providing privacy shield service," "managing customer relationships," and "managing finances."   Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege.  Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, in that this information seems to want to know every employee.

Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 162:**

DOCUMENTS sufficient to IDENTIFY all or part of the business structure of ONLINENIC, including, but not limited to, DOCUMENTS that IDENTIFY any contractors, subcontractors, principals, officers, directors, shareholders, partners, joint venturers, employees, executives, managing agents, parents, divisions, departments, corporate subunits, subsidiaries, or affiliates of ONLINENIC as well as all entities with whom ONLINENIC has or has had a business relationship where that entity is responsible, in whole or in part, for any of ONLINENIC's business functions.

**REQUEST FOR PRODUCTION NO. 163:**

DOCUMENTS sufficient to show ICANN's actions, correspondence or outreach to enforce the RAA against ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "actions, correspondence or outreach to enforce the RAA."  Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege.  Defendant further objects to this request as it is not limited in time.  Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, in that this information seems to want to know every employee.

Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 164:**

DOCUMENTS sufficient to show ICANN's actions, correspondence or outreach to enforce the RAA against any business entity associated with ONLINENIC's principals, employees, managers and/or executives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "actions, correspondence or outreach to enforce the RA."  Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege.  Defendant further objects to this request as it is not limited in time.  Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to individuals and companies who are not parties to this action.  Defendant further objects to this request as calling for information that is outside of Defendant's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 165:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against DOMAIN ID SHIELD for failure to comply with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "enforcement" and "failure to comply."  Defendant further objects to this request

to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege.  Defendant further objects to this request as it is not limited in time. Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case.

Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 166:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against any business entity associated with DOMAIN ID SHIELD's principals, employees, managers and/or executives for failure to comply with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "enforcement of the RAA."  Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege.  Defendant further objects to this request as it is not limited in time.  Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to individuals and companies who are not parties to this action.  Defendant further objects to this request as calling for information that is outside of Defendant's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 167:**

Written agreements between ONLINENIC and the RESELLERS pursuant to 3.12 of the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "RESELLERS."  Defendant further objects to this request as it is not limited in time.  Defendant further objects to this request as calling for information that is outside of Defendant's possession, custody or control.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REQUEST FOR PRODUCTION NO. 168:**

DOCUMENTS sufficient to show actions taken by ONLINENIC against the RESELLERS pursuant to 3.12.6 of the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "RESELLERS." Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege. Defendant further objects to this request as it is not limited in time. Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to individuals and companies who are not parties to this action. Defendant further objects to this request as calling for information that is outside of Defendant's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 169:**

Financial statements of ONLINENIC since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "financial statements." Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiff's damages claims.

**REQUEST FOR PRODUCTION NO. 170:**

Balance sheets of ONLINENIC since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "balance sheets." Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiff's damages claims.

1

2

**REQUEST FOR PRODUCTION NO. 171:**

Income statements of ONLINENIC since 2009.

3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171**

4

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome

5

as to the phrase "income statements."  Defendant further objects to this request to the extent that it

6

calls for information that is not relevant to any claim or defense in this case, as it asks for

7

information relating to damages before any liability has been shown and is not relevant to

8

Plaintiff's damages claims.

9

**REQUEST FOR PRODUCTION NO. 172:**

Profit and loss statements of ONLINENIC since 2009.

10

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172**

11

12

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome

13

as to the phrase "profit and loss."  Defendant further objects to this request to the extent that it calls

14

for information that is not relevant to any claim or defense in this case, as it asks for information

15

relating to damages before any liability has been shown and is not relevant to Plaintiff's damages

16

claims.

17

**REQUEST FOR PRODUCTION NO. 173:**

Revenue and expense statements of ONLINENIC since 2009.

18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171**

19

20

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome

21

as to the phrase "revenue and expense statements."  Defendant further objects to this request to the

22

extent that it calls for information that is not relevant to any claim or defense in this case, as it asks

23

for information relating to damages before any liability has been shown and is not relevant to

24

Plaintiff's damages claims.

25

**REQUEST FOR PRODUCTION NO. 174:**

26

DOCUMENTS which support YOUR responses to the First Set of Interrogatories

27

propounded to DEFENDANTS.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174**

- 10-

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control. Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity. Defendant further objects to this request as prematurely calling for expert testimony. Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 175:**

DOCUMENTS which support YOUR denial of any Request For Admission in the First Set of Requests for Admission propounded to DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control. Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity. Defendant further objects to this request as prematurely calling for expert testimony. Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 176:**

DOCUMENTS which support YOUR denial of any Request For Admission in the Second Set of Requests for Admission propounded to DEFENDANTS,

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.  Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 177:**

DOCUMENTS sufficient to show any investigation, analysis and/or conclusion by DEFENDANTS as to whether the registration and use of the ACCUSED DOMAIN NAMES constituted DOMAIN NAME ABUSE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 177**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "any investigation, analysis and/or conclusion," "registration," and "use." Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.  Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 178:**

DOCUMENTS sufficient to show fees paid to ICANN by ONLINENIC and whether any invoices are past due.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 178**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as the request is not limited in time.  Defendant further objects to this request as seeking information that is not relevant to any claim or defense in this case.  Defendant further objects to this request as seeking information outside of Defendant's possession, custody, or control. Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 179:**

Correspondence with ICANN relating to DOMAIN NAME ABUSE by ONLINENIC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 179**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as it relates to the phrase "DOMAIN NAME ABUSE" and the fact that the request is not limited in time. Defendant further objects to this request as seeking information that is not relevant to any claim or defense in this case. Defendant further objects to this request as seeking information outside of Defendant's possession, custody, or control. Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 180:**

Correspondence with ICANN relating to DOMAIN NAME ABUSE by DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 180**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as it relates to the phrase "DOMAIN NAME ABUSE" and the fact that the request is not limited in time. Defendant further objects to this request as seeking information that is not relevant to any claim or defense in this case. Defendant further objects to this request as seeking information outside of Defendant's possession, custody, or control. Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 181:**

Correspondence with ICANN relating to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 181**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as the request is not limited in time. Defendant further objects to this request as seeking information that is not relevant to any claim or defense in this case. Defendant further objects to this request as seeking information outside of Defendant's possession, custody, or control. Defendant is willing to meet and confer regarding this request.

- 13-

Facebook, Inc. v. OnlineNIC, Inc.                                    Case No. 19-cv-7071-SVK
OnlineNIC, Inc.'s Responses to Facebook, Inc.'s  Request for Production  – Set 2

1

2    As to Objections.

3                                        Respectfully Submitted,

4                                        LEXANALYTICA, PC
     DATED:  December 18, 2020
5

6                                        By:

7
                                         Attorneys for Defendants
8                                        ONLINENIC, INC. and DOMAIN ID SHEILD
                                         SERVICE CO., LIMITED
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14-



# EXHIBIT 4

**EXHIBIT 4**

Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.<br><br>Defendants. | Case No. 19-CV-07071-SVK<br><br>**RESPONSE OF DOMAIN ID SHIELD SERVICE CO., LIMITED TO REQUESTS FOR PRODUCTION OF DOCUMENTS PROPUNDED BY PLAINTIFFS** |

PROPOUNDING PARTY:        Facebook, Inc. and Instagram, LLC

RESPONDING PARTY:        Domain ID Shield Service Co., Limited

SET NO.:                Two (2)

        Defendant Domain ID Shield Service Co., Limited. ("Defendant") hereby responds to the

Requests for Production of Documents propounded by Facebook, Inc. and Instagram, LLC

(together, the "Plaintiff") as follows:

PRELIMINARY STATEMENT

        A.        The specific responses as set forth below are for the purposes of discovery only and

Defendant does not intend to waive, but expressly reserves, any and all objections and may have to

- 1-

the relevance, competence, materiality, admissibility or use at trial of any information, documents or writings produced, identified or referred to herein. All such objections may be made at any time up to and including the time of trial.

B.      The following responses are based on information reasonably available to Defendant as of the date of these responses, and upon documents that are in the possession, custody or control of Defendant. Defendant's investigation and search for documents and things responsive to these requests are ongoing. Pursuant to Federal Rule of Civil Procedure 26, Defendant specifically reserves the right to revise, supplement and/or amend these responses and, if necessary, to assert additional objections arising from further investigation.

C.      By agreement of the parties, the parties do not seek privilege logs for materials covered by the attorney-client privilege or the attorney work product doctrine where such materials arose after the original complaint was filed in this action.

D.      Defendant expressly reserves its right to rely, at any time during trial, upon subsequently discovered information or information omitted from the specific responses set forth below as a result of mistake, oversight, or inadvertence.

E.      Capitalized terms, unless otherwise defined herein, have the same meaning as set forth in Plaintiff's Interrogatories.

F.      Defendant objects to the definitions of REGISTRANT, as it is ambiguous as to the term "registered name holder"; for instance, it is not clear whether this term refers to beneficial owners, licensors, licensees or some other type of person or entity.

G.      Defendant objects to the definition of "REGISTRATION" because it does not distinguish between: (a)  the transactional steps to register a domain with a registry, and  (b) "acts that entitle a party to the exclusive control" of a domain.

H.       Defendant objects to the definitions of REGISTARTION, USES and DOMAIN NAME ABUSE as not consistent with applicable law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 153:**

A representative sample of DOCUMENTS, including communications, that demonstrate all business activities engaged in between DOMAIN ID SHIELD and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "including communications" and "all business activities." Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege. Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case.

Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 154:**

All agreements between DOMAIN ID SHIELD and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154**

None.

**REQUEST FOR PRODUCTION NO. 155:**

All agreements between DOMAIN ID SHIELD and 35.CN concerning ONLINENIC's business as a registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155**

None.

**REQUEST FOR PRODUCTION NO. 156:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind for both DOMAIN ID SHIELD and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all PERSONS" and "perform work of any kind," Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege,

work product privilege or other privilege.  Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case.

Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 157:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of ONLINENIC whose work involves registering domain names as a registrar, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, complying with the RAA, working with DOMAIN ID SHIELD, and performing the work of a registrar.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all independent contractors of ONLINENIC," "registering domain names," "providing privacy shield service," "managing customer relationships," and "managing finances." Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege.  Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, in that this information seems to want to know every employee.

Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 156:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all independent contractors."  Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege.  Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case.

Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 157:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of DOMAIN ID SHIELD whose work involves registering domain names for its customers, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, working with ONLINENIC and complying with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all independent contractors of DOMAIN ID SHIELD," "registering domain names," "providing privacy shield service," "managing customer relationships," and "managing finances." Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege. Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, in that this information seems to want to know every employee.

Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 158:**

DOCUMENTS sufficient to show the work performed by all of DOMAIN ID SHIELD's independent contractors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "work performed by all of DOMAIN ID SHIELD's independent contractors." Defendant further objects to this request as not limited in time an scope, causing this request to be overbroad, unduly burdensome and served purely to harass. Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege. Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, in that this information seems to want to know what every employee does every minute of every day.

Defendant is willing to meet and confer regarding this request.

- 5-

Facebook, Inc. v. OnlineNIC, Inc.                                    Case No. 19-cv-7071-SVK
Domain ID Shield's Responses to Facebook, Inc.'s  Request for Production  – Set 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REQUEST FOR PRODUCTION NO. 159:**

DOCUMENTS sufficient to IDENTIFY all or part of the business structure of DOMAIN ID SHIELD, including, but not limited to, DOCUMENTS that IDENTIFY any contractors, subcontractors, principals, officers, directors, shareholders, partners, joint venturers, employees, executives, managing agents, parents, divisions, departments, corporate subunits, subsidiaries, or affiliates of DOMAIN ID SHIELD as well as all entities with whom DOMAIN ID SHIELD has or has had a business relationship where that entity is responsible, in whole or in part, for any of DOMAIN ID SHIELD's business functions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as it seeks information without any limitation in time and scope.   Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege.  Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case.

Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 162:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against DOMAIN ID SHIELD for failure to comply with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "enforcement" and "failure to comply."  Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege.  Defendant further objects to this request as it is not limited in time. Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case.

Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 163:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against any business entity associated with DOMAIN ID SHIELD's principals, employees, managers and/or executives for failure to comply with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "enforcement of the RAA." Defendant further objects to this request to the extent that it calls for information protected by the attorney-client privilege, work product privilege or other privilege. Defendant further objects to this request as it is not limited in time. Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to individuals and companies who are not parties to this action. Defendant further objects to this request as calling for information that is outside of Defendant's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 164:**

Financial statements of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "financial statements." Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiff's damages claims.

**REQUEST FOR PRODUCTION NO. 165:**

Balance sheets of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "balance sheets." Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information

relating to damages before any liability has been shown and is not relevant to Plaintiff's damages claims.

**REQUEST FOR PRODUCTION NO. 166:**

Income statements of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "income statements." Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiff's damages claims.

**REQUEST FOR PRODUCTION NO. 167:**

Profit and loss statements of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "profit and loss." Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiff's damages claims.

**REQUEST FOR PRODUCTION NO. 168:**

Revenue and expense statements of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "revenue and expense statements." Defendant further objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiff's damages claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REQUEST FOR PRODUCTION NO. 169:**

DOCUMENTS which support YOUR responses to the First Set of Interrogatories propounded to DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.  Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 170:**

DOCUMENTS which support YOUR denial of any Request For Admission in the First Set of Requests for Admission propounded to DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.  Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 171:**

DOCUMENTS which support YOUR denial of any Request For Admission in the Second Set of Requests for Admission propounded to DEFENDANTS,

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work

product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.  Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 172:**

DOCUMENTS sufficient to show any investigation, analysis and/or conclusion by DEFENDANTS as to whether the registration and use of the ACCUSED DOMAIN NAMES constituted DOMAIN NAME ABUSE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "any investigation, analysis and/or conclusion," "registration," and "use." Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.  Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 173:**

Correspondence with ICANN relating to DOMAIN NAME ABUSE by DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 173**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as it relates to the phrase "DOMAIN NAME ABUSE" and the fact that the request is not limited in time.  Defendant further objects to this request as seeking information that is not relevant to any claim or defense in this case.  Defendant further objects to this request as seeking information outside of Defendant's possession, custody, or control.  Defendant is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 174:**

Correspondence with ICANN relating to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as the request is not limited in time.  Defendant further objects to this request as seeking

1   information that is not relevant to any claim or defense in this case.  Defendant further objects to

2   this request as seeking information outside of Defendant's possession, custody, or control.

3   Defendant is willing to meet and confer regarding this request.

4

5   As to Objections.

6                                                    Respectfully Submitted,

7
    DATED:  December 18, 2020                         LEXANALYTICA, PC
8

9                                                    By:

10
                                                     Attorneys for Defendants
11                                                   ONLINENIC, INC. and DOMAIN ID SHEILD
                                                     SERVICE CO., LIMITED
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# EXHIBIT 5

**EXHIBIT 5**

Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800


Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>            Plaintiffs,<br><br>    v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.<br><br>          Defendants. | Case No. 19-CV-07071-SVK<br><br>**FIRST AMENDED RESPONSE OF ONLINENIC, INC. TO REQUESTS FOR PRODUCTION OF DOCUMENTS PROPUNDED BY FACEBOOK, INC. AND INSTAGRAM, LLC.** |

PROPOUNDING PARTY:        Facebook, Inc. and Instagram, LLC

RESPONDING PARTY:        OnlineNIC, Inc.

SET NO.:                Two (2)


    Defendant OnlineNIC, Inc. ( "OnlineNIC" or "Defendant") hereby responds to the

Requests for Production of Documents propounded by Facebook, Inc. and Instagram, LLC

(together, the "Plaintiff") as follows:

PRELIMINARY STATEMENT

    A.    The specific responses as set forth below are for the purposes of discovery only and

OnlineNIC does not intend to waive, but expressly reserves, any and all objections and may have

- 1-

Facebook, Inc. v. OnlineNIC, Inc.                                        Case No. 19-cv-7071-SVK
OnlineNIC, Inc.'s First Amended Responses to Facebook, Inc.'s  Request for Production  – Set 2

to the relevance, competence, materiality, admissibility or use at trial of any information, documents or writings produced, identified or referred to herein. All such objections may be made at any time up to and including the time of trial.

B.     The following responses are based on information reasonably available to OnlineNIC as of the date of these responses, and upon documents that are in the possession, custody or control of OnlineNIC. OnlineNIC's investigation and search for documents and things responsive to these requests are ongoing. Pursuant to Federal Rule of Civil Procedure 26, OnlineNIC specifically reserves the right to revise, supplement and/or amend these responses and, if necessary, to assert additional objections arising from further investigation.

C.     By agreement of the parties, the parties do not seek privilege logs for materials covered by the attorney-client privilege or the attorney work product doctrine where such materials arose after the original complaint was filed in this action.

D.     OnlineNIC expressly reserves its right to rely, at any time during trial, upon subsequently discovered information or information omitted from the specific responses set forth below as a result of mistake, oversight, or inadvertence.

E.     Capitalized terms, unless otherwise defined herein, have the same meaning as set forth in Plaintiff's Interrogatories.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 153:**

A representative sample of DOCUMENTS, including communications, that demonstrate all business activities engaged in between ONLINENIC and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all business activities", which could include everything from individual sales calls to sharpening pencils.   Accordingly, there are literally tens of millions of records that could be responsive. Subject to this objection, the Outsourcing Agreement is located at ONLINENIC 266918 – 266922.  Under that agreement, 35.CN provides outsourced personnel for day-to-day operations support, such as customer support (as evidenced by the support documents located at ONLINENIC 18278 – 178948) and operation of the information technology systems which are owned or paid for by OnlineNIC, like the Registration Database and Support Ticket Database.

**REQUEST FOR PRODUCTION NO. 154:**

All agreements between ONLINENIC and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154**

See ONLINENIC 266918 – 266947.

**REQUEST FOR PRODUCTION NO. 155:**

All agreements between ONLINENIC and 35.CN concerning ONLINENIC's business as a registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155**

See ONLINENIC 266918 – 266947.

**REQUEST FOR PRODUCTION NO. 156:**

All agreements between DOMAIN ID SHIELD and 35.CN concerning ONLINENIC's business as a registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156**

None.

**REQUEST FOR PRODUCTION NO. 157:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind for both ONLINENIC and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157**

Defendant has produced available identifying information for such persons in its First Amended Responses to Facebook, Inc.'s Interrogatories – Set 1, Interrogatory 20 and accompanying attachments.  Accordingly, Defendant objects to this request as duplicative and harassing.   With respect to any remaining persons, Defendant will provide responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 158:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158**

Defendant has produced available identifying information for such persons in their First Amended Responses to Facebook, Inc's Interrogatories – Set 1, Interrogatory 20 and accompanying attachments.  Accordingly, Defendant objects to this request as duplicative and harassing.   With respect to any remaining employees, Defendant will provide responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 159:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of ONLINENIC whose work involves registering domain names as a registrar, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, complying with the RAA, working with DOMAIN ID SHIELD, and performing the work of a registrar.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Defendant has produced available identifying information for such persons in their First Amended Responses to Facebook, Inc's Interrogatories – Set 1, Interrogatory 20 and accompanying attachments.  Accordingly, Defendant objects to this request as duplicative and

harassing.   With respect to any remaining persons, Defendants will provide responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 160:**

DOCUMENTS sufficient to show the work performed by all of ONLINENIC's independent contractors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "work performed by all of ONLINENIC's independent contractors", which could include everything from individual sales calls to sharpening pencils.   Defendant further objects to this request as not limited in time and scope, causing this request to be overbroad, unduly burdensome and served purely to harass. Subject to this objection, the Outsourcing Agreement is located at ONLINENIC 266918 – 266922.  Under that agreement, 35.CN provides outsourced personnel for day-to-day operations support, such as customer support (as evidenced by the support documents located at ONLINENIC 18278 – 178948) and operation of the information technology systems which are owned or paid for by OnlineNIC, like the Registration Database and Support Ticket Database.

**REQUEST FOR PRODUCTION NO. 161:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of DOMAIN ID SHIELD whose work involves registering domain names for its customers, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, working with ONLINENIC and complying with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161**

None.

**REQUEST FOR PRODUCTION NO. 162:**

DOCUMENTS sufficient to IDENTIFY all or part of the business structure of ONLINENIC, including, but not limited to, DOCUMENTS that IDENTIFY any contractors, subcontractors, principals, officers, directors, shareholders, partners, joint venturers, employees,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

executives, managing agents, parents, divisions, departments, corporate subunits, subsidiaries, or affiliates of ONLINENIC as well as all entities with whom ONLINENIC has or has had a business relationship where that entity is responsible, in whole or in part, for any of ONLINENIC's business functions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162**

 ONLINENIC 71-74, 2-38.   Defendant has produced available identifying information for responsive persons in their First Amended Responses to Facebook, Inc's Interrogatories – Set 1, Interrogatories 2, 4, 6, 12 and 20 and accompanying attachments. Defendant will produce any remaining documents by   Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 163:**

 DOCUMENTS sufficient to show ICANN's actions, correspondence or outreach to enforce the RAA against ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163**

 OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 164:**

 DOCUMENTS sufficient to show ICANN's actions, correspondence or outreach to enforce the RAA against any business entity associated with ONLINENIC's principals, employees, managers and/or executives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164**

 OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 165:**

 DOCUMENTS sufficient to show ICANN's enforcement of the RAA against DOMAIN ID SHIELD for failure to comply with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165**

 OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REQUEST FOR PRODUCTION NO. 166:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against any business entity associated with DOMAIN ID SHIELD's principals, employees, managers and/or executives for failure to comply with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 167:**

Written agreements between ONLINENIC and the RESELLERS pursuant to 3.12 of the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167**

ONLINENIC 268789.

**REQUEST FOR PRODUCTION NO. 168:**

DOCUMENTS sufficient to show actions taken by ONLINENIC against the RESELLERS pursuant to 3.12.6 of the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 169:**

Financial statements of ONLINENIC since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 170:**

Balance sheets of ONLINENIC since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 171:**

Income statements of ONLINENIC since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 172:**

Profit and loss statements of ONLINENIC since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 173:**

Revenue and expense statements of ONLINENIC since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 174:**

DOCUMENTS which support YOUR responses to the First Set of Interrogatories propounded to DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

testimony.  Subject to the foregoing, Defendant will produce responsive documents on or before Feb. 12, 2021, unless such documents have been the subject of any previous objections.

**REQUEST FOR PRODUCTION NO. 175:**

DOCUMENTS which support YOUR denial of any Request For Admission in the First Set of Requests for Admission propounded to DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.  Subject to the foregoing, Defendant will produce responsive documents on or before Feb. 12, 2021, unless such documents have been the subject of any previous objections.

**REQUEST FOR PRODUCTION NO. 176:**

DOCUMENTS which support YOUR denial of any Request For Admission in the Second Set of Requests for Admission propounded to DEFENDANTS,

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.  Subject to the foregoing, Defendant will produce responsive documents on or before Feb. 12, 2021, unless such documents have been the subject of any previous objections.

**REQUEST FOR PRODUCTION NO. 177:**

DOCUMENTS sufficient to show any investigation, analysis and/or conclusion by DEFENDANTS as to whether the registration and use of the ACCUSED DOMAIN NAMES constituted DOMAIN NAME ABUSE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 177**

Defendant objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.   Otherwise there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 178:**

DOCUMENTS sufficient to show fees paid to ICANN by ONLINENIC and whether any invoices are past due.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 178**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 179:**

Correspondence with ICANN relating to DOMAIN NAME ABUSE by ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 179**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 180:**

Correspondence with ICANN relating to DOMAIN NAME ABUSE by DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 180**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 181:**

Correspondence with ICANN relating to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 181**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

Respectfully Submitted,

DATED: February 4, 2021          LEXANALYTICA, PC

By: _____

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHEILD
SERVICE CO., LIMITED

- 11-



# EXHIBIT 6

**EXHIBIT 6**

1  Perry J. Narancic, SBN 206820
2  LEXANALYTICA, PC
   2225 E. Bayshore Road, Suite 200
3  Palo Alto, CA  94303
   www.lexanalytica.com
   pjn@lexanalytica.com
4  Tel: 650-655-2800

5  Attorneys for Defendants
6  ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
   CO., LIMITED

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 FACEBOOK, INC. and INSTAGRAM,        Case No. 19-CV-07071-SVK
   LLC
12                                       **FIRST AMENDED RESPONSES OF**
                Plaintiffs,              **DOMAIN ID SHIELD SERVICE**
13      v.                               **CO., LIMITED TO REQUESTS FOR**
                                         **PRODUCTION OF DOCUMENTS**
14                                       **PROPUNDED BY PLAINTIFFS**
   ONLINENIC, INC. and DOMAIN ID
15 SHIELD SERVICE CO., LIMITED.

16              Defendants.

17

18
19 PROPOUNDING PARTY:        Facebook, Inc. and Instagram, LLC

20 RESPONDING PARTY:         Domain ID Shield Service Co., Limited

21 SET NO.:                  Two (2)

22

23      Defendant Domain ID Shield Service Co., Limited. ("Defendant") hereby responds to the

24 Requests for Production of Documents propounded by Facebook, Inc. and Instagram, LLC

25 (together, the "Plaintiff") as follows:

26                          PRELIMINARY STATEMENT

27      A.      The specific responses as set forth below are for the purposes of discovery only and

28 Defendant does not intend to waive, but expressly reserves, any and all objections and may have to

                                    - 1-

the relevance, competence, materiality, admissibility or use at trial of any information, documents or writings produced, identified or referred to herein. All such objections may be made at any time up to and including the time of trial.

B.     The following responses are based on information reasonably available to Defendant as of the date of these responses, and upon documents that are in the possession, custody or control of Defendant. Defendant's investigation and search for documents and things responsive to these requests are ongoing. Pursuant to Federal Rule of Civil Procedure 26, Defendant specifically reserves the right to revise, supplement and/or amend these responses and, if necessary, to assert additional objections arising from further investigation.

C.     By agreement of the parties, the parties do not seek privilege logs for materials covered by the attorney-client privilege or the attorney work product doctrine where such materials arose after the original complaint was filed in this action.

D.     Defendant expressly reserves its right to rely, at any time during trial, upon subsequently discovered information or information omitted from the specific responses set forth below as a result of mistake, oversight, or inadvertence.

E.     Capitalized terms, unless otherwise defined herein, have the same meaning as set forth in Plaintiff's Interrogatories.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 153:**

A representative sample of DOCUMENTS, including communications, that demonstrate all business activities engaged in between DOMAIN ID SHIELD and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153**

None.

**REQUEST FOR PRODUCTION NO. 154:**

All agreements between DOMAIN ID SHIELD and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154**

None.

**REQUEST FOR PRODUCTION NO. 155:**

All agreements between DOMAIN ID SHIELD and 35.CN concerning ONLINENIC's business as a registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155**

None.

**REQUEST FOR PRODUCTION NO. 156:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind for both DOMAIN ID SHIELD and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all PERSONS" and "perform work of any kind". Subject to the foregoing, available identifying information has been supplied has produced available identifying information for such persons in their First Amended Responses to Facebook, Inc's Interrogatories – Set 1, Interrogatory 20 and accompanying attachments.  Accordingly, Defendant object sto this request as duplicative and harassing.  With respect to any remaining persons, Defendant will provide responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 157:**

- 3-

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of ONLINENIC whose work involves registering domain names as a registrar, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, complying with the RAA, working with DOMAIN ID SHIELD, and performing the work of a registrar.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

Defendant has produced available identifying information for such persons in their First Amended Responses to Facebook, Inc's Interrogatories – Set 1, Interrogatories  12 and accompanying attachments.  Accordingly, Defendants object to this request as duplicative and harassing.   With respect to any remaining persons, Defendants will provide responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 156:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158**

None.

**REQUEST FOR PRODUCTION NO. 157:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of DOMAIN ID SHIELD whose work involves registering domain names for its customers, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, working with ONLINENIC and complying with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

None.

**REQUEST FOR PRODUCTION NO. 158:**

DOCUMENTS sufficient to show the work performed by all of DOMAIN ID SHIELD's independent contractors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160**

None.

**REQUEST FOR PRODUCTION NO. 159:**

DOCUMENTS sufficient to IDENTIFY all or part of the business structure of DOMAIN ID SHIELD, including, but not limited to, DOCUMENTS that IDENTIFY any contractors, subcontractors, principals, officers, directors, shareholders, partners, joint venturers, employees, executives, managing agents, parents, divisions, departments, corporate subunits, subsidiaries, or affiliates of DOMAIN ID SHIELD as well as all entities with whom DOMAIN ID SHIELD has or has had a business relationship where that entity is responsible, in whole or in part, for any of DOMAIN ID SHIELD's business functions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161**

ONLINENIC 2-17.

**REQUEST FOR PRODUCTION NO. 162:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against DOMAIN ID SHIELD for failure to comply with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162**

None.

**REQUEST FOR PRODUCTION NO. 163:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against any business entity associated with DOMAIN ID SHIELD's principals, employees, managers and/or executives for failure to comply with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163**

None.

**REQUEST FOR PRODUCTION NO. 164:**

Financial statements of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 165:**

Balance sheets of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 166:**

Income statements of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 167:**

Profit and loss statements of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 168:**

Revenue and expense statements of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 169:**

DOCUMENTS which support YOUR responses to the First Set of Interrogatories propounded to DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.  Subject to the foregoing, Defendant will produce responsive documents on or before Feb. 12, 2021, unless such documents have been the subject of any previous objections.

**REQUEST FOR PRODUCTION NO. 170:**

DOCUMENTS which support YOUR denial of any Request For Admission in the First Set of Requests for Admission propounded to DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.  Subject to the foregoing, Defendant will produce responsive documents on or before Feb. 12, 2021, unless such documents have been the subject of any previous objections.

**REQUEST FOR PRODUCTION NO. 171:**

DOCUMENTS which support YOUR denial of any Request For Admission in the Second Set of Requests for Admission propounded to DEFENDANTS,

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert

testimony.  Subject to the foregoing, Defendant will produce responsive documents on or before Feb. 12, 2021, unless such documents have been the subject of any previous objections.

**REQUEST FOR PRODUCTION NO. 172:**

DOCUMENTS sufficient to show any investigation, analysis and/or conclusion by DEFENDANTS as to whether the registration and use of the ACCUSED DOMAIN NAMES constituted DOMAIN NAME ABUSE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172**

Defendant objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.

**REQUEST FOR PRODUCTION NO. 173:**

Correspondence with ICANN relating to DOMAIN NAME ABUSE by DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 173**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 174:**

Correspondence with ICANN relating to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174**

None.

Respectfully Submitted,

DATED:  February 4, 2021            LEXANALYTICA, PC

By:    _____

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD
SERVICE CO., LIMITED

- 8-