

515 South Flower Street, Forty Second Floor | Los Angeles, CA 90071-2223 | TEL 213.430.3400 | FAX 213.430.3409

March 16, 2021                    DIRECT DIAL 213.430.3360 | david.steele@tuckerellis.com

**VIA CM/ECF**

Magistrate Judge Susan van Keulen
U.S. District Court
Northern District of California
280 South 1st Street
San Jose, CA 95113

*Re: Facebook Inc. et al. v. OnlineNIC Inc., et al.*
*No. 5-19-cv-07071-SKV*
*Joint Discovery Letter Brief – Financial Documents*

Dear Magistrate Judge van Keulen:

Pursuant to Your Honor's Civil Scheduling and Discovery Order (dated June 2020), the parties to the above-entitled action submit this joint statement to seek the Court's assistance in resolving a discovery dispute.

**Days Remaining Before the Close of Fact Discovery and/or Trial**

The close of fact discovery is May 4, 2021, and trial is set to begin on November 15, 2021. (ECF No. 60). There are **45 days** before the close of fact discovery and **244 days** before trial is scheduled to commence.

**Brief Statement of the Unresolved Dispute.**

The parties are at an impasse regarding Defendants' responses to ten requests in Plaintiffs' second set of requests for production of documents. The unresolved dispute presented in this Joint Statement concerns production of documents regarding Defendants' revenue and profit.

Plaintiffs contend that these documents are relevant to their cybersquatting claims and their alter ego claims, as well as damages and that Defendants have refused to produce any formal financial statements on the grounds that such information is over-reaching and duplicative.

Defendants contend they have already produced all database records showing all the revenues derived for each of the domains in dispute.

Joint charts setting forth the disputed requests, the responses, the parties' proposed compromises and a blank column for the Court are filed along with this Joint Discovery Letter Brief and attached as Exhibits 5 and 6.



### Facebook and Instagram's Statement of Proposed Compromise

On November 18, 2020 Plaintiffs served a second set of requests for production of documents on each defendant. Each set of requests included five requests that sought documents regarding Defendants' financial information.[1] Defendants served their initial responses on December 18, 2020.[2] After a meeting between counsel regarding the sufficiency of Defendants' initial responses, Defendants served amended responses on February 4, 2021.[3] Defendants' amended response to each of these requests was the same:

> Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

As set forth below, Defendants' objections are specious and appear to be asserted for the purpose of obfuscation and delay.

*First*, each of these requests seek information regarding Defendants' revenue and profit, which is relevant to Defendants' bad faith intent to profit from the use of Plaintiffs' marks -- one of the required elements of Plaintiffs' claims of cybersquatting in violation of the Anti-cybersquatting Consumer Protection Act. *See* 15 U.S.C. § 1125(d)(1)(A). Accordingly, the requested financial information is not only relevant for purposes of discovery, i.e., reasonably calculated to lead to the discovery of admissible evidence, but it will be admissible at trial.

*Second*, Plaintiffs have also asserted claims for trademark infringement, false designation of origin and dilution against Defendants, and one of the remedies for these unlawful acts is recovery of Defendants' profits. Accordingly, the requested financial information is relevant to these claims as well.

*Third*, the requested documents are relevant to proof of alter ego and to establish that Defendants are "so organized and controlled" and their "affairs are so conducted" as to make them "merely an instrumentality, agency, conduit, or adjunct of" one another. *City of Dana Point v New Method Wellness, Inc.* (2019) 39 Cal.App.5th 985, 991. Some of the factors that a court will consider when evaluating whether two separate entities should be treated as one for liability purposes include: (1) common employees, (2) common offices, (3) centralized accounting, (4) payment of wages by one corporation to another corporation's employees, (5) services rendered by the employees of one corporation on behalf of another corporation, (6) adequate capitalization,

---

[1] The relevant document requests that Plaintiffs served on defendants OnlineNIC (Request Nos. 169-173) and Domain ID Shield (Request Nos. 164-168) are attached as Exhibits 1 and 2, respectively.

[2] In their initial response Defendants objected to these requests arguing that they were overbroad and unduly burdensome. They also claimed that the terms "financial statements", "balance sheets", "income statements", "profit and loss statements" and "revenue and expense statements" were vague, ambiguous. Defendants' counsel agreed to withdraw these objections during the required discovery conference.

[3] OnlineNIC's and ID Shield's amended responses are attached as Exhibits 3 and 4, respectively.



(7) undocumented transfers of funds between corporations, and (8) unclear allocation of profits and losses between corporations. *See, e.g., Pan Pacific Sash & Door Co. v. Greendale Park, Inc.* (1958) 166 Cal.App.2d 652; *Las Palmas Assoc. v. Las Palmas Ctr. Assoc.* (1991) 235 Cal.App.3d 1220; *Associated Vendors, Inc. v. Oakland Meat Co.* (1962) 210 Cal. App. 2d 825. The requested financial documents are relevant to prove each of these factors.

Accordingly, Plaintiffs request that Defendants be ordered to produce the requested financial information.

### OnlineNIC and Domain ID Shield's Statement of Proposed Compromise

It is not disputed that, as plaintiffs under the *Lanham Act* and the *Anti-cybersquatting Consumer Protection Act,* Plaintiffs (or "Facebook") are entitled to discovery on Defendants' alleged "profits" arising from the alleged unlawful acts. However, Facebook does not cite a single case that supports its position that it is entitled to *all revenue* and other financial information for the *entire life history* of each defendant for the millions of other domains that are not in dispute. Nor could it. Nonetheless, Facebook seeks all financial statements of Defendants' going back to 2009 – which include highly sensitive financial information on matters wholly unrelated to Facebook's claims.

Defendants have already produced to Facebook all information in OnlineNIC's registration database that record all revenue for each domain in this case. A sample database screenshot is reproduced below for trollfacebook.com:

```
i_date          10/12/2016
i_amount        $8.59
currency_id     2
i_type          2
mode_id         70021
cheque_number   cart=5730433
vouch_number
start_date      10/12/2016
o_period        12
user_id         99
i_time          2016-10-12 14:55:57
checker_id      99
check_time      2016-10-12 14:55:57
note            trollfacebook.com[API3]
```

Facebook's attempt to use *alter ego* theories to justify its free-for-all discovery requests are contradicted by case law. In *Tacori Enters v. Nerces Fine Jewelry,* 2014 U.S. Dist. LEXIS 195043 * 6 ((C.D. Cal. April 9, 2014), the court stated: "Making an alter ego allegation does not *ipso facto*, open up every single financial record for examination." As noted in Defendants' Opposition to Plaintiffs' Motion for Leave to File a First Amended Complaint and Modify the Scheduling Order (Dkt. No. 75), Facebook has known the materials facts about the Defendants' relationship with 35.CN since July 2020. Facebook's attempt to use *alter ego* theories is just an end-round attempt to get what it is not entitled to get under its trademark arguments. As a compromise, Defendants' will produce bank records showing payments from OnlineNIC to 35.CN arising under the Outsourcing Agreements.

**Tucker**
**Ellis** | LLP

TUCKER ELLIS LLP
By: /s/David J. Steele

David J. Steele
Attorneys for Plaintiffs
FACEBOOK, INC. and INSTAGRAM, LLC

LEXANALYTICA, PC
By: /s/Perry J. Narancic

Perry J. Narancic
Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD
SERVICES CO., LIMITED



# EXHIBIT 1

**EXHIBIT 1**

TUCKER ELLIS LLP
David J. Steele - SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen – SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213-430-3400
Facsimile:    213-430-3409

Attorneys for Plaintiffs
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., and INSTAGRAM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC INC., DOMAIN ID SHIELD SERVICE CO., LIMITED, and DOES 1-20,<br><br>Defendants. | Case No. 5:19-CV-07071-SVK<br><br>**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT ONLINENIC, INC.**<br><br>Hon. Susan van Keulen |

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

Plaintiffs Facebook, Inc. and Instagram, LLC (collectively "Plaintiffs") request that Defendant OnlineNIC Inc. provide a written response and produce for inspection and copying each DOCUMENT and tangible thing in its possession, custody, or control requested below, in accordance with Rule 34 of the Federal Rules of Civil Procedure. Plaintiffs request that the DOCUMENTS and things be made available for inspection and copying at the offices of Tucker Ellis, LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071, or at another location mutually agreeable to the parties, within thirty days after the service of these requests.

## **DEFINITIONS**

Unless specifically indicated, or otherwise required by the context in which the terms and names are used the following definitions shall apply:

A.      "DOCUMENT(S)" shall have the broadest possible meaning permissible by Rules 26 and 34(a)(1) of the Federal Rules of Civil Procedure, and shall include both documents or electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

B.      "ONLINENIC" shall mean Defendant OnlineNIC Inc.

C.      "DOMAIN ID SHIELD" shall mean Defendant Domain ID Shield Service Co., Limited.

D.      "DEFENDANTS" shall mean ONLINENIC and DOMAIN ID SHIELD, collectively and individually.

E.      "35.CN" shall mean 35 Technology Co., Ltd a/k/a 35cn a/k/a 35.cn a/k/a 35.com.

F.      "REGISTRATION" shall mean the registration or renewal of domain name, or any other act that entitles a party to the exclusive control and use of a domain name, for any length of time.

G.      "TRAFFICKING IN" shall have the meaning provided for in the Lanham Act.

H.      "USE" or "USES" shall mean using a domain name to provide a website accessible at that domain name, or configuring the domain name to redirect visitors to any other domain name or website, using a domain name to send or receive any electronic communication, or authorizing any third party to do any of the above actions.

I.      "USED" shall mean the past tense of USE.

J.      "MONETIZATION" shall mean using the domain name to provide a website accessible at that domain name that displays links to advertisements, or that displays advertisements, or that displays pop-up and pop-under advertisements.

K.      "IDENTIFY" shall mean provide information about a person or entity, or thing or place, including but not limited to the name, address, IP address, telephone number, email address, banking information, payment information, credit card information, and any other information about the identity of the person or entity, or the thing or place.

L.      "PERSONS" shall mean any individual or entity regardless of his, her, or its affiliation (or lack thereof) with DEFENDANTS.

M.      "REGISTRANT" shall mean the name and contact information listed in the WHOIS directory as the registrant or registered name holder of a domain name.

N.      "ICANN" shall mean the Internet Corporation of Assigned Names and Numbers.

O.      "RAA" shall mean the ICANN Registrar Accreditation Agreement.

P.      "ACCUSED DOMAIN NAMES" shall mean the domain names identified in Exhibit 1.

Q.      "DOMAIN NAME ABUSE" shall mean registering, trafficking, and/or using in any manner whatsoever any domain name in connection with any type of illegal activity or online abuse, including, but not limited to, trademark or service mark infringement, false designation of origin, cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets.

R.      "RESELLERS" shall mean those individuals or entities involved in the REGISTRATION of the ACCUSED DOMAIN NAMES.

**INSTRUCTIONS**

The following instructions apply to the discovery requests below and should be considered as part of each such request:

1.      ONLINENIC shall produce requested DOCUMENTS stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

2.    As required by Rule 34(b) of the Federal Rules of Civil Procedure, all requested DOCUMENTS shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in this request.

3.    For those produced DOCUMENTS that require other DOCUMENTS to render the produced DOCUMENTS either comprehensible or not misleading, produce all such other DOCUMENTS.

4.    If ONLINENIC withholds from production any of the requested DOCUMENTS or things on the grounds that it is privileged or subject to protection as trial preparation material, then, in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, please provide, within thirty days of service of this request, the following information as to each of the DOCUMENTS and things withheld.

    a)    the name and title or capacity of its author or originator;

    b)    the name and title of capacity of every person who received it;

    c)    the relationship between the author or originator and each person who received the withheld DOCUMENT or thing;

    d)    whether the primary purpose of the withheld DOCUMENT or thing or any underlying communication was to seek or provide legal advice or services;

    e)    the date of the withheld DOCUMENT or things;

    f)    each subject matter addressed in it;

    g)    whether the withheld DOCUMENT or thing was transmitted in confidence; and

    h)    all privileges or other objections asserted as to the withheld DOCUMENT or thing.

5.    Unless ONLINENIC claims that the entirety of a DOCUMENT is privileged or protected from discovery by an immunity or the work product doctrine, ONLINENIC shall produce the portions of the DOCUMENT that it does not claim are privileged or protected from discovery by an immunity or the work product doctrine and log the redactions in accordance with the provisions of paragraph 4 above.

6.    All DOCUMENTS requested are to be produced in the same file or other organizational environment in which they are maintained. For example a DOCUMENT that is part of a file, docket, or other grouping, should be physically produced together with all other DOCUMENTS from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each DOCUMENT and thing produced in response hereto, identify the request for production in response to

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

-3-

which the DOCUMENT or thing is being produced.

7.    Electronic DOCUMENTS produced pursuant to these Requests are to be produced in their native electronic format.

8.    These requests seek all responsive DOCUMENTS in their original language and, if such original language is not English, these requests also seek all English-language translations that may exist for such DOCUMENTS.

9.    If ONLINENIC objects to any subpart or portion of a request for production or objects to providing certain information requested, ONLINENIC shall state the objection and supply the unobjectionable information requested.

10.    If any of the following requests for information cannot be responded to in full and after exercising reasonable diligence to secure the information, ONLINENIC shall so state, supply the information for those portions it is able to, and supply whatever information it has concerning the portion of the request that cannot be answered in full. If ONLINENIC's response is qualified in any particular respect, set forth the details of such qualification.

11.    No request for a particular item or category should be construed as a limitation on any other part of this request.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 153:**

A representative sample of DOCUMENTS, including communications, that demonstrate all business activities engaged in between ONLINENIC and 35.CN.

**REQUEST FOR PRODUCTION NO. 154:**

All agreements between ONLINENIC and 35.CN.

**REQUEST FOR PRODUCTION NO. 155:**

All agreements between ONLINENIC and 35.CN concerning ONLINENIC's business as a registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

**REQUEST FOR PRODUCTION NO. 156:**

All agreements between DOMAIN ID SHIELD and 35.CN concerning ONLINENIC's business as a registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

**REQUEST FOR PRODUCTION NO. 157:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind for both ONLINENIC and 35.CN.

**REQUEST FOR PRODUCTION NO. 158:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of ONLINENIC.

**REQUEST FOR PRODUCTION NO. 159:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of ONLINENIC whose work involves registering domain names as a registrar, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, complying with the RAA, working with DOMAIN ID SHIELD, and performing the work of a registrar.

**REQUEST FOR PRODUCTION NO. 160:**

DOCUMENTS sufficient to show the work performed by all of ONLINENIC's independent contractors.

**REQUEST FOR PRODUCTION NO. 161:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of DOMAIN ID SHIELD whose work involves registering domain names for its customers, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, working with ONLINENIC and complying with the RAA.

**REQUEST FOR PRODUCTION NO. 162:**

DOCUMENTS sufficient to IDENTIFY all or part of the business structure of ONLINENIC, including, but not limited to, DOCUMENTS that IDENTIFY any contractors, subcontractors, principals, officers, directors, shareholders, partners, joint venturers, employees, executives, managing agents, parents, divisions, departments, corporate subunits, subsidiaries, or affiliates of ONLINENIC as well as all entities with whom ONLINENIC has or has had a business relationship where that entity is responsible, in whole or in part, for any of ONLINENIC's business functions.

TUCKER ELLIS LLP
Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**REQUEST FOR PRODUCTION NO. 163:**

DOCUMENTS sufficient to show ICANN's actions, correspondence or outreach to enforce the RAA against ONLINENIC.

**REQUEST FOR PRODUCTION NO. 164:**

DOCUMENTS sufficient to show ICANN's actions, correspondence or outreach to enforce the RAA against any business entity associated with ONLINENIC's principals, employees, managers and/or executives.

**REQUEST FOR PRODUCTION NO. 165:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against DOMAIN ID SHIELD for failure to comply with the RAA.

**REQUEST FOR PRODUCTION NO. 166:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against any business entity associated with DOMAIN ID SHIELD's principals, employees, managers and/or executives for failure to comply with the RAA.

**REQUEST FOR PRODUCTION NO. 167:**

Written agreements between ONLINENIC and the RESELLERS pursuant to 3.12 of the RAA.

**REQUEST FOR PRODUCTION NO. 168:**

DOCUMENTS sufficient to show actions taken by ONLINENIC against the RESELLERS pursuant to 3.12.6 of the RAA.

**REQUEST FOR PRODUCTION NO. 169:**

Financial statements of ONLINENIC since 2009.

**REQUEST FOR PRODUCTION NO. 170:**

Balance sheets of ONLINENIC since 2009.

**REQUEST FOR PRODUCTION NO. 171:**

Income statements of ONLINENIC since 2009.

**REQUEST FOR PRODUCTION NO. 172:**

Profit and loss statements of ONLINENIC since 2009.

**REQUEST FOR PRODUCTION NO. 173:**

Revenue and expense statements of ONLINENIC since 2009.

**REQUEST FOR PRODUCTION NO. 174:**

DOCUMENTS which support YOUR responses to the First Set of Interrogatories propounded to DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 175:**

DOCUMENTS which support YOUR denial of any Request For Admission in the First Set of Requests for Admission propounded to DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 176:**

DOCUMENTS which support YOUR denial of any Request For Admission in the Second Set of Requests for Admission propounded to DEFENDANTS,

**REQUEST FOR PRODUCTION NO. 177:**

DOCUMENTS sufficient to show any investigation, analysis and/or conclusion by DEFENDANTS as to whether the registration and use of the ACCUSED DOMAIN NAMES constituted DOMAIN NAME ABUSE.

**REQUEST FOR PRODUCTION NO. 178:**

DOCUMENTS sufficient to show fees paid to ICANN by ONLINENIC and whether any invoices are past due.

**REQUEST FOR PRODUCTION NO. 179:**

Correspondence with ICANN relating to DOMAIN NAME ABUSE by ONLINENIC.

**REQUEST FOR PRODUCTION NO. 180:**

Correspondence with ICANN relating to DOMAIN NAME ABUSE by DOMAIN ID SHIELD.

**REQUEST FOR PRODUCTION NO. 181:**

Correspondence with ICANN relating to this lawsuit.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1    Dated:  November 18, 2020                    Tucker Ellis LLP

2

3                                                By: /s/David J. Steele
                                                 David J. Steele
4                                                Howard Kroll
                                                 Steven E. Lauridsen
5
                                                 Attorneys for Plaintiffs,
6                                                Facebook, Inc. and Instagram, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Exhibit 1 to Plaintiffs' Second Set of Requests For Production of Documents</u>**

facebook-fans-buy.com

facebook-mails.com

facebook-pass.com

facebook-pw.com

facebookphysician.com

facebookvideodownload.net

findfacebookid.com

hackingfacebook.net

hacksomeonesfacebook.com

lamsocialfacebook.net

trollfacebook.com

www-facebook-login.com

www-facebook-pages.com

buyinstagramfans.com

instaface.org

instagram01.com

iiinstagram.com

login-lnstargram.com

m-facebook-login.com

singin-lnstargram.com

Tucker Ellis LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**<u>CERTIFICATE OF SERVICE</u>**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

     On November 18, 2020, I served the following: **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT ONLINENIC, INC.** on the interested parties in this action as follows:

LEXANALYTICA, PC
Perry J. Narancic
pjn@lexanalytica.com
2225 E. Bayshore Road
Suite 200
Palo Alto, CA 94303
Telephone:    650.655.2800

Attorneys for Defendants,
ONLINENIC, INC. and DOMAIN ID SHIELD
SERVICES CO., LIMITED

(X)   **BY EMAIL:** the above-entitled document to be served electronically by email by written agreement of the parties.

(  )   **BY MAIL:**  By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP.  I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X)   **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     Executed on November 18**, 2020**, at Los Angeles, California.

          /s/Howard A. Kroll
          Howard A. Kroll

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco



**EXHIBIT 2**

**EXHIBIT 2**

TUCKER ELLIS LLP
David J. Steele - SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen – SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:     213-430-3400
Facsimile:      213-430-3409

Attorneys for Plaintiffs
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., and INSTAGRAM, LLC, | Case No. 5:19-CV-07071-SVK |
| Plaintiffs, | **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT DOMAIN ID SHIELD SERVICE CO., LIMITED** |
| v. | |
| ONLINENIC INC., DOMAIN ID SHIELD SERVICE CO., LIMITED, and DOES 1-20, | |
| Defendants. | Hon. Susan van Keulen |

*TUCKER ELLIS LLP*
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

4556087.1

Plaintiffs Facebook, Inc. and Instagram, LLC (collectively "Plaintiffs") request that Defendant Domain ID Shield Service Co., Limited provide a written response and produce for inspection and copying each DOCUMENT and tangible thing in its possession, custody, or control requested below, in accordance with Rule 34 of the Federal Rules of Civil Procedure. Plaintiffs request that the DOCUMENTS and things be made available for inspection and copying at the offices of Tucker Ellis, LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071, or at another location mutually agreeable to the parties, within thirty days after the service of these requests.

### **DEFINITIONS**

Unless specifically indicated, or otherwise required by the context in which the terms and names are used the following definitions shall apply:

A.      "DOCUMENT(S)" shall have the broadest possible meaning permissible by Rules 26 and 34(a)(1) of the Federal Rules of Civil Procedure, and shall include both documents or electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

B.      "ONLINENIC" shall mean Defendant OnlineNIC Inc.

C.      "DOMAIN ID SHIELD" shall mean Defendant Domain ID Shield Service Co., Limited.

D.      "DEFENDANTS" shall mean ONLINENIC and DOMAIN ID SHIELD, collectively and individually.

E.      "35.CN" shall mean 35 Technology Co., Ltd a/k/a 35cn a/k/a 35.cn a/k/a 35.com.

F.      "REGISTRATION" shall mean the registration or renewal of domain name, or any other act that entitles a party to the exclusive control and use of a domain name, for any length of time.

G.      "TRAFFICKING IN" shall have the meaning provided for in the Lanham Act.

H.      "USE" or "USES" shall mean using a domain name to provide a website accessible at that domain name, or configuring the domain name to redirect visitors to any other domain name or website, using a domain name to send or receive any electronic communication, or authorizing any third party to do any of the above actions.

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

I.    "USED" shall mean the past tense of USE.

J.    "MONETIZATION" shall mean using the domain name to provide a website accessible at that domain name that displays links to advertisements, or that displays advertisements, or that displays pop-up and pop-under advertisements.

K.    "IDENTIFY" shall mean provide information about a person or entity, or thing or place, including but not limited to the name, address, IP address, telephone number, email address, banking information, payment information, credit card information, and any other information about the identity of the person or entity, or the thing or place.

L.    "PERSONS" shall mean any individual or entity regardless of his, her, or its affiliation (or lack thereof) with DEFENDANTS.

M.    "REGISTRANT" shall mean the name and contact information listed in the WHOIS directory as the registrant or registered name holder of a domain name.

N.    "ICANN" shall mean the Internet Corporation of Assigned Names and Numbers.

O.    "RAA" shall mean the ICANN Registrar Accreditation Agreement.

P.    "ACCUSED DOMAIN NAMES" shall mean the domain names identified in Exhibit 1.

Q.    "DOMAIN NAME ABUSE" shall mean registering, trafficking, and/or using in any manner whatsoever any domain name in connection with any type of illegal activity or online abuse, including, but not limited to, trademark or service mark infringement, false designation of origin, cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets.

R.    "RESELLERS" shall mean those individuals or entities involved in the REGISTRATION of the ACCUSED DOMAIN NAMES.

## INSTRUCTIONS

The following instructions apply to the discovery requests below and should be considered as part of each such request:

1.    DOMAIN ID SHIELD shall produce requested DOCUMENTS stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained.

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

2.      As required by Rule 34(b) of the Federal Rules of Civil Procedure, all requested DOCUMENTS shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in this request.

3.      For those produced DOCUMENTS that require other DOCUMENTS to render the produced DOCUMENTS either comprehensible or not misleading, produce all such other DOCUMENTS.

4.      If DOMAIN ID SHIELD withholds from production any of the requested DOCUMENTS or things on the grounds that it is privileged or subject to protection as trial preparation material, then, in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, please provide, within thirty days of service of this request, the following information as to each of the DOCUMENTS and things withheld.

       a)   the name and title or capacity of its author or originator;

       b)   the name and title of capacity of every person who received it;

       c)   the relationship between the author or originator and each person who received the withheld DOCUMENT or thing;

       d)   whether the primary purpose of the withheld DOCUMENT or thing or any underlying communication was to seek or provide legal advice or services;

       e)   the date of the withheld DOCUMENT or things;

       f)   each subject matter addressed in it;

       g)   whether the withheld DOCUMENT or thing was transmitted in confidence; and

       h)   all privileges or other objections asserted as to the withheld DOCUMENT or thing.

5.      Unless DOMAIN ID SHIELD claims that the entirety of a DOCUMENT is privileged or protected from discovery by an immunity or the work product doctrine, DOMAIN ID SHIELD shall produce the portions of the DOCUMENT that it does not claim are privileged or protected from discovery by an immunity or the work product doctrine and log the redactions in accordance with the provisions of paragraph 4 above.

6.      All DOCUMENTS requested are to be produced in the same file or other organizational environment in which they are maintained. For example a DOCUMENT that is part of a file, docket, or other grouping, should be physically produced together with all other DOCUMENTS from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each

-3-

DOCUMENT and thing produced in response hereto, identify the request for production in response to which the DOCUMENT or thing is being produced.

7.    Electronic DOCUMENTS produced pursuant to these Requests are to be produced in their native electronic format.

8.    These requests seek all responsive DOCUMENTS in their original language and, if such original language is not English, these requests also seek all English-language translations that may exist for such DOCUMENTS.

9.    If DOMAIN ID SHIELD objects to any subpart or portion of a request for production or objects to providing certain information requested, DOMAIN ID SHIELD shall state the objection and supply the unobjectionable information requested.

10.    If any of the following requests for information cannot be responded to in full and after exercising reasonable diligence to secure the information, DOMAIN ID SHIELD shall so state, supply the information for those portions it is able to, and supply whatever information it has concerning the portion of the request that cannot be answered in full. If ONLINENIC's response is qualified in any particular respect, set forth the details of such qualification.

11.    No request for a particular item or category should be construed as a limitation on any other part of this request.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 153:

A representative sample of DOCUMENTS, including communications, that demonstrate all business activities engaged in between DOMAIN ID SHIELD and 35.CN.

### REQUEST FOR PRODUCTION NO. 154:

All agreements between DOMAIN ID SHIELD and 35.CN.

### REQUEST FOR PRODUCTION NO. 155:

All agreements between DOMAIN ID SHIELD and 35.CN concerning ONLINENIC's business as a registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

### REQUEST FOR PRODUCTION NO. 156:

DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind for both

-4-

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1  DOMAIN ID SHIELD and 35.CN.

2  **REQUEST FOR PRODUCTION NO. 157:**

3      DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of

4  ONLINENIC whose work involves registering domain names as a registrar, providing privacy shield

5  service to its customers, managing customer relationships, marketing, processing payments, managing

6  finances, complying with the RAA, working with DOMAIN ID SHIELD, and performing the work of a

7  registrar.

8  **REQUEST FOR PRODUCTION NO. 158:**

9      DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of

10  DOMAIN ID SHIELD.

11  **REQUEST FOR PRODUCTION NO. 159:**

12      DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of

13  DOMAIN ID SHIELD whose work involves registering domain names for its customers, providing

14  privacy shield service to its customers, managing customer relationships, marketing, processing payments,

15  managing finances, working with ONLINENIC and complying with the RAA.

16  **REQUEST FOR PRODUCTION NO. 160:**

17      DOCUMENTS sufficient to show the work performed by all of DOMAIN ID SHIELD's

18  independent contractors.

19  **REQUEST FOR PRODUCTION NO. 161:**

20      DOCUMENTS sufficient to IDENTIFY all or part of the business structure of DOMAIN ID

21  SHIELD, including, but not limited to, DOCUMENTS that IDENTIFY any contractors, subcontractors,

22  principals, officers, directors, shareholders, partners, joint venturers, employees, executives, managing

23  agents, parents, divisions, departments, corporate subunits, subsidiaries, or affiliates of DOMAIN ID

24  SHIELD as well as all entities with whom DOMAIN ID SHIELD has or has had a business relationship

25  where that entity is responsible, in whole or in part, for any of DOMAIN ID SHIELD's business functions.

26  **REQUEST FOR PRODUCTION NO. 162:**

27      DOCUMENTS sufficient to show ICANN's enforcement of the RAA against DOMAIN ID

28  SHIELD for failure to comply with the RAA.

**REQUEST FOR PRODUCTION NO. 163:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against any business entity associated with DOMAIN ID SHIELD's principals, employees, managers and/or executives for failure to comply with the RAA.

**REQUEST FOR PRODUCTION NO. 164:**

Financial statements of DOMAIN ID SHIELD since 2009.

**REQUEST FOR PRODUCTION NO. 165:**

Balance sheets of DOMAIN ID SHIELD since 2009.

**REQUEST FOR PRODUCTION NO. 166:**

Income statements of DOMAIN ID SHIELD since 2009.

**REQUEST FOR PRODUCTION NO. 167:**

Profit and loss statements of DOMAIN ID SHIELD since 2009.

**REQUEST FOR PRODUCTION NO. 168:**

Revenue and expense statements of DOMAIN ID SHIELD since 2009.

**REQUEST FOR PRODUCTION NO. 169:**

DOCUMENTS which support YOUR responses to the First Set of Interrogatories propounded to DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 170:**

DOCUMENTS which support YOUR denial of any Request For Admission in the First Set of Requests for Admission propounded to DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 171:**

DOCUMENTS which support YOUR denial of any Request For Admission in the Second Set of Requests for Admission propounded to DEFENDANTS,

**REQUEST FOR PRODUCTION NO. 172:**

DOCUMENTS sufficient to show any investigation, analysis and/or conclusion by DEFENDANTS as to whether the registration and use of the ACCUSED DOMAIN NAMES constituted DOMAIN NAME ABUSE.

1    **<u>REQUEST FOR PRODUCTION NO. 173:</u>**

2         Correspondence with ICANN relating to DOMAIN NAME ABUSE by DOMAIN ID SHIELD.

3    **<u>REQUEST FOR PRODUCTION NO. 174:</u>**

4         Correspondence with ICANN relating to this lawsuit.

7    Dated:  November 18, 2020                    Tucker Ellis LLP

9                                                 By: /s/David J. Steele
                                                     David J. Steele
10                                                   Howard Kroll
                                                     Steven E. Lauridsen

12                                                 Attorneys for Plaintiffs,
                                                   Facebook, Inc. and Instagram, LLC

T<small>UCKER</small> E<small>LLIS</small> LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 5:19-cv-07071-SVK

**Exhibit 1 to Plaintiffs' Second Set of Requests For Production of Documents**

facebook-fans-buy.com

facebook-mails.com

facebook-pass.com

facebook-pw.com

facebookphysician.com

facebookvideodownload.net

findfacebookid.com

hackingfacebook.net

hacksomeonesfacebook.com

lamsocialfacebook.net

trollfacebook.com

www-facebook-login.com

www-facebook-pages.com

buyinstagramfans.com

instaface.org

instagram01.com

iiinstagram.com

login-lnstargram.com

m-facebook-login.com

singin-lnstargram.com

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

## CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On November 18, 2020, I served the following: **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT DOMAIN ID SHIELD SERVICE CO. LIMITED** on the interested parties in this action as follows:

LEXANALYTICA, PC
Perry J. Narancic
pjn@lexanalytica.com
2225 E. Bayshore Road
Suite 200
Palo Alto, CA 94303
Telephone:    650.655.2800

Attorneys for Defendants,
ONLINENIC, INC. and DOMAIN ID SHIELD
SERVICES CO., LIMITED

(X)    **BY EMAIL:** the above-entitled document to be served electronically by email by written agreement of the parties.

( )    **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X)    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18**, 2020**, at Los Angeles, California.

/s/Howard A. Kroll
Howard A. Kroll



# EXHIBIT 3

EXHIBIT 3

1  Perry J. Narancic, SBN 206820
   LEXANALYTICA, PC
2  2225 E. Bayshore Road, Suite 200
   Palo Alto, CA  94303
3  www.lexanalytica.com
   pjn@lexanalytica.com
4  Tel: 650-655-2800

5  Attorneys for Defendants
   ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
6  CO., LIMITED

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 FACEBOOK, INC. and INSTAGRAM,          Case No. 19-CV-07071-SVK
   LLC
12                                        **FIRST AMENDED RESPONSE OF**
                Plaintiffs,               **ONLINENIC, INC. TO REQUESTS**
13                                        **FOR PRODUCTION OF**
        v.                                **DOCUMENTS PROPUNDED BY**
14                                        **FACEBOOK, INC. AND**
   ONLINENIC, INC. and DOMAIN ID          **INSTAGRAM, LLC.**
15 SHIELD SERVICE CO., LIMITED.

16              Defendants.

17

18

19 PROPOUNDING PARTY:          Facebook, Inc. and Instagram, LLC

20 RESPONDING PARTY:           OnlineNIC, Inc.

21 SET NO.:                    Two (2)

22

23      Defendant OnlineNIC, Inc. ( "OnlineNIC" or "Defendant") hereby responds to the

24 Requests for Production of Documents propounded by Facebook, Inc. and Instagram, LLC

25 (together, the "Plaintiff") as follows:

26                         PRELIMINARY STATEMENT

27      A.      The specific responses as set forth below are for the purposes of discovery only and

28 OnlineNIC does not intend to waive, but expressly reserves, any and all objections and may have

                                        - 1-

to the relevance, competence, materiality, admissibility or use at trial of any information, documents or writings produced, identified or referred to herein. All such objections may be made at any time up to and including the time of trial.

B.      The following responses are based on information reasonably available to OnlineNIC as of the date of these responses, and upon documents that are in the possession, custody or control of OnlineNIC. OnlineNIC's investigation and search for documents and things responsive to these requests are ongoing. Pursuant to Federal Rule of Civil Procedure 26, OnlineNIC specifically reserves the right to revise, supplement and/or amend these responses and, if necessary, to assert additional objections arising from further investigation.

C.      By agreement of the parties, the parties do not seek privilege logs for materials covered by the attorney-client privilege or the attorney work product doctrine where such materials arose after the original complaint was filed in this action.

D.      OnlineNIC expressly reserves its right to rely, at any time during trial, upon subsequently discovered information or information omitted from the specific responses set forth below as a result of mistake, oversight, or inadvertence.

E.      Capitalized terms, unless otherwise defined herein, have the same meaning as set forth in Plaintiff's Interrogatories.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 153:**

A representative sample of DOCUMENTS, including communications, that demonstrate all business activities engaged in between ONLINENIC and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all business activities", which could include everything from individual sales calls to sharpening pencils.   Accordingly, there are literally tens of millions of records that could be responsive. Subject to this objection, the Outsourcing Agreement is located at ONLINENIC 266918 – 266922.  Under that agreement, 35.CN provides outsourced personnel for day-to-day operations support, such as customer support (as evidenced by the support documents located at ONLINENIC 18278 – 178948) and operation of the information technology systems which are owned or paid for by OnlineNIC, like the Registration Database and Support Ticket Database.

**REQUEST FOR PRODUCTION NO. 154:**

All agreements between ONLINENIC and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154**

 See ONLINENIC 266918 – 266947.

**REQUEST FOR PRODUCTION NO. 155:**

All agreements between ONLINENIC and 35.CN concerning ONLINENIC's business as a registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155**

 See ONLINENIC 266918 – 266947.

**REQUEST FOR PRODUCTION NO. 156:**

All agreements between DOMAIN ID SHIELD and 35.CN concerning ONLINENIC's business as a registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156**

 None.

**REQUEST FOR PRODUCTION NO. 157:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind for both ONLINENIC and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157**

Defendant has produced available identifying information for such persons in its First Amended Responses to Facebook, Inc.'s Interrogatories – Set 1, Interrogatory 20 and accompanying attachments.  Accordingly, Defendant objects to this request as duplicative and harassing.   With respect to any remaining persons, Defendant will provide responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 158:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158**

Defendant has produced available identifying information for such persons in their First Amended Responses to Facebook, Inc's Interrogatories – Set 1, Interrogatory 20 and accompanying attachments.  Accordingly, Defendant objects to this request as duplicative and harassing.   With respect to any remaining employees, Defendant will provide responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 159:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of ONLINENIC whose work involves registering domain names as a registrar, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, complying with the RAA, working with DOMAIN ID SHIELD, and performing the work of a registrar.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Defendant has produced available identifying information for such persons in their First Amended Responses to Facebook, Inc's Interrogatories – Set 1, Interrogatory 20 and accompanying attachments.  Accordingly, Defendant objects to this request as duplicative and

harassing.   With respect to any remaining persons, Defendants will provide responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 160:**

DOCUMENTS sufficient to show the work performed by all of ONLINENIC's independent contractors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "work performed by all of ONLINENIC's independent contractors", which could include everything from individual sales calls to sharpening pencils.   Defendant further objects to this request as not limited in time and scope, causing this request to be overbroad, unduly burdensome and served purely to harass. Subject to this objection, the Outsourcing Agreement is located at ONLINENIC 266918 – 266922.  Under that agreement, 35.CN provides outsourced personnel for day-to-day operations support, such as customer support (as evidenced by the support documents located at ONLINENIC 18278 – 178948) and operation of the information technology systems which are owned or paid for by OnlineNIC, like the Registration Database and Support Ticket Database.

**REQUEST FOR PRODUCTION NO. 161:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of DOMAIN ID SHIELD whose work involves registering domain names for its customers, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, working with ONLINENIC and complying with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161**

None.

**REQUEST FOR PRODUCTION NO. 162:**

DOCUMENTS sufficient to IDENTIFY all or part of the business structure of ONLINENIC, including, but not limited to, DOCUMENTS that IDENTIFY any contractors, subcontractors, principals, officers, directors, shareholders, partners, joint venturers, employees,

executives, managing agents, parents, divisions, departments, corporate subunits, subsidiaries, or affiliates of ONLINENIC as well as all entities with whom ONLINENIC has or has had a business relationship where that entity is responsible, in whole or in part, for any of ONLINENIC's business functions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162**

ONLINENIC 71-74, 2-38.   Defendant has produced available identifying information for responsive persons in their First Amended Responses to Facebook, Inc's Interrogatories – Set 1, Interrogatories 2, 4, 6, 12 and 20 and accompanying attachments. Defendant will produce any remaining documents by   Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 163:**

DOCUMENTS sufficient to show ICANN's actions, correspondence or outreach to enforce the RAA against ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 164:**

DOCUMENTS sufficient to show ICANN's actions, correspondence or outreach to enforce the RAA against any business entity associated with ONLINENIC's principals, employees, managers and/or executives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 165:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against DOMAIN ID SHIELD for failure to comply with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 166:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against any business entity associated with DOMAIN ID SHIELD's principals, employees, managers and/or executives for failure to comply with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 167:**

Written agreements between ONLINENIC and the RESELLERS pursuant to 3.12 of the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167**

ONLINENIC 268789.

**REQUEST FOR PRODUCTION NO. 168:**

DOCUMENTS sufficient to show actions taken by ONLINENIC against the RESELLERS pursuant to 3.12.6 of the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 169:**

Financial statements of ONLINENIC since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 170:**

Balance sheets of ONLINENIC since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 171:**

Income statements of ONLINENIC since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 172:**

Profit and loss statements of ONLINENIC since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 173:**

Revenue and expense statements of ONLINENIC since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 174:**

DOCUMENTS which support YOUR responses to the First Set of Interrogatories propounded to DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert

testimony.  Subject to the foregoing, Defendant will produce responsive documents on or before Feb. 12, 2021, unless such documents have been the subject of any previous objections.

**REQUEST FOR PRODUCTION NO. 175:**

DOCUMENTS which support YOUR denial of any Request For Admission in the First Set of Requests for Admission propounded to DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.  Subject to the foregoing, Defendant will produce responsive documents on or before Feb. 12, 2021, unless such documents have been the subject of any previous objections.

**REQUEST FOR PRODUCTION NO. 176:**

DOCUMENTS which support YOUR denial of any Request For Admission in the Second Set of Requests for Admission propounded to DEFENDANTS,

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control. Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity. Defendant further objects to this request as prematurely calling for expert testimony. Subject to the foregoing, Defendant will produce responsive documents on or before Feb. 12, 2021, unless such documents have been the subject of any previous objections.

**REQUEST FOR PRODUCTION NO. 177:**

DOCUMENTS sufficient to show any investigation, analysis and/or conclusion by DEFENDANTS as to whether the registration and use of the ACCUSED DOMAIN NAMES constituted DOMAIN NAME ABUSE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 177**

Defendant objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity. Defendant further objects to this request as prematurely calling for expert testimony. Otherwise there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 178:**

DOCUMENTS sufficient to show fees paid to ICANN by ONLINENIC and whether any invoices are past due.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 178**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 179:**

Correspondence with ICANN relating to DOMAIN NAME ABUSE by ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 179**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 180:**

Correspondence with ICANN relating to DOMAIN NAME ABUSE by DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 180**

     OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 181:**

     Correspondence with ICANN relating to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 181**

     OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

Respectfully Submitted,

DATED:  February 4, 2021    LEXANALYTICA, PC

By:

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHEILD
SERVICE CO., LIMITED

# EXHIBIT 4

**EXHIBIT 4**

1  Perry J. Narancic, SBN 206820
   LEXANALYTICA, PC
2  2225 E. Bayshore Road, Suite 200
   Palo Alto, CA  94303
3  www.lexanalytica.com
   pjn@lexanalytica.com
4  Tel: 650-655-2800

5  Attorneys for Defendants
   ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
6  CO., LIMITED

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11  FACEBOOK, INC. and INSTAGRAM,          Case No. 19-CV-07071-SVK
    LLC
12                                         **FIRST AMENDED RESPONSES OF**
                Plaintiffs,                **DOMAIN ID SHIELD SERVICE**
13                                         **CO., LIMITED TO REQUESTS FOR**
         v.                                **PRODUCTION OF DOCUMENTS**
14                                         **PROPUNDED BY PLAINTIFFS**
    ONLINENIC, INC. and DOMAIN ID
15  SHIELD SERVICE CO., LIMITED.

16              Defendants.

17

18

19  PROPOUNDING PARTY:          Facebook, Inc. and Instagram, LLC

20  RESPONDING PARTY:           Domain ID Shield Service Co., Limited

21  SET NO.:                    Two (2)

22

23          Defendant Domain ID Shield Service Co., Limited. ("Defendant") hereby responds to the

24  Requests for Production of Documents propounded by Facebook, Inc. and Instagram, LLC

25  (together, the "Plaintiff") as follows:

26                          PRELIMINARY STATEMENT

27          A.      The specific responses as set forth below are for the purposes of discovery only and

28  Defendant does not intend to waive, but expressly reserves, any and all objections and may have to

                                          - 1-

the relevance, competence, materiality, admissibility or use at trial of any information, documents or writings produced, identified or referred to herein. All such objections may be made at any time up to and including the time of trial.

B.    The following responses are based on information reasonably available to Defendant as of the date of these responses, and upon documents that are in the possession, custody or control of Defendant. Defendant's investigation and search for documents and things responsive to these requests are ongoing. Pursuant to Federal Rule of Civil Procedure 26, Defendant specifically reserves the right to revise, supplement and/or amend these responses and, if necessary, to assert additional objections arising from further investigation.

C.    By agreement of the parties, the parties do not seek privilege logs for materials covered by the attorney-client privilege or the attorney work product doctrine where such materials arose after the original complaint was filed in this action.

D.    Defendant expressly reserves its right to rely, at any time during trial, upon subsequently discovered information or information omitted from the specific responses set forth below as a result of mistake, oversight, or inadvertence.

E.    Capitalized terms, unless otherwise defined herein, have the same meaning as set forth in Plaintiff's Interrogatories.

Facebook, Inc. v. OnlineNIC, Inc.                                    Case No. 19-cv-7071-SVK
Domain ID Shield's First Amended Responses to Facebook, Inc.'s  Request for Production  – Set 2

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 153:**

A representative sample of DOCUMENTS, including communications, that demonstrate all business activities engaged in between DOMAIN ID SHIELD and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153**

None.

**REQUEST FOR PRODUCTION NO. 154:**

All agreements between DOMAIN ID SHIELD and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154**

None.

**REQUEST FOR PRODUCTION NO. 155:**

All agreements between DOMAIN ID SHIELD and 35.CN concerning ONLINENIC's business as a registrar or DOMAIN ID SHIELD's business as a privacy and/or proxy service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155**

None.

**REQUEST FOR PRODUCTION NO. 156:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind for both DOMAIN ID SHIELD and 35.CN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to the phrase "all PERSONS" and "perform work of any kind". Subject to the foregoing, available identifying information has been supplied has produced available identifying information for such persons in their First Amended Responses to Facebook, Inc's Interrogatories – Set 1, Interrogatory 20 and accompanying attachments. Accordingly, Defendant object sto this request as duplicative and harassing. With respect to any remaining persons, Defendant will provide responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 157:**

- 3-

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of ONLINENIC whose work involves registering domain names as a registrar, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, complying with the RAA, working with DOMAIN ID SHIELD, and performing the work of a registrar.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

Defendant has produced available identifying information for such persons in their First Amended Responses to Facebook, Inc's Interrogatories – Set 1, Interrogatories  12 and accompanying attachments.  Accordingly, Defendants object to this request as duplicative and harassing.   With respect to any remaining persons, Defendants will provide responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 156:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158**

None.

**REQUEST FOR PRODUCTION NO. 157:**

DOCUMENTS sufficient to IDENTIFY, in whole or in part, all independent contractors of DOMAIN ID SHIELD whose work involves registering domain names for its customers, providing privacy shield service to its customers, managing customer relationships, marketing, processing payments, managing finances, working with ONLINENIC and complying with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

None.

**REQUEST FOR PRODUCTION NO. 158:**

DOCUMENTS sufficient to show the work performed by all of DOMAIN ID SHIELD's independent contractors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160**

None.

**REQUEST FOR PRODUCTION NO. 159:**

DOCUMENTS sufficient to IDENTIFY all or part of the business structure of DOMAIN ID SHIELD, including, but not limited to, DOCUMENTS that IDENTIFY any contractors, subcontractors, principals, officers, directors, shareholders, partners, joint venturers, employees, executives, managing agents, parents, divisions, departments, corporate subunits, subsidiaries, or affiliates of DOMAIN ID SHIELD as well as all entities with whom DOMAIN ID SHIELD has or has had a business relationship where that entity is responsible, in whole or in part, for any of DOMAIN ID SHIELD's business functions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161**

ONLINENIC 2-17.

**REQUEST FOR PRODUCTION NO. 162:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against DOMAIN ID SHIELD for failure to comply with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162**

None.

**REQUEST FOR PRODUCTION NO. 163:**

DOCUMENTS sufficient to show ICANN's enforcement of the RAA against any business entity associated with DOMAIN ID SHIELD's principals, employees, managers and/or executives for failure to comply with the RAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163**

None.

**REQUEST FOR PRODUCTION NO. 164:**

Financial statements of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REQUEST FOR PRODUCTION NO. 165:**

Balance sheets of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 166:**

Income statements of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 167:**

Profit and loss statements of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 168:**

Revenue and expense statements of DOMAIN ID SHIELD since 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168**

Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims.

**REQUEST FOR PRODUCTION NO. 169:**

DOCUMENTS which support YOUR responses to the First Set of Interrogatories propounded to DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169**

- 6-

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.  Subject to the foregoing, Defendant will produce responsive documents on or before Feb. 12, 2021, unless such documents have been the subject of any previous objections.

**REQUEST FOR PRODUCTION NO. 170:**

DOCUMENTS which support YOUR denial of any Request For Admission in the First Set of Requests for Admission propounded to DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.  Subject to the foregoing, Defendant will produce responsive documents on or before Feb. 12, 2021, unless such documents have been the subject of any previous objections.

**REQUEST FOR PRODUCTION NO. 171:**

DOCUMENTS which support YOUR denial of any Request For Admission in the Second Set of Requests for Admission propounded to DEFENDANTS,

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Defendant objects to this request as vague, ambiguous, overbroad and unduly burdensome as to it seems to be requesting all documents, even those which Defendant may not currently know about or are not in Defendant's possession, custody or control.  Defendant further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert

testimony.  Subject to the foregoing, Defendant will produce responsive documents on or before Feb. 12, 2021, unless such documents have been the subject of any previous objections.

**REQUEST FOR PRODUCTION NO. 172:**

DOCUMENTS sufficient to show any investigation, analysis and/or conclusion by DEFENDANTS as to whether the registration and use of the ACCUSED DOMAIN NAMES constituted DOMAIN NAME ABUSE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172**

Defendant objects to this request to the extent that it calls for documents protected by the attorney-client privilege or work product immunity.  Defendant further objects to this request as prematurely calling for expert testimony.

**REQUEST FOR PRODUCTION NO. 173:**

Correspondence with ICANN relating to DOMAIN NAME ABUSE by DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 173**

OnlineNIC will provide any responsive documents on or before Feb. 12, 2021.

**REQUEST FOR PRODUCTION NO. 174:**

Correspondence with ICANN relating to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174**

None.

Respectfully Submitted,

DATED:  February 4, 2021           LEXANALYTICA, PC

By:  _____

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD
SERVICE CO., LIMITED

- 8 -

# EXHIBIT 5

EXHIBIT 5

## OnlineNIC Requests

| Request | Response | Plaintiffs' Proposed Compromise | Defendants' Proposed Compromised | Court's Use |
|---|---|---|---|---|
| **RFP NO. 169:** Financial statements of ONLINENIC since 2009. | Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims. | The requested documents should be produced. | OnlineNIC has already produced documents showing its revenue for the accused domain names. Domain ID Shield has no further documents.   No other documents are relevant.<br><br>As a compromise, Defendants will produce bank records showing payments from OnlineNIC to 35.CN arising under the Outsourcing Agreements. | |
| **RFP NO. 170:** Balance sheets of ONLINENIC since 2009. | Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims. | The requested documents should be produced. | OnlineNIC has already produced documents showing its revenue for the accused domain names. Domain ID Shield has no further documents.   No other documents are relevant.<br><br>As a compromise, Defendants will produce bank records showing payments from OnlineNIC to 35.CN arising under the | |

**OnlineNIC Requests**

| | | | Outsourcing Agreements. | |
|---|---|---|---|---|
| **RFP NO. 171:**<br><br>Income statements of ONLINENIC since 2009. | Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims. | The requested documents should be produced. | OnlineNIC has already produced documents showing its revenue for the accused domain names. Domain ID Shield has no further documents.   No other documents are relevant.<br><br><br>As a compromise, Defendants will produce bank records showing payments from OnlineNIC to 35.CN arising under the Outsourcing Agreements. | |
| **RFP NO. 172:**<br><br>Profit and loss statements of ONLINENIC since 2009. | Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims. | The requested documents should be produced. | OnlineNIC has already produced documents showing its revenue for the accused domain names. Domain ID Shield has no further documents.   No other documents are relevant.<br><br><br>As a compromise, Defendants will produce bank records showing payments from OnlineNIC to 35.CN arising under the | |

# OnlineNIC Requests

| | | | Outsourcing Agreements. | |
|---|---|---|---|---|
| **RFP NO. 173:** Revenue and expense statements of ONLINENIC since 2009. | Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims. | The requested documents should be produced. | OnlineNIC has already produced documents showing its revenue for the accused domain names. Domain ID Shield has no further documents. No other documents are relevant. As a compromise, Defendants will produce bank records showing payments from OnlineNIC to 35.CN arising under the Outsourcing Agreements. | |



# Domain ID Shield Requests

| Request | Response | Plaintiffs' Proposed Compromise | Defendants' Proposed Compromised | Court's Use |
|---|---|---|---|---|
| **RFP NO. 164:** Financial statements of DOMAIN ID SHIELD since 2009. | Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims. | The requested documents should be produced. | OnlineNIC has already produced documents showing its revenue for the accused domain names. Domain ID Shield has no further documents. No other documents are relevant. | |
| **RFP NO. 165:** Balance sheets of DOMAIN ID SHIELD since 200. | Defendant objects to this request Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims. | The requested documents should be produced. | OnlineNIC has already produced documents showing its revenue for the accused domain names. Domain ID Shield has no further documents. No other documents are relevant. | |
| **RFP NO. 166:** Income statements of DOMAIN ID SHIELD since 2009. | Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks | The requested documents should be produced. | OnlineNIC has already produced documents showing its revenue for the accused domain names. Domain ID Shield has no further documents. | |

## Domain ID Shield Requests

| | | | |
|---|---|---|---|
| | for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims. | | No other documents are relevant. | |
| **RFP NO. 167:**<br><br>Profit and loss statements of DOMAIN ID SHIELD since 2009. | Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims. | The requested documents should be produced. | OnlineNIC has already produced documents showing its revenue for the accused domain names. Domain ID Shield has no further documents. No other documents are relevant. | |
| **RFP NO. 168:**<br><br>Revenue and expense statements of DOMAIN ID SHIELD since 2009. | Defendant objects to this request to the extent that it calls for information that is not relevant to any claim or defense in this case, as it asks for information relating to damages before any liability has been shown and is not relevant to Plaintiffs' damages claims. | The requested documents should be produced. | OnlineNIC has already produced documents showing its revenue for the accused domain names. Domain ID Shield has no further documents. No other documents are relevant. | |