UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC INC, et al.,<br><br>Defendants. | Case No. 19-cv-07071-SVK<br><br>**ORDER ON MOTION TO AMEND AND DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 68, 78, 79 |

Before the Court is Plaintiffs' Motion for Leave to File a First Amended Complaint ("Motion to Amend") and Plaintiffs' two motions to compel further discovery responses from Defendants. Dkt. 68, 78, 79. The issues in all three motions relate in some way to the role of another entity, Xiamen 35.com Internet Technology Co., Ltd. ("35.CN"), and the Court finds that it is efficient to address all three motions in this single order.

By the Motion to Amend, Plaintiffs seek to add 35.CN as a party to this action, both as the alter ego of Defendants and as an independent participant in the allegations contained in the complaint. Leave to amend should be liberally granted, where "justice so requires." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008) (citing Fed. R. Civ. P. 15); *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("This policy is to be applied with extreme liberality.") (internal quotation marks and citation omitted). The Court finds that such grounds exist here, as demonstrated by the Declaration of David Steele. Dkt. 68-2. Accordingly, Plaintiffs' Motion to Amend is **GRANTED**. The amended complaint is to be filed no later than **March 31, 2021**.

By the joint discovery submission at Dkt. 78, Plaintiffs seek to compel further production of a "representative sample" of documents that "demonstrate all business activities engaged in

between" Defendants and 35.CN. Dkt. 78 at 2. The request (RFP 153) and Defendants' response have been the subject of extensive meet and confer efforts, with limited success. The Court finds that the original request is overbroad and vague as to documents that "demonstrate all business activities." By contrast, in the joint submission Plaintiffs demonstrate an understanding of more particular categories of responsive documents. Plaintiffs' motion to compel further production is **DENIED**.

By the joint discovery submission at Dkt. 79, Plaintiffs seek to compel production of certain of Defendants' financial records. Dkt. 79 at 2. The Court finds that the financial records are relevant and responsive as they are related to Defendants' revenue and profit and are likely to shed further light on the relationship to and activities of 35.CN. Plaintiffs' motion to compel production is **GRANTED**. Defendants are to produce responsive documents within **14 days** of the date of this order.

In light of the foregoing orders, the Court will extend the close of fact discovery by thirty days to **June 3, 2021**. The Court sets this matter for a status conference on **May 11, 2021**, with a joint status report due on **May 4, 2021**. The report is to address status of service on 35.CN, the potential for reassignment of this case if 35.CN does not consent to jurisdiction of the undersigned, status of settlement negotiations, and the remaining pretrial schedule.

**SO ORDERED.**

Dated: March 24, 2021

SUSAN VAN KEULEN
United States Magistrate Judge

2