TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:	213.430.3400
Facsimile:	213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon *Pro Hac Vice*
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:	650.752.2000
Facsimile:	650.752.2111

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 5:19-cv-07071-SVK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONTINUE ALL CASE DEADLINES BY APPROXIMATELY THREE MONTHS [CIVIL L.R. 6-3]**<br><br>DATE:	June 8, 2021<br>TIME:	10:00 a.m.<br>CTRM:	6 – 4th Floor<br><br>Hon. Susan van Keulen |

**Table of Contents**

Page

NOTICE OF MOTION ............................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 4

I. INTRODUCTION ........................................................................................... 4

II. STATEMENT OF FACTS .............................................................................. 4

III. GOOD CAUSE EXISTS TO CONTINUE ALL CASE DEADLINES. ................ 8

    A. Plaintiffs have diligently conducted discovery. ............................................. 8

    B. The only risk of prejudice is to Plaintiffs if this motion is not granted. ................ 10

IV. CONCLUSION ............................................................................................... 10

# Table of Authorities

Page

**Cases**

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ............................................................................................... 8

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
  486 U.S. 694 (1988) ........................................................................................................... 10

*Zivkovic v. S. Cal. Edison Co.*,
  302 F.3d 1080 (9th Cir. 2002) ......................................................................................... 8, 9

**Rules**

Civil Local Rule 6-1 ................................................................................................................ 2

Civil Local Rule 6-3(a) ........................................................................................................... 2

Fed. R. Civ. P. 16(b) ........................................................................................................... 1, 8

Fed. R. Civ. P. 34 .................................................................................................................... 4

Fed. R. Civ. P. 6(b)(1) ............................................................................................................ 8

**Treaties**

Convention on the Service Abroad of Judicial and
  Extrajudicial Documents in Civil and Commercial Matters,
  Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ............................................................. 10

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 8, 2021 at 10:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Susan van Keulen of the United States District Court for the Northern District of California, located at 280 South 1st Street, Courtroom 6 – 4th Floor, San Jose, California 95113, Plaintiffs Facebook, Inc. and Instagram LLC ("Plaintiffs") will and hereby do move for an order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure to continue all case deadlines by approximately three months. The current and proposed schedules are as follows:

| Event | Current Date | Proposed Date |
| --- | --- | --- |
| Fact Discovery Cut-off | June 3, 2021 | September 2, 2021 |
| Opening of Expert Disclosures | May 21, 2021 | August 20, 2021 |
| Rebuttal Expert Disclosures | June 11, 2021 | September 10, 2021 |
| Close of Expert Discovery | July 6, 2021 | October 5, 2021 |
| Dispositive Motion Filing Deadline | July 20, 2021 | October 19, 2021 |
| Last Day to Hear Dispositive Motions | September 14, 2021 | December 14, 2021 |
| Final Pretrial Conference | November 4, 2021<br>Filing Dates: October 21, 2021<br>October 28, 2021 | February 3, 2022<br>Filing Dates: January 20, 2022<br>January 27, 2022 |
| Trial | November 15, 2021 | February 14, 2022 |

The grounds for this motion are that Defendants OnlineNIC, Inc. ("OnlineNIC") and Domain ID Shield Service Co., Limited ("ID Shield" and, collectively with OnlineNIC, "Defendants") have actively resisted complying with the Court's order to provide information to the Special Master (ECF No. 72), the Court's order to provide financial information to Plaintiffs (ECF Nos. 79, 81), and continue to resist discovery with respect to their registration database, which to this day still lacks information sufficient to verify the accuracy and completeness of the data produced, despite Plaintiffs' various meet and confer efforts. Defendants' discovery malfeasance has frustrated Plaintiffs' ability to take meaningful discovery

on claims and defenses at issue in the case—including by taking depositions—before the June 3, 2021 fact discovery cutoff. The Special Master's report is anticipated to be filed on or shortly after May 5, 2021 (ECF No. 89). This is after the originally-scheduled date due to Defendants' failure to provide timely access to their systems and the information ordered by the Court to be made available to the Special Master. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of David J. Steele ("Steele Decl."), any oral argument heard by the Court, and such additional matters the Court deems proper.

Pursuant to Civil Local Rule 6-3(a), Plaintiffs requested that Defendants enter into a stipulation for the relief sought in this motion. Steele Decl. ¶ 2. While Defendants agreed to enter into such a stipulation on April 27, 2021, they reneged on April 28, 2021, resulting in the instant motion. Not including the previous stipulation to extend and align the deadlines for Defendants to respond to the Complaint pursuant to Civil Local Rule 6-1 (ECF No. 19), this is the fifth request for an extension of a deadline in this action. The first request was to continue the deadline to amend the pleadings from May 27, 2020 to July 1, 2020, which the Court granted (ECF No. 39), the second request was to continue all deadlines by approximately three months, which the Court also granted (ECF No. 43), the third request was to continue all deadlines by an additional three months, which the Court partially granted (ECF No. 46), and the fourth request was to continue all deadlines by three months, which the Court granted (ECF No. 60). The Court also extended the close of fact discovery by thirty days when granting Plaintiffs leave to file the First Amended Complaint (ECF No. 81). Steele Decl. ¶ 3. The proposed schedule modification will extend the overall schedule in this case by approximately three months. *Id.* ¶ 4.

In parallel with this motion, Plaintiffs are seeking issue sanctions on issues impacted by Defendants' malfeasance and will continue to seek relief, including additional issue sanctions, as Defendants continue their discovery abuses.

DATED: May 4, 2021                      Tucker Ellis LLP


By:  /s/David J. Steele
    David J. Steele
    Howard A. Kroll
    Steven E. Lauridsen

Davis Polk & Wardwell, LLP
    Ashok Ramani
    Micah G. Block
    Cristina M. Rincon

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs are reluctant to bring this motion to continue all case deadlines by approximately three months, but they have no other option given Defendants' failure to comply with their discovery obligations. As set forth more fully below, even with nearly two months of assistance from a court-appointed Special Discovery Master, Defendants still have not produced all documents responsive to discovery requests Plaintiffs propounded over a year ago, and it does not seem likely that Defendants will finish their production before the June 3, 2021 discovery cutoff. *See Special Discovery Master's Third Status Report*, ECF No. 89. Defendants' failure to produce documents has prevented Plaintiffs from propounding follow-up written discovery and from taking depositions, despite Plaintiffs' diligence and despite the fact the discovery cutoff is only a little more than a month away. Given these facts, Plaintiffs respectfully request that the Court enter the proposed order lodged with this motion and continue all case deadlines by approximately three months to allow for the orderly completion of discovery.

## II.  STATEMENT OF FACTS

Plaintiffs promptly served their first sets of requests for production to each Defendant on March 20, 2020. Due to a variety of factors, including the outbreak of the COVID-19 pandemic, Plaintiffs gave counsel for Defendants and his clients numerous extensions to provide written responses to these requests and to produce responsive documents. Defendants eventually served their written responses and completed their initial production on June 9, 2020, which was twenty-nine days after all extensions had expired. Steele Decl. ¶¶ 5-7. However, rather than produce responsive documents as required by Rule 34, Defendants used extension requests, late responses, specious objections, and the discovery dispute meet-and-confer process to delay production of responsive documents. Steele Decl. ¶ 8; *Plaintiffs' Opp. to Motion to Defs' Motion to Retain Confidentiality Designations Under Protective Order*, ECF No. 52, p. 3 Lns. 21-22 ("Over the months it took Defendants to produce documents responsive to those requests"); *Response re Status Report*, ECF No. 58, (highlighting problems with Defendants' production of documents and Defendants' lack of compliance with the Court's Nov. 10, 2020 Order).

In particular, both Defendants' written responses and document production were inadequate. To compel compliance, Plaintiffs engaged in a series of discovery conferences with Defendants' counsel that

ultimately concluded on July 15, 2020. The net result of these discussions was that Defendants agreed to make a supplemental production of documents on or before July 21, 2020. Steele Decl. ¶ 9.

Defendants breached their promise to produce responsive documents on July 21, 2020. It took Defendants until August 20, 2020, six months after the initial document requests, to complete their first supplemental production in a somewhat usable format. *Id.* ¶ 10. While this production resolved the technical errors and contained the requested emails and support tickets that were the subject of Plaintiffs' prior meet and confer efforts, Defendants still produced these documents in an unusable format. As previously discussed with this Court, Defendants did not produce these documents in their native format or as TIFFs with the required metadata. Rather, Defendants combined hundreds of separate support tickets and emails into single PDFs. Defendants had created and produced over 1,000 PDFs, each of which contained hundreds and in some cases thousands of unrelated documents. It was this conduct that led to the hearing on November 10, 2020 during which the Court ordered Defendants to de-duplicate their email and support ticket production. *Id.* ¶¶ 11-12; *see also* ECF No. 54.

However, rather than reproducing the de-duplicated support tickets in the format required by the ESI Order, Defendants elected to produce native database records ("Support Ticket Database") on November 27, 2020. But after spending several days reviewing the contents of Defendants' initial production of the Support Ticket Database, it was clear that Defendants had redacted many of the database fields and tables from the source files. In addition, it was also clear that Defendants had filtered relevant and responsive support tickets from their production. Although Plaintiffs immediately raised this issue with Defendants' counsel, Defendants did not agree to make a supplemental production that would include all of the tables and files associated with the Support Ticket Database until December 15, 2020. Steele Decl. ¶¶ 13-14.

Defendants' re-produced Support Ticket Database (their third attempt at production) was significantly larger and more complex than Defendants' prior productions. However, as has become all too common a theme in this case, during their review of Defendants' production, Plaintiffs discovered that Defendants' production was still incomplete. Plaintiffs detailed these deficiencies in their *Response to Defendants' Status Report and Supporting Declaration of Perry J. Narancic*, which was filed with this Court on January 5, 2021 as Docket No. 56. *Id.* ¶ 15.

On January 28, 2021 Defendants' counsel sent what purported to be a meet and confer letter regarding "ECF 56." Defendants' letter, however, did not address any of issues discussed in that filing. Rather, the letter contained Defendants' latest excuse for why the Support Ticket Database production was incomplete along with a claim that all of these errors had been corrected and that a fourth production of the Support Ticket Database was available for Plaintiffs to download. *Id.* ¶ 16.

In response to this longstanding dispute, the Court on March 3, 2021 appointed a Special Discovery Master to "supervise and complete, with all reasonable diligence, Defendants' collection, search, and production to Plaintiffs' counsel of Defendants' support ticket database." ECF No. 72. Of note, the production of the support ticket database is being made in response to Plaintiffs' first set of request for production, which was propounded over a year ago on March 20, 2020, meaning that Plaintiffs still do not have complete responses to their first set of document requests even though the fact discovery cutoff is rapidly approaching. Steel Decl. ¶¶ 5, 13-16.

Since his appointment, the Special Discovery Master has filed three status reports. ECF Nos. 83, 86, 89. In his most recent report, the Special Discovery Master informed the Court that he and the parties had not agreed upon discovery protocol terms for ***past*** productions of the Support Ticket Database until April 19, 2021. ECF No. 89 at p. 2. The Special Discovery Master also informed the Court that he had "completed substantial work toward an analysis of defendants' past production regarding allegations of data destruction." *Id.* To complete this analysis, the Special Discovery Master required additional information from Defendants, and the Special Discovery Master further stated that he expected to complete his Data Destruction Report and provide it to the Parties for review by May 5, 2021. *Id.*

Because the Special Master is still completing his work concerning the past productions of Defendants' Support Ticket Database as well as his report concerning the destruction of any data contained therein, the Special Master is only just commencing work on his remaining duties as ordered by the Court—namely, assisting the parties with negotiating the discovery protocol for Defendants' new production, querying and culling the support ticket database to create a production to include the responsive database records and ticket attachment files, producing the production database to the parties, and performing other duties ordered by the Court and requested by the parties. *Id.* With the amount of work left to be done, it is hard to imagine that the Special Discovery Master will be able to complete

Defendants' document production before the close of fact discovery.

In addition to the issues being addressed by the Special Discovery Master, a number of outstanding discovery disputes remain. For instance, on March 16, 2021 the parties filed a joint discovery motion in which Plaintiffs sought to compel production of certain of Defendants' financial records. ECF No. 79. On March 24, 2021 this Court found "that the financial records are relevant and responsive as they are related to Defendants' revenue and profit and are likely to shed further light on the relationship to and activities of 35.CN." ECF No. 81 at p. 2. Accordingly, the Court granted Plaintiffs' motion to compel and ordered Defendants to produce responsive documents by April 7, 2021. *Id.*

Yet even with a Court order, Defendants continue to shirk their discovery obligations. As detailed in Plaintiffs' pending motion for sanctions (ECF No. 96), Defendants' response to this Court's order has been wholly inadequate in that (1) Domain ID Shield did not produce any information in response to the Court's order; (2) OnlineNIC produced less than two pages of information purporting to cover ten years of accounting records and did not do so until April 9, 2021, two days past the Court-ordered deadline; (3) on April 12, 2021, OnlineNIC supplemented its production with a one page document, again containing an undeveloped balance sheet and profit and loss statement for the years 2009-2019; (4) each of these documents provides no source documents, explanation, or meaningful detail supporting the information contained therein (*i.e.* "other deductions" or "technique exploitation and service charge"), nor do they contain an income statement or revenue and expense statement ordered by the Court; and (5) some of the data in OnlineNIC's second financial document production contradicted data that it produced three days prior. ECF No. 96; Steele Decl. ¶ 17.[1]

Further, at least two additional outstanding discovery disputes remain. First, Plaintiffs contend that Defendants should have produced their tax returns, and the parties met and conferred concerning this dispute. Defendants only just produced documents purporting to contain these tax returns on April 27, 2021, and Plaintiffs are reviewing the production for accuracy and completion. Steele Decl. ¶ 19.

Second, the Parties have met and conferred concerning Defendants' production of their registration

---

[1] Defendants now contend that they have produced all documents that are responsive to Plaintiffs' discovery requests and as ordered by the Court, having made a subsequent production on April 27, 2021. Plaintiffs are reviewing these documents. Steele Decl. ¶ 18.

database (as opposed to the Support Ticket Database under the purview of the Special Discovery Master). Plaintiffs have asserted that the database lacks information sufficient to allow Plaintiffs to identify the various fields in the database, which in turn makes it impossible for Plaintiffs to verify the accuracy and completeness of the data produced. At this juncture, Plaintiffs expect to file a motion to compel to address these deficiencies, and Plaintiffs may move the Court to amend the order appointing the Special Discovery Master to include the analysis and production of this database within the Special Discovery Master's duties. *Id.* ¶ 20.

Further, Plaintiffs anticipate taking Defendants' depositions once Defendants have completed their document production and have properly responded to all current outstanding discovery. Plaintiffs also anticipate serving follow-up written discovery—including requests for admission concerning the genuineness of certain of Defendants' documents—once they have received responsive documents from Defendants. *Id.* ¶ 21.

Unfortunately, due to the numerous outstanding discovery issues raised above, Plaintiffs do not anticipate being in the position to serve their follow-up written discovery, let alone take depositions, before the close of fact discovery. Taking depositions with incomplete document discovery would likely result in further motion practice with the Court to compel additional deposition time once additional documents have been produced. Moreover, given the number of outstanding discovery issues as well as the rate at which Defendants have responded to discovery and have supplemented their deficient responses and productions in the past, Plaintiffs anticipate requiring several additional months to complete fact discovery and therefore respectfully request that the Court enter an order continuing all dates by approximately three months. *Id.* ¶ 22.

## III. GOOD CAUSE EXISTS TO CONTINUE ALL CASE DEADLINES.

### A. Plaintiffs have diligently conducted discovery.

"The district court is given broad discretion in supervising the pretrial phase of litigation . . . ." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Id.*; *see also* Fed. R. Civ. P. 16(b); *accord* Fed. R. Civ. P. 6(b)(1) ("[w]hen an act . . . must be done within a specified time, the court may, for good

8
MOTION TO CONTINUE ALL CASE DEADLINES [CIVIL L.R. 6-3]
Case No. 5:19-cv-07071-SVK

cause, extend the time"). Good cause exists, and the pretrial schedule may thus be modified, "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic*, 302 F.3d at 1087.

Here, Plaintiffs have been diligent in their efforts to obtain discovery from Defendants, yet Defendants have obstructed Plaintiffs' efforts for over a year. In particular, Plaintiffs served requests for production[2] at the outset of the fact discovery period, yet to this day and even with nearly two months of diligence by a Special Discovery Master, Defendants still have not responded fully to this first requests for production. As discussed above, the Special Master has only just finalized a protocol to correct Defendants' past Support Ticket Database production, and the Special Master will not be able to report regarding any potential data destruction by Defendants until May 5, 2021, which is only twenty-nine days before the close of fact discovery. ECF No. 89 at p. 2. This does not even take into account the fact the Special Master will still need to develop a protocol and assist Defendants in making additional productions in response to the first set of requests for production. *Id.* It is beyond the pale that Plaintiffs are still waiting for these documents and that, even with the aid of a discovery expert, the documents will not, even at the earliest, have been produced until the eve of the discovery cutoff.

To be clear, Plaintiffs have not sat on their hands while waiting for Defendants to produce documents. In an effort to conserve judicial resources, Plaintiffs attempted to work cooperatively with Defendants through months of delay and four attempted document productions but to no avail. Even after filing a motion with the Court over two months ago, which resulted in the appointment of the Special Discovery Master, Plaintiffs are still waiting for Defendants to complete their production. If, despite the Special Discovery Master's diligence, Defendants still to date have not produced all documents responsive to Plaintiffs' March 2020 discovery, it is difficult to imagine what Plaintiffs could have done to convince Defendant to comply with their discovery obligations sooner.

Plaintiffs have actively engaged in discovery since nearly the inception of this action, and they have done everything from working cooperatively with Defendants, to filing motions to compel, to

---

[2] Plaintiffs have also propounded interrogatories and requests for admission, as well as additional sets of requests for production. Steele Decl. ¶ 23. These requests have led to myriad discovery disputes and the service of numerous motions to compel. *Id.* ¶ 24. While the parties have been able to resolve these disputes without Court intervention (*id.*), they still demonstrate a pattern of obstructionist behaviors by Defendants.

successfully seeking the appointment of a Special Discovery Master. Despite all of these efforts, Defendants not only have not completed their production in response to request served in March 2020 but also likely will not have completed that production—even with the aid of a Special Discovery Master—until after the close of the fact discovery period. Plaintiffs need these documents both for depositions and to determine if any additional fact discovery, including written discovery, is necessary. Plaintiffs therefore respectfully request that the Court enter the proposed order lodged with this motion and continue all deadlines by approximately three months.

### B. The only risk of prejudice is to Plaintiffs if this motion is not granted.

Defendants certainly cannot claim prejudice as these circumstances are of their own making. And Defendants' alter ego, Xiamen 35.com Internet Technology Co., Ltd. ("35.CN"), was just added as a Defendant. ECF No. 84. 35.CN, which is located in China, has not yet appeared[3] in this action, and additional discovery will be needed once 35.CN enters its appearance. Thus, additional discovery is necessary regardless.

However, if this motion is denied, then Defendants will have succeeded in playing their discovery games and will have thwarted Plaintiffs' ability to complete discovery and thus prepare for trial. Defendants should not be rewarded for their conduct, and Plaintiffs therefore respectfully request that the Court continue all case deadlines as requested.

## IV. CONCLUSION

It is unfortunate that Plaintiffs had to bring this motion. Parties to litigation should be expected to comply with their discovery obligation fully and in a timely fashion. Defendants, however, have failed to do so, and their failure has prejudiced Plaintiffs concerning to their ability to complete discovery and thus

---

[3] 35.CN is located in the People's Republic of China and must therefore be served pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague Convention"). *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (compliance with the Hague Convention is required "in all cases to which it applies"). Plaintiffs have retained a translation service to provide certified translations in Chinese of all documents that must be served upon 35.CN, as required by the Hague Convention. Steele Decl. ¶¶ 25-26. Due to the volume of documents at issue and the strict requirements of the Hague Convention concerning translations of documents, Plaintiffs do not expect these certified translations to be completed for another two or three weeks, at which juncture Plaintiffs will initiate service upon 35.CN via the Hague Convention. *Id.* ¶ 27.

prepare for trial. Plaintiffs therefore respectfully request that the Court enter an order continuing all case deadlines by approximately three months.

DATED: May 4, 2021                     Tucker Ellis LLP

                                       By: /s/David J. Steele
                                           David J. Steele
                                           Howard A. Kroll
                                           Steven E. Lauridsen

                                       Davis Polk & Wardwell, LLP
                                           Ashok Ramani
                                           Micah G. Block
                                           Cristina M. Rincon

                                           Attorneys for Plaintiffs,
                                           FACEBOOK, INC. and INSTAGRAM, LLC