TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:  213.430.3400
Facsimile:   213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon *Pro Hac Vice*
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:   650.752.2000
Facsimile:    650.752.2111

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>            Plaintiffs,<br><br>      v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>            Defendants. | Case No. 5:19-cv-07071-SVK<br><br>**DECLARATION OF DAVID J. SETTLE IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONTINUE ALL CASE DEADLINES BY APPROXIMATELY THREE MONTHS [CIVIL L.R. 6-3]**<br><br>DATE:    June 8, 2021<br>TIME:    10:00 a.m.<br>CTRM:   6 – 4th Floor<br><br>Hon. Susan van Keulen |

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

I, David J. Steele, declare:

1. I am a partner at Tucker Ellis LLP, counsel of record for Plaintiffs Facebook, Inc. and Instagram, LLC (collectively, "Plaintiffs"). I make this declaration based on personal knowledge and, if called as a witness, would testify competently to each of the following facts.

2. On April 27, 2021, counsel for Defendants, Perry Narancic, stated that he and his clients would stipulate to continue all case deadlines by approximately three months; however, on April 28, 2021, I received an email from Mr. Narancic stating that he and his clients were not willing to enter into such a stipulation.

3. Not including the previous stipulation to extend and align the deadlines for Defendants to respond to the Complaint pursuant to Civil Local Rule 6-1 (ECF No. 19), this is the fifth request for an extension of a deadline in this action. The first request was to continue the deadline to amend the pleadings from May 27, 2020 to July 1, 2020, which the Court granted (ECF No. 39), the second request was to continue all deadlines by approximately three months, which the Court also granted (ECF No. 43), the third request was to continue all deadlines by an additional three months, which the Court partially granted (ECF No. 46), and the fourth request was to continue all deadlines by three months, which the Court granted (ECF No. 60). The Court also extended the close of fact discovery by thirty days when granting Plaintiffs leave to file the First Amended Complaint (ECF No. 81).

4. The proposed schedule modification will extend the overall schedule in this case by approximately three months.

5. Plaintiffs served their first sets of requests for production to each Defendant on March 20, 2020.

6. Due to a variety of factors, including the outbreak of the COVID-19 pandemic, Plaintiffs gave counsel for Defendants and his clients numerous extensions to provide written responses to these requests and to produce responsive documents.

7. Defendants eventually served their written responses and completed their initial production on June 9, 2020, which was twenty-nine days after all extensions had expired.

8. Rather than produce responsive documents as required by Rule 34, Defendants apparently used extension requests, late responses, specious objections, and the discovery dispute meet-and-confer

1 process to delay production of responsive documents.

2     9. Upon review, both Defendants' written responses and document production were inadequate. I therefore engaged in a series of discovery conferences with Defendants' counsel that ultimately concluded on July 15, 2020. The net result of these discussions was that Defendants agreed to make a supplemental production of documents on or before July 21, 2020.

    10. Defendants did not make a supplemental production on July 21, 2020 and instead produced documents on August 20 2020. The documents in this production were in a somewhat more usable format than those in the prior production.

    11. While this production resolved the technical errors and contained the requested emails and support tickets that were the subject of Plaintiffs' prior meet and confer efforts, Defendants still produced these documents in an unusable format.

    12. As previously discussed with this Court, Defendants did not produce these documents in their native format or as TIFFs with the required metadata. Rather, Defendants combined hundreds of separate support tickets and emails into single PDFs. Defendants had created and produced over 1,000 PDFs, each of which contained hundreds and in some cases thousands of unrelated documents. It was this conduct that led to the hearing on November 10, 2020 during which the Court ordered Defendants to de-duplicate their email and support ticket production.

    13. Rather than reproducing the de-duplicated support tickets in the format required by the ESI Order, Defendants elected to produce native database records ("Support Ticket Database") on November 27, 2020. After spending several days reviewing the contents of Defendants' initial production of the Support Ticket Database, it was clear that Defendants had redacted many of the database fields and tables from the source files. It was also clear that Defendants had filtered relevant and responsive support tickets from their production.

    14. Although I immediately raised this issue with Defendants' counsel, Defendants did not agree to make a supplemental production that would include all of the tables and files associated with the Support Ticket Database until December 15, 2020.

    15. Defendants' re-produced Support Ticket Database (their third attempt at production) was significantly larger and more complex than Defendants' prior productions. However, during our review

of Defendants' production, my colleagues and I discovered that Defendants' production was still incomplete.

16. On January 28, 2021 Defendants' counsel sent what purported to be a meet and confer letter regarding "ECF 56." Defendants' letter, however, did not address any of issues discussed in that filing. Rather, the letter contained Defendants' latest excuse for why the Support Ticket Database production was incomplete along with a claim that all of these errors had been corrected and that a fourth production of the Support Ticket Database was available for Plaintiffs to download.

17. As detailed in Plaintiffs' pending motion for sanctions (ECF No. 96), Defendants' response to this Court's March 24, 2021 order compelling the production of financial documents (ECF No. 81) has been wholly inadequate in that (1) Domain ID Shield did not produce any information in response to the Court's order; (2) OnlineNIC produced less than two pages of information purporting to cover ten years of accounting records and did not do so until April 9, 2021, two days past the Court-ordered deadline; (3) on April 12, 2021, OnlineNIC supplemented its production with a one page document, again containing an undeveloped balance sheet and profit and loss statement for the years 2009-2019; (4) each of these documents provides no source documents, explanation, or meaningful detail supporting the information contained therein (*i.e.* "other deductions" or "technique exploitation and service charge"), nor do they contain an income statement or revenue and expense statement ordered by the Court; and (5) some of the data in OnlineNIC's second financial document production contradicted data that it produced three days prior.

18. Defendants now contend that they have produced all documents that are responsive to Plaintiffs' discovery requests and as ordered by the Court, having made a subsequent production on April 27, 2021. My colleagues and I are reviewing these documents.

19. In addition to the discovery issues discussed above, at least two additional outstanding discovery disputes remain. First, Plaintiffs contend that Defendants should have produced their tax returns, and the parties met and conferred concerning this dispute. Defendants only just produced documents purporting to contain these tax returns on April 27, 2021, and my colleagues and I are reviewing the production for accuracy and completion.

20. Second, the Parties have met and conferred concerning Defendants' production of their

registration database (as opposed to the Support Ticket Database under the purview of the Special Discovery Master). Plaintiffs have asserted that the database lacks information sufficient to allow Plaintiffs to identify the various fields in the database, which in turn makes it impossible for Plaintiffs to verify the accuracy and completeness of the data produced. At this juncture, Plaintiffs expect to file a motion to compel to address these deficiencies, and Plaintiffs may move the Court to amend the order appointing the Special Discovery Master to include the analysis and production of this database within the Special Discovery Master's duties.

21. Plaintiffs anticipate taking Defendants' depositions once Defendants have completed their document production and have properly responded to all current outstanding discovery. Plaintiffs also anticipate serving follow-up written discovery—including requests for admission concerning the genuineness of certain of Defendants' documents—once they have received responsive documents from Defendants.

22. Due to the numerous outstanding discovery issues raised above, Plaintiffs do not anticipate being in the position to serve their follow-up written discovery, let alone take depositions, before the close of fact discovery. Taking depositions with incomplete document discovery would likely result in further motion practice with the Court to compel additional deposition time once additional documents have been produced. Moreover, given the number of outstanding discovery issues as well as the rate at which Defendants have responded to discovery and have supplemented their deficient responses and productions in the past, Plaintiffs anticipate requiring several additional months to complete fact discovery and therefore respectfully request that the Court enter an order continuing all dates by approximately three months.

23. In addition to the discovery discussed above, Plaintiffs have also propounded interrogatories and requests for admission, as well as additional sets of requests for production.

24. These requests have led to myriad discovery disputes, and in response, Plaintiffs have served numerous motions to compel on Defendants. The parties have been able to resolve many disputes without Court intervention after a motion to compel had been served.

25. Defendant Xiamen 35.com Internet Technology Co., Ltd. ("35.CN") is located in the People's Republic of China.

26. Plaintiffs have retained a translation service to provide certified translations in Chinese of all documents that must be served upon 35.CN, as required by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague Convention").

27. Due to the volume of documents at issue and the strict requirements of the Hague Convention concerning translations of documents, Plaintiffs do not expect these certified translations to be completed for another two or three weeks, at which juncture Plaintiffs will initiate service upon 35.CN via the Hague Convention.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on May 4, 2021 in Fullerton, California.

                                          /s/David J. Steele
                                            DAVID J. STEELE