TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:     213.430.3400
Facsimile:     213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon *Pro Have Vice*
Cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:     650.752.2000
Facsimile:     650.752.2111

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

LEXANALYTICA, PC
Perry J. Narancic – SBN 206820
pjn@lexanalytica.com
2225 E. Bayshore Road
Suite 200
Palo Alto, CA 94303
Telephone:     650.655.2800

Attorneys for Defendants,
ONLINENIC, INC. and DOMAIN ID SHIELD
SERVICES CO., LIMITED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| FACEBOOK, INC. and INSTAGRAM, LLC, | Case No. 5:19-cv-07071-SVK |
|---|---|
| Plaintiffs, | **SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT** |
| v. | DATE:     July 20, 2021 |
| ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and DOES 1-20, | TIME:     9:30 a.m.<br>CTRM:    6 – 4th Floor |
| Defendants. | Hon. Susan van Keulen |

Significant events have occurred since the Parties filed their July 13, 2021 Joint Supplemental Joint Case Management Statement (ECF No. 116) that warrant the Parties' submission of this Supplemental Joint Case Management Statement.

1. On July 14, 2021, counsel for Defendants OnlineNIC, Inc. ("OnlineNIC") and Domain ID Shield Service Co., Limited ("ID Shield") (collectively, "Defendants") informed Plaintiffs that "Defendants are not in a position to continue to defend this litigation at this time due to inadequate financial resources and other matters."

2. Pursuant to the Court's Order (ECF No. 104), Plaintiffs noticed special Rule 30(b)(6) depositions of Defendants concerning "topics arising out of the financials and the relationship between 35.CN and the other defendants," with the depositions scheduled to take place from July 12 to July 15 from 4:00 P.M. to 9:00 P.M. each day. While the depositions took place on July 12 and July 13, on Wednesday, July 14, approximately thirty minutes before ID Shield's deposition was scheduled, Defendants' counsel informed Plaintiffs' counsel, "Defendants will not be able to be present at today's scheduled deposition . . . ." Plaintiffs' counsel advised that Plaintiffs intended to move forward with deposition as ordered by the Court and as noticed by Plaintiffs at the designated time. The deponent failed to appear and Plaintiffs' counsel made a record of the nonappearance.

3. Plaintiffs contend that, during the first two days of the special Rule 30(b)(6) deposition of OnlineNIC, the deponent was unprepared and unable to answer certain questions related to the subject matters specifically listed in the deposition notice.[1] Additionally, Plaintiffs contend the deponent's responses to several questions revealed the existence of additional responsive documents never produced despite Plaintiffs' discovery requests and the Court's Order compelling production of these documents (ECF No. 81).

4. In light of Defendants' continued discovery abuses and violations of Court orders, if the Court denies Plaintiffs' pending Motion for Default Judgment (ECF No. 117), Plaintiffs intend to move

---

[1] Defense counsel offered to cure these deficiencies by submitting written verified responses to the questions OnlineNIC's representative could not answer; however, Plaintiffs contend that allowing OnlineNIC to submit written responses defeats one of the key purposes of a deposition—namely, the ability to examine the deponent live and without having the deponent's responses drafted with the assistance of counsel.

for additional sanctions, including terminating sanctions, pursuant to Rule 37(b)-(d). Specifically, these motions will be directed at the following disputes:

    a. Plaintiffs contend that the Defendants failed to provide full and complete answers to the court-ordered special interrogatories. *See* ECF No. 104 (ordering special financial discovery);

    b. ID Shield failed to appear for the court-ordered special Rule 30(b)(6) deposition;

    c. Plaintiffs contend that the deponent at the court-ordered special Rule 30(b)(6) deposition was not prepared to answer numerous questions. Further, the deponent often responded, "I'll ask [a different person]" who purportedly possessed the information being sought; and

    d. Plaintiffs contend that, in responding to several deposition questions, OnlineNIC's corporate representative identified additional responsive documents that the Court previously ordered Defendants to produce (but which were not produced). *See* ECF No. 81 (ordering production of documents).

5. In response to the foregoing, Defendants state as follows. Defendants' counsel sent a meet-and-confer letter to opposing counsel which objected to Plaintiffs' notice of deposition as failing to set forth the deposition topics with the level of particularity required under Rule 30(b)(6), because among other things, it did not specify which of the *303* individual document requests they were going to examine on. Moreover, in response to discovery, Defendants produced (among other things): (a) 10 years of un-redacted, complete tax returns, (b) 5 years of complete, unredacted bank statements – and the volume of such documents, together with Plaintiffs' failure to describe with particularity the deposition subject matter or which specific documents (or part of documents) would be examined, made it almost impossible for any witness to answer the questions that were posed. Finally, on July 14, 2021, Defendants determined that they could no longer afford to defend this case – and that was the reason why they failed to appear for the last two days of depositions.

6. This Court's March 3, 2021 Order appointing the Special Discovery Master required the parties to divide the Special Discovery Master's costs and fees. ECF No. 72. On July 9, 2021 Defendants' counsel's informed the Special Master that "Tom, my clients plan to pay, on July 12 or 13, your invoice

for services rendered through the invoice date. With respect to the deposit on future services, my clients will pay as soon as cash flow permits - which is likely to occur on or before the end of the month." As of this filing, Defendants have not paid for either the services rendered through the invoice date, or for the deposit on future services.

7. Defendants state as follows: Defendants paid for part of the Special Masters' services through their deposit of $37,500 (which was paid March 20, 2021) as required by the Court. For various reasons, the Special Master spent through this deposit without first notifying Defendants. When Special Master's first invoice showed up on June 23, 2021, Defendants were not expecting any balance due. On June 29, 2021, Defendants' counsel wrote to Special Master and Plaintiffs explaining that Defendants were in financial distress and advised the Special Master that "*you should consider suspending your services until we hear from the Court.*" While Defendants had every intention of paying Special Master's invoice (even though it was unexpected), Defendants' financial condition continued to deteriorate until Defendants ran out of operating funds, and decided not to defend the case on July 14, 2021 due to financial distress.

8. Defendants intend to cease business operations on July 25, 2021.

9. For good cause, Defendants' counsel anticipates filing a motion to withdraw as counsel within the next several days.

DATED: July 16, 2021                                Tucker Ellis LLP


By:   /s/David J. Steele
      David J. Steele
      Howard A. Kroll
      Steven E. Lauridsen

Davis Polk & Wardwell, LLP
      Ashok Ramani
      Micah G. Block
      Cristina M. Rincon

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

DATED: July 16, 2021                    LexAnalytica, PC

                                        By:  /s/Perry J. Narancic
                                             Perry J. Narancic

                                        Attorneys for Defendants,
                                        ONLINENIC, INC. and DOMAIN ID
                                        SHIELD SERVICES CO., LIMITED

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that all other signatories listed and on whose behalf this filing is made concur in the filing of this document and have granted permission to use an electronic signature.

                                         /s/David J. Steele