Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
3000 El Camino Real
Bldg. 4, Suite 200
Palo Alto, CA  94306
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>Plaintiffs,<br>v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.<br><br>Defendants. | Case No. 19-CV-07071-SVK<br><br>**DECLARATION OF CARRIE YU IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY EX PARTE APPLICATION FOR A TEMPORARY RESTRATINING ORDER FREEZING DEFENDANTS' ASSETS.** |

I, Carrie Yu, declare as follows:

1.  I am an officer of OnlineNIC, Inc. and Domain ID Shield Service Co., Limited ("Defendants"), and I am authorized to make this declaration. I have personal knowledge of the facts set forth in this declaration, and if called as a witness I would testify to the facts contained in this declaration.

2.  OnlineNIC, Inc. owns or control certain domain names which are listed at Dkt. No. 129-2 (the "Defendant Domains").

3.  Following Defendants' decision to stop defending this case, Defendants' attention turned to organizing an orderly transition of the business. In addition, OnlineNIC transferred many of the Defendant Domains to Ename (www.ename.com) – a China-based registrar that is also one of

- 1-

the largest domain name brokers in China i.e. a marketplace where domains can be bought, sold and/or auctioned.  By having the domains moved to the registrar that was being used to sell the domains, the auction and transfer process would have been seamless.

4. Until July 13, 2021, Defendants had every intention to litigate this case through trial because they did not participate in any cybersquatting. Accordingly, Defendants consented to reasonable matters throughout this litigation, including the appointment of the Special Master. Defendants also co-operated in other ways too, such as voluntarily providing complete, unredacted tax returns.

5. On July 13, 2021, Defendants decided that the case could no longer be defended for financial and other reasons. However, as part of contingency planning, OnlineNIC relied on its assets, including the Defendant Domains, that could be used to pay the Special Master and other creditors. Starting July 19, 2021, OnlineNIC started transferring domains to Ename in order to prepare them for sale.

6. The purpose of selling the Defendant Domains was to pay the Special Master in this case, as part of an orderly conclusion of the litigation and transition of the business.

7. The Defendant Domains were disclosed to Plaintiffs in discovery responses in 2020. Similarly, all Outsourcing Agreements between OnlineNIC and 35.CN (under which 35.CN provides sub-contracted employees and facilities to OnlineNIC) were provided to Plaintiffs in discovery.

8. The transfers of the Defendant Domains have been either cancelled, or are in the process of being reversed.

9. Defendants have identified a buyer for the Defendant Domains who is willing to pay approximately $70,000 for the portfolio.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed at Xiamen, China on July 22, 2021.

                                          /s/ Carrie Yu

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that all other signatories listed and on whose behalf this filing is made concur in the filing of this document and have granted permission to use an electronic signature.

    /s/ Perry J. Narancic

Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
3000 El Camino Real
Bldg. 4, Suite 200
Palo Alto, CA  94306
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

- 3-