Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
3000 El Camino Real
Bldg. 4, Suite 200
Palo Alto, CA 94306
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>Plaintiffs,<br>v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.<br><br>Defendants. | Case No. 19-CV-07071-SVK<br><br>**DECLARATION OF PERRY J. NARANCIC IN SUPPORT OF SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY EX PARTE APPLICATION FOR A TEMPORARY RESTRATINING ORDER FREEZING DEFENDANTS' ASSETS.** |

I, Perry J. Narancic, declare as follows:

1. I am counsel for OnlineNIC, Inc. and Domain ID Shield Service Co., Limited ("Defendants"). I have personal knowledge of the facts set forth in this declaration, and if called as a witness I would testify to the facts contained in this declaration.

2. Attached hereto as Exhibit A is a copy of a letter I drafted and sent to opposing counsel on July 21, 2021.

3. Attached hereto as Exhibit B is a copy of a letter I drafted and sent to opposing counsel on July 21, 2021.

4. Attached hereto as Exhibit C is a copy of an email I sent on June 29, 2021.

- 1-

- 2-

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct.  Executed at Atherton, CA on July 22, 2021.
3                                        /s/ Perry J. Narancic

EXHIBIT A



3000 EL CAMINO REAL
BLDG. 4, SUITE 200
PALO ALTO, CA  94306
WWW.LEXANALYTICA.COM
T://         650.655.2800
E://   PJN@LEXANALYTICA.COM

July 21, 2021

Howard A. Kroll [ Howard.Kroll@tuckerellis.com]
David J. Steele [David.Steele@tuckerellis.com]

**Re: Facebook, Inc. v. OnlineNIC, Inc.
Case No., 19-cv-7071**

Dear David,

    Further to our call yesterday, Defendants will stipulate to an asset freeze order. We just need to make sure that we have reasonable language that allows Defendants to spend on ordinary business operations and/or wind-up expenses. Please send me some proposed language.

    I remind you that there is still an outstanding request to Plaintiffs as to whether they will accept Defendants proposal on carrying on business operations until the court makes a further determination. While Defendants previously intended to cease business operations on July 26, given the developments yesterday, Defendants intend to carry on business operations at least through July 30 - and beyond if possible, in order for the court to receive and consider the payment plans.

    Also, as discussed, Defendants will agree to deliver control over domain names that it controls to a neutral third-party, so that they can be sold and the proceeds used to pay the Special Master. If you have a proposal on such a neutral third-party, please let me know. For your reference, I attach a spreadsheet with the domain names that are currently registered to "Anthonny".

    My understanding is that Plaintiffs may file their asset freeze application without first providing it to me. If that is the case, I would expect that this letter would be referenced, and that it be attached be attached as an exhibit to such an application. As to the domains that were transferred to another registrar, those pending transfers have been canceled, or the transferred domains are in the process of being moved back - as shown by the attached supporting documentation.



Feel free to contact me with any questions.

Yours very truly,

LexAnalytica, P.C.

By:  Perry J. Narancic

EXHIBIT B



3000 EL CAMINO REAL
BLDG. 4, SUITE 200
PALO ALTO, CA  94306
WWW.LEXANALYTICA.COM
T://         650.655.2800
E://   PJN@LEXANALYTICA.COM

July 7, 2021

Howard A. Kroll [ Howard.Kroll@tuckerellis.com]
David J. Steele [David.Steele@tuckerellis.com]

Re: Facebook, Inc. v. OnlineNIC, Inc.
Case No., 19-cv-7071

Dear Howard and David,

Further to today's case management conference, I write to you to revisit Defendants' proposal about continuing business operations, which we previously discussed. As you recall, Defendants sought Facebook's consent to continue business operations until its business could be sold as a going concern. This would solve a lot of problems, including getting the Special Master paid and maximizing any recovery for Plaintiffs. I have not yet re-connected with my clients, but I believe that 6 months would be sufficient to find a buyer.

It may well be too late for this proposal, since a transition letter has already been sent to ICANN. So I urge Plaintiffs to get back to me as soon as possible as to whether they would agree to such a proposal.

Yours very truly,

LEXANALYTICA, P.C.

By:  Perry J. Narancic

**Exhibit C**

Re: Facebook, Inc. et al v. OnLineNic Inc et al - Special Discovery Master Invoice (Dated: 6/23/2021)

Perry J. Narancic <pjn@lexanalytica.com>     Jun 29, 2021, 10:37 AM
to Tom, David, Howard, Steven, Bart

Hi Tom - Defendants were not expecting this bill and they do not have the funds to pay it. I guess that I am a little surprised that an invoice was sent so long after the initial deposit was used up. I think the better course would have been to keep us updated on costs, and not to have incurred fees beyond the deposit without notice.

OnlineNIC is cash flow positive on its business operations. It has every intention to pay your invoice in full, and it will be able to pay you if the case schedule is adjusted. We will need direction from the Court on how to proceed, but I suspect that you should consider suspending your services until we hear from the Court.

Very sorry about this. I will help in any way I can.

P