UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ONLINENIC INC, et al., <br><br> Defendants. | Case No. 19-cv-07071-SVK <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EMERGENCY EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER FREEZING DEFENDANTS' ASSETS AND MOTION SCHEDULING** <br><br> Re: Dkt. Nos. 129, 131 |

Presently before the Court is Plaintiffs Facebook, Inc. and Instagram, LLC's ("Plaintiffs") Emergency Ex Parte Application for a Temporary Restraining Order Freezing Defendants' Assets. Dkt. 129. Plaintiffs' counsel has stated that he has met and conferred and given notice to Defendants' counsel prior to the filing of this application. Dkt. 129 at 2. Defendants OnLineNIC, Inc. and Domain ID Shield Service Co., Limited ("Defendants") filed an opposition. Dkt. 131.

Having reviewed the submissions of the Parties, the Court finds that Plaintiffs have shown a likelihood of immediate and irreparable injury by dissipation of assets if a temporary restraining order ("TRO") does not issue pending briefing on a preliminary injunction. Accordingly, the Court **ORDERS** as follows:

    I.    Given the urgency of this matter, except to pay costs directly necessary to maintain the day-to-day operations of their business (e.g., renewing customer domain names, paying for servers, paying any employees), Defendants, as well as their officers, agents, servants, employees, or attorneys, or any other person who is in active concert or participation with them, shall not transfer, dissipate, abscond, hide,

secret away, borrow against, or pledge any of Defendants' assets, including by:

1. Transferring, releasing, deleting, or assigning any domain names owned or controlled by Defendants, including but not limited to the domain names listed in Exhibit 1 to this Order;
2. Transferring or withdrawing any funds from any bank account;
3. Transferring or using any funds from PayPal accounts and any other third-party payment processor, except that those funds may be deposited into one of Defendants' bank accounts;
4. Transferring or using any funds from Visa, MasterCard, American Express, or any other credit card company as well as any credit card processing company, except that those funds may be deposited into one of Defendants' bank accounts;
5. Transferring or using any funds held in any attorney-client trust account;
6. Selling, leasing, loaning, pledging, or otherwise encumbering any physical assets or infrastructure, including any computer server or equipment of value;
7. Assigning any employee compensation or benefit plan or requesting any return of such funds from the plan coordinator;
8. Selling, assigning, or otherwise transferring any equity Defendants own in any other companies;
9. Transferring any funds to 35.CN during the TRO period; and
10. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 1-9 above.

II. Further, in light of Defendants' representation that they will not oppose Plaintiffs' motion to strike Defendants' Answer and for default judgment (Dkts. 117, 120), Defendants shall <u>immediately</u> provide to the Court under seal an accounting of all of their assets, including, but not limited to, (a) all of Defendants' bank account numbers and those accounts' respective balances as of the date this TRO is entered;

(b) Defendants' ownership interest in any other companies; and (c) any other assets including cash balances, real estate, physical property, accounts receivable, or income.

III. The Court **DENIES WITHOUT PREJUDICE** Plaintiffs' request for an independent domain name broker and liquidation.  This topic may be revisited during the preliminary injunction stage.

The Court **FURTHER ORDERS** as follows:

1. This TRO is entered on July 23, 2021 for a period of fourteen (14) days through **August 6, 2021**.
2. Parties are to provide briefing for the preliminary injunction on the following schedule:
   a. Plaintiffs may submit any supplemental briefing in support of preliminary injunction by **12:00 p.m. on July 27, 2021**.
   b. Defendants shall file and serve an opposition to preliminary injunction, if any, by **12:00 p.m. on July 30, 2021**.  In the opposition to the TRO, Defendants unequivocally state that they seek to transfer domains to a registrar to auction for cash to pay the Special Master.  Dkt. 131 at 2.  Defendants also represent that they have identified a buyer for the domains who is willing to pay an amount approaching the amount owed to the Special Master.  *Id.* at 4; Dkt. 131-1 Declaration of Carrie Yu ¶ 9.  Accordingly, Defendants' opposition to a preliminary injunction should contain a <u>specific proposal</u> for securing any such funds raised to pay the Special Master (e.g., an escrow account with counsel or some other effective mechanism), including buyer's names, dates, and account numbers where proceeds will be placed.

////
////
////
////
////

3

3. A hearing on a preliminary injunction will take place via video conference at **1:30 p.m. on August 5, 2021.**

**SO ORDERED.**

Dated: July 23, 2021

*Susan van Keulen*
SUSAN VAN KEULEN
United States Magistrate Judge