TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:     213.430.3400
Facsimile:     213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon *Pro Hac Vice*
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:     650.752.2000
Facsimile:     650.752.2111

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

LEXANALYTICA, PC
Perry J. Narancic – SBN 206820
pjn@lexanalytica.com
2225 E. Bayshore Road
Suite 200
Palo Alto, CA 94303
Telephone:     650.655.2800

Attorneys for Defendants,
ONLINENIC, INC. and DOMAIN ID SHIELD
SERVICES CO., LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC, | Case No. 5:19-cv-07071-SVK |
| Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER CONCERNING DEFENDANTS' PAYMENTS OWED TO SPECIAL MASTER** |
| v. | |
| ONLINENIC, INC., DOMAIN ID SHIELD SERVICE CO., LIMITED, and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD., | Hon. Susan van Keulen |
| Defendants. | |

Plaintiffs Facebook, Inc. and Instagram, LLC (collectively, "Plaintiffs") and Defendants OnlineNIC, Inc. and Domain ID Shield Service Co., Limited (collectively, "Defendants"), through their respective counsel of record, hereby stipulate and request that the Court enter an order as follows:

1. Defendants own certain domain names ("Defendants' Domain Names"). Attached as Exhibit 1 to this Stipulation is a list of identified domain names owned by Defendants.

2. Defendants will immediately investigate whether they own any additional domain names. They will disclose any such additional names to Plaintiffs within two business days, and the parties shall revise Exhibit 1 accordingly and lodge an updated version of that exhibit with the Court.

3. Defendants will assign the registration of all of Defendants' Domain Names, free and clear of any liens or encumbrances, to Plaintiffs as follows:

   a. To facilitate the assignment:
      i. the registry operator of record for each of Defendants' Domain Names shall change the registrar of record to a registrar selected by Facebook;
      ii. the registrar of record selected by Plaintiffs shall place Defendants' Domain Names into a user account controlled by Plaintiffs' counsel (or an agent designated by Plaintiffs);
      iii. the registrar of record shall update the listed registrant to Plaintiffs' counsel (or an agent designated by Plaintiffs);
      iv. Plaintiffs' counsel may serve a copy of this Stipulated Order on the appropriate registry operators and registrars as necessary to facilitate the transfer of Defendants' Domain Names; and
      v. Defendants shall cooperate and assist as necessary to facilitate the assignment and transfer of Defendants' Domain Names;
   b. Defendants represent and warrant that they own all of Defendants' Domain Names;
   c. Defendants represent and warrant that they have the rights and authority to transfer all of Defendants' Domain Names;
   d. Defendants will indemnify Plaintiffs for any claims made by any third parties regarding any of Defendants' Domain Names;

4.  Following the transfer of Defendants' Domain Names listed on Exhibit 1, as stated in Paragraph 3, above, and as consideration for the transfer of all of Defendants' Domain Names, Plaintiffs will pay, within five business days, $74,812 to the Special Master on behalf of Defendants such that Defendants' balance due to the Special Master will be discharged;

5.  Upon full payment of the Special Master's fees as stated in Paragraph 4, above, Plaintiffs shall file a statement informing the Court that payment has been made;

6.  Once Plaintiffs have paid the Special Master as stated in Paragraph 4, above, Plaintiffs will not later seek to claw any such payment back from the Special Master, leaving a motion to enforce the terms of this stipulation as Plaintiffs' sole remedy for any of Defendants' non-compliance with this stipulation's terms;

7.  With respect to the Temporary Restraining Order Freezing Assets, ECF No. 132 ("TRO"), Plaintiffs and Defendants stipulate to the conversion of the TRO into a preliminary injunction that contains identical terms as stated in the TRO and that shall remain in effect until entry of Defendants' default judgment, except that:

    a.  Defendants can pay to their current counsel of record reasonable fees for legal services and associated support costs (e.g., third-party discovery vendor fees), provided that Defendants first provide to Plaintiffs copies of all invoices, redacted for privilege only, demonstrating the need for payment of those services, and Defendants shall pay those invoices from the proceeds from registration and renewal of domain names; and

    b.  Defendants shall not challenge or seek to dissolve the TRO or Preliminary Injunction (or any permanent injunction later issued in this action), or any portions thereof, for any reason, except upon stipulation of the parties;

8.  Nothing in this stipulation relates to, excuses, or satisfies any judgment the Court may later issue in this action; and

9.  The terms of this stipulation are contingent on the Court approving the stipulation and entering an order embracing all of the stipulation's terms and conditions.

**SO STIPULATED THROUGH COUNSEL OF RECORD:**

DATED: July 27, 2021   Tucker Ellis LLP

By: /s/David J. Steele
   David J. Steele
   Howard A. Kroll
   Steven E. Lauridsen

Davis Polk & Wardwell, LLP
   Ashok Ramani
   Micah G. Block
   Cristina M. Rincon

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

DATED: July 27, 2021   LexAnalytica, PC

By: /s/Perry J. Narancic
   Perry J. Narancic

Attorneys for Defendants,
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICES CO., LIMITED

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that all other signatories listed and on whose behalf this filing is made concur in the filing of this document and have granted permission to use an electronic signature.

/s/David J. Steele

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____   _____
   Susan van Keulen
   United States Magistrate Judge