TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:     213.430.3400
Facsimile:     213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon *Pro Hac Vice*
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:   650.752.2000
Facsimile:   650.752.2111

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>　　　　　Defendants. | Case No. 5:19-cv-07071-SVK<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO WITHDRAW BY DEFENDANTS' COUNSEL**<br><br>Hon. Susan van Keulen |

The court should not permit counsel for OnlineNIC and Domain ID Shield (together, "Defendants") to withdraw. Judgment has yet to be entered (not to mention enforced) and, as this Court has already emphasized, Defendants may not simply "pick up their toys and go home." Transcript of Zoom Proceedings Before the Honorable Susan van Keulen 9:14–17 (ECF No. 127).

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The decision to permit counsel to withdraw is within the sound discretion of the Court. *Robinson v. Delgado,* No. CV 02–1538 NJV, 2010 WL 3259384, at *1 (N.D. Cal. Aug. 8, 2010). The Court considers several factors when ruling on a motion to withdraw, including (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *Deal v. Countrywide Home Loans,* No. C 09–01643 SBA, 2010 WL 3702459, at *3 (N.D. Cal. Sep. 15, 2010).

All of the applicable factors weigh against permitting withdrawal here. Most importantly, withdrawal would prejudice Plaintiffs (factor 2) by effectively allowing Defendants to abandon this litigation. It would make contacting Defendants difficult or impossible, which is especially prejudicial at this late stage of proceedings, with several motions pending, and likely further proceedings to collect damages and enforce any injunctive relief close at hand. Withdrawal would also cause unnecessary delay (factor 4), including because of the time required to locate, retain, and educate replacement counsel (which corporate parties are required to do). And withdrawal would harm the administration of justice (factor 3), frustrating the Court's ability to oversee a timely and just resolution of this matter, particularly given Defendants' established record of misconduct. *See, e.g.*, Special Master's Data Destroyed or Withheld Report (ECF No. 115) (documenting Defendants' misconduct). Finally, defense counsels' reasons for withdrawing (factor 1) do not justify that result here. Mot. to Withdraw By Defs.' Counsel 2–3 (ECF No. 121). It is irrelevant that Defendants no longer wish to litigate this case or engage defense counsel, and ongoing proceedings demonstrate that counsel remains able to carry out his representation effectively.

Accordingly, Plaintiffs respectfully urge the Court to deny the Motion and ensure that Defendants remain represented until this case is finally resolved as it pertains to them.

## I. PERMITTING WITHDRAWAL WOULD PREJUDICE PLAINTIFFS, DELAY RESOLUTION OF THE CASE, AND HARM THE ADMINISTRATION OF JUSTICE.

Allowing defense counsel to withdraw would prejudice Plaintiffs, delay the resolution of this case, and harm the Court's administration of justice, particularly given that this litigation appears to be in its final stages as to defense counsel's clients. *See Robinson*, 2010 WL 3259384, at *1 (denying counsel's motion to withdraw at a late stage of the case proceedings in order to prevent a delay in the resolution of the case and potential prejudice to both parties).

Plaintiffs would be prejudiced if they (and the Court) became unable to contact Defendants through the remainder of these proceedings. *See Stanford v. Intuitive Surgical, Inc.,* Case No. 18-CV-02232-LHK, 2019 U.S. Dist. LEXIS 60919, at *4 (N.D. Cal. Apr. 9, 2019) (finding prejudice where plaintiff's counsel moved to withdraw at a later stage of litigation without substitute counsel). The motion to withdraw threatens to leave Defendants unrepresented just as the case nears important substantive milestones— including Plaintiffs' pending motion for default judgment (ECF No. 117)—which could unfairly interfere with Plaintiffs' ability to obtain the judgment they seek. Moreover, should the Court enter judgment, Plaintiffs may need the Court's assistance—and access to defense counsel—in order to collect any damages and enforce any injunctive relief. The need for representation by an officer of the Court who is amenable to the Court's oversight is especially acute here, considering Defendants' record of violating court orders and dissipating assets to avoid their financial obligations. *See, e.g.*, Mem. in Support of Application for TRO 5–7 (ECF No. 129) (summarizing discovery misconduct and prior violations).

Withdrawal would also threaten to delay these proceedings and harm the administration of justice, both of which would further unfairly prejudice Plaintiffs. *See, e.g.*, *Robinson*, 2010 WL 3259384, at *2 (recognizing that "delay" at a "late stage of the proceedings . . . would unduly prejudice" both parties). Defendants' conduct has already caused substantial delay and interfered with the administration of justice, as evidenced by the need for the appointment of a Special Master to investigate Defendants' discovery abuses and obfuscation, the Special Master's report concluding that Defendants have deliberately destroyed evidence, and Defendants' failure to comply with the Court's Order regarding the Special Master. *See* Mot. to Strike Defs.' Answer and for Default Judgment 4–5, 14 (ECF No. 117); Special Master's Data Destroyed or Withheld Report (ECF No. 115). That record demonstrates the continued

need for Defendants to be represented in these proceedings by an officer of the court so as to mitigate the risk of further delay and harm.

Moreover, even if not for Defendants' record of misconduct, allowing withdrawal would *at least* cause unnecessary delay while Defendants locate, retain and educate replacement counsel, as they would be required to do. *See Licht v. Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (holding that business entities must appear in court through an attorney). There is no evidence that Defendants can or will retain replacement counsel. To the contrary, their stated intent to cease litigating this matter suggests they have no desire or intent to do so. Decl. of Carrie Yu 1 (ECF No. 121-2). As a result, further unnecessary delay and interference with the Court's administration of these proceedings is all but inevitable if current counsel withdraws. *See Robinson*, 2010 WL 3259384, at *2 (denying counsel's motion to withdraw at a late stage of the case proceedings in order to prevent a delay in the resolution of the case and potential prejudice to both parties); *Stanford*, 2019 U.S. Dist. LEXIS 60919, at *4 (finding prejudice where plaintiff's counsel moved to withdraw without substitute counsel).

Notably the motion to withdraw is not conditioned on the appearance of substitute counsel, which casts further doubt on whether Defendants can or would retain replacement counsel as required. Motion to Withdraw 2. Instead, the motion proposes that withdrawal should be allowed if counsel agrees to accept service of papers for a period of 15 days after withdrawal. *Id.* Even if Defendants were permitted to act pro se (they are not), defense counsel's offer to forward papers would not cure the unfair prejudice of leaving Defendants unrepresented. For example, in *Stanford*, the counsel seeking to withdraw proposed to "forward all filed documentation to Plaintiff, until another attorney can enroll on Plaintiff's behalf," but the court correctly observed that merely forwarding documents "d[id] not cure the possible prejudice to Plaintiff and Defendant." *Stanford*, 2019 U.S. Dist. LEXIS 60919, at *4. Defense counsel's proposal is even weaker here because it would end arbitrarily after 15 days instead of extending until replacement counsel appears.

All three of these factors—prejudice to other litigations, delay and harm to administration of justice—weigh heavily in favor of denying the motion to withdraw.

## II. DEFENSE COUNSEL'S REASONS FOR WITHDRAWAL DO NOT JUSTIFY THAT RELIEF.

None of defense counsel's reasons for withdrawal support his motion, and especially not at the present advanced stage of the proceedings. Defense counsel seeks to withdraw because: (1) Defendants no longer wish to defend the case and intend to cease business operations, (2) at least one response to a deposition question varied from Defendants' verified interrogatory responses, allegedly "bring[ing] into question the relationship between client and attorney," and (3) Defendants have consented to Counsel's withdrawal. Motion to Withdraw 2–3. These reasons are all either irrelevant or insufficient.

First, Defendants' desire to cease litigating is irrelevant. *CE Resource, Inc. v. Magellan Group, LLC*, No. 2:08–cv–02999–MCE–KJM, 2009 WL 3367489, at *5 (E.D. Cal. Oct. 14, 2009) ("[T]he fact that the client has expressed in their letter to the attorneys that they no longer wish to pursue litigation holds no persuasion before this Court."). Regardless of whether Defendants cease business operations, litigation will continue at least until the Court enters final judgment and may continue thereafter (e.g. if the Court retains jurisdiction over a permanent injunction). *See id.* Defendants will continue to have obligations to the Court. As this Court has already admonished Defendants, "[t]his is not a situation where [] if you don't like the result you pick up your toys and go home. . . . That's not the way it works." Transcript of Zoom Proceedings Before the Honorable Susan van Keulen 9:14–17 (ECF No. 127).

Second, even if Defendant OnlineNIC gave a response to a deposition question that "appeared to be at variance with Defendants' verified interrogatory responses," Decl. of Perry J. Narancic in Support of Motion to Withdraw as Counsel ¶ 3 (ECF No. 121-1), that is insufficient to justify withdrawal here. For example, there is no indication that the Defendants' conduct has rendered it "unreasonably difficult for [defense counsel] to carry out the employment effectively." *See* California Rule of Professional Conduct 1.16(b)(4). To the contrary, defense counsel has continued his working relationship with Defendants. For example, the fact that the parties recently filed a stipulation regarding payment of the special master evidences negotiation between counsel, and necessarily required a working relationship between Defendants and their attorney. Parties' Stipulation Regarding Payment of Special Master (ECF No. 141). And Defendants' recently filed "Statement of Non-Opposition Re Plaintiffs' Motion for Preliminary Injunction" (ECF No. 145) purports to raise several substantive issues, further demonstrating defense

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

counsel's ongoing working relationship with his clients.

A strained attorney-client relationship does not justify withdrawal at this stage. In *Robinson*, the Court denied counsel's motion to withdraw notwithstanding counsel's assertion that a breakdown in communication made effective representation impossible. There, the plaintiff had filed a number of post-trial submissions without consulting or informing his counsel, one of which expressly contradicted positions counsel had taken. 2010 WL 3259384, at *1. The court held that plaintiff's conduct did not justify withdrawal given the late stage of the litigation, the timing of the motion to withdraw (sixteen days before a hearing on numerous substantive motions), plaintiff's inability to retain substitute counsel in a timely manner, and the substantial delay withdrawal would cause to resolution of the matter. *Id*. at *2. Likewise here, several motions remain pending, including Plaintiffs' motion for a preliminary injunction (ECF No. 140) (calendared for a hearing this week), and Plaintiffs' motion for default judgment (ECF No. 117), to include damages and permanent injunctive relief. In sum, defense counsel's discomfort with Defendants' lack of candor does not warrant withdrawal at this stage.

Finally, the fact that Defendants have consented to withdrawal does not weigh in favor of granting the motion. *Robinson,* 2010 WL 3259384, at *2 ("[W]hen addressing a motion to withdraw, the consent of the client is not dispositive." (citing *CE Resource*, 2009 WL 3367489, at *2)). Instead, the decision to permit counsel to withdraw is within the sound discretion of the trial court based on factors set forth above, *see id.* at *1, all of which weigh against permitting withdrawal here. This is particularly true where Defendants have admitted that they just want to "go home."

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs urge the court to deny defense counsel's motion to withdraw as attorney of record for Defendants in this case.

DATED: August 3, 2021  Tucker Ellis LLP


By: /s/David J. Steele
　　David J. Steele
　　Howard A. Kroll
　　Steven E. Lauridsen

Davis Polk & Wardwell LLP
　　Ashok Ramani
　　Micah G. Block
　　Cristina M. Rincon

　　Attorneys for Plaintiffs,
　　FACEBOOK, INC. and INSTAGRAM, LLC