1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC, | Case No. 5:19-cv-07071-SVK |
| Plaintiffs, | **AMENDED [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' ANSWER AND FOR DEFAULT JUDGMENT** |
| v. | |
| ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LTD.; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD., | |
| Defendants. | |

Plaintiffs Facebook, Inc.'s ("Facebook") and Instagram, LLC's ("Instagram" and, collectively with Facebook, "Plaintiffs") Motion to Strike Defendants' ("OnlineNIC") and Domain ID Shield Service Co., Limited ("ID Shield") (collectively, "Defendants") Answer and for Default Judgment is before the Court. Having considered the law, and finding that the requirements for a default judgment have all been met,

**IT IS HEREBY ORDERED** that Plaintiffs' motion is **GRANTED** and that Defendants' Answer is stricken.

**IT IS FURTHER ORDERED** that default judgment be entered against Defendants based on the following:

1. This Court adopts the findings of the Special Master as laid out in his report, (ECF No. 115), including:

    a. Defendants possessed the requisite IT skills and software developer knowledge to preserve ESI yet failed to do so; *id.* at 17.

    b. Defendants' ESI destruction was vast and extensive; *id.* at 19-20.

    c. Defendants' ESI destruction was intentional; *id.* at 26.

    d. The ESI destroyed by Defendants was vital to Plaintiffs' claims and is now irrecoverable; *id.* at 40-41;

    e. Plaintiffs suffered irreparable harm and will continue to suffer harm as a result of Defendants' spoliation of evidence; *id.*

    f. Defendants intentionally withheld much of the ESI they did not destroy; *id.* at 30-32.

    g. Defendants engaged in "data dumping" to obscure responsive ESI; *id.* at 34-35.

    h. The attachment files produced by Defendants were missing file extensions and contained virus files; *id.* at 32.

    i. Defendants deleted and withheld ESI from the Special Master; *id.* at 35-36, and

    j. Defendants made "material misrepresentations" to the Special Master. *Id.* at 40.

2. An entry of default judgment against Defendants is warranted under Fed. R. Civ. P. 37(e)(2)(c) for Defendants' failure to preserve electronically stored information ("ESI") based on the

following:

    a. Defendants had notice of pending litigation, and thus a duty to preserve ESI, as early as late as November 11, 2019 when Plaintiffs' Original Complaint was served on OnlineNIC.

    b. Defendants failed to preserve ESI and deleted relevant ESI after the complaint was filed, during discovery and even after the appointment of the Special Master.

    c. The ESI, which Defendants failed to preserve or deleted, cannot be restored or replaced through additional discovery.

    d. Defendants' destruction of ESI was intentional.

    e. The data intentionally destroyed by Defendants were important to Plaintiffs' case.

    f. Plaintiffs have been irreparably prejudiced by Defendants' destruction of ESI.

    g. Lesser sanctions, like an adverse jury instruction or the exclusion of evidence, are inappropriate here in the face of mass spoliation.

3. An entry of default judgment against Defendants is warranted under Fed. R. Civ. P. 37(b)(2)(A)(vi), and this Court's inherent power based on the following:

    a. Plaintiffs have been irreparably prejudiced by Defendants' failure to comply with this Court's Order regarding the Special Master.

    b. Defendants were willful, at fault, and acted in bad faith in violating the Court's Order regarding the Special Master.

    c. The public's interest in expeditious resolution of litigation and this Court's need to manage its dockets supports default judgment.

    d. Public policy favoring disposition of cases on their merits supports default judgment.

    e. Less drastic sanctions would be inadequate to address the damage resulting from Defendants' misconduct.

    f. An entry of default judgment would not violate due process.

4. An entry of default judgment against Defendants is warranted under Fed. R. Civ. P. 37(c)(1)(C) based on the following:

      a.    Plaintiffs have been irreparably prejudiced by Defendants' failure to supplement an earlier incomplete or incorrect discovery response.

      b.    Defendants were willful, at fault, and acted in bad faith in their failure to supplement an earlier incomplete or incorrect discovery response.

      c.    The public's interest in expedition resolution of litigation and this Court's need to manage its dockets supports default judgment.

      d.    Public policy favoring disposition of cases on their merits supports default judgment.

      e.    Less drastic sanctions would be inadequate to address the damage resulting from Defendants' misconduct.

      f.    An entry of default judgment would not violate due process.

DATED: _____                         _____

                                                                                  United States District Judge

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
Case No. 5:19-cv-07071-SVK