**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
liana@KRInternetLaw.com

Specially Appearing as Attorneys for
Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FACEBOOK, INC.**, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>**ONLINENIC INC.**, et al.,<br><br>　　　　Defendants. | Case No. 5:19-cv-07071-SI<br><br>**DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS; AND JOINDER TO OPPOSITION BY ONLINENIC INC. AND DOMAIN ID SHIELD SERVICE CO. LIMITED**<br><br>Date:　　December 3, 2021<br>Time:　　10:00 a.m.<br>Ctrm:　　1 — 17th Floor<br>Before:　Judge Susan Illston |

## INTRODUCTION

Defendant Xiamen 35.com Technology Co., Ltd. ("35.CN") opposes the Motion for Sanctions Striking Defendants' Answer and for Default Judgment (Renoticed Motion Due to Case Reassignment) ("Motion for Sanctions") [D.E. 176–178] filed by Plaintiffs Facebook, Inc. and Instagram, LLC ("Plaintiffs"); and 35.CN joins the opposition filed by Defendants OnlineNIC Inc. ("OnlineNIC") and Domain ID Shield Service Co. Limited ("ID Shield"). While 35.CN disputes that there is a valid cause of action or personal jurisdiction against it—as outlined in 35.CN's pending Motion to Dismiss [D.E. 174]—35.CN files this short opposition to preserve its arguments that Plaintiffs' Motion for Sanctions should be denied or, alternatively, vacated. In particular, given the risks of inconsistent judgments against multiple Defendants that are claimed "alter egos," there is "just reason for delay" in ruling on Plaintiffs' Motion for Sanctions; moreover, given the alter ego allegations, 35.CN will suffer undue prejudice if the Motion for Sanctions is granted.

## BACKGROUND

Plaintiffs filed their original Complaint on October 28, 2019, alleging Lanham Act claims against Defendants OnlineNIC (a domain name registrar) and ID Shield (a domain name privacy service) related to purportedly infringing domain names registered by third-party "Registrants." Despite meritorious defenses, the high costs of Plaintiffs' lawsuit and other issues forced OnlineNIC and ID Shield to stop defending this case (e.g., they did not initially oppose Plaintiffs' original Motion for Sanctions). [D.E. 118 ¶1; D.E. 131-1 ¶¶4–5.].

After being added to the action as an alleged "alter ego" of OnlineNIC and ID Shield, 35.CN filed a Motion to Dismiss on September 28, 2021 [D.E. 174]. As outlined in that Motion to Dismiss, Plaintiffs' "alter ego" allegations fail because OnlineNIC and ID Shield are not liable in the first instance, and Plaintiffs' claims seek to overturn established safeguards for domain name registrars. Further, there is no personal jurisdiction as to 35.CN, which is a public company in China that provides internet and cloud computing services to Chinese customers and which was not the registrar or registrant for any of the domain names at issue in this case. [D.E. 171-1 ¶¶2–3, 6; *see also* SAC Ex. 7.]

As outlined in Plaintiffs' Motion for Sanctions, Plaintiffs seek default judgment as terminating sanctions (for purportedly destroying responsive data, which is disputed) against OnlineNIC and ID Shield in the amount of $3,500,000, attorney's fees in the amount of $2,057,782.17, Special Master costs in the amount of $88,937, and a permanent injunction. [D.E. 176, Notice p. 2.] Notably, Plaintiffs fail to allege or show any wrongful profits or actual damages in connection with the 35 domain names at issue.

The Court previously rejected Plaintiffs' attempts to seek a default judgment, stating at a hearing on August 10, 2021, "the Ninth Circuit has the view that in terms of entering a default judgment, that that is a dispositive ruling, obviously; and any defendant in the case, whether they have appeared yet or not, may be - - may be prejudiced by that or impacted by it." [D.E. 154, hearing transcript at 27:18–24.] Seeking another bite at the apple, on October 1, 2021, Plaintiffs refiled their Motion for Sanctions. [D.E. 176.] All Defendants are opposing the Motion for Sanctions.

## ARGUMENT

35.CN requests that the Court deny Plaintiffs' Motion for Sanctions or, alternatively, vacate the hearing until a later time. Although Plaintiffs frame their Motion for Sanctions under Rule 37, which requires extraordinary circumstances, Federal Rule of Civil Procedure 54(b) also requires an express determination that there is "no just reason for delay" if a final judgment is sought as to fewer than all parties. *See In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1071, 1077 (N.D. Cal. 2006) (finding default sanctions were not warranted for claimed spoliation). Specifically, where a plaintiff's claims are based on vicarious or alter ego liability, there is "just reason" for delaying a final judgment as to one or some of the defendants to avoid logically inconsistent judgments in the same action and factually meritless default judgments. *See Fractional Villas v. Katz*, No. 08CV1317 DMS (POR), 2008 WL 11337364, at *1 (S.D. Cal. Nov. 10, 2008) (noting courts should not enter a judgment against defaulting co-defendants until the action is fully adjudicated where there is a possibility of inconsistent judgments on the merits in favor of the remaining, answering defendants, including in cases where defendants have closely

related defenses or are otherwise similarly situated; denying motion for default judgment without prejudice); *see also e.g., Harrell v. DCS Equip. Leasing Co.*, 951 F.2d 1453, 1459 (5th Cir. 1992); *Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 582 (E.D. Va. 2000) (noting considerations of judicial economy and consistency compelled the Court to postpone entry of default against one of the defendants); *In re First T.D. & Invest., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (holding judgment should not be entered against a defaulting defendant until the matter has been adjudicated as to all defendants); *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) (holding that when some but less than all defendants default, the best practice for the Court is to stay its determination as to the defaulters to avoid dealing with inconsistent determinations against all defendants). Thus, the Court should deny Plaintiffs' Motion for Sanctions due to risks of inconsistent judgments.

Importantly, 35.CN would incur significant harm and prejudice if the Court were to grant Plaintiffs' Motion for Sanctions—especially at this stage prior to the hearing on 35.CN's Motion to Dismiss—as the Motion for Sanctions substantially impacts 35.CN as the alleged "alter ego" of the other Defendants. In particular, while Plaintiffs are not currently seeking default judgment against 35.CN, ruling on Plaintiffs' Motion for Sanctions at this stage will substantially prejudice 35.CN for two reasons. First, Plaintiffs are seeking default judgment not on the merits but as a sanction against OnlineNIC and ID Shield, which Plaintiffs would seek to enforce against 35.CN using their alter ego argument, despite lack of legal basis for Plaintiffs' claims (as outlined in 35.CN's Motion to Dismiss). Second, OnlineNIC and ID Shield cannot adequately defend the case (including to explain the benign conduct referenced in the Special Master's sanctions report) given Plaintiffs' costly litigation tactics. In other words, Plaintiffs are attempting to have the Court, without addressing the merits, enter default judgment, without any meaningful opposition from either OnlineNIC/ID Shield (due to lack of funds) or the alleged alter ego, 35.CN.

//

//

**CONCLUSION**

For the foregoing reasons, 35.CN respectfully requests that the Court deny Plaintiffs' Motion for Sanctions, or alternatively vacate the hearing (with the possibility for Plaintiffs to refile their Motion for Sanctions after 35.CN either (a) is dismissed, or (b) files an answer in this case and has adequate time to file a fully-briefed opposition).

Respectfully Submitted,

Dated: October 15, 2021          **KRONENBERGER ROSENFELD, LLP**

By:   s/ Karl S. Kronenberger
          Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.