Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
3000 El Camino Real
Bldg. 4, Suite 200
Palo Alto, CA 94306
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>Plaintiffs,<br>v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.<br><br>Defendants. | Case No. 19-CV-07071-SVK<br><br>**DEFENDANTS' STATEMENT OF NON-OPPOSITION RE: PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

In accordance with the Court's order at Dkt. No. 132 ("TRO"), and the approved stipulation at Dkt., No. 143 ("Stipulation"), Defendants OnlineNIC, Inc. and Domain ID Shield Service Co., Limited ("Defendants") do not oppose the conversion of the TRO into a preliminary injunction.

Notwithstanding this non-opposition, Defendants take issue with a number of factual allegations made in Plaintiffs' briefing, which are sufficiently important to note for the record.

At Plaintiffs' Supplement Brief in Support of Preliminary Injunction ("Suppl. Brief") (Dkt. No. 140), and the supporting declaration, there are a number of seemingly inaccurate allegations that accuse Defendants of dissipating assets.

**Defendants proposed to sell Defendant's Domains at a market price and did not attempt to dissipate assets**.

Facebook, Inc. and Instagram, LLC claim that Defendants were dissipating assets by selling the Defendant Domains for $70,000, when just *27* of the over many domains at issues were worth "128,170 - $164,256" (Suppl. Brief, 4:17). Accordingly, Plaintiffs allege that this showed that Defendants were dissipating assets. However, if this assertion was seriously made, one must be concerned that Facebook, Inc. actually *purchased* those same domains for $74,812 through the Stipulation (which was originally filed only hours after the Supplemental Brief was filed). In other words, Facebook, Inc. must really believe that the Defendant Domains were not worth more than $74,812. If they thought that the Defendant Domains were worth more, then Facebook, Inc. and Instagram LLC would have bargained for a potentially unlawful preference over any other Defendant creditors, given that Defendants previously disclosed their precarious situation and that they were engaged in acquisition negotiations that would allow Defendants to continue as a going concern and protect existing creditors and customers. See accompanying declaration of Perry J. Narancic (Narancic Decl."), ¶ 2; See also Dkt. No. 131: 3:6-11.

**Defendants disclosed domains that Plaintiffs claim they did not.**

Plaintiffs claim that Defendants tried to transfer domains that Defendants had not disclosed in discovery or in their Statement of Assets. For instance, Plaintiffs claim that the domain dns-diy.net was "not disclosed by Defendants in discovery" (Supp. Brief., 5:22). But, Defendants did disclose this domain (ONLINENIC 267163), which was one of the domains in OnlineNIC's corporate account #574849. See Narancic Decl.,, ¶ 3 :

//
//
//
//
//

- 2-

Facebook, Inc. v. OnlineNIC, Inc.  Case No. 19-cv-7071-SVK
Defendants' Statement of Non-Opposition Re: Dkt. No. 132

| Domain | DNS1 | DNS2 | DNS-DIY | ↓ Registration Date | Expiration Date |
|---|---|---|---|---|---|
| modulesky.com | ns1.dns-diy.net | ns2.dns-di... | enter | 2020-03-10 | 2021-03-10 |
| domain-reminder.com | ns1.dns-diy.net | ns2.dns-di... | enter | 2018-09-18 | 2021-09-18 |
| onlinenicssl.com | ns1.dns-diy.net | ns2.dns-di... | enter | 2018-03-02 | 2021-03-02 |
| ssls.top | ns1.dns-diy.net | ns2.dns-di... | enter | 2018-03-02 | 2021-03-02 |
| idc-internet.com | ns1.dns-diy.net | ns2.dns-di... | enter | 2017-03-15 | 2021-03-15 |
| domainwhois-verification.com | ns1.dns-diy.net | ns2.dns-di... | enter | 2017-03-13 | 2021-03-13 |
| 4mail.science | ns1.redmonddc.com | ns2.redmon... | --- | 2016-10-14 | 2026-10-14 |
| sekas.net | ns1.dns-diy.net | ns2.dns-di... | enter | 2016-08-31 | 2021-08-31 |
| domainidshield.com | ns1.dns-diy.net | ns2.dns-di... | enter | 2009-10-26 | 2020-10-25 |
| dns-diy.net | ns2.dns-diy.com | ns3.dns-di... | --- | 2003-03-25 | 2021-03-25 |
| onlinenic.us | ns1.dns-diy.com | ns2.dns-di... | --- | 2002-04-18 | 2021-04-17 |
| intra.com | a.dnspod.com | b.dnspod.com | --- | 2001-06-11 | 2021-06-11 |
| olnic.com | ns-n1.onlinenic.com | ns-s1.onli... | --- | 2000-04-05 | 2021-04-05 |
| olnic.net | ns2.dns-diy.com | ns3.dns-di... | --- | 2000-04-05 | 2021-04-05 |
| onlinenic.com | ns1.onlinenic.net | ns5.online... | --- | 1999-08-26 | 2021-08-26 |
| onlinenic.net | ns2.dns-diy.com | ns3.dns-di... | --- | 1999-08-26 | 2021-08-26 |

ONLINENIC 267163

Moreover, the domain dns-diy.net was used as a forwarding service for OnlineNIC's registration business. Accordingly, domains like this one, and onlinenic.com, were not separately included in the Statement of Assets – but were rather subsumed into the asset category #8: "Going concern domain name registration business".

Based on its discovery responses, OnlineNIC controls domains in two buckets:(a) a corporate account, 574849, and, (b) a separate account, 363972 (also known as the "Anthonny" account). Narancic Decl., ⁋ 4. The corporate account contains accounts used for OnlineNIC's business, including onlinenic.com and dns-diy.net. The "Anthonny" account contains the other domains, including the Defendant Domains that were transferred to Ename.

Plaintiffs complain that 39 domains which were transferred from OnlineNIC to Ename on July 20, 2021 were not disclosed on Defendant's Second Amended Statement of Assets. Defendants and Plaintiff have already begun to meet-and-confer on these issues, and Defendants will update the list of domains to be transferred under the Stipulation as appropriate, including domains that are in the OnlineNIC corporate account that are not used for business purposes, and any other domains that may be owned by OnlineNIC.

**Plaintiffs' customers were responsible for registering the domains that Plaintiff's allege to be cybersquatting.**

Underlying the TRO and permanent injunction is Plaintiffs' allegation that Defendants are liable for cybersquatting and that they "there is no dispute that plaintiffs are likely to succeed on the merits of their claims" Supp. Brief, 2:18-19. On this issue, Defendants have never been heard on the merits of cybersquatting in this case. And yet the evidence appears to support a viable defense.

For instance, one of the domains that Plaintiffs allege was cybersquatting is *trolfacebook.com*. This domain was registered by an OnlineNIC customer called Lockspin. Defendants' counsel sent an indemnification demand to Lockspin (Narancic Decl., ¶ 5, Ex. B), and Lockpin responded with an email admitting that they it was responsible for registering trollfacebook.com. Narancic Decl., ¶ 6, Ex. C:

```
From:      Lockspin UK <info@lockspin.com>
Sent:      Wednesday, March 31, 2021 8:07:07 AM
To:        Perry J. Narancic <pjn@lexanalytica.com>
Subject:   Re: Indemnification Demand from OnlineNIC
```

Dear Mr. Narancic,
Thank you for finally contacting me about the matter of missing domain names. I only wish that Onlinenic had contacted me first, back in 2019, before Facebook sued your client for allowing criminals to use the Onlinenic services for registering phishing domains and domain names suggesting a promise to provide hacking services against Facebook. Had they responded to Facebook's emails or forwarded their original complaint, I could have explained the misunderstanding and if they still insisted on an allegation of "dilution" I could have worked with them. Instead of going into further details about how Trollface (from the domain TrollfaceBook.com) is an internet meme in the public domain and has nothing to do with Facebook other than the assumptions of their lawyers, or presenting examples like MiniKeys not being a trademark infringement on Nike, AppLexicon not being a trademark infingement on Apple, and so on, I will cut to the chase.

- 4-

Facebook, Inc. v. OnlineNIC, Inc.                                    Case No. 19-cv-7071-SVK
Defendants' Statement of Non-Opposition Re: Dkt. No. 132

|  |  |
|---|---|
| DATED: July 30, 2021 | Respectfully Submitted,<br><br>LEXANALYTICA, PC<br><br>By:  /s/ Perry J. Narancic<br>_____<br><br>Attorneys for Defendants<br>ONLINENIC, INC. and DOMAIN ID SHEILD SERVICE CO., LIMITED |

- 5-