TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:    213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon (*Pro Hac Vice*)
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:    650.752.2000
Facsimile:    650.752.2111

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 3:19-cv-07071-SI<br><br>**PLAINTIFFS' REPLY TO DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS; AND JOINDER TO OPPOSITION BY ONLINENIC INC. AND DOMAIN ID SHIELD SERVICE CO. LIMITED (ECF NO. 183)**<br><br>DATE: December 3, 2021<br>TIME: 10:00 a.m.<br>CTRM: 1 – 17th Floor<br><br>Hon. Susan Illston |

**PLAINTIFFS' REPLY TO 35.CN'S OPP. TO SANCTION MOTION, JOINDER TO OPP. BY ONLINENIC AND ID SHIELD (ECF NO. 183)**

Case No. 3:19-cv-07071-SI

## I.    INTRODUCTION

This is a cybersquatting case brought against OnlineNIC, Inc. ("OnlineNIC"), a company that "operates a massive cybersquatting operation," *Verizon Cal. Inc. v. OnlineNIC, Inc.*, No. C 08-2832 JF (RS), 2009 WL 2706393, at *5 (N.D. Cal. Aug. 25, 2009), and its alter egos Domain ID Shield Service Co. Limited ("ID Shield") and Xiamen 35.com Internet Technology, Ltd. ("35.CN"). (Second Amended Complaint ("SAC") (ECF No. 109) ¶¶ 3, 5–6, 12, 14, 26–55.) OnlineNIC and ID Shield filed a joint answer to the original Complaint in January 2020 (ECF Nos. 1, 20), and have since litigated this case for almost two years. During this time, OnlineNIC and ID Shield have intentionally destroyed and obfuscated key evidence, failed to preserve and produce responsive ESI, and made material misrepresentations to the Special Master. (Special Discovery Master's Data Destroyed or Withheld Report ("Report"; ECF No. 115) at 39–40.) **Employees of 35.CN perpetrated these acts** *because* the "day-to-day operations" of both OnlineNIC and ID Shield, "including all technical support and customer support, are carried out by employees of 35.CN." (*See* SAC ¶¶ 45–46; Answer to SAC ("SAC Answer")[1] ¶¶ 45–46 (admitting).) 35.CN did the business of OnlineNIC and ID Shield and is directly responsible for all of OnlineNIC and ID Shield's bad acts. (*See* Report at 9 (describing Special Master's communications with "Defendants in China").)

Based on OnlineNIC and ID Shield's intentional destruction of evidence, Plaintiffs filed a Motion to Strike Defendants' Answer and for Default Judgment ("Sanction Motion") on July 13, 2021. (ECF No. 117.) OnlineNIC and ID Shield filed a Statement of Non-Opposition thereto on July 20, 2021 (ECF No. 120) and further ***did not object*** to any of the Special Master's findings (Non-opposition to Special Master's Report (ECF No. 126)).[2] Indeed, OnlineNIC and ID Shield represented to the Court that they "intend to cease business operations on July 26, 2021" and decided that they would no longer litigate the case. (Decl.

---

[1] Pursuant to stipulation, the Court ordered that OnlineNIC and ID Shield's Answer to the First Amended Complaint (ECF No. 88) is the operative responsive pleading to the SAC (ECF No. 108 at 2:23–24).

[2] Ignoring the Statement of No Objection by its alter egos, 35.CN argues that the destruction of data is benign and disputed. (ECF No. 183 ("Opposition" or "Opp.") at 3) ("Plaintiffs seek default judgment as terminating sanctions (***for purportedly destroying responsive data, which is disputed***)"(emphasis added)); *id.* at 4 ("OnlineNIC and ID Shield cannot adequately defend the case (***including to explain the benign conduct referenced in the Special Master's sanctions report***)" (emphasis added).)

**PLAINTIFFS' REPLY TO 35.CN'S OPP. TO SANCTION MOTION, JOINDER TO OPP. BY ONLINENIC AND ID SHIELD (ECF NO. 183)**

Case No. 3:19-cv-07071-SI

of Carrie Yu (ECF No. 121) ¶¶ 2–3 ("Defendants do not have the financial resources to continue to defend the instant litigation, and accordingly *no longer intend to mount a defense. Defendants do not intend to file any oppositions to any pending filing*" (emphasis added)).)[3]

Although 35.CN was an unserved alter ego when its employees spoliated evidence on behalf of OnlineNIC and ID Shield, Plaintiffs added 35.CN as a defendant in March 2021 (First Amended Complaint (ECF No. 84)) and perfected service in the People's Republic of China in August 2021 (ECF No. 165). Now that Plaintiffs have obtained service over 35.CN,[4] OnlineNIC and ID Shield have once again had a sudden change of heart and wish to challenge the Sanction Motion and seek dismissal of the meritorious claims against them. (ECF Nos. 183–85.)[5] And even though briefing on the Sanction Motion against OnlineNIC and ID Shield closed three months ago, 35.CN (whose own employees destroyed critical evidence and who is the alter ego of OnlineNIC and ID Shield), has filed an untimely Opposition to Plaintiffs' Motion. (ECF No. 183.)[6] Indeed, the fact that 35.CN filed an opposition to a motion directed

---

[3] Judge van Keulen found OnlineNIC's representations of financial distress misleading and troubling. "What concerns me about that is throughout the litigation OnlineNIC has taken the position of we're small, we have limited funds, we can't afford to fight Facebook, we can't afford to challenge Facebook's discovery . . . . We've had this running theme, and yet as soon as they got a result that they didn't like, suddenly there was sufficient funds to retain their own expert. I found that extremely troubling." (Tr. of Hearing on July 20, 2021 (ECF No. 127) at 13:10-19.)

[4] 35.CN refused to consent to proceeding before the Magistrate Judge, who was readily familiar with Defendants' bad conduct. (ECF No. 168.) On September 28, 2021, the Clerk of the Court issued an order reassigning this action to the Honorable Susan Illston for all further proceedings. (ECF No. 173.) In that order, the parties were directed to renotice any pending motions. (*Id.*) Plaintiffs renoticed the Sanction Motion (ECF No. 176) and the Statement of Non-Opposition (ECF No. 177).

[5] All three motions are procedurally improper and without merit. Plaintiffs will respond to OnlineNIC and ID Shield's Joinder to 35.CN's Motion to Dismiss (ECF No. 184) and OnlineNIC and ID Shield's Motion to Withdraw Nonopposition to Sanctions Motion (ECF No. 185) by the response deadline of October 29, 2021.

[6] 35.CN misrepresents that Judge van Keulen "previously rejected Plaintiffs' attempts to seek a default judgment." (Opp. at 2). What Judge van Keulen actually held was that she was required to transfer the case to the district court because 35.CN was unserved and therefore had not consented to the jurisdiction of a magistrate judge as the presiding judge. (Tr. of Hearing on August 10, 2021 (ECF No. 154) at 20:9–14.) Judge van Keulen stated that she would evaluate the Motion, "and then I will file an order requesting reassignment and making a recommendation as to whether or not it would be appropriate to enter default judgment at this time." (*Id.* at 22:21–25.)

solely against OnlineNIC and ID Shield demonstrates that 35.CN considers itself to be one and the same as OnlineNIC and ID Shield.

Through these machinations, Defendants seek to treat the Court "as a pawn in the[ir] procedural games." *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, No. 20-CV-709 JLS (JLB), 2021 WL 1906439, at *2 (S.D. Cal. May 12, 2021). Defendants should not get a "do over" now that the only allegedly solvent alter ego has been served. (*See* OnlineNIC and ID Shield's Motion to Withdraw Statement of Non-Opposition at Dkt. No. 120 (ECF No. 185) at 7 (noting that 35.CN is a publicly traded company with "resources" and that its addition to the case "drastically changes this case both financially and strategically"); *id.* at 5–6 (arguing OnlineNIC and ID Shield "do not have the means to pay any significant sanctions or any significant judgment").)

The Court should disregard 35.CN's Opposition for three reasons. First, 35.CN was acutely aware of developments in this litigation and cannot establish any sound reason why it should be permitted to file an opposition now to a motion directed against OnlineNIC and ID Shield, who expressly elected *not* to oppose it. 35.CN's director and employee, Carrie Yu ("Ms. Yu"), is OnlineNIC's Vice President and oversees its management. Ms. Yu verified interrogatory responses for OnlineNIC and ID Shield, participated in the mediation of this case on their behalf, and was OnlineNIC and ID Shield's designated 30(b)(6) witness. (Declaration of Howard A. Kroll ("Kroll Decl.") ¶¶ 2, 3, 5 and Exs. 1, 3 (July 14, 2021, Certificate re Nonappearance of Carrie Yu 1:13–4:12).) Ms. Yu also owns ID Shield for the benefit of OnlineNIC. (SAC ¶ 40; Answer ¶ 40 (admitting).) Ms. Yu and OnlineNIC's entire management team work out of 35.CN's offices in China, and 35.CN pays them. (July 13, 2021, Deposition of the Person Most Qualified of OnlineNIC, Inc., Carrie Yu, Vol. I at 50:10–22; July 14, 2021, Deposition of the Person Most Qualified of OnlineNIC, Inc., Carrie Yu, Vol. II at 22:15–24, 26:24–25, 30:20–31:2, 45:22–25, 46:7–12; attached as Exhibit 2 to Kroll Decl.) Given 35.CN's in-depth participation in the litigation ***even before it was served with the SAC***, 35.CN should not get a second bite at the apple in defending its employees' conduct when OnlineNIC and ID Shield chose not to.

Second, 35.CN's purported Opposition to the Sanction Motion is untimely. The deadline for any opposition papers was July 27, 2021. The Order Reassigning the Case explicitly preserved that deadline,

**1**  and 35.CN did not seek leave of the Court to file a late opposition. (ECF No. 173.)

**2**  Third, 35.CN would not be prejudiced by entry of default judgment against OnlineNIC and ID

**3**  Shield. If 35.CN is the alter ego of OnlineNIC and ID Shield, or the direct participant in the spoliation of

**4**  evidence that forms the basis of the Sanction Motion, the Court should hold 35.CN equally as responsible

**5**  as OnlineNIC and ID Shield. In the alternative, if 35.CN is neither the alter ego nor direct participant, then

**6**  entry of default judgment against OnlineNIC and ID Shield would have no adverse effect upon it. As such,

**7**  the Court should not delay in entering the default judgment against OnlineNIC and ID Shield.

**II.    ARGUMENT**

**A.    The Court should not permit 35.CN to belatedly oppose a motion directed against parties who deliberately chose not to oppose it.**

35.CN is not named in the Sanction Motion, and there is no sound reason for permitting it to oppose the motion. This is particularly so given the close relationship between 35.CN and the defendants against whom the motion is directed, both of whom expressly elected *not* to oppose it. Although that close relationship will ultimately establish that 35.CN is an alter ego to OnlineNIC and ID Shield, at this stage it simply demonstrates that 35.CN had every opportunity to litigate the Sanction Motion if it wished to do so, and has no grounds to do so now.

OnlineNIC and ID Shield admit that 35.CN's employees run all the day-to-day operations of OnlineNIC and ID Shield, including all technical support and customer support, and that ID Shield (a) has no employees, (b) has no assets, (c) does not control its own operations (they are entirely controlled by OnlineNIC), (d) does not conduct regular (or any) shareholder meetings, and (e) has OnlineNIC pay its expenses. (SAC ¶¶ 31–41, 45–46; SAC Answer ¶¶ 31–41, 45–46 (admitting).) OnlineNIC and ID Shield also admit that "OnlineNIC has no employees who carry out the day-to-day registrar operations of OnlineNIC." (SAC ¶ 50; Answer ¶ 50 (admitting).)[7]

---

[7] Although 35.CN disputes that it is the alter ego of OnlineNIC and ID Shield (e.g., 35.CN's Motion to Dismiss (ECF No. 174 at 2:15–18), that argument should be discounted given Defendants' history of making misrepresentations before U.S. Courts on this issue. For example, in *Verizon*, 2009 WL 2706393, at *6 (N.D. Cal. Aug. 25, 2009), Judge Fogel found "OnlineNIC has made multiple false or misleadingly incomplete representations to Verizon and the Court over the course of this litigation . . . [including] *evidence of OnlineNIC's repeated misrepresentations concerning the nature of its relationship with*

Moreover, 35.CN's employees who run OnlineNIC's registrar business, including technical support, are the same employees who committed the acts of spoliation that form the basis of Plaintiffs' Sanction Motion. Their "conduct was consistent and continuous. [They] began deleting data before the complaint was filed, continued deleting responsive records during the discovery process, and even after [the] Special Master's appointment." (Report at 39.) And 35.CN was also acutely aware of developments in this litigation because of the role Ms. Yu played in overseeing the litigation as (1) OnlineNIC's Vice President, (2) ID Shield's owner, and (3) 35.CN's director and employee.

Because of this close relationship—and indeed because 35.CN is complicit in OnlineNIC and ID Shield's spoliation underlying the Sanction Motion—35.CN should not be permitted to file an opposition now that it has finally been brought formally into the case as a named Defendant.

### B.  35.CN's purported opposition to the Sanction Motion is untimely.

35.CN's purported Opposition to the Sanction Motion is untimely. Civil Local Rule 7-3 sets the deadline for oppositions to motions: "The opposition must be filed and served not more than 14 days after the motion was filed." Plaintiffs filed their Sanction Motion on July 13, 2021 (ECF No. 117), making July 27, 2021, the deadline for any opposition papers. OnlineNIC and ID Shield timely filed their notice of *non*-opposition to the Sanction Motion on July 20, 2021. (ECF No. 120.) 35.CN's purported Opposition comes nearly three months late and is therefore untimely.

While 35.CN filed its purported Opposition 14 days after Plaintiffs renoticed the Motion pursuant to the Court's Order Reassigning the Case, that Order specified that it did not enlarge the briefing deadlines: "[E]xisting briefing schedules for motions remain unchanged. Motions must be renoticed for hearing before the judge to whom the case has been reassigned, but the renoticing of the hearing does not affect the prior briefing schedule." (ECF No. 173.)

Moreover, 35.CN has not sought an extension from the court to file an opposition. *See* Fed. R. Civ. P. 6(b) (permitting extension after a deadline has expired only "for good cause . . . on motion made after the time has expired if the party failed to act because of excusable neglect"). As such, 35.CN's

---

*[35.CN].*" *Id.* (emphasis added).

5
**PLAINTIFFS' REPLY TO 35.CN'S OPP. TO SANCTION MOTION, JOINDER TO OPP. BY ONLINENIC AND ID SHIELD (ECF NO. 183)**

Case No. 3:19-cv-07071-SI

papers are not properly before this Court, and the Court should not permit 35.CN to grant itself leave when it did not seek it from the Court. This Court has routinely struck untimely opposition motions filed without leave. *See, e.g.*, *Herman Miller, Inc. v. Alphaville Design, Inc.*, No. C 08-03437 WHA, 2009 WL 86587, at *1 (N.D. Cal. Jan. 13, 2009) (Alsup, J.) (striking untimely opposition where filing party did not acknowledge lateness of its opposition, request an extension of time to file, or explain any excusable neglect to justify the late opposition); *Woodfin Suite Hotels, LLC v. City of Emeryville*, Nos. C 07-1719 SBA, C 06-1254 SBA, 2007 WL 1655792, at *4 (N.D. Cal. June 7, 2007) (Armstrong, J.) (same); *Broden v. Marin Humane Society*, No. C 97-0008, 1997 WL 818587, at *3 (N.D. Cal. Nov. 14, 1997) (Armstrong, J.) (same).

Nor can 35.CN show good cause or excusable neglect to justify its untimely filing. When Plaintiffs filed their Sanction Motion in July 2021, 35.CN was well aware of the case and the Motion, because it is OnlineNIC and ID Shield's alter ego and controlled the litigation. (*Supra* Sections I, II.A.) If 35.CN wished to file an opposition to the Sanction Motion, it could have sought intervention or accepted service of the operative Complaint and filed one within the deadline. (*See* ECF Nos. 84, 109); *see* Fed. R. Civ. P. 24; *Columbia Sportswear*), 2021 WL 1906439, at *2 (S.D. Cal. May 12, 2021) (construing timely-filed nonparty opposition to motion for default judgment as an application for intervention and granting such application). What 35.CN may not do is file a three-month-late Opposition, especially while it has controlled the litigation since its inception. *See Mad Dogg Athletics, Inc. v. NYC Holding*, 565 F. Supp. 2d 1127, 1130 (C.D. Cal. 2008) (granting leave to amend judgment to add alter ego and rejecting nonparty alter ego's procedural arguments in opposition as untimely because he "had control over the litigation"). In the alternative, if 35.CN is not OnlineNIC and ID Shield's alter ego, it has no legitimate interest and therefore no good cause to oppose the relief that Plaintiffs seek against OnlineNIC and ID Shield. Either way, there are no grounds to permit 35.CN's belated filing.

35.CN should not benefit from its spoliation of evidence, fabricated delays, and procedural games. Plaintiffs respectfully request that the Court strike as untimely 35.CN's Opposition to Plaintiffs' Sanction Motion.

### C. 35.CN's joinder is improper because it purports to join an opposition that does not exist.

The Court should also strike 35.CN's purported joinder to OnlineNIC and ID Shield's opposition to the Sanction Motion because no such opposition exists. As noted above, OnlineNIC and ID Shield timely filed a notice of *non*-opposition. (ECF No. 120.); *see* Local Rule 7-3(b) ("If *the party against whom the motion is directed* does not oppose the motion, that party must file with the Court a Statement of Nonopposition within the time for filing and serving any opposition" (emphasis added)). Hence there is no opposition for 35.CN to join.[8]

### D. The Court should not delay entering default judgment against OnlineNIC and ID Shield.

Finally, 35.CN seeks to delay entry of default judgment based on the misplaced argument that a default judgment as a terminating sanction cannot be entered under a district court's discretion to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" and can do so "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P 54(b). This argument is wrong for three reasons.

*First*, the cases 35.CN cites counseling against entry of final default judgment as to fewer than all defendants all involve default based on failure to answer, resulting in a factually meritless default. *See Fractional Villas v. Katz*, No. 08CV1317 DMS (POR), 2008 WL 11337364, *1 (S.D. Cal. Nov. 10, 2008) (explaining that the court may direct entry of final judgment against fewer than all parties upon default judgment, but noting the risk of "logically inconsistent judgments in the same action and factually meritless default judgments provide 'just reason'" to delay entry of final judgment under Rule 54(b)); *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1459 (5th Cir. 1992) (default judgments overturned as to nonanswering defendants when answering defendant prevailed on substantive claims because court was disturbed by injustice of awarding damages that "flowed from untried claims"); *Phoenix Renovation*

---

[8] OnlineNIC and ID Shield filed a motion to withdraw their nonopposition (ECF No. 185), which Plaintiffs will oppose by the October 29, 2021 response date. The Court has not granted OnlineNIC and ID Shield leave to withdraw its nonopposition, let alone to file an opposition.

7
**PLAINTIFFS' REPLY TO 35.CN'S OPP. TO SANCTION MOTION, JOINDER TO OPP. BY ONLINENIC AND ID SHIELD (ECF NO. 183)**
Case No. 3:19-cv-07071-SI

**1** *Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 582 (E.D. Va. 2000) (district court postponed entry
**2** of default judgment despite finding it highly unlikely answering defendant would be prejudiced by non-
**3** answering defendant's default and admission of facts alleged in complaint); *In re First T.D. & Inv., Inc.*,
**4** 253 F.3d 520, 532–33 (9th Cir. 2001) (holding bankruptcy court abused discretion in certifying default
**5** judgment against nonanswering defendants after court already decided legal issue applicable to those
**6** defendants in manner that precluded liability); *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*,
**7** 978 F.2d 430, 433 (8th Cir. 1992) (holding plaintiff could not through joint and several liability apply
**8** higher damages award obtained through default judgment against nonanswering corporation when
**9** answering defendants established lower damage amount at trial).

**10** A factually meritless default judgment based on a procedural failure to appear and answer is not
**11** present in this case. Rather, OnlineNIC and ID Shield engaged in "outrageous" and widespread destruction
**12** of responsive data. (Report at 39.) This intentional "conduct was consistent and continuous" (*id.*), and
**13** resulted in destruction of relevant and discoverable records in a manner that prejudiced Plaintiffs (*id.* at
**14** 39–41; Sanction Motion at 1). Because nothing short of terminating sanctions can adequately cure the
**15** prejudice created by these discovery abuses, the resulting terminating sanctions and default judgment
**16** cannot later be set aside as a mere "factually meritless" default judgment. *Cf. Fractional Villas*, 2008 WL
**17** 11337364 at *1; *Phoenix Renovation*, 197 F.R.D. at 582. Rather, judgment against OnlineNIC and ID
**18** Shield will be conclusive as a sanction for their wanton and intentional destruction of evidence—which
**19** makes it impossible to fairly litigate the conduct of which they are accused. (Sanction Motion at 10.) The
**20** Special Master concluded that "Plaintiffs suffered irreparable harm" and "will continue to suffer harm" as
**21** a result of OnlineNIC and ID Shield's spoliation of evidence. (Report at 40–41.) Given this "irreparable
**22** harm," no proof could be adduced at trial that would require setting aside the default judgment as the
**23** Court must preclusively decide those issues against OnlineNIC and ID Shield as a sanction for discovery
**24** misconduct. (Sanction Motion at 15.)

**25** *Second*, 35.CN faces no prejudice because if 35.CN is liable at all, it is liable because it is
**26** OnlineNIC and ID Shield's alter ego and a direct participant in the wrongful destruction of evidence that
**27** warrants sanctions. Plaintiffs allege that 35.CN is liable for OnlineNIC and ID Shield's conduct because
**28**

8
**PLAINTIFFS' REPLY TO 35.CN'S OPP. TO SANCTION MOTION, JOINDER TO OPP. BY ONLINENIC AND ID SHIELD (ECF NO. 183)**
Case No. 3:19-cv-07071-SI

35.CN exercises complete control over those entities and their actions. (*Supra* Sections I, II.A.) If 35.CN can successfully defend these allegations, it will not be liable under OnlineNIC and ID Shield's default judgment. On the other hand, if Plaintiffs can prove the alter ego or direct participant allegations, Plaintiffs will necessarily establish 35.CN's culpability for the conduct warranting terminating sanctions. There will be nothing left to prove as to 35.CN. 35.CN would not get an opportunity to rebut the default judgments because they would be based on 35.CN's own wrongful conduct in destroying evidence in such an extensive manner as to severely prejudice Plaintiffs, making it impossible to fairly litigate this case. Moreover, as an alter ego, 35.CN fully participated in this litigation through its alter egos. Simply put, if 35.CN is not OnlineNIC and ID Shield's alter ego, 35.CN has no interest in whether the Court enters a default judgment against them (as OnlineNIC and ID Shield would be deemed to be separate entities), and the judgments would not bind 35.CN. On the other hand, if 35.CN is an alter ego, 35.CN is responsible for the conduct resulting in terminating sanctions and cannot equitably challenge the default judgment. Therefore, 35.CN itself—through its own employees acting on behalf of OnlineNIC and ID Shield— committed the acts warranting default judgment. As such, 35.CN faces no prejudice or risk of inconsistent judgments from entry of a final default judgment against the other Defendants in this case.

*Third*, even if this Court does not believe that entry of ***final*** default judgment is appropriate as to OnlineNIC and ID Shield at this time, it would not, as 35.CN suggests, require the Court to delay ruling on the Sanction Motion. Instead, this Court should still rule on the Sanction Motion, enter default against OnlineNIC and ID Shield, and then delay entering final judgment until the Court determines it appropriate. *See* Fed. R. Civ. P. 54(b) ("[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The text of Rule 54(b) clearly does not prohibit or even counsel against entering a default against parties in OnlineNIC and ID Shield's situation; rather, it counsels entering a default and then ***in the Court's discretion*** only making that judgment final if the Court determines the

9
**PLAINTIFFS' REPLY TO 35.CN'S OPP. TO SANCTION MOTION, JOINDER TO OPP. BY ONLINENIC AND ID SHIELD (ECF NO. 183)**

Case No. 3:19-cv-07071-SI

Rule 54(b) standard is met.

The cases upon which 35.CN relies confirm this. The Supreme Court explained in the leading case on the topic:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply ***to enter a default and a formal decree* pro confesso *against him***, and proceed with the cause upon the answers of the other defendants. ***The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing.***

*Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (emphasis added).[9] Thus, regardless of whether entry of default should be in the form of a final default judgment, default against OnlineNIC and ID Shield is proper now, barring them from future standing in this matter to contest the allegations against them.

The default judgment that Plaintiffs seek is not based on a factually meritless procedural default, but is a sanction for litigation misconduct: the record is clear and there are no matters for dispute on the underlying egregiousness of the conduct. The sanction would apply equally to 35.CN if Plaintiffs establish 35.CN engaged in this misconduct as an alter ego of or a direct participant in the other Defendants' actions. 35.CN cannot enrich or redeem the record for their alter egos' sanctionable abuses. Therefore, there is no just reason for delay in entering final judgment; however, even if this Court is inclined to delay entry of final judgment, it would still be appropriate to enter default against OnlineNIC and ID Shield at this time.

## III. CONCLUSION

This Court should strike 35.CN's Opposition as procedurally improper and untimely. The Court should also grant Plaintiffs' Sanction Motion and enter default judgment against OnlineNIC and ID Shield.

---

[9] Courts interpreting *Frow* after the adoption of Rule 54(b) have recognized that it is limited to practical considerations of whether the defendants would be subject to joint liability or have closely related defenses such that a judgment against one of them would in effect require a judgment against all. *See Fractional Villas*, 2008 WL 11337364 at *1 (citing *First T.D. & Investment*, 253 F.3d at 532; *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001) ("*Frow*'s applicability turns not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform.").

DATED: October 22, 2021

Tucker Ellis LLP

By: /s/David J. Steele
David J. Steele
Howard A. Kroll
Steven E. Lauridsen

Davis Polk & Wardwell, LLP
Ashok Ramani
Micah G. Block
Cristina M. Rincon

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC