TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:       213.430.3400
Facsimile:       213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon (*Pro Hac Vice*)
Cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:    650.752.2000
Facsimile:    650.752.2111

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; ; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD., <br><br> Defendants. | Case No. 3:19-cv-07071-SI <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS** <br><br> Hon. Susan Illston |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, as well as Section 9 of Judge Illston's Standing Order, Plaintiffs seek leave to file the following documents partially under seal in connection with Plaintiffs' Opposition to Defendant Xiamen 35.Com Technology Co., Ltd.'s Motion to Dismiss (ECF No. 174):

| Document | Text or Portion to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| Memorandum of Points and Authorities in Opposition to 35.CN's Motion to Dismiss the Second Amended Complaint ("Opposition") | Portions of Page 5, Lines 16-19;[1] 5:21-23; 6:5-11; 6:14-28; 7:1-5; 7:7-13; 7:15-22; 7:25-26; 8:1-5; 8:9-15; 8:18-21; 8:25-27; 9: 7-8; 9:24; and 10:23-24. | Designated by Defendants OnlineNIC, Inc. and Domain ID Shield Service Co., Ltd. ("Defendants") |
| Opposition | Portions of Page and Lines 5:8-9; 5:25-26; and 13:4-7. | Designated by The Internet Corporation of Assigned Names and Numbers ("ICANN") |
| Declaration of Howard A. Kroll ("Kroll Declaration") | Portions of Page and Lines 3:11-16; 3:20-24; 3:26-27; 4:3-28; and 5:1-3. | Designated by Defendants |
| Kroll Declaration | Portions of Page and Lines 2:25-27; 3:2-3; and 5:23-28. | Designated by ICANN |
| Exhibit 2 to the Kroll Declaration | Portions of Page and Lines 72:22-25; 73:1-25; 74:1-25; 75:1-25; and 76:1-25. | Designated by ICANN |
| Exhibit 3 to the Kroll Declaration | Portions of Page and Lines 14:1-25; 15:1-3, 19:2-6; 19:15-25; 20:1-25; 22:1-25; 39:10-18; 40:22-25; | Designated by Defendants |

---

[1] Citations to page and line numbers are in "xx:yy" format where "xx" is the page number and "yy" is the line number.

|  |  |  |
|---|---|---|
|  | 41:1-25; 42:1-25; 43:1-25; 44:1-8; 49:1-25; 55:1-25; 57:1-25; 58:1-25; 59:1-25; 60:1-25; 61:1-25; 62:1-25; 63:1-25; 64:1-25; and 65:1-25. |  |
| Exhibit 6 to the Kroll Declaration | Entire Document | Designated by ICANN |
| Exhibit 7 to the Kroll Declaration | Entire Document | Designated by ICANN |
| Exhibit 8 to the Kroll Declaration | Entire Document | Designated by Defendants |
| Exhibit 9 to the Kroll Declaration | Entire Document | Designated by Defendants |
| Exhibit 10 to the Kroll Declaration | Entire Document | Designated by Defendants |
| Exhibit 11 to the Kroll Declaration | Entire Document | Designated by Defendants |
| Exhibit 12 to the Kroll Declaration | Entire Document | Designated by Defendants |
| Exhibit 13 to the Kroll Declaration | Entire Document | Designated by Defendants |
| Exhibit 17 to the Kroll Declaration | Entire Document | Designated by ICANN |

As explained further below, because Defendants and ICANN designated these documents as confidential, the burden rests with them to show compelling reasons for these documents should be sealed.

## II. BECAUSE PLAINTIFFS SEEK TO FILE IN CONNECTION WITH A DISPOSITIVE MOTION DOCUMENTS DESIGNATED AS CONFIDENTIAL BY DEFENDANTS AND ICANN, DEFENDANTS AND ICANN MUST SHOW COMPELLING REASONS TO SEAL.

Although there is a presumption in favor of public access to court filings, that presumption can be overcome "on the basis of articulated facts known to the court." *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986). To determine whether a document may be sealed, a court may consider the "likelihood of an improper use, including publication of scandalous, libelous, pornographic, or trade secret materials . . . and residual privacy rights." *Id.* (citation omitted); *see also EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990) (holding that the *Valley Broadcasting* factors apply equally to civil and criminal proceedings); see also Fed. Re. Civ. P. 26(c)(l)(F)-(G). "In short, the district court must weigh 'the interests advanced by the parties in the light of the public interest

and the duty of the courts."' *Valley Broadcasting Co.*, 798 F.2d at 1294 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978)). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180. Thus, "[a] 'good cause' showing will suffice to seal documents produced in discovery." *Id.* However, documents filed in connection with a dispositive motion can only be filed under seal if there are "compelling reasons" to shield them from public access. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.2d 1092, 1097-98 (9th Cir. 2016). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The documents for which Plaintiffs seek leave to file under seal were designated by either Defendants or ICANN as confidential pursuant to the terms of the protective order in this action (ECF No. 35). Sealing Declaration of Howard A. Kroll ¶¶ 2-4. Thus, pursuant to Civil Local Rule 79-5(e), the burden rests with Defendants and ICANN as the designating parties to submit via declaration a compelling reasons showing as to why these materials should be filed under seal. *See also* Civil Local Rule 79-5(e)(1) (providing designating party four days to file declaration establishing material is sealable).

### III. CONCLUSION

Plaintiffs seek leave to file the aforementioned information under seal because Defendants and ICANN designated that information as confidential per the protective order. Plaintiffs therefore seek leave to file under seal the documents containing that information upon a showing of compelling reasons by Defendants and ICANN, as appropriate.

DATED: October 26, 2021                            Tucker Ellis LLP

                                                   By: /s/David J. Steele
                                                       David J. Steele
                                                       Howard A. Kroll
                                                       Steven E. Lauridsen

                                                   Davis Polk & Wardwell, LLP
                                                       Ashok Ramani
                                                       Micah G. Block
                                                       Cristina M. Rincon

                                                   Attorneys for Plaintiffs,
                                                   FACEBOOK, INC. and INSTAGRAM, LLC