TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:    213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon (*Pro Hac Vice*)
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:    650.752.2000
Facsimile:    650.752.2111

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD., <br><br> Defendants. | Case No. 3:19-cv-07071-SI <br><br> **PLAINTIFFS' OPPOSITION TO ONLINENIC INC. AND DOMAIN ID SHIELD SERVICE CO. LIMITED'S MOTION TO WITHDRAW STATEMENT OF NON-OPPOSITION (ECF NO. 185)** <br><br> DATE: December 3, 2021 <br> TIME: 10:00 a.m. <br> CTRM: 1 – 17th Floor <br><br> Hon. Susan Illston |

**PLAINTIFFS' OPP. TO ONLINENIC AND ID SHIELD'S MOTION TO WITHDRAW NON-OPPOSITION (ECF NO. 185)**

Case No. 3:19-cv-07071-SI

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ..........................................................................................................................1

II. ARGUMENT................................................................................................................................2

    A. OnlineNIC and ID Shield's opportunity to oppose the Sanctions Motion has long since passed, and there is no basis to extend the deadline now..........................2

    B. OnlineNIC and ID Shield cannot show manifest injustice that would justify the Court granting the Motion ...................................................................................6

        1. Denying OnlineNIC and ID Shield's Motion would not unfairly prejudice them...........................................................................................................7

        2. Granting the Motion would unfairly prejudice Plaintiffs by further delaying this case .................................................................................................8

        3. There are no intervening events material to the Sanctions Motion or OnlineNIC and ID Shield's non-opposition ....................................................8

        4. There is no evidence contrary to the non-opposition...........................................9

III. CONCLUSION...........................................................................................................................11

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Bateman v. U.S. Postal Serv.*,
  231 F.3d 1220 (9th Cir. 2000) .......................................................................................................... 5

*Davis v. California Dep't of Corr. & Rehab.*,
  No. C 08-4481 SBA, 2013 WL 1208965 (N.D. Cal. Mar. 25, 2013) ............................................... 5

*Gaspard v. Toms*,
  No. 18-CV-05516-LHK, 2019 WL 2123589 (N.D. Cal. May 15, 2019) ......................................... 6

*Giraudo v. Henkels & McCoy*,
  No. CIV. 93-548-FR, 1993 WL 302354 (D. Or. July 28, 1993) ...................................................... 7

*Harvest v. Castro*,
  531 F.3d 737 (9th Cir. 2008) ............................................................................................................ 7

*Heath v. Google Inc.*,
  No. 15-CV-01824-BLF, 2016 WL 4729300 (N.D. Cal. Sept. 12, 2016) ......................................... 5

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  No. C-07-5944-SC, 2014 WL 4181732 (N.D. Cal. Aug. 20, 2014) ................................................. 4

*In re Rebel Rents, Inc.*,
  326 B.R. 791 (Bankr. C.D. Cal. 2005) ............................................................................................. 6

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
  No. C 07-01819 CW, 2009 WL 2447802 (N.D. Cal. Aug. 7, 2009) ................................................ 4

*Morrison v. Zangpo*,
  No. C-08-1945 EMC, 2008 WL 4449585 (N.D. Cal. Sept. 30, 2008) ........................................... 10

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
  507 U.S. 380 (1993) ..................................................................................................................... 3, 6

*State Farm Fire & Cas. v. McDevitt*,
  No. C-00-2240 EDL, 2001 WL 637419 (N.D. Cal. May 21, 2001) ........................................... 8, 10

*Tesoro Ref. & Mktg. Co. LLC v. Pac. Gas & Elec. Co.*,
  No. 14-CV-00930-JCS, 2015 WL 5675861 (N.D. Cal. Sept. 28, 2015) ..................................... 9, 10

*VACC, Inc. v. Davis*,
  No. 18-CV-03454-JCS, 2019 WL 1460201 (N.D. Cal. Apr. 2, 2019) ............................................. 7

**Rules**

Civil Local Rule 7-3 ............................................................................................................................. 2

Federal Rule of Civil Procedure 6(b) ................................................................................................... 3

## I. INTRODUCTION

OnlineNIC and ID Shield seek leave to withdraw a deliberate, affirmative statement of non-opposition to a pending motion, and permission to file an opposition to that motion months after the time to do so has expired. But there is no sound basis to permit these defendants a do-over of their tactical decisions and representations to the Court. The Motion should be denied.

Since Plaintiffs filed this case more than two years ago, OnlineNIC and ID Shield have engaged in extensive, egregious spoliation of relevant evidence and violation of Court orders. That misconduct came to light in part through a Special Master's report, which described in detail OnlineNIC and ID Shield's intentional, bad-faith withholding and destruction of evidence and the irreparable harm their misconduct inflicted on Plaintiffs. (Order Appointing Special Master (ECF No. 72); Special Discovery Master's Data Destroyed or Withheld Report (ECF No. 115) ("Report") at 39–40.) After the Special Master delivered his Report, the Court gave OnlineNIC and ID Shield an opportunity to respond or object under Rule 53(f)(2), but they represented to the Court that they would not file objections. (Defendants' Notice Re Objections to the Special Master's Data Destroyed or Withheld Report (ECF No. 126); *see also* July 20, 2021 Hr'g Tr. (ECF No. 127) at 6–7.)

In light of OnlineNIC and ID Shield's intentional destruction of evidence and violation of Court orders, Plaintiffs filed a Motion to Strike OnlineNIC and ID Shield's Answer and for Default Judgment ("Sanctions Motion") on July 13, 2021. (ECF No. 117.) In response, OnlineNIC and ID Shield timely filed their Statement of Non-Opposition to the Sanctions Motion on July 20, 2021. (ECF No. 120.)

OnlineNIC and ID Shield now seek leave to withdraw their non-opposition and to file an untimely opposition to the Sanctions Motion. What has changed? According to the Motion to Withdraw Statement of Non-Opposition ("Motion"), the new facts are that Defendant Xiamen 35.com Internet Technology Co., Ltd. ("35.CN") was finally served in mid-August 2021, after "35.CN filed its declination to proceed before a magistrate (Dkt. No. 168), . . . the case was re-assigned to this Court," and 35.CN has now filed a motion to dismiss. (ECF No. 185 at 4, 7.) But none of those facts are relevant to the merits of the Sanctions Motion or to OnlineNIC and ID Shield's tactical decision not to oppose it. Moreover, 35.CN was already named as a defendant when OnlineNIC and ID Shield conceded the accuracy of the Special Master's Report and elected not to oppose the Sanctions Motion. (*See* First Amended Complaint, filed

1

**PLAINTIFFS' OPP. TO ONLINENIC AND ID SHIELD'S MOTION TO WITHDRAW NON-OPPOSITION (ECF NO. 185)**

Case No. 3:19-cv-07071-SI

March 31, 2021, naming 35.CN as a defendant (ECF No. 84).) And though OnlineNIC and ID Shield may hope that this Court will see the merits differently from the Magistrate Judge who oversaw their egregious misconduct, there are no grounds to grant the relief they seek.

The Court should deny OnlineNIC and ID Shield's Motion for two reasons. First, setting aside that OnlineNIC and ID Shield already filed a deliberate, binding statement of non-opposition, the Motion seeks leave to file an opposition to the Sanctions Motion more than three months late. But it does not invoke, let alone meet, the requirements for extending a briefing deadline in this way. Under the Federal Rules, if a party seeks to extend time "after the time has expired," the extension will be considered only "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). OnlineNIC and ID Shield cannot claim here that their decision not to oppose the Sanctions Motion resulted from "excusable neglect." To the contrary, they filed a statement of non-opposition after tactical deliberation and specific consultation between client and counsel.

Second, there is no sound basis to permit OnlineNIC and ID Shield to withdraw their statement of non-opposition. The Motion likens that non-opposition to a stipulation, from which a party may be relieved only for "manifest injustice." (Mot. at 5 (citing *Morrison v. Zangpo*, 2008 U.S. Dist. LEXIS 82999) (N.D. Cal. July 28, 2008).) OnlineNIC and ID Shield cannot meet that high standard. Although they would surely be prejudiced if sanctioned, that would not be unfair or unjust. More to the point, there is no manifest injustice in allowing their statement of non-opposition to stand, including because they had every opportunity to timely litigate the Sanctions Motion, or object to the findings that establish their misconduct—or better yet to avoid the misconduct in the first place.

## II. ARGUMENT

### A. OnlineNIC and ID Shield's opportunity to oppose the Sanctions Motion has long since passed, and there is no basis to extend the deadline now

Plaintiffs filed their Sanctions Motion on July 13, 2021 (ECF No. 117), making July 27, 2021 the deadline for any opposition papers. Civil Local Rule 7-3. That deadline came and went more than three months ago. OnlineNIC and ID Shield now seek permission to file an opposition long after the applicable deadline, but they fail to invoke any authority or legal standard for their request to extend time. That is no surprise because they cannot meet the applicable standard.

Federal Rule of Civil Procedure 6(b) provides that where, as here, a party seeks to extend a filing deadline "on [a] motion made after the time has expired," the extension will be considered only "if the party failed to act because of excusable neglect" (and granted only for "good cause" shown).  Fed. R. Civ. P. 6(b).  As a threshold matter, OnlineNIC and ID Shield did not "fail to act"—they acted by filing a non-opposition.  Therefore, there is no "neglect" to find excusable.

Even if the Court were to examine whether OnlineNIC and ID Shield's conduct constitutes "excusable neglect," they cannot meet that standard.  Courts apply a four-factor test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  All four factors weigh against granting an extension here.

First, granting OnlineNIC and ID Shield's Motion would unfairly prejudice Plaintiffs by further delaying this case and awarding Defendants' litigation tactics and efforts to resist compliance with its obligations to the Court.  OnlineNIC and ID Shield's deceptive and obstructionist conduct has already caused immense delay.  For example, OnlineNIC and ID Shield took six months after the initial document requests to complete their first production in a somewhat usable format.  (Mot. to Continue All Case Deadlines (ECF No. 98) at 2.)  And the conduct that gave rise to the Magistrate Judge's appointment of the Special Master included OnlineNIC and ID Shield's inadequate and incorrect discovery responses, improper redactions, and other delays.  (*See* Mot. to Appoint Special Discovery Master (ECF No. 62).)  The record is replete with additional examples.[1]  Plaintiffs expended considerable resources seeking to overcome OnlineNIC and ID Shield's dilatory tactics and innumerable discovery delays, only to learn that they were not just stonewalling discovery, but also actively destroying relevant evidence to frustrate this litigation.  (*See* Supp. Joint Case Mgmt. Statements dated Nov. 3, 2020 (ECF No. 51), June 15, 2021 (ECF

---

[1] (*See, e.g.*, Supp. Joint Case Mgmt. Statement (ECF No. 118) ¶ 3 (noting OnlineNIC and ID Shield's Rule 30(b)(6) deponent Ms. Yu was unprepared and unable to answer certain questions related to noticed topics, and that Ms. Yu's responses to several questions revealed the existence of additional responsive documents that were never produced despite Plaintiffs' discovery requests and the Court's Order compelling production of these documents).)

3

**PLAINTIFFS' OPP. TO ONLINENIC AND ID SHIELD'S MOTION TO WITHDRAW NON-OPPOSITION (ECF NO. 185)**

Case No. 3:19-cv-07071-SI

**1** No. 113), July 13, 2021 (ECF No. 116), July 16, 2021 (ECF No. 118); Letter to Magistrate Judge Susan
**2** van Kuelen from D. Steele, dated April 28, 2021 (ECF No. 96); Mot. to Appoint Special Discovery Master
**3** (ECF No. 62); *see also* Report.)  When the Special Master finally discovered and documented Defendants'
**4** extensive misconduct, Defendants appropriately accepted those findings and elected not to oppose
**5** judgment in Plaintiffs' favor, so Plaintiffs ceased pressing discovery.  Had OnlineNIC and ID Shield
**6** chosen instead to continue litigating this case, Plaintiffs would have continued with discovery.  Instead,
**7** the case has essentially been stayed for the better part of the year because OnlineNIC and ID Shield filed
**8** a non-opposition to the Sanctions Motion seeking default judgment, and OnlineNIC represented that it
**9** would cease operations.  Plaintiffs have no idea what OnlineNIC and ID Shield have done in the
**10** meanwhile with the corporate records that they continued to spoliate at least through the Special Master's
**11** investigation, and would be further prejudiced as a result if OnlineNIC and ID Shield were permitted to
**12** reverse course now.  Permitting OnlineNIC and ID Shield to file a belated opposition to the Sanctions
**13** Motion would be yet another setback in this two-year old case.

**14** Second, the length of the delay weighs in favor of denying an extension of OnlineNIC and ID
**15** Shield's deadline to oppose the Sanctions Motion, which expired more than three months ago.  This Court
**16** has frequently found shorter time periods insufficient to justify a finding of excusable neglect.  *See e.g.*,
**17** *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2014 WL 4181732, at *3 (N.D. Cal.
**18** Aug. 20, 2014) (Conti, J.) (4-week delay); *In re Static Random Access Memory (SRAM) Antitrust Litig.*,
**19** No. C 07-01819 CW, 2009 WL 2447802, at *3 (N.D. Cal. Aug. 7, 2009) (Wilken, J.) (2-month delay).
**20** Furthermore, as noted above, allowing OnlineNIC and ID Shield to withdraw would negatively impact
**21** these proceedings by causing further delay of the resolution of this case.

**22** Third, the reason for delay was entirely within the reasonable control of the movants OnlineNIC
**23** and ID Shield.  OnlineNIC and ID Shield did not fail to meet their deadline by reason of neglect or mistake.
**24** To the contrary, they affirmatively and timely filed a non-opposition, fully aware of the applicable
**25** deadline and with every opportunity to meet it.  (Decl. of Carrie Yu (ECF No. 121-2) ("Yu Decl.") ¶ 2
**26** ("Defendants do not intend to file any oppositions to any pending filing.").)  Moreover, OnlineNIC and
**27** ID Shield specifically consulted with their counsel regarding the decision to proceed in that manner.  (July
**28** 20, 2021 Hr'g Tr. (ECF No. 127) 8:8–9:9 (statement by counsel for OnlineNIC and ID Shield that

4
**PLAINTIFFS' OPP. TO ONLINENIC AND ID SHIELD'S MOTION TO WITHDRAW NON-OPPOSITION (ECF NO. 185)**
Case No. 3:19-cv-07071-SI

"OnlineNIC has instructed me not to make any further filings on its behalf in this case").) A conscious choice to forgo a litigation strategy is entirely within the litigant's control and does not amount to excusable neglect. *Davis v. California Dep't of Corr. & Rehab.*, No. C 08-4481 SBA, 2013 WL 1208965, at *3 (N.D. Cal. Mar. 25, 2013) (Armstrong, J.) (holding deliberate choice to forgo taking depositions due to "cost containment" did not constitute excusable neglect). Indeed, a deliberate choice to elect a course in litigation (here the decision to forgo opposition) is the exact opposite of neglect. The Court should hold OnlineNIC and ID Shield to their decision.

Fourth, OnlineNIC and ID Shield cannot establish a good faith basis for the Motion. Courts have found good faith where a party's delay is caused by genuine mistake, "negligence[, or] carelessness, not from deviousness or willfulness." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000); *see Heath v. Google Inc.*, No. 15-CV-01824-BLF, 2016 WL 4729300, at *4 (N.D. Cal. Sept. 12, 2016) (finding no bad faith where delay was due to mistaken belief that the Court had suspended all deadlines related to the motion). By contrast, OnlineNIC and ID Shield's delay in this case was deliberate and tactical, not to mention that it was borne of misconduct, according to the Special Master's report. Their only basis for now seeking permission to oppose the Sanctions Motion is that Plaintiffs served their solvent alter ego, 35.CN. (*See* Mot. at 7 (noting that 35.CN is a publicly traded company with "resources" and that its addition to the case "drastically changes this case both financially and strategically"); *id.* at 5–6 (arguing OnlineNIC and ID Shield "do not have the means to pay any significant sanctions or any significant judgment").) But that does not establish a good faith basis. It therefore appears that OnlineNIC and ID Shield had no issue accepting a default judgment when they were judgment-proof, but now resist when their alter ego's actual liability is on the line. Either way, OnlineNIC and ID Shield were already fully aware when they filed their statement of non-opposition that 35.CN had been pled into the case via the First Amended Complaint filed months earlier. (*See* ECF No. 84.) If they believed they had meritorious defenses to the Sanctions Motion (or objections to the Special Master's report), they were obliged to timely bring those arguments to the attention of the Court and Plaintiffs—in our adversarial system, litigants cannot just decide that they "don't like the result" and "pick up [their] toys and go home" without consequence. (July 20, 2021 Hr'g Tr. (ECF No. 127) at 9.) "That's not the way it works." (*Id.*) Instead, OnlineNIC and ID Shield's election not to oppose the Sanctions Motion is binding. There is no

5
**PLAINTIFFS' OPP. TO ONLINENIC AND ID SHIELD'S MOTION TO WITHDRAW NON-OPPOSITION (ECF NO. 185)**
Case No. 3:19-cv-07071-SI

good faith basis to file that non-opposition and then wait some three months before seeking an extension of their long since expired deadline to oppose.

OnlineNIC and ID Shield do not point to any cases where a court has found excusable neglect in this situation. That is because the type of conduct that rises to the level of "excusable neglect" is nothing like OnlineNIC and ID Shield's conduct here. Courts have found excusable neglect caused by "ill health or disability, a delay in the mail, a miscommunication or failure to communicate [between attorney and] client, a misguided instruction from a court clerk or judicial officer, or a 'dramatic ambiguity' between relevant procedural rules." *In re Rebel Rents, Inc.*, 326 B.R. 791, 805 (Bankr. C.D. Cal. 2005) (collecting cases); *see e.g.*, *Pioneer*, 507 U.S. at 395 (20-day delay in filing claim due to ambiguous form of bar date notice amounted to excusable neglect); *Gaspard v. Toms*, No. 18-CV-05516-LHK, 2019 WL 2123589, at *2 (N.D. Cal. May 15, 2019) (one-day delay in filing caused by the prison or U.S. mail system amounted to excusable neglect); *Giraudo v. Henkels & McCoy*, No. CIV. 93-548-FR, 1993 WL 302354, at *4 (D. Or. July 28, 1993) (12-day delay caused by attorney's family medical emergency and misunderstanding between co-counsel amounted to excusable neglect). The intentional, informed decision to not oppose a motion is neither neglectful nor excusable.

### B. OnlineNIC and ID Shield cannot show manifest injustice that would justify the Court granting the Motion

OnlineNIC and ID Shield assert that the Court should view their non-opposition to the Sanctions Motion as a stipulation and thus the Court should analyze the Motion as a motion for relief from a stipulation. (Mot. at 3, 5.) They acknowledge that such relief cannot be granted except upon a showing that it would be "manifestly unjust" to allow their non-opposition to stand. (*Id.* at 5.) "Manifest injustice" is an exacting standard. For example, applying it in the context of other Federal Rules, Courts in this circuit have noted that a "remedy to prevent manifest injustice . . . is to be utilized only where extraordinary circumstances prevented a party from taking timely action," and the movant "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *VACC, Inc. v. Davis*, No. 18-CV-03454-JCS, 2019 WL 1460201, at *6 (N.D. Cal. Apr. 2, 2019) (Spero, Mag.), *aff'd*, 823 F. App'x 474 (9th Cir. 2020) (addressing relief from judgment under Rule 60(b)(6)); *see Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). OnlineNIC and ID Shield cannot

make that showing. OnlineNIC and ID Shield cannot establish any of the factors, because (1) denying the Motion would not unfairly prejudice OnlineNIC or ID Shield; (2) denying the Motion would prejudice Plaintiffs; (3) there have not been any material intervening events; and (4) there is no evidence contrary to the non-opposition (let alone substantial evidence). *See State Farm Fire & Cas. v. McDevitt*, No. C-00-2240 EDL, 2001 WL 637419, at *8 (N.D. Cal. May 21, 2001) (Laporte, Mag.).

### 1. Denying OnlineNIC and ID Shield's Motion would not unfairly prejudice them

OnlineNIC and ID Shield had their chance to oppose Plaintiffs' Sanctions Motion and the Special Master's Report, but deliberately chose not to. Requiring them to adhere to that choice, which clearly resulted from a deliberate process, does not prejudice them. (Yu Decl. ¶ 3 ("Defendants do not intend to file any oppositions to any pending filing."); (July 20, 2021 Hr'g Tr. (ECF No. 127) 8:8–9:9 (statement by counsel for OnlineNIC and ID Shield that "OnlineNIC has instructed me not to make any further filings on its behalf in this case").) There is no manifest injustice in allowing their statement of non-opposition to stand. Hence this factor weighs against the Motion.

OnlineNIC and ID Shield ask the Court to consider instead whether granting the Sanctions Motion would be manifestly unjust. (Mot. at 5.) That is not the inquiry that governs whether they should be permitted to withdraw their statement of non-opposition. Nonetheless, their argument that it would be unjust for them "to be found liable and subject to sanctions for conduct it was not involved in" is baseless. (Mot. at 5.) The Sanctions Motion details Defendants' egregious litigation misconduct that justifies the sanctions that Plaintiffs seek. (Sanctions Mot.; *see also* Report.) The Special Master found that OnlineNIC and ID Shield intentionally destroyed and obfuscated key evidence, failed to preserve and produce responsive ESI, and made material misrepresentations to the Special Master. (Report at 39–40.) This conduct is at the heart of the Sanctions Motion, and it would not be unjust to hold them responsible for it.

Moreover, and despite OnlineNIC's and ID Shield's spoliation of evidence interfering with proof of Plaintiffs' case, Plaintiffs have explained in detail how OnlineNIC and ID Shield's own conduct subjects them to liability under the Anti-Cybersquatting Consumer Protection Act ("ACPA"). (*See, e.g.*, Sanctions Mot. at 3–4; Opp. to 35.CN's Mot. to Dismiss (ECF No. 189) at 1–2, 15–20.) In short,

7
**PLAINTIFFS' OPP. TO ONLINENIC AND ID SHIELD'S MOTION TO WITHDRAW NON-OPPOSITION (ECF NO. 185)**
Case No. 3:19-cv-07071-SI

Defendants are liable for registering and trafficking in the Infringing Domain Names with a bad-faith intent to profit, intentionally providing a haven for cybercriminals, and deliberately ignoring notices containing reasonable evidence of actionable harm. (Second Amended Complaint for Cybersquatting; Trademark Infringement; False Designation of Origin; and Dilution ("SAC") (ECF No. 109) ¶¶ 2–5.) The fact that one of OnlineNIC's customers admitted to using one of the infringing domain names at issue (Mot. at 5) does not absolve OnlineNIC and ID Shield's responsibility for their own conduct in registering and trafficking in the infringing domain names, nor for the responsibility they assumed by failing to timely identify their customers in response to complaints. (*See* Sanctions Mot. at 3–4 (summarizing claims).)

### 2. Granting the Motion would unfairly prejudice Plaintiffs by further delaying this case

As argued above, Plaintiffs would be unfairly prejudiced if the Court were to grant OnlineNIC and ID Shield's Motion because it would further delay the resolution of this case, further burdening Plaintiffs who have already suffered as a result of Defendants' conduct and litigation tactics. *See Tesoro Ref. & Mktg. Co. LLC v. Pac. Gas & Elec. Co.*, No. 14-CV-00930-JCS, 2015 WL 5675861, at *11 (N.D. Cal. Sept. 28, 2015) (Spero, Mag.) (enforcing stipulation to add claim for punitive damages would burden the party not moving to withdraw the stipulation, by requiring additional discovery). Hence this factor weighs against the Motion as well.

### 3. There are no intervening events material to the Sanctions Motion or OnlineNIC and ID Shield's non-opposition

OnlineNIC and ID Shield contend that intervening events justify withdrawing their non-opposition because "35.CN has now been served, and it has filed its Motion to Dismiss." (Mot. at 7.) But these are not intervening events that establish "manifest injustice" resulting from OnlineNIC and ID Shield's non-opposition.

OnlineNIC and ID Shield's made the tactical and deliberate choice not to oppose the Sanctions Motion, long after their own opportunity to move to dismiss the claims against them. (*See* Pls.' Mot. to Strike OnlineNIC and ID Shield's Joinder to 35.CN's Mot. to Dismiss, filed Oct. 29, 2021.) And they made it long after they knew that 35.CN had been pled into the case and that Plaintiffs were in the midst

of perfecting service of process on 35.CN through the Hague Convention.[2] Holding OnlineNIC and ID Shield to their stated position is fair, and certainly not manifestly unjust. OnlineNIC and ID Shield may now regret their decision, but that is no grounds for relief. *See, e.g.*, *Tesoro*, 2015 WL 5675861, at *11 (holding that if there have been no significant intervening events, an attorney's mere "realization that he may have made a tactical error . . . does not render enforcement of the stipulation a manifest injustice"); *Morrison v. Zangpo*, No. C-08-1945 EMC, 2008 WL 4449585, at *4 (N.D. Cal. Sept. 30, 2008) (Chen, Mag.) (holding that if there are no intervening events since the stipulation other than an attorney's realization that he has made a tactical error, "such a belated realization does not render enforcement of the stipulation a manifest injustice"). OnlineNIC and ID Shield cannot point to material information that they lacked at the time of their decision not to oppose the Sanctions Motion, let alone information withheld from them. *See Tesoro*, 2015 WL 5675861, at *14 (observing that "manifest injustice" might be shown by something akin to a non-moving party's withholding of relevant information in bad faith, which did not occur here). Moreover, if OnlineNIC and ID Shield truly believed that completion of service on 35.CN "drastically change[d] this case," they should have sought relief when Plaintiffs served 35.CN in mid-August. (Mot. at 4, 7.)

### 4. There is no evidence contrary to the non-opposition

In this factor, Courts consider whether "evidence contrary to the stipulation is substantial." *State Farm*, 2001 WL 637419, at *8 (alteration omitted). OnlineNIC and ID Shield claim that Plaintiffs "have presented little or no evidence to support their core allegation that OnlineNIC Defendants registered, used or trafficked in the Infringing Domain Names." (Mot. at 7.) That is insufficient to address this factor, which requires the movant to show substantial evidence contrary to the stipulation. *State Farm*, 2001 WL 637419, at *8. Moreover, OnlineNIC and ID Shield's invocation of this factor is especially ironic in the present context, where they seek to withdraw their non-opposition to a Sanctions Motion that demonstrates their own destruction of evidence supporting Plaintiffs' case, based on a Special Master's Report to which they expressly acquiesced. (*See* ECF Nos. 117, 126.) In any event, OnlineNIC and ID Shield are incorrect.

---

[2] (*See* July 13, 2021 Supp. Joint Case Mgmt. Statement (ECF No. 116) at 2–3 (discussing Plaintiffs' preparations to serve 35.CN).)

There is no substantial evidence contrary to OnlineNIC and ID Shield's non-opposition to the Sanctions Motion, and there is substantial evidence that supports the Sanctions Motion.

As noted above, Plaintiffs have explained in detail how OnlineNIC and ID Shield's own conduct subjects them to liability under the ACPA in this case. (*See, e.g.*, Sanctions Mot. at 3–4; Opp. to 35.CN's Mot. to Dismiss (ECF No. 189) at 1–2, 15–20.) ID Shield provides a proxy service for OnlineNIC's customers. (SAC ¶¶ 10, 27.) As a proxy service, ID Shield is liable under the ACPA for registering the Infringing Domain Names as the registrant. (Pls.' Opp. to 35.CN's Mot. to Dismiss at 17–18.) ID Shield is also liable under the ACPA for trafficking in the Infringing Domain Names because ID Shield licensed use of the Infringing Domain Names to its customers. (*Id.*) Finally, ID Shield, as a proxy service, is liable under the OnlineNIC Registration Agreement, which incorporates Section 3.7.7.3 of the ICANN Registrar Accreditation Agreement, because it did not timely provide its customers' contact information after receiving notice of actionable harm from Plaintiffs. (*Id.*)

Moreover, as detailed in the Sanctions Motion, the data that OnlineNIC and ID Shield intentionally deleted is crucial to Plaintiffs' ability to prove the extent of Defendants' registration, use, and trafficking in the infringing domain names and their bad faith intent to profit. (Sanctions Mot. at 9–10.) For example, Plaintiffs could have used the spoliated evidence to show that Defendants registered the Infringing Domain Names with a bad faith intent to profit, that Defendants intentionally provided a haven for cybercriminals, and that they consciously ignored notices containing reasonable evidence of actionable harm. (*Id.* (citing SAC ¶ 2).) The deleted information also would have shown notices or other legal complaints received by Defendants concerning cybersquatting, supporting Plaintiffs' proof that Defendants failed to take action upon receipt of such notices. (*Id.*) "Plaintiffs suffered irreparable harm" due to the fact that "responsive ESI will be unavailable because the data was destroyed and no longer exists." (*Id.* (citing Report at 40).)

Furthermore, Defendants did not randomly delete evidence; the Special Master concluded that "Defendants programmatically deleted files using PHP and SQL scripts, and tried to hide evidence of their use by deleting the scripts themselves." (Report at 28–29; *id.* at 21–27.) This targeted and systematic deletion, much of which occurred after Plaintiffs filed this case, was done to hide key evidence. (*Id.* at 23 ("Special Master believes Defendants were removing word index records so that search terms related to

litigation would not be linked to specific tickets or ticket-related records.").) OnlineNIC and ID Shield robbed Plaintiffs of this evidence, a conclusion that is completely supported by the neutral, Court-appointed Special Master's findings. They cannot establish "manifest injustice" from a supposed dearth of evidence for which they themselves are responsible.

OnlineNIC and ID Shield's claims that they had "viable challenges to the methodology and conclusions of the Special Master" ring hollow and substantial evidence certainly does not support their claims. OnlineNIC and ID Shield affirmatively elected not to file any objections to the Special Master's Report. (ECF No. 126.) Moreover, they represented to the Magistrate Judge that they had no questions or comments regarding any of the Special Master's findings beyond a letter attached as an exhibit to the Report and addressed therein. (July 20, 2021 Hr'g Tr. (ECF No. 127) at 6–7.) If OnlineNIC and ID Shield believed that their letter to the Special Master constituted evidence contrary to the Sanctions Motion, they should have said so in an opposition. They cannot point to that letter now as evidence contrary to their decision not to oppose.

### III. CONCLUSION

For the reasons stated above, this Court should deny OnlineNIC and ID Shield's Motion as procedurally untimely and improper.

DATED: October 29, 2021                   Tucker Ellis LLP

                                          By: /s/David J. Steele
                                              David J. Steele
                                              Howard A. Kroll
                                              Steven E. Lauridsen

                                          Davis Polk & Wardwell, LLP
                                              Ashok Ramani
                                              Micah G. Block
                                              Cristina M. Rincon

                                              Attorneys for Plaintiffs,
                                              FACEBOOK, INC. and INSTAGRAM, LLC