TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:   213.430.3400
Facsimile:   213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon (*Pro Hac Vice*)
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:   650.752.2000
Facsimile:   650.752.2111

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 3:19-cv-07071-SI<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE ONLINENIC INC. AND DOMAIN ID SHIELD SERVICE CO. LIMITED'S NOTICE OF JOINDER IN DEFENDANT XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) AND 12(B)(2) (ECF NO. 184)**<br><br>DATE: December 3, 2021<br>TIME: 10:00 a.m.<br>CTRM: 1 – 17th Floor<br><br>Hon. Susan Illston |

**1        NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

**2** TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

**3**        **PLEASE TAKE NOTICE** that, on December 3, 2021 at 10:00 a.m., or as soon thereafter as this

**4** matter may be heard, in the courtroom of the Honorable Susan Illston of the United States District Court

**5** for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom 1 – 17th Floor,

**6** San Francisco, CA 94102, Plaintiffs Facebook, Inc. and Instagram, LLC ("Plaintiffs") will and hereby do

**7** move for an order to strike OnlineNIC Inc.'s and Domain ID Shield Service Co. Limited's Notice of

**8** Joinder in Defendant Xiaman 35.COM Internet Technology Co. Ltd.'s Motion to Dismiss the Second

**9** Amended Complaint Pursuant to FRCP 12(b)(6) and 12(b)(2) (ECF No. 184).

**10**        This motion is made pursuant to Rule 12(b) of the Federal Rules of Civil Procedure because the

**11** time for OnlineNIC Inc. and Domain ID Shield Service Co. Limited to move to dismiss has long since

**12** expired, and there is no proper basis for them to belatedly seek dismissal now by way of a purported

**13** joinder. This motion is based on this Notice of Motion and Motion, the record on file, any oral argument

**14** heard by the Court, such additional evidence as may be submitted to the Court, matters as to which the

**15** Court may take judicial notice, and such other matters as the Court deems proper.

**17** DATED: October 29, 2021                    Tucker Ellis LLP

**18**                                            By:  /s/David J. Steele
**19**                                                David J. Steele
                                                Howard A. Kroll
**20**                                             Steven E. Lauridsen

**21**                                            Davis Polk & Wardwell, LLP
                                                Ashok Ramani
**22**                                             Micah G. Block
                                                Cristina M. Rincon
**23**

**24**                                            Attorneys for Plaintiffs,
                                                FACEBOOK, INC. and INSTAGRAM, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On October 15, 2021, approximately six months after filing their operative answer, OnlineNIC Inc. ("OnlineNIC") and Domain ID Shield Service Co., Limited ("ID Shield") filed a notice that purports to join newly served defendant Xiamen 35.com Internet Technology Co., Ltd.'s ("35.CN's") motion to dismiss under Rule 12. (ECF No. 184.) That joinder is improper and the Court should strike it. The time for OnlineNIC and ID Shield to seek dismissal under Rule 12 has long since expired, and there is no basis for them to belatedly seek dismissal now by way of a purported joinder.

## II. BACKGROUND

Plaintiffs filed an amended complaint on March 31, 2021. (ECF No. 84.) OnlineNIC and ID Shield did not move to dismiss and instead filed an Answer (as they had to the original Complaint) on April 16, 2021. (ECF No. 88.) Plaintiffs filed the operative Second Amended Complaint on June 1, 2021 (ECF No. 109), and OnlineNIC and ID Shield stipulated that their Answer to the First Amended Complaint would serve as their operative responsive pleading (ECF No. 108).[1]

## III. ARGUMENT

A Rule 12(b) motion must be made before the responsive pleading. Fed. R. Civ. P. 12(b); *see also Manipoun v. Dibella*, No. 17-cv-2325-AJB-BGS, 2018 WL 4951956, at *2 (S.D. Cal. Oct. 12, 2018) (holding "the filing of a motion to dismiss after filing an answer was improper and untimely"). Because OnlineNIC and ID Shield have already answered the Second Amended Complaint (having elected not to timely seek dismissal of Plaintiffs' claims against them), they cannot seek dismissal under Rule 12 now, whether by their own motion or by joining another's. *See Laron, Inc. v. Constr. Res. Serv., LLC*, No. CV–07–0151–PCT–NVW, 2007 WL 1958732, at *6 (D. Ariz. July 2, 2007) (denying motion to join because the joining defendants had already answered the complaint nearly two months before the filing of the motion to dismiss). Furthermore, OnlineNIC and 35.CN's purported joinder to the Motion to Dismiss is

---

[1] The only changes in the Second Amended Complaint (1) changed "Hong Kong" to "Hong Kong, China" to facilitate service via the Hague convention, and (2) corrected a typographical error. (*See* ECF No. 108.)

PLAINTIFFS' MOT. TO STRIKE ONLINENIC AND ID SHIELD'S JOINDER IN 35.CN'S MOTION TO DISMISS (ECF NO. 184)
Case No. 3:19-cv-07071-SI

in tension with, if not directly opposed to, their Statement of Non-Opposition to Plaintiffs' Motion to Strike Defendants' Answer and for Default Judgment, which seeks entry of terminating sanctions against OnlineNIC and ID Shield. (ECF No. 120.) The Court should not entertain the purported joinder.

## IV. CONCLUSION

For these reasons, the Court should strike OnlineNIC and ID Shield's purported joinder to 35.CN's Motion to Dismiss.

DATED: October 29, 2021

Tucker Ellis LLP

By: /s/David J. Steele
    David J. Steele
    Howard A. Kroll
    Steven E. Lauridsen

Davis Polk & Wardwell, LLP
    Ashok Ramani
    Micah G. Block
    Cristina M. Rincon

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC