Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA 94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>             Plaintiffs,<br>     v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.<br><br>             Defendants. | Case No. 19-CV-07071-SI<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

### I.   INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5 and the Stipulated Protective Order, Defendants OnlineNIC, Inc. and Domain ID Shield Service Co., Limited (together "Defendants") file this administrative motion to seal a document submitted in connection with the Declaration of Leon Freeman (Dkt. No. 202). Specifically, Defendants request that Exhibit C to the Declaration of Leon Freeman (Dkt. No. 202-4) be sealed, as it contains confidential information, including financial account information. Defendants' counsel has submitted a declaration herewith demonstrating a compelling reason to seal the document.

- 1-

## II. LEGAL STANDARD

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Examples of compelling reasons include "the use of court records for improper purposes," such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* "[S]ources of business information that might harm a litigant's competitive strategy" may also give rise to a compelling reason to seal, *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 597 (1978), as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage, *see Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013).

In addition, parties moving to seal documents must comply with the procedures set forth in Civil Local Rule 79–5. The rule permits sealing only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79–5(b). It requires the parties to "narrowly tailor" their requests only to the sealable material. Id. at 79–5(d). Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11–cv–00410–YGR, 2012 WL 1497489 at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information). Whatever the basis, the court "must articulate [the] reasoning or findings underlying its decision to seal." *Apple Inc.*, 658 F.3d at 1162.

## III. ARGUMENT

Defendants respectfully submit that that they demonstrated "a compelling reason" to permit Exhibit C to be filed under seal through the accompanying Narancic Declaration. *See* Narancic Declaration. The Narancic Declaration explains that Exhibit C is a spreadsheet that shows the payments made to the Defendants from various parties. This document contains the

amounts paid, and account information. The account information is further covered by Fed. R. Civ. P. 5.2, relating to sensitive information that should be redacted or filed under seal. As set forth in the Narancic Declaration, a compelling reason exists to grant this motion to seal because the information Defendants move to seal contains non-public, confidential, and proprietary financial information relating to third parties that is covered by Fed. R. Civ. P. 5.2. In addition, the amounts and dates of transfer in protectable business information. The public does not at this time have a meaningful interest in obtaining such information, and public disclosure of this information could cause particularized harm to Defendants by allowing its competitors to see payment amounts and would be harmful to the parties whose sensitive information is being disclosed.

## IV.   CONCLUSION

For the foregoing reasons, Defendants request that Docket No. 202-4 (Ex. C) be sealed.

DATED: November 24, 2021

Respectfully Submitted,

LEXANALYTICA, PC

By: *[signature]*

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHEILD SERVICE CO., LIMITED