**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
liana@KRInternetLaw.com
ruben@KRInternetLaw.com

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FACEBOOK, INC.**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**ONLINENIC INC.**, et al.,<br><br>Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S ANSWER TO SECOND AMENDED COMPLAINT** |

Defendant Xiamen 35.com Technology Co., Ltd. ("35.CN" or "Defendant") submits this answer to the Second Amended Complaint ("SAC") by Facebook, Inc. and Instagram, LLC (together, the "Plaintiffs") and asserts affirmative defenses as follows (headings are copied from the SAC but do not admit the substance of any allegations in headings):

**INTRODUCTION**

1. Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

2. Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

3. Defendant admits that Defendant and OnlineNIC are separate ICANN-accredited domain name registrars. Defendant denies the remaining allegations in this Paragraph.

4. Defendant denies the allegations in this Paragraph.

5. Defendant denies the allegations in this Paragraph.

6. Defendant admits that Plaintiffs are characterizing their own Complaint, which speaks for itself. Defendant denies the remaining allegations in this Paragraph.

**PARTIES**

7. Defendant admits the allegations that Facebook, Inc. makes about itself.

8. Defendant admits the allegations that Instagram, LLC makes about itself.

9. Defendant admits, on information and belief, that Defendant OnlineNIC Inc. is a California corporation and a domain name registrar. Defendant lacks sufficient information to admit or deny the remaining allegations in this Paragraph.

10. Defendant admits, on information and belief, that Defendant ID Shield is a Chinese company and privacy service. Defendant specifically denies that ID Shield is a proxy service or that ID Shield registers domain names as the registrant. Defendant denies the remaining allegations of this Paragraph.

11. Defendant admits that it is a corporation registered under the laws of Xiamen, Fujian Province. Defendant admits that, as part of its regular business practices,

it is a domain name registrar. Defendant denies that it controls, manages, and/or runs the operations of OnlineNIC and ID Shield. Defendant denies the remaining allegations of this Paragraph.

12. Defendant denies the allegations in this paragraph.

## JURISDICTION AND VENUE

13. Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

14. Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

15. Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph. Defendant specifically denies that the Court has personal jurisdiction over Defendant.

16. Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

17. Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

## FACTUAL ALLEGATIONS

**A. Background on Plaintiffs and their Trademarks**

18. Defendant admits the allegations that Facebook, Inc. makes about itself.

19. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph.

20. Defendant admits that Plaintiffs have attached exhibits that speak for themselves. Defendant denies the remaining allegations in this Paragraph.

21. Defendant admits that Facebook has used certain trademarks in interstate commerce. Defendant lacks sufficient information to admit or deny the remaining allegations in this Paragraph, and therefore denies them.

22. Defendant admits the allegations that Instagram, LLC makes about itself.

23. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

24. Defendant admits that Plaintiffs have attached an exhibit that speaks for itself. Defendant denies the remaining allegations in this Paragraph.

25. Defendant admits that Instagram has used certain trademarks in interstate commerce. Defendant lacks sufficient information to admit or deny the remaining allegations in this Paragraph, and therefore denies them.

**B. OnlineNIC is responsible for the actions of ID Shield because ID Shield is an alter ego of OnlineNIC and OnlineNIC is a direct participant in those actions**

26. Defendant admits it is accredited by ICANN and is subject to ICAAN's RAA in limited circumstances outlined by the RAA but denies that the RAA is applicable in this case. On information and belief, Defendant makes the same admissions and denials regarding OnlineNIC. Defendant admits Plaintiffs have attached an exhibit that speaks for itself.

27. Defendant admits that Defendant ID Shield provides a privacy service. Defendant denies that ID Shield provides a proxy service. Defendant lacks sufficient information regarding the "domain name" referenced in this Paragraph. Defendant denies the remaining allegations of this Paragraph.

28. Defendant denies that ID Shield registers the domain names as the registrant. Defendant admits Plaintiffs have attached an exhibit that speaks for itself. Defendant denies the remaining allegations of this Paragraph.

29. Defendant admits Plaintiffs have attached an exhibit that speaks for itself. Defendant denies the remaining allegations of this Paragraph.

30. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

31. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

32. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

33. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

34. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

35. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

36. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

37. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

38. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

39. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

40. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

41. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

42. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

43. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

**C. 35.CN is responsible for the actions of OnlineNIC and ID Shield because OnlineNIC and ID Shield are alter egos of 35.CN and 35.CN is a direct participant in those actions**

44. Defendant admits that Carrie Yu is an employee of Defendant. Defendant lacks sufficient information to admit or deny the remaining allegations in this Paragraph, and therefore denies them.

45. Defendant admits that employees of Defendant provide certain technical and other support to OnlineNIC. Defendant denies the remaining allegations in this Paragraph.

46. Defendant admits that employees of Defendant provide certain technical and other support to ID Shield. Defendant denies the remaining allegations in this Paragraph.

47. Defendant denies the allegations in this Paragraph.

48. Defendant denies the allegations in this Paragraph.

49. Defendant admits that employees of Defendant provide certain technical and other support to other Defendants. Defendant denies the remaining allegations in this Paragraph.

50. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

51. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

52. Defendant denies the allegations in this Paragraph.

53. Defendant denies the allegations in this Paragraph.

54. Defendant denies the allegations in this Paragraph.

55. Defendant denies the allegations in this Paragraph.

**D. Defendants Registered, Used, or Trafficked In the Infringing Domain Names**

56. Defendant denies the allegations in this Paragraph.

57. Defendant denies that ID Shield is the registrant for the listed domain names. Defendant admits Plaintiffs have attached an exhibit that speaks for itself. Defendant denies the remaining allegations of this Paragraph.

58. Defendant denies the allegations in this Paragraph.

59. Defendant denies the allegations in this Paragraph.

**E. Defendants' Bad Faith Intent to Profit**

60. Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

61. Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

62. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

63. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

64. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

65. Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

66. Defendant denies the allegations in this Paragraph to the extent that they pertain to Defendant. Defendant lacks sufficient information to admit or deny the remaining allegations in this Paragraph, and therefore denies them.

67. Defendant admits Plaintiffs have attached an exhibit that speaks for itself. Defendant denies the remaining allegations of this Paragraph.

68. Defendant denies the allegations in this Paragraph.

69. Defendant denies the allegations in this Paragraph.

70. Defendant denies the allegations in this Paragraph.

**F. Defendants' Failure to Disclose Contact Information**

71. Defendant admits Plaintiffs have attached an exhibit that speaks for itself. Defendant denies that ID Shield agreed to accept any liability as it pertains to Plaintiffs. Defendant denies the remaining allegations of this Paragraph.

72. Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

1    73.    Defendant admits Plaintiffs have attached an exhibit that speaks for itself. Defendant denies the remaining allegations of this Paragraph.

74.    Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

75.    Defendant lacks sufficient information to admit or deny the allegations in this Paragraph, and therefore denies them.

## FIRST CAUSE OF ACTION

**[Cybersquatting on Plaintiffs' Trademarks Under U.S.C. 1125(d)]**

76.    Defendant incorporates by reference the preceding Paragraphs.

77.    Defendant denies the allegations in this Paragraph.

78.    Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

79.    Defendant denies the allegations in this Paragraph.

80.    Defendant denies the allegations in this Paragraph.

81.    Defendant denies the allegations in this Paragraph.

82.    Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

83.    Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

84.    Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

85.    Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

86.    Defendant denies the allegations in this Paragraph.

87.    Defendant denies the allegations in this Paragraph.

88.    Defendant denies the allegations in this Paragraph.

89.    Defendant denies the allegations in this Paragraph.

90.    Defendant denies the allegations in this Paragraph.

| | | |
|---|---|---|
| 1 | 91. | Defendant denies the allegations in this Paragraph. |
| 2 | 92. | Defendant denies the allegations in this Paragraph. |
| 3 | 93. | Defendant denies the allegations in this Paragraph. |
| 4 | 94. | Defendant denies the allegations in this Paragraph. |
| 5 | 95. | Defendant denies the allegations in this Paragraph. |
| 6 | 96. | Defendant denies the allegations in this Paragraph. |
| 7 | 97. | Defendant denies the allegations in this Paragraph. |
| 8 | 98. | Defendant denies the allegations in this Paragraph. |
| 9 | 99. | Defendant denies the allegations in this Paragraph. |
| 10 | 100. | Defendant denies the allegations in this Paragraph. |
| 11 | 101. | Defendant denies the allegations in this Paragraph. |
| 12 | 102. | Defendant denies the allegations in this Paragraph. |

## SECOND CAUSE OF ACTION

**[Trademark and Service Mark Infringement of Plaintiffs' Trademarks Under 15 U.S.C. § 1114]**

| | | |
|---|---|---|
| 16 | 103. | Defendant incorporates by reference the preceding Paragraphs. |
| 17 | 104. | Defendant denies the allegations in this Paragraph. |
| 18 | 105. | Defendant denies the allegations in this Paragraph. |
| 19 | 106. | Defendant denies the allegations in this paragraph. |
| 20 | 107. | Defendant denies the allegations in this paragraph. |
| 21 | 108. | Defendant denies the allegations in this Paragraph. |
| 22 | 109. | Defendant denies the allegations in this Paragraph. |
| 23 | 110. | Defendant denies the allegations in this Paragraph. |
| 24 | 111. | Defendant denies the allegations in this Paragraph. |
| 25 | 112. | Defendant denies the allegations in this Paragraph. |
| 26 | 113. | Defendant denies the allegations in this Paragraph. |

## THIRD CAUSE OF ACTION

**[Trademark and Service Mark Infringement of Plaintiffs' Trademarks and False Designation of Origin Under 15 U.S.C. § 1125(a)]**

114. Defendant incorporates by reference the preceding Paragraphs.

115. Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

116. Defendant denies the allegations in this Paragraph.

117. Defendant denies the allegations in this Paragraph.

118. Defendant denies the allegations in this Paragraph.

119. Defendant denies the allegations in this Paragraph.

120. Defendant denies the allegations in this Paragraph.

121. Defendant denies the allegations in this Paragraph.

122. Defendant denies the allegations in this Paragraph.

123. Defendant denies the allegations in this Paragraph.

124. Defendant denies the allegations in this Paragraph.

125. Defendant denies the allegations in this Paragraph.

## FOURTH CAUSE OF ACTION

**[Dilution of the Facebook Trademarks and Instagram Trademarks Under 115 U.S.C. § 1125(c)]**

126. Defendant incorporates by reference the preceding Paragraphs.

127. Defendant states this is a conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

128. Defendant denies the allegations in this Paragraph.

129. Defendant denies the allegations in this Paragraph.

130. Defendant denies the allegations in this Paragraph.

131. Defendant denies the allegations in this Paragraph.

132. Defendant denies the allegations in this Paragraph.

133. Defendant denies the allegations in this Paragraph.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

134. Defendant denies the allegations in this Paragraph.

135. Defendant denies the allegations in this Paragraph.

136. Defendant denies the allegations in this Paragraph.

137. Defendant denies the allegations in this Paragraph.

## REQUEST FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief pled in the SAC.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses and reserves the right to assert additional defenses upon discovery of relevant facts.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

Defendant asserts that the allegations contained in Plaintiffs' SAC fail to confer personal jurisdiction over Defendant and that this Court does not have personal jurisdiction over Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (No Injury)

Plaintiffs lack standing to bring this case, as Plaintiffs have suffered no harm or injury.

## THIRD AFFIRMATIVE DEFENSE

### (Uncertain/Unmanageable Damages)

Plaintiffs' damages, if any, are too speculative to be recoverable by law.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Plaintiffs have failed to state a cause of action against Defendant upon which relief may be granted. Plaintiffs have failed to plead the *prima facie* elements of the asserted causes of action, including for "proxy service" and "alter ego" liability.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Infringement)**

Plaintiffs' claims are barred in whole or in part because there is no trademark infringement, or relatedly, cybersquatting, false designation, or dilution; and this is an exceptional case in which fees should be awarded to Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches/Estoppel/Waiver/Acquiescence)**

Plaintiffs' claims are barred by the doctrines of laches, estoppel, waiver, and/or acquiescence.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Intent)**

Plaintiffs' claims are barred in whole or in part because Defendant lacked the requisite knowledge, intent, or bad faith.

**NINTH AFFIRMATIVE DEFENSE**

**(Conduct not Willful)**

Plaintiffs' claims are barred in whole or in part because Defendants' alleged conduct was not willful or in bad faith and because this is not an extraordinary case.

**TENTH AFFIRMATIVE DEFENSE**

**(Territoriality)**

Plaintiffs' claims are barred in whole or in part by the principle of territoriality.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Legitimate/Fair Use)**

Plaintiffs' claims are barred in whole or in part because Defendant and other parties, including the third-party registrants, at all times acted within the scope of legitimate rights and/or fair use.

## TWELFTH AFFIRMATIVE DEFENSE

### (Acts of Others)

Plaintiffs' claims are barred, in whole or in part, on the grounds that the unlawful acts alleged, if they occurred at all, were the acts of others.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Contractual Performance Excused)

Any contractual obligation of ID Shield to take responsibility for the wrongful conduct of the actual registrants of the domain names at issue is excused or void due to ID Shield's obligations under the EU's General Data Protection Regulation ("GDPR"). Likewise, any obligation of OnlineNIC or 35.CN are similarly excused or void.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Plaintiffs' claims are barred, in whole or in part, by the safe harbor for domain name registrars, including under the Lanham Act, 15 U.S.C. §1114.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' failure to mitigate, including by the failure to seek expedited relief through a "UDRP" proceeding.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Indispensable Party)

Plaintiffs' claims are barred, in whole or in part, due to the failure to join an indispensable party as a defendant, including the domain name registrants.

## ADDITIONAL AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery, and thus Defendant reserves the right to amend its answer to assert such additional affirmative defenses.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court enter judgement:

a. Dismissing all of Plaintiffs' claims in the SAC with prejudice and entering judgment in favor of Defendant;

b. That Plaintiffs are not entitled to any relief;

c. That Plaintiffs' bringing of and conduct in this case was exceptional (not in Plaintiffs' favor) pursuant to 15 U.S.C. §1117(a);

d. Awarding Defendant's reasonable attorneys' fees and costs; and

e. For such other and further relief as shall be deemed proper.

Respectfully Submitted,

Dated: February 1, 2022

**KRONENBERGER ROSENFELD, LLP**

By:   s/ Karl S. Kronenberger
        Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.