**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
liana@KRInternetLaw.com
ruben@KRInternetLaw.com

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **FACEBOOK, INC.**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **ONLINENIC INC.**, et al., <br><br> Defendants. | Case No. 3:19-cv-07071-SI <br><br> **DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S NOTICE OF MOTION AND MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE AND TO OBJECT TO THE REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' ANSWER AND FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ONLINENIC AND DOMAIN ID SHIELD [D.E. 225]; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: June 17, 2022 <br> Time: 10:00 a.m. <br> Ctrm: #1, 17th Floor <br> Before: The Hon. Susan Illston |

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 17, 2022 at 10:00 a.m., or as soon thereafter as this matter maybe be heard, in the courtroom of the Honorable Susan Illston for the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom 1 – 17th Floor, San Francisco, CA 94102, Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") will and hereby does, pursuant to Federal Rule of Civil Procedure ("Rule") 72(b)(2) and Civil Local Rules 7-2 and 72-3,[1] make a Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge to object to the March 28, 2022 Report and Recommendation on Plaintiffs' Motion to Strike Defendants' Answer and for Default Judgment Against Defendants OnlineNIC and Domain ID Shield [D.E. 225] (the "Report and Recommendation"). Given the alter ego arguments against 35.CN (and thus risks of inconsistent judgments in the same case), there is just reason for delaying the determination in the Report and Recommendation to resolve whether there is underlying (and alter ego) liability; and, in addition, there is a basis for awarding no (or lesser) sanctions upon a de novo review.

This motion is made under the aforementioned rules and is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of this Motion, the Declaration of Karl S. Kronenberger filed concurrently herewith, any oral argument heard by the Court, such additional evidence as may be submitted to the Court at the hearing or otherwise, and such other matters as the Court deems proper.

Respectfully Submitted,

Dated: April 11, 2022                **KRONENBERGER ROSENFELD, LLP**

By: _____s/ Karl S. Kronenberger_____
        Karl S. Kronenberger

Attorneys for Defendant 35.CN

---

[1] The Report and Recommendation stated that any party may file objections, citing to Rule 72(b)(2) and Local Rule 72-3, which in turn states that any objection pursuant to Rule 72(b) must be made as a "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge" and made pursuant to Local Rule 7-2.

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

STATEMENT OF ISSUES ................................................................................................... 2

BACKGROUND ................................................................................................................... 2

    A. Factual Background ................................................................................................ 2
    B. Procedural History .................................................................................................. 3

ARGUMENT ........................................................................................................................ 4

    A. Standard of Review ................................................................................................. 4

    B. Review of the entire Report is warranted because it did not consider the impact on the alleged alter ego 35.CN .................................................................................. 5

    C. Review of the entire Report and Recommendation is warranted because it did not consider the underlying dispositive issue of whether ID Shield is a Privacy Service versus a Proxy Service, which does not rely on evidence allegedly spoliated ...... 7

    D. De novo review of portions of the Report and Recommendation are warranted because sanctions under specific subsections of Rule 37 are unjustified ............ 8

        1. Certain recommendations under Rule 37(e) should be reviewed de novo ...... 8
        2. Certain recommendations under Rule 37(b) should be reviewed de novo .... 10
        3. Certain recommendations under Rule 37(c) should be reviewed de novo .... 11

CONCLUSION ................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Cadence Design Systems, Inc. v. Viera*,
  836 Fed. Appx. 493 (9th Cir. 2020) ................................................................................ 6
*Colonies Partners, L.P. v. Cty. of San Bernardino*,
  No. 518CV00420JGBSHK, 2020 WL 1496444 (C.D. Cal. Feb. 27, 2020) .................... 9
*Degrelle v. Simon Wiesenthal Ctr.*,
  883 F.2d 1023, 1989 WL 90172 (9th Cir. 1989) ...................................................... 9, 10
*Fractional Villas v. Katz*,
  No. 08CV1317 DMS (POR), 2008 WL 11337364 (S.D. Cal. Nov. 10, 2008) ................ 5
*Goes Int'l, AB v. Dodur Ltd.*,
  No. 3:14-CV-05666-LB, 2017 WL 2473029 (N.D. Cal. June 8, 2017) ............. 10, 11, 13
*Harrell v. DCS Equip. Leasing,
  Co.*, 951 F.2d 1453 (5th Cir. 1992) ................................................................................ 5
*In re First T.D. & Invest., Inc.*,
  253 F.3d 520 (9th Cir. 2001) .......................................................................................... 5
*In re Napster, Inc. Copyright Litig.*,
  462 F. Supp. 2d 1060 (N.D. Cal. 2006) ......................................................................... 5
*Johnson v. Goldsmith*,
  542 F. App'x 607 (9th Cir. 2013) ..................................................................... 10, 11, 13
*Katzir's Floor & Home Design, Inc. v. M-MLS.com*,
  394 F.3d 1143 (9th Cir. 2004) ....................................................................................... 6
*Levi Strauss & Co. v. Neverland Online Pty. Ltd.*,
  No. C 19-4178 SBA, 2020 WL 6931064 (N.D. Cal. July 14, 2020) ............................... 4
*Merch. v. Corizon Health, Inc.*,
  993 F.3d 733 (9th Cir. 2021) ........................................................................................ 12
*Moore v. Verizon Commc'ns Inc.*, No. C,
  09-1823 SBA, 2014 WL 588035 (N.D. Cal. Feb. 14, 2014) .......................................... 4
*Payne v. Exxon Corp.*,
  121 F.3d 503 (9th Cir. 1997) ................................................................................. 10, 11
*Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*,
  978 F.2d 430 (8th Cir. 1992) ......................................................................................... 5
*Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*,
  197 F.R.D. 580 (E.D. Va. 2000) ..................................................................................... 5
*Rago v. Select Comfort Retail Corp.*,
  No. 519CV02291FMOSPX, 2021 WL 3621890 (C.D. Cal. June 11, 2021) ........... 11, 12
*Smith v. Hoffman*,
  No. 14-CV-01741-LB, 2017 WL 5957740 (N.D. Cal. Nov. 30, 2017) .......................... 10
*Thompson v. Hous. Auth. of the City of Los Angeles*,
  782 F.2d 829 (9th Cir. 1986) ....................................................................................... 10
*Wolf Metals Inc. v Rand Pac. Sales Inc.*,
  4 Cal. App. 5th 698 (2016) ............................................................................................ 6

**Statutes**

28 U.S.C. §636(b)(1) ............................................................................................................ 4

**Rules**

Fed. R. Civ. P. 26, *et seq.* ....................................................................................... 10, 12
Fed. R. Civ. P. 35 ..................................................................................................... 10
Fed. R. Civ. P. 37, *et seq.* ....................................................................................... *passim*
Fed. R. Civ. P. 54 ..................................................................................................... 5
Fed. R. Civ. P. 72 ..................................................................................................... 1, 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Pursuant to Rule 72 and Civil Local Rule 72-3, 35.CN moves for the Court to grant a de novo determination of the dispositive matter referred to the Magistrate Judge, namely, whether terminating or other sanctions should be awarded against Defendants OnlineNIC and ID Shield. Given the alter ego arguments against 35.CN, there is just reason for delaying the determination in the Report and Recommendation to resolve whether there is underlying (and alter ego) liability, and there is even a basis for awarding no (or lesser) sanctions upon a de novo review.

In particular, delay of any award of terminating sanctions is warranted because a just reason for delay exists, to wit, the alleged alter ego 35.CN may prevail on the merits of this case, which involve the same claims that Plaintiffs have made against OnlineNIC and ID Shield, thus calling into question any potential terminating sanctions against OnlineNIC and ID Shield. In fact, the Court recently noted in its order denying bifurcation that "defendants may prevail on these issues at summary judgment," and that while the heavy burden for bifurcation was not met at this time, "there are serious questions of fact as to alter ego . . . pertain[ing] not only to the parties' liability but also jurisdictional issues raised in 35.CN's motion to dismiss." [D.E. 226 at 6:13–18.] Therefore, approving terminating sanctions against OnlineNIC and ID Shield for claimed discovery abuses—which are disputed—at this time as outlined in the Report and Recommendation would deprive all Defendants from raising compelling defenses on the merits; and this would also create a significant risk of inconsistent judgments in the same action. Thus, the Court should at least postpone ruling on the Magistrate Judge's Report and Recommendation so that the parties can litigate the issues on the merits.

In the alternative, there is a basis outlined herein for the Court to order no (or lesser) sanctions on a de novo review of the issues outlined in the Magistrate Judge's Report and Recommendation. For example, the Report and Recommendation did not adequately consider lesser sanctions (including those previously raised by OnlineNIC and ID Shield),

which would allow the case to be adequately defended and resolved on the merits. Key underlying issues, including whether ID Shield is liable as a Proxy Service (as opposed to just a Privacy Service), and whether there was adequate notice and reasonable evidence under the "seven-day" rule, can be resolved with evidence that was not at issue with the Special Master's report (e.g., by looking at the produced ICANN records and Plaintiffs' alleged notices of harm[2]). As such, terminating sanctions are not warranted.

Thus, 35.CN requests that the Court at least delay the decision on the Report and Recommendation. Alternatively, upon de novo review, there is a basis for the Court to reject the findings and award no or lesser sanctions upon OnlineNIC and ID Shield.

## STATEMENT OF ISSUES

Should the Court grant de novo determination of the dispositive matter referred to the Magistrate Judge to either (1) postpone a final decision on terminating sanctions against OnlineNIC and ID Shield given the alter ego claims against 35.CN, which provide a just reason for delay and potentially meritorious defenses, or (2) find in favor of OnlineNIC and ID Shield on a de novo review of the issues and award no or lesser sanctions?

## BACKGROUND

### A.   Factual Background

Defendant 35.CN is a public company in Xiamen, Fujian Province in China that is registered in China and organized under the laws of China. [D.E. 174-1, "Weiwei Decl." ¶2.]

35.CN's public company filings show that 35.CN and OnlineNIC are separate companies and have been since 2007 when 35.CN sold its interest in OnlineNIC. [Weiwei Decl. ¶5; D.E. 174-2, "Narancic Decl." ¶¶5–6 & Exs. C–D [public filings and translation].]

Currently (and at all relevant times), the business relationship between 35.CN and OnlineNIC is that 35.CN merely provides facilities and services to OnlineNIC through an outsourcing agreement. [Narancic Decl. ¶3 & Ex. A.] 35.CN does not control, manage, or

---

[2] The Second Amended Complaint ¶74 alleges that "at least five" notices were sent to ID Shield, but Plaintiffs notably did not attach these (arguably insufficient) notices. In fact, records indicate that Facebook did not respond to replies to certain notices. *See* Kronenberger Decl. ¶3 & Ex. A.

Case No. 3:19-cv-07071-SI     2     **DEF'S MTN FOR DE NOVO DETERMINATION RE. D.E. 225**

run the operations or decisions of OnlineNIC or ID Shield, and 35.CN did not participate in the actions of OnlineNIC or ID Shield as alleged in the SAC; and neither OnlineNIC nor ID Shield control the decisions or agreements of 35.CN. [Weiwei Decl. ¶5.] 35.CN and OnlineNIC do not share the same domain name registration database (35.CN's registration database is located in China). [Weiwei Decl. ¶8.] Moreover, while 35.CN's office space is in the same building as OnlineNIC, they are on different floors along with multiple other companies. [Weiwei Decl. ¶9; Narancic Decl. ¶ 4& Ex. B [PMQ Depo].]

### B. Procedural History

The Report and Recommendation outlines key procedural history in this case. Important here is that Defendants dispute any material discovery misconduct, oppose the findings of the Report and Recommendation, and challenge any underlying liability in this action, including because (1) ID Shield was not the legal "registrant" of the domain names but merely a "Privacy Service" protecting the privacy of third-party customers, and (2) 35.CN is not the alter ego of other Defendants (which requires not only a unity of interest but also injustice and fraud, which is not present in this case). Also crucial to understand is that Defendants are fighting against a massive tech giant with a self-proclaimed infinite budget, which has (through two companies under one "Meta" brand) chosen to oppress Defendants through aggressive litigation and overburdensome discovery, taking focus away from underlying liability issues and overpowering limited defense resources.

The parties have been meeting and conferring regarding Plaintiffs' hundreds of discovery requests to 35.CN, including on the issue of needing to obtain Chinese government approval under civil procedure, data security, and privacy laws in China.

On March 1, 2022, the Court held a hearing on Plaintiffs' Motion for Sanctions, with Defendants disputing the relief sought (Declaration of Karl S. Kronenberger in Support of Motion ("Kronenberger Decl.") ¶2); and on March 28, 2022, Magistrate Judge Van Keulen submitted the Report and Recommendation on the matter. [D.E. 225.]

On April 5, 2022, the Court issued an order on 35.CN's Motion for Bifurcation, which sought to limit initial discovery to the underlying issue of whether ID Shield was a Proxy

Service or a Privacy Service. In doing so, the Court stated:

> "While defendants may prevail on these issues at summary judgment, the Court is unpersuaded by defendant's arguments at this time and finds defendant has not met its heavy burden for bifurcation.
>
> Second, as the Court found in its order on 35.CN's motion to dismiss, there are serious questions of fact as to alter ego that the parties need to explore. The alter ego issue pertains not only to the parties' liability but also jurisdictional issues raised in 35.CN's motion to dismiss. *See* D.E. No. 174 (35.CN's Motion to Dismiss) (arguing the Court does not have jurisdiction over 35.CN as a Chinese company)." (D.E. 226 at 6:13–18.)

## ARGUMENT

**A.   Standard of Review**

Under Rule 72(b)(2) and Civil Local Rule 72-3, a party may object to a report and recommendation by filing a motion to request a de novo determination, identifying the portions of the "findings, recommendation or report to which objection is made and the reasons and authority therefor." The district court must make "a de novo determination of those portions of the report or . . . recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1); *see also Levi Strauss & Co. v. Neverland Online Pty. Ltd.*, No. C 19-4178 SBA, 2020 WL 6931064, at *1 (N.D. Cal. July 14, 2020); *Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2014 WL 588035, at **2–3 (N.D. Cal. Feb. 14, 2014). Here, the entire Report and Recommendation as well as specific parts are subject to objection and de novo determination. First, the Report and Recommendation did not consider the just reason for delay, given the alter ego claims against 35.CN, and the Court should postpone ruling on the Report and Recommendation on that basis. Second, as outlined below, the Report and Recommendation did not adequately consider alternative relief such that the Court could also rule that no (or lesser) sanctions are warranted, especially given that the underlying issue (whether ID Shield is a Proxy Service liable for third-party customer domain name registrations) can be determined without the claimed spoliated evidence (and spoliation is disputed). Either of these rulings would allow the parties to litigate the issues on the merits.

**B.   Review of the entire Report is warranted because it did not consider the impact on the alleged alter ego 35.CN.**

Although Plaintiffs frame their Motion for Sanctions under Rule 37, which requires extraordinary circumstances, Federal Rule of Civil Procedure 54(b) also requires an express determination that there is "no just reason for delay" if a final judgment is sought as to fewer than all parties. Further, courts are clear that terminating sanctions under Rule 37 is a harsh outcome not easily justified in ordinary cases. *See e.g., In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1071, 1077 (N.D. Cal. 2006) (finding default sanctions were not warranted for claimed spoliation).

Moreover, where a plaintiff's claims are based on vicarious or alter ego liability, there should be an even higher standard given the "just reason" for delaying the final judgment as to one or some of the defendants to avoid logically inconsistent judgments in the same action and factually meritless default judgments. *See Fractional Villas v. Katz*, No. 08CV1317 DMS (POR), 2008 WL 11337364, at *1 (S.D. Cal. Nov. 10, 2008) (noting courts should not enter a judgment against defaulting co-defendants until the action is fully adjudicated where there is a possibility of inconsistent judgments on the merits in favor of the remaining, answering defendants, including in cases where defendants have closely related defenses or are otherwise similarly situated; denying motion for default judgment without prejudice); *see also e.g., Harrell v. DCS Equip. Leasing Co.*, 951 F.2d 1453, 1459 (5th Cir. 1992); *Phoenix Renovation Corp. v. Gulf Coast Software, Inc.,* 197 F.R.D. 580, 582 (E.D. Va. 2000) (noting considerations of judicial economy and consistency compelled the Court to postpone entry of default against one of the defendants); *In re First T.D. & Invest., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (holding judgment should not be entered against a defaulting defendant until the matter has been adjudicated as to all defendants); *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) (holding that when some but less than all defendants default, the best practice for the Court is to stay its determination as to the defaulters to avoid dealing with inconsistent determinations against all defendants). Here, the Court in its Report and Recommendation

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  considered the prejudice to Plaintiffs as the parties seeking the discovery sanction, but did
2  not consider the prejudice to 35.CN, which was not a party to the case at the time of the
3  claimed spoliation and was not joined in Plaintiffs' discovery motions and motion for
4  terminating sanctions. [D.E. 225 at 18–19.]

5  In fact, the enforcement of a default judgment against a claimed alter ego is limited
6  by due process rights. *See Wolf Metals Inc. v Rand Pac. Sales Inc.*, 4 Cal. App. 5th 698,
7  703–04, 707–08 (2016). Specifically, such limitations establish that an alleged alter ego
8  must have controlled the litigation, thereby having the opportunity to litigate and present
9  some active defense of the underlying claims. *See Cadence Design Systems, Inc. v. Viera*,
10 836 Fed. Appx. 493, 495 (9th Cir. 2020); *Katzir's Floor & Home Design, Inc. v. M-MLS.com*,
11 394 F.3d 1143, 1150 (9th Cir. 2004).

12 Here, the Report and Recommendation did not address the just reason for delay
13 argument, which was explicitly raised at the hearing, or the risk of inconsistent judgments,
14 which was also explicitly raised at the hearing. (Kronenberger Decl. ¶2.) Clearly, 35.CN,
15 as the alleged "alter ego" of the other Defendants, would incur significant harm and
16 prejudice if the Court were to enter default judgment against the other Defendants and in
17 favor of Plaintiffs. In particular, while Plaintiffs are not currently seeking default judgment
18 against 35.CN, entry of default judgment against the other Defendants at this stage will
19 substantially prejudice 35.CN for two reasons. First, Plaintiffs are seeking default judgment
20 not on the merits but as a discovery sanction against OnlineNIC and ID Shield, which
21 Plaintiffs would seek to enforce against 35.CN using their alter ego argument, despite lack
22 of legal basis for Plaintiffs' underlying claims (as outlined in 35.CN's Motions to Dismiss
23 and for Bifurcation). Second, OnlineNIC and ID Shield have justifiable defenses to the
24 underlying sanctions determination, as they raised in prior filings. In addition, because
25 35.CN was added late to the case, it did not have a meaningful opportunity to defend
26 against the arguments leading to sanctions, implicating due process concerns.

27 Thus, the Court should review de novo the entirety of the Report and
28 Recommendation because it failed to consider the effect terminating sanctions will have

on 35.CN, as an alleged alter ego. Under this review, the Court should deny (or at least postpone) any sanctions.

## C. Review of the entire Report and Recommendation is warranted because it did not consider the underlying dispositive issue of whether ID Shield is a Privacy Service versus a Proxy Service, which does not rely on evidence allegedly spoliated.

Plaintiffs' claims all rest upon the false central argument that ID Shield was a "Proxy Service," resulting in it being (1) the legal "registrant" and licensor of the Domain Names, and (2) subject to requirements to disclose domain name licensee contact information upon a proper request; or, alternatively, whether it was a "Privacy Service," resulting it **not** being (1) the legal "registrant" and licensor of the Domain Names, nor (2) subject to requirements to disclose domain name licensee contact information upon a proper request. [D.E. 109, SAC ¶¶56, 81, 111, 123, 135.] Plaintiffs provide no facts (as opposed to conclusory legal claims) of Defendants' "registration," "use," or "trafficking" of Plaintiffs' claimed trademarks other than through this Proxy Service argument. Although Defendants' arguments were not found dispositive on the Motion to Dismiss or Motion for Bifurcation phase, Defendants still intend to ultimately prevail.

A Privacy Service (such as ID Shield) cannot be a Proxy Service and vice versa; contrary to Plaintiffs' allegations, a "Proxy Service" is legally distinct from, and not merely one type of, a "Privacy Service." In particular, pursuant to the RAA Specifications attached as Exhibit 4 to the SAC, a "Privacy Service" is not the actual "registrant" of a domain name but is merely used for alternative contact information in WHOIS records (*see* SAC Ex. 4, D.E. 109-4 at 59). This contrasts with a "Proxy Service," which is the legal "registrant," owner, and licensor of domain names where its contact information is listed.

Notably, the Court recently stated in its order denying bifurcation that "defendants may prevail on these issues at summary judgment," and that while the heavy burden for bifurcation was not met at this time, "there are serious questions of fact as to alter ego . . . pertain[ing] not only to the parties' liability but also jurisdictional issues raised in 35.CN's

motion to dismiss." [D.E. 226 at 6:13–16.] Yet, the Report and Recommendation did not consider the underlying issue of whether ID Shield lacked liability as a Privacy Service, which does not rely on the technical and archived records covered by the Special Master's report, but rather on the other ICANN records in Plaintiffs' possession and potentially expert and legal argument. Thus, the Court should review de novo the entirety of the Report and Recommendation because it failed to consider the possibility of reaching a decision on the merits by proceeding solely on the Privacy Service versus a Proxy Service issue.

The Court also failed to consider lesser sanctions, as discussed in more detail *infra*.

### D. De novo review of portions of the Report and Recommendation are warranted because sanctions under specific subsections of Rule 37 are unjustified.

De novo review of portions of the Report and Recommendation are warranted because sanctions under Rule 37 are unjustified, including because the Report and Recommendation failed to adequately consider and try lesser sanctions, and did not warn OnlineNIC and ID Shield about the possibility of case-dispositive sanctions. [D.E. 225 at 19–21.] The Report and Recommendation also failed to consider the potential that terminating sanctions were not necessary or, in the alternative, that lesser sanctions are appropriate given the remaining issues and questions as to the merits of this case. [D.E. 225 at 23:6–16.]

1. <u>Certain recommendations under Rule 37(e) should be reviewed de novo.</u>

The Report and Recommendation failed to adequately consider lesser sanctions. [D.E. 225 at 14:18–26.]

Under Rule 37(e), if a court determines a party acted with the intent to deprive the opposing party of the use of ESI, a court may: (1) presume that the lost information was unfavorable to the party, (2) instruct the jury that it may or must presume the information was unfavorable to the party, or (3) dismiss the action or enter a default judgment. Fed. R. Civ. Proc. 37(e)(2)(A)–(C). Terminating sanctions are an extreme remedy that may be

warranted in certain cases where a party is no longer able to present its case, spoliation occurs in direct violation of a court order, where a party has obviously engaged in deceptive practices during litigation, or where a court anticipates continued deceptive misconduct. *Colonies Partners, L.P. v. Cty. of San Bernardino*, No. 518CV00420JGBSHK, 2020 WL 1496444, at *11 (C.D. Cal. Feb. 27, 2020). However, as a general rule, the district court must consider less severe alternatives than dismissal or default judgment and discuss them if it elects to dismiss or render a default. *Id.* at *9. Further, the consideration of less severe penalties must be a reasonable explanation of possible and meaningful alternatives. *See Degrelle v. Simon Wiesenthal Ctr.*, 883 F.2d 1023, 1989 WL 90172, at *3 (9th Cir. 1989) (unpublished).

Here, the Report and Recommendation recommends that the Court enter default judgment against OnlineNIC and ID Shield. However, the Report and Recommendation only recommends doing so after summarily dismissing OnlineNIC and ID Shield's proposal of a jury instruction that reverses the onus of proof such that OnlineNIC and ID Shield would bear the burden of proving that they did not register, traffic in, or use the allegedly Infringing Domain Names. [D.E. 201 at 2.] The dismissal of any possibility of a less severe sanction simply states at p. 14 that "no jury instruction, monetary sanction, or exclusion of evidence will right the wrong occasioned by OnlineNIC and ID Shield's extensive spoliation." Such a statement hardly satisfies as a "reasonable explanation of possible and meaningful" alternatives to terminating sanctions, especially considering how none of the allegedly spoliated evidence would be relevant to the dispositive issue of whether ID Shield was a Privacy Service or Proxy Service. *See Degrelle*, 883 F.2d at *3.

Like in this case, the Court in *Colonies Partners, L.P.* determined that the defendants intentionally destroyed ESI that was probative of the defendants' mental state and intentions with respect to third parties, facts relevant to establishing the plaintiffs' claims. *Id.* at *12. Despite the ESI being relevant to plaintiffs' claims and probative of defendants' mental state and intentions, the Court considered the available less severe measures and held that an adverse jury instruction was sufficient to remedy the

defendants' noncompliance. *Id.* The same should be true here; and regardless, the Report and Recommendation should have considered the meaningful alternatives further. In addition, there is the other alternative, which was not considered, of delaying the determination until the conclusion of the case so that underlying defenses could be raised.

Thus, the Court should conduct a de novo review of the Report's recommendation granting terminating sanctions because failing to entertain any less severe sanctions prior to recommending terminating sanctions was unreasonable.

2. <u>Certain recommendations under Rule 37(b) should be reviewed de novo.</u>

The Report and Recommendation failed to consider and try lesser sanctions and did not warn OnlineNIC and ID Shield about the possibility of case-dispositive sanctions. [D.E. 225 at 19–21.]

Under Rule 37(b), a court may strike pleadings in whole or in part or enter default judgment where a party "fails to obey an order to provide or permit discovery including an order under Rule 26(f), 35, or 37(a)." Fed. R. Civ. Proc. 37(b)(2)(A). However, the court must first weigh the following factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the ability of less drastic sanctions. *Thompson v. Hous. Auth. of the City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

In particular, under the fifth factor, courts consider "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Smith v. Hoffman*, No. 14-CV-01741-LB, 2017 WL 5957740, at *3 (N.D. Cal. Nov. 30, 2017); *see also Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *Johnson v. Goldsmith*, 542 F. App'x 607 (9th Cir. 2013) (finding the district court abused its discretion where it did not consider any less drastic sanction, did not attempt to use one, and gave no warning to the non-compliant party before granting a case-dispositive sanction); *see also Goes Int'l, AB v. Dodur Ltd.*, No. 3:14-CV-05666-LB, 2017 WL 2473029, at *3 (N.D. Cal. June 8, 2017) (citing cases

supporting that failure to warn a party against terminating sanctions weighs against the sanction and has frequently been a contributing factor in Ninth Circuit decisions to reverse orders of dismissal).

Here, although the Report and Recommendation recommends the Court grant Plaintiffs' request for terminating sanctions, no less severe sanctions were considered or attempted, and OnlineNIC and ID Shield were not warned of the possibility of case-dispositive sanctions. In fact, the Report and Recommendation simply dismisses the good faith attempt by OnlineNIC and ID Shield to offer an alternative to terminating sanctions, indicates that the appointment of a special master was its attempt to implement lesser sanctions, and states that no warning was necessary in this case. [D.E. 225 at 19:17–21:11.] However, as outlined above, failure to consider, attempt, or to warn the non-compliant party that case-dispositive sanctions may be imposed before granting such sanctions are grounds for a finding of abuse of discretion and reversal. *Payne*, 121 F.3d at 507; *Johnson*, 542 F. App'x at 607; *see also Goes Int'l, AB*, 2017 WL 2473029, at *3.

Thus, the Court should reject the Report and Recommendation seeking to enter a default judgment against Online NIC and ID Shield under Rule 37(b).

3.   <u>Certain recommendations under Rule 37(c) should be reviewed de novo.</u>

The Report and Recommendation failed to consider the potential that terminating sanctions were not necessary or, in the alternative, that lesser sanctions are appropriate given the remaining issues and questions as to the merits of this case. [D.E. 225 at 23:6–16.]

Rule 37(c)(1)'s exclusion sanctions are not mandatory. *Rago v. Select Comfort Retail Corp.*, No. 519CV02291FMOSPX, 2021 WL 3621890, at *6 (C.D. Cal. June 11, 2021) (finding sanctions are not mandatory, even when the insufficient disclosure are not substantially justified or harmless).

Here, OnlineNIC and ID Shield protest to the imposition of terminating sanctions given the Court stating that there are still issues regarding the merits of 35.CN's defense, to wit, the alter ego issue and the dispositive Privacy v. Proxy Service issue. In relevant

part, the Court stated:

> "While defendants may prevail on these issues at summary judgment, the Court is unpersuaded by defendant's arguments at this time and finds defendant has not met its heavy burden for bifurcation.
> Second, as the Court found in its order on 35.CN's motion to dismiss, there are serious questions of fact as to alter ego that the parties need to explore. The alter ego issue pertains not only to the parties' liability but also jurisdictional issues raised in 35.CN's motion to dismiss. *See* D.E. No. 174 (35.CN's Motion to Dismiss) (arguing the Court does not have jurisdiction over 35.CN as a Chinese company)." [D.E. 226 at 6:13–18.]

As such, by granting terminating sanctions, Plaintiffs will argue that 35.CN is bound by the underlying liability of OnlineNIC and ID Shield, but regardless, there is a very real risk of inconsistent judgments. Thus, the Court should reject the Report and Recommendation seeking to enter a default judgment against Online NIC and ID Shield to provide 35.CN an opportunity to present a merits-based defense to this lawsuit.

Additionally, Rule 37(c)(1) authorizes sanctions for failure to produce information under Rules 26(a) or 26(e), including the sanctions listed in Rule 37(b)(2)(a)(i)-(vi), when such a failure to produce is not "substantially justified" or "harmless." Fed. R. Civ. Proc. 37(c)(1)(C). Rule 37(c)(1) authorizes district courts to impose a lesser sanction—one "[i]n addition to or instead of" exclusion—"on motion and after giving an opportunity to be heard." Fed. R. Civ. P. 37(c)(1). However, as stated above, Rule 37(c)(1)'s exclusion sanctions are not mandatory. *Rago*, 2021 WL 3621890, at *6; *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021).

Here, the Report and Recommendation recommends the severe determination of terminating sanctions (for a discovery dispute), which will impact all Defendants (not just the ones subject to the Special Master's report), and states that OnlineNIC and ID Shield did not bring a separate motion for lesser sanctions. [D.E. 225 at 22:28–23:5.] However, OnlineNIC and ID Shield clearly disputed the sanctions. [D.E. 185 at 8:23–9:18.] Moreover, to resolve any ambiguity, this Motion requests no or lesser sanctions, or at a minimum a delay in considering a sanction until 35.CN can litigate its case on the merits. Although Plaintiffs may argue that 35.CN is not subject to the Report and Recommendation, Plaintiffs

have confirmed that they will seek to apply any default judgment order to 35.CN (so that 35.CN cannot dispute any underlying liability); therefore, 35.CN should be able to use this Motion to have the Court consider lesser sanctions on the original Defendants. Moreover, if the Court finds that OnlineNIC and ID Shield's failure to disclose was not "substantially justified" or "harmless," it should consider and attempt to use less severe alternatives than default judgment to remedy any prejudice to Plaintiffs before imposing terminating sanctions. *Johnson*, 542 F. App'x at 607; *see also Goes Int'l, AB*, 2017 WL 2473029, at *3.

Thus, Defendants request that the Court does not impose terminating sanctions under Rule 37(c)(1) as they are not necessary to address the issues at hand.

## CONCLUSION

For all of the reasons outlined above, 35.CN request the Court at least delay, or not adopt, the Report and Recommendation's suggested terminating sanctions.

Respectfully Submitted,

Dated: April 11, 2022

**KRONENBERGER ROSENFELD, LLP**

By: _____s/ Karl S. Kronenberger_____
　　　　　Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.