**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
liana@KRInternetLaw.com
ruben@KRInternetLaw.com

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **FACEBOOK, INC.**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**ONLINENIC INC.**, et al.,<br><br>Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S REPLY IN SUPPORT OF MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE AND TO OBJECT TO THE REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' ANSWER AND FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ONLINENIC AND DOMAIN ID SHIELD [D.E. 225]**<br><br>Date:    June 17, 2022<br>Time:   10:00 a.m.<br>Ctrm:   #1, 17th Floor<br>Before:  The Hon. Susan Illston |

## INTRODUCTION

Plaintiffs fail to show why simply delaying terminating sanctions will unfairly prejudice them. Rather, despite evidence against underlying liability and risks of inconsistent judgments in this same case, Plaintiffs are trying to use their unlimited litigation budget to obtain yet another judgment not on the merits. Given that these issues were not addressed in the Report and Recommendation, de novo review is warranted; and no (or lesser) sanctions are warranted, or the determination should at least be delayed.

Specifically, contrary to Plaintiffs' arguments, 35.CN adequately objected to the Report and Recommendation by asserting that it did not consider just reason for delay of terminating sanctions; failed to discuss the underlying dispositive issues that do not relate to the alleged spoliated evidence, such as whether ID Shield is a Privacy Service versus a Proxy Service; and did not adequately consider alternative relief such that no (or lesser) sanctions are warranted. Importantly, there is just reason for a delay in ruling on the Report and Recommendation because there is otherwise a substantial risk of inconsistent judgments and a factually meritless default and default judgment against OnlineNIC and ID Shield. Further, 35.CN would suffer undue prejudice if default or default judgment is entered against Defendants as Plaintiffs will seek to unduly impose such a default on 35.CN. Finally, Plaintiffs do not adequately explain how the case could be resolved in Defendants' favor based on evidence that was not subject to the Special Master's report.

Thus, 35.CN requests that the Court at least delay the decision on the Report and Recommendation. Alternatively, upon de novo review, there is a basis for the Court to reject the findings and award no or lesser sanctions upon OnlineNIC and ID Shield.

## ARGUMENT

**A.    Defendants adequately objected to the Report and Recommendation.**

Under Fed. R. Civ. P. ("Rule"), Rule 72(b)(2), and Civil Local Rule 72-3, a party may object to a report and recommendation by filing a motion to request a de novo determination, identifying the portions of the findings, recommendation or report to which objection is made and the reasons and authority therefor. *See Benhoff v. Sherman*, No.

19-CV-2191-GPC-MDD, 2020 WL 5905180, at *1 (S.D. Cal. Oct. 6, 2020) (finding an objection challenging "the entirety" of a report and recommendation warrants a de novo review thereof); *Mendiola v. Woodford*, No. 09CV1442-MMA(AJB), 2010 WL 11469815, at *1 (S.D. Cal. Mar. 29, 2010) (finding that objections to "each and every conclusion" of the report and recommendation asserted by the petitioner were sufficiently specific to warrant a de novo review).

Here, 35.CN adequately objected to the Report and Recommendation by identifying and objecting to the entirety, as well as specific portions, of the Report and Recommendation. 35.CN objected to the Report and Recommendation because:

- it failed to consider the just reason for delay, given the alter ego claims against another Defendant, 35.CN (Mtn. at 6:12–26);
- it failed to consider the underlying dispositive issue of whether ID Shield is a Privacy Service versus a Proxy Service, which does not rely on evidence allegedly spoliated (Mtn at 7:25–8:8); and
- it failed to adequately consider alternative relief such that the Court could also rule that no (or lesser) sanctions are warranted (Mtn. at 8:13–13:9), especially in light of other strong defenses on the merits that likewise do not rely on evidence allegedly spoliated (e.g., Plaintiffs recently provided their prior document productions to 35.CN, which demonstrate how notice of the purported infringing domain names was inadequate, as outlined below).

Although these objections are largely asserted against the entirety of the Report and Recommendation, 35.CN identified specific portions of the Report and Recommendation that were related to these objections, and 35.CN's objections are of a specific nature in that they outline the detailed points that were not considered in the written Report and Recommendation (even though, for example, the just reason for delay argument was raised by defense counsel at the hearing on Plaintiffs' motion).

Plaintiffs' cited authority on this issue is inapposite. For example, in *Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at **1–2 (D. Ariz. May 30, 2006),

the petitioner made a singular "object[ion] to [the magistrate's] legal conclusions and the factual findings upon which they are based" and never identified any specific sections of the R&R that the petitioner believed were in error. Similarly, in *Alcantara v. McEwen*, No. 12-CV-401-IEG DHB, 2013 WL 4517861, at *2 (S.D. Cal. Aug. 15, 2013), the petitioner's wholesale objection to the R&R merely consisted of an "object[ion] to each fact and decision of law" made therein by the magistrate judge.

Here, as outlined above, 35.CN has specifically identified the portions of the Report and Recommendation to which it objects, including that it failed to consider certain points (such as the issue of just reason for delay), which would not have a page and line number citation if the issue was not addressed. Moreover, 35.CN has supported its objections to the Report and Recommendation with explanations on why it believes the specific findings in the Report and Recommendation were in error. Contrary to Plaintiffs' argument and cited authority, 35.CN's objections to the Report and Recommendation cannot be considered to be such general objections that they amount to no objections at all.

Further, Defendants' objections to the Report and Recommendation and basis for relief necessarily seek de novo review of the identified recommendations for relief, contrary to Plaintiffs' arguments, regarding (1) $3,135,000 in statutory damages, (2) transfer of domain names, (3) injunctive relief, (4) attorney's fees, and (5) reimbursement of special master costs. (Opp. at 2:11–20.) In other words, all Defendants have objected to the basis for a finding justifying terminating sanctions, which would eliminate the possibility for Plaintiffs to obtain statutory damages and other relief sought through default judgment.

Thus, 35.CN has adequately objected to the Report and Recommendation under Rule 72(b)(2) and Civil Local Rule 72-3 for the Court to conduct a de novo review.

**B.  Plaintiffs' arguments for lack of "just reason for delay" are without merit.**

**1.  Plaintiffs are seeking a factually meritless default and judgment.**

As outlined further below, terminating sanctions are not based on liability on the merits. Rather, there is a large amount of evidence existing in this case, with just a fraction of the evidence (a portion of "attachments" in an old database containing years of spam)

allegedly deleted (with no confirmed date of the deletion); further, the arguments on the merits, as detailed below, do not relate to or need any of the evidence that was purportedly deleted. Because the case can and should be decided on the merits, this case is akin to the other authorities outlined in the moving papers finding that default judgment was not warranted.

### 2.     35.CN will be unduly prejudiced if Plaintiffs' motion is granted.

Plaintiffs argue that 35.CN faces no prejudice because 35.CN is OnlineNIC and ID Shield's alter ego and a direct participant in the alleged misconduct that warrants sanctions. Not so. As stated, Plaintiffs will undoubtedly seek to impose any default or default judgment entered against OnlineNIC and ID Shield on 35.CN. (Opp. at 21:19–22.) However, this enforcement against a claimed alter ego is limited by due process rights. *See Wolf Metals Inc. v. Rand Pac. Sales Inc.*, 4 Cal. App. 5th 698, 703–04, 707–08 (2016). Further, the alter ego must have controlled the litigation, thereby having an opportunity to litigate and present some active defense of the underlying claims. *See Cadence Design Systems, Inc. v. Viera*, 836 Fed. App'x. 493, 495 (9th Cir. 2020); *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1150 (9th Cir. 2004).

Here, due process rights are at issue with the requested terminating sanctions against OnlineNIC and ID Shield. Plaintiffs' argument to the contrary fails to acknowledge that 35.CN was not a party to the case at the time the claimed spoliation occurred and was not joined in Plaintiffs' discovery motions and motion for terminating sanctions. [D.E. 225 at 18–19.] In fact, because 35.CN was added late to the case, it did not have a meaningful opportunity to defend against the arguments leading to the sanctions now at issue. Despite Plaintiffs' claims that 35.CN "manifested" its "opportunity to be heard" by participating in this proceeding (Opp. at 22:19–23:1), 35.CN has been playing "catch up" throughout this case (including by having only recently received Plaintiffs' nine prior document productions in this case and by not yet having obtained existing third-party discovery, such as ICANN productions). 35.CN would be left to defend the imposition of default or default judgment against it without the same opportunity to defend against such sanctions as OnlineNIC and

ID Shield, who were parties to this litigation at the time Plaintiffs initially asserted their arguments leading to such sanctions.

Plaintiffs want to limit litigation against 35.CN on the alter ego issues, i.e., Plaintiffs, which are banned companies in China, want to obtain expansive financial, personal, and other information from a public Chinese company, despite the fact that these efforts would require that 35.CN violate Chinese laws. In doing so, Plaintiffs are attempting to insulate themselves from having to prove their underlying case on the merits, i.e., whether OnlineNIC and ID Shield (a Privacy Service) are liable for 35 domain names registered by third parties. Given that these underlying issues should be able to be defended on the merits, as outlined more below, 35.CN will suffer prejudice if Plaintiffs' motion for terminating sanctions is granted.

### 3. There is risk of inconsistent judgments and rulings against multiple Defendants, which is just reason for delaying a default or a judgment.

The Court should delay entering even a default as there is "just reason for delay" for entering default judgment or making a final judgment against OnlineNIC and ID Shield.

As outlined in the moving papers, there is "just reason" for delaying the final judgment as to OnlineNIC and ID Shield to avoid logically inconsistent judgments in this case and factually meritless default judgments. Specifically, where defendants have closely related defenses or are otherwise similarly situated, such as claimed alter egos of one another, a default judgment should not be entered against co-defendants if there is a possibility of inconsistent judgments. *See Fractional Villas v. Katz*, No. 08CV1317 DMS (POR), 2008 WL 11337364, at *1 (S.D. Cal. Nov. 10, 2008); *see also, e.g., Harrell v. DCS Equip. Leasing Co.*, 951 F.2d 1453, 1459 (5th Cir. 1992); *In re First T.D. & Invest., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (holding judgment should not be entered against a defaulting defendant until the matter has been adjudicated as to all defendants); *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) (holding that when some but less than all defendants default, the best practice for the court is to stay its determination as to the defaulters to avoid dealing with inconsistent

determinations against all defendants).

Here, the entering of default or default judgment against OnlineNIC and ID Shield presents the risk of logically inconsistent judgments and rulings in this action given that 35.CN is an alleged alter ego similarly situated to OnlineNIC and ID Shield. Moreover, since Plaintiffs believe 35.CN was a direct participant in OnlineNIC and ID Shield's alleged misconduct (Opp. at 21:19–22.), imposing case dispositive sanctions now will lead to Plaintiffs arguing, as they have discussed, that 35.CN cannot have the same opportunity to defend the case on the merits. This will result in no Defendant being able to raise legitimate defenses in response to Plaintiffs' attempts to overpower the defense through aggressive discovery and then sanctions. Thus, the Court should not enter default or default judgment as there is a risk of inconsistent judgments and other rulings.

A court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if* the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b) (emphasis added). As stated in 35.CN's prior motion, where a plaintiff's claims are based on vicarious or alter ego liability, there should be an even higher standard given the "just reason" for delaying the final judgment as to one or some of the defendants to avoid logically inconsistent judgments in the same action and factually meritless default judgments. *See Fractional Villas*, 2008 WL 11337364, at *1.

Here, entering default or default judgment against OnlineNIC and ID Shield is not warranted. There is just reason for delay of entering default judgment against OnlineNIC and ID Shield as they have justifiable defenses to the underlying sanctions determination, as they raised in prior filings. Further, 35.CN was not a party to the case at the time of the claimed spoliation and was not joined in Plaintiffs' discovery motions and motion for terminating sanctions. [D.E. 225 at 18–19.] Such an enforcement would be contrary to the caselaw stating that such judgments are limited by due process rights and should be delayed where a plaintiff's claims are based on vicarious or alter ego liability to avoid logically inconsistent judgments and factually meritless decisions in the same case. *See Wolf Metals Inc.*, 4 Cal. App. 5th at 703–04, 707–08; *see also Fractional Villas*, 2008 WL

11337364, at *1. As such, because Plaintiffs will seek to impose sanctions against OnlineNIC and ID Shield—whether a default or default judgment—against 35.CN, there is just reason to delay entering any such sanctions against OnlineNIC and ID Shield.

### C.  35.CN will suffer undue prejudice if default or default judgment is entered against Defendants as Plaintiffs seek to impose that default on 35.CN.

Plaintiffs assert that 35.CN faces no prejudice or violation of its due process rights because it has exercised an opportunity to present its defenses to the Court as a party defendant. As outlined above, this is untrue because Plaintiffs will undoubtedly seek to bind 35.CN to any default or default judgment imposed against OnlineNIC and ID Shield.

Plaintiffs' cited authorities on this point are unpersuasive. For example, the Court in *Apple*, exercised its discretion to impose a less severe sanction than that imposed by the magistrate judge despite determining there was a reasonable inference that the plaintiff was prejudiced by the defendant's spoliation. *See Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 993–94 (N.D. Cal. 2012) (stating courts *must* "choose 'the least onerous sanctions corresponding to the willfulness of the destructive act and the prejudice suffered by the victim'") (emphasis added). In determining what spoliation sanction to impose even where a party has been prejudiced by the spoliation, a court must consider whether there is a lesser sanction that will avoid substantial unfairness to the opposing party. *Id.* at 992–93 (finding such a strong adverse inference instruction was not justified).

A court must also strike a balance between appropriate sanctions to remedy any prejudice to the non-spoliating party and avoiding substantial unfairness to the opposing parties. *See id.* at 992–94. Plaintiffs' other cited authorities are further distinguishable as each case involves terminating sanctions being imposed against the spoliating party without considering the substantial unfairness suffered by an alter ego to the spoliating party because of such sanctions. *See generally Anheuser-Busch v. Nat. Beverage Distributors*, 69 F.3d 337 (9th Cir. 1995); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006); *WeRide Corp. v. Kun Huang*, No. 5:18-CV-07233-EJD, 2020 WL 1967209, *1 (N.D. Cal. Apr. 24, 2020).

     Here, case dispositive sanctions are not warranted as such sanctions will result in substantial unfairness to 35.CN by violating its due process rights of litigating this case on the merits. Plaintiffs argue that case dispositive sanctions are warranted and that 35.CN's merit-based arguments ignore the extent of prejudice created by Defendants' alleged misconduct. (Opp. at 17.) However, Plaintiffs' own request for imposing such sanctions fails to account for the Court's need to strike a balance between remedying any alleged spoliation and avoidance of unfairness to 35.CN. *See Apple*, 888 F. Supp. 2d at 992–94. It is within the Court's discretion, and the Court must consider, imposing lesser sanctions than those requested by Plaintiffs to remedy any alleged prejudice and avoid causing substantial unfairness to 35.CN. *See id.* at 994 (determining an adverse inference instruction was adequate to remedy any prejudice to the non-spoliating party).

     Thus, the Court should avoid substantial unfairness to 35.CN and not enter case-dispositive sanctions or rulings that will have an undue impact on 35.CN.

**D.** **Plaintiffs do not adequately dispute that the case could be resolved in Defendants' favor based on evidence that was not subject to the Special Master's report, therefore warranting lesser (if any) sanctions.**

     There is ample evidence that would preclude liability, without even diving into the issues relating to the claimed "attachment files" subject to the Special Master's report. Again, the Court stated in its ruling on 35.CN's bifurcation motion:

> "While **defendants may prevail on these issues at summary judgment**, the Court is unpersuaded by defendant's arguments at this time and finds defendant has not met its heavy burden for bifurcation.
>
> Second, as the Court found in its order on 35.CN's motion to dismiss, there are serious questions of fact as to alter ego that the parties need to explore. The alter ego issue pertains not only to the parties' liability but also **jurisdictional issues** raised in 35.CN's motion to dismiss. *See* D.E. No. 174 (35.CN's Motion to Dismiss)." (D.E. 226 at 6:13–18 (emphasis added.))

     Plaintiffs' authorities on the lesser sanctions point are unpersuasive. For example, in *John v. County of Lake*, No. 18-CV-06935-WHA, 2020 WL 3630391 (N.D. Cal. July 3, 2020), the court determined that although the non-spoliating party suffered prejudice due

Case No. 3:19-cv-07071-SI      8      **REPLY ISO DEF'S MTN FOR DE NOVO DETERMINATION RE. D.E. 225**

to the spoliating party's intent to deprive them of the destroyed evidence, an adverse inference instruction to the jury was sufficient and appropriate to address such spoliation.

35.CN has just recently learned of extensive evidence against liability that has been in Plaintiffs' possession. Specifically, in response to multiple requests, Plaintiffs just produced nine prior document productions containing thousands of pages of records key to this case. While Plaintiffs have designated many of these records as confidential under the protective order, it is clear that the records support a defense in this action, regardless of the documents purportedly destroyed. For example, the records show that (1) Plaintiffs previously communicated with OnlineNIC through Plaintiffs' law firm to resolve alleged infringing domain names, and that OnlineNIC responded, (2) Plaintiffs thereafter utilized a different third-party, Focus IP Inc. dba Appdetex ("Appdetex"), to send a handful of communications (e.g., robo-faxes and emails) for about 20 domain names (with notices for the remaining 15 domain names still unclear), and (3) Defendants responded to Appdetex requesting verification of authority to act on behalf of Plaintiffs, in line with mandated verification requirements under privacy laws (with Plaintiffs' and Appdetex's response still unknown). (Declaration of Karl S. Kronenberger in Support of Defendant 35.CN's Reply ("Kronenberger Decl.") ¶2 & Ex. A (five examples where OnlineNIC tried to verify Appdetex's identity and authorization, noting OnlineNIC tried to contact Appdetex with no response)). Because ID Shield was simply a Privacy Service, it cannot be held liable for not providing identifying information of third-party registrants to an unknown and unverified third party; nor is a Proxy Service liable for failing to provide identifying information if there was insufficient notice (as here), especially in light of privacy laws such as the EU's General Data Protection Regulation and various U.S. state laws, prohibiting blindly turning over of and transferring customer data to a third party upon an unverified request.[1]

---

[1] Plaintiffs also argue that ID Shield is liable as the "registrant" of the 35 domain names at issue because the name, ID Shield, appears in the registrant field in public WHOIS searches (Opp. at 4:11); however, ID Shield of course appeared in the *public* registrant field, as ID Shield is a Privacy Service protecting the privacy of its customers, as permitted under agreements with ICANN.

Furthermore, 35.CN is still waiting for Plaintiffs to produce existing third-party discovery on this issue.

While Plaintiffs argue that a fair trial on the merits is not possible in light of the OnlineNIC Defendants' destruction of 76.7% of the ticket attachments, there is no indication that these records were relevant or probative to the merits-arguments discussed above; stated differently, the underlying issues, which Plaintiffs are desperate to avoid, can be resolved without this data. As such, Plaintiffs' requested sanctions should be denied or at least suspended.

**E.   35.CN requests an in-person hearing, given the potential prejudice.**

The Court's webpage notice concerning motions allows a joint stipulation for an in-person hearing. Counsel for 35.CN asked whether Plaintiffs would stipulate to an in-person hearing but received no response. (Kronenberger Decl. ¶3.) Given the potential ramifications and issues, 35.CN requests an in-person hearing on this motion.

## CONCLUSION

For all of the reasons outlined above and in the motion, 35.CN request the Court at least delay, or not adopt, the Report and Recommendation granting sanctions.

Respectfully Submitted,

DATED: May 2, 2022

**KRONENBERGER ROSENFELD, LLP**

By: _____s/ Karl S. Kronenberger_____
            Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.