Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
3000 El Camino Real
Bldg. 4, Suite 200
Palo Alto, CA 94306
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHEILD SERVICE CO., LIMITED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>Plaintiffs,<br>v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.<br><br>Defendants. | Case No. 19-CV-07071-SI<br><br>**REPLY BY DEFENDANTS ONLINENIC, INC AND DOMAIN ID SHIELD SERVICE CO., LIMITED IN SUPPORT OF THEIR (1) MOTION FOR DE NOVO DETERMINATION OF A DIPOSITIVE MOTION RE PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' ANSWER AND FOR DEFAULT JUDGEMENT AGAINST ONLINENIC, INC. AND DOMAIN ID SHIELD SERVICE CO., LIMITED (DKT NO 225); and (2) MOTION FOR LESSER SANCTIONS UNDER FED. R. CIV. PROC. 37(c)(1)(C)**<br><br>Date: June 17, 2022<br>Time: 10:00 am<br>Courtroom: #1, 17th Fl.<br><br>Hon. Susan Illston |

- 1-

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Civil Local Rules 7-2 and 72-3, Defendants OnlineNIC, Inc. and Domain ID Shield Service Co., Ltd. ("OnlineNIC Defendants") respectfully moved this Court for De Novo Determination of a Dispositive Matter Referred to Magistrate Judge on Plaintiffs' Motion to Strike Defendants' Answer and for Default Judgment. See Motion at Dkt. No. 228. The Magistrate Judge, in her Recommendation at Dkt. No. 225, granted, in part, Plaintiffs' motion for terminating sanctions at Dkt. No. 176 (the "Default Motion"). Plaintiffs filed an opposition to OnlineNIC Defendants' Motion at Dkt. No. 231 (the "Opposition"). As further discussed below, the Opposition fails to adequately address the matters which were challenged by OnlineNIC Defendants in the Motion.

## II. ARGUMENT

### A. Standard of Review

The Opposition claims that OnlineNIC Defendants cannot prevail on this Motion because they did not object to the Special Master's report ("SMR" at Dkt. No. 115), which the Magistrate Judge adopted as the basis for the Recommendation. Plaintiffs cite *Smith v. Frank*, 923 F. 2d 139 (9th Cir. 1991) to support their contention that OnlineNIC Defendants cannot dispute the Recommendation. Opp., 1:16-17. The *Smith* case is inapposite because it was limited to situations where a party tried to raise objections to a magistrate's findings on appeal, for the first time. *Smith*, 923 F.2d at 141 ("In general, the failure to object to findings of fact and conclusions of law entered by a magistrate waives the opportunity to contest those matters on appeal.").

Here, OnlineNIC Defendants have objected to three specific findings in the Recommendation (identified as Findings #1-#3 in the Motion, 4:20-10:20). It is not disputed that, prior to finalization of the SMR, OnlineNIC Defendants' wrote a letter to the Special Master raising certain issues on the SMR. See SMR, Dkt. No. 115, Ex. 44. As noted on the face of the SMR, the Special Master took these questions and concerns into consideration. See Part XII of the SMR. OnlineNIC Defendants are not raising objections in this Motion for the first time, a fact which is acknowledged in the Opposition at p. 18. Accordingly, the *Smith* case does not bar this

- 2-

Motion, and the district judge should be free to adjudicate this Motion as though the Recommendation had never been made. *Ness v. Comm'r*, 954 F. 2d 1495,1497 (9th Cir. 1992).

Even if OnlineNIC Defendants are deemed to have waived their objections to the SMR or Recommendation (which is denied), this Motion is primarily based on identifying the logical gaps in the SMR (rather than asserting different facts). Such logical gaps cannot support the legal conclusions set forth in the Recommendation.

For instance, as noted in the Motion at p. 6, substantial parts of the Recommendation and the Default Motion rely on the Special Master's factual finding that 76.7% of all attachments in the ticket database had been deleted. Indeed, the Default Motion and the Opposition underline that these attachments are the "most likely to be highly probative of Plaintiffs' claims" (Opp., 3:19-21). However, the Special Master admitted that he could not determine when these files were deleted. SRM., 40:1-2. Thus, the major plank of Plaintiffs' Default Motion (and the Recommendation) cannot be maintained – because there has been no factual finding that OnlineNIC Defendants deleted these attachments after the litigation commenced. If this major plank is rotten, the whole structure must come down.

As noted in the Motion, OnlineNIC Defendants explained to the Special Master that the reason they deleted email attachments was because of so-called "Hang-up Records" and the need to prevent years of spam from clogging up server performance. Motion, 6:21-7:15. The Special Master rejected this explanation, and found that he "did not notice performance issues with the larger Consolidated Database (24GB)." SMR, 38:1-4. But this begs the obvious question – if Special Master did not have the 76.7% of the attachments that he says were deleted, then he could not make a comparison with that data set. In other words, the Special Master was comparing apples and oranges – i.e. the dataset that had been purged from time-to-time by OnlineNIC Defendants for performance issues (which included email attachments) vs. the "consolidated database" used by the Special Master (which, by definition, could not have included the 76.7% of attachments that the Special Master says were irretrievably deleted). Yet, the Opposition expressly relies on the Special Master's use of the "consolidated database" as a comparison tool to show that OnlineNIC Defendants' explanations were "false". See Opp., 18:26-28.

- 3-

Facebook, Inc. v. OnlineNIC, Inc.                                                                                    Case No. 19-cv-7071-SI
OnlineNIC Defendants' Reply ISO Motion for De Novo Determination re Dkt. No. 225

1        Another logical flaw in the SMR and the Recommendation is the contention that
2   OnlineNIC Defendants deleted documents during discovery for the purpose of prejudicing
3   Plaintiffs.  Specifically, the Opposition notes that OnlineNIC's Defendants' bad faith was shown
4   because documents it had produced earlier were not present in later productions (Opp., 10:18-21):

> 18    During the course of the OnlineNIC Defendants' multiple productions to both the Special Master
> 19    and Plaintiffs, some records contained in earlier productions were missing from later productions, and in
> 20    at least three instances the Special Master received versions of the ticket database containing fewer records
> 21    than the productions Plaintiffs had received earlier in the litigation. (SMR 22:12–23, 26:13–21.) When

11       It is difficult to imagine how Plaintiffs have been prejudiced if the data is question was
12   already produced (and only subsequently lost).
13       In summary, these are just some examples of the logical flaws in the SMR and
14   Recommendation that OnlineNIC Defendants are entitled to raise in this Motion. These are not
15   efforts to raise "alternative facts", but simply efforts to point out the internal inconsistencies in the
16   SMR and Recommendation.  To the extent that these logical flaws in the SMR are the basis the
17   legal conclusions in the Recommendation, it is open to the OnlineNIC Defendants to challenge
18   those legal conclusions. *Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 635
19   (9th Cir. 1988) (the question of whether a finding of fact is supported by substantial evidence is
20   not a factual issue; it is a question of law).

### B.   The Special Master's Conclusions on Intentional Deletion

22       The Opposition notes the Special Master's conclusion that "based on Defendants'
23   widespread activities involving ESI deletion, information withholding, and data dumping there is
24   no other conclusion than Defendants acted intentionally to avoid producing responsive ESI to
25   Plaintiffs." SMR, 41:3-5; Opp. 9:26-28.   But the Special Master's conclusions on Defendant
26   OnlineNIC's intentions are undercut by his own admissions that: (a) he could not determine which
27   or how many files were deleted prior to litigation, and (b) he had copies of files from productions
28   that were previously produced but which could not be found in later productions.

- 4 -

### C. Miscellaneous Items[1]

The Opposition contends that the Recommendation should be followed because OnlineNIC Defendants failed to address Plaintiffs' submissions for terminating sanctions under Rule 37(c). Opp., 16:17-24. However, as noted in Plaintiffs' own Default Motion, "[i]n ordering sanctions under Rule 37(c) courts in the Ninth Circuit weigh the very same considerations at issue under Rule 37(b)." Dkt. No. 176, 16:23-24. To the extent that OnlineNIC Defendants' addressed those issues as part of their Rule 37(b) analysis, the same would hold true under a Rule 37(c) analysis. Moreover, OnlineNIC Defendants' present Motion also includes a motion for lesser sanctions and offers submissions on why the failure to disclose was substantially justified or harmless.

### III. CONCLUSION

For all the foregoing reasons, OnlineNIC Defendants respectfully request that this Court deny Plaintiffs' Default Motion. As set forth in the proposed order accompanying OnlineNIC Defendants' Motion, a fair, lesser sanction in this case is: (a) a jury instruction that shifts the burden onto OnlineNIC Defendants to prove that they that they did not register, traffic in or use the Infringing Domains, and (b) a stipulation that, where OnlineNIC Defendants fail to discharge the foregoing burden, OnlineNIC Defendants acted with "bad faith" intent to profit.

Respectfully Submitted,

DATED: May 2, 2022         LEXANALYTICA, PC

By: /s/ Perry J. Narancic

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHEILD SERVICE CO., LIMITED

---

[1] Although not germane to their Opposition, Plaintiffs complain at Opp. 15:19-22 that OnlineNIC Defendants' counsel has not renewed his motion to withdraw (Dkt. No. 121). In fact, Plaintiffs opposed that withdrawal motion at Dkt. No. 147 and expressly contended that counsel's concerns about his clients' discovery responses were "insufficient to justify withdrawal". Dkt. No. 147,5:18-20. If arguably dubious discovery responses are insufficient to justify withdrawal, why would they be sufficient to found terminating sanctions?

- 5-

- 6-

Facebook, Inc. v. OnlineNIC, Inc.                                                                                           Case No. 19-cv-7071-SI
OnlineNIC Defendants' Reply ISO Motion for De Novo Determination re Dkt. No. 225