**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
liana@KRInternetLaw.com
ruben@KRInternetLaw.com

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **FACEBOOK, INC.**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**ONLINENIC INC.**, et al.,<br><br>    Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING PURSUANT TO CIVIL LOCAL RULE 3-13** |

Pursuant to Civil Local Rule 3-13, Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN"), hereby files this notice of pendency of other action or proceeding to notify the Court of another federal proceeding ("Related Case") that involves all or a material part of the same subject matter and all or substantially all of the same parties.

**The title, location, and description of the Related Case is outlined below:**

- *Meta Platforms, Inc. and Instagram, LLC v. Xiamen 35.com Internet Technology Co., Ltd.*, Case No. 1:22-mc-00120-BLW (Petition to Quash Subpoena filed May 6, 2022 in the U.S. District Court for the District of Idaho).

**A brief statement of the background and relationship of the other action is below:**

By way of background, Plaintiffs claim infringement through 35 domain names, yet they are insistent on hiding relevant information on the merits, including in the Related Case. Plaintiffs filed this lawsuit in this District and have principal places of business in Menlo Park, California. [D.E. 109 ¶¶7-8.] Defendant 35.CN, by contrast, is a public company in China that disputes personal jurisdiction. Plaintiffs have sought the extreme remedy of terminating sanctions against other Defendants OnlineNIC and ID Shield for claimed discovery issues, despite defense arguments on the merits and 35.CN's argument that there is "just reason for delay" given the alter ego claims. [*See* D.E. 228.]

Specifically, Plaintiffs' central argument is that ID Shield/OnlineNIC "failed to timely disclose the identity or any contact information" of the third-party registrants of the underlying 35 domain names. [D.E. 109, ¶¶71, 75.] However, there is evidence that (1) Plaintiffs previously communicated with OnlineNIC through Plaintiffs' outside counsel (Perkins Coie LLP) to resolve alleged infringing domain names unrelated to the instant case, and that OnlineNIC responded to those communications; (2) for domain names at issue in the instant case, Plaintiffs utilized a different third party, Focus IP Inc. dba Appdetex ("Appdetex"), to send subsequent infringement "notices" by robo-fax and mass email (e.g., Plaintiffs' first production contains 5 fax/facsimile notices for about 20 domain

names); and (3) Defendants responded to Appdetex requesting verification of its authority to act on behalf of Plaintiffs, prior to disclosing private data about its customers. [D.E. 232-1 & Ex. A.] Importantly, there is lack of evidence that Appdetex or Plaintiffs responded to these reasonable verification requests, which are not only authorized by privacy laws but consistent with Plaintiffs'[1] and Appdetex's[2] own requirements to verify requests to disclose personal information.

On April 19, 2022, 35.CN served a subpoena on Appdetex asking for relevant information, such as communications regarding the 35 domain names at issue in this case. The subpoena was served on Appdetex's registered California agent in Sacramento, California. On April 22, 2022, Appdetex, through counsel, objected to the subpoena, arguing that Appdetex's headquarters is in Boise, Idaho and inviting issuance of a new subpoena from the U.S. District Court for the District of Idaho. Immediately after, 35.CN complied with this request and issued a new subpoena from the U.S. District Court for the District of Idaho. Without any meet-and-confer communication, Plaintiffs in this case filed a motion to quash the subpoena to Appdetex in the Related Case on May 6, 2022 (through Plaintiffs' counsel at Perkins Coie LLP, located in Boise, Idaho). On May 8, 2022, Appdetex also served a letter objecting to the subpoena, indicating it would not respond to the subpoena but was open to conferring about a potential motion to compel.

**Transfer, relation, or other coordination will likely avoid conflicts, conserve resources, and promote an efficient determination of the action, as outlined below:**

This case and the Related Case concern substantially the same parties (i.e., Plaintiffs and their purported agent relating to the domain names, Appdetex, and Defendants), property (the 35 domain names at issue), and events (namely, whether

---

[1] https://www.facebook.com/legal/policy/ccpa ("Please note that to protect your information and the integrity of our Products, we may need to verify your identity before processing your request. In some cases we may need to collect additional information to verify your identity, such as a government issued ID.").

[2] https://www.appdetex.com/legal/privacy-policy/ ("We will ask you for information to allow us to reasonably verify your identity . . .").

Plaintiffs provided adequate notice to OnlineNIC/ID Shield through the claimed robo-fax and mass emailing agent Appdetex, despite Appdetex not responding to requests to verify Appdetex's identity or authority). Further, it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges and courts. In particular, Plaintiffs have extensively litigated this case for years, which background would take unnecessary time to review in a new court; the subpoena requests documents central to this case; and Plaintiffs and Appdetex are raising defenses that directly relate to the existing discovery and underlying issues in this case. For this reason, transfer, relation, or other coordination of this lawsuit and the Related Case will likely avoid conflicts, conserve resources, and promote an efficient determination of the action.

Pursuant to Civil Local Rule 3-13(d), the Court may make appropriate orders.

Respectfully Submitted,

Dated: May 9, 2022                    **KRONENBERGER ROSENFELD, LLP**

By: _____s/ *Karl S. Kronenberger*_____
         Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.