TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:   213.430.3400
Facsimile:    213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon (*Pro Hac Vice*)
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:   650.752.2000
Facsimile:    650.752.2111

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.)
and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>　　　　　　　Defendants. | Case No. 3:19-cv-07071-SI<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO 35.CN'S NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING PURSUANT TO CIVIL LOCAL RULE 3-13**<br><br>Hon. Susan Illston |

35.CN's Notice (ECF No. 234) concerns a case Plaintiffs filed in the District of Idaho to quash a subpoena 35.CN served[1] on non-party Focus IP Inc. dba Appdetex. *Meta Platforms, Inc. and Instagram, LLC v. Xiamen 35.com Internet Technology Co., Ltd.*, Case No. 1:22-mc-00120-BLW (D. Idaho) ("Miscellaneous Case").

Plaintiffs dispute 35.CN's misleadingly titled "brief statement of the background and relationship of the other action," which is in reality a procedurally improper telling of 35.CN's view of the merits of *this* action. Notice 1:11–2:18; *see* Civil L.R. 3-13(b)(1)–(3)(A).

To the extent the Notice purports to seek relief from this Court, it is procedurally improper and meritless. 35.CN cites no authority—and Plaintiffs are aware of none—for the proposition that this Court may grant any relief with respect to the Miscellaneous Case in the District of Idaho. To the contrary, any such request must be directed to the district court encompassing the place where compliance with the subpoena is required. Fed. R. Civ. P. 45(d)(3), (f); *e.g.*, *Venus Med. Inc. v. Skin Cancer & Cosm. Dermatology Ctr. PC*, No. 15-00062MC, 2016 WL 159952, at *2 (D. Ariz. Jan. 14, 2016); *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3935726, *1 (D. Kan. June 26, 2015); *Bridge v. Credit One Fin.*, No. 2:14-CV-01512-LDG, 2015 WL 3938367, at *1 (D. Nev. June 25, 2015).

---

[1] 35.CN erroneously captioned its operative subpoena as issuing from the District of Idaho despite Fed. R. Civ. P. 45(a)(2)'s explicit command that a "subpoena must issue from the court where the action is pending." To avoid further delays, Plaintiffs will treat the operative subpoena as being issued properly by this Court for purposes of responding to 35.CN's Notice only.

DATED: May 20, 2022

Tucker Ellis LLP

By: /s/David J. Steele
    David J. Steele
    Howard A. Kroll
    Steven E. Lauridsen

Davis Polk & Wardwell, LLP
    Ashok Ramani
    Micah G. Block
    Cristina M. Rincon

Attorneys for Plaintiffs,
META PLATFORMS, INC.
(fka FACEBOOK, INC.)
and INSTAGRAM, LLC