TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:    213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon (*Pro Hac Vice*)
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:    650.752.2000
Facsimile:    650.752.2111

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.)
and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>          Defendants. | Case No. 3:19-cv-07071-SI<br><br>**PLAINTIFFS' INDIVIDUAL STATEMENT SEEKING LEAVE TO FILE A REGULARLY NOTICED MOTION TO COMPEL GIVEN THE PARTIES' DISPUTE AS TO WHETHER (1) CHINESE LAW PROHIBITS DEFENDANT XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD. FROM PRODUCING DISCOVERY PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE AND (2) DISCOVERY MUST BE PROPOUNDED THROUGH THE HAGUE EVIDENCE CONVENTION**<br><br>Hon. Susan Illston |

Plaintiffs Meta Platforms, Inc. (fka Facebook, Inc.) and Instagram, LLC (collectively "Plaintiffs") and Defendant Xiamen 35.Com Internet Technology Co., Ltd ("35.CN") have agreed to seek leave to deviate from the Court's discovery dispute resolution procedures (*see* Judge Illston's Standing Order § 3) in order to file a regularly noticed motion to compel pursuant to Civil Local Rule 7-2. Unfortunately, and consistent with its delays in responding to discovery requests, 35.CN has failed to return the draft stipulation despite repeated requests, necessitating Plaintiffs' filing this brief two-page individual statement seeking leave to file a regularly noticed motion to compel.

In particular, the dispute concerns whether Chinese law prohibits 35.CN from responding to the court ordered discovery as 35.CN claims, and whether that discovery must be via the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, *opened for signature* Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231 ("Hague Evidence Convention"). The parties have met and conferred concerning this issue, meeting via Zoom, exchanging letters and multiple emails, and agree that this dispute cannot be adequately presented to the Court within a five-page joint statement.

When confronted with a dispute as to whether a foreign law prohibits discovery, a court is required to apply "scrutiny in each case of the particular facts, sovereign interests, and likelihood that resort to those procedures will prove effective." *Societe Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 544 (1987). This determination "involves a two-step inquiry." *Sun Group U.S.A. Harmony City, Inc. v. CRRC Corp. Ltd.*, No. 17-cv-02191-SK, 2019 WL 6134958, at *1 (N.D. Cal. Nov. 19, 2019). "First, [the party resisting discovery] must prove that Chinese law bars it from producing the discovery that [the other party] seeks." *Id.* "Second, Defendant must demonstrate that the particular facts of this case, including the sovereign interests at stake, warrant the requiring the application of the Hague Convention." *Id.* (citing *Aérospatiale*, 482 U.S. at 544). In the first step of the inquiry, regarding foreign law, "the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1. Here, Plaintiffs and 35.CN agree that the Court's resolution of this dispute would be aided by the submission of declarations from Chinese legal experts, and both sides to this dispute are preparing such materials in support of their respective positions.

In the second step of the inquiry, the Supreme Court has set forth a test balancing the following

factors to determine whether a party has carried its burden to show the Hague Convention should apply:

> [1] the importance to the investigation or litigation of the documents or other information requested; [2] the degree of specificity of the request; [3] whether the information originated in the United States; [4] the availability of alternative means of securing the information; and [5] the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992) (citing *Aerospatiale*, 482 U.S. at 544 n.28).

35.CN's delay in returning the draft stipulation, despite repeated requests, is consistent with 35.CN's unreasonable delay in responding to the written discovery propounded by Plaintiffs and ordered by the Court. In denying 35.CN's motion to dismiss on January 18, 2022, the Court ordered, "[t]he parties shall proceed with discovery, including fact finding into issues regarding general and specific jurisdiction." ECF No. 207 at 9. Plaintiffs propounded written discovery to 35.CN on February 16, 2022 and, later, agreed to extend 35.CN's production and response deadlines. On March 30, 2022, 35.CN asserted that Chinese law (1) required the parties to conduct discovery on 35.CN through the Hague Evidence Convention and (2) prohibited cross-border transfer of discovery information from China to the United States without prior Chinese government approval. 35.CN's counsel also indicated they were working with independent Chinese counsel to clarify 35.CN's obligations under Chinese law. On April 1 and 18, 2022, 35.CN served objections and limited responses to Plaintiffs' written discovery requests.

On April 20, 2022, Plaintiffs' counsel sent a meet and confer letter to 35.CN's counsel to discuss 35.CN's assertions regarding Chinese law's impact on 35.CN's discovery obligations in this case. Counsel for Plaintiffs and 35.CN met and conferred via Zoom on April 27, 2022 to discuss their positions but could not resolve their dispute. However, the parties agreed that, given the complexity of the issues presented, including questions regarding the application of Chinese law to 35.CN's discovery efforts and whether the Federal Rules of Civil Procedure or the Hague Evidence Convention governs the taking of discovery from 35.CN in this action, the Court should allow Plaintiffs to file a regularly noticed motion to compel in compliance with Civil Local Rule 7-2.

DATED: May 24, 2022                    Tucker Ellis LLP


By: /s/David J. Steele
    David J. Steele
    Howard A. Kroll
    Steven E. Lauridsen

Davis Polk & Wardwell, LLP
    Ashok Ramani
    Micah G. Block
    Cristina M. Rincon

    Attorneys for Plaintiffs,
    FACEBOOK, INC. and INSTAGRAM, LLC