**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
liana@KRInternetLaw.com
ruben@KRInternetLaw.com

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FACEBOOK, INC.**, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>**ONLINENIC INC.**, et al.,<br><br>    Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S OPPOSITION TO PLAINTIFFS' INDIVIDUAL STATEMENT SEEKING LEAVE TO FILE A REGULARLY NOTICED MOTION TO COMPEL ON DISCOVERY ISSUES [D.E. 237]**<br><br>*No hearing set* |

1  Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") hereby
2  files this opposition to Plaintiffs' Individual Statement Seeking Leave to File a Regularly
3  Noticed Motion to Compel ("Plaintiffs' Statement") [D.E. 237] because it was not filed as a
4  proper motion for leave, it is premature, and it is grossly misleading in part because
5  Plaintiff's unexpected filing in the middle of meet-and-confer discussions has converted
6  35.CN's future motion for a protective order into a potential motion to compel.

## BACKGROUND

8  35.CN has been actively working with Plaintiffs on multiple fronts, including
9  responding to hundreds of discovery requests seeking Chinese language documents.
10  (Declaration of Karl S. Kronenberger in Support of Opposition ("Kronenberger Decl.") ¶2.)
11  In particular, given issues with new Chinese data security and privacy laws (above
12  the requirements under the Hague Convention), 35.CN sent Plaintiffs on March 20, 2022
13  a detailed letter outlining 35.CN's Chinese legal obligations and stating that a further case
14  management conference would be helpful following the parties' March 10, 2022 Rule 26(f)
15  conference. (Kronenberger Decl. ¶3 & Ex. A.) The letter further explained that 35.CN had
16  sought guidance from local Chinese counsel and was awaiting a response. (Kronenberger
17  Decl. ¶3 & Ex. A.) On April 18, 2022, 35.CN again asked whether Plaintiffs would agree to
18  a further case management conference. (Kronenberger Decl. ¶4 & Ex. B.) In related
19  emails, 35.CN also outlined 35.CN's intent to file a motion for a protective order concerning
20  hundreds of Plaintiffs' discovery requests. (Kronenberger Decl. ¶4 & Ex. B.) On Saturday,
21  May 21, 2022, Plaintiffs' counsel emailed counsel for 35.CN about the draft stipulation (with
22  the draft containing different facts than the filed version of Plaintiffs' Statement) seeking
23  leave to file a fully noticed motion to compel, despite 35.CN's statements that it may need
24  to file its own motion for a protective order in the future. (Kronenberger Decl. ¶4 & Ex. B.)
25  35.CN responded the same day (Saturday) that 35.CN was reviewing the draft stipulation
26  as well as additional documents to try to narrow the dispute. (Kronenberger Decl. ¶4 & Ex.
27  B.)
28  Throughout this time, 35.CN has been working with Chinese counsel, started

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

translating and reviewing documents, served three document productions (including records in Chinese) as part of its rolling document productions, and requested a written opinion from the legal regulatory agency in China (the Cyberspace Administration of China aka Office of the Central Cyberspace Affairs Commission). (Kronenberger Decl. ¶5.) 35.CN has further stated that it was still reviewing additional Chinese-language documents, would continue to make further document productions, and would send amended written discovery responses after the final production. (Kronenberger Decl. ¶5.)

Notably, while Plaintiffs have granted in part and denied in part 35.CN's requests for discovery extensions, 35.CN has granted multiple discovery extensions requested by Plaintiffs in full, with the deadline for Plaintiffs' responses to discovery now due on June 7, 2022. (Kronenberger Decl. ¶6.)

Despite all of these moving pieces, Plaintiffs surprised 35.CN, in the middle of ongoing meet-and-confer discussions, by filing Plaintiffs' Statement on May 24, 2022, before 35.CN could finish its rolling document productions and amend its discovery responses to be consistent with the document productions.

## ARGUMENT

Pursuant to Judge Illston's Standing Order, Section 3 (Discovery Disputes):

> . . . If, after a good faith effort, the parties have not resolved their dispute, they shall prepare a concise joint statement of 5 pages or less, stating the nature and status of their dispute. Absent an order of this Court, parties shall not file affidavits or exhibits, other than copies of the written requests for discovery and the answers or objections thereto.
>
> If a joint statement is not possible, each side may submit a brief individual statement of 2 pages or less. The joint statement or individual statements shall be filed or efiled, if in an e-filing case, and courtesy copies submitted as provided by the Civil Local Rules.
>
> The Court will advise the parties regarding the need, if any, for more formal briefing or a hearing, pursuant to Civil Local Rule 7-1(b).

*See also* Civil Local Rule 7-1 (motion format).

Plaintiffs have failed to outline good cause for deviation from these requirements. Without input from 35.CN on a potential joint statement, Plaintiffs filed their own Plaintiffs'

Case No. 3:19-cv-07071-SI                         2                    DEF'S OPPOSITION TO PLS' STATEMENT FOR LEAVE

Statement, effectively converting 35.CN's potential motion for a protective order into a motion to compel responses to discovery, prior to 35.CN knowing what discovery responses would even necessitate a protective order. Stated differently, Plaintiffs' request is premature as the parties have been working on these issues, and 35.CN needs to narrow the dispute by continuing Chinese-language document review/production and amendments to responses, prior to seeking Court relief. However, if Plaintiffs are intent on seeking court relief prior to sufficient meeting-and-conferring, and prior to 35.CN finishing its document review, production, and amendments, then the regular letter brief format under the Court's standing order is adequate to raise the issues to then determine whether further briefing is required. Importantly, 35.CN requests at least **thirty (30) more days** to finish its document review (including due to the need to translate documents for counsel of record) and production prior to seeking court relief. Alternatively, 35.CN believes that a further case management conference under Federal Rule of Civil Procedure 16 and Local Rule 16-10(c) would be more efficient and productive for all involved. *See* ADR Local Rule 2-3.

## CONCLUSION

For the reasons stated herein, 35.CN respectfully requests that the Court deny or decline ruling on Plaintiffs' Statement, due to 35.CN's need for additional time to translate, review, and produce documents, and amend responses.

Respectfully Submitted,

Dated: May 26, 2022          **KRONENBERGER ROSENFELD, LLP**

By:      s/*Karl S. Kronenberger*
              Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.