TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:	213.430.3400
Facsimile:	213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon (*Pro Hac Vice*)
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:	650.752.2000
Facsimile:	650.752.2111

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.) and
INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ONLINENIC INC., et al.,<br><br>　　　　　Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DECLARATION OF STEVEN E. LAURIDSEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S ADMINISTRATIVE MOTION UNDER LOCAL RULE 7-11 FOR EVIDENTIARY HEARING AND TO AUGMENT THE RECORD FOR THE REPORT AND RECOMMENDATION FOR TERMINATING SANCTIONS AGAINST DEFENDANTS [D.E. 225]**<br><br>**Related Dkt. 229 Motion Hearing:**<br><br>Date: June 17, 2022<br>Time: 10:00 am<br>Courtroom: #1, 17th Fl.<br><br>Hon. Susan Illston |

I, Steven E. Lauridsen, declare:

1. I am a partner at Tucker Ellis LLP, counsel of record for Plaintiffs in this action. I make this declaration based on my personal knowledge and, if called as a witness, would testify competently concerning each of the following facts.

2. I have reviewed the Declaration of Karl S. Kronenberger in Support of Defendant Xiamen 35.com Technology Co., Ltd.'s Administrative Motion Under Local Rule 7-11 For Evidentiary Hearing and to Augment the Record For the Report and Recommendation For Terminating Sanctions Against Defendants [D.E. 225] ("Kronenberger Decl."; Dkt.238-1).

3. Kronenberger Decl. ¶ 5 references a subpoena that 35.CN issued "to AppDetex for documents concerning the notices to Defendants and domain names at issue, which was met by objections by AppDetex and a motion to quash by Plaintiffs (through different counsel in Idaho district court)." On May 26, 2022, Mr. Kronenberger emailed my firm, stating, "After negotiations with counsel for Appdetex, we have decided to withdraw the subpoena. It is officially withdrawn, and we have informed counsel for Appdetex."

4. Kronenberger Decl. ¶ 3 states, "It has recently come to my attention that Plaintiffs' document productions included 'notices' of infringement to third parties instead of to Defendants ID Shield or OnlineNIC," and references two documents with Bates Numbers FB0019250 and FB0019242 that Mr. Kronenberger contends are examples of notices of infringement to third parties. The two documents that Mr. Kronenberger references were produced in discovery in this case in response to Defendants OnlineNIC, Inc. ("OnlineNIC") and Domain ID Shield Service Co. Limited's ("ID Shield," collectively, the "OnlineNIC Defendants") Request for Production No. 65, which requested, "All DOCUMENTS from and/or to Focus IP [(d/b/a Appdetex)] relating or referring to" Infringing Domain Names added to the case after the filing of the original Complaint.

5. On July 25, 2018, Appdetex sent OnlineNIC a Letter of Authority confirming that Appdetex was authorized to represent Facebook's interests in connection with the protection and enforcement of Facebook's intellectual property assets through January 9, 2023. This letter, together with the email transmitting it to OnlineNIC, was produced in July 2020 by the OnlineNIC Defendants as documents bearing Bates Nos. ONLINENIC 193608 to ONLINENIC 193610.

6. Kronenberger Decl. ¶ 6 states that Mr. Kronenberger's "office was unable to find any related notice for six of [the Infringing Domain Names], found a notice to a third party for two domain names . . . , and found a notice that did not request any identifying information under the RAA for two domain names." 35.CN did not wait to meet and confer with Plaintiffs' counsel before filing its Motion or provide Plaintiffs' counsel a deadline by when it expected to meet and confer. Instead, 35.CN surprised Plaintiffs by filing its Motion on the eve of the Memorial Day Weekend. Had 35.CN waited to meet and confer regarding 35.CN's counsel's inability to locate the reasonable evidence of actionable harm provided to ID Shield for each of the 35 Infringing Domain Names, Plaintiffs' counsel would have informed 35.CN's counsel that Plaintiffs did provide notice for these ten Infringing Domain Names, in most cases through ID Shield's counsel (rather than having Appdetex send notice to ID Shield) because the parties were involved in litigation where ID Shield was represented by counsel.

7. The OnlineNIC Defendants' Request for Production No. 65 requested, "All DOCUMENTS from and/or to Focus IP [(d/b/a Appdetex)] relating or referring to" Infringing Domain Names added to the case after the filing of the original Complaint. This request did not request production of documents reflecting instances in which Plaintiffs' counsel provided reasonable notice of actionable harm to the OnlineNIC Defendants' counsel. Such documents will be produced in response to 35.CN's pending requests for production on the June 7, 2022, production deadline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on May 31, 2022 in West Hollywood, California.

   /s/Steven E. Lauridsen
STEVEN E. LAURIDSEN