# Exhibit 1

TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:        213.430.3400
Facsimile:        213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon *Pro Hac Vice*
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:        650.752.2000
Facsimile:        650.752.2111

Attorneys for Plaintiffs,
META PLATFORMS, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| META PLATFORMS, INC. and INSTAGRAM, LLC,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ONLINENIC INC., DOMAIN ID SHIELD SERVICE CO., LIMITED, and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>                    Defendants. | Case No. 3:19-CV-07071-SI<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.**<br><br>Hon. Susan Illston |

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP

Plaintiffs Meta Platforms, Inc. (f/k/a/ Facebook, Inc.) and Instagram, LLC (collectively "Plaintiffs") request that Defendant Xiamen 35.Com Internet Technology Co., Ltd. ("35.CN") provide a written response and produce for inspection and copying each DOCUMENT and tangible thing in its possession, custody, or control requested below, in accordance with Rule 34 of the Federal Rules of Civil Procedure. Plaintiffs request that the DOCUMENTS and things be made available for inspection and copying at the offices of Tucker Ellis, LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071, or at another location mutually agreeable to the parties, within thirty days after the service of these requests.

### DEFINITIONS

Unless specifically indicated, or otherwise required by the context in which the terms and names are used the following definitions shall apply:

A.    "DOCUMENT(S)" shall have the broadest possible meaning permissible by Rules 26 and 34(a)(1) of the Federal Rules of Civil Procedure, and shall include both documents or electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

B.    "PERSON(S)" refers to any natural persons, firms, corporations, partnerships, unincorporated associations, general or limited partnerships, limited liability companies, or any other form of legal entity or government body, including its employees, agents or representatives.

C.    "35.CN" shall mean Defendant Xiamen 35.Com Internet Technology Co., Ltd. a/k/a 35cn a/k/a 35.cn a/k/a 35.com.

D.    "ONLINENIC" shall mean Defendant OnlineNIC Inc.

E.    "DOMAIN ID SHIELD" shall mean Defendant Domain ID Shield Service Co., Limited.

F.    "GONG" shall mean Shaohui Gong a/k/a Shao Hong Gong a/k/a Kevin Gong, the current or former majority shareholder of 35.CN.

G.    "CARRIE YU" shall mean Hongxia Yu a/k/a Yu Hongxia a/k/a Carrie Yu a/k/a Carrie Arden.

-1-

H.     "IDENTIFY" or "IDENTIFYING" shall mean provide information about a person or entity, or thing or place, including but not limited to the name, address, IP address, telephone number, email address, banking information, payment information, credit card information, and any other information about the identity of the person or entity, or the thing or place.

I.     "ICANN" shall mean the Internet Corporation of Assigned Names and Numbers.

J.     "RAA" shall mean the ICANN Registrar Accreditation Agreement.

K.     "INFRINGING DOMAIN NAMES" shall mean the domain names identified in paragraph 56 of the Second Amended Complaint (ECF No. 109), and identified in Exhibit 1 to this Set of Requests for Production of Documents.

## INSTRUCTIONS

The following instructions apply to the discovery requests below and should be considered as part of each such request:

1.     35.CN shall produce requested DOCUMENTS stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained.

2.     As required by Rule 34(b) of the Federal Rules of Civil Procedure, all requested DOCUMENTS shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in this request.

3.     For those produced DOCUMENTS that require other DOCUMENTS to render the produced DOCUMENTS either comprehensible or not misleading, produce all such other DOCUMENTS.

4.     If 35.CN withholds from production any of the requested DOCUMENTS or things on the grounds that it is privileged or subject to protection as trial preparation material, then, in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, please provide, within thirty days of service of this request, the following information as to each of the DOCUMENTS and things withheld.

   a)     the name and title or capacity of its author or originator;

   b)     the name and title of capacity of every person who received it;

   c)     the relationship between the author or originator and each person who received the withheld DOCUMENT or thing;

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

d)  whether the primary purpose of the withheld DOCUMENT or thing or any underlying communication was to seek or provide legal advice or services;

e)  the date of the withheld DOCUMENT or things;

f)  each subject matter addressed in it;

g)  whether the withheld DOCUMENT or thing was transmitted in confidence; and

h)  all privileges or other objections asserted as to the withheld DOCUMENT or thing.

5.    Unless 35.CN claims that the entirety of a DOCUMENT is privileged or protected from discovery by an immunity or the work product doctrine, 35.CN shall produce the portions of the DOCUMENT that it does not claim are privileged or protected from discovery by an immunity or the work product doctrine and log the redactions in accordance with the provisions of paragraph 4 above.

6.    All DOCUMENTS requested are to be produced in the same file or other organizational environment in which they are maintained. For example a DOCUMENT that is part of a file, docket, or other grouping, should be physically produced together with all other DOCUMENTS from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each DOCUMENT and thing produced in response hereto, identify the request for production in response to which the DOCUMENT or thing is being produced.

7.    Electronic DOCUMENTS produced pursuant to these Requests are to be produced in their native electronic format.

8.    These requests seek all responsive DOCUMENTS in their original language and, if such original language is not English, these requests also seek all English-language translations that may exist for such DOCUMENTS.

9.    If 35.CN objects to any subpart or portion of a request for production or objects to providing certain information requested, 35.CN shall state the objection and supply the unobjectionable information requested.

10.    If any of the following requests for information cannot be responded to in full and after exercising reasonable diligence to secure the information, 35.CN shall so state, supply the information for those portions it is able to, and supply whatever information it has concerning the portion of the request that cannot be answered in full. If 35.CN's response is qualified in any particular respect, set forth the

-3-

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

details of such qualification.

11.    No request for a particular item or category should be construed as a limitation on any other part of this request.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Corporate DOCUMENTS of 35.CN, including but not limited to articles of incorporation and bylaws.

**REQUEST FOR PRODUCTION NO. 2:**

Minutes of meetings of board of directors of 35.CN since 2007.

**REQUEST FOR PRODUCTION NO. 3:**

Minutes of meetings of board of supervisors of 35.CN since 2007.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to IDENTIFY the ownership of 35.CN for each year from 2002 to 2007.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to IDENTIFY the 20 largest shareholders of 35.CN for each year since 2007.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS sufficient to IDENTIFY the directors of 35.CN for each year since 2007, including members of the board of directors and independent directors.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to IDENTIFY the officers of 35.CN for each year since 2007.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to IDENTIFY the members of the board of supervisors of 35.CN for each year since 2002.

**REQUEST FOR PRODUCTION NO. 9:**

Financial statements of 35.CN since 2007.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**REQUEST FOR PRODUCTION NO. 10:**

Balance sheets of 35.CN since 2007.

**REQUEST FOR PRODUCTION NO. 11:**

Income statements of 35.CN since 2007.

**REQUEST FOR PRODUCTION NO. 12:**

Profit and loss statements of 35.CN since 2007.

**REQUEST FOR PRODUCTION NO. 13:**

Revenue and expense statements of 35.CN since 2007.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS sufficient to IDENTIFY the bank accounts used by 35.CN since 2007.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS sufficient to IDENTIFY 35.CN's principal place of business.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to IDENTIFY locations where 35.CN conducts business.

**REQUEST FOR PRODUCTION NO. 17:**

All contracts entered into by 35.CN with a California domiciled citizen.

**REQUEST FOR PRODUCTION NO. 18:**

All contracts entered into by 35.CN with a United States citizen.

**REQUEST FOR PRODUCTION NO. 19:**

All contracts entered into by 35.CN with a California corporation.

**REQUEST FOR PRODUCTION NO. 20:**

All contracts entered into by 35.CN with a corporation of any state in the United States.

**REQUEST FOR PRODUCTION NO. 21:**

All contracts entered into by 35.CN with any PERSON in the United States relating to the registration of any domain name(s).

**REQUEST FOR PRODUCTION NO. 22:**

All contracts entered into by 35.CN with any PERSON in the United States relating to the use of any domain name(s).

-5-

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**REQUEST FOR PRODUCTION NO. 23:**

All contracts entered into by 35.CN with any PERSON in the United States relating to the trafficking of any domain name(s).

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC to Rex Liu on November 28, 2007 for $10,000.

**REQUEST FOR PRODUCTION NO. 25:**

DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC to Rex Liu in 2007.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC to Zhippo Chen in 2009.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS supporting or refuting ONLINENIC's claim to the California Franchise Tax Board in 2009 that GONG was the 100% owner of ONLINENIC.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS supporting or refuting ONLINENIC's claim to the California Franchise Tax Board in 2010 that GONG was the 100% owner of ONLINENIC.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS supporting or refuting ONLINENIC's claim to the California Franchise Tax Board in 2011 that GONG was the 100% owner of ONLINENIC.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS supporting or refuting ONLINENIC's claim to the California Franchise Tax Board in 2012 that GONG was the 100% owner of ONLINENIC.

**REQUEST FOR PRODUCTION NO. 31:**

DOCUMENTS supporting or refuting ONLINENIC's claim to the California Franchise Tax Board in 2013 that GONG was the 100% owner of ONLINENIC.

**REQUEST FOR PRODUCTION NO. 32:**

DOCUMENTS supporting or refuting ONLINENIC's claim to the California Franchise Tax Board in 2014 that GONG was the 100% owner of ONLINENIC.

**REQUEST FOR PRODUCTION NO. 33:**

DOCUMENTS sufficient to IDENTIFY real property owned or leased by 35.CN in California at any time.

**REQUEST FOR PRODUCTION NO. 34:**

DOCUMENTS sufficient to IDENTIFY real property owned or leased by 35.CN in the United States at any time.

**REQUEST FOR PRODUCTION NO. 35:**

DOCUMENTS sufficient to IDENTIFY real property owned or leased by any employee of 35.CN in California at any time.

**REQUEST FOR PRODUCTION NO. 36:**

DOCUMENTS sufficient to IDENTIFY assets of 35.CN in California since 2002.

**REQUEST FOR PRODUCTION NO. 37:**

DOCUMENTS sufficient to IDENTIFY assets of 35.CN in the United States since 2002.

**REQUEST FOR PRODUCTION NO. 38:**

DOCUMENTS relating to trademarks or service marks applied for or registered by 35.CN.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS relating to trademarks or service marks applied for or registered by 35.CN in the United States.

**REQUEST FOR PRODUCTION NO. 40:**

A representative sample of DOCUMENTS, including communications, that demonstrate the business activities engaged in between 35.CN, including employees of 35.CN, and ONLINENIC.

**REQUEST FOR PRODUCTION NO. 41:**

A representative sample of DOCUMENTS, including communications, that demonstrate the business activities engaged in between 35.CN, including employees of 35.CN, and DOMAIN ID SHIELD.

-7-

**REQUEST FOR PRODUCTION NO. 42:**

All agreements between 35.CN and ONLINENIC, and DOCUMENTS reflecting the negotiations between 35.CN and ONLINENIC to enter into those agreements.

**REQUEST FOR PRODUCTION NO. 43:**

All agreements between 35.CN and DOMAIN ID SHIELD, and DOCUMENTS reflecting the negotiations between 35.CN and DOMAIN ID SHIELD to enter into those agreements.

**REQUEST FOR PRODUCTION NO. 44:**

DOCUMENTS relating to leases or subleases offered or made available by 35.CN to ONLINENIC and/or DOMAIN ID SHIELD.

**REQUEST FOR PRODUCTION NO. 45:**

DOCUMENTS relating to equipment, including servers, offered or made available by 35.CN to ONLINENIC and/or DOMAIN ID SHIELD.

**REQUEST FOR PRODUCTION NO. 46:**

DOCUMENTS relating to services offered or made available by 35.CN to ONLINENIC and/or DOMAIN ID SHIELD.

**REQUEST FOR PRODUCTION NO. 47:**

Communications between CARRIE YU and her supervisors at 35.CN regarding ONLINENIC.

**REQUEST FOR PRODUCTION NO. 48:**

Communications between CARRIE YU and any PERSON regarding ONLINENIC.

**REQUEST FOR PRODUCTION NO. 49:**

Communications between CARRIE YU and her supervisors at 35.CN regarding DOMAIN ID SHIELD.

**REQUEST FOR PRODUCTION NO. 50:**

Communications between CARRIE YU and any PERSON regarding DOMAIN ID SHIELD.

**REQUEST FOR PRODUCTION NO. 51:**

Communications between CARRIE YU and her supervisors at 35.CN regarding this lawsuit.

**REQUEST FOR PRODUCTION NO. 52:**

Communications between CARRIE YU and any PERSON regarding this lawsuit.

-8-

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**REQUEST FOR PRODUCTION NO. 53:**

Communications between CARRIE YU and her supervisors at 35.CN regarding the investigation by the Special Discovery Master in this case.

**REQUEST FOR PRODUCTION NO. 54:**

Communications between CARRIE YU and any PERSON regarding the investigation by the Special Discovery Master in this case.

**REQUEST FOR PRODUCTION NO. 55:**

DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who communicated with the Special Discovery Master in this case.

**REQUEST FOR PRODUCTION NO. 56:**

Communications between CARRIE YU and her supervisors at 35.CN regarding the Special Discovery Master's Data Destroyed or Withheld Report.

**REQUEST FOR PRODUCTION NO. 57:**

Communications between CARRIE YU and any PERSON regarding the Special Discovery Master's Data Destroyed or Withheld Report.

**REQUEST FOR PRODUCTION NO. 58:**

DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who were involved in the destruction of evidence in this case as described in the Special Discovery Master's Data Destroyed or Withheld Report.

**REQUEST FOR PRODUCTION NO. 59:**

DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who participated in the destruction of evidence in this case as described in the Special Discovery Master's Data Destroyed or Withheld Report.

**REQUEST FOR PRODUCTION NO. 60:**

Communications between CARRIE YU and her supervisors at 35.CN regarding CARRIE YU's ownership of DOMAIN ID SHIELD for the benefit of ONLINENIC.

**REQUEST FOR PRODUCTION NO. 61:**

Communications between CARRIE YU and any PERSON regarding CARRIE YU's ownership of DOMAIN ID SHIELD for the benefit of ONLINENIC.

**REQUEST FOR PRODUCTION NO. 62:**

DOCUMENTS relating to payments made by 35.CN to CARRIE YU since 2007, including DOCUMENTS reflecting the purpose of any payments.

**REQUEST FOR PRODUCTION NO. 63:**

Communications relating to payments made by 35.CN to CARRIE YU since 2007, including communications reflecting the purpose of any payments.

**REQUEST FOR PRODUCTION NO. 64:**

DOCUMENTS relating to CARRIE YU's ownership of DOMAIN ID SHIELD for the benefit of ONLINENIC.

**REQUEST FOR PRODUCTION NO. 65:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind for both 35.CN and ONLINENIC.

**REQUEST FOR PRODUCTION NO. 66:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind for both 35.CN and DOMAIN ID SHIELD.

**REQUEST FOR PRODUCTION NO. 67:**

Communications between 35.CN and ONLINENIC concerning the work performed for ONLINENIC by employees of 35.CN.

**REQUEST FOR PRODUCTION NO. 68:**

Communications between 35.CN and ONLINENIC concerning the work performed for DOMAIN ID SHIELD by employees of 35.CN.

**REQUEST FOR PRODUCTION NO. 69:**

Communications between 35.CN and any PERSON relating to any of the INFRINGING DOMAIN NAMES.

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**REQUEST FOR PRODUCTION NO. 70:**

Communications between 35.CN and any PERSON relating to the registration of any of the INFRINGING DOMAIN NAMES.

**REQUEST FOR PRODUCTION NO. 71:**

Communications between 35.CN and any PERSON relating to customer accounts associated with the INFRINGING DOMAIN NAMES.

**REQUEST FOR PRODUCTION NO. 72:**

All agreements or contracts between ICANN and 35.CN.

**REQUEST FOR PRODUCTION NO. 73:**

DOCUMENTS relating to agreements or contracts between ICANN and 35.CN.

**REQUEST FOR PRODUCTION NO. 74:**

Communications between ICANN and 35.CN since 2002.

**REQUEST FOR PRODUCTION NO. 75:**

DOCUMENTS relating to any action by ICANN to enforce the RAA against 35.CN.

**REQUEST FOR PRODUCTION NO. 76:**

DOCUMENTS relating to any prior actions or complaints concerning cybersquatting filed against or by 35.CN in a United States Federal or State Court or before any administrative tribunal since 2007.

**REQUEST FOR PRODUCTION NO. 77:**

DOCUMENTS relating to any prior actions or complaints concerning online abuse, including trademark or service mark infringement, false designation of origin, cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed against or by 35.CN in a United States Federal or State Court or before any administrative tribunal since 2007.

**REQUEST FOR PRODUCTION NO. 78:**

DOCUMENTS relating to any prior actions or complaints concerning cybersquatting filed against or by ONLINENIC in a United States Federal or State Court or before any administrative tribunal since 2007.

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**REQUEST FOR PRODUCTION NO. 79:**

DOCUMENTS relating to any prior actions or complaints concerning online abuse, including trademark or service mark infringement, false designation of origin, cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed against or by ONLINENIC in a United States Federal or State Court or before any administrative tribunal SINCE 2007.

**REQUEST FOR PRODUCTION NO. 80:**

DOCUMENTS relating to any prior actions or complaints concerning cybersquatting filed against or by DOMAIN ID SHIELD in a United States Federal or State Court or before any administrative tribunal since 2007.

**REQUEST FOR PRODUCTION NO. 81:**

DOCUMENTS relating to any prior actions or complaints concerning online abuse, including trademark or service mark infringement, false designation of origin, cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed against or by DOMAIN ID SHIELD in a United States Federal or State Court or before any administrative tribunal SINCE 2007.

**REQUEST FOR PRODUCTION NO. 82:**

Communications between 35.CN and ONLINENIC concerning Meta Platforms, Inc. (f/k/a Facebook, Inc.).

**REQUEST FOR PRODUCTION NO. 83:**

Communications between 35.CN and ONLINENIC concerning Instagram, LLC.

**REQUEST FOR PRODUCTION NO. 84:**

Communications between 35.CN and ONLINENIC concerning this lawsuit.

**REQUEST FOR PRODUCTION NO. 85:**

Communications between 35.CN and ICANN concerning this lawsuit.

**REQUEST FOR PRODUCTION NO. 86:**

Communications between 35.CN and any PERSON concerning this lawsuit.

**REQUEST FOR PRODUCTION NO. 87:**

DOCUMENTS that IDENTIFY the source of funds used to pay employees of 35.CN that perform work for ONLINENIC.

-12-

**REQUEST FOR PRODUCTION NO. 88:**

DOCUMENTS that IDENTIFY the source of funds used to pay employees of ONLINENIC.

**REQUEST FOR PRODUCTION NO. 89:**

DOCUMENTS that IDENTIFY the source of funds used to pay employees of DOMAIN ID SHIELD.

**REQUEST FOR PRODUCTION NO. 90:**

DOCUMENTS that IDENTIFY the source of funds used to form 35.CN.

**REQUEST FOR PRODUCTION NO. 91:**

DOCUMENTS that IDENTIFY the source of funds used to form ONLINENIC.

**REQUEST FOR PRODUCTION NO. 92:**

DOCUMENTS that IDENTIFY the source of funds used to form DOMAIN ID SHIELD.

**REQUEST FOR PRODUCTION NO. 93:**

DOCUMENTS reflecting funds transferred between 35.CN and ONLINENIC at any time.

**REQUEST FOR PRODUCTION NO. 94:**

DOCUMENTS reflecting funds transferred between 35.CN and DOMAIN ID SHIELD at any time.

**REQUEST FOR PRODUCTION NO. 95:**

DOCUMENTS reflecting payments made by 35.CN for the benefit of ONLINENIC at any time.

**REQUEST FOR PRODUCTION NO. 96:**

DOCUMENTS reflecting payments made by 35.CN for the benefit of DOMAIN ID SHIELD at any time.

**REQUEST FOR PRODUCTION NO. 97:**

DOCUMENTS reflecting all payments made by ONLINENIC to 35.CN since 2007.

**REQUEST FOR PRODUCTION NO. 98:**

DOCUMENTS reflecting all payments made by DOMAIN ID SHIELD to 35.CN since 2007.

**.REQUEST FOR PRODUCTION NO. 99:**

DOCUMENTS reflecting all payments made by 35.CN to or on behalf of ONLINENIC since 2007.

TUCKER ELLIS LLP
Cleveland ◆ Columbus ◆ Denver ◆ Los Angeles ◆ San Francisco

**REQUEST FOR PRODUCTION NO. 100:**

DOCUMENTS reflecting all payments made by 35.CN to or on behalf of DOMAIN ID SHIELD since 2007.

.**REQUEST FOR PRODUCTION NO. 101:**

DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to or on behalf of ONLINENIC since 2007.

**REQUEST FOR PRODUCTION NO. 102:**

DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to or on behalf of DOMAIN ID SHIELD since 2007.

**REQUEST FOR PRODUCTION NO. 103:**

DOCUMENTS reflecting all payments made by shareholders of 35.CN to or on behalf of ONLINENIC since 2007.

**REQUEST FOR PRODUCTION NO. 104:**

DOCUMENTS reflecting all payments made by shareholders of 35.CN to or on behalf of DOMAIN ID SHIELD since 2007.

**REQUEST FOR PRODUCTION NO. 105:**

DOCUMENTS reflecting loans made by ONLINENIC to 35.CN since 2007.

**REQUEST FOR PRODUCTION NO. 106:**

DOCUMENTS reflecting loans made by DOMAIN ID SHIELD to 35.CN since 2007.

**REQUEST FOR PRODUCTION NO. 107:**

DOCUMENTS reflecting loans made by officers and/or directors of ONLINENIC to 35.CN since 2007.

**REQUEST FOR PRODUCTION NO. 108:**

DOCUMENTS reflecting loans made by officers and/or directors of DOMAIN ID SHIELD to 35.CN since 2007.

**REQUEST FOR PRODUCTION NO. 109:**

DOCUMENTS reflecting loans made by 35.CN to ONLINENIC since 2007.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1  **REQUEST FOR PRODUCTION NO. 110:**

2      DOCUMENTS reflecting loans made by 35.CN to DOMAIN ID SHIELD since 2007.

3  **REQUEST FOR PRODUCTION NO. 111:**

4      DOCUMENTS reflecting loans made by officers and/or directors of 35.CN to ONLINENIC since

5  2007.

6  **REQUEST FOR PRODUCTION NO. 112:**

7      DOCUMENTS reflecting loans made by officers and/or directors of 35.CN to DOMAIN ID

8  SHIELD since 2007.

9  **REQUEST FOR PRODUCTION NO. 113:**

10     DOCUMENTS reflecting loans made by shareholders of 35.CN to ONLINENIC since 2007.

11 **REQUEST FOR PRODUCTION NO. 114:**

12     DOCUMENTS reflecting loans made by shareholders of 35.CN to DOMAIN ID SHIELD since

13 2007.

14 **REQUEST FOR PRODUCTION NO. 115:**

15     DOCUMENTS reflecting investments made by 35.CN to ONLINENIC since 2007.

16 **REQUEST FOR PRODUCTION NO. 116:**

17     DOCUMENTS reflecting investments made by 35.CN to DOMAIN ID SHIELD since 2007.

18 **REQUEST FOR PRODUCTION NO. 117:**

19     DOCUMENTS reflecting investments made by officers and/or directors of 35.CN to ONLINENIC

20 since 2007.

21 **REQUEST FOR PRODUCTION NO. 118:**

22     DOCUMENTS reflecting investments made by officers and/or directors of 35.CN to DOMAIN

23 ID SHIELD since 2007.

24 **REQUEST FOR PRODUCTION NO. 119:**

25     DOCUMENTS reflecting investments made by shareholders of 35.CN to ONLINENIC since

26 2007.

27

28

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**REQUEST FOR PRODUCTION NO. 120:**

DOCUMENTS reflecting investments made by shareholders of 35.CN to DOMAIN ID SHIELD since 2007.

**REQUEST FOR PRODUCTION NO. 121:**

DOCUMENTS reflecting all payments made by 35.CN to Rex Liu since 2007.

**REQUEST FOR PRODUCTION NO. 122:**

DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to Rex Liu since 2007.

**REQUEST FOR PRODUCTION NO. 123:**

DOCUMENTS reflecting all payments made by shareholders of 35.CN to Rex Liu since 2007.

**REQUEST FOR PRODUCTION NO. 124:**

DOCUMENTS reflecting all payments made by ONLINENIC and DOMAIN ID SHIELD to GONG since 2007.

**REQUEST FOR PRODUCTION NO. 125:**

DOCUMENTS reflecting all payments made by GONG to or on behalf of ONLINENIC and DOMAIN ID SHIELD since 2007.

**REQUEST FOR PRODUCTION NO. 126:**

DOCUMENTS reflecting loans made by ONLINENIC and DOMAIN ID SHIELD to GONG since 2007.

**REQUEST FOR PRODUCTION NO. 127:**

DOCUMENTS reflecting loans made by GONG to ONLINENIC and DOMAIN ID SHIELD since 2007.

**REQUEST FOR PRODUCTION NO. 128:**

DOCUMENTS reflecting the loan by Sun Shaofeng to ONLINENIC in 2009.

**REQUEST FOR PRODUCTION NO. 129:**

DOCUMENTS sufficient to show why Sun Shaofeng loaned money to ONLINENIC in 2009.

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**REQUEST FOR PRODUCTION NO. 130:**

Communications between Sun Shaofeng and 35.CN regarding Sun Shaofeng's loan to ONLINENIC in 2009.

**REQUEST FOR PRODUCTION NO. 131:**

Communications between Sun Shaofeng and GONG regarding Sun Shaofeng's loan to ONLINENIC in 2009.

**REQUEST FOR PRODUCTION NO. 132:**

DOCUMENTS sufficient to show the business relationship between Sun Shaofeng and 35.CN.

**REQUEST FOR PRODUCTION NO. 133:**

DOCUMENTS sufficient to show the business and/or personal relationship between Sun Shaofeng and GONG.

**REQUEST FOR PRODUCTION NO. 134:**

DOCUMENTS sufficient to show the business and/or personal relationship between Rex Liu and GONG.

**REQUEST FOR PRODUCTION NO. 135:**

DOCUMENTS sufficient to show the business relationship between Rex Liu and 35.CN.

**REQUEST FOR PRODUCTION NO. 136:**

DOCUMENTS sufficient to show the business relationship between Rex Liu and ONLINENIC.

**REQUEST FOR PRODUCTION NO. 137:**

DOCUMENTS sufficient to show the business relationship between Rex Liu and DOMAIN ID SHIELD.

**REQUEST FOR PRODUCTION NO. 138:**

DOCUMENTS reflecting the loan by South Pacific Holdings Group to ONLINENIC through Kennedy's Legal in 2019.

**REQUEST FOR PRODUCTION NO. 139:**

DOCUMENTS sufficient to show why South Pacific Holdings Group loaned money to ONLINENIC through Kennedy's Legal in 2019.

-17-

1  **REQUEST FOR PRODUCTION NO. 140:**

2      DOCUMENTS sufficient to IDENTIFY the members of South Pacific Holdings Group in 2019.

3  **REQUEST FOR PRODUCTION NO. 141:**

4      Communications between South Pacific Holdings Group and 35.CN regarding South Pacific

5  Holdings Group's loan to ONLINENIC through Kennedy's Legal in 2019.

6  **REQUEST FOR PRODUCTION NO. 142:**

7      Communications between South Pacific Holdings Group and GONG regarding South Pacific

8  Holding Group's loan to ONLINENIC through Kennedy's Legal in 2019.

9  **REQUEST FOR PRODUCTION NO. 143:**

10      DOCUMENTS sufficient to show the business relationship between South Pacific Holdings Group

11  and 35.CN.

12  **REQUEST FOR PRODUCTION NO. 144:**

13      DOCUMENTS sufficient to show the business relationship between South Pacific Holdings Group

14  and GONG.

15  **REQUEST FOR PRODUCTION NO. 145:**

16      DOCUMENTS reflecting all payments made by 35.CN to Perry Narancic since 2007.

17  **REQUEST FOR PRODUCTION NO. 146:**

18      DOCUMENTS supporting 35.CN's responses to First Set of Interrogatories propounded to 35.CN.

19  **REQUEST FOR PRODUCTION NO. 147:**

20      DOCUMENTS supporting 35.CN's denial of any Request For Admission in the First Set of

21  Requests for Admission propounded to 35.CN.

22

23

24

25

26

27

28

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

DATED: February 16, 2022     Tucker Ellis LLP

         By: /s/David J. Steele
           David J. Steele
           Howard A. Kroll
           Steven E. Lauridsen

         Davis Polk & Wardwell, LLP
           Ashok Ramani
           Micah G. Block
           Cristina M. Rincon

           Attorneys for Plaintiffs,
           META PLATFORMS, INC. and
           INSTAGRAM, LLC

**CERTIFICATE OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On February 16, 2022, I served the following: **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.** on the interested parties in this action as follows:

| KRONENBERGER ROSENFELD, LLP | LEXANALYTICA, PC |
|---|---|
| Karl S. Kronenberger (Bar No. 226112) | Perry J. Narancic |
| karl@KRInternetLaw.com | pjn@lexanalytica.com |
| 150 Post Street, Suite 520 | 2225 E. Bayshore Road, Suite 200 |
| San Francisco, CA 94108 | Palo Alto, CA 94303 |
| Telephone: (415) 955-1155 | Telephone: (650) 655-2800 |
| Attorneys for Defendant, | Attorneys for Defendants, |
| XIAMEN 35.COM INTERNET | ONLINENIC, INC. and DOMAIN ID SHIELD |
| TECHNOLOGY CO., LTD. | SERVICES CO., LIMITED |

(X)    **BY EMAIL:** the above-entitled document to be served electronically by email by written agreement between Plaintiffs and Defendants OnlineNIC, Inc. and Domain ID Shield Services Co., Limited.

(X)    **BY MAIL:**  By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP.  I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X)    **FEDERAL:**  I declare that I am a member of the bar of this Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 16, 2022, at Los Angeles, California.


/s/Steven E. Lauridsen
Steven E. Lauridsen

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
Case No. 3:19-cv-07071-SI

Exhibit 1

1. buyinstagramfans.com
2. face2bouk.com
3. facebook-alkalmazasok.net
4. facebook-chat-emoticons.com
5. facebook-fans-buy.com
6. facebook-login-signup.com
7. facebook-mails.com
8. facebook-pass.com
9. facebookphysician.com
10. facebook-pw.com
11. facebookvideodownload.net
12. facebux2.com
13. facekhook.com
14. facessbook.com
15. faecb00k-page.com
16. faecbook-page.com
17. findfacebookid.com
18. hackfacebook-now.com
19. hackingfacebook.net
20. hacksomeonesfacebook.com
21. iiinstagram.com
22. instaface.org
23. instagram01.com
24. instakram.com
25. lamsocialfacebook.net
26. learntohackfacebook.com
27. login-lnstargram.com
28. m-facebook-login.com
29. ofacebooklogin.com
30. singin-lnstargram.com
31. trollfacebook.com
32. watch-facebook.com
33. www-facebook-login.com
34. www-facebook-pages.com
35. www-instagram.net