# Exhibit 5

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
liana@KRInternetLaw.com
ruben@KRInternetLaw.com

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **META PLATFORMS INC.**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **ONLINENIC INC.**, et al., <br><br> Defendants. | Case No. 3:19-cv-07071-SI <br><br> **DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | PLAINTIFFS META PLATFORMS, INC. F/K/A |
| 2 | | FACEBOOK, INC. AND INSTAGRAM, LLC |
| 3 | RESPONDING PARTY: | DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., |
| 4 | | LTD. |
| 5 | SET: | ONE |

## PRELIMINARY STATEMENT

Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") is presently pursuing its investigation and analysis of the facts and law relating to this case, and has not completed its discovery or preparation for trial. Therefore, the responses set forth herein are given without prejudice to Defendant's right to produce evidence of any subsequently discovered facts, writings, or interpretations thereof, or to modify, change, or otherwise amend these responses. The information hereinafter set forth is true and correct to the best knowledge of Defendant as of this date, and is subject to correction for errors or omissions. These responses are based upon records and information presently available to Defendant. Defendant undertakes no affirmative duty to supplement these responses based upon further discovery and investigation other than as mandated by the Federal Rules of Civil Procedure. References in a response to a preceding or subsequent response incorporate the information and objections state in the referenced response.

Defendant reserves the right to introduce at trial or in support of or in opposition to any motion in this case any and all documents, information, and admissions heretofore or hereafter produced by the parties in this action or by any third person. To the extent that Defendant identifies certain writings or delineates facts contained within any writing or otherwise, it does so without prejudice to establish at a later date any additional facts that may be contained within or discovered as a result of any additional investigation and discovery.

Inadvertent identification of privileged information or writings by Defendant does not constitute a waiver of any applicable privilege. The information hereafter set forth does not waive any objection, including relevance, to the admission of such information

in evidence.

This preliminary statement is incorporated into each and every response set forth herein.

Subject to the foregoing conditions, Defendant objects and responds to Plaintiffs' First Set of Interrogatories (the "Interrogatories") as follows:

## **GENERAL OBJECTIONS**

1. Defendant objects to the Interrogatories because Chinese law requires application of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), including to have translated discovery documents, and authorization from the Chinese government, including pursuant to Chinese data security and privacy laws; nothing herein shall be deemed as a waiver of Defendant's rights, claims, or contentions, including as related to these issues. Defendant refers to the meet-and-confer letter sent to Plaintiffs' counsel on March 30, 2022. Defendant is unable to verify discovery responses without translated requests.

2. Defendant objects to the extent that the Interrogatories are overbroad, unduly burdensome, and/or oppressive.

3. Defendant objects to the Interrogatories to the extent that they impose discovery obligations that differ from or exceed the discovery obligations imposed by the Federal Rules of Civil Procedure or other applicable law.

4. Defendant objects to the Interrogatories to the extent that they seek documents, information, or admissions relating to matters that are neither relevant to the claims asserted in the pleadings nor proportional to the needs of the case.

5. Discovery in this action is continuing and Defendant has not completed its investigation and discovery into this case or the matters related to the Interrogatories. Defendant therefore reserves its right to make changes in these responses if it appears that omissions or errors have been made in them or that further and more accurate information is available. The following responses and objections state Defendant's knowledge, information, and belief as of the date of such responses and objections after

Defendant has conducted a good faith and reasonable inquiry, and Defendant expressly reserves the right to rely upon and/or introduce into evidence at trial such additional information or facts as it may discover hereafter. Defendant objects to the Interrogatories insofar as they may be construed to limit or restrict Defendant's or any other party's right to rely upon any information or document for any purposes whatsoever, including without limitation, the use of information or responsive documents as evidence at any subsequent hearing, trial, or other proceeding.

6. Defendant reserves the right to submit additional objections to the Interrogatories or any other discovery requests of any kind. Defendant reserves the right to change any and all responses herein as additional facts and further information are obtained, new analyses are made, and legal research is completed.

7. Defendant objects to the Interrogatories to the extent that they purport to require Defendant to provide information that is not reasonably available to Defendant through a reasonable and good faith inquiry into its records and the knowledge of its employees.

8. Defendant objects to the Interrogatories to the extent any of them seek information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the joint defense privilege, the privilege for negotiations leading to settlement, or any other applicable privilege. Information protected by any such privilege will not be produced. All such information will be withheld. Any inadvertent production of such information shall not be deemed to waive any privilege or protection with respect to such information.

9. Defendant objects to the Interrogatories to the extent that they seek information protected or prohibited from disclosure under Federal, California, Chinese, or other applicable law, including without limitation, the right of privacy, as well as any other confidentiality rights possessed by third parties. All such information will be withheld.

10. Defendant objects to the Interrogatories to the extent that they duplicate, repeat, or overlap with other discovery requests on the ground that such Interrogatories

1  impose an undue burden on Defendant.

2  11. Defendant does not concede the relevance or the materiality of any information requested or provided or of the subject matter to which such information refers. Defendant's responses are made subject to and without waiving any questions or objections as to the competency, relevance, materiality, or admissibility as evidence or for any other purpose, of any of the information referred to herein, or of the subject matter thereof, in any proceeding, including without limitation the trial of this action or any other action.

12. Defendant objects to the Interrogatories to the extent that they seek information in the possession, custody, or control of individuals or entities other than Defendant on the grounds that each such Interrogatory is unduly burdensome and oppressive, and such information is equally available to Plaintiff.

13. Defendant objects to the Interrogatories to the extent they seek information that calls for a legal conclusion.

14. Each of the foregoing General Objections is a continuing objection, which Defendant incorporates by reference into each specific response to each of the Interrogatories below as if fully set forth herein.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail 35.CN's corporate structure, including but not limited to parent entities, subsidiaries, affiliates and affiliated registrars.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests a wide range of information and is not proportional to the needs of the case. Defendant

1  objects to the extent this information is publicly available and thus equally accessible to
2  Plaintiffs. Defendant objects to this Interrogatory to the extent it requests information about
3  35.CN's business activities, where the Court has already determined that 35.CN is subject
4  to the general jurisdiction of the Court. Defendant objects to this Interrogatory as seeking
5  a narrative response, which is more appropriately addressed in testimony at a deposition.

6        Subject to and without waiving the foregoing objections, Defendant responds as
7  follows: Upon authorization from the Chinese government and translations, Defendant will
8  respond with non-privileged information in its possession, custody, or control, if any;
9  Defendant reserves the right to supplement its response to this Interrogatory.[1]

**INTERROGATORY NO. 2:**

Describe the business, corporate, working or other relationship between 35.CN and ONLINENIC, including the services which 35.CN performs for or on behalf of ONLINENIC, and any monetary payment which 35.CN receives for those services.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests a wide range of information and is not proportional to the needs of the case. Defendant objects to this Interrogatory as compound. Defendant objects to the extent this information is publicly available and thus equally accessible to Plaintiffs. Defendant objects to this Interrogatory to the extent it requests information about 35.CN's business activities, where the Court has already determined that 35.CN is subject to the general jurisdiction of the Court. Defendant objects to this Interrogatory as seeking a narrative response, which is

---

[1] If there is public information within the U.S. that is not subject to authorization from the Chinese government, 35.CN reserves the right to respond, despite lack of application under the Hague Convention, without waiving any rights, including to obtain translated copies. This applies to each response to this First Set of Interrogatories.

1 more appropriately addressed in testimony at a deposition.

2 Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 3:**

Describe the business, corporate, working or other relationship between any entity identified in response to INTERROGATORY NO. 1 and ONLINENIC, including the services which that entity performs for or on behalf of ONLINENIC, and any monetary payment which that entity receives for those services.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests a wide range of information and is not proportional to the needs of the case. Defendant objects to this Interrogatory as compound. Defendant objects to the extent this information is publicly available and thus equally accessible to Plaintiffs. Defendant objects to this Interrogatory to the extent it requests information about 35.CN's business activities, where the Court has already determined that 35.CN is subject to the general jurisdiction of the Court. Defendant objects to this Interrogatory as seeking a narrative response, which is more appropriately addressed in testimony at a deposition.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

//

**INTERROGATORY NO. 4:**

IDENTIFY all officers and directors of 35.CN for each year since 2007, and their business relationship, if any, with ONLINENIC and DOMAIN ID SHIELD.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests "all officers and directors of 35.CN" and is thus not proportional to the needs of the case. Defendant objects to this Interrogatory as compound. Defendant objects to the extent this information is publicly available and thus equally accessible to Plaintiffs. Defendant objects to this Interrogatory to the extent it requests information about 35.CN's business activities, where the Court has already determined that 35.CN is subject to the general jurisdiction of the Court. Defendant objects to this Interrogatory as seeking a narrative response, which is more appropriately addressed in testimony at a deposition.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 5:**

IDENTIFY the 20 largest shareholders of 35.CN for each year since 2007, and their business relationship, if any, with ONLINENIC and DOMAIN ID SHIELD.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests

1  a wide range of information and is not proportional to the needs of the case. Defendant
2  objects to this Interrogatory as compound. Defendant objects to the extent this information
3  is publicly available and thus equally accessible to Plaintiffs. Defendant objects to this
4  Interrogatory to the extent it requests information about 35.CN's business activities, where
5  the Court has already determined that 35.CN is subject to the general jurisdiction of the
6  Court. Defendant objects to this Interrogatory as seeking a narrative response, which is
7  more appropriately addressed in testimony at a deposition.

8  Subject to and without waiving the foregoing objections, Defendant responds as
9  follows: Upon authorization from the Chinese government and translations, Defendant will
10 respond with non-privileged information in its possession, custody, or control, if any;
11 Defendant reserves the right to supplement its response to this Interrogatory.

### INTERROGATORY NO. 6:

IDENTIFY all employees of 35.CN for each year since 2009 that performed work for ONLINENIC, and describe the work each of these employees performed.

### RESPONSE TO INTERROGATORY NO. 6:

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests "all employees of 35.CN" and is thus not proportional to the needs of the case. Defendant objects to this Interrogatory as compound. Defendant objects to the extent this information is publicly available and thus equally accessible to Plaintiffs. Defendant objects to this Interrogatory to the extent it requests information about 35.CN's business activities, where the Court has already determined that 35.CN is subject to the general jurisdiction of the Court. Defendant objects to this Interrogatory as seeking a narrative response, which is more appropriately addressed in testimony at a deposition.

Subject to and without waiving the foregoing objections, Defendant responds as

follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 7:**

IDENTIFY all employees of 35.CN for each year since 2009 that performed work for DOMAIN ID SHIELD, and describe the work each of these employees performed.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests "all employees of 35.CN" and is thus not proportional to the needs of the case. Defendant objects to this Interrogatory as compound. Defendant objects to the extent this information is publicly available and thus equally accessible to Plaintiffs. Defendant objects to this Interrogatory to the extent it requests information about 35.CN's business activities, where the Court has already determined that 35.CN is subject to the general jurisdiction of the Court. Defendant objects to this Interrogatory as seeking a narrative response, which is more appropriately addressed in testimony at a deposition.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 8:**

IDENTIFY all employees of 35.CN who were involved in, or participated in, the production of discovery or the destruction of evidence in this case as described by the Special Discovery Master's Data Destroyed or Withheld Report.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests "all employees of 35.CN" and is thus not proportional to the needs of the case. Defendant objects to this Interrogatory to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Interrogatory as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Interrogatory as vague and ambiguous, including as to the phrases "involved in, or participated in." Defendant objects to this Request as argumentative and assuming facts not in evidence or disputed facts.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 9:**

Describe the business relationship between Sun Shaofeng and 35.CN.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 10:**

Describe the business or personal relationship between Sun Shaofeng and GONG.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as the intrusion into privacy of third parties far outweighs the probative value of the requested information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 11:**

Describe the business relationship between Rex Liu and 35.CN.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as the intrusion into privacy of third parties far outweighs the probative value of the requested information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 12:**

Describe the business or personal relationship between Rex Liu and GONG.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as the intrusion into privacy of third parties far outweighs the probative value of the requested information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 13:**

Describe the reasons why the individuals identified as lenders of money to ONLINENIC in Exhibits 5.1 and 5.2 to the Responses Of OnlineNIC, Inc. and Domain ID Shield To Plaintiff Facebook, Inc.'s Special Court Ordered Interrogatories, attached as Exhibit 1 to these Interrogatories, loaned money to ONLINENIC, and their business or personal relationship, if any, with 35.CN and/or GONG.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Interrogatory as compound. Defendant objects to this Interrogatory as seeking a narrative response, which is more appropriately addressed in testimony at a deposition.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will

respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 14:**

Describe the reasons why the individuals identified as payees for loans made to ONLINENIC in Exhibit 6 to the Responses Of OnlineNIC, Inc. and Domain ID Shield To Plaintiff Facebook, Inc.'s Special Court Ordered Interrogatories, attached as Exhibit 2 to these Interrogatories, were repaid on loans made by others, and their business or personal relationship, if any, with 35.CN and GONG.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests a wide range of information and is not proportional to the needs of the case. Defendant objects to this Interrogatory as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Interrogatory as compound. Defendant objects to this Interrogatory as seeking a narrative response, which is more appropriately addressed in testimony at a deposition.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 15:**

Explain in detail all payments made by ONLINENIC to 35.CN since 2007, including the date, amount and reason for the payment.

//

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests a wide range of information and is not proportional to the needs of the case. Defendant objects to this Interrogatory as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Interrogatory as compound. Defendant objects to this Interrogatory as seeking a narrative response, which is more appropriately addressed in testimony at a deposition.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 16:**

Explain in detail all payments made by 35.CN to or on behalf of ONLINENIC since 2007, including the date, amount and reason for the payment.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests a wide range of information and is not proportional to the needs of the case. Defendant objects to this Interrogatory as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Interrogatory as compound. Defendant objects to this Interrogatory as seeking a narrative response, which is more appropriately addressed in testimony at a deposition.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 17:**

Explain in detail all payments made by DOMAIN ID SHIELD to 35.CN since 2007, including the date, amount and reason for the payment.

**RESPONSE TO INTERROGATORY NO. 17:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests a wide range of information and is not proportional to the needs of the case. Defendant objects to this Interrogatory as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Interrogatory as compound. Defendant objects to this Interrogatory as seeking a narrative response, which is more appropriately addressed in testimony at a deposition.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 18:**

Explain in detail all payments made by 35.CN to or on behalf of DOMAIN ID SHIELD since 2007, including the date, amount and reason for the payment.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision

of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests a wide range of information and is not proportional to the needs of the case. Defendant objects to this Interrogatory as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Interrogatory as compound. Defendant objects to this Interrogatory as seeking a narrative response, which is more appropriately addressed in testimony at a deposition.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Interrogatory.

Respectfully Submitted,

Dated: April 18, 2022

**KRONENBERGER ROSENFELD, LLP**

By: _____
Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.