Exhibit 6

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **META PLATFORMS INC.**, et al., | Case No. 3:19-cv-07071-SI |
| Plaintiffs, | |
| v. | **DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| **ONLINENIC INC.**, et al., | |
| Defendants. | |

**DEFENDANT'S SUPP OBJS AND RESPS
TO PLAINTIFFS' FIRST SET OF ROGS**

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFFS META PLATFORMS, INC. F/K/A FACEBOOK, INC. AND INSTAGRAM, LLC |
| RESPONDING PARTY: | DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD. |
| SET: | ONE |

**PRELIMINARY STATEMENT**

Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") is presently pursuing its investigation and analysis of the facts and law relating to this case, and has not completed its discovery or preparation for trial. Therefore, the responses set forth herein are given without prejudice to Defendant's right to produce evidence of any subsequently discovered facts, writings, or interpretations thereof, or to modify, change, or otherwise amend these responses. The information hereinafter set forth is true and correct to the best knowledge of Defendant as of this date, and is subject to correction for errors or omissions. These responses are based upon records and information presently available to Defendant. Defendant undertakes no affirmative duty to supplement these responses based upon further discovery and investigation other than as mandated by the Federal Rules of Civil Procedure. References in a response to a preceding or subsequent response incorporate the information and objections state in the referenced response.

Defendant reserves the right to introduce at trial or in support of or in opposition to any motion in this case any and all documents, information, and admissions heretofore or hereafter produced by the parties in this action or by any third person. To the extent that Defendant identifies certain writings or delineates facts contained within any writing or otherwise, it does so without prejudice to establish at a later date any additional facts that may be contained within or discovered as a result of any additional investigation and discovery.

Inadvertent identification of privileged information or writings by Defendant does not constitute a waiver of any applicable privilege. The information hereafter set forth does not waive any objection, including relevance, to the admission of such information

1   in evidence.

2          This preliminary statement is incorporated into each and every response set forth

3   herein.

4          Subject to the foregoing conditions, Defendant objects and responds to Plaintiffs'

5   First Set of Interrogatories (the "Interrogatories") as follows:

<u>**GENERAL OBJECTIONS**</u>

7          1.     Defendant objects to the Interrogatories because Chinese law requires

8   application of the Convention on the Taking of Evidence Abroad in Civil or Commercial

9   Matters ("Hague Convention"), including to have translated discovery documents, and

10  authorization from the Chinese government, including pursuant to Chinese data security

11  and privacy laws; nothing herein shall be deemed as a waiver of Defendant's rights, claims,

12  or contentions, including as related to these issues. Defendant refers to the meet-and-

13  confer letter sent to Plaintiffs' counsel on March 30, 2022 and Chinese counsel letter dated

14  June 16, 2022. Defendant is unable to verify discovery responses without translated

15  requests.

16         2.     Defendant objects to the extent that the Interrogatories are overbroad, unduly

17  burdensome, and/or oppressive.

18         3.     Defendant objects to the Interrogatories to the extent that they impose

19  discovery obligations that differ from or exceed the discovery obligations imposed by the

20  Federal Rules of Civil Procedure or other applicable law.

21         4.     Defendant objects to the Interrogatories to the extent that they seek

22  documents, information, or admissions relating to matters that are neither relevant to the

23  claims asserted in the pleadings nor proportional to the needs of the case.

24         5.     Discovery in this action is continuing and Defendant has not completed its

25  investigation and discovery into this case or the matters related to the Interrogatories.

26  Defendant therefore reserves its right to make changes in these responses if it appears

27  that omissions or errors have been made in them or that further and more accurate

28  information is available. The following responses and objections state Defendant's

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

knowledge, information, and belief as of the date of such responses and objections after Defendant has conducted a good faith and reasonable inquiry, and Defendant expressly reserves the right to rely upon and/or introduce into evidence at trial such additional information or facts as it may discover hereafter. Defendant objects to the Interrogatories insofar as they may be construed to limit or restrict Defendant's or any other party's right to rely upon any information or document for any purposes whatsoever, including without limitation, the use of information or responsive documents as evidence at any subsequent hearing, trial, or other proceeding.

6.     Defendant reserves the right to submit additional objections to the Interrogatories or any other discovery requests of any kind. Defendant reserves the right to change any and all responses herein as additional facts and further information are obtained, new analyses are made, and legal research is completed.

7.     Defendant objects to the Interrogatories to the extent that they purport to require Defendant to provide information that is not reasonably available to Defendant through a reasonable and good faith inquiry into its records and the knowledge of its employees.

8.     Defendant objects to the Interrogatories to the extent any of them seek information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the joint defense privilege, the privilege for negotiations leading to settlement, or any other applicable privilege. Information protected by any such privilege will not be produced. All such information will be withheld. Any inadvertent production of such information shall not be deemed to waive any privilege or protection with respect to such information.

9.     Defendant objects to the Interrogatories to the extent that they seek information protected or prohibited from disclosure under Federal, California, Chinese, or other applicable law, including without limitation, the right of privacy, as well as any other confidentiality rights possessed by third parties. All such information will be withheld.

10.    Defendant objects to the Interrogatories to the extent that they duplicate,

repeat, or overlap with other discovery requests on the ground that such Interrogatories impose an undue burden on Defendant.

11.    Defendant does not concede the relevance or the materiality of any information requested or provided or of the subject matter to which such information refers. Defendant's responses are made subject to and without waiving any questions or objections as to the competency, relevance, materiality, or admissibility as evidence or for any other purpose, of any of the information referred to herein, or of the subject matter thereof, in any proceeding, including without limitation the trial of this action or any other action.

12.    Defendant objects to the Interrogatories to the extent that they seek information in the possession, custody, or control of individuals or entities other than Defendant on the grounds that each such Interrogatory is unduly burdensome and oppressive, and such information is equally available to Plaintiffs. In particular, Plaintiffs must seek and use information from OnlineNIC and ID Shield in the United States first, especially as (1) the Court has not finally ruled on whether it has personal jurisdiction over 35.CN and as 35.CN is prohibited under Chinese law from disclosing non-public information to Plaintiffs, and (2) **OnlineNIC and ID Shield have already responded to hundreds of written discovery requests**, including multiple sets of requests for admission, interrogatories, and requests for production of documents in this case.

13.    Defendant objects to the Interrogatories to the extent they seek information that calls for a legal conclusion.

14.    Each of the foregoing General Objections is a continuing objection, which Defendant incorporates by reference into each specific response to each of the Interrogatories below as if fully set forth herein.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail 35.CN's corporate structure, including but not limited to parent

DEFENDANT'S SUPP OBJS AND RESPS
TO PLAINTIFFS' FIRST SET OF ROGS

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  entities, subsidiaries, affiliates and affiliated registrars.

2  **RESPONSE TO INTERROGATORY NO. 1:**

3      Defendant objects to this Interrogatory to the extent Chinese law bars the provision

4  of responsive information such that the case warrants application of the Hague Convention

5  and substantive responses require authorization from the Chinese government. Defendant

6  objects to this Interrogatory as overbroad and unduly burdensome, including as it requests

7  a wide range of information and is not proportional to the needs of the case. Defendant

8  objects to the extent this information is publicly available and thus equally accessible to

9  Plaintiffs. Defendant objects to this Interrogatory to the extent it requests information about

10  35.CN's business activities, where the Court has already determined that 35.CN is subject

11  to the general jurisdiction of the Court. Defendant objects to this Interrogatory as confusing

12  and seeking a narrative response. Defendant objects to Plaintiffs' references to affiliates

13  and affiliated registrars as vague and ambiguous as those types of entities are not part of

14  a corporate structure. Defendant objects to the extent that the response to this

15  Interrogatory may be determined by examining records that have been or will be produced

16  in this case. Fed. R. Civ. P. 33(d).[1]

17      Subject to and without waiving the foregoing objections, Defendant responds as

18  follows: Defendant is a public company in China. Defendant refers to public documents

19  that it produced as well as additional public documents that will be produced or described.

20

21  **INTERROGATORY NO. 2:**

22      Describe the business, corporate, working or other relationship between 35.CN and

23  ONLINENIC, including the services which 35.CN performs for or on behalf of ONLINENIC,

24  and any monetary payment which 35.CN receives for those services.

25  //

26  _____

[1] If there is public information within the U.S. that is not subject to authorization from the
27  Chinese government, 35.CN reserves the right to respond, despite lack of application
    under the Hague Convention, without waiving any rights, including to obtain translated
28  copies. This applies to each response to this First Set of Interrogatories.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests a wide range of information and is not proportional to the needs of the case. Defendant objects to this Interrogatory as compound. Defendant objects to the extent this information is publicly available and thus equally accessible to Plaintiffs. Defendant objects to this Interrogatory to the extent it requests information about 35.CN's business activities, where the Court has already determined that 35.CN is subject to the general jurisdiction of the Court. Defendant objects to this Interrogatory as confusing and seeking a narrative response. Defendant objects to the extent that the response to this Interrogatory may be determined by examining records that have been or will be produced in this case. Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Defendant responds as follows: 35.CN and OnlineNIC have a working relationship wherein 35.CN renders outsourcing services to OnlineNIC in exchange for payment.

**INTERROGATORY NO. 3:**

Describe the business, corporate, working or other relationship between any entity identified in response to INTERROGATORY NO. 1 and ONLINENIC, including the services which that entity performs for or on behalf of ONLINENIC, and any monetary payment which that entity receives for those services.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

a wide range of information and is not proportional to the needs of the case. Defendant objects to this Interrogatory as compound. Defendant objects to the extent this information is publicly available and thus equally accessible to Plaintiffs. Defendant objects to this Interrogatory to the extent it requests information about 35.CN's business activities, where the Court has already determined that 35.CN is subject to the general jurisdiction of the Court. Defendant objects to this Interrogatory as confusing and seeking a narrative response. Defendant objects to the extent that the response to this Interrogatory may be determined by examining records that have been or will be produced in this case. Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Defendant responds as follows: 35.CN and OnlineNIC have a working relationship wherein 35.CN renders outsourcing services to OnlineNIC in exchange for payment.

**INTERROGATORY NO. 4:**

IDENTIFY all officers and directors of 35.CN for each year since 2007, and their business relationship, if any, with ONLINENIC and DOMAIN ID SHIELD.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests "all officers and directors of 35.CN" and is thus not proportional to the needs of the case. Defendant objects to this Interrogatory as compound. Defendant objects to the extent this information is publicly available and thus equally accessible to Plaintiffs. Defendant objects to this Interrogatory to the extent it requests information about 35.CN's business activities, where the Court has already determined that 35.CN is subject to the general jurisdiction of the Court. Defendant objects to this Interrogatory as confusing and seeking a narrative response. Defendant objects to the extent that the response to this Interrogatory may be

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  determined by examining records that have been or will be produced in this case. Fed. R.

2  Civ. P. 33(d).

3      Subject to and without waiving the foregoing objections, Defendant responds as

4  follows: Defendant refers to its prior productions and public documents.

5

6  **INTERROGATORY NO. 5:**

7      IDENTIFY the 20 largest shareholders of 35.CN for each year since 2007, and their

8  business relationship, if any, with ONLINENIC and DOMAIN ID SHIELD.

9  **RESPONSE TO INTERROGATORY NO. 5:**

10      Defendant objects to this Interrogatory to the extent Chinese law bars the provision

11  of responsive information such that the case warrants application of the Hague Convention

12  and substantive responses require authorization from the Chinese government. Defendant

13  objects to this Interrogatory as overbroad and unduly burdensome, including as it requests

14  a wide range of information and is not proportional to the needs of the case. Defendant

15  objects to this Interrogatory as compound. Defendant objects to the extent this information

16  is publicly available and thus equally accessible to Plaintiffs. Defendant objects to this

17  Interrogatory to the extent it requests information about 35.CN's business activities, where

18  the Court has already determined that 35.CN is subject to the general jurisdiction of the

19  Court. Defendant objects to this Interrogatory as confusing and seeking a narrative

20  response. Defendant objects to the extent that the response to this Interrogatory may be

21  determined by examining records that have been or will be produced in this case. Fed. R.

22  Civ. P. 33(d).

23      Subject to and without waiving the foregoing objections, Defendant responds as

24  follows: Defendant refers to its prior productions and public documents.

25

26  **INTERROGATORY NO. 6:**

27      IDENTIFY all employees of 35.CN for each year since 2009 that performed work for

28  ONLINENIC, and describe the work each of these employees performed.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests "all employees of 35.CN" and is thus not proportional to the needs of the case.  Defendant objects to this Interrogatory as compound. Defendant objects to the extent this information is publicly available and thus equally accessible to Plaintiffs. Defendant objects to this Interrogatory to the extent it requests information about 35.CN's business activities, where the Court has already determined that 35.CN is subject to the general jurisdiction of the Court. Defendant objects to this Interrogatory as confusing and seeking a narrative response. Defendant objects that this Interrogatory relies on Plaintiffs' misunderstanding of the agreement between 35.CN and OnlineNIC. The agreement is a staffing agreement, not a type of co-employment agreement, and as such this Interrogatory is nonsensical. Defendant objects to the extent that the response to this Interrogatory may be determined by examining records that have been or will be produced in this case. Fed. R. Civ. P. 33(d).

Subject to and without waiving the foregoing objections, Defendant responds as follows: Under the outsourcing agreement, OnlineNIC has discretion to use different employees of 35.CN who work on matters as requested by OnlineNIC.

**INTERROGATORY NO. 7:**

IDENTIFY all employees of 35.CN for each year since 2009 that performed work for DOMAIN ID SHIELD, and describe the work each of these employees performed.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests

**DEFENDANT'S SUPP OBJS AND RESPS TO PLAINTIFFS' FIRST SET OF ROGS**

1  "all employees of 35.CN" and is thus not proportional to the needs of the case. Defendant

2  objects to this Interrogatory as compound. Defendant objects to the extent this information

3  is publicly available and thus equally accessible to Plaintiffs. Defendant objects to this

4  Interrogatory to the extent it requests information about 35.CN's business activities, where

5  the Court has already determined that 35.CN is subject to the general jurisdiction of the

6  Court. Defendant objects to this Interrogatory as confusing and seeking a narrative

7  response. Defendant objects to the extent that the response to this Interrogatory may be

8  determined by examining records that have been or will be produced in this case. Fed. R.

9  Civ. P. 33(d).

10     Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Under the outsourcing agreement, OnlineNIC has discretion to use different

12  employees of 35.CN who work on matters as requested by OnlineNIC.

13

14  **INTERROGATORY NO. 8:**

15     IDENTIFY all employees of 35.CN who were involved in, or participated in, the

16  production of discovery or the destruction of evidence in this case as described by the

17  Special Discovery Master's Data Destroyed or Withheld Report.

18  **RESPONSE TO INTERROGATORY NO. 8:**

19     Defendant objects to this Interrogatory to the extent Chinese law bars the provision

20  of responsive information such that the case warrants application of the Hague Convention

21  and substantive responses require authorization from the Chinese government. Defendant

22  objects to this Interrogatory as overbroad and unduly burdensome, including as it requests

23  "all employees of 35.CN" and is thus not proportional to the needs of the case. Defendant

24  objects to this Interrogatory to the extent responsive information is within the possession,

25  custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more

26  accessible to Plaintiffs than to Defendant. Defendant objects to this Interrogatory as the

27  intrusion into privacy of third parties far outweighs the probative value of the requested

28  information. Defendant objects to this Interrogatory as vague and ambiguous, including as

10

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   to the phrases "involved in, or participated in." Defendant objects to this Request as

2   argumentative and assuming facts not in evidence or disputed facts. Defendant objects to

3   the extent that the response to this Interrogatory may be determined by examining records

4   that have been or will be produced in this case. Fed. R. Civ. P. 33(d).

5       Subject to and without waiving the foregoing objections, Defendant responds as

6   follows: Defendant disputes there was "destruction" as alleged; and Defendant refers to

7   OnlineNIC, who had discretion to use employees for different work.

8

9   **INTERROGATORY NO. 9:**

10  Describe the business relationship between Sun Shaofeng and 35.CN.

11  **RESPONSE TO INTERROGATORY NO. 9:**

12      Defendant objects to this Interrogatory to the extent Chinese law bars the provision

13  of responsive information such that the case warrants application of the Hague Convention

14  and substantive responses require authorization from the Chinese government. Defendant

15  objects to this Interrogatory as investigation and discovery are ongoing.

16      Subject to and without waiving the foregoing objections, Defendant responds as

17  follows: No known business relationship involving 35.CN.

18

19  **INTERROGATORY NO. 10:**

20  Describe the business or personal relationship between Sun Shaofeng and GONG.

21  **RESPONSE TO INTERROGATORY NO. 10:**

22      Defendant objects to this Interrogatory to the extent Chinese law bars the provision

23  of responsive information such that the case warrants application of the Hague Convention

24  and substantive responses require authorization from the Chinese government. Defendant

25  objects to this Interrogatory as the intrusion into privacy of third parties far outweighs the

26  probative value of the requested information. Defendant objects to this Interrogatory as

27  investigation and discovery are ongoing.

28      Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

follows: Defendant lacks information to respond to this Interrogatory, which requests information about third parties; therefore, Defendant refers to the third parties.

**INTERROGATORY NO. 11:**

Describe the business relationship between Rex Liu and 35.CN.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Interrogatory as investigation and discovery are ongoing.

Subject to and without waiving the foregoing objections, Defendant responds as follows: No known business relationship involving 35.CN.

**INTERROGATORY NO. 12:**

Describe the business or personal relationship between Rex Liu and GONG.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Interrogatory as investigation and discovery are ongoing.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to respond to this Interrogatory, which requests information about third parties; therefore, Defendant refers to the third parties.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **INTERROGATORY NO. 13:**

2          Describe the reasons why the individuals identified as lenders of money to

3    ONLINENIC in Exhibits 5.1 and 5.2 to the Responses Of OnlineNIC, Inc. and Domain ID

4    Shield To Plaintiff Facebook, Inc.'s Special Court Ordered Interrogatories, attached as

5    Exhibit 1 to these Interrogatories, loaned money to ONLINENIC, and their business or

6    personal relationship, if any, with 35.CN and/or GONG.

7    **RESPONSE TO INTERROGATORY NO. 13:**

8          Defendant objects to this Interrogatory to the extent Chinese law bars the provision

9    of responsive information such that the case warrants application of the Hague Convention

10    and substantive responses require authorization from the Chinese government. Defendant

11    objects to this Interrogatory to the extent responsive information is within the possession,

12    custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more

13    accessible to Plaintiffs than to Defendant. Defendant objects to this Interrogatory as

14    compound. Defendant objects to this Interrogatory as confusing and seeking a narrative

15    response.

16          Subject to and without waiving the foregoing objections, Defendant responds as

17    follows: Defendant invites Plaintiffs to meet and confer about the meaning of this

18    Interrogatory and what information is sought by Plaintiffs.

19

20    **INTERROGATORY NO. 14:**

21          Describe the reasons why the individuals identified as payees for loans made to

22    ONLINENIC in Exhibit 6 to the Responses Of OnlineNIC, Inc. and Domain ID Shield To

23    Plaintiff Facebook, Inc.'s Special Court Ordered Interrogatories, attached as Exhibit 2 to

24    these Interrogatories, were repaid on loans made by others, and their business or personal

25    relationship, if any, with 35.CN and GONG.

26    **RESPONSE TO INTERROGATORY NO. 14:**

27          Defendant objects to this Interrogatory to the extent Chinese law bars the provision

28    of responsive information such that the case warrants application of the Hague Convention

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests a wide range of information and is not proportional to the needs of the case. Defendant objects to this Interrogatory as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Interrogatory as compound. Defendant objects to this Interrogatory as confusing and seeking a narrative response. Defendant objects to this Interrogatory as containing grammatical or typographical errors, rendering it inscrutable and incomprehensible, and as such Defendant is unable to form a coherent response.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant invites Plaintiffs to meet and confer about the meaning of this Interrogatory and what information is sought by Plaintiffs.

**INTERROGATORY NO. 15:**

Explain in detail all payments made by ONLINENIC to 35.CN since 2007, including the date, amount and reason for the payment.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests a wide range of information and is not proportional to the needs of the case. Defendant objects to this Interrogatory as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Interrogatory as compound. Defendant objects to this Interrogatory as confusing and seeking a narrative response. Defendant objects to the extent that the response to this Interrogatory may be determined by examining records that have been or will be produced in this case. Fed. R. Civ. P. 33(d). Defendant objects to the extent this Interrogatory relies on disputed facts.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2    follows: Defendant refers to materials and responses provided by OnlineNIC and ID Shield,

3    which previously provided hundreds of written discovery responses to Plaintiffs.

4

5    **INTERROGATORY NO. 16:**

6    Explain in detail all payments made by 35.CN to or on behalf of ONLINENIC since

7    2007, including the date, amount and reason for the payment.

8    **RESPONSE TO INTERROGATORY NO. 16:**

9    Defendant objects to this Interrogatory to the extent Chinese law bars the

10    provision of responsive information such that the case warrants application of the Hague

11    Convention and substantive responses require authorization from the Chinese

12    government. Defendant objects to this Interrogatory as overbroad and unduly burdensome,

13    including as it requests a wide range of information and is not proportional to the needs of

14    the case. Defendant objects to this Interrogatory as seeking information that is not relevant

15    to the claim or defense of any party. Defendant objects to this Interrogatory as compound.

16    Defendant objects to this Interrogatory as confusing and seeking a narrative response.

17    Defendant objects to the extent that the response to this Interrogatory may be determined

18    by examining records that have been or will be produced in this case. Fed. R. Civ. P. 33(d).

19    Defendant objects to the extent this Interrogatory relies on disputed facts.

20    Subject to and without waiving the foregoing objections, Defendant responds as

21    follows: Defendant refers to materials and responses provided by OnlineNIC and ID Shield,

22    which previously provided hundreds of written discovery responses to Plaintiffs.

23

24    **INTERROGATORY NO. 17:**

25    Explain in detail all payments made by DOMAIN ID SHIELD to 35.CN since 2007,

26    including the date, amount and reason for the payment.

27    **RESPONSE TO INTERROGATORY NO. 17:**

28    Defendant objects to this Interrogatory to the extent Chinese law bars the provision

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests a wide range of information and is not proportional to the needs of the case. Defendant objects to this Interrogatory as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Interrogatory as compound. Defendant objects to this Interrogatory as confusing and seeking a narrative response. Defendant objects to the extent that the response to this Interrogatory may be determined by examining records that have been or will be produced in this case. Fed. R. Civ. P. 33(d). Defendant objects to the extent this Interrogatory relies on disputed facts.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant refers to materials and responses provided by OnlineNIC and ID Shield, which previously provided hundreds of written discovery responses to Plaintiffs.

**INTERROGATORY NO. 18:**

Explain in detail all payments made by 35.CN to or on behalf of DOMAIN ID SHIELD since 2007, including the date, amount and reason for the payment.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government. Defendant objects to this Interrogatory as overbroad and unduly burdensome, including as it requests a wide range of information and is not proportional to the needs of the case. Defendant objects to this Interrogatory as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Interrogatory as compound. Defendant objects to this Interrogatory as confusing and seeking a narrative response. Defendant objects to the extent that the response to this Interrogatory may be determined by examining records that have been or will be produced in this case. Fed. R. Civ. P. 33(d).

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1   Defendant objects to the extent this Interrogatory relies on disputed facts.

2         Subject to and without waiving the foregoing objections, Defendant responds as

3   follows: Defendant refers to materials and responses provided by OnlineNIC and ID Shield,

4   which previously provided hundreds of written discovery responses to Plaintiffs.

5

6   Respectfully Submitted,

7   Dated: June 28, 2022                 **KRONENBERGER ROSENFELD, LLP**

8

9                                        By: _____*s/Karl S. Kronenberger*_____

10                                              Karl S. Kronenberger

11                                       Attorneys for Defendant Xiamen 35.com
                                         Technology Co., Ltd.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VERIFICATION TO FOLLOW**

**Appendix to 35.CN's Responses to Plaintiffs' Written Discovery Requests**

**Steps to Access 35.CN Public Documents through CNINFO.COM.CN**

**Step 1: Go to CNINFO.COM.CN.**



**Step 2: Key in the name of 35CN with stock sticker of 300051, and the time period to search. For example, Jan.1, 2007 to June 28, 2022.**



**Step3: Click the blue search button to be directed to the documents. For example, a search run on 6/28/22 resulted in 1,745 public records in Chinese from 2010 to 2022.**

