# Exhibit 7

TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:    213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon *Pro Hac Vice*
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:    650.752.2000
Facsimile:    650.752.2111

Attorneys for Plaintiffs,
META PLATFORMS, INC. and INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| META PLATFORMS, INC. and INSTAGRAM, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ONLINENIC INC., DOMAIN ID SHIELD SERVICE CO., LIMITED, and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD., <br><br> Defendants. | Case No. 3:19-CV-07071-SI <br><br> **PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.** <br><br> Hon. Susan Illston |
|---|---|

Plaintiffs Meta Platforms, Inc. (f/k/a/ Facebook, Inc.) and Instagram, LLC (collectively "Plaintiffs") request that Defendant Xiamen 35.Com Internet Technology Co., Ltd. ("35.CN") provide a written response to each request, in accordance with Rule 36 of the Federal Rules of Civil Procedure within thirty days after the service of these requests.

## DEFINITIONS

Unless specifically indicated, or otherwise required by the context in which the terms and names are used the following definitions shall apply:

A. "35.CN" shall mean Defendant Xiamen 35.Com Internet Technology Co., Ltd. a/k/a 35cn a/k/a 35.cn a/k/a 35.com.

B. "ONLINENIC" shall mean Defendant OnlineNIC Inc.

C. "DOMAIN ID SHIELD" shall mean Defendant Domain ID Shield Service Co., Limited.

D. "GONG" shall mean Shaohui Gong a/k/a Shao Hong Gong a/k/a Kevin Gong, the current or former majority shareholder of 35.CN.

E. "CARRIE YU" shall mean Hongxia Yu a/k/a Yu Hongxia a/k/a Carrie Yu a/k/a Carrie Arden.

F. "ICANN" shall mean the Internet Corporation of Assigned Names and Numbers.

G. "RAA" shall mean the ICANN Registrar Accreditation Agreement.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that ONLINENIC uses employees of 35.CN to conduct work for ONLINENIC.

**REQUEST FOR ADMISSION NO. 2:**

Admit that ONLINENIC used employees of 35.CN to conduct work for ONLINENIC.

**REQUEST FOR ADMISSION NO. 3:**

Admit that DOMAIN ID SHIELD uses employees of 35.CN to conduct work for DOMAIN ID SHIELD.

**REQUEST FOR ADMISSION NO. 4:**

Admit that DOMAIN ID SHIELD used employees of 35.CN to conduct work for DOMAIN ID

SHIELD.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the day-to-day operations of ONLINENIC are carried out by employees of 35.CN.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the day-to-day operations of ONLINENIC were carried out by employees of 35.CN.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the day-to-day operations of DOMAIN ID SHIELD are carried out by employees of 35.CN.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the day-to-day operations of DOMAIN ID SHIELD were carried out by employees of 35.CN.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the technical support of ONLINENIC is carried out by employees of 35.CN.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the technical support of ONLINENIC was carried out by employees of 35.CN.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the technical support of DOMAIN ID SHIELD is carried out by employees of 35.CN.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the technical support of DOMAIN ID SHIELD was carried out by employees of 35.CN.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the customer support of ONLINENIC is carried out by employees of 35.CN.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the customer support of ONLINENIC was carried out by employees of 35.CN.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the customer support of DOMAIN ID SHIELD is carried out by employees of 35.CN.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the customer support of DOMAIN ID SHIELD was carried out by employees of 35.CN.

**REQUEST FOR ADMISSION NO. 17:**

Admit that GONG was the incorporator and 100% owner of ONLINENIC.

**REQUEST FOR ADMISSION NO. 18:**

Admit that at one point in time, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**REQUEST FOR ADMISSION NO. 19:**

Admit that in 2002, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**REQUEST FOR ADMISSION NO. 20:**

Admit that in 2003, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**REQUEST FOR ADMISSION NO. 21:**

Admit that in 2004, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**REQUEST FOR ADMISSION NO. 22:**

Admit that in 2005, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**REQUEST FOR ADMISSION NO. 23:**

Admit that in 2006, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**REQUEST FOR ADMISSION NO. 24:**

Admit that in 2007, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**REQUEST FOR ADMISSION NO. 25:**

Admit that in 2008 GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**REQUEST FOR ADMISSION NO. 26:**

Admit that in 2009, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**REQUEST FOR ADMISSION NO. 27:**

Admit that GONG is the majority shareholder of 35.CN.

**REQUEST FOR ADMISSION NO. 28:**

Admit that GONG was the 100% owner of ONLINENIC from 2009-2014.

**REQUEST FOR ADMISSION NO. 29:**

Admit that GONG sold ONLINENIC to Zhippo Chen in 2009.

**REQUEST FOR ADMISSION NO. 30:**

Admit that GONG sold ONLINENIC to Rex Liu in 2007.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Rex Liu is not involved in the day-to-day operations of ONLINENIC.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Rex Liu is not involved in the day-to-day operations of DOMAIN ID SHIELD.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Rex Liu is not involved in the policy decisions of ONLINENIC.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Rex Liu is not involved in the policy decisions of DOMAIN ID SHIELD.

**REQUEST FOR ADMISSION NO. 35:**

Admit that Rex Liu does not oversee the management of ONLINENIC.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Rex Liu does not oversee the management of DOMAIN ID SHIELD.

**REQUEST FOR ADMISSION NO. 37:**

Admit that CARRIE YU is an employee of 35.CN.

**REQUEST FOR ADMISSION NO. 38:**

Admit that CARRIE YU is a director of 35.CN.

**REQUEST FOR ADMISSION NO. 39:**

Admit that as a director of 35.CN, CARRIE YU runs 35.CN's software outsourcing center.

**REQUEST FOR ADMISSION NO. 40:**

Admit that as a director of 35.CN, CARRIE YU oversees the management of ONLINENIC.

**REQUEST FOR ADMISSION NO. 41:**

Admit that CARRIE YU was designated 35.CN's primary ICANN contact by GONG in 2012.

**REQUEST FOR ADMISSION NO. 42:**

Admit that CARRIE YU represented to ICANN that she was a director of 35.CN when she signed the RAA on behalf of 35.CN in 2014.

**REQUEST FOR ADMISSION NO. 43:**

Admit that CARRIE YU was not a director of 35.CN when she signed the RAA on behalf of 35.CN in 2014.

**REQUEST FOR ADMISSION NO. 44:**

Admit that CARRIE YU is paid by 35.CN.

**REQUEST FOR ADMISSION NO. 45:**

Admit that CARRIE YU is paid by 35.CN to oversee the management of ONLINENIC.

**REQUEST FOR ADMISSION NO. 46:**

Admit that CARRIE YU is an officer of ONLINENIC.

**REQUEST FOR ADMISSION NO. 47:**

Admit that CARRIE YU owns DOMAIN ID SHIELD for the benefit of ONLINENIC.

**REQUEST FOR ADMISSION NO. 48:**

Admit that as a director of 35.CN, CARRIE YU's office space is in the same office building as 35.CN.

**REQUEST FOR ADMISSION NO. 49:**

Admit that as an officer of ONLINENIC, CARRIE YU's office space is in the same office building as 35.CN.

**REQUEST FOR ADMISSION NO. 50:**

Admit that the office space CARRIE YU uses as a director of 35.CN is the same as the office space for her work as an officer of ONLINENIC.

**REQUEST FOR ADMISSION NO. 51:**

Admit that the office space CARRIE YU uses to run 35.CN's software outsourcing center is the same as the office space for her work as an officer of ONLINENIC.

**REQUEST FOR ADMISSION NO. 52:**

Admit that 35.CN controls the operations of ONLINENIC.

**REQUEST FOR ADMISSION NO. 53:**

Admit that 35.CN controlled the operations of ONLINENIC.

**REQUEST FOR ADMISSION NO. 54:**

Admit that 35.CN controls the operations of DOMAIN ID SHIELD.

**REQUEST FOR ADMISSION NO. 55:**

Admit that 35.CN controlled the operations of DOMAIN ID SHIELD.

**REQUEST FOR ADMISSION NO. 56:**

Admit that 35.CN controls the policy decisions made by ONLINENIC.

**REQUEST FOR ADMISSION NO. 57:**

Admit that 35.CN controlled the policy decisions made by ONLINENIC.

**REQUEST FOR ADMISSION NO. 58:**

Admit that 35.CN controls the policy decisions made by DOMAIN ID SHIELD.

**REQUEST FOR ADMISSION NO. 59:**

Admit that 35.CN controlled the policy decisions made by DOMAIN ID SHIELD.

**REQUEST FOR ADMISSION NO. 60:**

Admit that ONLINENIC is a subsidiary of 35.CN.

**REQUEST FOR ADMISSION NO. 61:**

Admit that ONLINENIC was a subsidiary of 35.CN.

**REQUEST FOR ADMISSION NO. 62:**

Admit that DOMAIN ID SHIELD is a subsidiary of 35.CN.

**REQUEST FOR ADMISSION NO. 63:**

Admit that DOMAIN ID SHIELD was a subsidiary of 35.CN.

**REQUEST FOR ADMISSION NO. 64:**

Admit that ONLINENIC was incorporated or otherwise formed by 35.CN.

**REQUEST FOR ADMISSION NO. 65:**

Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by 35.CN.

**REQUEST FOR ADMISSION NO. 66:**

Admit that ONLINENIC was incorporated or otherwise formed by officers and/or directors of 35.CN.

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

**REQUEST FOR ADMISSION NO. 67:**

Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by officers and/or directors of 35.CN.

**REQUEST FOR ADMISSION NO. 68:**

Admit that ONLINENIC was incorporated or otherwise formed by shareholders of 35.CN.

**REQUEST FOR ADMISSION NO. 69:**

Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by shareholders of 35.CN.

**REQUEST FOR ADMISSION NO. 70:**

Admit that 35.CN pays the wages of employees of ONLINENIC.

**REQUEST FOR ADMISSION NO. 71:**

Admit that 35.CN paid the wages of employees of ONLINENIC.

**REQUEST FOR ADMISSION NO. 72:**

Admit that 35.CN pays the costs of maintaining ONLINENIC as a corporate entity, including annual filing fees and attorney or accountant services.

**REQUEST FOR ADMISSION NO. 73:**

Admit that 35.CN paid the costs of maintaining ONLINENIC as a corporate entity, including annual filing fees and attorney or accountant services.

**REQUEST FOR ADMISSION NO. 74:**

Admit that 35.CN pays the costs of maintaining DOMAIN ID SHIELD as a corporate entity, including annual filing fees and attorney or accountant services.

**REQUEST FOR ADMISSION NO. 75:**

Admit that 35.CN paid the costs of maintaining DOMAIN ID SHIELD as a corporate entity, including annual filing fees and attorney or accountant services.

**REQUEST FOR ADMISSION NO. 76:**

Admit that 35.CN made payments to ONLINENIC between July 2014 and April 2019 totaling over $500,000.

**REQUEST FOR ADMISSION NO. 77:**

Admit that ONLINENIC made a loan repayment in 2018 to GONG for a loan that GONG did not make to ONLINENIC.

**REQUEST FOR ADMISSION NO. 78:**

Admit that ONLINENIC did not file a document informing ICANN that GONG no longer owned ONLINENIC.

**REQUEST FOR ADMISSION NO. 79:**

Admit that 35.CN entered into contracts with ONLINENIC, a California corporation.

**REQUEST FOR ADMISSION NO. 80:**

Admit that 35.CN entered into contracts with ICANN.

**REQUEST FOR ADMISSION NO. 81:**

Admit that 35.CN entered into contracts with Iron Mountain Intellectual Property Management, a California corporation.

**REQUEST FOR ADMISSION NO. 82:**

Admit that 35.CN and ONLINENIC do not engage in arms-length transactions when they conduct transactions with each other.

**REQUEST FOR ADMISSION NO. 83:**

Admit that 35.CN and DOMAIN ID SHIELD do not engage in arms-length transactions when they conduct transactions with each other.

**REQUEST FOR ADMISSION NO. 84:**

Admit that 35.CN is paying for ONLINENIC's defense in this action.

**REQUEST FOR ADMISSION NO. 85:**

Admit that 35.CN is paying for DOMAIN ID SHIELD's defense in this action.

**REQUEST FOR ADMISSION NO. 86:**

Admit that employees and a director of 35.CN directly participate in the registrar services offered by ONLINENIC, including the registration of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 87:**

Admit that employees and a director of 35.CN actively participate in the registrar services offered by ONLINENIC, including the registration of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 88:**

Admit that employees and a director of 35.CN authorize the registrar services offered by ONLINENIC, including the registration of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 89:**

Admit that employees and a director of 35.CN direct the registrar services offered by ONLINENIC, including the registration of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 90:**

Admit that 35.CN directly participates in the registrar services offered by ONLINENIC, including the registration of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 91:**

Admit that 35.CN actively participates in the registrar services offered by ONLINENIC, including the registration of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 92:**

Admit that 35.CN authorizes the registrar services offered by ONLINENIC, including the registration of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 93:**

Admit that 35.CN directs the registrar services offered by ONLINENIC, including the registration of domain names on behalf of third parties

**REQUEST FOR ADMISSION NO. 94:**

Admit that employees and a director of 35.CN directly participate in the privacy/proxy services offered by DOMAIN ID SHIELD, including the registration of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 95:**

Admit that employees and a director of 35.CN actively participate in the privacy/proxy services offered by DOMAIN ID SHIELD, including the registration of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 96:**

Admit that employees and a director of 35.CN authorize the privacy/proxy services offered by DOMAIN ID SHIELD, including the REGISTRATION of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 97:**

Admit that employees and a director of 35.CN direct the privacy/proxy services offered by DOMAIN ID SHIELD, including the REGISTRATION of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 98:**

Admit that 35.CN directly participates in the privacy/proxy services offered by DOMAIN ID SHIELD, including the registration of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 99:**

Admit that 35.CN actively participates in the privacy/proxy services offered by DOMAIN ID SHIELD, including the registration of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 100:**

Admit that 35.CN authorizes the privacy/proxy services offered by DOMAIN ID SHIELD, including the REGISTRATION of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 101:**

Admit that 35.CN directs the privacy/proxy services offered by DOMAIN ID SHIELD, including the REGISTRATION of domain names on behalf of third parties.

**REQUEST FOR ADMISSION NO. 102:**

Admit that all of the work of ONLINENIC is performed by individuals who work out of 35.CN's offices.

**REQUEST FOR ADMISSION NO. 103:**

Admit that all of the work of ONLINENIC was performed by individuals who worked out of 35.CN's offices.

**REQUEST FOR ADMISSION NO. 104:**

Admit that all of the work of DOMAIN ID SHIELD is performed by employees and independent contractors of 35.CN.

**REQUEST FOR ADMISSION NO. 105:**

Admit that all of the work of DOMAIN ID SHIELD was performed by employees and independent contractors of 35.CN.

**REQUEST FOR ADMISSION NO. 106:**

Admit that all of the work of DOMAIN ID SHIELD is performed by individuals who work out of 35.CN's offices.

**REQUEST FOR ADMISSION NO. 107:**

Admit that all of the work of DOMAIN ID SHIELD was performed by individuals who worked out of 35.CN's offices.

**REQUEST FOR ADMISSION NO. 108:**

Admit that employees of 35.CN were involved in the destruction of evidence as detailed in the Special Discovery Master's Data Destroyed or Withheld Report.

**REQUEST FOR ADMISSION NO. 109:**

Admit that employees of 35.CN participated in the destruction of evidence as detailed in the Special Discovery Master's Data Destroyed or Withheld Report.

**REQUEST FOR ADMISSION NO. 110:**

Admit that 35.CN was involved in the destruction of evidence as detailed in the Special Discovery Master's Data Destroyed or Withheld Report.

**REQUEST FOR ADMISSION NO. 111:**

Admit that 35.CN participated in the destruction of evidence as detailed in the Special Discovery Master's Data Destroyed or Withheld Report.

**REQUEST FOR ADMISSION NO. 112:**

Admit that 35.CN does business under the name "China Channel."

**REQUEST FOR ADMISSION NO. 113:**

Admit that 35.CN has done business under the name "China Channel."

**REQUEST FOR ADMISSION NO. 114:**

Admit that Shaohui Gong is also known as Shao Hong Gong.

**REQUEST FOR ADMISSION NO. 115:**

Admit that Shaohui Gong is also known as Kevin Gong.

**REQUEST FOR ADMISSION NO. 116:**

Admit that Carrie Yu is also known as Hongxia Yu.

**REQUEST FOR ADMISSION NO. 117:**

Admit that Carrie Yu is also known as Yu Hongxia.

**REQUEST FOR ADMISSION NO. 118:**

Admit that Carrie Yu is also known as Carrie Arden.

DATED: February 16, 2022            Tucker Ellis LLP


By: /s/David J. Steele
    David J. Steele
    Howard A. Kroll
    Steven E. Lauridsen

Davis Polk & Wardwell, LLP
    Ashok Ramani
    Micah G. Block
    Cristina M. Rincon

    Attorneys for Plaintiffs,
    META PLATFORMS, INC. and
    INSTAGRAM, LLC

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **February 16, 2022,** I served the following: **PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.** on the interested parties in this action as follows:

| | |
|---|---|
| KRONENBERGER ROSENFELD, LLP | LEXANALYTICA, PC |
| Karl S. Kronenberger (Bar No. 226112) | Perry J. Narancic |
| karl@KRInternetLaw.com | pjn@lexanalytica.com |
| 150 Post Street, Suite 520 | 2225 E. Bayshore Road |
| San Francisco, CA 94108 | Suite 200 |
| Telephone: (415) 955-1155 | Palo Alto, CA 94303 |
| Attorneys for Defendant, | Telephone: 650.655.2800 |
| XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD. | Attorneys for Defendants, ONLINENIC, INC. and DOMAIN ID SHIELD SERVICES CO., LIMITED |

(X)  **BY EMAIL:** the above-entitled document to be served electronically by email by written agreement between Plaintiffs and Defendants OnlineNIC, Inc. and Domain ID Shield Services Co., Limited.

(X)  **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X)  **FEDERAL:** I declare that I am a member of the bar of this Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **February 16, 2022**, at Los Angeles, California.

  /s/Steven E. Lauridsen  
Steven E. Lauridsen