# Exhibit 8

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
liana@KRInternetLaw.com
ruben@KRInternetLaw.com

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **META PLATFORMS, INC.**, et al., | Case No. 3:19-cv-07071-SI |
| Plaintiffs, | |
| v. | **DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |
| **ONLINENIC INC.**, et al., | |
| Defendants. | |

1  PROPOUNDING PARTY:        PLAINTIFFS META PLATFORMS, INC. F/K/A

2                            FACEBOOK, INC. AND INSTAGRAM, LLC

3  RESPONDING PARTY:         DEFENDANT XIAMEN 35.COM TECHNOLOGY CO.,

4                            LTD.

5  SET:                      ONE

6                    **PRELIMINARY STATEMENT**

7         Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") is

8  presently pursuing its investigation and analysis of the facts and law relating to this case,

9  and has not completed its discovery or preparation for trial. Therefore, the responses set

10 forth herein are given without prejudice to Defendant's right to produce evidence of any

11 subsequently discovered facts, writings, or interpretations thereof, or to modify, change,

12 or otherwise amend these responses. The information hereinafter set forth is true and

13 correct to the best knowledge of Defendant as of this date, and is subject to correction for

14 errors or omissions. These responses are based upon records and information presently

15 available to Defendant. Defendant undertakes no affirmative duty to supplement these

16 responses based upon further discovery and investigation other than as mandated by the

17 Federal Rules of Civil Procedure. References in a response to a preceding or subsequent

18 response incorporate the information and objections stated in the referenced response.

19        Defendant reserves the right to introduce at trial or in support of or in opposition to

20 any motion in this case any and all documents, information, and admissions heretofore

21 or hereafter produced by the parties in this action or by any third person. To the extent

22 that Defendant identifies certain writings or delineates facts contained within any writing

23 or otherwise, it does so without prejudice to establish at a later date any additional facts

24 that may be contained within or discovered as a result of any additional investigation and

25 discovery.

26        Inadvertent identification of privileged information or writings by Defendant does

27 not constitute a waiver of any applicable privilege. The information hereafter set forth

28 does not waive any objection, including relevance, to the admission of such information

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    in evidence.

2        This preliminary statement is incorporated into each and every response set forth

3    herein.

4        Subject to the foregoing conditions, Defendant objects and responds to Plaintiffs'

5    First Set of Requests for Admission (the "Requests") as follows:

6                        **GENERAL OBJECTIONS**

7        1.    Defendant objects to the Requests because Chinese law requires application

8    of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters

9    ("Hague Convention"), including to have translated discovery documents, and

10   authorization from the Chinese government, including pursuant to Chinese data security

11   and privacy laws; nothing herein shall be deemed as a waiver of Defendant's rights, claims,

12   or contentions, including as related to these issues. Defendant refers to the meet-and-

13   confer letter sent to Plaintiffs' counsel on March 30, 2022. Defendant is unable to verify

14   discovery responses without translated requests.

15       2.    Defendant objects to the extent that the Requests are overbroad, unduly

16   burdensome, and/or oppressive.

17       3.    Defendant objects to the Requests to the extent that they impose discovery

18   obligations that differ from or exceed the discovery obligations imposed by the Federal

19   Rules of Civil Procedure or other applicable law.

20       4.    Defendant objects to the Requests to the extent that they seek documents,

21   information, or admissions relating to matters that are neither relevant to the claims

22   asserted in the pleadings nor proportional to the needs of the case.

23       5.    Discovery in this action is continuing and Defendant has not completed its

24   investigation and discovery into this case or the matters related to the Requests. Defendant

25   therefore reserves its right to make changes in these responses if it appears that omissions

26   or errors have been made in them or that further and more accurate information is

27   available. The following responses and objections state Defendant's knowledge,

28   information, and belief as of the date of such responses and objections after Defendant

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   has conducted a good faith and reasonable inquiry, and Defendant expressly reserves the

2   right to rely upon and/or introduce into evidence at trial such additional information or facts

3   as it may discover hereafter. Defendant objects to the Requests insofar as they may be

4   construed to limit or restrict Defendant's or any other party's right to rely upon any

5   information or document for any purposes whatsoever, including without limitation, the use

6   of information or responsive documents as evidence at any subsequent hearing, trial, or

7   other proceeding.

8       6.      Defendant reserves the right to submit additional objections to the Requests

9   or any other discovery requests of any kind. Defendant reserves the right to change any

10  and all responses herein as additional facts and further information are obtained, new

11  analyses are made, and legal research is completed.

12      7.      Defendant objects to the Requests to the extent that they purport to require

13  Defendant to provide information that is not reasonably available to Defendant through a

14  reasonable and good faith inquiry into its records and the knowledge of its employees.

15      8.      Defendant objects to the Requests to the extent any of them seek information

16  that is protected by the attorney-client privilege, the attorney work product doctrine, the

17  deliberative process privilege, the joint defense privilege, the privilege for negotiations

18  leading to settlement, or any other applicable privilege. Information protected by any such

19  privilege will not be produced. All such information will be withheld. Any inadvertent

20  production of such information shall not be deemed to waive any privilege or protection

21  with respect to such information.

22      9.      Defendant objects to the Requests to the extent that they seek information

23  protected or prohibited from disclosure under Federal, California, Chinese, or other

24  applicable law, including without limitation, the right of privacy, as well as any other

25  confidentiality rights possessed by third parties. All such information will be withheld.

26      10.     Defendant objects to the Requests to the extent that they duplicate, repeat,

27  or overlap with other discovery requests on the ground that such Requests impose an

28  undue burden on Defendant.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

11.    Defendant does not concede the relevance or the materiality of any information requested or provided or of the subject matter to which such information refers. Defendant's responses are made subject to and without waiving any questions or objections as to the competency, relevance, materiality, or admissibility as evidence or for any other purpose, of any of the information referred to herein, or of the subject matter thereof, in any proceeding, including without limitation the trial of this action or any other action.

12.    Defendant objects to the Requests to the extent that they seek information in the possession, custody, or control of individuals or entities other than Defendant on the grounds that each such Request is unduly burdensome and oppressive, and such information is equally available to Plaintiffs.

13.    Defendant objects to the Requests to the extent they seek information that calls for a legal conclusion.

14.    Each of the foregoing General Objections is a continuing objection, which Defendant incorporates by reference into each specific response to each of the Requests below as if fully set forth herein.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that ONLINENIC uses employees of 35.CN to conduct work for ONLINENIC.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2    follows: Upon authorization from the Chinese government and translations, Defendant will

3    respond with non-privileged information in its possession, custody, or control, if any;

4    Defendant reserves the right to supplement its response to this Request.[1] Preliminarily,

5    Defendant admits that 35.CN and OnlineNIC entered into an outsourcing agreement.

6

7    **REQUEST NO. 2:**

8    Admit that ONLINENIC used employees of 35.CN to conduct work for ONLINENIC.

9    **RESPONSE TO REQUEST NO. 2:**

10    Defendant objects to this Request to the extent Chinese law bars the provision of

11    responsive information such that the case warrants application of the Hague Convention

12    and substantive responses require authorization from the Chinese government and

13    translations. Defendant objects to this Request as seeking information that is not relevant

14    to the claim or defense of any party. Defendant objects to this Request to the extent

15    responsive information is within the possession, custody, or control of Plaintiffs or other

16    Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant.

17    Defendant objects to this Request as overbroad and unduly burdensome, including as it

18    requests information for an unlimited time frame.

19    Subject to and without waiving the foregoing objections, Defendant responds as

20    follows: Upon authorization from the Chinese government and translations, Defendant will

21    respond with non-privileged information in its possession, custody, or control, if any;

22    Defendant reserves the right to supplement its response to this Request. Preliminarily,

23    Defendant admits that 35.CN and OnlineNIC entered into an outsourcing agreement.

24    //

25    //

26    _____

27    [1] If there is public information within the U.S. that is not subject to authorization from the Chinese government, 35.CN reserves the right to respond, despite lack of application under the Hague Convention, without waiving any rights, including to obtain translated

28    copies. This applies to each response to this First Set of Requests for Admission.

**REQUEST NO. 3:**

Admit that DOMAIN ID SHIELD uses employees of 35.CN to conduct work for DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request. Preliminarily, Defendant admits that 35.CN entered into an outsourcing agreement.

**REQUEST NO. 4:**

Admit that DOMAINID SHIELD used employees of 35.CN to conduct work for DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant.

6

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  Defendant objects to this Request as overbroad and unduly burdensome, including as it

2  requests information for an unlimited time frame.

3  Subject to and without waiving the foregoing objections, Defendant responds as

4  follows: Upon authorization from the Chinese government and translations, Defendant will

5  respond with non-privileged information in its possession, custody, or control, if any;

6  Defendant reserves the right to supplement its response to this Request. Preliminarily,

7  Defendant admits that 35.CN entered into an outsourcing agreement.

8

9  **REQUEST NO. 5:**

10  Admit that the day-to-day operations of ONLINENIC are carried out by employees

11  of 35.CN.

12  **RESPONSE TO REQUEST NO. 5:**

13  Defendant objects to this Request to the extent Chinese law bars the provision of

14  responsive information such that the case warrants application of the Hague Convention

15  and substantive responses require authorization from the Chinese government and

16  translations. Defendant objects to this Request to the extent responsive information is

17  within the possession, custody, or control of Plaintiffs or other Defendants or third parties,

18  or is equally or more accessible to Plaintiffs than to Defendant.

19  Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Upon authorization from the Chinese government and translations, Defendant will

21  respond with non-privileged information in its possession, custody, or control, if any;

22  Defendant reserves the right to supplement its response to this Request.

23

24  **REQUEST NO. 6:**

25  Admit that the day-to-day operations of ONLINENIC were carried out by employees

26  of 35.CN.

27  **RESPONSE TO REQUEST NO. 6:**

28  Defendant objects to this Request to the extent Chinese law bars the provision of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    responsive information such that the case warrants application of the Hague Convention

2    and substantive responses require authorization from the Chinese government and

3    translations. Defendant objects to this Request to the extent responsive information is

4    within the possession, custody, or control of Plaintiffs or other Defendants or third parties,

5    or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this

6    Request as overbroad and unduly burdensome, including as it requests information for an

7    unlimited time frame.

8         Subject to and without waiving the foregoing objections, Defendant responds as

9    follows: Upon authorization from the Chinese government and translations, Defendant will

10   respond with non-privileged information in its possession, custody, or control, if any;

11   Defendant reserves the right to supplement its response to this Request.

12

13   **REQUEST NO. 7:**

14        Admit that the day-to-day operations of DOMAIN ID SHIELD are carried out by

15   employees of 35.CN.

16   **RESPONSE TO REQUEST NO. 7:**

17        Defendant objects to this Request to the extent Chinese law bars the provision of

18   responsive information such that the case warrants application of the Hague Convention

19   and substantive responses require authorization from the Chinese government and

20   translations. Defendant objects to this Request to the extent responsive information is

21   within the possession, custody, or control of Plaintiffs or other Defendants or third parties,

22   or is equally or more accessible to Plaintiffs than to Defendant.

23        Subject to and without waiving the foregoing objections, Defendant responds as

24   follows: Upon authorization from the Chinese government and translations, Defendant will

25   respond with non-privileged information in its possession, custody, or control, if any;

26   Defendant reserves the right to supplement its response to this Request.

27   //

28   //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 8:**

2  Admit that the day-to-day operations of DOMAIN ID SHIELD were carried out by

3  employees of 35.CN.

4  **RESPONSE TO REQUEST NO. 8:**

5  Defendant objects to this Request to the extent Chinese law bars the provision of

6  responsive information such that the case warrants application of the Hague Convention

7  and substantive responses require authorization from the Chinese government and

8  translations. Defendant objects to this Request to the extent responsive information is

9  within the possession, custody, or control of Plaintiffs or other Defendants or third parties,

10  or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this

11  Request as overbroad and unduly burdensome, including as it requests information for an

12  unlimited time frame.

13  Subject to and without waiving the foregoing objections, Defendant responds as

14  follows: Upon authorization from the Chinese government and translations, Defendant will

15  respond with non-privileged information in its possession, custody, or control, if any;

16  Defendant reserves the right to supplement its response to this Request.

17

18  **REQUEST NO. 9:**

19  Admit that the technical support of ONLINENIC is carried out by employees of

20  35.CN.

21  **RESPONSE TO REQUEST NO. 9:**

22  Defendant objects to this Request to the extent Chinese law bars the provision of

23  responsive information such that the case warrants application of the Hague Convention

24  and substantive responses require authorization from the Chinese government and

25  translations. Defendant objects to this Request to the extent responsive information is

26  within the possession, custody, or control of Plaintiffs or other Defendants or third parties,

27  or is equally or more accessible to Plaintiffs than to Defendant.

28  Subject to and without waiving the foregoing objections, Defendant responds as

9

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Upon authorization from the Chinese government and translations, Defendant will
2  respond with non-privileged information in its possession, custody, or control, if any;
3  Defendant reserves the right to supplement its response to this Request.

4

5  **REQUEST NO. 10:**

6      Admit that the technical support of ONLINENIC was carried out by employees of
7  35.CN.

8  **RESPONSE TO REQUEST NO. 10:**

9      Defendant objects to this Request to the extent Chinese law bars the provision of
10 responsive information such that the case warrants application of the Hague Convention
11 and substantive responses require authorization from the Chinese government and
12 translations. Defendant objects to this Request to the extent responsive information is
13 within the possession, custody, or control of Plaintiffs or other Defendants or third parties,
14 or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this
15 Request as overbroad and unduly burdensome, including as it requests information for an
16 unlimited time frame.

17     Subject to and without waiving the foregoing objections, Defendant responds as
18 follows: Upon authorization from the Chinese government and translations, Defendant will
19 respond with non-privileged information in its possession, custody, or control, if any;
20 Defendant reserves the right to supplement its response to this Request.

21

22 **REQUEST NO. 11:**

23     Admit that the technical support of DOMAIN ID SHIELD is carried out by employees
24 of 35.CN.

25 **RESPONSE TO REQUEST NO. 11:**

26     Defendant objects to this Request to the extent Chinese law bars the provision of
27 responsive information such that the case warrants application of the Hague Convention
28 and substantive responses require authorization from the Chinese government and

10    **DEF'S OBJS AND RESPS TO PLAINTIFFS'**
**FIRST SET OF RFAS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    translations. Defendant objects to this Request to the extent responsive information is

2    within the possession, custody, or control of Plaintiffs or other Defendants or third parties,

3    or is equally or more accessible to Plaintiffs than to Defendant.

4          Subject to and without waiving the foregoing objections, Defendant responds as

5    follows: Upon authorization from the Chinese government and translations, Defendant will

6    respond with non-privileged information in its possession, custody, or control, if any;

7    Defendant reserves the right to supplement its response to this Request.

8

9    **REQUEST NO. 12:**

10         Admit that the technical support of DOMAIN ID SHIELD was carried out by

11   employees of 35.CN.

12   **RESPONSE TO REQUEST NO. 12:**

13         Defendant objects to this Request to the extent Chinese law bars the provision of

14   responsive information such that the case warrants application of the Hague Convention

15   and substantive responses require authorization from the Chinese government and

16   translations. Defendant objects to this Request to the extent responsive information is

17   within the possession, custody, or control of Plaintiffs or other Defendants or third parties,

18   or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this

19   Request as overbroad and unduly burdensome, including as it requests information for an

20   unlimited time frame.

21         Subject to and without waiving the foregoing objections, Defendant responds as

22   follows: Upon authorization from the Chinese government and translations, Defendant will

23   respond with non-privileged information in its possession, custody, or control, if any;

24   Defendant reserves the right to supplement its response to this Request.

25

26   **REQUEST NO. 13:**

27         Admit that the customer support of ONLINENIC is carried out by employees of

28   35.CN.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request.

**REQUEST NO. 14:**

Admit that the customer support of ONLINENIC was carried out by employees of 35.CN.

**RESPONSE TO REQUEST NO. 14:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 15:**

Admit that the customer support of DOMAIN ID SHIELD is carried out by employees of 35.CN.

**RESPONSE TO REQUEST NO. 15:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request.

**REQUEST NO. 16:**

Admit that the customer support of DOMAIN ID SHIELD was carried out by employees of 35.CN.

**RESPONSE TO REQUEST NO. 16:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame.

Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Upon authorization from the Chinese government and translations, Defendant will

2  respond with non-privileged information in its possession, custody, or control, if any;

3  Defendant reserves the right to supplement its response to this Request.

4

5  **REQUEST NO. 17:**

6      Admit that GONG was the incorporator and 100% owner of ONLINENIC.

7  **RESPONSE TO REQUEST NO. 17:**

8      Defendant objects to this Request to the extent Chinese law bars the provision of

9  responsive information such that the case warrants application of the Hague Convention

10  and substantive responses require authorization from the Chinese government and

11  translations. Defendant objects to this Request as compound. Defendant objects to this

12  Request to the extent responsive information is within the possession, custody, or control

13  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

14  than to Defendant. Defendant objects to this Request as the intrusion into privacy of third

15  parties far outweighs the probative value of the requested information. Defendant objects

16  to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

17  Defendant objects to this Request as overbroad and unduly burdensome, including as it

18  requests information about an unlimited time frame.

19      Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Upon authorization from the Chinese government and translations, Defendant will

21  respond with non-privileged information in its possession, custody, or control, if any;

22  Defendant reserves the right to supplement its response to this Request.

23

24  **REQUEST NO. 18:**

25      Admit that at one point in time, GONG owned 100% of ONLINENIC while he was

26  the owner of 35.CN.

27  **RESPONSE TO REQUEST NO. 18:**

28      Defendant objects to this Request to the extent Chinese law bars the provision of

       **DEF'S OBJS AND RESPS TO PLAINTIFFS' FIRST SET OF RFAS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information about an unlimited time frame.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request.

**REQUEST NO. 19:**

Admit that in 2002, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**RESPONSE TO REQUEST NO. 19:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Upon authorization from the Chinese government and translations, Defendant will

2  respond with non-privileged information in its possession, custody, or control, if any;

3  Defendant reserves the right to supplement its response to this Request.

4

5  **REQUEST NO. 20:**

6      Admit that in 2003, GONG owned 100% of ONLINENIC while he was the owner of

7  35.CN.

8  **RESPONSE TO REQUEST NO. 20:**

9      Defendant objects to this Request to the extent Chinese law bars the provision of

10  responsive information such that the case warrants application of the Hague Convention

11  and substantive responses require authorization from the Chinese government and

12  translations. Defendant objects to this Request as the intrusion into privacy of third parties

13  far outweighs the probative value of the requested information. Defendant objects to this

14  Request to the extent responsive information is within the possession, custody, or control

15  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

16  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

17  sufficient to admit or deny the matter.

18      Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Upon authorization from the Chinese government and translations, Defendant will

20  respond with non-privileged information in its possession, custody, or control, if any;

21  Defendant reserves the right to supplement its response to this Request.

22

23  **REQUEST NO. 21:**

24      Admit that in 2004, GONG owned 100% of ONLINENIC while he was the owner of

25  35.CN.

26  **RESPONSE TO REQUEST NO. 21:**

27      Defendant objects to this Request to the extent Chinese law bars the provision of

28  responsive information such that the case warrants application of the Hague Convention

16            **DEF'S OBJS AND RESPS TO PLAINTIFFS'**
                                                                        **FIRST SET OF RFAS**

1   and substantive responses require authorization from the Chinese government and

2   translations. Defendant objects to this Request as the intrusion into privacy of third parties

3   far outweighs the probative value of the requested information. Defendant objects to this

4   Request to the extent responsive information is within the possession, custody, or control

5   of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

6   than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

7   sufficient to admit or deny the matter.

8       Subject to and without waiving the foregoing objections, Defendant responds as

9   follows: Upon authorization from the Chinese government and translations, Defendant will

10  respond with non-privileged information in its possession, custody, or control, if any;

11  Defendant reserves the right to supplement its response to this Request.

12

13  **REQUEST NO. 22:**

14      Admit that in 2005, GONG owned 100% of ONLINENIC while he was the owner of

15  35.CN.

16  **RESPONSE TO REQUEST NO. 22:**

17      Defendant objects to this Request to the extent Chinese law bars the provision of

18  responsive information such that the case warrants application of the Hague Convention

19  and substantive responses require authorization from the Chinese government and

20  translations. Defendant objects to this Request as the intrusion into privacy of third parties

21  far outweighs the probative value of the requested information. Defendant objects to this

22  Request to the extent responsive information is within the possession, custody, or control

23  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

24  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

25  sufficient to admit or deny the matter.

26      Subject to and without waiving the foregoing objections, Defendant responds as

27  follows: Upon authorization from the Chinese government and translations, Defendant will

28  respond with non-privileged information in its possession, custody, or control, if any;

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Defendant reserves the right to supplement its response to this Request.

2

3    **REQUEST NO. 23:**

4        Admit that in 2006, GONG owned 100% of ONLINENIC while he was the owner of

5    35.CN.

6    **RESPONSE TO REQUEST NO. 23:**

7        Defendant objects to this Request to the extent Chinese law bars the provision of

8    responsive information such that the case warrants application of the Hague Convention

9    and substantive responses require authorization from the Chinese government and

10   translations. Defendant objects to this Request as the intrusion into privacy of third parties

11   far outweighs the probative value of the requested information. Defendant objects to this

12   Request to the extent responsive information is within the possession, custody, or control

13   of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

14   than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

15   sufficient to admit or deny the matter.

16       Subject to and without waiving the foregoing objections, Defendant responds as

17   follows: Upon authorization from the Chinese government and translations, Defendant will

18   respond with non-privileged information in its possession, custody, or control, if any;

19   Defendant reserves the right to supplement its response to this Request.

20

21   **REQUEST NO. 24:**

22       Admit that in 2007, GONG owned 100% of ONLINENIC while he was the owner of

23   35.CN.

24   **RESPONSE TO REQUEST NO. 24:**

25       Defendant objects to this Request to the extent Chinese law bars the provision of

26   responsive information such that the case warrants application of the Hague Convention

27   and substantive responses require authorization from the Chinese government and

28   translations. Defendant objects to this Request as the intrusion into privacy of third parties

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  far outweighs the probative value of the requested information. Defendant objects to this

2  Request to the extent responsive information is within the possession, custody, or control

3  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

4  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

5  sufficient to admit or deny the matter.

6        Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: Upon authorization from the Chinese government and translations, Defendant will

8  respond with non-privileged information in its possession, custody, or control, if any;

9  Defendant reserves the right to supplement its response to this Request.

10

11  **REQUEST NO. 25:**

12        Admit that in 2008 GONG owned 100% of ONLINENIC while he was the owner of

13  35.CN.

14  **RESPONSE TO REQUEST NO. 25:**

15        Defendant objects to this Request to the extent Chinese law bars the provision of

16  responsive information such that the case warrants application of the Hague Convention

17  and substantive responses require authorization from the Chinese government and

18  translations. Defendant objects to this Request as the intrusion into privacy of third parties

19  far outweighs the probative value of the requested information. Defendant objects to this

20  Request to the extent responsive information is within the possession, custody, or control

21  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

22  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

23  sufficient to admit or deny the matter.

24        Subject to and without waiving the foregoing objections, Defendant responds as

25  follows: Upon authorization from the Chinese government and translations, Defendant will

26  respond with non-privileged information in its possession, custody, or control, if any;

27  Defendant reserves the right to supplement its response to this Request.

28  //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 26:**

Admit that in 2009, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**RESPONSE TO REQUEST NO. 26:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request.

**REQUEST NO. 27:**

Admit that GONG is the majority shareholder of 35.CN.

**RESPONSE TO REQUEST NO. 27:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, is publicly available information, or is

20

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  equally or more accessible to Plaintiffs than to Defendant.

2       Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Upon authorization from the Chinese government and translations, Defendant will

4  respond with non-privileged information in its possession, custody, or control, if any;

5  Defendant reserves the right to supplement its response to this Request.

6

7  **REQUEST NO. 28:**

8       Admit that GONG was the 100% owner of ONLINENIC from 2009-2014.

9  **RESPONSE TO REQUEST NO. 28:**

10       Defendant objects to this Request to the extent Chinese law bars the provision of

11  responsive information such that the case warrants application of the Hague Convention

12  and substantive responses require authorization from the Chinese government and

13  translations. Defendant objects to this Request as the intrusion into privacy of third parties

14  far outweighs the probative value of the requested information. Defendant objects to this

15  Request to the extent responsive information is within the possession, custody, or control

16  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

17  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

18  sufficient to admit or deny the matter.

19       Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Upon authorization from the Chinese government and translations, Defendant will

21  respond with non-privileged information in its possession, custody, or control, if any;

22  Defendant reserves the right to supplement its response to this Request.

23

24  **REQUEST NO. 29:**

25       Admit that GONG sold ONLINENIC to Zhippo Chen in 2009.

26  **RESPONSE TO REQUEST NO. 29:**

27       Defendant objects to this Request to the extent Chinese law bars the provision of

28  responsive information such that the case warrants application of the Hague Convention

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    and substantive responses require authorization from the Chinese government and

2    translations. Defendant objects to this Request as the intrusion into privacy of third parties

3    far outweighs the probative value of the requested information. Defendant objects to this

4    Request to the extent responsive information is within the possession, custody, or control

5    of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

6    than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

7    sufficient to admit or deny the matter.

8         Subject to and without waiving the foregoing objections, Defendant responds as

9    follows: Upon authorization from the Chinese government and translations, Defendant will

10   respond with non-privileged information in its possession, custody, or control, if any;

11   Defendant reserves the right to supplement its response to this Request.

12

13   **REQUEST NO. 30:**

14        Admit that GONG sold ONLINENIC to Rex Liu in 2007.

15   **RESPONSE TO REQUEST NO. 30:**

16        Defendant objects to this Request to the extent Chinese law bars the provision of

17   responsive information such that the case warrants application of the Hague Convention

18   and substantive responses require authorization from the Chinese government and

19   translations. Defendant objects to this Request as the intrusion into privacy of third parties

20   far outweighs the probative value of the requested information. Defendant objects to this

21   Request to the extent responsive information is within the possession, custody, or control

22   of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

23   than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

24   sufficient to admit or deny the matter.

25        Subject to and without waiving the foregoing objections, Defendant responds as

26   follows: Upon authorization from the Chinese government and translations, Defendant will

27   respond with non-privileged information in its possession, custody, or control, if any;

28   Defendant reserves the right to supplement its response to this Request.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 31:**

2           Admit that Rex Liu is not involved in the day-to-day operations of ONLINENIC.

3    **RESPONSE TO REQUEST NO. 31:**

4           Defendant objects to this Request to the extent Chinese law bars the provision of

5    responsive information such that the case warrants application of the Hague Convention

6    and substantive responses require authorization from the Chinese government and

7    translations. Defendant objects to this Request as the intrusion into privacy of third parties

8    far outweighs the probative value of the requested information. Defendant objects to this

9    Request to the extent responsive information is within the possession, custody, or control

10   of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

11   than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

12   sufficient to admit or deny the matter.

13          Subject to and without waiving the foregoing objections, Defendant responds as

14   follows: Upon authorization from the Chinese government and translations, Defendant will

15   respond with non-privileged information in its possession, custody, or control, if any;

16   Defendant reserves the right to supplement its response to this Request.

17

18   **REQUEST NO. 32:**

19          Admit that Rex Liu is not involved in the day-to-day operations of DOMAIN ID

20   SHIELD.

21   **RESPONSE TO REQUEST NO. 32:**

22          Defendant objects to this Request to the extent Chinese law bars the provision of

23   responsive information such that the case warrants application of the Hague Convention

24   and substantive responses require authorization from the Chinese government and

25   translations. Defendant objects to this Request as the intrusion into privacy of third parties

26   far outweighs the probative value of the requested information. Defendant objects to this

27   Request to the extent responsive information is within the possession, custody, or control

28   of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

1  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

2  sufficient to admit or deny the matter.

3      Subject to and without waiving the foregoing objections, Defendant responds as

4  follows: Upon authorization from the Chinese government and translations, Defendant will

5  respond with non-privileged information in its possession, custody, or control, if any;

6  Defendant reserves the right to supplement its response to this Request.

7

8  **REQUEST NO. 33:**

9      Admit that Rex Liu is not involved in the policy decisions of ONLINENIC.

10  **RESPONSE TO REQUEST NO. 33:**

11      Defendant objects to this Request to the extent Chinese law bars the provision of

12  responsive information such that the case warrants application of the Hague Convention

13  and substantive responses require authorization from the Chinese government and

14  translations. Defendant objects to this Request as the intrusion into privacy of third parties

15  far outweighs the probative value of the requested information. Defendant objects to this

16  Request to the extent responsive information is within the possession, custody, or control

17  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

18  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

19  sufficient to admit or deny the matter.

20      Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Upon authorization from the Chinese government and translations, Defendant will

22  respond with non-privileged information in its possession, custody, or control, if any;

23  Defendant reserves the right to supplement its response to this Request.

24

25  **REQUEST NO. 34:**

26      Admit that Rex Liu is not involved in the policy decisions of DOMAIN ID SHIELD.

27  **RESPONSE TO REQUEST NO. 34:**

28      Defendant objects to this Request to the extent Chinese law bars the provision of

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  responsive information such that the case warrants application of the Hague Convention

2  and substantive responses require authorization from the Chinese government and

3  translations. Defendant objects to this Request as the intrusion into privacy of third parties

4  far outweighs the probative value of the requested information. Defendant objects to this

5  Request to the extent responsive information is within the possession, custody, or control

6  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

7  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

8  sufficient to admit or deny the matter.

9       Subject to and without waiving the foregoing objections, Defendant responds as

10 follows: Upon authorization from the Chinese government and translations, Defendant will

11 respond with non-privileged information in its possession, custody, or control, if any;

12 Defendant reserves the right to supplement its response to this Request.

13

14 **REQUEST NO. 35:**

15       Admit that Rex Liu does not oversee the management of ONLINENIC.

16 **RESPONSE TO REQUEST NO. 35:**

17       Defendant objects to this Request to the extent Chinese law bars the provision of

18 responsive information such that the case warrants application of the Hague Convention

19 and substantive responses require authorization from the Chinese government and

20 translations. Defendant objects to this Request as the intrusion into privacy of third parties

21 far outweighs the probative value of the requested information. Defendant objects to this

22 Request to the extent responsive information is within the possession, custody, or control

23 of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

24 than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

25 sufficient to admit or deny the matter.

26       Subject to and without waiving the foregoing objections, Defendant responds as

27 follows: Upon authorization from the Chinese government and translations, Defendant will

28 respond with non-privileged information in its possession, custody, or control, if any;

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Defendant reserves the right to supplement its response to this Request.

2

3    **REQUEST NO. 36:**

4          Admit that Rex Liu does not oversee the management of DOMAIN ID SHIELD.

5    **RESPONSE TO REQUEST NO. 36:**

6          Defendant objects to this Request to the extent Chinese law bars the provision of

7    responsive information such that the case warrants application of the Hague Convention

8    and substantive responses require authorization from the Chinese government and

9    translations. Defendant objects to this Request as the intrusion into privacy of third parties

10   far outweighs the probative value of the requested information. Defendant objects to this

11   Request to the extent responsive information is within the possession, custody, or control

12   of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

13   than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

14   sufficient to admit or deny the matter.

15          Subject to and without waiving the foregoing objections, Defendant responds as

16   follows: Upon authorization from the Chinese government and translations, Defendant will

17   respond with non-privileged information in its possession, custody, or control, if any;

18   Defendant reserves the right to supplement its response to this Request.

19

20   **REQUEST NO. 37:**

21          Admit that CARRIE YU is an employee of 35.CN.

22   **RESPONSE TO REQUEST NO. 37:**

23          Defendant objects to this Request to the extent Chinese law bars the provision of

24   responsive information such that the case warrants application of the Hague Convention

25   and substantive responses require authorization from the Chinese government and

26   translations. Defendant objects to this Request as the intrusion into privacy of third parties

27   far outweighs the probative value of the requested information.

28          Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Upon authorization from the Chinese government and translations, Defendant will

2  respond with non-privileged information in its possession, custody, or control, if any;

3  Defendant reserves the right to supplement its response to this Request.

4

5  **REQUEST NO. 38:**

6      Admit that CARRIE YU is a director of 35.CN.

7  **RESPONSE TO REQUEST NO. 38:**

8      Defendant objects to this Request to the extent Chinese law bars the provision of

9  responsive information such that the case warrants application of the Hague Convention

10  and substantive responses require authorization from the Chinese government and

11  translations. Defendant objects to this Request as the intrusion into privacy of third parties

12  far outweighs the probative value of the requested information.

13      Subject to and without waiving the foregoing objections, Defendant responds as

14  follows: Upon authorization from the Chinese government and translations, Defendant will

15  respond with non-privileged information in its possession, custody, or control, if any;

16  Defendant reserves the right to supplement its response to this Request.

17

18  **REQUEST NO. 39:**

19      Admit that as a director of 35.CN, CARRIE YU runs 35.CN's software outsourcing

20  center.

21  **RESPONSE TO REQUEST NO. 39:**

22      Defendant objects to this Request to the extent Chinese law bars the provision of

23  responsive information such that the case warrants application of the Hague Convention

24  and substantive responses require authorization from the Chinese government and

25  translations. Defendant objects to this Request as the intrusion into privacy of third parties

26  far outweighs the probative value of the requested information. Defendant objects to this

27  Request as vague and ambiguous, including as to the phrase "runs 35.CN's software

28  outsourcing center," as it is unclear what is meant by the term "runs" and unclear what is

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  meant by the term "35.CN's outsourcing center," such that Defendant cannot, in good faith,

2  frame an intelligent reply.

3  Subject to and without waiving the foregoing objections, Defendant responds as

4  follows: Upon authorization from the Chinese government and translations, Defendant will

5  respond with non-privileged information in its possession, custody, or control, if any;

6  Defendant reserves the right to supplement its response to this Request.

7

8  **REQUEST NO. 40:**

9  Admit that as a director of 35.CN, CARRIE YU oversees the management of

10  ONLINENIC.

11  **RESPONSE TO REQUEST NO. 40:**

12  Defendant objects to this Request to the extent Chinese law bars the provision of

13  responsive information such that the case warrants application of the Hague Convention

14  and substantive responses require authorization from the Chinese government and

15  translations. Defendant objects to this Request as the intrusion into privacy of third parties

16  far outweighs the probative value of the requested information. Defendant objects to this

17  Request as vague and ambiguous, including as to the phrase "oversees the management

18  of ONLINENIC," as it is unclear what is meant by the phrase "oversees the management,"

19  such that Defendant cannot, in good faith, frame an intelligent reply.

20  Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Upon authorization from the Chinese government and translations, Defendant will

22  respond with non-privileged information in its possession, custody, or control, if any;

23  Defendant reserves the right to supplement its response to this Request.

24

25  **REQUEST NO. 41:**

26  Admit that CARRIE YU was designated 35.CN's primary ICANN contact by GONG

27  in 2012.

28  //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 41:**

2      Defendant objects to this Request to the extent Chinese law bars the provision of

3  responsive information such that the case warrants application of the Hague Convention

4  and substantive responses require authorization from the Chinese government and

5  translations. Defendant objects to this Request as the intrusion into privacy of third parties

6  far outweighs the probative value of the requested information. Defendant objects to this

7  Request as seeking information that is not relevant to the claim or defense of any party.

8  Defendant objects to this Request as vague and ambiguous, including as to the phrase

9  "was designated 35.CN's primary ICANN contact," as it is unclear what is meant by the

10  term "35.CN's primary ICANN contact," such that Defendant cannot, in good faith, frame

11  an intelligent reply.

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Upon authorization from the Chinese government and translations, Defendant will

14  respond with non-privileged information in its possession, custody, or control, if any;

15  Defendant reserves the right to supplement its response to this Request.

16

17  **REQUEST NO. 42:**

18      Admit that CARRIE YU represented to ICANN that she was a director of 35.CN

19  when she signed the RAA on behalf of 35.CN in 2014.

20  **RESPONSE TO REQUEST NO. 42:**

21      Defendant objects to this Request to the extent Chinese law bars the provision of

22  responsive information such that the case warrants application of the Hague Convention

23  and substantive responses require authorization from the Chinese government and

24  translations. Defendant objects to this Request as the intrusion into privacy of third parties

25  far outweighs the probative value of the requested information. Defendant objects to this

26  Request as compound. Defendant objects to this Request as seeking information that is

27  not relevant to the claim or defense of any party. Defendant objects to this Request as

28  vague and ambiguous, including as to the phrases "represented to ICANN" and "when she

1  signed the RAA on behalf of 35.CN in 2014," such that Defendant cannot, in good faith,

2  frame an intelligent reply.

3      Subject to and without waiving the foregoing objections, Defendant responds as

4  follows: Upon authorization from the Chinese government and translations, Defendant will

5  respond with non-privileged information in its possession, custody, or control, if any;

6  Defendant reserves the right to supplement its response to this Request.

7

8  **REQUEST NO. 43:**

9      Admit that CARRIE YU was not a director of 35.CN when she signed the RAA on

10  behalf of 35.CN in 2014.

11  **RESPONSE TO REQUEST NO. 43:**

12      Defendant objects to this Request to the extent Chinese law bars the provision of

13  responsive information such that the case warrants application of the Hague Convention

14  and substantive responses require authorization from the Chinese government and

15  translations. Defendant objects to this Request as the intrusion into privacy of third parties

16  far outweighs the probative value of the requested information. Defendant objects to this

17  request as vague and ambiguous, such that Defendant cannot, in good faith, frame an

18  intelligent reply. Defendant objects to this Request as assuming disputed facts or facts not

19  in evidence, including as to the translation of the meaning of the word "director."

20      Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Upon authorization from the Chinese government and translations, Defendant will

22  respond with non-privileged information in its possession, custody, or control, if any;

23  Defendant reserves the right to supplement its response to this Request.

24

25  **REQUEST NO. 44:**

26      Admit that CARRIE YU is paid by 35.CN.

27  **RESPONSE TO REQUEST NO. 44:**

28      Defendant objects to this Request to the extent Chinese law bars the provision of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  responsive information such that the case warrants application of the Hague Convention

2  and substantive responses require authorization from the Chinese government and

3  translations. Defendant objects to this Request as the intrusion into privacy of third parties

4  far outweighs the probative value of the requested information. Defendant objects to this

5  Request as seeking information that is not relevant to the claim or defense of any party.

6       Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: Upon authorization from the Chinese government and translations, Defendant will

8  respond with non-privileged information in its possession, custody, or control, if any;

9  Defendant reserves the right to supplement its response to this Request.

10

11 **REQUEST NO. 45:**

12      Admit that CARRIE YU is paid by 35.CN to oversee the management of

13 ONLINENIC.

14 **RESPONSE TO REQUEST NO. 45:**

15      Defendant objects to this Request to the extent Chinese law bars the provision of

16 responsive information such that the case warrants application of the Hague Convention

17 and substantive responses require authorization from the Chinese government and

18 translations. Defendant objects to this Request as the intrusion into privacy of third parties

19 far outweighs the probative value of the requested information. Defendant objects to this

20 Request as seeking information that is not relevant to the claim or defense of any party.

21      Subject to and without waiving the foregoing objections, Defendant responds as

22 follows: Upon authorization from the Chinese government and translations, Defendant will

23 respond with non-privileged information in its possession, custody, or control, if any;

24 Defendant reserves the right to supplement its response to this Request.

25

26 **REQUEST NO. 46:**

27      Admit that CARRIE YU is an officer of ONLINENIC.

28 //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 46:**

2      Defendant objects to this Request to the extent Chinese law bars the provision of

3  responsive information such that the case warrants application of the Hague Convention

4  and substantive responses require authorization from the Chinese government and

5  translations. Defendant objects to this Request as the intrusion into privacy of third parties

6  far outweighs the probative value of the requested information. Defendant objects to this

7  Request as seeking information that is not relevant to the claim or defense of any party.

8      Subject to and without waiving the foregoing objections, Defendant responds as

9  follows: Upon authorization from the Chinese government and translations, Defendant will

10  respond with non-privileged information in its possession, custody, or control, if any;

11  Defendant reserves the right to supplement its response to this Request.

12

13  **REQUEST NO. 47:**

14      Admit that CARRIE YU owns DOMAIN ID SHIELD for the benefit of ONLINENIC.

15  **RESPONSE TO REQUEST NO. 47:**

16      Defendant objects to this Request to the extent Chinese law bars the provision of

17  responsive information such that the case warrants application of the Hague Convention

18  and substantive responses require authorization from the Chinese government and

19  translations. Defendant objects to this Request as the intrusion into privacy of third parties

20  far outweighs the probative value of the requested information. Defendant objects to this

21  Request as seeking information that is not relevant to the claim or defense of any party.

22      Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Upon authorization from the Chinese government and translations, Defendant will

24  respond with non-privileged information in its possession, custody, or control, if any;

25  Defendant reserves the right to supplement its response to this Request.

26

27  **REQUEST NO. 48:**

28      Admit that as a director of 35.CN, CARRIE YU's office space is in the same office

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   building as 35.CN.

2   **RESPONSE TO REQUEST NO. 48:**

3       Defendant objects to this Request to the extent Chinese law bars the provision of

4   responsive information such that the case warrants application of the Hague Convention

5   and substantive responses require authorization from the Chinese government and

6   translations. Defendant objects to this Request as the intrusion into privacy of third parties

7   far outweighs the probative value of the requested information. Defendant objects to this

8   Request as compound. Defendant objects to this Request as vague and ambiguous as to

9   the term "office building."

10      Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Upon authorization from the Chinese government and translations, Defendant will

12  respond with non-privileged information in its possession, custody, or control, if any;

13  Defendant reserves the right to supplement its response to this Request.

14

15  **REQUEST NO. 49:**

16      Admit that as an officer of ONLINENIC, CARRIE YU's office space is in the same

17  office building as 35.CN.

18  **RESPONSE TO REQUEST NO. 49:**

19      Defendant objects to this Request to the extent Chinese law bars the provision of

20  responsive information such that the case warrants application of the Hague Convention

21  and substantive responses require authorization from the Chinese government and

22  translations. Defendant objects to this Request as the intrusion into privacy of third parties

23  far outweighs the probative value of the requested information. Defendant objects to this

24  Request as compound. Defendant objects to this Request as vague and ambiguous as to

25  the term "office building."

26      Subject to and without waiving the foregoing objections, Defendant responds as

27  follows: Upon authorization from the Chinese government and translations, Defendant will

28  respond with non-privileged information in its possession, custody, or control, if any;

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   Defendant reserves the right to supplement its response to this Request.

2

3   **REQUEST NO. 50:**

4       Admit that the office space CARRIE YU uses as a director of 35.CN is the same as

5   the office space for her work as an officer of ONLINENIC.

6   **RESPONSE TO REQUEST NO. 50:**

7       Defendant objects to this Request to the extent Chinese law bars the provision of

8   responsive information such that the case warrants application of the Hague Convention

9   and substantive responses require authorization from the Chinese government and

10  translations. Defendant objects to this Request as the intrusion into privacy of third parties

11  far outweighs the probative value of the requested information. Defendant objects to this

12  Request as compound. Defendant objects to this Request as vague and ambiguous as to

13  the term "office space."

14      Subject to and without waiving the foregoing objections, Defendant responds as

15  follows: Upon authorization from the Chinese government and translations, Defendant will

16  respond with non-privileged information in its possession, custody, or control, if any;

17  Defendant reserves the right to supplement its response to this Request.

18

19  **REQUEST NO. 51:**

20      Admit that the office space CARRIE YU uses to run 35.CN's software outsourcing

21  center is the same as the office space for her work as an officer of ONLINENIC.

22  **RESPONSE TO REQUEST NO. 51:**

23      Defendant objects to this Request to the extent Chinese law bars the provision of

24  responsive information such that the case warrants application of the Hague Convention

25  and substantive responses require authorization from the Chinese government and

26  translations. Defendant objects to this Request as the intrusion into privacy of third parties

27  far outweighs the probative value of the requested information. Defendant objects to this

28  Request as compound. Defendant objects to this Request as vague and ambiguous as to

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  the term "office space."

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Upon authorization from the Chinese government and translations, Defendant will

4  respond with non-privileged information in its possession, custody, or control, if any;

5  Defendant reserves the right to supplement its response to this Request.

6

7  **REQUEST NO. 52:**

8      Admit that 35.CN controls the operations of ONLINENIC.

9  **RESPONSE TO REQUEST NO. 52:**

10      Defendant objects to this Request to the extent Chinese law bars the provision of

11  responsive information such that the case warrants application of the Hague Convention

12  and substantive responses require authorization from the Chinese government and

13  translations. Defendant objects to this Request as vague and ambiguous.

14      Subject to and without waiving the foregoing objections, Defendant responds as

15  follows: Upon authorization from the Chinese government and translations, Defendant will

16  respond with non-privileged information in its possession, custody, or control, if any;

17  Defendant reserves the right to supplement its response to this Request. Preliminarily,

18  Deny.

19

20  **REQUEST NO. 53:**

21      Admit that 35.CN controlled the operations of ONLINENIC.

22  **RESPONSE TO REQUEST NO. 53:**

23      Defendant objects to this Request to the extent Chinese law bars the provision of

24  responsive information such that the case warrants application of the Hague Convention

25  and substantive responses require authorization from the Chinese government and

26  translations. Defendant objects to this Request as vague and ambiguous. Defendant

27  objects to this Request as overbroad and unduly burdensome, including as it requests

28  information for an unlimited time frame.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request. Preliminarily, Deny.

**REQUEST NO. 54:**

Admit that 35.CN controls the operations of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 54:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request. Preliminarily, Deny.

**REQUEST NO. 55:**

Admit that 35.CN controlled the operations of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 55:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as vague and ambiguous. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2    follows: Upon authorization from the Chinese government and translations, Defendant will

3    respond with non-privileged information in its possession, custody, or control, if any;

4    Defendant reserves the right to supplement its response to this Request. Preliminarily,

5    Deny.

6

7    **REQUEST NO. 56:**

8    Admit that 35.CN controls the policy decisions made by ONLINENIC.

9    **RESPONSE TO REQUEST NO. 56:**

10    Defendant objects to this Request to the extent Chinese law bars the provision of

11    responsive information such that the case warrants application of the Hague Convention

12    and substantive responses require authorization from the Chinese government and

13    translations. Defendant objects to this Request as vague and ambiguous.

14    Subject to and without waiving the foregoing objections, Defendant responds as

15    follows: Upon authorization from the Chinese government and translations, Defendant will

16    respond with non-privileged information in its possession, custody, or control, if any;

17    Defendant reserves the right to supplement its response to this Request. Preliminarily,

18    Deny.

19

20    **REQUEST NO. 57:**

21    Admit that 35.CN controlled the policy decisions made by ONLINENIC.

22    **RESPONSE TO REQUEST NO. 57:**

23    Defendant objects to this Request to the extent Chinese law bars the provision of

24    responsive information such that the case warrants application of the Hague Convention

25    and substantive responses require authorization from the Chinese government and

26    translations. Defendant objects to this Request as vague and ambiguous. Defendant

27    objects to this Request as overbroad and unduly burdensome, including as it requests

28    information for an unlimited time frame.

37    **DEF'S OBJS AND RESPS TO PLAINTIFFS'
FIRST SET OF RFAS**

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request. Preliminarily, Deny.

**REQUEST NO. 58:**

Admit that 35.CN controls the policy decisions made by DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 58:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request. Preliminarily, Deny.

**REQUEST NO. 59:**

Admit that 35.CN controlled the policy decisions made by DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 59:**

Defendant objects to this Request as duplicative. Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as vague and ambiguous. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame.

**DEF'S OBJS AND RESPS TO PLAINTIFFS' FIRST SET OF RFAS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2  follows: Upon authorization from the Chinese government and translations, Defendant will

3  respond with non-privileged information in its possession, custody, or control, if any;

4  Defendant reserves the right to supplement its response to this Request. Preliminarily,

5  Deny.

6

7  **REQUEST NO. 60:**

8    Admit that ONLINENIC is a subsidiary of 35.CN.

9  **RESPONSE TO REQUEST NO. 60:**

10    Defendant objects to this Request to the extent Chinese law bars the provision of

11  responsive information such that the case warrants application of the Hague Convention

12  and substantive responses require authorization from the Chinese government and

13  translations. Defendant objects to this Request as vague and ambiguous.

14    Subject to and without waiving the foregoing objections, Defendant responds as

15  follows: Upon authorization from the Chinese government and translations, Defendant will

16  respond with non-privileged information in its possession, custody, or control, if any;

17  Defendant reserves the right to supplement its response to this Request. Preliminarily,

18  Deny.

19

20  **REQUEST NO. 61:**

21    Admit that ONLINENIC was a subsidiary of 35.CN.

22  **RESPONSE TO REQUEST NO. 61:**

23    Defendant objects to this Request to the extent Chinese law bars the provision of

24  responsive information such that the case warrants application of the Hague Convention

25  and substantive responses require authorization from the Chinese government and

26  translations. Defendant objects to this Request as vague and ambiguous. Defendant

27  objects to this Request as overbroad and unduly burdensome, including as it requests

28  information for an unlimited time frame.

1    Subject to and without waiving the foregoing objections, Defendant responds as

2    follows: Upon authorization from the Chinese government and translations, Defendant will

3    respond with non-privileged information in its possession, custody, or control, if any;

4    Defendant reserves the right to supplement its response to this Request. Preliminarily,

5    Deny.

6

7    **REQUEST NO. 62:**

8    Admit that DOMAIN ID SHIELD is a subsidiary of 35.CN.

9    **RESPONSE TO REQUEST NO. 62:**

10    Defendant objects to this Request to the extent Chinese law bars the provision of

11    responsive information such that the case warrants application of the Hague Convention

12    and substantive responses require authorization from the Chinese government and

13    translations. Defendant objects to this Request as vague and ambiguous.

14    Subject to and without waiving the foregoing objections, Defendant responds as

15    follows: Upon authorization from the Chinese government and translations, Defendant will

16    respond with non-privileged information in its possession, custody, or control, if any;

17    Defendant reserves the right to supplement its response to this Request. Preliminarily,

18    Deny.

19

20    **REQUEST NO. 63:**

21    Admit that DOMAIN ID SHIELD was a subsidiary of 35.CN.

22    **RESPONSE TO REQUEST NO. 63:**

23    Defendant objects to this Request to the extent Chinese law bars the provision of

24    responsive information such that the case warrants application of the Hague Convention

25    and substantive responses require authorization from the Chinese government and

26    translations. Defendant objects to this Request as vague and ambiguous. Defendant

27    objects to this Request as overbroad and unduly burdensome, including as it requests

28    information for an unlimited time frame.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2   follows: Upon authorization from the Chinese government and translations, Defendant will

3   respond with non-privileged information in its possession, custody, or control, if any;

4   Defendant reserves the right to supplement its response to this Request. Preliminarily,

5   Deny.

6

7   **REQUEST NO. 64:**

8    Admit that ONLINENIC was incorporated or otherwise formed by 35.CN.

9   **RESPONSE TO REQUEST NO. 64:**

10    Defendant objects to this Request to the extent Chinese law bars the provision of

11   responsive information such that the case warrants application of the Hague Convention

12   and substantive responses require authorization from the Chinese government and

13   translations. Defendant objects to this Request as vague and ambiguous.

14    Subject to and without waiving the foregoing objections, Defendant responds as

15   follows: Upon authorization from the Chinese government and translations, Defendant will

16   respond with non-privileged information in its possession, custody, or control, if any;

17   Defendant reserves the right to supplement its response to this Request. Preliminarily,

18   Deny.

19

20   **REQUEST NO. 65:**

21    Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by 35.CN.

22   **RESPONSE TO REQUEST NO. 65:**

23    Defendant objects to this Request to the extent Chinese law bars the provision of

24   responsive information such that the case warrants application of the Hague Convention

25   and substantive responses require authorization from the Chinese government and

26   translations. Defendant objects to this Request as vague and ambiguous.

27    Subject to and without waiving the foregoing objections, Defendant responds as

28   follows: Upon authorization from the Chinese government and translations, Defendant will

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  respond with non-privileged information in its possession, custody, or control, if any;

2  Defendant reserves the right to supplement its response to this Request. Preliminarily,

3  Deny.

4

5  **REQUEST NO. 66:**

6      Admit that ONLINENIC was incorporated or otherwise formed by officers and/or

7  directors of 35.CN.

8  **RESPONSE TO REQUEST NO. 66:**

9      Defendant objects to this Request to the extent Chinese law bars the provision of

10  responsive information such that the case warrants application of the Hague Convention

11  and substantive responses require authorization from the Chinese government and

12  translations. Defendant objects to this Request as compound. Defendant objects to this

13  Request as vague and ambiguous, such that Defendant cannot, in good faith, frame an

14  intelligent reply.

15      Subject to and without waiving the foregoing objections, Defendant responds as

16  follows: Upon authorization from the Chinese government and translations, Defendant will

17  respond with non-privileged information in its possession, custody, or control, if any;

18  Defendant reserves the right to supplement its response to this Request.

19

20  **REQUEST NO. 67:**

21      Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by officers

22  and/or directors of 35.CN.

23  **RESPONSE TO REQUEST NO. 67:**

24      Defendant objects to this Request to the extent Chinese law bars the provision of

25  responsive information such that the case warrants application of the Hague Convention

26  and substantive responses require authorization from the Chinese government and

27  translations. Defendant objects to this Request as compound. Defendant objects to this

28  Request as vague and ambiguous, such that Defendant cannot, in good faith, frame an

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    intelligent reply.

2        Subject to and without waiving the foregoing objections, Defendant responds as

3    follows: Upon authorization from the Chinese government and translations, Defendant will

4    respond with non-privileged information in its possession, custody, or control, if any;

5    Defendant reserves the right to supplement its response to this Request.

6

7    **REQUEST NO. 68:**

8        Admit that ONLINENIC was incorporated or otherwise formed by shareholders of

9    35.CN.

10   **RESPONSE TO REQUEST NO. 68:**

11       Defendant objects to this Request to the extent Chinese law bars the provision of

12   responsive information such that the case warrants application of the Hague Convention

13   and substantive responses require authorization from the Chinese government and

14   translations. Defendant objects to this Request as vague and ambiguous, such that

15   Defendant cannot, in good faith, frame an intelligent reply.

16       Subject to and without waiving the foregoing objections, Defendant responds as

17   follows: Upon authorization from the Chinese government and translations, Defendant will

18   respond with non-privileged information in its possession, custody, or control, if any;

19   Defendant reserves the right to supplement its response to this Request.

20

21   **REQUEST NO. 69:**

22       Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by

23   shareholders of 35.CN.

24   **RESPONSE TO REQUEST NO. 69:**

25       Defendant objects to this Request to the extent Chinese law bars the provision of

26   responsive information such that the case warrants application of the Hague Convention

27   and substantive responses require authorization from the Chinese government and

28   translations. Defendant objects to this Request as seeking information that is not relevant

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  to the claim or defense of any party.

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Upon authorization from the Chinese government and translations, Defendant will

4  respond with non-privileged information in its possession, custody, or control, if any;

5  Defendant reserves the right to supplement its response to this Request.

6

7  **REQUEST NO. 70:**

8      Admit that 35.CN pays the wages of employees of ONLINENIC.

9  **RESPONSE TO REQUEST NO. 70:**

10      Defendant objects to this Request to the extent Chinese law bars the provision of

11  responsive information such that the case warrants application of the Hague Convention

12  and substantive responses require authorization from the Chinese government and

13  translations. Defendant objects to this Request as seeking information that is not relevant

14  to the claim or defense of any party.

15      Subject to and without waiving the foregoing objections, Defendant responds as

16  follows: Upon authorization from the Chinese government and translations, Defendant will

17  respond with non-privileged information in its possession, custody, or control, if any;

18  Defendant reserves the right to supplement its response to this Request.

19

20  **REQUEST NO. 71:**

21      Admit that 35.CN paid the wages of employees of ONLINENIC.

22  **RESPONSE TO REQUEST NO. 71:**

23      Defendant objects to this Request to the extent Chinese law bars the provision of

24  responsive information such that the case warrants application of the Hague Convention

25  and substantive responses require authorization from the Chinese government and

26  translations. Defendant objects to this Request as seeking information that is not relevant

27  to the claim or defense of any party. Defendant objects to this Request as overbroad and

28  unduly burdensome, including as it requests information for an unlimited time frame.

1    Subject to and without waiving the foregoing objections, Defendant responds as

2   follows: Upon authorization from the Chinese government and translations, Defendant will

3   respond with non-privileged information in its possession, custody, or control, if any;

4   Defendant reserves the right to supplement its response to this Request.

5

6   **REQUEST NO. 72:**

7    Admit that 35.CN pays the costs of maintaining ONLINENIC as a corporate entity,

8   including annual filing fees and attorney or accountant services.

9   **RESPONSE TO REQUEST NO. 72:**

10    Defendant objects to this Request to the extent Chinese law bars the provision of

11   responsive information such that the case warrants application of the Hague Convention

12   and substantive responses require authorization from the Chinese government and

13   translations. Defendant objects to this Request as compound. Defendant objects to this

14   Request as seeking information that is not relevant to the claim or defense of any party.

15    Subject to and without waiving the foregoing objections, Defendant responds as

16   follows: Upon authorization from the Chinese government and translations, Defendant will

17   respond with non-privileged information in its possession, custody, or control, if any;

18   Defendant reserves the right to supplement its response to this Request.

19

20   **REQUEST NO. 73:**

21    Admit that 35.CN paid the costs of maintaining ONLINENIC as a corporate entity,

22   including annual filing fees and attorney or accountant services.

23   **RESPONSE TO REQUEST NO. 73:**

24    Defendant objects to this Request to the extent Chinese law bars the provision of

25   responsive information such that the case warrants application of the Hague Convention

26   and substantive responses require authorization from the Chinese government and

27   translations. Defendant objects to this Request as compound. Defendant objects to this

28   Request as seeking information that is not relevant to the claim or defense of any party.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   Defendant objects to this Request as overbroad and unduly burdensome, including as it
2   requests information for an unlimited time frame.

3       Subject to and without waiving the foregoing objections, Defendant responds as
4   follows: Upon authorization from the Chinese government and translations, Defendant will
5   respond with non-privileged information in its possession, custody, or control, if any;
6   Defendant reserves the right to supplement its response to this Request.

7

8   **REQUEST NO. 74:**

9       Admit that 35.CN pays the costs of maintaining DOMAIN ID SHIELD as a corporate
10  entity, including annual filing fees and attorney or accountant services.

11  **RESPONSE TO REQUEST NO. 74:**

12      Defendant objects to this Request to the extent Chinese law bars the provision of
13  responsive information such that the case warrants application of the Hague Convention
14  and substantive responses require authorization from the Chinese government and
15  translations. Defendant objects to this Request as compound. Defendant objects to this
16  Request as seeking information that is not relevant to the claim or defense of any party.

17      Subject to and without waiving the foregoing objections, Defendant responds as
18  follows: Upon authorization from the Chinese government and translations, Defendant will
19  respond with non-privileged information in its possession, custody, or control, if any;
20  Defendant reserves the right to supplement its response to this Request.

21

22  **REQUEST NO. 75:**

23      Admit that 35.CN paid the costs of maintaining DOMAIN ID SHIELD as a corporate
24  entity, including annual filing fees and attorney or accountant services.

25  **RESPONSE TO REQUEST NO. 75:**

26      Defendant objects to this Request to the extent Chinese law bars the provision of
27  responsive information such that the case warrants application of the Hague Convention
28  and substantive responses require authorization from the Chinese government and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  translations. Defendant objects to this Request as compound. Defendant objects to this

2  Request as seeking information that is not relevant to the claim or defense of any party.

3  Defendant objects to this Request as overbroad and unduly burdensome, including as it

4  requests information for an unlimited time frame.

5      Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: Upon authorization from the Chinese government and translations, Defendant will

7  respond with non-privileged information in its possession, custody, or control, if any;

8  Defendant reserves the right to supplement its response to this Request.

9

10  **REQUEST NO. 76:**

11      Admit that 35.CN made payments to ONLINENIC between July 2014 and April 2019

12  totaling over $500,000.

13  **RESPONSE TO REQUEST NO. 76:**

14      Defendant objects to this Request to the extent Chinese law bars the provision of

15  responsive information such that the case warrants application of the Hague Convention

16  and substantive responses require authorization from the Chinese government and

17  translations. Defendant objects to this Request as seeking information that is not relevant

18  to the claim or defense of any party.

19      Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Upon authorization from the Chinese government and translations, Defendant

21  will respond with non-privileged information in its possession, custody, or control, if any;

22  Defendant reserves the right to supplement its response to this Request.

23

24  **REQUEST NO. 77:**

25      Admit that ONLINENIC made a loan repayment in 2018 to GONG for a loan that

26  GONG did not make to ONLINENIC.

27  **RESPONSE TO REQUEST NO. 77:**

28      Defendant objects to this Request to the extent Chinese law bars the provision of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request as assuming disputed facts or facts not in evidence. Defendant objects to this Request as compound. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request.

**REQUEST NO. 78:**

Admit that ONLINENIC did not file a document informing ICANN that GONG no longer owned ONLINENIC.

**RESPONSE TO REQUEST NO. 78:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request as assuming disputed facts or facts not in evidence. Defendant objects to this Request as compound. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request.

**REQUEST NO. 79:**

Admit that 35.CN entered into contracts with ONLINENIC, a California corporation.

**RESPONSE TO REQUEST NO. 79:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as compound. Defendant objects to this Request as vague and ambiguous, including as to the term "contracts." Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request. Preliminarily, Defendant admits that 35.CN and OnlineNIC entered into an outsourcing agreement.

**REQUEST NO. 80:**

Admit that 35.CN entered into contracts with ICANN.

**RESPONSE TO REQUEST NO. 80:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request. Preliminarily, Admit.

49

**REQUEST NO. 81:**

Admit that 35.CN entered into contracts with Iron Mountain Intellectual Property Management, a California corporation.

**RESPONSE TO REQUEST NO. 81:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame. Defendant requests to meet and confer with Plaintiffs regarding this Request.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request.

**REQUEST NO. 82:**

Admit that 35.CN and ONLINENIC do not engage in arms-length transactions when they conduct transactions with each other.

**RESPONSE TO REQUEST NO. 82:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as argumentative.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request. Preliminarily,

Kronenberger Rosenfeld
150 Post Street, Suite 520 San Francisco, CA 94108

1  Deny.

2

3  **REQUEST NO. 83:**

4      Admit that 35.CN and DOMAIN ID SHIELD do not engage in arms-length
5  transactions when they conduct transactions with each other.

6  **RESPONSE TO REQUEST NO. 83:**

7      Defendant objects to this Request to the extent Chinese law bars the provision of
8  responsive information such that the case warrants application of the Hague Convention
9  and substantive responses require authorization from the Chinese government and
10 translations. Defendant objects to this Request as argumentative.

11      Subject to and without waiving the foregoing objections, Defendant responds as
12 follows: Upon authorization from the Chinese government and translations, Defendant will
13 respond with non-privileged information in its possession, custody, or control, if any;
14 Defendant reserves the right to supplement its response to this Request. Preliminarily,
15 Deny.

16

17 **REQUEST NO. 84:**

18     Admit that 35.CN is paying for ONLINENIC's defense in this action.

19 **RESPONSE TO REQUEST NO. 84:**

20     Defendant objects to this Request to the extent Chinese law bars the provision of
21 responsive information such that the case warrants application of the Hague Convention
22 and substantive responses require authorization from the Chinese government and
23 translations. Defendant objects to this Request as seeking information that is not relevant
24 to the claim or defense of any party.

25     Subject to and without waiving the foregoing objections, Defendant responds as
26 follows: Upon authorization from the Chinese government and translations, Defendant will
27 respond with non-privileged information in its possession, custody, or control, if any;
28 Defendant reserves the right to supplement its response to this Request.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 85:**

Admit that 35.CN is paying for DOMAIN ID SHIELD's defense in this action.

**RESPONSE TO REQUEST NO. 85:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request.

**REQUEST NO. 86:**

Admit that employees and a director of 35.CN directly participate in the registrar services offered by ONLINENIC, including the registration of domain names on behalf of third parties.

**RESPONSE TO REQUEST NO. 86:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as compound. Defendant objects to this Request as vague and ambiguous, including as to the phrase "directly participate."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request.

//

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 87:**

2        Admit that employees and a director of 35.CN actively participate in the registrar

3    services offered by ONLINENIC, including the registration of domain names on behalf of

4    third parties.

5    **RESPONSE TO REQUEST NO. 87:**

6        Defendant objects to this Request to the extent Chinese law bars the provision of

7    responsive information such that the case warrants application of the Hague Convention

8    and substantive responses require authorization from the Chinese government and

9    translations. Defendant objects to this Request as compound. Defendant objects to this

10   Request as vague and ambiguous, including as to the phrase "actively participate."

11       Subject to and without waiving the foregoing objections, Defendant responds as

12   follows: Upon authorization from the Chinese government and translations, Defendant will

13   respond with non-privileged information in its possession, custody, or control, if any;

14   Defendant reserves the right to supplement its response to this Request.

15

16   **REQUEST NO. 88:**

17       Admit that employees and a director of 35.CN authorize the registrar services

18   offered by ONLINENIC, including the registration of domain names on behalf of third

19   parties.

20   **RESPONSE TO REQUEST NO. 88:**

21       Defendant objects to this Request to the extent Chinese law bars the provision of

22   responsive information such that the case warrants application of the Hague Convention

23   and substantive responses require authorization from the Chinese government and

24   translations. Defendant objects to this Request as compound. Defendant objects to this

25   Request as vague and ambiguous, including as to the term "authorize."

26       Subject to and without waiving the foregoing objections, Defendant responds as

27   follows: Upon authorization from the Chinese government and translations, Defendant will

28   respond with non-privileged information in its possession, custody, or control, if any;

**DEF'S OBJS AND RESPS TO PLAINTIFFS'
FIRST SET OF RFAS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Defendant reserves the right to supplement its response to this Request.

2

3    **REQUEST NO. 89:**

4       Admit that employees and a director of 35.CN direct the registrar services offered

5    by ONLINENIC, including the registration of domain names on behalf of third parties.

6    **RESPONSE TO REQUEST NO. 89:**

7       Defendant objects to this Request to the extent Chinese law bars the provision of

8    responsive information such that the case warrants application of the Hague Convention

9    and substantive responses require authorization from the Chinese government and

10    translations. Defendant objects to this Request as compound. Defendant objects to this

11    Request as vague and ambiguous, including as to the term "direct."

12       Subject to and without waiving the foregoing objections, Defendant responds as

13    follows: Upon authorization from the Chinese government and translations, Defendant will

14    respond with non-privileged information in its possession, custody, or control, if any;

15    Defendant reserves the right to supplement its response to this Request.

16

17    **REQUEST NO. 90:**

18       Admit that 35.CN directly participates in the registrar services offered by

19    ONLINENIC, including the registration of domain names on behalf of third parties.

20    **RESPONSE TO REQUEST NO. 90:**

21       Defendant objects to this Request to the extent Chinese law bars the provision of

22    responsive information such that the case warrants application of the Hague Convention

23    and substantive responses require authorization from the Chinese government and

24    translations. Defendant objects to this Request as compound. Defendant objects to this

25    Request as vague and ambiguous, including as to the phrase "directly participates."

26       Subject to and without waiving the foregoing objections, Defendant responds as

27    follows: Upon authorization from the Chinese government and translations, Defendant will

28    respond with non-privileged information in its possession, custody, or control, if any;

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  Defendant reserves the right to supplement its response to this Request. Preliminarily,
2  Deny.

3

4  **REQUEST NO. 91:**

5      Admit that 35.CN actively participates in the registrar services offered by
6  ONLINENIC, including the registration of domain names on behalf of third parties.

7  **RESPONSE TO REQUEST NO. 91:**

8      Defendant objects to this Request to the extent Chinese law bars the provision of
9  responsive information such that the case warrants application of the Hague Convention
10 and substantive responses require authorization from the Chinese government and
11 translations. Defendant objects to this Request as compound. Defendant objects to this
12 Request as vague and ambiguous, including as to the phrase "actively participates."

13     Subject to and without waiving the foregoing objections, Defendant responds as
14 follows: Upon authorization from the Chinese government and translations, Defendant will
15 respond with non-privileged information in its possession, custody, or control, if any;
16 Defendant reserves the right to supplement its response to this Request. Preliminarily,
17 Deny.

18

19 **REQUEST NO. 92:**

20     Admit that 35.CN authorizes the registrar services offered by ONLINENIC, including
21 the registration of domain names on behalf of third parties.

22 **RESPONSE TO REQUEST NO. 92:**

23     Defendant objects to this Request to the extent Chinese law bars the provision of
24 responsive information such that the case warrants application of the Hague Convention
25 and substantive responses require authorization from the Chinese government and
26 translations. Defendant objects to this Request as compound. Defendant objects to this
27 Request as vague and ambiguous, including as to the term "authorizes."

28     Subject to and without waiving the foregoing objections, Defendant responds as

55  **DEF'S OBJS AND RESPS TO PLAINTIFFS'
FIRST SET OF RFAS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Upon authorization from the Chinese government and translations, Defendant will

2  respond with non-privileged information in its possession, custody, or control, if any;

3  Defendant reserves the right to supplement its response to this Request. Preliminarily,

4  Deny.

5

6  **REQUEST NO. 93:**

7      Admit that 35.CN directs the registrar services offered by ONLINENIC, including the

8  registration of domain names on behalf of third parties.

9  **RESPONSE TO REQUEST NO. 93:**

10      Defendant objects to this Request to the extent Chinese law bars the provision of

11  responsive information such that the case warrants application of the Hague Convention

12  and substantive responses require authorization from the Chinese government and

13  translations. Defendant objects to this Request as compound. Defendant objects to this

14  Request as vague and ambiguous, including as to the term "directs."

15      Subject to and without waiving the foregoing objections, Defendant responds as

16  follows: Upon authorization from the Chinese government and translations, Defendant will

17  respond with non-privileged information in its possession, custody, or control, if any;

18  Defendant reserves the right to supplement its response to this Request. Preliminarily,

19  Deny.

20

21  **REQUEST NO. 94:**

22      Admit that employees and a director of 35.CN directly participate in the

23  privacy/proxy services offered by DOMAIN ID SHIELD, including the registration of domain

24  names on behalf of third parties.

25  **RESPONSE TO REQUEST NO. 94:**

26      Defendant objects to this Request to the extent Chinese law bars the provision of

27  responsive information such that the case warrants application of the Hague Convention

28  and substantive responses require authorization from the Chinese government and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  translations. Defendant objects to this Request as compound. Defendant objects to this

2  Request as assuming disputed facts or facts not in evidence, in that it is disputed that

3  Defendants offer or participate in proxy services.

4      Subject to and without waiving the foregoing objections, Defendant responds as

5  follows: Upon authorization from the Chinese government and translations, Defendant will

6  respond with non-privileged information in its possession, custody, or control, if any;

7  Defendant reserves the right to supplement its response to this Request.

8

9  **REQUEST NO. 95:**

10      Admit that employees and a director of 35.CN actively participate in the

11  privacy/proxy services offered by DOMAIN ID SHIELD, including the registration of domain

12  names on behalf of third parties.

13  **RESPONSE TO REQUEST NO. 95:**

14      Defendant objects to this Request to the extent Chinese law bars the provision of

15  responsive information such that the case warrants application of the Hague Convention

16  and substantive responses require authorization from the Chinese government and

17  translations. Defendant objects to this Request as compound. Defendant objects to this

18  Request as assuming disputed facts or facts not in evidence, in that it is disputed that

19  Defendants offer or participate in proxy services.

20      Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Upon authorization from the Chinese government and translations, Defendant will

22  respond with non-privileged information in its possession, custody, or control, if any;

23  Defendant reserves the right to supplement its response to this Request.

24

25  **REQUEST NO. 96:**

26      Admit that employees and a director of 35.CN authorize the privacy/proxy services

27  offered by DOMAIN ID SHIELD, including the REGISTRATION of domain names on behalf

28  of third parties.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 96:**

2  Defendant objects to this Request to the extent Chinese law bars the provision of
3  responsive information such that the case warrants application of the Hague Convention
4  and substantive responses require authorization from the Chinese government and
5  translations. Defendant objects to this Request as compound. Defendant objects to this
6  Request as assuming disputed facts or facts not in evidence, in that it is disputed that
7  Defendants offer or participate in proxy services.

8  Subject to and without waiving the foregoing objections, Defendant responds as
9  follows: Upon authorization from the Chinese government and translations, Defendant will
10  respond with non-privileged information in its possession, custody, or control, if any;
11  Defendant reserves the right to supplement its response to this Request.

12

13  **REQUEST NO. 97:**

14  Admit that employees and a director of 35.CN direct the privacy/proxy services
15  offered by DOMAIN ID SHIELD, including the REGISTRATION of domain names on behalf
16  of third parties.

17  **RESPONSE TO REQUEST NO. 97:**

18  Defendant objects to this Request to the extent Chinese law bars the provision of
19  responsive information such that the case warrants application of the Hague Convention
20  and substantive responses require authorization from the Chinese government and
21  translations. Defendant objects to this Request as compound. Defendant objects to this
22  Request as assuming disputed facts or facts not in evidence, in that it is disputed that
23  Defendants offer or participate in proxy services.

24  Subject to and without waiving the foregoing objections, Defendant responds as
25  follows: Upon authorization from the Chinese government and translations, Defendant will
26  respond with non-privileged information in its possession, custody, or control, if any;
27  Defendant reserves the right to supplement its response to this Request.

28  //

1    **REQUEST NO. 98:**

2        Admit that 35.CN directly participates in the privacy/proxy services offered by

3    DOMAIN ID SHIELD, including the registration of domain names on behalf of third parties.

4    **RESPONSE TO REQUEST NO. 98:**

5        Defendant objects to this Request to the extent Chinese law bars the provision of

6    responsive information such that the case warrants application of the Hague Convention

7    and substantive responses require authorization from the Chinese government and

8    translations. Defendant objects to this Request as compound. Defendant objects to this

9    Request as assuming disputed facts or facts not in evidence, in that it is disputed that

10   Defendants offer or participate in proxy services.

11       Subject to and without waiving the foregoing objections, Defendant responds as

12   follows: Upon authorization from the Chinese government and translations, Defendant will

13   respond with non-privileged information in its possession, custody, or control, if any;

14   Defendant reserves the right to supplement its response to this Request.

15

16   **REQUEST NO. 99:**

17       Admit that 35.CN actively participates in the privacy/proxy services offered by

18   DOMAIN ID SHIELD, including the registration of domain names on behalf of third parties.

19   **RESPONSE TO REQUEST NO. 99:**

20       Defendant objects to this Request to the extent Chinese law bars the provision of

21   responsive information such that the case warrants application of the Hague Convention

22   and substantive responses require authorization from the Chinese government and

23   translations. Defendant objects to this Request as compound. Defendant objects to this

24   Request as assuming disputed facts or facts not in evidence, in that it is disputed that

25   Defendants offer or participate in proxy services.

26       Subject to and without waiving the foregoing objections, Defendant responds as

27   follows: Upon authorization from the Chinese government and translations, Defendant will

28   respond with non-privileged information in its possession, custody, or control, if any;

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   Defendant reserves the right to supplement its response to this Request.

2

3   **REQUEST NO. 100:**

4       Admit that 35.CN authorizes the privacy/proxy services offered by DOMAIN ID

5   SHIELD, including the REGISTRATION of domain names on behalf of third parties.

6   **RESPONSE TO REQUEST NO. 100:**

7       Defendant objects to this Request to the extent Chinese law bars the provision of

8   responsive information such that the case warrants application of the Hague Convention

9   and substantive responses require authorization from the Chinese government and

10  translations. Defendant objects to this Request as compound. Defendant objects to this

11  Request as assuming disputed facts or facts not in evidence, in that it is disputed that

12  Defendants offer or participate in proxy services.

13      Subject to and without waiving the foregoing objections, Defendant responds as

14  follows: Upon authorization from the Chinese government and translations, Defendant will

15  respond with non-privileged information in its possession, custody, or control, if any;

16  Defendant reserves the right to supplement its response to this Request.

17

18  **REQUEST NO. 101:**

19      Admit that 35.CN directs the privacy/proxy services offered by DOMAIN ID SHIELD,

20  including the REGISTRATION of domain names on behalf of third parties.

21  **RESPONSE TO REQUEST NO. 101:**

22      Defendant objects to this Request to the extent Chinese law bars the provision of

23  responsive information such that the case warrants application of the Hague Convention

24  and substantive responses require authorization from the Chinese government and

25  translations. Defendant objects to this Request as compound. Defendant objects to this

26  Request as assuming disputed facts or facts not in evidence, in that it is disputed that

27  Defendants offer or participate in proxy services.

28      Subject to and without waiving the foregoing objections, Defendant responds as

60    **DEF'S OBJS AND RESPS TO PLAINTIFFS' FIRST SET OF RFAS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Upon authorization from the Chinese government and translations, Defendant will
2  respond with non-privileged information in its possession, custody, or control, if any;
3  Defendant reserves the right to supplement its response to this Request.

4

5  **REQUEST NO. 102:**

6      Admit that all of the work of ONLINENIC is performed by individuals who work out
7  of 35.CN's offices.

8  **RESPONSE TO REQUEST NO. 102:**

9      Defendant objects to this Request to the extent Chinese law bars the provision of
10  responsive information such that the case warrants application of the Hague Convention
11  and substantive responses require authorization from the Chinese government and
12  translations. Defendant objects to this Request as vague and ambiguous, including as to
13  the term "offices."

14      Subject to and without waiving the foregoing objections, Defendant responds as
15  follows: Upon authorization from the Chinese government and translations, Defendant will
16  respond with non-privileged information in its possession, custody, or control, if any;
17  Defendant reserves the right to supplement its response to this Request. Preliminarily,
18  Deny.

19

20  **REQUEST NO. 103:**

21      Admit that all of the work of ONLINENIC was performed by individuals who worked
22  out of 35.CN's offices.

23  **RESPONSE TO REQUEST NO. 103:**

24      Defendant objects to this Request to the extent Chinese law bars the provision of
25  responsive information such that the case warrants application of the Hague Convention
26  and substantive responses require authorization from the Chinese government and
27  translations. Defendant objects to this Request as vague and ambiguous, including as to
28  the term "offices." Defendant objects to this Request as overbroad and unduly

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    burdensome, including as it requests information for an unlimited time frame.

2        Subject to and without waiving the foregoing objections, Defendant responds as

3    follows: Upon authorization from the Chinese government and translations, Defendant will

4    respond with non-privileged information in its possession, custody, or control, if any;

5    Defendant reserves the right to supplement its response to this Request. Preliminarily,

6    Deny.

7

8    **REQUEST NO. 104:**

9        Admit that all of the work of DOMAIN ID SHIELD is performed by employees and

10    independent contractors of 35.CN.

11    **RESPONSE TO REQUEST NO. 104:**

12        Defendant objects to this Request to the extent Chinese law bars the provision of

13    responsive information such that the case warrants application of the Hague Convention

14    and substantive responses require authorization from the Chinese government and

15    translations. Defendant objects to this Request as compound. Defendant objects to this

16    Request as vague and ambiguous, such that Defendant cannot, in good faith, frame an

17    intelligent reply.

18        Subject to and without waiving the foregoing objections, Defendant responds as

19    follows: Upon authorization from the Chinese government and translations, Defendant will

20    respond with non-privileged information in its possession, custody, or control, if any;

21    Defendant reserves the right to supplement its response to this Request.

22

23    **REQUEST NO. 105:**

24        Admit that all of the work of DOMAIN ID SHIELD was performed by employees and

25    independent contractors of 35.CN.

26    **RESPONSE TO REQUEST NO. 105:**

27        Defendant objects to this Request to the extent Chinese law bars the provision of

28    responsive information such that the case warrants application of the Hague Convention

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as compound. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame. Defendant objects to this Request as vague and ambiguous, such that Defendant cannot, in good faith, frame an intelligent reply.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request.

**REQUEST NO. 106:**

Admit that all of the work of DOMAIN ID SHIELD is performed by individuals who work out of 35.CN's offices.

**RESPONSE TO REQUEST NO. 106:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as vague and ambiguous, including as to the term "offices."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request. Preliminarily, Deny.

**REQUEST NO. 107:**

Admit that all of the work of DOMAIN ID SHIELD was performed by individuals who worked out of 35.CN's offices.

**DEF'S OBJS AND RESPS TO PLAINTIFFS' FIRST SET OF RFAS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **RESPONSE TO REQUEST NO. 107:**

2        Defendant objects to this Request to the extent Chinese law bars the provision of

3    responsive information such that the case warrants application of the Hague Convention

4    and substantive responses require authorization from the Chinese government and

5    translations. Defendant objects to this Request as overbroad and unduly burdensome,

6    including as it requests information for an unlimited time frame. Defendant objects to this

7    Request as vague and ambiguous, including as to the term "offices."

8        Subject to and without waiving the foregoing objections, Defendant responds as

9    follows: Upon authorization from the Chinese government and translations, Defendant will

10   respond with non-privileged information in its possession, custody, or control, if any;

11   Defendant reserves the right to supplement its response to this Request. Preliminarily,

12   Deny.

13

14   **REQUEST NO. 108:**

15       Admit that employees of 35.CN were involved in the destruction of evidence as

16   detailed in the Special Discovery Master's Data Destroyed or Withheld Report.

17   **RESPONSE TO REQUEST NO. 108:**

18       Defendant objects to this Request to the extent Chinese law bars the provision of

19   responsive information such that the case warrants application of the Hague Convention

20   and substantive responses require authorization from the Chinese government and

21   translations. Defendant objects to this Request as argumentative. Defendant objects to

22   this Request as assuming disputed facts or facts not in evidence regarding the alleged

23   destruction of evidence.

24       Subject to and without waiving the foregoing objections, Defendant responds as

25   follows: Upon authorization from the Chinese government and translations, Defendant will

26   respond with non-privileged information in its possession, custody, or control, if any;

27   Defendant reserves the right to supplement its response to this Request.

28   //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 109:**

Admit that employees of 35.CN participated in the destruction of evidence as detailed in the Special Discovery Master's Data Destroyed or Withheld Report.

**RESPONSE TO REQUEST NO. 109:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as argumentative. Defendant objects to this Request as assuming disputed facts or facts not in evidence regarding the alleged destruction of evidence.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any; Defendant reserves the right to supplement its response to this Request.

**REQUEST NO. 110:**

Admit that 35.CN was involved in the destruction of evidence as detailed in the Special Discovery Master's Data Destroyed or Withheld Report.

**RESPONSE TO REQUEST NO. 110:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as argumentative. Defendant objects to this Request as assuming disputed facts or facts not in evidence regarding the alleged destruction of evidence.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Upon authorization from the Chinese government and translations, Defendant will respond with non-privileged information in its possession, custody, or control, if any;

**DEF'S OBJS AND RESPS TO PLAINTIFFS' FIRST SET OF RFAS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  Defendant reserves the right to supplement its response to this Request.

2

3  **REQUEST NO. 111:**

4  Admit that 35.CN participated in the destruction of evidence as detailed in the

5  Special Discovery Master's Data Destroyed or Withheld Report.

6  **RESPONSE TO REQUEST NO. 111:**

7  Defendant objects to this Request to the extent Chinese law bars the provision of

8  responsive information such that the case warrants application of the Hague Convention

9  and substantive responses require authorization from the Chinese government and

10  translations. Defendant objects to this Request as argumentative. Defendant objects to

11  this Request as assuming disputed facts or facts not in evidence regarding the alleged

12  destruction of evidence.

13  Subject to and without waiving the foregoing objections, Defendant responds as

14  follows: Upon authorization from the Chinese government and translations, Defendant will

15  respond with non-privileged information in its possession, custody, or control, if any;

16  Defendant reserves the right to supplement its response to this Request.

17

18  **REQUEST NO. 112:**

19  Admit that 35.CN does business under the name "China Channel."

20  **RESPONSE TO REQUEST NO. 112:**

21  Defendant objects to this Request to the extent Chinese law bars the provision of

22  responsive information such that the case warrants application of the Hague Convention

23  and substantive responses require authorization from the Chinese government and

24  translations. Defendant objects to this Request as vague and ambiguous, such that

25  Defendant cannot, in good faith, frame an intelligent reply.

26  Subject to and without waiving the foregoing objections, Defendant responds as

27  follows: Upon authorization from the Chinese government and translations, Defendant will

28  respond with non-privileged information in its possession, custody, or control, if any;

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  Defendant reserves the right to supplement its response to this Request.

2

3  **REQUEST NO. 113:**

4       Admit that 35.CN has done business under the name "China Channel."

5  **RESPONSE TO REQUEST NO. 113:**

6       Defendant objects to this Request to the extent Chinese law bars the provision of

7  responsive information such that the case warrants application of the Hague Convention

8  and substantive responses require authorization from the Chinese government and

9  translations. Defendant objects to this Request as overbroad and unduly burdensome,

10 including as it requests information for an unlimited time frame. Defendant objects to this

11 Request as vague and ambiguous, such that Defendant cannot, in good faith, frame an

12 intelligent reply.

13      Subject to and without waiving the foregoing objections, Defendant responds as

14 follows: Upon authorization from the Chinese government and translations, Defendant will

15 respond with non-privileged information in its possession, custody, or control, if any;

16 Defendant reserves the right to supplement its response to this Request.

17

18 **REQUEST NO. 114:**

19      Admit that Shaohui Gong is also known as Shao Hong Gong.

20 **RESPONSE TO REQUEST NO. 114:**

21      Defendant objects to this Request to the extent Chinese law bars the provision of

22 responsive information such that the case warrants application of the Hague Convention

23 and substantive responses require authorization from the Chinese government and

24 translations. Defendant objects to this Request as the intrusion into privacy of third parties

25 far outweighs the probative value of the requested information. Defendant objects to this

26 Request because Defendant lacks knowledge sufficient to admit or deny the matter.

27      Subject to and without waiving the foregoing objections, Defendant responds as

28 follows: Upon authorization from the Chinese government and translations, Defendant will

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  respond with non-privileged information in its possession, custody, or control, if any;

2  Defendant reserves the right to supplement its response to this Request.

3

4  **REQUEST NO. 115:**

5      Admit that Shaohui Gong is also known as Kevin Gong.

6  **RESPONSE TO REQUEST NO. 115:**

7      Defendant objects to this Request to the extent Chinese law bars the provision of

8  responsive information such that the case warrants application of the Hague Convention

9  and substantive responses require authorization from the Chinese government and

10  translations. Defendant objects to this Request as the intrusion into privacy of third parties

11  far outweighs the probative value of the requested information. Defendant objects to this

12  Request because Defendant lacks knowledge sufficient to admit or deny the matter.

13      Subject to and without waiving the foregoing objections, Defendant responds as

14  follows: Upon authorization from the Chinese government and translations, Defendant will

15  respond with non-privileged information in its possession, custody, or control, if any;

16  Defendant reserves the right to supplement its response to this Request.

17

18  **REQUEST NO. 116:**

19      Admit that Carrie Yu is also known as Hongxia Yu.

20  **RESPONSE TO REQUEST NO. 116:**

21      Defendant objects to this Request to the extent Chinese law bars the provision of

22  responsive information such that the case warrants application of the Hague Convention

23  and substantive responses require authorization from the Chinese government and

24  translations. Defendant objects to this Request as the intrusion into privacy of third parties

25  far outweighs the probative value of the requested information. Defendant objects to this

26  Request because Defendant lacks knowledge sufficient to admit or deny the matter.

27      Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Upon authorization from the Chinese government and translations, Defendant will

68

**KRONENBERGER ROSENFELD**
150 Post Street, Suite 520 San Francisco, CA 94108

1  respond with non-privileged information in its possession, custody, or control, if any;
2  Defendant reserves the right to supplement its response to this Request.

3

4  **REQUEST NO. 117:**

5      Admit that Carrie Yu is also known as Yu Hongxia.

6  **RESPONSE TO REQUEST NO. 117:**

7      Defendant objects to this Request to the extent Chinese law bars the provision of
8  responsive information such that the case warrants application of the Hague Convention
9  and substantive responses require authorization from the Chinese government and
10 translations. Defendant objects to this Request as the intrusion into privacy of third parties
11 far outweighs the probative value of the requested information. Defendant objects to this
12 Request because Defendant lacks knowledge sufficient to admit or deny the matter.

13     Subject to and without waiving the foregoing objections, Defendant responds as
14 follows: Upon authorization from the Chinese government and translations, Defendant will
15 respond with non-privileged information in its possession, custody, or control, if any;
16 Defendant reserves the right to supplement its response to this Request.

17

18 **REQUEST NO. 118:**

19     Admit that Carrie Yu is also known as Carrie Arden.

20 **RESPONSE TO REQUEST NO. 118:**

21     Defendant objects to this Request to the extent Chinese law bars the provision of
22 responsive information such that the case warrants application of the Hague Convention
23 and substantive responses require authorization from the Chinese government and
24 translations. Defendant objects to this Request as the intrusion into privacy of third parties
25 far outweighs the probative value of the requested information. Defendant objects to this
26 Request because Defendant lacks knowledge sufficient to admit or deny the matter.

27     Subject to and without waiving the foregoing objections, Defendant responds as
28 follows: Upon authorization from the Chinese government and translations, Defendant will

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    respond with non-privileged information in its possession, custody, or control, if any;
2    Defendant reserves the right to supplement its response to this Request.

3
4    Respectfully Submitted,
5    Dated: April 18, 2022                    **KRONENBERGER ROSENFELD, LLP**

6
7    By: _____
                         Karl S. Kronenberger
8
9    Attorneys for Defendant Xiamen 35.com
     Technology Co., Ltd.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28