Exhibit 9

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **META PLATFORMS, INC.**, et al., | Case No. 3:19-cv-07071-SI |
| Plaintiffs, | |
| v. | **DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |
| **ONLINENIC INC.**, et al., | |
| Defendants. | **APPENDIX** |

DEF'S SUPP OBJS AND RESPS TO
PLAINTIFFS' FIRST SET OF RFAS

1  PROPOUNDING PARTY:        PLAINTIFFS META PLATFORMS, INC. F/K/A

2                            FACEBOOK, INC. AND INSTAGRAM, LLC

3  RESPONDING PARTY:         DEFENDANT XIAMEN 35.COM TECHNOLOGY CO.,

4                            LTD.

5  SET:                      ONE

6                        **PRELIMINARY STATEMENT**

7        Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") is

8  presently pursuing its investigation and analysis of the facts and law relating to this case,

9  and has not completed its discovery or preparation for trial. Therefore, the responses set

10 forth herein are given without prejudice to Defendant's right to produce evidence of any

11 subsequently discovered facts, writings, or interpretations thereof, or to modify, change,

12 or otherwise amend these responses. The information hereinafter set forth is true and

13 correct to the best knowledge of Defendant as of this date, and is subject to correction for

14 errors or omissions. These responses are based upon records and information presently

15 available to Defendant. Defendant undertakes no affirmative duty to supplement these

16 responses based upon further discovery and investigation other than as mandated by the

17 Federal Rules of Civil Procedure. References in a response to a preceding or subsequent

18 response incorporate the information and objections stated in the referenced response.

19       Defendant reserves the right to introduce at trial or in support of or in opposition to

20 any motion in this case any and all documents, information, and admissions heretofore

21 or hereafter produced by the parties in this action or by any third person. To the extent

22 that Defendant identifies certain writings or delineates facts contained within any writing

23 or otherwise, it does so without prejudice to establish at a later date any additional facts

24 that may be contained within or discovered as a result of any additional investigation and

25 discovery.

26       Inadvertent identification of privileged information or writings by Defendant does

27 not constitute a waiver of any applicable privilege. The information hereafter set forth

28 does not waive any objection, including relevance, to the admission of such information

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  in evidence.

2      This preliminary statement is incorporated into each and every response set forth

3  herein.

4      Subject to the foregoing conditions, Defendant objects and responds to Plaintiffs'

5  First Set of Requests for Admission (the "Requests") as follows:

6                          **GENERAL OBJECTIONS**

7      1.    Defendant objects to the Requests because Chinese law requires application

8  of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters

9  ("Hague Convention"), including to have translated discovery documents, and

10  authorization from the Chinese government, including pursuant to Chinese data security

11  and privacy laws; nothing herein shall be deemed as a waiver of Defendant's rights, claims,

12  or contentions, including as related to these issues. Defendant refers to the meet-and-

13  confer letter sent to Plaintiffs' counsel on March 30, 2022 and Chinese counsel letter dated

14  June 16, 2022. Defendant is unable to verify discovery responses without translated

15  requests.

16      2.    Defendant objects to the extent that the Requests are overbroad, unduly

17  burdensome, and/or oppressive.

18      3.    Defendant objects to the Requests to the extent that they impose discovery

19  obligations that differ from or exceed the discovery obligations imposed by the Federal

20  Rules of Civil Procedure or other applicable law.

21      4.    Defendant objects to the Requests to the extent that they seek documents,

22  information, or admissions relating to matters that are neither relevant to the claims

23  asserted in the pleadings nor proportional to the needs of the case.

24      5.    Discovery in this action is continuing and Defendant has not completed its

25  investigation and discovery into this case or the matters related to the Requests. Defendant

26  therefore reserves its right to make changes in these responses if it appears that omissions

27  or errors have been made in them or that further and more accurate information is

28  available. The following responses and objections state Defendant's knowledge,

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  information, and belief as of the date of such responses and objections after Defendant

2  has conducted a good faith and reasonable inquiry, and Defendant expressly reserves the

3  right to rely upon and/or introduce into evidence at trial such additional information or facts

4  as it may discover hereafter. Defendant objects to the Requests insofar as they may be

5  construed to limit or restrict Defendant's or any other party's right to rely upon any

6  information or document for any purposes whatsoever, including without limitation, the use

7  of information or responsive documents as evidence at any subsequent hearing, trial, or

8  other proceeding.

9      6.    Defendant reserves the right to submit additional objections to the Requests

10  or any other discovery requests of any kind. Defendant reserves the right to change any

11  and all responses herein as additional facts and further information are obtained, new

12  analyses are made, and legal research is completed.

13     7.    Defendant objects to the Requests to the extent that they purport to require

14  Defendant to provide information that is not reasonably available to Defendant through a

15  reasonable and good faith inquiry into its records and the knowledge of its employees.

16     8.    Defendant objects to the Requests to the extent any of them seek information

17  that is protected by the attorney-client privilege, the attorney work product doctrine, the

18  deliberative process privilege, the joint defense privilege, the privilege for negotiations

19  leading to settlement, or any other applicable privilege. Information protected by any such

20  privilege will not be produced. All such information will be withheld. Any inadvertent

21  production of such information shall not be deemed to waive any privilege or protection

22  with respect to such information.

23     9.    Defendant objects to the Requests to the extent that they seek information

24  protected or prohibited from disclosure under Federal, California, Chinese, or other

25  applicable law, including without limitation, the right of privacy, as well as any other

26  confidentiality rights possessed by third parties. All such information will be withheld.

27     10.   Defendant objects to the Requests to the extent that they duplicate, repeat,

28  or overlap with other discovery requests on the ground that such Requests impose an

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

undue burden on Defendant.

11.     Defendant does not concede the relevance or the materiality of any information requested or provided or of the subject matter to which such information refers. Defendant's responses are made subject to and without waiving any questions or objections as to the competency, relevance, materiality, or admissibility as evidence or for any other purpose, of any of the information referred to herein, or of the subject matter thereof, in any proceeding, including without limitation the trial of this action or any other action.

12.     Defendant objects to the Requests to the extent that they seek information in the possession, custody, or control of individuals or entities other than Defendant on the grounds that each such Request is unduly burdensome and oppressive, and such information is equally available to Plaintiffs. In particular, Plaintiffs must seek and use information from OnlineNIC and ID Shield in the United States first, especially as (1) the Court has not finally ruled on whether it has personal jurisdiction over 35.CN and as 35.CN is prohibited under Chinese law from disclosing non-public information to Plaintiffs, and (2) **OnlineNIC and ID Shield have already responded to hundreds of written discovery requests**, including multiple sets of requests for admission, interrogatories, and requests for production of documents in this case.

13.     Defendant objects to the Requests to the extent they seek information that calls for a legal conclusion.

14.     Each of the foregoing General Objections is a continuing objection, which Defendant incorporates by reference into each specific response to each of the Requests below as if fully set forth herein.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that ONLINENIC uses employees of 35.CN to conduct work for ONLINENIC.

//

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party.[1] Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects that this Request is premised on a misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant objects to the Request as confusing and ambiguous.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing agreement; as to the remainder of the Request, deny.

**REQUEST NO. 2:**

Admit that ONLINENIC used employees of 35.CN to conduct work for ONLINENIC.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant.

---

[1] If there is public information within the U.S. that is not subject to authorization from the Chinese government, 35.CN reserves the right to respond, despite lack of application under the Hague Convention, without waiving any rights, including to obtain translated copies. This applies to each response to this First Set of Requests for Admission.

5

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    Defendant objects to this Request as overbroad and unduly burdensome, including as it

2    requests information for an unlimited time frame. Defendant objects that this Request is

3    premised on a misunderstanding and disputed fact; the agreement with OnlineNIC was a

4    staffing, not a co-employment/work-type, agreement. As such, Defendant objects to the

5    Request as confusing and ambiguous.

6        Subject to and without waiving the foregoing objections, Defendant responds as

7    follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

8    agreement; as to the remainder of the Request, deny.

9

10   **REQUEST NO. 3:**

11       Admit that DOMAIN ID SHIELD uses employees of 35.CN to conduct work for

12   DOMAIN ID SHIELD.

13   **RESPONSE TO REQUEST NO. 3:**

14       Defendant objects to this Request to the extent Chinese law bars the provision of

15   responsive information such that the case warrants application of the Hague Convention

16   and substantive responses require authorization from the Chinese government and

17   translations. Defendant objects to this Request as seeking information that is not relevant

18   to the claim or defense of any party. Defendant objects to this Request to the extent

19   responsive information is within the possession, custody, or control of Plaintiffs or other

20   Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant.

21   Defendant objects that this Request is premised on a misunderstanding and disputed fact;

22   the agreement with OnlineNIC was a staffing, not a co-employment/work-type, agreement.

23   As such, Defendant objects to the Request as confusing and ambiguous.

24       Subject to and without waiving the foregoing objections, Defendant responds as

25   follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

26   agreement; as to the remainder of the Request, deny and refer to other Defendants.

27

28   //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 4:**

Admit that DOMAINID SHIELD used employees of 35.CN to conduct work for DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame. Defendant objects that this Request is premised on a misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant objects to the Request as confusing and ambiguous.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing agreement; as to the remainder of the Request, deny and refer to other Defendants.

**REQUEST NO. 5:**

Admit that the day-to-day operations of ONLINENIC are carried out by employees of 35.CN.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request to the extent responsive information is

1  within the possession, custody, or control of Plaintiffs or other Defendants or third parties,

2  or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects that this

3  Request is premised on a misunderstanding and disputed fact; the agreement with

4  OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant

5  objects to the Request as confusing and ambiguous.

6      Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

8  agreement; as to the remainder of the Request, deny.

9

10  **REQUEST NO. 6:**

11      Admit that the day-to-day operations of ONLINENIC were carried out by employees

12  of 35.CN.

13  **RESPONSE TO REQUEST NO. 6:**

14      Defendant objects to this Request to the extent Chinese law bars the provision of

15  responsive information such that the case warrants application of the Hague Convention

16  and substantive responses require authorization from the Chinese government and

17  translations. Defendant objects to this Request to the extent responsive information is

18  within the possession, custody, or control of Plaintiffs or other Defendants or third parties,

19  or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this

20  Request as overbroad and unduly burdensome, including as it requests information for an

21  unlimited time frame. Defendant objects that this Request is premised on a

22  misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a

23  co-employment/work-type, agreement. As such, Defendant objects to the Request as

24  confusing and ambiguous.

25      Subject to and without waiving the foregoing objections, Defendant responds as

26  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

27  agreement; as to the remainder of the Request, deny.

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 7:**

2      Admit that the day-to-day operations of DOMAIN ID SHIELD are carried out by

3  employees of 35.CN.

4  **RESPONSE TO REQUEST NO. 7:**

5      Defendant objects to this Request to the extent Chinese law bars the provision of

6  responsive information such that the case warrants application of the Hague Convention

7  and substantive responses require authorization from the Chinese government and

8  translations. Defendant objects to this Request to the extent responsive information is

9  within the possession, custody, or control of Plaintiffs or other Defendants or third parties,

10  or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects that this

11  Request is premised on a misunderstanding and disputed fact; the agreement with

12  OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant

13  objects to the Request as confusing and ambiguous.

14      Subject to and without waiving the foregoing objections, Defendant responds as

15  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

16  agreement; as to the remainder of the Request, deny and refer to other Defendants.

17

18  **REQUEST NO. 8:**

19      Admit that the day-to-day operations of DOMAIN ID SHIELD were carried out by

20  employees of 35.CN.

21  **RESPONSE TO REQUEST NO. 8:**

22      Defendant objects to this Request to the extent Chinese law bars the provision of

23  responsive information such that the case warrants application of the Hague Convention

24  and substantive responses require authorization from the Chinese government and

25  translations. Defendant objects to this Request to the extent responsive information is

26  within the possession, custody, or control of Plaintiffs or other Defendants or third parties,

27  or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this

28  Request as overbroad and unduly burdensome, including as it requests information for an

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  unlimited time frame. Defendant objects that this Request is premised on a

2  misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a

3  co-employment/work-type, agreement. As such, Defendant objects to the Request as

4  confusing and ambiguous.

5  Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

7  agreement; as to the remainder of the Request, deny and refer to other Defendants.

8

9  **REQUEST NO. 9:**

10  Admit that the technical support of ONLINENIC is carried out by employees of

11  35.CN.

12  **RESPONSE TO REQUEST NO. 9:**

13  Defendant objects to this Request to the extent Chinese law bars the provision of

14  responsive information such that the case warrants application of the Hague Convention

15  and substantive responses require authorization from the Chinese government and

16  translations. Defendant objects to this Request to the extent responsive information is

17  within the possession, custody, or control of Plaintiffs or other Defendants or third parties,

18  or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects that this

19  Request is premised on a misunderstanding and disputed fact; the agreement with

20  OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant

21  objects to the Request as confusing and ambiguous.

22  Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

24  agreement; as to the remainder of the Request, deny.

25

26  **REQUEST NO. 10:**

27  Admit that the technical support of ONLINENIC was carried out by employees of

28  35.CN.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame. Defendant objects that this Request is premised on a misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant objects to the Request as confusing and ambiguous.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing agreement; as to the remainder of the Request, deny.


**REQUEST NO. 11:**

Admit that the technical support of DOMAIN ID SHIELD is carried out by employees of 35.CN.

**RESPONSE TO REQUEST NO. 11:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects that this Request is premised on a misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   objects to the Request as confusing and ambiguous.

2       Subject to and without waiving the foregoing objections, Defendant responds as

3   follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

4   agreement; as to the remainder of the Request, deny and refer to other Defendants.

5

6   **REQUEST NO. 12:**

7       Admit that the technical support of DOMAIN ID SHIELD was carried out by

8   employees of 35.CN.

9   **RESPONSE TO REQUEST NO. 12:**

10      Defendant objects to this Request to the extent Chinese law bars the provision of

11  responsive information such that the case warrants application of the Hague Convention

12  and substantive responses require authorization from the Chinese government and

13  translations. Defendant objects to this Request to the extent responsive information is

14  within the possession, custody, or control of Plaintiffs or other Defendants or third parties,

15  or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this

16  Request as overbroad and unduly burdensome, including as it requests information for an

17  unlimited time frame. Defendant objects that this Request is premised on a

18  misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a

19  co-employment/work-type, agreement. As such, Defendant objects to the Request as

20  confusing and ambiguous.

21      Subject to and without waiving the foregoing objections, Defendant responds as

22  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

23  agreement; as to the remainder of the Request, deny and refer to other Defendants.

24

25  **REQUEST NO. 13:**

26      Admit that the customer support of ONLINENIC is carried out by employees of

27  35.CN.

28  //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects that this Request is premised on a misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant objects to the Request as confusing and ambiguous.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing agreement; as to the remainder of the Request, deny.

**REQUEST NO. 14:**

Admit that the customer support of ONLINENIC was carried out by employees of 35.CN.

**RESPONSE TO REQUEST NO. 14:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame. Defendant objects that this Request is premised on a misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant objects to the Request as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  confusing and ambiguous.

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

4  agreement; as to the remainder of the Request, deny.

5

6  **REQUEST NO. 15:**

7      Admit that the customer support of DOMAIN ID SHIELD is carried out by employees

8  of 35.CN.

9  **RESPONSE TO REQUEST NO. 15:**

10     Defendant objects to this Request to the extent Chinese law bars the provision of

11  responsive information such that the case warrants application of the Hague Convention

12  and substantive responses require authorization from the Chinese government and

13  translations. Defendant objects to this Request to the extent responsive information is

14  within the possession, custody, or control of Plaintiffs or other Defendants or third parties,

15  or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects that this

16  Request is premised on a misunderstanding and disputed fact; the agreement with

17  OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant

18  objects to the Request as confusing and ambiguous.

19     Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

21  agreement; as to the remainder of the Request, deny and refer to other Defendants.

22

23  **REQUEST NO. 16:**

24     Admit that the customer support of DOMAIN ID SHIELD was carried out by

25  employees of 35.CN.

26  **RESPONSE TO REQUEST NO. 16:**

27     Defendant objects to this Request to the extent Chinese law bars the provision of

28  responsive information such that the case warrants application of the Hague Convention

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame. Defendant objects that this Request is premised on a misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant objects to the Request as confusing and ambiguous.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing agreement; as to the remainder of the Request, deny and refer to other Defendants.

**REQUEST NO. 17:**

Admit that GONG was the incorporator and 100% owner of ONLINENIC.

**RESPONSE TO REQUEST NO. 17:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as compound. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information about an unlimited time frame.

Subject to and without waiving the foregoing objections, Defendant responds as

1  follows: Defendant lacks information to admit or deny this Request, which requests

2  information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has

3  already responded to hundreds of written discovery requests.

4

5  **REQUEST NO. 18:**

6      Admit that at one point in time, GONG owned 100% of ONLINENIC while he was

7  the owner of 35.CN.

8  **RESPONSE TO REQUEST NO. 18:**

9      Defendant objects to this Request to the extent Chinese law bars the provision of

10  responsive information such that the case warrants application of the Hague Convention

11  and substantive responses require authorization from the Chinese government and

12  translations. Defendant objects to this Request as the intrusion into privacy of third parties

13  far outweighs the probative value of the requested information. Defendant objects to this

14  Request to the extent responsive information is within the possession, custody, or control

15  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

16  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

17  sufficient to admit or deny the matter. Defendant objects to this Request as overbroad and

18  unduly burdensome, including as it requests information about an unlimited time frame.

19      Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant lacks information to admit or deny this Request, which requests

21  information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has

22  already responded to hundreds of written discovery requests.

23

24  **REQUEST NO. 19:**

25      Admit that in 2002, GONG owned 100% of ONLINENIC while he was the owner of

26  35.CN.

27  **RESPONSE TO REQUEST NO. 19:**

28      Defendant objects to this Request to the extent Chinese law bars the provision of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  responsive information such that the case warrants application of the Hague Convention

2  and substantive responses require authorization from the Chinese government and

3  translations. Defendant objects to this Request as the intrusion into privacy of third parties

4  far outweighs the probative value of the requested information. Defendant objects to this

5  Request to the extent responsive information is within the possession, custody, or control

6  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

7  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

8  sufficient to admit or deny the matter.

9       Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: Defendant lacks information to admit or deny this Request, which requests

11  information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has

12  already responded to hundreds of written discovery requests.

13

14  **REQUEST NO. 20:**

15       Admit that in 2003, GONG owned 100% of ONLINENIC while he was the owner of

16  35.CN.

17  **RESPONSE TO REQUEST NO. 20:**

18       Defendant objects to this Request to the extent Chinese law bars the provision of

19  responsive information such that the case warrants application of the Hague Convention

20  and substantive responses require authorization from the Chinese government and

21  translations. Defendant objects to this Request as the intrusion into privacy of third parties

22  far outweighs the probative value of the requested information. Defendant objects to this

23  Request to the extent responsive information is within the possession, custody, or control

24  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

25  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

26  sufficient to admit or deny the matter.

27       Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Defendant lacks information to admit or deny this Request, which requests

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has already responded to hundreds of written discovery requests.

**REQUEST NO. 21:**

Admit that in 2004, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**RESPONSE TO REQUEST NO. 21:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request, which requests information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has already responded to hundreds of written discovery requests.

**REQUEST NO. 22:**

Admit that in 2005, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**RESPONSE TO REQUEST NO. 22:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  translations. Defendant objects to this Request as the intrusion into privacy of third parties

2  far outweighs the probative value of the requested information. Defendant objects to this

3  Request to the extent responsive information is within the possession, custody, or control

4  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

5  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

6  sufficient to admit or deny the matter.

7      Subject to and without waiving the foregoing objections, Defendant responds as

8  follows: Defendant lacks information to admit or deny this Request, which requests

9  information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has

10  already responded to hundreds of written discovery requests.

11

12  **REQUEST NO. 23:**

13      Admit that in 2006, GONG owned 100% of ONLINENIC while he was the owner of

14  35.CN.

15  **RESPONSE TO REQUEST NO. 23:**

16      Defendant objects to this Request to the extent Chinese law bars the provision of

17  responsive information such that the case warrants application of the Hague Convention

18  and substantive responses require authorization from the Chinese government and

19  translations. Defendant objects to this Request as the intrusion into privacy of third parties

20  far outweighs the probative value of the requested information. Defendant objects to this

21  Request to the extent responsive information is within the possession, custody, or control

22  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

23  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

24  sufficient to admit or deny the matter.

25      Subject to and without waiving the foregoing objections, Defendant responds as

26  follows: Defendant lacks information to admit or deny this Request, which requests

27  information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has

28  already responded to hundreds of written discovery requests.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 24:**

Admit that in 2007, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**RESPONSE TO REQUEST NO. 24:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request, which requests information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has already responded to hundreds of written discovery requests.

**REQUEST NO. 25:**

Admit that in 2008 GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**RESPONSE TO REQUEST NO. 25:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  Request to the extent responsive information is within the possession, custody, or control

2  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

3  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

4  sufficient to admit or deny the matter.

5      Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: Defendant lacks information to admit or deny this Request, which requests

7  information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has

8  already responded to hundreds of written discovery requests.

9

10  **REQUEST NO. 26:**

11      Admit that in 2009, GONG owned 100% of ONLINENIC while he was the owner of

12  35.CN.

13  **RESPONSE TO REQUEST NO. 26:**

14      Defendant objects to this Request to the extent Chinese law bars the provision of

15  responsive information such that the case warrants application of the Hague Convention

16  and substantive responses require authorization from the Chinese government and

17  translations. Defendant objects to this Request as the intrusion into privacy of third parties

18  far outweighs the probative value of the requested information. Defendant objects to this

19  Request to the extent responsive information is within the possession, custody, or control

20  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

21  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

22  sufficient to admit or deny the matter.

23      Subject to and without waiving the foregoing objections, Defendant responds as

24  follows: Defendant lacks information to admit or deny this Request, which requests

25  information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has

26  already responded to hundreds of written discovery requests.

27

28  //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 27:**

Admit that GONG is the majority shareholder of 35.CN.

**RESPONSE TO REQUEST NO. 27:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, is publicly available information, or is equally or more accessible to Plaintiffs than to Defendant.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant refers to information in public records, which are being reviewed and produced; while Chinese law bars provision of responsive information contained in private documents prior to government approval, discovery and investigation is ongoing.

**REQUEST NO. 28:**

Admit that GONG was the 100% owner of ONLINENIC from 2009-2014.

**RESPONSE TO REQUEST NO. 28:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  Subject to and without waiving the foregoing objections, Defendant responds as

2  follows: Defendant lacks information to admit or deny this Request, which requests

3  information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has

4  already responded to hundreds of written discovery requests.

5

6  **REQUEST NO. 29:**

7  Admit that GONG sold ONLINENIC to Zhippo Chen in 2009.

8  **RESPONSE TO REQUEST NO. 29:**

9  Defendant objects to this Request to the extent Chinese law bars the provision of

10  responsive information such that the case warrants application of the Hague Convention

11  and substantive responses require authorization from the Chinese government and

12  translations. Defendant objects to this Request as the intrusion into privacy of third parties

13  far outweighs the probative value of the requested information. Defendant objects to this

14  Request to the extent responsive information is within the possession, custody, or control

15  of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

16  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

17  sufficient to admit or deny the matter.

18  Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Defendant lacks information to admit or deny this Request, which requests

20  information about a third party; therefore, deny. Defendant refers to the prior deposition

21  and OnlineNIC, which has already responded to hundreds of written discovery requests.

22

23  **REQUEST NO. 30:**

24  Admit that GONG sold ONLINENIC to Rex Liu in 2007.

25  **RESPONSE TO REQUEST NO. 30:**

26  Defendant objects to this Request to the extent Chinese law bars the provision of

27  responsive information such that the case warrants application of the Hague Convention

28  and substantive responses require authorization from the Chinese government and

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request, which requests information about a third party; therefore, deny. Defendant refers to the prior deposition and OnlineNIC, which has already responded to hundreds of written discovery requests.

**REQUEST NO. 31:**

Admit that Rex Liu is not involved in the day-to-day operations of ONLINENIC.

**RESPONSE TO REQUEST NO. 31:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request, which requests information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has already responded to hundreds of written discovery requests.

**REQUEST NO. 32:**

Admit that Rex Liu is not involved in the day-to-day operations of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 32:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request, which requests information about a third party; therefore, deny. Defendant refers to ID Shield, which has already responded to hundreds of written discovery requests.

**REQUEST NO. 33:**

Admit that Rex Liu is not involved in the policy decisions of ONLINENIC.

**RESPONSE TO REQUEST NO. 33:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

1  than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

2  sufficient to admit or deny the matter.

3      Subject to and without waiving the foregoing objections, Defendant responds as

4  follows: Defendant lacks information to admit or deny this Request, which requests

5  information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has

6  already responded to hundreds of written discovery requests.

7

8  **REQUEST NO. 34:**

9      Admit that Rex Liu is not involved in the policy decisions of DOMAIN ID SHIELD.

10 **RESPONSE TO REQUEST NO. 34:**

11     Defendant objects to this Request to the extent Chinese law bars the provision of

12 responsive information such that the case warrants application of the Hague Convention

13 and substantive responses require authorization from the Chinese government and

14 translations. Defendant objects to this Request as the intrusion into privacy of third parties

15 far outweighs the probative value of the requested information. Defendant objects to this

16 Request to the extent responsive information is within the possession, custody, or control

17 of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs

18 than to Defendant. Defendant objects to this Request because Defendant lacks knowledge

19 sufficient to admit or deny the matter.

20     Subject to and without waiving the foregoing objections, Defendant responds as

21 follows: Defendant lacks information to admit or deny this Request, which requests

22 information about a third party; therefore, deny. Defendant refers to ID Shield, which has

23 already responded to hundreds of written discovery requests.

24

25 **REQUEST NO. 35:**

26     Admit that Rex Liu does not oversee the management of ONLINENIC.

27 **RESPONSE TO REQUEST NO. 35:**

28     Defendant objects to this Request to the extent Chinese law bars the provision of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request, which requests information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has already responded to hundreds of written discovery requests.

**REQUEST NO. 36:**

Admit that Rex Liu does not oversee the management of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 36:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request to the extent responsive information is within the possession, custody, or control of Plaintiffs or other Defendants or third parties, or is equally or more accessible to Plaintiffs than to Defendant. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request, which requests information about a third party; therefore, deny. Defendant refers to ID Shield, which has

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  already responded to hundreds of written discovery requests.

2

3  **REQUEST NO. 37:**

4      Admit that CARRIE YU is an employee of 35.CN.

5  **RESPONSE TO REQUEST NO. 37:**

6      Defendant objects to this Request to the extent Chinese law bars the provision of

7  responsive information such that the case warrants application of the Hague Convention

8  and substantive responses require authorization from the Chinese government and

9  translations. Defendant objects to this Request as the intrusion into privacy of third parties

10  far outweighs the probative value of the requested information.

11      Subject to and without waiving the foregoing objections, Defendant responds as

12  follows: Given that Defendant cannot respond with information contained in private records

13  prior to government authorization, Defendant lacks information to admit or deny this

14  Request at this time but refers to the public records and the deposition of Carrie Yu as a

15  representative, July 13-14, 2021.

16

17  **REQUEST NO. 38:**

18      Admit that CARRIE YU is a director of 35.CN.

19  **RESPONSE TO REQUEST NO. 38:**

20      Defendant objects to this Request to the extent Chinese law bars the provision of

21  responsive information such that the case warrants application of the Hague Convention

22  and substantive responses require authorization from the Chinese government and

23  translations. Defendant objects to this Request as the intrusion into privacy of third parties

24  far outweighs the probative value of the requested information.

25      Subject to and without waiving the foregoing objections, Defendant responds as

26  follows: Given that Defendant cannot respond with information contained in private records

27  prior to government authorization, Defendant lacks information to admit or deny this

28  Request at this time but refers to the public records and the deposition of Carrie Yu as a

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1   representative, July 13-14, 2021.

2

3   **REQUEST NO. 39:**

4       Admit that as a director of 35.CN, CARRIE YU runs 35.CN's software outsourcing

5   center.

6   **RESPONSE TO REQUEST NO. 39:**

7       Defendant objects to this Request to the extent Chinese law bars the provision of

8   responsive information such that the case warrants application of the Hague Convention

9   and substantive responses require authorization from the Chinese government and

10  translations. Defendant objects to this Request as the intrusion into privacy of third parties

11  far outweighs the probative value of the requested information. Defendant objects to this

12  Request as vague and ambiguous, including as to the phrase "runs 35.CN's software

13  outsourcing center," as it is unclear what is meant by the term "runs" and unclear what is

14  meant by the term "35.CN's outsourcing center," such that Defendant cannot, in good faith,

15  frame an intelligent reply.

16      Subject to and without waiving the foregoing objections, Defendant responds as

17  follows: Deny.

18

19  **REQUEST NO. 40:**

20      Admit that as a director of 35.CN, CARRIE YU oversees the management of

21  ONLINENIC.

22  **RESPONSE TO REQUEST NO. 40:**

23      Defendant objects to this Request to the extent Chinese law bars the provision of

24  responsive information such that the case warrants application of the Hague Convention

25  and substantive responses require authorization from the Chinese government and

26  translations. Defendant objects to this Request as the intrusion into privacy of third parties

27  far outweighs the probative value of the requested information. Defendant objects to this

28  Request as vague and ambiguous, including as to the phrase "oversees the management

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  of ONLINENIC," as it is unclear what is meant by the phrase "oversees the management,"

2  such that Defendant cannot, in good faith, frame an intelligent reply.

3      Subject to and without waiving the foregoing objections, Defendant responds as

4  follows: Deny.

5

6  **REQUEST NO. 41:**

7      Admit that CARRIE YU was designated 35.CN's primary ICANN contact by GONG

8  in 2012.

9  **RESPONSE TO REQUEST NO. 41:**

10      Defendant objects to this Request to the extent Chinese law bars the provision of

11  responsive information such that the case warrants application of the Hague Convention

12  and substantive responses require authorization from the Chinese government and

13  translations. Defendant objects to this Request as the intrusion into privacy of third parties

14  far outweighs the probative value of the requested information. Defendant objects to this

15  Request as seeking information that is not relevant to the claim or defense of any party.

16  Defendant objects to this Request as vague and ambiguous, including as to the phrase

17  "was designated 35.CN's primary ICANN contact," as it is unclear what is meant by the

18  term "35.CN's primary ICANN contact," such that Defendant cannot, in good faith, frame

19  an intelligent reply.

20      Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Given that Defendant cannot respond with information contained in private records

22  prior to government authorization, Defendant lacks information to admit or deny this

23  Request at this time but refers to the public records and the deposition of Carrie Yu as a

24  representative, July 13-14, 2021.

25

26  **REQUEST NO. 42:**

27      Admit that CARRIE YU represented to ICANN that she was a director of 35.CN

28  when she signed the RAA on behalf of 35.CN in 2014.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 42:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request as compound. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Request as vague and ambiguous, including as to the phrases "represented to ICANN" and "when she signed the RAA on behalf of 35.CN in 2014," such that Defendant cannot, in good faith, frame an intelligent reply.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant requests that Plaintiffs identify the record in question.

**REQUEST NO. 43:**

Admit that CARRIE YU was not a director of 35.CN when she signed the RAA on behalf of 35.CN in 2014.

**RESPONSE TO REQUEST NO. 43:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this request as vague and ambiguous, such that Defendant cannot, in good faith, frame an intelligent reply. Defendant objects to this Request as assuming disputed facts or facts not in evidence, including as to the translation of the meaning of the word "director."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Given that Defendant cannot respond with information contained in private records

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  prior to government authorization, Defendant lacks information to admit or deny this

2  Request at this time but refers to the public records and the deposition of Carrie Yu as a

3  representative, July 13-14, 2021.

4

5  **REQUEST NO. 44:**

6    Admit that CARRIE YU is paid by 35.CN.

7  **RESPONSE TO REQUEST NO. 44:**

8    Defendant objects to this Request to the extent Chinese law bars the provision of

9  responsive information such that the case warrants application of the Hague Convention

10  and substantive responses require authorization from the Chinese government and

11  translations. Defendant objects to this Request as the intrusion into privacy of third parties

12  far outweighs the probative value of the requested information. Defendant objects to this

13  Request as seeking information that is not relevant to the claim or defense of any party.

14    Subject to and without waiving the foregoing objections, Defendant responds as

15  follows: While Chinese law prohibits provision of any non-public information prior to

16  government authorization, refer to the deposition of Carrie Yu as a representative, July 13-

17  14, 2021.

18

19  **REQUEST NO. 45:**

20    Admit that CARRIE YU is paid by 35.CN to oversee the management of

21  ONLINENIC.

22  **RESPONSE TO REQUEST NO. 45:**

23    Defendant objects to this Request to the extent Chinese law bars the provision of

24  responsive information such that the case warrants application of the Hague Convention

25  and substantive responses require authorization from the Chinese government and

26  translations. Defendant objects to this Request as the intrusion into privacy of third parties

27  far outweighs the probative value of the requested information. Defendant objects to this

28  Request as seeking information that is not relevant to the claim or defense of any party.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2    follows: Deny.

3

4    **REQUEST NO. 46:**

5    Admit that CARRIE YU is an officer of ONLINENIC.

6    **RESPONSE TO REQUEST NO. 46:**

7    Defendant objects to this Request to the extent Chinese law bars the provision of

8    responsive information such that the case warrants application of the Hague Convention

9    and substantive responses require authorization from the Chinese government and

10   translations. Defendant objects to this Request as the intrusion into privacy of third parties

11   far outweighs the probative value of the requested information. Defendant objects to this

12   Request as seeking information that is not relevant to the claim or defense of any party.

13   Subject to and without waiving the foregoing objections, Defendant responds as

14   follows: Subject to and without waiving the foregoing objections, Defendant responds as

15   follows: Given that Defendant cannot respond with information contained in private records

16   prior to government authorization, Defendant lacks information to admit or deny this

17   Request at this time but refers to the public records and the deposition of Carrie Yu as a

18   representative, July 13-14, 2021.

19

20   **REQUEST NO. 47:**

21   Admit that CARRIE YU owns DOMAIN ID SHIELD for the benefit of ONLINENIC.

22   **RESPONSE TO REQUEST NO. 47:**

23   Defendant objects to this Request to the extent Chinese law bars the provision of

24   responsive information such that the case warrants application of the Hague Convention

25   and substantive responses require authorization from the Chinese government and

26   translations. Defendant objects to this Request as the intrusion into privacy of third parties

27   far outweighs the probative value of the requested information. Defendant objects to this

28   Request as seeking information that is not relevant to the claim or defense of any party.

1    Subject to and without waiving the foregoing objections, Defendant responds as

2  follows: Deny and refer to OnlineNIC and ID Shield.

3

4  **REQUEST NO. 48:**

5    Admit that as a director of 35.CN, CARRIE YU's office space is in the same office

6  building as 35.CN.

7  **RESPONSE TO REQUEST NO. 48:**

8    Defendant objects to this Request to the extent Chinese law bars the provision of

9  responsive information such that the case warrants application of the Hague Convention

10  and substantive responses require authorization from the Chinese government and

11  translations. Defendant objects to this Request as the intrusion into privacy of third parties

12  far outweighs the probative value of the requested information. Defendant objects to this

13  Request as compound. Defendant objects to this Request as vague and ambiguous as to

14  the term "office building." Defendant objects to this Request as inscrutable and

15  incomprehensible, and as such Defendant is unable to form a coherent response.

16    Subject to and without waiving the foregoing objections, Defendant responds as

17  follows: Deny that office space is the "same."

18

19  **REQUEST NO. 49:**

20    Admit that as an officer of ONLINENIC, CARRIE YU's office space is in the same

21  office building as 35.CN.

22  **RESPONSE TO REQUEST NO. 49:**

23    Defendant objects to this Request to the extent Chinese law bars the provision of

24  responsive information such that the case warrants application of the Hague Convention

25  and substantive responses require authorization from the Chinese government and

26  translations. Defendant objects to this Request as the intrusion into privacy of third parties

27  far outweighs the probative value of the requested information. Defendant objects to this

28  Request as compound. Defendant objects to this Request as vague and ambiguous as to

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    the term "office building." Defendant objects to this Request as inscrutable and

2    incomprehensible, and as such Defendant is unable to form a coherent response.

3        Subject to and without waiving the foregoing objections, Defendant responds as

4    follows: Deny that office space is the "same."

5

6    **REQUEST NO. 50:**

7        Admit that the office space CARRIE YU uses as a director of 35.CN is the same as

8    the office space for her work as an officer of ONLINENIC.

9    **RESPONSE TO REQUEST NO. 50:**

10        Defendant objects to this Request to the extent Chinese law bars the provision of

11    responsive information such that the case warrants application of the Hague Convention

12    and substantive responses require authorization from the Chinese government and

13    translations. Defendant objects to this Request as the intrusion into privacy of third parties

14    far outweighs the probative value of the requested information. Defendant objects to this

15    Request as compound. Defendant objects to this Request as vague and ambiguous as to

16    the term "office space." Defendant objects to this Request as inscrutable and

17    incomprehensible, and as such Defendant is unable to form a coherent response.

18        Subject to and without waiving the foregoing objections, Defendant responds as

19    follows: Deny that office space is the "same."

20

21    **REQUEST NO. 51:**

22        Admit that the office space CARRIE YU uses to run 35.CN's software outsourcing

23    center is the same as the office space for her work as an officer of ONLINENIC.

24    **RESPONSE TO REQUEST NO. 51:**

25        Defendant objects to this Request to the extent Chinese law bars the provision of

26    responsive information such that the case warrants application of the Hague Convention

27    and substantive responses require authorization from the Chinese government and

28    translations. Defendant objects to this Request as the intrusion into privacy of third parties

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  far outweighs the probative value of the requested information. Defendant objects to this

2  Request as compound. Defendant objects to this Request as vague and ambiguous as to

3  the terms "office space" and "software outsourcing center."

4      Subject to and without waiving the foregoing objections, Defendant responds as

5  follows: Deny that office space is the "same."

6

7  **REQUEST NO. 52:**

8      Admit that 35.CN controls the operations of ONLINENIC.

9  **RESPONSE TO REQUEST NO. 52:**

10      Defendant objects to this Request to the extent Chinese law bars the provision of

11  responsive information such that the case warrants application of the Hague Convention

12  and substantive responses require authorization from the Chinese government and

13  translations. Defendant objects to this Request as vague and ambiguous.

14      Subject to and without waiving the foregoing objections, Defendant responds as

15  follows: Deny.

16

17  **REQUEST NO. 53:**

18      Admit that 35.CN controlled the operations of ONLINENIC.

19  **RESPONSE TO REQUEST NO. 53:**

20      Defendant objects to this Request to the extent Chinese law bars the provision of

21  responsive information such that the case warrants application of the Hague Convention

22  and substantive responses require authorization from the Chinese government and

23  translations. Defendant objects to this Request as vague and ambiguous. Defendant

24  objects to this Request as overbroad and unduly burdensome, including as it requests

25  information for an unlimited time frame.

26      Subject to and without waiving the foregoing objections, Defendant responds as

27  follows: Deny.

28

36  **DEF'S SUPP OBJS AND RESPS TO PLAINTIFFS' FIRST SET OF RFAS**

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 54:**

Admit that 35.CN controls the operations of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 54:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 55:**

Admit that 35.CN controlled the operations of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 55:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as vague and ambiguous. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 56:**

Admit that 35.CN controls the policy decisions made by ONLINENIC.

**RESPONSE TO REQUEST NO. 56:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    translations. Defendant objects to this Request as vague and ambiguous.

2        Subject to and without waiving the foregoing objections, Defendant responds as

3    follows: Deny.

4

5    **REQUEST NO. 57:**

6        Admit that 35.CN controlled the policy decisions made by ONLINENIC.

7    **RESPONSE TO REQUEST NO. 57:**

8        Defendant objects to this Request to the extent Chinese law bars the provision of

9    responsive information such that the case warrants application of the Hague Convention

10   and substantive responses require authorization from the Chinese government and

11   translations. Defendant objects to this Request as vague and ambiguous. Defendant

12   objects to this Request as overbroad and unduly burdensome, including as it requests

13   information for an unlimited time frame.

14       Subject to and without waiving the foregoing objections, Defendant responds as

15   follows: Deny.

16

17   **REQUEST NO. 58:**

18       Admit that 35.CN controls the policy decisions made by DOMAIN ID SHIELD.

19   **RESPONSE TO REQUEST NO. 58:**

20       Defendant objects to this Request to the extent Chinese law bars the provision of

21   responsive information such that the case warrants application of the Hague Convention

22   and substantive responses require authorization from the Chinese government and

23   translations. Defendant objects to this Request as vague and ambiguous.

24       Subject to and without waiving the foregoing objections, Defendant responds as

25   follows: Deny.

26

27   **REQUEST NO. 59:**

28       Admit that 35.CN controlled the policy decisions made by DOMAIN ID SHIELD.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 59:**

2      Defendant objects to this Request as duplicative. Defendant objects to this Request

3  to the extent Chinese law bars the provision of responsive information such that the case

4  warrants application of the Hague Convention and substantive responses require

5  authorization from the Chinese government and translations. Defendant objects to this

6  Request as vague and ambiguous. Defendant objects to this Request as overbroad and

7  unduly burdensome, including as it requests information for an unlimited time frame.

8      Subject to and without waiving the foregoing objections, Defendant responds as

9  follows: Deny.

10

11  **REQUEST NO. 60:**

12      Admit that ONLINENIC is a subsidiary of 35.CN.

13  **RESPONSE TO REQUEST NO. 60:**

14      Defendant objects to this Request to the extent Chinese law bars the provision of

15  responsive information such that the case warrants application of the Hague Convention

16  and substantive responses require authorization from the Chinese government and

17  translations. Defendant objects to this Request as vague and ambiguous.

18      Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Deny.

20

21  **REQUEST NO. 61:**

22      Admit that ONLINENIC was a subsidiary of 35.CN.

23  **RESPONSE TO REQUEST NO. 61:**

24      Defendant objects to this Request to the extent Chinese law bars the provision of

25  responsive information such that the case warrants application of the Hague Convention

26  and substantive responses require authorization from the Chinese government and

27  translations. Defendant objects to this Request as vague and ambiguous. Defendant

28  objects to this Request as overbroad and unduly burdensome, including as it requests

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  information for an unlimited time frame.

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Deny.

4

5  **REQUEST NO. 62:**

6      Admit that DOMAIN ID SHIELD is a subsidiary of 35.CN.

7  **RESPONSE TO REQUEST NO. 62:**

8      Defendant objects to this Request to the extent Chinese law bars the provision of

9  responsive information such that the case warrants application of the Hague Convention

10 and substantive responses require authorization from the Chinese government and

11 translations. Defendant objects to this Request as vague and ambiguous.

12     Subject to and without waiving the foregoing objections, Defendant responds as

13 follows: Deny.

14

15 **REQUEST NO. 63:**

16     Admit that DOMAIN ID SHIELD was a subsidiary of 35.CN.

17 **RESPONSE TO REQUEST NO. 63:**

18     Defendant objects to this Request to the extent Chinese law bars the provision of

19 responsive information such that the case warrants application of the Hague Convention

20 and substantive responses require authorization from the Chinese government and

21 translations. Defendant objects to this Request as vague and ambiguous. Defendant

22 objects to this Request as overbroad and unduly burdensome, including as it requests

23 information for an unlimited time frame.

24     Subject to and without waiving the foregoing objections, Defendant responds as

25 follows: Deny.

26

27 **REQUEST NO. 64:**

28     Admit that ONLINENIC was incorporated or otherwise formed by 35.CN.

1    **RESPONSE TO REQUEST NO. 64:**

2        Defendant objects to this Request to the extent Chinese law bars the provision of

3    responsive information such that the case warrants application of the Hague Convention

4    and substantive responses require authorization from the Chinese government and

5    translations. Defendant objects to this Request as vague and ambiguous.

6        Subject to and without waiving the foregoing objections, Defendant responds as

7    follows: Deny.

8

9    **REQUEST NO. 65:**

10    Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by 35.CN.

11    **RESPONSE TO REQUEST NO. 65:**

12        Defendant objects to this Request to the extent Chinese law bars the provision of

13    responsive information such that the case warrants application of the Hague Convention

14    and substantive responses require authorization from the Chinese government and

15    translations. Defendant objects to this Request as vague and ambiguous.

16        Subject to and without waiving the foregoing objections, Defendant responds as

17    follows: Deny.

18

19    **REQUEST NO. 66:**

20        Admit that ONLINENIC was incorporated or otherwise formed by officers and/or

21    directors of 35.CN.

22    **RESPONSE TO REQUEST NO. 66:**

23        Defendant objects to this Request to the extent Chinese law bars the provision of

24    responsive information such that the case warrants application of the Hague Convention

25    and substantive responses require authorization from the Chinese government and

26    translations. Defendant objects to this Request as compound. Defendant objects to this

27    Request as vague and ambiguous, such that Defendant cannot, in good faith, frame an

28    intelligent reply.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2    follows: Deny.

3

4    **REQUEST NO. 67:**

5    Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by officers

6    and/or directors of 35.CN.

7    **RESPONSE TO REQUEST NO. 67:**

8    Defendant objects to this Request to the extent Chinese law bars the provision of

9    responsive information such that the case warrants application of the Hague Convention

10   and substantive responses require authorization from the Chinese government and

11   translations. Defendant objects to this Request as compound. Defendant objects to this

12   Request as vague and ambiguous, such that Defendant cannot, in good faith, frame an

13   intelligent reply.

14   Subject to and without waiving the foregoing objections, Defendant responds as

15   follows: Deny.

16

17   **REQUEST NO. 68:**

18   Admit that ONLINENIC was incorporated or otherwise formed by shareholders of

19   35.CN.

20   **RESPONSE TO REQUEST NO. 68:**

21   Defendant objects to this Request to the extent Chinese law bars the provision of

22   responsive information such that the case warrants application of the Hague Convention

23   and substantive responses require authorization from the Chinese government and

24   translations. Defendant objects to this Request as vague and ambiguous, such that

25   Defendant cannot, in good faith, frame an intelligent reply.

26   Subject to and without waiving the foregoing objections, Defendant responds as

27   follows: Deny.

28

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 69:**

Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by shareholders of 35.CN.

**RESPONSE TO REQUEST NO. 69:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.


**REQUEST NO. 70:**

Admit that 35.CN pays the wages of employees of ONLINENIC.

**RESPONSE TO REQUEST NO. 70:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party. Defendant objects that this Request is premised on a misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant objects to the Request as confusing and ambiguous.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing agreement; as to the remainder of the Request, deny and refer to other Defendants.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 71:**

Admit that 35.CN paid the wages of employees of ONLINENIC.

**RESPONSE TO REQUEST NO. 71:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame. Defendant objects that this Request is premised on a misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant objects to the Request as confusing and ambiguous.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing agreement; as to the remainder of the Request, deny and refer to other Defendants.

**REQUEST NO. 72:**

Admit that 35.CN pays the costs of maintaining ONLINENIC as a corporate entity, including annual filing fees and attorney or accountant services.

**RESPONSE TO REQUEST NO. 72:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as compound. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party. Defendant objects that this Request is premised on a misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant objects to the Request as confusing and ambiguous.

1    Subject to and without waiving the foregoing objections, Defendant responds as

2    follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

3    agreement; as to the remainder of the Request, deny and refer to other Defendants.

4

5    **REQUEST NO. 73:**

6    Admit that 35.CN paid the costs of maintaining ONLINENIC as a corporate entity,

7    including annual filing fees and attorney or accountant services.

8    **RESPONSE TO REQUEST NO. 73:**

9    Defendant objects to this Request to the extent Chinese law bars the provision of

10    responsive information such that the case warrants application of the Hague Convention

11    and substantive responses require authorization from the Chinese government and

12    translations. Defendant objects to this Request as compound. Defendant objects to this

13    Request as seeking information that is not relevant to the claim or defense of any party.

14    Defendant objects to this Request as overbroad and unduly burdensome, including as it

15    requests information for an unlimited time frame. Defendant objects that this Request is

16    premised on a misunderstanding and disputed fact; the agreement with OnlineNIC was a

17    staffing, not a co-employment/work-type, agreement. As such, Defendant objects to the

18    Request as confusing and ambiguous.

19    Subject to and without waiving the foregoing objections, Defendant responds as

20    follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

21    agreement; as to the remainder of the Request, deny and refer to other Defendants.

22

23    **REQUEST NO. 74:**

24    Admit that 35.CN pays the costs of maintaining DOMAIN ID SHIELD as a corporate

25    entity, including annual filing fees and attorney or accountant services.

26    **RESPONSE TO REQUEST NO. 74:**

27    Defendant objects to this Request to the extent Chinese law bars the provision of

28    responsive information such that the case warrants application of the Hague Convention

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as compound. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party. Defendant objects that this Request is premised on a misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant objects to the Request as confusing and ambiguous.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing agreement; as to the remainder of the Request, deny and refer to other Defendants.

**REQUEST NO. 75:**

Admit that 35.CN paid the costs of maintaining DOMAIN ID SHIELD as a corporate entity, including annual filing fees and attorney or accountant services.

**RESPONSE TO REQUEST NO. 75:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as compound. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame. Defendant objects that this Request is premised on a misunderstanding and disputed fact; the agreement with OnlineNIC was a staffing, not a co-employment/work-type, agreement. As such, Defendant objects to the Request as confusing and ambiguous.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing agreement; as to the remainder of the Request, deny and refer to other Defendants.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 76:**

Admit that 35.CN made payments to ONLINENIC between July 2014 and April 2019 totaling over $500,000.

**RESPONSE TO REQUEST NO. 76:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as seeking information that is not relevant to the claim or defense of any party. Defendant objects to this Request as vague and ambiguous, and relying on a disputed fact, including for the term "payments."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 77:**

Admit that ONLINENIC made a loan repayment in 2018 to GONG for a loan that GONG did not make to ONLINENIC.

**RESPONSE TO REQUEST NO. 77:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request as assuming disputed facts or facts not in evidence. Defendant objects to this Request as compound. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request, which requests information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  already responded to hundreds of written discovery requests.

2

3  **REQUEST NO. 78:**

4      Admit that ONLINENIC did not file a document informing ICANN that GONG no

5  longer owned ONLINENIC.

6  **RESPONSE TO REQUEST NO. 78:**

7      Defendant objects to this Request to the extent Chinese law bars the provision of

8  responsive information such that the case warrants application of the Hague Convention

9  and substantive responses require authorization from the Chinese government and

10  translations. Defendant objects to this Request as the intrusion into privacy of third parties

11  far outweighs the probative value of the requested information. Defendant objects to this

12  Request as assuming disputed facts or facts not in evidence. Defendant objects to this

13  Request as compound. Defendant objects to this Request because Defendant lacks

14  knowledge sufficient to admit or deny the matter.

15      Subject to and without waiving the foregoing objections, Defendant responds as

16  follows: Defendant lacks information to admit or deny this Request, which requests

17  information about a third party; therefore, deny. Defendant refers to OnlineNIC, which has

18  already responded to hundreds of written discovery requests.

19

20  **REQUEST NO. 79:**

21      Admit that 35.CN entered into contracts with ONLINENIC, a California corporation.

22  **RESPONSE TO REQUEST NO. 79:**

23      Defendant objects to this Request to the extent Chinese law bars the provision of

24  responsive information such that the case warrants application of the Hague Convention

25  and substantive responses require authorization from the Chinese government and

26  translations. Defendant objects to this Request as compound. Defendant objects to this

27  Request as vague and ambiguous, including as to the term "contracts." Defendant objects

28  to this Request as overbroad and unduly burdensome, including as it requests information

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  for an unlimited time frame.

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant admits that 35.CN and OnlineNIC entered into a staffing agreement.

4

5  **REQUEST NO. 80:**

6      Admit that 35.CN entered into contracts with ICANN.

7  **RESPONSE TO REQUEST NO. 80:**

8      Defendant objects to this Request to the extent Chinese law bars the provision of

9  responsive information such that the case warrants application of the Hague Convention

10 and substantive responses require authorization from the Chinese government and

11 translations.

12     Subject to and without waiving the foregoing objections, Defendant responds as

13 follows: Admit.

14

15 **REQUEST NO. 81:**

16     Admit that 35.CN entered into contracts with Iron Mountain Intellectual Property

17 Management, a California corporation.

18 **RESPONSE TO REQUEST NO. 81:**

19     Defendant objects to this Request to the extent Chinese law bars the provision of

20 responsive information such that the case warrants application of the Hague Convention

21 and substantive responses require authorization from the Chinese government and

22 translations. Defendant objects to this Request as seeking information that is not relevant

23 to the claim or defense of any party. Defendant objects to this Request as overbroad and

24 unduly burdensome, including as it requests information for an unlimited time frame.

25 Defendant requests to meet and confer with Plaintiffs regarding this Request.

26     Subject to and without waiving the foregoing objections, Defendant responds as

27 follows: Upon authorization from the Chinese government and translations, Defendant will

28 respond with non-privileged information in its possession, custody, or control, if any;

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Defendant reserves the right to supplement its response to this Request.

2

3    **REQUEST NO. 82:**

4        Admit that 35.CN and ONLINENIC do not engage in arms-length transactions when

5    they conduct transactions with each other.

6    **RESPONSE TO REQUEST NO. 82:**

7        Defendant objects to this Request to the extent Chinese law bars the provision of

8    responsive information such that the case warrants application of the Hague Convention

9    and substantive responses require authorization from the Chinese government and

10   translations. Defendant objects to this Request as argumentative. Defendant objects to

11   this Request as vague and ambiguous, calling for a legal conclusion, and relying on

12   disputed facts.

13       Subject to and without waiving the foregoing objections, Defendant responds as

14   follows: Deny.

15

16   **REQUEST NO. 83:**

17       Admit that 35.CN and DOMAIN ID SHIELD do not engage in arms-length

18   transactions when they conduct transactions with each other.

19   **RESPONSE TO REQUEST NO. 83:**

20       Defendant objects to this Request to the extent Chinese law bars the provision of

21   responsive information such that the case warrants application of the Hague Convention

22   and substantive responses require authorization from the Chinese government and

23   translations. Defendant objects to this Request as argumentative. Defendant objects to

24   this Request as vague and ambiguous, calling for a legal conclusion, and relying on

25   disputed facts.

26       Subject to and without waiving the foregoing objections, Defendant responds as

27   follows: Deny.

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 84:**

2         Admit that 35.CN is paying for ONLINENIC's defense in this action.

3    **RESPONSE TO REQUEST NO. 84:**

4         Defendant objects to this Request to the extent Chinese law bars the provision of

5    responsive information such that the case warrants application of the Hague Convention

6    and substantive responses require authorization from the Chinese government and

7    translations. Defendant objects to this Request as seeking information that is not relevant

8    to the claim or defense of any party. Defendant objects that this Request calls for privileged

9    or confidential and private information.

10        Subject to and without waiving the foregoing objections, Defendant responds as

11   follows: Deny and refer to OnlineNIC.

12

13   **REQUEST NO. 85:**

14        Admit that 35.CN is paying for DOMAIN ID SHIELD's defense in this action.

15   **RESPONSE TO REQUEST NO. 85:**

16        Defendant objects to this Request to the extent Chinese law bars the provision of

17   responsive information such that the case warrants application of the Hague Convention

18   and substantive responses require authorization from the Chinese government and

19   translations. Defendant objects to this Request as seeking information that is not relevant

20   to the claim or defense of any party. Defendant objects that this Request calls for privileged

21   or confidential and private information.

22        Subject to and without waiving the foregoing objections, Defendant responds as

23   follows: Deny and refer to ID Shield.

24

25   **REQUEST NO. 86:**

26        Admit that employees and a director of 35.CN directly participate in the registrar

27   services offered by ONLINENIC, including the registration of domain names on behalf of

28   third parties.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    **RESPONSE TO REQUEST NO. 86:**

2        Defendant objects to this Request to the extent Chinese law bars the provision of

3    responsive information such that the case warrants application of the Hague Convention

4    and substantive responses require authorization from the Chinese government and

5    translations. Defendant objects to this Request as compound. Defendant objects to this

6    Request as vague and ambiguous, including as to the phrase "directly participate."

7        Subject to and without waiving the foregoing objections, Defendant responds as

8    follows: While Chinese law prohibits provision of any non-public information prior to

9    government authorization, deny and refer to other Defendants.

10

11   **REQUEST NO. 87:**

12       Admit that employees and a director of 35.CN actively participate in the registrar

13   services offered by ONLINENIC, including the registration of domain names on behalf of

14   third parties.

15   **RESPONSE TO REQUEST NO. 87:**

16       Defendant objects to this Request to the extent Chinese law bars the provision of

17   responsive information such that the case warrants application of the Hague Convention

18   and substantive responses require authorization from the Chinese government and

19   translations. Defendant objects to this Request as compound. Defendant objects to this

20   Request as vague and ambiguous, including as to the phrase "actively participate."

21       Subject to and without waiving the foregoing objections, Defendant responds as

22   follows: While Chinese law prohibits provision of any non-public information prior to

23   government authorization, deny and refer to other Defendants.

24

25   **REQUEST NO. 88:**

26       Admit that employees and a director of 35.CN authorize the registrar services

27   offered by ONLINENIC, including the registration of domain names on behalf of third

28   parties.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 88:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as compound. Defendant objects to this Request as vague and ambiguous, including as to the term "authorize."

Subject to and without waiving the foregoing objections, Defendant responds as follows: While Chinese law prohibits provision of any non-public information prior to government authorization, deny and refer to other Defendants.

**REQUEST NO. 89:**

Admit that employees and a director of 35.CN direct the registrar services offered by ONLINENIC, including the registration of domain names on behalf of third parties.

**RESPONSE TO REQUEST NO. 89:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as compound. Defendant objects to this Request as vague and ambiguous, including as to the term "direct."

Subject to and without waiving the foregoing objections, Defendant responds as follows: While Chinese law prohibits provision of any non-public information prior to government authorization, deny and refer to other Defendants.

**REQUEST NO. 90:**

Admit that 35.CN directly participates in the registrar services offered by ONLINENIC, including the registration of domain names on behalf of third parties.

**RESPONSE TO REQUEST NO. 90:**

Defendant objects to this Request to the extent Chinese law bars the provision of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  responsive information such that the case warrants application of the Hague Convention

2  and substantive responses require authorization from the Chinese government and

3  translations. Defendant objects to this Request as compound. Defendant objects to this

4  Request as vague and ambiguous, including as to the phrase "directly participates."

5      Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: While Chinese law prohibits provision of any non-public information prior to

7  government authorization, deny and refer to other Defendants.

8

9  **REQUEST NO. 91:**

10     Admit that 35.CN actively participates in the registrar services offered by

11 ONLINENIC, including the registration of domain names on behalf of third parties.

12 **RESPONSE TO REQUEST NO. 91:**

13     Defendant objects to this Request to the extent Chinese law bars the provision of

14 responsive information such that the case warrants application of the Hague Convention

15 and substantive responses require authorization from the Chinese government and

16 translations. Defendant objects to this Request as compound. Defendant objects to this

17 Request as vague and ambiguous, including as to the phrase "actively participates."

18     Subject to and without waiving the foregoing objections, Defendant responds as

19 follows: While Chinese law prohibits provision of any non-public information prior to

20 government authorization, deny and refer to other Defendants.

21

22 **REQUEST NO. 92:**

23     Admit that 35.CN authorizes the registrar services offered by ONLINENIC, including

24 the registration of domain names on behalf of third parties.

25 **RESPONSE TO REQUEST NO. 92:**

26     Defendant objects to this Request to the extent Chinese law bars the provision of

27 responsive information such that the case warrants application of the Hague Convention

28 and substantive responses require authorization from the Chinese government and

54

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  translations. Defendant objects to this Request as compound. Defendant objects to this
2  Request as vague and ambiguous, including as to the term "authorizes."

3      Subject to and without waiving the foregoing objections, Defendant responds as
4  follows: While Chinese law prohibits provision of any non-public information prior to
5  government authorization, deny and refer to other Defendants.

6

7  **REQUEST NO. 93:**

8      Admit that 35.CN directs the registrar services offered by ONLINENIC, including the
9  registration of domain names on behalf of third parties.

10 **RESPONSE TO REQUEST NO. 93:**

11     Defendant objects to this Request to the extent Chinese law bars the provision of
12 responsive information such that the case warrants application of the Hague Convention
13 and substantive responses require authorization from the Chinese government and
14 translations. Defendant objects to this Request as compound. Defendant objects to this
15 Request as vague and ambiguous, including as to the term "directs."

16     Subject to and without waiving the foregoing objections, Defendant responds as
17 follows: While Chinese law prohibits provision of any non-public information prior to
18 government authorization, deny and refer to other Defendants.

19

20 **REQUEST NO. 94:**

21     Admit that employees and a director of 35.CN directly participate in the
22 privacy/proxy services offered by DOMAIN ID SHIELD, including the registration of domain
23 names on behalf of third parties.

24 **RESPONSE TO REQUEST NO. 94:**

25     Defendant objects to this Request to the extent Chinese law bars the provision of
26 responsive information such that the case warrants application of the Hague Convention
27 and substantive responses require authorization from the Chinese government and
28 translations. Defendant objects to this Request as compound. Defendant objects to this

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  Request as assuming disputed facts or facts not in evidence, in that it is disputed that

2  Defendants offer or participate in proxy services.

3        Subject to and without waiving the foregoing objections, Defendant responds as

4  follows: While Chinese law prohibits provision of any non-public information prior to

5  government authorization, deny and refer to other Defendants.

6

7  **REQUEST NO. 95:**

8        Admit that employees and a director of 35.CN actively participate in the

9  privacy/proxy services offered by DOMAIN ID SHIELD, including the registration of domain

10  names on behalf of third parties.

11  **RESPONSE TO REQUEST NO. 95:**

12        Defendant objects to this Request to the extent Chinese law bars the provision of

13  responsive information such that the case warrants application of the Hague Convention

14  and substantive responses require authorization from the Chinese government and

15  translations. Defendant objects to this Request as compound. Defendant objects to this

16  Request as assuming disputed facts or facts not in evidence, in that it is disputed that

17  Defendants offer or participate in proxy services.

18        Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: While Chinese law prohibits provision of any non-public information prior to

20  government authorization, deny and refer to other Defendants.

21

22  **REQUEST NO. 96:**

23        Admit that employees and a director of 35.CN authorize the privacy/proxy services

24  offered by DOMAIN ID SHIELD, including the REGISTRATION of domain names on behalf

25  of third parties.

26  **RESPONSE TO REQUEST NO. 96:**

27        Defendant objects to this Request to the extent Chinese law bars the provision of

28  responsive information such that the case warrants application of the Hague Convention

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  and substantive responses require authorization from the Chinese government and
2  translations. Defendant objects to this Request as compound. Defendant objects to this
3  Request as assuming disputed facts or facts not in evidence, in that it is disputed that
4  Defendants offer or participate in proxy services.

5      Subject to and without waiving the foregoing objections, Defendant responds as
6  follows: While Chinese law prohibits provision of any non-public information prior to
7  government authorization, deny and refer to other Defendants.

8

9  **REQUEST NO. 97:**

10     Admit that employees and a director of 35.CN direct the privacy/proxy services
11 offered by DOMAIN ID SHIELD, including the REGISTRATION of domain names on behalf
12 of third parties.

13 **RESPONSE TO REQUEST NO. 97:**

14     Defendant objects to this Request to the extent Chinese law bars the provision of
15 responsive information such that the case warrants application of the Hague Convention
16 and substantive responses require authorization from the Chinese government and
17 translations. Defendant objects to this Request as compound. Defendant objects to this
18 Request as assuming disputed facts or facts not in evidence, in that it is disputed that
19 Defendants offer or participate in proxy services.

20     Subject to and without waiving the foregoing objections, Defendant responds as
21 follows: While Chinese law prohibits provision of any non-public information prior to
22 government authorization, deny and refer to other Defendants.

23

24 **REQUEST NO. 98:**

25     Admit that 35.CN directly participates in the privacy/proxy services offered by
26 DOMAIN ID SHIELD, including the registration of domain names on behalf of third parties.

27 **RESPONSE TO REQUEST NO. 98:**

28     Defendant objects to this Request to the extent Chinese law bars the provision of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  responsive information such that the case warrants application of the Hague Convention

2  and substantive responses require authorization from the Chinese government and

3  translations. Defendant objects to this Request as compound. Defendant objects to this

4  Request as assuming disputed facts or facts not in evidence, in that it is disputed that

5  Defendants offer or participate in proxy services.

6      Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: While Chinese law prohibits provision of any non-public information prior to

8  government authorization, deny and refer to other Defendants.

9

10 **REQUEST NO. 99:**

11     Admit that 35.CN actively participates in the privacy/proxy services offered by

12 DOMAIN ID SHIELD, including the registration of domain names on behalf of third parties.

13 **RESPONSE TO REQUEST NO. 99:**

14     Defendant objects to this Request to the extent Chinese law bars the provision of

15 responsive information such that the case warrants application of the Hague Convention

16 and substantive responses require authorization from the Chinese government and

17 translations. Defendant objects to this Request as compound. Defendant objects to this

18 Request as assuming disputed facts or facts not in evidence, in that it is disputed that

19 Defendants offer or participate in proxy services.

20     Subject to and without waiving the foregoing objections, Defendant responds as

21 follows: While Chinese law prohibits provision of any non-public information prior to

22 government authorization, deny and refer to other Defendants.

23

24 **REQUEST NO. 100:**

25     Admit that 35.CN authorizes the privacy/proxy services offered by DOMAIN ID

26 SHIELD, including the REGISTRATION of domain names on behalf of third parties.

27 **RESPONSE TO REQUEST NO. 100:**

28     Defendant objects to this Request to the extent Chinese law bars the provision of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as compound. Defendant objects to this Request as assuming disputed facts or facts not in evidence, in that it is disputed that Defendants offer or participate in proxy services.

Subject to and without waiving the foregoing objections, Defendant responds as follows: While Chinese law prohibits provision of any non-public information prior to government authorization, deny and refer to other Defendants.

**REQUEST NO. 101:**

Admit that 35.CN directs the privacy/proxy services offered by DOMAIN ID SHIELD, including the REGISTRATION of domain names on behalf of third parties.

**RESPONSE TO REQUEST NO. 101:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as compound. Defendant objects to this Request as assuming disputed facts or facts not in evidence, in that it is disputed that Defendants offer or participate in proxy services.

Subject to and without waiving the foregoing objections, Defendant responds as follows: While Chinese law prohibits provision of any non-public information prior to government authorization, deny and refer to other Defendants.

**REQUEST NO. 102:**

Admit that all of the work of ONLINENIC is performed by individuals who work out of 35.CN's offices.

**RESPONSE TO REQUEST NO. 102:**

Defendant objects to this Request to the extent Chinese law bars the provision of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    responsive information such that the case warrants application of the Hague Convention

2    and substantive responses require authorization from the Chinese government and

3    translations. Defendant objects to this Request as vague and ambiguous, including as to

4    the term "offices."

5         Subject to and without waiving the foregoing objections, Defendant responds as

6    follows: While Chinese law prohibits provision of any non-public information prior to

7    government authorization, deny and refer to other Defendants.

8

9    **REQUEST NO. 103:**

10        Admit that all of the work of ONLINENIC was performed by individuals who worked

11   out of 35.CN's offices.

12   **RESPONSE TO REQUEST NO. 103:**

13        Defendant objects to this Request to the extent Chinese law bars the provision of

14   responsive information such that the case warrants application of the Hague Convention

15   and substantive responses require authorization from the Chinese government and

16   translations. Defendant objects to this Request as vague and ambiguous, including as to

17   the term "offices." Defendant objects to this Request as overbroad and unduly

18   burdensome, including as it requests information for an unlimited time frame.

19        Subject to and without waiving the foregoing objections, Defendant responds as

20   follows: While Chinese law prohibits provision of any non-public information prior to

21   government authorization, deny and refer to other Defendants.

22

23   **REQUEST NO. 104:**

24        Admit that all of the work of DOMAIN ID SHIELD is performed by employees and

25   independent contractors of 35.CN.

26   **RESPONSE TO REQUEST NO. 104:**

27        Defendant objects to this Request to the extent Chinese law bars the provision of

28   responsive information such that the case warrants application of the Hague Convention

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as compound. Defendant objects to this Request as vague and ambiguous, such that Defendant cannot, in good faith, frame an intelligent reply.

Subject to and without waiving the foregoing objections, Defendant responds as follows: While Chinese law prohibits provision of any non-public information prior to government authorization, deny and refer to other Defendants.

**REQUEST NO. 105:**

Admit that all of the work of DOMAIN ID SHIELD was performed by employees and independent contractors of 35.CN.

**RESPONSE TO REQUEST NO. 105:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as compound. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests information for an unlimited time frame. Defendant objects to this Request as vague and ambiguous, such that Defendant cannot, in good faith, frame an intelligent reply.

Subject to and without waiving the foregoing objections, Defendant responds as follows: While Chinese law prohibits provision of any non-public information prior to government authorization, deny and refer to other Defendants.

**REQUEST NO. 106:**

Admit that all of the work of DOMAIN ID SHIELD is performed by individuals who work out of 35.CN's offices.

**RESPONSE TO REQUEST NO. 106:**

Defendant objects to this Request to the extent Chinese law bars the provision of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  responsive information such that the case warrants application of the Hague Convention

2  and substantive responses require authorization from the Chinese government and

3  translations. Defendant objects to this Request as vague and ambiguous, including as to

4  the term "offices."

5      Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: While Chinese law prohibits provision of any non-public information prior to

7  government authorization, deny and refer to other Defendants.

8

9  **REQUEST NO. 107:**

10     Admit that all of the work of DOMAIN ID SHIELD was performed by individuals who

11  worked out of 35.CN's offices.

12  **RESPONSE TO REQUEST NO. 107:**

13     Defendant objects to this Request to the extent Chinese law bars the provision of

14  responsive information such that the case warrants application of the Hague Convention

15  and substantive responses require authorization from the Chinese government and

16  translations. Defendant objects to this Request as overbroad and unduly burdensome,

17  including as it requests information for an unlimited time frame. Defendant objects to this

18  Request as vague and ambiguous, including as to the term "offices."

19     Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: While Chinese law prohibits provision of any non-public information prior to

21  government authorization, deny and refer to other Defendants.

22

23  **REQUEST NO. 108:**

24     Admit that employees of 35.CN were involved in the destruction of evidence as

25  detailed in the Special Discovery Master's Data Destroyed or Withheld Report.

26  **RESPONSE TO REQUEST NO. 108:**

27     Defendant objects to this Request to the extent Chinese law bars the provision of

28  responsive information such that the case warrants application of the Hague Convention

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  and substantive responses require authorization from the Chinese government and

2  translations. Defendant objects to this Request as argumentative. Defendant objects to

3  this Request as assuming disputed facts or facts not in evidence regarding the alleged

4  destruction of evidence.

5      Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: While Chinese law prohibits provision of any non-public information prior to

7  government authorization, deny and refer to other Defendants.

8

9  **REQUEST NO. 109:**

10      Admit that employees of 35.CN participated in the destruction of evidence as

11  detailed in the Special Discovery Master's Data Destroyed or Withheld Report.

12  **RESPONSE TO REQUEST NO. 109:**

13      Defendant objects to this Request to the extent Chinese law bars the provision of

14  responsive information such that the case warrants application of the Hague Convention

15  and substantive responses require authorization from the Chinese government and

16  translations. Defendant objects to this Request as argumentative. Defendant objects to

17  this Request as assuming disputed facts or facts not in evidence regarding the alleged

18  destruction of evidence.

19      Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: While Chinese law prohibits provision of any non-public information prior to

21  government authorization, deny and refer to other Defendants.

22

23  **REQUEST NO. 110:**

24      Admit that 35.CN was involved in the destruction of evidence as detailed in the

25  Special Discovery Master's Data Destroyed or Withheld Report.

26  **RESPONSE TO REQUEST NO. 110:**

27      Defendant objects to this Request to the extent Chinese law bars the provision of

28  responsive information such that the case warrants application of the Hague Convention

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    and substantive responses require authorization from the Chinese government and

2    translations. Defendant objects to this Request as argumentative. Defendant objects to

3    this Request as assuming disputed facts or facts not in evidence regarding the alleged

4    destruction of evidence.

5        Subject to and without waiving the foregoing objections, Defendant responds as

6    follows: While Chinese law prohibits provision of any non-public information prior to

7    government authorization, deny and refer to other Defendants.

8

9    **REQUEST NO. 111:**

10        Admit that 35.CN participated in the destruction of evidence as detailed in the

11   Special Discovery Master's Data Destroyed or Withheld Report.

12   **RESPONSE TO REQUEST NO. 111:**

13        Defendant objects to this Request to the extent Chinese law bars the provision of

14   responsive information such that the case warrants application of the Hague Convention

15   and substantive responses require authorization from the Chinese government and

16   translations. Defendant objects to this Request as argumentative. Defendant objects to

17   this Request as assuming disputed facts or facts not in evidence regarding the alleged

18   destruction of evidence.

19        Subject to and without waiving the foregoing objections, Defendant responds as

20   follows: While Chinese law prohibits provision of any non-public information prior to

21   government authorization, deny and refer to other Defendants.

22

23   **REQUEST NO. 112:**

24        Admit that 35.CN does business under the name "China Channel."

25   **RESPONSE TO REQUEST NO. 112:**

26        Defendant objects to this Request to the extent Chinese law bars the provision of

27   responsive information such that the case warrants application of the Hague Convention

28   and substantive responses require authorization from the Chinese government and

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  translations. Defendant objects to this Request as vague and ambiguous, such that

2  Defendant cannot, in good faith, frame an intelligent reply.

3       Subject to and without waiving the foregoing objections, Defendant responds as

4  follows: Defendant refers to public records.

5

6  **REQUEST NO. 113:**

7       Admit that 35.CN has done business under the name "China Channel."

8  **RESPONSE TO REQUEST NO. 113:**

9       Defendant objects to this Request to the extent Chinese law bars the provision of

10 responsive information such that the case warrants application of the Hague Convention

11 and substantive responses require authorization from the Chinese government and

12 translations. Defendant objects to this Request as overbroad and unduly burdensome,

13 including as it requests information for an unlimited time frame. Defendant objects to this

14 Request as vague and ambiguous, such that Defendant cannot, in good faith, frame an

15 intelligent reply.

16      Subject to and without waiving the foregoing objections, Defendant responds as

17 follows: Defendant refers to public records.

18

19 **REQUEST NO. 114:**

20      Admit that Shaohui Gong is also known as Shao Hong Gong.

21 **RESPONSE TO REQUEST NO. 114:**

22      Defendant objects to this Request to the extent Chinese law bars the provision of

23 responsive information such that the case warrants application of the Hague Convention

24 and substantive responses require authorization from the Chinese government and

25 translations. Defendant objects to this Request as the intrusion into privacy of third parties

26 far outweighs the probative value of the requested information. Defendant objects to this

27 Request because Defendant lacks knowledge sufficient to admit or deny the matter.

28      Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Defendant lacks information to admit or deny this Request, which requests

2  information about a third party; therefore, deny. Defendant refers to the third party.

3

4  **REQUEST NO. 115:**

5      Admit that Shaohui Gong is also known as Kevin Gong.

6  **RESPONSE TO REQUEST NO. 115:**

7      Defendant objects to this Request to the extent Chinese law bars the provision of

8  responsive information such that the case warrants application of the Hague Convention

9  and substantive responses require authorization from the Chinese government and

10 translations. Defendant objects to this Request as the intrusion into privacy of third parties

11 far outweighs the probative value of the requested information. Defendant objects to this

12 Request because Defendant lacks knowledge sufficient to admit or deny the matter.

13     Subject to and without waiving the foregoing objections, Defendant responds as

14 follows: Defendant lacks information to admit or deny this Request, which requests

15 information about a third party; therefore, deny. Defendant refers to the third party.

16

17 **REQUEST NO. 116:**

18     Admit that Carrie Yu is also known as Hongxia Yu.

19 **RESPONSE TO REQUEST NO. 116:**

20     Defendant objects to this Request to the extent Chinese law bars the provision of

21 responsive information such that the case warrants application of the Hague Convention

22 and substantive responses require authorization from the Chinese government and

23 translations. Defendant objects to this Request as the intrusion into privacy of third parties

24 far outweighs the probative value of the requested information. Defendant objects to this

25 Request because Defendant lacks knowledge sufficient to admit or deny the matter.

26     Subject to and without waiving the foregoing objections, Defendant responds as

27 follows: Defendant lacks information to admit or deny this Request, which requests

28 information about a third party; therefore, deny. Defendant refers to the third party.

66

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1

**REQUEST NO. 117:**

Admit that Carrie Yu is also known as Yu Hongxia.

**RESPONSE TO REQUEST NO. 117:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request, which requests information about a third party; therefore, deny. Defendant refers to the third party.

**REQUEST NO. 118:**

Admit that Carrie Yu is also known as Carrie Arden.

**RESPONSE TO REQUEST NO. 118:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information such that the case warrants application of the Hague Convention and substantive responses require authorization from the Chinese government and translations. Defendant objects to this Request as the intrusion into privacy of third parties far outweighs the probative value of the requested information. Defendant objects to this Request because Defendant lacks knowledge sufficient to admit or deny the matter.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request, which requests information about a third party; therefore, deny. Defendant refers to the third party.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Respectfully Submitted,

Dated: June 28, 2022          **KRONENBERGER ROSENFELD, LLP**


By: _____ *s/Karl S. Kronenberger* _____
                        Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com
Technology Co., Ltd.

1
2
3
4
5
6
7
8
9
10
11
12
13
14 **VERIFICATION TO FOLLOW**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108