# Exhibit 11



**北京京师（厦门）律师事务所**
BEIJING JINGSH LAW FIRM XIAMEN OFFICE

BEIJING JINGSH LAW FIRM XIAMEN OFFICE

June 16 2022

<u>Counsel of Record</u>

SUBJECT:  *Facebook, Inc, et al., v. OnlineNIC, et al.*, Case No. 3:19-cv-07071-SI (NDCA); Chinese Laws Applicable to Plaintiffs' Discovery Requests to 35.CN

My law firm in China represents Xiamen 35.Com Technology Co., Ltd. ("35.CN") for the matters addressed below.

The request of Facebook to provide data including financial information by 35.CN, does not meet China's requirements for data export, therefore such information cannot be provided.

Corresponding questions include:

**1. Whether our client 35.CN belongs to regulated subjects under the "Data Security Law of the People's Republic of China" (hereinafter referred to as the "Data Security Law"), the " Law of the People's Republic of China on Personal Information Protection " (hereinafter referred to as the "Personal Information Protection Law") and other relevant laws and regulations governing data export?**

Article 2 of the Data Security Law stipulates that "this Law shall apply to the conduct of data processing activities and the security supervision of the same within the territory of the People's Republic of China." Article 3 provides that "data processing includes the collection, storage, use, processing, transmission, provision, and publicity of data, etc.".

Article 3 of the Personal Information Protection Law stipulates: "this Law shall apply to the processing of personal information of natural persons within the territory of the People's Republic of China." Article 4 says that "personal information refers to all kinds of information related to identified or identifiable natural persons as recorded by electronic or other means, excluding information after anonymization treatment.

Personal information handling includes the collection, storage, use, processing, transmission, provision, disclosure, deletion of personal information, ect..

Obviously, the client has the corresponding data collection, storage, use and other data processing conduct, and such conducts also belong to the data processing activities within the territory of the People's Republic of China. The relevant provisions regarding the data export shall apply to the client.

**2. Whether the data requested by Facebook belongs to the data category restricted to be exported in accordance with the Chinese regulations?**

Data restricted to be exported includes "important data", "personal information" and "network data".

**Important data**: Article 21 of the "Data Security Law" stipulates that "...the degree of harm caused to national security, public interests, or the legitimate rights and interests of individuals and organizations shall be classified and graded for the purpose of data protection." The newly revised Data Security Law clearly provides that personal data is one of the objects of data protection. The





北京京师（厦门）律师事务所
BEIJING JINGSH LAW FIRM XIAMEN OFFICE

data requested by Facebook contains a large amount of personal data and company data, which shall be protected. The degree of such protection should be formulated by the national data security work coordination mechanism with the collaboration of applicable government agencies in the important data directory. Article 31 says that "the provisions of the Cyber Security Law of the People's Republic of China shall apply to the outbound security management of the important data collected or produced by critical information infrastructure operators during their operation within the territory of the People's Republic of China, and the measures for the outbound security management of the important data collected or produced by others data processors during their operation within the territory of the People's Republic of China shall be formulated by the national cyberspace authority in conjunction with the relevant departments under the State Council."

At the stage when the relevant departments have not yet clearly defined important information, it is not appropriate to rashly provide important data that may be classified as certain protection grade, otherwise you may face corresponding penalties for violating the provisions of the data export management regulations (Article 45 of the "Data Security Law") .

**Personal information**: In accordance with Article 4 of the " Outbound Data Transfer Security Assessment Measures (Draft for Comments)" issued by the Cyberspace Administration of China, it is stipulated that for the data processors who provide data overseas, if one of the following conditions is met, they shall report through the local provincial network information department to CAC: which is The national cybersecurity and informatization department declares the data export security assessment: "...(2) The outbound data contains important data; (3) The personal information processors who handle the personal information of one million people provide personal information overseas..." Among them "processing What the "personal information processors of one million people" stipulates does not mean that the data of the country needs to reach the order of one million people, but is used to demarcate the characteristics of personal information processors, that is, as long as one million people have been processed Processors of personal information, no matter how large the volume of personal information they send out of the country, require security assessment.

For the corresponding data requested by Facebook, if the 35 Internet companies, which are a large number of data processors, want to provide data overseas, regardless of the size of the data provided, they should conduct a security assessment. At the same time, the scope of important data stipulated in the "Data Security Law" should go beyond the meaning stipulated in the Cybersecurity Law, but the specific data that belongs to important data still needs to be formulated by the Cyberspace Administration of China in conjunction with the relevant departments of the State Council. Before the relevant departments have clearly classified important data, they should take a more cautious attitude and should not rashly provide corresponding data.

**3. Is it allowed to provide the corresponding data requested by Facebook?**

The answer is negative.

First of all, Facebook as a litigant party in a lawsuit requires the client to provide corresponding data. According to Article 36 of the "Data Security Law": "The competent authorities of the People's Republic of China shall, in accordance with relevant laws and international treaties and agreements concluded or acceded to by the People's Republic of China, or in accordance with the principle of equality and reciprocity, deal with foreign judicial or law enforcement agencies' request for data. Without the approval of the competent authorities of the People's Republic of China, domestic organizations and individuals shall not provide data stored in the People's Republic of China to

地址：福建省厦门市湖里区高林中路535号万科云玺中心1号楼六层    电话：0592-5226928    邮编：361000



foreign judicial or law enforcement agencies." When there is a possibility to provide such data to such foreign judicial or law enforcement agencies, it is still subject to the domestic approval by the competent authorities. Without going through relevant legal procedures, the client cannot provide Facebook any corresponding data.

Secondly, drafted for comments at the moment in accordance with the "Network Security Law", "Data Security Law", "Personal Information Protection" and other laws and regulations, the "Measures for Data Exit Security Assessment (Draft for Comment)" provides in Article 7 that the data shall not be exported out of China under the following circumstances: "...(if) the purpose of data export is illegal, not justifiable or unnecessary, such data shall not be exported." In this Facebook vs 35.CN case, it is neither justifiable nor necessary for Facebook to request the data from 35.CN, and as a public company, the data such as financial information of 35.CN is available in website like http://www.cninfo.com.cn/ (巨潮网).

Thirdly, even if the data is not to be provided to the foreign judicial or law enforcement agencies, as long as the subjects and the corresponding data are regulated by data export rules and regulations, the relevant data security assessment procedures should be followed, and only after the approval of the applicable department, such data can be provided. If the information to be provided includes personal information, according to the provisions of Articles 38 and 39 of the Personal Information Protection Law, not only the security assessment of personal information protection, but also the consent of the individual shall be fulfilled.

**4. What are the possible consequences in China to provide or not to provide the information and documents?**

If it is provided directly, if the Chinese company discloses evidence to the U.S. judicial authority without the approval of the Chinese competent authority, it may violate the relevant provisions of the "Data Security Law" and the "Personal Information Protection Law", resulting in the Chinese party being arrested or being pursued civil liability, administrative liability and even criminal liability.

**5. Can 35.CN produce non-public records in China to Plaintiffs without government approval?**

The answer is negative. 35.CN has provided potentially responsive documents to Chinese government regulators and is waiting for approval to produce to Plaintiffs in the United States. The Chinese government officials must approve all non-public documents prior to producing documents to the Plaintiffs. Therefore, while the government officials are reviewing the documents, 35.CN may not produce any documents to the Plaintiffs

.Relevant Laws and Regulations

Data Security Law of the People's Republic of China

Article 2: This law applies to data handling activities and security regulation carried out within the[mainland] territory of the People's Republic of China.

Data handling activities carried out outside the [mainland] territory of the P.R.C. that harming the national security of the P.R.C., the public interest, or the lawful rights and interests of citizens and organizations, are to be pursued for legal responsibility in accordance with law.

Article 3: "Data" as used in this Law refers to any record of information in electronic or other forms.Data handling includes the collection, storage, use, processing, transmission, provision, disclosure, etc., of data.


北京京师（厦门）律师事务所
BEIJING JINGSH LAW FIRM XIAMEN OFFICE

Data security refers to employing necessary measures to ensure that data is effectively protected and legally used, as well as having the capacity to ensure a sustained state of security.

Article 21: The state is to establish a categorical and hierarchical system for data protection and carry out categorized and graded data protections based on the importance of the data in economic and social development as well as the extent of harm to national security, the public interest, or the lawful rights and interests of citizens or organizations that would be caused once the data is altered, destroyed, leaked, or illegally obtained or used. The national data security coordination mechanism coordinates the relevant departments to determine a catalogue of important data and strengthen protections of the important data. Data related to national security, the lifeblood of the national economy, important people's livelihood, major public interests and others belong to the national core data, shall apply to a more stringent management system.

Each region and department shall determine the catalogue of important data within that region and department and corresponding industries and sectors on the basis of the categorical and hierarchical protection system, and conduct key protection for data entered in the catalogue.

Article 36: The competent PRC state organs shall under the provisions of laws and treaties or agreements concluded or participated in by the PRC, or under the principle of equality and mutual benefits, handle the request of providing data by foreign judicial or law enforcement agency. Without the approval of the competent PRC state organs, organizations or individuals within the [mainland] territory of the PRC shall not provide data within the [mainland] PRC to foreign judicial or law enforcement agency.

**Law of the People's Republic of China on Personal Information Protection**

Article 3 This Law shall apply to activities conducted by organizations and individuals to handle the personal information of natural persons within the territory of the People's Republic of China.

This Law shall also apply to activities outside territory of the People's Republic of China to handle the personal information of natural persons within the territory of the People's Republic of China under any of the following circumstances:

1. personal information handling is to serve the purpose of providing products or services for natural persons within the territory of the People's Republic of China;

2. personal information handling is to serve the purpose of analyzing and evaluating the conducts of natural persons within the territory of the People's Republic of China; or

3. having other circumstances as stipulated by laws and administrative regulations.

Article 4 Personal information refers to all kinds of information related to identified or identifiable natural persons as recorded by electronic or other means, excluding information after anonymization treatment.

Personal information handling includes the collection, storage, use, processing, transmission, provision, disclosure and other activities of personal information.

Article 38 If, for business needs, personal information handlers really need to provide personal information outside the territory of the People's Republic of China, they shall meet at least one of the following conditions:

地址：福建省厦门市湖里区高林中路535号万科云玺中心1号楼六层　电话：0592-5226928　邮编：361000



1. having passed the security assessment organized by the State cyberspace authorities in accordance with the provisions of Article 40 hereof;

2. having undertaken personal information protection certification conducted by professional agencies in accordance with the provisions of the State cyberspace authorities;

3. having signed a contract with the overseas receiving parties to stipulate the rights and obligations of both parties, and supervising their personal information handling activities to ensure that the personal information protection standards as stipulated in this Law are met; or

4. meeting other conditions stipulated by laws, administrative regulations or the State cyberspace authorities.

Article 39 If a personal information handler provides personal information outside the territory of the People's Republic of China, it shall inform the individuals of the identity and contact information of the overseas receiving party, the handling purpose and method, the type of personal information to be handled, as well as the way by which the individuals can exercise the rights and interests hereunder over the overseas receiving party, and obtain separate consent of the individuals.

**Cybersecurity Law of the People's Republic of China**

Article 37: Personal information and important business data collected and produced by critical information infrastructure operators during their activities within the territory of the People's Republic of China, shall be stored within the territory; where due to business requirements it is truly necessary provide it outside the mainland, a security assessment shall be conducted according to the measures jointly formulated by the national cyberspace administration and the relevant departments of the State Council. Where laws or administrative regulations provide otherwise, those provisions apply.

Article 41: Network operators collecting and using personal information shall abide by principles of legality, propriety and necessity, disclosing their rules for its collection and use, explicitly stating the purposes, means and scope for collecting or using information, and obtaining the consent of the person whose data is gathered.

Network operators must not gather personal information unrelated to the services they provide; must not violate the provisions of laws, administrative regulations or bilateral agreements to gather or use personal information; and shall follow the provisions of laws, administrative regulations or agreements with users to process personal information they have saved.

Article 42: Network operators must not disclose, distort or damage personal information they collect, without the agreement of the person whose information is collected, personal information may not be provided to others. Except agreement of the person whose information is collected, personal information may not be provided to others. Except where it has been processed in such a manner that it is impossible to distinguish a particular individual and it cannot be retraced.

Network operators shall adopt technological and other necessary measures to ensure the security of personal information they collect, and prevent information leaks, damage or loss. Where a situation of information leakage, damage or loss occurs, or might occur, they shall promptly take remedial measures, timely notify users and report the matter to the competent departments according to regulations.

**Civil Code of the PRC**



Article 1035 The personal information of a natural person shall be handled under the principles of lawfulness, justification and necessity, shall not be excessively handled, and shall meet the following conditions:

(1)   With consent of the natural person or his guardian, unless as otherwise prescribed by laws and administrative regulations.

(2)   The rules for publicly handling information.

(3)   Expressly indicating the purpose, method and scope of handling information.

(4)   Not violating the provisions of laws or administrative regulations or the agreement between the both parties.

The handling of personal information includes the collection, storage, use, handling, transmission, provision, and disclosure, among others, of personal information.

**PRC Civil Procedure Law**

Article 276 Pursuant to international treaties concluded or acceded to by the People's Republic of China or in accordance with the principle of reciprocity, people's courts and foreign courts may request mutual assistance in the service of legal documents, investigation, collection of evidence, and other acts in connection with litigation, on each other's behalf.

If any matter in which a foreign court requests assistance would harm the sovereignty, security or public interest of the People's Republic of China, the people's court shall refuse to comply with the request.

Article 277 The request for and provision of judicial assistance shall be conducted through the channels stipulated in the international treaties concluded or acceded to by the People's Republic of China. Where no treaty relations exist, the request for and provision of judicial assistance shall be conducted through diplomatic channels.

The embassy or a consulate in the People's Republic of China of a foreign state may serve documents on, investigate, and take evidence from its citizens, provided that the law of the People's Republic of China is not violated and that no compulsory measures are adopted.

Except for the circumstances set forth in the preceding paragraph, no foreign agency or individual may, without the consent of the competent authorities of the People's Republic of China, serve documents, carry out an investigation or collect evidence within the territory of the People's Republic of China.

Article 278 The letter of request for judicial assistance and its annexes submitted to a people's court by a foreign court shall be accompanied by a Chinese translation or a text in another language as specified in the relevant international treaty.

The letter of request for judicial assistance and its annexes submitted to a foreign court by a people's court shall be accompanied by a translation in the language of that state or a text in another language as specified in the relevant international treaty.



北京京师（厦门）律师事务所
BEIJING JINGSH LAW FIRM XIAMEN OFFICE

This legal opinion is written in English.

ZhiHan Zhang

ManHua Zhuo

