Exhibit 1 [REDACTED DOCUMENT REQUESTED TO BE SEALED]

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **META PLATFORMS, INC.**, et al., | Case No. 3:19-cv-07071-SI |
| Plaintiffs, | |
| v. | **DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |
| **ONLINENIC INC.**, et al., | |
| Defendants. | **CONTAINS CONFIDENTIAL MATERIAL DESIGNATED UNDER THE PROTECTIVE ORDER** |

**DEF'S FURTHER AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**

PROPOUNDING PARTY:      PLAINTIFFS META PLATFORMS, INC. F/K/A
                        FACEBOOK, INC. AND INSTAGRAM, LLC

RESPONDING PARTY:       DEFENDANT XIAMEN 35.COM TECHNOLOGY CO.,
                        LTD.

SET:                    ONE

**PRELIMINARY STATEMENT**

Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35") is presently pursuing its investigation and analysis of the facts and law relating to this case and has not completed its discovery or preparation for trial. Therefore, the responses set forth herein are given without prejudice to Defendant's right to produce evidence of any subsequently discovered facts, writings, or interpretations thereof, or to modify, change, or otherwise amend these responses. The information hereinafter set forth is true and correct to the best knowledge of Defendant as of this date and is subject to correction for errors or omissions. These responses are based upon records and information presently available to Defendant. Defendant undertakes no affirmative duty to supplement these responses based upon further discovery and investigation other than as mandated by the Federal Rules of Civil Procedure. References in response to a preceding or subsequent response incorporate the information and objections stated in the referenced response.

Defendant is making a diligent inquiry and reasonable search for these responses.

As outlined to the Plaintiffs, public records can be located at CNINFO.COM.CN; and there are over 1,700 public company documents, including reports outlining ownership, officer, director, shareholder, and financial information going back numerous years.

Defendant reserves the right to introduce at trial or in support of or in opposition to any motion in this case any and all documents, information, and admissions heretofore or hereafter produced by the parties in this action or by any third party. To the extent that Defendant identifies certain writings or delineates facts contained within any writing or otherwise, it does so without prejudice to establish at a later date any additional facts that

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  may be contained within or discovered as a result of any additional investigation and

2  discovery.

3       Inadvertent identification of privileged information or writings by Defendant does not

4  constitute a waiver of any applicable privilege. The information hereafter set forth does not

5  waive any objection, including relevance, to the admission of such information in evidence.

6       This preliminary statement is incorporated into each and every response set forth

7  herein.

8       Subject to the foregoing conditions, Defendant amends and supplements its

9  objections and responses to Plaintiffs' First Set of Requests for Production of Documents

10  and Things (the "Requests") as follows:

11

12                              **GENERAL OBJECTIONS**

13       1.    Defendant objects to the Requests because Chinese law requires application

14  of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters

15  ("Hague Convention") and authorization from the Chinese government, including pursuant

16  to Chinese data security and privacy laws; nothing herein shall be deemed as a waiver of

17  Defendant's rights, claims, or contentions, including as related to these issues. Defendant

18  refers to the meet-and-confer letter sent to Plaintiffs' counsel on March 30, 2022 and

19  Chinese counsel letter dated June 16, 2022 and follow up communications.

20       2.    Defendant objects to the Requests to the extent that they purport to require

21  Defendant to provide information that is not reasonably available to Defendant through a

22  reasonable and good faith inquiry into its records and the knowledge of its employees.

23       3.    Defendant objects to the Requests to the extent any of them seek information

24  that is protected by the attorney-client privilege, the attorney work product doctrine, the

25  deliberative process privilege, the joint defense privilege, the privilege for negotiations

26  leading to settlement, or any other applicable privilege. Information protected by any such

27  privilege will not be produced. All such information will be withheld. Any inadvertent

28  production of such information shall not be deemed to waive any privilege or protection

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

with respect to such information. A privilege log will be provided where applicable, including for documents withheld on the basis of Chinese laws, provided that a privilege log will not be provided for post-lawsuit privileged communications with counsel.

4.    Defendant objects to the Requests to the extent that Plaintiffs seek re-production of documents already produced in this case.

5.    Defendant objects to the Requests to the extent that they seek information in the possession, custody, or control of individuals or entities other than Defendant on the grounds that each such Request is unduly burdensome and oppressive, and such information is equally available to Plaintiff, including through prior case discovery. In particular, **OnlineNIC and ID Shield have already responded to hundreds of written discovery requests.**

6.    Each of the foregoing General Objections is a continuing objection, which Defendant incorporates by reference into each specific response to each of the Requests below as if fully set forth herein.

**AMENDED AND SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION**
**REQUEST NO. 1:**

Corporate DOCUMENTS of 35.CN, including but not limited to articles of incorporation and bylaws.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request as vague and ambiguous as to "Corporate DOCUMENTS." Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe. Defendant objects to this Request as vague and ambiguous, including as to "articles of incorporation" and "bylaws" as those terms relate to a public company in China.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced responsive documents (35CN001120-005442), including

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  the corporate documents for a public company in China (e.g., articles of association as

2  well as minutes and financial records per below responses), and will produce any other

3  non-privileged responsive documents.

4

5  **REQUEST NO. 2:**

6      Minutes of meetings of board of directors of 35.CN since 2007.

7  **RESPONSE TO REQUEST NO. 2:**

8      Defendant objects to this Request to the extent Chinese law requires authorization

9  from the Chinese government. Defendant objects to this Request on grounds of relevance,

10 proportionality, and undue burden, including as to the timeframe.

11     Subject to and without waiving the foregoing objections, Defendant responds as

12 follows: Defendant has produced responsive documents (4th production), including board

13 of directors meeting resolutions dating back to at least 2009, and will produce any other

14 non-privileged responsive documents in its possession, custody, or control.

15

16 **REQUEST NO. 3:**

17     Minutes of meetings of board of supervisors of 35.CN since 2007.

18 **RESPONSE TO REQUEST NO. 3:**

19     Defendant objects to this Request to the extent Chinese law requires authorization

20 from the Chinese government. Defendant objects to this Request on grounds of relevance,

21 proportionality, and undue burden, including as to the timeframe.

22     Subject to and without waiving the foregoing objections, Defendant responds as

23 follows: Defendant has produced responsive documents (4th production), including

24 supervisors meeting resolutions dating back to at least 2009, and will produce any other

25 non-privileged responsive documents in its possession, custody, or control.

26

27 **REQUEST NO. 4:**

28     DOCUMENTS sufficient to IDENTIFY the ownership of 35.CN for each year from

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    2002 to 2007.

2    **RESPONSE TO REQUEST NO. 4:**

3        Defendant objects to this Request to the extent Chinese law requires authorization

4    from the Chinese government. Defendant objects to this Request on grounds of relevance,

5    proportionality, and undue burden, including as to the timeframe.

6        Subject to and without waiving the foregoing objections, Defendant responds as

7    follows: Defendant has produced responsive documents (3rd production) and/or will

8    produce any other non-privileged responsive documents in its possession, custody, or

9    control.

10

11   **REQUEST NO. 5:**

12       DOCUMENTS sufficient to IDENTIFY the 20 largest shareholders of 35.CN for each

13   year since 2007.

14   **RESPONSE TO REQUEST NO. 5:**

15       Defendant objects to this Request to the extent Chinese law requires authorization

16   from the Chinese government. Defendant objects to this Request on grounds of relevance,

17   proportionality, and undue burden, including as to the timeframe and because the Request

18   is not limited to a reasonable shareholder percentage.

19       Subject to and without waiving the foregoing objections, Defendant responds as

20   follows: Defendant has produced responsive documents (3rd production), including the

21   identification of the largest shareholders (*see* annual reports), and will produce any other

22   non-privileged responsive documents in its possession, custody, or control.

23

24   **REQUEST NO. 6:**

25       DOCUMENTS sufficient to IDENTIFY the directors of 35.CN for each year since

26   2007, including members of the board of directors and independent directors.

27   **RESPONSE TO REQUEST NO. 6:**

28       Defendant objects to this Request to the extent Chinese law requires authorization

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    from the Chinese government. Defendant objects to this Request on grounds of relevance,

2    proportionality, and undue burden, including as to the timeframe.

3        Subject to and without waiving the foregoing objections, Defendant responds as

4    follows: Defendant has produced responsive documents (3rd production), including annual

5    reports and meeting minutes, and will produce any other non-privileged responsive

6    documents in its possession, custody, or control.

7

8    **REQUEST NO. 7:**

9        DOCUMENTS sufficient to IDENTIFY the officers of 35.CN for each year since

10   2007.

11   **RESPONSE TO REQUEST NO. 7:**

12       Defendant objects to this Request to the extent Chinese law requires authorization

13   from the Chinese government. Defendant objects to this Request on grounds of relevance,

14   proportionality, and undue burden, including as to the timeframe.

15       Subject to and without waiving the foregoing objections, Defendant responds as

16   follows: Defendant has produced responsive documents (3rd production), including annual

17   reports and meeting minutes, and will produce any other non-privileged responsive

18   documents in its possession, custody, or control.

19

20   **REQUEST NO. 8:**

21       DOCUMENTS sufficient to IDENTIFY the members of the board of supervisors of

22   35.CN for each year since 2002.

23   **RESPONSE TO REQUEST NO. 8:**

24       Defendant objects to this Request to the extent Chinese law requires authorization

25   from the Chinese government. Defendant objects to this Request on grounds of relevance,

26   proportionality, and undue burden, including as to the timeframe.

27       Subject to and without waiving the foregoing objections, Defendant responds as

28   follows: Defendant has produced responsive documents (3rd production), including annual

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  reports and meeting minutes, and will produce any other non-privileged responsive

2  documents in its possession, custody, or control.

3

4  **REQUEST NO. 9:**

5      Financial statements of 35.CN since 2007.

6  **RESPONSE TO REQUEST NO. 9:**

7      Defendant objects to this Request to the extent Chinese law requires authorization

8  from the Chinese government. Defendant objects to this Request on grounds of relevance,

9  proportionality, and undue burden, including as to the timeframe.

10     Subject to and without waiving the foregoing objections, Defendant responds as

11 follows: Defendant has produced responsive documents (3rd production), including annual

12 reports, and will produce any other non-privileged responsive documents in its possession,

13 custody, or control.

14

15 **REQUEST NO. 10:**

16     Balance sheets of 35.CN since 2007.

17 **RESPONSE TO REQUEST NO. 10:**

18     Defendant objects to this Request to the extent Chinese law requires authorization

19 from the Chinese government. Defendant objects to this Request on grounds of relevance,

20 proportionality, and undue burden, including as to the timeframe.

21     Subject to and without waiving the foregoing objections, Defendant responds as

22 follows: Defendant has produced responsive documents (3rd production), including annual

23 reports, and will produce any other non-privileged responsive documents in its possession,

24 custody, or control.

25

26 **REQUEST NO. 11:**

27     Income statements of 35.CN since 2007.

28 //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 11:**

2       Defendant objects to this Request to the extent Chinese law requires authorization

3  from the Chinese government. Defendant objects to this Request on grounds of relevance,

4  proportionality, and undue burden, including as to the timeframe.

5       Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: Defendant has produced responsive documents (3rd production), including annual

7  reports, and will produce any other non-privileged responsive documents in its possession,

8  custody, or control.

9

10  **REQUEST NO. 12:**

11       Profit and loss statements of 35.CN since 2007.

12  **RESPONSE TO REQUEST NO. 12:**

13       Defendant objects to this Request to the extent Chinese law requires authorization

14  from the Chinese government. Defendant objects to this Request on grounds of relevance,

15  proportionality, and undue burden, including as to the timeframe.

16       Subject to and without waiving the foregoing objections, Defendant responds as

17  follows: Defendant has produced responsive documents (3rd production), including annual

18  reports, and will produce any other non-privileged responsive documents in its possession,

19  custody, or control.

20

21  **REQUEST NO. 13:**

22       Revenue and expense statements of 35.CN since 2007.

23  **RESPONSE TO REQUEST NO. 13:**

24       Defendant objects to this Request to the extent Chinese law requires authorization

25  from the Chinese government. Defendant objects to this Request on grounds of relevance,

26  proportionality, and undue burden, including as to the timeframe.

27       Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Defendant has produced responsive documents (3rd production), including annual

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    reports, and will produce any other non-privileged responsive documents in its possession,

2    custody, or control.

3    **REQUEST NO. 14:**

4        DOCUMENTS sufficient to IDENTIFY the bank accounts used by 35.CN since

5    2007.

6    **RESPONSE TO REQUEST NO. 14:**

7        Defendant objects to this Request to the extent Chinese law requires authorization

8    from the Chinese government. Defendant objects to this Request on grounds of relevance,

9    proportionality, and undue burden, including as to the timeframe.

10        Subject to and without waiving the foregoing objections, Defendant responds as

11    follows: Subject to and without waiving the foregoing objections, Defendant responds as

12    follows: Defendant has produced responsive documents (3rd production) and/or will

13    produce any other non-privileged responsive documents in its possession, custody, or

14    control.

15

16    **REQUEST NO. 15:**

17        DOCUMENTS sufficient to IDENTIFY 35.CN's principal place of business.

18    **RESPONSE TO REQUEST NO. 15:**

19        Defendant has produced non-privileged responsive documents (4th production).

20

21    **REQUEST NO. 16:**

22        DOCUMENTS sufficient to IDENTIFY locations where 35.CN conducts business.

23    **RESPONSE TO REQUEST NO. 16:**

24        Defendant objects to this Request as vague and ambiguous, including as to the

25    phrase "conducts business."

26        Subject to and without waiving the foregoing objections, Defendant responds as

27    follows: Defendant has produced non-privileged responsive documents (4th production).

28

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 17:**

All contracts entered into by 35.CN with a California domiciled citizen.

**RESPONSE TO REQUEST NO. 17:**

Defendant objects to this Request as vague and ambiguous, including as to all "contracts" and "California domiciled citizen."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 18:**

All contracts entered into by 35.CN with a United States citizen.

**RESPONSE TO REQUEST NO. 18:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request as vague and ambiguous, including as to all "contracts" and "United States citizen." Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs' personal jurisdiction allegations are limited. Defendant is construing this Request as being limited to any California citizen and will withhold any responsive documents on this basis.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 19:**

All contracts entered into by 35.CN with a California corporation.

**RESPONSE TO REQUEST NO. 19:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request as vague and ambiguous, including as to all "contracts" and "corporation." Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

unlimited timeframe and as Plaintiffs' personal jurisdiction allegations are limited.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 20:**

All contracts entered into by 35.CN with a corporation of any state in the United States.

**RESPONSE TO REQUEST NO. 20:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request as vague and ambiguous, including as to all "contracts." Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs' personal jurisdiction allegations are limited. Defendant is construing this Request as being limited to any California corporation and will withhold any responsive documents on this basis.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 21:**

2      All contracts entered into by 35.CN with any PERSON in the United States relating

3  to the registration of any domain name(s).

4  **RESPONSE TO REQUEST NO. 21:**

5      Defendant objects to this Request to the extent Chinese law requires authorization

6  from the Chinese government. Defendant objects to this Request as vague and

7  ambiguous, including as to all "contracts" and "registration." Defendant objects to this

8  Request on grounds of relevance, proportionality, and undue burden, including as to the

9  unlimited timeframe and as Plaintiffs' personal jurisdiction allegations are limited.

10  Defendant is construing this Request as being limited to any person in California and will

11  withhold any responsive documents on this basis.

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: ███████████████████████████████

14  ███████ ████████ ███████ ████ ██████ ███████ ███████ ██████ █

15  ████████████████████████████████████████████████

16  ████████████████████████████████████████████████

17  ████████████████████████████████████████████████

18  ██████

19  **THIS RESPONSE IS CONFIDENTIAL.**

20

21  **REQUEST NO. 22:**

22      All contracts entered into by 35.CN with any PERSON in the United States relating

23  to the use of any domain name(s).

24  **RESPONSE TO REQUEST NO. 22:**

25      Defendant objects to this Request to the extent Chinese law requires authorization

26  from the Chinese government. Defendant objects to this Request as vague and

27  ambiguous, including as to all "contracts" and "use." Defendant objects to this Request on

28  grounds of relevance, proportionality, and undue burden, including as to the unlimited

12

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

timeframe and as Plaintiffs' personal jurisdiction allegations are limited. Defendant is construing this Request as being limited to any person in California and will withhold any responsive documents on this basis.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████████████████████████████████████

███ ████████ ████████ ██ ████ █████████ ██████████ █████ ████████ █████ ██

████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 23:**

All contracts entered into by 35.CN with any PERSON in the United States relating to the trafficking of any domain name(s).

**RESPONSE TO REQUEST NO. 23:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request as vague and ambiguous, including as to all "contracts" and "trafficking." Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs' personal jurisdiction allegations are limited. Defendant is construing this Request as being limited to any person in California and will withhold any responsive documents on this basis.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████████████████████████████████████

███ ████████ ████████ ██ ████ █████████ ██████████ █████ ████████ █████ ██

████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 24:**

DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  to Rex Liu on November 28, 2007 for $10,000.

2  **RESPONSE TO REQUEST NO. 24:**

3      Defendant objects to this Request to the extent Chinese law requires authorization

4  from the Chinese government. Defendant objects to this Request as argumentative,

5  including as there is no legal claim that Defendant has made about this statement, and on

6  relevance and proportionality grounds as Plaintiffs have already obtained similar discovery

7  from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as

8  to all "DOCUMENTS supporting" and "35.CN's claim . . ."

9      Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: Defendant believes that responsive documents are in the possession of OnlineNIC

11  and third parties. Defendant produced documents, *see* 35CN000576.

12

13  **REQUEST NO. 25:**

14      DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC

15  to Rex Liu in 2007.

16  **RESPONSE TO REQUEST NO. 25:**

17      Defendant objects to this Request to the extent Chinese law requires authorization

18  from the Chinese government. Defendant objects to this Request as argumentative,

19  including as there is no legal claim that Defendant has made about this statement, and on

20  relevance and proportionality grounds as Plaintiffs have already obtained similar discovery

21  from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as

22  to all "DOCUMENTS supporting" and "35.CN's claim . . ."

23      Subject to and without waiving the foregoing objections, Defendant responds as

24  follows: Defendant believes that responsive documents are in the possession of OnlineNIC

25  and third parties. Defendant produced documents, *see* 35CN000576.

26

27  **REQUEST NO. 26:**

28      DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  to Zhippo Chen in 2009.

2  **RESPONSE TO REQUEST NO. 26:**

3  Defendant objects to this Request as premised on a disputed fact.

4  Subject to and without waiving the foregoing objections, Defendant responds as

5  follows: Defendant does not have any documents in its possession, custody, or control.

6

7  **REQUEST NO. 27:**

8  DOCUMENTS supporting or refuting ONLINENIC's claim to the California

9  Franchise Tax Board in 2009 that GONG was the 100% owner of ONLINENIC.

10  **RESPONSE TO REQUEST NO. 27:**

11  Defendant objects to this Request as argumentative.

12  Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Defendant does not have any documents in its possession, custody, or control.

14

15  **REQUEST NO. 28:**

16  DOCUMENTS supporting or refuting ONLINENIC's claim to the California

17  Franchise Tax Board in 2010 that GONG was the 100% owner of ONLINENIC.

18  **RESPONSE TO REQUEST NO. 28:**

19  Defendant objects to this Request as argumentative.

20  Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Defendant does not have any documents in its possession, custody, or control.

22

23  **REQUEST NO. 29:**

24  DOCUMENTS supporting or refuting ONLINENIC's claim to the California

25  Franchise Tax Board in 2011 that GONG was the 100% owner of ONLINENIC.

26  **RESPONSE TO REQUEST NO. 29:**

27  Defendant objects to this Request as argumentative.

28  Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    follows: Defendant does not have any documents in its possession, custody, or control.

2

3    **REQUEST NO. 30:**

4        DOCUMENTS supporting or refuting ONLINENIC's claim to the California

5    Franchise Tax Board in 2012 that GONG was the 100% owner of ONLINENIC.

6    **RESPONSE TO REQUEST NO. 30:**

7        Defendant objects to this Request as argumentative.

8        Subject to and without waiving the foregoing objections, Defendant responds as

9    follows: Defendant does not have any documents in its possession, custody, or control.

10

11   **REQUEST NO. 31:**

12       DOCUMENTS supporting or refuting ONLINENIC's claim to the California

13   Franchise Tax Board in 2013 that GONG was the 100% owner of ONLINENIC.

14   **RESPONSE TO REQUEST NO. 31:**

15       Defendant objects to this Request as argumentative.

16       Subject to and without waiving the foregoing objections, Defendant responds as

17   follows: Defendant does not have any documents in its possession, custody, or control.

18

19   **REQUEST NO. 32:**

20       DOCUMENTS supporting or refuting ONLINENIC's claim to the California

21   Franchise Tax Board in 2014 that GONG was the 100% owner of ONLINENIC.

22   **RESPONSE TO REQUEST NO. 32:**

23       Defendant objects to this Request as argumentative.

24       Subject to and without waiving the foregoing objections, Defendant responds as

25   follows: Defendant does not have any documents in its possession, custody, or control.

26

27   **REQUEST NO. 33:**

28       DOCUMENTS sufficient to IDENTIFY real property owned or leased by 35.CN in

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  California at any time.

2  **RESPONSE TO REQUEST NO. 33:**

3       Defendant objects to this Request as vague and ambiguous, including as to "owned

4  or leased." Defendant objects to this Request on grounds of relevance, proportionality, and

5  undue burden, including as to the unlimited timeframe and as Plaintiffs' personal

6  jurisdiction allegations are limited.

7       Subject to and without waiving the foregoing objections, Defendant responds as

8  follows: Defendant does not have any documents in its possession, custody, or control.

9

10  **REQUEST NO. 34:**

11       DOCUMENTS sufficient to IDENTIFY real property owned or leased by 35.CN in

12  the United States at any time.

13  **RESPONSE TO REQUEST NO. 34:**

14       Defendant objects to this Request as vague and ambiguous, including as to "owned

15  or leased." Defendant objects to this Request on grounds of relevance, proportionality, and

16  undue burden, including as to the unlimited timeframe and as Plaintiffs' personal

17  jurisdiction allegations are limited.

18       Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Defendant does not have any documents in its possession, custody, or control.

20

21  **REQUEST NO. 35:**

22       DOCUMENTS sufficient to IDENTIFY real property owned or leased by any

23  employee of 35.CN in California at any time.

24  **RESPONSE TO REQUEST NO. 35:**

25       Defendant objects to this Request to the extent it lacks knowledge of responsive

26  documents. Defendant objects to this Request as vague and ambiguous, including as to

27  "owned or leased." Defendant objects to this Request on grounds of relevance,

28  proportionality, and undue burden, including as to the unlimited timeframe, as to property

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

of "any employee." and as Plaintiffs' personal jurisdiction allegations are limited.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 36:**

DOCUMENTS sufficient to IDENTIFY assets of 35.CN in California since 2002.

**RESPONSE TO REQUEST NO. 36:**

Defendant objects to this Request as vague and ambiguous, including as to "assets." Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs' personal jurisdiction claims are based on claimed alter ego liability and specific jurisdiction in California for contacts *related to* the allegations.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 37:**

DOCUMENTS sufficient to IDENTIFY assets of 35.CN in the United States since 2002.

**RESPONSE TO REQUEST NO. 37:**

Defendant objects to this Request as vague and ambiguous, including as to "assets." Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs' personal jurisdiction claims are based on claimed alter ego liability and specific jurisdiction in California for contacts *related to* the allegations.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 38:**

2        DOCUMENTS relating to trademarks or service marks applied for or registered by

3    35.CN.

4    **RESPONSE TO REQUEST NO. 38:**

5        Defendant objects to this Request to the extent Chinese law requires authorization

6    from the Chinese government. Defendant objects to this Request on grounds of relevance,

7    proportionality, and undue burden, including as to the unlimited timeframe. Defendant

8    objects to this Request to the extent it seeks privileged or work product information.

9        Subject to and without waiving the foregoing objections, Defendant responds as

10    follows: Defendant has produced responsive documents (35CN001095-1107) to show

11    marks applied for or registered by 35.CN in the United States.

12

13    **REQUEST NO. 39:**

14        DOCUMENTS relating to trademarks or service marks applied for or registered by

15    35.CN in the United States.

16    **RESPONSE TO REQUEST NO. 39:**

17        Defendant objects to this Request on grounds of relevance, proportionality, and

18    undue burden, including as to the unlimited timeframe. Defendant objects to this Request

19    to the extent it seeks privileged or work product information.

20        Subject to and without waiving the foregoing objections, Defendant responds as

21    follows: Defendant has produced responsive documents (35CN001095-1107) to show

22    marks applied for or registered by 35.CN in the United States.

23

24    **REQUEST NO. 40:**

25        A representative sample of DOCUMENTS, including communications, that

26    demonstrate the business activities engaged in between 35.CN, including employees of

27    35.CN, and ONLINENIC.

28    //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **RESPONSE TO REQUEST NO. 40:**

2        Defendant objects to this Request to the extent Chinese law requires authorization

3    from the Chinese government. Defendant objects to this Request on grounds of relevance,

4    proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs

5    have already obtained similar discovery from OnlineNIC. Defendant objects to this Request

6    as vague and ambiguous, including as to "business activities."

7        Subject to and without waiving the foregoing objections, Defendant responds as

8    follows: ███████████████████████████████████████████████

9    ████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████

11   █████████████████████████   ████████████████████   ████

12   ████████████████████████████████████████████████████████

13   ████████████████████████████████████████

14      **THIS RESPONSE IS CONFIDENTIAL.**

15

16   **REQUEST NO. 41:**

17      A representative sample of DOCUMENTS, including communications, that

18   demonstrate the business activities engaged in between 35.CN, including employees of

19   35.CN, and DOMAIN ID SHIELD.

20   **RESPONSE TO REQUEST NO. 41:**

21      Defendant objects to this Request on grounds of relevance, proportionality, and

22   undue burden, including as to the unlimited timeframe and as Plaintiffs have already

23   obtained similar responses from ID Shield. Defendant objects to this Request as vague

24   and ambiguous, including as to "business activities."

25      Subject to and without waiving the foregoing objections, Defendant responds as

26   follows: Defendant does not have any documents in its possession, custody, or control.

27

28   //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 42:**

2        All agreements between 35.CN and ONLINENIC, and DOCUMENTS reflecting the

3    negotiations between 35.CN and ONLINENIC to enter into those agreements.

4    **RESPONSE TO REQUEST NO. 42:**

5        Defendant objects to this Request as vague and ambiguous as to "agreements" and

6    "negotiations." Defendant objects to this Request as compound. As to the first sub-request,

7    Defendant objects on grounds of relevance, proportionality, and undue burden, including

8    as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from

9    OnlineNIC. As to the second sub-request, Defendant objects on similar grounds and to the

10   extent it seeks privileged or work product information.

11       Subject to and without waiving the foregoing objections, Defendant responds as

12   follows: ███████████████████████████████████████████████

13   ████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████

15   ███████████████████

16                    **THIS RESPONSE IS CONFIDENTIAL.**

17

18   **REQUEST NO. 43:**

19       All agreements between 35.CN and DOMAIN ID SHIELD, and DOCUMENTS

20   reflecting the negotiations between 35.CN and DOMAIN ID SHIELD to enter into those

21   agreements.

22   **RESPONSE TO REQUEST NO. 43:**

23       Defendant objects to this Request as vague and ambiguous as to "agreements" and

24   "negotiations." Defendant objects to this Request as compound.

25       Subject to and without waiving the foregoing objections, Defendant responds as

26   follows: Defendant does not have any documents in its possession, custody, or control.

27

28   //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1   **REQUEST NO. 44**

2       DOCUMENTS relating to leases or subleases offered or made available by 35.CN

3   to ONLINENIC and/or DOMAIN ID SHIELD.

4   **RESPONSE TO REQUEST NO. 44:**

5       Defendant objects to this Request as premised on a disputed fact. Defendant

6   objects to this Request as vague and ambiguous as to "leases or subleases offered or

7   made available." Defendant objects to this Request as compound.

8       Subject to and without waiving the foregoing objections, Defendant responds as

9   follows: Defendant does not have any documents in its possession, custody, or control.

10

11  **REQUEST NO. 45:**

12      DOCUMENTS relating to equipment, including servers, offered or made available

13  by 35.CN to ONLINENIC and/or DOMAIN ID SHIELD.

14  **RESPONSE TO REQUEST NO. 45:**

15      Defendant objects to this Request as premised on a disputed fact. Defendant

16  objects to this Request as vague and ambiguous as to "equipment . . . offered or made

17  available." Defendant objects to this Request as compound.

18      Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Defendant does not have any documents in its possession, custody, or control.

20

21  **REQUEST NO. 46:**

22      DOCUMENTS relating to services offered or made available by 35.CN to

23  ONLINENIC and/or DOMAIN ID SHIELD.

24  **RESPONSE TO REQUEST NO. 46:**

25      Defendant objects to this Request as premised on a disputed fact. Defendant

26  objects to this Request as vague and ambiguous as to "services . . . offered or made

27  available." Defendant objects to this Request as compound. Defendant objects to this

28  Request on grounds of relevance, proportionality, and undue burden, including as to the

**DEF'S FURTHER AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**

1  unlimited timeframe and phrase "relating to."

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: ███████████████████████████████████████

4  ███████████████████████

5      **THIS RESPONSE IS CONFIDENTIAL.**

6

7  **REQUEST NO. 47:**

8      Communications between CARRIE YU and her supervisors at 35.CN regarding

9  ONLINENIC.

10 **RESPONSE TO REQUEST NO. 47:**

11     Defendant objects to this Request on grounds of relevance, proportionality, and

12 undue burden, including as to the unlimited timeframe and as Plaintiffs have already

13 obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague

14 and ambiguous, including as to "supervisors" and "regarding ONLINENIC." Defendant

15 objects to this Request to the extent it seeks privileged or work product information.

16     Subject to and without waiving the foregoing objections, Defendant responds as

17 follows: ███████████████████████████████████████

18 ███████████████████████████████████████████

19 ███████████████████████████████████████████

20 ███████████████████████████████████████████

21 ████████████████████████

22     **THIS RESPONSE IS CONFIDENTIAL.**

23

24 **REQUEST NO. 48:**

25     Communications between CARRIE YU and any PERSON regarding ONLINENIC.

26 **RESPONSE TO REQUEST NO. 48:**

27     Defendant objects to this Request on grounds of relevance, proportionality, and

28 undue burden, including as to the unlimited timeframe and as Plaintiffs have already

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to "any PERSON" and "regarding ONLINENIC." Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 49:**

Communications between CARRIE YU and her supervisors at 35.CN regarding DOMAIN ID SHIELD

**RESPONSE TO REQUEST NO. 49:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to "supervisors" and "regarding DOMAIN ID SHIELD." Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 50:**

Communications between CARRIE YU and any PERSON regarding DOMAIN ID SHIELD.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

<u>**RESPONSE TO REQUEST NO. 50:**</u>

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to "any PERSON" and "regarding ONLINENIC." Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

**THIS RESPONSE IS CONFIDENTIAL.**

<u>**REQUEST NO. 51:**</u>

Communications between CARRIE YU and her supervisors at 35.CN regarding this lawsuit.

<u>**RESPONSE TO REQUEST NO. 51:**</u>

Defendant objects to this Request as vague and ambiguous, including as to "supervisors." Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any non-privileged responsive documents in its possession, custody, or control. Defendant will provide a privilege log if applicable.

<u>**REQUEST NO. 52:**</u>

Communications between CARRIE YU and any PERSON regarding this lawsuit.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **RESPONSE TO REQUEST NO. 52:**

2        Defendant objects to this Request as vague and ambiguous, including as to "any

3    PERSON." Defendant objects to this Request to the extent it seeks privileged or work

4    product information.

5        Subject to and without waiving the foregoing objections, Defendant responds as

6    follows: Defendant does not have any non-privileged responsive documents in its

7    possession, custody, or control. Defendant will provide a privilege log if applicable.

8

9    **REQUEST NO. 53:**

10       Communications between CARRIE YU and her supervisors at 35.CN regarding the

11   investigation by the Special Discovery Master in this case.

12   **RESPONSE TO REQUEST NO. 53:**

13       Defendant objects to this Request as vague and ambiguous, including as to

14   "supervisors" and "investigation."

15       Subject to and without waiving the foregoing objections, Defendant responds as

16   follows: Defendant does not have any documents in its possession, custody, or control.

17

18   **REQUEST NO. 54:**

19       Communications between CARRIE YU and any PERSON regarding the

20   investigation by the Special Discovery Master in this case.

21   **RESPONSE TO REQUEST NO. 54:**

22       Defendant objects to this Request as vague and ambiguous, including as to "any

23   PERSON" and "investigation." Defendant objects to this Request to the extent it seeks

24   privileged or work product information.

25       Subject to and without waiving the foregoing objections, Defendant responds as

26   follows: Defendant does not have any documents in its possession, custody, or control.

27

28   //

**REQUEST NO. 55:**

DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who communicated with the Special Discovery Master in this case.

**RESPONSE TO REQUEST NO. 55:**

Defendant objects to this Request as vague and ambiguous, including as to "employees of 35.CN."

Subject to and without waiving the foregoing objections, Defendant responds as follows: To Defendant's knowledge and belief, OnlineNIC's response to Interrogatory 2 is sufficient to identify the only individual, Leon Freeman, who communicated with the Special Discovery Master in this case for the defense.

**REQUEST NO. 56:**

Communications between CARRIE YU and her supervisors at 35.CN regarding the Special Discovery Master's Data Destroyed or Withheld Report.

**RESPONSE TO REQUEST NO. 56:**

Defendant objects to this Request as vague and ambiguous, including as to "supervisors."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 57:**

Communications between CARRIE YU and any PERSON regarding the Special Discovery Master's Data Destroyed or Withheld Report.

**RESPONSE TO REQUEST NO. 57:**

Defendant objects to this Request as vague and ambiguous, including as to "any PERSON." Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    follows: Defendant does not have any documents in its possession, custody, or control.

2

3    **REQUEST NO.58:**

4    DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who were involved

5    in the destruction of evidence in this case as described in the Special Discovery Master's

6    Data Destroyed or Withheld Report.

7    **RESPONSE TO REQUEST NO. 58:**

8    Defendant objects to this Request as argumentative, premised on a disputed fact,

9    and vague and ambiguous, including as to "employees" and "destruction of evidence."

10    Subject to and without waiving the foregoing objections, Defendant responds as

11    follows: Defendant does not have any documents in its possession, custody, or control.

12

13    **REQUEST NO. 59:**

14    DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who participated in

15    the destruction of evidence in this case as described in the Special Discovery Master's

16    Data Destroyed or Withheld Report.

17    **RESPONSE TO REQUEST NO. 59:**

18    Defendant objects to this Request as argumentative, premised on a disputed fact,

19    and vague and ambiguous, including as to "employees" and "destruction of evidence."

20    Subject to and without waiving the foregoing objections, Defendant responds as

21    follows: Defendant does not have any documents in its possession, custody, or control.

22

23    **REQUEST NO. 60:**

24    Communications between CARRIE YU and her supervisors at 35.CN regarding

25    CARRIE YU's ownership of DOMAIN ID SHIELD for the benefit of ONLINENIC.

26    **RESPONSE TO REQUEST NO. 60:**

27    Defendant objects to this Request as premised on a disputed fact and vague and

28    ambiguous, including as to "supervisors," "ownership," and "for the benefit of."

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2  follows: Defendant does not have any documents in its possession, custody, or control.

3

4  **REQUEST NO. 61:**

5    Communications between CARRIE YU and any PERSON regarding CARRIE YU's

6  ownership of DOMAIN ID SHIELD for the benefit of ONLINENIC.

7  **RESPONSE TO REQUEST NO. 61:**

8    Defendant objects to this Request as premised on a disputed fact and vague and

9  ambiguous, including as to "any PERSON," "ownership," and "for the benefit of." Defendant

10  objects to this Request to the extent it seeks privileged or work product information.

11    Subject to and without waiving the foregoing objections, Defendant responds as

12  follows: Defendant does not have any documents in its possession, custody, or control.

13

14  **REQUEST NO. 62:**

15    DOCUMENTS relating to payments made by 35.CN to CARRIE YU since 2007,

16  including DOCUMENTS reflecting the purpose of any payments.

17  **RESPONSE TO REQUEST NO. 62:**

18    Defendant objects to this Request to the extent Chinese law requires authorization

19  from the Chinese government. Defendant objects to this Request on privacy grounds,

20  including under US and Chinese laws. Defendant objects to this Request as vague and

21  ambiguous, including as to "relating to payments" and "reflecting the purpose of payments."

22    Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24    **THIS RESPONSE IS CONFIDENTIAL.**

25

26  **REQUEST NO. 63:**

27    Communications relating to payments made by 35.CN to CARRIE YU since 2007,

28  including communications reflecting the purpose of any payments.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 63:**

2      Defendant objects to this Request to the extent Chinese law requires authorization

3  from the Chinese government. Defendant objects to this Request on privacy grounds,

4  including under US and Chinese laws. Defendant objects to this Request as vague and

5  ambiguous, including as to "relating to payments" and "reflecting the purpose of payments."

6      Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: Defendant does not have any documents in its possession, custody, or control.

8

9  **REQUEST NO. 64:**

10      DOCUMENTS relating to CARRIE YU's ownership of DOMAIN ID SHIELD for the

11  benefit of ONLINENIC.

12  **RESPONSE TO REQUEST NO. 64:**

13      Defendant objects to this Request as premised on a disputed fact and vague and

14  ambiguous, including as to "relating to," "ownership," and "for the benefit of." Defendant

15  objects to this Request as compound and confusing.

16      Subject to and without waiving the foregoing objections, Defendant responds as

17  follows: Defendant does not have any documents in its possession, custody, or control.

18

19  **REQUEST NO. 65:**

20      DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind

21  for both 35.CN and ONLINENIC.

22  **RESPONSE TO REQUEST NO. 65:**

23      Defendant objects to this Request on grounds of relevance, proportionality, and

24  undue burden, including as to the unlimited timeframe and as Plaintiffs have already

25  obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague

26  and ambiguous, including as to "perform work of any kind."

27      Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Documents have been produced. OnlineNIC referred to documents identifying

**DEF'S FURTHER AMENDED RESPONSES
TO PLAINTIFFS' FIRST SET OF RFPS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  employees as ONLINENIC000017-ONLINENIC000038, ONLINENIC266989-
2  ONLINENIC267162, ONLINENIC000073-ONLINENIC000074.

3

4  **REQUEST NO. 66:**

5      DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind
6  for both 35.CN and DOMAIN ID SHIELD.

7  **RESPONSE TO REQUEST NO. 66:**

8      Defendant objects to this Request on grounds of relevance, proportionality, and
9  undue burden, including as to the unlimited timeframe and as Plaintiffs have already
10  obtained similar discovery from ID Shield. Defendant objects to this Request as vague and
11  ambiguous, including as to "perform work of any kind."

12      Subject to and without waiving the foregoing objections, Defendant responds as
13  follows: Defendant does not have any documents in its possession, custody, or control.

14

15  **REQUEST NO. 67:**

16      Communications between 35.CN and ONLINENIC concerning the work performed
17  for ONLINENIC by employees of 35.CN.

18  **RESPONSE TO REQUEST NO. 67:**

19      Defendant objects to this Request as premised on a disputed fact. Defendant
20  objects to this Request on grounds of relevance, proportionality, and undue burden,
21  including as to the unlimited timeframe and as Plaintiffs have already obtained similar
22  discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous,
23  including as to "work performed" and "employees."

24      Subject to and without waiving the foregoing objections, Defendant responds as
25  follows: Defendant does not have any documents in its possession, custody, or control.

26

27  **REQUEST NO. 68:**

28      Communications between 35.CN and ONLINENIC concerning the work performed

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  for DOMAIN ID SHIELD by employees of 35.CN.

2  **RESPONSE TO REQUEST NO. 68:**

3  Defendant objects to this Request on grounds of relevance, proportionality, and

4  undue burden, including as to the unlimited timeframe and as Plaintiffs have already

5  obtained similar discovery from ID Shield. Defendant objects to this Request as vague and

6  ambiguous, including as to "work performed" and "employees."

7  Subject to and without waiving the foregoing objections, Defendant responds as

8  follows: Defendant does not have any documents in its possession, custody, or control.

9

10  **REQUEST NO. 69:**

11  Communications between 35.CN and any PERSON relating to any of the

12  INFRINGING DOMAIN NAMES.

13  **RESPONSE TO REQUEST NO. 69:**

14  Defendant objects to this Request as premised on a disputed fact and vague and

15  ambiguous, including as to "any PERSON" and "relating to." Defendant objects to this

16  Request to the extent it seeks privileged or work product information.

17  Subject to and without waiving the foregoing objections, Defendant responds as

18  follows: Defendant does not have any documents in its possession, custody, or control.

19

20  **REQUEST NO. 70:**

21  Communications between 35.CN and any PERSON relating to the registration of

22  any of the INFRINGING DOMAIN NAMES.

23  **RESPONSE TO REQUEST NO. 70:**

24  Defendant objects to this Request as premised on a disputed fact and vague and

25  ambiguous, including as to "any PERSON" and "relating to." Defendant objects to this

26  Request to the extent it seeks privileged or work product information.

27  Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Defendant does not have any documents in its possession, custody, or control.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 71:**

Communications between 35.CN and any PERSON relating to customer accounts associated with the INFRINGING DOMAIN NAMES.

**RESPONSE TO REQUEST NO. 71:**

Defendant objects to this Request as premised on a disputed fact and vague and ambiguous, including as to "any PERSON" and "relating to." Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 72:**

All agreements or contracts between ICANN and 35.CN.

**RESPONSE TO REQUEST NO. 72:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from ICANN. Defendant objects to this Request as vague and ambiguous, including as to "agreements or contracts."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████   ██████   ███████████   ███████████   ██████████

████████████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 73:**

DOCUMENTS relating to agreements or contracts between ICANN and 35.CN.

**RESPONSE TO REQUEST NO. 73:**

Defendant objects to this Request on grounds of relevance, proportionality, and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from ICANN. Defendant objects to this Request as vague and ambiguous, including as to "relating to agreements or contracts."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████    ██████    ████████████████    ██████████████

████████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 74:**

Communications between ICANN and 35.CN since 2002.

**RESPONSE TO REQUEST NO. 74:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs have already obtained similar discovery from ICANN. Defendant objects to this Request as vague and ambiguous, including as to "Communications."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████    **THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 75:**

DOCUMENTS relating to any action by ICANN to enforce the RAA against 35.CN.

**RESPONSE TO REQUEST NO. 75:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from ICANN. Defendant objects to this Request as vague and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

ambiguous, including as to "relating to any action" and "enforce the RAA."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ██████████████████████████████████

██████████████████████████████████████████

██████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 76:**

DOCUMENTS relating to any prior actions or complaints concerning cybersquatting filed against or by 35.CN in a United States Federal or State Court or before any administrative tribunal since 2007.

**RESPONSE TO REQUEST NO. 76:**

Defendant objects to this Request as vague and ambiguous, including as to "any prior actions or complaints concerning."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 77:**

DOCUMENTS relating to any prior actions or complaints concerning online abuse, including trademark or service mark infringement, false designation of origin, cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed against or by 35.CN in a United States Federal or State Court or before any administrative tribunal since 2007.

**RESPONSE TO REQUEST NO. 77:**

Defendant objects to this Request as vague and ambiguous, including as to "any prior actions or complaints concerning."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 78:**

DOCUMENTS relating to any prior actions or complaints concerning cybersquatting filed against or by ONLINENIC in a United States Federal or State Court or before any administrative tribunal since 2007.

**RESPONSE TO REQUEST NO. 78:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to "any prior actions or complaints concerning."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████  ████████  ██████  █████  ██████  ██████  ████████

███████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 79:**

DOCUMENTS relating to any prior actions or complaints concerning online abuse, including trademark or service mark infringement, false designation of origin, cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed against or by ONLINENIC in a United States Federal or State Court or before any administrative tribunal SINCE 2007.

**RESPONSE TO REQUEST NO. 79:**

Defendant objects to this Request on grounds of relevance, proportionality, and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

undue burden, including as to the timeframe and as Plaintiffs have already obtained similar

discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous,

including as to "any prior actions or complaints concerning."

Subject to and without waiving the foregoing objections, Defendant responds as

follows: ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████    ██████    ███    ███    ███    ████    █████████

████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 80:**

DOCUMENTS relating to any prior actions or complaints concerning cybersquatting

filed against or by DOMAIN ID SHIELD in a United States Federal or State Court or before

any administrative tribunal since 2007.

**RESPONSE TO REQUEST NO. 80:**

Defendant objects to this Request on grounds of relevance, proportionality, and

undue burden, including as to the timeframe and as Plaintiffs have already made similar

requests to ID Shield. Defendant objects to this Request as vague and ambiguous,

including as to "any prior actions or complaints concerning."

Subject to and without waiving the foregoing objections, Defendant responds as

follows: Defendant does not have any documents in its possession, custody, or control,

provided that other Defendants have referred to OnlineNIC225791-OnlineNIC252185 in

response to discovery about actions relating to ID Shield.

//

1    **REQUEST NO. 81:**

2    DOCUMENTS relating to any prior actions or complaints concerning online abuse,

3    including trademark or service mark infringement, false designation of origin,

4    cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed

5    against or by DOMAIN ID SHIELD in a United States Federal or State Court or before any

6    administrative tribunal SINCE 2007.

7    **RESPONSE TO REQUEST NO. 81:**

8    Defendant objects to this Request on grounds of relevance, proportionality, and

9    undue burden, including as to the timeframe and as Plaintiffs have already made similar

10   requests to ID Shield. Defendant objects to this Request as vague and ambiguous,

11   including as to "any prior actions or complaints concerning."

12   Subject to and without waiving the foregoing objections, Defendant responds as

13   follows: Defendant does not have any documents in its possession, custody, or control,

14   provided that other Defendants have referred to OnlineNIC225791-OnlineNIC252185 in

15   response to discovery about actions relating to ID Shield.

16

17   **REQUEST NO. 82:**

18   Communications between 35.CN and ONLINENIC concerning Meta Platforms, Inc.

19   (f/k/a Facebook, Inc.).

20   **RESPONSE TO REQUEST NO. 82:**

21   Defendant objects to this Request on grounds of relevance, proportionality, and

22   undue burden, including as to the unlimited timeframe and as Plaintiffs have already

23   obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague

24   and ambiguous, including as to "Communications" and "concerning Meta Platforms, Inc."

25   Subject to and without waiving the foregoing objections, Defendant responds as

26   follows: Defendant does not have any documents in its possession, custody, or control.

27

28   //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 83:**

2      Communications between 35.CN and ONLINENIC concerning Instagram, LLC.

3  **RESPONSE TO REQUEST NO. 83:**

4      Defendant objects to this Request on grounds of relevance, proportionality, and

5  undue burden, including as to the unlimited timeframe and as Plaintiffs have already

6  obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague

7  and ambiguous, including as to "Communications" and "concerning Instagram."

8      Subject to and without waiving the foregoing objections, Defendant responds as

9  follows: Defendant does not have any documents in its possession, custody, or control.

10

11  **REQUEST NO. 84:**

12      Communications between 35.CN and ONLINENIC concerning this lawsuit.

13  **RESPONSE TO REQUEST NO. 84:**

14      Defendant objects to this Request on grounds of relevance, proportionality, and

15  undue burden, including as to the unlimited timeframe and as Plaintiffs have already

16  obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague

17  and ambiguous, including as to "Communications" and "concerning." Defendant objects to

18  this Request to the extent it seeks privileged or work product information.

19      Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant does not have any non-privileged documents in its possession,

21  custody, or control.

22

23  **REQUEST NO. 85:**

24      Communications between 35.CN and ICANN concerning this lawsuit.

25  **RESPONSE TO REQUEST NO. 85:**

26      Defendant objects to this Request as vague and ambiguous, including as to

27  "Communications" and "concerning."

28      Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Defendant does not have any documents in its possession, custody, or control.

2

3  **REQUEST NO. 86:**

4       Communications between 35.CN and any PERSON concerning this lawsuit.

5  **RESPONSE TO REQUEST NO. 86:**

6       Defendant objects to this Request as vague and ambiguous, including as to

7  "Communications" and "concerning." Defendant objects to this Request to the extent it

8  seeks privileged or work product information.

9       Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: Defendant does not have any non-privileged documents in its possession,

11  custody, or control.

12

13  **REQUEST NO. 87:**

14       DOCUMENTS that IDENTIFY the source of funds used to pay employees of 35.CN

15  that perform work for ONLINENIC.

16  **RESPONSE TO REQUEST NO. 87:**

17       Defendant objects to this Request on grounds of relevance, proportionality, and

18  undue burden, including as to the unlimited timeframe and as OnlineNIC has already

19  responded to similar discovery. Defendant objects to this Request as vague and

20  ambiguous, including as to "source of funds," "employees," and "work."

21       Subject to and without waiving the foregoing objections, Defendant responds as

22  follows: Defendant does not have any documents in its possession, custody, or control.

23  Defendant further refers to OnlineNIC's response to a similar RFP No. 72.

24

25  **REQUEST NO. 88:**

26       DOCUMENTS that IDENTIFY the source of funds used to pay employees of

27  ONLINENIC.

28  //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 88:**

2      Defendant objects to this Request on grounds of relevance, proportionality, and

3  undue burden, including as to the unlimited timeframe and as OnlineNIC has already

4  responded to similar discovery. Defendant objects to this Request as vague and

5  ambiguous, including as to "source of funds" and "employees."

6      Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: Defendant does not have any documents in its possession, custody, or control.

8  Defendant further refers to OnlineNIC's response to a similar RFP No. 72.

9

10  **REQUEST NO. 89:**

11      DOCUMENTS that IDENTIFY the source of funds used to pay employees of

12  DOMAIN ID SHIELD.

13  **RESPONSE TO REQUEST NO. 89:**

14      Defendant objects to this Request on grounds of relevance, proportionality, and

15  undue burden, including as to the unlimited timeframe and as OnlineNIC has already

16  responded to similar discovery. Defendant objects to this Request as vague and

17  ambiguous, including as to "source of funds" and "employees."

18      Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Defendant does not have any documents in its possession, custody, or control.

20  Defendant further refers to OnlineNIC's response to a similar RFP No. 71.

21

22  **REQUEST NO. 90:**

23      DOCUMENTS that IDENTIFY the source of funds used to form 35.CN.

24  **RESPONSE TO REQUEST NO. 90:**

25      Defendant objects to this Request to the extent Chinese law requires authorization

26  from the Chinese government. Defendant objects to this Request on grounds of relevance.

27  Defendant objects to this Request as vague and ambiguous, including as to "source of

28  funds used to form."

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2    follows: Defendant will produce any responsive documents in its possession, custody, or

3    control or a privilege log if applicable.

4

5    **REQUEST NO. 91:**

6    DOCUMENTS that IDENTIFY the source of funds used to form ONLINENIC.

7    **RESPONSE TO REQUEST NO. 91:**

8    Defendant objects to this Request on grounds of relevance, proportionality, and

9    undue burden, including as OnlineNIC has already responded to similar discovery.

10   Defendant objects to this Request as vague and ambiguous, including as to "source of

11   funds used to form."

12   Subject to and without waiving the foregoing objections, Defendant responds as

13   follows: Defendant does not have any documents in its possession, custody, or control.

14   Defendant further refers to OnlineNIC's response to a similar RFP No. 73.

15

16   **REQUEST NO. 92:**

17   DOCUMENTS that IDENTIFY the source of funds used to form DOMAIN ID

18   SHIELD.

19   **RESPONSE TO REQUEST NO. 92:**

20   Defendant objects to this Request on grounds of relevance, proportionality, and

21   undue burden, including as OnlineNIC has already responded to similar discovery.

22   Defendant objects to this Request as vague and ambiguous, including as to "source of

23   funds used to form."

24   Subject to and without waiving the foregoing objections, Defendant responds as

25   follows: Defendant does not have any documents in its possession, custody, or control.

26   Defendant further refers to OnlineNIC's response to a similar RFP No. 76.

27

28   //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 93:**

DOCUMENTS reflecting funds transferred between 35.CN and ONLINENIC at any time.

**RESPONSE TO REQUEST NO. 93:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to "reflecting funds transferred."

Subject to and without waiving the foregoing objections, Defendant responds as follows: █████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 94:**

DOCUMENTS reflecting funds transferred between 35.CN and DOMAIN ID SHIELD at any time.

**RESPONSE TO REQUEST NO. 94:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already sought similar discovery from ID Shield. Defendant objects to this Request as vague and ambiguous, including as to "reflecting funds transferred."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 95:**

DOCUMENTS reflecting payments made by 35.CN for the benefit of ONLINENIC at any time.

**RESPONSE TO REQUEST NO. 95:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting payments made" and "for the benefit of."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 96:**

DOCUMENTS reflecting payments made by 35.CN for the benefit of DOMAIN ID SHIELD at any time.

**RESPONSE TO REQUEST NO. 96:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting payments made" and "for the benefit of."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 97:**

DOCUMENTS reflecting all payments made by ONLINENIC to 35.CN since 2007.

**RESPONSE TO REQUEST NO. 97:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to "reflecting all payments made."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████████

████████████████████████████████████████████████████████

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  ████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████

3  ████████████████████████████

4      **THIS RESPONSE IS CONFIDENTIAL.**

5

6  <u>REQUEST NO. 98:</u>

7      DOCUMENTS reflecting all payments made by DOMAIN ID SHIELD to 35.CN since

8  2007.

9  <u>RESPONSE TO REQUEST NO. 98:</u>

10     Defendant objects to this Request as vague and ambiguous, including as to

11  "reflecting all payments made."

12     Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Defendant does not have any documents in its possession, custody, or control.

14

15  <u>REQUEST NO. 99:</u>

16     DOCUMENTS reflecting all payments made by 35.CN to or on behalf of

17  ONLINENIC since 2007.

18  <u>RESPONSE TO REQUEST NO. 99:</u>

19     Defendant objects to this Request on grounds of relevance, proportionality, and

20  undue burden, including as to the timeframe and as Plaintiffs have already obtained similar

21  discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous,

22  including as to "reflecting all payments made."

23     Subject to and without waiving the foregoing objections, Defendant responds as

24  follows: ████████████████████████████████████████

25  ████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████

28  ████████████████████████████

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **THIS RESPONSE IS CONFIDENTIAL.**

2

3    **REQUEST NO. 100:**

4    DOCUMENTS reflecting all payments made by 35.CN to or on behalf of DOMAIN

5    ID SHIELD since 2007.

6    **RESPONSE TO REQUEST NO. 100:**

7    Defendant objects to this Request as vague and ambiguous, including as to

8    "reflecting all payments made."

9    Subject to and without waiving the foregoing objections, Defendant responds as

10   follows: Defendant does not have any documents in its possession, custody, or control.

11

12   **REQUEST NO. 101:**

13   DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to

14   or on behalf of ONLINENIC since 2007.

15   **RESPONSE TO REQUEST NO. 101:**

16   Defendant objects to this Request as vague and ambiguous, including as to

17   "reflecting all payments made by officers and/or directors" and "on behalf of."

18   Subject to and without waiving the foregoing objections, Defendant responds as

19   follows: Defendant does not have any documents in its possession, custody, or control.

20

21   **REQUEST NO. 102:**

22   DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to

23   or on behalf of DOMAIN ID SHIELD since 2007.

24   **RESPONSE TO REQUEST NO. 102:**

25   Defendant objects to this Request as vague and ambiguous, including as to

26   "reflecting all payments made by officers and/or directors" and "on behalf of."

27   Subject to and without waiving the foregoing objections, Defendant responds as

28   follows: Defendant does not have any documents in its possession, custody, or control.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

**REQUEST NO. 103:**

DOCUMENTS reflecting all payments made by shareholders of 35.CN to or on behalf of ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 103:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting all payments made by shareholders" and "on behalf of."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 104:**

DOCUMENTS reflecting all payments made by shareholders of 35.CN to or on behalf of DOMAIN ID SHIELD since 2007.

**RESPONSE TO REQUEST NO. 104:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting all payments made by shareholders" and "on behalf of."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 105:**

DOCUMENTS reflecting loans made by ONLINENIC to 35.CN since 2007.

**RESPONSE TO REQUEST NO. 105:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting loans."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 106:**

DOCUMENTS reflecting loans made by DOMAIN ID SHIELD to 35.CN since 2007.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 106:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting loans."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 107:**

DOCUMENTS reflecting loans made by officers and/or directors of ONLINENIC to 35.CN since 2007.

**RESPONSE TO REQUEST NO. 107:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting loans made by officers and/or directors."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 108:**

DOCUMENTS reflecting loans made by officers and/or directors of DOMAIN ID SHIELD to 35.CN since 2007.

**RESPONSE TO REQUEST NO. 108:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting loans made by officers and/or directors."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 109:**

DOCUMENTS reflecting loans made by 35.CN to ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 109:**

Defendant objects to this Request as vague and ambiguous, including as to

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  "reflecting loans."

2  Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant does not have any documents in its possession, custody, or control.

4

5  **REQUEST NO. 110:**

6  DOCUMENTS reflecting loans made by 35.CN to DOMAIN ID SHIELD since 2007.

7  **RESPONSE TO REQUEST NO. 110:**

8  Defendant objects to this Request as vague and ambiguous, including as to

9  "reflecting loans."

10  Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Defendant does not have any documents in its possession, custody, or control.

12

13  **REQUEST NO. 111:**

14  DOCUMENTS reflecting loans made by officers and/or directors of 35.CN to

15  ONLINENIC since 2007.

16  **RESPONSE TO REQUEST NO. 111:**

17  Defendant objects to this Request as vague and ambiguous, including as to

18  "reflecting loans made by officers and/or directors."

19  Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant does not have any documents in its possession, custody, or control.

21

22  **REQUEST NO. 112:**

23  DOCUMENTS reflecting loans made by officers and/or directors of 35.CN to

24  DOMAIN ID SHIELD since 2007.

25  **RESPONSE TO REQUEST NO. 112:**

26  Defendant objects to this Request as vague and ambiguous, including as to

27  "reflecting loans made by officers and/or directors."

28  Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   follows: Defendant does not have any documents in its possession, custody, or control.

2

3   **REQUEST NO. 113:**

4       DOCUMENTS reflecting loans made by shareholders of 35.CN to ONLINENIC

5   since 2007.

6   **RESPONSE TO REQUEST NO. 113:**

7       Defendant objects to this Request as vague and ambiguous, including as to

8   "reflecting loans made by shareholders."

9       Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: Defendant does not have any documents in its possession, custody, or control.

11

12  **REQUEST NO. 114:**

13      DOCUMENTS reflecting loans made by shareholders of 35.CN to DOMAIN ID

14  SHIELD since 2007.

15  **RESPONSE TO REQUEST NO. 114:**

16      Defendant objects to this Request as vague and ambiguous, including as to

17  "reflecting loans made by shareholders."

18      Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Defendant does not have any documents in its possession, custody, or control.

20

21  **REQUEST NO. 115:**

22      DOCUMENTS reflecting investments made by 35.CN to ONLINENIC since 2007.

23  **RESPONSE TO REQUEST NO. 115:**

24      Defendant objects to this Request as vague and ambiguous, including as to

25  "reflecting investments."

26      Subject to and without waiving the foregoing objections, Defendant responds as

27  follows: Defendant does not have any documents in its possession, custody, or control.

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 116:**

2        DOCUMENTS reflecting investments made by 35.CN to DOMAIN ID SHIELD since

3    2007.

4    **RESPONSE TO REQUEST NO. 116:**

5        Defendant objects to this Request as vague and ambiguous, including as to

6    "reflecting investments."

7        Subject to and without waiving the foregoing objections, Defendant responds as

8    follows: Defendant does not have any documents in its possession, custody, or control.

9

10    **REQUEST NO. 117:**

11        DOCUMENTS reflecting investments made by officers and/or directors of 35.CN to

12    ONLINENIC since 2007.

13    **RESPONSE TO REQUEST NO. 117:**

14        Defendant objects to this Request as vague and ambiguous, including as to

15    "reflecting investments made by officers and/or directors."

16        Subject to and without waiving the foregoing objections, Defendant responds as

17    follows: Defendant does not have any documents in its possession, custody, or control.

18

19    **REQUEST NO. 118:**

20        DOCUMENTS reflecting investments made by officers and/or directors of 35.CN to

21    DOMAIN ID SHIELD since 2007.

22    **RESPONSE TO REQUEST NO. 118:**

23        Defendant objects to this Request as vague and ambiguous, including as to

24    "reflecting investments made by officers and/or directors."

25        Subject to and without waiving the foregoing objections, Defendant responds as

26    follows: Defendant does not have any documents in its possession, custody, or control.

27

28    //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 119:**

DOCUMENTS reflecting investments made by shareholders of 35.CN to ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 119:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting investments made by shareholders."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 120:**

DOCUMENTS reflecting investments made by shareholders of 35.CN to DOMAIN ID SHIELD since 2007.

**RESPONSE TO REQUEST NO. 120:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting investments made by shareholders."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 121:**

DOCUMENTS reflecting all payments made by 35.CN to Rex Liu since 2007.

**RESPONSE TO REQUEST NO. 121:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting all payments made by 35.CN."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 122:**

DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  Rex Liu since 2007.

2  **RESPONSE TO REQUEST NO. 122:**

3      Defendant objects to this Request as vague and ambiguous, including as to

4  "reflecting all payments made by officers and/or directors."

5      Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: Defendant does not have any documents in its possession, custody, or control.

7

8  **REQUEST NO. 123:**

9      DOCUMENTS reflecting all payments made by shareholders of 35.CN to Rex Liu

10 since 2007.

11 **RESPONSE TO REQUEST NO. 123:**

12     Defendant objects to this Request as vague and ambiguous, including as to

13 "reflecting all payments made by shareholders."

14     Subject to and without waiving the foregoing objections, Defendant responds as

15 follows: Defendant does not have any documents in its possession, custody, or control.

16

17 **REQUEST NO. 124:**

18     DOCUMENTS reflecting all payments made by ONLINENIC and DOMAIN ID

19 SHIELD to GONG since 2007.

20 **RESPONSE TO REQUEST NO. 124:**

21     Defendant objects to this Request as vague and ambiguous, including as to "all

22 payments made" and as it is compound. Defendant objects to this Request as non-

23 proportional as it seeks information from other parties and an individual third party.

24     Subject to and without waiving the foregoing objections, Defendant responds as

25 follows: Defendant does not have any documents in its possession, custody, or control.

26

27 **REQUEST NO. 125:**

28     DOCUMENTS reflecting all payments made by GONG to or on behalf of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  ONLINENIC and DOMAIN ID SHIELD since 2007.

2  **RESPONSE TO REQUEST NO. 125:**

3      Defendant objects to this Request as vague and ambiguous, including as to "all

4  payments made" and as it is compound. Defendant objects to this Request as non-

5  proportional as it seeks information from other parties and an individual third party.

6      Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: Defendant does not have any documents in its possession, custody, or control.

8

9  **REQUEST NO. 126:**

10      DOCUMENTS reflecting loans made by ONLINENIC and DOMAIN ID SHIELD to

11  GONG since 2007.

12  **RESPONSE TO REQUEST NO. 126:**

13      Defendant objects to this Request as vague and ambiguous, including as to

14  "reflecting loans" and as it is compound. Defendant objects to this Request as non-

15  proportional as it seeks information from other parties and an individual third party.

16      Subject to and without waiving the foregoing objections, Defendant responds as

17  follows: Defendant does not have any documents in its possession, custody, or control.

18

19  **REQUEST NO. 127:**

20      DOCUMENTS reflecting loans made by GONG to ONLINENIC and DOMAIN ID

21  SHIELD since 2007.

22  **RESPONSE TO REQUEST NO. 127:**

23      Defendant objects to this Request as vague and ambiguous, including as to

24  "reflecting loans" and as it is compound. Defendant objects to this Request as non-

25  proportional as it seeks information from other parties and an individual third party.

26      Subject to and without waiving the foregoing objections, Defendant responds as

27  follows: Defendant does not have any documents in its possession, custody, or control.

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 128:**

2      DOCUMENTS reflecting the loan by Sun Shaofeng to ONLINENIC in 2009.

3  **RESPONSE TO REQUEST NO. 128:**

4      Defendant objects to this Request as vague and ambiguous, including as to

5  "reflecting the loan." Defendant objects to this Request as non-proportional as it seeks

6  information from OnlineNIC and an individual third party.

7      Subject to and without waiving the foregoing objections, Defendant responds as

8  follows: Defendant does not have any documents in its possession, custody, or control.

9

10 **REQUEST NO. 129:**

11      DOCUMENTS sufficient to show why Sun Shaofeng loaned money to ONLINENIC

12 in 2009.

13 **RESPONSE TO REQUEST NO. 129:**

14      Defendant objects to this Request as vague and ambiguous, including as to "loaned

15 money." Defendant objects to this Request as non-proportional as it seeks information from

16 OnlineNIC and an individual third party.

17      Subject to and without waiving the foregoing objections, Defendant responds as

18 follows: Defendant does not have any documents in its possession, custody, or control.

19

20 **REQUEST NO. 130:**

21      Communications between Sun Shaofeng and 35.CN regarding Sun Shaofeng's

22 loan to ONLINENIC in 2009.

23 **RESPONSE TO REQUEST NO. 130:**

24      Defendant objects to this Request as vague and ambiguous, including as to

25 "Communications" and "regarding Sun Shaofeng's loan."

26      Subject to and without waiving the foregoing objections, Defendant responds as

27 follows: Defendant does not have any documents in its possession, custody, or control.

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 131:**

Communications between Sun Shaofeng and GONG regarding Sun Shaofeng's loan to ONLINENIC in 2009.

**RESPONSE TO REQUEST NO. 131:**

Defendant objects to this Request as vague and ambiguous, including as to "Communications" and "regarding Sun Shaofeng's loan." Defendant objects to this Request as non-proportional as it seeks information from third parties.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 132:**

DOCUMENTS sufficient to show the business relationship between Sun Shaofeng and 35.CN.

**RESPONSE TO REQUEST NO. 132:**

Defendant objects to this Request as vague and ambiguous, including as to "business relationship."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 133:**

DOCUMENTS sufficient to show the business and/or personal relationship between Sun Shaofeng and GONG.

**RESPONSE TO REQUEST NO. 133:**

Defendant objects to this Request as vague and ambiguous, including as to "business and/or personal relationship." Defendant objects to this Request as non-proportional as it seeks information from third parties.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

2 **REQUEST NO. 134:**

3      DOCUMENTS sufficient to show the business and/or personal relationship between

4 Rex Liu and GONG.

5 **RESPONSE TO REQUEST NO. 134:**

6      Defendant objects to this Request as vague and ambiguous, including as to

7 "business and/or personal relationship." Defendant objects to this Request as non-

8 proportional as it seeks information from third parties.

9      Subject to and without waiving the foregoing objections, Defendant responds as

10 follows: Defendant does not have any documents in its possession, custody, or control.

11

12 **REQUEST NO. 135:**

13      DOCUMENTS sufficient to show the business relationship between Rex Liu and

14 35.CN.

15 **RESPONSE TO REQUEST NO. 135:**

16      Defendant objects to this Request as vague and ambiguous, including as to

17 "business relationship."

18      Subject to and without waiving the foregoing objections, Defendant responds as

19 follows: Defendant does not have any documents in its possession, custody, or control.

20

21 **REQUEST NO. 136:**

22      DOCUMENTS sufficient to show the business relationship between Rex Liu and

23 ONLINENIC.

24 **RESPONSE TO REQUEST NO. 136:**

25      Defendant objects to this Request as vague and ambiguous, including as to

26 "business relationship." Defendant objects to this Request as non-proportional as it seeks

27 information from OnlineNIC and an individual third party.

28      Subject to and without waiving the foregoing objections, Defendant responds as

1  follows: Defendant does not have any documents in its possession, custody, or control.

2

3  **REQUEST NO. 137:**

4  DOCUMENTS sufficient to show the business relationship between Rex Liu and

5  DOMAIN ID SHIELD.

6  **RESPONSE TO REQUEST NO. 137:**

7  Defendant objects to this Request as vague and ambiguous, including as to

8  "business relationship." Defendant objects to this Request as non-proportional as it seeks

9  information from ID Shield and an individual third party.

10  Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Defendant does not have any documents in its possession, custody, or control.

12

13  **REQUEST NO. 138:**

14  DOCUMENTS reflecting the loan by South Pacific Holdings Group to ONLINENIC

15  through Kennedy's Legal in 2019.

16  **RESPONSE TO REQUEST NO. 138:**

17  Defendant objects to this Request as vague and ambiguous, including as to

18  "reflecting the loan." Defendant objects to this Request as non-proportional as it seeks

19  information from OnlineNIC and a third party.

20  Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Defendant does not have any documents in its possession, custody, or control.

22

23  **REQUEST NO. 139:**

24  DOCUMENTS sufficient to show why South Pacific Holdings Group loaned money

25  to ONLINENIC through Kennedy's Legal in 2019.

26  **RESPONSE TO REQUEST NO. 139:**

27  Defendant objects to this Request as vague and ambiguous, including as to "show

28  why" and "loaned money." Defendant objects to this Request as non-proportional as it

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1   seeks information from OnlineNIC and a third party.

2       Subject to and without waiving the foregoing objections, Defendant responds as

3   follows: Defendant does not have any documents in its possession, custody, or control.

4

5   **REQUEST NO. 140:**

6       DOCUMENTS sufficient to IDENTIFY the members of South Pacific Holdings Group

7   in 2019.

8   **RESPONSE TO REQUEST NO. 140:**

9       Defendant objects to this Request as vague and ambiguous, including as to

10  "members." Defendant objects to this Request as non-proportional as it seeks information

11  from a third party.

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Defendant does not have any documents in its possession, custody, or control.

14

15  **REQUEST NO. 141:**

16      Communications between South Pacific Holdings Group and 35.CN regarding

17  South Pacific Holdings Group's loan to ONLINENIC through Kennedy's Legal in 2019.

18  **RESPONSE TO REQUEST NO. 141:**

19      Defendant objects to this Request as vague and ambiguous, including as to

20  "Communications" and "loan." Defendant objects to this Request as non-proportional as it

21  seeks information from OnlineNIC and a third party.

22      Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Defendant does not have any documents in its possession, custody, or control.

24

25  **REQUEST NO. 142:**

26      Communications between South Pacific Holdings Group and GONG regarding

27  South Pacific Holding Group's loan to ONLINENIC through Kennedy's Legal in 2019.

28  **RESPONSE TO REQUEST NO. 142:**

**DEF'S FURTHER AMENDED RESPONSES**
**TO PLAINTIFFS' FIRST SET OF RFPS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Defendant objects to this Request as vague and ambiguous, including as to "Communications" and "loan." Defendant objects to this Request as non-proportional as it seeks information from OnlineNIC and a third party.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 143:**

DOCUMENTS sufficient to show the business relationship between South Pacific Holdings Group and 35.CN.

**RESPONSE TO REQUEST NO. 143:**

Defendant objects to this Request as vague and ambiguous, including as to "business relationship."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 144:**

DOCUMENTS sufficient to show the business relationship between South Pacific Holdings Group and GONG.

**RESPONSE TO REQUEST NO. 144:**

Defendant objects to this Request as vague and ambiguous, including as to "business relationship."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 145:**

DOCUMENTS reflecting all payments made by 35.CN to Perry Narancic since 2007.

//

60

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 145:**

Defendant objects to this Request as vague and ambiguous, including as to "all payments."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 146:**

DOCUMENTS supporting 35.CN's responses to First Set of Interrogatories propounded to 35.CN.

**RESPONSE TO REQUEST NO. 146:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request as overbroad and unduly burdensome, including as it requests all documents and is thus not proportional to the needs of the case. Defendant objects to this Request as seeking privileged and/or work product documents. Defendant objects to this Request as premature as discovery and investigation are ongoing. Defendant objects to this Request to the extent it seeks legal or expert conclusions or opinions.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce non-privileged responsive documents in its possession, custody, or control, subject to undue burden, proportionality, and privilege objections and requests to meet and confer with Plaintiffs on the scope of this Request.

**REQUEST NO. 147:**

DOCUMENTS supporting 35.CN's denial of any Request For Admission in the First Set of Requests for Admission propounded to 35.CN.

**RESPONSE TO REQUEST NO. 147:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request as overbroad and unduly

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

burdensome, including as it requests all documents and is thus not proportional to the needs of the case. Defendant objects to this Request as seeking privileged and/or work product documents. Defendant objects to this Request as premature as discovery and investigation are ongoing. Defendant objects to this Request to the extent it seeks legal or expert conclusions or opinions.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce non-privileged responsive documents in its possession, custody, or control, subject to undue burden, proportionality, and privilege objections and requests to meet and confer with Plaintiffs on the scope of this Request.

Respectfully Submitted,

Dated: August 1, 2022

**KRONENBERGER ROSENFELD, LLP**

By: _____ s/Karl S. Kronenberger _____
                    Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com
Technology Co., Ltd.