# Exhibit 3
# [REDACTED DOCUMENT REQUESTED TO BE SEALED]

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **META PLATFORMS INC.**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **ONLINENICINC.**, et al., <br><br> Defendants. | Case No. 3:19-cv-07071-SI <br><br> **DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S SECOND AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** <br><br> **CONTAINS CONFIDENTIAL MATERIAL DESIGNATED UNDER THE PROTECTIVE ORDER** |

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | PLAINTIFFS META PLATFORMS, INC. F/K/A FACEBOOK, INC. AND INSTAGRAM, LLC |
| RESPONDING PARTY: | | DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD. |
| SET: | | ONE |

## PRELIMINARY STATEMENT

Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") is presently pursuing its investigation and analysis of the facts and law relating to this case, and has not completed its discovery or preparation for trial. Therefore, the responses set forth herein are given without prejudice to Defendant's right to produce evidence of any subsequently discovered facts, writings, or interpretations thereof, or to modify, change, or otherwise amend these responses. The information hereinafter set forth is true and correct to the best knowledge of Defendant as of this date, and is subject to correction for errors or omissions. These responses are based upon records and information presently available to Defendant. Defendant undertakes no affirmative duty to supplement these responses based upon further discovery and investigation other than as mandated by the Federal Rules of Civil Procedure. References in a response to a preceding or subsequent response incorporate the information and objections state in the referenced response.

Defendant is making a diligent inquiry and reasonable search for these responses.

Defendant reserves the right to introduce at trial or in support of or in opposition to any motion in this case any and all documents, information, and admissions heretofore or hereafter produced by the parties in this action or by any third person. To the extent that Defendant identifies certain writings or delineates facts contained within any writing or otherwise, it does so without prejudice to establish at a later date any additional facts that may be contained within or discovered as a result of any additional investigation and discovery.

Inadvertent identification of privileged information or writings by Defendant does not constitute a waiver of any applicable privilege. The information hereafter set forth does not

waive any objection, including relevance, to the admission of such information in evidence.

This preliminary statement is incorporated into each and every response set forth herein.

Subject to the foregoing conditions, Defendant objects and responds to Plaintiffs' First Set of Interrogatories (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

1. Defendant objects to the Interrogatories because Chinese law requires application of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), including to have translated discovery documents, and authorization from the Chinese government, including pursuant to Chinese data security and privacy laws; nothing herein shall be deemed as a waiver of Defendant's rights, claims, or contentions, including as related to these issues. Defendant refers to the meet-and-confer letter sent to Plaintiffs' counsel on March 30, 2022 and Chinese counsel letter dated June 16, 2022 and follow up communications.

2. Defendant objects that Defendant is unable to verify discovery responses without translated Interrogatories.

3. Defendant objects to the Interrogatories to the extent that they purport to require Defendant to provide information that is not reasonably available to Defendant through a reasonable and good faith inquiry into its records and the knowledge of its employees.

4. Defendant objects to the Interrogatories to the extent any of them seek information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the joint defense privilege, the privilege for negotiations leading to settlement, or any other applicable privilege. Information protected by any such privilege will not be produced. All such information will be withheld. Any inadvertent production of such information shall not be deemed to waive any privilege or protection with respect to such information.

5. Defendant objects to the Interrogatories to the extent that they seek

information in the possession, custody, or control of individuals or entities other than Defendant on the grounds that each such Interrogatory is unduly burdensome and oppressive, and such information is equally available to Plaintiffs. In particular, **OnlineNIC and ID Shield have already responded to hundreds of written discovery requests.**

6. Defendant objects to these Interrogatories as largely compound.

7. Each of the foregoing General Objections is a continuing objection, which Defendant incorporates by reference into each specific response to each of the Interrogatories below as if fully set forth herein.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail 35.CN's corporate structure, including but not limited to parent entities, subsidiaries, affiliates and affiliated registrars.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory as vague and ambiguous, including as to "corporate structure," as discussed with Plaintiffs on July 29, 2022, and interprets the phrase to mean company type, parent entities and companies knowingly holding shares of Defendant, and subsidiaries wholly owned by Defendant.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant is a public limited (Ltd.) company in China, *see* 35CN001120-005442. Additional responsive information is or will be outlined in Appendix A, which is currently a draft but will be supplemented for additional years.

**INTERROGATORY NO. 2:**

Describe the business, corporate, working or other relationship between 35.CN and ONLINENIC, including the services which 35.CN performs for or on behalf of ONLINENIC, and any monetary payment which 35.CN receives for those services.

//

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory on grounds of proportionality as Plaintiffs have already obtained similar discovery from OnlineNIC.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████

███████████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

█████████████████

███████████████████████████

███████████████████████████████

███████████████████████████████

█████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**INTERROGATORY NO. 3:**

Describe the business, corporate, working or other relationship between any entity identified in response to INTERROGATORY NO. 1 and ONLINENIC, including the services which that entity performs for or on behalf of ONLINENIC, and any monetary payment which that entity receives for those services.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this Interrogatory on grounds of proportionality as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Interrogatory as vague and ambiguous, including as to "relationship" and "services."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Other than as outlined in response to Interrogatory No. 2 above, none.

**INTERROGATORY NO. 4:**

IDENTIFY all officers and directors of 35.CN for each year since 2007, and their business relationship, if any, with ONLINENIC and DOMAIN ID SHIELD.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information, including as to the time period before Defendant went public and as Chinese law relates to private information of third-party individuals. Defendant objects to this Interrogatory on grounds of relevance, including as to timeframe, and proportionality as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Interrogatory as vague and ambiguous, including as to "officers," "directors," and "business relationship."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Responsive information is or will be outlined in Appendix A, which is currently a draft but will be supplemented for additional years.

Further, OnlineNIC has already responded to discovery regarding the "business relationship" between individuals of OnlineNIC, ID Shield, and Defendant, *see* responses to Interrogatories Nos. 4-7.

**INTERROGATORY NO. 5:**

IDENTIFY the 20 largest shareholders of 35.CN for each year since 2007, and their business relationship, if any, with ONLINENIC and DOMAIN ID SHIELD.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information, including as to the time period before Defendant went public. Defendant objects to this Interrogatory on grounds of relevance and proportionality, including as to the timeframe, because the Interrogatory is not limited to a reasonable shareholder percentage, as discussed with Plaintiffs on July 29, 2022, and as Plaintiffs

have already obtained similar discovery from OnlineNIC. Defendant objects to this Interrogatory as vague and ambiguous, including as to "business relationship."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Responsive information is or will be outlined in Appendix A, which is currently a draft but will be supplemented for additional years.

Further, OnlineNIC has already responded to discovery regarding the "business relationship" between individuals of OnlineNIC, ID Shield, and Defendant, *see* responses to Interrogatories Nos. 4-7.

**INTERROGATORY NO. 6:**

IDENTIFY all employees of 35.CN for each year since 2009 that performed work for ONLINENIC, and describe the work each of these employees performed.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information, including as it relates to private information of third-party individuals. Defendant objects to this Interrogatory on grounds of proportionality as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Interrogatory as vague and ambiguous, including as to "employees" and "work."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████n:████████████████████████████████████████████████████.

**THIS RESPONSE IS CONFIDENTIAL.**

**INTERROGATORY NO. 7:**

IDENTIFY all employees of 35.CN for each year since 2009 that performed work for DOMAIN ID SHIELD, and describe the work each of these employees performed.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this Interrogatory on grounds of proportionality as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Interrogatory as vague and ambiguous, including as to "employees" and "work."

Subject to and without waiving the foregoing objections, Defendant responds as follows: None.

**INTERROGATORY NO. 8:**

IDENTIFY all employees of 35.CN who were involved in, or participated in, the production of discovery or the destruction of evidence in this case as described by the Special Discovery Master's Data Destroyed or Withheld Report.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this Interrogatory as argumentative, premised on a disputed fact, and vague and ambiguous, including as to "employees" and "destruction of evidence."

Subject to and without waiving the foregoing objections, Defendant responds as follows: [REDACTED]

**THIS RESPONSE IS CONFIDENTIAL.**

**INTERROGATORY NO. 9:**

Describe the business relationship between Sun Shaofeng and 35.CN.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory as vague and ambiguous, including as to "business relationship."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant is unaware of any such relationship.

**INTERROGATORY NO. 10:**

Describe the business or personal relationship between Sun Shaofeng and GONG.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information, including as it relates to private information of third-party individuals. Defendant objects to this Interrogatory as vague and ambiguous, including as to "business or personal relationship." Defendant objects to this Interrogatory on grounds of relevance, proportionality, and privacy, and as calling for information from third parties.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant is unaware of any such relationship.

**INTERROGATORY NO. 11:**

Describe the business relationship between Rex Liu and 35.CN.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this Interrogatory as vague and ambiguous, including as to "business relationship."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant is unaware of any such relationship.

**INTERROGATORY NO. 12:**

Describe the business or personal relationship between Rex Liu and GONG.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory to the extent Chinese law bars the provision of responsive information, including as it relates to private information of third-party individuals. Defendant objects to this Interrogatory as vague and ambiguous, including as

to "business or personal relationship." Defendant objects to this Interrogatory on grounds of relevance, proportionality, and privacy, and as calling for information from third parties.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant is unaware of any such relationship.

**INTERROGATORY NO. 13:**

Describe the reasons why the individuals identified as lenders of money to ONLINENIC in Exhibits 5.1 and 5.2 to the Responses Of OnlineNIC, Inc. and Domain ID Shield To Plaintiff Facebook, Inc.'s Special Court Ordered Interrogatories, attached as Exhibit 1 to these Interrogatories, loaned money to ONLINENIC, and their business or personal relationship, if any, with 35.CN and/or GONG.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this Interrogatory as confusing, compound, vague, and ambiguous, including as to "individuals identified as lenders of money" and "business or personal relationship." Defendant objects to this Interrogatory on grounds of proportionality as the discovery references information and documents provided by OnlineNIC.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**INTERROGATORY NO. 14:**

Describe the reasons why the individuals identified as payees for loans made to ONLINENIC in Exhibit 6 to the Responses Of OnlineNIC, Inc. and Domain ID Shield To Plaintiff Facebook, Inc.'s Special Court Ordered Interrogatories, attached as Exhibit 2 to

these Interrogatories, were repaid on loans made by others, and their business or personal relationship, if any, with 35.CN and GONG.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to this Interrogatory as confusing, compound, vague, and ambiguous, including as to "individuals identified as lenders of money" and "business or personal relationship." Defendant objects to this Interrogatory on grounds of proportionality as the discovery references information and documents provided by OnlineNIC.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████████████████████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**INTERROGATORY NO. 15:**

Explain in detail all payments made by ONLINENIC to 35.CN since 2007, including the date, amount and reason for the payment.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to this Interrogatory on grounds of proportionality, including as to timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Interrogatory as vague and ambiguous, including as to "all payments made by."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████████████████████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**INTERROGATORY NO. 16:**

Explain in detail all payments made by 35.CN to or on behalf of ONLINENIC since 2007, including the date, amount and reason for the payment.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to this Interrogatory on grounds of proportionality, including as to timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Interrogatory as vague and ambiguous, including as to "all payments made by."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**THIS RESPONSE IS CONFIDENTIAL.**

**INTERROGATORY NO. 17:**

Explain in detail all payments made by DOMAIN ID SHIELD to 35.CN since 2007, including the date, amount and reason for the payment.

**RESPONSE TO INTERROGATORY NO. 17:**

Defendant objects to this Interrogatory on grounds of proportionality, including as to timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Interrogatory as vague and ambiguous, including as to "all payments made by."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**THIS RESPONSE IS CONFIDENTIAL.**

//

**INTERROGATORY NO. 18:**

Explain in detail all payments made by 35.CN to or on behalf of DOMAIN ID SHIELD since 2007, including the date, amount and reason for the payment.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects to this Interrogatory on grounds of proportionality, including as to timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Interrogatory as vague and ambiguous, including as to "all payments made by."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████████████

███████████████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

Respectfully Submitted,

Dated: August 1, 2022                    **KRONENBERGER ROSENFELD, LLP**

By:     s/Karl S. Kronenberger
              Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.

**VERIFICATION TO FOLLOW**

Case No. 3:19-cv-07071-SI    13    **DEF'S SECOND AMENDED RESPS TO PLAINTIFFS' FIRST SET OF ROGS**

Appendix A to 35.CN's Responses to Plaintiffs' Further Amended and Supplemental Written Discovery Requests

## Steps to Access 35.CN Public Documents Through CNINFO.COM.CN:

Step 1: Go to CNINFO.COM.CN.



Appendix A to 35.CN's Responses to Plaintiffs' Further Amended and Supplemental Written Discovery Requests

Step 2: Key in the name of 35.CN with stock sticker of 300051, and the time period to search. For example, January 1, 2007 to June 28, 2022.



Appendix A to 35.CN's Responses to Plaintiffs' Further Amended and Supplemental Written Discovery Requests

Step3: Click the blue search button to be directed to the documents. For example, a search run on 6/28/22 resulted in 1,745 public records in Chinese from 2010 to 2022.



Appendix A to 35.CN's Responses to Plaintiffs' Further Amended and Supplemental Written Discovery Requests

## Information in Response to Interrogatories:

| Year and Bates | Largest Shareholders | Subsidiaries | Parent Companies | Officers | Directors & Independent Directors | Board of Supervisors | Financial Statements (Balance Sheets, Income, Profit & Loss, Revenue & Expense) |
|---|---|---|---|---|---|---|---|
| **2009 Annual Report** Bates 3rd Prod | 1. Shaohui Gong 2. Xiamen Zhong Wang Xing Management Consultancy Co., Ltd. 3. Shenzhen Zhong Ke Hong Yi Start-up Investment Co., Ltd. 4. Wence Shen 5. Shenzhen Rainbow Start-up Investment Group Co., Ltd. 6. Xiamen Zhongjintai Guarantee Co., Ltd. 7. Haitao Wang 8. Yong Peng 9. Hong Lu 10. Hanyuan Gong 11. Hongbin Xue 12. Yunfei Li 13. Meiwen Zhang 14. Guangzu Gong 15. Guiying Yang 16. Xiaofeng Yang 17. R jun Huang 18. Junru Chen 19. Yanhong Huang 20. Tubao Chen | 1. Xiamen Jingtong Techology Industrial Co., Ltd. (100%) 2. Tianjin 35.com Technology Co., Ltd. (100%) 3. Suzhou 35.com Information Technology Co., Ltd. (100%) 4. Qingdao 35.con Technology Co. Ltd. (100%) 5. 35.com International Technology Co., Ltd. (100%) | | 1. Shaohui Gong (GM) 2. Yunfei Li (Deputy GM, and Tech- Director) 3. Yong Peng (deputy GM, and Financial Controller) 4. Meiwen Zhang (Deputy GM) 5. Hong Lu (Deputy GM) | 1. Shaohui Gong (Chairman of the Board) 2. Ping Wang (vice chairman) 3. Yunfei Li 4. Shaohua Chen (Indep.Dir) 5. Hualin Han (Indep. Dir) 6. Huaqun Zeng (Indep. Dir.) | 1. Wence Shen 2. Haitao Wang 3. Tubao Chen | P75-123 P5, 12, 23 |
| 2010 | | | | | | | |
| 2011 | | | | | | | |
| 2012 | | | | | | | |
| 2013 | | | | | | | |
| 2014 | | | | | | | |
| 2015 | | | | | | | |
| 2016 | | | | | | | |
| 2017 | | | | | | | |
| 2018 | | | | | | | |

4

Appendix A to 35.CN's Responses to Plaintiffs' Further Amended and Supplemental Written Discovery Requests

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2019 | | | | | | | |
| 2020 | | | | | | | |
| 2021 | | | | | | | |
| 2022 | | | | | | | |

DRAFT