TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:    213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon *Pro Hac Vice*
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:    650.752.2000
Facsimile:    650.752.2111

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.) and
INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>             Plaintiffs,<br><br>      v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>             Defendants. | Case No. 3:19-cv-07071-SI (AGT)<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE PARTIES JOINT STATUS REPORT**<br><br>Hon. Alex G. Tse |

## I.   INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, as well as Section 6.D of the Civil Standing Order for Magistrate Judge Alex G. Tse, Plaintiffs seek leave to file the following documents partially under seal in connection with Plaintiffs and Xiamen 35.com Internet Technology Co., Ltd.'s ("35.CN") joint statement identifying specific discovery requests in dispute:

| Document | Text to be Sealed (page(s):line(s)) | Basis for Sealing Portion of Document |
|---|---|---|
| Joint Report | Page 1 ¶ 4 (Referring to Rog. 6) <br> Page 1, n.2 (Referring to Rog. 6) <br> Page 2 ¶ 1 (Referring to Rog. 2) <br> Page 2 ¶ 3 (Referring to RFP 93) <br> [passages highlighted in yellow] | Designated by 35.CN. |
| Joint Report | Page 2 ¶ 2 (Referring to Carrie Yu Deposition) <br> [passages highlighted in purple] | Previously designated by ICANN and sealed by Court (ECF No. 207 at 11 n.4). |
| Xiamen 35.com Technology Co., Ltd.'s Second Amended and Supplemental Responses to Plaintiffs' First Set of Requests for Production (Exhibit 1) | Response Nos. 19 (11:3-7), 20 (11:22-26), 21 (12:13-18), 22 (13:5-7), 23 (13:22-24), 40 (20:8-13), 42 (21:12-15), 46 (23:3-4), 47 (23:17-21), 48 (24:5-10), 50 (25:8-12), 62 (29:23), 72 (33:19-22), 73 (34:5-8), 74 (34:19-21), 75 (35:3-5), 78 (36:12-18), 79 (37:5-11), 93 (43:10-14), 97 (44:27-45:3), and 99 (45:24-28) | Designated by 35.CN. |
| Xiamen 35.com Technology Co., Ltd.'s Second Amended and | Response Nos. 37 (17:14), 44 (20:13), 112 (43:9), 113 (43:19), 115 (44:7), | Designated by 35.CN. |

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

| | | |
|---|---|---|
| Supplemental Responses to Plaintiffs First Set of Requests for Admission (Exhibit 2) | 116 (44:16), 117 (44:25), and 118 (45:7) | |
| Xiamen 35.com Technology Co., Ltd.'s Second Amended and Supplemental Responses to Plaintiffs' [*sic* – Meta Platform, Inc.'s] First Set of Interrogatories (Exhibit 3) | Response Nos. 2 (4:5-15), 6 (6:20-26), 8 (7:19-21), 13 (9:18-22), 14 (10:10-12), 15 (10:24-26), 16 (11:10-12), 17 (11:24-25), and 18 (12:10-11) | Designated by 35.CN. |

As explained further below, because 35.CN designated these documents as confidential, the burden rests with it to show good cause as to why these documents should be sealed.

## II. BECAUSE PLAINTIFFS SEEK TO FILE DOCUMENTS DESIGNATED AS CONFIDENTIAL BY 35.CN, 35.CN MUST SHOW GOOD CAUSE TO SEAL.

Although there is a presumption in favor of public access to court filings, that presumption can be overcome "on the basis of articulated facts known to the court." *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986). To determine whether a document may be sealed, a court may consider the "likelihood of an improper use, including publication of scandalous, libelous, pornographic, or trade secret materials . . . and residual privacy rights." *Id.* (citation omitted); *see also EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990) (holding that the *Valley Broadcasting* factors apply equally to civil and criminal proceedings); see also Fed. R. Civ. P. 26(c)(l)(F)-(G). "In short, the district court must weigh 'the interests advanced by the parties in the light of the public interest and the duty of the courts.'" *Valley Broadcasting Co.*, 798 F.2d at 1294 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978)). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180. Thus, "[a] 'good cause' showing will suffice to seal documents produced in discovery." *Id.*

The documents for which Plaintiffs seek leave to file under seal were designated by 35.CN as confidential pursuant to the terms of the protective order in this action (ECF No. 35). Declaration of

David J. Steele ¶¶ 2-3. Thus, pursuant to Civil Local Rule 79-5(e), the burden rests with 35.CN as the designating party to submit via declaration a good cause showing as to why these materials should be filed under seal. *See also* Civil Local Rule 79-5(e)(1) (providing designating party four days to file declaration establishing material is sealable). Plaintiffs otherwise have no objection to these materials being filed on the public docket.

## III.   CONCLUSION

Plaintiffs seek leave to file the aforementioned information under seal solely because 35.CN designated that information as confidential per the protective order. Plaintiffs therefore seek leave to file under seal the documents containing that information upon a showing of good cause by 35.CN.

DATED: August 5, 2022                             Tucker Ellis LLP

By:   /s/David J. Steele
      David J. Steele
      Howard A. Kroll
      Steven E. Lauridsen

      Attorneys for Plaintiffs,
      META PLATFORMS, INC. (fka
      FACEBOOK, INC.) and INSTAGRAM, LLC