Redacted Version Proposed to be Sealed

**Tucker Ellis | LLP**

515 South Flower Street, Forty Second Floor | Los Angeles, CA 90071-2223 | TEL 213.430.3400 | FAX 213.430.3409

August 5, 2022

Dear Magistrate Judge Tse:

Pursuant to the Court's July 21, 2021 Discovery Order (ECF No. 254), Plaintiffs and Defendant Xiamen 35.com Internet Technology Co., Ltd. ("35.CN") submit this joint statement identifying the specific RFPs, RFAs, and Interrogatories that remain in dispute. The parties met and conferred regarding the outstanding disputes on July 29 for 1.5 hours. 35.CN served Second Amended and Supplemental Objections and Responses to Plaintiffs' written discovery on August 1. The parties again met and conferred on August 3 for 5.5 hours. The parties remain at an impasse regarding most of 35.CN's discovery responses, as identified below in Plaintiffs' position statement. For the Court's reference, the parties attach copies of 35.CN's Second Amended and Supplemental Objections and Responses to Plaintiffs' First Sets of Requests for Production (Exhibit 1), Requests for Admission (Exhibit 2), and Interrogatories (Exhibit 3).

**Plaintiffs' Position Regarding Dispute**

For the past six months, 35.CN has consistently and systematically delayed engaging in meaningful discovery, notwithstanding the Court's finding that discovery was necessary on alter ego, personal jurisdiction, and 35.CN's role in the destruction of evidence. Now, 35.CN's counsel refused to meet and confer until nine days after the parties were ordered to do so. 35.CN then deferred meaningful discussion, representing that a forthcoming set of amended responses would resolve most of the issues Plaintiffs raised. When 35.CN did provide a second set of amended responses (only four days before this statement was due), 35.CN maintained its Chinese law objections and created new discovery disputes by raising *additional* objections and providing evasive responses.[1] All of this conduct was a distraction from 35.CN's improper objections based on Chinese law and refusal to produce non-public documents or provide meaningful written responses. The cumulative result has frustrated Plaintiffs' discovery efforts on issues directly relevant to Plaintiffs' case against 35.CN.

Significantly, 35.CN continues to object (General Objection No. 1) with the same Chinese law objections raised to the Court in the parties' June 29, 2022 Joint Letter (ECF No. 247). (Ex. 1 at 2:13–19; Ex. 2 at 2:8–15; Ex. 3 at 2:7–14.) 35.CN states these as continuing objections that it "incorporates by reference into each specific response to each of the [RFPs, RFAs, and Interrogatories] as if fully set forth [t]herein." (Ex. 1 at 3:12–14; Ex. 2 at 3:6–8; Ex. 3 at 3:9–11.) And each discovery response is preceded by the same phrase: "Subject to and without waiving the foregoing objections . . . ." During the August 3 meet and confer, 35.CN's counsel confirmed that 35.CN was unwilling to withdraw these objections. Moreover, 35.CN's counsel confirmed that 35.CN still refuses to permit U.S. counsel to review non-public documents, as counsel admitted during the July 20, 2022 hearing. 35.CN's counsel instead relies on 35.CN to determine whether relevant documents exist—without any review by U.S. counsel of record. This practice raises serious concerns regarding the adequacy of 35.CN's searches, counsels' representations as to whether or not relevant documents exist, and the completeness of 35.CN's written responses. Based on this, almost all of 35.CN's discovery responses remain materially qualified and inadequate.

Beyond these deficiencies, 35.CN's individual discovery responses contain numerous additional problems. Illustrative examples follow. In response to Interrogatory No. 6 (asking to identify 35.CN employees who performed work for OnlineNIC and to describe such work), 35.CN raised the newly-asserted objection that the words "employees" and "work" were vague and ambiguous. 35.CN then responded that ████████ ████████████████████████ and, as in other responses, ████████████████████████████████████████████████████████████████████████████████████.[2] As yet another example, in response to

---

[1] 35.CN has yet to verify any of its three sets of interrogatory responses.

[2] ████████████████████████████████████████████████████████████ OnlineNIC's productions are not trustworthy because, as the Court has already found, OnlineNIC destroyed, withheld and obfuscated evidence throughout discovery. (Order (ECF No. 151); June 17, 2022 Hearing Tr. 3:13–25.)

Interrogatory No. 2 (asking for a description of the business relationship between 35.CN and OnlineNIC—a key issue for alter ego), 35.CN did not describe the relationship in any detail or provide any specific answers to the request. Instead, 35.CN answered with a single sentence ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

35.CN's RFA responses are similarly evasive. 35.CN refuses to cleanly admit facts that are not reasonably in dispute. For example, 35.CN denied RFA No. 43 (asking 35.CN to admit that an individual, Carrie Yu, was not a director of 35.CN when she signed the ICANN registrar agreement for 35.CN in 2014) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Carrie Yu Dep. 73:16–74:6 (ECF No. 190-06 at pp. 26–30).) As a further example, in response to RFA No. 1 ("Admit that ONLINENIC uses employees of 35.CN to conduct work for ONLINENIC."), 35.CN raises multiple unfounded objections and admits only that "35.CN and OnlineNIC performed under a staffing agreement," denying the rest of the RFA. 35.CN's counsel stated that he denied the RFA because he did not like certain implications that he read into the RFA.

35.CN's RFP responses are no different. For example, in response to RFP No. 58 (requesting documents sufficient to identify 35.CN employees involved in the destruction of evidence described in the Special Master's Report), 35.CN claims to have no responsive documents because (1) it disagrees with the Court's finding that evidence has been destroyed and (2) it considers the terms "employees" and "destruction of evidence" vague and ambiguous.[3] As another example, for RFP No. 93 (requesting documents showing transfer of funds between 35.CN and OnlineNIC), 35.CN ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

After further meeting and conferring, Plaintiffs still challenge the adequacy of 35.CN's responses to RFP Nos. 1–14, 17–26, 40–42, 44–147; RFA Nos. 1–118; and Interrogatory Nos. 1–18.[4] Accordingly, Plaintiffs ask that this Court either hold an additional discovery hearing to address the outstanding issues or order 35.CN to cure all discovery defects on or before August 17, 2022.

**35.CN's Position Regarding Dispute**

**Discovery at Issue:** The scope of the dispute concerns Chinese legal issues as related to 35.CN's Third Amended discovery responses, served on August 5, 2022, at 12:20 p.m., which will be filed separately under seal by 35.CN. Plaintiffs' counsel stated they would not be considering these responses for this joint report. These amendments, which 35.CN confirmed it would make during the parties' August 3rd meet-and-confer call (lasting over 5 hours), make Plaintiffs' position moot, including because there are no documents being withheld due to Chinese law. For context, 35.CN has prioritized amending responses to hundreds of very broad discovery requests and producing further documents; and 35.CN has now produced thousands of pages of records that Plaintiffs assert are key to their claims and which include financial records and which outline, among other things, shareholders, subsidiaries, parent companies, directors, officers, and supervisors.

**Dispute Limited to Chinese Laws:** On June 29th the parties submitted their initial joint discovery letter regarding, "their dispute concerning whether Chinese law prohibits 35.CN from responding to Plaintiffs'

---

[3] 35.CN's position not only contradicts the Court and the Special Master, it also contradicts the declaration of 35.CN's employee, Leon Freeman, who was acting as a manager at OnlineNIC, that evidence was destroyed. (Leon Freeman Decl. ¶ 5 (ECF No. 202); 35.CN's Interrogatory Resp. No. 8.)
[4] Plaintiffs have withdrawn challenges to certain requests based on representations 35.CN would cure certain deficiencies. If 35.CN fails to cure those deficiencies, Plaintiffs reserve the right to raise those failures with the Court.

discovery requests and e.g., instead requires discovery to take place pursuant to the [Hague Evidence Convention]." [D.E. 247.] After a hearing, the Court set a deadline of August 5th to submit a joint letter identifying what discovery requests remain in dispute on this matter.

**Limited Discovery Requests Currently in Dispute Concerning Chinese Law:** Since the July 20th hearing, 35.CN has, directly and with and through counsel, spent numerous hours amending responses to Plaintiffs' hundreds of discovery requests, producing additional records, working with translators, and talking to opposing counsel. In fact, counsel (9 attorneys) met and conferred on two lengthy Zoom calls totaling 7 hours. 35.CN's progress includes narrowing the issues, such as (a) confirming where there are no responsive documents or information, and (b) finding workarounds to the Chinese law prohibitions so that responsive materials are provided. Notably, 35.CN has withdrawn Chinese law objections almost all its responses (despite valid objections), and currently is not withholding any documents or information on the basis of Chinese law; the only possible invocation of Chinese law may be for documents not discovered or produced yet, in a limited subset of the overall requests (i.e., 13 of the 147 RFPs). To clarify, there are currently no documents being withheld due to Chinese law, but because Plaintiffs' requests are broad enough to cover restricted documents, 35.CN has maintained its objection for limited requests; 35.CN will not know whether it will invoke Chinese law regarding any of these documents until 35.CN finishes its search and production. The RFPs in question are as follows:

- RFPs 1-3: Corporate documents, and meeting minutes for fifteen years.
- RFPs 4-8: Documents that identify ownership, larger shareholders, directors, officers, and board members dating back to twenty years.
- RFPs 9-13: Financial statements, including balance sheets, income statements, profit and loss statements, and revenue and expense statements for fifteen years.

Numerous responsive documents have already been produced for these categories for about a dozen years; and 35.CN is still reviewing records and has another batch of corporate/financial documents that it will be producing shortly. Hopefully, 35.CN will not need to invoke Chinese law regarding any documents. But, it is too early at this point for the Court to conduct its two-step analysis over withheld documents as, again, no documents are currently being withheld due to Chinese law. *See, for e.g., Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487, 499 (N.D. Ill. 2021), relied upon by both parties in their July 29 joint letter to the Court. [D.E. 247.]

**Potential Disputes Not in the Scope of the Joint Letter**: In multiple meet-and-confer sessions, including one that was over 5 hours long, Plaintiffs have taken issue with a number of 35.CN's discovery responses on issues unrelated to Chinese law, including where Plaintiffs expected 35.CN to answer a different way. In response to agreements in those meet-and-confer sessions, 35.CN has amended its discovery responses and has agreed to do further searches for documents. 35.CN needs at least a few more weeks to finish review of documents on these non-Chinese law issues.

For other disputes, 35.CN has agreed to amend its responses, withdraw objections, and/or produce further documents. For example, Plaintiffs reference ROGs 2, 6, and RFPs 43, 58, and RFA 43 as in dispute, but 35.CN agreed in the meet-and-confer session to amend each of them.

Lastly, on little more than a hunch, and angry that the documents produced are not favorable to them, Plaintiffs argue that 35.CN's search for documents was not adequate due to US counsel not reviewing all non-public documents. However, US counsel has indeed reviewed some non-public documents, and some non-public documents do not need to be reviewed by US counsel to assess responsiveness, where these documents have been reviewed by Chinese counsel.

TUCKER ELLIS LLP
By: /s/David J. Steele

David J. Steele
Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.) and INSTAGRAM, LLC

KRONENBERGER ROSENFELD, LLP
By: /s/Karl S. Kronenberger

Karl S. Kronenberger
Attorneys for Defendant
XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.