Exhibit 1
[REDACTED
DOCUMENT
REQUESTED TO BE
SEALED]

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **META PLATFORMS, INC.**, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>**ONLINENIC INC.**, et al.,<br><br>   Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**<br><br><span style="color:red">**CONTAINS CONFIDENTIAL MATERIAL DESIGNATED UNDER THE PROTECTIVE ORDER**</span> |

DEF'S FURTHER AMENDED RESPONSES
TO PLAINTIFFS' FIRST SET OF RFPS

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

| | |
|---|---|
| 1  PROPOUNDING PARTY: | PLAINTIFFS META PLATFORMS, INC. F/K/A |
| 2 | FACEBOOK, INC. AND INSTAGRAM, LLC |
| 3  RESPONDING PARTY: | DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., |
| 4 | LTD. |
| 5  SET: | ONE |

6 **PRELIMINARY STATEMENT**

7    Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35") is presently

8 pursuing its investigation and analysis of the facts and law relating to this case and has

9 not completed its discovery or preparation for trial. Therefore, the responses set forth

10 herein are given without prejudice to Defendant's right to produce evidence of any

11 subsequently discovered facts, writings, or interpretations thereof, or to modify, change,

12 or otherwise amend these responses. The information hereinafter set forth is true and

13 correct to the best knowledge of Defendant as of this date and is subject to correction for

14 errors or omissions. These responses are based upon records and information presently

15 available to Defendant. Defendant undertakes no affirmative duty to supplement these

16 responses based upon further discovery and investigation other than as mandated by the

17 Federal Rules of Civil Procedure. References in response to a preceding or subsequent

18 response incorporate the information and objections stated in the referenced response.

19    Defendant is making a diligent inquiry and reasonable search for these responses.

20    As outlined to the Plaintiffs, public records can be located at CNINFO.COM.CN;

21 and there are over 1,700 public company documents, including reports outlining

22 ownership, officer, director, shareholder, and financial information going back numerous

23 years.

24    Defendant reserves the right to introduce at trial or in support of or in opposition to

25 any motion in this case any and all documents, information, and admissions heretofore or

26 hereafter produced by the parties in this action or by any third party. To the extent that

27 Defendant identifies certain writings or delineates facts contained within any writing or

28 otherwise, it does so without prejudice to establish at a later date any additional facts that

1    **DEF'S FURTHER AMENDED RESPONSES
TO PLAINTIFFS' FIRST SET OF RFPS**

may be contained within or discovered as a result of any additional investigation and discovery.

Inadvertent identification of privileged information or writings by Defendant does not constitute a waiver of any applicable privilege. The information hereafter set forth does not waive any objection, including relevance, to the admission of such information in evidence.

This preliminary statement is incorporated into each and every response set forth herein.

Subject to the foregoing conditions, Defendant amends and supplements its objections and responses to Plaintiffs' First Set of Requests for Production of Documents and Things (the "Requests") as follows:

## GENERAL OBJECTIONS

1.    Defendant objects to the Requests because Chinese law requires application of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") and authorization from the Chinese government, including pursuant to Chinese data security and privacy laws; nothing herein shall be deemed as a waiver of Defendant's rights, claims, or contentions, including as related to these issues. Defendant refers to the meet-and-confer letter sent to Plaintiffs' counsel on March 30, 2022 and Chinese counsel letter dated June 16, 2022 and follow up communications.

2.    Defendant objects to the Requests to the extent that they purport to require Defendant to provide information that is not reasonably available to Defendant through a reasonable and good faith inquiry into its records and the knowledge of its employees.

3.    Defendant objects to the Requests to the extent any of them seek information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the joint defense privilege, the privilege for negotiations leading to settlement, or any other applicable privilege. Information protected by any such privilege will not be produced. All such information will be withheld. Any inadvertent production of such information shall not be deemed to waive any privilege or protection

2

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  with respect to such information. A privilege log will be provided where applicable, including

2  for documents withheld on the basis of Chinese laws, provided that a privilege log will not

3  be provided for post-lawsuit privileged communications with counsel.

4        4.     Defendant objects to the Requests to the extent that Plaintiffs seek re-

5  production of documents already produced in this case.

6        5.     Defendant objects to the Requests to the extent that they seek information

7  in the possession, custody, or control of individuals or entities other than Defendant on the

8  grounds that each such Request is unduly burdensome and oppressive, and such

9  information is equally available to Plaintiff, including through prior case discovery. In

10  particular, **OnlineNIC and ID Shield have already responded to hundreds of written**

11  **discovery requests.**

12        6.     Each of the foregoing General Objections is a continuing objection, which

13  Defendant incorporates by reference into each specific response to each of the Requests

14  below as if fully set forth herein.

15

16  **AMENDED AND SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION**

17  **REQUEST NO. 1:**

18        Corporate DOCUMENTS of 35.CN, including but not limited to articles of

19  incorporation and bylaws.

20  **RESPONSE TO REQUEST NO. 1:**

21        Defendant objects to this Request to the extent Chinese law requires authorization

22  from the Chinese government. Defendant objects to this Request as vague and ambiguous

23  as to "Corporate DOCUMENTS." Defendant objects to this Request on grounds of

24  relevance, proportionality, and undue burden, including as to the unlimited timeframe.

25  Defendant objects to this Request as vague and ambiguous, including as to "articles of

26  incorporation" and "bylaws" as those terms relate to a public company in China.

27        Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Defendant has produced responsive documents (35CN001120-005442), including

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

the corporate documents for a public company in China (e.g., articles of association as well as minutes and financial records per below responses), and will produce any other non-privileged responsive documents.

**REQUEST NO. 2:**

Minutes of meetings of board of directors of 35.CN since 2007.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced responsive documents (4th production), including board of directors meeting resolutions dating back to at least 2009, and will produce any other non-privileged responsive documents in its possession, custody, or control.

**REQUEST NO. 3:**

Minutes of meetings of board of supervisors of 35.CN since 2007.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced responsive documents (4th production), including supervisors meeting resolutions dating back to at least 2009, and will produce any other non-privileged responsive documents in its possession, custody, or control.

**REQUEST NO. 4:**

DOCUMENTS sufficient to IDENTIFY the ownership of 35.CN for each year from

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  2002 to 2007.

2  **RESPONSE TO REQUEST NO. 4:**

3  　　　Defendant objects to this Request to the extent Chinese law requires authorization

4  from the Chinese government. Defendant objects to this Request on grounds of relevance,

5  proportionality, and undue burden, including as to the timeframe.

6  　　　Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: Defendant has produced responsive documents (3rd production) and/or will

8  produce any other non-privileged responsive documents in its possession, custody, or

9  control.

10

11  **REQUEST NO. 5:**

12  　　　DOCUMENTS sufficient to IDENTIFY the 20 largest shareholders of 35.CN for each

13  year since 2007.

14  **RESPONSE TO REQUEST NO. 5:**

15  　　　Defendant objects to this Request to the extent Chinese law requires authorization

16  from the Chinese government. Defendant objects to this Request on grounds of relevance,

17  proportionality, and undue burden, including as to the timeframe and because the Request

18  is not limited to a reasonable shareholder percentage.

19  　　　Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant has produced responsive documents (3rd production), including the

21  identification of the largest shareholders (*see* annual reports), and will produce any other

22  non-privileged responsive documents in its possession, custody, or control.

23

24  **REQUEST NO. 6:**

25  　　　DOCUMENTS sufficient to IDENTIFY the directors of 35.CN for each year since

26  2007, including members of the board of directors and independent directors.

27  **RESPONSE TO REQUEST NO. 6:**

28  　　　Defendant objects to this Request to the extent Chinese law requires authorization

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  from the Chinese government. Defendant objects to this Request on grounds of relevance,

2  proportionality, and undue burden, including as to the timeframe.

3       Subject to and without waiving the foregoing objections, Defendant responds as

4  follows: Defendant has produced responsive documents (3rd production), including annual

5  reports and meeting minutes, and will produce any other non-privileged responsive

6  documents in its possession, custody, or control.

7

8  **REQUEST NO. 7:**

9       DOCUMENTS sufficient to IDENTIFY the officers of 35.CN for each year since

10  2007.

11  **RESPONSE TO REQUEST NO. 7:**

12       Defendant objects to this Request to the extent Chinese law requires authorization

13  from the Chinese government. Defendant objects to this Request on grounds of relevance,

14  proportionality, and undue burden, including as to the timeframe.

15       Subject to and without waiving the foregoing objections, Defendant responds as

16  follows: Defendant has produced responsive documents (3rd production), including annual

17  reports and meeting minutes, and will produce any other non-privileged responsive

18  documents in its possession, custody, or control.

19

20  **REQUEST NO. 8:**

21       DOCUMENTS sufficient to IDENTIFY the members of the board of supervisors of

22  35.CN for each year since 2002.

23  **RESPONSE TO REQUEST NO. 8:**

24       Defendant objects to this Request to the extent Chinese law requires authorization

25  from the Chinese government. Defendant objects to this Request on grounds of relevance,

26  proportionality, and undue burden, including as to the timeframe.

27       Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Defendant has produced responsive documents (3rd production), including annual

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  reports and meeting minutes, and will produce any other non-privileged responsive

2  documents in its possession, custody, or control.

3

4  **REQUEST NO. 9:**

5      Financial statements of 35.CN since 2007.

6  **RESPONSE TO REQUEST NO. 9:**

7      Defendant objects to this Request to the extent Chinese law requires authorization

8  from the Chinese government. Defendant objects to this Request on grounds of relevance,

9  proportionality, and undue burden, including as to the timeframe.

10      Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Defendant has produced responsive documents (3rd production), including annual

12  reports, and will produce any other non-privileged responsive documents in its possession,

13  custody, or control.

14

15  **REQUEST NO. 10:**

16      Balance sheets of 35.CN since 2007.

17  **RESPONSE TO REQUEST NO. 10:**

18      Defendant objects to this Request to the extent Chinese law requires authorization

19  from the Chinese government. Defendant objects to this Request on grounds of relevance,

20  proportionality, and undue burden, including as to the timeframe.

21      Subject to and without waiving the foregoing objections, Defendant responds as

22  follows: Defendant has produced responsive documents (3rd production), including annual

23  reports, and will produce any other non-privileged responsive documents in its possession,

24  custody, or control.

25

26  **REQUEST NO. 11:**

27      Income statements of 35.CN since 2007.

28  //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    <u>RESPONSE TO REQUEST NO. 11:</u>

2        Defendant objects to this Request to the extent Chinese law requires authorization

3    from the Chinese government. Defendant objects to this Request on grounds of relevance,

4    proportionality, and undue burden, including as to the timeframe.

5        Subject to and without waiving the foregoing objections, Defendant responds as

6    follows: Defendant has produced responsive documents (3rd production), including annual

7    reports, and will produce any other non-privileged responsive documents in its possession,

8    custody, or control.

9

10    <u>REQUEST NO. 12:</u>

11        Profit and loss statements of 35.CN since 2007.

12    <u>RESPONSE TO REQUEST NO. 12:</u>

13        Defendant objects to this Request to the extent Chinese law requires authorization

14    from the Chinese government. Defendant objects to this Request on grounds of relevance,

15    proportionality, and undue burden, including as to the timeframe.

16        Subject to and without waiving the foregoing objections, Defendant responds as

17    follows: Defendant has produced responsive documents (3rd production), including annual

18    reports, and will produce any other non-privileged responsive documents in its possession,

19    custody, or control.

20

21    <u>REQUEST NO. 13:</u>

22        Revenue and expense statements of 35.CN since 2007.

23    <u>RESPONSE TO REQUEST NO. 13:</u>

24        Defendant objects to this Request to the extent Chinese law requires authorization

25    from the Chinese government. Defendant objects to this Request on grounds of relevance,

26    proportionality, and undue burden, including as to the timeframe.

27        Subject to and without waiving the foregoing objections, Defendant responds as

28    follows: Defendant has produced responsive documents (3rd production), including annual

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  reports, and will produce any other non-privileged responsive documents in its possession,

2  custody, or control.

3  **REQUEST NO. 14:**

4      DOCUMENTS sufficient to IDENTIFY the bank accounts used by 35.CN since

5  2007.

6  **RESPONSE TO REQUEST NO. 14:**

7      Defendant objects to this Request to the extent Chinese law requires authorization

8  from the Chinese government. Defendant objects to this Request on grounds of relevance,

9  proportionality, and undue burden, including as to the timeframe.

10      Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Subject to and without waiving the foregoing objections, Defendant responds as

12  follows: Defendant has produced responsive documents (3rd production) and/or will

13  produce any other non-privileged responsive documents in its possession, custody, or

14  control.

15

16  **REQUEST NO. 15:**

17      DOCUMENTS sufficient to IDENTIFY 35.CN's principal place of business.

18  **RESPONSE TO REQUEST NO. 15:**

19      Defendant has produced non-privileged responsive documents (4th production).

20

21  **REQUEST NO. 16:**

22      DOCUMENTS sufficient to IDENTIFY locations where 35.CN conducts business.

23  **RESPONSE TO REQUEST NO. 16:**

24      Defendant objects to this Request as vague and ambiguous, including as to the

25  phrase "conducts business."

26      Subject to and without waiving the foregoing objections, Defendant responds as

27  follows: Defendant has produced non-privileged responsive documents (4th production).

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 17:**

All contracts entered into by 35.CN with a California domiciled citizen.

**RESPONSE TO REQUEST NO. 17:**

Defendant objects to this Request as vague and ambiguous, including as to all "contracts" and "California domiciled citizen."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 18:**

All contracts entered into by 35.CN with a United States citizen.

**RESPONSE TO REQUEST NO. 18:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request as vague and ambiguous, including as to all "contracts" and "United States citizen." Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs' personal jurisdiction allegations are limited. Defendant is construing this Request as being limited to any California citizen and will withhold any responsive documents on this basis.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 19:**

All contracts entered into by 35.CN with a California corporation.

**RESPONSE TO REQUEST NO. 19:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request as vague and ambiguous, including as to all "contracts" and "corporation." Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the

10

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

unlimited timeframe and as Plaintiffs' personal jurisdiction allegations are limited.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 20:**

All contracts entered into by 35.CN with a corporation of any state in the United States.

**RESPONSE TO REQUEST NO. 20:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request as vague and ambiguous, including as to all "contracts." Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs' personal jurisdiction allegations are limited. Defendant is construing this Request as being limited to any California corporation and will withhold any responsive documents on this basis.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 21:**

All contracts entered into by 35.CN with any PERSON in the United States relating to the registration of any domain name(s).

**RESPONSE TO REQUEST NO. 21:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request as vague and ambiguous, including as to all "contracts" and "registration." Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs' personal jurisdiction allegations are limited. Defendant is construing this Request as being limited to any person in California and will withhold any responsive documents on this basis.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 22:**

All contracts entered into by 35.CN with any PERSON in the United States relating to the use of any domain name(s).

**RESPONSE TO REQUEST NO. 22:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request as vague and ambiguous, including as to all "contracts" and "use." Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   timeframe and as Plaintiffs' personal jurisdiction allegations are limited. Defendant is

2   construing this Request as being limited to any person in California and will withhold any

3   responsive documents on this basis.

4       Subject to and without waiving the foregoing objections, Defendant responds as

5   follows: ████████████████████████████████████████████████████

6   ██████  ████████  ███████  ███  ██████  ███████  ██████  █████  ██

7   ██████████

8       **THIS RESPONSE IS CONFIDENTIAL.**

9

10  **REQUEST NO. 23:**

11      All contracts entered into by 35.CN with any PERSON in the United States relating

12  to the trafficking of any domain name(s).

13  **RESPONSE TO REQUEST NO. 23:**

14      Defendant objects to this Request to the extent Chinese law requires authorization

15  from the Chinese government. Defendant objects to this Request as vague and

16  ambiguous, including as to all "contracts" and "trafficking." Defendant objects to this

17  Request on grounds of relevance, proportionality, and undue burden, including as to the

18  unlimited timeframe and as Plaintiffs' personal jurisdiction allegations are limited.

19  Defendant is construing this Request as being limited to any person in California and will

20  withhold any responsive documents on this basis.

21      Subject to and without waiving the foregoing objections, Defendant responds as

22  follows: ████████████████████████████████████████████████████

23  ██████  ███████  ██████  ███  █████  ███████  ██████  █████  ██

24  ████████

25      **THIS RESPONSE IS CONFIDENTIAL.**

26

27  **REQUEST NO. 24:**

28      DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC

**KRONENBERGER ROSENFELD**

150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1   to Rex Liu on November 28, 2007 for $10,000.

2   **RESPONSE TO REQUEST NO. 24:**

3       Defendant objects to this Request to the extent Chinese law requires authorization

4   from the Chinese government. Defendant objects to this Request as argumentative,

5   including as there is no legal claim that Defendant has made about this statement, and on

6   relevance and proportionality grounds as Plaintiffs have already obtained similar discovery

7   from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as

8   to all "DOCUMENTS supporting" and "35.CN's claim . . ."

9       Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: Defendant believes that responsive documents are in the possession of OnlineNIC

11  and third parties. Defendant produced documents, *see* 35CN000576.

12

13  **REQUEST NO. 25:**

14      DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC

15  to Rex Liu in 2007.

16  **RESPONSE TO REQUEST NO. 25:**

17      Defendant objects to this Request to the extent Chinese law requires authorization

18  from the Chinese government. Defendant objects to this Request as argumentative,

19  including as there is no legal claim that Defendant has made about this statement, and on

20  relevance and proportionality grounds as Plaintiffs have already obtained similar discovery

21  from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as

22  to all "DOCUMENTS supporting" and "35.CN's claim . . ."

23      Subject to and without waiving the foregoing objections, Defendant responds as

24  follows: Defendant believes that responsive documents are in the possession of OnlineNIC

25  and third parties. Defendant produced documents, *see* 35CN000576.

26

27  **REQUEST NO. 26:**

28      DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC

1    to Zhippo Chen in 2009.

2    **RESPONSE TO REQUEST NO. 26:**

3        Defendant objects to this Request as premised on a disputed fact.

4        Subject to and without waiving the foregoing objections, Defendant responds as

5    follows: Defendant does not have any documents in its possession, custody, or control.

6

7    **REQUEST NO. 27:**

8        DOCUMENTS supporting or refuting ONLINENIC's claim to the California

9    Franchise Tax Board in 2009 that GONG was the 100% owner of ONLINENIC.

10   **RESPONSE TO REQUEST NO. 27:**

11       Defendant objects to this Request as argumentative.

12       Subject to and without waiving the foregoing objections, Defendant responds as

13   follows: Defendant does not have any documents in its possession, custody, or control.

14

15   **REQUEST NO. 28:**

16       DOCUMENTS supporting or refuting ONLINENIC's claim to the California

17   Franchise Tax Board in 2010 that GONG was the 100% owner of ONLINENIC.

18   **RESPONSE TO REQUEST NO. 28:**

19       Defendant objects to this Request as argumentative.

20       Subject to and without waiving the foregoing objections, Defendant responds as

21   follows: Defendant does not have any documents in its possession, custody, or control.

22

23   **REQUEST NO. 29:**

24       DOCUMENTS supporting or refuting ONLINENIC's claim to the California

25   Franchise Tax Board in 2011 that GONG was the 100% owner of ONLINENIC.

26   **RESPONSE TO REQUEST NO. 29:**

27       Defendant objects to this Request as argumentative.

28       Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    follows: Defendant does not have any documents in its possession, custody, or control.

2

3    **REQUEST NO. 30:**

4        DOCUMENTS supporting or refuting ONLINENIC's claim to the California

5    Franchise Tax Board in 2012 that GONG was the 100% owner of ONLINENIC.

6    **RESPONSE TO REQUEST NO. 30:**

7         Defendant objects to this Request as argumentative.

8        Subject to and without waiving the foregoing objections, Defendant responds as

9    follows: Defendant does not have any documents in its possession, custody, or control.

10

11    **REQUEST NO. 31:**

12        DOCUMENTS supporting or refuting ONLINENIC's claim to the California

13    Franchise Tax Board in 2013 that GONG was the 100% owner of ONLINENIC.

14    **RESPONSE TO REQUEST NO. 31:**

15        Defendant objects to this Request as argumentative.

16        Subject to and without waiving the foregoing objections, Defendant responds as

17    follows: Defendant does not have any documents in its possession, custody, or control.

18

19    **REQUEST NO. 32:**

20        DOCUMENTS supporting or refuting ONLINENIC's claim to the California

21    Franchise Tax Board in 2014 that GONG was the 100% owner of ONLINENIC.

22    **RESPONSE TO REQUEST NO. 32:**

23         Defendant objects to this Request as argumentative.

24        Subject to and without waiving the foregoing objections, Defendant responds as

25    follows: Defendant does not have any documents in its possession, custody, or control.

26

27    **REQUEST NO. 33:**

28        DOCUMENTS sufficient to IDENTIFY real property owned or leased by 35.CN in

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    California at any time.

2    **RESPONSE TO REQUEST NO. 33:**

3        Defendant objects to this Request as vague and ambiguous, including as to "owned

4    or leased." Defendant objects to this Request on grounds of relevance, proportionality, and

5    undue burden, including as to the unlimited timeframe and as Plaintiffs' personal

6    jurisdiction allegations are limited.

7        Subject to and without waiving the foregoing objections, Defendant responds as

8    follows: Defendant does not have any documents in its possession, custody, or control.

9

10    **REQUEST NO. 34:**

11        DOCUMENTS sufficient to IDENTIFY real property owned or leased by 35.CN in

12    the United States at any time.

13    **RESPONSE TO REQUEST NO. 34:**

14        Defendant objects to this Request as vague and ambiguous, including as to "owned

15    or leased." Defendant objects to this Request on grounds of relevance, proportionality, and

16    undue burden, including as to the unlimited timeframe and as Plaintiffs' personal

17    jurisdiction allegations are limited.

18        Subject to and without waiving the foregoing objections, Defendant responds as

19    follows: Defendant does not have any documents in its possession, custody, or control.

20

21    **REQUEST NO. 35:**

22        DOCUMENTS sufficient to IDENTIFY real property owned or leased by any

23    employee of 35.CN in California at any time.

24    **RESPONSE TO REQUEST NO. 35:**

25        Defendant objects to this Request to the extent it lacks knowledge of responsive

26    documents. Defendant objects to this Request as vague and ambiguous, including as to

27    "owned or leased." Defendant objects to this Request on grounds of relevance,

28    proportionality, and undue burden, including as to the unlimited timeframe, as to property

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  of "any employee." and as Plaintiffs' personal jurisdiction allegations are limited.

2       Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant does not have any documents in its possession, custody, or control.

4

5  **REQUEST NO. 36:**

6       DOCUMENTS sufficient to IDENTIFY assets of 35.CN in California since 2002.

7  **RESPONSE TO REQUEST NO. 36:**

8       Defendant objects to this Request as vague and ambiguous, including as to

9  "assets." Defendant objects to this Request on grounds of relevance, proportionality, and

10 undue burden, including as to the timeframe and as Plaintiffs' personal jurisdiction claims

11 are based on claimed alter ego liability and specific jurisdiction in California for contacts

12 *related to* the allegations.

13      Subject to and without waiving the foregoing objections, Defendant responds as

14 follows: Defendant does not have any documents in its possession, custody, or control.

15

16 **REQUEST NO. 37:**

17      DOCUMENTS sufficient to IDENTIFY assets of 35.CN in the United States since

18 2002.

19 **RESPONSE TO REQUEST NO. 37:**

20      Defendant objects to this Request as vague and ambiguous, including as to

21 "assets." Defendant objects to this Request on grounds of relevance, proportionality, and

22 undue burden, including as to the timeframe and as Plaintiffs' personal jurisdiction claims

23 are based on claimed alter ego liability and specific jurisdiction in California for contacts

24 *related to* the allegations.

25      Subject to and without waiving the foregoing objections, Defendant responds as

26 follows: Defendant does not have any documents in its possession, custody, or control.

27

28 //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 38:**

DOCUMENTS relating to trademarks or service marks applied for or registered by 35.CN.

**RESPONSE TO REQUEST NO. 38:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe. Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced responsive documents (35CN001095-1107) to show marks applied for or registered by 35.CN in the United States.

**REQUEST NO. 39:**

DOCUMENTS relating to trademarks or service marks applied for or registered by 35.CN in the United States.

**RESPONSE TO REQUEST NO. 39:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe. Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced responsive documents (35CN001095-1107) to show marks applied for or registered by 35.CN in the United States.

**REQUEST NO. 40:**

A representative sample of DOCUMENTS, including communications, that demonstrate the business activities engaged in between 35.CN, including employees of 35.CN, and ONLINENIC.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 40:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to "business activities."

Subject to and without waiving the foregoing objections, Defendant responds as follows:

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 41:**

A representative sample of DOCUMENTS, including communications, that demonstrate the business activities engaged in between 35.CN, including employees of 35.CN, and DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 41:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar responses from ID Shield. Defendant objects to this Request as vague and ambiguous, including as to "business activities."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   **REQUEST NO. 42:**

2       All agreements between 35.CN and ONLINENIC, and DOCUMENTS reflecting the

3   negotiations between 35.CN and ONLINENIC to enter into those agreements.

4   **RESPONSE TO REQUEST NO. 42:**

5       Defendant objects to this Request as vague and ambiguous as to "agreements" and

6   "negotiations." Defendant objects to this Request as compound. As to the first sub-request,

7   Defendant objects on grounds of relevance, proportionality, and undue burden, including

8   as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from

9   OnlineNIC. As to the second sub-request, Defendant objects on similar grounds and to the

10  extent it seeks privileged or work product information.

11      Subject to and without waiving the foregoing objections, Defendant responds as

12  follows: ███████████████████████████████████████████████

13  ████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████

15  █████████████████

16          **THIS RESPONSE IS CONFIDENTIAL.**

17

18  **REQUEST NO. 43:**

19      All agreements between 35.CN and DOMAIN ID SHIELD, and DOCUMENTS

20  reflecting the negotiations between 35.CN and DOMAIN ID SHIELD to enter into those

21  agreements.

22  **RESPONSE TO REQUEST NO. 43:**

23      Defendant objects to this Request as vague and ambiguous as to "agreements" and

24  "negotiations." Defendant objects to this Request as compound.

25      Subject to and without waiving the foregoing objections, Defendant responds as

26  follows: Defendant does not have any documents in its possession, custody, or control.

27

28  //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 44**

2        DOCUMENTS relating to leases or subleases offered or made available by 35.CN

3    to ONLINENIC and/or DOMAIN ID SHIELD.

4    **RESPONSE TO REQUEST NO. 44:**

5        Defendant objects to this Request as premised on a disputed fact. Defendant

6    objects to this Request as vague and ambiguous as to "leases or subleases offered or

7    made available." Defendant objects to this Request as compound.

8        Subject to and without waiving the foregoing objections, Defendant responds as

9    follows: Defendant does not have any documents in its possession, custody, or control.

10

11    **REQUEST NO. 45:**

12        DOCUMENTS relating to equipment, including servers, offered or made available

13    by 35.CN to ONLINENIC and/or DOMAIN ID SHIELD.

14    **RESPONSE TO REQUEST NO. 45:**

15        Defendant objects to this Request as premised on a disputed fact. Defendant

16    objects to this Request as vague and ambiguous as to "equipment . . . offered or made

17    available." Defendant objects to this Request as compound.

18        Subject to and without waiving the foregoing objections, Defendant responds as

19    follows: Defendant does not have any documents in its possession, custody, or control.

20

21    **REQUEST NO. 46:**

22        DOCUMENTS relating to services offered or made available by 35.CN to

23    ONLINENIC and/or DOMAIN ID SHIELD.

24    **RESPONSE TO REQUEST NO. 46:**

25        Defendant objects to this Request as premised on a disputed fact. Defendant

26    objects to this Request as vague and ambiguous as to "services . . . offered or made

27    available." Defendant objects to this Request as compound. Defendant objects to this

28    Request on grounds of relevance, proportionality, and undue burden, including as to the

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  unlimited timeframe and phrase "relating to."

2  Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: ███████████████████████████████████████████

4  ██████████████████████████████

5  **THIS RESPONSE IS CONFIDENTIAL.**

6

7  **REQUEST NO. 47:**

8  Communications between CARRIE YU and her supervisors at 35.CN regarding

9  ONLINENIC.

10 **RESPONSE TO REQUEST NO. 47:**

11 Defendant objects to this Request on grounds of relevance, proportionality, and

12 undue burden, including as to the unlimited timeframe and as Plaintiffs have already

13 obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague

14 and ambiguous, including as to "supervisors" and "regarding ONLINENIC." Defendant

15 objects to this Request to the extent it seeks privileged or work product information.

16 Subject to and without waiving the foregoing objections, Defendant responds as

17 follows: ███████████████████████████████████████████

18 ██████████████████████████████████████████████████

19 ██████████████████████████████████████████████████

20 ██████████████████████████████████████████████████

21 ██████████████████████████████

22 **THIS RESPONSE IS CONFIDENTIAL.**

23

24 **REQUEST NO. 48:**

25 Communications between CARRIE YU and any PERSON regarding ONLINENIC.

26 **RESPONSE TO REQUEST NO. 48:**

27 Defendant objects to this Request on grounds of relevance, proportionality, and

28 undue burden, including as to the unlimited timeframe and as Plaintiffs have already

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to "any PERSON" and "regarding ONLINENIC." Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 49:**

Communications between CARRIE YU and her supervisors at 35.CN regarding DOMAIN ID SHIELD

**RESPONSE TO REQUEST NO. 49:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to "supervisors" and "regarding DOMAIN ID SHIELD." Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 50:**

Communications between CARRIE YU and any PERSON regarding DOMAIN ID SHIELD.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**KRONENBERGER ROSENFELD**
150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 50:**

2       Defendant objects to this Request on grounds of relevance, proportionality, and

3  undue burden, including as to the unlimited timeframe and as Plaintiffs have already

4  obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague

5  and ambiguous, including as to "any PERSON" and "regarding ONLINENIC." Defendant

6  objects to this Request to the extent it seeks privileged or work product information.

7       Subject to and without waiving the foregoing objections, Defendant responds as

8  follows: ████████████████████████████████████████

9  ████████████████████████████████████████████

10 ████████████████████████████████████████████

11 ████████████████████████████████████████████

12 ████████████████████████

13       **THIS RESPONSE IS CONFIDENTIAL.**

14

15 **REQUEST NO. 51:**

16       Communications between CARRIE YU and her supervisors at 35.CN regarding this

17 lawsuit.

18 **RESPONSE TO REQUEST NO. 51:**

19       Defendant objects to this Request as vague and ambiguous, including as to

20 "supervisors." Defendant objects to this Request to the extent it seeks privileged or work

21 product information.

22       Subject to and without waiving the foregoing objections, Defendant responds as

23 follows: Defendant does not have any non-privileged responsive documents in its

24 possession, custody, or control. Defendant will provide a privilege log if applicable.

25

26 **REQUEST NO. 52:**

27       Communications between CARRIE YU and any PERSON regarding this lawsuit.

28 //

1    **RESPONSE TO REQUEST NO. 52:**

2        Defendant objects to this Request as vague and ambiguous, including as to "any

3    PERSON." Defendant objects to this Request to the extent it seeks privileged or work

4    product information.

5        Subject to and without waiving the foregoing objections, Defendant responds as

6    follows: Defendant does not have any non-privileged responsive documents in its

7    possession, custody, or control. Defendant will provide a privilege log if applicable.

8

9    **REQUEST NO. 53:**

10        Communications between CARRIE YU and her supervisors at 35.CN regarding the

11   investigation by the Special Discovery Master in this case.

12   **RESPONSE TO REQUEST NO. 53:**

13        Defendant objects to this Request as vague and ambiguous, including as to

14   "supervisors" and "investigation."

15        Subject to and without waiving the foregoing objections, Defendant responds as

16   follows: Defendant does not have any documents in its possession, custody, or control.

17

18   **REQUEST NO. 54:**

19        Communications between CARRIE YU and any PERSON regarding the

20   investigation by the Special Discovery Master in this case.

21   **RESPONSE TO REQUEST NO. 54:**

22        Defendant objects to this Request as vague and ambiguous, including as to "any

23   PERSON" and "investigation." Defendant objects to this Request to the extent it seeks

24   privileged or work product information.

25        Subject to and without waiving the foregoing objections, Defendant responds as

26   follows: Defendant does not have any documents in its possession, custody, or control.

27

28   //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 55:**

2  DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who communicated

3  with the Special Discovery Master in this case.

4  **RESPONSE TO REQUEST NO. 55:**

5  Defendant objects to this Request as vague and ambiguous, including as to

6  "employees of 35.CN."

7  Subject to and without waiving the foregoing objections, Defendant responds as

8  follows: To Defendant's knowledge and belief, OnlineNIC's response to Interrogatory 2 is

9  sufficient to identify the only individual, Leon Freeman, who communicated with the Special

10  Discovery Master in this case for the defense.

11

12  **REQUEST NO. 56:**

13  Communications between CARRIE YU and her supervisors at 35.CN regarding the

14  Special Discovery Master's Data Destroyed or Withheld Report.

15  **RESPONSE TO REQUEST NO. 56:**

16  Defendant objects to this Request as vague and ambiguous, including as to

17  "supervisors."

18  Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Defendant does not have any documents in its possession, custody, or control.

20

21  **REQUEST NO. 57:**

22  Communications between CARRIE YU and any PERSON regarding the Special

23  Discovery Master's Data Destroyed or Withheld Report.

24  **RESPONSE TO REQUEST NO. 57:**

25  Defendant objects to this Request as vague and ambiguous, including as to "any

26  PERSON." Defendant objects to this Request to the extent it seeks privileged or work

27  product information.

28  Subject to and without waiving the foregoing objections, Defendant responds as

1   follows: Defendant does not have any documents in its possession, custody, or control.

2

3   **REQUEST NO.58:**

4        DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who were involved

5   in the destruction of evidence in this case as described in the Special Discovery Master's

6   Data Destroyed or Withheld Report.

7   **RESPONSE TO REQUEST NO. 58:**

8        Defendant objects to this Request as argumentative, premised on a disputed fact,

9   and vague and ambiguous, including as to "employees" and "destruction of evidence."

10       Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Defendant does not have any documents in its possession, custody, or control.

12

13  **REQUEST NO. 59:**

14       DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who participated in

15  the destruction of evidence in this case as described in the Special Discovery Master's

16  Data Destroyed or Withheld Report.

17  **RESPONSE TO REQUEST NO. 59:**

18       Defendant objects to this Request as argumentative, premised on a disputed fact,

19  and vague and ambiguous, including as to "employees" and "destruction of evidence."

20       Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Defendant does not have any documents in its possession, custody, or control.

22

23  **REQUEST NO. 60:**

24       Communications between CARRIE YU and her supervisors at 35.CN regarding

25  CARRIE YU's ownership of DOMAIN ID SHIELD for the benefit of ONLINENIC.

26  **RESPONSE TO REQUEST NO. 60:**

27       Defendant objects to this Request as premised on a disputed fact and vague and

28  ambiguous, including as to "supervisors," "ownership," and "for the benefit of."

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2  follows: Defendant does not have any documents in its possession, custody, or control.

3

4  **REQUEST NO. 61:**

5    Communications between CARRIE YU and any PERSON regarding CARRIE YU's

6  ownership of DOMAIN ID SHIELD for the benefit of ONLINENIC.

7  **RESPONSE TO REQUEST NO. 61:**

8    Defendant objects to this Request as premised on a disputed fact and vague and

9  ambiguous, including as to "any PERSON," "ownership," and "for the benefit of." Defendant

10  objects to this Request to the extent it seeks privileged or work product information.

11    Subject to and without waiving the foregoing objections, Defendant responds as

12  follows: Defendant does not have any documents in its possession, custody, or control.

13

14  **REQUEST NO. 62:**

15    DOCUMENTS relating to payments made by 35.CN to CARRIE YU since 2007,

16  including DOCUMENTS reflecting the purpose of any payments.

17  **RESPONSE TO REQUEST NO. 62:**

18    Defendant objects to this Request to the extent Chinese law requires authorization

19  from the Chinese government. Defendant objects to this Request on privacy grounds,

20  including under US and Chinese laws. Defendant objects to this Request as vague and

21  ambiguous, including as to "relating to payments" and "reflecting the purpose of payments."

22    Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: ███████████████████████████████████████

24    **THIS RESPONSE IS CONFIDENTIAL.**

25

26  **REQUEST NO. 63:**

27    Communications relating to payments made by 35.CN to CARRIE YU since 2007,

28  including communications reflecting the purpose of any payments.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    **RESPONSE TO REQUEST NO. 63:**

2         Defendant objects to this Request to the extent Chinese law requires authorization

3    from the Chinese government. Defendant objects to this Request on privacy grounds,

4    including under US and Chinese laws. Defendant objects to this Request as vague and

5    ambiguous, including as to "relating to payments" and "reflecting the purpose of payments."

6         Subject to and without waiving the foregoing objections, Defendant responds as

7    follows: Defendant does not have any documents in its possession, custody, or control.

8

9    **REQUEST NO. 64:**

10        DOCUMENTS relating to CARRIE YU's ownership of DOMAIN ID SHIELD for the

11   benefit of ONLINENIC.

12   **RESPONSE TO REQUEST NO. 64:**

13        Defendant objects to this Request as premised on a disputed fact and vague and

14   ambiguous, including as to "relating to," "ownership," and "for the benefit of." Defendant

15   objects to this Request as compound and confusing.

16        Subject to and without waiving the foregoing objections, Defendant responds as

17   follows: Defendant does not have any documents in its possession, custody, or control.

18

19   **REQUEST NO. 65:**

20        DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind

21   for both 35.CN and ONLINENIC.

22   **RESPONSE TO REQUEST NO. 65:**

23        Defendant objects to this Request on grounds of relevance, proportionality, and

24   undue burden, including as to the unlimited timeframe and as Plaintiffs have already

25   obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague

26   and ambiguous, including as to "perform work of any kind."

27        Subject to and without waiving the foregoing objections, Defendant responds as

28   follows: Documents have been produced. OnlineNIC referred to documents identifying

1  employees as ONLINENIC000017-ONLINENIC000038, ONLINENIC266989-
2  ONLINENIC267162, ONLINENIC000073-ONLINENIC000074.

3

4  **REQUEST NO. 66:**

5      DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind
6  for both 35.CN and DOMAIN ID SHIELD.

7  **RESPONSE TO REQUEST NO. 66:**

8      Defendant objects to this Request on grounds of relevance, proportionality, and
9  undue burden, including as to the unlimited timeframe and as Plaintiffs have already
10 obtained similar discovery from ID Shield. Defendant objects to this Request as vague and
11 ambiguous, including as to "perform work of any kind."

12     Subject to and without waiving the foregoing objections, Defendant responds as
13 follows: Defendant does not have any documents in its possession, custody, or control.

14

15 **REQUEST NO. 67:**

16     Communications between 35.CN and ONLINENIC concerning the work performed
17 for ONLINENIC by employees of 35.CN.

18 **RESPONSE TO REQUEST NO. 67:**

19     Defendant objects to this Request as premised on a disputed fact. Defendant
20 objects to this Request on grounds of relevance, proportionality, and undue burden,
21 including as to the unlimited timeframe and as Plaintiffs have already obtained similar
22 discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous,
23 including as to "work performed" and "employees."

24     Subject to and without waiving the foregoing objections, Defendant responds as
25 follows: Defendant does not have any documents in its possession, custody, or control.

26

27 **REQUEST NO. 68:**

28     Communications between 35.CN and ONLINENIC concerning the work performed

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   for DOMAIN ID SHIELD by employees of 35.CN.

2   **RESPONSE TO REQUEST NO. 68:**

3   Defendant objects to this Request on grounds of relevance, proportionality, and

4   undue burden, including as to the unlimited timeframe and as Plaintiffs have already

5   obtained similar discovery from ID Shield. Defendant objects to this Request as vague and

6   ambiguous, including as to "work performed" and "employees."

7   Subject to and without waiving the foregoing objections, Defendant responds as

8   follows: Defendant does not have any documents in its possession, custody, or control.

9

10  **REQUEST NO. 69:**

11  Communications between 35.CN and any PERSON relating to any of the

12  INFRINGING DOMAIN NAMES.

13  **RESPONSE TO REQUEST NO. 69:**

14  Defendant objects to this Request as premised on a disputed fact and vague and

15  ambiguous, including as to "any PERSON" and "relating to." Defendant objects to this

16  Request to the extent it seeks privileged or work product information.

17  Subject to and without waiving the foregoing objections, Defendant responds as

18  follows: Defendant does not have any documents in its possession, custody, or control.

19

20  **REQUEST NO. 70:**

21  Communications between 35.CN and any PERSON relating to the registration of

22  any of the INFRINGING DOMAIN NAMES.

23  **RESPONSE TO REQUEST NO. 70:**

24  Defendant objects to this Request as premised on a disputed fact and vague and

25  ambiguous, including as to "any PERSON" and "relating to." Defendant objects to this

26  Request to the extent it seeks privileged or work product information.

27  Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Defendant does not have any documents in its possession, custody, or control.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 71:**

Communications between 35.CN and any PERSON relating to customer accounts associated with the INFRINGING DOMAIN NAMES.

**RESPONSE TO REQUEST NO. 71:**

Defendant objects to this Request as premised on a disputed fact and vague and ambiguous, including as to "any PERSON" and "relating to." Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 72:**

All agreements or contracts between ICANN and 35.CN.

**RESPONSE TO REQUEST NO. 72:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from ICANN. Defendant objects to this Request as vague and ambiguous, including as to "agreements or contracts."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████     █████     █████████     ████████     █████████

██████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 73:**

DOCUMENTS relating to agreements or contracts between ICANN and 35.CN.

**RESPONSE TO REQUEST NO. 73:**

Defendant objects to this Request on grounds of relevance, proportionality, and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from ICANN. Defendant objects to this Request as vague and ambiguous, including as to "relating to agreements or contracts."

Subject to and without waiving the foregoing objections, Defendant responds as follows:

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 74:**

Communications between ICANN and 35.CN since 2002.

**RESPONSE TO REQUEST NO. 74:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs have already obtained similar discovery from ICANN. Defendant objects to this Request as vague and ambiguous, including as to "Communications."

Subject to and without waiving the foregoing objections, Defendant responds as follows:

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 75:**

DOCUMENTS relating to any action by ICANN to enforce the RAA against 35.CN.

**RESPONSE TO REQUEST NO. 75:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from ICANN. Defendant objects to this Request as vague and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    ambiguous, including as to "relating to any action" and "enforce the RAA."

2         Subject to and without waiving the foregoing objections, Defendant responds as

3    follows: ████████████████████████████████████████████████

4    █████████████████████████████████████████████████████████

5    ███████████

6         **THIS RESPONSE IS CONFIDENTIAL.**

7

8    **REQUEST NO. 76:**

9         DOCUMENTS relating to any prior actions or complaints concerning cybersquatting

10   filed against or by 35.CN in a United States Federal or State Court or before any

11   administrative tribunal since 2007.

12   **RESPONSE TO REQUEST NO. 76:**

13        Defendant objects to this Request as vague and ambiguous, including as to "any

14   prior actions or complaints concerning."

15        Subject to and without waiving the foregoing objections, Defendant responds as

16   follows: Defendant does not have any documents in its possession, custody, or control.

17

18   **REQUEST NO. 77:**

19        DOCUMENTS relating to any prior actions or complaints concerning online abuse,

20   including trademark or service mark infringement, false designation of origin,

21   cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed

22   against or by 35.CN in a United States Federal or State Court or before any administrative

23   tribunal since 2007.

24   **RESPONSE TO REQUEST NO. 77:**

25        Defendant objects to this Request as vague and ambiguous, including as to "any

26   prior actions or complaints concerning."

27        Subject to and without waiving the foregoing objections, Defendant responds as

28   follows: Defendant does not have any documents in its possession, custody, or control.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

2    **REQUEST NO. 78:**

3        DOCUMENTS relating to any prior actions or complaints concerning cybersquatting

4    filed against or by ONLINENIC in a United States Federal or State Court or before any

5    administrative tribunal since 2007.

6    **RESPONSE TO REQUEST NO. 78:**

7        Defendant objects to this Request on grounds of relevance, proportionality, and

8    undue burden, including as to the timeframe and as Plaintiffs have already obtained similar

9    discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous,

10   including as to "any prior actions or complaints concerning."

11       Subject to and without waiving the foregoing objections, Defendant responds as

12   follows: ███████████████████████████████████████████████

13   ███████████████████████████████████████████████████████

14   ███████████████████████████████████████████████████████

15   ███████████████████████████████████████████████████████

16   ███████████████████████████████████████████████████████

17   ████    ████████    ██████    ██████    ████████    ██████████

18   ████████

19   **THIS RESPONSE IS CONFIDENTIAL.**

20

21   **REQUEST NO. 79:**

22       DOCUMENTS relating to any prior actions or complaints concerning online abuse,

23   including   trademark   or   service   mark   infringement,   false   designation   of   origin,

24   cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed

25   against or by ONLINENIC in a United States Federal or State Court or before any

26   administrative tribunal SINCE 2007.

27   **RESPONSE TO REQUEST NO. 79:**

28       Defendant objects to this Request on grounds of relevance, proportionality, and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

undue burden, including as to the timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to "any prior actions or complaints concerning."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███    █████    ███    ███    ████    █████    ██████████

███████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 80:**

DOCUMENTS relating to any prior actions or complaints concerning cybersquatting filed against or by DOMAIN ID SHIELD in a United States Federal or State Court or before any administrative tribunal since 2007.

**RESPONSE TO REQUEST NO. 80:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs have already made similar requests to ID Shield. Defendant objects to this Request as vague and ambiguous, including as to "any prior actions or complaints concerning."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control, provided that other Defendants have referred to OnlineNIC225791-OnlineNIC252185 in response to discovery about actions relating to ID Shield.

//

**DEF'S FURTHER AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 81:**

2      DOCUMENTS relating to any prior actions or complaints concerning online abuse,

3  including trademark or service mark infringement, false designation of origin,

4  cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed

5  against or by DOMAIN ID SHIELD in a United States Federal or State Court or before any

6  administrative tribunal SINCE 2007.

7  **RESPONSE TO REQUEST NO. 81:**

8      Defendant objects to this Request on grounds of relevance, proportionality, and

9  undue burden, including as to the timeframe and as Plaintiffs have already made similar

10  requests to ID Shield. Defendant objects to this Request as vague and ambiguous,

11  including as to "any prior actions or complaints concerning."

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Defendant does not have any documents in its possession, custody, or control,

14  provided that other Defendants have referred to OnlineNIC225791-OnlineNIC252185 in

15  response to discovery about actions relating to ID Shield.

16

17  **REQUEST NO. 82:**

18      Communications between 35.CN and ONLINENIC concerning Meta Platforms, Inc.

19  (f/k/a Facebook, Inc.).

20  **RESPONSE TO REQUEST NO. 82:**

21      Defendant objects to this Request on grounds of relevance, proportionality, and

22  undue burden, including as to the unlimited timeframe and as Plaintiffs have already

23  obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague

24  and ambiguous, including as to "Communications" and "concerning Meta Platforms, Inc."

25      Subject to and without waiving the foregoing objections, Defendant responds as

26  follows: Defendant does not have any documents in its possession, custody, or control.

27

28  //

1  **REQUEST NO. 83:**

2     Communications between 35.CN and ONLINENIC concerning Instagram, LLC.

3  **RESPONSE TO REQUEST NO. 83:**

4     Defendant objects to this Request on grounds of relevance, proportionality, and

5  undue burden, including as to the unlimited timeframe and as Plaintiffs have already

6  obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague

7  and ambiguous, including as to "Communications" and "concerning Instagram."

8     Subject to and without waiving the foregoing objections, Defendant responds as

9  follows: Defendant does not have any documents in its possession, custody, or control.

10

11  **REQUEST NO. 84:**

12     Communications between 35.CN and ONLINENIC concerning this lawsuit.

13  **RESPONSE TO REQUEST NO. 84:**

14     Defendant objects to this Request on grounds of relevance, proportionality, and

15  undue burden, including as to the unlimited timeframe and as Plaintiffs have already

16  obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague

17  and ambiguous, including as to "Communications" and "concerning." Defendant objects to

18  this Request to the extent it seeks privileged or work product information.

19     Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant does not have any non-privileged documents in its possession,

21  custody, or control.

22

23  **REQUEST NO. 85:**

24     Communications between 35.CN and ICANN concerning this lawsuit.

25  **RESPONSE TO REQUEST NO. 85:**

26     Defendant objects to this Request as vague and ambiguous, including as to

27  "Communications" and "concerning."

28     Subject to and without waiving the foregoing objections, Defendant responds as

1 | follows: Defendant does not have any documents in its possession, custody, or control.

2

3 | **REQUEST NO. 86:**

4 | Communications between 35.CN and any PERSON concerning this lawsuit.

5 | **RESPONSE TO REQUEST NO. 86:**

6 | Defendant objects to this Request as vague and ambiguous, including as to
7 | "Communications" and "concerning." Defendant objects to this Request to the extent it
8 | seeks privileged or work product information.

9 | Subject to and without waiving the foregoing objections, Defendant responds as
10 | follows: Defendant does not have any non-privileged documents in its possession,
11 | custody, or control.

12

13 | **REQUEST NO. 87:**

14 | DOCUMENTS that IDENTIFY the source of funds used to pay employees of 35.CN
15 | that perform work for ONLINENIC.

16 | **RESPONSE TO REQUEST NO. 87:**

17 | Defendant objects to this Request on grounds of relevance, proportionality, and
18 | undue burden, including as to the unlimited timeframe and as OnlineNIC has already
19 | responded to similar discovery. Defendant objects to this Request as vague and
20 | ambiguous, including as to "source of funds," "employees," and "work."

21 | Subject to and without waiving the foregoing objections, Defendant responds as
22 | follows: Defendant does not have any documents in its possession, custody, or control.
23 | Defendant further refers to OnlineNIC's response to a similar RFP No. 72.

24

25 | **REQUEST NO. 88:**

26 | DOCUMENTS that IDENTIFY the source of funds used to pay employees of
27 | ONLINENIC.

28 | //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 88:**

2      Defendant objects to this Request on grounds of relevance, proportionality, and

3  undue burden, including as to the unlimited timeframe and as OnlineNIC has already

4  responded to similar discovery. Defendant objects to this Request as vague and

5  ambiguous, including as to "source of funds" and "employees."

6      Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: Defendant does not have any documents in its possession, custody, or control.

8  Defendant further refers to OnlineNIC's response to a similar RFP No. 72.

9

10  **REQUEST NO. 89:**

11      DOCUMENTS that IDENTIFY the source of funds used to pay employees of

12  DOMAIN ID SHIELD.

13  **RESPONSE TO REQUEST NO. 89:**

14      Defendant objects to this Request on grounds of relevance, proportionality, and

15  undue burden, including as to the unlimited timeframe and as OnlineNIC has already

16  responded to similar discovery. Defendant objects to this Request as vague and

17  ambiguous, including as to "source of funds" and "employees."

18      Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Defendant does not have any documents in its possession, custody, or control.

20  Defendant further refers to OnlineNIC's response to a similar RFP No. 71.

21

22  **REQUEST NO. 90:**

23      DOCUMENTS that IDENTIFY the source of funds used to form 35.CN.

24  **RESPONSE TO REQUEST NO. 90:**

25      Defendant objects to this Request to the extent Chinese law requires authorization

26  from the Chinese government. Defendant objects to this Request on grounds of relevance.

27  Defendant objects to this Request as vague and ambiguous, including as to "source of

28  funds used to form."

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   Subject to and without waiving the foregoing objections, Defendant responds as

2   follows: Defendant will produce any responsive documents in its possession, custody, or

3   control or a privilege log if applicable.

4

5   **REQUEST NO. 91:**

6   DOCUMENTS that IDENTIFY the source of funds used to form ONLINENIC.

7   **RESPONSE TO REQUEST NO. 91:**

8   Defendant objects to this Request on grounds of relevance, proportionality, and

9   undue burden, including as OnlineNIC has already responded to similar discovery.

10  Defendant objects to this Request as vague and ambiguous, including as to "source of

11  funds used to form."

12  Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Defendant does not have any documents in its possession, custody, or control.

14  Defendant further refers to OnlineNIC's response to a similar RFP No. 73.

15

16  **REQUEST NO. 92:**

17  DOCUMENTS that IDENTIFY the source of funds used to form DOMAIN ID

18  SHIELD.

19  **RESPONSE TO REQUEST NO. 92:**

20  Defendant objects to this Request on grounds of relevance, proportionality, and

21  undue burden, including as OnlineNIC has already responded to similar discovery.

22  Defendant objects to this Request as vague and ambiguous, including as to "source of

23  funds used to form."

24  Subject to and without waiving the foregoing objections, Defendant responds as

25  follows: Defendant does not have any documents in its possession, custody, or control.

26  Defendant further refers to OnlineNIC's response to a similar RFP No. 76.

27

28  //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**KRONENBERGER ROSENFELD**
150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 93:**

2      DOCUMENTS reflecting funds transferred between 35.CN and ONLINENIC at any

3  time.

4  **RESPONSE TO REQUEST NO. 93:**

5      Defendant objects to this Request on grounds of relevance, proportionality, and

6  undue burden, including as to the unlimited timeframe and as Plaintiffs have already

7  obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague

8  and ambiguous, including as to "reflecting funds transferred."

9      Subject to and without waiving the foregoing objections, Defendant responds as

10 follows: ███████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████

14 █████████████████████████

15      **THIS RESPONSE IS CONFIDENTIAL.**

16

17 **REQUEST NO. 94:**

18      DOCUMENTS reflecting funds transferred between 35.CN and DOMAIN ID

19 SHIELD at any time.

20 **RESPONSE TO REQUEST NO. 94:**

21      Defendant objects to this Request on grounds of relevance, proportionality, and

22 undue burden, including as to the unlimited timeframe and as Plaintiffs have already sought

23 similar discovery from ID Shield. Defendant objects to this Request as vague and

24 ambiguous, including as to "reflecting funds transferred."

25      Subject to and without waiving the foregoing objections, Defendant responds as

26 follows: Defendant does not have any documents in its possession, custody, or control.

27

28 //

**REQUEST NO. 95:**

DOCUMENTS reflecting payments made by 35.CN for the benefit of ONLINENIC at any time.

**RESPONSE TO REQUEST NO. 95:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting payments made" and "for the benefit of."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 96:**

DOCUMENTS reflecting payments made by 35.CN for the benefit of DOMAIN ID SHIELD at any time.

**RESPONSE TO REQUEST NO. 96:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting payments made" and "for the benefit of."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 97:**

DOCUMENTS reflecting all payments made by ONLINENIC to 35.CN since 2007.

**RESPONSE TO REQUEST NO. 97:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to "reflecting all payments made."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 98:**

DOCUMENTS reflecting all payments made by DOMAIN ID SHIELD to 35.CN since 2007.

**RESPONSE TO REQUEST NO. 98:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting all payments made."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 99:**

DOCUMENTS reflecting all payments made by 35.CN to or on behalf of ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 99:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to "reflecting all payments made."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **THIS RESPONSE IS CONFIDENTIAL.**

2

3    **REQUEST NO. 100:**

4    DOCUMENTS reflecting all payments made by 35.CN to or on behalf of DOMAIN

5    ID SHIELD since 2007.

6    **RESPONSE TO REQUEST NO. 100:**

7    Defendant objects to this Request as vague and ambiguous, including as to

8    "reflecting all payments made."

9    Subject to and without waiving the foregoing objections, Defendant responds as

10    follows: Defendant does not have any documents in its possession, custody, or control.

11

12    **REQUEST NO. 101:**

13    DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to

14    or on behalf of ONLINENIC since 2007.

15    **RESPONSE TO REQUEST NO. 101:**

16    Defendant objects to this Request as vague and ambiguous, including as to

17    "reflecting all payments made by officers and/or directors" and "on behalf of."

18    Subject to and without waiving the foregoing objections, Defendant responds as

19    follows: Defendant does not have any documents in its possession, custody, or control.

20

21    **REQUEST NO. 102:**

22    DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to

23    or on behalf of DOMAIN ID SHIELD since 2007.

24    **RESPONSE TO REQUEST NO. 102:**

25    Defendant objects to this Request as vague and ambiguous, including as to

26    "reflecting all payments made by officers and/or directors" and "on behalf of."

27    Subject to and without waiving the foregoing objections, Defendant responds as

28    follows: Defendant does not have any documents in its possession, custody, or control.

1

**REQUEST NO. 103:**

DOCUMENTS reflecting all payments made by shareholders of 35.CN to or on behalf of ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 103:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting all payments made by shareholders" and "on behalf of."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 104:**

DOCUMENTS reflecting all payments made by shareholders of 35.CN to or on behalf of DOMAIN ID SHIELD since 2007.

**RESPONSE TO REQUEST NO. 104:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting all payments made by shareholders" and "on behalf of."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 105:**

DOCUMENTS reflecting loans made by ONLINENIC to 35.CN since 2007.

**RESPONSE TO REQUEST NO. 105:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting loans."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 106:**

DOCUMENTS reflecting loans made by DOMAIN ID SHIELD to 35.CN since 2007.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

**RESPONSE TO REQUEST NO. 106:**

2      Defendant objects to this Request as vague and ambiguous, including as to

3  "reflecting loans."

4      Subject to and without waiving the foregoing objections, Defendant responds as

5  follows: Defendant does not have any documents in its possession, custody, or control.

6

7  **REQUEST NO. 107:**

8      DOCUMENTS reflecting loans made by officers and/or directors of ONLINENIC to

9  35.CN since 2007.

10 **RESPONSE TO REQUEST NO. 107:**

11     Defendant objects to this Request as vague and ambiguous, including as to

12 "reflecting loans made by officers and/or directors."

13     Subject to and without waiving the foregoing objections, Defendant responds as

14 follows: Defendant does not have any documents in its possession, custody, or control.

15

16 **REQUEST NO. 108:**

17     DOCUMENTS reflecting loans made by officers and/or directors of DOMAIN ID

18 SHIELD to 35.CN since 2007.

19 **RESPONSE TO REQUEST NO. 108:**

20     Defendant objects to this Request as vague and ambiguous, including as to

21 "reflecting loans made by officers and/or directors."

22     Subject to and without waiving the foregoing objections, Defendant responds as

23 follows: Defendant does not have any documents in its possession, custody, or control.

24

25 **REQUEST NO. 109:**

26     DOCUMENTS reflecting loans made by 35.CN to ONLINENIC since 2007.

27 **RESPONSE TO REQUEST NO. 109:**

28     Defendant objects to this Request as vague and ambiguous, including as to

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  "reflecting loans."

2        Subject to and without waiving the foregoing objections, Defendant responds as
3  follows: Defendant does not have any documents in its possession, custody, or control.

4

5  **REQUEST NO. 110:**

6        DOCUMENTS reflecting loans made by 35.CN to DOMAIN ID SHIELD since 2007.

7  **RESPONSE TO REQUEST NO. 110:**

8        Defendant objects to this Request as vague and ambiguous, including as to
9  "reflecting loans."

10        Subject to and without waiving the foregoing objections, Defendant responds as
11  follows: Defendant does not have any documents in its possession, custody, or control.

12

13  **REQUEST NO. 111:**

14        DOCUMENTS reflecting loans made by officers and/or directors of 35.CN to
15  ONLINENIC since 2007.

16  **RESPONSE TO REQUEST NO. 111:**

17        Defendant objects to this Request as vague and ambiguous, including as to
18  "reflecting loans made by officers and/or directors."

19        Subject to and without waiving the foregoing objections, Defendant responds as
20  follows: Defendant does not have any documents in its possession, custody, or control.

21

22  **REQUEST NO. 112:**

23        DOCUMENTS reflecting loans made by officers and/or directors of 35.CN to
24  DOMAIN ID SHIELD since 2007.

25  **RESPONSE TO REQUEST NO. 112:**

26        Defendant objects to this Request as vague and ambiguous, including as to
27  "reflecting loans made by officers and/or directors."

28        Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1   follows: Defendant does not have any documents in its possession, custody, or control.

2

3   **REQUEST NO. 113:**

4       DOCUMENTS reflecting loans made by shareholders of 35.CN to ONLINENIC

5   since 2007.

6   **RESPONSE TO REQUEST NO. 113:**

7       Defendant objects to this Request as vague and ambiguous, including as to

8   "reflecting loans made by shareholders."

9       Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: Defendant does not have any documents in its possession, custody, or control.

11

12  **REQUEST NO. 114:**

13      DOCUMENTS reflecting loans made by shareholders of 35.CN to DOMAIN ID

14  SHIELD since 2007.

15  **RESPONSE TO REQUEST NO. 114:**

16      Defendant objects to this Request as vague and ambiguous, including as to

17  "reflecting loans made by shareholders."

18      Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Defendant does not have any documents in its possession, custody, or control.

20

21  **REQUEST NO. 115:**

22      DOCUMENTS reflecting investments made by 35.CN to ONLINENIC since 2007.

23  **RESPONSE TO REQUEST NO. 115:**

24      Defendant objects to this Request as vague and ambiguous, including as to

25  "reflecting investments."

26      Subject to and without waiving the foregoing objections, Defendant responds as

27  follows: Defendant does not have any documents in its possession, custody, or control.

28

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 116:**

DOCUMENTS reflecting investments made by 35.CN to DOMAIN ID SHIELD since 2007.

**RESPONSE TO REQUEST NO. 116:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting investments."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 117:**

DOCUMENTS reflecting investments made by officers and/or directors of 35.CN to ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 117:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting investments made by officers and/or directors."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 118:**

DOCUMENTS reflecting investments made by officers and/or directors of 35.CN to DOMAIN ID SHIELD since 2007.

**RESPONSE TO REQUEST NO. 118:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting investments made by officers and/or directors."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 119:**

2    DOCUMENTS reflecting investments made by shareholders of 35.CN to

3    ONLINENIC since 2007.

4    **RESPONSE TO REQUEST NO. 119:**

5    Defendant objects to this Request as vague and ambiguous, including as to

6    "reflecting investments made by shareholders."

7    Subject to and without waiving the foregoing objections, Defendant responds as

8    follows: Defendant does not have any documents in its possession, custody, or control.

9

10    **REQUEST NO. 120:**

11    DOCUMENTS reflecting investments made by shareholders of 35.CN to DOMAIN

12    ID SHIELD since 2007.

13    **RESPONSE TO REQUEST NO. 120:**

14    Defendant objects to this Request as vague and ambiguous, including as to

15    "reflecting investments made by shareholders."

16    Subject to and without waiving the foregoing objections, Defendant responds as

17    follows: Defendant does not have any documents in its possession, custody, or control.

18

19    **REQUEST NO. 121:**

20    DOCUMENTS reflecting all payments made by 35.CN to Rex Liu since 2007.

21    **RESPONSE TO REQUEST NO. 121:**

22    Defendant objects to this Request as vague and ambiguous, including as to

23    "reflecting all payments made by 35.CN."

24    Subject to and without waiving the foregoing objections, Defendant responds as

25    follows: Defendant does not have any documents in its possession, custody, or control.

26

27    **REQUEST NO. 122:**

28    DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  Rex Liu since 2007.

2  **RESPONSE TO REQUEST NO. 122:**

3      Defendant objects to this Request as vague and ambiguous, including as to

4  "reflecting all payments made by officers and/or directors."

5      Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: Defendant does not have any documents in its possession, custody, or control.

7

8  **REQUEST NO. 123:**

9      DOCUMENTS reflecting all payments made by shareholders of 35.CN to Rex Liu

10 since 2007.

11 **RESPONSE TO REQUEST NO. 123:**

12     Defendant objects to this Request as vague and ambiguous, including as to

13 "reflecting all payments made by shareholders."

14     Subject to and without waiving the foregoing objections, Defendant responds as

15 follows: Defendant does not have any documents in its possession, custody, or control.

16

17 **REQUEST NO. 124:**

18     DOCUMENTS reflecting all payments made by ONLINENIC and DOMAIN ID

19 SHIELD to GONG since 2007.

20 **RESPONSE TO REQUEST NO. 124:**

21     Defendant objects to this Request as vague and ambiguous, including as to "all

22 payments made" and as it is compound. Defendant objects to this Request as non-

23 proportional as it seeks information from other parties and an individual third party.

24     Subject to and without waiving the foregoing objections, Defendant responds as

25 follows: Defendant does not have any documents in its possession, custody, or control.

26

27 **REQUEST NO. 125:**

28     DOCUMENTS reflecting all payments made by GONG to or on behalf of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    ONLINENIC and DOMAIN ID SHIELD since 2007.

2    **RESPONSE TO REQUEST NO. 125:**

3    　　　Defendant objects to this Request as vague and ambiguous, including as to "all

4    payments made" and as it is compound. Defendant objects to this Request as non-

5    proportional as it seeks information from other parties and an individual third party.

6    　　　Subject to and without waiving the foregoing objections, Defendant responds as

7    follows: Defendant does not have any documents in its possession, custody, or control.

8

9    **REQUEST NO. 126:**

10   　　　DOCUMENTS reflecting loans made by ONLINENIC and DOMAIN ID SHIELD to

11   GONG since 2007.

12   **RESPONSE TO REQUEST NO. 126:**

13   　　　Defendant objects to this Request as vague and ambiguous, including as to

14   "reflecting loans" and as it is compound. Defendant objects to this Request as non-

15   proportional as it seeks information from other parties and an individual third party.

16   　　　Subject to and without waiving the foregoing objections, Defendant responds as

17   follows: Defendant does not have any documents in its possession, custody, or control.

18

19   **REQUEST NO. 127:**

20   　　　DOCUMENTS reflecting loans made by GONG to ONLINENIC and DOMAIN ID

21   SHIELD since 2007.

22   **RESPONSE TO REQUEST NO. 127:**

23   　　　Defendant objects to this Request as vague and ambiguous, including as to

24   "reflecting loans" and as it is compound. Defendant objects to this Request as non-

25   proportional as it seeks information from other parties and an individual third party.

26   　　　Subject to and without waiving the foregoing objections, Defendant responds as

27   follows: Defendant does not have any documents in its possession, custody, or control.

28

1    **REQUEST NO. 128:**

2        DOCUMENTS reflecting the loan by Sun Shaofeng to ONLINENIC in 2009.

3    **RESPONSE TO REQUEST NO. 128:**

4        Defendant objects to this Request as vague and ambiguous, including as to

5    "reflecting the loan." Defendant objects to this Request as non-proportional as it seeks

6    information from OnlineNIC and an individual third party.

7        Subject to and without waiving the foregoing objections, Defendant responds as

8    follows: Defendant does not have any documents in its possession, custody, or control.

9

10   **REQUEST NO. 129:**

11       DOCUMENTS sufficient to show why Sun Shaofeng loaned money to ONLINENIC

12   in 2009.

13   **RESPONSE TO REQUEST NO. 129:**

14       Defendant objects to this Request as vague and ambiguous, including as to "loaned

15   money." Defendant objects to this Request as non-proportional as it seeks information from

16   OnlineNIC and an individual third party.

17       Subject to and without waiving the foregoing objections, Defendant responds as

18   follows: Defendant does not have any documents in its possession, custody, or control.

19

20   **REQUEST NO. 130:**

21       Communications between Sun Shaofeng and 35.CN regarding Sun Shaofeng's

22   loan to ONLINENIC in 2009.

23   **RESPONSE TO REQUEST NO. 130:**

24       Defendant objects to this Request as vague and ambiguous, including as to

25   "Communications" and "regarding Sun Shaofeng's loan."

26       Subject to and without waiving the foregoing objections, Defendant responds as

27   follows: Defendant does not have any documents in its possession, custody, or control.

28

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1   **REQUEST NO. 131:**

2       Communications between Sun Shaofeng and GONG regarding Sun Shaofeng's

3   loan to ONLINENIC in 2009.

4   **RESPONSE TO REQUEST NO. 131:**

5       Defendant objects to this Request as vague and ambiguous, including as to

6   "Communications" and "regarding Sun Shaofeng's loan." Defendant objects to this

7   Request as non-proportional as it seeks information from third parties.

8       Subject to and without waiving the foregoing objections, Defendant responds as

9   follows: Defendant does not have any documents in its possession, custody, or control.

10

11  **REQUEST NO. 132:**

12      DOCUMENTS sufficient to show the business relationship between Sun Shaofeng

13  and 35.CN.

14  **RESPONSE TO REQUEST NO. 132:**

15      Defendant objects to this Request as vague and ambiguous, including as to

16  "business relationship."

17      Subject to and without waiving the foregoing objections, Defendant responds as

18  follows: Defendant does not have any documents in its possession, custody, or control.

19

20  **REQUEST NO. 133:**

21      DOCUMENTS sufficient to show the business and/or personal relationship between

22  Sun Shaofeng and GONG.

23  **RESPONSE TO REQUEST NO. 133:**

24      Defendant objects to this Request as vague and ambiguous, including as to

25  "business and/or personal relationship." Defendant objects to this Request as non-

26  proportional as it seeks information from third parties.

27      Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Defendant does not have any documents in its possession, custody, or control.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

**REQUEST NO. 134:**

DOCUMENTS sufficient to show the business and/or personal relationship between Rex Liu and GONG.

**RESPONSE TO REQUEST NO. 134:**

Defendant objects to this Request as vague and ambiguous, including as to "business and/or personal relationship." Defendant objects to this Request as non-proportional as it seeks information from third parties.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 135:**

DOCUMENTS sufficient to show the business relationship between Rex Liu and 35.CN.

**RESPONSE TO REQUEST NO. 135:**

Defendant objects to this Request as vague and ambiguous, including as to "business relationship."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 136:**

DOCUMENTS sufficient to show the business relationship between Rex Liu and ONLINENIC.

**RESPONSE TO REQUEST NO. 136:**

Defendant objects to this Request as vague and ambiguous, including as to "business relationship." Defendant objects to this Request as non-proportional as it seeks information from OnlineNIC and an individual third party.

Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    follows: Defendant does not have any documents in its possession, custody, or control.

2

3    **REQUEST NO. 137:**

4        DOCUMENTS sufficient to show the business relationship between Rex Liu and

5    DOMAIN ID SHIELD.

6    **RESPONSE TO REQUEST NO. 137:**

7        Defendant objects to this Request as vague and ambiguous, including as to

8    "business relationship." Defendant objects to this Request as non-proportional as it seeks

9    information from ID Shield and an individual third party.

10        Subject to and without waiving the foregoing objections, Defendant responds as

11    follows: Defendant does not have any documents in its possession, custody, or control.

12

13    **REQUEST NO. 138:**

14        DOCUMENTS reflecting the loan by South Pacific Holdings Group to ONLINENIC

15    through Kennedy's Legal in 2019.

16    **RESPONSE TO REQUEST NO. 138:**

17        Defendant objects to this Request as vague and ambiguous, including as to

18    "reflecting the loan." Defendant objects to this Request as non-proportional as it seeks

19    information from OnlineNIC and a third party.

20        Subject to and without waiving the foregoing objections, Defendant responds as

21    follows: Defendant does not have any documents in its possession, custody, or control.

22

23    **REQUEST NO. 139:**

24        DOCUMENTS sufficient to show why South Pacific Holdings Group loaned money

25    to ONLINENIC through Kennedy's Legal in 2019.

26    **RESPONSE TO REQUEST NO. 139:**

27        Defendant objects to this Request as vague and ambiguous, including as to "show

28    why" and "loaned money." Defendant objects to this Request as non-proportional as it

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  seeks information from OnlineNIC and a third party.

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant does not have any documents in its possession, custody, or control.

4

5  **REQUEST NO. 140:**

6      DOCUMENTS sufficient to IDENTIFY the members of South Pacific Holdings Group

7  in 2019.

8  **RESPONSE TO REQUEST NO. 140:**

9      Defendant objects to this Request as vague and ambiguous, including as to

10  "members." Defendant objects to this Request as non-proportional as it seeks information

11  from a third party.

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Defendant does not have any documents in its possession, custody, or control.

14

15  **REQUEST NO. 141:**

16      Communications between South Pacific Holdings Group and 35.CN regarding

17  South Pacific Holdings Group's loan to ONLINENIC through Kennedy's Legal in 2019.

18  **RESPONSE TO REQUEST NO. 141:**

19      Defendant objects to this Request as vague and ambiguous, including as to

20  "Communications" and "loan." Defendant objects to this Request as non-proportional as it

21  seeks information from OnlineNIC and a third party.

22      Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Defendant does not have any documents in its possession, custody, or control.

24

25  **REQUEST NO. 142:**

26      Communications between South Pacific Holdings Group and GONG regarding

27  South Pacific Holding Group's loan to ONLINENIC through Kennedy's Legal in 2019.

28  **RESPONSE TO REQUEST NO. 142:**

1   Defendant objects to this Request as vague and ambiguous, including as to

2   "Communications" and "loan." Defendant objects to this Request as non-proportional as it

3   seeks information from OnlineNIC and a third party.

4   Subject to and without waiving the foregoing objections, Defendant responds as

5   follows: Defendant does not have any documents in its possession, custody, or control.

6

7   **REQUEST NO. 143:**

8   DOCUMENTS sufficient to show the business relationship between South Pacific

9   Holdings Group and 35.CN.

10  **RESPONSE TO REQUEST NO. 143:**

11  Defendant objects to this Request as vague and ambiguous, including as to

12  "business relationship."

13  Subject to and without waiving the foregoing objections, Defendant responds as

14  follows: Defendant does not have any documents in its possession, custody, or control.

15

16  **REQUEST NO. 144:**

17  DOCUMENTS sufficient to show the business relationship between South Pacific

18  Holdings Group and GONG.

19  **RESPONSE TO REQUEST NO. 144:**

20  Defendant objects to this Request as vague and ambiguous, including as to

21  "business relationship."

22  Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Defendant does not have any documents in its possession, custody, or control.

24

25  **REQUEST NO. 145:**

26  DOCUMENTS reflecting all payments made by 35.CN to Perry Narancic since

27  2007.

28  //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **RESPONSE TO REQUEST NO. 145:**

2        Defendant objects to this Request as vague and ambiguous, including as to "all
3    payments."

4        Subject to and without waiving the foregoing objections, Defendant responds as
5    follows: Defendant does not have any documents in its possession, custody, or control.

6

7    **REQUEST NO. 146:**

8        DOCUMENTS supporting 35.CN's responses to First Set of Interrogatories
9    propounded to 35.CN.

10   **RESPONSE TO REQUEST NO. 146:**

11       Defendant objects to this Request to the extent Chinese law requires authorization
12   from the Chinese government. Defendant objects to this Request as overbroad and unduly
13   burdensome, including as it requests all documents and is thus not proportional to the
14   needs of the case. Defendant objects to this Request as seeking privileged and/or work
15   product documents. Defendant objects to this Request as premature as discovery and
16   investigation are ongoing. Defendant objects to this Request to the extent it seeks legal or
17   expert conclusions or opinions.

18       Subject to and without waiving the foregoing objections, Defendant responds as
19   follows: Defendant will produce non-privileged responsive documents in its possession,
20   custody, or control, subject to undue burden, proportionality, and privilege objections and
21   requests to meet and confer with Plaintiffs on the scope of this Request.

22

23   **REQUEST NO. 147:**

24       DOCUMENTS supporting 35.CN's denial of any Request For Admission in the First
25   Set of Requests for Admission propounded to 35.CN.

26   **RESPONSE TO REQUEST NO. 147:**

27       Defendant objects to this Request to the extent Chinese law requires authorization
28   from the Chinese government. Defendant objects to this Request as overbroad and unduly

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

burdensome, including as it requests all documents and is thus not proportional to the needs of the case. Defendant objects to this Request as seeking privileged and/or work product documents. Defendant objects to this Request as premature as discovery and investigation are ongoing. Defendant objects to this Request to the extent it seeks legal or expert conclusions or opinions.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce non-privileged responsive documents in its possession, custody, or control, subject to undue burden, proportionality, and privilege objections and requests to meet and confer with Plaintiffs on the scope of this Request.

Respectfully Submitted,

Dated: August 1, 2022                          **KRONENBERGER ROSENFELD, LLP**

By: _____ s/Karl S. Kronenberger _____
                              Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.