# Exhibit 2
# [REDACTED DOCUMENT REQUESTED TO BE SEALED]

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **META PLATFORMS, INC.**, et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>**ONLINENIC INC.**, et al.,<br><br>                Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S SECOND AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**<br><br><span style="color:red">**CONTAINS CONFIDENTIAL MATERIAL DESIGNATED UNDER THE PROTECTIVE ORDER**</span> |

**DEF'S SECOND AMENDED RESPS TO PLAINTIFFS' FIRST SET OF RFAS**

1  PROPOUNDING PARTY:        PLAINTIFFS META PLATFORMS, INC. F/K/A

2                           FACEBOOK, INC. AND INSTAGRAM, LLC

3  RESPONDING PARTY:         DEFENDANT XIAMEN 35.COM TECHNOLOGY CO.,

4                           LTD.

5  SET:                      ONE

6                     **PRELIMINARY STATEMENT**

7      Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") is

8  presently pursuing its investigation and analysis of the facts and law relating to this case,

9  and has not completed its discovery or preparation for trial. Therefore, the responses set

10 forth herein are given without prejudice to Defendant's right to produce evidence of any

11 subsequently discovered facts, writings, or interpretations thereof, or to modify, change,

12 or otherwise amend these responses. The information hereinafter set forth is true and

13 correct to the best knowledge of Defendant as of this date, and is subject to correction for

14 errors or omissions. These responses are based upon records and information presently

15 available to Defendant. Defendant undertakes no affirmative duty to supplement these

16 responses based upon further discovery and investigation other than as mandated by the

17 Federal Rules of Civil Procedure. References in a response to a preceding or subsequent

18 response incorporate the information and objections stated in the referenced response.

19      Defendant is making a diligent inquiry and reasonable search for these responses.

20      Defendant reserves the right to introduce at trial or in support of or in opposition to

21 any motion in this case any and all documents, information, and admissions heretofore

22 or hereafter produced by the parties in this action or by any third person. To the extent

23 that Defendant identifies certain writings or delineates facts contained within any writing

24 or otherwise, it does so without prejudice to establish at a later date any additional facts

25 that may be contained within or discovered as a result of any additional investigation and

26 discovery.

27      Inadvertent identification of privileged information or writings by Defendant does

28 not constitute a waiver of any applicable privilege. The information hereafter set forth

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    does not waive any objection, including relevance, to the admission of such information

2    in evidence.

3        This preliminary statement is incorporated into each and every response set forth

4    herein.

5        Subject to the foregoing conditions, Defendant objects and responds to Plaintiffs'

6    First Set of Requests for Admission (the "Requests") as follows:

7                                   **GENERAL OBJECTIONS**

8        1.    Defendant objects to the Requests because Chinese law requires application

9    of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters

10   ("Hague Convention"), including to have translated discovery documents, and

11   authorization from the Chinese government, including pursuant to Chinese data security

12   and privacy laws; nothing herein shall be deemed as a waiver of Defendant's rights, claims,

13   or contentions, including as related to these issues. Defendant refers to the meet-and-

14   confer letter sent to Plaintiffs' counsel on March 30, 2022 and Chinese counsel letter dated

15   June 16, 2022 and follow up communications.

16       2.    Defendant objects that Defendant is unable to verify discovery responses

17   without translated Requests.

18       3.    Defendant objects to the Requests to the extent that they purport to require

19   Defendant to provide information that is not reasonably available to Defendant through a

20   reasonable and good faith inquiry into its records and the knowledge of its employees.

21       4.    Defendant objects to the Requests to the extent any of them seek information

22   that is protected by the attorney-client privilege, the attorney work product doctrine, the

23   deliberative process privilege, the joint defense privilege, the privilege for negotiations

24   leading to settlement, or any other applicable privilege. Information protected by any such

25   privilege will not be produced. All such information will be withheld. Any inadvertent

26   production of such information shall not be deemed to waive any privilege or protection

27   with respect to such information.

28       5.    Defendant objects to the Requests to the extent that they seek information

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  protected or prohibited from disclosure under Federal, California, Chinese, or other

2  applicable law, including without limitation, the right of privacy, as well as any other

3  confidentiality rights possessed by third parties. All such information will be withheld.

4      6.      Defendant objects to the Requests to the extent that they seek information

5  in the possession, custody, or control of individuals or entities other than Defendant on the

6  grounds that each such Request is non-proportional to the case, unduly burdensome, and

7  oppressive, and such information is equally available to Plaintiffs. In particular, **OnlineNIC**

8  **and ID Shield have already responded to hundreds of written discovery requests.**

9      7.      Each of the foregoing General Objections is a continuing objection, which

10  Defendant incorporates by reference into each specific response to each of the Requests

11  below as if fully set forth herein.

12                    **RESPONSES TO REQUESTS FOR ADMISSION**

13  **REQUEST NO. 1:**

14      Admit that ONLINENIC uses employees of 35.CN to conduct work for ONLINENIC.

15  **RESPONSE TO REQUEST NO. 1:**

16      Defendant objects that this Request is premised on a misunderstanding and calls

17  for information from OnlineNIC, namely whether employees are in fact used for work.

18  Defendant objects to this Request as vague and ambiguous, including as to "uses

19  employees" and "conduct work for."

20      Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

22  agreement; Defendant denies the rest of the Request.

23

24  **REQUEST NO. 2:**

25      Admit that ONLINENIC used employees of 35.CN to conduct work for ONLINENIC.

26  **RESPONSE TO REQUEST NO. 2:**

27      Defendant objects that this Request is premised on a misunderstanding and calls

28  for information from OnlineNIC, namely whether employees were in fact used for work.

1  Defendant objects to this Request as vague and ambiguous, including as to "used

2  employees" and "conduct work for."

3      Subject to and without waiving the foregoing objections, Defendant responds as

4  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

5  agreement; Defendant denies the rest of the Request.

6

7  **REQUEST NO. 3:**

8      Admit that DOMAIN ID SHIELD uses employees of 35.CN to conduct work for

9  DOMAIN ID SHIELD.

10  **RESPONSE TO REQUEST NO. 3:**

11      Defendant objects that this Request is premised on a misunderstanding and calls

12  for information from ID Shield, namely whether employees are in fact used for work.

13  Defendant objects to this Request as vague and ambiguous, including as to "uses

14  employees" and "conduct work for."

15      Subject to and without waiving the foregoing objections, Defendant responds as

16  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

17  agreement; Defendant denies the rest of the Request.

18

19  **REQUEST NO. 4:**

20      Admit that DOMAINID SHIELD used employees of 35.CN to conduct work for

21  DOMAIN ID SHIELD.

22  **RESPONSE TO REQUEST NO. 4:**

23      Defendant objects that this Request is premised on a misunderstanding and calls

24  for information from ID Shield, namely whether employees were in fact used for work.

25  Defendant objects to this Request as vague and ambiguous, including as to "used

26  employees" and "conduct work for."

27      Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  agreement; Defendant denies the rest of the Request.

2

3  **REQUEST NO. 5:**

4      Admit that the day-to-day operations of ONLINENIC are carried out by employees

5  of 35.CN.

6  **RESPONSE TO REQUEST NO. 5:**

7      Defendant objects that this Request is premised on a misunderstanding and calls

8  for information from OnlineNIC and as OnlineNIC responded to a similar Request.

9  Defendant objects to this Request as vague and ambiguous, including as to "day-to-day

10  operations" and "carried out by employees of."

11      Subject to and without waiving the foregoing objections, Defendant responds as

12  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

13  agreement; Defendant denies the rest of the Request.

14

15  **REQUEST NO. 6:**

16      Admit that the day-to-day operations of ONLINENIC were carried out by employees

17  of 35.CN.

18  **RESPONSE TO REQUEST NO. 6:**

19      Defendant objects that this Request is premised on a misunderstanding and calls

20  for information from OnlineNIC and as OnlineNIC responded to a similar Request.

21  Defendant objects to this Request as vague and ambiguous, including as to "day-to-day

22  operations" and "carried out by employees of."

23      Subject to and without waiving the foregoing objections, Defendant responds as

24  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

25  agreement; Defendant denies the rest of the Request.

26

27  **REQUEST NO. 7:**

28      Admit that the day-to-day operations of DOMAIN ID SHIELD are carried out by

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  employees of 35.CN.

2  **RESPONSE TO REQUEST NO. 7:**

3      Defendant objects that this Request is premised on a misunderstanding and calls

4  for information from ID Shield and as ID Shield responded to a similar Request. Defendant

5  objects to this Request as vague and ambiguous, including as to "day-to-day operations"

6  and "carried out by employees of."

7      Subject to and without waiving the foregoing objections, Defendant responds as

8  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

9  agreement; Defendant denies the rest of the Request.

10

11  **REQUEST NO. 8:**

12      Admit that the day-to-day operations of DOMAIN ID SHIELD were carried out by

13  employees of 35.CN.

14  **RESPONSE TO REQUEST NO. 8:**

15      Defendant objects that this Request is premised on a misunderstanding and calls

16  for information from ID Shield and as ID Shield responded to a similar Request. Defendant

17  objects to this Request as vague and ambiguous, including as to "day-to-day operations"

18  and "carried out by employees of."

19      Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

21  agreement; Defendant denies the rest of the Request.

22

23  **REQUEST NO. 9:**

24      Admit that the technical support of ONLINENIC is carried out by employees of

25  35.CN.

26  **RESPONSE TO REQUEST NO. 9:**

27      Defendant objects that this Request is premised on a misunderstanding and calls

28  for information from OnlineNIC, namely how it operates support and uses individuals.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  Defendant objects to this Request as vague and ambiguous, including as to "technical
2  support" and "carried out by employees of."

3      Subject to and without waiving the foregoing objections, Defendant responds as
4  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing
5  agreement, including for technical support; Defendant denies the rest of the Request.

6

7  **REQUEST NO. 10:**

8      Admit that the technical support of ONLINENIC was carried out by employees of
9  35.CN.

10  **RESPONSE TO REQUEST NO. 10:**

11      Defendant objects that this Request is premised on a misunderstanding and calls
12  for information from OnlineNIC, namely how it operated support and used individuals.
13  Defendant objects to this Request as vague and ambiguous, including as to "technical
14  support" and "carried out by employees of."

15      Subject to and without waiving the foregoing objections, Defendant responds as
16  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing
17  agreement, including for technical support; Defendant denies the rest of the Request.

18

19  **REQUEST NO. 11:**

20      Admit that the technical support of DOMAIN ID SHIELD is carried out by employees
21  of 35.CN.

22  **RESPONSE TO REQUEST NO. 11:**

23      Defendant objects that this Request is premised on a misunderstanding and calls
24  for information from ID Shield, namely how it operates support and uses individuals.
25  Defendant objects to this Request as vague and ambiguous, including as to "technical
26  support" and "carried out by employees of."

27      Subject to and without waiving the foregoing objections, Defendant responds as
28  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

**DEF'S SECOND AMENDED RESPS TO
PLAINTIFFS' FIRST SET OF RFAS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  agreement; Defendant denies the rest of the Request.

2

3  **REQUEST NO. 12:**

4      Admit that the technical support of DOMAIN ID SHIELD was carried out by

5  employees of 35.CN.

6  **RESPONSE TO REQUEST NO. 12:**

7      Defendant objects that this Request is premised on a misunderstanding and calls

8  for information from ID Shield, namely how it operated support and used individuals.

9  Defendant objects to this Request as vague and ambiguous, including as to "technical

10 support" and "carried out by employees of."

11     Subject to and without waiving the foregoing objections, Defendant responds as

12 follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

13 agreement; Defendant denies the rest of the Request.

14

15 **REQUEST NO. 13:**

16     Admit that the customer support of ONLINENIC is carried out by employees of

17 35.CN.

18 **RESPONSE TO REQUEST NO. 13:**

19     Defendant objects that this Request is premised on a misunderstanding and calls

20 for information from OnlineNIC, namely how it operates support and uses individuals.

21 Defendant objects to this Request as vague and ambiguous, including as to "customer

22 support" and "carried out by employees of."

23     Subject to and without waiving the foregoing objections, Defendant responds as

24 follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

25 agreement, including for support services; Defendant denies the rest of the Request.

26

27 **REQUEST NO. 14:**

28     Admit that the customer support of ONLINENIC was carried out by employees of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    35.CN.

2    **RESPONSE TO REQUEST NO. 14:**

3         Defendant objects that this Request is premised on a misunderstanding and calls

4    for information from OnlineNIC, namely how it operated support and used individuals.

5    Defendant objects to this Request as vague and ambiguous, including as to "customer

6    support" and "carried out by employees of."

7         Subject to and without waiving the foregoing objections, Defendant responds as

8    follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

9    agreement, including for support services; Defendant denies the rest of the Request.

10

11   **REQUEST NO. 15:**

12        Admit that the customer support of DOMAIN ID SHIELD is carried out by employees

13   of 35.CN.

14   **RESPONSE TO REQUEST NO. 15:**

15        Defendant objects that this Request is premised on a misunderstanding and calls

16   for information from ID Shield, namely how it operates support and uses individuals.

17   Defendant objects to this Request as vague and ambiguous, including as to "customer

18   support" and "carried out by employees of."

19        Subject to and without waiving the foregoing objections, Defendant responds as

20   follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

21   agreement; Defendant denies the rest of the Request.

22

23   **REQUEST NO. 16:**

24        Admit that the customer support of DOMAIN ID SHIELD was carried out by

25   employees of 35.CN.

26   **RESPONSE TO REQUEST NO. 16:**

27        Defendant objects that this Request is premised on a misunderstanding and calls

28   for information from ID Shield, namely how it operated support and used individuals.

**DEF'S SECOND AMENDED RESPS TO
PLAINTIFFS' FIRST SET OF RFAS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  Defendant objects to this Request as vague and ambiguous, including as to "customer

2  support" and "carried out by employees of."

3      Subject to and without waiving the foregoing objections, Defendant responds as

4  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

5  agreement; Defendant denies the rest of the Request.

6

7  **REQUEST NO. 17:**

8      Admit that GONG was the incorporator and 100% owner of ONLINENIC.

9  **RESPONSE TO REQUEST NO. 17:**

10     Defendant objects that this Request calls for information from OnlineNIC and as

11  OnlineNIC has already responded to discovery relating to Gong.

12     Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Defendant admits that the translation of the initial public offering states that before

14  November 2007, as Defendant was informed by Gong Shaohui, OnlineNIC was 100%

15  owned by Gong Shaohui. Defendant lacks information to admit or deny the remaining part

16  of this Request; therefore, Defendant denies the remaining part of this Request.

17

18  **REQUEST NO. 18:**

19     Admit that at one point in time, GONG owned 100% of ONLINENIC while he was

20  the owner of 35.CN.

21  **RESPONSE TO REQUEST NO. 18:**

22     Defendant objects that this Request calls for information from OnlineNIC and as

23  OnlineNIC has already responded to discovery relating to Gong.

24     Subject to and without waiving the foregoing objections, Defendant responds as

25  follows: Defendant admits that the translation of the initial public offering states that before

26  November 2007, as Defendant was informed by Gong Shaohui, OnlineNIC was 100%

27  owned by Gong Shaohui; and Defendant admits that Gong had ownership interest in

28  Defendant, which went public about a decade before the claims in this case arose.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  Defendant lacks information to admit or deny the remaining part of this Request; therefore,

2  Defendant denies the remaining part of this Request.

3

4  **REQUEST NO. 19:**

5      Admit that in 2002, GONG owned 100% of ONLINENIC while he was the owner of

6  35.CN.

7  **RESPONSE TO REQUEST NO. 19:**

8      Defendant objects that this Request calls for information from OnlineNIC and as

9  OnlineNIC has already responded to discovery relating to Gong.

10     Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

12  denies this Request.

13

14  **REQUEST NO. 20:**

15     Admit that in 2003, GONG owned 100% of ONLINENIC while he was the owner of

16  35.CN.

17  **RESPONSE TO REQUEST NO. 20:**

18     Defendant objects that this Request calls for information from OnlineNIC and as

19  OnlineNIC has already responded to discovery relating to Gong.

20     Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

22  denies this Request.

23

24  **REQUEST NO. 21:**

25     Admit that in 2004, GONG owned 100% of ONLINENIC while he was the owner of

26  35.CN.

27  **RESPONSE TO REQUEST NO. 21:**

28     Defendant objects that this Request calls for information from OnlineNIC and as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  OnlineNIC has already responded to discovery relating to Gong.

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

4  denies this Request.

5

6  **REQUEST NO. 22:**

7      Admit that in 2005, GONG owned 100% of ONLINENIC while he was the owner of

8  35.CN.

9  **RESPONSE TO REQUEST NO. 22:**

10     Defendant objects that this Request calls for information from OnlineNIC and as

11 OnlineNIC has already responded to discovery relating to Gong.

12     Subject to and without waiving the foregoing objections, Defendant responds as

13 follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

14 denies this Request.

15

16 **REQUEST NO. 23:**

17     Admit that in 2006, GONG owned 100% of ONLINENIC while he was the owner of

18 35.CN.

19 **RESPONSE TO REQUEST NO. 23:**

20     Defendant objects that this Request calls for information from OnlineNIC and as

21 OnlineNIC has already responded to discovery relating to Gong.

22     Subject to and without waiving the foregoing objections, Defendant responds as

23 follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

24 denies this Request.

25

26 **REQUEST NO. 24:**

27     Admit that in 2007, GONG owned 100% of ONLINENIC while he was the owner of

28 35.CN.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 24:**

2      Defendant objects that this Request calls for information from OnlineNIC and as

3  OnlineNIC has already responded to discovery relating to Gong.

4      Subject to and without waiving the foregoing objections, Defendant responds as

5  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

6  denies this Request.

7

8  **REQUEST NO. 25:**

9      Admit that in 2008 GONG owned 100% of ONLINENIC while he was the owner of

10  35.CN.

11  **RESPONSE TO REQUEST NO. 25:**

12      Defendant objects that this Request calls for information from OnlineNIC and as

13  OnlineNIC has already responded to discovery relating to Gong.

14      Subject to and without waiving the foregoing objections, Defendant responds as

15  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

16  denies this Request.

17

18  **REQUEST NO. 26:**

19      Admit that in 2009, GONG owned 100% of ONLINENIC while he was the owner of

20  35.CN.

21  **RESPONSE TO REQUEST NO. 26:**

22      Defendant objects that this Request calls for information from OnlineNIC and as

23  OnlineNIC has already responded to discovery relating to Gong.

24      Subject to and without waiving the foregoing objections, Defendant responds as

25  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

26  denies this Request.

27

28  //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1   **REQUEST NO. 27:**

2       Admit that GONG is the majority shareholder of 35.CN.

3   **RESPONSE TO REQUEST NO. 27:**

4       Deny.

5

6   **REQUEST NO. 28:**

7       Admit that GONG was the 100% owner of ONLINENIC from 2009-2014.

8   **RESPONSE TO REQUEST NO. 28:**

9       Defendant objects that this Request is premised on a misunderstanding, namely an

10  error in certain records, and calls for information from OnlineNIC. Defendant objects to this

11  Request as vague and ambiguous, including as to the phrase "100% owner."

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Deny.

14

15  **REQUEST NO. 29:**

16      Admit that GONG sold ONLINENIC to Zhippo Chen in 2009.

17  **RESPONSE TO REQUEST NO. 29:**

18      Defendant objects that this Request calls for information from OnlineNIC and as

19  OnlineNIC has already responded to similar discovery. Defendant objects that this Request

20  is premised on a disputed fact, including a misstatement about the referenced sale.

21      Subject to and without waiving the foregoing objections, Defendant responds as

22  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

23  denies this Request.

24

25  **REQUEST NO. 30:**

26      Admit that GONG sold ONLINENIC to Rex Liu in 2007.

27  **RESPONSE TO REQUEST NO. 30:**

28      Defendant objects that this Request calls for information from OnlineNIC and as

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  OnlineNIC has already responded to similar discovery.

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant admits that the translation of the initial public offering states that in

4  November 2007, as Defendant was informed by Gong Shaohui, Gong Shaohui and Rex

5  W. Liu signed a Stock Purchase Agreement for OnlineNIC. Defendant lacks information to

6  admit or deny the remaining part of this Request; therefore, Defendant denies the

7  remaining part of this Request.

8

9  **REQUEST NO. 31:**

10      Admit that Rex Liu is not involved in the day-to-day operations of ONLINENIC.

11  **RESPONSE TO REQUEST NO. 31:**

12      Defendant objects that this Request calls for information from OnlineNIC. Defendant

13  objects to this Request as vague and ambiguous, including as to "day-to-day operations."

14      Subject to and without waiving the foregoing objections, Defendant responds as

15  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

16  denies this Request.

17

18  **REQUEST NO. 32:**

19      Admit that Rex Liu is not involved in the day-to-day operations of DOMAIN ID

20  SHIELD.

21  **RESPONSE TO REQUEST NO. 32:**

22      Defendant objects that this Request calls for information from ID Shield. Defendant

23  objects to this Request as vague and ambiguous, including as to "day-to-day operations."

24      Subject to and without waiving the foregoing objections, Defendant responds as

25  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

26  denies this Request.

27

28  **_//_**

**REQUEST NO. 33:**

Admit that Rex Liu is not involved in the policy decisions of ONLINENIC.

**RESPONSE TO REQUEST NO. 33:**

Defendant objects that this Request calls for information from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to "policy decisions."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request; therefore, Defendant denies this Request.

**REQUEST NO. 34:**

Admit that Rex Liu is not involved in the policy decisions of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 34:**

Defendant objects that this Request calls for information from ID Shield. Defendant objects to this Request as vague and ambiguous, including as to "policy decisions."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request; therefore, Defendant denies this Request.

**REQUEST NO. 35:**

Admit that Rex Liu does not oversee the management of ONLINENIC.

**RESPONSE TO REQUEST NO. 35:**

Defendant objects that this Request calls for information from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to "oversee the management of."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request; therefore, Defendant denies this Request.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 36:**

Admit that Rex Liu does not oversee the management of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 36:**

Defendant objects that this Request calls for information from ID Shield. Defendant objects to this Request as vague and ambiguous, including as to "oversee the management of."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request; therefore, Defendant denies this Request.

**REQUEST NO. 37:**

Admit that CARRIE YU is an employee of 35.CN.

**RESPONSE TO REQUEST NO. 37:**



**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 38:**

Admit that CARRIE YU is a director of 35.CN.

**RESPONSE TO REQUEST NO. 38:**

Defendant objects to this Request as non-proportional as Plaintiffs already took the deposition of Carrie Yu as a representative, July 13–14, 2021 (see pages 74:13–77:19). Defendant objects to this Request as vague and ambiguous as to the term "director," including as that term relates to and is used by a Chinese, rather than U.S., company.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 39:**

Admit that as a director of 35.CN, CARRIE YU runs 35.CN's software outsourcing

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  center.

2  **RESPONSE TO REQUEST NO. 39:**

3      Defendant objects to this Request as non-proportional as Plaintiffs already took the

4  deposition of Carrie Yu as a representative, July 13–14, 2021 (see pages 74:13–77:19).

5  Defendant objects to this Request as vague and ambiguous as to the term "director,"

6  including as that term relates to and is used by a Chinese, rather than U.S., company, and

7  as to the phrase "runs 35.CN's software outsourcing center."

8      Subject to and without waiving the foregoing objections, Defendant responds as

9  follows: Deny.

10

11  **REQUEST NO. 40:**

12      Admit that as a director of 35.CN, CARRIE YU oversees the management of

13  ONLINENIC.

14  **RESPONSE TO REQUEST NO. 40:**

15      Defendant objects to this Request as non-proportional as Plaintiffs already took the

16  deposition of Carrie Yu as a representative, July 13–14, 2021 (see pages 74:13–77:19).

17  Defendant objects to this Request as vague and ambiguous as to the term "director,"

18  including as that term relates to and is used by a Chinese, rather than U.S., company, and

19  as to the phrase "oversees the management of ONLINENIC."

20      Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Deny.

22

23  **REQUEST NO. 41:**

24      Admit that CARRIE YU was designated 35.CN's primary ICANN contact by GONG

25  in 2012.

26  **RESPONSE TO REQUEST NO. 41:**

27      Defendant objects to this Request as non-proportional as Plaintiffs already took the

28  deposition of Carrie Yu as a representative, July 13–14, 2021. Defendant objects to this

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Request as vague and ambiguous, including as to the phrase "was designated 35.CN's

2    primary ICANN contact."

3         Subject to and without waiving the foregoing objections, Defendant responds as

4    follows: Deny.

5

6    **REQUEST NO. 42:**

7         Admit that CARRIE YU represented to ICANN that she was a director of 35.CN

8    when she signed the RAA on behalf of 35.CN in 2014.

9    **RESPONSE TO REQUEST NO. 42:**

10        Defendant objects to this Request as non-proportional as Plaintiffs already took the

11   deposition of Carrie Yu as a representative, July 13–14, 2021 (see pages 74:13–77:19).

12   Defendant objects to this Request as vague and ambiguous as to the term "director,"

13   including as that term relates to and is used by a Chinese, rather than U.S., company, and

14   as to the phrases "represented to ICANN" and "when she signed the RAA on behalf of

15   35.CN in 2014." Defendant objects to this Request to the extent it refers to a written

16   document that speaks for itself.

17        Subject to and without waiving the foregoing objections, Defendant responds as

18   follows: Admit that Carrie Yu was a director of the software outsourcing center when

19   signing the referenced document; Defendant denies the rest of the Request.

20

21   **REQUEST NO. 43:**

22        Admit that CARRIE YU was not a director of 35.CN when she signed the RAA on

23   behalf of 35.CN in 2014.

24   **RESPONSE TO REQUEST NO. 43:**

25        Defendant objects to this Request as non-proportional as Plaintiffs already took the

26   deposition of Carrie Yu as a representative, July 13–14, 2021 (see pages 74:13–77:19).

27   Defendant objects to this Request as vague and ambiguous as to the term "director,"

28   including as that term relates to and is used by a Chinese, rather than U.S., company, and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    as to the phrases "represented to ICANN" and "when she signed the RAA on behalf of
2    35.CN in 2014." Defendant objects to this Request to the extent it refers to a written
3    document that speaks for itself.

4        Subject to and without waiving the foregoing objections, Defendant responds as
5    follows: Deny as Carrie Yu was a director of the software outsourcing center.

6

7    **REQUEST NO. 44:**

8        Admit that CARRIE YU is paid by 35.CN.

9    **RESPONSE TO REQUEST NO. 44:**

10       Defendant objects to this Request to the extent Chinese law bars the provision of
11   responsive information.

12       Subject to and without waiving the foregoing objections, Defendant responds as
13   follows: ████

14       **THIS RESPONSE IS CONFIDENTIAL.**

15

16   **REQUEST NO. 45:**

17       Admit that CARRIE YU is paid by 35.CN to oversee the management of
18   ONLINENIC.

19   **RESPONSE TO REQUEST NO. 45:**

20       Defendant objects to this Request to the extent Chinese law bars the provision of
21   responsive information. Defendant objects to this Request as vague and ambiguous,
22   including as to the phrase "paid . . . to oversee the management of . . ."

23       Subject to and without waiving the foregoing objections, Defendant responds as
24   follows: Deny.

25

26   **REQUEST NO. 46:**

27       Admit that CARRIE YU is an officer of ONLINENIC.

28   //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 46:**

2      Defendant objects to this Request to the extent Chinese law bars the provision of

3  responsive information and as non-proportional as Plaintiffs already took the deposition of

4  Carrie Yu as a representative, July 13–14, 2021. Defendant objects to this Request as

5  vague and ambiguous, including as to the term "officer," including as that term relates to

6  and is used by a Chinese, rather than U.S., company.

7      Subject to and without waiving the foregoing objections, Defendant responds as

8  follows:  Defendant admits that Carrie Yu is listed as an "officer" in certain documents;

9  Defendant denies the rest of the Request.

10

11  **REQUEST NO. 47:**

12      Admit that CARRIE YU owns DOMAIN ID SHIELD for the benefit of ONLINENIC.

13  **RESPONSE TO REQUEST NO. 47:**

14      Defendant objects to this Request to the extent Chinese law bars the provision of

15  responsive information and as non-proportional as Plaintiffs already took the deposition of

16  Carrie Yu as a representative, July 13–14, 2021. Defendant objects to this Request as

17  vague and ambiguous, including as to the phrase "owns . . . for the benefit of . . ."

18      Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Deny.

20

21  **REQUEST NO. 48:**

22      Admit that as a director of 35.CN, CARRIE YU's office space is in the same office

23  building as 35.CN.

24  **RESPONSE TO REQUEST NO. 48:**

25      Defendant objects to this Request to the extent Chinese law bars the provision of

26  responsive information. Defendant objects to this Request as vague and ambiguous as to

27  the terms "office space" and "office building."

28      Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Deny.

2

3  **REQUEST NO. 49:**

4      Admit that as an officer of ONLINENIC, CARRIE YU's office space is in the same

5  office building as 35.CN.

6  **RESPONSE TO REQUEST NO. 49:**

7      Defendant objects to this Request as vague and ambiguous as to the terms "office

8  space" and "office building." Defendant objects to this Request as compound.

9      Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: Deny.

11

12  **REQUEST NO. 50:**

13      Admit that the office space CARRIE YU uses as a director of 35.CN is the same as

14  the office space for her work as an officer of ONLINENIC.

15  **RESPONSE TO REQUEST NO. 50:**

16      Defendant objects to this Request as vague and ambiguous as to the term "office

17  space." Defendant objects to this Request as compound and premised on a disputed fact.

18      Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Deny.

20

21  **REQUEST NO. 51:**

22      Admit that the office space CARRIE YU uses to run 35.CN's software outsourcing

23  center is the same as the office space for her work as an officer of ONLINENIC.

24  **RESPONSE TO REQUEST NO. 51:**

25      Defendant objects to this Request as vague and ambiguous as to the term "office

26  space." Defendant objects to this Request as compound and premised on a disputed fact.

27      Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Deny.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

**REQUEST NO. 52:**

Admit that 35.CN controls the operations of ONLINENIC.

**RESPONSE TO REQUEST NO. 52:**

Defendant objects to this Request as vague and ambiguous, including as to the phrase "controls the operations of . . ."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 53:**

Admit that 35.CN controlled the operations of ONLINENIC.

**RESPONSE TO REQUEST NO. 53:**

Defendant objects to this Request as vague and ambiguous, including as to the phrase "controlled the operations of . . ."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 54:**

Admit that 35.CN controls the operations of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 54:**

Defendant objects to this Request as vague and ambiguous, including as to the phrase "controls the operations of . . ."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 55:**

Admit that 35.CN controlled the operations of DOMAIN ID SHIELD.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 55:**

Defendant objects to this Request as vague and ambiguous, including as to the phrase "controlled the operations of . . ."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 56:**

Admit that 35.CN controls the policy decisions made by ONLINENIC.

**RESPONSE TO REQUEST NO. 56:**

Defendant objects to this Request as vague and ambiguous, including as to the phrase "controls the policy decisions made by . . ."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 57:**

Admit that 35.CN controlled the policy decisions made by ONLINENIC.

**RESPONSE TO REQUEST NO. 57:**

Defendant objects to this Request as vague and ambiguous, including as to the phrase "controlled the policy decisions made by . . ."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 58:**

Admit that 35.CN controls the policy decisions made by DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 58:**

Defendant objects to this Request as vague and ambiguous, including as to the phrase "controls the policy decisions made by . . ."

Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Deny.

2

3  **REQUEST NO. 59:**

4      Admit that 35.CN controlled the policy decisions made by DOMAIN ID SHIELD.

5  **RESPONSE TO REQUEST NO. 59:**

6      Defendant objects to this Request as vague and ambiguous, including as to the

7  phrase "controlled the policy decisions made by . . ."

8      Subject to and without waiving the foregoing objections, Defendant responds as

9  follows: Deny.

10

11  **REQUEST NO. 60:**

12      Admit that ONLINENIC is a subsidiary of 35.CN.

13  **RESPONSE TO REQUEST NO. 60:**

14      Defendant objects to this Request as vague and ambiguous, including as to the

15  term "subsidiary."

16      Subject to and without waiving the foregoing objections, Defendant responds as

17  follows: Deny.

18

19  **REQUEST NO. 61:**

20      Admit that ONLINENIC was a subsidiary of 35.CN.

21  **RESPONSE TO REQUEST NO. 61:**

22      Defendant objects to this Request as vague and ambiguous, including as to the

23  term "subsidiary."

24      Subject to and without waiving the foregoing objections, Defendant responds as

25  follows: Deny.

26

27  **REQUEST NO. 62:**

28      Admit that DOMAIN ID SHIELD is a subsidiary of 35.CN.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 62:**

Defendant objects to this Request as vague and ambiguous, including as to the term "subsidiary."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 63:**

Admit that DOMAIN ID SHIELD was a subsidiary of 35.CN.

**RESPONSE TO REQUEST NO. 63:**

Defendant objects to this Request as vague and ambiguous, including as to the term "subsidiary."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 64:**

Admit that ONLINENIC was incorporated or otherwise formed by 35.CN.

**RESPONSE TO REQUEST NO. 64:**

Defendant objects to this Request as vague and ambiguous, including as to the phrase "incorporated or otherwise formed by," and as compound.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 65:**

Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by 35.CN.

**RESPONSE TO REQUEST NO. 65:**

Defendant objects to this Request as vague and ambiguous, including as to the phrase "incorporated or otherwise formed by," and as compound.

Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Deny.

2

3  **REQUEST NO. 66:**

4      Admit that ONLINENIC was incorporated or otherwise formed by officers and/or

5  directors of 35.CN.

6  **RESPONSE TO REQUEST NO. 66:**

7      Defendant objects to this Request as vague and ambiguous, including as to the

8  phrases "officers and/or directors" and "incorporated or otherwise formed by," and as

9  compound.

10      Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Deny.

12

13  **REQUEST NO. 67:**

14      Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by officers

15  and/or directors of 35.CN.

16  **RESPONSE TO REQUEST NO. 67:**

17      Defendant objects to this Request as vague and ambiguous, including as to the

18  phrases "officers and/or directors" and "incorporated or otherwise formed by," and as

19  compound.

20      Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Deny.

22

23  **REQUEST NO. 68:**

24      Admit that ONLINENIC was incorporated or otherwise formed by shareholders of

25  35.CN.

26  **RESPONSE TO REQUEST NO. 68:**

27      Defendant objects to this Request as vague and ambiguous, including as to the

28  phrase "incorporated or otherwise formed by," and as compound.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   Subject to and without waiving the foregoing objections, Defendant responds as
2   follows: Deny.

3

4   **REQUEST NO. 69:**

5   Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by
6   shareholders of 35.CN.

7   **RESPONSE TO REQUEST NO. 69:**

8   Defendant objects to this Request as vague and ambiguous, including as to the
9   phrase "incorporated or otherwise formed by," and as compound.

10   Subject to and without waiving the foregoing objections, Defendant responds as
11   follows: Deny.

12

13   **REQUEST NO. 70:**

14   Admit that 35.CN pays the wages of employees of ONLINENIC.

15   **RESPONSE TO REQUEST NO. 70:**

16   Defendant objects that this Request is premised on a misunderstanding and calls
17   for information from OnlineNIC.

18   Subject to and without waiving the foregoing objections, Defendant responds as
19   follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing
20   agreement; Defendant denies the rest of the Request.

21

22   **REQUEST NO. 71:**

23   Admit that 35.CN paid the wages of employees of ONLINENIC.

24   **RESPONSE TO REQUEST NO. 71:**

25   Defendant objects that this Request is premised on a misunderstanding and calls
26   for information from OnlineNIC. Defendant objects to this Request as vague and
27   ambiguous, including as to "wages of employees."

28   Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

2  agreement; Defendant denies the rest of the Request.

3

4  **REQUEST NO. 72:**

5      Admit that 35.CN pays the costs of maintaining ONLINENIC as a corporate entity,

6  including annual filing fees and attorney or accountant services.

7  **RESPONSE TO REQUEST NO. 72:**

8      Defendant objects that this Request is premised on a misunderstanding and calls

9  for information from OnlineNIC. Defendant objects to this Request as vague and

10  ambiguous, including as to the phrase "costs of maintaining . . . as a corporate entity."

11      Subject to and without waiving the foregoing objections, Defendant responds as

12  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

13  agreement; Defendant denies the rest of the Request.

14

15  **REQUEST NO. 73:**

16      Admit that 35.CN paid the costs of maintaining ONLINENIC as a corporate entity,

17  including annual filing fees and attorney or accountant services.

18  **RESPONSE TO REQUEST NO. 73:**

19      Defendant objects that this Request is premised on a misunderstanding and calls

20  for information from OnlineNIC. Defendant objects to this Request as vague and

21  ambiguous, including as to the phrase "costs of maintaining . . . as a corporate entity."

22      Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

24  agreement; Defendant denies the rest of the Request.

25

26  **REQUEST NO. 74:**

27      Admit that 35.CN pays the costs of maintaining DOMAIN ID SHIELD as a corporate

28  entity, including annual filing fees and attorney or accountant services.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 74:**

Defendant objects that this Request is premised on a misunderstanding and calls for information from ID Shield. Defendant objects to this Request as vague and ambiguous, including as to the phrase "costs of maintaining . . . as a corporate entity."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing agreement; Defendant denies the rest of the Request.

**REQUEST NO. 75:**

Admit that 35.CN paid the costs of maintaining DOMAIN ID SHIELD as a corporate entity, including annual filing fees and attorney or accountant services.

**RESPONSE TO REQUEST NO. 75:**

Defendant objects that this Request is premised on a misunderstanding and calls for information from ID Shield. Defendant objects to this Request as vague and ambiguous, including as to the phrase "costs of maintaining . . . as a corporate entity."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing agreement; Defendant denies the rest of the Request.

**REQUEST NO. 76:**

Admit that 35.CN made payments to ONLINENIC between July 2014 and April 2019 totaling over $500,000.

**RESPONSE TO REQUEST NO. 76:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information. Defendant objects to this Request as vague and ambiguous, and relying on a disputed fact, including for the term "payments."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

2    **REQUEST NO. 77:**

3    Admit that ONLINENIC made a loan repayment in 2018 to GONG for a loan that

4    GONG did not make to ONLINENIC.

5    **RESPONSE TO REQUEST NO. 77:**

6    Defendant objects that this Request calls for information from OnlineNIC and as

7    OnlineNIC has already responded to Plaintiffs' discovery relating to Gong. Defendant

8    objects to this Request as confusing.

9    Subject to and without waiving the foregoing objections, Defendant responds as

10   follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

11   denies this Request.

12

13   **REQUEST NO. 78:**

14   Admit that ONLINENIC did not file a document informing ICANN that GONG no

15   longer owned ONLINENIC.

16   **RESPONSE TO REQUEST NO. 78:**

17   Defendant objects that this Request calls for information from OnlineNIC and as

18   OnlineNIC has already responded to Plaintiffs' discovery relating to Gong. Defendant

19   objects to this Request as confusing.

20   Subject to and without waiving the foregoing objections, Defendant responds as

21   follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

22   denies this Request.

23

24   **REQUEST NO. 79:**

25   Admit that 35.CN entered into contracts with ONLINENIC, a California corporation.

26   **RESPONSE TO REQUEST NO. 79:**

27   Defendant objects to this Request to the extent Chinese law bars the provision of

28   responsive information. Defendant objects to this Request as vague and ambiguous,

1    including as to the term "contracts," and interprets that term to mean the staffing

2    agreement.

3         Subject to and without waiving the foregoing objections, Defendant responds as

4    follows: Admit.

5

6    **REQUEST NO. 80:**

7         Admit that 35.CN entered into contracts with ICANN.

8    **RESPONSE TO REQUEST NO. 80:**

9         Defendant objects to this Request to the extent Chinese law bars the provision of

10   responsive information. Defendant objects to this Request as vague and ambiguous,

11   including as to the term "contracts." Defendant objects to this Request as seeking

12   information that is not relevant to the claim or defense of any party, including as there is

13   no time limitation.

14        Subject to and without waiving the foregoing objections, Defendant responds as

15   follows: Admit.

16

17   **REQUEST NO. 81:**

18        Admit that 35.CN entered into contracts with Iron Mountain Intellectual Property

19   Management, a California corporation.

20   **RESPONSE TO REQUEST NO. 81:**

21        Defendant objects to this Request to the extent Chinese law bars the provision of

22   responsive information. Defendant objects to this Request as seeking information that is

23   not relevant to the claim or defense of any party, including as there is no time limitation

24   and as any such contract would not be related to personal jurisdiction.

25        Subject to and without waiving the foregoing objections, Defendant responds as

26   follows: Limiting the request to the relevant time period, Deny.

27

28   //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 82:**

2      Admit that 35.CN and ONLINENIC do not engage in arms-length transactions when

3  they conduct transactions with each other.

4  **RESPONSE TO REQUEST NO. 82:**

5      Defendant objects to this Request to the extent Chinese law bars the provision of

6  responsive information. Defendant objects to this Request as argumentative, vague, and

7  ambiguous, calling for a legal conclusion, and relying on disputed facts.

8      Subject to and without waiving the foregoing objections, Defendant responds as

9  follows: Deny.

10

11  **REQUEST NO. 83:**

12      Admit that 35.CN and DOMAIN ID SHIELD do not engage in arms-length

13  transactions when they conduct transactions with each other.

14  **RESPONSE TO REQUEST NO. 83:**

15      Defendant objects to this Request to the extent Chinese law bars the provision of

16  responsive information. Defendant objects to this Request as argumentative, vague, and

17  ambiguous, calling for a legal conclusion, and relying on disputed facts.

18      Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Deny.

20

21  **REQUEST NO. 84:**

22      Admit that 35.CN is paying for ONLINENIC's defense in this action.

23  **RESPONSE TO REQUEST NO. 84:**

24      Defendant objects to this Request to the extent Chinese law bars the provision of

25  responsive information. Defendant objects to this Request as seeking information that is

26  not relevant to the claim or defense of any party. Defendant objects that this Request calls

27  for privileged or confidential and private information.

28      Subject to and without waiving the foregoing objections, Defendant responds as

1  follows: Deny.

2

3  **REQUEST NO. 85:**

4      Admit that 35.CN is paying for DOMAIN ID SHIELD's defense in this action.

5  **RESPONSE TO REQUEST NO. 85:**

6      Defendant objects to this Request to the extent Chinese law bars the provision of

7  responsive information. Defendant objects to this Request as seeking information that is

8  not relevant to the claim or defense of any party. Defendant objects that this Request calls

9  for privileged or confidential and private information.

10     Subject to and without waiving the foregoing objections, Defendant responds as

11 follows: Deny.

12

13 **REQUEST NO. 86:**

14     Admit that employees and a director of 35.CN directly participate in the registrar

15 services offered by ONLINENIC, including the registration of domain names on behalf of

16 third parties.

17 **RESPONSE TO REQUEST NO. 86:**

18     Defendant objects to this Request as compound, vague, and ambiguous, including

19 as to the term "director" and phrase "directly participate."

20     Subject to and without waiving the foregoing objections, Defendant responds as

21 follows: Deny.

22

23 **REQUEST NO. 87:**

24     Admit that employees and a director of 35.CN actively participate in the registrar

25 services offered by ONLINENIC, including the registration of domain names on behalf of

26 third parties.

27 **RESPONSE TO REQUEST NO. 87:**

28     Defendant objects to this Request as compound, vague, and ambiguous, including

1   as to the term "director" and phrase "actively participate."

2       Subject to and without waiving the foregoing objections, Defendant responds as

3   follows: Deny.

4

5   **REQUEST NO. 88:**

6       Admit that employees and a director of 35.CN authorize the registrar services

7   offered by ONLINENIC, including the registration of domain names on behalf of third

8   parties.

9   **RESPONSE TO REQUEST NO. 88:**

10      Defendant objects to this Request as compound, vague, and ambiguous, including

11  as to the terms "director" and "authorize."

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Deny.

14

15  **REQUEST NO. 89:**

16      Admit that employees and a director of 35.CN direct the registrar services offered

17  by ONLINENIC, including the registration of domain names on behalf of third parties.

18  **RESPONSE TO REQUEST NO. 89:**

19      Defendant objects to this Request as compound, vague, and ambiguous, including

20  as to the terms "director" and "direct."

21      Subject to and without waiving the foregoing objections, Defendant responds as

22  follows: Deny.

23

24  **REQUEST NO. 90:**

25      Admit that 35.CN directly participates in the registrar services offered by

26  ONLINENIC, including the registration of domain names on behalf of third parties.

27  **RESPONSE TO REQUEST NO. 90:**

28      Defendant objects to this Request as compound, vague, and ambiguous, including

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    as to the phrase "directly participates."

2        Subject to and without waiving the foregoing objections, Defendant responds as

3    follows: Deny.

4

5    **REQUEST NO. 91:**

6        Admit that 35.CN actively participates in the registrar services offered by

7    ONLINENIC, including the registration of domain names on behalf of third parties.

8    **RESPONSE TO REQUEST NO. 91:**

9        Defendant objects to this Request as compound, vague, and ambiguous, including

10   as to the phrase "actively participates."

11       Subject to and without waiving the foregoing objections, Defendant responds as

12   follows: Deny.

13

14   **REQUEST NO. 92:**

15       Admit that 35.CN authorizes the registrar services offered by ONLINENIC, including

16   the registration of domain names on behalf of third parties.

17   **RESPONSE TO REQUEST NO. 92:**

18       Defendant objects to this Request as compound, vague, and ambiguous, including

19   as to the term "authorizes."

20       Subject to and without waiving the foregoing objections, Defendant responds as

21   follows: Deny.

22

23   **REQUEST NO. 93:**

24       Admit that 35.CN directs the registrar services offered by ONLINENIC, including the

25   registration of domain names on behalf of third parties.

26   **RESPONSE TO REQUEST NO. 93:**

27       Defendant objects to this Request as compound, vague, and ambiguous, including

28   as to the term "directs."

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2    follows: Deny.

3

4    **REQUEST NO. 94:**

5    Admit that employees and a director of 35.CN directly participate in the

6    privacy/proxy services offered by DOMAIN ID SHIELD, including the registration of domain

7    names on behalf of third parties.

8    **RESPONSE TO REQUEST NO. 94:**

9    Defendant objects to this Request as compound, premised on disputed facts,

10   vague, and ambiguous, including as to the terms "director" and "proxy services."

11   Subject to and without waiving the foregoing objections, Defendant responds as

12   follows: Deny.

13

14   **REQUEST NO. 95:**

15   Admit that employees and a director of 35.CN actively participate in the

16   privacy/proxy services offered by DOMAIN ID SHIELD, including the registration of domain

17   names on behalf of third parties.

18   **RESPONSE TO REQUEST NO. 95:**

19   Defendant objects to this Request as compound, premised on disputed facts,

20   vague, and ambiguous, including as to the terms "director" and "proxy services."

21   Subject to and without waiving the foregoing objections, Defendant responds as

22   follows: Deny.

23

24   **REQUEST NO. 96:**

25   Admit that employees and a director of 35.CN authorize the privacy/proxy services

26   offered by DOMAIN ID SHIELD, including the REGISTRATION of domain names on behalf

27   of third parties.

28   //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 96:**

Defendant objects to this Request as compound, premised on disputed facts, vague, and ambiguous, including as to the terms "director" and "proxy services."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 97:**

Admit that employees and a director of 35.CN direct the privacy/proxy services offered by DOMAIN ID SHIELD, including the REGISTRATION of domain names on behalf of third parties.

**RESPONSE TO REQUEST NO. 97:**

Defendant objects to this Request as compound, premised on disputed facts, vague, and ambiguous, including as to the terms "director" and "proxy services."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 98:**

Admit that 35.CN directly participates in the privacy/proxy services offered by DOMAIN ID SHIELD, including the registration of domain names on behalf of third parties.

**RESPONSE TO REQUEST NO. 98:**

Defendant objects to this Request as compound, premised on disputed facts, vague, and ambiguous, including as to the term "proxy services."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 99:**

Admit that 35.CN actively participates in the privacy/proxy services offered by DOMAIN ID SHIELD, including the registration of domain names on behalf of third parties.

1  **RESPONSE TO REQUEST NO. 99:**

2       Defendant objects to this Request as compound, premised on disputed facts,

3  vague, and ambiguous, including as to the term "proxy services."

4       Subject to and without waiving the foregoing objections, Defendant responds as

5  follows: Deny.

6

7  **REQUEST NO. 100:**

8       Admit that 35.CN authorizes the privacy/proxy services offered by DOMAIN ID

9  SHIELD, including the REGISTRATION of domain names on behalf of third parties.

10  **RESPONSE TO REQUEST NO. 100:**

11       Defendant objects to this Request as compound, premised on disputed facts,

12  vague, and ambiguous, including as to the term "proxy services."

13       Subject to and without waiving the foregoing objections, Defendant responds as

14  follows: Deny.

15

16  **REQUEST NO. 101:**

17       Admit that 35.CN directs the privacy/proxy services offered by DOMAIN ID SHIELD,

18  including the REGISTRATION of domain names on behalf of third parties.

19  **RESPONSE TO REQUEST NO. 101:**

20       Defendant objects to this Request as compound, premised on disputed facts,

21  vague, and ambiguous, including as to the term "proxy services." Subject to and without

22  waiving the foregoing objections, Defendant responds as follows: Deny.

23

24  **REQUEST NO. 102:**

25       Admit that all of the work of ONLINENIC is performed by individuals who work out

26  of 35.CN's offices.

27  **RESPONSE TO REQUEST NO. 102:**

28       Defendant objects to this Request as vague and ambiguous, including as to the

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  term "offices."

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Deny.

4

5  **REQUEST NO. 103:**

6      Admit that all of the work of ONLINENIC was performed by individuals who worked

7  out of 35.CN's offices.

8  **RESPONSE TO REQUEST NO. 103:**

9      Defendant objects to this Request as vague and ambiguous, including as to the

10  term "offices."

11      Subject to and without waiving the foregoing objections, Defendant responds as

12  follows: Deny.

13

14  **REQUEST NO. 104:**

15      Admit that all of the work of DOMAIN ID SHIELD is performed by employees and

16  independent contractors of 35.CN.

17  **RESPONSE TO REQUEST NO. 104:**

18      Defendant objects to this Request as compound. Defendant objects to this Request

19  as vague and ambiguous.

20      Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Deny.

22

23  **REQUEST NO. 105:**

24      Admit that all of the work of DOMAIN ID SHIELD was performed by employees and

25  independent contractors of 35.CN.

26  **RESPONSE TO REQUEST NO. 105:**

27      Defendant objects to this Request as compound. Defendant objects to this Request

28  as vague and ambiguous.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2  follows: Deny.

3

4  **REQUEST NO. 106:**

5    Admit that all of the work of DOMAIN ID SHIELD is performed by individuals who

6  work out of 35.CN's offices.

7  **RESPONSE TO REQUEST NO. 106:**

8    Defendant objects to this Request as vague and ambiguous, including as to the

9  term "offices."

10    Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Deny.

12

13  **REQUEST NO. 107:**

14    Admit that all of the work of DOMAIN ID SHIELD was performed by individuals who

15  worked out of 35.CN's offices.

16  **RESPONSE TO REQUEST NO. 107:**

17    Defendant objects to this Request as vague and ambiguous, including as to the

18  term "offices."

19    Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Deny.

21

22  **REQUEST NO. 108:**

23    Admit that employees of 35.CN were involved in the destruction of evidence as

24  detailed in the Special Discovery Master's Data Destroyed or Withheld Report.

25  **RESPONSE TO REQUEST NO. 108:**

26    Defendant objects to this Request as argumentative and premised on disputed

27  facts, including that there was "destruction of evidence."

28    Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1   follows: Deny.

2

3   **REQUEST NO. 109:**

4   Admit that employees of 35.CN participated in the destruction of evidence as

5   detailed in the Special Discovery Master's Data Destroyed or Withheld Report.

6   **RESPONSE TO REQUEST NO. 109:**

7   Defendant objects to this Request as argumentative and premised on disputed

8   facts, including that there was "destruction of evidence."

9   Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: Deny.

11

12  **REQUEST NO. 110:**

13  Admit that 35.CN was involved in the destruction of evidence as detailed in the

14  Special Discovery Master's Data Destroyed or Withheld Report.

15  **RESPONSE TO REQUEST NO. 110:**

16  Defendant objects to this Request as argumentative and premised on disputed

17  facts, including that there was "destruction of evidence."

18  Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Deny.

20

21  **REQUEST NO. 111:**

22  Admit that 35.CN participated in the destruction of evidence as detailed in the

23  Special Discovery Master's Data Destroyed or Withheld Report.

24  **RESPONSE TO REQUEST NO. 111:**

25  Defendant objects to this Request as argumentative and premised on disputed

26  facts, including that there was "destruction of evidence."

27  Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Deny.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 112:**

Admit that 35.CN does business under the name "China Channel."

**RESPONSE TO REQUEST NO. 112:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information. Defendant objects to this Request as vague and ambiguous, including as to "done business under the name."

Subject to and without waiving the foregoing objections, Defendant responds as follows: █████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 113:**

Admit that 35.CN has done business under the name "China Channel."

**RESPONSE TO REQUEST NO. 113:**

Defendant objects to this Request to the extent Chinese law bars the provision of responsive information. Defendant objects to this Request as vague and ambiguous, including as to "done business under the name."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 114:**

Admit that Shaohui Gong is also known as Shao Hong Gong.

**RESPONSE TO REQUEST NO. 114:**

Defendant objects that this Request calls for information from a third party.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request; therefore, Defendant denies this Request.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

2    **REQUEST NO. 115:**

3         Admit that Shaohui Gong is also known as Kevin Gong.

4    **RESPONSE TO REQUEST NO. 115:**

5         Defendant objects that this Request calls for information from a third party.

6         Subject to and without waiving the foregoing objections, Defendant responds as

7    follows: ████

8         **THIS RESPONSE IS CONFIDENTIAL.**

9

10   **REQUEST NO. 116:**

11        Admit that Carrie Yu is also known as Hongxia Yu.

12   **RESPONSE TO REQUEST NO. 116:**

13        Defendant objects that this Request calls for information from a third party and as

14   OnlineNIC has already responded to similar discovery.

15        Subject to and without waiving the foregoing objections, Defendant responds as

16   follows: ████

17        **THIS RESPONSE IS CONFIDENTIAL.**

18

19   **REQUEST NO. 117:**

20        Admit that Carrie Yu is also known as Yu Hongxia.

21   **RESPONSE TO REQUEST NO. 117:**

22        Defendant objects that this Request calls for information from a third party and as

23   OnlineNIC has already responded to similar discovery.

24        Subject to and without waiving the foregoing objections, Defendant responds as

25   follows: ████

26        **THIS RESPONSE IS CONFIDENTIAL.**

27

28   //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 118:**

Admit that Carrie Yu is also known as Carrie Arden.

**RESPONSE TO REQUEST NO. 118:**

Defendant objects that this Request calls for information from a third party and as OnlineNIC has already responded to similar discovery.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ▮▮▮▮

**THIS RESPONSE IS CONFIDENTIAL.**

Respectfully Submitted,

Dated: August 1, 2022                    **KRONENBERGER ROSENFELD, LLP**

By: _____s/Karl S. Kronenberger_____
                    Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com
Technology Co., Ltd.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KRONENBERGER ROSENFELD**
150 Post Street, Suite 520 San Francisco, CA 94108

**VERIFICATION TO FOLLOW**

46

**DEF'S SECOND AMENDED RESPS TO
PLAINTIFFS' FIRST SET OF RFAS**