**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **META PLATFORMS, INC.**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **ONLINENIC INC.**, et al., <br><br> Defendants. | Case No. 3:19-cv-07071-SI <br><br> **DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO LOCAL CIVIL RULE 79-5** |

Pursuant to Civil L.R. 7-11 and Civil L.R. 79-5, Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN"), by and through its undersigned counsel, respectfully moves for administrative relief to seal narrowly tailored portions of Defendant's Third Amended and Supplemental Objections and Responses to Plaintiffs' First Sets of Requests for Production and Interrogatories, that support a Joint Letter filed by both parties on August 5, 2022 [D.E. No. 257], which have been designated by Defendant 35.CN, OnlineNIC, Inc., or ICANN, either as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" under the Protective Order entered by the Court on February 14, 2020 (hereinafter, "Third Amended Responses").

Defendant seeks to seal the following page and line numbers from the Third Amended Responses:

**Interrogatories:**

| Page | Line Numbers | Designating Party |
|---|---|---|
| 4 | 6-23 | OnlineNIC and 35.CN |
| 6-7 | 21-8 | OnlineNIC and 35.CN |
| 7-8 | 28-10 | OnlineNIC and 35.CN |
| 9-10 | 28-9 | OnlineNIC |
| 10 | 19-26 | OnlineNIC |
| 11 | 5-11, 18-24 | OnlineNIC and 35.CN |
| 12 | 3-6, 13-16 | 35.CN |

**RFPs:**

| Page | Line Numbers | Designating Party |
|---|---|---|
| 12 | 13-26 | 35.CN |
| 13 | 5-21 | 35.CN |
| 13-14 | 28-15 | OnlineNIC and 35.CN |
| 14 | 22-28 | 35.CN |
| 15 | 1-7, 14-27 | 35.CN |
| 22 | 4-17 | OnlineNIC and 35.CN |
| 23 | 8-16 | OnlineNIC and 35.CN |
| 24-25 | 24-5 | OnlineNIC and 35.CN |
| 25 | 12-21 | 35.CN |
| 25-26 | 27-9 | OnlineNIC and 35.CN |
| 26-27 | 27-8 | 35.CN |
| 30-31 | 27-4 | 35.CN |
| 34-35 | 23-5 | ICANN and 35.CN |
| 35 | 11-21 | ICANN and 35.CN |
| 35-36 | 27-8 | ICANN and 35.CN |

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

| 36 | 14-24 | ICANN and 35.CN |
| 37-38 | 26-9 | OnlineNIC |
| 38-39 | 19-2 | OnlineNIC |
| 44 | 19-28 | OnlineNIC and 35.CN |
| 46 | 7-16 | OnlineNIC and 35.CN |
| 47 | 5-14 | OnlineNIC and 35.CN |

For redactions where third parties are referenced above, 35.CN is submitting these documents under seal because 35.CN is required to do so under the protective order.

Regarding requests for sealing that reference a designation by 35.CN, compelling reasons exist for sealing these portions of Defendant's Third Amended Responses as detailed below.

Chinese law prohibits Chinese companies from disclosing a wide variety of data and personal information about Chinese residents to entities outside of China. Article 283 (formerly Article 277) of the Chinese Civil Procedure Law, the Chinese Data Security Law ("DSL"), the Cybersecurity Law, and the Personal Information Protection Law ("PIPL") are all grounds under Chinese law to restrict the disclosure outside of China of the information requested by Plaintiffs. Further, the Cyberspace Administration of China ("CAC") has reminded 35.CN to comply with Chinese laws (i.e., to not disclose records that are not public), and there are severe penalties for violating these Chinese laws (i.e., criminal sanctions, jail, and high monetary fines). *See*, Exhibit 1 to DE 247-11, for an opinion letter of Chinese counsel to 35.CN. Thus, public disclosures, in response to discovery requests in the current action, of non-public data and personal information of Chinese residents, may subject 35.CN to significant civil and criminal penalties under Chinese law. Therefore, filing the information referenced above under seal is related to a legitimate interest of 35.CN, and there would be a possibility of significant penalties if the request for sealing is denied. Further, there are no less restrictive means to protect this information from public disclosure, as public disclosure of information in court filings would clearly be a disclosure of restricted information under Chinese law, outside of China. (Declaration of Karl Kronenberger in Support of DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO LOCAL CIVIL RULE

79-5, ¶7.)

The proposed sealing is narrowly tailored and only seeks to protect those limited portions of the Third Amended Responses that contain information which is at risk of unauthorized public disclosure absent authorization from the Chinese government. As such, 35.CN respectfully requests the Court grant its Administrative Motion to Seal. (*Id*. at ¶¶4, 6.)

This Administrative Motion to File Under Seal is accompanied by a [Proposed] Order Granting Defendant's Administrative Motion to File Under Seal.

Respectfully Submitted,

Dated: August 5, 2022

**KRONENBERGER ROSENFELD, LLP**

By: ___s/ Karl S. Kronenberger_____
 Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.