**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **META PLATFORMS, INC.**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **ONLINENIC INC.**, et al., <br><br> Defendants. | Case No. 3:19-cv-07071-SI <br><br> **DECLARATION OF KARL S. KRONENBERGER IN SUPPORT OF DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S ADMINITRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO LOCAL CIVIL RULE 79-5** |

I, Karl S. Kronenberger, declare as follows:

1. I am an attorney admitted to practice law in the State of California and before this Court. I am a partner at the law firm of Kronenberger Rosenfeld, LLP, counsel of record for Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant") in the above-captioned matter. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration.

2. Pursuant to Civil L.R. 79-5(c)(2) and Civil L.R. 7-11, I submit this Declaration in Support of Defendant's Administrative Motion to Seal.

3. Defendant seeks to file under seal narrowly tailored portions of Defendant's Third Amended and Supplemental Objections and Responses to Plaintiffs' First Sets of Requests for Production and Interrogatories, that support a Joint Letter filed by both parties on August 5, 2022 [D.E. No. 257], **Exhibits 4 and 5**.

4. Attached hereto as **Exhibit 4** is a true and correct copy of a redacted version of Defendant's third amended and objections and supplemental responses to interrogatories from Plaintiff. These responses contain information concerning private financial transactions of Defendant, personal information about employees of Defendant and Defendant's Chinese business partners, the identities of employees of Defendant. The disclosure of this information may violate Chinese law according to outside Chinese counsel to Defendant.

5. A true and correct copy of an unredacted version of **Exhibit 4** is attached hereto.

6. Attached hereto as **Exhibit 5** is a true and correct copy of a redacted version of Defendant's third amended and objections and supplemental responses to Plaintiff's request for production of documents. These responses contain information concerning private contracts of a Chinese company, private business communications between Chinese companies, private Chinese employee conversations, Chinese employee compensation records, and private business transaction records between two companies in China. The disclosure of this information may violate Chinese law according to outside

Chinese counsel to Defendant.

7. A true and correct copy of an unredacted version of **Exhibit 5** is attached hereto.

8. The foregoing information is protected under Chinese law. Specifically, Chinese law prohibits Chinese companies from disclosing a wide variety of data and personal information about Chinese residents to entities outside of China. Article 283 (formerly Article 277) of the Chinese Civil Procedure Law, the Chinese Data Security Law ("DSL"), the Cybersecurity Law, and the Personal Information Protection Law ("PIPL") are all grounds under Chinese law to restrict the disclosure outside of China of the information requested by Plaintiffs. Further, the Cyberspace Administration of China ("CAC") has reminded 35.CN to comply with Chinese laws (i.e., to not disclose records that are not public), and there are severe penalties for violating these Chinese laws (i.e., criminal sanctions, jail, and high monetary fines). I rely upon the legal analysis of Chinese outside counsel for Defendant, whose opinions are found at Exhibit 1 to DE 247-11. Thus, public disclosures, in response to discovery requests in the current action, of non-public data and personal information of Chinese residents, may subject 35.CN to significant civil and criminal penalties under Chinese law. Therefore, filing the information referenced below under seal is related to a legitimate interest of 35.CN, and there would be possibility of significant penalties if the request for sealing is denied. Further, there are no less restrictive means to protect this information from public disclosure, as public disclosure of information in court filings would clearly be a disclosure of restricted information, under Chinese law, outside of China.

9. Counsel for Defendant was not able to obtain a stipulation Civil L.R. 7-11 to file these documents under seal, as reflected in briefing and court arguments by Plaintiffs objecting to Defendant's invocation of Chinese law as a reason not to produce documents or disclose information protected under Chinese law.

//

//

1    I declare under penalty of perjury under the laws of the United States of America
2    that the foregoing is true and correct.

4    Dated: August 5, 2022

5    By: ___s/ Karl S. Kronenberger_____
        Karl S. Kronenberger