# Exhibit 5
# [REDACTED DOCUMENT REQUESTED TO BE SEALED]

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **META PLATFORMS, INC.**, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>**ONLINENIC INC.**, et al.,<br><br>        Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S THIRD AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**<br><br><span style="color:red">**CONTAINS CONFIDENTIAL MATERIAL DESIGNATED UNDER THE PROTECTIVE ORDER**</span> |

**DEF'S THIRD AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**

PROPOUNDING PARTY:     PLAINTIFFS META PLATFORMS, INC. F/K/A FACEBOOK, INC. AND INSTAGRAM, LLC

RESPONDING PARTY:     DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.

SET:     ONE

**PRELIMINARY STATEMENT**

Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35") is presently pursuing its investigation and analysis of the facts and law relating to this case and has not completed its discovery or preparation for trial. Therefore, the responses set forth herein are given without prejudice to Defendant's right to produce evidence of any subsequently discovered facts, writings, or interpretations thereof, or to modify, change, or otherwise amend these responses. The information hereinafter set forth is true and correct to the best knowledge of Defendant as of this date and is subject to correction for errors or omissions. These responses are based upon records and information presently available to Defendant. Defendant undertakes no affirmative duty to supplement these responses based upon further discovery and investigation other than as mandated by the Federal Rules of Civil Procedure. References in response to a preceding or subsequent response incorporate the information and objections stated in the referenced response.

Defendant is making a diligent inquiry and reasonable search for these responses.

As outlined to the Plaintiffs, public records can be located at CNINFO.COM.CN; and there are over 1,700 public company documents, including reports outlining ownership, officer, director, shareholder, and financial information going back numerous years.

Defendant reserves the right to introduce at trial or in support of or in opposition to any motion in this case any and all documents, information, and admissions heretofore or hereafter produced by the parties in this action or by any third party. To the extent that Defendant identifies certain writings or delineates facts contained within any writing or otherwise, it does so without prejudice to establish at a later date any additional facts that

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    may be contained within or discovered as a result of any additional investigation and

2    discovery.

3         Inadvertent identification of privileged information or writings by Defendant does not

4    constitute a waiver of any applicable privilege. The information hereafter set forth does not

5    waive any objection, including relevance, to the admission of such information in evidence.

6         This preliminary statement is incorporated into each and every response set forth

7    herein.

8         Subject to the foregoing conditions, Defendant amends and supplements its

9    objections and responses to Plaintiffs' First Set of Requests for Production of Documents

10   and Things (the "Requests") as follows:

11

12                              **GENERAL OBJECTIONS**

13       1.    Defendant objects to the Requests because Chinese law requires application

14   of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters

15   ("Hague Convention") and authorization from the Chinese government, including pursuant

16   to Chinese data security and privacy laws; nothing herein shall be deemed as a waiver of

17   Defendant's rights, claims, or contentions, including as related to these issues. Defendant

18   refers to the meet-and-confer letter sent to Plaintiffs' counsel on March 30, 2022 and

19   Chinese counsel letter dated June 16, 2022 and follow up communications. At this time,

20   Defendant is not withholding documents based on this objection unless specifically

21   provided below in individual responses. Defendant is continuing to review documents and

22   reserves its right to withhold documents in the future based on this objection.

23       2.    Defendant objects to the Requests to the extent that they purport to require

24   Defendant to provide information that is not reasonably available to Defendant through a

25   reasonable and good faith inquiry into its records and the knowledge of its employees.

26       3.    Defendant objects to the Requests to the extent any of them seek information

27   that is protected by the attorney-client privilege, the attorney work product doctrine, the

28   deliberative process privilege, the joint defense privilege, the privilege for negotiations

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  leading to settlement, or any other applicable privilege. Information protected by any such

2  privilege will not be produced. All such information will be withheld. Any inadvertent

3  production of such information shall not be deemed to waive any privilege or protection

4  with respect to such information. A privilege log will be provided where applicable, including

5  for documents withheld on the basis of Chinese laws, provided that a privilege log will not

6  be provided for post-lawsuit privileged communications with counsel.

7      4.      Defendant objects to the Requests to the extent that Plaintiffs seek re-

8  production of documents already produced in this case.

9      5.      Defendant objects to the Requests to the extent that they seek information

10  in the possession, custody, or control of individuals or entities other than Defendant on the

11  grounds that each such Request is unduly burdensome and oppressive, and such

12  information is equally available to Plaintiff, including through prior case discovery. In

13  particular, **OnlineNIC and ID Shield have already responded to hundreds of written**

14  **discovery requests.**

15      6.      Each of the foregoing General Objections is a continuing objection, which

16  Defendant incorporates by reference into each specific response to each of the Requests

17  below as if fully set forth herein.

18

19  **AMENDED AND SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION**

20  **REQUEST NO. 1:**

21      Corporate DOCUMENTS of 35.CN, including but not limited to articles of

22  incorporation and bylaws.

23  **RESPONSE TO REQUEST NO. 1:**

24      Defendant objects to this Request to the extent Chinese law requires authorization

25  from the Chinese government. At this time, Defendant is not withholding documents based

26  on this objection, but reserves its right to raise this objection as documents continue to be

27  reviewed. Defendant objects to this Request as vague and ambiguous as to "Corporate

28  DOCUMENTS." Defendant objects to this Request on grounds of relevance,

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  proportionality, and undue burden, including as to the unlimited timeframe. Defendant
2  objects to this Request as vague and ambiguous, including as to "articles of incorporation"
3  and "bylaws" as those terms relate to a public company in China, but understands that a
4  public company in China may have similar documents and is searching for and producing
5  such documents.

6  Subject to and without waiving the foregoing objections, Defendant responds as
7  follows: Defendant has produced responsive documents (35CN001120-005442), including
8  the corporate documents for a public company in China (e.g., articles of association as
9  well as minutes and financial records per below responses), and will produce any other
10  non-privileged responsive documents including bylaws.

11

12  **REQUEST NO. 2:**

13  Minutes of meetings of board of directors of 35.CN since 2007.

14  **RESPONSE TO REQUEST NO. 2:**

15  Defendant objects to this Request to the extent Chinese law requires authorization
16  from the Chinese government. At this time, Defendant is not withholding documents based
17  on this objection, but reserves its right to raise this objection as documents continue to be
18  reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and
19  undue burden, including as to the timeframe.

20  Subject to and without waiving the foregoing objections, Defendant responds as
21  follows: Defendant has produced responsive documents (4th production), including board
22  of directors meeting resolutions dating back to at least 2009, and will produce any other
23  non-privileged responsive documents in its possession, custody, or control.

24

25  **REQUEST NO. 3:**

26  Minutes of meetings of board of supervisors of 35.CN since 2007.

27  **RESPONSE TO REQUEST NO. 3:**

28  Defendant objects to this Request to the extent Chinese law requires authorization

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

4    **DEF'S THIRD AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**

1    from the Chinese government. At this time, Defendant is not withholding documents based

2    on this objection, but reserves its right to raise this objection as documents continue to be

3    reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and

4    undue burden, including as to the timeframe.

5         Subject to and without waiving the foregoing objections, Defendant responds as

6    follows: Defendant has produced responsive documents (4th production), including

7    supervisors meeting resolutions dating back to at least 2009, and will produce any other

8    non-privileged responsive documents in its possession, custody, or control.

9

10   **REQUEST NO. 4:**

11        DOCUMENTS sufficient to IDENTIFY the ownership of 35.CN for each year from

12   2002 to 2007.

13   **RESPONSE TO REQUEST NO. 4:**

14        Defendant objects to this Request to the extent Chinese law requires authorization

15   from the Chinese government. At this time, Defendant is not withholding documents based

16   on this objection, but reserves its right to raise this objection as documents continue to be

17   reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and

18   undue burden, including as to the timeframe.

19        Subject to and without waiving the foregoing objections, Defendant responds as

20   follows: Defendant has produced responsive documents (3rd production) and/or will

21   produce any other non-privileged responsive documents in its possession, custody, or

22   control.

23

24   **REQUEST NO. 5:**

25        DOCUMENTS sufficient to IDENTIFY the 20 largest shareholders of 35.CN for each

26   year since 2007.

27   **RESPONSE TO REQUEST NO. 5:**

28        Defendant objects to this Request to the extent Chinese law requires authorization

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   from the Chinese government. At this time, Defendant is not withholding documents based

2   on this objection, but reserves its right to raise this objection as documents continue to be

3   reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and

4   undue burden, including as to the timeframe and because the Request is not limited to a

5   reasonable shareholder percentage.

6       Subject to and without waiving the foregoing objections, Defendant responds as

7   follows: Defendant has produced responsive documents (3rd production), including the

8   identification of the largest shareholders (*see* annual reports), and will produce any other

9   non-privileged responsive documents in its possession, custody, or control. Also see

10  Appendix A to Defendant's responses to Interrogatories, which is currently a draft but will

11  be supplemented as additional documents are reviewed.

12

13  **REQUEST NO. 6:**

14      DOCUMENTS sufficient to IDENTIFY the directors of 35.CN for each year since

15  2007, including members of the board of directors and independent directors.

16  **RESPONSE TO REQUEST NO. 6:**

17      Defendant objects to this Request to the extent Chinese law requires authorization

18  from the Chinese government. At this time, Defendant is not withholding documents based

19  on this objection, but reserves its right to raise this objection as documents continue to be

20  reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and

21  undue burden, including as to the timeframe.

22      Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Defendant has produced responsive documents (3rd production), including annual

24  reports and meeting minutes, and will produce any other non-privileged responsive

25  documents in its possession, custody, or control. Also see Appendix A to Defendant's

26  responses to Interrogatories, which is currently a draft but will be supplemented as

27  additional documents are reviewed.

28

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 7:**

DOCUMENTS sufficient to IDENTIFY the officers of 35.CN for each year since 2007.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. At this time, Defendant is not withholding documents based on this objection, but reserves its right to raise this objection as documents continue to be reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced responsive documents (3rd production), including annual reports and meeting minutes, and will produce any other non-privileged responsive documents in its possession, custody, or control. Also see Appendix A to Defendant's responses to Interrogatories, which is currently a draft but will be supplemented as additional documents are reviewed.

**REQUEST NO. 8:**

DOCUMENTS sufficient to IDENTIFY the members of the board of supervisors of 35.CN for each year since 2002.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. At this time, Defendant is not withholding documents based on this objection, but reserves its right to raise this objection as documents continue to be reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced responsive documents (3rd production), including annual

1    reports and meeting minutes, and will produce any other non-privileged responsive

2    documents in its possession, custody, or control. Also see Appendix A to Defendant's

3    responses to Interrogatories, which is currently a draft but will be supplemented as

4    additional documents are reviewed.

5

6    **REQUEST NO. 9:**

7         Financial statements of 35.CN since 2007.

8    **RESPONSE TO REQUEST NO. 9:**

9         Defendant objects to this Request to the extent Chinese law requires authorization

10   from the Chinese government. At this time, Defendant is not withholding documents based

11   on this objection, but reserves its right to raise this objection as documents continue to be

12   reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and

13   undue burden, including as to the timeframe.

14        Subject to and without waiving the foregoing objections, Defendant responds as

15   follows: Defendant has produced responsive documents (3rd production), including annual

16   reports, and will produce any other non-privileged responsive documents in its possession,

17   custody, or control.

18

19   **REQUEST NO. 10:**

20        Balance sheets of 35.CN since 2007.

21   **RESPONSE TO REQUEST NO. 10:**

22        Defendant objects to this Request to the extent Chinese law requires authorization

23   from the Chinese government. At this time, Defendant is not withholding documents based

24   on this objection, but reserves its right to raise this objection as documents continue to be

25   reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and

26   undue burden, including as to the timeframe.

27        Subject to and without waiving the foregoing objections, Defendant responds as

28   follows: Defendant has produced responsive documents (3rd production), including annual

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1 reports, and will produce any other non-privileged responsive documents in its possession,

2 custody, or control.

3

4 **REQUEST NO. 11:**

5       Income statements of 35.CN since 2007.

6 **RESPONSE TO REQUEST NO. 11:**

7       Defendant objects to this Request to the extent Chinese law requires authorization

8 from the Chinese government. At this time, Defendant is not withholding documents based

9 on this objection, but reserves its right to raise this objection as documents continue to be

10 reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and

11 undue burden, including as to the timeframe.

12       Subject to and without waiving the foregoing objections, Defendant responds as

13 follows: Defendant has produced responsive documents (3rd production), including annual

14 reports, and will produce any other non-privileged responsive documents in its possession,

15 custody, or control.

16

17 **REQUEST NO. 12:**

18       Profit and loss statements of 35.CN since 2007.

19 **RESPONSE TO REQUEST NO. 12:**

20       Defendant objects to this Request to the extent Chinese law requires authorization

21 from the Chinese government. At this time, Defendant is not withholding documents based

22 on this objection, but reserves its right to raise this objection as documents continue to be

23 reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and

24 undue burden, including as to the timeframe.

25       Subject to and without waiving the foregoing objections, Defendant responds as

26 follows: Defendant has produced responsive documents (3rd production), including annual

27 reports, and will produce any other non-privileged responsive documents in its possession,

28 custody, or control.

1

**REQUEST NO. 13:**

Revenue and expense statements of 35.CN since 2007.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. At this time, Defendant is not withholding documents based on this objection, but reserves its right to raise this objection as documents continue to be reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced responsive documents (3rd production), including annual reports, and will produce any other non-privileged responsive documents in its possession, custody, or control.

**REQUEST NO. 14:**

DOCUMENTS sufficient to IDENTIFY the bank accounts used by 35.CN since 2007.

**RESPONSE TO REQUEST NO. 14:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced responsive documents (3rd production) and/or will produce any other non-privileged responsive documents in its possession, custody, or control. Defendant will identify Bates numbers of produced documents.

**REQUEST NO. 15:**

DOCUMENTS sufficient to IDENTIFY 35.CN's principal place of business.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 15:**

2      Defendant has produced non-privileged responsive documents (4th production).

3

4  **REQUEST NO. 16:**

5      DOCUMENTS sufficient to IDENTIFY locations where 35.CN conducts business.

6  **RESPONSE TO REQUEST NO. 16:**

7      Defendant objects to this Request as vague and ambiguous, including as to the

8  phrase "conducts business."

9      Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: Defendant has produced non-privileged responsive documents (4th production) or

11  will produce non-privileged responsive documents.

12

13  **REQUEST NO. 17:**

14      All contracts entered into by 35.CN with a California domiciled citizen.

15  **RESPONSE TO REQUEST NO. 17:**

16      Defendant objects to this Request as vague and ambiguous, including as to all

17  "contracts" and "California domiciled citizen."

18      Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Defendant will produce non-privileged, responsive documents within its

20  possession, custody, or control.

21

22  **REQUEST NO. 18:**

23      All contracts entered into by 35.CN with a United States citizen.

24  **RESPONSE TO REQUEST NO. 18:**

25      Defendant objects to this Request to the extent Chinese law requires authorization

26  from the Chinese government. At this time, Defendant is not withholding documents based

27  on this objection, but reserves its right to raise this objection as documents continue to be

28  reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and

undue burden, including as to the unlimited timeframe and as Plaintiffs' personal jurisdiction allegations are limited. Defendant is construing this Request as being limited to any California citizen and will withhold any responsive documents on this basis. *See Dorian v. Harich Tahoe Dev.*, No. C-94-3387 DLJ, 1997 WL 626109, at *2 (N.D. Cal. Oct. 11, 1997).

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce non-privileged, responsive documents within its possession, custody, or control, limited to California citizens based on its objection above.

**REQUEST NO. 19:**

All contracts entered into by 35.CN with a California corporation.

**RESPONSE TO REQUEST NO. 19:**

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 20:**

All contracts entered into by 35.CN with a corporation of any state in the United States.

**RESPONSE TO REQUEST NO. 20:**

<span style="color:red">**THIS RESPONSE IS CONFIDENTIAL.**</span>

**REQUEST NO. 21:**

All contracts entered into by 35.CN with any PERSON in the United States relating to the registration of any domain name(s).

**RESPONSE TO REQUEST NO. 21:**

**DEF'S THIRD AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16    **THIS RESPONSE IS CONFIDENTIAL.**

17

18    <u>**REQUEST NO. 22:**</u>

19    All contracts entered into by 35.CN with any PERSON in the United States relating

20    to the use of any domain name(s).

21    <u>**RESPONSE TO REQUEST NO. 22:**</u>

22

23

24

25

26

27

28

**DEF'S THIRD AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**

1

2

3

4

5

6

7

8    **THIS RESPONSE IS CONFIDENTIAL.**

9

10    **REQUEST NO. 23:**

11        All contracts entered into by 35.CN with any PERSON in the United States relating

12    to the trafficking of any domain name(s).

13    **RESPONSE TO REQUEST NO. 23:**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **THIS RESPONSE IS CONFIDENTIAL.**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

**REQUEST NO. 24:**

DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC to Rex Liu on November 28, 2007 for $10,000.

**RESPONSE TO REQUEST NO. 24:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. At this time, Defendant is not withholding documents based on this objection, but reserves its right to raise this objection as documents continue to be reviewed. Defendant objects to this Request as argumentative, including as there is no legal claim that Defendant has made about this statement, and on relevance and proportionality grounds as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to all "DOCUMENTS supporting" and "35.CN's claim . . ."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant believes that responsive documents are in the possession of OnlineNIC and third parties. Defendant produced documents, *see* 35CN000576.

**REQUEST NO. 25:**

DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC to Rex Liu in 2007.

**RESPONSE TO REQUEST NO. 25:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. At this time, Defendant is not withholding documents based on this objection, but reserves its right to raise this objection as documents continue to be reviewed. Defendant objects to this Request as argumentative, including as there is no legal claim that Defendant has made about this statement, and on relevance and proportionality grounds as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Request as vague and ambiguous, including as to all

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  "DOCUMENTS supporting" and "35.CN's claim . . ."

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant believes that responsive documents are in the possession of OnlineNIC

4  and third parties. Defendant produced documents, *see* 35CN000576.

5

6  **REQUEST NO. 26:**

7      DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC

8  to Zhippo Chen in 2009.

9  **RESPONSE TO REQUEST NO. 26:**

10      Defendant objects to this Request as premised on a disputed fact.

11      Subject to and without waiving the foregoing objections, Defendant responds as

12  follows: Defendant does not have any documents in its possession, custody, or control.

13

14  **REQUEST NO. 27:**

15      DOCUMENTS supporting or refuting ONLINENIC's claim to the California

16  Franchise Tax Board in 2009 that GONG was the 100% owner of ONLINENIC.

17  **RESPONSE TO REQUEST NO. 27:**

18      Defendant objects to this Request as argumentative.

19      Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant does not have any documents in its possession, custody, or control.

21

22  **REQUEST NO. 28:**

23      DOCUMENTS supporting or refuting ONLINENIC's claim to the California

24  Franchise Tax Board in 2010 that GONG was the 100% owner of ONLINENIC.

25  **RESPONSE TO REQUEST NO. 28:**

26      Defendant objects to this Request as argumentative.

27      Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Defendant does not have any documents in its possession, custody, or control.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

**REQUEST NO. 29:**

DOCUMENTS supporting or refuting ONLINENIC's claim to the California Franchise Tax Board in 2011 that GONG was the 100% owner of ONLINENIC.

**RESPONSE TO REQUEST NO. 29:**

Defendant objects to this Request as argumentative.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 30:**

DOCUMENTS supporting or refuting ONLINENIC's claim to the California Franchise Tax Board in 2012 that GONG was the 100% owner of ONLINENIC.

**RESPONSE TO REQUEST NO. 30:**

Defendant objects to this Request as argumentative.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 31:**

DOCUMENTS supporting or refuting ONLINENIC's claim to the California Franchise Tax Board in 2013 that GONG was the 100% owner of ONLINENIC.

**RESPONSE TO REQUEST NO. 31:**

Defendant objects to this Request as argumentative.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 32:**

DOCUMENTS supporting or refuting ONLINENIC's claim to the California Franchise Tax Board in 2014 that GONG was the 100% owner of ONLINENIC.

1    **RESPONSE TO REQUEST NO. 32:**

2        Defendant objects to this Request as argumentative.

3        Subject to and without waiving the foregoing objections, Defendant responds as

4    follows: Defendant does not have any documents in its possession, custody, or control.

5

6    **REQUEST NO. 33:**

7        DOCUMENTS sufficient to IDENTIFY real property owned or leased by 35.CN in

8    California at any time.

9    **RESPONSE TO REQUEST NO. 33:**

10        Defendant objects to this Request on grounds of relevance, proportionality, and

11    undue burden, including as to the unlimited timeframe and as Plaintiffs' personal

12    jurisdiction allegations are limited.

13        Subject to and without waiving the foregoing objections, Defendant responds as

14    follows: Defendant does not have any documents in its possession, custody, or control.

15

16    **REQUEST NO. 34:**

17        DOCUMENTS sufficient to IDENTIFY real property owned or leased by 35.CN in

18    the United States at any time.

19    **RESPONSE TO REQUEST NO. 34:**

20        Defendant objects to this Request on grounds of relevance, proportionality, and

21    undue burden, including as to the unlimited timeframe and as Plaintiffs' personal

22    jurisdiction allegations are limited.

23        Subject to and without waiving the foregoing objections, Defendant responds as

24    follows: Defendant does not have any documents in its possession, custody, or control.

25

26    **REQUEST NO. 35:**

27        DOCUMENTS sufficient to IDENTIFY real property owned or leased by any

28    employee of 35.CN in California at any time.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 35:**

Defendant objects to this Request to the extent it lacks knowledge of responsive documents. Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe, as to property of "any employee" and as Plaintiffs' personal jurisdiction allegations are limited.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 36:**

DOCUMENTS sufficient to IDENTIFY assets of 35.CN in California since 2002.

**RESPONSE TO REQUEST NO. 36:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs' personal jurisdiction claims are based on claimed alter ego liability and specific jurisdiction in California for contacts *related to* the allegations.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 37:**

DOCUMENTS sufficient to IDENTIFY assets of 35.CN in the United States since 2002.

**RESPONSE TO REQUEST NO. 37:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs' personal jurisdiction claims are based on claimed alter ego liability and specific jurisdiction in California for contacts *related to* the allegations.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 38:**

DOCUMENTS relating to trademarks or service marks applied for or registered by 35.CN.

**RESPONSE TO REQUEST NO. 38:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. At this time, Defendant is not withholding documents based on this objection, but reserves its right to raise this objection as documents continue to be reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe. Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced non-privileged, responsive documents (35CN001095-1107) to show marks applied for or registered by 35.CN in the United States.

**REQUEST NO. 39:**

DOCUMENTS relating to trademarks or service marks applied for or registered by 35.CN in the United States.

**RESPONSE TO REQUEST NO. 39:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe. Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced non-privileged, responsive documents (35CN001095-1107) to show marks applied for or registered by 35.CN in the United States.

**REQUEST NO. 40:**

A representative sample of DOCUMENTS, including communications, that

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  demonstrate the business activities engaged in between 35.CN, including employees of

2  35.CN, and ONLINENIC.

3  **RESPONSE TO REQUEST NO. 40:**

18            **THIS RESPONSE IS CONFIDENTIAL.**

20  **REQUEST NO. 41:**

21            A representative sample of DOCUMENTS, including communications, that

22  demonstrate the business activities engaged in between 35.CN, including employees of

23  35.CN, and DOMAIN ID SHIELD.

24  **RESPONSE TO REQUEST NO. 41:**

25            Defendant objects to this Request on grounds of relevance, proportionality, and

26  undue burden, including as to the unlimited timeframe and as Plaintiffs have already

27  obtained similar responses from ID Shield. Defendant objects to this Request as vague

28  and ambiguous, including as to "business activities."

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 42:**

All agreements between 35.CN and ONLINENIC, and DOCUMENTS reflecting the negotiations between 35.CN and ONLINENIC to enter into those agreements.

**RESPONSE TO REQUEST NO. 42:**

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 43:**

All agreements between 35.CN and DOMAIN ID SHIELD, and DOCUMENTS reflecting the negotiations between 35.CN and DOMAIN ID SHIELD to enter into those agreements.

**RESPONSE TO REQUEST NO. 43:**

Defendant objects to this Request as compound.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

//

**DEF'S THIRD AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 44**

2        DOCUMENTS relating to leases or subleases offered or made available by 35.CN

3    to ONLINENIC and/or DOMAIN ID SHIELD.

4    **RESPONSE TO REQUEST NO. 44:**

5        Defendant objects to this Request as compound.

6        Subject to and without waiving the foregoing objections, Defendant responds as

7    follows: Defendant does not have any documents in its possession, custody, or control.

8

9    **REQUEST NO. 45:**

10        DOCUMENTS relating to equipment, including servers, offered or made available

11    by 35.CN to ONLINENIC and/or DOMAIN ID SHIELD.

12    **RESPONSE TO REQUEST NO. 45:**

13        Defendant objects to this Request as premised on a disputed fact. Defendant

14    objects to this Request as vague and ambiguous as to "equipment . . . offered or made

15    available." Defendant objects to this Request as compound.

16        Subject to and without waiving the foregoing objections, Defendant responds as

17    follows: Defendant's search for responsive documents is ongoing. Defendant will produce

18    non-privileged, responsive documents, if any exist, in its possession, custody, or control.

19

20    **REQUEST NO. 46:**

21        DOCUMENTS relating to services offered or made available by 35.CN to

22    ONLINENIC and/or DOMAIN ID SHIELD.

23    **RESPONSE TO REQUEST NO. 46:**

24    ██████████████████████████████████████████████████████████

25    ████████████████████████████████████████████████████████████

26    ████████████████████████████████████████████████████████████

27    ███████████████████████████████████████████████████████████

28    ████████████████████████████

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

2

3

4

5

6          **THIS RESPONSE IS CONFIDENTIAL.**

7

8    **REQUEST NO. 47:**

9          Communications between CARRIE YU and her supervisors at 35.CN regarding

10   ONLINENIC.

11   **RESPONSE TO REQUEST NO. 47:**

12

13

14

15

16

17

18

19

20

21

22          **THIS RESPONSE IS CONFIDENTIAL.**

23

24   **REQUEST NO. 48:**

25          Communications between CARRIE YU and any PERSON regarding ONLINENIC.

26   **RESPONSE TO REQUEST NO. 48:**

27

28

Kronenberger Rosenfeld
150 Post Street, Suite 520 San Francisco, CA 94108

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 49:**

Communications between CARRIE YU and her supervisors at 35.CN regarding DOMAIN ID SHIELD

**RESPONSE TO REQUEST NO. 49:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 50:**

Communications between CARRIE YU and any PERSON regarding DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 50:**

1  ████████████████████████████████████████████████████████████

2  ████████████████████████████████████

3    ████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████

8  ██████████████████████████

9    **THIS RESPONSE IS CONFIDENTIAL.**

10

11  **REQUEST NO. 51:**

12  Communications between CARRIE YU and her supervisors at 35.CN regarding this

13  lawsuit.

14  **RESPONSE TO REQUEST NO. 51:**

15  Defendant objects to this Request to the extent it seeks privileged or work product

16  information.

17  Subject to and without waiving the foregoing objections, Defendant responds as

18  follows: Defendant does not have any non-privileged responsive documents in its

19  possession, custody, or control. Defendant will provide a privilege log if applicable.

20

21  **REQUEST NO. 52:**

22  Communications between CARRIE YU and any PERSON regarding this lawsuit.

23  **RESPONSE TO REQUEST NO. 52:**

24  Defendant objects to this Request to the extent it seeks privileged or work product

25  information.

26  Subject to and without waiving the foregoing objections, Defendant responds as

27  follows: Defendant does not have any non-privileged responsive documents in its

28  possession, custody, or control. Defendant will provide a privilege log if applicable.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1

**REQUEST NO. 53:**

Communications between CARRIE YU and her supervisors at 35.CN regarding the investigation by the Special Discovery Master in this case.

**RESPONSE TO REQUEST NO. 53:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 54:**

Communications between CARRIE YU and any PERSON regarding the investigation by the Special Discovery Master in this case.

**RESPONSE TO REQUEST NO. 54:**

Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 55:**

DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who communicated with the Special Discovery Master in this case.

**RESPONSE TO REQUEST NO. 55:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: To Defendant's knowledge and belief, OnlineNIC's response to Interrogatory 2 is sufficient to identify the only individual, Leon Freeman, who communicated with the Special Discovery Master in this case for the defense.

**REQUEST NO. 56:**

Communications between CARRIE YU and her supervisors at 35.CN regarding the

1  Special Discovery Master's Data Destroyed or Withheld Report.

2  **RESPONSE TO REQUEST NO. 56:**

3      Subject to and without waiving the foregoing objections, Defendant responds as

4  follows: Defendant does not have any documents in its possession, custody, or control.

5

6  **REQUEST NO. 57:**

7      Communications between CARRIE YU and any PERSON regarding the Special

8  Discovery Master's Data Destroyed or Withheld Report.

9  **RESPONSE TO REQUEST NO. 57:**

10     Defendant objects to this Request to the extent it seeks privileged or work product

11  information.

12     Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Defendant does not have any documents in its possession, custody, or control.

14

15  **REQUEST NO.58:**

16     DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who were involved

17  in the destruction of evidence in this case as described in the Special Discovery Master's

18  Data Destroyed or Withheld Report.

19  **RESPONSE TO REQUEST NO. 58:**

20     Defendant objects to this Request as argumentative, premised on a disputed fact,

21  and vague and ambiguous, including as to "destruction of evidence."

22     Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Defendant does not have any documents in its possession, custody, or control.

24

25  **REQUEST NO. 59:**

26     DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who participated in

27  the destruction of evidence in this case as described in the Special Discovery Master's

28  Data Destroyed or Withheld Report.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 59:**

2      Defendant objects to this Request as argumentative, premised on a disputed fact,

3  and vague and ambiguous, including as to "destruction of evidence."

4      Subject to and without waiving the foregoing objections, Defendant responds as

5  follows: Defendant does not have any documents in its possession, custody, or control.

6

7  **REQUEST NO. 60:**

8      Communications between CARRIE YU and her supervisors at 35.CN regarding

9  CARRIE YU's ownership of DOMAIN ID SHIELD for the benefit of ONLINENIC.

10 **RESPONSE TO REQUEST NO. 60:**

11     Subject to and without waiving the foregoing objections, Defendant responds as

12 follows: Defendant does not have any documents in its possession, custody, or control.

13

14 **REQUEST NO. 61:**

15     Communications between CARRIE YU and any PERSON regarding CARRIE YU's

16 ownership of DOMAIN ID SHIELD for the benefit of ONLINENIC.

17 **RESPONSE TO REQUEST NO. 61:**

18     Defendant objects to this Request to the extent it seeks privileged or work product

19 information.

20     Subject to and without waiving the foregoing objections, Defendant responds as

21 follows: Defendant does not have any documents in its possession, custody, or control.

22

23 **REQUEST NO. 62:**

24     DOCUMENTS relating to payments made by 35.CN to CARRIE YU since 2007,

25 including DOCUMENTS reflecting the purpose of any payments.

26 **RESPONSE TO REQUEST NO. 62:**

27 ████████████████████████████████████████████████

28 ████████████████████████████████████████████████

30

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 63:**

Communications relating to payments made by 35.CN to CARRIE YU since 2007, including communications reflecting the purpose of any payments.

**RESPONSE TO REQUEST NO. 63:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. At this time, Defendant is not withholding documents based on this objection, but reserves its right to raise this objection as documents continue to be reviewed. Defendant objects to this Request on privacy grounds, including under US and Chinese laws.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 64:**

DOCUMENTS relating to CARRIE YU's ownership of DOMAIN ID SHIELD for the benefit of ONLINENIC.

**RESPONSE TO REQUEST NO. 64:**

Defendant objects to this Request as compound and confusing.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 65:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1   for both 35.CN and ONLINENIC.

2   **RESPONSE TO REQUEST NO. 65:**

3       Defendant objects to this Request on grounds of relevance, proportionality, and

4   undue burden, including as to the unlimited timeframe and as Plaintiffs have already

5   obtained similar discovery from OnlineNIC.

6       Subject to and without waiving the foregoing objections, Defendant responds as

7   follows: Documents have been produced. OnlineNIC referred to documents identifying

8   employees as ONLINENIC000017-ONLINENIC000038, ONLINENIC266989-

9   ONLINENIC267162, ONLINENIC000073-ONLINENIC000074. Defendant does not have

10  any responsive documents in its possession, custody, or control.

11

12  **REQUEST NO. 66:**

13      DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind

14  for both 35.CN and DOMAIN ID SHIELD.

15  **RESPONSE TO REQUEST NO. 66:**

16      Defendant objects to this Request on grounds of relevance, proportionality, and

17  undue burden, including as to the unlimited timeframe and as Plaintiffs have already

18  obtained similar discovery from ID Shield.

19      Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant does not have any documents in its possession, custody, or control.

21

22  **REQUEST NO. 67:**

23      Communications between 35.CN and ONLINENIC concerning the work performed

24  for ONLINENIC by employees of 35.CN.

25  **RESPONSE TO REQUEST NO. 67:**

26      Defendant objects to this Request as premised on a disputed fact. Defendant

27  objects to this Request on grounds of relevance, proportionality, and undue burden,

28  including as to the unlimited timeframe and as Plaintiffs have already obtained similar

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  discovery from OnlineNIC.

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant does not have any documents in its possession, custody, or control.

4

5  **REQUEST NO. 68:**

6      Communications between 35.CN and ONLINENIC concerning the work performed

7  for DOMAIN ID SHIELD by employees of 35.CN.

8  **RESPONSE TO REQUEST NO. 68:**

9      Defendant objects to this Request on grounds of relevance, proportionality, and

10  undue burden, including as to the unlimited timeframe and as Plaintiffs have already

11  obtained similar discovery from ID Shield.

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Defendant does not have any documents in its possession, custody, or control.

14

15  **REQUEST NO. 69:**

16      Communications between 35.CN and any PERSON relating to any of the

17  INFRINGING DOMAIN NAMES.

18  **RESPONSE TO REQUEST NO. 69:**

19      Defendant objects to this Request as premised on a disputed fact and vague and

20  ambiguous. Defendant objects to this Request to the extent it seeks privileged or work

21  product information.

22      Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Defendant does not have any non-privileged responsive documents in its

24  possession, custody, or control. Defendant will produce a privilege log.

25

26  **REQUEST NO. 70:**

27      Communications between 35.CN and any PERSON relating to the registration of

28  any of the INFRINGING DOMAIN NAMES.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

33     **DEF'S THIRD AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**

**RESPONSE TO REQUEST NO. 70:**

Defendant objects to this Request as premised on a disputed fact and vague and ambiguous. Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any non-privileged responsive documents in its possession, custody, or control. Defendant will produce a privilege log.

**REQUEST NO. 71:**

Communications between 35.CN and any PERSON relating to customer accounts associated with the INFRINGING DOMAIN NAMES.

**RESPONSE TO REQUEST NO. 71:**

Defendant objects to this Request as premised on a disputed fact and vague and ambiguous. Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any non-privileged responsive documents in its possession, custody, or control. Defendant will produce a privilege log.

**REQUEST NO. 72:**

All agreements or contracts between ICANN and 35.CN.

**RESPONSE TO REQUEST NO. 72:**



KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

2

3

4

5

6          **THIS RESPONSE IS CONFIDENTIAL.**

7

8    **REQUEST NO. 73:**

9          DOCUMENTS relating to agreements or contracts between ICANN and 35.CN.

10   **RESPONSE TO REQUEST NO. 73:**

11

12

13

14

15

16

17

18

19

20

21

22         **THIS RESPONSE IS CONFIDENTIAL.**

23

24   **REQUEST NO. 74:**

25         Communications between ICANN and 35.CN since 2002.

26   **RESPONSE TO REQUEST NO. 74:**

27

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1
2
3
4
5
6
7
8
9     **THIS RESPONSE IS CONFIDENTIAL.**
10
11    **REQUEST NO. 75:**
12         DOCUMENTS relating to any action by ICANN to enforce the RAA against 35.CN.
13    **RESPONSE TO REQUEST NO. 75:**
14
15
16
17
18
19
20
21
22
23
24
25    **THIS RESPONSE IS CONFIDENTIAL.**
26
27    **REQUEST NO. 76:**
28         DOCUMENTS relating to any prior actions or complaints concerning cybersquatting

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1 filed against or by 35.CN in a United States Federal or State Court or before any

2 administrative tribunal since 2007.

3 **RESPONSE TO REQUEST NO. 76:**

4     Defendant objects to this Request as vague and ambiguous, including as to "any

5 prior actions or complaints concerning."

6     Subject to and without waiving the foregoing objections, Defendant responds as

7 follows: Defendant does not have any documents in its possession, custody, or control.

8

9 **REQUEST NO. 77:**

10     DOCUMENTS relating to any prior actions or complaints concerning online abuse,

11 including trademark or service mark infringement, false designation of origin,

12 cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed

13 against or by 35.CN in a United States Federal or State Court or before any administrative

14 tribunal since 2007.

15 **RESPONSE TO REQUEST NO. 77:**

16     Defendant objects to this Request as vague and ambiguous, including as to "any

17 prior actions or complaints concerning."

18     Subject to and without waiving the foregoing objections, Defendant responds as

19 follows: Defendant does not have any documents in its possession, custody, or control.

20

21 **REQUEST NO. 78:**

22     DOCUMENTS relating to any prior actions or complaints concerning cybersquatting

23 filed against or by ONLINENIC in a United States Federal or State Court or before any

24 administrative tribunal since 2007.

25 **RESPONSE TO REQUEST NO. 78:**

26

27

28

1 ████████████████████████████████

2 ███████████████████████████████████████████

3 █████████████████████████████████████████████

4 █████████████████████████████████████████████

5 █████████████████████████████████████████████

6 █████████████████████████████████████████████

7 █████████████████████████████████████████████

8 █████████████████████████████████████████████

9 ████████████

10     **THIS RESPONSE IS CONFIDENTIAL.**

11

12 **REQUEST NO. 79:**

13     DOCUMENTS relating to any prior actions or complaints concerning online abuse,

14 including trademark or service mark infringement, false designation of origin,

15 cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed

16 against or by ONLINENIC in a United States Federal or State Court or before any

17 administrative tribunal SINCE 2007.

18 **RESPONSE TO REQUEST NO. 79:**

19 ████████████████████████████████████████

20 █████████████████████████████████████████████

21 █████████████████████████████████████████████

22 ████████████████████████████████

23 ████████████████████████████████████████

24 █████████████████████████████████████████████

25 █████████████████████████████████████████████

26 █████████████████████████████████████████████

27 █████████████████████████████████████████████

28 █████████████████████████████████████████████

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

██████████████████████████████████████████████

████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 80:**

DOCUMENTS relating to any prior actions or complaints concerning cybersquatting filed against or by DOMAIN ID SHIELD in a United States Federal or State Court or before any administrative tribunal since 2007.

**RESPONSE TO REQUEST NO. 80:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs have already made similar requests to ID Shield. Defendant objects to this Request as vague and ambiguous, including as to "any prior actions or complaints concerning."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control, provided that other Defendants have referred to OnlineNIC225791-OnlineNIC252185 in response to discovery about actions relating to ID Shield.

**REQUEST NO. 81:**

DOCUMENTS relating to any prior actions or complaints concerning online abuse, including trademark or service mark infringement, false designation of origin, cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed against or by DOMAIN ID SHIELD in a United States Federal or State Court or before any administrative tribunal SINCE 2007.

**RESPONSE TO REQUEST NO. 81:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs have already made similar requests to ID Shield. Defendant objects to this Request as vague and ambiguous,

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    including as to "any prior actions or complaints concerning."

2    Subject to and without waiving the foregoing objections, Defendant responds as

3    follows: Defendant does not have any documents in its possession, custody, or control,

4    provided that other Defendants have referred to OnlineNIC225791-OnlineNIC252185 in

5    response to discovery about actions relating to ID Shield.

6

7    **REQUEST NO. 82:**

8    Communications between 35.CN and ONLINENIC concerning Meta Platforms, Inc.

9    (f/k/a Facebook, Inc.).

10   **RESPONSE TO REQUEST NO. 82:**

11   Defendant objects to this Request on grounds of relevance, proportionality, and

12   undue burden, including as to the unlimited timeframe and as Plaintiffs have already

13   obtained similar discovery from OnlineNIC.

14   Subject to and without waiving the foregoing objections, Defendant responds as

15   follows: Defendant does not have any documents in its possession, custody, or control.

16

17   **REQUEST NO. 83:**

18   Communications between 35.CN and ONLINENIC concerning Instagram, LLC.

19   **RESPONSE TO REQUEST NO. 83:**

20   Defendant objects to this Request on grounds of relevance, proportionality, and

21   undue burden, including as to the unlimited timeframe and as Plaintiffs have already

22   obtained similar discovery from OnlineNIC.

23   Subject to and without waiving the foregoing objections, Defendant responds as

24   follows: Defendant does not have any documents in its possession, custody, or control.

25

26   **REQUEST NO. 84:**

27   Communications between 35.CN and ONLINENIC concerning this lawsuit.

28   //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 84:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from OnlineNIC. Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any non-privileged documents in its possession, custody, or control.

**REQUEST NO. 85:**

Communications between 35.CN and ICANN concerning this lawsuit.

**RESPONSE TO REQUEST NO. 85:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 86:**

Communications between 35.CN and any PERSON concerning this lawsuit.

**RESPONSE TO REQUEST NO. 86:**

Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any non-privileged documents in its possession, custody, or control. Defendants will produce a privilege log.

**REQUEST NO. 87:**

DOCUMENTS that IDENTIFY the source of funds used to pay employees of 35.CN that perform work for ONLINENIC.

//

**DEF'S THIRD AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **RESPONSE TO REQUEST NO. 87:**

2         Defendant objects to this Request on grounds of relevance, proportionality, and

3    undue burden, including as to the unlimited timeframe and as OnlineNIC has already

4    responded to similar discovery. Defendant objects to this Request as vague and

5    ambiguous, including as to "source of funds."

6         Subject to and without waiving the foregoing objections, Defendant responds as

7    follows: Defendant does not have any documents in its possession, custody, or control.

8    Defendant further refers to OnlineNIC's response to a similar RFP No. 72.

9

10    **REQUEST NO. 88:**

11         DOCUMENTS that IDENTIFY the source of funds used to pay employees of

12    ONLINENIC.

13    **RESPONSE TO REQUEST NO. 88:**

14         Defendant objects to this Request on grounds of relevance, proportionality, and

15    undue burden, including as to the unlimited timeframe and as OnlineNIC has already

16    responded to similar discovery. Defendant objects to this Request as vague and

17    ambiguous, including as to "source of funds."

18         Subject to and without waiving the foregoing objections, Defendant responds as

19    follows: Defendant does not have any documents in its possession, custody, or control.

20    Defendant further refers to OnlineNIC's response to a similar RFP No. 72.

21

22    **REQUEST NO. 89:**

23         DOCUMENTS that IDENTIFY the source of funds used to pay employees of

24    DOMAIN ID SHIELD.

25    **RESPONSE TO REQUEST NO. 89:**

26         Defendant objects to this Request on grounds of relevance, proportionality, and

27    undue burden, including as to the unlimited timeframe and as OnlineNIC has already

28    responded to similar discovery. Defendant objects to this Request as vague and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  ambiguous, including as to "source of funds."

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant does not have any documents in its possession, custody, or control.

4  Defendant further refers to OnlineNIC's response to a similar RFP No. 71.

5

6  **REQUEST NO. 90:**

7      DOCUMENTS that IDENTIFY the source of funds used to form 35.CN.

8  **RESPONSE TO REQUEST NO. 90:**

9      Defendant objects to this Request to the extent Chinese law requires authorization

10 from the Chinese government. At this time, Defendant is not withholding documents based

11 on this objection as the Request concerns the source of funds of a third party and former

12 shareholder of 35.CN, but reserves its right to raise this objection as documents continue

13 to be reviewed. Defendant objects to this Request on grounds of relevance. Defendant

14 objects to this Request as vague and ambiguous, including as to "source of funds used to

15 form."

16     Subject to and without waiving the foregoing objections, Defendant responds as

17 follows: Defendant will produce any responsive documents in its possession, custody, or

18 control that identify the source of funds used to form 35.CN or a privilege log if applicable.

19

20 **REQUEST NO. 91:**

21     DOCUMENTS that IDENTIFY the source of funds used to form ONLINENIC.

22 **RESPONSE TO REQUEST NO. 91:**

23     Defendant objects to this Request on grounds of relevance, proportionality, and

24 undue burden, including as OnlineNIC has already responded to similar discovery.

25 Defendant objects to this Request as vague and ambiguous, including as to "source of

26 funds used to form."

27     Subject to and without waiving the foregoing objections, Defendant responds as

28 follows: Defendant does not have any documents in its possession, custody, or control.

43

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Defendant further refers to OnlineNIC's response to a similar RFP No. 73.

2

3    **REQUEST NO. 92:**

4        DOCUMENTS that IDENTIFY the source of funds used to form DOMAIN ID

5    SHIELD.

6    **RESPONSE TO REQUEST NO. 92:**

7        Defendant objects to this Request on grounds of relevance, proportionality, and

8    undue burden, including as OnlineNIC has already responded to similar discovery.

9    Defendant objects to this Request as vague and ambiguous, including as to "source of

10   funds used to form."

11       Subject to and without waiving the foregoing objections, Defendant responds as

12   follows: Defendant does not have any documents in its possession, custody, or control.

13   Defendant further refers to OnlineNIC's response to a similar RFP No. 76.

14

15   **REQUEST NO. 93:**

16       DOCUMENTS reflecting funds transferred between 35.CN and ONLINENIC at any

17   time.

18   **RESPONSE TO REQUEST NO. 93:**

19

20

21

22

23

24

25

26

27

28

44

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **THIS RESPONSE IS CONFIDENTIAL.**

2

3    <u>**REQUEST NO. 94:**</u>

4    DOCUMENTS reflecting funds transferred between 35.CN and DOMAIN ID

5    SHIELD at any time.

6    <u>**RESPONSE TO REQUEST NO. 94:**</u>

7    Defendant objects to this Request on grounds of relevance, proportionality, and

8    undue burden, including as to the unlimited timeframe and as Plaintiffs have already sought

9    similar discovery from ID Shield. Defendant objects to this Request as vague and

10   ambiguous, including as to "reflecting funds transferred."

11   Subject to and without waiving the foregoing objections, Defendant responds as

12   follows: Defendant does not have any documents in its possession, custody, or control.

13

14   <u>**REQUEST NO. 95:**</u>

15   DOCUMENTS reflecting payments made by 35.CN for the benefit of ONLINENIC

16   at any time.

17   <u>**RESPONSE TO REQUEST NO. 95:**</u>

18   Defendant objects to this Request as vague and ambiguous, including as to

19   "reflecting payments made" and "for the benefit of."

20   Subject to and without waiving the foregoing objections, Defendant responds as

21   follows: Defendant does not have any documents in its possession, custody, or control.

22

23   <u>**REQUEST NO. 96:**</u>

24   DOCUMENTS reflecting payments made by 35.CN for the benefit of DOMAIN ID

25   SHIELD at any time.

26   <u>**RESPONSE TO REQUEST NO. 96:**</u>

27   Defendant objects to this Request as vague and ambiguous, including as to

28   "reflecting payments made" and "for the benefit of."

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 97:**

DOCUMENTS reflecting all payments made by ONLINENIC to 35.CN since 2007.

**RESPONSE TO REQUEST NO. 97:**



**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 98:**

DOCUMENTS reflecting all payments made by DOMAIN ID SHIELD to 35.CN since 2007.

**RESPONSE TO REQUEST NO. 98:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting all payments made."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 99:**

DOCUMENTS reflecting all payments made by 35.CN to or on behalf of ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 99:**

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 100:**

DOCUMENTS reflecting all payments made by 35.CN to or on behalf of DOMAIN ID SHIELD since 2007.

**RESPONSE TO REQUEST NO. 100:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting all payments made."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 101:**

DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to or on behalf of ONLINENIC since 2007.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **RESPONSE TO REQUEST NO. 101:**

2        Defendant objects to this Request as vague and ambiguous, including as to

3    "reflecting all payments made by officers and/or directors" and "on behalf of."

4        Subject to and without waiving the foregoing objections, Defendant responds as

5    follows: Defendant is still reviewing documents and will produce all non-privileged

6    responsive documents in its possession, custody, and control, to the extent any such

7    documents exist.

8

9    **REQUEST NO. 102:**

10        DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to

11    or on behalf of DOMAIN ID SHIELD since 2007.

12    **RESPONSE TO REQUEST NO. 102:**

13        Defendant objects to this Request as vague and ambiguous, including as to

14    "reflecting all payments made by officers and/or directors" and "on behalf of."

15        Subject to and without waiving the foregoing objections, Defendant responds as

16    follows: Defendant does not have any documents in its possession, custody, or control.

17

18    **REQUEST NO. 103:**

19        DOCUMENTS reflecting all payments made by shareholders of 35.CN to or on

20    behalf of ONLINENIC since 2007.

21    **RESPONSE TO REQUEST NO. 103:**

22        Defendant objects to this Request as vague and ambiguous, including as to

23    "reflecting all payments made by shareholders" and "on behalf of."

24        Subject to and without waiving the foregoing objections, Defendant responds as

25    follows: Defendant does not have any documents in its possession, custody, or control.

26

27    **REQUEST NO. 104:**

28        DOCUMENTS reflecting all payments made by shareholders of 35.CN to or on

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  behalf of DOMAIN ID SHIELD since 2007.

2  **RESPONSE TO REQUEST NO. 104:**

3  Defendant objects to this Request as vague and ambiguous, including as to

4  "reflecting all payments made by shareholders" and "on behalf of."

5  Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: Defendant does not have any documents in its possession, custody, or control.

7

8  **REQUEST NO. 105:**

9  DOCUMENTS reflecting loans made by ONLINENIC to 35.CN since 2007.

10  **RESPONSE TO REQUEST NO. 105:**

11  Defendant objects to this Request as vague and ambiguous, including as to

12  "reflecting loans."

13  Subject to and without waiving the foregoing objections, Defendant responds as

14  follows: Defendant does not have any documents in its possession, custody, or control.

15

16  **REQUEST NO. 106:**

17  DOCUMENTS reflecting loans made by DOMAIN ID SHIELD to 35.CN since 2007.

18  **RESPONSE TO REQUEST NO. 106:**

19  Defendant objects to this Request as vague and ambiguous, including as to

20  "reflecting loans."

21  Subject to and without waiving the foregoing objections, Defendant responds as

22  follows: Defendant does not have any documents in its possession, custody, or control.

23

24  **REQUEST NO. 107:**

25  DOCUMENTS reflecting loans made by officers and/or directors of ONLINENIC to

26  35.CN since 2007.

27  **RESPONSE TO REQUEST NO. 107:**

28  Defendant objects to this Request as vague and ambiguous, including as to

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  "reflecting loans made by officers and/or directors."

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant does not have any documents in its possession, custody, or control.

4

5  **REQUEST NO. 108:**

6      DOCUMENTS reflecting loans made by officers and/or directors of DOMAIN ID

7  SHIELD to 35.CN since 2007.

8  **RESPONSE TO REQUEST NO. 108:**

9      Defendant objects to this Request as vague and ambiguous, including as to

10  "reflecting loans made by officers and/or directors."

11      Subject to and without waiving the foregoing objections, Defendant responds as

12  follows: Defendant does not have any documents in its possession, custody, or control.

13

14  **REQUEST NO. 109:**

15      DOCUMENTS reflecting loans made by 35.CN to ONLINENIC since 2007.

16  **RESPONSE TO REQUEST NO. 109:**

17      Defendant objects to this Request as vague and ambiguous, including as to

18  "reflecting loans."

19      Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant does not have any documents in its possession, custody, or control.

21

22  **REQUEST NO. 110:**

23      DOCUMENTS reflecting loans made by 35.CN to DOMAIN ID SHIELD since 2007.

24  **RESPONSE TO REQUEST NO. 110:**

25      Defendant objects to this Request as vague and ambiguous, including as to

26  "reflecting loans."

27      Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Defendant does not have any documents in its possession, custody, or control.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

**REQUEST NO. 111:**

DOCUMENTS reflecting loans made by officers and/or directors of 35.CN to ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 111:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting loans made by officers and/or directors."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 112:**

DOCUMENTS reflecting loans made by officers and/or directors of 35.CN to DOMAIN ID SHIELD since 2007.

**RESPONSE TO REQUEST NO. 112:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting loans made by officers and/or directors."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 113:**

DOCUMENTS reflecting loans made by shareholders of 35.CN to ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 113:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting loans made by shareholders."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 114:**

2      DOCUMENTS reflecting loans made by shareholders of 35.CN to DOMAIN ID

3  SHIELD since 2007.

4  **RESPONSE TO REQUEST NO. 114:**

5      Defendant objects to this Request as vague and ambiguous, including as to

6  "reflecting loans made by shareholders."

7      Subject to and without waiving the foregoing objections, Defendant responds as

8  follows: Defendant does not have any documents in its possession, custody, or control.

9

10  **REQUEST NO. 115:**

11      DOCUMENTS reflecting investments made by 35.CN to ONLINENIC since 2007.

12  **RESPONSE TO REQUEST NO. 115:**

13      Defendant objects to this Request as vague and ambiguous, including as to

14  "reflecting investments."

15      Subject to and without waiving the foregoing objections, Defendant responds as

16  follows: Defendant does not have any documents in its possession, custody, or control.

17

18  **REQUEST NO. 116:**

19      DOCUMENTS reflecting investments made by 35.CN to DOMAIN ID SHIELD since

20  2007.

21  **RESPONSE TO REQUEST NO. 116:**

22      Defendant objects to this Request as vague and ambiguous, including as to

23  "reflecting investments."

24      Subject to and without waiving the foregoing objections, Defendant responds as

25  follows: Defendant does not have any documents in its possession, custody, or control.

26

27  **REQUEST NO. 117:**

28      DOCUMENTS reflecting investments made by officers and/or directors of 35.CN to

1  ONLINENIC since 2007.

2  **RESPONSE TO REQUEST NO. 117:**

3      Defendant objects to this Request as vague and ambiguous, including as to

4  "reflecting investments made by officers and/or directors."

5      Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: Defendant does not have any documents in its possession, custody, or control.

7

8  **REQUEST NO. 118:**

9      DOCUMENTS reflecting investments made by officers and/or directors of 35.CN to

10  DOMAIN ID SHIELD since 2007.

11  **RESPONSE TO REQUEST NO. 118:**

12      Defendant objects to this Request as vague and ambiguous, including as to

13  "reflecting investments made by officers and/or directors."

14      Subject to and without waiving the foregoing objections, Defendant responds as

15  follows: Defendant does not have any documents in its possession, custody, or control.

16

17  **REQUEST NO. 119:**

18      DOCUMENTS reflecting investments made by shareholders of 35.CN to

19  ONLINENIC since 2007.

20  **RESPONSE TO REQUEST NO. 119:**

21      Defendant objects to this Request as vague and ambiguous, including as to

22  "reflecting investments made by shareholders."

23      Subject to and without waiving the foregoing objections, Defendant responds as

24  follows: Defendant does not have any documents in its possession, custody, or control.

25

26  **REQUEST NO. 120:**

27      DOCUMENTS reflecting investments made by shareholders of 35.CN to DOMAIN

28  ID SHIELD since 2007.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   **RESPONSE TO REQUEST NO. 120:**

2       Defendant objects to this Request as vague and ambiguous, including as to

3   "reflecting investments made by shareholders."

4       Subject to and without waiving the foregoing objections, Defendant responds as

5   follows: Defendant does not have any documents in its possession, custody, or control.

6

7   **REQUEST NO. 121:**

8       DOCUMENTS reflecting all payments made by 35.CN to Rex Liu since 2007.

9   **RESPONSE TO REQUEST NO. 121:**

10      Defendant objects to this Request as vague and ambiguous, including as to

11  "reflecting all payments made by 35.CN."

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Defendant does not have any documents in its possession, custody, or control.

14

15  **REQUEST NO. 122:**

16      DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to

17  Rex Liu since 2007.

18  **RESPONSE TO REQUEST NO. 122:**

19      Defendant objects to this Request as vague and ambiguous, including as to

20  "reflecting all payments made by officers and/or directors."

21      Subject to and without waiving the foregoing objections, Defendant responds as

22  follows: Defendant does not have any documents in its possession, custody, or control.

23

24  **REQUEST NO. 123:**

25      DOCUMENTS reflecting all payments made by shareholders of 35.CN to Rex Liu

26  since 2007.

27  **RESPONSE TO REQUEST NO. 123:**

28      Defendant objects to this Request as vague and ambiguous, including as to

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  "reflecting all payments made by shareholders."

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant does not have any documents in its possession, custody, or control.

4

5  **REQUEST NO. 124:**

6      DOCUMENTS reflecting all payments made by ONLINENIC and DOMAIN ID

7  SHIELD to GONG since 2007.

8  **RESPONSE TO REQUEST NO. 124:**

9      Defendant objects to this Request as vague and ambiguous, including as to "all

10  payments made" and as it is compound. Defendant objects to this Request as non-

11  proportional as it seeks information from other parties and an individual third party.

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Defendant does not have any documents in its possession, custody, or control.

14

15  **REQUEST NO. 125:**

16      DOCUMENTS reflecting all payments made by GONG to or on behalf of

17  ONLINENIC and DOMAIN ID SHIELD since 2007.

18  **RESPONSE TO REQUEST NO. 125:**

19      Defendant objects to this Request as vague and ambiguous, including as to "all

20  payments made" and as it is compound. Defendant objects to this Request as non-

21  proportional as it seeks information from other parties and an individual third party.

22      Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Defendant does not have any documents in its possession, custody, or control.

24

25  **REQUEST NO. 126:**

26      DOCUMENTS reflecting loans made by ONLINENIC and DOMAIN ID SHIELD to

27  GONG since 2007.

28  //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **RESPONSE TO REQUEST NO. 126:**

2         Defendant objects to this Request as vague and ambiguous, including as to

3    "reflecting loans" and as it is compound. Defendant objects to this Request as non-

4    proportional as it seeks information from other parties and an individual third party.

5         Subject to and without waiving the foregoing objections, Defendant responds as

6    follows: Defendant does not have any documents in its possession, custody, or control.

7

8    **REQUEST NO. 127:**

9         DOCUMENTS reflecting loans made by GONG to ONLINENIC and DOMAIN ID

10   SHIELD since 2007.

11   **RESPONSE TO REQUEST NO. 127:**

12        Defendant objects to this Request as vague and ambiguous, including as to

13   "reflecting loans" and as it is compound. Defendant objects to this Request as non-

14   proportional as it seeks information from other parties and an individual third party.

15        Subject to and without waiving the foregoing objections, Defendant responds as

16   follows: Defendant does not have any documents in its possession, custody, or control.

17

18   **REQUEST NO. 128:**

19        DOCUMENTS reflecting the loan by Sun Shaofeng to ONLINENIC in 2009.

20   **RESPONSE TO REQUEST NO. 128:**

21        Defendant objects to this Request as vague and ambiguous, including as to

22   "reflecting the loan." Defendant objects to this Request as non-proportional as it seeks

23   information from OnlineNIC and an individual third party.

24        Subject to and without waiving the foregoing objections, Defendant responds as

25   follows: Defendant does not have any documents in its possession, custody, or control.

26

27   **REQUEST NO. 129:**

28        DOCUMENTS sufficient to show why Sun Shaofeng loaned money to ONLINENIC

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  in 2009.

2  **RESPONSE TO REQUEST NO. 129:**

3  Defendant objects to this Request as vague and ambiguous, including as to "loaned

4  money." Defendant objects to this Request as non-proportional as it seeks information from

5  OnlineNIC and an individual third party.

6  Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: Defendant does not have any documents in its possession, custody, or control.

8

9  **REQUEST NO. 130:**

10  Communications between Sun Shaofeng and 35.CN regarding Sun Shaofeng's

11  loan to ONLINENIC in 2009.

12  **RESPONSE TO REQUEST NO. 130:**

13  Defendant objects to this Request as vague and ambiguous, including as to

14  "Communications" and "regarding Sun Shaofeng's loan."

15  Subject to and without waiving the foregoing objections, Defendant responds as

16  follows: Defendant does not have any documents in its possession, custody, or control.

17

18  **REQUEST NO. 131:**

19  Communications between Sun Shaofeng and GONG regarding Sun Shaofeng's

20  loan to ONLINENIC in 2009.

21  **RESPONSE TO REQUEST NO. 131:**

22  Defendant objects to this Request as vague and ambiguous, including as to

23  "Communications" and "regarding Sun Shaofeng's loan." Defendant objects to this

24  Request as non-proportional as it seeks information from third parties.

25  Subject to and without waiving the foregoing objections, Defendant responds as

26  follows: Defendant does not have any documents in its possession, custody, or control.

27

28  //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 132:**

2      DOCUMENTS sufficient to show the business relationship between Sun Shaofeng

3  and 35.CN.

4  **RESPONSE TO REQUEST NO. 132:**

5      Defendant objects to this Request as vague and ambiguous, including as to

6  "business relationship."

7      Subject to and without waiving the foregoing objections, Defendant responds as

8  follows: Defendant does not have any documents in its possession, custody, or control.

9

10 **REQUEST NO. 133:**

11      DOCUMENTS sufficient to show the business and/or personal relationship between

12 Sun Shaofeng and GONG.

13 **RESPONSE TO REQUEST NO. 133:**

14      Defendant objects to this Request as vague and ambiguous, including as to

15 "business and/or personal relationship." Defendant objects to this Request as non-

16 proportional as it seeks information from third parties.

17      Subject to and without waiving the foregoing objections, Defendant responds as

18 follows: Defendant does not have any documents in its possession, custody, or control.

19

20 **REQUEST NO. 134:**

21      DOCUMENTS sufficient to show the business and/or personal relationship between

22 Rex Liu and GONG.

23 **RESPONSE TO REQUEST NO. 134:**

24      Defendant objects to this Request as vague and ambiguous, including as to

25 "business and/or personal relationship." Defendant objects to this Request as non-

26 proportional as it seeks information from third parties.

27      Subject to and without waiving the foregoing objections, Defendant responds as

28 follows: Defendant does not have any documents in its possession, custody, or control.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

**REQUEST NO. 135:**

DOCUMENTS sufficient to show the business relationship between Rex Liu and 35.CN.

**RESPONSE TO REQUEST NO. 135:**

Defendant objects to this Request as vague and ambiguous, including as to "business relationship."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 136:**

DOCUMENTS sufficient to show the business relationship between Rex Liu and ONLINENIC.

**RESPONSE TO REQUEST NO. 136:**

Defendant objects to this Request as vague and ambiguous, including as to "business relationship." Defendant objects to this Request as non-proportional as it seeks information from OnlineNIC and an individual third party.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have any documents in its possession, custody, or control.

**REQUEST NO. 137:**

DOCUMENTS sufficient to show the business relationship between Rex Liu and DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 137:**

Defendant objects to this Request as vague and ambiguous, including as to "business relationship." Defendant objects to this Request as non-proportional as it seeks information from ID Shield and an individual third party.

Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Defendant does not have any documents in its possession, custody, or control.

2

3  **REQUEST NO. 138:**

4       DOCUMENTS reflecting the loan by South Pacific Holdings Group to ONLINENIC

5  through Kennedy's Legal in 2019.

6  **RESPONSE TO REQUEST NO. 138:**

7       Defendant objects to this Request as vague and ambiguous, including as to

8  "reflecting the loan." Defendant objects to this Request as non-proportional as it seeks

9  information from OnlineNIC and a third party.

10       Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Defendant does not have any documents in its possession, custody, or control.

12

13  **REQUEST NO. 139:**

14       DOCUMENTS sufficient to show why South Pacific Holdings Group loaned money

15  to ONLINENIC through Kennedy's Legal in 2019.

16  **RESPONSE TO REQUEST NO. 139:**

17       Defendant objects to this Request as vague and ambiguous, including as to "show

18  why" and "loaned money." Defendant objects to this Request as non-proportional as it

19  seeks information from OnlineNIC and a third party.

20       Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Defendant does not have any documents in its possession, custody, or control.

22

23  **REQUEST NO. 140:**

24       DOCUMENTS sufficient to IDENTIFY the members of South Pacific Holdings Group

25  in 2019.

26  **RESPONSE TO REQUEST NO. 140:**

27       Defendant objects to this Request as vague and ambiguous, including as to

28  "members." Defendant objects to this Request as non-proportional as it seeks information

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    from a third party.

2        Subject to and without waiving the foregoing objections, Defendant responds as

3    follows: Defendant does not have any documents in its possession, custody, or control.

4

5    **REQUEST NO. 141:**

6        Communications between South Pacific Holdings Group and 35.CN regarding

7    South Pacific Holdings Group's loan to ONLINENIC through Kennedy's Legal in 2019.

8    **RESPONSE TO REQUEST NO. 141:**

9        Defendant objects to this Request as vague and ambiguous, including as to

10   "Communications" and "loan." Defendant objects to this Request as non-proportional as it

11   seeks information from OnlineNIC and a third party.

12       Subject to and without waiving the foregoing objections, Defendant responds as

13   follows: Defendant does not have any documents in its possession, custody, or control.

14

15   **REQUEST NO. 142:**

16       Communications between South Pacific Holdings Group and GONG regarding

17   South Pacific Holding Group's loan to ONLINENIC through Kennedy's Legal in 2019.

18   **RESPONSE TO REQUEST NO. 142:**

19       Defendant objects to this Request as vague and ambiguous, including as to

20   "Communications" and "loan." Defendant objects to this Request as non-proportional as it

21   seeks information from OnlineNIC and a third party.

22       Subject to and without waiving the foregoing objections, Defendant responds as

23   follows: Defendant does not have any documents in its possession, custody, or control.

24

25   **REQUEST NO. 143:**

26       DOCUMENTS sufficient to show the business relationship between South Pacific

27   Holdings Group and 35.CN.

28   //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1

**RESPONSE TO REQUEST NO. 143:**

2    Defendant objects to this Request as vague and ambiguous, including as to

3    "business relationship."

4    Subject to and without waiving the foregoing objections, Defendant responds as

5    follows: Defendant does not have any documents in its possession, custody, or control.

6

7    **REQUEST NO. 144:**

8    DOCUMENTS sufficient to show the business relationship between South Pacific

9    Holdings Group and GONG.

10   **RESPONSE TO REQUEST NO. 144:**

11   Defendant objects to this Request as vague and ambiguous, including as to

12   "business relationship."

13   Subject to and without waiving the foregoing objections, Defendant responds as

14   follows: Defendant does not have any documents in its possession, custody, or control.

15

16   **REQUEST NO. 145:**

17   DOCUMENTS reflecting all payments made by 35.CN to Perry Narancic since

18   2007.

19   **RESPONSE TO REQUEST NO. 145:**

20    Subject to and without waiving the foregoing objections, Defendant responds as

21   follows: Defendant does not have any documents in its possession, custody, or control.

22

23   **REQUEST NO. 146:**

24   DOCUMENTS supporting 35.CN's responses to First Set of Interrogatories

25   propounded to 35.CN.

26   **RESPONSE TO REQUEST NO. 146:**

27   Defendant objects to this Request to the extent Chinese law requires authorization

28   from the Chinese government. At this time, Defendant is not withholding documents based

1   on this objection, but reserves its right to raise this objection as documents continue to be

2   reviewed. Defendant objects to this Request as overbroad and unduly burdensome,

3   including as it requests all documents and is thus not proportional to the needs of the case.

4   Defendant objects to this Request as seeking privileged and/or work product documents.

5   Defendant objects to this Request as premature as discovery and investigation are

6   ongoing. Defendant objects to this Request to the extent it seeks legal or expert

7   conclusions or opinions.

8        Subject to and without waiving the foregoing objections, Defendant responds as

9   follows: Defendant will produce non-privileged responsive documents in its possession,

10  custody, or control, subject to undue burden, proportionality, and privilege objections and

11  requests to meet and confer with Plaintiffs on the scope of this Request.

12

13  **REQUEST NO. 147:**

14       DOCUMENTS supporting 35.CN's denial of any Request For Admission in the First

15  Set of Requests for Admission propounded to 35.CN.

16  **RESPONSE TO REQUEST NO. 147:**

17       Defendant objects to this Request to the extent Chinese law requires authorization

18  from the Chinese government. At this time, Defendant is not withholding documents based

19  on this objection, but reserves its right to raise this objection as documents continue to be

20  reviewed. Defendant objects to this Request as overbroad and unduly burdensome,

21  including as it requests all documents and is thus not proportional to the needs of the case.

22  Defendant objects to this Request as seeking privileged and/or work product documents.

23  Defendant objects to this Request as premature as discovery and investigation are

24  ongoing. Defendant objects to this Request to the extent it seeks legal or expert

25  conclusions or opinions.

26       Subject to and without waiving the foregoing objections, Defendant responds as

27  follows: Defendant will produce non-privileged responsive documents in its possession,

28  custody, or control, subject to undue burden, proportionality, and privilege objections and

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    requests to meet and confer with Plaintiffs on the scope of this Request.

2

3    Respectfully Submitted,

4    Dated: August 5, 2022                           **KRONENBERGER ROSENFELD, LLP**

5                                                     By: _____

6                                                             Karl S. Kronenberger

7                                                     Attorneys for Defendant Xiamen 35.com
8                                                     Technology Co., Ltd.