**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **META PLATFORMS, INC.**, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>**ONLINENIC INC.**, et al.,<br><br>    Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DECLARATION OF KARL S. KRONENBERGER UNDER LOCAL RULE 79-5(f)(3) IN SUPPORT OF DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL [D.E. 258]** |

I, Karl S. Kronenberger, declare as follows:

1. I am an attorney admitted to practice law in the State of California and before this Court. I am a partner at the law firm of Kronenberger Rosenfeld, LLP, counsel of record for Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") in the above-captioned matter. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration.

2. Pursuant to Civil L.R. 79-5(f)(3), I submit this Declaration in response to Plaintiffs' Motion to Seal Documents [D.E. No. 258]; I am familiar with the documents.

3. Plaintiffs have sought to file under seal portions of the parties' joint report regarding discovery issues, along with narrow portions of exhibits [D.E. No. 257], which are Defendant's discovery responses, stating (many) of the documents were designated by Defendant as confidential pursuant to the terms of the protective order in this action [D.E. No. 35].

4. Defendant agrees that the identified portions of documents sought to be filed under seal by Plaintiffs should be filed under seal for the reasons outlined below:[1]

| Document | Text to be Sealed (page(s):line(s)) | Basis for Sealing Portion of Document |
|---|---|---|
| Joint Report | Page 1 ¶4 (Referring to Rog. 6) **Chinese employee work** Page 1, n.2 (Referring to Rog. 6) **Chinese employee work** Page 2 ¶1 (Referring to Rog. 2) **Monetary payments to China** Page 2 ¶3 (Referring to RFP 93) **Funds transferred to/from China** | Designated by 35.CN. **Plaintiffs cited to portions of 35.CN's discovery responses that were designated as confidential, including under Chinese laws. See paragraphs 5–10 below.** |

---

[1] However, Plaintiffs' Motion to Seal included Defendant's second amended discovery responses as exhibits, which are outdated as Defendant served third amended discovery responses for the RFPs and ROGs prior to Plaintiffs' filing. [*See* D.E. 259.]

| Case No. 3:19-cv-07071-SI | 1 | **KRONENBERGER DECL. ISO RESPONSE TO PLAINTIFFS' MTN TO SEAL** |
|---|---|---|

| | | |
|---|---|---|
| Joint Report | Page 2 ¶2 (Referring to Carrie Yu Deposition) | Previously designated by ICANN and sealed by Court (ECF No. 207 at 11 n.4).<br><br>***35.CN does not at this time contest the designation by ICANN or the prior sealing.*** |
| Xiamen 35.com Technology Co., Ltd.'s Second Amended and Supplemental Responses to Plaintiffs' First Set of Requests for Production (Exhibit 1) | Response Nos.<br><br>19 (11:3–7)<br>20 (11:22–26)<br>21 (12:13–18)<br>22 (13:5–7)<br>23 (13:22–24)<br>40 (20:8–13)<br>42 (21:12–15)<br>46 (23:3–4)<br>47 (23:17–21)<br>48 (24:5–10)<br>50 (25:8–12)<br>62 (29:23)<br>72 (33:19–22)<br>73 (34:5–8)<br>74 (34:19–21)<br>75 (35:3–5)<br>78 (36:12–18)<br>79 (37:5–11) | Designated by 35.CN.<br><br>***These are portions of 35.CN's discovery responses that 35.CN designated as confidential, including under Chinese laws. See paragraphs 5–10 below.*** |

| | | |
|---|---|---|
| | 93 (43:10–14) | |
| | 97 (44:27–45:3) | |
| | 99 (45:24–28) | |
| Xiamen 35.com Technology Co., Ltd.'s Second Amended and Supplemental Responses to Plaintiffs First Set of Requests for Admission (Exhibit 2) | Response Nos. | Designated by 35.CN. |
| | 37 (17:14) | ***These are portions of 35.CN's discovery responses that 35.CN designated as confidential, including under Chinese laws. See paragraphs 5–10 below.*** |
| | 44 (20:13) | |
| | 112 (43:9) | |
| | 113 (43:19) | |
| | 115 (44:7) | |
| | 116 (44:16) | |
| | 117 (44:25) | |
| | 118 (45:7) | |
| Xiamen 35.com Technology Co., Ltd.'s Second Amended and Supplemental Responses to Plaintiffs' [sic – Meta Platform, Inc.'s] First Set of Interrogatories (Exhibit 3) | Response Nos. | Designated by 35.CN. |
| | 2 (4:5–15) | ***These are portions of 35.CN's discovery responses that 35.CN designated as confidential, including under Chinese laws. See paragraphs 5–10 below.*** |
| | 6 (6:20–26) | |
| | 8 (7:19–21) | |
| | 13 (9:18–22) | |
| | 14 (10:10–12) | |
| | 15 (10:24–26) | |
| | 16 (11:10–12) | |
| | 17 (11:24–25) | |
| | 18 (12:10–11) | |

*Legitimate Private or Public Interests Warrant Sealing*

5. The portions of documents designated by Defendant as confidential—which

are parts of discovery responses and a corresponding status report—contain information concerning private financial transactions of Defendant, personal information about employees of Defendant and Defendant's Chinese business partners, and the identities of employees of Defendant. The documents also contain information concerning private contracts of a Chinese company, private business communications between Chinese companies, private Chinese employee conversations, Chinese employee compensation records, and private business transaction records between two companies in China. The disclosure of the foregoing information may violate Chinese law according to outside Chinese counsel to Defendant.

6. Chinese law prohibits Chinese companies from disclosing a wide variety of data and personal information about Chinese residents to entities outside of China. Article 283 (formerly Article 277) of the Chinese Civil Procedure Law, the Chinese Data Security Law ("DSL"), the Cybersecurity Law, and the Personal Information Protection Law ("PIPL") are all grounds under Chinese law to restrict the disclosure outside of China of the information requested by Plaintiffs. Therefore, the information at issue is protected from disclosure to the United States, including in a public Court filing, under Chinese law.

7. In addition, portions of the discovery responses at issue contain information designated by others, namely other Defendants and ICANN, as confidential; and Defendant does not dispute that the specifically-identified content is confidential.

*Injury Will Result if Sealing is Denied*

8. As communicated to Plaintiffs, the Cyberspace Administration of China ("CAC") has reminded 35.CN to comply with Chinese laws (i.e., to not disclose records that are not public), and there are severe penalties for violating these Chinese laws (i.e., criminal sanctions, jail, and high monetary fines).

9. I rely upon the legal analysis of Chinese outside counsel for Defendant, whose opinions are found at Exhibit 1 to DE 247-11. Thus, public disclosures, in response to discovery requests in the current action, of non-public data and personal information of Chinese residents, may subject 35.CN to significant civil and criminal penalties under

Chinese law. Therefore, maintaining the information under seal is related to a legitimate interest of 35.CN, and there would be possibility of significant penalties if the request for sealing is denied.

*A Less Restrictive Alternative to Sealing is Not Sufficient*

10. There are no less restrictive means to protect the information at issue from public disclosure, as public disclosure of information in court filings would clearly be a disclosure of restricted information, under Chinese law, outside of China. Defendant has facilitated the most restrictive means by designating only portions of its discovery responses as confidential under the protective order, rather than the complete documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 12, 2022

By: ___s/ Karl S. Kronenberger_____
      Karl S. Kronenberger