# Exhibit 1

**Tucker Ellis** LLP

515 South Flower Street, Forty Second Floor | Los Angeles, CA 90071-2223 | TEL 213.430.3400 | FAX 213.430.3409

Direct Dial 213.430.3360 | david.steele@tuckerellis.com

**Via email to:**
karl@kr.law

August 25, 2022

Karl S. Kronenberger
Kronenberger Rosenfeld, LLP
150 Post Street, Suite 520
San Francisco, CA 94108

Re: *Meta Platforms, Inc. v. OnlineNIC, Inc.*, No. 3:19-cv-07071-SI (AGT)
35.CN's Outstanding Discovery Disputes; Tucker Ellis Matter No. 015949-007

Dear Karl,

We write in regard to the Court's August 16, 2022 Order requiring the parties to meet and confer to discuss, "at a minimum, (1) the sufficiency of 35.CN's third amended discovery responses, and (2) 35.CN's forthcoming 'batch of corporate/financial documents that it will be producing shortly.'" ECF No. 261. The Order further requires the parties to submit a joint status report identifying the discovery disputes that remain outstanding by September 9, 2022. *Id.*

Plaintiffs' discovery requests were propounded in February 2022. It has been over 6 months and we still have not received substantive responses to most of Plaintiffs' requests. Plaintiffs have reviewed 35.CN's Third Amended and Supplemental Responses to Plaintiffs' First Set of Interrogatories, 35.CN's Third Amended and Supplemental Responses to Plaintiffs' First Set of Requests for Admission, and 35.CN's Second Amended and Supplemental Responses to Plaintiffs' First Set of Requests for Admission and believe these responses remain deficient, as detailed below.

Please let me know if you are available to meet and confer concerning the issues raised in this letter on August 31 and/or September 1, 2022. Given the number and extent of 35.CN's deficient responses, and our prior such conferences, we expect this conference will last at least 4 hours.

**Deficiency No. 1: Untimely Objections (ROGs 1, 4-5, 7-14; RFAs 1-16, 28-29, 31-36, 38-40, 42-43, 45-51, 64-65, 68-78, 80, 82-89, 94-101; RFPs 1, 16-17, 19, 21-32. 43, 45-46, 58-59, 64, 69-71, 75-81, 87-89, 93-144)**

35.CN's newly-served responses include objections not raised in 35.CN's original responses. "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Accordingly, each of 35.CN's untimely objections must be withdrawn.

CHICAGO | CLEVELAND | COLUMBUS | LOS ANGELES | SAN FRANCISCO | ST. LOUIS | tuckerellis.com

**Tucker Ellis** LLP

Karl S. Kronenberger
Kronenberger Rosenfeld, LLP
Page 2

**Deficiency No. 2: Unverified Interrogatory Responses**

As noted in our July 18, 2022 letter, 35.CN's responses to Plaintiffs' First Set of Interrogatories remain unverified. "A propounding party is entitled to verified answers that can be used at trial as admissions under the Federal Rules of Evidence." *PSI Sys., Inc. v. Stamps.com, Inc.*, No. CV-0805233-ODW (JEMX), 2011 WL 13213881, at *1 (C.D. Cal. Oct. 7, 2011) (citing Fed. R. Civ. P. 33(c)). Plaintiffs demand that 35.CN immediately provide verified responses for each of 35.CN's initial and amended responses to interrogatories.

**Deficiency No. 3: Objections based on Chinese Law (General Objections; ROGs 4-6)**

35.CN's General Objections to Plaintiffs' First Set of Interrogatories include a representation that "[a]t this time, Defendant is not withholding information based on this [Chinese law] objection *unless specifically provided below*." General Objection 1 (emphasis added). 35.CN does in fact include specific objections based on Chinese law in response to ROGs 4-6. Despite your representation that 35.CN "currently is not withholding any documents or information on the basis of Chinese law" (ECF No. 257), 35.CN's contradictory objections prevent both Plaintiffs and the Court from determining whether and to what extent 35.CN's responses are being limited based on this objection.

Additionally, 35.CN's General Objection based on Chinese law is incorporated by reference into each specific response to Plaintiff's First Set of Requests for Admission. *See* General Objection Nos. 1 & 7. 35.CN fails to state whether information is being withheld on the basis of 35.CN's Chinese law objection.

In response to Plaintiffs' First Set of Requests for Production of Documents, 35.CN maintains its objection based on Chinese law, but states that "[a]t this time, Defendant is not withholding documents based on this objection. . ." *See* General Objection No. 1. 35.CN represented to the Court that "because Plaintiffs' requests are broad enough to cover restricted documents, 35.CN has maintained its objection for limited requests." ECF No. 257 at 3. You further represented to the Court that you were "finding workarounds to the Chinese law prohibitions so that responsive materials are provided." *Id.* The fact that 35.CN has produced ***almost no non-public documents*** raises concern as to whether 35.CN has conducted an adequate search in response to any of Plaintiffs' requests, or whether it has found an adequate "workaround" in order to produce responsive documents. Please be prepared to discuss when 35.CN intends to complete its production and to confirm whether documents are being withheld on the basis of 35.CN's Chinese-law objection or its objection based on overbreadth.

Tucker Ellis LLP

Karl S. Kronenberger
Kronenberger Rosenfeld, LLP
Page 3

**Deficiency No. 4: Confidential Responses (ROGs 2, 6, 8, 13-18; RFAs 37, 44, 84-85, 112-113, 115-118; RFPs 19-23, 40, 42, 46-48, 50, 62, 72-75, 78-79, 93, 97, 99)**

35.CN maintains that certain responses are appropriately designated "confidential" because the disclosure of those responses "may violate Chinese law." *See* ECF No. 260. This assertion raises a number of questions. First, to what extent is 35.CN's objection based on Chinese law still limiting its ability to provide complete responses? Second, if designating responses as confidential allows 35.CN to disclose information without violating Chinese law, can 35.CN produce internal, non-public documents designated confidential in response to Plaintiffs' requests? Please come to the conference prepared to discuss the basis of your confidentiality designations.

**Deficiency No. 5: Interrogatory Responses Relying on Non-English Documents (ROG 1)**

35.CN's response relying on large swaths of non-English public records is inadequate. 35.CN must specify those records "in sufficient detail to permit the interrogating party to locate and identify them as readily as the responding party could[.]" Fed. R. Civ. P. 33(d)(1). To the extent 35.CN continues to rely upon non-English documents in response to interrogatories, those documents must also be translated. *See Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. SACV-15-246-DOC (DFMX), 2016 WL 6246383, at *2 (C.D. Cal. Jan. 14, 2016) (collecting cases).

**Deficiency No. 6: Responses Referring to Prior Responses and Productions (ROGs 2, 4, 6, 13-16; RFAs 5-8, 17-26, 29-30, 77-78; RFPs 24-25, 72-75, 78-79, 87-89, 92-93, 97, 99)**

Many of 35.CN's responses to interrogatories continue to refer to the OnlineNIC Defendants' prior discovery responses and document productions. Such responses are deficient:

> An answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.

*Logtale, Ltd. v. IKOR, Inc.*, No. 11–cv–05452 CW (DMR), 2013 WL 3967750, *3 (N.D. Cal. July 31, 2013) (quoting *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000)). Moreover, the responses and document productions of the OnlineNIC Defendants are not reliable. The Special Master found that the OnlineNIC Defendants engaged in "consistent and continuous" spoliation in addition to "obfuscation and ESI withholding." ECF No. 115 at 39-40. 35.CN must separately and on its own behalf provide complete responses to Plaintiffs' interrogatories.

Similarly, 35.CN's objections to Plaintiffs' requests for admission based on the OnlineNIC Defendants having "already responded" to similar discovery requests are improper and must be withdrawn. If 35.CN lacks sufficient information to admit or deny Plaintiffs' requests, it may state as much only if it has first made "reasonable inquiry" yet still lacks information sufficient to admit or deny the request. *Alfredo v. Ditech Fin. LLC*, No. CV 17-04294-GW (JEMX), 2018 WL 5928133, at *1 (C.D. Cal. Oct. 5, 2018) (citing *Asea. Inc. v.*

**Tucker Ellis** LLP

*Southern Pacific Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981)); *see also* Fed. R. Civ. P. 36(a)(4) (requiring reasonable inquiry). If the information that would allow 35.CN to fully respond to each request is contained in one or more documents 35.CN references in its responses, 35.CN must consult these documents and provide a complete answer to those requests.

Finally, in response to numerous requests for production, 35.CN refers to documents previously produced by the OnlineNIC Defendants or non-parties such as ICANN. It is not enough for 35.CN to vaguely refer to documents produced by other parties; 35.CN has an affirmative duty to produce documents in its possession, custody, or control. *In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 544 (N.D. Cal. 2005) ("Rule 34 provides that in response to a request for production of documents a party produce any relevant documents in its possession, custody or control.").

**Deficiency No. 7: Responses Related to Information of Persons or Entities Under 35.CN's Control (ROGs 10 & 12; RFAs 17-26, 29-36, 77-78, 114; RFPs 24-37, 41, 43-44, 49-54, 56-61, 63-71, 76-77, 82-89, 91-92, 94-96, 98, 100, 102-145)**

35.CN's responses to interrogatories claiming it "is unaware" of business and/or personal relationships involving Shaohui Gong remain deficient. *See In re ATM Fee Antitrust Litigation*, 233 F.R.D. at 545 ("Rule 33 requires that a corporation furnish such information as is available from the corporation itself or from other sources under its control."). 35.CN is obligated to obtain relevant information from its officers—including former officers—when responding to interrogatories. *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, n.3 (9th Cir. 1983).

Similarly, with respect to 35.CN's responses to requests for admission, 35.CN has a duty to make a reasonable inquiry of information available to it or under its control. *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 254 (C.D. Cal. 2006) "Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *Id.* (citing *Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 78 (N.D. N.Y. 2003)). Accordingly, because Shaohui Gong and Carrie Yu are or were officers, directors or employees of 35.CN, 35.CN must seek out information held by them (or any other 35.CN employee with knowledge) to satisfy its burden to make a reasonable inquiry. *Id.; see also Wyle v. R.J. Reynolds*, 709 F.2d at n.3.

Finally, to the extent 35.CN responds to requests for production by stating it has no documents in its possession, custody, or control, we remind you again that 35.CN is under an affirmative duty to seek out and produce documents reasonably available to it from its employees, agents, or others subject to its control. *A. Farber and Partners, Inc.*, 234 F.R.D. at 189. And, pursuant to the Service Outsourcing Contract between 35.CN and OnlineNIC, OnlineNIC agreed to provide access to 35.CN of all "documents and files necessary to the performance of [35.CN's] duties under this Contract."

Tucker Ellis LLP

Karl S. Kronenberger
Kronenberger Rosenfeld, LLP
Page 5

**Deficiency No. 8: Responses to Requests for Admission With Partial Admissions and Denials (RFAs 1-18, 30, 42-43, 46, 70-75, 81, 113)**

35.CN's partial admissions and denials remain deficient. Because the goal of the discovery rules is "full and efficient discovery," parties "should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994). 35.CN must supplement its answers with an explanation as to why the request may not be admitted, or 35.CN must provide a clean admission or denial. *Id.; see also Hash v. Cate*, 2012 WL 6043966, at *4 (party responding to requests for admission "must fairly respond to the substance of the request and may not avoid responding based on technicalities"). Where a response is maintained in bad faith and is directly contrary to 35.CN's other statements in these proceedings, the response can be deemed admitted. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 3566419, at *5 (N.D. Cal. Aug. 12, 2011).

**Deficiency No. 9: Failure to State Whether Documents Are Being Withheld or Will Be Produced (RFPs 24-25, 78-79, 93, 97, 99)**

Rule 34 makes clear that a party responding to requests for production must state whether documents are being withheld on the basis of each objection. Fed. R. Civ. P. 34(b)(2)(C). Whether responsive documents even exist or will be produced for a number of requests remains unclear. For example, in response to RFP No. 93, 35.CN objects on the basis that responsive documents were previously produced by OnlineNIC, but fails to indicate whether responsive documents do not exist, are currently being withheld by 35.CN, or will otherwise be produced. For each response, 35.CN must identify whether responsive documents exist and are being withheld and, if they are not being withheld, when they will be produced. *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 2:21-CV-00194-FLA-MAAx, 2021 WL 4805315, at *8 (C.D. Cal. Aug. 10, 2021) ("Defendants either are or are not withholding documents; they know whether they are, and if so, should know the basis for any objections authorizing such withholding.").

**Deficiency No. 10: Production of "Problem Documents" Log**

At the hearing on July 20, 2022 before Judge Tse, you informed the Court that you would be providing a log of the "problem documents" and documents provided to the Cyberspace Administration of China to Plaintiffs on or before August 30, 2022. Please confirm that you will provide the log and additional documents and/or responses on or before August 30 as you represented to the Court.

**Deficiency No. 11: Supplemental Responses and Document Production**

Plaintiffs await complete responses from 35.CN to all of Plaintiffs' requests. With respect to Plaintiffs' interrogatories, 35.CN indicates in many of its responses that it is "continuing its investigation" and will supplements incomplete responses including, for example, Appendix A. Plaintiffs demand the date by which 35.CN intends to supplement its interrogatory responses. If 35.CN is unable to provide a substantive response to any interrogatory, it "may not simply refuse to answer, but must state under oath that [it] is unable to provide the information and set forth

**Tucker Ellis** LLP

Karl S. Kronenberger
Kronenberger Rosenfeld, LLP
Page 6

the efforts [it] used to obtain the information." *Sevey v. Soliz*, No. C 10-3677 LHK PR, 2011 WL 2633826, at *4 (N.D. Cal. July 5, 2011).

35.CN also indicated in the August 5, 2022 joint statement and its Third Amended and Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents that it would be producing additional documents. Plaintiffs also demand to know when we can expect additional documents. Further, in a number of responses to requests for production, 35.CN also states that it is withholding documents on the basis of privilege and that it will log such documents. 35.CN has not to date provided a privilege log. Please let us know when 35.CN intends to provide a privilege log.

Finally, you indicated at our previous conference on August 3, 2022 and in the August 5, 2022 joint statement that 35.CN would be amending its responses to Plaintiffs' requests for admission, but have not yet served those amendments. Plaintiffs demand that 35.CN provide the date by which it intends to serve amended and supplemental responses to Plaintiffs' requests for admission.

**Deficiency No. 12: Baseless Objections to Rule 4(k) Discovery (RFPs 18, 20-23, 36-37)**

As previously discussed, Plaintiffs seek documents related to 35.CN's contacts with the United States. In response to RFPs seeking documents related to 35.CN's U.S. contacts, you have objected on the basis that discovery should be limited to 35.CN's contacts in the State of California. We understand that you believe we cannot seek such discovery because Plaintiffs have already alleged jurisdiction exists in California and could not later amend to assert Rule 4(k) jurisdiction based on your interpretation of *Dorian v. Harich Tahoe Dev.*, No. C-94-3387 DLJ, 1997 WL 626109 (N.D. Cal. Oct. 11, 1997). There is no language in *Dorian* that seems to prohibit a plaintiff from seeking discovery on a defendant's U.S. contacts in order to assert jurisdiction under Rule 4(k). On the contrary, the decision illustrates exactly such a scenario: the plaintiffs were granted leave to conduct such discovery contemplating later amendment of the complaint. *Id.* at *6. There, plaintiffs were denied leave to amend because such discovery did not ultimately reveal "evidence that would demonstrate a prima facie case of general jurisdiction, specific jurisdiction, or jurisdiction under Rule 4(k)(2)" over the foreign defendant. *Id.* at *7. Please be prepared to discuss your reasoning at the parties' conference.

**Deficiency No. 13: Failure to Comply with the ESI Order**

As we discussed briefly at the August 3, 2022 conference, 35.CN's document productions do not comply with the Federal Rules of Civil Procedure and the Court's Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation (ECF No. 36) ("ESI Order").

The most basic requirement of the production of ESI is that "a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii). Parties are entitled to "rationally organized productions so that they may readily identify documents, including ESI, that are responsive to their production requests." *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 585 (C.D. Cal. 2011).

**Tucker Ellis** LLP

Karl S. Kronenberger
Kronenberger Rosenfeld, LLP
Page 7

In accordance with this requirement, the ESI Order requires documents to be produced with certain metadata fields populated as set forth in Paragraph 4 of Appendix 1.

Ignoring these requirements, 35.CN's productions have thus far not been in a reasonably usable form and have not included the required associated metadata. For example, each of 35.CN's third through eighth productions are single PDFs, each comprising multiple Chinese-language documents totaling over eight thousand pages, with no metadata and with no apparent organization. This method of production impermissibly shifts 35.CN's Rules 26, 33, and 34 production burdens and expenses to Plaintiffs. *See, e.g.*, *Venture Corp. v. Barrett,* No. 5:13-cv-03384-PSG, 2014 WL 5305575, at *3 (N.D. Cal. Oct. 16, 2014) ("[T]here is no serious question that a grab-bag of PDF and native files is neither how the Ventures ordinarily maintained the documents and ESI nor is 'in a reasonably usable form.'"); *Delux Pub. Charter, LLC v. Cnty. of Orange*, No. 8:20-cv-02344-JLS-KESx, 2021 WL 4460333, at *5 (C.D. Cal. Aug. 2, 2021) (noting that the production of "large PDF files that clump multiple, unrelated documents together and do not identify the beginning and end of each document" is not generally a reasonably usable form).

Compounding matters, 35.CN's fourth production contains multiple copies (covering thousands of pages) of identical documents. Specifically, 35.CN produced **thirteen identical copies** of 35.CN's 2009 Annual Report along with **twelve identical copies** of 35.CN's 2012 Annual Report. This violates Section 5(d) of the ESI Order, which states, "Each party is required to produce only a single copy of a responsive document."

Pursuant to Rule 37, 35.CN's failure to comply with the ESI Order may result in sanctions.[1] *See Ctr. for Food Safety v. Sanderson Farms, Inc.*, No. 17-CV-03592-RS (SK), 2019 WL 8356636, at *5 (N.D. Cal. Mar. 14, 2019), *on reconsideration in part*, No. 17-CV-03592-RS (SK), 2019 WL 8356295 (N.D. Cal. Mar. 26, 2019). Moreover, despite the Court having twice ordered the parties to proceed with discovery, ECF Nos. 207 & 226, 35.CN has delayed meaningful discovery for over six months. As you know, the parties have already exchanged numerous letters documenting the various discovery disputes and expended significant time meeting and conferring regarding those disputes. Further delay may also warrant sanctions. *See L.H. v. Schwarzenegger,* No. CIV S-06-2042 LKK-GGH, 2008 WL 2073958, at *5 (E.D. Cal. May 14, 2008) (sanctioning party that, among other things, delayed producing documents, did not provide timely responses, made false representations to the court regarding discovery, and produced documents that were not searchable or sortable).

Accordingly, Plaintiffs demand that 35.CN deduplicate its previous productions and reproduce its productions with all of the metadata required under the ESI Order set forth in Paragraph 4 of Appendix 1. Additionally, 35.CN must bear the costs of reproduction. *See Themis Bar Rev., LLC v. Kaplan, Inc.*, No. 14CV208- L BLM, 2015 WL 3397877, at *6 (S.D. Cal. May 26, 2015).

---

[1] We note that this Court has previously addressed OnlineNIC and ID Shield's multiple inadequate and impermissible ESI productions, ultimately leading to the appointment of the Special Master. *See* ECF No. 61. The Court also specifically admonished Defendants to "make a robust, good faith effort to deduplicate its production." ECF No. 54.

**Tucker Ellis** LLP

    Should you have any questions, please do not hesitate to contact me. We look forward to hearing from you regarding you availability to meet and confer.

                              Sincerely,
                              TUCKER ELLIS LLP

                              David J. Steele
                              Attorney

cc:    All counsel of record

DJS:hmg