# Exhibit A
# Part 2

TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:      213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon (*Pro Hac Vice*)
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:      650.752.2000
Facsimile:      650.752.2111

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.) and
INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., et al.,<br><br>           Plaintiffs,<br><br>    v.<br><br>ONLINENIC INC., et al.,<br><br>           Defendants. | Case No. 3:19-cv-07071-SI (AGT)<br><br>**DECLARATION OF JEFFREY C. SINDELAR JR. REGARDING DEFENDANT XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.'S SUPPLEMENTAL DISCOVERY**<br><br>Hon. Alex G. Tse |

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

I, Jeffrey C. Sindelar Jr., declare:

1.    I am an attorney with Tucker Ellis LLP, counsel of record for Plaintiffs in this action. I make this declaration based on my personal knowledge and, if called as a witness, would testify competently concerning each of the following facts.

2.    At 7:19 p.m. PDT on September 8, 2022, Jasper Eagleton, a paralegal with Kronenberger Rosenfeld LLP, counsel for Defendant Xiamen 35.com Internet Technology Co., Ltd ("35.CN") in this action, served by email counsel for Plaintiffs in this action with 35.CN's Fourth Amended and Supplemental Objections and Responses to Plaintiffs' First Set of Requests for Production (a true and correct copy of which is attached hereto as Exhibit 1), 35.CN's Third Amended and Supplemental Objections and Responses to Plaintiffs' First Set of Requests for Admission (a true and correct copy of which is attached hereto as Exhibit 2), and an Appendix A to 35.CN's Further Amended and Supplemental Written Discovery Requests. 35.CN designated portions of its Fourth Amended RFP Responses and Third Amended RFA Responses as "CONFIDENTIAL" pursuant to the Stipulated Protective Order in this case (ECF No. 35; "Protective Order").

3.    At 9:07 a.m. PDT on September 9, 2022, Jasper Eagleton, a paralegal with Kronenberger Rosenfeld LLP, counsel for 35.CN in this action, served by email counsel for Plaintiffs in this action with a letter providing a ShareFile link to download 35.CN's Ninth Document Production in this case, Bates-numbered 35CN009369–17282; and at 5:11 p.m. PDT on September 9, 2022, Jasper Eagleton served by email counsel for Plaintiffs in this action with 35.CN's Tenth Document Production, Bates-numbered 35CN017283–91. A true and correct copy of 35.CN's Tenth Document Production is attached hereto as Exhibit 4. 35.CN designated 35CN017283–91 as "CONFIDENTIAL" pursuant to the Protective Order.

4.    On Friday, September 23, 2022, Jasper Eagleton, a paralegal with Kronenberger Rosenfeld LLP, counsel for 35.CN in this action, served by email counsel for Plaintiffs in this action with 35.CN's Fourth Amended and Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories, including Appendix A to 35.CN's Further Amended and Supplemental Written Discovery Requests, a true and correct copy of which is attached hereto as Exhibit 3. 35.CN has designated portions of its Fourth Amended Interrogatory Responses as "CONFIDENTIAL" pursuant to the Protective Order.

5.    In 35.CN's Third Amended Responses to Plaintiffs' First Set of RFPs, 35.CN responded

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

1  to RFP Nos. 93, 97, and 99 by ██████████████████████████████████

2  ████████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████ CN designated

5  these responses as "CONFIDENTIAL" pursuant to the Protective Order.

6      6.    In 35.CN's Fourth Amended Responses to Plaintiffs' First Set of RFPs, in response to RFP

7  Nos. 93, 97, and 99, 35.CN stated it had produced the requested documents.

8      7.    In 35.CN's Third Amended Responses to Plaintiffs' First Set of RFPs, in response to RFP

9  No. 95, 35.CN stated it did not have any documents in its possession, custody, or control.

10     8.    In 35.CN's Fourth Amended Responses to Plaintiffs' First Set of RFPs, in response to RFP

11 No. 95, 35.CN stated it did not have any documents in its possession, custody, or control.

12     9.    Based on review of 35.CN's Ninth and Tenth Document Productions, 35.CN's amendment

13 of responses to RFP Nos. 93, 97, and 99 to indicate 35.CN had now "produced the requested documents"

14 appears to be based ███████████████████████████████, which are Bates-numbered

15 ███████████. True and correct copies of the PDF images of █████████ produced by 35.CN

16 are attached hereto as ██████████████████████████ 35.CN designated

17 ████████████ as "CONFIDENTIAL" pursuant to the Protective Order.

18     10.   The metadata associated with ████████████████████████

19 ████████████████████████

20     11.   35.CN's portion of the September 9, 2022 Joint Statement states that 35.CN has now

21 provided information and documentation to Plaintiffs showing 35.CN's bank accounts. (ECF No. 263 at

22 15.) Based on my review of 35.CN's Ninth and Tenth Document Productions, 35.CN's production of

23 information regarding 35.CN's bank accounts consists of █████████████████████

24 ████████████████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████████████

27 █ A true and correct copy of ████████████████████████████████████████

28 █████████████ 35.CN designated ██████████ as "CONFIDENTIAL" pursuant to the Protective

                                              2

Order.

12.    In 35.CN's Third Amended Responses to Plaintiffs' First Set of RFPs, 35.CN responded to RFP No. 62 that "████████████████████████████████." In response to RFP No. 63, 35.CN responded that "Defendant does not have any documents in its possession, custody, or control." 35.CN designated its response to RFP No. 62 as "CONFIDENTIAL" pursuant to the Protective Order.

13.    In 35.CN's Fourth Amended Responses to Plaintiffs' First Set of RFPs, in response to RFP No. 62, 35.CN responded that "████████████████████████████." In response to RFP No. 63, 35.CN responded that "Defendant does not have responsive documents in its possession, custody, or control." 35.CN designated its response to RFP No. 62 as "CONFIDENTIAL" pursuant to the Protective Order.

14.    Based on review of 35.CN's Ninth and Tenth Document Productions, 35.CN's production in response to RFP No. 62 appears to consist of ████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████. A true and correct copy of ████████████    is    attached    hereto    as    ████████.    35.CN    designated    ████████████    as "CONFIDENTIAL" pursuant to the Protective Order.

15.    Based on review of 35.CN's Third and Fourth Amended Responses to Plaintiffs' First Set of Requests for Productions and review of 35.CN's Ninth and Tenth Document Productions, ████████████████ ████████████████████████ to RFP No. 99 (seeking documents reflecting all payments made by 35.CN to or on behalf of OnlineNIC since 2007) is ████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████.

16.    35.CN's Ninth Document Production contains ████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

DECLARATION OF JEFFREY C. SINDELAR JR. REGARDING DEFENDANT
XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.'S SUPPLEMENTAL DISCOVERY
CASE NO. 3:19-cv-07071-SI (AGT)



35. CN designated these documents as "CONFIDENTIAL" pursuant to the Protective Order.

17.    OnlineNIC has produced several documents that appear to be

A true and correct copy of OnlineNIC 187254–57 is attached hereto as Exhibit 9. A certified translation of OnlineNIC 187254–57 into English is attached hereto as Exhibit 10. A translation certificate for the certified translation of OnlineNIC 187254–57 is attached hereto as Exhibit 11. OnlineNIC 187309 and OnlineNIC 189337 are Microsoft Excel files not suitable for filing with the Court as PDF documents. Copies of these documents and certified translations can be sent to chambers upon request. OnlineNIC designated OnlineNIC 187254–57, OnlineNIC 187309, and OnlineNIC 189337 as "CONFIDENTIAL" pursuant to the Protective Order.

18.    In a September 9, 2022 email I sent to Jasper Eagleton (a paralegal with Kronenberger Rosenfeld LLP, counsel for 35.CN in this action) requesting access to 35.CN's Ninth Document Production, I asked, "can your firm confirm before producing that this production will comply with the ESI Order in this case (ECF No. 36)?" Jasper Eagleton replied to my email enclosing a link to download the documents comprising 35.CN's Ninth Document Production and responding "yes, they should comply with the ESI order."

19.    Many of the documents in 35.CN's Ninth Document Production are missing metadata.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

4

20.     35.CN's Ninth Document Production includes a 7,843-page document (35CN009425–17267) that appears to be an attempt by 35.CN to reproduce ICANN's entire document production in this case (ICANN_FB-000001–1196).

21.     Rather than separately producing individual files to correspond with ICANN's production of separate files, 35.CN's attempted reproduction of ICANN's production consists of a single PDF file that attempts to combine all of the files contained in ICANN's production.

22.     35.CN's attempted reproduction of ICANN's production contains slip sheets indicating nine files were being produced in native format, but 35.CN did not produce any of these files to Plaintiffs in native format. Instead, 35.CN appears to have generated PDF pages from eight of these files, which span thousands of largely blank or indecipherable pages. 35.CN's mishandling of the production of these eight files is the reason 35.CN's attempted reproduction of ICANN's production spans 7,873 PDF pages, while ICANN's original production spans only 1,196 PDF pages. In total, this mishandling of the production of these eight files accounts for 6,647 PDF pages of the 7,903 PDF pages in 35.CN's Ninth Document Production and of the 17,291 PDF pages 35.CN has produced to date through its Tenth Document Production.

23.     In attempting to reproduce ICANN_FB-000457, a Microsoft Excel spreadsheet that ICANN produced in native format, 35.CN produced 35CN010422–16522, a native file production slip sheet (without producing the respective Excel file in native format) and 6,100 PDF pages that are mostly blank or formatted in an unusable manner.

24.     In attempting to reproduce ICANN_FB-000455, a CSV file that ICANN produced in native format, 35.CN produced 35CN010412, a native file production slip sheet (without producing the respective CSV file in native format) and no PDF pages.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on September 25, 2022 in Broadview Heights, Ohio.

_/s/Jeffrey C. Sindelar Jr._____
JEFFREY C. SINDELAR JR.

DECLARATION OF JEFFREY C. SINDELAR JR. REGARDING DEFENDANT
XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.'S SUPPLEMENTAL DISCOVERY
CASE NO. 3:19-cv-07071-SI (AGT)

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco ◆ St. Louis

# Exhibit 1

# [REDACTED DOCUMENT REQUESTED TO BE SEALED]

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **META PLATFORMS, INC.**, et al., | Case No. 3:19-cv-07071-SI |
| Plaintiffs, | |
| v. | **DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S FOURTH AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |
| **ONLINENIC INC.**, et al., | |
| Defendants. | **CONTAINS CONFIDENTIAL MATERIAL DESIGNATED UNDER THE PROTECTIVE ORDER** |

1    PROPOUNDING PARTY:         PLAINTIFFS META PLATFORMS, INC. F/K/A
2                               FACEBOOK, INC. AND INSTAGRAM, LLC
3    RESPONDING PARTY:          DEFENDANT XIAMEN 35.COM TECHNOLOGY CO.,
4                               LTD.
5    SET:                       ONE
6                       **PRELIMINARY STATEMENT**

7        Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") is
8    presently pursuing its investigation and analysis of the facts and law relating to this case
9    and has not completed its discovery or preparation for trial. Therefore, the responses set
10   forth herein are given without prejudice to Defendant's right to produce evidence of any
11   subsequently discovered facts, writings, or interpretations thereof, or to modify, change,
12   or otherwise amend these responses. The information hereinafter set forth is true and
13   correct to the best knowledge of Defendant as of this date and is subject to correction for
14   errors or omissions. These responses are based upon records and information presently
15   available to Defendant. Defendant undertakes no affirmative duty to supplement these
16   responses based upon further discovery and investigation other than as mandated by the
17   Federal Rules of Civil Procedure. References in response to a preceding or subsequent
18   response incorporate the information and objections stated in the referenced response.

19       Defendant is making a diligent inquiry and reasonable search for these responses.
20       As outlined to the Plaintiffs, public records can be located at CNINFO.COM.CN;
21   there are over 1,700 public company documents, including reports outlining ownership,
22   officer, director, shareholder, and financial information going back numerous years.

23       Defendant reserves the right to introduce at trial or in support of or in opposition to
24   any motion in this case any and all documents, information, and admissions heretofore or
25   hereafter produced by the parties in this action or by any third party. To the extent that
26   Defendant identifies certain writings or delineates facts contained within any writing or
27   otherwise, it does so without prejudice to establish at a later date any additional facts that
28   may be contained within or discovered as a result of any additional investigation and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  discovery.

2      Inadvertent identification of privileged information or writings by Defendant does not

3  constitute a waiver of any applicable privilege. The information hereinafter set forth does

4  not waive any objection, including relevance, to the admission of such information in

5  evidence.

6      This preliminary statement is incorporated into each and every response set forth

7  herein.

8      Subject to the foregoing conditions, Defendant amends and supplements its

9  objections and responses to Plaintiffs' First Set of Requests for Production of Documents

10 and Things (the "Requests") as follows:

11                          **GENERAL OBJECTIONS**

12     1.    Defendant objects to the Requests because Chinese law requires application

13 of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters

14 ("Hague Convention") and authorization from the Chinese government, including pursuant

15 to Chinese data security and privacy laws; nothing herein shall be deemed as a waiver of

16 Defendant's rights, claims, or contentions, including as related to these issues. Defendant

17 refers to the meet-and-confer letter sent to Plaintiffs' counsel on March 30, 2022 and

18 Chinese counsel letter dated June 16, 2022 and follow up communications. At this time,

19 Defendant is not withholding documents based on this objection unless specifically

20 provided below in individual responses. Defendant is continuing to review documents and

21 reserves its right to withhold documents in the future based on this objection.

22     2.    Defendant objects to the Requests to the extent that they purport to require

23 Defendant to provide information that is not reasonably available to Defendant through a

24 reasonable and good faith inquiry into its records and the knowledge of its employees.

25 Defendant's responses are limited to documents and information in Defendant's

26 possession, custody, or control after a good faith inquiry and diligent search.

27     3.    Defendant objects to the Requests to the extent any of them seek information

28 that is protected by the attorney-client privilege, the attorney work product doctrine, the

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

deliberative process privilege, the joint defense privilege, the privilege for negotiations leading to settlement, or any other applicable privilege. Information protected by any such privilege will not be produced. All such information will be withheld. Any inadvertent production of such information shall not be deemed to waive any privilege or protection with respect to such information. A privilege log will be provided where applicable, including for documents withheld on the basis of Chinese laws, provided that a privilege log will not be provided for post-lawsuit privileged communications with counsel.

4.      Defendant objects to the Requests as non-proportional, unduly burdensome, and oppressive to the extent that Plaintiffs seek re-production of documents already produced in this case yet are also objecting that there is duplicative production.

5.      Defendant objects to the Requests to the extent they seek "DOCUMENTS," documents "sufficient" to show a certain issue, or documents relating to a certain issue, and, despite Defendant's compliance with those Requests, Plaintiffs are now attempting to re-phrase the Requests to incorporate "all" or other types of documents not requested.

6.      Defendant objects to the Requests to the extent that they seek information in the possession, custody, or control of individuals or entities other than Defendant on the grounds that each such Request is unduly burdensome and oppressive, and such information is equally available to Plaintiff, including through prior case discovery.

7.      Defendant is not withholding any documents except as specifically stated below, except that Defendant will withhold documents based on privilege (and will not provide a privilege log for communications with counsel after this lawsuit commenced).

8.      Each of the foregoing General Objections is a continuing objection, which Defendant incorporates by reference into each specific response to each of the Requests below as if fully set forth herein.

**AMENDED AND SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

Corporate DOCUMENTS of 35.CN, including but not limited to articles of incorporation and bylaws.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 1:**

2      Defendant objects to this Request to the extent Chinese law requires authorization

3  from the Chinese government. Defendant objects to this Request as vague and ambiguous

4  as to "Corporate DOCUMENTS." Defendant objects to this Request on grounds of

5  relevance, proportionality, and undue burden, including as to the unlimited timeframe. At

6  this time, Defendant is not withholding documents, but Defendant is still reviewing

7  documents prior to 2009.

8      Subject to and without waiving the foregoing objections, Defendant responds as

9  follows: Defendant has produced the requested documents since 2009; Defendant will

10 produce the requested documents from 2007 to 2009 if any exist after a reasonable search.

11

12 **REQUEST NO. 2:**

13     Minutes of meetings of board of directors of 35.CN since 2007.

14 **RESPONSE TO REQUEST NO. 2:**

15     Defendant objects to this Request to the extent Chinese law requires authorization

16 from the Chinese government. Defendant objects to this Request on grounds of relevance,

17 proportionality, and undue burden, including as to the unlimited timeframe. At this time,

18 Defendant is not withholding documents, but Defendant is still reviewing documents.

19     Subject to and without waiving the foregoing objections, Defendant responds as

20 follows: Defendant has produced the requested documents since 2009; Defendant will

21 produce the requested documents from 2007 to 2009 if any exist after a reasonable search.

22

23 **REQUEST NO. 3:**

24     Minutes of meetings of board of supervisors of 35.CN since 2007.

25 **RESPONSE TO REQUEST NO. 3:**

26     Defendant objects to this Request to the extent Chinese law requires authorization

27 from the Chinese government. Defendant objects to this Request on grounds of relevance,

28 proportionality, and undue burden, including as to the unlimited timeframe. At this time,

1  Defendant is not withholding documents, but Defendant is still reviewing documents.

2        Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant has produced the requested documents since 2009; Defendant will

4  produce the requested documents from 2007 to 2009 if any exist after a reasonable search.

5

6  **REQUEST NO. 4:**

7        DOCUMENTS sufficient to IDENTIFY the ownership of 35.CN for each year from

8  2002 to 2007.

9  **RESPONSE TO REQUEST NO. 4:**

10        Defendant objects to this Request to the extent Chinese law requires authorization

11  from the Chinese government. Defendant objects to this Request on grounds of relevance,

12  proportionality, and undue burden, including as to the unlimited timeframe. At this time,

13  Defendant is not withholding documents, but Defendant is still reviewing documents.

14        Subject to and without waiving the foregoing objections, Defendant responds as

15  follows: Defendant has produced documents outlining relevant ownership of Defendant

16  and will produce other documents as requested if any exist after a reasonable search.

17

18  **REQUEST NO. 5:**

19        DOCUMENTS sufficient to IDENTIFY the 20 largest shareholders of 35.CN for each

20  year since 2007.

21  **RESPONSE TO REQUEST NO. 5:**

22        Defendant objects to this Request to the extent Chinese law requires authorization

23  from the Chinese government. Defendant objects to this Request on grounds of relevance,

24  proportionality, and undue burden, including as to the unlimited timeframe. At this time,

25  Defendant is not withholding documents, but Defendant is still reviewing documents.

26        Subject to and without waiving the foregoing objections, Defendant responds as

27  follows: Defendant has produced the requested documents since 2009; Defendant will

28  produce the requested documents from 2007 to 2009 if any exist after a reasonable search.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 6:**

DOCUMENTS sufficient to IDENTIFY the directors of 35.CN for each year since 2007, including members of the board of directors and independent directors.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe. At this time, Defendant is not withholding documents, but Defendant is still reviewing documents.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced the requested documents.

**REQUEST NO. 7:**

DOCUMENTS sufficient to IDENTIFY the officers of 35.CN for each year since 2007.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe. At this time, Defendant is not withholding documents, but Defendant is still reviewing documents.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced the requested documents.

**REQUEST NO. 8:**

DOCUMENTS sufficient to IDENTIFY the members of the board of supervisors of 35.CN for each year since 2002.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this Request to the extent Chinese law requires authorization from the Chinese government. Defendant objects to this Request on grounds of relevance,

1    proportionality, and undue burden, including as to the unlimited timeframe. At this time,

2    Defendant is not withholding documents, but Defendant is still reviewing documents.

3        Subject to and without waiving the foregoing objections, Defendant responds as

4    follows: Defendant has produced the requested documents since 2009; Defendant will

5    produce the requested documents from 2002 to 2009 if any exist after a reasonable search.

6

7    **REQUEST NO. 9:**

8        Financial statements of 35.CN since 2007.

9    **RESPONSE TO REQUEST NO. 9:**

10       Defendant objects to this Request to the extent Chinese law requires authorization

11   from the Chinese government. Defendant objects to this Request on grounds of relevance,

12   proportionality, and undue burden, including as to the unlimited timeframe. At this time,

13   Defendant is not withholding documents, but Defendant is still reviewing documents.

14       Subject to and without waiving the foregoing objections, Defendant responds as

15   follows: Defendant has produced the requested documents since 2009; Defendant will

16   produce the requested documents from 2007 to 2009 if any exist after a reasonable search.

17

18   **REQUEST NO. 10:**

19       Balance sheets of 35.CN since 2007.

20   **RESPONSE TO REQUEST NO. 10:**

21       Defendant objects to this Request to the extent Chinese law requires authorization

22   from the Chinese government. Defendant objects to this Request on grounds of relevance,

23   proportionality, and undue burden, including as to the unlimited timeframe. At this time,

24   Defendant is not withholding documents, but Defendant is still reviewing documents.

25       Subject to and without waiving the foregoing objections, Defendant responds as

26   follows: Defendant has produced the requested documents since 2009; Defendant will

27   produce the requested documents from 2007 to 2009 if any exist after a reasonable search.

28

7
**DEF'S FOURTH AMENDED RESPONSES
TO PLAINTIFFS' FIRST SET OF RFPS**

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 11:**

2        Income statements of 35.CN since 2007.

3    **RESPONSE TO REQUEST NO. 11:**

4        Defendant objects to this Request to the extent Chinese law requires authorization

5    from the Chinese government. Defendant objects to this Request on grounds of relevance,

6    proportionality, and undue burden, including as to the unlimited timeframe. At this time,

7    Defendant is not withholding documents, but Defendant is still reviewing documents.

8        Subject to and without waiving the foregoing objections, Defendant responds as

9    follows: Defendant has produced the requested documents since 2009; Defendant will

10   produce the requested documents from 2007 to 2009 if any exist after a reasonable search.

11

12   **REQUEST NO. 12:**

13       Profit and loss statements of 35.CN since 2007.

14   **RESPONSE TO REQUEST NO. 12:**

15       Defendant objects to this Request to the extent Chinese law requires authorization

16   from the Chinese government. Defendant objects to this Request on grounds of relevance,

17   proportionality, and undue burden, including as to the unlimited timeframe. At this time,

18   Defendant is not withholding documents, but Defendant is still reviewing documents.

19       Subject to and without waiving the foregoing objections, Defendant responds as

20   follows: Defendant has produced the requested documents since 2009; Defendant will

21   produce the requested documents from 2007 to 2009 if any exist after a reasonable search.

22

23   **REQUEST NO. 13:**

24       Revenue and expense statements of 35.CN since 2007.

25   **RESPONSE TO REQUEST NO. 13:**

26       Defendant objects to this Request to the extent Chinese law requires authorization

27   from the Chinese government. Defendant objects to this Request on grounds of relevance,

28   proportionality, and undue burden, including as to the unlimited timeframe. At this time,

1   Defendant is not withholding documents, but Defendant is still reviewing documents.

2       Subject to and without waiving the foregoing objections, Defendant responds as

3   follows: Defendant has produced the requested documents since 2009; Defendant will

4   produce the requested documents from 2007 to 2009 if any exist after a reasonable search.

5

6   **REQUEST NO. 14:**

7       DOCUMENTS sufficient to IDENTIFY the bank accounts used by 35.CN since

8   2007.

9   **RESPONSE TO REQUEST NO. 14:**

10      Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Defendant has produced the requested documents.

12

13  **REQUEST NO. 15:**

14      DOCUMENTS sufficient to IDENTIFY 35.CN's principal place of business.

15  **RESPONSE TO REQUEST NO. 15:**

16      Subject to and without waiving the foregoing objections, Defendant responds as

17  follows: Defendant has produced the requested documents.

18

19  **REQUEST NO. 16:**

20      DOCUMENTS sufficient to IDENTIFY locations where 35.CN conducts business.

21  **RESPONSE TO REQUEST NO. 16:**

22      Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Defendant has produced the requested documents.

24

25  **REQUEST NO. 17:**

26      All contracts entered into by 35.CN with a California domiciled citizen.

27  **RESPONSE TO REQUEST NO. 17:**

28      Subject to and without waiving the foregoing objections, Defendant responds as

**DEF'S FOURTH AMENDED RESPONSES**
**TO PLAINTIFFS' FIRST SET OF RFPS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Defendant has produced the requested documents.

2

3  **REQUEST NO. 18:**

4      All contracts entered into by 35.CN with a United States citizen.

5  **RESPONSE TO REQUEST NO. 18:**

6      Defendant objects to this Request on grounds of relevance, proportionality, and

7  undue burden, including as to the unlimited timeframe and as Plaintiffs' personal

8  jurisdiction allegations are limited. Defendant is construing this Request as being limited to

9  California contacts and will withhold documents on this basis. *See Dorian v. Harich Tahoe*

10  *Dev.*, No. C-94-3387 DLJ, 1997 WL 626109, at *2 (N.D. Cal. Oct. 11, 1997).

11      Subject to and without waiving the foregoing objections, Defendant responds as

12  follows: Defendant has produced the requested documents.

13

14  **REQUEST NO. 19:**

15      All contracts entered into by 35.CN with a California corporation.

16  **RESPONSE TO REQUEST NO. 19:**

17      Defendant objects to this Request on grounds of relevance, proportionality, and

18  undue burden, including as to the unlimited timeframe and as Plaintiff already has

19  possession of responsive documents.

20      Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Defendant has produced the requested documents.

22

23  **REQUEST NO. 20:**

24      All contracts entered into by 35.CN with a corporation of any state in the United

25  States.

26  **RESPONSE TO REQUEST NO. 20:**

27      Defendant objects to this Request on grounds of relevance, proportionality, and

28  undue burden, including as to the unlimited timeframe and as Plaintiffs' personal

10                    **DEF'S FOURTH AMENDED RESPONSES**
**TO PLAINTIFFS' FIRST SET OF RFPS**

1  jurisdiction allegations are limited. Defendant is construing this Request as being limited to

2  California contacts and will withhold documents on this basis. *See Dorian v. Harich Tahoe*

3  *Dev.*, No. C-94-3387 DLJ, 1997 WL 626109, at *2 (N.D. Cal. Oct. 11, 1997).

4      Subject to and without waiving the foregoing objections, Defendant responds as

5  follows: Defendant has produced the requested documents.

6

7  **REQUEST NO. 21:**

8      All contracts entered into by 35.CN with any PERSON in the United States relating

9  to the registration of any domain name(s).

10 **RESPONSE TO REQUEST NO. 21:**

11     Defendant objects to this Request on grounds of relevance, proportionality, and

12 undue burden, including as to the unlimited timeframe and as Plaintiffs' personal

13 jurisdiction allegations are limited. Defendant is construing this Request as being limited to

14 California contacts or this case and will withhold documents on this basis. *See Dorian v.*

15 *Harich Tahoe Dev.*, No. C-94-3387 DLJ, 1997 WL 626109, at *2 (N.D. Cal. Oct. 11, 1997).

16     Subject to and without waiving the foregoing objections, Defendant responds as

17 follows: Defendant has produced the requested documents.

18

19 **REQUEST NO. 22:**

20     All contracts entered into by 35.CN with any PERSON in the United States relating

21 to the use of any domain name(s).

22 **RESPONSE TO REQUEST NO. 22:**

23     Defendant objects to this Request on grounds of relevance, proportionality, and

24 undue burden, including as to the unlimited timeframe and as Plaintiffs' personal

25 jurisdiction allegations are limited. Defendant is construing this Request as being limited to

26 California contacts or this case and will withhold documents on this basis. *See Dorian v.*

27 *Harich Tahoe Dev.*, No. C-94-3387 DLJ, 1997 WL 626109, at *2 (N.D. Cal. Oct. 11, 1997).

28     Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    follows: Defendant has produced the requested documents.

2

3    **REQUEST NO. 23:**

4        All contracts entered into by 35.CN with any PERSON in the United States relating

5    to the trafficking of any domain name(s).

6    **RESPONSE TO REQUEST NO. 23:**

7        Defendant objects to this Request on grounds of relevance, proportionality, and

8    undue burden, including as to the unlimited timeframe and as Plaintiffs' personal

9    jurisdiction allegations are limited. Defendant is construing this Request as being limited to

10   California contacts or this case and will withhold documents on this basis. *See Dorian v.*

11   *Harich Tahoe Dev.*, No. C-94-3387 DLJ, 1997 WL 626109, at *2 (N.D. Cal. Oct. 11, 1997).

12       Subject to and without waiving the foregoing objections, Defendant responds as

13   follows: Defendant has produced the requested documents.

14

15   **REQUEST NO. 24:**

16       DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC

17   to Rex Liu on November 28, 2007 for $10,000.

18   **RESPONSE TO REQUEST NO. 24:**

19       Defendant objects to this Request to the extent Chinese law requires authorization

20   from the Chinese government. At this time, Defendant is not withholding documents based

21   on this objection, but reserves its right to raise this objection as documents continue to be

22   reviewed. Defendant objects to this Request as argumentative, including as there is no

23   legal claim that Defendant has made about this statement.

24       Subject to and without waiving the foregoing objections, Defendant responds as

25   follows: Defendant has produced the requested documents, 35CN000576; and Defendant

26   believes responsive documents are in the possession of OnlineNIC and third parties.

27

28   //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 25:**

2        DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC

3    to Rex Liu in 2007.

4    **RESPONSE TO REQUEST NO. 25:**

5        Defendant objects to this Request to the extent Chinese law requires authorization

6    from the Chinese government. At this time, Defendant is not withholding documents based

7    on this objection, but reserves its right to raise this objection as documents continue to be

8    reviewed. Defendant objects to this Request as argumentative, including as there is no

9    legal claim that Defendant has made about this statement.

10        Subject to and without waiving the foregoing objections, Defendant responds as

11    follows: Defendant has produced the requested documents, 35CN000576; and Defendant

12    believes responsive documents are in the possession of OnlineNIC and third parties.

13

14    **REQUEST NO. 26:**

15        DOCUMENTS supporting 35.CN's claim that GONG sold his interest in ONLINENIC

16    to Zhippo Chen in 2009.

17    **RESPONSE TO REQUEST NO. 26:**

18        Defendant objects to this Request as premised on a disputed fact.

19        Subject to and without waiving the foregoing objections, Defendant responds as

20    follows: Defendant does not have responsive documents in its possession, custody, or

21    control.

22

23    **REQUEST NO. 27:**

24        DOCUMENTS supporting or refuting ONLINENIC's claim to the California

25    Franchise Tax Board in 2009 that GONG was the 100% owner of ONLINENIC.

26    **RESPONSE TO REQUEST NO. 27:**

27        Defendant objects to this Request as argumentative.

28        Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Defendant does not have responsive documents in its possession, custody, or
2  control.

3

4  **REQUEST NO. 28:**

5          DOCUMENTS supporting or refuting ONLINENIC's claim to the California
6  Franchise Tax Board in 2010 that GONG was the 100% owner of ONLINENIC.

7  **RESPONSE TO REQUEST NO. 28:**

8          Defendant objects to this Request as argumentative.

9          Subject to and without waiving the foregoing objections, Defendant responds as
10  follows: Defendant does not have responsive documents in its possession, custody, or
11  control.

12

13  **REQUEST NO. 29:**

14          DOCUMENTS supporting or refuting ONLINENIC's claim to the California
15  Franchise Tax Board in 2011 that GONG was the 100% owner of ONLINENIC.

16  **RESPONSE TO REQUEST NO. 29:**

17          Defendant objects to this Request as argumentative.

18          Subject to and without waiving the foregoing objections, Defendant responds as
19  follows: Defendant does not have responsive documents in its possession, custody, or
20  control.

21

22  **REQUEST NO. 30:**

23          DOCUMENTS supporting or refuting ONLINENIC's claim to the California
24  Franchise Tax Board in 2012 that GONG was the 100% owner of ONLINENIC.

25  **RESPONSE TO REQUEST NO. 30:**

26          Defendant objects to this Request as argumentative.

27          Subject to and without waiving the foregoing objections, Defendant responds as
28  follows: Defendant does not have responsive documents in its possession, custody, or

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  control.

2

3  **REQUEST NO. 31:**

4      DOCUMENTS supporting or refuting ONLINENIC's claim to the California

5  Franchise Tax Board in 2013 that GONG was the 100% owner of ONLINENIC.

6  **RESPONSE TO REQUEST NO. 31:**

7      Defendant objects to this Request as argumentative.

8      Subject to and without waiving the foregoing objections, Defendant responds as

9  follows: Defendant does not have responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST NO. 32:**

13      DOCUMENTS supporting or refuting ONLINENIC's claim to the California

14  Franchise Tax Board in 2014 that GONG was the 100% owner of ONLINENIC.

15  **RESPONSE TO REQUEST NO. 32:**

16      Defendant objects to this Request as argumentative.

17      Subject to and without waiving the foregoing objections, Defendant responds as

18  follows: Defendant does not have responsive documents in its possession, custody, or

19  control.

20

21  **REQUEST NO. 33:**

22      DOCUMENTS sufficient to IDENTIFY real property owned or leased by 35.CN in

23  California at any time.

24  **RESPONSE TO REQUEST NO. 33:**

25      Defendant objects to this Request on grounds of relevance, proportionality, and

26  undue burden, including as to the unlimited timeframe and as Plaintiffs' personal

27  jurisdiction allegations are limited.

28      Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Defendant does not have responsive documents in its possession, custody, or
2  control.

3

4  **REQUEST NO. 34:**

5      DOCUMENTS sufficient to IDENTIFY real property owned or leased by 35.CN in
6  the United States at any time.

7  **RESPONSE TO REQUEST NO. 34:**

8      Defendant objects to this Request on grounds of relevance, proportionality, and
9  undue burden, including as to the unlimited timeframe and as Plaintiffs' personal
10  jurisdiction allegations are limited.

11      Subject to and without waiving the foregoing objections, Defendant responds as
12  follows: Defendant does not have responsive documents in its possession, custody, or
13  control.

14

15  **REQUEST NO. 35:**

16      DOCUMENTS sufficient to IDENTIFY real property owned or leased by any
17  employee of 35.CN in California at any time.

18  **RESPONSE TO REQUEST NO. 35:**

19      Defendant objects to this Request to the extent it lacks knowledge of responsive
20  documents about "any employee." Defendant objects to this Request on grounds of
21  relevance, proportionality, and undue burden, including as to the unlimited timeframe, as
22  to property of "any employee" and as Plaintiffs' personal jurisdiction are based on claimed
23  alter ego liability and specific jurisdiction in California for contacts *related to* the allegations.

24      Subject to and without waiving the foregoing objections, Defendant responds as
25  follows: Defendant does not have responsive documents in its possession, custody, or
26  control.

27

28  //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 36:**

DOCUMENTS sufficient to IDENTIFY assets of 35.CN in California since 2002.

**RESPONSE TO REQUEST NO. 36:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs' personal jurisdiction claims are based on claimed alter ego liability and specific jurisdiction in California for contacts *related to* the allegations.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 37:**

DOCUMENTS sufficient to IDENTIFY assets of 35.CN in the United States since 2002.

**RESPONSE TO REQUEST NO. 37:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe and as Plaintiffs' personal jurisdiction claims are based on claimed alter ego liability and specific jurisdiction in California for contacts *related to* the allegations.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 38:**

DOCUMENTS relating to trademarks or service marks applied for or registered by 35.CN.

**RESPONSE TO REQUEST NO. 38:**

Defendant objects to this Request to the extent Chinese law requires authorization

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  from the Chinese government. At this time, Defendant is not withholding documents based

2  on this objection, but reserves its right to raise this objection as documents continue to be

3  reviewed. Defendant objects to this Request on grounds of relevance, proportionality, and

4  undue burden, including as to the unlimited timeframe. Defendant objects to this Request

5  to the extent it seeks privileged or work product information.

6      Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: Defendant has produced the requested documents, 35CN001095-1107.

8

9  **REQUEST NO. 39:**

10     DOCUMENTS relating to trademarks or service marks applied for or registered by

11  35.CN in the United States.

12  **RESPONSE TO REQUEST NO. 39:**

13     Defendant objects to this Request on grounds of relevance, proportionality, and

14  undue burden, including as to the unlimited timeframe. Defendant objects to this Request

15  to the extent it seeks privileged or work product information.

16     Subject to and without waiving the foregoing objections, Defendant responds as

17  follows: Defendant has produced the requested documents, 35CN001095-1107.

18

19  **REQUEST NO. 40:**

20     A representative sample of DOCUMENTS, including communications, that

21  demonstrate the business activities engaged in between 35.CN, including employees of

22  35.CN, and ONLINENIC.

23  **RESPONSE TO REQUEST NO. 40:**

24     Defendant objects to this Request as compound and on grounds of relevance,

25  proportionality, and undue burden, including as to the unlimited timeframe.

26     Subject to and without waiving the foregoing objections, Defendant responds as

27  follows: Defendant has produced the requested documents to demonstrate business

28  activities but does not have responsive documents involving communications.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 41:**

A representative sample of DOCUMENTS, including communications, that demonstrate the business activities engaged in between 35.CN, including employees of 35.CN, and DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 41:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 42:**

All agreements between 35.CN and ONLINENIC, and DOCUMENTS reflecting the negotiations between 35.CN and ONLINENIC to enter into those agreements.

**RESPONSE TO REQUEST NO. 42:**

Defendant objects to this Request as compound and on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced the requested documents.

**REQUEST NO. 43:**

All agreements between 35.CN and DOMAIN ID SHIELD, and DOCUMENTS reflecting the negotiations between 35.CN and DOMAIN ID SHIELD to enter into those agreements.

**RESPONSE TO REQUEST NO. 43:**

Defendant objects to this Request as compound and on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Defendant does not have responsive documents in its possession, custody, or
2  control.

3

4  **REQUEST NO. 44**

5      DOCUMENTS relating to leases or subleases offered or made available by 35.CN
6  to ONLINENIC and/or DOMAIN ID SHIELD.

7  **RESPONSE TO REQUEST NO. 44:**

8      Defendant objects to this Request as compound.

9      Subject to and without waiving the foregoing objections, Defendant responds as
10  follows: Defendant does not have responsive documents in its possession, custody, or
11  control.

12

13  **REQUEST NO. 45:**

14      DOCUMENTS relating to equipment, including servers, offered or made available
15  by 35.CN to ONLINENIC and/or DOMAIN ID SHIELD.

16  **RESPONSE TO REQUEST NO. 45:**

17      Defendant objects to this Request as compound and not reasonably particularized,
18  and premised on a disputed fact.

19      Subject to and without waiving the foregoing objections, Defendant responds as
20  follows: Defendant will produce the requested documents, if any exist.

21

22  **REQUEST NO. 46:**

23      DOCUMENTS relating to services offered or made available by 35.CN to
24  ONLINENIC and/or DOMAIN ID SHIELD.

25  **RESPONSE TO REQUEST NO. 46:**

26      Defendant objects to this Request as compound and not reasonably particularized,
27  and premised on a disputed fact.

28      Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Defendant has produced the requested documents.

2

3  **REQUEST NO. 47:**

4  Communications between CARRIE YU and her supervisors at 35.CN regarding

5  ONLINENIC.

6  **RESPONSE TO REQUEST NO. 47:**

7  Defendant objects to this Request on grounds of relevance, proportionality, and

8  undue burden, including as to the unlimited timeframe. Defendant objects to this Request

9  to the extent it seeks privileged or work product information.

10  Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Defendant will produce the requested documents, if any exist.

12

13  **REQUEST NO. 48:**

14  Communications between CARRIE YU and any PERSON regarding ONLINENIC.

15  **RESPONSE TO REQUEST NO. 48:**

16  Defendant objects to this Request on grounds of relevance, proportionality, and

17  undue burden, including as to the unlimited timeframe. Defendant objects to this Request

18  to the extent it seeks privileged or work product information.

19  Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant will produce the requested documents, if any exist.

21

22  **REQUEST NO. 49:**

23  Communications between CARRIE YU and her supervisors at 35.CN regarding

24  DOMAIN ID SHIELD

25  **RESPONSE TO REQUEST NO. 49:**

26  Defendant objects to this Request on grounds of relevance, proportionality, and

27  undue burden, including as to the unlimited timeframe. Defendant objects to this Request

28  to the extent it seeks privileged or work product information.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2    follows: Defendant does not have responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST NO. 50:**

6    Communications between CARRIE YU and any PERSON regarding DOMAIN ID

7    SHIELD.

8    **RESPONSE TO REQUEST NO. 50:**

9    Defendant objects to this Request on grounds of relevance, proportionality, and

10    undue burden, including as to the unlimited timeframe. Defendant objects to this Request

11    to the extent it seeks privileged or work product information.

12    Subject to and without waiving the foregoing objections, Defendant responds as

13    follows: Defendant will produce the requested documents, if any exist.

14

15    **REQUEST NO. 51:**

16    Communications between CARRIE YU and her supervisors at 35.CN regarding this

17    lawsuit.

18    **RESPONSE TO REQUEST NO. 51:**

19    Defendant objects to this Request to the extent it seeks privileged or work product

20    information.

21    Subject to and without waiving the foregoing objections, Defendant responds as

22    follows: Defendant does not have responsive documents in its possession, custody, or

23    control.

24

25    **REQUEST NO. 52:**

26    Communications between CARRIE YU and any PERSON regarding this lawsuit.

27    **RESPONSE TO REQUEST NO. 52:**

28    Defendant objects to this Request to the extent it seeks privileged or work product

1   information.

2        Subject to and without waiving the foregoing objections, Defendant responds as

3   follows: Defendant does not have responsive documents in its possession, custody, or

4   control.

5

6   **REQUEST NO. 53:**

7        Communications between CARRIE YU and her supervisors at 35.CN regarding the

8   investigation by the Special Discovery Master in this case.

9   **RESPONSE TO REQUEST NO. 53:**

10       Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Defendant does not have responsive documents in its possession, custody, or

12  control.

13

14  **REQUEST NO. 54:**

15       Communications between CARRIE YU and any PERSON regarding the

16  investigation by the Special Discovery Master in this case.

17  **RESPONSE TO REQUEST NO. 54:**

18       Defendant objects to this Request to the extent it seeks privileged or work product

19  information.

20       Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Defendant does not have responsive documents in its possession, custody, or

22  control.

23

24  **REQUEST NO. 55:**

25       DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who communicated

26  with the Special Discovery Master in this case.

27  **RESPONSE TO REQUEST NO. 55:**

28       Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Defendant disputes the premise of this Request but has produced documents to

2  identify defense individuals who communicated with the Special Discovery Master.

3

4  **REQUEST NO. 56:**

5      Communications between CARRIE YU and her supervisors at 35.CN regarding the

6  Special Discovery Master's Data Destroyed or Withheld Report.

7  **RESPONSE TO REQUEST NO. 56:**

8      Subject to and without waiving the foregoing objections, Defendant responds as

9  follows: Defendant does not have responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST NO. 57:**

13      Communications between CARRIE YU and any PERSON regarding the Special

14  Discovery Master's Data Destroyed or Withheld Report.

15  **RESPONSE TO REQUEST NO. 57:**

16      Defendant objects to this Request to the extent it seeks privileged or work product

17  information.

18      Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Defendant does not have responsive documents in its possession, custody, or

20  control.

21

22  **REQUEST NO.58:**

23      DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who were involved

24  in the destruction of evidence in this case as described in the Special Discovery Master's

25  Data Destroyed or Withheld Report.

26  **RESPONSE TO REQUEST NO. 58:**

27      Subject to and without waiving the foregoing objections, Defendant responds as

28  follows:  Defendant disputes the premise of this Request but has produced documents to

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  identify defense individuals who communicated with the Special Discovery Master.

2

3  **REQUEST NO. 59:**

4  DOCUMENTS sufficient to IDENTIFY the employees of 35.CN who participated in

5  the destruction of evidence in this case as described in the Special Discovery Master's

6  Data Destroyed or Withheld Report.

7  **RESPONSE TO REQUEST NO. 59:**

8  Subject to and without waiving the foregoing objections, Defendant responds as

9  follows:  Defendant disputes the premise of this Request but has produced documents to

10  identify defense individuals who communicated with the Special Discovery Master.

11

12  **REQUEST NO. 60:**

13  Communications between CARRIE YU and her supervisors at 35.CN regarding

14  CARRIE YU's ownership of DOMAIN ID SHIELD for the benefit of ONLINENIC.

15  **RESPONSE TO REQUEST NO. 60:**

16  Subject to and without waiving the foregoing objections, Defendant responds as

17  follows: Defendant does not have responsive documents in its possession, custody, or

18  control.

19

20  **REQUEST NO. 61:**

21  Communications between CARRIE YU and any PERSON regarding CARRIE YU's

22  ownership of DOMAIN ID SHIELD for the benefit of ONLINENIC.

23  **RESPONSE TO REQUEST NO. 61:**

24  Defendant objects to this Request to the extent it seeks privileged or work product

25  information.

26  Subject to and without waiving the foregoing objections, Defendant responds as

27  follows: Defendant does not have responsive documents in its possession, custody, or

28  control.

**DEF'S FOURTH AMENDED RESPONSES
TO PLAINTIFFS' FIRST SET OF RFPS**

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 62:**

2      DOCUMENTS relating to payments made by 35.CN to CARRIE YU since 2007,

3  including DOCUMENTS reflecting the purpose of any payments.

4  **RESPONSE TO REQUEST NO. 62:**

5      Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: ████████████████████████████

7      **THIS RESPONSE IS CONFIDENTIAL.**

8

9  **REQUEST NO. 63:**

10      Communications relating to payments made by 35.CN to CARRIE YU since 2007,

11  including communications reflecting the purpose of any payments.

12  **RESPONSE TO REQUEST NO. 63:**

13      Subject to and without waiving the foregoing objections, Defendant responds as

14  follows: Defendant does not have responsive documents in its possession, custody, or

15  control.

16

17  **REQUEST NO. 64:**

18      DOCUMENTS relating to CARRIE YU's ownership of DOMAIN ID SHIELD for the

19  benefit of ONLINENIC.

20  **RESPONSE TO REQUEST NO. 64:**

21      Defendant objects to this Request as compound and confusing.

22      Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Defendant does not have responsive documents in its possession, custody, or

24  control.

25

26  **REQUEST NO. 65:**

27      DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind

28  for both 35.CN and ONLINENIC.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 65:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced the requested documents.

**REQUEST NO. 66:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who perform work of any kind for both 35.CN and DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 66:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 67:**

Communications between 35.CN and ONLINENIC concerning the work performed for ONLINENIC by employees of 35.CN.

**RESPONSE TO REQUEST NO. 67:**

Defendant objects to this Request as premised on a disputed fact. Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 68:**

Communications between 35.CN and ONLINENIC concerning the work performed for DOMAIN ID SHIELD by employees of 35.CN.

**RESPONSE TO REQUEST NO. 68:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 69:**

Communications between 35.CN and any PERSON relating to any of the INFRINGING DOMAIN NAMES.

**RESPONSE TO REQUEST NO. 69:**

Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 70:**

Communications between 35.CN and any PERSON relating to the registration of any of the INFRINGING DOMAIN NAMES.

**RESPONSE TO REQUEST NO. 70:**

Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

control.

**REQUEST NO. 71:**

Communications between 35.CN and any PERSON relating to customer accounts associated with the INFRINGING DOMAIN NAMES.

**RESPONSE TO REQUEST NO. 71:**

Defendant objects to this Request to the extent it seeks privileged or work product information.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 72:**

All agreements or contracts between ICANN and 35.CN.

**RESPONSE TO REQUEST NO. 72:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from ICANN but are demanding production of the same records.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced the requested documents.

**REQUEST NO. 73:**

DOCUMENTS relating to agreements or contracts between ICANN and 35.CN.

**RESPONSE TO REQUEST NO. 73:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the unlimited timeframe and as Plaintiffs have already obtained similar discovery from ICANN but are demanding production of the same records.

Subject to and without waiving the foregoing objections, Defendant responds as

**DEF'S FOURTH AMENDED RESPONSES
TO PLAINTIFFS' FIRST SET OF RFPS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Defendant has produced the requested documents.

2

3  **REQUEST NO. 74:**

4       Communications between ICANN and 35.CN since 2002.

5  **RESPONSE TO REQUEST NO. 74:**

6       Defendant objects to this Request on grounds of relevance, proportionality, and

7  undue burden, including as to the timeframe and as Plaintiffs have already obtained similar

8  discovery from ICANN but are demanding production of the same records.

9       Subject to and without waiving the foregoing objections, Defendant responds as

10 follows: Defendant has produced the requested documents.

11

12 **REQUEST NO. 75:**

13      DOCUMENTS relating to any action by ICANN to enforce the RAA against 35.CN.

14 **RESPONSE TO REQUEST NO. 75:**

15      Defendant objects to this Request on grounds of relevance, proportionality, and

16 undue burden, including as to the unlimited timeframe and as Plaintiffs have already

17 obtained similar discovery from ICANN but are demanding production of the same records.

18      Subject to and without waiving the foregoing objections, Defendant responds as

19 follows: Defendant has produced the requested documents.

20

21 **REQUEST NO. 76:**

22      DOCUMENTS relating to any prior actions or complaints concerning cybersquatting

23 filed against or by 35.CN in a United States Federal or State Court or before any

24 administrative tribunal since 2007.

25 **RESPONSE TO REQUEST NO. 76:**

26      Subject to and without waiving the foregoing objections, Defendant responds as

27 follows: Defendant does not have responsive documents in its possession, custody, or

28 control.

1  **REQUEST NO. 77:**

2      DOCUMENTS relating to any prior actions or complaints concerning online abuse,

3  including trademark or service mark infringement, false designation of origin,

4  cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed

5  against or by 35.CN in a United States Federal or State Court or before any administrative

6  tribunal since 2007.

7  **RESPONSE TO REQUEST NO. 77:**

8      Subject to and without waiving the foregoing objections, Defendant responds as

9  follows: Defendant does not have responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST NO. 78:**

13      DOCUMENTS relating to any prior actions or complaints concerning cybersquatting

14  filed against or by ONLINENIC in a United States Federal or State Court or before any

15  administrative tribunal since 2007.

16  **RESPONSE TO REQUEST NO. 78:**

17      Subject to and without waiving the foregoing objections, Defendant responds as

18  follows: Defendant does not have responsive documents other than records that

19  OnlineNIC produced to Plaintiffs and then Plaintiffs re-produced to Defendant.

20

21  **REQUEST NO. 79:**

22      DOCUMENTS relating to any prior actions or complaints concerning online abuse,

23  including trademark or service mark infringement, false designation of origin,

24  cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed

25  against or by ONLINENIC in a United States Federal or State Court or before any

26  administrative tribunal SINCE 2007.

27  **RESPONSE TO REQUEST NO. 79:**

28      Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Defendant does not have responsive documents other than records that
2  OnlineNIC produced to Plaintiffs and then Plaintiffs re-produced to Defendant.

3

4  **REQUEST NO. 80:**

5      DOCUMENTS relating to any prior actions or complaints concerning cybersquatting
6  filed against or by DOMAIN ID SHIELD in a United States Federal or State Court or before
7  any administrative tribunal since 2007.

8  **RESPONSE TO REQUEST NO. 80:**

9      Subject to and without waiving the foregoing objections, Defendant responds as
10  follows: Defendant does not have responsive documents in its possession, custody, or
11  control.

12

13  **REQUEST NO. 81:**

14      DOCUMENTS relating to any prior actions or complaints concerning online abuse,
15  including trademark or service mark infringement, false designation of origin,
16  cybersquatting, fraud or misleading activity, phishing, malware, spam, and/or botnets, filed
17  against or by DOMAIN ID SHIELD in a United States Federal or State Court or before any
18  administrative tribunal SINCE 2007.

19  **RESPONSE TO REQUEST NO. 81:**

20      Subject to and without waiving the foregoing objections, Defendant responds as
21  follows: Defendant does not have responsive documents in its possession, custody, or
22  control.

23

24  **REQUEST NO. 82:**

25      Communications between 35.CN and ONLINENIC concerning Meta Platforms, Inc.
26  (f/k/a Facebook, Inc.).

27  **RESPONSE TO REQUEST NO. 82:**

28      Defendant objects to this Request on grounds of relevance, proportionality, and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  undue burden, including as to the unlimited timeframe.

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant does not have responsive documents in its possession, custody, or

4  control.

5

6  **REQUEST NO. 83:**

7      Communications between 35.CN and ONLINENIC concerning Instagram, LLC.

8  **RESPONSE TO REQUEST NO. 83:**

9      Defendant objects to this Request on grounds of relevance, proportionality, and

10  undue burden, including as to the unlimited timeframe.

11      Subject to and without waiving the foregoing objections, Defendant responds as

12  follows: Defendant does not have responsive documents in its possession, custody, or

13  control.

14

15  **REQUEST NO. 84:**

16      Communications between 35.CN and ONLINENIC concerning this lawsuit.

17  **RESPONSE TO REQUEST NO. 84:**

18      Defendant objects to this Request on grounds of relevance, proportionality, and

19  undue burden, including as to the unlimited timeframe.

20      Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Defendant does not have responsive documents in its possession, custody, or

22  control.

23

24  **REQUEST NO. 85:**

25      Communications between 35.CN and ICANN concerning this lawsuit.

26  **RESPONSE TO REQUEST NO. 85:**

27      Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Defendant does not have responsive documents other than counsel

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    communications where Plaintiffs' counsel was already copied or otherwise involved.

2

3    **REQUEST NO. 86:**

4         Communications between 35.CN and any PERSON concerning this lawsuit.

5    **RESPONSE TO REQUEST NO. 86:**

6         Defendant objects to this Request to the extent it seeks privileged or work product

7    information.

8         Subject to and without waiving the foregoing objections, Defendant responds as

9    follows: Defendant does not have responsive documents in its possession, custody, or

10   control.

11

12   **REQUEST NO. 87:**

13        DOCUMENTS that IDENTIFY the source of funds used to pay employees of 35.CN

14   that perform work for ONLINENIC.

15   **RESPONSE TO REQUEST NO. 87:**

16        Subject to and without waiving the foregoing objections, Defendant responds as

17   follows: Defendant does not have responsive documents in its possession, custody, or

18   control.

19

20   **REQUEST NO. 88:**

21        DOCUMENTS that IDENTIFY the source of funds used to pay employees of

22   ONLINENIC.

23   **RESPONSE TO REQUEST NO. 88:**

24        Subject to and without waiving the foregoing objections, Defendant responds as

25   follows: Defendant does not have responsive documents in its possession, custody, or

26   control.

27

28   //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 89:**

2      DOCUMENTS that IDENTIFY the source of funds used to pay employees of

3  DOMAIN ID SHIELD.

4  **RESPONSE TO REQUEST NO. 89:**

5      Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: Defendant does not have responsive documents in its possession, custody, or

7  control.

8

9  **REQUEST NO. 90:**

10      DOCUMENTS that IDENTIFY the source of funds used to form 35.CN.

11  **RESPONSE TO REQUEST NO. 90:**

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Defendant does not have responsive documents in its possession, custody, or

14  control.

15

16  **REQUEST NO. 91:**

17      DOCUMENTS that IDENTIFY the source of funds used to form ONLINENIC.

18  **RESPONSE TO REQUEST NO. 91:**

19      Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant does not have responsive documents in its possession, custody, or

21  control.

22

23  **REQUEST NO. 92:**

24      DOCUMENTS that IDENTIFY the source of funds used to form DOMAIN ID

25  SHIELD.

26  **RESPONSE TO REQUEST NO. 92:**

27      Subject to and without waiving the foregoing objections, Defendant responds as

28  follows: Defendant does not have responsive documents in its possession, custody, or

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    control.

2

3    **REQUEST NO. 93:**

4        DOCUMENTS reflecting funds transferred between 35.CN and ONLINENIC at any

5    time.

6    **RESPONSE TO REQUEST NO. 93:**

7        Defendant objects to this Request on grounds of relevance, proportionality, and

8    undue burden, including as to the unlimited timeframe. Defendant objects to this Request

9    as vague and ambiguous, including as to "reflecting funds transferred"; Defendant

10   interprets this phrase to have an ordinary meaning.

11       Subject to and without waiving the foregoing objections, Defendant responds as

12   follows: Defendant has produced the requested documents.

13

14   **REQUEST NO. 94:**

15       DOCUMENTS reflecting funds transferred between 35.CN and DOMAIN ID

16   SHIELD at any time.

17   **RESPONSE TO REQUEST NO. 94:**

18       Defendant objects to this Request on grounds of relevance, proportionality, and

19   undue burden, including as to the unlimited timeframe. Defendant objects to this Request

20   as vague and ambiguous, including as to "reflecting funds transferred"; Defendant

21   interprets this phrase to have an ordinary meaning.

22       Subject to and without waiving the foregoing objections, Defendant responds as

23   follows: Defendant does not have responsive documents in its possession, custody, or

24   control.

25

26   **REQUEST NO. 95:**

27       DOCUMENTS reflecting payments made by 35.CN for the benefit of ONLINENIC

28   at any time.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 95:**

Defendant objects to this Request as vague and ambiguous, including as to "reflecting payments made" and "for the benefit of"; Defendant interprets these phrases to have an ordinary meaning.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 96:**

DOCUMENTS reflecting payments made by 35.CN for the benefit of DOMAIN ID SHIELD at any time.

**RESPONSE TO REQUEST NO. 96:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 97:**

DOCUMENTS reflecting all payments made by ONLINENIC to 35.CN since 2007.

**RESPONSE TO REQUEST NO. 97:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced the requested documents.

**REQUEST NO. 98:**

DOCUMENTS reflecting all payments made by DOMAIN ID SHIELD to 35.CN since 2007.

//

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 98:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 99:**

DOCUMENTS reflecting all payments made by 35.CN to or on behalf of ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 99:**

Defendant objects to this Request on grounds of relevance, proportionality, and undue burden, including as to the timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has produced the requested documents.

**REQUEST NO. 100:**

DOCUMENTS reflecting all payments made by 35.CN to or on behalf of DOMAIN ID SHIELD since 2007.

**RESPONSE TO REQUEST NO. 100:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 101:**

DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to or on behalf of ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 101:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   control.

2

3   **REQUEST NO. 102:**

4       DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to

5   or on behalf of DOMAIN ID SHIELD since 2007.

6   **RESPONSE TO REQUEST NO. 102:**

7       Subject to and without waiving the foregoing objections, Defendant responds as

8   follows: Defendant does not have responsive documents in its possession, custody, or

9   control.

10

11  **REQUEST NO. 103:**

12      DOCUMENTS reflecting all payments made by shareholders of 35.CN to or on

13  behalf of ONLINENIC since 2007.

14  **RESPONSE TO REQUEST NO. 103:**

15      Subject to and without waiving the foregoing objections, Defendant responds as

16  follows: Defendant does not have responsive documents in its possession, custody, or

17  control.

18

19  **REQUEST NO. 104:**

20      DOCUMENTS reflecting all payments made by shareholders of 35.CN to or on

21  behalf of DOMAIN ID SHIELD since 2007.

22  **RESPONSE TO REQUEST NO. 104:**

23      Subject to and without waiving the foregoing objections, Defendant responds as

24  follows: Defendant does not have responsive documents in its possession, custody, or

25  control.

26

27  **REQUEST NO. 105:**

28      DOCUMENTS reflecting loans made by ONLINENIC to 35.CN since 2007.

**RESPONSE TO REQUEST NO. 105:**

Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant has produced the requested documents.

**REQUEST NO. 106:**

DOCUMENTS reflecting loans made by DOMAIN ID SHIELD to 35.CN since 2007.

**RESPONSE TO REQUEST NO. 106:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 107:**

DOCUMENTS reflecting loans made by officers and/or directors of ONLINENIC to 35.CN since 2007.

**RESPONSE TO REQUEST NO. 107:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 108:**

DOCUMENTS reflecting loans made by officers and/or directors of DOMAIN ID SHIELD to 35.CN since 2007.

**RESPONSE TO REQUEST NO. 108:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 109:**

DOCUMENTS reflecting loans made by 35.CN to ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 109:**

Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant will produce responsive documents if any exist.


**REQUEST NO. 110:**

DOCUMENTS reflecting loans made by 35.CN to DOMAIN ID SHIELD since 2007.

**RESPONSE TO REQUEST NO. 110:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.


**REQUEST NO. 111:**

DOCUMENTS reflecting loans made by officers and/or directors of 35.CN to ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 111:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.


**REQUEST NO. 112:**

DOCUMENTS reflecting loans made by officers and/or directors of 35.CN to DOMAIN ID SHIELD since 2007.

**RESPONSE TO REQUEST NO. 112:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 113:**

DOCUMENTS reflecting loans made by shareholders of 35.CN to ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 113:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 114:**

DOCUMENTS reflecting loans made by shareholders of 35.CN to DOMAIN ID SHIELD since 2007.

**RESPONSE TO REQUEST NO. 114:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 115:**

DOCUMENTS reflecting investments made by 35.CN to ONLINENIC since 2007.

**RESPONSE TO REQUEST NO. 115:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 116:**

DOCUMENTS reflecting investments made by 35.CN to DOMAIN ID SHIELD since 2007.

**RESPONSE TO REQUEST NO. 116:**

Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Defendant does not have responsive documents in its possession, custody, or

2  control.

3

4  **REQUEST NO. 117:**

5      DOCUMENTS reflecting investments made by officers and/or directors of 35.CN to

6  ONLINENIC since 2007.

7  **RESPONSE TO REQUEST NO. 117:**

8      Subject to and without waiving the foregoing objections, Defendant responds as

9  follows: Defendant does not have responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST NO. 118:**

13      DOCUMENTS reflecting investments made by officers and/or directors of 35.CN to

14  DOMAIN ID SHIELD since 2007.

15  **RESPONSE TO REQUEST NO. 118:**

16      Subject to and without waiving the foregoing objections, Defendant responds as

17  follows: Defendant does not have responsive documents in its possession, custody, or

18  control.

19

20  **REQUEST NO. 119:**

21      DOCUMENTS reflecting investments made by shareholders of 35.CN to

22  ONLINENIC since 2007.

23  **RESPONSE TO REQUEST NO. 119:**

24      Subject to and without waiving the foregoing objections, Defendant responds as

25  follows: Defendant does not have responsive documents in its possession, custody, or

26  control.

27

28  //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 120:**

DOCUMENTS reflecting investments made by shareholders of 35.CN to DOMAIN ID SHIELD since 2007.

**RESPONSE TO REQUEST NO. 120:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 121:**

DOCUMENTS reflecting all payments made by 35.CN to Rex Liu since 2007.

**RESPONSE TO REQUEST NO. 121:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 122:**

DOCUMENTS reflecting all payments made by officers and/or directors of 35.CN to Rex Liu since 2007.

**RESPONSE TO REQUEST NO. 122:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 123:**

DOCUMENTS reflecting all payments made by shareholders of 35.CN to Rex Liu since 2007.

**RESPONSE TO REQUEST NO. 123:**

Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1 follows: Defendant does not have responsive documents in its possession, custody, or
2 control.

3

4 **REQUEST NO. 124:**

5    DOCUMENTS reflecting all payments made by ONLINENIC and DOMAIN ID
6 SHIELD to GONG since 2007.

7 **RESPONSE TO REQUEST NO. 124:**

8    Defendant objects to this Request as compound. Defendant objects to this Request
9 as non-proportional as it seeks information from other parties and an individual third party.

10    Subject to and without waiving the foregoing objections, Defendant responds as
11 follows: Defendant does not have responsive documents in its possession, custody, or
12 control.

13

14 **REQUEST NO. 125:**

15    DOCUMENTS reflecting all payments made by GONG to or on behalf of
16 ONLINENIC and DOMAIN ID SHIELD since 2007.

17 **RESPONSE TO REQUEST NO. 125:**

18    Defendant objects to this Request compound. Defendant objects to this Request as
19 non-proportional as it seeks information from other parties and an individual third party.

20    Subject to and without waiving the foregoing objections, Defendant responds as
21 follows: Defendant does not have responsive documents in its possession, custody, or
22 control.

23

24 **REQUEST NO. 126:**

25    DOCUMENTS reflecting loans made by ONLINENIC and DOMAIN ID SHIELD to
26 GONG since 2007.

27 **RESPONSE TO REQUEST NO. 126:**

28    Defendant objects to this Request as compound. Defendant objects to this Request

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  as non-proportional as it seeks information from other parties and an individual third party.

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Defendant does not have responsive documents in its possession, custody, or

4  control.

5

6  **REQUEST NO. 127:**

7      DOCUMENTS reflecting loans made by GONG to ONLINENIC and DOMAIN ID

8  SHIELD since 2007.

9  **RESPONSE TO REQUEST NO. 127:**

10     Defendant objects to this Request compound. Defendant objects to this Request as

11 non-proportional as it seeks information from other parties and an individual third party.

12     Subject to and without waiving the foregoing objections, Defendant responds as

13 follows: Defendant does not have responsive documents in its possession, custody, or

14 control.

15

16 **REQUEST NO. 128:**

17     DOCUMENTS reflecting the loan by Sun Shaofeng to ONLINENIC in 2009.

18 **RESPONSE TO REQUEST NO. 128:**

19     Defendant objects to this Request as non-proportional as it seeks information from

20 OnlineNIC and an individual third party.

21     Subject to and without waiving the foregoing objections, Defendant responds as

22 follows: Defendant does not have responsive documents in its possession, custody, or

23 control.

24

25 **REQUEST NO. 129:**

26     DOCUMENTS sufficient to show why Sun Shaofeng loaned money to ONLINENIC

27 in 2009.

28 //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **RESPONSE TO REQUEST NO. 129**

2        Defendant objects to this Request as non-proportional as it seeks information from

3    OnlineNIC and an individual third party.

4        Subject to and without waiving the foregoing objections, Defendant responds as

5    follows: Defendant does not have responsive documents in its possession, custody, or

6    control.

7

8    **REQUEST NO. 130:**

9        Communications between Sun Shaofeng and 35.CN regarding Sun Shaofeng's

10    loan to ONLINENIC in 2009.

11    **RESPONSE TO REQUEST NO. 130:**

12        Subject to and without waiving the foregoing objections, Defendant responds as

13    follows: Defendant does not have responsive documents in its possession, custody, or

14    control.

15

16    **REQUEST NO. 131:**

17        Communications between Sun Shaofeng and GONG regarding Sun Shaofeng's

18    loan to ONLINENIC in 2009.

19    **RESPONSE TO REQUEST NO. 131:**

20        Defendant objects to this Request as non-proportional as it seeks information from

21    third parties.

22        Subject to and without waiving the foregoing objections, Defendant responds as

23    follows: Defendant does not have responsive documents in its possession, custody, or

24    control.

25

26    **REQUEST NO. 132:**

27        DOCUMENTS sufficient to show the business relationship between Sun Shaofeng

28    and 35.CN.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    **RESPONSE TO REQUEST NO. 132:**

2    Subject to and without waiving the foregoing objections, Defendant responds as

3    follows: Defendant does not have responsive documents in its possession, custody, or

4    control.

5

6    **REQUEST NO. 133:**

7    DOCUMENTS sufficient to show the business and/or personal relationship between

8    Sun Shaofeng and GONG.

9    **RESPONSE TO REQUEST NO. 133:**

10    Defendant objects to this Request as non-proportional as it seeks information from

11    third parties.

12    Subject to and without waiving the foregoing objections, Defendant responds as

13    follows: Defendant does not have responsive documents in its possession, custody, or

14    control.

15

16    **REQUEST NO. 134:**

17    DOCUMENTS sufficient to show the business and/or personal relationship between

18    Rex Liu and GONG.

19    **RESPONSE TO REQUEST NO. 134:**

20    Defendant objects to this Request as non-proportional as it seeks information from

21    third parties.

22    Subject to and without waiving the foregoing objections, Defendant responds as

23    follows: Defendant does not have responsive documents in its possession, custody, or

24    control.

25

26    **REQUEST NO. 135:**

27    DOCUMENTS sufficient to show the business relationship between Rex Liu and

28    35.CN.

**RESPONSE TO REQUEST NO. 135:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 136:**

DOCUMENTS sufficient to show the business relationship between Rex Liu and ONLINENIC.

**RESPONSE TO REQUEST NO. 136:**

Defendant objects to this Request as non-proportional as it seeks information from OnlineNIC and an individual third party.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 137:**

DOCUMENTS sufficient to show the business relationship between Rex Liu and DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 137:**

Defendant objects to this Request as non-proportional as it seeks information from ID Shield and an individual third party.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 138:**

DOCUMENTS reflecting the loan by South Pacific Holdings Group to ONLINENIC through Kennedy's Legal in 2019.

**DEF'S FOURTH AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 138:**

2      Defendant objects to this Request as non-proportional as it seeks information from

3  OnlineNIC and a third party.

4      Subject to and without waiving the foregoing objections, Defendant responds as

5  follows: Defendant does not have responsive documents in its possession, custody, or

6  control.

7

8  **REQUEST NO. 139:**

9      DOCUMENTS sufficient to show why South Pacific Holdings Group loaned money

10  to ONLINENIC through Kennedy's Legal in 2019.

11  **RESPONSE TO REQUEST NO. 139:**

12      Defendant objects to this Request as non-proportional as it seeks information from

13  OnlineNIC and a third party.

14      Subject to and without waiving the foregoing objections, Defendant responds as

15  follows: Defendant does not have responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST NO. 140:**

19      DOCUMENTS sufficient to IDENTIFY the members of South Pacific Holdings Group

20  in 2019.

21  **RESPONSE TO REQUEST NO. 140:**

22      Defendant objects to this Request as non-proportional as it seeks information from

23  a third party.

24      Subject to and without waiving the foregoing objections, Defendant responds as

25  follows: Defendant does not have responsive documents in its possession, custody, or

26  control.

27

28  //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 141:**

Communications between South Pacific Holdings Group and 35.CN regarding South Pacific Holdings Group's loan to ONLINENIC through Kennedy's Legal in 2019.

**RESPONSE TO REQUEST NO. 141:**

Defendant objects to this Request as non-proportional as it seeks information from OnlineNIC and a third party.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 142:**

Communications between South Pacific Holdings Group and GONG regarding South Pacific Holding Group's loan to ONLINENIC through Kennedy's Legal in 2019.

**RESPONSE TO REQUEST NO. 142:**

Defendant objects to this Request as non-proportional as it seeks information from OnlineNIC and a third party.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

**REQUEST NO. 143:**

DOCUMENTS sufficient to show the business relationship between South Pacific Holdings Group and 35.CN.

**RESPONSE TO REQUEST NO. 143:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not have responsive documents in its possession, custody, or control.

1    **REQUEST NO. 144:**

2        DOCUMENTS sufficient to show the business relationship between South Pacific

3    Holdings Group and GONG.

4    **RESPONSE TO REQUEST NO. 144:**

5        Subject to and without waiving the foregoing objections, Defendant responds as

6    follows: Defendant does not have responsive documents in its possession, custody, or

7    control.

8

9    **REQUEST NO. 145:**

10       DOCUMENTS reflecting all payments made by 35.CN to Perry Narancic since

11   2007.

12   **RESPONSE TO REQUEST NO. 145:**

13       Subject to and without waiving the foregoing objections, Defendant responds as

14   follows: Defendant does not have responsive documents in its possession, custody, or

15   control.

16

17   **REQUEST NO. 146:**

18       DOCUMENTS supporting 35.CN's responses to First Set of Interrogatories

19   propounded to 35.CN.

20   **RESPONSE TO REQUEST NO. 146:**

21       Defendant objects to this Request as seeking privileged and/or work product

22   documents. Defendant objects to this Request as premature as discovery and investigation

23   are ongoing. Defendant objects to this Request to the extent it seeks legal or expert

24   conclusions or opinions. Defendant may withhold documents based on these objections

25   but is still reviewing documents for this Request.

26       Subject to and without waiving the foregoing objections, Defendant responds as

27   follows: Defendant has produced the requested documents; Defendant will produce

28   additional documents subject to the objections after a reasonable search.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 147:**

2        DOCUMENTS supporting 35.CN's denial of any Request For Admission in the First

3    Set of Requests for Admission propounded to 35.CN.

4    **RESPONSE TO REQUEST NO. 147:**

5        Defendant objects to this Request as seeking privileged and/or work product

6    documents. Defendant objects to this Request as premature as discovery and investigation

7    are ongoing. Defendant objects to this Request to the extent it seeks legal or expert

8    conclusions or opinions. Defendant may withhold documents based on these objections

9    but is still reviewing documents for this Request.

10        Subject to and without waiving the foregoing objections, Defendant responds as

11    follows: Defendant has produced the requested documents; Defendant will produce

12    additional documents subject to the objections after a reasonable search.

13

14    Respectfully Submitted,

15    Dated: September 8, 2022                **KRONENBERGER ROSENFELD, LLP**

16

17    By: _____ s/ Karl S. Kronenberger _____
                    Karl S. Kronenberger

18    Attorneys for Defendant Xiamen 35.com
      Technology Co., Ltd.

19

20

21

22

23

24

25

26

27

28

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

Exhibit 2

[REDACTED DOCUMENT REQUESTED TO BE SEALED]

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **META PLATFORMS, INC.**, et al., | Case No. 3:19-cv-07071-SI |
| Plaintiffs, | |
| v. | **DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S THIRD AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |
| **ONLINENIC INC.**, et al., | |
| Defendants. | **CONTAINS CONFIDENTIAL MATERIAL DESIGNATED UNDER THE PROTECTIVE ORDER** |

**DEF'S THIRD AMENDED RESPS TO PLAINTIFFS' FIRST SET OF RFAS**

1  PROPOUNDING PARTY:        PLAINTIFFS META PLATFORMS, INC. F/K/A

2                            FACEBOOK, INC. AND INSTAGRAM, LLC

3  RESPONDING PARTY:         DEFENDANT XIAMEN 35.COM TECHNOLOGY CO.,

4                            LTD.

5  SET:                      ONE

6                        **PRELIMINARY STATEMENT**

7      Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") is

8  presently pursuing its investigation and analysis of the facts and law relating to this case,

9  and has not completed its discovery or preparation for trial. Therefore, the responses set

10 forth herein are given without prejudice to Defendant's right to produce evidence of any

11 subsequently discovered facts, writings, or interpretations thereof, or to modify, change,

12 or otherwise amend these responses. The information hereinafter set forth is true and

13 correct to the best knowledge of Defendant as of this date, and is subject to correction for

14 errors or omissions. These responses are based upon records and information presently

15 available to Defendant. Defendant undertakes no affirmative duty to supplement these

16 responses based upon further discovery and investigation other than as mandated by the

17 Federal Rules of Civil Procedure. References in a response to a preceding or subsequent

18 response incorporate the information and objections stated in the referenced response.

19     Defendant is making a diligent inquiry and reasonable search for these responses.

20     Defendant reserves the right to introduce at trial or in support of or in opposition to

21 any motion in this case any and all documents, information, and admissions heretofore

22 or hereafter produced by the parties in this action or by any third person. To the extent

23 that Defendant identifies certain writings or delineates facts contained within any writing

24 or otherwise, it does so without prejudice to establish at a later date any additional facts

25 that may be contained within or discovered as a result of any additional investigation and

26 discovery.

27     Inadvertent identification of privileged information or writings by Defendant does

28 not constitute a waiver of any applicable privilege. The information hereafter set forth

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

does not waive any objection, including relevance, to the admission of such information in evidence.

This preliminary statement is incorporated into each and every response set forth herein.

Subject to the foregoing conditions, Defendant objects and responds to Plaintiffs' First Set of Requests for Admission (the "Requests") as follows:

## GENERAL OBJECTIONS

1.     Defendant objects to the Requests because Chinese law requires application of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), including to have translated discovery documents, and authorization from the Chinese government, including pursuant to Chinese data security and privacy laws; nothing herein shall be deemed as a waiver of Defendant's rights, claims, or contentions, including as related to these issues. Defendant refers to the meet-and-confer letter sent to Plaintiffs' counsel on March 30, 2022 and Chinese counsel letter dated June 16, 2022 and follow up communications. At this time, Defendant is not withholding information based on this objection unless specifically provided below in individual responses. Defendant is continuing to review documents and conduct investigations and reserves its rights to withhold information in the future based on this objection.

2.     Defendant objects that Defendant is unable to verify discovery responses without translated Requests.

3.     Defendant objects to the Requests to the extent that they purport to require Defendant to provide information that is not reasonably available to Defendant through a reasonable and good faith inquiry into its records and the knowledge of its employees.

4.     Defendant objects to the Requests to the extent any of them seek information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the joint defense privilege, the privilege for negotiations leading to settlement, or any other applicable privilege. Information protected by any such privilege will not be produced. All such information will be withheld. Any inadvertent

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  production of such information shall not be deemed to waive any privilege or protection

2  with respect to such information.

3      5.    Defendant objects to the Requests to the extent that they seek information

4  in the possession, custody, or control of individuals or entities other than Defendant on the

5  grounds that each such Request is non-proportional to the case, unduly burdensome, and

6  oppressive, and such information is equally available to Plaintiffs. In particular, **OnlineNIC**

7  **and ID Shield have already responded to hundreds of written discovery requests.**

8      6.    Each of the foregoing General Objections is a continuing objection, which

9  Defendant incorporates by reference into each specific response to each of the Requests

10  below as if fully set forth herein.

11  **AMENDED AND SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSION**

12  **REQUEST NO. 1:**

13      Admit that ONLINENIC uses employees of 35.CN to conduct work for ONLINENIC.

14  **RESPONSE TO REQUEST NO. 1:**

15      Defendant objects that this Request is premised on a misunderstanding and calls

16  for information from OnlineNIC, namely whether employees are in fact used for work.

17      Subject to and without waiving the foregoing objections, Defendant responds as

18  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

19  agreement; Defendant denies the rest of the Request.

20

21  **REQUEST NO. 2:**

22      Admit that ONLINENIC used employees of 35.CN to conduct work for ONLINENIC.

23  **RESPONSE TO REQUEST NO. 2:**

24      Defendant objects that this Request is premised on a misunderstanding and calls

25  for information from OnlineNIC, namely whether employees were in fact used for work.

26      Subject to and without waiving the foregoing objections, Defendant responds as

27  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

28  agreement; Defendant denies the rest of the Request.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 3:**

2        Admit that DOMAIN ID SHIELD uses employees of 35.CN to conduct work for

3    DOMAIN ID SHIELD.

4    **RESPONSE TO REQUEST NO. 3:**

5        Defendant objects that this Request is premised on a misunderstanding and calls

6    for information from ID Shield, namely whether employees are in fact used for work.

7        Subject to and without waiving the foregoing objections, Defendant responds as

8    follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

9    agreement; Defendant denies the rest of the Request.

10

11   **REQUEST NO. 4:**

12       Admit that DOMAINID SHIELD used employees of 35.CN to conduct work for

13   DOMAIN ID SHIELD.

14   **RESPONSE TO REQUEST NO. 4:**

15       Defendant objects that this Request is premised on a misunderstanding and calls

16   for information from ID Shield, namely whether employees were in fact used for work.

17       Subject to and without waiving the foregoing objections, Defendant responds as

18   follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

19   agreement; Defendant denies the rest of the Request.

20

21   **REQUEST NO. 5:**

22       Admit that the day-to-day operations of ONLINENIC are carried out by employees

23   of 35.CN.

24   **RESPONSE TO REQUEST NO. 5:**

25       Defendant objects that this Request is premised on a misunderstanding and calls

26   for information from OnlineNIC and as OnlineNIC responded to a similar Request.

27       Subject to and without waiving the foregoing objections, Defendant responds as

28   follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  agreement; Defendant denies the rest of the Request.

2

3  **REQUEST NO. 6:**

4      Admit that the day-to-day operations of ONLINENIC were carried out by employees

5  of 35.CN.

6  **RESPONSE TO REQUEST NO. 6:**

7      Defendant objects that this Request is premised on a misunderstanding and calls

8  for information from OnlineNIC and as OnlineNIC responded to a similar Request.

9      Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

11  agreement; Defendant denies the rest of the Request.

12

13  **REQUEST NO. 7:**

14      Admit that the day-to-day operations of DOMAIN ID SHIELD are carried out by

15  employees of 35.CN.

16  **RESPONSE TO REQUEST NO. 7:**

17      Defendant objects that this Request is premised on a misunderstanding and calls

18  for information from ID Shield and as ID Shield responded to a similar Request.

19      Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

21  agreement; Defendant denies the rest of the Request.

22

23  **REQUEST NO. 8:**

24      Admit that the day-to-day operations of DOMAIN ID SHIELD were carried out by

25  employees of 35.CN.

26  **RESPONSE TO REQUEST NO. 8:**

27      Defendant objects that this Request is premised on a misunderstanding and calls

28  for information from ID Shield and as ID Shield responded to a similar Request.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2 follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

3 agreement; Defendant denies the rest of the Request.

4

5 **REQUEST NO. 9:**

6    Admit that the technical support of ONLINENIC is carried out by employees of

7 35.CN.

8 **RESPONSE TO REQUEST NO. 9:**

9    Defendant objects that this Request is premised on a misunderstanding and calls

10 for information from OnlineNIC, namely how it operates support and uses individuals.

11    Subject to and without waiving the foregoing objections, Defendant responds as

12 follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

13 agreement, including for technical support; Defendant denies the rest of the Request.

14

15 **REQUEST NO. 10:**

16    Admit that the technical support of ONLINENIC was carried out by employees of

17 35.CN.

18 **RESPONSE TO REQUEST NO. 10:**

19    Defendant objects that this Request is premised on a misunderstanding and calls

20 for information from OnlineNIC, namely how it operated support and used individuals.

21    Subject to and without waiving the foregoing objections, Defendant responds as

22 follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

23 agreement, including for technical support; Defendant denies the rest of the Request.

24

25 **REQUEST NO. 11:**

26    Admit that the technical support of DOMAIN ID SHIELD is carried out by employees

27 of 35.CN.

28 //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1 | **RESPONSE TO REQUEST NO. 11:**

2 |     Defendant objects that this Request is premised on a misunderstanding and calls

3 | for information from ID Shield, namely how it operates support and uses individuals.

4 |     Subject to and without waiving the foregoing objections, Defendant responds as

5 | follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

6 | agreement; Defendant denies the rest of the Request.

7 |

8 | **REQUEST NO. 12:**

9 |     Admit that the technical support of DOMAIN ID SHIELD was carried out by

10 | employees of 35.CN.

11 | **RESPONSE TO REQUEST NO. 12:**

12 |     Defendant objects that this Request is premised on a misunderstanding and calls

13 | for information from ID Shield, namely how it operated support and used individuals.

14 |     Subject to and without waiving the foregoing objections, Defendant responds as

15 | follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

16 | agreement; Defendant denies the rest of the Request.

17 |

18 | **REQUEST NO. 13:**

19 |     Admit that the customer support of ONLINENIC is carried out by employees of

20 | 35.CN.

21 | **RESPONSE TO REQUEST NO. 13:**

22 |     Defendant objects that this Request is premised on a misunderstanding and calls

23 | for information from OnlineNIC, namely how it operates support and uses individuals.

24 |     Subject to and without waiving the foregoing objections, Defendant responds as

25 | follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

26 | agreement, including for support services; Defendant denies the rest of the Request.

27 |

28 | //

**REQUEST NO. 14:**

Admit that the customer support of ONLINENIC was carried out by employees of 35.CN.

**RESPONSE TO REQUEST NO. 14:**

Defendant objects that this Request is premised on a misunderstanding and calls for information from OnlineNIC, namely how it operated support and used individuals.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing agreement, including for support services; Defendant denies the rest of the Request.

**REQUEST NO. 15:**

Admit that the customer support of DOMAIN ID SHIELD is carried out by employees of 35.CN.

**RESPONSE TO REQUEST NO. 15:**

Defendant objects that this Request is premised on a misunderstanding and calls for information from ID Shield, namely how it operates support and uses individuals.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing agreement; Defendant denies the rest of the Request.

**REQUEST NO. 16:**

Admit that the customer support of DOMAIN ID SHIELD was carried out by employees of 35.CN.

**RESPONSE TO REQUEST NO. 16:**

Defendant objects that this Request is premised on a misunderstanding and calls for information from ID Shield, namely how it operated support and used individuals.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    agreement; Defendant denies the rest of the Request.

2

3    **REQUEST NO. 17:**

4        Admit that GONG was the incorporator and 100% owner of ONLINENIC.

5    **RESPONSE TO REQUEST NO. 17:**

6        Defendant objects that this Request calls for information from OnlineNIC.

7        Subject to and without waiving the foregoing objections, Defendant responds as

8    follows: Defendant admits that the translation of the initial public offering states that before

9    November 2007, as Defendant was informed by Gong Shaohui, OnlineNIC was 100%

10   owned by Gong Shaohui. Defendant lacks information to admit or deny the remaining part

11   of this Request; therefore, Defendant denies the remaining part of this Request.

12

13   **REQUEST NO. 18:**

14       Admit that at one point in time, GONG owned 100% of ONLINENIC while he was

15   the owner of 35.CN.

16   **RESPONSE TO REQUEST NO. 18:**

17       Defendant objects that this Request calls for information from OnlineNIC and as

18   OnlineNIC has already responded to discovery relating to Gong.

19       Subject to and without waiving the foregoing objections, Defendant responds as

20   follows: Defendant admits that the translation of the initial public offering states that before

21   November 2007, as Defendant was informed by Gong Shaohui, OnlineNIC was 100%

22   owned by Gong Shaohui; and Defendant admits that Gong had ownership interest in

23   Defendant, which went public about a decade before the claims in this case arose.

24   Defendant lacks information to admit or deny the remaining part of this Request; therefore,

25   Defendant denies the remaining part of this Request.

26

27   **REQUEST NO. 19:**

28       Admit that in 2002, GONG owned 100% of ONLINENIC while he was the owner of

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**DEF'S THIRD AMENDED RESPS TO
PLAINTIFFS' FIRST SET OF RFAS**

1  35.CN.

2  **RESPONSE TO REQUEST NO. 19:**

3      Defendant objects that this Request calls for information from OnlineNIC and as

4  OnlineNIC has already responded to discovery relating to Gong.

5      Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

7  denies this Request.

8

9  **REQUEST NO. 20:**

10      Admit that in 2003, GONG owned 100% of ONLINENIC while he was the owner of

11  35.CN.

12  **RESPONSE TO REQUEST NO. 20:**

13      Defendant objects that this Request calls for information from OnlineNIC and as

14  OnlineNIC has already responded to discovery relating to Gong.

15      Subject to and without waiving the foregoing objections, Defendant responds as

16  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

17  denies this Request.

18

19  **REQUEST NO. 21:**

20      Admit that in 2004, GONG owned 100% of ONLINENIC while he was the owner of

21  35.CN.

22  **RESPONSE TO REQUEST NO. 21:**

23      Defendant objects that this Request calls for information from OnlineNIC and as

24  OnlineNIC has already responded to discovery relating to Gong.

25      Subject to and without waiving the foregoing objections, Defendant responds as

26  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

27  denies this Request.

28  //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 22:**

Admit that in 2005, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**RESPONSE TO REQUEST NO. 22:**

Defendant objects that this Request calls for information from OnlineNIC and as OnlineNIC has already responded to discovery relating to Gong.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request; therefore, Defendant denies this Request.

**REQUEST NO. 23:**

Admit that in 2006, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**RESPONSE TO REQUEST NO. 23:**

Defendant objects that this Request calls for information from OnlineNIC and as OnlineNIC has already responded to discovery relating to Gong.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request; therefore, Defendant denies this Request.

**REQUEST NO. 24:**

Admit that in 2007, GONG owned 100% of ONLINENIC while he was the owner of 35.CN.

**RESPONSE TO REQUEST NO. 24:**

Defendant objects that this Request calls for information from OnlineNIC and as OnlineNIC has already responded to discovery relating to Gong.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  denies this Request.

2

3  **REQUEST NO. 25:**

4      Admit that in 2008 GONG owned 100% of ONLINENIC while he was the owner of

5  35.CN.

6  **RESPONSE TO REQUEST NO. 25:**

7      Defendant objects that this Request calls for information from OnlineNIC and as

8  OnlineNIC has already responded to discovery relating to Gong.

9      Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

11  denies this Request.

12

13  **REQUEST NO. 26:**

14      Admit that in 2009, GONG owned 100% of ONLINENIC while he was the owner of

15  35.CN.

16  **RESPONSE TO REQUEST NO. 26:**

17      Defendant objects that this Request calls for information from OnlineNIC and as

18  OnlineNIC has already responded to discovery relating to Gong.

19      Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

21  denies this Request.

22

23  **REQUEST NO. 27:**

24      Admit that GONG is the majority shareholder of 35.CN.

25  **RESPONSE TO REQUEST NO. 27:**

26      Deny.

27

28  //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 28:**

2        Admit that GONG was the 100% owner of ONLINENIC from 2009-2014.

3    **RESPONSE TO REQUEST NO. 28:**

4        Defendant objects that this Request is premised on a misunderstanding, namely an

5    error in certain records, and calls for information from OnlineNIC.

6        Subject to and without waiving the foregoing objections, Defendant responds as

7    follows: Deny.

8

9    **REQUEST NO. 29:**

10        Admit that GONG sold ONLINENIC to Zhippo Chen in 2009.

11    **RESPONSE TO REQUEST NO. 29:**

12        Defendant objects that this Request calls for information from OnlineNIC and as

13    OnlineNIC has already responded to similar discovery. Defendant objects that this Request

14    is premised on a disputed fact, including a misstatement about the referenced sale.

15        Subject to and without waiving the foregoing objections, Defendant responds as

16    follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

17    denies this Request.

18

19    **REQUEST NO. 30:**

20        Admit that GONG sold ONLINENIC to Rex Liu in 2007.

21    **RESPONSE TO REQUEST NO. 30:**

22        Defendant objects that this Request calls for information from OnlineNIC and as

23    OnlineNIC has already responded to similar discovery.

24        Subject to and without waiving the foregoing objections, Defendant responds as

25    follows: Defendant admits that the translation of the initial public offering states that in

26    November 2007, as Defendant was informed by Gong Shaohui, Gong Shaohui and Rex

27    W. Liu signed a Stock Purchase Agreement for OnlineNIC. Defendant lacks information to

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  admit or deny the remaining part of this Request; therefore, Defendant denies the

2  remaining part of this Request.

3

4  **REQUEST NO. 31:**

5        Admit that Rex Liu is not involved in the day-to-day operations of ONLINENIC.

6  **RESPONSE TO REQUEST NO. 31:**

7        Defendant objects that this Request calls for information from OnlineNIC. Defendant

8  objects to this Request as vague and ambiguous, including as to "day-to-day operations."

9        Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

11  denies this Request.

12

13  **REQUEST NO. 32:**

14        Admit that Rex Liu is not involved in the day-to-day operations of DOMAIN ID

15  SHIELD.

16  **RESPONSE TO REQUEST NO. 32:**

17        Defendant objects that this Request calls for information from ID Shield. Defendant

18  objects to this Request as vague and ambiguous, including as to "day-to-day operations."

19        Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

21  denies this Request.

22

23  **REQUEST NO. 33:**

24        Admit that Rex Liu is not involved in the policy decisions of ONLINENIC.

25  **RESPONSE TO REQUEST NO. 33:**

26        Defendant objects that this Request calls for information from OnlineNIC. Defendant

27  objects to this Request as vague and ambiguous, including as to "policy decisions."

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  Subject to and without waiving the foregoing objections, Defendant responds as

2  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

3  denies this Request.

4

5  **REQUEST NO. 34:**

6  Admit that Rex Liu is not involved in the policy decisions of DOMAIN ID SHIELD.

7  **RESPONSE TO REQUEST NO. 34:**

8  Defendant objects that this Request calls for information from ID Shield. Defendant

9  objects to this Request as vague and ambiguous, including as to "policy decisions."

10  Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

12  denies this Request.

13

14  **REQUEST NO. 35:**

15  Admit that Rex Liu does not oversee the management of ONLINENIC.

16  **RESPONSE TO REQUEST NO. 35:**

17  Defendant objects that this Request calls for information from OnlineNIC. Defendant

18  objects to this Request as vague and ambiguous, including as to "oversee the

19  management of."

20  Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

22  denies this Request.

23

24  **REQUEST NO. 36:**

25  Admit that Rex Liu does not oversee the management of DOMAIN ID SHIELD.

26  **RESPONSE TO REQUEST NO. 36:**

27  Defendant objects that this Request calls for information from ID Shield. Defendant

28  objects to this Request as vague and ambiguous, including as to "oversee the

1    management of."

2       Subject to and without waiving the foregoing objections, Defendant responds as

3    follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

4    denies this Request.

5

6    **REQUEST NO. 37:**

7       Admit that CARRIE YU is an employee of 35.CN.

8    **RESPONSE TO REQUEST NO. 37:**

9       

10      **THIS RESPONSE IS CONFIDENTIAL.**

11

12   **REQUEST NO. 38:**

13      Admit that CARRIE YU is a director of 35.CN.

14   **RESPONSE TO REQUEST NO. 38:**

15      Defendant objects to this Request as non-proportional as Plaintiffs already took the

16   deposition of Carrie Yu as a representative, July 13–14, 2021 (see pages 74:13–77:19).

17   Defendant objects to this Request as vague and ambiguous as to the term "director,"

18   including as that term relates to and is used by a Chinese, rather than U.S., company.

19      Subject to and without waiving the foregoing objections, Defendant responds as

20   follows: Deny.

21

22   **REQUEST NO. 39:**

23      Admit that as a director of 35.CN, CARRIE YU runs 35.CN's software outsourcing

24   center.

25   **RESPONSE TO REQUEST NO. 39:**

26      Defendant objects to this Request as non-proportional as Plaintiffs already took the

27   deposition of Carrie Yu as a representative, July 13–14, 2021 (see pages 74:13–77:19).

28   Defendant objects to this Request as vague and ambiguous as to the term "director,"

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    including as that term relates to and is used by a Chinese, rather than U.S., company, and

2    as to the phrase "runs 35.CN's software outsourcing center."

3         Subject to and without waiving the foregoing objections, Defendant responds as

4    follows: Deny.

5

6    **REQUEST NO. 40:**

7         Admit that as a director of 35.CN, CARRIE YU oversees the management of

8    ONLINENIC.

9    **RESPONSE TO REQUEST NO. 40:**

10         Defendant objects to this Request as non-proportional as Plaintiffs already took the

11    deposition of Carrie Yu as a representative, July 13–14, 2021 (see pages 74:13–77:19).

12    Defendant objects to this Request as vague and ambiguous as to the term "director,"

13    including as that term relates to and is used by a Chinese, rather than U.S., company, and

14    as to the phrase "oversees the management of ONLINENIC."

15         Subject to and without waiving the foregoing objections, Defendant responds as

16    follows: Deny.

17

18    **REQUEST NO. 41:**

19         Admit that CARRIE YU was designated 35.CN's primary ICANN contact by GONG

20    in 2012.

21    **RESPONSE TO REQUEST NO. 41:**

22         Defendant objects to this Request as non-proportional as Plaintiffs already took the

23    deposition of Carrie Yu as a representative, July 13–14, 2021. Defendant objects to this

24    Request as vague and ambiguous, including as to the phrase "was designated 35.CN's

25    primary ICANN contact."

26         Subject to and without waiving the foregoing objections, Defendant responds as

27    follows: Deny.

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 42:**

Admit that CARRIE YU represented to ICANN that she was a director of 35.CN when she signed the RAA on behalf of 35.CN in 2014.

**RESPONSE TO REQUEST NO. 42:**

Defendant objects to this Request as non-proportional as Plaintiffs already took the deposition of Carrie Yu as a representative, July 13–14, 2021 (see pages 74:13–77:19). Defendant objects to this Request as vague and ambiguous as to the term "director," including as that term relates to and is used by a Chinese, rather than U.S., company, and as to the phrases "represented to ICANN" and "when she signed the RAA on behalf of 35.CN in 2014." Defendant objects to this Request to the extent it refers to a written document that speaks for itself.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Admit that Carrie Yu was a director of the software outsourcing center when signing the referenced document; Defendant denies the rest of the Request.

**REQUEST NO. 43:**

Admit that CARRIE YU was not a director of 35.CN when she signed the RAA on behalf of 35.CN in 2014.

**RESPONSE TO REQUEST NO. 43:**

Defendant objects to this Request as non-proportional as Plaintiffs already took the deposition of Carrie Yu as a representative, July 13–14, 2021 (see pages 74:13–77:19). Defendant objects to this Request as vague and ambiguous as to the term "director," including as that term relates to and is used by a Chinese, rather than U.S., company, and as to the phrases "represented to ICANN" and "when she signed the RAA on behalf of 35.CN in 2014." Defendant objects to this Request to the extent it refers to a written document that speaks for itself. Defendant interprets the phrase "director" to include a "director" of the software outsourcing center.

Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: ███████

2      **THIS RESPONSE IS CONFIDENTIAL.**

3

4  **REQUEST NO. 44:**

5      Admit that CARRIE YU is paid by 35.CN.

6  **RESPONSE TO REQUEST NO. 44:**

7      Subject to and without waiving the foregoing objections, Defendant responds as

8  follows: ███████

9      **THIS RESPONSE IS CONFIDENTIAL.**

10

11  **REQUEST NO. 45:**

12      Admit that CARRIE YU is paid by 35.CN to oversee the management of

13  ONLINENIC.

14  **RESPONSE TO REQUEST NO. 45:**

15      Subject to and without waiving the foregoing objections, Defendant responds as

16  follows: Deny.

17

18  **REQUEST NO. 46:**

19      Admit that CARRIE YU is an officer of ONLINENIC.

20  **RESPONSE TO REQUEST NO. 46:**

21      Defendant objects to this Request as non-proportional as Plaintiffs already took the

22  deposition of Carrie Yu as a representative, July 13–14, 2021. Defendant objects to this

23  Request as vague and ambiguous, including as to the term "officer," including as that term

24  relates to and is used by a Chinese, rather than U.S., company.

25      Subject to and without waiving the foregoing objections, Defendant responds as

26  follows:  Defendant admits that Carrie Yu is listed as an "officer" in certain documents;

27  Defendant denies the rest of the Request.

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**REQUEST NO. 47:**

Admit that CARRIE YU owns DOMAIN ID SHIELD for the benefit of ONLINENIC.

**RESPONSE TO REQUEST NO. 47:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.


**REQUEST NO. 48:**

Admit that as a director of 35.CN, CARRIE YU's office space is in the same office building as 35.CN.

**RESPONSE TO REQUEST NO. 48:**

Defendant objects to this Request as vague and ambiguous as to the terms "office space" and "office building" and interprets this to mean the same physical office.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.


**REQUEST NO. 49:**

Admit that as an officer of ONLINENIC, CARRIE YU's office space is in the same office building as 35.CN.

**RESPONSE TO REQUEST NO. 49:**

Defendant objects to this Request as vague and ambiguous as to the terms "office space" and "office building" and interprets this to mean the same physical office. Defendant objects to this Request as compound.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.


**REQUEST NO. 50:**

Admit that the office space CARRIE YU uses as a director of 35.CN is the same as the office space for her work as an officer of ONLINENIC.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 50:**

Defendant objects to this Request as vague and ambiguous as to the term "office space" and interprets this to mean the same physical office. Defendant objects to this Request as compound and premised on a disputed fact.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 51:**

Admit that the office space CARRIE YU uses to run 35.CN's software outsourcing center is the same as the office space for her work as an officer of ONLINENIC.

**RESPONSE TO REQUEST NO. 51:**

Defendant objects to this Request as vague and ambiguous as to the term "office space" and interprets this to mean the same physical office. Defendant objects to this Request as compound and premised on a disputed fact.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 52:**

Admit that 35.CN controls the operations of ONLINENIC.

**RESPONSE TO REQUEST NO. 52:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 53:**

Admit that 35.CN controlled the operations of ONLINENIC.

**RESPONSE TO REQUEST NO. 53:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 54:**

2      Admit that 35.CN controls the operations of DOMAIN ID SHIELD.

3  **RESPONSE TO REQUEST NO. 54:**

4      Subject to and without waiving the foregoing objections, Defendant responds as

5  follows: Deny.

6

7  **REQUEST NO. 55:**

8      Admit that 35.CN controlled the operations of DOMAIN ID SHIELD.

9  **RESPONSE TO REQUEST NO. 55:**

10      Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Deny.

12

13  **REQUEST NO. 56:**

14      Admit that 35.CN controls the policy decisions made by ONLINENIC.

15  **RESPONSE TO REQUEST NO. 56:**

16      Subject to and without waiving the foregoing objections, Defendant responds as

17  follows: Deny.

18

19  **REQUEST NO. 57:**

20      Admit that 35.CN controlled the policy decisions made by ONLINENIC.

21  **RESPONSE TO REQUEST NO. 57:**

22      Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Deny.

24

25  **REQUEST NO. 58:**

26      Admit that 35.CN controls the policy decisions made by DOMAIN ID SHIELD.

27  **RESPONSE TO REQUEST NO. 58:**

28      Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Deny.

2

3  **REQUEST NO. 59:**

4      Admit that 35.CN controlled the policy decisions made by DOMAIN ID SHIELD.

5  **RESPONSE TO REQUEST NO. 59:**

6      Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: Deny.

8

9  **REQUEST NO. 60:**

10      Admit that ONLINENIC is a subsidiary of 35.CN.

11  **RESPONSE TO REQUEST NO. 60:**

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Deny.

14

15  **REQUEST NO. 61:**

16      Admit that ONLINENIC was a subsidiary of 35.CN.

17  **RESPONSE TO REQUEST NO. 61:**

18      Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Deny.

20

21  **REQUEST NO. 62:**

22      Admit that DOMAIN ID SHIELD is a subsidiary of 35.CN.

23  **RESPONSE TO REQUEST NO. 62:**

24      Subject to and without waiving the foregoing objections, Defendant responds as

25  follows: Deny.

26

27  **REQUEST NO. 63:**

28      Admit that DOMAIN ID SHIELD was a subsidiary of 35.CN.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**RESPONSE TO REQUEST NO. 63:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 64:**

Admit that ONLINENIC was incorporated or otherwise formed by 35.CN.

**RESPONSE TO REQUEST NO. 64:**

Defendant objects to this Request as compound.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 65:**

Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by 35.CN.

**RESPONSE TO REQUEST NO. 65:**

Defendant objects to this Request as compound.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 66:**

Admit that ONLINENIC was incorporated or otherwise formed by officers and/or directors of 35.CN.

**RESPONSE TO REQUEST NO. 66:**

Defendant objects to this Request as compound.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 67:**

Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by officers

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  and/or directors of 35.CN.

2  **RESPONSE TO REQUEST NO. 67:**

3          Defendant objects to this Request as compound.

4          Subject to and without waiving the foregoing objections, Defendant responds as

5  follows: Deny.

6

7  **REQUEST NO. 68:**

8          Admit that ONLINENIC was incorporated or otherwise formed by shareholders of

9  35.CN.

10  **RESPONSE TO REQUEST NO. 68:**

11          Defendant objects to this Request as compound.

12          Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Deny.

14

15  **REQUEST NO. 69:**

16          Admit that DOMAIN ID SHIELD was incorporated or otherwise formed by

17  shareholders of 35.CN.

18  **RESPONSE TO REQUEST NO. 69:**

19          Defendant objects to this Request as compound.

20          Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Deny.

22

23  **REQUEST NO. 70:**

24          Admit that 35.CN pays the wages of employees of ONLINENIC.

25  **RESPONSE TO REQUEST NO. 70:**

26          Defendant objects that this Request is premised on a misunderstanding and calls

27  for information from OnlineNIC.

28          Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

2  agreement; Defendant denies the rest of the Request.

3

4  **REQUEST NO. 71:**

5      Admit that 35.CN paid the wages of employees of ONLINENIC.

6  **RESPONSE TO REQUEST NO. 71:**

7      Defendant objects that this Request is premised on a misunderstanding and calls

8  for information from OnlineNIC.

9      Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

11  agreement; Defendant denies the rest of the Request.

12

13  **REQUEST NO. 72:**

14      Admit that 35.CN pays the costs of maintaining ONLINENIC as a corporate entity,

15  including annual filing fees and attorney or accountant services.

16  **RESPONSE TO REQUEST NO. 72:**

17      Defendant objects that this Request is premised on a misunderstanding and calls

18  for information from OnlineNIC.

19      Subject to and without waiving the foregoing objections, Defendant responds as

20  follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

21  agreement; Defendant denies the rest of the Request.

22

23  **REQUEST NO. 73:**

24      Admit that 35.CN paid the costs of maintaining ONLINENIC as a corporate entity,

25  including annual filing fees and attorney or accountant services.

26  **RESPONSE TO REQUEST NO. 73:**

27      Defendant objects that this Request is premised on a misunderstanding and calls

28  for information from OnlineNIC.

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2    follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

3    agreement; Defendant denies the rest of the Request.

4

5    **REQUEST NO. 74:**

6    Admit that 35.CN pays the costs of maintaining DOMAIN ID SHIELD as a corporate

7    entity, including annual filing fees and attorney or accountant services.

8    **RESPONSE TO REQUEST NO. 74:**

9    Defendant objects that this Request is premised on a misunderstanding and calls

10    for information from ID Shield.

11    Subject to and without waiving the foregoing objections, Defendant responds as

12    follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

13    agreement; Defendant denies the rest of the Request.

14

15    **REQUEST NO. 75:**

16    Admit that 35.CN paid the costs of maintaining DOMAIN ID SHIELD as a corporate

17    entity, including annual filing fees and attorney or accountant services.

18    **RESPONSE TO REQUEST NO. 75:**

19    Defendant objects that this Request is premised on a misunderstanding and calls

20    for information from ID Shield.

21    Subject to and without waiving the foregoing objections, Defendant responds as

22    follows: Defendant admits that 35.CN and OnlineNIC performed under a staffing

23    agreement; Defendant denies the rest of the Request.

24

25    **REQUEST NO. 76:**

26    Admit that 35.CN made payments to ONLINENIC between July 2014 and April 2019

27    totaling over $500,000.

28    //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 76:**

2        Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Deny.

4

5  **REQUEST NO. 77:**

6        Admit that ONLINENIC made a loan repayment in 2018 to GONG for a loan that

7  GONG did not make to ONLINENIC.

8  **RESPONSE TO REQUEST NO. 77:**

9        Defendant objects that this Request calls for information from OnlineNIC and as

10 OnlineNIC has already responded to Plaintiffs' discovery relating to Gong. Defendant

11 objects to this Request as confusing.

12       Subject to and without waiving the foregoing objections, Defendant responds as

13 follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

14 denies this Request.

15

16 **REQUEST NO. 78:**

17       Admit that ONLINENIC did not file a document informing ICANN that GONG no

18 longer owned ONLINENIC.

19 **RESPONSE TO REQUEST NO. 78:**

20       Defendant objects that this Request calls for information from OnlineNIC and as

21 OnlineNIC has already responded to Plaintiffs' discovery relating to Gong. Defendant

22 objects to this Request as confusing.

23       Subject to and without waiving the foregoing objections, Defendant responds as

24 follows: Defendant lacks information to admit or deny this Request; therefore, Defendant

25 denies this Request.

26

27 **REQUEST NO. 79:**

28       Admit that 35.CN entered into contracts with ONLINENIC, a California corporation.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   **RESPONSE TO REQUEST NO. 79:**

2       Defendant objects to this Request as vague and ambiguous, including as to the

3   term "contracts," and interprets that term to mean the staffing agreement.

4       Subject to and without waiving the foregoing objections, Defendant responds as

5   follows: Admit.

6

7   **REQUEST NO. 80:**

8       Admit that 35.CN entered into contracts with ICANN.

9   **RESPONSE TO REQUEST NO. 80:**

10      Defendant objects to this Request as seeking information that is not relevant to the

11  claim or defense of any party, including as there is no time limitation.

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Admit.

14

15  **REQUEST NO. 81:**

16      Admit that 35.CN entered into contracts with Iron Mountain Intellectual Property

17  Management, a California corporation.

18  **RESPONSE TO REQUEST NO. 81:**

19      Defendant objects to this Request as seeking information that is not relevant to the

20  claim or defense of any party, including as there is no time limitation and as any such

21  contract would not be related to personal jurisdiction.

22      Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Limiting the request to the relevant time period, Deny.

24

25  **REQUEST NO. 82:**

26      Admit that 35.CN and ONLINENIC do not engage in arms-length transactions when

27  they conduct transactions with each other.

28  //

1    **RESPONSE TO REQUEST NO. 82:**

2        Subject to and without waiving the foregoing objections, Defendant responds as

3    follows: Deny.

4

5    **REQUEST NO. 83:**

6        Admit that 35.CN and DOMAIN ID SHIELD do not engage in arms-length

7    transactions when they conduct transactions with each other.

8    **RESPONSE TO REQUEST NO. 83:**

9        Subject to and without waiving the foregoing objections, Defendant responds as

10   follows: Deny.

11

12   **REQUEST NO. 84:**

13       Admit that 35.CN is paying for ONLINENIC's defense in this action.

14   **RESPONSE TO REQUEST NO. 84:**

15       Subject to and without waiving the foregoing objections, Defendant responds as

16   follows: Deny.

17

18   **REQUEST NO. 85:**

19       Admit that 35.CN is paying for DOMAIN ID SHIELD's defense in this action.

20   **RESPONSE TO REQUEST NO. 85:**

21       Subject to and without waiving the foregoing objections, Defendant responds as

22   follows: Deny.

23

24   **REQUEST NO. 86:**

25       Admit that employees and a director of 35.CN directly participate in the registrar

26   services offered by ONLINENIC, including the registration of domain names on behalf of

27   third parties.

28   //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 86:**

2      Subject to and without waiving the foregoing objections, Defendant responds as

3  follows: Deny.

4

5  **REQUEST NO. 87:**

6      Admit that employees and a director of 35.CN actively participate in the registrar

7  services offered by ONLINENIC, including the registration of domain names on behalf of

8  third parties.

9  **RESPONSE TO REQUEST NO. 87:**

10      Subject to and without waiving the foregoing objections, Defendant responds as

11  follows: Deny.

12

13  **REQUEST NO. 88:**

14      Admit that employees and a director of 35.CN authorize the registrar services

15  offered by ONLINENIC, including the registration of domain names on behalf of third

16  parties.

17  **RESPONSE TO REQUEST NO. 88:**

18      Subject to and without waiving the foregoing objections, Defendant responds as

19  follows: Deny.

20

21  **REQUEST NO. 89:**

22      Admit that employees and a director of 35.CN direct the registrar services offered

23  by ONLINENIC, including the registration of domain names on behalf of third parties.

24  **RESPONSE TO REQUEST NO. 89:**

25      Subject to and without waiving the foregoing objections, Defendant responds as

26  follows: Deny.

27

28  //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 90:**

2    Admit that 35.CN directly participates in the registrar services offered by

3    ONLINENIC, including the registration of domain names on behalf of third parties.

4    **RESPONSE TO REQUEST NO. 90:**

5    Defendant objects to this Request as compound.

6    Subject to and without waiving the foregoing objections, Defendant responds as

7    follows: Deny.

8

9    **REQUEST NO. 91:**

10   Admit that 35.CN actively participates in the registrar services offered by

11   ONLINENIC, including the registration of domain names on behalf of third parties.

12   **RESPONSE TO REQUEST NO. 91:**

13   Defendant objects to this Request as compound.

14   Subject to and without waiving the foregoing objections, Defendant responds as

15   follows: Deny.

16

17   **REQUEST NO. 92:**

18   Admit that 35.CN authorizes the registrar services offered by ONLINENIC, including

19   the registration of domain names on behalf of third parties.

20   **RESPONSE TO REQUEST NO. 92:**

21   Defendant objects to this Request as compound.

22   Subject to and without waiving the foregoing objections, Defendant responds as

23   follows: Deny.

24

25   **REQUEST NO. 93:**

26   Admit that 35.CN directs the registrar services offered by ONLINENIC, including the

27   registration of domain names on behalf of third parties.

28   //

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  **RESPONSE TO REQUEST NO. 93:**

2      Defendant objects to this Request as compound.

3      Subject to and without waiving the foregoing objections, Defendant responds as

4  follows: Deny.

5

6  **REQUEST NO. 94:**

7      Admit that employees and a director of 35.CN directly participate in the

8  privacy/proxy services offered by DOMAIN ID SHIELD, including the registration of domain

9  names on behalf of third parties.

10  **RESPONSE TO REQUEST NO. 94:**

11      Defendant objects to this Request as compound.

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: Deny.

14

15  **REQUEST NO. 95:**

16      Admit that employees and a director of 35.CN actively participate in the

17  privacy/proxy services offered by DOMAIN ID SHIELD, including the registration of domain

18  names on behalf of third parties.

19  **RESPONSE TO REQUEST NO. 95:**

20      Defendant objects to this Request as compound.

21      Subject to and without waiving the foregoing objections, Defendant responds as

22  follows: Deny.

23

24  **REQUEST NO. 96:**

25      Admit that employees and a director of 35.CN authorize the privacy/proxy services offered

26  by DOMAIN ID SHIELD, including the REGISTRATION of domain names on behalf of third parties.

27  **RESPONSE TO REQUEST NO. 96:**

28      Defendant objects to this Request as compound.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2    follows: Deny.

3

4    **REQUEST NO. 97:**

5    Admit that employees and a director of 35.CN direct the privacy/proxy services

6    offered by DOMAIN ID SHIELD, including the REGISTRATION of domain names on behalf

7    of third parties.

8    **RESPONSE TO REQUEST NO. 97:**

9    Defendant objects to this Request as compound.

10    Subject to and without waiving the foregoing objections, Defendant responds as

11    follows: Deny.

12

13    **REQUEST NO. 98:**

14    Admit that 35.CN directly participates in the privacy/proxy services offered by

15    DOMAIN ID SHIELD, including the registration of domain names on behalf of third parties.

16    **RESPONSE TO REQUEST NO. 98:**

17    Defendant objects to this Request as compound.

18    Subject to and without waiving the foregoing objections, Defendant responds as

19    follows: Deny.

20

21    **REQUEST NO. 99:**

22    Admit that 35.CN actively participates in the privacy/proxy services offered by

23    DOMAIN ID SHIELD, including the registration of domain names on behalf of third parties.

24    **RESPONSE TO REQUEST NO. 99:**

25    Defendant objects to this Request as compound.

26    Subject to and without waiving the foregoing objections, Defendant responds as

27    follows: Deny.

28

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  **REQUEST NO. 100:**

2      Admit that 35.CN authorizes the privacy/proxy services offered by DOMAIN ID

3  SHIELD, including the REGISTRATION of domain names on behalf of third parties.

4  **RESPONSE TO REQUEST NO. 100:**

5      Defendant objects to this Request as compound.

6      Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: Deny.

8

9  **REQUEST NO. 101:**

10     Admit that 35.CN directs the privacy/proxy services offered by DOMAIN ID SHIELD,

11  including the REGISTRATION of domain names on behalf of third parties.

12  **RESPONSE TO REQUEST NO. 101:**

13     Defendant objects to this Request as compound.

14     Subject to and without waiving the foregoing objections, Defendant responds as

15  follows: Deny.

16

17  **REQUEST NO. 102:**

18     Admit that all of the work of ONLINENIC is performed by individuals who work out

19  of 35.CN's offices.

20  **RESPONSE TO REQUEST NO. 102:**

21     Subject to and without waiving the foregoing objections, Defendant responds as

22  follows: Deny.

23

24  **REQUEST NO. 103:**

25     Admit that all of the work of ONLINENIC was performed by individuals who worked

26  out of 35.CN's offices.

27  **RESPONSE TO REQUEST NO. 103:**

28     Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: Deny.

2

3  **REQUEST NO. 104:**

4      Admit that all of the work of DOMAIN ID SHIELD is performed by employees and

5  independent contractors of 35.CN.

6  **RESPONSE TO REQUEST NO. 104:**

7      Defendant objects to this Request as compound.

8      Subject to and without waiving the foregoing objections, Defendant responds as

9  follows: Deny.

10

11  **REQUEST NO. 105:**

12      Admit that all of the work of DOMAIN ID SHIELD was performed by employees and

13  independent contractors of 35.CN.

14  **RESPONSE TO REQUEST NO. 105:**

15      Defendant objects to this Request as compound.

16      Subject to and without waiving the foregoing objections, Defendant responds as

17  follows: Deny.

18

19  **REQUEST NO. 106:**

20      Admit that all of the work of DOMAIN ID SHIELD is performed by individuals who

21  work out of 35.CN's offices.

22  **RESPONSE TO REQUEST NO. 106:**

23      Subject to and without waiving the foregoing objections, Defendant responds as

24  follows: Deny.

25

26  **REQUEST NO. 107:**

27      Admit that all of the work of DOMAIN ID SHIELD was performed by individuals who

28  worked out of 35.CN's offices.

36   **DEF'S THIRD AMENDED RESPS TO PLAINTIFFS' FIRST SET OF RFAS**

**RESPONSE TO REQUEST NO. 107:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 108:**

Admit that employees of 35.CN were involved in the destruction of evidence as detailed in the Special Discovery Master's Data Destroyed or Withheld Report.

**RESPONSE TO REQUEST NO. 108:**

Defendant objects to this Request as argumentative and premised on disputed facts, including that there was "destruction of evidence."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 109:**

Admit that employees of 35.CN participated in the destruction of evidence as detailed in the Special Discovery Master's Data Destroyed or Withheld Report.

**RESPONSE TO REQUEST NO. 109:**

Defendant objects to this Request as argumentative and premised on disputed facts, including that there was "destruction of evidence."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Deny.

**REQUEST NO. 110:**

Admit that 35.CN was involved in the destruction of evidence as detailed in the Special Discovery Master's Data Destroyed or Withheld Report.

**RESPONSE TO REQUEST NO. 110:**

Defendant objects to this Request as argumentative and premised on disputed facts, including that there was "destruction of evidence."

**KRONENBERGER ROSENFELD**

150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2   follows: Deny.

3

4   **REQUEST NO. 111:**

5    Admit that 35.CN participated in the destruction of evidence as detailed in the

6   Special Discovery Master's Data Destroyed or Withheld Report.

7   **RESPONSE TO REQUEST NO. 111:**

8    Defendant objects to this Request as argumentative and premised on disputed

9   facts, including that there was "destruction of evidence."

10    Subject to and without waiving the foregoing objections, Defendant responds as

11   follows: Deny.

12

13   **REQUEST NO. 112:**

14    Admit that 35.CN does business under the name "China Channel."

15   **RESPONSE TO REQUEST NO. 112:**

16    Defendant objects to this Request as vague and ambiguous, including as to "done

17   business under the name."

18    Subject to and without waiving the foregoing objections, Defendant responds as

19   follows: ▋▋▋▋

20    **THIS RESPONSE IS CONFIDENTIAL.**

21

22   **REQUEST NO. 113:**

23    Admit that 35.CN has done business under the name "China Channel."

24   **RESPONSE TO REQUEST NO. 113:**

25    Defendant objects to this Request as vague and ambiguous, including as to "done

26   business under the name."

27    Subject to and without waiving the foregoing objections, Defendant responds as

28   follows: ▋▋▋▋▋▋▋▋▋▋

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 114:**

Admit that Shaohui Gong is also known as Shao Hong Gong.

**RESPONSE TO REQUEST NO. 114:**

Defendant objects that this Request calls for information from a third party.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant lacks information to admit or deny this Request; therefore, Defendant denies this Request.

**REQUEST NO. 115:**

Admit that Shaohui Gong is also known as Kevin Gong.

**RESPONSE TO REQUEST NO. 115:**

Defendant objects that this Request calls for information from a third party.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ▮▮▮▮

**THIS RESPONSE IS CONFIDENTIAL.**

**REQUEST NO. 116:**

Admit that Carrie Yu is also known as Hongxia Yu.

**RESPONSE TO REQUEST NO. 116:**

Defendant objects that this Request calls for information from a third party and as OnlineNIC has already responded to similar discovery.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ▮▮▮▮

**THIS RESPONSE IS CONFIDENTIAL.**

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    **REQUEST NO. 117:**

2        Admit that Carrie Yu is also known as Yu Hongxia.

3    **RESPONSE TO REQUEST NO. 117:**

4        Defendant objects that this Request calls for information from a third party and as

5    OnlineNIC has already responded to similar discovery.

6        Subject to and without waiving the foregoing objections, Defendant responds as

7    follows: ██████

8        **THIS RESPONSE IS CONFIDENTIAL.**

9

10   **REQUEST NO. 118:**

11       Admit that Carrie Yu is also known as Carrie Arden.

12   **RESPONSE TO REQUEST NO. 118:**

13       Defendant objects that this Request calls for information from a third party and as

14   OnlineNIC has already responded to similar discovery.

15       Subject to and without waiving the foregoing objections, Defendant responds as

16   follows: ██████

17       **THIS RESPONSE IS CONFIDENTIAL.**

18

19   Respectfully Submitted,

20   Dated: September 8, 2022            **KRONENBERGER ROSENFELD, LLP**

21

22                                      By: _____s/ Karl S. Kronenberger_____
                                             Karl S. Kronenberger
23
                                        Attorneys for Defendant Xiamen 35.com
24                                      Technology Co., Ltd.

25

26

27

28

**DEF'S THIRD AMENDED RESPS TO
PLAINTIFFS' FIRST SET OF RFAS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Exhibit 3

[REDACTED DOCUMENT REQUESTED TO BE SEALED]

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **META PLATFORMS INC.**, et al., | Case No. 3:19-cv-07071-SI |
| Plaintiffs, | |
| v. | **DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S FOURTH AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES; AND APPENDIX A** |
| **ONLINENICINC.**, et al., | |
| Defendants. | **CONTAINS CONFIDENTIAL MATERIAL DESIGNATED UNDER THE PROTECTIVE ORDER** |

**DEF'S FOURTH AMENDED RESPS TO
PLAINTIFFS' FIRST SET OF ROGS**

1  PROPOUNDING PARTY:        PLAINTIFFS META PLATFORMS, INC. F/K/A

2                            FACEBOOK, INC. AND INSTAGRAM, LLC

3  RESPONDING PARTY:         DEFENDANT XIAMEN 35.COM TECHNOLOGY CO.,

4                            LTD.

5  SET:                      ONE

6                            **PRELIMINARY STATEMENT**

7        Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") is

8  presently pursuing its investigation and analysis of the facts and law relating to this case

9  and has not completed its discovery or preparation for trial. Therefore, the responses set

10 forth herein are given without prejudice to Defendant's right to produce evidence of any

11 subsequently discovered facts, writings, or interpretations thereof, or to modify, change,

12 or otherwise amend these responses. The information hereinafter set forth is true and

13 correct to the best knowledge of Defendant as of this date and is subject to correction for

14 errors or omissions. These responses are based upon records and information presently

15 available to Defendant. Defendant undertakes no affirmative duty to supplement these

16 responses based upon further discovery and investigation other than as mandated by the

17 Federal Rules of Civil Procedure. References in a response to a preceding or subsequent

18 response incorporate the information and objections state in the referenced response.

19       Defendant is making a diligent inquiry and reasonable search for these responses.

20       Defendant reserves the right to introduce at trial or in support of or in opposition to

21 any motion in this case any and all documents, information, and admissions heretofore or

22 hereafter produced by the parties in this action or by any third person. To the extent that

23 Defendant identifies certain writings or delineates facts contained within any writing or

24 otherwise, it does so without prejudice to establish at a later date any additional facts that

25 may be contained within or discovered as a result of any additional investigation and

26 discovery.

27       Inadvertent identification of privileged information or writings by Defendant does not

28 constitute a waiver of any applicable privilege. The information hereafter set forth does not

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    waive any objection, including relevance, to the admission of such information in evidence.

2        This preliminary statement is incorporated into each and every response set forth

3    herein.

4        Subject to the foregoing conditions, Defendant objects and responds to Plaintiffs'

5    First Set of Interrogatories (the "Interrogatories") as follows:

6                        **GENERAL OBJECTIONS**

7        1.    Defendant objects to the Interrogatories because Chinese law requires

8    application of the Convention on the Taking of Evidence Abroad in Civil or Commercial

9    Matters ("Hague Convention"), including to have translated discovery documents, and

10   authorization from the Chinese government, including pursuant to Chinese data security

11   and privacy laws; nothing herein shall be deemed as a waiver of Defendant's rights, claims,

12   or contentions, including as related to these issues. Defendant refers to the meet-and-

13   confer letter sent to Plaintiffs' counsel on March 30, 2022 and Chinese counsel letter dated

14   June 16, 2022 and follow up communications. At this time, Defendant is not withholding

15   information based on this objection unless specifically provided below in individual

16   responses. Defendant is continuing to review documents and conduct investigations and

17   reserves its rights to withhold information in the future based on this objection.

18       2.    Defendant objects to the Interrogatories to the extent that they purport to

19   require Defendant to provide information that is not reasonably available to Defendant

20   through a reasonable and good faith inquiry into its records and the knowledge of its

21   employees.

22       3.    Defendant objects to the Interrogatories to the extent any of them seek

23   information that is protected by the attorney-client privilege, the attorney work product

24   doctrine, the deliberative process privilege, the joint defense privilege, the privilege for

25   negotiations leading to settlement, or any other applicable privilege. Information protected

26   by any such privilege will not be produced. All such information will be withheld. Any

27   inadvertent production of such information shall not be deemed to waive any privilege or

28   protection with respect to such information.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

4.     Defendant objects to the Interrogatories to the extent that they seek information in the possession, custody, or control of individuals or entities other than Defendant on the grounds that each such Interrogatory is unduly burdensome and oppressive, and such information is equally available to Plaintiffs.

5.     Defendant objects to these Interrogatories as largely compound.

6.     Each of the foregoing General Objections is a continuing objection, which Defendant incorporates by reference into each specific response to each of the Interrogatories below as if fully set forth herein.

**AMENDED AND SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe in detail 35.CN's corporate structure, including but not limited to parent entities, subsidiaries, affiliates and affiliated registrars.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory as vague and ambiguous, including as to "corporate structure," as discussed with Plaintiffs on July 29, 2022, and interprets the phrase to mean company type, parent entities and companies knowingly holding shares of Defendant, and subsidiaries wholly owned by Defendant.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant is a public limited (Ltd.) company in China. 35.CN does not have any corporate affiliates or affiliated registrars. Additional responsive information is outlined in Appendix A, despite that this Request only seeks Defendant's current corporate structure.

**INTERROGATORY NO. 2:**

Describe the business, corporate, working or other relationship between 35.CN and ONLINENIC, including the services which 35.CN performs for or on behalf of ONLINENIC, and any monetary payment which 35.CN receives for those services.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory as compound.

**DEF'S FOURTH AMENDED RESPS TO PLAINTIFFS' FIRST SET OF ROGS**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    Subject to and without waiving the foregoing objections, Defendant responds as

2 follows: ████████████████████████████████████████████████

3 ████████████████████████████████

4    ████████████████████████████████████████████

5 ████████████████████████████████████████████████

6 ████████████████████████████████████████████████

7 ████████████████████████████████████████████████

8 ████████████████████████████████████████████████

9 ████████████████████████████████████████████████

10 ████████████████████████████████████████████████

11 ████████████████████████████████

12    **THIS RESPONSE IS CONFIDENTIAL.**

13

14    **INTERROGATORY NO. 3:**

15    Describe the business, corporate, working or other relationship between any entity

16 identified in response to INTERROGATORY NO. 1 and ONLINENIC, including the services

17 which that entity performs for or on behalf of ONLINENIC, and any monetary payment

18 which that entity receives for those services.

19    **RESPONSE TO INTERROGATORY NO. 3:**

20    Defendant objects to this Interrogatory as compound.

21    Subject to and without waiving the foregoing objections, Defendant responds as

22 follows: Other than as outlined in response to Interrogatory No. 2 above, none.

23

24    **INTERROGATORY NO. 4:**

25    IDENTIFY all officers and directors of 35.CN for each year since 2007, and their

26 business relationship, if any, with ONLINENIC and DOMAIN ID SHIELD.

27    **RESPONSE TO INTERROGATORY NO. 4:**

28    Defendant objects to this Interrogatory as compound and to the extent Chinese law

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  bars the provision of responsive information, including as to the time period before

2  Defendant went public and as Chinese law relates to private information of third-party

3  individuals. Defendant objects to this Interrogatory on grounds of relevance, including as

4  to timeframe.

5       Subject to and without waiving the foregoing objections, Defendant responds as

6  follows: Responsive information is or will be outlined in Appendix A.

7       Regarding relationships with other Defendants, Shaohui Gong (a former officer of

8  35.CN) was a prior owner of OnlineNIC (but has no present business relationship).

9

10 **INTERROGATORY NO. 5:**

11      IDENTIFY the 20 largest shareholders of 35.CN for each year since 2007, and their

12 business relationship, if any, with ONLINENIC and DOMAIN ID SHIELD.

13 **RESPONSE TO INTERROGATORY NO. 5:**

14      Defendant objects to this Interrogatory as compound and to the extent Chinese law

15 bars the provision of responsive information, including as to the time period before

16 Defendant went public. Defendant objects to this Interrogatory on grounds of relevance

17 and proportionality, including as to the timeframe, because the Interrogatory is not limited

18 to a reasonable shareholder percentage, as discussed with Plaintiffs on July 29, 2022.

19      Subject to and without waiving the foregoing objections, Defendant responds as

20 follows: Responsive information is or will be outlined in Appendix A.

21      Regarding relationships with other Defendants, Shaohui Gong (a former officer of

22 35.CN) was a prior owner of OnlineNIC (but has no present business relationship).

23

24 **INTERROGATORY NO. 6:**

25      IDENTIFY all employees of 35.CN for each year since 2009 that performed work for

26 ONLINENIC and describe the work each of these employees performed.

27 **RESPONSE TO INTERROGATORY NO. 6:**

28      Defendant objects to this Interrogatory as compound and to the extent Chinese law

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

bars the provision of responsive information, including as it relates to private information

of third-party individuals. Defendant is not withholding information based on this objection.

Subject to and without waiving the foregoing objections, Defendant responds as

follows: █████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**INTERROGATORY NO. 7:**

IDENTIFY all employees of 35.CN for each year since 2009 that performed work for

DOMAIN ID SHIELD and describe the work each of these employees performed.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this Interrogatory as compound.

Subject to and without waiving the foregoing objections, Defendant responds as

**DEF'S FOURTH AMENDED RESPS TO
PLAINTIFFS' FIRST SET OF ROGS**

follows: None known at this time.

**INTERROGATORY NO. 8:**

IDENTIFY all employees of 35.CN who were involved in, or participated in, the production of discovery or the destruction of evidence in this case as described by the Special Discovery Master's Data Destroyed or Withheld Report.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this Interrogatory as argumentative and premised on a disputed fact, including as to the characterization "destruction of evidence."

Subject to and without waiving the foregoing objections, Defendant responds as follows: ██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**INTERROGATORY NO. 9:**

Describe the business relationship between Sun Shaofeng and 35.CN.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory as vague and ambiguous, including as to "Sun Shaofeng" and "business relationship."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant is unaware of any such relationship.

**INTERROGATORY NO. 10:**

Describe the business or personal relationship between Sun Shaofeng and GONG.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this Interrogatory as vague and ambiguous, including as to "Sun Shaofeng" and "business or personal relationship." Defendant objects to this

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Interrogatory on grounds of relevance, proportionality, and privacy, and as calling for information from third parties.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant is unaware of any such relationship.

**INTERROGATORY NO. 11:**

Describe the business relationship between Rex Liu and 35.CN.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this Interrogatory as vague and ambiguous, including as to "business relationship."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant is unaware of any such relationship. Rex Liu did own OnlineNIC, and OnlineNIC entered a staffing contract with 35.CN; however, 35.CN never had a business relationship with Rex Liu.

**INTERROGATORY NO. 12:**

Describe the business or personal relationship between Rex Liu and GONG.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory as vague and ambiguous, including as to "business or personal relationship." Defendant objects to this Interrogatory on grounds of relevance, proportionality, and privacy, and as calling for information from third parties.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant is unaware of any business or personal relationship, other than the fact that Gong sold OnlineNIC to Rex Liu.

**INTERROGATORY NO. 13:**

Describe the reasons why the individuals identified as lenders of money to ONLINENIC in Exhibits 5.1 and 5.2 to the Responses Of OnlineNIC, Inc. and Domain ID

8

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  Shield To Plaintiff Facebook, Inc.'s Special Court Ordered Interrogatories, attached as

2  Exhibit 1 to these Interrogatories, loaned money to ONLINENIC, and their business or

3  personal relationship, if any, with 35.CN and/or GONG.

4  **RESPONSE TO INTERROGATORY NO. 13:**

5      Defendant objects to this Interrogatory as confusing, compound, vague, and

6  ambiguous, including as to "individuals identified as lenders of money" and "business or

7  personal relationship." Defendant objects to this Interrogatory on grounds of proportionality

8  as the discovery references information and documents provided by OnlineNIC.

9      Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: █████████████████████████████████████████████

11  ████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████

14  ████████████████████████████████

15      **THIS RESPONSE IS CONFIDENTIAL.**

16

17  **INTERROGATORY NO. 14:**

18      Describe the reasons why the individuals identified as payees for loans made to

19  ONLINENIC in Exhibit 6 to the Responses Of OnlineNIC, Inc. and Domain ID Shield To

20  Plaintiff Facebook, Inc.'s Special Court Ordered Interrogatories, attached as Exhibit 2 to

21  these Interrogatories, were repaid on loans made by others, and their business or personal

22  relationship, if any, with 35.CN and GONG.

23  **RESPONSE TO INTERROGATORY NO. 14:**

24      Defendant objects to this Interrogatory as confusing, compound, vague, and

25  ambiguous, including as to "individuals identified as lenders of money" and "business or

26  personal relationship." Defendant objects to this Interrogatory on grounds of proportionality

27  as the discovery references information and documents provided by OnlineNIC.

28      Subject to and without waiving the foregoing objections, Defendant responds as

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  follows: ████████████████████████████████████

2  ████████████████████████████████████████

3  ████████████████████████████████

4       **THIS RESPONSE IS CONFIDENTIAL.**

5

6  <u>**INTERROGATORY NO. 15:**</u>

7       Explain in detail all payments made by ONLINENIC to 35.CN since 2007, including

8  the date, amount and reason for the payment.

9  <u>**RESPONSE TO INTERROGATORY NO. 15:**</u>

10      Defendant objects to this Interrogatory as compound and on grounds of

11  proportionality, including as to timeframe.

12      Subject to and without waiving the foregoing objections, Defendant responds as

13  follows: ████████████████████████████████

14       **THIS RESPONSE IS CONFIDENTIAL.**

15

16  <u>**INTERROGATORY NO. 16:**</u>

17      Explain in detail all payments made by 35.CN to or on behalf of ONLINENIC since

18  2007, including the date, amount and reason for the payment.

19  <u>**RESPONSE TO INTERROGATORY NO. 16:**</u>

20      Defendant objects to this Interrogatory on grounds of proportionality, including as to

21  timeframe.

22      Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: ████████████████████████████████

24       **THIS RESPONSE IS CONFIDENTIAL.**

25

26  <u>**INTERROGATORY NO. 17:**</u>

27      Explain in detail all payments made by DOMAIN ID SHIELD to 35.CN since 2007,

28  including the date, amount and reason for the payment.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

**RESPONSE TO INTERROGATORY NO. 17:**

2    Subject to and without waiving the foregoing objections, Defendant responds as

3 follows: ███████████████████████

4    **THIS RESPONSE IS CONFIDENTIAL.**

5

6    **INTERROGATORY NO. 18:**

7    Explain in detail all payments made by 35.CN to or on behalf of DOMAIN ID SHIELD

8 since 2007, including the date, amount and reason for the payment.

9    **RESPONSE TO INTERROGATORY NO. 18:**

10    Subject to and without waiving the foregoing objections, Defendant responds as

11 follows: ███████████████████████

12    **THIS RESPONSE IS CONFIDENTIAL.**

13

14 Respectfully Submitted,

15 Dated: September 13, 2022        **KRONENBERGER ROSENFELD, LLP**

16                  By: _____s/ Karl S. Kronenberger_____

17                        Karl S. Kronenberger

18                  Attorneys for Defendant Xiamen 35.com
                    Technology Co., Ltd.

19

20

21

22

23

24

25

26

27

28

**Appendix A to 35.CN's Further Amended and Supplemental Written Discovery Responses**

Information in Response to Interrogatories[1]

| Year<br><br>Prod# | Corporate structure, including "parent entities, subsidiaries, affiliates and affiliated registrars" (ROG 1)[2] | Largest Shareholders (ROG 5) | Officers (ROG 4) | Directors (ROG 4) | Financial and Corporate Records Provided? |
|---|---|---|---|---|---|
| 2007<br><br>1st Prod | Company was set up with the relevant provisions of the "Company Law," "Securities Law," and improved with e.g., the "Articles of Association," operating in compliance with current laws and regulations and its formed structure. | Under review | Shaohui Gong<br>Gong Shaofeng<br>Xue Hongbin<br>Peng Yong<br>Wang Lu<br>Li Yunfei<br>Ren Pengyong<br>Lu Hong | Shaohui Gong<br>Gong Shaofeng<br>Xue Hongbin<br>Wang Guangming<br>Chen Shaohua<br>Zeng Huaqun<br>Han Hualin | Public offering records provided; otherwise under review and will be provided subject to relevance, proportionality, and burden objections. |
| 2008<br><br>1st Prod | Same as above | Under review | Shaohui Gong<br>Gong Shaofeng<br>Xue Hongbin<br>Peng Yong<br>Wang Lu<br>Li Yunfei<br>Ren Pengyong<br>Lu Hong | Shaohui Gong<br>Gong Shaofeng<br>Xue Hongbin<br>Wang Guangming<br>Chen Shaohua<br>Zeng Huaqun<br>Han Hualin<br>Wan Ping<br>Li Yunfei | Public offering records provided; otherwise under review and will be provided subject to relevance, proportionality, and burden objections. |
| 2009<br><br>3rd & 5th Prod | Same as above<br><br>Wholly owned subsidiaries:<br>Xiamen Jingtong Technology Industrial Co., Ltd.<br>Tianjin 35.com Technology Co., Ltd.<br>Suzhou 35.com Information Technology Co., Ltd.<br>Qingdao 35.con Technology Co. Ltd.<br>35.com International Technology Co., Ltd. | Shaohui Gong<br>Xiamen Zhong Wang Xing Management Consultancy Co., Ltd.<br>Shenzhen Zhong Ke Hong Yi Start-up Investment Co., Ltd.<br>Wence Shen<br>Shenzhen Rainbow Start-up Investment Group Co., Ltd.<br>Xiamen Zhongjintai Guarantee Co., Ltd.<br>Haitao Wang<br>Yong Peng<br>Hong Lu<br>Hanyuan Gong<br>Hongbin Xue<br>Yunfei Li | Shaohui Gong<br>Yunfei Li<br>Yong Peng<br>Meiwen Zhang<br>Hong Lu | Shaohui Gong<br>Ping Wang<br>Yunfei Li<br>Yong Peng | Yes |

[1] The information in this chart is provided and translated from Chinese company records, including public offering documents and annual/periodic corporate records, which have been produced to Plaintiffs and which may refer to certain terms differently. To the extent there is any discrepancy between the information in this chart and the Chinese records, the Chinese records (in the Chinese language) shall control. Further, certain information is requested but does not exist. For example, there are no "affiliated registrars" or "parent entities" unless otherwise expressly stated. In addition, certain individuals may have been elected, resigned, or passed away etc. mid-year in the year in which they are listed.

[2] Interrogatory 1 only requests this corporate information for the present time period, but 35.CN has agreed to provide additional information by year.

1

**Appendix A to 35.CN's Further Amended and Supplemental Written Discovery Responses**

| Year<br><br>Prod# | Corporate structure, including "parent entities, subsidiaries, affiliates and affiliated registrars" (ROG 1)[2] | Largest Shareholders (ROG 5) | Officers (ROG 4) | Directors (ROG 4) | Financial and Corporate Records Provided? |
|---|---|---|---|---|---|
| | | Meiwen Zhang<br>Guangzu Gong<br>Guiying Yang<br>Xiaofeng Yang<br>Rijun Huang<br>Junru Chen<br>Yanhong Huang<br>Tubao Chen | | | |
| **2010**<br><br>**5th Prod** | Public company in China<br><br>Wholly owned subsidiaries:<br>Xiamen Jingtong Technology Industrial Co., Ltd.<br>Tianjin 35.com Technology Co., Ltd.<br>Suzhou 35.com Information Technology Co., Ltd.<br>Qingdao 35.com Technology Co. Ltd.<br>35.com International Technology Co., Ltd. | Shaohui Gong<br>Xiamen Zhong Wang Xing Management Consultancy Co., Ltd.<br>Shenzhen Zhong Ke Hong Yi Start-up Investment Co., Ltd.<br>Wence Shen<br>Xiamen Zhongjintai Guarantee Co., Ltd.<br>Shenzhen Rainbow Start-up Investment Group Co., Ltd.<br>Haitao Wang<br>Yong Peng<br>Zemin Chen<br>Hong Lu<br>Hanyuan Gong<br>Hongbin Xue<br>Yunfei Li<br>Meiwen Zhang<br>Guiying Yang<br>Guangzu Gong<br>Xiaofeng Yang<br>Rijun Huang<br>Yanhong Huang<br>Tubao Chen | Shaohui Gong<br>Yunfei Li<br>Hongjun Qiao<br>Meiwen Zhang<br>Juan Zhou<br>Xiaoliang Yang<br>Yong Peng | Shaohui Gong<br>Ping Wang<br>Hongjun Qiao<br>Juan Zhou | Yes |
| **2011**<br><br>**5th Prod** | Public company in China<br><br>Wholly owned subsidiaries:<br>Xiamen Jingtong Technology Industrial Co., Ltd.<br>Tianjin 35.com Technology Co., Ltd.<br>Suzhou 35.com Information Technology Co., Ltd.<br>Qingdao 35.com Technology Co. Ltd.<br>35.com International Technology Co., Ltd.<br>Tianjin 35.com Telecom Co., Ltd. | Shaohui Gong<br>Xiamen Zhong Wang Xing Management Consultancy Co., Ltd.<br>Shenzhen Rainbow Start-up Investment Group Co., Ltd.<br>Wence Shen<br>Xiamen Zhongjintai Guarantee Co., Ltd.<br>Haitao Wang<br>Hanyuan Gong<br>Shandong Province International Trust Co. Ltd. | Shaohui Gong<br>Yunfei Li<br>Hongjun Qiao<br>Chengming Tian<br>Juan Zhou<br>Xiaoliang Yang | Shaohui Gong<br>Ping Wang<br>Hongjun Qiao<br>Juan Zhou | Yes |

**Appendix A to 35.CN's Further Amended and Supplemental Written Discovery Responses**

| Year Prod# | Corporate structure, including "parent entities, subsidiaries, affiliates and affiliated registrars" (ROG 1)[2] | Largest Shareholders (ROG 5) | Officers (ROG 4) | Directors (ROG 4) | Financial and Corporate Records Provided? |
|---|---|---|---|---|---|
| | | China Merchants Securities Co., Ltd. <br> Yunfei Li <br> Hongbin Xue <br> Yong Peng <br> Meiwen Zhang <br> Guiying Yang <br> Guangzu Gong <br> Xiaofeng Yang <br> Rijun Huang <br> Yanhong Huang <br> Tubao Chen <br> Junru Chen | | | |
| 2012 <br> 6th Prod | Public company in China <br><br> Wholly owned subsidiaries: <br> Xiamen Jingtong Technology Industrial Co., Ltd. <br> Tianjin 35.com Technology Co., Ltd. <br> Suzhou 35.com Information Technology Co., Ltd. <br> Qingdao 35.com Technology Co. Ltd. <br> 35.com International Technology Co., Ltd. <br> Tianjin 35.com Telecom Co., Ltd. | Shaohui Gong <br> Xiamen Zhong Wang Xing Management Consultancy Co., Ltd. <br> Shenzhen Rainbow Start-up Investment Group Co., Ltd. <br> Wence Shen <br> Changhong Ren <br> Hanyuan Gong <br> Shanghai Xiaoguang Survey Engineering & Technology Co., Ltd. <br> Yunfei Li <br> Liping Chen <br> Qinxiong Lin <br> Guiying Yang <br> Guangzu Gong <br> Xiaofeng Yang <br> Rijun Huang <br> Yanhong Huang <br> Tubao Chen <br> Junru Chen <br> Meiwen Zhang | Shaohui Gong <br> Yunfei Li <br> Hongjun Qiao <br> Chengming Tian <br> Juan Zhou <br> Xiaoliang Yang <br> Meiwen Zhang | Shaohui Gong <br> Ping Wang <br> Hongjun Qiao <br> Chengming Tian | Yes |
| 2013 <br> 6th Prod | Public company in China <br><br> Wholly owned subsidiaries: <br> Tianjin 35.com Technology Co., Ltd. <br> Suzhou 35.com Information Technology Co., Ltd. <br> Qingdao 35.com Technology Co. Ltd. <br> 35.com International Technology Co., Ltd. <br> Tianjin 35.com Telecom Co., Ltd. <br> Xiamen Jingtong Technology Industrial Co., Ltd. | Shaohui Gong <br> Zhangsheng Luo <br> Wence Shen <br> Tibet Shannan Zhongwangxing Management Consultancy Co., Ltd. <br> Hanyuan Gong <br> Qinhuangdao Jinyuheng Construction Materials Inspection Co., Ltd. <br> Jianning Fu <br> Zihua Tang | Shaohui Gong <br> Yunfei Li <br> Xiaoliang Yang <br> Chengming Tian <br> Meiwen Zhang | Shaohui Gong <br> Wence Shen <br> Meiwen Zhang <br> Chengming Tian | Yes |

Appendix A to 35.CN's Further Amended and Supplemental Written Discovery Responses

| Year<br><br>Prod# | Corporate structure, including "parent entities, subsidiaries, affiliates and affiliated registrars" (ROG 1)[2] | Largest Shareholders (ROG 5) | Officers (ROG 4) | Directors (ROG 4) | Financial and Corporate Records Provided? |
|---|---|---|---|---|---|
| | Beijing Zhongya Hulian Technology Development Co., Ltd. | Wenfeng Li<br>Yunfei Li<br>Guiying Yang<br>Guangzu Gong<br>Xiaofeng Yang<br>Rijun Huang<br>Yanhong Huang<br>Tubao Chen<br>Junru Chen<br>Meiwen Zhang | | | |
| 2014<br><br>6th Prod | Public company in China<br><br>Wholly owned subsidiaries:<br>Tianjin 35.com Technology Co., Ltd.<br>Suzhou 35.com Information Technology Co., Ltd.<br>Qingdao 35.com Technology Co. Ltd.<br>35.com International Technology Co., Ltd.<br>Beijing Zhongya Hulian Technology Development Co., Ltd. | Shaohui Gong<br>Wence Shen<br>China Construction Bank Funds<br>China Construction Bank Morgan Stanley Fund<br>Zhangsheng Luo<br>Yuanfei Liu<br>Pacific Securities Inc. Buyback Special Account<br>Beijing Yiren Capital Management Co., Ltd.<br>Hanyuan Gong<br>Haiquan Yu | Shaohui Gong<br>Yunfei Li<br>Xiaoliang Yang<br>Chengming Tian<br>Meiwen Zhang<br>Xiaochu Zhang<br>Jun Tian | Shaohui Gong<br>Chengming Tian<br>Meiwen Zhang<br>Wence Shen | Yes |
| 2015<br><br>6th Prod | Public company in China<br><br>Wholly owned subsidiaries:<br>Tianjin 35.com Technology Co., Ltd.<br>Suzhou 35.com Information Technology Co., Ltd.<br>Qingdao 35.com Technology Co. Ltd.<br>Beijing 35.com Technology Development Co., Ltd.<br>Beijing Zhongya Hulian Technology Development Co., Ltd.<br>Shenzhen Daoxi Technology Co., Ltd. | Shaohui Gong<br>China Merchants Bank Co. Ltd. Fund<br>Zhengwei Gong<br>Zhen Sheng<br>Rongguang Wu<br>ICBC Bank Fund<br>Wence Shen<br>Shenzhen Yingruixuan Investment Management Center<br>China Construction Bank Fund<br>Central Huijin Investment Company Limited. | Shaohui Gong<br>Xiaoliang Yang<br>Chengming Tian<br>Meiwen Zhang<br>Xiaochu Zhang<br>Jun Tian | Shaohui Gong<br>Chengming Tian<br>Meiwen Zhang<br>Wence Shen | Yes |
| 2016<br><br>6th Prod | Public company in China<br><br>Wholly owned subsidiaries:<br>Beijing Zhongya Hulian Technology Development Co., Ltd.<br>Shenzhen Daoxi Technology Co., Ltd.<br>Beijing 35.com Technology Co., Ltd. | Shaohui Gong<br>Zhengwei Gong<br>Zhen Sheng<br>Rongguang Wu<br>Shenzhen Yingruixuan Investment Management Center<br>Central Huijin Investment Company Limited.<br>Yulong Holding Group Co., Ltd. | Shaohui Gong<br>Xiaoliang Yang<br>Cheng Huang<br>Xiaochu Zhang<br>Jun Jia<br>Huang Cheng | Shaohui Gong<br>Xiaoliang Yang<br>Qiang Li | Yes |

**Appendix A to 35.CN's Further Amended and Supplemental Written Discovery Responses**

| Year<br>Prod# | Corporate structure, including "parent entities, subsidiaries, affiliates and affiliated registrars" (ROG 1)[2] | Largest Shareholders (ROG 5) | Officers (ROG 4) | Directors (ROG 4) | Financial and Corporate Records Provided? |
|---|---|---|---|---|---|
| | | Shandong Haizhongwan Investment Management Co., Ltd.<br>Beijing Shangyangxuan Investment Management Co., Ltd.<br>Zunjun Yu | | | |
| 2017<br><br>6th Prod | Public company in China<br><br>Wholly owned subsidiaries:<br>Shenzhen Daoxi Technology Co., Ltd.<br>Beijing 35.com Technology Co., Ltd. | Shaohui Gong<br>Zhengwei Gong<br>Rongguang Wu<br>Shen Sheng<br>Shenzhen Yingruixuan Investment Management Center<br>Central Huijin Investment Company Limited.<br>Andong Jiang<br>Xianlian Yu<br>Yan Pan<br>Yulong Holding Group Co., Ltd. | Shaohui Gong<br>Cheng Huang | Shaohui Gong<br>Qiang Li | Yes |
| 2018<br><br>6th Prod | Public company in China<br><br>Wholly owned subsidiaries:<br>Information Technology Co., Ltd.<br>Shenzhen Daoxi Technology Co., Ltd.<br>Tianjin 35.com Telecom Co., Ltd.<br>Qingdao 35.com Technology Co. Ltd.<br>Tianjin 35.com Technology Co. Ltd.<br>Beijing 35.com Technology Co. Ltd.<br>Jinan 35.com Technology Co. Ltd.<br>Fuzhou 35.com Technology Co. Ltd. | Shaohui Gong<br>Zhengwei Gong<br>Rongguang Wu<br>Xinyu Liyingtian Investment Management Center<br>Central Huijin Investment Company Limited.<br>Zhen Sheng<br>Whenchao Ruan<br>Keping Ji<br>Xianlian Yu<br>Dunjian Luo | Shaohui Gong<br>Zhihui She<br>Cheng Huang | Shaohui Gong<br>Qiang Li | Yes |
| 2019<br><br>6th Prod | Public company in China<br><br>Wholly owned subsidiaries:<br>Shenzhen Daoxi Technology Co., Ltd.<br>Tianjin 35.com Telecom Co., Ltd.<br>Qingdao 35.com Technology Co. Ltd.<br>Tianjin 35.com Technology Co. Ltd.<br>Jinan 35.com Technology Co. Ltd.<br>Suzhou 35.com Information Technology Co., Ltd<br>Changsha 35.com Technology Co., Ltd. | Shaohui Gong<br>Zhengwei Gong<br>Xinyu Liyingtian Investment Management Center<br>Keping Ji<br>Yuming Wang<br>Shaanxi Provincial CITIC Fund<br>Zhonghua Wang<br>Hongjun Yan<br>Liang Wang<br>CITIC Securities Inc. | Jiansheng Ding<br>Wenquan Zheng<br>Cheng Huang | Jiansheng Ding<br>Zhihui She | Yes |
| 2020<br><br>6th Prod | Public company in China<br><br>Wholly owned subsidiaries:<br>Shenzhen Daoxi Technology Co., Ltd. | Shaohui Gong<br>Zhengwei Gong<br>Jianguo Zhang<br>Yanfu Huang | Weiwei Zhang<br>Jinglei Tang<br>Wenquan Zheng | Chengbin Yu<br>Yao Xu | Yes |

**Appendix A to 35.CN's Further Amended and Supplemental Written Discovery Responses**

| Year<br><br>Prod# | Corporate structure, including "parent entities, subsidiaries, affiliates and affiliated registrars" (ROG 1)[2] | Largest Shareholders (ROG 5) | Officers (ROG 4) | Directors (ROG 4) | Financial and Corporate Records Provided? |
|---|---|---|---|---|---|
| | Tianjin 35.com Telecom Co., Ltd.<br>Qingdao 35.com Technology Co., Ltd.<br>Tianjin 35.com Technology Co., Ltd.<br>Jinan 35.com Technology Co. Ltd.<br>Changsha 35.com Technology Co., Ltd. | Weining Yu<br>Shiqin Zheng<br>Wei Tao<br>Liang Feng<br>Kongyu Lin<br>Yi Lv | | | |
| **2021**<br><br>**6th Prod** | Public company in China<br><br>Wholly owned subsidiaries:<br>Shenzhen Daoxi Technology Co., Ltd.<br>Tianjin 35.com Telecom Co., Ltd.<br>Qingdao 35.com Technology Co., Ltd.<br>Tianjin 35.com Technology Co., Ltd.<br>Jinan 35.com Technology Co. Ltd.<br>Changsha 35.com Technology Co., Ltd. | Shaohui Gong<br>Hainan juXing Technology Co., Ltd.<br>Shenzhen High-tech Investment Group Co., Ltd.<br>Zhengwei Gong<br>Shigen Feng<br>Huailiang Ge<br>Guoxiang Jiang<br>Zhaorong Zhu<br>Xiaolong Li<br>Guohong Xiong | Weiwei Zhang<br>Jinglei Tang<br>Wenquan Zheng | Xiaowei Qin<br>Weiwei Zhang<br>Qian Hu<br>Yao Xu | Yes |
| **2022**<br><br>**6th Prod** | Public company in China | Shaohui Gong<br>Hainan juXing Technology Co., Ltd.<br>Shenzhen High-Tech Investment Group Co., Ltd.<br>Guoxiang Jiang<br>Zhengwei Gong<br>Shigen Feng<br>Huailiang Ge<br>Xuede Mo<br>Xiaolong Li<br>Shoukang Wen | Under review | Under review | Yes – but year is still in progress, i.e., not all records are available. |

1  **KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
2  Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
3  Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
4  San Francisco, CA 94108
Telephone: (415) 955-1155
5  Facsimile: (415) 955-1158
karl@kr.law
6  liana@kr.law
ruben@kr.law
7  leah@kr.law
8

9  Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)
10

11

12                    **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
13                      **SAN FRANCISCO DIVISION**

14  **META PLATFORMS, INC.**, et al.,              Case No. 3:19-cv-07071-SI

15           Plaintiffs,

16                                               **VERIFICATION OF DEFENDANT**
        v.                                       **XIAMEN 35.COM TECHNOLOGY CO.,**
17                                               **LTD.**

18  **ONLINENIC INC.**, et al.,

19           Defendants.

20

21

22

23

24

25

26

27

28

Case No. 3:19-cv-07071-SI                              **VERIFICATION**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

## VERIFICATION

2      I, Zhang Weiwei, am the General Manager of Defendant Xiamen 35.com

3  Technology Co., Ltd. ("35.CN"). I have reviewed 35.CN's Fourth Amended Responses

4  dated September 13, 2022 to Plaintiffs' First Set of Interrogatories and, based on a

5  reasonable inquiry, state the factual responses are true and correct to the best of my

6  knowledge, information, and belief.

7      35.CN disputes personal jurisdiction in this action. Nothing herein or otherwise

8  waives any rights, arguments, or defenses, including related to lack of personal jurisdiction

9  against 35.CN, all of which are expressly reserved.

10      I declare under penalty of perjury under the laws of the United States, for the limited

11  purpose of this verification, that the foregoing is true and correct.

12      Executed on _September 23_, 2022 in Xiamen, China.

13

14

15      _____

16      Zhang Weiwei

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:19-cv-07071-SI                    1            VERIFICATION

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

Exhibit 4

[ENTIRE EXHIBIT LODGED UNDER SEAL]

Exhibit 5

[ENTIRE EXHIBIT LODGED UNDER SEAL]

Exhibit 6

[ENTIRE EXHIBIT LODGED UNDER SEAL]

Exhibit 7

[ENTIRE EXHIBIT LODGED UNDER SEAL]

Exhibit 8

[ENTIRE EXHIBIT
LODGED UNDER
SEAL]

# Exhibit 9

[ENTIRE EXHIBIT LODGED UNDER SEAL]

# Exhibit 10

[ENTIRE EXHIBIT LODGED UNDER SEAL]

Exhibit 11



**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Shayna Himelfarb, hereby certify that the document "**ONLINENIC 187254-57**" is, to the best of my knowledge and belief, a true and accurate translation from Chinese into English.

_____
Shayna Himelfarb

Sworn to before me this
September 20, 2022

_____
Signature, Notary Public



_____
Stamp, Notary Public