TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:    213.430.3409

DAVIS POLK & WARDWELL LLP
Ashok Ramani SBN 200020
ashok.ramani@davispolk.com
Micah G. Block SBN 270712
micah.block@davispolk.com
Cristina M. Rincon *Pro Hac Vice*
cristina.rincon@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:   650.752.2000
Facsimile:   650.752.2111

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.)
and INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>　　　　　　Defendants. | Case No. 3:19-cv-07071-SI (AGT)<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' SUPPLEMENTAL INDIVIDUAL STATEMENT REGARDING STATUS OF ONGOING DISCOVERY DISPUTES**<br><br>Hon. Alex G. Tse |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, as well as Section VI.D of the Civil Standing Order for Magistrate Judge Alex G. Tse, Plaintiffs seek leave to file the following documents partially under seal in connection with Plaintiffs' proposed Supplemental Individual Statement Regarding Status of Ongoing Discovery Disputes:

| Document | Text to be Sealed (page(s):line(s)) | Basis for Sealing Portion of Document |
|---|---|---|
| Supplemental Individual Statement | Pages 2–3, 6–8 [passages highlighted] | Designated by 35.CN or OnlineNIC |
| Sindelar Declaration | Page 2:1–4, ¶ 5<br>Page 2:14–17, ¶ 9<br>Page 2:18–19, ¶ 10<br>Page 2:23–28, ¶ 11<br>Page 3:3, ¶ 12<br>Page 3:8, ¶ 13<br>Page 3:13–17, ¶ 14<br>Page 3:20–25, ¶ 15<br>Page 3:26–4:1, ¶ 16<br>[passages highlighted] | Designated by 35.CN |
| Sindelar Declaration | Page 4:3–15, ¶ 17 [passages highlighted] | Designated by OnlineNIC |
| Defendant Xiamen 35.com Internet Technology Co., Ltd.'s Fourth Amended and Supplemental Objections and Responses to Plaintiffs' First Set of Requests for Production | Page 26:6 (Response to RFP No. 62) [passages highlighted] | Designated by 35.CN |

| | | |
|---|---|---|
| (Exhibit 1 to Sindelar Declaration) | | |
| Defendant Xiamen 35.com Internet Technology Co., Ltd.'s Third Amended and Supplemental Objections and Responses to Plaintiffs' First Set of Requests for Admission (Exhibit 2 to Sindelar Declaration) | Page 16:9 (Response to RFA No. 37) Page 19:1 (Response to RFA No. 43) Page 19:8 (Response to RFA No. 44) Page 38:19 (Response to RFA No. 112) Page 38:28 (Response to RFA No. 113) Page 39:16 (Response to RFA No. 115) Page 39:25 (Response to RFA No. 116) Page 40:7 (Response to RFA No. 117) Page 40:16 (Response to RFA No. 118) | Designated by 35.CN |
| Defendant Xiamen 35.com Internet Technology Co., Ltd.'s Fourth Amended and Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories (Exhibit 3 to Sindelar Declaration) | Page 4:2–11 (Response to Interrogatory No. 2) Page 6:4–20 (Response to Interrogatory No. 6) Page 7:11–13 (Response to Interrogatory No. 8) Page 9:10–14 (Response to Interrogatory No. 13) Page 10:1–3 (Response to Interrogatory No. 14) Page 10:13 (Response to Interrogatory | Designated by 35.CN |

| | | |
|---|---|---|
| | No. 15) | |
| | Page 10:23 (Response to Interrogatory No. 16) | |
| | Page 11:3 (Response to Interrogatory No. 17) | |
| | Page 11:11 (Response to Interrogatory No. 18) | |
| 35CN017283–91 (Exhibit 4 to Sindelar Declaration) | Entire Document | Designated by 35.CN |
| 35CN009422 (Exhibit 5 to Sindelar Declaration) | Entire Document | Designated by 35.CN |
| 35CN009423 (Exhibit 6 to Sindelar Declaration) | Entire Document | Designated by 35.CN |
| 35CN009399 (Exhibit 7 to Sindelar Declaration) | Entire Document | Designated by 35.CN |
| 35CN017271–82 (Exhibit 8 to Sindelar Declaration) | Entire Document | Designated by 35.CN |
| OnlineNIC 187254–57 (Exhibit 9 to Sindelar Declaration) | Entire Document | Designated by OnlineNIC |
| OnlineNIC 187254–57 (Exhibit 10 to Sindelar Declaration) | Entire Document | Designated by OnlineNIC |

As explained further below, because 35.CN or OnlineNIC designated these documents as confidential, the burden rests with them to show good cause as to why these documents should be sealed.

## II. BECAUSE PLAINTIFFS SEEK TO FILE DOCUMENTS DESIGNATED AS CONFIDENTIAL BY 35.CN OR ONLINENIC, THEY MUST SHOW GOOD CAUSE TO SEAL.

Although there is a presumption in favor of public access to court filings, that presumption can be

overcome "on the basis of articulated facts known to the court." *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986). To determine whether a document may be sealed, a court may consider the "likelihood of an improper use, including publication of scandalous, libelous, pornographic, or trade secret materials . . . and residual privacy rights." *Id.* (citation omitted); *see also EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990) (holding that the *Valley Broadcasting* factors apply equally to civil and criminal proceedings); Fed. R. Civ. P. 26(c)(l)(F)–(G). "In short, the district court must weigh 'the interests advanced by the parties in the light of the public interest and the duty of the courts.'" *Valley Broadcasting Co.*, 798 F.2d at 1294 (quoting *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 602 (1978)). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180. Thus, "[a] 'good cause' showing will suffice to seal documents produced in discovery." *Id.*

The documents for which Plaintiffs seek leave to file under seal were designated by 35.CN or OnlineNIC as confidential or highly confidential pursuant to the terms of the protective order in this action (ECF No. 35). Declaration of David J. Steele ¶¶ 2–3. Thus, pursuant to Civil Local Rule 79-5(e), the burden rests with 35.CN or OnlineNIC as the designating party to submit via declaration a good cause showing as to why these materials should be filed under seal. *See also* Civil Local Rule 79-5(e)(1) (providing designating party four days to file declaration establishing material is sealable). Plaintiffs otherwise have no objection to these materials being filed on the public docket.

### III.    CONCLUSION

Plaintiffs seek leave to file the aforementioned information under seal solely because 35.CN or OnlineNIC designated that information as confidential or highly confidential per the protective order. Plaintiffs therefore seek leave to file under seal the documents containing that information upon a showing of good cause by 35.CN or OnlineNIC.

DATED: September 25, 2022          Tucker Ellis LLP

By:   /s/David J. Steele
     David J. Steele
     Howard A. Kroll
     Steven E. Lauridsen

     Attorneys for Plaintiffs,
     META PLATFORMS, INC. (fka
     FACEBOOK, INC.)
     and INSTAGRAM, LLC