**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 326108)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **FACEBOOK, INC.**, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>**ONLINENIC INC.**, et al.,<br><br>    Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL INDIVIDUAL STATEMENT REGARDING STATUS OF ONGOING DISCOVERY DISPUTES** |

Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") files this opposition to Plaintiffs' Motion for Leave to File Supplemental Individual Statement Regarding Status of Ongoing Discovery Disputes ("Meta's Motion") [D.E. 268].

## INTRODUCTION

Meta's Motion should be denied because Meta's proposed individual statement on discovery issues essentially complains that 35.CN's substantive discovery responses (to hundreds of overbroad discovery requests) are not what Meta expected and are not consistent with Meta's theory of the case, despite the fact that 35.CN has complied with the requests. Meta also failed to meet-and-confer with 35.CN on Meta's Motion and otherwise filed a motion completely outside the confines of the Court's standing order on how the parties should deal with discovery disputes. Meta should not be filing discovery motions merely because they are unhappy with 35.CN's substantive responses.

## BACKGROUND

On May 24, 2022, Meta filed an earlier individual statement seeking leave to file a regularly noticed motion to compel regarding (1) Chinese law issues, and (2) discovery through the Hague Convention. [D.E. 236.] This matter was referred to Judge Tse, whose *Standing Order B. Discovery Disputes* provides that if the parties are unable to resolve a dispute informally after a good-faith effort, including meet-and-confer efforts, the parties shall prepare a joint statement of not more than 5 pages, including an attestation that the parties' counsel have met and conferred in person or via videoconference.

On September 9, 2022, after prior filings and hearings on these discovery issues, the parties filed an updated letter. [D.E. 263.][1] As outlined by 35.CN, this discovery matter should be closed as 35.CN has responded to discovery, and the issues are moot.

In fact, 35.CN has produced a significant amount of non-public documents, along with public documents, all responsive to Meta's requests, without withholding anything due to Chinese law. Importantly, Meta sought a large number of documents that, under Chinese law, must be filed publicly by 35.CN as a public company. Now Meta complains that 35.CN

---

[1] Meta failed to comply with the joint 5-page limit, and 35.CN wrote its own 2.5-pages.

is somehow skirting the discovery rules by producing exactly what Meta has requested (or confirming that no documents exist). For example, Meta criticizes 35.CN for producing its owns versions of documents produced by OnlineNIC, but that is what Meta demanded.

In particular, 35.CN has now served the following in response to Meta's discovery:

- Fourth Amended and Supplemental Responses to ROGs, with Appendix A outlining owner, officer, and shareholder information, etc.; and verification (9.23.22)
- Fourth Amended and Supplemental Responses to RFPs (9.8.22)
- Third Amended and Supplemental Responses to RFAs (9.8.22)
- Ten document productions through 35CN017291, including:
    - Corporate and financial reports; and bank accounts and corporate locations;
    - Employees who have worked under the staffing agreement with OnlineNIC;
    - Payments between 35.CN and OnlineNIC, and payments to Carrie Yu;
    - California contracts (the few third-party contracts that exist are in Chinese).

On September 25, 2022 (a Sunday evening at 8:00 p.m. Pacific time), Meta filed the present motion, without meeting and conferring with 35.CN on Meta's request for leave, on Meta's proposed individual discovery statement (over 8 pages [D.E. 269-03] that follows its prior individual section of over 13 pages [D.E. 263]), and without meeting and conferring on 35.CN's most recent discovery responses or newest document productions.

**ARGUMENT**

Meta's Motion should be denied, including as there is no basis for leave or for the underlying individual discovery statement, especially given the history of this discovery matter and Meta's failure to meet and confer or respect page limits.[2]

**A.    There is no basis for Meta's underlying individual discovery statement.**

Meta's individual discovery statement ignores the substantial discovery responses and documents produced by 35.CN since this dispute arose, instead focusing on purported withheld documents that could support its alter ego claim. However, 35.CN has not

---

[2] If the Court grant's Meta's Motion, 35.CN requests that the Court limit further discovery briefing on this matter (Meta's discovery requests) to a joint 5-page statement with each party getting 2.5 pages in size 12 font with 1-inch margins to update the Court.

withheld any documents under Chinese law, and Meta's arguments lack legal and factual basis.

Meta's arguments on the ***first, second, and third points*** (regarding unproduced documents) lack merit. Their arguments also distort Meta's discovery requests, 35.CN's responses to discovery, and the detailed meet-and-confer discussions between counsel.

**Meta cannot be permitted to expand its discovery requests through after-the-fact discovery letters merely because Meta did not receive documents "one would expect."** The first specific example of a discovery failure Meta describes in its letter involves Meta's request for information relating to payments between 35.CN and OnlineNIC. Meta complains that 35.CN has not produced "bank statements, corporate ledgers, canceled checks, or wire transfer confirmations." [D.E. 269-03 at 2.] However, Meta did not ask for those categories of documents. For context, Meta served 147 requests for production, and the only request about "bank" records was No. 14 asking for "DOCUMENTS sufficient to IDENTIFY the bank accounts used by 35.CN since 2007." 35.CN has complied with this request by producing documents that identify its bank accounts (which are public information published on its website). Meta made no requests for ledgers, checks, or wire transfer confirmations. Further, request No. 99 asked for "DOCUMENTS reflecting all payments made by 35.CN to or on behalf of ONLINENIC since 2007." 35.CN has complied with this request as it has produced documents reflecting all payments between 35.CN and OnlineNIC. Notably, this request did not request "ALL" documents (in contrast to other requests, such as for "ALL" contracts). Meta's other arguments are likewise unpersuasive (e.g., the Carrie Yu payment information is provided).

**Meta cannot force production of documents that 35.CN does not have.** Regarding asserted inaccurate statements by OnlineNIC's accountants on OnlineNIC's tax returns, 35.CN did not and cannot control these third-party vendors of OnlineNIC. Meta is angry because 35.CN's statements do not fit Meta's preferred narrative; however, 35.CN's statements and documents about Mr. Gong's former ownership of OnlineNIC are accurate. Further, Meta repeats its false narrative by saying that Mr. Gong is still the controlling

shareholder of 35.CN, which is inaccurate as repeatedly confirmed to Meta.

**Meta's continued false assertion that 35.CN is withholding documents based on Chinese law is confounding.** As outlined to Meta and the Court, 35.CN is not withholding any documents based on Chinese law. Further, 35.CN has produced private, non-public documents to Meta, despite Meta's unsupported statements otherwise. While Meta complains about lack of a log identifying documents withheld due to Chinese law, Meta was informed the log was not needed as no such documents are being withheld.

**Meta's argument regarding documents from or prior to 1999-2007 lacks merit** as it was not covered by its motion to compel and, regardless, lacks merit. Meta has still not made any argument why documents prior to 1999–2007 are relevant to an alter ego argument, despite 35.CN's previous requests for Meta to explain that argument. Thus, under the "first, second, and third" points, there is no basis for Meta's individual statement.

*Fourth*, Meta complains about supposed newly raised objections by 35.CN, but Meta cannot deny how it is expanding its discovery requests through discovery letters. For example, Meta, in its discovery letters to the Court, has expanded requests for documents "reflecting" certain facts to requests for, instead, "ALL" documents on certain categories. 35.CN is permitted to lodge responsive objections to such shifting and expanded requests.

*Fifth*, 35.CN served its verification to the most recent responses to interrogatories.

*Sixth*, 35.CN has provided a list of all employees who performed work for OnlineNIC under a services agreement (or otherwise), and documents previously produced in this case have identified which of those employees participated, at the direction of OnlineNIC, in searching for and producing documents for OnlineNIC. 35.CN's responses on this topic are complete.

*Seventh*, regarding contracts between 35.CN and persons and companies in states other than California, Meta should be held to the allegations in its operative complaint. The case law is clear that Meta cannot seek discovery regarding other states, considering Meta's very specific pleading regarding California contacts. Moreover, the Court specifically noted these personal jurisdiction allegations in its order relating to discovery.

[D.E. 207 at 7-9.]

***Eighth***, similar to the above, Meta is engaging in wild speculation about what 35.CN may or may not have in its possession, despite 35.CN's full responses to Meta's requests. 35.CN's responses are accurate, after considerable time and expense to provide them.

***Ninth, Tenth, Eleventh, and Twelfth***, 35.CN stands by its responses. For example, Meta argues that certain admissions are only "partial admissions," and that some material should not be designated as "confidential." These issues reflect a difference in opinion between the parties, rather than a true discovery dispute necessitating Court relief. 35.CN also updated many request for admission responses and confidentiality designations.

***Thirteenth***, Meta's arguments about the ESI Order, entered prior to 35.CN moving to dismiss claims against it, lack merit and disregard conversations between counsel. 35.CN has produced additional documents pursuant to the ESI order, and counsel discussed one accidental issue of duplicate records produced in Chinese. Notably, Meta has demanded production of records already produced by other parties, despite duplication and undue burden concerns, in attempts to win by leveraging a higher litigation budget.

**B.     There is no basis for Meta's Motion, which seeks leave to file the statement.**

Because there is no basis for Meta's individual statement, there is no basis for Meta's motion to file the statement, which imposes yet another undue burden on Defendants to respond to the motion and a separate motion to seal Defendants' confidential materials.

For background, this matter was referred to Judge Tse, whose *Standing Order B. Discovery Disputes* provides that if the parties are unable to resolve a dispute informally after a good-faith effort, including meet-and-confer efforts, the parties shall prepare a joint statement of not more than 5 pages. The parties initially complied with these standards, but Meta has since filed its own individual long statements, despite 35.CN's compliance with discovery requests and meet-and-confer requests. [*See* D.E. 269-3.]

Meta's unwarranted discovery tactics, possible with its "infinite" litigation budget,

have been used against all Defendants in this case as well as against parties in other cases. For example, in the hearing on Meta's motion to compel similar financial document discovery from OnlineNIC in this litigation, Judge van Keulen recognized that the other Defendants "do provide the financial statement information, the balance sheets, income statements . . . I'm not inclined at this time to grant the [further] request" and "I'm going to keep it all on a short leash, a short relevant and proportional leash . . ." (transcript for proceedings held on May 11, 2011). *See also In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767 (N.D. Cal. 2019); D.E. 1060 (transcript for proceedings held on September 15, 2022 sanctions hearing before Judge Chhabria relating to Meta's discovery misconduct, noting Facebook's "bad-faith dilatory conduct").[3]

## CONCLUSION

For the reasons stated herein, 35.CN respectfully requests that the Court deny Meta's Motion and consider this discovery matter regarding Meta's discovery requests closed.

Respectfully Submitted,

DATED: September 26, 2022          KRONENBERGER ROSENFELD, LLP

By: _____
Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.

---

[3] Meta has also been stonewalling further responses to 35.CN's discovery requests, including on key issues underlying liability; and 35.CN has been repeatedly trying to file a joint letter to resolve that discovery dispute, but Meta has failed to provide its section.