**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Liana W. Chen (Bar No. 296965)
Ruben Peña (Bar No. 328106)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
ruben@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **META PLATFORMS, INC.**, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>**ONLINENIC INC.**, et al.,<br><br>  Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DECLARATION OF KARL S. KRONENBERGER UNDER LOCAL RULE 79-5(f)(3) IN SUPPORT OF DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL [D.E. 269]** |

I, Karl S. Kronenberger, declare as follows:

1. I am an attorney admitted to practice law in the State of California and before this Court. I am a partner at the law firm of Kronenberger Rosenfeld, LLP, counsel of record for Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") in the above-captioned matter. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration.

2. Pursuant to Civil L.R. 79-5(f)(3), I submit this Declaration in response to Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Supplemental Individual Statement Regarding Status of Ongoing Discovery Disputes [D.E. No. 269], filed at 8:30 p.m. on Sunday, September 25, 2022. I am familiar with the documents to which they refer.

3. Plaintiffs have sought to file under seal portions of Exhibit A, Part 1 [D.E. No. 269-3] and Exhibit A, Part 2 [D.E. 269-4] to Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Supplemental Individual Statement Regarding Status of Ongoing Discovery Disputes [D.E. 269].

4. Defendant agrees that the identified portions of documents sought to be filed under seal by Plaintiffs should be filed under seal for the reasons outlined below:

| Document | Text to be Sealed (page(s):line(s)) | Basis for Sealing Portion of Document |
|---|---|---|
| Exhibit A, Part 1, Plaintiffs' Supplemental Individual Statement | Pages 2–3, 6–8 [passages highlighted] | Designated by 35.CN or OnlineNIC.<br><br>*These are portions of 35.CN's discovery responses that 35.CN designated as confidential, including under Chinese laws. See paragraphs 5–10 below.* |
| Exhibit A, Part 2, Declaration of Jeffrey Sindelar re. Supplemental Discovery | Page 2:1–4, ¶ 5<br>Page 2:14–17, ¶ 9<br>Page 2:18–19, ¶ 10<br>Page 2:23–28, ¶ 11<br>Page 3:3, ¶ 12<br>Page 3:8, ¶ 13<br>Page 3:13–17, ¶ 14 | Designated by 35.CN.<br><br>*These are portions of 35.CN's discovery responses that 35.CN designated as confidential, including under Chinese* |

| | | |
|---|---|---|
| | Page 3:20–25, ¶ 15<br>Page 3:26–4:1, ¶ 16<br>[passages highlighted] | laws. See paragraphs 5–10 below. |
| Exhibit A, Part 2, Declaration of Jeffrey Sindelar re. Supplemental Discovery | Page 4:3–15, ¶ 17<br>[passages highlighted] | Designated by OnlineNIC.<br><br>**35.CN does not at this time contest the designation by OnlineNIC.** |
| Defendant Xiamen 35.com Internet Technology Co., Ltd.'s Fourth Amended and Supplemental Objections and Responses to Plaintiffs' First Set of Requests for Production | Page 26:6 (Response to RFP No. 62)<br>[passages highlighted] | Designated by 35.CN.<br><br>**These are portions of 35.CN's discovery responses that 35.CN designated as confidential, including under Chinese laws. See paragraphs 5–10 below.** |
| Defendant Xiamen 35.com Internet Technology Co., Ltd.'s Third Amended and Supplemental Objections and Responses to Plaintiffs' First Set of Requests for Admission (Exhibit 2 to Sindelar Declaration) | Page 16:9 (Response to RFA No. 37)<br>Page 19:1 (Response to RFA No. 43)<br>Page 19:8 (Response to RFA No. 44)<br>Page 38:19 (Response to RFA No. 112)<br>Page 38:28 (Response to RFA No. 113)<br>Page 39:16 (Response to RFA No. 115)<br>Page 39:25 (Response to RFA No. 116)<br>Page 40:7 (Response to RFA No. 117)<br>Page 40:16 (Response to RFA No. 118) | Designated by 35.CN.<br><br>**These are portions of 35.CN's discovery responses that 35.CN designated as confidential, including under Chinese laws. See paragraphs 5–10 below.** |
| Defendant Xiamen 35.com Internet Technology Co., Ltd.'s Fourth Amended and Supplemental Objections and | Page 4:2–11 (Response to Interrogatory No. 2)<br>Page 6:4–20 (Response to Interrogatory No. 6)<br>Page 7:11–13 (Response to Interrogatory No. 8) | Designated by 35.CN.<br><br>**These are portions of 35.CN's discovery responses that 35.CN designated as confidential, including under Chinese** |

| Responses to Plaintiffs' First Set of Interrogatories (Exhibit 3 to Sindelar Declaration) | Page 9:10–14 (Response to Interrogatory No. 13) <br> Page 10:1–3 (Response to Interrogatory No. 14) <br> Page 10:13 (Response to Interrogatory No. 15) <br> Page 10:23 (Response to Interrogatory No. 16) <br> Page 11:3 (Response to Interrogatory No. 17) <br> Page 11:11 (Response to Interrogatory No. 18) | *laws. See paragraphs 5–10 below.* |
|---|---|---|
| 35CN017283–91 (Exhibit 4 to Sindelar Declaration) | Entire Document | Designated by 35.CN. <br><br> *These are portions of 35.CN's discovery responses that 35.CN designated as confidential, including under Chinese laws. See paragraphs 5–10 below.* |
| 35CN009422 (Exhibit 5 to Sindelar Declaration) | Entire Document | Designated by 35.CN. <br><br> *These are portions of 35.CN's discovery responses that 35.CN designated as confidential, including under Chinese laws. See paragraphs 5–10 below.* |
| 35CN009423 (Exhibit 6 to Sindelar Declaration) | Entire Document | Designated by 35.CN. <br><br> *These are portions of 35.CN's discovery responses that 35.CN designated as confidential, including under Chinese laws. See paragraphs 5–10 below.* |
| 35CN009399 (Exhibit 7 to Sindelar Declaration) | Entire Document | Designated by 35.CN. <br><br> *These are portions of 35.CN's discovery responses that 35.CN* |

| | | *designated as confidential, including under Chinese laws. See paragraphs 5–10 below.* |
|---|---|---|
| 35CN017271–82 (Exhibit 8 to Sindelar Declaration) | Entire Document | Designated by 35.CN.<br><br>*These are portions of 35.CN's discovery responses that 35.CN designated as confidential, including under Chinese laws. See paragraphs 5–10 below.* |
| OnlineNIC 187254–57 (Exhibit 9 to Sindelar Declaration) | Entire Document | Designated by OnlineNIC.<br><br>*35.CN does not at this time contest the designation by OnlineNIC.* |
| OnlineNIC 187254–57 (Exhibit 10 to Sindelar Declaration) | Entire Document | Designated by OnlineNIC.<br><br>*35.CN does not at this time contest the designation by OnlineNIC.* |

*Legitimate Private or Public Interests Warrant Sealing*

5.   The portions of documents designated by Defendant as confidential contain information concerning private financial transactions of Defendant, personal information about employees of Defendant and Defendant's Chinese business partners, and the identities of employees of Defendant. The documents also contain information concerning private contracts of a Chinese company. The disclosure of the foregoing information may violate Chinese law according to outside Chinese counsel to Defendant.

6.   Chinese law prohibits Chinese companies from disclosing a wide variety of data and personal information about Chinese residents to entities outside of China. Article 283 (formerly Article 277) of the Chinese Civil Procedure Law, the Chinese Data Security Law ("DSL"), the Cybersecurity Law, and the Personal Information Protection Law ("PIPL") are all grounds under Chinese law to restrict the disclosure outside of China of the information requested by Plaintiffs. Therefore, the information at issue is protected from disclosure to the United States, including in a public Court filing, under Chinese law.

//

*Injury Will Result if Sealing is Denied*

7. As communicated to Plaintiffs, the Cyberspace Administration of China ("CAC") has reminded 35.CN to comply with Chinese laws (i.e., to not disclose records that are not public), and there are severe penalties for violating these Chinese laws (i.e., criminal sanctions, jail, and high monetary fines).

8. I rely upon the legal analysis of Chinese outside counsel for Defendant, whose opinions are found at Exhibit 1 to DE 247-11. Thus, public disclosures, in response to discovery requests in the current action, of non-public data and personal information of Chinese residents, may subject 35.CN to significant civil and criminal penalties under Chinese law. Therefore, maintaining the information under seal is related to a legitimate interest of 35.CN, and there would be possibility of significant penalties if the request for sealing is denied.

*A Less Restrictive Alternative to Sealing is Not Sufficient*

9. There are no less restrictive means to protect the information at issue from public disclosure, as public disclosure of information in court filings would clearly be a disclosure of restricted information, under Chinese law, outside of China. Defendant has facilitated the most restrictive means by designating only portions of its discovery responses as confidential under the protective order, rather than the complete documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 30, 2022

By: ___s/ Karl S. Kronenberger___
Karl S. Kronenberger