UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ONLINENIC INC, et al.,<br><br>        Defendants. | Case No. 19-cv-07071-SI (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 263, 268 |

        The Court is discouraged by the parties' most recent "joint" discovery statement. Dkt. 263. Though technically it was a joint submission because it was filed as such, it was not a joint statement that helped the Court resolve the parties' numerous discovery disputes. Indeed, quite the opposite. And a few of the substantive disputes were a complete waste of time. For example, why can't the parties resolve amicably a dispute over the verification of discovery responses? *See id.* at 7–8, 16. The Court was optimistic that at the conclusion of the discovery hearing on July 20, 2022, the parties and their counsel could and would conduct a meaningful and productive meet and confer. But that hasn't happened.

        Unfortunately, we may be back to square one. Some of the disputes raised in the parties' September 9 submission are now out of date, so the Court does need an updated joint statement that accurately represents the parties' current disputes. To that end, the timing of 35.CN's supplemental productions and amended discovery responses—served on Facebook hours before the parties' joint statement deadline—appears to be a significant cause of friction and frustration. It's not clear why this continues to be an issue, but going forward, production dates should be negotiated and transparent. The Court may be able to help, and will, set some deadlines to assist the parties, but absent any case management deadlines it is incumbent upon the parties to work out a production schedule that both is practicable and doesn't cause the propounding party to launch a

discovery letter that subsequently becomes meaningless due to an eleventh-hour production.

Allowing Facebook to file its "supplemental individual statement" at this point would be a regression from the effort to reconcile disputes in compromise; Facebook's request to do so, *see* Dkt. 268, is therefore denied.[1]  Facebook may present its arguments in an updated joint statement, after meeting and conferring with 35.CN in person or via videoconference.  The parties may not negotiate solely or mostly in writing because that mode of communicating has not worked for them thus far.  Because it was presented by counsel as a conflict, the Court is loathe to, but will, impose the additional requirement that the parties must meet and confer for a total of at least 3 hours prior to filing their updated joint statement.  The parties are not required to complete the meet and confer in a single sitting, though that may be the most efficient approach.

Finally, turning now to page limitation.  Fundamentally, the Court requires information sufficient to resolve the outstanding disputes.  Some disputes are more complex, some less so, and some by common sense shouldn't be teed up at all (e.g., missing interrogatory verifications).  The Court must initially defer to the advocates to decide how best to present the issues for a resolution.  Based on the parties' September 9 submission, the Court believes they should be able to submit an updated joint statement of no more than 10 pages (5 pages per side).  If any issue by itself legitimately requires more than 2 pages given its factual or legal complexity, then the parties may file a separate joint statement (of no more than 5 pages) devoted to that one dispute, and that won't be counted against the 10-page limit.[2]  Based on the joint statement previously filed, the Court anticipates this safe harbor provision to be the rare exception and not the rule.

The updated joint statement is due by October 28, 2022.

**IT IS SO ORDERED.**

Dated: October 7, 2022

ALEX G. TSE
United States Magistrate Judge

---

[1] The underlying administrative motion to file under seal, *see* Dkt. 269, is granted.

[2] Going forward, unless the Court specifies a page limit for a joint discovery statement, the parties are to comply with the 5-page limit set forth in the undersigned's standing order.