**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
liana@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FACEBOOK, INC.**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**ONLINENIC INC.**, et al.,<br><br>Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S RESPONSE TO ORDER ON MOTIONS FOR DE NOVO REVIEW OF MAGISTRATE JUDGE R&R ON PLAINTIFFS' MOTION FOR TERMINATING SANCTIONS [D.E. 276]** |

Pursuant to the Court's order [D.E. 276], Defendant Xiamen 35.com Technology Co., Ltd. ("35.CN") requests deferral of both default judgment and any sanctions against OnlineNIC and ID Shield (collectively, "Other Defendants") to prevent inconsistent judgments and undue prejudice, which would be evident in a merits victory by 35.CN that eviscerates the factual underpinning of the R&R.

Plaintiffs' expansive budget and overwhelming discovery tactics have allowed them to obtain drastic terminating sanctions against Other Defendants, despite lack of any determination of liability or damages on the merits. Moreover, 35.CN has not been proven as the alter ego of Other Defendants, either at the time Plaintiffs' claims arose or during the course of the conduct underlying the discovery sanctions (i.e., even if 35.CN is adjudged as the alter ego for *Plaintiffs' claims*, despite evidence to the contrary, that does not create an all-purpose alter ego finding for the purpose of imputing liability of Other Defendants for *discovery* sanctions).

Therefore, due process requires that 35.CN be allowed to defend the claims against it, including the commingled causes of action and alter ego claims. There is significant evidence to defeat liability and/or substantially lower damages and granting a default judgment and/or sanctions at this time creates a risk of inconsistent judgments as well as an unfair bias against 35.CN. Notably, Plaintiffs assert there is a "fraud or injustice" supporting alter ego because they need to collect a "multi-million default judgment." [D.E. 189 at 10.] This is not only an incorrect legal position [*see* 35.CN's Reply to MTD, D.E. 199 at 1, 5], it creates an unfair inference of 35.CN's wrongdoing before any alter ego is proven.  Thus, judgment and sanctions should at least be deferred.

## BACKGROUND

This case concerns 35.CN allegedly infringing domain names. Plaintiffs primarily argue Other Defendants accepted liability for third-party customer-registrants' "registration, use, and/or trafficking" in the domain names by not providing customer contact information to Plaintiffs upon "reasonable notice." [*See* D.E. 109, ¶¶5, 74, 75, 97, 111, 123, 135; *see also* D.E. 176, ¶29.] However, Plaintiffs have admitted that they sent no pre-complaint notice whatsoever for 9 "notices," and the notices that were sent were only (1) a handful of third-party faxes (which were not received), and (2) a mediation brief and a set of document requests that happened to contain a list of domain

names. (*See* Email from D. Steele, June 16, 2022, to be memorialized in Plaintiffs' Discovery Responses.[1]) Plaintiffs also raise a "direct" registration theory of liability because domain names were allegedly "registered" in the name of one of the Other Defendants, Domain ID Shield, due to ID Shield being listed in certain public WHOIS records. However, there is documentary evidence that Other Defendants provided ICANN the names of actual registrants in weekly escrow findings, directly contradicting Plaintiffs' allegations that the 35.CN domain names were "registered" by Other Defendants to create cybersquatting liability. (*See* OnlineNIC's Second Am. Responses to First Set of ROGs, pp. 3-4.) In short, Plaintiffs' two theories of liability are, at best, highly suspect.[2]

Plaintiffs claim 35.CN—a public company in China—is an alter ego responsible for Other Defendants' "infringement" due to a purported (1) unity of interest with Other Defendants (based on a common owner before 2007 and a staffing agreement, despite years of independent corporate documents, management, finances, and servers); and (2) a purported "fraud or injustice" from "denying Plaintiffs the recovery to which they are entitled" given the "multi-million default judgment" [*see* D.E. 189 at 10] based on discovery sanctions, not evidence of liability or damages. Instead of waiting to pursue a judgment against 35.CN in a separate action, Plaintiffs' causes of action lump 35.CN and Other Defendants together. [SAC D.E. 109, ¶¶77-136.]

Other Defendants had a lengthy history in this case prior to 35.CN's involvement. In particular, there was extensive discovery and motions between Plaintiffs and Other Defendants since this case was filed in October 2019 [D.E. 1]; and the Special Master's report [D.E. 115], Plaintiffs' initial motion for sanctions [D.E. 117], and Other Defendants' Non-Opposition to the report [D.E. 126] were filed prior to 35.CN's first filing. [D.E. 165.] Since being named, 35.CN has been defending this case subject to a final finding of lack of personal jurisdiction. Plaintiffs will apparently not dispute 35.CN's right to conduct discovery on underlying merits issues (*e.g.*, lack of "notice" to Other Defendants and 35.CN's affirmative defenses) until a default *judgment* is entered.

---

[1] 35.CN can file a declaration with the cited non-docket factual information upon Court request.
[2] Notably, the R&R [D.E. 225] does a domain-by-domain name analysis to calculate damages without considering (1) how many domain names at issue were never the subject of any notice with request for registrant information, and (2) how all of the 35.CN domain names were actually registered in the names of customers. The R&R's domain-by-domain analysis is flawed, and 35.CN has been diligently conducting discovery on all of the deficiencies in Plaintiffs' liability theories.

There are also key disputed issues as to willful conduct and the amount of any damages.[3]

## ARGUMENT

**A.    An alter ego finding as to claims does not equate to alter ego as to discovery sanctions.**

As an initial matter, an alter ego defendant is entitled to defend against both underlying claims and alter ego claims if both are alleged against the defendant. *See e.g., N. Atl. Distribution, Inc. v. Teamsters Loc. Union No. 430*, 497 F. Supp. 2d 315, 324 (D.R.I. 2007). In fact, it violates due process to add a purported alter ego to a judgment without "allowing them to litigate any questions beyond their relation to the allegedly alter ego corporation." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1150 (9th Cir. 2004); *see also Cadence Design Sys., Inc. v. Viera*, 836 F. App'x 493, 495 (9th Cir. 2020) (a new party must be an alter ego and controlled the course of the litigation, thereby having had the opportunity to litigate); *21st Century Fin. Servs., LLC v. Manchester Fin. Bank*, 255 F. Supp. 3d 1012, 1034 (S.D. Cal. 2017) (examples).

Moreover, a finding of alter ego as to one claim or cause of action does not necessarily extend alter ego for purposes of all the underlying party's debts. *See Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1252 (9th Cir. 2010) (finding California law does not recognize treating one as an alter ego for all purposes). Likewise, it is important to consider the timeframe in which alter ego is considered. *See In re Star Mountain Res., Inc.,* No. 2:18-BK-01594-DPC, 2022 WL 2294175, at *11 (Bankr. D. Ariz. June 22, 2022) (noting the general "pertinent time to analyze the alleged alter ego relationship is at the time the transaction occurred and/or the liability arose"). In other words, a company "connection" a decade before the claims arose may have no relevance to an alter ego determination for purposes of recently accrued causes of action; and a finding of alter ego at the time the claims arose does not necessarily equate to alter ego liability for conduct through the course of litigation, including as ownership, finances, and other factors change over time (as in this case). Thus, 35.CN should be allowed to defend against underlying claims beyond a motion to dismiss and initial discovery (especially where OnlineNIC did not dispute or defend certain issues).

//

---

[3] *Compare Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1102–03 (N.D. Cal. 2014) (noting a plaintiff is "not entitled to a windfall" and questioning if statutory damages bear a "plausible relationship" to actual damages); *Banana Ads*, 2013 WL 1873289, at *14–*15. *C.f.* 15 U.S.C. §1117.

**B.      Delaying judgment is necessary to avoid inconsistent judgments.**

As "a matter of law" there is a "just reason for delay" of a default judgment where the case proceeds against other defendants who are "similarly situated or share similar defenses." *See TPOV Enterprises 16, LLC v. Paris Las Vegas Operating Co., LLC,* No. 217CV346JCMVCF, 2021 WL 665101, at *3–*4 (D. Nev. Feb. 19, 2021). While 35.CN has raised this "just reason for delay" standard generally [*see* D.E. 276 at 12 & n. 6, citing D.E. 228], the requirement (distinct from due process concerns) applies equally to cases involving default sanctions. *See id.* ("The magistrate judge ruled that [discovery] sanctions were appropriate but . . . recommended entering default only . . . the court must . . . protect against inconsistent judgments."); *see also In re Liberty Asset Mgmt. Corp.,* No. 2:16-AP-01144-ER, 2017 WL 2214681, at *1 (Bankr. C.D. Cal. May 17, 2017) ("[T]he Court will strike Ms. Gao's answer and enter her default as a discovery sanction . . . [but] the Court will not enter default judgment against Ms. Gao at this time."); *Fernandez v. Cox*, No. 314CV00578MMDVPC, 2016 WL 7422641, at *4 (D. Nev. Dec. 21, 2016) (entering default as discovery sanction but not default judgment given other defendants); *Cortis, Inc. v. CortiSlim Int'l, Inc.,* No. 12-CV-0562-P, 2015 WL 5227816, at *9 (N.D. Tex. Sept. 8, 2015) (granting motion for sanctions and directing default, but not addressing judgment until action terminated as to all).

Specifically, in alter ego cases, there is risk of inconsistent judgments where one defendant has a default judgment but another defeats liability. *See Harrell v. DCS Equip. Leasing Corp.,* 951 F.2d 1453, 1458–59 (5th Cir. 1992) (noting default judgments against corporate defendants were set aside upon verdict in favor of an individual, despite the jury finding him to be the corporations' alter ego); *Salas v. Statebridge Co., LLC*, No. 1:21-CV-3959-SDG-JCF, 2022 WL 5442903, at *15 (N.D. Ga. July 19, 2022), *report and rec'n adopted as mod.,* No. 121CV03959SDGJCF, 2022 WL 4596338 (N.D. Ga. Sept. 30, 2022) (finding just reason for delay in alter ego case).

If 35.CN is successful in defending against liability and/or damages, this will create inconsistent judgments if a default judgment and sanctions are already entered against Other Defendants. Furthermore, 35.CN may be able to prove that there can be no liability concerning some, if not all, of the 35 domain names due to (1) the lack of so-called "notices" of harm and requests for registration information, and (2) evidence that the 35 domain names were not

"registered" in the name of Other Defendants according to backend data given to ICANN; this proof would call into question the R&R, which conducts a domain-by-domain analysis for damages, despite glaring proof of deficiencies. Thus, there is just reason for delaying judgment and sanctions.

### C. Delaying judgment is warranted given risks of undue prejudice to 35.CN.

Regardless of the risk of inconsistent judgments that exists, the Court has inherent discretion to delay default judgment and sanctions. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1008–09 (N.D. Cal. 2001); *Jackson v. Fischer*, No. C11-02753 PJH (JSC), 2012 WL 12953815, at *3 (N.D. Cal. Nov. 29, 2012), *report and rec'n adopted*, No. C 11-2753 PJH, 2013 WL 12205698 (N.D. Cal. Jan. 2, 2013); 28 U.S.C. §636(b)(1).

Here, a default judgment and sanctions against Other Defendants will create undue bias against 35.CN as Plaintiffs will no doubt try to reference these things to create a negative inference against 35.CN *prior to* a finding of alter ego liability. For example, Plaintiffs will argue that Other Defendants were inadequately capitalized to pay the proposed $3,135,000 judgment/sanctions. [*See* R&R D.E. 225.] However, an expected recovery (assuming liability, which is disputed) could be $15,000-$20,000 base per domain name (multiplied by 35 domains) for a total in the mid-six figures (in contrast to the R&R, which recommends a base of $70,000 per domain name for a total of over $3 million). *See Facebook, Inc. v. Banana Ads LLC*, No. CV 11-03619-YGR KAW, 2013 WL 1873289, at *14–*19 (N.D. Cal. Apr. 30, 2013), *report and rec'n adopted,* No. 11-CV-03619 YGR, 2013 WL 12308477 (N.D. Cal. June 24, 2013). Importantly, Other Defendants were adequately capitalized for the lower amount contemplated by *Banana Ads*. Put differently, the reference to judgment and sanctions, and especially a specific high amount, unfairly prejudices 35.CN by suggesting there is already a finding in Plaintiffs' favor—and an implication that 35.CN needs to pay Plaintiffs—before 35.CN is actually found to be an alter ego. However, the prejudice cannot be resolved through motions in limine prohibiting certain statements at trial because Plaintiffs' alter ego claims against 35.CN are intertwined with any relief Plaintiffs obtain against Other Defendants.

Plaintiffs ("Meta"), on the other hand, will not be prejudiced by deferring judgment; they do not need a judgment or money at this time; there is no indication of ongoing misconduct; and "a default still has plenty of bite." *TPOV Enterprises 16, LLC v. Paris Las Vegas Operating Co., LLC*,

No. 217CV346JCMVCF, 2021 WL 665101, at *4 (D. Nev. Feb. 19, 2021).

For these reasons, 35.CN requests that the Court delay judgment and sanctions.

Respectfully Submitted,

Dated: October 28, 2022         **KRONENBERGER ROSENFELD, LLP**


By: _____s/ *Karl S. Kronenberger*_____
        Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.