Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
3000 El Camino Real
Bldg. 4, Suite 200
Palo Alto, CA 94306
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>　　　　Plaintiffs,<br>　　v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.<br><br>　　　　Defendants. | Case No. 19-CV-07071-SI<br><br>**BRIEFING BY DEFENDANTS ONLINENIC, INC AND DOMAIN ID SHIELD SERVICE CO., LIMITED RE: DKT. NO. 276** |

On October 17, 2022, the Court issued an order at Dkt. No. 276 (the "De Novo Order") denying the motion of defendants OnlineNIC, Inc, and Domain ID Shield Service Co. Limited

- 1 -

(together, the "OnlineNIC Defendants") for de novo review of the magistrate's Report and Recommendation ("R&R") in this case. Among other things, the R&R recommended that Plaintiffs' motion for sanctions be granted in part, and that statutory sanctions be awarded with respect to the 35 domain names at issue. In the De Novo Order, the Court further requested additional briefing on whether the Court should: (1) defer entry of default judgment; (2) enter default judgment but defer imposition of sanctions, or (3) impose entry of default judgment and impose sanctions immediately. These submissions are offered by OnlineNIC Defendants in response to that request.

At Dkt. No. 277, co-defendant Xiamen 35.com Internet Technology Co., Ltd ("35.CN") filed its own submissions in response to Dkt. No. 276 (the "35.CN Submissions"). OnlineNIC adopts and joins in the 35 Submissions.

Among other things, 35.CN asserts that Plaintiffs failed to provide notice to OnlineNIC Defendants with respect to 9 of the 35 domains at issue in this case.   See 35.CN Submissions, 1:22-28:

> This case concerns 35 allegedly infringing domain names. Plaintiffs primarily argue Other Defendants accepted liability for third-party customer-registrants' "registration, use, and/or trafficking" in the domain names by not providing customer contact information to Plaintiffs upon "reasonable notice." [*See* D.E. 109, *¶¶*5, 74, 75, 97, 111, 123, 135; *see also* D.E. 176, ¶29.] However, Plaintiffs have admitted that they sent no pre-complaint notice whatsoever for 9 "notices," and the notices that were sent were only (1) a handful of third-party faxes (which were not received), and (2) a mediation brief and a set of document requests that happened to contain a list of domain names. (*See* Email from D. Steele, June 16, 2022, to be memorialized in Plaintiffs' Discovery Responses.)[footnote omitted].

35.CN also asserts that there is no liability on Plaintiffs' "direct" registration theory of liability because OnlineNIC Defendants did provide the actual names of the registrants to ICANN as part of their escrow reports to ICANN. See 35.CN Submissions, 2:2-8.

If OnlineNIC did not receive proper notices of all 35 domains, then entry of judgment at this time is not appropriate because the R&R based its statutory damages analysis on ***all*** 35 domains, using a domain-by-domain name analysis.  Accordingly,  the statutory damages should be reduced to at least  26 domains, which would reduce the amount of statutory damages at issue.

The evidence in support of these claims is still being developed, since 35.CN states that it is "diligently conducting discovery" on these issues. See 35.CN Submission, at n. 2.

For their part, OnlineNIC Defendants were not aware of the notice issue because they ran out of funds to continue discovery or defend that case. See Dkt. No. 118:2:4-7.  (On July 14, 2021, OnlineNIC Defendants informed Plaintiffs that "Defendants are not in a position to continue to defend the litigation at this time due to inadequate financial resources and other matters"). However, 35.CN appears to be better funded than Online NIC Defendants and OnlineNIC Defendants are able to benefit from the independent work that 35.CN is doing on the case.

Moreover, 35.CN will be able to conduct additional discovery on whether Plaintiffs have accurately represented in their pleadings and submissions that they provided prior notice for all of 35 "Infringing Domains Names".  Specifically, due to the investigation of this matter by 35.CN, it has become clear that certain statements Plaintiffs made in the Second Amended Complaint, at Docket 109, are inaccurate. Specifically, in paragraphs 97, 111, 123, and135, repeat the following statement: "Since Defendants did not timely and accurately disclose the current contact information provided by the Licensees and the identity of the Licensees in response to Plaintiffs' Notices ***prior to the filing of the original Complaint***, Defendants are liable for the harm to Plaintiffs caused by those Licensees' use of the Infringing Domain Names in violation of the Lanham Act." (emphasis added; similar statement repeated in section (e) of the remedy section.) Note that paragraph 56 of the Second Amended Complaint expressly identifies ***all 35 domain*** names as the "Infringing Domain Names." We now know, however, due to the investigation of 35.CN, that for 9 of the Infringing Domain Names, Plaintiffs did not send notices prior to the filing of the original complaint.

If Plaintiffs failed to send notices for all Infringing Domain Names to OnlineNIC Defendants, then Plaintiffs' pleadings put into doubt the propriety of entering judgment at all, especially considering how the R&R conducted a domain-by-domain name analysis to determine damages, including for the suspect 9 domains for which there was no apparent pre-complaint notice. *Lilly & Co. v. Gitmed*, No. 116CV00178DADSAB, 2017 WL 1101827, at *2 (E.D. Cal. Mar. 23, 2017), *report and recommendation adopted*, No. 116CV00178DADSAB, 2017 WL

1788077 (E.D. Cal. May 4, 2017) (stating that entry of default judgment is not a matter of right and the court has discretion to determine whether default judgment should be entered).

For the reasons above, OnlineNIC Defendants respectfully request that the Court defer entry of judgment until the "notice" and "direct" theory of liability issues are resolved through further discovery and motion work. At a minimum, these issues go to the number of Infringing Domain Names at issue, which in turn drives the statutory damages award in any judgment.

DATED: October 28, 2022

Respectfully Submitted,

LEXANALYTICA, PC

By:  /s/ Perry J. Narancic

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHEILD SERVICE CO., LIMITED