TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka
FACEBOOK, INC.) and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD., <br><br> Defendants. | Case No. 3:19-cv-07071-SI <br><br> **PLAINTIFFS' ADDITIONAL BRIEFING IN SUPPORT OF FINAL DEFAULT JUDGMENT AGAINST ONLINENIC AND DOMAIN ID SHIELD** <br><br> Hon. Susan Illston |

# I. INTRODUCTION

The Court should enter final default judgment and impose sanctions immediately. Under Fed. R. Civ. P. 54(b), there is no just reason to delay entry of final judgment against OnlineNIC and Domain ID Shield ("the OnlineNIC Defendants"). Both the "judicial administrative interests" and the "equities" involved in this matter, *see Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980), warrant a finding by the Court that there is no just reason to delay entry of final judgment. Specifically, there is no risk of inconsistent judgments or the same issues being presented in successive appeals. And delaying entry of final judgment would prejudice Plaintiffs by allowing the OnlineNIC Defendants to dissipate their remaining assets and causing Plaintiffs to needlessly incur additional litigation costs.

Conversely, there is no risk of prejudice to 35.CN if final judgment were entered immediately. Indeed, the Court already rejected 35.CN's arguments for delaying judgment to permit litigation on the merits of the underlying claims against the OnlineNIC Defendants. (Doc. 276 at 12:1–14:14.)[1]

# II. ARGUMENT

Rule 54(b) "permits a district court to enter separate final judgment on any claim or counterclaim, after making an express determination that there is no just reason for delay." *Reiter v. Cooper*, 507 U.S. 258, 265 (1993). "[I]n deciding whether there are no just reasons to delay . . . , a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. Here, both the judicial administrative interests and the equities involved support a finding that there is no just reason to delay entering final default judgment against the OnlineNIC Defendants.

### A. Delaying entry of final judgment would not serve judicial administrative interests.

Under Rule 54(b), the district court considers the judicial administrative interests in preserving "the historic federal policy against piecemeal appeals." *Curtiss-Wright*, 466 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). This inquiry considers factors such as whether "the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

---

[1] Docket citations reference the ECF branded number in the upper-right corner of the page.

Here, the claims against the OnlineNIC Defendants are distinct and separate from the claims remaining to be decided against 35.CN, and the nature of the claims is such that the Court of Appeals will not be asked to decide the same issues more than once even if there are subsequent appeals. In its Order adopting Judge van Keulen's Report and Recommendation ("R&R"), the Court held that the claims against the OnlineNIC Defendants cannot be adjudicated on the merits and that lesser sanctions cannot suffice to cure the prejudice to Plaintiffs. (Doc. 276 at 11:8–26, 14:2–14.) These holdings conclusively resolve the claims against the OnlineNIC Defendants, and the remaining issues to be decided in adjudicating the claims against 35.CN—alter ego and direct participant liability—cannot call into question the resolution of the claims against the OnlineNIC Defendants. No proof could be adduced at trial that would require setting aside the default judgment, so there is no risk of inconsistent judgments that would create a just reason for delay.

Moreover, there is similarly no risk that immediate entry of final judgment against the OnlineNIC Defendants will result in the Court of Appeals being confronted with duplicative appeals. As the Court's Order recognized, "[i]f plaintiffs cannot establish 35.CN is an alter ego of OnlineNIC and ID Shield, then 35.CN will not be impacted by this Order. However, if 35.CN is the alter ego of the other defendants then it is also responsible for evidence spoliation, is not prejudiced, and justice requires 35.CN be held accountable for flouting discovery rules."[2] (Doc. 276 at 13:10–13); *see also U.S. Fidelity and Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1140 (9th Cir. 2011) (holding no error in certifying judgment under Fed. R. Civ. P. 54(b) while plaintiff's claims against alter egos remained pending). Therefore, any subsequent appeal by 35.CN would only concern alter ego and direct participant liability—not the underlying claims against the OnlineNIC Defendants. *See IMP Int'l, Inc. v. Zibo Zhongshi Green Biotech Co.*, No. EDCV141339JGBDTBX, 2015 WL 13357602, at *4–5 (C.D. Cal. Mar. 20, 2015) (holding final judgment against alter ego results in claim preclusion and bars relitigation of claims by alter ego). Accordingly, there is no risk that entering final judgment against the OnlineNIC Defendants now would

---

[2] Additionally, the terminating sanctions for spoliation "could potentially extend to 35.CN depending on how the issues around alter ego are decided." (Doc. 276 at 3:5–7.) 35.CN now appears to be continuing the OnlineNIC Defendants' pattern of discovery misconduct (*see id.* at 1:28–2:2, 3:13–16), resulting in numerous additional discovery disputes. (*See, e.g.*, Docs. 237, 247, 249, 254, 255, 257, 261, 263, 268, 269-03, 275.)

result in duplicative subsequent appeals.

**B.  Equity favors entry of final default judgment.**

After a district court satisfies itself that judicial administrative concerns do not pose just reason for delaying entry of final judgment under Rule 54(b), the court exercises its discretionary judgment to determine whether the particular equities present in the case provide just reason to delay entering final judgment. *See Curtiss-Wright*, 446 U.S. at 10. Here, a weighing of the equities favors immediate entry of default judgment and imposition of sanctions.

**1.  Plaintiffs will be prejudiced if final default judgment and sanctions are not imposed immediately.**

Plaintiffs have spent the past three years litigating against the OnlineNIC Defendants, during which time the OnlineNIC Defendants engaged in extensive discovery abuses, resulting in substantial litigation costs to Plaintiffs. Delaying entry of final judgment and immediate imposition of sanctions against the OnlineNIC Defendants will prejudice Plaintiffs by providing time during which the OnlineNIC Defendants may dissipate assets, costing Plaintiffs additional time and litigation expense,[3] and permitting the OnlineNIC Defendants to continue engaging in conduct that harms Plaintiffs.

First, delaying entry of final judgment and imposition of sanctions will prejudice Plaintiffs by providing additional time during which the OnlineNIC Defendants may dissipate assets necessary to satisfy judgment against them. *See Curtiss-Wright*, 446 U.S. at 12 (explaining that "if [defendant's] financial position were such that a delay in entry of judgment on [plaintiff's] claims would impair [plaintiff's] ability to collect on the judgment, that would weigh in favor" of final judgment under Rule 54(b)). Indeed, the Court already found a likelihood of immediate and irreparable injury by dissipation of assets and ordered a freeze of the OnlineNIC Defendants' assets. (Doc. 132 at 1:20–22; Doc. 143 at 3:11–23.) And given the OnlineNIC Defendants' history of dissipating assets in violation of a court order, *Verizon Cal. Inc. v. OnlineNIC, Inc.*, 647 F. Supp. 2d 1110, 1117–19 (N.D. Cal. 2009), sanctions should be imposed immediately to avoid further delay and opportunity for dissipation.

Second, delaying entry of final judgment will cost Plaintiffs additional time and litigation expense.

---

[3] Plaintiffs may seek recovery of reasonable attorneys' fees from 35.CN at the appropriate time.

The Court determined the claims against the OnlineNIC Defendants cannot be fairly litigated. (Doc. 276 at 14:2–14; *see also id.* at 11:24–26 ("[E]vidence that potentially exculpates defendants is inapposite here, where plaintiffs and the Court have no way of knowing what evidence was destroyed that would support plaintiffs' case.").) Beyond the unfairness that would result from forcing Plaintiffs to litigate these claims at a significant disadvantage due to the destruction of evidence—and rewarding 35.CN for its direct participation[4] in its alter egos' destruction of evidence—Plaintiffs would be forced to continue to devote significant time and resources to litigating claims that the Court has already determined cannot be fairly resolved on the merits.

Finally, delaying final judgment and a permanent injunction against the OnlineNIC Defendants will permit the OnlineNIC Defendants more time to continue to engage in the type of underlying conduct at issue in this lawsuit, which is causing ongoing harm to Plaintiffs.

**2.     There is no risk of prejudice to 35.CN.**

Entry of final default judgment against the OnlineNIC Defendants poses no risk of prejudice to 35.CN. 35.CN's potential liability is contingent upon a finding that it is the alter ego of the OnlineNIC Defendants or a direct participant in the acts giving rise to liability. Additionally, no due process concerns will be implicated by immediately entering final default judgment. 35.CN was named as a defendant in this action before Plaintiffs re-noticed their motion for terminating sanctions. As the Court recognized, the sanctions motion was "extensively (exhaustingly) briefed by all parties." (Doc. 276 at 12:17–18.) 35.CN had an opportunity to fully and fairly litigate the terminating sanctions issue, including opposing the motion for terminating sanctions, objecting to the R&R, and presenting oral argument to the Court. In these circumstances, due process concerns are not implicated. (*Id.* at 12:19–13:4.)

**C.     None of 35.CN's arguments present just reason for delay.**

35.CN's prior arguments suggested final default judgment should be delayed because 35.CN should have an opportunity to litigate the claims against the OnlineNIC Defendants on the merits,

---

[4] Employees of 35.CN destroyed the evidence because the "day-to-day operations" of the OnlineNIC Defendants, "including all technical support and customer support, are carried out by employees of 35.CN." (*See* SAC (Doc. 109) ¶¶ 45–46; Answer to SAC (Doc. 88) ¶¶ 45–46 (admitting).) Pursuant to stipulation, the Court ordered that the OnlineNIC Defendants' Answer to the First Amended Complaint (Doc. 88) is the operative responsive pleading to the SAC. (Doc. 108 at 2:23–24.)

including by asserting a defense based on the Proxy Service Issue. The Court rejected these arguments, holding that the evidence destroyed was crucial to Plaintiffs' case (Doc. 276 at 9:11–21), that the claims against the OnlineNIC Defendants ***cannot*** be fairly litigated on the merits due to the extensive spoliation (*id.* at 11:8–26, 14:2–14), and that the Proxy Service Issue is not dispositive (*id.* at 13:15–14:1 & n.7).

35.CN also argued Rule 54(b) required delaying entry of terminating sanctions, citing cases holding just reason for delay existed where some defendants failed to appear and answer, resulting in factually meritless procedural defaults. (Doc. 228 at 10:10–28.) But none of those cases involved default judgment as a sanction for discovery misconduct such as here (Doc. 276 at 12 n.6), where the Court is imposing default as a terminating sanction based on extensive fact finding and briefing by the parties. Accordingly, there is no risk that terminating sanctions against the OnlineNIC Defendants will later be set aside as a mere "factually meritless" default judgment. Under these circumstances, there is no just reason to delay entry of final default judgment. *See aPriori Technologies, Inc. v. Broquard*, No. 2:16-cv-9561-JAK-KS, 2018 WL 8809339, at *1 (C.D. Cal. Feb. 7, 2018) (holding no just reason for delay existed under Rule 54(b) and ordering entry of final default judgment against one of two defendants based on grant of plaintiff's motion for terminating sanctions).

## III. CONCLUSION

There is no just reason for delay. The claims against the OnlineNIC Defendants have been conclusively decided against them as a terminating sanction. Therefore, the only issues remaining in the case concern 35.CN's alter ego relationship with the OnlineNIC Defendants and 35.CN's role in the destruction of documents. Any delay in entering final judgment and imposing sanctions would serve only to benefit the OnlineNIC Defendants and 35.CN for their destruction of evidence. The Court should immediately enter final default judgment against the OnlineNIC Defendants and impose sanctions, including the relief contemplated in the Court's Order adopting the R&R (Doc. 276 at 15:8–19).

DATED: October 28, 2022              Tucker Ellis LLP

By: /s/David J. Steele
    David J. Steele
    Howard A. Kroll
    Steven E. Lauridsen

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.) and INSTAGRAM, LLC