1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    FACEBOOK, INC., et al.,                    Case No.  19-cv-07071-SI

8                  Plaintiffs,

9          v.                                   **ORDER RE: DEFAULT**

10   ONLINENIC INC, et al.,

11                 Defendants.

12

13          This Order should be read in conjunction with Judge van Keulen's report and

14   recommendation (Dkt. No. 225) and this Court's order on the motions for de novo review of Judge

15   van Keulen's report and recommendation (Dkt. No. 276).

16          On October 17, 2022, this Court adopted Judge van Keulen's report and recommendation

17   (Dkt. No. 225), with the exception that it deferred ruling on the question of whether to enter default

18   judgment against defendants OnLineNIC and ID Shield, pending further briefing.  Dkt. No. 276.

19   The Court is in receipt of the parties' briefs (Dkt. Nos. 277, 278, 279) and finds good cause to defer

20   entry of default judgment pending resolution of this case against defendant Xiamen 35.com

21   Technology Co., Ltd. ("35.CN.").

22          "[W]hen multiple parties are involved, the court may direct entry of a final judgment as to

23   one or more, but fewer than all, . . . parties only if the court expressly determines that there is no

24   just reason for delay." Fed. R. Civ. P. 54(b).  Whether to make that express determination is a matter

25   "exclusively within the discretion of the district court." *Illinois Tool Works, Inc. v. Brunsing*, 378

26   F.2d 234, 236 (9th Cir. 1967).  "[I]n deciding whether there are no just reasons to delay the appeal

27   of individual final judgments . . ., a district court must take into account judicial administrative

28   interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8

(1980).

The Court declines to exercise its discretion to enter default judgment against OnLineNIC and ID Shield at this time. Because plaintiffs allege that 35.CN is an alter ego of the other defendants, the Court disagrees with plaintiffs' assertion that entry of final judgment against the first two defendants could not result in piecemeal appeals of the same issues. Thus, judicial administrative interests weigh against entering default judgment now. The Court is persuaded by the cases that 35.CN cited and finds that delay of entry of default judgment is the more prudent course. *See, e.g., TPOV Enters. 16, LLC v. Paris Las Vegas Operating Co.*, No. 2:17-CV-346 JCM (VCF), 2021 WL 665101, at \*3-4 (D. Nev. Feb. 19, 2021) (finding that entry of default judgment after terminating sanctions were granted as to some but not all defendants was premature because the defendants were "similarly situated") (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001)).

Accordingly, the Court clarifies that Judge van Keulen's report and recommendation (Dkt. No. 225) is adopted, with the exception of Section IV ("Relief"), which the Court declines to adopt at this time. **The Clerk shall enter default – but not default judgment – against defendants OnlineNIC and ID Shield.**

In conjunction with the Order issued October 17, 2022, at Dkt. No. 276, this Order resolves plaintiffs' motion to strike defendants' answer and for default judgment against defendants OnlineNIC and ID Shield, Dkt. Nos. 117, 176.

**The Court sets a case management conference (to be held via Zoom) for Friday, February 3, 2023, at 2:30 p.m. Plaintiffs and 35.CN shall file a joint case management statement by January 27, 2023.**

**IT IS SO ORDERED**.

Dated: December 16, 2022

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

2