TUCKER ELLIS LLP
David J. Steele - SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen - SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Plaintiffs,
META PLATFORMS, INC. f/k/a FACEBOOK, INC. and INSTAGRAM, LLC

KRONENBERGER ROSENFELD, LLP
Karl S. Kronenberger - SBN 226112
karl@kr.law
Jeffrey M. Rosenfeld - SBN 222187
jeff@kr.law
Liana W. Chen - SBN 296965
liana@kr.law
Leah Rosa Vulić - SBN 343520
leah@kr.law
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendants,
XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC INC., DOMAIN ID SHIELD SERVICE CO., LIMITED, and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 3:19-cv-07071-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: March 3, 2023<br>Time: 10:30 a.m.<br>Courtroom: 1 – 17th Floor (via Zoom)<br><br>Hon. Susan Illston |

Plaintiffs Meta Platforms, Inc. and Instagram, LLC (collectively, "Meta") and Defendant Xiamen 35.com Internet Technology Co., Ltd. ("35.CN") submit this Joint Case Management Statement and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1.   Jurisdiction and Service: The parties agree that the Court has federal question jurisdiction over the federal causes of action alleged in the complaint pursuant to 28 U.S.C. § 1331. All parties have been served. There are no issues concerning venue; however, 35.CN maintains that this Court lacks personal jurisdiction over it and has pled that as an affirmative defense. Meta contends that this Court has jurisdiction over all Defendants.

2.   Facts:

**Meta's Statement**

Defendants OnlineNIC Inc. ("OnlineNIC") and Domain ID Shield Service Co., Limited ("ID Shield" and, collectively with OnlineNIC, the "OnlineNIC Defendants") have for years registered (as the registrant), used, and trafficked in domain names (such as hackingfacebook.net) that have been used for malicious activity, including phishing and hosting websites that purport to sell hacking tools. The OnlineNIC Defendants have also repeatedly failed to take appropriate "steps to investigate and respond appropriately to any reports of abuse" as required by the Internet Corporation of Assigned Names and Numbers ("ICANN") Registrar Accreditation Agreement ("RAA") and have failed to provide abusive domain name registrants' names and contact information to victims of online abuse as required under the RAA.[1] As a result, Meta brought claims for violations of the Anticybersquatting Consumer Production Act, trademark infringement, false designation of origin, and dilution, 15 U.S.C. §§ 1114(1), 1125(a), (c)-

---

[1] Below, 35.CN cites *Balsam v. Tucows Inc.,* 627 F.3d 1158 (9th Cir. 2010) for the proposition that the Ninth Circuit has rejected Meta's claims of liability shifting based on Section 3.7.7.3 of the RAA. 35.CN already raised its "no third-party beneficiary to the RAA" argument in its motion to dismiss. ECF No. 174 at 19:26-20:2. As Meta explained in its opposition, this is a straw man claim not advanced in the Second Amended Complaint. Unlike in *Tucows*, Meta seeks not to enforce a provision of the RAA but instead to enforce the provision in OnlineNIC's Registration Agreement that the RAA required OnlineNIC to include in its own contract. ECF No. 190-05 at 23-24. The Court already rejected as a matter of law 35.CN's arguments concerning this issue when it denied 35.CN's motion to dismiss. ECF No. 207 at 10:23-11:6.

(d). During discovery, Meta learned that the OnlineNIC Defendants are merely an instrumentality, agency, conduit, or adjunct of 35.CN, and Meta therefore amended its complaint to name 35.CN as a defendant. Further, a Special Master appointed by the Court determined that the OnlineNIC Defendants deliberately destroyed huge swaths of evidence, creating irreparable prejudice to Meta's case and resulting in the Court entering terminating sanctions against them. *See generally* ECF Nos. 115, 225, 276, 291.

Accordingly, as the Court has recognized, the remainder of this case is about whether 35.CN is an alter ego of the OnlineNIC Defendants or the direct participant in the OnlineNIC Defendants' conduct, including their cybersquatting, trademark infringement, and spoliation of evidence. *See, e.g.*, ECF No. 276 at 13 ("If plaintiffs cannot establish 35.CN is an alter ego of OnlineNIC and ID Shield, then 35.CN will not be impacted by this Order. However, if 35.CN is the alter ego of the other defendants then it is also responsible for the evidence spoliation, is not prejudiced, and justice requires 35.CN be held accountable for flouting discovery rules."); *see also* ECF No. 207 at 7-8 (finding serious issues of fact as to alter ego); ECF No. 226 at 6 (noting serious allegations of spoliation of evidence as to the OnlineNIC Defendants could potentially extend to 35.CN depending on how the issues around alter ego are decided). If 35.CN is not the alter ego of or direct participant in the conduct of the OnlineNIC Defendants, then Meta has no claims against 35.CN. As a result, these are the only issues remaining in this action.

35.CN, however, seeks to completely re-litigate the merits of this case and require Meta to prove each claim. However, as this Court has already found, the evidence needed to do so would have been solely in the possession of the OnlineNIC Defendants and has been destroyed, such that a fair trial on the merits would be impossible. *See, e.g.*, ECF No. 276 at 11 (finding prejudice and stating "plaintiffs and the Court have no way of knowing what evidence was destroyed that would support plaintiffs' case") (citing ECF No. 225 at 19 (R&R)); *id.* at 9 ("of the most critical evidence type . . ., 76.7% was deleted. . . . Therefore Defendants have caused irreparable harm to Plaintiffs through permanently deleted responsive database records and attachment files, that they will never see or know the contents.") (quoting ECF No. 115 at 40 (Special Master's Report), *adopted*, ECF No. 151). Accordingly, the Court entered terminating sanctions against the OnlineNIC Defendants (ECF Nos. 225, 276, 291), and allowing 35.CN to attempt to litigate this action beyond the issues of alter ego and direct participant liability would severely prejudice Meta.

At this juncture, the only principal factual issues in dispute in this action revolve around the connection between 35.CN and the OnlineNIC Defendants, including the extent to which 35.CN was involved in the OnlineNIC Defendants' discovery malfeasance.

**35.CN's Statement**

Meta brought a lawsuit concerning the registration of 35 domain names by third parties who used Defendant OnlineNIC as the registrar. No Defendant in this case registered any of the 35 domain names, and Meta admits that they have the identities of the third parties who registered these domain names, which was information provided to Meta years ago in this litigation.

Meta relies on a contractual third-party beneficiary theory, arising out of the agreement between Defendant OnlineNIC and ICANN, to argue that OnlineNIC is liable for cybersquatting. This theory has been expressly rejected by the Ninth Circuit in *Balsam v. Tucows Inc.,* 627 F.3d 1158 (9th Cir. 2010) (holding plaintiff could not bring tort or other claims as a matter of law based on violations of RAA section 3.7.7.3, including because the RAA prohibits third-party beneficiaries and as section 3.7.7.3 does not even create any obligation between the parties to the contract, i.e., ICANN and the registrar). The facts outline that Meta was expressly aware that they did not have third-party beneficiary rights, yet they brought this case, and have continued it for years, willfully against Defendants.

Even without that clear case law, Meta's reliance on section 3.7.7.3 of the RAA is misplaced as Meta did not provide notice of reasonable evidence of actionable harm to Defendants, and Meta's entire theory relies upon a finding that OnlineNIC/ID Shield was a proxy service (where domain names were in the name of OnlineNIC/ID Shield as a proxy), despite the fact that all 35 of the domain names were "registered" in the names of the third-party registrants, not in the name of OnlineNIC or ID Shield. Due to the major problems that Meta has in proving this case, they engaged in aggressive tactics to overwhelm the massively underfunded OnlineNIC, which was a factor in OnlineNIC's discovery conduct that led to issues with database files, resulting in a terminating sanction against OnlineNIC and ID Shield. And now, Meta seeks to hold 35.CN liable based on that same terminating sanction. Stated differently, the only way Meta can prevail is by achieving a judgment that is not on the merits.

However, if the Court has personal jurisdiction over 35.CN, which is disputed, then 35.CN is entitled to a judgment on the merits in this case. 35.CN should be allowed to defend against the (lack of)

underlying liability and damages for OnlineNIC and ID Shield, in particular because Meta repeats in this document how they are seeking judgment against 35.CN as a "direct participant" as an alternative to alter ego liability. Meta relies on ECF No. 276, but the Court in ECF No. 291 (which delayed default *judgment*) stated it was "persuaded by the cases that 35.CN cited" and that it "disagrees with plaintiffs' assertion." In particular, as outlined in ECF No. 277 (brief preceding the order), an alter ego defendant is allowed to defend against underlying claims, and there is a risk of inconsistent judgments when there is default judgment against one defendant but another similarly situated defendant defeats liability or damages. Contrary to Meta's assertions, there is no re-litigation on the merits because there has been no litigation on the merits, only discovery sanctions (after oppressive discovery tactics).

Regarding (the lack of) alter ego liability, Meta relies on brief connections in ownership between OnlineNIC and 35.CN that occurred decades ago, despite the companies having separate management, finances, servers, and records. Although 35.CN went public in China, publicly documenting its finances, ownership, directors, and shareholders, Meta has not been satisfied because the evidence does not show want it wants. Further, the evidence shows that 35.CN does not have enough contacts with California or the United States to justify personal jurisdiction over 35.CN and that none of 35.CN's actions in its contract with OnlineNIC have subjected 35.CN to personal jurisdiction in this Court for this case.

At this point, 35.CN wants to expedite this case so that it can achieve a decision on jurisdiction and the merits as soon as possible.

3. <u>Legal Issues</u>: Meta asserts that the following legal issues are disputed:

   a. Whether the OnlineNIC Defendants are mere shell companies for and alter egos of 35.CN, collectively acting as a single business enterprise. *See, e.g.*, *See Toho-Towa Co. v. Morgan Creek Prods., Inc.*, 217 Cal.App.4th 1096, 1108-1109 (2013) (listing factors to determine whether a single enterprise exists); *DEPCOM Power, Inc. v. CSUN Solar, Inc.*, No. 18-cv-00729-JST, 2020 WL 5176193 at *4 (N.D. Cal. July 30, 2020) (listing factors); *Wells Fargo Bank, N.A. v. Weinberg*, 227 Cal.App.4th 1, 8 (2014) (hindering discovery of alter ego facts another factor to consider).

   b. Whether 35.CN is a direct participant in the conduct of the OnlineNIC Defendants, including the OnlineNIC Defendants' cybersquatting, trademark infringement, and

spoliation of evidence. *See, e.g.*, *L.B. Indus., Inc. v. Smith*, 817 F.2d 69, 71 (9th Cir. 1987); *United States v. Bestfoods*, 524 U.S. 51, 65 (1998); Fed. R. Civ. P. 37(b)(2)(A)(vi), (c)(1)(C), & (e)(2)(C); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995).

c. Whether, as a result of being an alter ego of OnlineNIC and/or Domain ID Shield, 35.CN is subject to the jurisdiction of this Court. *Certified Bldg. Prods., Inc. v. NLRB*, 528 F.2d 968, 969 (9th Cir. 1976).

d. Whether 35.CN purposefully availed itself of the privileges of doing business in this forum or whether 35.CN purposefully directed its activities at this forum such that the Court has personal jurisdiction over 35.CN. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *Calder v. Jones*, 465 U.S. 783 (1984); Cal. Civ. Proc. § 410.10 (California long-arm statute).

e. Whether discovery should be limited to the two outstanding issues left in this case: (1) if 35.CN is the alter ego of or the direct participant in the activities of the OnlineNIC Defendants and (2) if this Court has personal jurisdiction over 35.CN.

35.CN asserts the additional disputed legal issues:

a. Whether Meta can enforce the RAA (third-party contract with ICANN) against Defendants, despite clear Ninth Circuit precedent in *Balsam v. Tucows Inc.,* 627 F.3d 1158 (9th Cir. 2010) (holding plaintiff could not bring tort or other claims as a matter of law based on violations of RAA section 3.7.7.3, including because the RAA prohibits third-party beneficiaries and as section 3.7.7.3 does not even create any obligation between the parties to the contract, i.e., ICANN and the registrar). All of Meta's claims rely on this invalidated third-party beneficiary argument (claim 1 in part and claims 2-4 in full), and the Court's prior order referencing this issue only held that the trademark claims were "adequately pled" and did not make any final findings. ECF No. 207 at 10:23-11:6.

b. Whether Meta provided reasonable notice of actionable harm under the RAA (if a violation of the RAA does provide for a cause of action in this case, which it does not).

c. Whether the RAA provision that Meta relies upon applies to ID Shield as a "privacy

6

service" compared with a "proxy service" (and the status of ID Shield) (again, if a violation of the RAA does provide for a cause of action in this case, which it does not).

    d. Whether there is a basis for personal jurisdiction over 35.CN.

    e. Whether there is a basis for alter ego or direct participant liability over 35.CN.

    f. Whether any Defendant registered, trafficked in, or used the 35 domain names.

    g. Whether 35.CN was a "direct participant" in any of the alleged wrongdoing.

4.   <u>Motions</u>: Meta intends to file a motion for terminating sanctions against 35.CN due to 35.CN and the OnlineNIC Defendants being alter egos of one another, thus making 35.CN liable for the OnlineNIC Defendants' spoliation of evidence. 35.CN intends to file a motion for summary judgement on the following issues: (1) whether Meta provided reasonable evidence of actionable harm to ID Shield as required by Section 3.7.7.3 of the RAA; (2) whether ID Shield is a privacy or a proxy service; and (3) whether the Court has personal jurisdiction over 35.CN. 35.CN further intends to seek leave to file a short and narrow motion for partial summary judgment regarding Meta's non-viable secondary liability claim theory, i.e., Plaintiffs claim Defendants are liable to Plaintiffs based on a violation of the section 3.7.7.3 of the RAA, considering how the Ninth Circuit has expressly held that section 3.7.7.3 of the RAA does not authorize such claims. *Balsam v. Tucows Inc.,* 627 F.3d 1158 (9th Cir. 2010) (holding plaintiff could not bring tort or other claims as a matter of law based on violations of RAA section 3.7.7.3). This motion for partial summary judgment would but seek to strike the claims based on the RAA and third-party beneficiary arguments, which is a remedy not authorized in a motion to dismiss or motion on the pleadings. This can be filed relatively soon and potentially dispose of a large portion of the case, saving the parties a significant amount of time and expense. 35.CN does not intend to give up its right to file a full motion for summary judgment on personal jurisdiction, alter ego liability, and the fact-focused secondary liability claims, which it intends to file and will require significant briefing and exhibits, and for which Meta will likely argue that full discovery is still needed prior to such motion; 35.CN will thus seek leave to file the first, and partial, summary judgment motion separately.

The parties have already filed the following substantive motions, not including discovery dispute motions between Meta and 35.CN, which are discussed later:

<u>Meta</u>:

7

Motion to Appoint International Process Server, ECF No. 16 (granted); Motion for Special Discovery Master, ECF No. 61 (granted); Motion for Leave to File First Amended Complaint, ECF No. 68 (granted); Motion to Compel Business Records From OnlineNIC Defendants, ECF No. 78 (denied); Motion to Compel Financial Documents From OnlineNIC Defendants, ECF No. 79 (granted); Motion to Compel and for Sanctions Against OnlineNIC Defendants, ECF No. 96 (partially denied as to certain internal financial systems, partially granted with order that Meta could propound special interrogatories and special Rule 30(b)(6) depositions concerning financial information, request for sanctions denied without prejudice); Motion to Extend Case Schedule, ECF No. 98 (granted); Motion for Terminating Sanctions as to OnlineNIC Defendants, ECF Nos. 117, 176 (granted); Emergency Ex Parte Application to Freeze Assets, ECF No. 129 (granted in part and denied in part); and Motion to Strike OnlineNIC Defendants' Joinder in 35.CN's Motion to Dismiss, ECF No. 195 (granted).

OnlineNIC Defendants:

Motion to Maintain Confidentiality Designations and for Protective Order, ECF No. 47 (denied and OnlineNIC Defendants ordered to take corrective steps for document productions); Motion to Withdraw as Attorney, ECF No. 121 (withdrawn); Motion to Withdraw Non-Opposition to Motion for Terminating Sanctions, ECF No. 185 (granted); and Motion for De Novo Review of R&R to Enter Default Judgment, ECF No. 229 (overruled).

35.CN

Motion to Dismiss, ECF No. 174 (denied); Motion to Bifurcate and Stay Discovery, ECF No. 213 (denied); Motion for De Novo Review of R&R to Enter Default Judgment, ECF No. 228 (overruled); and Administrative Motion for Evidentiary Hearing on Motion for Terminating Sanctions, ECF No. 238 (denied).

5. Amendment of Pleadings: The operative pleadings in this action are Meta's Second Amended Complaint (ECF No. 109) and 35.CN's Answer thereto (ECF No. 210). The Court has stricken OnlineNIC and ID Shield's Answer to the Second Amended Complaint (ECF Nos. 88, 108), and the Clerk has entered their default. ECF Nos. 225, 276, 291, 292. At this time, neither Meta nor 35.CN anticipates further amendments to the pleadings.

6. Evidence Preservation: The parties have reviewed the Court's Guidelines Relating to the

Discovery of Electronically Stored Information, and they have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure concerning reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Court has already entered a stipulated order governing discovery of Electronically Stored Information ("ESI"). ECF No. 36.

7. <u>Disclosures</u>: Meta, OnlineNIC, and ID Shield exchanged initial disclosures on January 21, 2020 in compliance with Rule 26(a)(1) of the Federal Rules of Civil Procedure. Meta supplemented its disclosures on March 17, 2022 (which also acted as Meta's initial disclosures to 35.CN). 35.CN served its initial disclosures on March 24, 2022 and supplemented those disclosures on May 25, 2022.

8. <u>Discovery</u>: Meta's position based on the procedural posture of this case and this Court's orders is that there are only two issues remaining in discovery—namely, whether 35.CN is the alter ego of and/or the direct participant in the activities of the OnlineNIC Defendants and whether this Court has personal jurisdiction over 35.CN. *See* ECF No. 207 at 8-9 (finding, *inter alia,* that Meta had raised "serious questions" regarding the alter ego relationship between 35.CN and the other defendants and ordered that "the parties shall proceed with discovery, including fact finding into issues regarding general and specific jurisdiction"); *see also* ECF No. 226 at 6 ("There are serious allegations of spoliation of evidence against [the OnlineNIC Defendants] . . . . To understand whether these allegations extend to 35.CN and how, if at all, they impact 35.CN, additional non-bifurcated discovery is required including with respect to the issue of alter ego."). 35.CN disputes Meta's position as indicated above.

<u>Meta</u>:

Meta and 35.CN have engaged in written discovery, and Meta and 35.CN have engaged in an extensive number of discovery disputes involving Meta's contentions that 35.CN has not produced documents in discovery or properly responded to interrogatories. *See, e.g.*, ECF Nos. 237, 239, 243, 247-49, 254-55, 257-58, 263, 268-71, 275, 280-81, and 283-86. Despite these numerous discovery motions, pending discovery disputes remain concerning the court-ordered discovery on alter ego and direct participant liability. Meta served written discovery on 35.CN in February 2022 requesting, among other items, facts and documents relating to Meta's alter ego claims and Defendants' destruction of evidence. These discovery requests focused on payments between 35.CN and OnlineNIC, loans to OnlineNIC by

individuals connected with 35.CN, and a description of the work 35.CN employees performed for OnlineNIC. To date, one year later, 35.CN has yet to adequately respond to these discovery requests—despite the Court having ordered the parties to proceed with discovery on alter ego. *See* ECF No. 207 at 8-9; ECF No. 226 at 6. Indeed, 35.CN disputes that any evidence was destroyed.

35.CN:

Meta and 35.CN have also engaged in extensive meet-and-confer communications regarding 35.CN's contentions that Meta has not adequately responded to discovery or produced documents (instead relying on an unsupported privilege/work product argument) regarding its robo-faxer for the notices, AppDetex. The issues have been ongoing for about 10 months, with Plaintiffs failing to produce all responsive documents, such as key contracts, communications, and identification of witnesses. 35.CN has sent its portion of a joint motion to compel letter to Meta twice over several months, and the parties have discussed on at least two Zoom calls and emails, and 35.CN intends to proceed with its motion.

Joint:

The parties anticipate propounding additional written discovery and taking depositions. The parties anticipate taking non-party discovery, potentially including non-party discovery involving international entities, as well as from OnlineNIC and ID Shield due to them being in default. The parties agree that any party or third-party depositions shall be subject to applicable international laws where appropriate.

The parties have met and conferred and have developed the following discovery plan pursuant to Rule 26(f):

(A) The parties do not believe there should be any changes to the timing, form, or requirements for initial disclosures, which the parties have already exchanged, subject to 35.CN's comments above.

(B) The parties anticipate taking discovery concerning at least the following topics:

Meta:

- Whether Defendant 35.CN is an alter ego of Defendants OnlineNIC and Domain ID Shield and whether 35.CN is a direct participant in the actions of OnlineNIC and Domain ID Shield, including the role Carrie Yu aka "Hongxia Yu" aka "Carrie Arden" has in each of these companies;

- Defendant 35.CN's activities in the United States and in California, including any activities

10

that would form the basis for this Court's personal jurisdiction over 35.CN; and

- The degree to which Meta is entitled it its attorneys' fees and the amount of statutory damages that should be awarded against Defendants.

35.CN:

- Whether Meta provided reasonable notice of actionable harm, including prior to the filing of the original complaint, to support their secondary liability theory.
- Whether there is evidence to support Meta's argument that the case is exceptional, warranting recovery of fees under the Lanham Act.
- Whether Plaintiffs had a factual and legal basis for their claims, including factual and legal claims concerning secondary liability/third-party beneficiary claims and/or that Defendants received and/or were not responding to robofax "notices."
- Meta's conduct through and with third-party "AppDetex," including robofax "notices" purportedly sent to Defendants (after Defendants' prior communications by email).
- Note that all of the above discovery would not be needed if 35.CN would prevail on a motion for partial summary judgment, as outlined above.

Joint:

(C) As discussed in Section 6, above, the parties have met and conferred concerning the preservation and production of ESI, and the Court has entered an ESI Order. ECF No. 36.

(D) The Court has entered a Federal Rule of Evidence 502 claw back order. ECF No. 37.

(E) The parties have a dispute concerning the number of depositions that should be permitted. Meta contends that the Federal Rules of Civil Procedure should control; however, 35.CN contends that Meta should be limited to only two or three depositions of 35.CN's personnel due i) to the logistics of 35.CN's witnesses being located in China, ii) to how the number of depositions should be minimized considering the outstanding jurisdictional arguments, and iii) to how a significant number of depositions with international deponents where translators are required would be disproportionate to the value of this case, which is about 35 domain names registered by third parties. Meta is concerned that 35.CN may not make its witnesses available for trial in the United States, thus further underscoring Meta's need to take the full number of depositions permitted under the Rules. Further, Meta anticipates needing extra time to

take these depositions because many, if not all, of 35.CN's witnesses will require the aid of an interpreter. Meta does not currently propose any modifications or limitations to the discovery rules except that expert depositions will not count against the total number of depositions a party may take in this action. Considering how Meta and Instagram have already served 147 RFPs and 118 RFAs in what 35.CN contends is a relatively small case involving only thirty-five domain names, 35.CN proposes the following limitations:

i) Meta and Instagram shall be treated as one "party" for the purpose of discovery limitations;

ii) No party may propound more than 165 RFPs and 135 RFAs in this action;

iii) Not including expert depositions, each party may only notice five depositions, and, subject to Chinese and international law, no party may notice more than three depositions of 35.CN representatives/employees due to the personal jurisdictional issues and the burden of taking depositions of people in China, where interpreters and travel outside China are required for any deposition.

(F) The Court has entered a two-tiered protective order pursuant to Rule 26(c). ECF No. 35. Meta anticipates that it may need to seek a protective order to prevent 35.CN from seeking discovery beyond the only outstanding issues in this case—namely, 35.CN's involvement with and control over the OnlineNIC Defendants and whether this Court has personal jurisdiction over 35.CN. 35.CN disputes Meta's position and will seek full discovery on the merits of the case. The parties do not propose bifurcation at this time, except for the issue addressed above as requested by 35.CN. The parties do not currently anticipate requesting any additional orders pursuant to Rule 16(b) and (c).

9. Class Actions: This action is not a class action.

10. Related Cases: Meta asserts that there are currently no related cases. 35.CN asserts that the following case is a related case: *Meta Platforms, Inc., et al. v. Xiamen 35.com Internet Technology Co., Ltd.*, No. 1:22-mc-00120-BLW.

11. Relief: For Defendants' alleged acts of cybersquatting, Meta seeks statutory damages in the amount of $100,000 per domain name pursuant to 15 U.S.C. § 1117(d). Meta also intends to seek, in an amount according to proof, either its actual damages or Defendants' profits, as well as the costs of this action, for Defendants' alleged trademark and service mark infringement, false designation of origin, and willful dilution pursuant to 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c). Meta will seek to have these

damages trebled pursuant to 15 U.S.C. § 1117(a). Meta will further seek permanent injunctive relief pursuant to 15 U.S.C. § 1116. Finally, Meta will seek its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a). Meta also seeks $88,937 as a reimbursement for its payment of the Special Master's costs. *See* ECF No. 225 at 33.

12. <u>Settlement and ADR</u>: The parties have met and conferred concerning an ADR process pursuant to ADR Local Rule 3-5. The parties agree that private mediation would have the highest chance of a successful resolution of this action as private settlement negotiations have not been fruitful to date. The parties have otherwise complied with the certification requirements of ADR Local Rule 3-5(b).

<u>Meta</u>:

Meta believes the ADR session will have the highest chance for success if the parties have disclosed information or completed discovery concerning Meta's alter ego and direct participant theories and this Court's personal jurisdiction over 35.CN.

The parties also anticipate that Meta's motion for terminating sanctions as to 35.CN needs to be resolved prior to the ADR session.

<u>35.CN</u>:

35.CN states that this case has been ongoing for years, including extensive discovery before and after 35.CN was added as a Defendant, and that the case is ripe for a productive mediation or settlement conference, including to avoid further expenses and delay on what has become a case about Plaintiffs' seeking attorney's fees through terminating discovery sanctions (rather than claims on the merits for 35 domain names). 35.CN does not believe that Meta's motion for terminating sanctions will be warranted at all nor should it preclude an ADR session.

13. <u>Consent to Magistrate Judge for All Purposes</u>: 35.CN has not consented to have a magistrate judge conduct all further proceeding including trial and entry of judgment.

14. <u>Other References</u>: The parties do not believe this case is currently suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>:

<u>Meta</u>:

Other than a motion to determine personal jurisdiction over 35.CN, Meta's motion for terminating

sanctions as to 35.CN, and Meta's potential motion for a protective order concerning 35.CN's discovery, the parties do not currently anticipate any preliminary motions that may narrow the issues in this action.

35.CN:

35.CN also states that the issues can be significantly narrowed through its anticipated motion for summary adjudication, assuming the Court would grant leave for such a motion.

Joint:

The parties will continue to meet and confer to seek ways to expedite the presentation of evidence at trial based on what claims survive summary judgment and what evidence is to be presented. The parties do not currently request bifurcation of any issues, claims, or defenses, except as requested and outlined above by 35.CN.

16. Expedited Trial Procedure: The parties have reviewed the Expedited Trial Procedure of General Order No. 64 Attachment A. The parties do not believe this is the type of case that can be handled pursuant to those expedited procedures.

17. Scheduling:

35.CN:

Meta filed this case on October 28, 2019, and amended the complaint to add 35.CN on June 1, 2021. Further, while 35.CN disagrees, Meta claims that there are only two matters at issue now, as they state above: "namely, whether 35.CN is the alter ego of and/or the direct participant in the activities of the OnlineNIC Defendants and whether this Court has personal jurisdiction over 35.CN." Based on this position, it is clear that Plaintiffs have been sitting on their hands and not moving forward with whatever discover they supposedly need. 35.CN wants to move this case forward as promptly to the parties, including for proportionality issues, considering a significant amount of money is being spent over just 35 domain names, which were registered by third-parties and not any of the Defendants. Plaintiffs have sat on their hands long enough, and it is time to move this case toward the end of fact discovery this summer.

The parties propose the following schedule:

| Event | Meta's Proposal | Defendants' Proposal |
|---|---|---|
| Fact Discovery Cut-off | February 23, 2024 | July 22, 2023 |
| Last Day to Serve Initial Expert Reports | March 22, 2024 | August 22, 2023 |
| Last Day to Serve Rebuttal Expert Reports | April 22, 2024 | September 22, 2023 |
| Expert Discovery Cutoff | May 20, 2024 | October 22, 2023 |
| Last Day to Complete Private Mediation | June 1, 2024 | December 1, 2023 |
| Dispositive Motion Filing Deadline | June 7, 2024 | December 7, 2023 |
| Final Pretrial Conference | September 13, 2024 | March 13, 2024 |
| Trial | September 30, 2024 | March 29, 2024 |

18. <u>Trial</u>: Meta anticipates a bench trial of three days. Defendants anticipate a ten-day jury trial. Meta asserts that a jury trial is not appropriate given that alter ego liability represents an equitable issue within the clear province of the trial court. *See, e.g.*, *Shenyang Ying Yun Bus. Grp. v. Quan Kun Int'l, Inc.*, No. C-92-3703 MHP, 1993 WL 165310, at *9 (N.D. Cal. May 7, 1993) ("The alter ego doctrine is based in equity and is within the clear province of the trial court."); *Cummings v. Worktap, Inc.*, No. C 17-6246 SBA, 2019 WL 4221652 (N.D. Cal. Sept. 4, 2019) ("There is no right to a jury trial for alter ego claims because they are equitable in nature."). 35.CN asserts underlying liability is still at issue.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: The parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In their certifications, the parties state that, other than the named parties and their shareholders, the parties had no interest to report. Plaintiffs further explained in their Rule 7.1 Disclosures that Meta Platforms, Inc., fka Facebook, Inc., is the parent of Instagram, LLC and that Meta Platforms, Inc. has no parent corporation and, to its knowledge, no publicly traded company owns 10% or more of its stock. OnlineNIC and ID Shield disclosed under Federal Rule of Civil Procedure 7.1 that OnlineNIC, Inc. is the parent of Domain ID Shield Service Co., Limited, and that no publicly traded company owns 10% or more of Defendants' stock. 35.CN has disclosed that, other than the named parties and the shareholders of the parties, it has no interest to report pursuant to Civil L.R. 3-15.

20. <u>Professional Conduct</u>: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other Matters</u>: At this time, the parties do not currently anticipate the need to discuss other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED: February 24, 2023                               Tucker Ellis LLP


By:  /s/David J. Steele
    David J. Steele

    Attorneys for Plaintiffs,
    META PLATFORMS, INC. (fka
    FACEBOOK, INC.) and INSTAGRAM, LLC

DATED: February 24, 2023                               Kronenberger Rosenfeld, LLP


By:  /s/Karl S. Kronenberger
    Karl S. Kronenberger

    Specially Appearing as Attorneys for
    Defendant
    XIAMEN 35.COM INTERNET
    TECHNOLOGY CO., LTD.

### **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that all other signatories listed and on whose behalf this filing is made concur in the filing of this document and have granted permission to use an electronic signature.

                                                               /s/David J. Steele

## CASE MANAGEMENT ORDER

The above Joint Case Management Statement and Proposed Order is approved as the Case Management Order for this case, and all parties shall comply with its provisions.

**IT IS SO ORDERED.**

DATED: _____

                                        Susan Illston
                                        United States District Judge