# Exhibit 1

# [REDACTED - EXHIBIT LODGED UNDER SEAL]

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Liana W. Chen (Bar No. 296965)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
liana@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **META PLATFORMS INC.**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**ONLINENICINC.**, et al.,<br><br>Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S FURTHER AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES PER DISCOVERY ORDER D.E. 286; AND UPDATED APPENDIX A**<br><br>**CONTAINS CONFIDENTIAL MATERIAL DESIGNATED UNDER THE PROTECTIVE ORDER** |

4. Defendant objects to the Interrogatories to the extent that they seek information in the possession, custody, or control of individuals or entities other than Defendant on the grounds that each such Interrogatory is unduly burdensome and oppressive, and such information is equally available to Plaintiffs.

5. Defendant objects to these Interrogatories as largely compound.

6. Each of the foregoing General Objections is a continuing objection, which Defendant incorporates by reference into each specific response to each of the Interrogatories below as if fully set forth herein.

**AMENDED AND SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 2:**

Describe the business, corporate, working or other relationship between 35.CN and ONLINENIC, including the services which 35.CN performs for or on behalf of ONLINENIC, and any monetary payment which 35.CN receives for those services.

**FURTHER RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory as compound.

Subject to and without waiving the foregoing objections, Defendant responds as follows: [redacted]



**THIS RESPONSE IS CONFIDENTIAL.**

**INTERROGATORY NO. 6:**

IDENTIFY all employees of 35.CN for each year since 2009 that performed work for ONLINENIC and describe the work each of these employees performed.

**FURTHER RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this Interrogatory as compound and to the extent Chinese law bars the provision of responsive information, including as it relates to private information of third-party individuals. Defendant is not withholding information based on this objection.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

**INTERROGATORY NO. 8:**

IDENTIFY all employees of 35.CN who were involved in, or participated in, the production of discovery or the destruction of evidence in this case as described by the Special Discovery Master's Data Destroyed or Withheld Report.

**FURTHER RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this Interrogatory as argumentative and premised on a disputed fact, including as to the characterization "destruction of evidence."

Subject to and without waiving the foregoing objections, Defendant responds as follows:

**THIS RESPONSE IS CONFIDENTIAL.**

**INTERROGATORY NO. 13:**

Describe the reasons why the individuals identified as lenders of money to ONLINENIC in Exhibits 5.1 and 5.2 to the Responses Of OnlineNIC, Inc. and Domain ID Shield To Plaintiff Facebook, Inc.'s Special Court Ordered Interrogatories, attached as Exhibit 1 to these Interrogatories, loaned money to ONLINENIC, and their business or personal relationship, if any, with 35.CN and/or GONG.

**FURTHER RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this Interrogatory as confusing, compound, vague, and ambiguous, including as to "individuals identified as lenders of money" and "business or personal relationship." Defendant objects to this Interrogatory on grounds of proportionality as the discovery references information and documents provided by OnlineNIC.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**INTERROGATORY NO. 14:**

Describe the reasons why the individuals identified as payees for loans made to ONLINENIC in Exhibit 6 to the Responses Of OnlineNIC, Inc. and Domain ID Shield To Plaintiff Facebook, Inc.'s Special Court Ordered Interrogatories, attached as Exhibit 2 to these Interrogatories, were repaid on loans made by others, and their business or personal relationship, if any, with 35.CN and GONG.

**FURTHER RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to this Interrogatory as confusing, compound, vague, and ambiguous, including as to "individuals identified as lenders of money" and "business or personal relationship." Defendant objects to this Interrogatory on grounds of proportionality as the discovery references information and documents provided by OnlineNIC.

1 | Subject to and without waiving the foregoing objections, Defendant responds as
2 | follows: ███████████████████████████████
3 | ███████████████████████████████████████
4 | ███████████████████████████████
5 | ████████████████████████████████
6 | ████████████████████████████████████
7 | ██████████████████████
8 | ████████████████████████████████

9 | **THIS RESPONSE IS CONFIDENTIAL.**

10 |

11 | **INTERROGATORY NO. 15:**

12 | Explain in detail all payments made by ONLINENIC to 35.CN since 2007, including
13 | the date, amount and reason for the payment.

14 | **FURTHER RESPONSE TO INTERROGATORY NO. 15:**

15 | Defendant objects to this Interrogatory as compound and on grounds of
16 | proportionality, including as to timeframe.

17 | Subject to and without waiving the foregoing objections, Defendant responds as
18 | follows: ███████████████████████████████
19 | ███████████████████████████████████████
20 | ■ ████████████████████████
21 | ■ ████████████████████████
22 | ■ ████████████████████████
23 | ■ ████████████████████████
24 | ■ ████████████████████████
25 | ■ ████████████████████████
26 | ■ ████████████████████████
27 | ■ ██████████████████
28 | ■ ████████████████████████

- ████████████████████████████████████
- ████████████████████████
- ██████████████████████████████████████
- ██████████████████████████████████████
- ██████████████████████████████████
- ██████████████████████████████████████
- ████████████████████████████████
- ██████████████████████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

**INTERROGATORY NO. 16:**

Explain in detail all payments made by 35.CN to or on behalf of ONLINENIC since 2007, including the date, amount and reason for the payment.

**FURTHER RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to this Interrogatory on grounds of proportionality, including as to timeframe.

Subject to and without waiving the foregoing objections, Defendant responds as follows: ██████████████████████████████████████
████████████████████████████████████████
████████████████████████████

- ████████████████████████████████████
- ████████████████████████████████████
- ████████████████████████████████████
- ████████████████████████████████████
- ████████████████████████████████████
- ████████████████████████████████████
- ████████████████████████████████████
- ████████████

███████████████████

**THIS RESPONSE IS CONFIDENTIAL.**

Respectfully Submitted,

Dated: December 22, 2022

**KRONENBERGER ROSENFELD, LLP**

By: _/s/ Karl S. Kronenberger_
      Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.

Appendix A to 35.CN's Further Amended and Supplemental Written Discovery Responses

| Year Prod# | Corporate structure, including "parent entities, subsidiaries, affiliates and affiliated registrars" (ROG 1)[2] | Largest Shareholders (ROG 5) | Officers (ROG 4) | Directors (ROG 4) | Financial and Corporate Records Provided? |
|---|---|---|---|---|---|
| ██ ██ | ████████ ████████ | ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ | ████ ████ | ████ ████ | ██ |
| ██ ██ | ████ ████████ | ████████ ████████ ████████ ████████ ████████ ████████ | ██ ██ | ██ ██ | ██ |
| ██ ██ | ████ ████████ ████████ | ████████ ████████ ████████ ████████ ████████ | ██ ██ | ██ ██ | ██ |
| ██ ██ | ████████ ████████ | ████████ ████████ ████████ ████████ | ████ ████ | ████ ██ | ██ |

5

Appendix A to 35.CN's Further Amended and Supplemental Written Discovery Responses

| Year Prod# | Corporate structure, including "parent entities, subsidiaries, affiliates and affiliated registrars" (ROG 1)[2] | Largest Shareholders (ROG 5) | Officers (ROG 4) | Directors (ROG 4) | Financial and Corporate Records Provided? |
|---|---|---|---|---|---|
| ■ | ■ | ■ | | | |
| ■ | ■ | ■ | ■ | ■ | ■ |
| ■ | ■ | ■ | ■ | ■ | ■ |
| ■ | ■ | ■ | ■ | ■ | ■ |

6