# Exhibit 14

Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA 94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.<br><br>Defendants. | Case No. 19-CV-07071-SVK<br><br>**FIRST SUPPLEMENTAL RESPONSE OF ONLINENIC, INC. TO REQUESTS FOR PRODUCTION OF DOCUMENTS PROPUNDED BY FACEBOOK, INC. AND INSTAGRAM, LLC.** |

PROPOUNDING PARTY:    Facebook, Inc. and Instagram, LLC

RESPONDING PARTY:    OnlineNIC, Inc.

SET NO.:    One (1)

Defendant OnlineNIC, Inc. ("OnlineNIC") hereby responds to the Request for Production of Documents propounded by Facebook, Inc. and Instagram, LLC (together, the "Plaintiffs") as follows:

PRELIMINARY STATEMENT

A.    The specific responses as set forth below are for the purposes of discovery only and OnlineNIC does not intend to waive, but expressly reserves, any and all objections and may have

- 1-

ONLINENIC000075). OnlineNIC is not aware of any responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS relating to the corporate formation and maintenance of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

ONLINENIC objects to this request as vague, ambiguous, overbroad, irrelevant and unduly burdensome to the extent that it seeks "all" documents for an unrestricted period of time. Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its financial records to determine what expenses were paid for Domain ID Shield's formation and maintenance going back indefinitely, as demanded by Plaintiffs. Subject to the foregoing, *see* ONLINENIC266956-ONLINENIC266988, ONLINENIC000001-ONLINENIC000070, ONLINENIC000075), ONLINENIC258370-ONLINENIC258436. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS relating to the corporate formation and maintenance of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

OnlineNIC objects to this request as vague, ambiguous, overbroad, irrelevant and unduly burdensome to the extent that it: (a) seeks "all" documents for an unrestricted period of time and, (b) seeks information not relevant to Plaintiffs' intellectual property claims. Specifically,

- 15-

Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its financial records to determine what formation and maintenance expenses were paid and when going back indefinitely, as demanded by Plaintiffs. Subject to the foregoing, *see* Bates number ONLINENIC000071-ONLINENIC000074. OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that IDENTIFY officers and/or directors of ONLINENIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

OnlineNIC objects to this request as vague, ambiguous, overbroad, irrelevant and unduly burdensome to the extent that it: (a) seeks "all" documents for an unrestricted period of time and, (b) seeks information not relevant to Plaintiffs' intellectual property claims. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records and hundreds of tables, more than 1 million emails and support tickets, and thousands of bank statements, financial records, invoices and other business documents, including loose files. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records, particularly because OnlineNIC states that it controls Domain ID Shield and runs its operations and pays its expenses. Accordingly, OnlineNIC has not searched its financial records to determine what formation and maintenance expenses were paid going back indefinitely, as demanded by Plaintiffs. Subject to the foregoing, *see* Bates numbers ONLINENIC268777-ONLINENIC268778 and ONLINENIC266989 – ONLINENIC267162.

- 16-

Facebook, Inc. v. OnlineNIC, Inc.                                                                     Case No. 19-cv-7071-SVK
OnlineNIC, Inc.'s First Supplemental Responses to Plaintiffs' Requests for Production of Documents – Set 1

VERIFICATION

I, YU HONGXIA, am an officer of OnlineNIC, Inc.. and am authorized to sign this verification. I believe, based on reasonable inquiry, that the foregoing First Supplementary Responses of OnlineNIC, Inc. to Plaintiffs' Requests for Production of Documents, Set 1 – are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:  July 23, 2020 at Xiamen, China

By: _____
Yu Hongxia