TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:        213.430.3400
Facsimile:        213.430.3409

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; ; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>　　　　　Defendants. | Case No. 3:19-cv-07071-SI<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE: PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER AND FOR ENTRY OF DEFAULT AGAINST DEFENDANT XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD. PURSUANT TO FED. R. CIV. P. 37**<br><br>Hon. Susan Illston |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, as well as Section 9 of Judge Illston's Standing Order, Plaintiffs seek leave to file the following documents partially or entirely under seal in connection with Plaintiffs' Motion to Strike Defendant's Answer and for Entry of Default Against Defendant Xiamen 35.Com Internet Technology Co., Ltd. ("35.CN") Pursuant To Fed. R. Civ. P. 37 (ECF No. 299):

| Document | Text or Portion to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| Memorandum of Points and Authorities in Support of Motion to Strike Defendant's Answer and for Entry of Default Against Defendant 35.CN ("Motion") | Portions of Page 2, Line 22;[1] 3:16-17; 5:14-15, 17-19; 6:1, 5-9; 20-23, 24-26; 7:4; 9:7-18; 12:12-13; 13:10-12, 18-19; 14:2, 4-8, 14-15; 16:18. | Designated by 35.CN |
| Motion | Pages and lines: 3:4-5, 11-13, 18-19, 22-24; 4:1, 17-19; 5:3-4, 9-13; 6:2-4, 10-12, 15-19, 22-23, 26-28; 7:1-22, 25-26; 8:1-12, 21-25; 11:9-11, 16, 21-23; 12:9-11, 14-17; 13:1, 4-6, 22-24, 27; 13:1, 4-6, 18-19, 22-24, 27; 14:1, 9-10, 14-15; 15:5-18, 21; 16: 3-4, 6-7, 15-22; 19:4-5, 9-11, 17. | Designated by Defendants OnlineNIC, Inc. and Domain ID Shield Service Co., Ltd. ("OnlineNIC Defendants") |
| Motion | Pages and lines: 2:21, 26-28; 3:1-3, 7, 10-11, 21-22, 27; 4:1-2, 23- | Designated by ICANN |

---

[1] Citations to page and line numbers are in "xx:yy" format where "xx" is the page number and "yy" is the line number.

| | | |
|---|---|---|
| | 28; 5:1, 22-23; 19: 17. | |
| Declaration of Howard A. Kroll ("Kroll Declaration") in Support of Motion to Strike Defendant's Answer and for Entry of Default Against Defendant 35.CN | Pages and lines: 2:22-26; 3:1-6, 8-10, 15, 19-20, 22-25; 5:19-20; 7:18-20; 11:3-13; 14:5-7. | Designated by 35.CN |
| Kroll Declaration | Pages and lines: 5:23-25; 6:1-15; 8:15-16, 19-20, 23-24, 27-28; 9:3-6, 9-14, 17-19, 23-27; 10: 2-6, 9-12, 16-21; 11:19-28; 12:1-2, 14-28; 13:1-14, 24-25; 14:12-15. | Designated by OnlineNIC Defendants |
| Kroll Declaration | Pages and lines: 4:2-3, 6-7, 11-13, 16-19; 5:7, 11-12, 19-20; 8: 1-4, 7-11. | Designated by ICANN |
| Exhibit 1 to the Kroll Declaration | Pages and Lines 3:17-28; 4:1-17, 28, 8:9-20; 9:7-15; 10:2-8, 18-28; 11:1-8, 18-28; 12-1; Appendix pp. 5-6. | Designated by 35.CN |
| Exhibit 2 to the Kroll Declaration | Entire Document | Designated by ICANN |
| Exhibit 3 to the Kroll Declaration | Entire Document | Designated by ICANN |
| Exhibit 4 to the Kroll Declaration | Entire Document | Designated by ICANN |
| Exhibit 5 to the Kroll | Entire Document | Designated by ICANN |

3

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
CASE NO. 3:19-CV-07071-SI

| | | |
|---|---|---|
| Declaration | | |
| Exhibit 7 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 8 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 9 to the Kroll Declaration | Entire Document | Designated by ICANN |
| Exhibit 10 to the Kroll Declaration | Entire Document | Designated by ICANN |
| Exhibit 12 to the Kroll Declaration | Entire Document | Designated by ICANN |
| Exhibit 13 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 19 to the Kroll Declaration | Entire Document | Designated by 35.CN |
| Exhibit 21 to the Kroll Declaration | Entire Document | Designated by ICANN |
| Exhibit 22 to the Kroll Declaration | Entire Document | Designated by ICANN |
| Exhibit 23 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 24 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 25 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 26 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |

| | | |
|---|---|---|
| Exhibit 27 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 28 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 29 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 30 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 31 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 32 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 33 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 35 to the Kroll Declaration | Entire Document | Designated by ICANN |
| Exhibit 36 to the Kroll Declaration | Entire Document | Designated by 35.CN |
| Exhibit 37 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 38 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 41 to the Kroll Declaration | Entire Document | Designated by OnlineNIC Defendants |
| Exhibit 43 to the Kroll Declaration | Entire Document | Designated by 35.CN |

As explained further below, because 35.CN, the OnlineNIC Defendants, or ICANN designated these documents as confidential, the burden rests with them to show compelling reasons for sealing these documents.

## II. BECAUSE PLAINTIFFS SEEK TO FILE IN CONNECTION WITH A DISPOSITIVE MOTION DOCUMENTS DESIGNATED AS CONFIDENTIAL BY DEFENDANTS AND ICANN, DEFENDANTS AND ICANN MUST SHOW COMPELLING REASONS TO SEAL.

Although there is a presumption in favor of public access to court filings, that presumption can be overcome "on the basis of articulated facts known to the court." *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986). To determine whether a document may be sealed, a court may consider the "likelihood of an improper use, including publication of scandalous, libelous, pornographic, or trade secret materials . . . and residual privacy rights." *Id.* (citation omitted); *see also EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990) (holding that the *Valley Broadcasting* factors apply equally to civil and criminal proceedings); *see also* Fed. Re. Civ. P. 26(c)(l)(F)-(G). "In short, the district court must weigh 'the interests advanced by the parties in the light of the public interest and the duty of the courts." *Valley Broadcasting Co.*, 798 F.2d at 1294 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978)). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions" and "to seal documents produced in discovery." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1180 (9th Cir. 2006). However, documents filed in connection with a dispositive motion can only be filed under seal if there are "compelling reasons" to shield them from public access. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.2d 1092, 1097-98 (9th Cir. 2016). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The documents for which Plaintiffs seek leave to file under seal were designated by 35.CN, the OnlineNIC Defendants, or ICANN as confidential pursuant to the terms of the protective order in this action (ECF No. 35). Sealing Declaration of Howard A. Kroll ¶¶ 2-4. Thus, pursuant to Civil Local Rule 79-5(f), the burden rests with Defendants and ICANN as the designating parties to submit via declaration compelling reasons showing why these materials should be filed under seal. *See also* Civil Local Rule 79-

5(f)(3) (providing designating party seven days to file declaration establishing material is sealable).

## III.  CONCLUSION

Plaintiffs seek leave to file the aforementioned information under seal because 35.CN, the OnlineNIC Defendants, or ICANN designated that information as confidential per the protective order. Plaintiffs therefore seek leave to file under seal the documents containing that information upon a showing of compelling reasons by 35.CN, the OnlineNIC Defendants, or ICANN, as appropriate.

DATED: March 2, 2023            Tucker Ellis LLP

By: /s/David J. Steele
    David J. Steele
    Howard A. Kroll
    Steven E. Lauridsen

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC