| | |
|---|---|
| 1 | Eric P. Enson (State Bar No. 204447) |
| 2 | epenson@jonesday.com<br>JONES DAY |
| 3 | 555 South Flower Street<br>Fiftieth Floor |
| 4 | Los Angeles, CA  90071.2300<br>Telephone:   +1.213.489.3939 |
| 5 | Facsimile:    +1.213.243.2539 |
| 6 | Attorney for Non-Party<br>THE INTERNET CORPORATION FOR ASSIGNED |
| 7 | NAMES AND NUMBERS |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. AND INSTAGRAM, LLC, | Case No. 3:19-cv-07071-SI |
| Plaintiffs, | **NON-PARTY ICANN'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| v. | |
| ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD., | |
| Defendants. | |

# INTRODUCTION

Pursuant to Civil Local Rule 79-5(c)(1) and (f)(3), non-party the Internet Corporation for Assigned Names and Numbers ("ICANN") hereby submits this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt No. 300). ICANN supports the filing under seal of excerpts of Plaintiffs' Motion to Strike Defendant's Answer and for Entry of Default Judgment ("Motion"), excerpts of the accompanying Declaration of Howard A. Kroll ("Kroll Declaration"), and Exhibits 2–5, 9–10, 12, and 21–22 to the Kroll Declaration that reflect personal identifiable information that was provided to ICANN, including addresses, phone numbers and business ownership interests of individuals associated with the Defendants. As noted above, these materials reflect personal identifiable information provided to ICANN, and ICANN designated these documents as "Confidential" in its production of documents in response to Plaintiffs' subpoena. While ICANN has no interest in, and takes no position on, this litigation, ICANN has an interest in protecting the confidentiality of information provided to ICANN by third parties. Thus, compelling reasons exist to maintain these exhibits and excerpts that substantively refer to the exhibits under seal, as set forth below:

| Document | Basis for Sealing |
|---|---|
| Motion at 2:21, 26-28; 3:1-3, 7, 10-11, 21-22, 27; 4:1-2, 23-28; 5:1, 22-23; 19:17. | Compelling reasons exist to seal the excerpts because they reflect personal identifiable information, namely individuals' phone numbers, email addresses, and business ownership interests. |
| Kroll Declaration at 4:2-3, 6-7, 11-13, 16-19; 5:7, 11-12, 19-20; 8:1-4, 7-11. | Compelling reasons exist to seal the excerpts because they reflect personal identifiable information, namely individuals' phone numbers, email addresses, and business ownership interests. |
| Exhibits 2–5, 9–10, 12, and 21–22 to the Kroll Declaration[1] | Compelling reasons exist to seal the exhibits because they reflect personal identifiable information, namely individuals' phone numbers, email addresses, and business ownership interests. |

---
[1] ICANN is not seeking to keep under seal Exhibit 35 to the Kroll Declaration because it is publicly available on ICANN's website.

**LEGAL STANDARD**

To seal documents associated with a dispositive motion, as is the case here, the designating party must demonstrate "compelling reasons" that the interests of the party seeking to file under seal "outweigh the public's interest in disclosure." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Generally, compelling reasons to seal court records exist when released information might be used for "improper purposes." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589 (1978)). Further, Rule 26(c) authorizes the court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." *See* Fed. R. Civ. P. 26(c). "The Supreme Court has interpreted this language as conferring 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

**ARGUMENT**

Compelling reasons exist to file under seal the identified excerpts and exhibits because they reflect confidential personal identifiable information, such as individuals' phone numbers, email addresses, and business ownership interests, and accordingly were designated as "Confidential" by ICANN in its production of the documents in response to Plaintiff's subpoena. Courts regularly grant motions to seal personal identifiable information in order to protect an individual's privacy interests. *See Benedict v. Hewlett-Packard Co.*, Case No. 13-CV-00119-LHK, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (finding compelling reasons to seal the plaintiff's phone number); *Snapkeys, Ltd. v. Google LLC*, Case No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (finding compelling reasons to seal "personally identifiable information of [the defendant's] current and former employees, including their email addresses and telephone numbers"). Further, "[c]ourts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action." *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal.

Mar. 30, 2022). The same logic applies here: the privacy interests of individuals identified in the referenced exhibits and excerpts are paramount and outweigh the public's interest in disclosure. Moreover, the redactions proposed and the exhibits sought to be sealed are narrowly tailored to protect the individuals' privacy interests.

## CONCLUSION

In conclusion, ICANN respectfully requests that this Court order that the portions of the Motion and Kroll Declaration and accompanying Exhibits identified above remain under seal.

Dated: March 9, 2023                                JONES DAY

                                                    By: /s/ Eric P. Enson
                                                         Eric P. Enson

                                                    Attorneys for Non-Party
                                                    THE INTERNET CORPORATION FOR
                                                    ASSIGNED NAMES AND NUMBERS