**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
liana@kr.law
leah@kr.law

Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FACEBOOK, INC.**, et al.,<br><br>                 Plaintiffs,<br><br>         v.<br><br>**ONLINENIC INC.**, et al.,<br><br>                 Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DECLARATION OF KARL S. KRONENBERGER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE: PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER AND FOR ENTRY OF DEFAULT AGAINST DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD. PURSUANT TO FED. R. CIV. P. 37 [D.E. 300]** |

I, Karl S. Kronenberger, do hereby declare:

1. I am an attorney admitted to practice law before this Court. I am a partner at the law firm of Kronenberger Rosenfeld, LLP, counsel of record for Defendant Xiamen 35.com Technology Co., Ltd., ("35.CN" or "Defendant"). Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration.

2. Pursuant to Civil L.R. 79-5(f)(3), I submit this Declaration in response to Plaintiffs' Motion to Seal Documents [D.E. No. 300] (the "Motion"), including the filed Errata; I am familiar with the documents.

3. Plaintiffs have sought to file under seal portions of their Motion to Strike Defendant's Answer and for Entry of Default Against Defendant along with portions of or entire documents attached as exhibits, stating that some of the documents were designated by Defendant as confidential pursuant to the terms of the protective order in this action [D.E. No. 35].

*Confidential Material*

4. Defendant agrees that the identified portions of documents sought to be filed under seal by Plaintiffs should be filed under seal for the reasons outlined below:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Memorandum of Points and Authorities in Support of Motion to Strike Defendant's Answer and for Entry of Default Against Defendant 35.CN | Portions of Page 2, Line 22;13:16-17; 5:14-15, 17-19; 6:1, 5-9; 20-23, 24-26; 7:4; 9:7-18; 12:12- 13; 13:10-12, 18-19; 14:2, 4-8, 14-15; 16:18. | Designated by 35.CN<br><br>*Plaintiffs cited to portions of 35.CN's discovery responses that were designated as confidential, including under financial, personal information, and Chinese laws. See paragraphs 5–10 below.* |
| Declaration of Howard A. Kroll ("Kroll Declaration") in Support of Motion to Strike Defendant's Answer and for Entry of Default Against Defendant 35.CN | Pages and lines: 2:22-26; 3:1-6, 8-10, 15, 19-20, 22-25; 5:19-20; 7:18-20; 11:3-13; 14:5-7. | Designated by 35.CN<br><br>*Plaintiffs cited to portions of 35.CN's discovery responses that were designated as confidential, including under financial,* |

Case No. 3:19-cv-07071-SI 1 **DECL. OF K. KRONENBER ISO PLAINTIFFS' MTN TO SEAL RE. MTN TO STRIKE**

| | | |
|---|---|---|
| | | personal information, Chinese laws. See paragraphs 5–10 below. |
| Exhibit 1 to the Kroll Declaration – 35.CN's Further Amended and Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories | Pages and Lines 3:17-28; 4:1-17, 28, 8:9-20; 9:7-15; 10:2-8, 18- 28; 11:1-8, 18-28; 12-1; Appendix pp. 5-6. | Designated by 35.CN  These are portions of 35.CN's discovery responses that 35.CN designated as confidential, including under financial, personal information and Chinese laws. See paragraphs 5–10 below. |
| Exhibit 19 to the Kroll Declaration – Securities Purchase Agreement between Rex W. Liu and OnlineNIC | Entire Document | Designated by 35.CN  This is a contract document that 35.CN designated as confidential, including under contract and Chinese laws. See paragraphs 5-10 below. |
| Exhibit 36 to the Kroll Declaration – Service Outsourcing Contract between OnlineNIC and 35.CN | Entire Document | Designated by 35.CN  This is a contract document that 35.CN designated as confidential, including under contract and Chinese laws. See paragraphs 5-10 below. |
| Exhibit 43 to the Kroll Declaration – List of OnlineNIC Employees | Entire Document | Designated by 35.CN  This document contains a list of employees of 35.CN that 35.CN designated as confidential, including under personal information and Chinese laws. See paragraphs 5-10 below. |

As to the remaining documents sought to be filed under seal in Plaintiffs' Motion, 35.CN does not currently contest the designations of confidentiality of ICANN or Defendant

1  OnlineNIC, Inc. and supports the sealing and confidentiality of the identified material.

2      5.    The portions of documents designated by Defendant as confidential—which are parts of discovery responses and contracts—contain information concerning private financial transactions of Defendant, personal information about employees of Defendant and Defendant's Chinese business partners, and the identities of employees of Defendant. The documents also contain information concerning private contracts of a Chinese company, personal information of employees, and private business transaction records between two companies in China. The disclosure of the foregoing information may violate financial and personal information laws as well as Chinese law according to outside Chinese counsel to Defendant.

    6.    In particular, Chinese law prohibits Chinese companies from disclosing a wide variety of data and personal information about Chinese residents to entities outside of China. Article 283 (formerly Article 277) of the Chinese Civil Procedure Law, the Chinese Data Security Law ("DSL"), the Cybersecurity Law, and the Personal Information Protection Law ("PIPL") are all grounds under Chinese law to restrict the disclosure outside of China of the information requested by Plaintiffs. Therefore, the information at issue is protected from disclosure to the United States, including in a public Court filing, under Chinese law.

    7.    In addition, portions of the discovery responses at issue contain information designated by others, namely other Defendants and ICANN, as confidential; and Defendant does not dispute that the specifically identified content is confidential.

*Injury Will Result if Sealing is Denied*

    8.    As communicated to Plaintiffs, the Cyberspace Administration of China ("CAC") has reminded 35.CN to comply with Chinese laws (i.e., to not disclose records that are not public), and there are severe penalties for violating these Chinese laws (i.e., criminal sanctions, jail, and high monetary fines).

    9.    I rely upon the legal analysis of Chinese outside counsel for Defendant, whose opinions are found at Exhibit 1 to DE 247-11. Thus, public disclosures, in response

Case No. 3:19-cv-07071-SI      3      **DECL. OF K. KRONENBER ISO PLAINTIFFS' MTN TO SEAL RE. MTN TO STRIKE**

to discovery requests in the current action, of non-public data and personal information of Chinese residents, may subject 35.CN to significant civil and criminal penalties under Chinese law. Therefore, maintaining the information under seal is related to a legitimate interest of 35.CN, and there would be possibility of significant penalties if the request for sealing is denied.

*A Less Restrictive Alternative to Sealing is Not Sufficient*

10. There are no less restrictive means to protect the information at issue from public disclosure, as public disclosure of information in court filings would clearly be a disclosure of restricted information, under Chinese law, outside of China. Defendant has facilitated the most restrictive means by designating only portions of its discovery responses as confidential under the protective order, rather than the complete documents. Sealing of this material is also consistent with the Court's prior orders sealing the same and similar information.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 9th day of March, 2023 in San Francisco, CA.

By:   s/ Karl S. Kronenberger
      Karl S. Kronenberger