Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
3000 El Camino Real
Bldg. 4, Suite 200
Palo Alto, CA  94306
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHEILD SERVICE CO., LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>Plaintiffs,<br>v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.<br><br>Defendants. | Case No. 19-CV-07071-SI<br><br>**DECLARATION OF PERRY J. NARANCIC IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER MATERIAL SHOULD BE SEALED [DKT. NO. 300]** |

I, Perry J. Narancic, declare as follows:

1. I am counsel of record for Defendants' OnlineNIC, Inc. ("OnlineNIC") and Domain ID Shield Service Co. Limited ("ID Shield") (together, the "OnlineNIC Defendants").  I would and could competently testify as set forth below in a court of law.

2. Pursuant to Local Rule 79-5(f)(3) and Section 9 of Judge Illston's Standing Order, I submit this declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed Re: Plaintiff's Motion to Strike Defendant's Answer and For Entry of Default Against Defendant Xiamen 35.COM Internet Technology Co. Ltd Pursuant to Fed. R. Civ. P. 37.  at Dkt. No. 300 (the "Sealing Motion").

- 1-

3. The Sealing Motion is made in support of Plaintiff's Motion to Strike Defendant's Answer and For Entry of Default Against Defendant Xiamen 35.COM Internet Technology Co. Ltd. Pursuant to Fed. R. Civ. P. 37 at Dkt. No. 299 (emphasis added) (the "Sanctions Motion"). As the very title of the Sanctions Motion makes clear, it is a discovery motion made under Fed. R. Civ. Proc. 37. The Sanctions Motion seeks an order striking Defendant Xiamen 35.COM Internet Technology Co. Ltd. answer and entering default on the grounds that "35.CN is the alter ego of Defendants OnlineNIC and Domain ID Shield". Sanctions Motion, 1:9-13. This *alter ego* determination is not appropriate to present in the form of a discovery motion because it will be more ripley addressed at the end of discovery through a motion for summary judgment – after all parties have had a chance to build a record. For this reason, the Sanctions Motion is premature and therefore should not be construed as a "merits"-based motion. Accordingly, the lower "good cause standard" standard should apply to the sealing decision here.

4. There will be time enough to consider whether the materials in the Sanctions Motion should be sealed when the record is more fully developed at the end of discovery, in the context of a motion for summary judgment motion. See *Ctr. For Auto Safety v. Chrysler Group, LLC*, 808 F. 3d 1092 (9th Cir. 2016) (holding that a "good cause" standard should apply to discovery motions unrelated to the merits rather than the more stringent "compelling reasons" standard generally applicable to the sealing of judicial records). Until a summary judgment motion is filed, the Sanctions Motion should not be considered a merits-related discovery motion. But even if the "compelling reasons" standard is applied, the sealing of the subject material is still justified, as explained below.

5. Where indicated below, OnlineNIC Defendants contend that the information which is sought to be redacted in the Sealing Motion was, and is, properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by Defendants pursuant to the Protective Order in this case. See Dkt. No. 190-1. para. 3.

6. It is important to note that, as evident from the docket, Plaintiff's never challenged OnlineNIC Defendants' designations under the procedures set forth in the Protective Order.

- 2-

Facebook, Inc. v. OnlineNIC, Inc.                                                                 Case No. 19-cv-7071-SVK
Decl. of Perry J. Narancic ISO Plaintiffs' Administrative Motion Re Sealing at Dkt. No. 300.

7. OnlineNIC Defendants respectfully request that the Court approve Plaintiffs' proposed redactions for the materials designated by OnlineNIC Defendants for the reasons set forth below:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Sanctions Motion | Pages and lines: 3:4-5, 11-13, 18-19, 22-24; 4:1, 17-19; 5:3-4, 9-13; 6:2-4, 10-12, 15-19, 22-23, 26-28; 7:1-22, 25-26; 8:1-12, 21-25; 11:9-11, 16, 21-23; 12:9-11, 14-17; 13:1, 4-6, 22-24, 27; 13:1, 4-6, 18-19, 22-24, 27; 14:1, 9-10, 14-15; 15:5-18, 21; 16: 3-4, 6-7, 15-22; 19:4-5, 9-11, 17. | |
| Kroll Decl. | Pages and lines: 5:23-25; 6:1-15; 8:15-16, 19-20, 23-24, 27-28; 9:3-6, 9-14, 17-19, 23-27; 10: 26, 9-12, 16-21; 11:19-28; 12:1-2, 14-28; 13:1-14, 24-25; 14:12-15. | |
| Ex. 7 to Kroll Decl. | Entire Document | |
| Ex. 8 to Kroll Decl. | Entire Document | |
| Ex. 13 to Kroll Decl. | Entire Document | Good cause and compelling reason exist because the exhibit contains private contact information of |

- 3-

Facebook, Inc. v. OnlineNIC, Inc.                                                                Case No. 19-cv-7071-SVK
Decl. of Perry J. Narancic ISO Plaintiffs' Administrative Motion Re Sealing at Dkt. No. 300.

- 4-

| | | mostly rank-and-file employees. |
|---|---|---|
| Ex. 23 to Kroll Decl. | Entire Document | Good cause and compelling reason exist because the document contains tax returns, which are generally privileged.  See note below. |
| Ex. 24 to Kroll Decl. | Entire Document | Good cause and compelling reason exist because the document contains tax returns, which are generally privileged.  See note below. |
| Ex. 25 to Kroll Decl. | Entire Document | Good cause and compelling reason exist because the document contains tax returns, which are generally privileged.  See note below. |
| Ex. 26 to Kroll Decl. | Entire Document | Good cause and compelling reason exist because the document contains tax returns, which are generally privileged.  See note below. |
| Ex. 27 to Kroll Decl. | Entire Document | Good cause and compelling reason exist because the document contains tax returns, which are generally privileged.  See note below. |
| Ex. 28 to Kroll Decl. | Entire Document | Good cause and compelling reason exist because the document contains tax returns, which are generally privileged.  See note below. |
| Ex. 29 to Kroll Decl. | Entire Document | Good cause and compelling reason exist because the document contains tax returns, which are generally |

| | | |
|---|---|---|
| | | privileged.  See note below. |
| Ex. 30 to Kroll Decl. | Entire Document | Good cause and compelling reason exist because the document contains tax returns, which are generally privileged.  See note below. |
| Ex. 31 to Kroll Decl. | Entire Document | Good cause and compelling reason exist because the document contains tax returns, which are generally privileged.  See note below. |
| Ex. 32 to Kroll Decl. | Entire Document | Good cause and compelling reason exist because the document contains tax returns, which are generally privileged.  See note below. |
| Ex. 37 to Kroll Decl. | Entire Document | Good cause and compelling reason exist because the document contains detailed bank statement information, including account numbers, payments to vendors and other internal, competitively sensitive information. |
| Ex. 38 to Kroll Decl. | Entire Document | No objection to unsealing. |
| Ex. 41 to Kroll Decl. | Entire Document | Good cause and compelling reason exist because the document contains financial statements which are internal, competitively sensitive information. |
| Ex. 29 to Kroll Decl. | Entire Document | Good cause and compelling reason exists because the exhibit contains |

- 5-

Facebook, Inc. v. OnlineNIC, Inc.                                                                                         Case No. 19-cv-7071-SVK
Decl. of Perry J. Narancic ISO Plaintiffs' Administrative Motion Re Sealing at Dkt. No. 300.

| | | private contact information of mostly rank-and-file employees. |
|---|---|---|

8. While the rationale for sealing certain information is listed in the chart above, the following further information is offered:

(1) Internal financial information of OnlineNIC is sensitive because OnlineNIC is private company and this information is not generally known to the public. Allowing this information to become public would put OnlineNIC at a competitive disadvantage in the future.

(2) The Ninth Circuit recognizes a public policy against unnecessary public disclosure of tax returns. *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 9, 2023 at Palo Alto, CA.

DATED: March 9, 2023

By:

/s/ Perry J. Narancic

Perry J. Narancic

9.

- 6 -