TUCKER ELLIS LLP
David J. Steele - SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen - SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:       213.430.3409

Attorneys for Plaintiffs,
META PLATFORMS, INC. f/k/a FACEBOOK, INC. and
INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC, <br><br>  Plaintiffs, <br><br> v. <br><br> ONLINENIC INC., DOMAIN ID SHIELD SERVICE CO., LIMITED, and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD., <br><br>  Defendants. | Case No. 3:19-cv-07071-SI <br><br> **PLAINTIFFS' RESPONSE TO THE DECLARATION OF KARL S. KRONENBERGER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE: PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER AND FOR ENTRY OF DEFAULT AGAINST DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD. PURSUANT TO FED. R. CIV. P. 37 [310]** <br><br> Hon. Susan Illston |

Pursuant to Civil Local Rule 79-5(f)(4), Plaintiffs Meta Platforms, Inc. and Instagram, LLC (collectively, "Meta") submit this response to the Declaration of Karl S. Kronenberger in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Plaintiffs' Motion to Strike Defendant's Answer and for Entry of Default Against Defendant Xiamen 35.Com Technology Co., Ltd. pursuant to Fed. R. Civ. P. 37 (ECF No. 310) (the "Kronenberger Declaration"). Meta agrees that 35.CN's confidential information qualifies for filing under seal; however, Meta objects to 35.CN's purported justification that sealing the information from public access is required by Chinese law or that Chinese law—as opposed to United States federal law—provides a basis to seal information on a United States court docket.

In the Kronenberger Declaration, Defendant Xiamen 35.com Internet Technology Co., Ltd. ("35.CN") asserts that Chinese law prohibits it "from disclosing a wide variety of data and personal information about Chinese residents to entities outside China" and that "the information at issue is protected from disclosure to the United States, including in a public Court filing, under Chinese law." ECF No. 310 ¶ 6 (citing Article 283 of the Chinese Civil Procedure law, the Chinese Data Security Law, the Cybersecurity Law, and the Personal Information Protection Law). 35.CN further asserts that its outside counsel located in China has provided a written opinion on this issue and that the public disclosure of the information at issue would subject 35.CN to civil and criminal penalties. *Id.* ¶ 9.

35.CN previously contended that Chinese law prohibited it from producing documents or responding to discovery requests in this action, which led to Meta seeking relief from Magistrate Judge Tse via a joint discovery letter. ECF No. 247. As Meta explained in its portion of the joint letter, 35.CN had not, and could not, carry its burden to show first that Chinese law even prohibited the disclosure of the information Meta sought in discovery and second, even if such a prohibition existed, that the factors set forth by the Ninth Circuit for such conflicts of law favored deviating from conducting discovery as dictated by the Federal Rules of Civil Procedure. *Id.* at 1-3; *see also* ECF No. 247-10 (declaration from legal expert in Chinese law supporting Plaintiffs' position). Following a hearing on this issue, Magistrate Judge Tse ordered the parties to meet and confer further (ECF No. 254), and after many months, 35.CN ultimately asserted it was no longer withholding discovery based on Chinese law. As a result, the Court never ruled on the question of whether Chinese law had any impact on discovery in this action. *See* ECF

No. 261 at 1 ("In light of 35.CN's representation that 'there are currently no documents being withheld due to Chinese law,' the parties' dispute concerning Chinese law prohibitions, *see* Dkt. 247, is terminated as moot. To the extent 35.CN invokes Chinese law in connection with its forthcoming document productions, plaintiffs may renew their arguments in favor of compelled disclosure.").

Meta maintains its position that 35.CN has not carried it burden to show that Chinese law impacts this action and that Chinese law prohibits 35.CN from disclosing information in discovery or in court filings. Accordingly, Meta objects to sealing 35.CN's information based on Chinese law; however, Meta does not contest that the information 35.CN seeks to have sealed should be shielded from public access based on the standards set forth by the Ninth Circuit in *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). By agreeing that 35.CN's confidential information qualifies for filing under seal, Meta does not waive any rights to object to 35.CN's claims that Chinese law prohibits it from producing documents or responding to discovery requests, and reserves all rights.

DATED: March 13, 2023                             Tucker Ellis LLP


                                                  By: /s/David J. Steele
                                                      David J. Steele

                                                      Attorneys for Plaintiffs,
                                                      META PLATFORMS, INC. (fka
                                                      FACEBOOK, INC.) and INSTAGRAM, LLC