**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
liana@kr.law
leah@kr.law

Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FACEBOOK, INC.**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **ONLINENIC INC.**, et al., <br><br> Defendants. | Case No. 3:19-cv-07071-SI <br><br> **DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER AND FOR ENTRY OF DEFAULT AGAINST DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD. PURSUANT TO FED. R. CIV. P. 37 UNDER SEAL; AND MEMORANDUM IN SUPPORT** <br><br> Date:   [In Chambers] <br> Time:   [In Chambers] <br> Ctrm:   1, 17th Floor <br> Judge:  Hon. Susan Illston |

## I. INTRODUCTION

Pursuant to Civil L.R. 7-11 and Civil L.R. 79-5, as well as Section 9 of Judge Illston's Standing Order, Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN"), by and through its undersigned counsel, respectfully moves for administrative relief to seal narrowly tailored portions of and exhibits to its Opposition to Plaintiffs' Motion to Strike Defendant's Answer and for Entry of Default Against Defendant Xiamen 35.com Technology Co., Ltd. (the "Opposition"), which have been designated by Defendant 35.CN, Plaintiffs Meta Platforms, Inc. and Instagram, LLC ("Plaintiffs"), Defendant OnlineNIC Inc. ("OnlineNIC"), or third party ICANN as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

Defendant seeks to file the following documents, or page and line numbers, from the following:

| Document | Text to be Sealed (page(s):line(s)) | Basis for Sealing |
|---|---|---|
| Opposition Brief | 1:19–20; 5:12–13; 6:3–4: 6:5–6; 6:10–11; 6:14–21; 6:22; 6:23–27; 6:28–7:3; 7:4–6; 7:7–9; 7:20; 7:22–25; 7:27; 8:3; 8:8–10; 8:24–8:26; 11:11; 12:12; 14:18; 14:19; 14:27–28; 15:7–8; 19:10–18; 20:11–14; 20:25–21:1–3; 21:6–11; 22:12–13 | Designated by 35.CN |
| Opposition Brief | 4:9; 4:28, 5:28, portions of fn. 9; 8:10; 8:21–22 | Designated by OnlineNIC |
| Opposition Brief | 4:10–14; 4:26–27, portions of fn. 8 | Designated by Plaintiffs |
| Declaration of Karl S. Kronenberger in Support of the Opposition ("Kronenberger Decl.") | 1:18; 1:26–27; 2:2–3; 2:9–11; 2:14–16; 2:22–24 | Designated by 35.CN |
| Kronenberger Decl. | 3:17–21; 3:22 | Designated by OnlineNIC |
| Kronenberger Decl. | 3:27–4:1 | Designated by Plaintiffs |
| Ex. A to Kronenberger Decl. – Rebuttal to Kroll Declaration[1] | 8:A; portions of 8:B; 9:A; portions of 10:A; 16:A; portions of 16:B | Designated by ICANN |

---

[1] Citations to Kronenberger Decl. Exhibit A are formatted as Row:Column.

| Ex. A to Kronenberger Decl. – Rebuttal to Kroll Declaration | 2:A; portions of 2:B; 3:A; 4A; 5A; 5B; 6A; portions of 6B; portions of 9B; 10B; portions of 11B; portions of 14B; portions of 15B; portions of 16B; portions of 17B; 19A; portions of 19B; portions of 20B; portions of 22B; portions of 23B; 25A; portions of 25B | Designated by 35.CN |
|---|---|---|
| Ex. A to Kronenberger Decl. – Rebuttal to Kroll Declaration | 11:A; 17:A; portions of 17B; 20:A; 21:A; 22:A; 23:A; portions of 24:A; portions of 24:B; 26:A; portions of 26B | Designated by OnlineNIC |
| Ex. B to Kronenberger Decl. – 35.CN's Further Amended and Supplemental Responses to First Set of Interrogatories | 3:15–4:17; 4:24–7:27; 8:6–8:20; 9:2–9:15; 9:25–10:8; 10:15–11:8; 11:15–12:1; portions of Appendix A thereto | Designated by 35.CN |
| Ex. C to Kronenberger Decl. – Documents about the sale of OnlineNIC in 2007 | Entire Document | Designated by 35.CN |
| Ex. H to Kronenberger Decl. – Spreadsheet Records Provided to ICANN | Entire Document | Designated by OnlineNIC |
| Declaration of Carrie Yu in Support of Opposition ("Yu Decl.") | 1:6–13; 1:14–17; 1:19–21; 1:23–25; 1:26–27; 2:4–5; 2:6–7; 2:8–9; 2:10–12; 2:13–16; 2:21–22 | Designated by 35.CN |
| Yu Decl. | 2:17–20 | Designated by Plaintiffs |
| Declaration of Zhang Weiwei in Support of Opposition | 1:6–8; 1:9–11; 1:12–18; 1:20–21 | Designated by 35.CN |

As explained further below, because Plaintiffs, OnlineNIC, or ICANN designated certain documents and information as confidential, the burden rests with them to show compelling reasons for sealing these documents.

Additionally, 35.CN designates certain documents and information as confidential, and the content should be sealed, as outlined below.

## II.   OTHER PARTIES MUST SHOW COMPELLING REASONS TO SEAL DOCUMENTS FILED IN CONNECTION WITH A DISPOSITIVE MOTION

The well-established presumption in favor of public access to court filings can be overcome "on the basis of articulated facts known to the court." *Valley Broadcasting Co. v.*

*United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986). To determine whether a document may be sealed, a court may consider the "likelihood of an improper use, including publication of scandalous, libelous, pornographic, or trade secret materials . . . and residual privacy rights." *Id.* (citation omitted); *see also EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990) (holding that the *Valley Broadcasting* factors apply equally to civil and criminal proceedings); *see also* Fed. R. Civ. P. 26(c)(l)(F)–(G). "In short, the district court must weigh 'the interests advanced by the parties in the light of the public interest and the duty of the courts.'" *Valley Broadcasting Co.*, 798 F.2d at 1294 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978)). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions" and "to seal documents produced in discovery." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). However, documents filed in connection with a dispositive motion can only be filed under seal if there are "compelling reasons" to shield them from public access. *See Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097–98 (9th Cir. 2016). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

Certain documents for which Defendant seeks leave to file under seal were designated by Plaintiffs, OnlineNIC, or ICANN as confidential pursuant to the Stipulated Protective Order dated February 14, 2020 (ECF No. 35). Under Local Rule 79-5(f), if a party seeks to file under seal a document containing information that has been designated confidential by another party, the submitting party's declaration in support of the administrative motion to file under seal must identify the document or portion thereof which contains the designated confidential material and identify the party that has designated the material as confidential. The designating party must file a declaration as required by Local Rule 79-5(f)(3) establishing that all the designated material is sealable within seven days of the filing of the administrative motion to file under seal. If the designating party does not file its responsive declaration as required by Local Rule 79-

5(f), the document or proposed filing will be made part of the public record.

## III. 35.CN HAS DEMONSTRATED COMPELLING REASONS FOR SEALING THE PORTIONS IT HAS DESIGNATED AS CONFIDENTIAL OR AEO

### A. Legitimate Private or Public Interests Warrant Sealing

The portions of documents designated by Defendant as confidential contain information concerning private financial transactions of Defendant, personal information about employees of Defendant and Defendant's Chinese business partners, and the identities of employees of Defendant. (Declaration of Karl S. Kronenberger in Supporrt of Administrative Motion to Seal ("Kronenberger Sealing Decl." ¶5.) The documents also contain information concerning private contracts of a Chinese company. (Kronenberger Sealing Decl. ¶5.) The disclosure of the foregoing information may violate Chinese law according to outside Chinese counsel to Defendant. (Kronenberger Sealing Decl. ¶5.)

Further, injury will result from public disclosure of private employee/individual and financial information due to the nature of the data. (Kronenberger Sealing Decl. ¶¶7–8.) Moreover, Chinese law prohibits Chinese companies from disclosing a wide variety of data and personal information about Chinese residents to entities outside of China. (*See* Kronenberger Sealing Decl. ¶¶7–8.) Article 283 (formerly Article 277) of the Chinese Civil Procedure Law, the Chinese Data Security Law ("DSL"), the Cybersecurity Law, and the Personal Information Protection Law ("PIPL") are all grounds under Chinese law to restrict the disclosure outside China of the information requested by Plaintiffs. (*See* Kronenberger Sealing Decl. ¶¶7–8, referencing Ex. 1 to D.E. 247-11.) Therefore, the information at issue is protected from disclosure to the United States, including in a public Court filing, under Chinese law.

### B. Injury Will Result if Sealing is Denied

As communicated to Plaintiffs, the Cyberspace Administration of China ("CAC") has reminded 35.CN to comply with Chinese laws (i.e., to not disclose records that are not public), and there are severe penalties for violating these Chinese laws (i.e., criminal sanctions, jail, and high monetary fines). (Kronenberger Sealing Decl. ¶7.)

I rely upon the legal analysis of Chinese outside counsel for Defendant, whose opinions are found at Exhibit 1 to D.E. 247-11. (Kronenberger Sealing Decl. ¶8.) Thus, public disclosures, in response to discovery requests in the current action, of non-public data and personal information of Chinese residents, may subject 35.CN to significant civil and criminal penalties under Chinese law. (Kronenberger Sealing Decl. ¶7.) Therefore, maintaining the information under seal is related to a legitimate interest of 35.CN, and there would be possibility of significant penalties if the request for sealing is denied. (Kronenberger Sealing Decl. ¶7.)

### C. A Less Restrictive Alternative to Sealing is Not Sufficient

There are no less restrictive means to protect the information at issue from public disclosure, as public disclosure of information in court filings would clearly be a disclosure of restricted information, under Chinese law, outside of China. (Kronenberger Sealing Decl. ¶9.) Defendant has facilitated the most restrictive means by designating only portions of its discovery responses as confidential under the protective order, rather than the complete documents. (Kronenberger Sealing Decl. ¶9.)

## IV. CONCLUSION

This Administrative Motion to File Under Seal is accompanied by the supporting Declaration of Karl Kronenberger and a [Proposed] Order Granting Defendant's Administrative Motion to File Under Seal. Pursuant to Civil L.R. 79-5, Defendant lodges the Requested Sealed Documents under seal with this Court and respectfully requests leave to file them under seal.

Respectfully Submitted,

Dated: April 12, 2023

**KRONENBERGER ROSENFELD, LLP**

By: s/ Karl S. Kronenberger
Karl S. Kronenberger

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.