TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:     213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiffs,
META PLATFORMS, INC. f/k/a FACEBOOK, INC. and
INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>           Plaintiffs,<br><br>      v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>           Defendants. | Case No. 3:19-cv-07071-SI<br><br>**PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANT XIAMEN 35.COM INTERNET TECHNOLOGY CO. LTD.'S MOTION TO SEAL**<br><br>Hon. Susan Illston |

Defendant Xiamen 35.com Internet Technology Co. Ltd. ("35.CN") moved to seal portions of its Opposition to Plaintiffs' Motion to Strike Defendant's Answer and for Entry of Default ("Opposition") and supporting declarations. ECF No. 319 ("Motion to Seal"). Specifically, 35.CN identified Plaintiffs' confidentiality designations as the bases for sealing (1) its Opposition at 4:10-14 and 4:26-27 (portions of n.8); (2) the supporting Declaration of Karl Kronenberger at 3:27-4:1; and (3) the supporting Declaration of Carrie Yu ("Yu Decl.") at 2:17-20. Motion to Seal at 1-2. The portions of these documents 35.CN moved to seal only contain 35.CN's self-serving conclusions purportedly abstracted from documents Plaintiffs designated as "CONFIDENTIAL" pursuant to the Protective Order. Plaintiffs therefore do not intend to file a statement or declaration pursuant to Civil Local Rule 79-5(f)(3) explaining why sealing 35.CN's abstractions is warranted. 35.CN's vague reference to one document's Bates number and 35.CN's

failure to otherwise cite to or attach any specific documents make it difficult for Plaintiffs to determine whether a legitimate interest or potential injury warrants sealing. Accordingly, because the Opposition and supporting declarations contain only conclusions abstracted from documents produced and designated by Plaintiffs in the course of discovery, Plaintiffs do not believe that sealing those portions of the Opposition and supporting declarations purportedly containing Plaintiffs' confidential information is necessary.[1]

However, Plaintiffs maintain that any of their documents designated as "CONFIDENTIAL" and upon which 35.CN's papers rely are properly designated and reserve the right to seek to have those documents and any information contained therein sealed in connection with any future filings.

Finally, because Plaintiffs are narrowing 35.CN's original sealing request, they are concurrently lodging with this statement a new proposed order consistent with their position pursuant to Section 9.d of this Court's Standing Order.

DATED: April 19, 2023                              Tucker Ellis LLP

                                                   By: /s/David J. Steele
                                                       David J. Steele
                                                       Howard A. Kroll
                                                       Steven E. Lauridsen

                                                       Attorneys for Plaintiffs,
                                                       META PLATFORMS, INC. f/k/a
                                                       FACEBOOK, INC. and INSTAGRAM, LLC

---

[1] Plaintiffs note that 35.CN's generalized descriptions mischaracterize the facts and import of the underlying documents they appear to reference. Specifically, Plaintiffs are unaware of any document demonstrating the existence of a "cooperative relationship" between Plaintiffs and OnlineNIC Inc. *See* Yu Decl. ¶ 12. Furthermore, Plaintiffs produced documents showing faxes containing reasonable evidence of actionable harm were sent to Domain ID Shield Service Co., Ltd. ("ID Shield") for each of the twenty domain names in Plaintiffs' original Complaint (ECF No. 1), a fact which ID Shield admitted in response to Plaintiffs' Second Set of Requests for Admission (Request Nos. 198-205 and 207-218).