TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:       213.430.3409

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.) and
INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD., <br><br> Defendants. | Case No. 3:19-cv-07071-SI <br><br> **PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S ANSWER AND FOR ENTRY OF DEFAULT AGAINST DEFENDANT XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD. PURSUANT TO FED. R. CIV. P. 37** <br><br> DATE: June 16, 2023 <br> TIME: 10:00 a.m. <br> CTRM: 1 – 17th Floor <br><br> Hon. Susan Illston |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. 35.CN FAILS TO OVERCOME A FINDING ON ALTER EGO. ................................. 2

    A. 35.CN concedes that ID Shield is a shell company. ........................................... 4

    B. 35.CN does not dispute facts showing OnlineNIC disregards corporate formalities. .......................................................................................................... 4

    C. 35.CN does not dispute facts showing OnlineNIC disregards legal formalities. .......................................................................................................... 5

    D. 35.CN concedes that it shares the same offices and employees with OnlineNIC. .......................................................................................................... 6

    E. 35.CN concedes that it commingles funds and assets with OnlineNIC ........... 8

    F. 35.CN concedes that OnlineNIC diverted its assets for non-corporate uses. ................................................................................................................... 9

    G. 35.CN does not dispute facts showing OnlineNIC is inadequately capitalized. ........................................................................................................ 10

    H. 35.CN concedes that OnlineNIC hides and misrepresents the identity of its owner. ........................................................................................................ 10

    I. 35.CN cannot dispute that it and the OnlineNIC Defendants hindered discovery relating to alter ego liability. ............................................................ 11

    J. Failing to hold 35.CN responsible as the alter ego of the OnlineNIC Defendants would result in injustice. ............................................ 11

III. THE MOTION IS PROPERLY AND TIMELY BROUGHT BEFORE THIS COURT. ......................................................................................................................... 14

IV. CONCLUSION ............................................................................................................. 15

i

# TABLE OF AUTHORITIES

Page(s)

### Cases

*Bank of Montreal v. SK Foods, LLC*
   476 B.R. 588 (N.D. Cal. 2012) .................................................................................................. 9, 11

*Blizzard Energy, Inc. v. Schaefers*
   71 Cal.App.5th 832 (2021) ............................................................................................................. 9

*Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*
   No. 17-CV-04732-PJH, 2019 WL 3576900 (N.D. Cal. Aug. 6, 2019) ........................................ 13

*Claremont Press Publishing Co., Inc. v. Barksdale* 187 Cal.App.2d 813, 816-17 (1960) ......................... 5

*Dow Jones Co. v. Avenel*
   151 Cal.App.3d 144 (1984) .......................................................................................................... 15

*Favila v. Pasquarella*
   65 Cal.App.5th 934 (2021) ........................................................................................................... 13

*Gerritsen v. Warner Bros. Ent. Inc.*
   116 F. Supp. 3d 1104, 1137 (C.D. Cal. 2015) ............................................................................... 3

*Hynix Semiconductor Inc. v. Rambus Inc.*
   897 F. Supp. 2d 939 (N.D. Cal. 2012) ......................................................................................... 12

*In re Levander*
   180 F.3d 114 (9th Cir. 1999) ....................................................................................................... 13

*Las Palmas Associates v. Las Palmas Center Associates*
   235 Cal.App.3d 1220, 1249 (1991) ............................................................................................... 3

*Leon v. IDX Sys. Corp.*
   464 F.3d 95 (9th Cir. 2006) ......................................................................................................... 15

*Minton v. Cavaney*
   56 Cal.2d 576, 580 (1961) ........................................................................................................ 7, 10

*Nemours & Co. v. Kolon Indus., Inc.*
   803 F. Supp. 2d 469 (E.D. Va. 2011) .......................................................................................... 14

*Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*
   854 F.2d 1538 (9th Cir. 1988) ..................................................................................................... 10

*Nucor Corp. v. Bell*
   251 F.R.D. 191 (D.S.C. 2008) ..................................................................................................... 14

*Oceans II, Inc. v. Skinnervision, Inc.*
   No. 2:12–cv–06867–CAS, 2015 WL 4484208 (C.D. Cal. July 20, 2015) ................................. 10

*Oracle USA, Inc. v. SAP AG*
   264 F.R.D. 541 (N.D. Cal. 2009) ................................................................................................. 14

*QC Labs v. Green Leaf Lab, LLC*
   No. 8:18-cv-01451-JVS (JDEx), 2019 WL 6797250 (C.D. Cal. July 19, 2019) ......................... 15

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

*Ramirez v. T&H Lemont, Inc.*
  845 F.3d 772 (7th Cir. 2016) ............................................................................................... 12

*Reno-Tahoe Specialty, Inc. v. Mungchi, Inc.*
  No. LA 16-CV-00663-GHK, 2018 WL (C.D. Cal. Mar. 2, 2018) ....................................... 13

*Skyline Advanced Tech. Servs. v. Shafer*
  No. 18-CV-06641-CRB(RMI), 2020 WL 13093877 (N.D. Cal. July 14, 2020) ................. 10

*Sunrider Corp. v. Bountiful Biotech Corp.*
  No. SACV 08-1339, 2010 WL 4590766 (C.D. Cal. Oct. 8, 2010) ...................................... 14

*Toho-Towa Co. v. Morgan Creek Prods., Inc.*
  217 Cal.App.4th 1096, 1107 (2013) ........................................................................... 2, 3, 11

*Uniden Am. Corp. v. Ericsson Inc.*
  181 F.R.D. 302 (M.D.N.C. 1998) ........................................................................................ 15

*Valley Engineers Inc. v. Elec. Eng'g Co.*,
  158 F.3d 1051(9th Cir. 1998) .............................................................................................. 15

*Villiarimo v. Aloha Island Air, Inc.*
  281 F.3d 1054 (9th Cir. 2002) ............................................................................................... 1

*VirtualMagic Asia, Inc. v. Fil-Cartoons, Inc.*
  99 Cal.App.4th 228, 245 (2002) ............................................................................................ 3

*Wells Fargo Bank, N.A. v. Weinberg*
  227 Cal.App.4th 1, 8 (2014) .................................................................................................. 5

*WeRide Corp. v. Kun Huang*
  No. 5:18-CV-07233-EJD, 2020 WL 1967209 (N.D. Cal. Apr. 24, 2020) ............... 12, 14, 15

*Wyle v. R.J. Reynolds Industries, Inc.*
  709 F.2d 585, 592 (9th Cir. 1983) ....................................................................................... 15

*Yeager v. Bowlin*
  693 F.3d 1076 (9th Cir. 2012) ............................................................................................... 7

**Rules and Statutes**

28 U.S.C. §636(b)(1)(A) ............................................................................................................. 14

California Corporations Code § 212(a) .......................................................................................... 5

California Corporations Code § 312(a) .......................................................................................... 5

Civil L.R. 7-5(b) ........................................................................................................................ 1, 5

Fed. R. Civ. P. 37 ......................................................................................................................... 15

Fed. R. Civ. P. 56(e) ...................................................................................................................... 1

Fed. R. Evid. 802 ........................................................................................................................... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Motion to Strike (ECF Nos. 299, 300.04 ("Motion")) establishes that 35.CN and the OnlineNIC Defendants act as a single business enterprise such that the corporate identities of the OnlineNIC Defendants should be disregarded. In its Opposition (ECF Nos. 318.00, 319.04 ("Opposition")), 35.CN fails to respond with competent evidence[1] or relevant legal authority, but simply disputes the conclusion that the Defendants are alter egos of each other.

35.CN fails to overcome any of the facts establishing alter ego. First, 35.CN does not even address, and thus concedes, the facts supporting Plaintiffs' claim that ID Shield is the alter ego of 35.CN. Second, 35.CN does not dispute the factual or legal significance of OnlineNIC's failure to maintain corporate resolutions or minutes or to issue shares. Third, the undisputed evidence shows that 35.CN disregarded legal formalities for significant corporate transactions showing a lack of arm's length transactions. Fourth, 35.CN does not dispute that it shares employees with OnlineNIC and it ignores the fact that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Fifth, 35.CN does not dispute that it commingled money with OnlineNIC or that OnlineNIC diverted its assets for non-corporate uses. Sixth, 35.CN also does not dispute that OnlineNIC never issued shares and ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, which shows inadequate capitalization. Seventh, 35.CN continues the misrepresentations made by OnlineNIC as to the identity of its owner through self-serving narratives that

---

[1] Each of the blanket self-serving declarations submitted by 35.CN contain paragraphs that should be stricken because they are not based on personal knowledge or provide legal conclusions rather than facts. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002) (holding district court properly disregarded declaration that included facts beyond declarant's personal knowledge and where declarant did not indicate how she knew the facts to be true). For example, Exhibit A to the Declaration of Karl S. Kronenberger (ECF Nos. 320, 321.01 ("Kronenberger Decl.")) purports to "summarize[] 35.CN's opposition to the points raised in Plaintiffs' attorney declaration of Howard Kroll." (Kronenberger Decl. ¶ 2.) Yet, Exhibit A contains legal arguments, is not based on Mr. Kronenberger's personal knowledge, especially regarding the business practices of the OnlineNIC Defendants, and should be stricken. For the same reasons, the Court should also strike ¶¶ 2, 4, 10-11 of the Kronenberger Decl., ¶¶ 2-5 of the Declaration of Zhang Weiwei (ECF Nos. 318.03, 319.07 ("Weiwei Decl.")), and ¶¶ 3, 5-13 of the Declaration of Yu Hongxia (ECF Nos. 318.02, 319.06 ("Yu Decl.")) pursuant to Civil L.R. 7-5(b) ("An affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. . . . An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.").

contradict prior testimony. Finally, 35.CN does not dispute that the OnlineNIC Defendants hindered discovery relating to alter ego and that it did not fully comply with its own discovery obligations resulting in Magistrate Judge Tse partially granting Plaintiffs' motion to compel.

35.CN's claim that there is no "fraud or injustice" necessitating a finding of alter ego is based on its assertion that evidence was not destroyed by OnlineNIC and, even if any evidence were destroyed, 35.CN did not control that decision. But this Court has already found that relevant evidence was intentionally destroyed and the undisputed facts show that 35.CN's employees directly participated in that destruction. 35.CN's Opposition also claims that the Motion should have been brought before Magistrate Judge Tse. Yet the Motion is a dispositive motion properly brought before the Court, which is empowered to weigh evidence, hold evidentiary hearings and make credibility determinations to resolve sanctions motions. The Court should grant the Motion and strike 35.CN's Answer because 35.CN and the OnlineNIC Defendants operate as a single business enterprise making 35.CN equally responsible for the OnlineNIC Defendants' spoliation of evidence.

## II. 35.CN FAILS TO OVERCOME A FINDING ON ALTER EGO.

35.CN incorrectly argues that to prove alter ego, "[t]he test is not whether there are similar owners or offices but pervasive control over the subsidiary . . . ." (Opp. 18:10-11.)[2] 35.CN then argues that it is not the alter ego of the OnlineNIC Defendants because it is not the parent of OnlineNIC. (*Id.* at 18:26-28.) These arguments ignore the single business enterprise theory, which applies when affiliated entities act as a single enterprise. *Toho-Towa Co. v. Morgan Creek Prods., Inc.*, 217 Cal.App.4th 1096, 1107 (2013) ("[W]here there is 'such domination of finances, policies and practices that the controlled corporation has, so to speak, no separate mind, will or existence of its own and is but a business conduit for its principal,' the affiliated corporations may be deemed a single business enterprise, and the corporate veil pierced")

---

[2] For ease of reference, page number citations refer to the number on the bottom of the **document's** page because documents were filed under seal and unredacted documents have no ECF branded page numbers.

(citation omitted);[3] see also *Las Palmas Associates v. Las Palmas Center Associates*, 235 Cal.App.3d 1220, 1249 (1991).[4]

35.CN's Opposition claims, without legal support, that it is not the alter ego of the OnlineNIC Defendants because ██████████ and have ██████████ (*Id.* at 19:10.) Yet, 35.CN does not dispute that OnlineNIC had ██████████ ██████████ ██████████. (Mot. 6:10-12.) Although 35.CN claims that 35.CN and OnlineNIC had segregated corporate records (Opp. 7:19), 35.CN does not dispute that OnlineNIC did not maintain any corporate records. (Mot. 4:5-14.) Further, although 35.CN and OnlineNIC were formed in different years and in different countries (Opp. 7:17), 35.CN admits that Shaohui Gong at one time owned both 35.CN and OnlineNIC. (*Id.* at 5:15-16.) 35.CN's claim that the legal and equitable ownership of 35.CN and OnlineNIC are not identical (*id.* at 19:5-6) is questionable given the concealment and misrepresentations about the true owner of OnlineNIC. (Mot. 3:16-4:2, 16:12-22.)

Although there are numerous non-exhaustive factors a court may look at to determine whether corporations act as a single enterprise (*see, e.g., Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1137 (C.D. Cal. 2015) (listing over twenty alter ego factors)), all of the factors presented by Plaintiffs support a finding that the OnlineNIC Defendants are mere instrumentalities and alter egos of 35.CN. See *VirtualMagic Asia, Inc. v. Fil-Cartoons, Inc.*, 99 Cal.App.4th 228, 245 (2002) ("No single factor is

---

[3] 35.CN seeks to distinguish *Toho-Towa* by claiming that OnlineNIC is not "a business conduit for its principal." (Opp. 21:22-28.) 35.CN ignores, however, the undisputed facts that 35.CN's employees operated OnlineNIC and ██████████. 35.CN also ignores the numerous other factors identified in *Toho-Towa* (undercapitalization, commingling, failure to observe corporate formalities, etc.) that are found in this case and which 35.CN did not dispute.

[4] 35.CN seeks to distinguish *Las Palmas* by claiming that there is no allegation that the OnlineNIC Defendants "were formed for the purpose of committing a continuing fraud." (Opp. 21:19-22.) 35.CN ignores, however, that the undocumented and unexplained transfers of money to and from 35.CN appear to violate or at least circumvent Chinese law. At the 30(b)(6) deposition of OnlineNIC, Carrie Yu aka Yu Hongxia ("Ms. Yu") testified, "████████████████████████████████████████████████████" (Mot. 6 n.10.)

determinative, and instead a court must examine all the circumstances to determine whether to apply the doctrine."). Plaintiffs' Motion establishes that the OnlineNIC Defendants failed to observe corporate and legal formalities, used the same employees and offices, commingled funds with 35.CN, diverted their assets to non-corporate uses, were inadequately capitalized, concealed or misrepresented the identity of their owner, and hindered the discovery of facts relating to alter ego liability. (Mot. 11:5-18:3.)

**A.    35.CN concedes that ID Shield is a shell company.**

35.CN claims that it does not control, manage, or run the operations or decisions of ID Shield. (Opp. at 6:7-9.) However, ID Shield has admitted—and 35.CN does not dispute—that ID Shield has no employees, does not conduct shareholder meetings, has its expenses paid by OnlineNIC, and has its day-to-day operations (including all technical and customer support) carried out by 35.CN's employees despite no service agreement covering the provision of these services. (Mot. 8:16-22.) Nor does 35.CN dispute that ████████████████████████████████████████████████████████████████████████████████████████████████████████ (*id.* at 8:23-24) even though WHOIS records confirm that ID Shield is the registrant of the Infringing Domain Names itemized in the Second Amended Complaint and was in the business of offering proxy services to OnlineNIC's customers.[5] 35.CN does not dispute that ████████████████████████████████████████████████████████.[6] (*Id.* at 8:26-9:1.) And 35.CN does not dispute that Ms. Yu owns ID Shield for the benefit of OnlineNIC or that she failed to appear at the Court-ordered deposition of ID Shield, thus hindering discovery on alter ego facts. (*Id.* at 8:26-9:2.) All of these undisputed facts show that ID Shield is a shell company run by 35.CN as part of a single business enterprise.

**B.    35.CN does not dispute facts showing OnlineNIC disregards corporate formalities.**

35.CN argues OnlineNIC "was adequately formed as a corporation in California" and "followed

---

[5] Exhibit 7 to the Second Amended Complaint (ECF No. 109.07) show the WHOIS data for the Infringing Domain Names. Additionally, Exhibits 5 and 6 show a screenshot of OnlineNIC's website offering ID Shield's proxy services (ECF No. 109.05), and ID Shield's "privacy and proxy agreement" listing the terms and conditions for using the ID Shield proxy service. (ECF No. 109.06).

[6] Ms. Yu confirms in her declaration that ████████████████████████████████. (Yu Decl. ¶ 4.) Documents produced by OnlineNIC show that ████████████████████████████████████████████████████████████████████████████. (Supplemental Declaration of Howard A. Kroll ("Sup. Kroll Decl.") ¶ 4 and Ex. 1.)

corporate formalities" because it filed Articles of Incorporation and Statements of Information with the California Secretary of State. (Opp. 4:8-9.) 35.CN, however, does not dispute that OnlineNIC does not have any corporate resolutions, minutes of meetings of its directors and shareholders, or bylaws, and OnlineNIC has not issued any shares nor maintained ledgers of shareholders. (Mot. 4:5-14.) Nor does 35.CN dispute OnlineNIC has no corporate authorizations for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* at 8:9-14, 12:9-12), or that OnlineNIC violated California Corporations Code §§ 212(a) and 312(a) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (*Id.* at 11:10-15.)

35.CN does not rebut Plaintiffs' arguments that courts confronting such malfeasance pierce the corporate veil. *See Wells Fargo Bank, N.A. v. Weinberg*, 227 Cal.App.4th 1, 8 (2014) (finding alter ego where defendant did not produce corporate minutes, resolutions or authorizations); *Claremont Press Publishing Co., Inc. v. Barksdale*, 187 Cal.App.2d 813, 816-17 (1960) (finding alter ego where no shares of corporation were issued); (Mot. 11:4-12:2.). 35.CN does not distinguish these cases, nor can it. Instead, 35.CN argues, without any legal support, that "Meta's complaints about lack of certain specific records or actions do not demonstrate a 'disregard' of corporate formalities." (Opp. 20:6-7.) As such, the Court should find that OnlineNIC has disregarded corporate formalities.

C.   **35.CN does not dispute facts showing OnlineNIC disregards legal formalities.**

Without citing any competent evidence or legal authority, 35.CN argues that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, were written contracts at arm's length and that even though "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (Opp. 21:6-12), "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." (*Id.* at 7:2-4.); *see* Weiwei Decl. ¶ 3. However, the undisputed evidence shows that since 2009, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[7] OnlineNIC has not identified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[7] Mr. Weiwei's statement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is either wrong or not based on personal knowledge and is thus hearsay pursuant to Fed. R. Evid. 802 and, either way, should be stricken pursuant to Civil L.R. 7-5(b).

1  ███. (Mot. 8:9-14, 12:9-12, 13:22-24.) ███
2  ███. (*Id.*) ███
3  ███.[8] Again,
4  there are no contracts memorializing ███
5  ███. (*Id.* at 6:7-9, 12:12-14.) ███
6  ███
7  ███. (Deposition
8  Transcript of OnlineNIC on July 13, 2021 attached as Ex. 6 to the Sup. Kroll Decl. ("Yu Depo I")
9  68:8-17; Deposition Transcript of OnlineNIC on July 14, 2021 attached as Ex. 7 to the Sup. Kroll Decl.
10 ("Yu Depo II")[9] at 78:17-79:2.) Given the fact that ███
11 ███ are clear self-dealing
12 and could not constitute arm's length transactions.[10]
13      35.CN does not dispute any of these facts. Such disregard of legal formalities and failure to
14 maintain arm's length relationships for significant corporate transactions is evidence of an alter ego.
15 *In re Schwarzkopf,* 626 F.3d 1032, 1038 (9th Cir. 2010). The Court should thus find that OnlineNIC has
16 disregarded legal formalities.
17      **D.   35.CN concedes that it shares the same offices and employees with OnlineNIC.**
18      35.CN argues that it is not the alter ego of OnlineNIC because 35.CN ███
19 ███
20 ███ or take "direction

---

[8] OnlineNIC never disclosed ███ in its responses to discovery. (Kroll Decl. ¶ 60, Ex. 39). Indeed, 35.CN only produced this information *after* Plaintiffs moved to compel this information and Magistrate Judge Tse partially granted Plaintiffs' motion. (Sup. Kroll Decl. ¶ 12.)

[9] Other portions of Yu Depo I were previously attached as Ex. 7 to the Kroll Decl. (ECF Nos. 299.09, 300.11.). And other portions of the Yu Depo II were previously attached as Ex. 8 to the Kroll Decl. (ECF Nos. 299.10, 300.12.)

[10] ███

from OnlineNIC's separate owner and management when performing the contract work." (*Id.* at 24:16-17.).[11] 35.CN is wrong on both points.

First, 35.CN does not dispute that the purported ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Mot. 13:5-6.) In addition, 35.CN does not dispute that 35.CN and OnlineNIC ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (*Id.* at 12:26-27.) Finally, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Sup. Kroll Decl. ¶ 7.)

Second, 35.CN does not dispute that OnlineNIC has no employees who carry out OnlineNIC's own day-to-day registrar operations, or that these functions, including all technical and customer support, are carried out exclusively by 35.CN employees ▮▮▮▮▮▮▮▮. (Mot. 5:5-9; 12:23-26.) 35.CN also does not dispute that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (*Id.* at 13:1-3.) Nor does 35.CN dispute that ▮▮▮▮▮▮▮▮▮▮▮▮ (Yu Depo II 30:25-31:2 attached as Ex. 7 to the Sup. Kroll Decl.) and ▮▮▮▮▮▮,[12] ▮▮▮▮▮▮.[13] ▮▮▮▮▮▮ (Yu Depo II 26:17-27:10, 46:18-25 attached as Ex. 7 to the Sup. Kroll Decl.) Yet, ▮▮▮

---

[11] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See Minton v. Cavaney,* 56 Cal.2d 576, 580 (1961) (records of corporation kept in alter ego's office support inference that alter ego actively participated in the conduct of the business).

[12] 35.CN does not dispute that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Mot. 4:1-2).

[13] 35.CN cannot create a disputed fact through Ms. Yu's sham declaration that ▮▮▮▮▮▮▮▮▮▮▮▮ (Yu Decl. ¶ 3) by contradicting Ms. Yu's deposition testimony. *See Yeager v. Bowlin,* 693 F.3d 1076, 1081 (9th Cir. 2012) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").

1  ▮
2  ▮. (Yu Depo I at 54:24-55:14, 55:21-56:1; Yu Depo II attached
3  as Ex. 7 to the Sup. Kroll Decl. at 46:7-17.) Although Ms. Yu claims that she ▮
4  (Yu Decl. ¶ 3), ▮.
5  Ms. Yu also declared that ▮ (*Id.*) 35.CN
6  fails to inform the Court, however, that ▮
7  ▮ (Sup. Kroll Decl. ¶ 8 and Ex. 4.) Indeed, there is **not one** email
8  or document with ▮
9  ▮.
10 (Sup. Kroll Decl. ¶¶ 9-10.) And, notably, neither ▮ provided a declaration in
11 support of 35.CN's Opposition. Indeed, ▮
12 ▮
13 ▮
14 ▮
15 ▮. (Sup. Kroll Decl. ¶¶ 3-6 and Exs. 1-3). These undisputed facts show that 35.CN, not
16 OnlineNIC, was responsible for ▮
17 ▮. 35.CN and OnlineNIC are therefore alter
18 egos because they share the same offices and employees.
19     E.    **35.CN concedes that it commingles funds and assets with OnlineNIC.**
20       35.CN argues that ▮
21 ▮ (Mot. 6:15-7:15),[14] ▮
22 ▮
23 (Opp. 6:23-28.) Yet, Plaintiffs provided the Bates Stamp number for the original document produced by
24 ▮
---
25 [14] 35.CN does not deny that ▮
26 (Mot. 7:11-15.) Nor does 35.CN deny that ▮
27 ▮ (*Id.* at 7:2-3). Rather, 35.CN claims that ▮
28 ▮ (Opp. 7:7-8), which further supports Plaintiffs' claim that ▮.

1   OnlineNIC in which ███████████████████████████████████████

2   ████████████████████████████████████████████████████████

3   ██████████████████████████████████. As significant, █████████████

4   ████████████████████████████████, could have, but did not, submit a declaration swearing that

5   ██████████████████████████████████████████████████████.

6       35.CN also does not dispute that it commingled funds with OnlineNIC by █████████

7   ████████████████████████████████████████████████████████.

8   (Mot. 14:4-9.) Furthermore, 35.CN does not dispute that OnlineNIC █████████████

9   ██████████████████████████████████████████████. (*Id*. at 6:2-4.) ████

10  ████████████████████████████████████████████████ evidence

11  commingling and support an alter ego finding. *See Bank of Montreal v. SK Foods, LLC*, 476 B.R. 588, 599

12  (N.D. Cal. 2012) (finding alter ego where affiliated companies "frequently transferred assets among

13  themselves for no ascertainable reasons."),[15] *aff'd sub nom. Bank of Montreal v. Salyer*, 599 F. App'x 706

14  (9th Cir. 2015). The Court should thus find that 35.CN and OnlineNIC commingled their assets.

15      **F.   35.CN concedes that OnlineNIC diverted its assets for non-corporate uses.**

16      35.CN does not dispute (or even address) the facts showing that OnlineNIC diverted its assets for

17  non-corporate uses. Specifically, 35.CN does not dispute that OnlineNIC █████████████

18  ██████████████████████████████████████████████. (Mot. 15:1-19.) Nor

19  does it dispute that OnlineNIC ████████████████████████████████

20  ████████████████████████████████ (*Id*. at 15:14-17.) Finally, 35.CN

21  does not dispute that OnlineNIC ██████████████████████████████

22  █████████. (*Id*.) These undisputed facts further establish alter ego under the single business enterprise

23  theory. *See Blizzard Energy, Inc. v. Schaefers*, 71 Cal.App.5th 832, 849-50 (2021) (finding alter ego where

24  individual transferred funds to and from corporate account to third parties). As such, the Court should find

25  that OnlineNIC diverted its assets for non-corporate uses.

---

[15] 35.CN implicitly confirms that 35.CN and OnlineNIC commingled funds by providing a Venn diagram showing that 35.CN and OnlineNIC share revenue. (Opp. 8:11-15.) 35.CN does not explain how two "separate" companies could share revenue without commingling funds.

### G. 35.CN does not dispute facts showing OnlineNIC is inadequately capitalized.

35.CN asserts, without legal or factual support, that OnlineNIC "[h]ad corporate assets and adequate capitalization for expected liabilities." (Opp. 8:2.) But 35.CN does not dispute that OnlineNIC never issued shares. (Mot. 15:27-16:1.) Nor does 35.CN dispute that OnlineNIC had ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (Mot. 16:3-10.) This evidence alone confirms that OnlineNIC is inadequately capitalized. *Oceans II, Inc. v. Skinnervision, Inc.*, No. 2:12–cv–06867–CAS, 2015 WL 4484208, at *4 (C.D. Cal. July 20, 2015) (finding company undercapitalized when it never issued stock certificates). Without any rebuttal, the Court must conclude that OnlineNIC was inadequately capitalized, a factor that alone justifies piercing the corporate veil. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1544 (9th Cir. 1988) (citing *Minton*, 56 Cal.2d 576).

### H. 35.CN concedes that OnlineNIC hides and misrepresents the identity of its owner.

35.CN does not dispute that OnlineNIC conceals and misrepresents the identity of its owner. Rather, 35.CN's assertion that Mr. Liu owned OnlineNIC in 2007 when Mr. Gong sold it to him (Opp. 20:18-21) amplifies OnlineNIC's misrepresentations. That is because OnlineNIC ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (Mot. 3:23-4:1). Ms. Yu also testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (Yu Depo II 73:14-20, 76:25-77:10 attached as Ex. 7 to Sup. Kroll Decl.). Ms. Yu now declares that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[16] but does not explain how ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (Yu Decl. ¶ 5.) Nor has OnlineNIC produced a single document that evidences or substantiates ▓▓▓▓▓▓▓▓▓▓▓▓. (Sup. Kroll Decl. ¶ 11.) 35.CN's claim also contradicts OnlineNIC's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (Mot. 4:1-2.)

In its Opposition, 35.CN elected not to clarify the ownership of OnlineNIC by providing

---

[16] Ms. Yu contradicts her sworn deposition testimony again by now declaring that Mr. Liu purchased OnlineNIC from Mr. Gong in 2007. (Yu Decl. ¶ 5.) Again, this contradiction does not create a question of fact. Further, the Court should view Ms. Yu's changing and contradictory story as evidence of willfulness and bad faith. *Skyline Advanced Tech. Servs. v. Shafer*, No. 18-CV-06641-CRB(RMI), 2020 WL 13093877, at *10-11 (N.D. Cal. July 14, 2020) (finding spoliating party's "wildly fluctuating narratives as evidence of willfulness and bad faith" that supported imposition of terminating sanctions.), *report and recommendation adopted*, No. 18-CV-06641-CRB, 2020 WL 13093878 (N.D. Cal. July 30, 2020)

declarations from Mr. Gong, Mr. Liu, or ███. *See Bank of Montreal*, 476 B.R. at 598 (noting the "concealment and misrepresentation of the identity of the responsible ownership, management and financial interest" as a relevant factor for finding alter ego).

## I. 35.CN cannot dispute that it and the OnlineNIC Defendants hindered discovery relating to alter ego liability.

35.CN does not dispute that OnlineNIC hindered discovery relating to alter ego. (Mot. 16:25-17:7.) Nor does 35.CN dispute that ID Shield hindered discovery relating to alter ego when it failed to appear at its Court-ordered 30(b)(6) deposition. (*Id.* at 9:1-2.) Rather, 35.CN claims that it has fully complied with discovery propounded by Plaintiffs relating to alter ego. (Opp. 14:24-15:17.)[17] 35.CN is mistaken. Indeed, due to 35.CN's failure to adequately respond to discovery, Plaintiffs were forced to bring a motion to compel before Magistrate Judge Tse, who partially granted Plaintiffs' motion, confirming that 35.CN did not fully comply with its discovery obligations. (ECF No. 286.)

## J. Failing to hold 35.CN responsible as the alter ego of the OnlineNIC Defendants would result in injustice.

35.CN disputes that evidence was destroyed and, therefore, claims that "Meta has not shown the required fraud or injustice needed for alter ego liability"[18] because 35.CN is not responsible for the "purported" destruction of evidence. (Opp. 24:4-20.) 35.CN's argument has no basis in law or fact and should be rejected by the Court.

First, 35.CN improperly disputes that relevant evidence was intentionally destroyed by the OnlineNIC Defendants (Opp. 1:20, 8:20-21 and n.11, 10:5, 12:9, 22:8, 24:18-19) even though this assertion is contrary to the findings in the Special Master's Report (ECF No. 115 (the "Report") at 39:12-28, 40:15-41:5), which Magistrate Judge van Keulen adopted (ECF No. 151), and to which the OnlineNIC Defendants did not object. (ECF No. 126.) 35.CN's "dispute" with the Report is also contrary

---

[17] 35.CN's Opposition devotes several pages to whether 35.CN, by itself, committed any Rule 37 violation. (Opp. 14:22-16:9.) But Plaintiffs did not raise this issue in their Motion, and the Court need not evaluate it to resolve the Motion since 35.CN's sanctions are premised on the fact that, as an alter ego, 35.CN should be sanctioned for the OnlineNIC Defendants' discovery violations.

[18] 35.CN is wrong; proof of fraud is not required for an alter-ego finding. (*See* Mot. 10:15-17; *Toho-Towa*, 217 Cal.App.4th at 1109 n.5.)

to the findings in Judge van Keulen's Report and Recommendation (ECF No. 225 (the "R&R")), which was adopted by the Court. (ECF No. 276 (the "Order") at 9 n.4 ("[T]he Court has reviewed the defendants' objections to the R&R de novo and finds the objections are without merit.")) 35.CN claims Magistrate Judge Tse considered the destruction of evidence to be a disputed fact. (Opp. 11:11-12.) Yet, Magistrate Judge Tse only found that "35.CN maintains that its employees didn't participate in destroying evidence." (ECF No. 286 at 3.) The fact that evidence was destroyed is not in dispute.

Second, 35.CN ignores that the R&R found that the OnlineNIC Defendants "acted willfully and in bad faith" in destroying evidence (R&R 16:4-17:10.) applying a preponderance of the evidence standard. (R&R 10:27-11:3 (citing *WeRide Corp. v. Kun Huang*, No. 5:18-CV-07233-EJD, 2020 WL 1967209, at *9 (N.D. Cal. Apr. 24, 2020)).) Instead, 35.CN argues that this Court must find bad faith under a clear and convincing standard to grant Plaintiffs' Motion. (Opp. 12:23-27.) But it is well-settled that the correct legal standard to decide Plaintiffs' Motion is a preponderance of the evidence. *See WeRide*, 2020 WL 1967209, at *9 (collecting cases); *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 777-78 (7th Cir. 2016) (holding preponderance of evidence standard applies to terminating sanctions in civil cases because the Supreme Court rejects applying a higher evidentiary standard unless a statute, rule, or the Constitution requires it).[19]

Third, 35.CN does not dispute that . (Mot. 9:15-20.) Notably, ████████████████████████████████████.[20] Instead, ████████████████████████████████████, 35.CN claims that it did not control OnlineNIC's discovery decisions and that "the locus of decision-making regarding OnlineNIC's discovery

---

[19] 35.CN cites *Hynix Semiconductor Inc. v. Rambus Inc.*, 897 F. Supp. 2d 939, 978 (N.D. Cal. 2012) to argue that this Court must find bad faith under a clear and convincing standard for motions for terminating sanctions under Rule 37. But *Hynix* applied the clear and convincing standard on motions under the Court's inherent power, not Rule 37. And, as significant, *Hynix* did not evaluate what standard should be used pursuant to Supreme Court precedent.

[20] ████████████████████████, Leon Freeman, previously signed a declaration submitted to the Court stating "OnlineNIC does not dispute that certain database records were deleted." (ECF No. 202 at ¶ 5.) It should be noted that the "excuses" for deleting documents contained in the Freeman Declaration were rejected by the Special Master in his report. (Report at 37:16-39:10.)

action was with OnlineNIC, not 35.CN." (Opp. 22:9-10.) 35.CN is wrong again. There is no competent evidence that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ controlled OnlineNIC's discovery or responses. In fact, the evidence is to the contrary since Ms. Yu, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. (Mot. 3:5-7, 6:21-22; Yu Decl. ¶ 6.) The undisputed facts show that 35.CN, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬ with respect to discovery.

    35.CN next argues that its due process rights are implicated because Plaintiffs' Motion is "essentially seeking" to add 35.CN as a judgment debtor and that Plaintiffs cannot do so because 35.CN did not control the litigation against the OnlineNIC Defendants[21] or participate in their discovery decisions. (Opp. 22:2-15.) But even if Plaintiffs were seeking to amend the judgment to add 35.CN as a judgment debtor, the showing required to establish alter ego is "somewhat relaxed . . . so long as the 'equitable principles regarding alter ego' are satisfied, a court may add the new defendant to avoid 'injustice.'" *Reno-Tahoe Specialty, Inc. v. Mungchi, Inc.*, No. LA 16-CV-00663-GHK, 2018 WL 6267822, at *2 (C.D. Cal. Mar. 2, 2018) (citing *In re Levander*, 180 F.3d 114, 1122 (9th Cir. 1999)); *see also Favila v. Pasquarella*, 65 Cal.App.5th 934, 942 (2021). Here, an alter ego finding is necessary to prevent an injustice; and, all of the factors necessary to establish alter ego have been supported by evidence, so 35.CN's due process rights are not implicated. 35.CN also claims due process requires that it be allowed to "litigate the merits of the case" (Opp. 13:24-14:6) and offers a "less drastic sanction" than striking its Answer (*Id.* at 17:7-10). The Court found, however, that Plaintiffs have been irreparably harmed by the mass spoliation of evidence by the OnlineNIC Defendants such that a fair trial on the merits is not possible. (Order 13:17-19.) ("This merits argument completely misses the point that

---

[21] "The real issue is not whether the proposed judgment debtors (or, technically, the named defendant) actually litigated the issue of the named defendant's liability, but rather whether the proposed judgment debtors had an <u>opportunity</u> to present a defense." *Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*, No. 17-CV-04732-PJH, 2019 WL 3576900, at *4 (N.D. Cal. Aug. 6, 2019) (emphasis in original) (internal brackets and citation omitted), *aff'd sub nom. Cadence Design Sys., Inc. v. Viera*, 836 F. App'x 493 (9th Cir. 2020). This Court, however, found, that 35.CN's due process concerns were not implicated because 35.CN "had the opportunity to litigate its own individual defenses." (Order 13:5-6.)

ID Shield and OnlineNIC actively destroyed and concealed mass amounts of evidence."); *see also* R&R 14:24-26 ("The Court finds that no jury instruction, monetary sanction, or exclusion of evidence will right the wrong occasioned by OnlineNIC and ID Shield's extensive spoliation."); *see also WeRide*, 2020 WL 1967209 at *11, 13 (awarding terminating sanctions for spoliation against alter ego who "controlled … and thus ratified its massive spoliation" and determining that "lesser sanctions would be futile" where "spoliation occurred on such a massive scale."). 35.CN argues that the Court must consider the availability of lesser sanctions and whether a warning was provided to 35.CN. (Opp. 16:22-17:6). 35.CN used verbatim language in its Motion objecting to the R&R (ECF No. 228 10:20-11:3), which was rejected by the Court finding that "[d]ue to the extent of evidence spoliation" lesser sanctions are insufficient. (Order 14:3-5.)

Given 35.CN's ████████████████████████████████████████,[22] and the irreparable harm it caused to Plaintiffs, it would be unjust to allow 35.CN to benefit from this spoliation.

### III.  THE MOTION IS PROPERLY AND TIMELY BROUGHT BEFORE THIS COURT.

35.CN argues Plaintiffs' Motion should have been brought before Magistrate Judge Tse. (Opp. 1:6-7, 12:1-3). A request for terminating sanctions, however, is a dispositive motion that falls outside the scope of a magistrate judge's authority. *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 546 (N.D. Cal. 2009) ("[D]iscovery sanctions in general are non-dispositive unless imposition of the sanction would be dispositive of a party's claim or defense."). Magistrate judges are generally empowered to "hear and determine" any pretrial motion or other matter, except for dispositive motions. *See* 28 U.S.C. §636(b)(1)(A). Therefore, Plaintiffs' Motion is properly brought before this Court.

Next, 35.CN claims, without any supporting case law, that Plaintiffs' Motion is an improper

---

[22] Even if 35.CN and OnlineNIC did not operate as a single business enterprise, standard principles of agency law would govern ████████████████████████████████████████████████████. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 506-07 (E.D. Va. 2011); *see also Nucor Corp. v. Bell*, 251 F.R.D. 191, 198-99 (D.S.C. 2008) (agent's willful "alteration or destruction of relevant data" on laptop was directly attributable to defendant); *The Sunrider Corp. v. Bountiful Biotech Corp.*, No. SACV 08-1339, 2010 WL 4590766, at *29 (C.D. Cal. Oct. 8, 2010), *report and recommendation adopted*, No. SACV 08-1339, 2010 WL 4589156 (C.D. Cal. Nov. 3, 2010) (recommending terminating sanctions where defendant's agent "destroyed and failed to preserve documents in (its) possession, custody, or control").

attempt at an early summary judgment motion. (*E.g.*, Opp. 2:1-2; 11:24-12:4; 13:14-17; 25:10-20.) But 35.CN ignores that district courts are empowered to make findings of fact necessary to resolve sanctions motions including, when necessary, holding evidentiary hearings, weighing the evidence and making credibility determinations. *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 592 (9th Cir. 1983); *see also WeRide,* 2020 WL 1967209 at *9 ("[o]n considering a motion for sanctions, a district court may make factual findings and assess the credibility of witnesses" (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) and *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1054 (9th Cir. 1998))). When in connection with a Rule 37 motion, such determinations may result in terminating sanctions, "equivalent to an adjudication on the merits," which does not violate the sanctioned party's right to a jury trial[23] or its due process rights. *Wyle*, 709 F.2d at 592. Indeed, courts routinely make alter ego findings to resolve discovery motions, including by issuing sanctions. *See QC Labs v. Green Leaf Lab, LLC*, No. 8:18-cv-01451-JVS (JDEx), 2019 WL 6797250, at *8–10 (C.D. Cal. July 19, 2019) (holding alter ego relationship between party and non-party demonstrated sufficient control to compel non-party to produce documents where companies were closely related and shared significant resources); *Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 305 (M.D.N.C. 1998) (holding one corporation controls another for purposes of Rule 34 when companies are alter egos).

### IV. CONCLUSION

35.CN's self-serving and inadmissible declarations fail to refute that 35.CN is the alter ego of the OnlineNIC Defendants. As a result, 35.CN is equally responsible for the bad faith and intentional spoliation of evidence by the OnlineNIC Defendants (ECF Nos. 225, 276, 291), and 35.CN's Answer must be stricken pursuant to Fed. R. Civ. P. 37.

---

[23] 35.CN is not entitled to a jury trial on the issue of alter ego. *See Dow Jones Co. v. Avenel*, 151 Cal.App.3d 144, 147-48 (1984) (affirming lower court's ruling that appellants were not entitled to jury trial as a matter of right because "[i]t is well-settled that the alter ego doctrine is 'essentially an equitable one'").

| | |
|---|---|
| DATED: May 11, 2023 | Tucker Ellis LLP |
| | By: /s/David J. Steele |
| |     David J. Steele |
| |     Howard A. Kroll |
| |     Steven E. Lauridsen |
| | Attorneys for Plaintiffs, META PLATFORMS, INC. (fka FACEBOOK, INC.) and INSTAGRAM, LLC |