1  Eric P. Enson (State Bar No. 204447)
   epenson@jonesday.com
2  JONES DAY
   555 South Flower Street
3  Fiftieth Floor
   Los Angeles, CA 90071.2300
4  Telephone:    +1.213.489.3939
   Facsimile:    +1.213.243.2539
5
   Attorney for Non-Party
6  THE INTERNET CORPORATION FOR ASSIGNED
   NAMES AND NUMBERS
7

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 FACEBOOK, INC. AND INSTAGRAM,          Case No. 3:19-cv-07071-SI
   LLC,
12                                         **NON-PARTY ICANN'S STATEMENT
                  Plaintiffs,              IN SUPPORT OF PLAINTIFFS'
13                                         ADMINISTRATIVE MOTION TO
         v.                                CONSIDER WHETHER ANOTHER
14                                         PARTY'S MATERIAL SHOULD BE
   ONLINENIC INC.; DOMAIN ID SHIELD        SEALED**
15 SERVICE CO., LIMITED; and XIAMEN
   35.COM INTERNET TECHNOLOGY CO.,
16 LTD.,

17                Defendants.

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Pursuant to Civil Local Rule 79-5(c)(1) and (f)(3), non-party the Internet Corporation for Assigned Names and Numbers ("ICANN") hereby submits this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt No. 325). ICANN supports the filing under seal of excerpts of Plaintiffs' Reply Memorandum of Points and Authorities in Support of Motion to Strike Defendant's Answer and for Entry of Default Judgment ("Reply") that reflect personal identifiable information that was provided to ICANN, including business ownership interests of individuals associated with the Defendants. As noted above, these materials reflect personal identifiable information provided to ICANN, and ICANN designated the information as "Confidential" in its production of documents in response to Plaintiffs' subpoena. While ICANN has no interest in, and takes no position on, this litigation, ICANN has an interest in protecting the confidentiality of information provided to ICANN by third parties. Thus, compelling reasons exist to maintain the Reply excerpts under seal, as set forth below:

| Document | Basis for Sealing |
|---|---|
| Reply at 7:6-7; 7:16; 7:25; 10:21-22; 13:3-4. | Compelling reasons exist to seal the excerpts because they reflect personal identifiable information, namely individuals' business ownership interests. |

**LEGAL STANDARD**

To seal documents associated with a dispositive motion, as is the case here, the designating party must demonstrate "compelling reasons" that the interests of the party seeking to file under seal "outweigh the public's interest in disclosure." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Generally, compelling reasons to seal court records exist when released information might be used for "improper purposes." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589 (1978)). Further, Rule 26(c) authorizes the court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." *See* Fed. R. Civ. P. 26(c). "The Supreme Court

has interpreted this language as conferring 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

## ARGUMENT

Compelling reasons exist to file under seal the identified excerpts because they reflect confidential personal identifiable information, namely individuals' business ownership interests, and accordingly was designated as "Confidential" by ICANN in its production of the corresponding documents in response to Plaintiffs' subpoena. Courts regularly grant motions to seal personal identifiable information in order to protect an individual's privacy interests. *See Benedict v. Hewlett-Packard Co.*, Case No. 13-CV-00119-LHK, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (finding compelling reasons to seal the plaintiff's phone number); *Snapkeys, Ltd. v. Google LLC*, Case No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (finding compelling reasons to seal "personally identifiable information of [the defendant's] current and former employees, including their email addresses and telephone numbers"). Further, "[c]ourts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action." *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022). The same logic applies here: the privacy interests of individuals identified in the referenced excerpts are paramount and outweigh the public's interest in disclosure. Moreover, the redactions proposed to be sealed are narrowly tailored to protect the individuals' privacy interests.

## CONCLUSION

In conclusion, ICANN respectfully requests that this Court order that the portions of the Reply identified above remain under seal.

1

2   Dated:  May 18, 2023                              JONES DAY

3

4                                                     By:  */s/ Eric P. Enson*
                                                          Eric P. Enson

5                                                     Attorneys for Non-Party
                                                      THE INTERNET CORPORATION FOR
6                                                     ASSIGNED NAMES AND NUMBERS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28