**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
liana@kr.law
leah@kr.law

Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FACEBOOK, INC.**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **ONLINENIC INC.**, et al., <br><br> Defendants. | Case No. 3:19-cv-07071-SI <br><br> **DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S OBJECTIONS TO REPLY EVIDENCE RE. PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S ANSWER AND FOR ENTRY OF DEFAULT AGAINST DEFENDANT XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD. PURSUANT TO FED. R. CIV. P. 37 [D.E. 324]** <br><br> Date: June 16, 2023 <br> Time: 10:00 a.m. <br> Crtrm: 1, 17th Floor <br><br> Hon. Susan Illston |

Case No. 3:19-cv-07071-SI                                    35.CN'S OBJECTIONS TO REPLY EVIDENCE

## INTRODUCTION

Pursuant to Civil Local Rules 7-3(d) and 7-5(b), and the Federal Rules of Evidence, Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN") hereby submits the following evidentiary objections to Plaintiffs' Reply Memorandum of Points and Authorities in Support of Motion to Strike and for Entry of Default Against Defendant Xiamen 35.com Technology Co., Ltd. Pursuant to Fed. R. Civ. P. 37 [D.E. 324] (the "Reply") and the supporting Supplemental Declaration of Howard A. Kroll [D.E. 324-1] (the "Kroll Declaration") and in particular the exhibits attached to the Kroll Declaration.

Plaintiffs Meta, Inc. fka Facebook, Inc. and Instagram, LLC (collectively, "Plaintiffs") are using their Reply memorandum to introduce new evidence, without any foundation or knowledge, in contravention of well-established rules of motion practice. Rather, as with their initial Motion, Plaintiffs are forming unsupported and speculative conclusions about third-party documents, several of which are in Chinese. Therefore, 35.CN respectfully requests that the Court strike the portions of the Reply as outlined below.

## OBJECTIONS TO IMPROPER REPLY EVIDENCE

| Material Subject to Objection[1] | Grounds for Objection | Ruling |
|---|---|---|
| **Exhibit 1** to Kroll Declaration (translated "Statement of Work" produced by OnlineNIC) and related portions of the Kroll Declaration ¶¶3, 4 and Reply at 4 fn. 6, 8:11-15. | Rule 106 (incomplete evidence) <br> Rule 602 (lack of knowledge) <br> Rule 701 (speculation) <br> Rule 801 (hearsay) <br> Rule 901 (lack of foundation) <br><br> This private company record is translated and proffered out of context and without appropriate knowledge or foundation, and it is hearsay. If 35.CN is granted leave to file a sur-reply, it would provide a declaration attesting that this document template was not used for the purpose Plaintiff asserts and that only OnlineNIC (and not 35.CN) hired and trained people for OnlineNIC work. This | __ Sustained <br><br> __ Overruled |

---

[1] This list is not exhaustive of the improper or disputed portions of the Reply. For example, Plaintiffs' exhibits 5-7 (contract termination and limited portions of deposition transcripts) are taken out of context and disputed by 35.CN's opposition evidence. Plaintiffs also harp on materials that were supposedly not produced in discovery but fail to connect those items to valid discovery requests; Plaintiffs also continue to fail to follow discovery procedures.

| | | | |
|---|---|---|---|
| | | at minimum creates a material issue of fact. | |
| | | In addition, the record is hearsay and is neither a regular business record nor public record. The record was also produced by OnlineNIC (in response to very overbroad discovery requests), and it is not any authorized admission by 35.CN. | |
| | | Further, Plaintiffs had this document prior to their original motion, and it related to the motion, but Plaintiffs are raising it for the first time in the Reply, which is improper. | |
| | **Exhibit 2** to Kroll Declaration (translated "Performance Appraisal Form" produced by OnlineNIC) and related portions of the Kroll Declaration ¶¶3, 5 and Reply at 8:11-15. | Rule 106 (incomplete evidence)<br>Rule 602 (lack of knowledge)<br>Rule 701 (speculation)<br>Rule 801 (hearsay)<br>Rule 901 (lack of foundation)<br><br>This private company record is translated and proffered out of context and without appropriate knowledge or foundation, and it is hearsay. If 35.CN is granted leave to file a sur-reply, it would provide a declaration attesting that this document template was not used for the purpose Plaintiff asserts and that only OnlineNIC (and not 35.CN) hired and trained people for OnlineNIC work. This at minimum creates a material issue of fact.<br><br>In addition, the record is hearsay and is neither a regular business record nor public record. The record was also produced by OnlineNIC (in response to very overbroad discovery requests), and it is not any authorized admission by 35.CN.<br><br>Further, Plaintiffs had this document prior to their original motion, and it related to the motion, but Plaintiffs are raising it for the first time in the Reply, which is improper. | __ Sustained<br>__ Overruled |
| | **Exhibit 3** to Kroll Declaration (translated "Employee Training Plan" produced by OnlineNIC) and related portions of | Rule 106 (incomplete evidence)<br>Rule 602 (lack of knowledge)<br>Rule 701 (speculation)<br>Rule 801 (hearsay)<br>Rule 901 (lack of foundation)<br><br>This private company record is translated and proffered out of context and without appropriate | __ Sustained<br>__ Overruled |

| | | | |
|---|---|---|---|
| | the Kroll Declaration ¶¶3, 6 and Reply at 8:11-15. | knowledge or foundation, and it is hearsay. If 35.CN is granted leave to file a sur-reply, it would provide a declaration attesting that this document template was not used for the purpose Plaintiff asserts and that only OnlineNIC (and not 35.CN) hired and trained people for OnlineNIC work. This at minimum creates a material issue of fact.<br><br>In addition, the record is hearsay and is neither a regular business record nor public record. The record was also produced by OnlineNIC (in response to very overbroad discovery requests), and it is not any authorized admission by 35.CN.<br><br>Further, Plaintiffs had this document prior to their original motion, and it related to the motion, but Plaintiffs are raising it for the first time in the Reply, which is improper. | |
| | **Exhibit 4** to Kroll Declaration (translated "Organization Chart" produced by OnlineNIC) and related portions of the Kroll Declaration ¶8 and Reply at 8:6-7. | Rule 106 (incomplete evidence)<br>Rule 602 (lack of knowledge)<br>Rule 701 (speculation)<br>Rule 801 (hearsay)<br>Rule 901 (lack of foundation)<br><br>This private company record is translated and proffered out of context and without appropriate knowledge or foundation, and it is hearsay. If 35.CN is granted leave to file a sur-reply, it would provide a declaration attesting that Minghe Wang was an OnlineNIC employee without a connection to 35.CN, who lived in the United States and not China, was hired and paid by OnlineNIC, had duties in business management of OnlineNIC, and had individuals reporting to him under the staffing agreement; he did not work for 35.CN but was listed in an internal chart because he oversaw the 35.CN employees staffing OnlineNIC under the staffing agreement. This at minimum creates a material issue of fact.<br><br>In addition, the record is hearsay and is neither a regular business record nor public record. The record was also produced by OnlineNIC (in response to very overbroad discovery requests), and it is not any authorized admission by 35.CN.<br><br>Further, Plaintiffs had this document prior to their | __ Sustained<br><br>__ Overruled |

| | |
|---|---|
| original motion, and it related to the motion, but Plaintiffs are raising it for the first time in the Reply, which is improper. | |

## ARGUMENT

As a general matter, a moving party is not permitted to offer new evidence in its reply. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (noting the court should not consider new evidence submitted in reply without affording non-moving party opportunity to respond); *Clark v. State of California*, 739 F. Supp. 2d 1168, 1223 n.14 (N.D. Cal. 2010) ("Defendants have submitted new evidence . . . [B]ecause Defendants have failed to explain why this evidence was not developed in a timely manner, and because consideration of this evidence at this stage would deprive Plaintiffs of the opportunity to cross-examine the relevant witness, this Court declines to consider it.").

Moreover, a declaration "may contain only facts" and "must avoid conclusions and argument." Civil Local Rule 7-5(b). A declaration must also conform as much as possible to the requirements of Federal Rule of Civil Procedure 56(e), which provides for an appropriate order where there is failure to properly support a fact (and which is particularly relevant as Plaintiffs' motion is essentially a motion for summary judgment subject to Rule 56). Any declaration not in compliance "may be stricken in whole or in part."

The Court should strike the referenced Reply exhibits, and the corresponding portions of the Kroll Declaration and Reply, as they constitute new evidence improperly filed on Reply by Plaintiffs. Further, the evidence should be excluded because it violates basic rules of evidence and is inadmissible, as outlined above.

## CONCLUSION

For the foregoing reasons, 35.CN respectfully requests that the Court strike the Reply exhibits and related portions of the Reply and Kroll Declaration.

//

//

//

1  Respectfully Submitted,

2  Dated: May 18, 2023         **KRONENBERGER ROSENFELD, LLP**

3                               By:   s/ Karl S. Kronenberger
4                                     Karl S. Kronenberger

5                               Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.