**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
liana@kr.law
leah@kr.law

Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FACEBOOK, INC.**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**ONLINENIC INC.**, et al.,<br><br>Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER AND FOR ENTRY OF DEFAULT AGAINST DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD. PURSUANT TO FED. R. CIV. P. 37 UNDER SEAL; AND MEMORANDUM IN SUPPORT**<br><br>Date:    [In Chambers]<br>Time:    [In Chambers]<br>Ctrm:    1, 17th Floor<br>Judge:   Hon. Susan Illston |

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

I.    **INTRODUCTION**

Pursuant to Civil L.R. 7-11 and Civil L.R. 79-5, as well as Section 9 of Judge Illston's Standing Order, Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant" or "35.CN"), by and through its undersigned counsel, respectfully moves for administrative relief to seal narrowly tailored portions of and exhibits to its Sur-Reply in Opposition to Plaintiffs' Motion to Strike Defendant's Answer and for Entry of Default Against Defendant Xiamen 35.com Technology Co., Ltd. (the "Sur-Reply"), which have been designated by Defendant OnlineNIC Inc. ("OnlineNIC") or Defendant 35.CN as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY."

Defendant seeks to file the following documents, or page and line numbers from the following, under seal:[1]

| Document | Text to be Sealed (page(s):line(s)) | Basis for Sealing |
|---|---|---|
| Sur-Reply | 1:10; 1:15; 2:4-8; 2:13-15; 2:18; 3:5-6; 3:24-26; 4:11-12; 4:14-15; 5:25; 6:1-4; 6:14; 6:27; 7:1; 9:19 | Designated by 35.CN |
| Sur-Reply | 1:10-11; 1:26-27; 2:1; 2:19; 2:25; 3:17-21; 4:4-5; 4:19-22; 4:24-25; 6:8; 6:10-11; 6:16-17; 6:22-24; 9:17-18 | Designated by OnlineNIC |
| Declaration of K. Kronenberger ISO Sur-Reply ("Kronenberger Decl.") | 1:14 | Designated by 35.CN |
| Kronenberger Declaration | 1:18 | Designated by OnlineNIC |
| Exhibit A to Kronenberger Decl. (summary chart with financial and employment data) | Portions of 2:B; portions of 2:C; portions of 3:A; portions of 3:B; portions of 3:C; portions of 5:B; portions of 6:B; portions of 7:B; portions of 8:B; portions of 9:B; portions of 9:C | Designated by 35.CN |
| Exhibit B. to Kronenberger Decl. (summary spreadsheet with financial data) | 2:A; 2:B; 4:A; 4:B; 5:A; 5:B; 6:A; 6:B; 7:A; 7:B; 8:A; 8:B; 9:A; 9:B; 10:A; 10:B; 11:A; 11:B; 12:A; 12:B; 13:A; 13:B | Designated by OnlineNIC |

---

[1] Much of the content sought to be sealed is similar to the original Motion, Opposition, and Reply content sought to be sealed, *see* D.E. 300, 302, 319, 325; as well as content that was confirmed to be sealed in similar orders in this action, *see* D.E. 275 n. 1, 287.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

| Exhibit B. to Kronenberger Decl. (summary spreadsheet with financial data) | 1:A; 1:B; 3:A; 3:B | Designated by 35.CN |
|---|---|---|
| Declaration of Y. Hongxia ISO Sur-Reply ("Hongxia Decl.") | 1:6-7; 1:9-11 | Designated by 35.CN |
| Hongxia Decl. | 1:8-9; 1:14-27; 2:1-9 | Designated by OnlineNIC |
| Exhibit A to Hongxia Decl. (employee's financial record) | Entire Document | Designated by OnlineNIC |
| Exhibit B to Hongxia Decl. (deposition transcript) | Entire Document | Designated by OnlineNIC |
| Declaration of Z. Weiwei ISO Sur-Reply ("Weiwei Decl.") | 1:6-10 | Designated by 35.CN |

As explained further below, because OnlineNIC designated certain documents and information as confidential, the burden rests with them to show compelling reasons for sealing these documents.

Additionally, 35.CN designates certain documents and information as confidential, and the content should be sealed, as outlined below.

## II.    OTHER PARTIES MUST SHOW COMPELLING REASONS TO SEAL DOCUMENTS FILED IN CONNECTION WITH A DISPOSITIVE MOTION

The well-established presumption in favor of public access to court filings can be overcome "on the basis of articulated facts known to the court." *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986). To determine whether a document may be sealed, a court may consider the "likelihood of an improper use, including publication of scandalous, libelous, pornographic, or trade secret materials . . . and residual privacy rights." *Id.* (citation omitted); *see also EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990) (holding that the *Valley Broadcasting* factors apply equally to civil and criminal proceedings); *see also* Fed. R. Civ. P. 26(c)(I)(F)–(G). "In short, the district court must weigh 'the interests advanced by the parties in the light of the public interest and the duty of the courts.'" *Valley Broadcasting Co.*, 798 F.2d at 1294 (quoting

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978)). "A 'good cause'

2    showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive

3    motions" and "to seal documents produced in discovery." *See Kamakana v. City & Cnty.*

4    *of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

5         Certain documents for which Defendant seeks leave to file under seal were

6    designated by OnlineNIC as confidential pursuant to the Stipulated Protective Order dated

7    February 14, 2020 (ECF No. 35). Under Local Rule 79-5(f), if a party seeks to file under

8    seal a document containing information that has been designated confidential by another

9    party, the submitting party's declaration in support of the administrative motion to file under

10   seal must identify the document or portion thereof which contains the designated

11   confidential material and identify the party that has designated the material as confidential.

12   The designating party must file a declaration as required by Local Rule 79-5(f)(3)

13   establishing that all the designated material is sealable within seven days of the filing of

14   the administrative motion to file under seal. If the designating party does not file its

15   responsive declaration as required by Local Rule 79-5(f), the document or proposed filing

16   will be made part of the public record.

17   **III.   35.CN HAS DEMONSTRATED COMPELLING REASONS FOR SEALING THE**

18   **PORTIONS IT HAS DESIGNATED AS CONFIDENTIAL**

19       **A.   Legitimate Private or Public Interests Warrant Sealing**

20       The portions of documents designated by Defendant as confidential contain

21   information concerning private financial transactions of Defendant, personal information

22   about employees of Defendant and Defendant's business partners, and the identities of

23   employees of Defendant or others. (Declaration of Karl S. Kronenberger in Support of

24   Administrative Motion to Seal ("Kronenberger Sealing Decl." ¶5.) The documents also

25   contain information concerning private contracts of a Chinese company. (Kronenberger

26   Sealing Decl. ¶5.) The disclosure of the foregoing information may violate Chinese law

27   according to outside Chinese counsel to Defendant. (Kronenberger Sealing Decl. ¶5.)

28       Further, injury will result from public disclosure of private employee/individual and

Case No. 3:19-cv-07071-SI                    3         **ADMIN. MTN TO SEAL 35.CN'S SUR-REPLY**
                                                       **IN OPP TO PLTFS' MTN TO STRIKE**

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    financial information due to the nature of the data. (Kronenberger Sealing Decl. ¶¶7–8.)

2    Moreover, Chinese law prohibits Chinese companies from disclosing a wide variety of data

3    and personal information about Chinese residents to entities outside of China. (*See*

4    Kronenberger Sealing Decl. ¶¶7–8.) Article 283 (formerly Article 277) of the Chinese Civil

5    Procedure Law, the Chinese Data Security Law ("DSL"), the Cybersecurity Law, and the

6    Personal Information Protection Law ("PIPL") are all grounds under Chinese law to restrict

7    the disclosure outside China of the information requested by Plaintiffs. (*See* Kronenberger

8    Sealing Decl. ¶¶7–8, referencing Ex. 1 to D.E. 247-11.) Therefore, the information at issue

9    is protected from disclosure to the United States, including in a public Court filing, under

10   Chinese law.

11         **B.     Injury Will Result if Sealing is Denied**

12         As communicated to Plaintiffs, the Cyberspace Administration of China ("CAC") has

13   reminded 35.CN to comply with Chinese laws (i.e., to not disclose records that are not

14   public), and there are severe penalties for violating these Chinese laws (i.e., criminal

15   sanctions, jail, and high monetary fines). (Kronenberger Sealing Decl. ¶7.)

16         I rely upon the legal analysis of Chinese outside counsel for Defendant, whose

17   opinions are found at Exhibit 1 to D.E. 247-11. (Kronenberger Sealing Decl. ¶8.) Thus,

18   public disclosures, in response to discovery requests in the current action, of non-public

19   data and personal information of Chinese residents, may subject 35.CN to significant civil

20   and criminal penalties under Chinese law. (Kronenberger Sealing Decl. ¶7.) Therefore,

21   maintaining the information under seal is related to a legitimate interest of 35.CN, and

22   there would be possibility of significant penalties if the request for sealing is denied.

23   (Kronenberger Sealing Decl. ¶7.)

24         **C.     A Less Restrictive Alternative to Sealing is Not Sufficient**

25         There are no less restrictive means to protect the information at issue from public

26   disclosure, as public disclosure of information in court filings would clearly be a disclosure

27   of confidential information as well as restricted information, under Chinese law, outside of

28   China. (Kronenberger Sealing Decl. ¶9.) Defendant has facilitated the most restrictive

1    means by designating only portions of its discovery responses as confidential under the

2    protective order, rather than the complete documents. (Kronenberger Sealing Decl. ¶9.)

3    **IV.    CONCLUSION**

4         This Administrative Motion to File Under Seal is accompanied by the supporting

5    Declaration of Karl Kronenberger and a [Proposed] Order Granting Defendant's

6    Administrative Motion to File Under Seal. Pursuant to Civil L.R. 79-5, Defendant lodges

7    the Requested Sealed Documents under seal with this Court and respectfully requests

8    leave to file them under seal.

9

10   Respectfully Submitted,

11   Dated: June 23, 2023                    **KRONENBERGER ROSENFELD, LLP**

12

13                                           By: s/ Karl S. Kronenberger
                                                 Karl S. Kronenberger

14                                           Attorneys for Defendant Xiamen 35.com
                                             Technology Co., Ltd.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108