**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
liana@kr.law
leah@kr.law

Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **FACEBOOK, INC.**, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**ONLINENIC INC.**, et al.,<br><br>　　　　Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DECLARATION OF KARL S. KRONENBERGER IN SUPPORT OF DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S MOTION TO FILE PORTIONS OF SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER AND FOR ENTRY OF DEFAULT AGAINST DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD. PURSUANT TO FED. R. CIV. P. 37 UNDER SEAL**<br><br>Date:　　[In Chambers]<br>Time:　　[In Chambers]<br>Ctrm:　　1, 17th Floor<br>Judge:　　Hon. Susan Illston |

Case No. 3:19-cv-07071-SI　　　　　　　　　　　　　　　DECL. OF K. KRONENBERGER ISO DEF'S
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MTN TO FILE SUR-REPLY UNDER SEAL

I, Karl S. Kronenberger, do hereby declare:

1.  I am an attorney admitted to practice law before this Court. I am a partner at the law firm of Kronenberger Rosenfeld, LLP, counsel of record for Defendant Xiamen 35.com Technology Co., Ltd., ("35.CN" or "Defendant"). Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration.

2.  Pursuant to Civil L.R. 79-5(b) and 79-5(c) and Civil L.R. 7-11, I submit this Declaration in Support of Defendant's Administrative Motion to Seal.

3.  Defendant seeks to file under seal narrowly tailored portions of its Sur-Reply in Opposition to Plaintiffs' Motion to Strike Defendant's Answer and for Entry of Default Against Defendant Xiamen 35.com Technology Co., Ltd. (the "Sur-Reply"), which have been designated by Defendant 35.CN or Defendant OnlineNIC Inc. ("OnlineNIC") as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY."

4.  Defendant seeks to file the below records under seal, and avers that the identified portions of documents sought to be filed under seal by Defendant should be filed under seal for the reasons outlined below:

| Document | Text to be Sealed (page(s):line(s)) | Basis for Sealing |
|---|---|---|
| Sur-Reply | 1:10; 1:15; 2:4-8; 2:13-15; 2:18; 3:5-6; 3:24-26; 4:11-12; 4:14-15; 5:25; 6:1-4; 6:14; 6:27; 7:1; 9:19 | Designated by 35.CN |
| Sur-Reply | 1:10-11; 1:26-27; 2:1; 2:19; 2:25; 3:17-21; 4:4-5; 4:19-22; 4:24-25; 6:8; 6:10-11; 6:16-17; 6:22-24; 9:17-18 | Designated by OnlineNIC |
| Declaration of K. Kronenberger ISO Sur-Reply ("Kronenberger Decl.") | 1:14 | Designated by 35.CN |
| Kronenberger Declaration | 1:18 | Designated by OnlineNIC |
| Exhibit A to Kronenberger Decl. (summary chart with financial and employment data) | Portions of 2:B; portions of 2:C; portions of 3:A; portions of 3:B; portions of 3:C; portions of 5:B; portions of 6:B; portions of 7:B; portions of 8:B; portions of 9:B; portions of 9:C | Designated by 35.CN |
| Exhibit B. to Kronenberger Decl. | 2:A; 2:B; 4:A; 4:B; 5:A; 5:B; 6:A; 6:B; 7:A; 7:B; 8:A; 8:B; 9:A; 9:B; 10:A; | Designated by OnlineNIC |

| | | |
|---|---|---|
| (summary spreadsheet with financial data) | 10:B; 11:A; 11:B; 12:A; 12:B; 13:A; 13:B | |
| Exhibit B. to Kronenberger Decl. (summary spreadsheet with financial data) | 1:A; 1:B; 3:A; 3:B | Designated by 35.CN |
| Declaration of Y. Hongxia ISO Sur-Reply ("Hongxia Decl.") | 1:6-7; 1:9-11 | Designated by 35.CN |
| Hongxia Decl. | 1:8-9; 1:14-27; 2:1-9 | Designated by OnlineNIC |
| Exhibit A to Hongxia Decl. (employee's financial record) | Entire Document | Designated by OnelineNIC |
| Exhibit B to Hongxia Decl. (deposition transcript) | Entire Document | Designated by OnlineNIC |
| Declaration of Z. Weiwei ISO Sur-Reply ("Weiwei Decl.") | 1:6-10 | Designated by 35.CN |

*Legitimate Private or Public Interests Warrant Sealing*

5. The portions of documents designated by Defendant as confidential contain information concerning private financial transactions of Defendant, personal information about employees of Defendant and Defendant's Chinese business partners, and the identities of employees of Defendant. The documents also contain information concerning private contracts of a Chinese company. The disclosure of the foregoing information may violate Chinese law according to outside Chinese counsel to Defendant.

6. Chinese law prohibits Chinese companies from disclosing a wide variety of data and personal information about Chinese residents to entities outside of China. Article 283 (formerly Article 277) of the Chinese Civil Procedure Law, the Chinese Data Security Law ("DSL"), the Cybersecurity Law, and the Personal Information Protection Law ("PIPL") are all grounds under Chinese law to restrict the disclosure outside China of the information requested by Plaintiffs. Therefore, the information at issue is protected from disclosure to the United States, including in a public Court filing, under Chinese law.

*Injury Will Result if Sealing is Denied*

7. As communicated to Plaintiffs, the Cyberspace Administration of China ("CAC") has reminded 35.CN to comply with Chinese laws (i.e., to not disclose records that are not public), and there are severe penalties for violating these Chinese laws (i.e., criminal sanctions, jail, and high monetary fines).

8. I rely upon the legal analysis of Chinese outside counsel for Defendant, whose opinions are found at Exhibit 1 to D.E. 247-11. Thus, public disclosures, in response to discovery requests in the current action, of non-public data and personal information of Chinese residents, may subject 35.CN to significant civil and criminal penalties under Chinese law. Therefore, maintaining the information under seal is related to a legitimate interest of 35.CN, and there would be possibility of significant penalties if the request for sealing is denied.

*A Less Restrictive Alternative to Sealing is Not Sufficient*

9. There are no less restrictive means to protect the information at issue from public disclosure, as public disclosure of information in court filings would clearly be a disclosure of restricted information, under Chinese law, outside of China. Defendant has facilitated the most restrictive means by designating only portions of its discovery responses as confidential under the protective order, rather than the complete documents.

10. The Court has granted similar requests to file under seal. [*See* D.E. 275 n.1.]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 23rd day of June, 2023 in San Francisco, CA.

By: s/ Karl S. Kronenberger
Karl S. Kronenberger