TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:       213.430.3409

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.) and
INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>         Plaintiffs,<br><br>   v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>         Defendants. | Case No. 3:19-cv-07071-SI<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED IN CONNECTION WITH PLAINTIFFS' OBJECTION TO SUR-REPLY EVIDENCE**<br><br>Hon. Susan Illston |

I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, as well as Section 9 of Judge Illston's Standing Order, Plaintiffs seek leave to file the following document partially under seal in connection with Plaintiffs' Objection to Sur-Reply Evidence:

| Document | Text or Portion to be Sealed | Basis for Sealing |
| --- | --- | --- |
| Plaintiffs' Objection to Sur-Reply Evidence | Page 2, Lines 12-13;[1] 3:20; 5:15; 5:16-17 | Designated by Xiamen 35.com Internet Technology Co., Ltd. ("35.CN") |
| Plaintiffs' Objection to Sur-Reply Evidence | 2:22-23; 3:2-3; 3:10-11; 3:20; 4:2-4; 4:16-17; 4:20; 4:22 | Designated by Defendants OnlineNIC, Inc. and Domain ID Shield Service Co., Limited (collectively, the "OnlineNIC Defendants") |

As explained further below, because 35.CN and/or the OnlineNIC Defendants designated this material as confidential, the burden rests with them to show compelling reasons for sealing this material.

II. **BECAUSE PLAINTIFFS SEEK TO FILE IN CONNECTION WITH A DISPOSITIVE MOTION DOCUMENTS DESIGNATED AS CONFIDENTIAL BY DEFENDANTS, DEFENDANTS MUST SHOW COMPELLING REASONS TO SEAL.**

Although there is a presumption in favor of public access to court filings, that presumption can be overcome "on the basis of articulated facts known to the court." *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986). To determine whether a document may be sealed, a court may consider the "likelihood of an improper use, including publication of scandalous, libelous, pornographic, or trade secret materials . . . and residual privacy rights." *Id.* (citation omitted); *see also EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990) (holding that the *Valley Broadcasting* factors apply equally to civil and criminal proceedings); *see also* Fed. Re. Civ. P. 26(c)(l)(F)-(G). "In

---

[1] Citations to page and line numbers are in "xx:yy" format where "xx" is the page number and "yy" is the line number.

short, the district court must weigh 'the interests advanced by the parties in the light of the public interest and the duty of the courts." *Valley Broadcasting Co.*, 798 F.2d at 1294 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978)). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions" and "to seal documents produced in discovery." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1180 (9th Cir. 2006). However, documents filed in connection with a dispositive motion can only be filed under seal if there are "compelling reasons" to shield them from public access. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.2d 1092, 1097-98 (9th Cir. 2016). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The information for which Plaintiffs seek leave to file under seal was designated by 35.CN or the OnlineNIC Defendants as confidential pursuant to the terms of the protective order in this action (ECF No. 35). Sealing Declaration of Howard A. Kroll ¶¶ 2-4. Thus, pursuant to Civil Local Rule 79-5(f), the burden rests with Defendants as the designating parties to submit via declaration compelling reasons showing why these materials should be filed under seal. *See also* Civil Local Rule 79-5(f)(3) (providing designating party seven days to file declaration establishing material is sealable).

### III.   CONCLUSION

Plaintiffs seek leave to file the aforementioned information under seal because 35.CN or the OnlineNIC Defendants designated that information as confidential per the protective order. Plaintiffs therefore seek leave to file under seal the documents containing that information upon a showing of compelling reasons by 35.CN or the OnlineNIC Defendants, as appropriate.

DATED: June 30, 2023                              Tucker Ellis LLP

                                                  By: /s/David J. Steele
                                                      David J. Steele
                                                      Howard A. Kroll
                                                      Steven E. Lauridsen

                                                      Attorneys for Plaintiffs,
                                                      META PLATFORMS, INC.
                                                      (fka FACEBOOK, INC.) and
                                                      INSTAGRAM, LLC