**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
liana@kr.law
leah@kr.law

Attorneys for Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FACEBOOK, INC.**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**ONLINENIC INC.**, et al.,<br><br>Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DECLARATION OF KARL S. KRONENBERGER IN SUPPORT OF DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S RESPONSE TO PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE. PLAINTIFFS' CORRECTED OBJECTION TO SUR-REPLY EVIDENCE [D.E. 342]** |

I, Karl S. Kronenberger, declare as follows:

1. I am an attorney admitted to practice law in the State of California and before this Court. I am a partner at the law firm of Kronenberger Rosenfeld, LLP, counsel of record for Defendant Xiamen 35.com Technology Co., Ltd. ("Defendant") in the above-captioned matter. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration.

2. Pursuant to Civil L.R. 79-5(f)(3), I submit this Declaration in response to Plaintiffs' Corrected Motion to Seal Documents [D.E. No. 342]; I am familiar with the documents.

3. Plaintiffs have sought to file documents partially or entirely under seal in connection with Plaintiffs' Corrected Objection to Sur-Reply Evidence [D.E. No. 341] ("Plaintiffs' Objection") and supporting documents, stating some of the documents were designated by Defendant as confidential pursuant to the terms of the protective order in this action [D.E. No. 35].

4. Defendant agrees that the identified portions of documents sought to be filed under seal by Plaintiffs should be filed under seal for the reasons outlined below, and Defendant also sought to seal these materials in its Administrative Motion to File Portions of Sur-Reply in Opposition to Plaintiffs' Motion to Strike Under Seal [D.E. 336]:

| Document | Text or Portion to be Sealed | Basis for Sealing |
|---|---|---|
| Plaintiffs' Objection | 1:24-25; 2:12-13; 2:16; 3:14-15; 3:20; 4:2-4; 4:11-12; 5:1; 5:3; 5:6-7; 5:15; 5:16-17; 5:28 | Designated by 35.CN *Plaintiffs cited to 35.CN's Sur-Reply and related declarations and referred to 35.CN's discovery responses and document productions, as well as financial, employee, and company information* |

| | | |
|---|---|---|
| | | *which 35.CN designated as confidential pursuant to financial and personal information laws, and including under Chinese law. See paragraphs 5-10 below.* |

*Legitimate Private or Public Interests Warrant Sealing*

5. The portions of Plaintiffs' Objection designated by Defendant as confidential—some of which are parts of discovery responses—contain information concerning private financial transactions of Defendant, and personal information about employees of Defendant and Defendant's business partners. The documents also contain information concerning private contracts of a Chinese company, private business communications between Chinese companies, private Chinese employee conversations, Chinese employee compensation records, and private business transaction records between two companies as well as individuals in China. The disclosure of the foregoing information may violate financial and personal information laws as well as Chinese law according to outside Chinese counsel to Defendant.

6. In particular, Chinese law prohibits Chinese companies from disclosing a wide variety of data and personal information about Chinese residents to entities outside of China. Article 283 (formerly Article 277) of the Chinese Civil Procedure Law, the Chinese Data Security Law ("DSL"), the Cybersecurity Law, and the Personal Information Protection Law ("PIPL") are all grounds under Chinese law to restrict the disclosure outside of China of the information requested by Plaintiffs. Therefore, the information at issue is protected from disclosure to the United States, including in a public Court filing, under Chinese law.

7. In addition, portions of Plaintiffs' Objection and supporting documents contain information designated by others, namely other Defendants and ICANN, as

confidential; and Defendant does not dispute that the specifically identified content is confidential.

*Injury Will Result if Sealing is Denied*

8. As communicated to Plaintiffs, the Cyberspace Administration of China ("CAC") has reminded 35.CN to comply with Chinese laws (i.e., to not disclose records that are not public), and there are severe penalties for violating these Chinese laws (i.e., criminal sanctions, jail, and high monetary fines).

9. I rely upon the legal analysis of Chinese outside counsel for Defendant, whose opinions are found at Exhibit 1 to D.E. No. 247-11. Thus, public disclosures, in response to discovery requests in the current action, of non-public data and personal information of Chinese residents, may subject 35.CN to significant civil and criminal penalties under Chinese law. Therefore, maintaining the information under seal is related to a legitimate interest of 35.CN, and there would be a possibility of significant penalties if the request for sealing is denied.

*A Less Restrictive Alternative to Sealing is Not Sufficient*

10. There are no less restrictive means to protect the information at issue from public disclosure, as public disclosure of information in court filings would clearly be a disclosure of restricted information, under Chinese law, outside of China. Defendant has facilitated the most restrictive means by designating only portions of its Sur-Reply in Opposition to Plaintiffs' Motion to Strike and portions of its discovery responses as confidential under the protective order, rather than the complete documents.

11. The Court has granted similar requests to file under seal. [*See* D.E. No. 275 n.1.]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 7, 2023        By:   s/ Karl S. Kronenberger
                                 Karl S. Kronenberger

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28