TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:	213.430.3400
Facsimile:	213.430.3409

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DECLARATION OF HOWARD A. KROLL IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER AND FOR ENTRY OF DEFAULT AGAINST DEFENDANT XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD. PURSUANT TO FED. R. CIV. P. 37**<br><br>DATE: April 7, 2023<br>TIME: 10:00 a.m.<br>CTRM: 1 – 17th Floor<br><br>Hon. Susan Illston |

I, Howard A. Kroll, declare as follows:

1. I am a partner at Tucker Ellis LLP, attorneys of record for Plaintiffs in this action. I make this declaration based on my personal knowledge and, if called as a witness, would testify competently to each of the following facts.

2. Defendant Xiamen 35.com Internet Technology Co., Ltd.'s ("35.CN") served its Further Amended And Supplemental Objections And Responses To Plaintiffs' First Set Of Interrogatories ("Amended Rog Responses") on December 22, 2022. A copy of excerpts from 35.CN's Amended Rog Responses is attached to this Declaration as **Exhibit 1**. According to 35.CN, these Amended Rog Responses contain "confidential material designated under the protective order." (ECF No. 35) ("Protective Order"). These Amended Rog Responses are 35.CN's fifth attempt at responding to Plaintiffs' interrogatories that were served in February 2022. 35.CN filed its initial response on April 18, 2022, and then amended its responses on June 28, August 1, September 13 and finally December 22. Only 35.CN's September 13 response was verified. Plaintiffs' interrogatories sought facts relating to Plaintiffs' alter ego claims and Defendants' destruction of evidence. Specifically, these interrogatories focused on payments between 35.CN and OnlineNIC, loans to OnlineNIC by individuals connected with 35.CN, and a description of the work 35.CN employees performed for OnlineNIC. On December 6, 2022, Magistrate Judge Tse ordered 35.CN to supplement its responses to Interrogatory Nos. 2, 8, 13-16. ECF No. 286. To date, more than one year after the interrogatories were served and even after Judge Tse's order, 35.CN has yet to adequately respond to these discovery requests, as detailed below.

3. In response to Interrogatory No. 2 requesting a description of the business, corporate, working or other relationship between 35.CN and OnlineNIC, Inc. ("OnlineNIC"), 35.CN in its Amended Rog Responses stated: "35.CN and OnlineNIC have a working relationship wherein 35.CN renders outsourcing services to OnlineNIC in exchange for payment." In its response, 35.CN does not identify any service or work which OnlineNIC provides to 35.CN. In response to Interrogatory No. 2, 35.CN also identifies payments from OnlineNIC to Verisign for $[redacted] and $[redacted] in 2017 and $[redacted] in 2018 as a loan from OnlineNIC to 35.CN.

4. In response to Interrogatory No. 8 requesting the identity of 35.CN's employees who were involved in or participated in the destruction of evidence in this case as described by the Special Discovery

Master's Data Destroyed or Withheld Report, 35.CN in its Amended Rog Responses stated: "Defendant object to this Interrogatory as argumentative and premised on a disputed fact, including as to the characterization 'destruction of evidence.' . . . Defendant disputes any 'destruction of evidence' (in fact, no Defendant has accepted the discovery findings as asserted by Plaintiffs)." 35.CN identified Leon Freeman, Saul Zeng, Ivan Wang, Luke Wayne and Carrie Yu as 35.CN's employees who participated in discovery.

5. In response to Interrogatory No. 13 requesting the reasons why individuals loaned money to OnlineNIC, 35.CN in its Amended Rog Responses stated: "Defendant is unaware of the reasons and intent of third parties. . . . Due to China's foreign currency control policy, individual lenders could not transfer funds to OnlineNIC in the US." 35.CN's response is contrary to Judge Tse's Order that "[a]s to any listed individual who is or was a 35.CN employee, 35.CN must provide a complete answer." ECF No. 286 at 2.

6. In response to Interrogatory No. 14 requesting the reasons why individuals were repaid by OnlineNIC on loans made by others to OnlineNIC, 35.CN in its Amended Rog Responses stated: "Defendant is unaware of the reasons and intent of third parties." 35.CN's response is contrary to Judge Tse's Order that "[a]s to any listed individual who is or was a 35.CN employee, 35.CN must provide a complete answer." ECF No. 286 at 2.

7. In response to Interrogatory No. 15 requesting an explanation in detail of all payments made by OnlineNIC to 35.CN, 35.CN identified payments of $▓▓▓▓ in 2009, $▓▓▓▓ in 2010, $▓▓▓▓ in 2011, $▓▓▓▓ in 2012 and $▓▓▓▓ in 2013 for "Outsourcing Service."

8. In response to Interrogatory No. 16, requesting a detailed explanation of all payments made by 35.CN to or on behalf of OnlineNIC, 35.CN in its Amended Rog Responses identified over $▓▓▓▓ in "Purchase Payments for US-Based Services" paid to OnlineNIC between 2015 and 2021. Neither OnlineNIC nor 35.CN had identified any such service provided by OnlineNIC to 35.CN nor produced any contracts for these purported services.

9. 35.CN attached an Updated Appendix A to the Amended Rog Responses which identifies the largest shareholders, officers and directors of 35.CN from 2009 to 2022. According to the Updated Appendix A, Shaohui Gong ("Mr. Gong") is listed as among the largest shareholders of 35.CN from 2009

to 2022, and as an officer and director of 35.CN from 2009 to 2018.

10. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ A copy of 35.CN's 2019 RAA Annual Compliance Certificate (Bates Stamp Nos. ICANN_FB_000020) is attached to this Declaration as **Exhibit 2**. 35.CN's 2019 RAA Annual Compliance Certificate is designated "Confidential" by ICANN.

11. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ A copy of 35.CN's 2020 RAA Annual Compliance Certificate (Bates Stamp Nos. ICANN_FB_000021) is attached to this Declaration as **Exhibit 3**. 35.CN's 2020 RAA Annual Compliance Certificate is designated "Confidential" by ICANN.

12. In 35.CN's 2013 Registrar Information Specification Sheet ("RIS") submitted to ICANN, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ A copy of 35.CN's 2013 RIS (Bates Stamp No. ICANN_FB-000136) is attached to this Declaration as **Exhibit 4**. 35.CN's 2013 RIS is designated "Confidential" by ICANN.

13. In 35.CN's 2018 RIS submitted to ICANN, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ A copy of 35.CN's 2018 RIS (Bates Stamp No. ICANN_FB-000138) is attached to this Declaration as **Exhibit 5**. 35.CN's 2018 RIS is designated "Confidential" by ICANN.

14. OnlineNIC's Response Nos. 18-20 to Plaintiffs' First Set of Requests for Admission admit that Carrie Yu is also known as Hongxia Yu and also known as Carrie Arden ("Ms. Yu"). Ms. Yu verified these responses. Relevant portions of these Responses to Plaintiffs' First Set of Requests for Admission are attached to this Declaration as **Exhibit 6**.

15. On July 13, 2021, I took Day 1 of the 30(b)(6) deposition of OnlineNIC. Ms. Yu was the designee of OnlineNIC for this deposition. A copy of relevant excerpts from the July 13, 2021 deposition transcript is attached to this Declaration as **Exhibit 7**. These deposition excerpts contain material designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by

1   OnlineNIC pursuant to the Protective Order.

2     16. On July 14, 2021, I took Day 2 of the 30(b)(6) deposition of OnlineNIC. Ms. Yu was the designee of OnlineNIC for this deposition. A copy of relevant excerpts from the July 14, 2021 deposition transcript, including Exhibit 14 to the deposition, is attached to this Declaration as **Exhibit 8**. These deposition excerpts contain material designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by OnlineNIC pursuant to the Protective Order.

  17. [REDACTED] A copy of this Registrar Primary Contact Update Form (Bates Stamp No. ICANN_FB-000022) is attached to this Declaration as **Exhibit 9**. This Registrar Primary Contact Update Form is designated "Confidential" by ICANN.

  18. [REDACTED] A copy of this Registrar Primary Contact Update Form (Bates Stamp No. ICANN_FB-000022) is attached to this Declaration as **Exhibit 10**. This Registrar Primary Contact Update Form is designated "Confidential" by ICANN.

  19. ICANN's Notice of Breach letters to 35.CN were mailed to Ms. Yu at 8th Guanri Road Software Park, Xiamen Fujian 361008, China, and faxed to her at +86.592.539.1808. A sample of ICANN's Notice of Breach letters to 35.CN addressed to Ms. Yu is attached to this Declaration as **Exhibit 11**.

  20. [REDACTED] Relevant portions of 35.CN's 2013 RAA (Bates Stamp Nos. ICANN_FB-00052, 53, 71, 84, 90, 114, 117) are attached to this Declaration as **Exhibit 12**. This RAA is designated "Confidential" by ICANN and 35.CN (35CN0055834-899).

  21. OnlineNIC produced an Excel spreadsheet with 25 tabs identifying 35.CN employees, who also worked at OnlineNIC, by their English name and their title. This spreadsheet also lists these employees' email addresses for 35.CN and OnlineNIC. A certified English translation of this Excel Spreadsheet (Bates Stamp No. ONLINENIC 189337) has been printed as a single PDF, where we have added page numbers, and is attached to this Declaration as **Exhibit 13**. This Excel spreadsheet is designated "Confidential" by OnlineNIC.

22. [Person 1] is listed as a Legal Specialist with the email [redacted] and the email [redacted] on pp. 7-8 and 17-25 of Exhibit 13.

23. [Person 10] is listed as a Legal Specialist with the email [redacted] and the email [redacted] on pp. 9-15 of Exhibit 13.

24. [Person 11] is listed as "Remittance" on pp. 6-16 of Exhibit 13.

25. [Person 2] is listed as a member of the Customer Service Department, Americas with the emails [redacted] and [redacted] on pp. 3-25, of Exhibit 13.

26. [Person 3] is listed as "Invoicing, etc." on pp. 8-22 of Exhibit 13.

27. [Person 4] is listed as "Manager" on pp. 17-22, 24-25 of Exhibit 13.

28. [Person 5] is listed as "Warehouse Specialist" on pp. 19-22, 24-25 of Exhibit 13.

29. [Person 6] is listed as "Expense Reimbursement" on pp. 8-22, 24-25 of Exhibit 13.

30. [Person 7] is listed as "Finance" on pp. 1-2, 4-5 of Exhibit 13.

31. [Person 8] is listed as "Backend Review" on pp. 8-22 of Exhibit 13.

32. In Response to Plaintiffs' Request for Production No. 25 requesting "All DOCUMENTS relating to the corporate formation and maintenance of ONLINENIC," OnlineNIC produced only four documents: (1) OnlineNIC's Articles of Incorporation in 1999, (2) Certificate of Amendment of Articles of Incorporation in 2000, (3) and the 2017 and (4) 2019 Statement of Information filed with the California Secretary of State. In its First Supplemental Response to Request For Production No. 25, OnlineNIC stated "OnlineNIC is not aware of other responsive records." Relevant portions of OnlineNIC's First Supplemental Response to Requests for Production of Documents are attached to this Declaration as **Exhibit 14**.

33. In its responses to discovery, OnlineNIC did not produce any corporate resolutions, minutes of meetings of its directors, minutes of shareholder meetings, or bylaws of OnlineNIC. Nor did OnlineNIC produce any document reflecting issuance of stock at any time or any documents reflecting maintenance of stock or membership ledgers.

34. OnlineNIC's Articles of Incorporation in 1999 identifies Mr. Gong as the "Incorporator"

of OnlineNIC. The Articles of Incorporation also state that OnlineNIC is authorized to issue 60,000,000 shares. A copy of OnlineNIC's Articles of Incorporation (Bates Stamp No. ONLINENIC 000072) is attached to this Declaration as **Exhibit 15**.

35. OnlineNIC's Certificate of Amendment of Articles of Incorporation in 2000 identifies Mr. Gong as the President and Secretary of OnlineNIC. It also states that "[t]he corporation has issued no shares." A copy of OnlineNIC's Certificate of Amendment of Articles of Incorporation (Bates Stamp No. ONLINENIC 000071) is attached to this Declaration as **Exhibit 16**.

36. OnlineNIC's 2017 Statement of Information filed with the California Secretary of State identifies Zhipo Chen ("Ms. Z. Chen") as the Chief Executive Officer, Rex Liu ("Mr. Liu") as the Secretary, Sily Chen as the Chief Financial Officer and Ms. Yu as the Director of OnlineNIC. A copy of OnlineNIC's 2017 Statement of Information (Bates Stamp No. ONLINENIC 000073) is attached to this Declaration as **Exhibit 17**.

37. OnlineNIC's 2019 Statement of Information filed with the California Secretary of State states that "there has been no change in any of the information contained in the last Statement of Information." OnlineNIC's last Statement of Information was filed in 2017. A copy of OnlineNIC's 2019 Statement of Information (Bates Stamp No. ONLINENIC 000074) is attached to this Declaration as **Exhibit 18**.

38. According to a Securities Purchase Agreement 35.CN produced in discovery, Mr. Gong sold OnlineNIC to Mr. Liu in 2007 for $        . Guanrui Yun, as the spouse of Mr. Gong, signed the Spousal Consent form appended to the Securities Purchase Agreement. A copy of this Securities Purchase Agreement (Bates Stamp Nos. 35CN017283-291) is attached to this Declaration as **Exhibit 19**. This Securities Purchase Agreement is designated "Confidential" by 35.CN.

39. Interrogatory No. 5 in Plaintiff Facebook's First Set of Interrogatories to OnlineNIC ("First Set of Interrogatories), requests the identity of all shareholders and owners of OnlineNIC since 2009. OnlineNIC's First Amended Response to Interrogatory No. 5 identifies only Zhippo Chen and Shaohui Gong as shareholders and owners of OnlineNIC since 2009. Ms. Yu verified OnlineNIC's First Amended Response to the First Set of Interrogatories. Relevant portions of OnlineNIC's First Amended Response to Interrogatory No. 5 are attached to this Declaration as **Exhibit 20**.

40. In OnlineNIC's 2013 RIS submitted to ICANN, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ A copy of OnlineNIC's RIS (Bates Stamp No. ICANN_FB-000155) is attached to this Declaration as **Exhibit 21**. OnlineNIC's 2013 RIS is designated "Confidential" by ICANN.

41. In OnlineNIC's 2019 RIS submitted to ICANN, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ A copy of OnlineNIC's 2019 RIS (Bates Stamp No. ICANN_FB-000151) is attached to this Declaration as **Exhibit 22**. OnlineNIC's 2019 RIS is designated "Confidential" by ICANN.

42. Relevant portions of OnlineNIC's 2009 Federal and California tax returns (Bates Stamp Nos. ONLINENIC 283389-418) are attached to this Declaration as **Exhibit 23**. According to Schedule L, OnlineNIC had negative retained earnings (ONLINENIC 283393). OnlineNIC's 2009 tax returns are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by OnlineNIC.

43. Relevant portions of OnlineNIC's 2010 Federal and California tax returns (Bates Stamp Nos. ONLINENIC 283419-451) are attached to this Declaration as **Exhibit 24**. According to Schedule L, OnlineNIC had negative retained earnings (ONLINENIC 283423). OnlineNIC's 2010 tax returns are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by OnlineNIC.

44. Relevant portions of OnlineNIC's 2011 Federal and California tax returns (Bates Stamp Nos. ONLINENIC 283452-486) are attached to this Declaration as **Exhibit 25**. According to Schedule L, OnlineNIC had negative retained earnings (ONLINENIC 283456). OnlineNIC's 2011 tax returns are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by OnlineNIC.

45. Relevant portions of OnlineNIC's 2012 Federal and California tax returns (Bates Stamp Nos. ONLINENIC 283487-522) are attached to this Declaration as **Exhibit 26**. According to Schedule L, OnlineNIC had negative retained earnings (ONLINENIC 283491). OnlineNIC's 2012 tax returns are

designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by OnlineNIC.

46. Relevant portions of OnlineNIC's 2013 Federal and California tax returns (Bates Stamp Nos. ONLINENIC 283523-556) are attached to this Declaration as **Exhibit 27**. According to Schedule L, OnlineNIC had negative retained earnings (ONLINENIC 283527). Mr. Liu signed the California tax return under penalty of perjury (ONLINENIC 283542). Mr. Gong is listed as owning 100% of the stock of OnlineNIC. (ONLINENIC 283554). OnlineNIC's 2013 tax returns are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by OnlineNIC.

47. Relevant portions of OnlineNIC's 2014 Federal and California tax returns (Bates Stamp Nos. ONLINENIC 283561-597) are attached to this Declaration as **Exhibit 28**. According to Schedule L, OnlineNIC had negative retained earnings. (ONLINENIC 283565). OnlineNIC identifies a loan to L&L Oil LLC for $▮ (ONLINENIC 283573, 283596). This loan is listed as "other statements" on line 14 of Schedule L, and not a "loan to shareholder" on line 7 (ONLINENIC 283565). Mr. Liu signed the California tax return under penalty of perjury (ONLINENIC 283581). Mr. Gong is listed as owning 100% of the stock of OnlineNIC. (ONLINENIC 283594). OnlineNIC's 2014 tax returns are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by OnlineNIC.

48. Relevant portions of OnlineNIC's 2015 Federal and California tax returns (Bates Stamp Nos. ONLINENIC 283602-635) are attached to this Declaration as **Exhibit 29**. According to Schedule L, OnlineNIC had negative retained earnings. (ONLINENIC 283606). OnlineNIC identifies a "loan out" for $▮ but does not identify the name of the borrower. (ONLINENIC 283614, 283634) OnlineNIC's 2015 tax returns are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by OnlineNIC.

49. Relevant portions of OnlineNIC's 2016 Federal and California tax returns (Bates Stamp Nos. ONLINENIC 283640-676) are attached to this Declaration as **Exhibit 30**. According to Schedule L, OnlineNIC had negative retained earnings. (ONLINENIC 283644). OnlineNIC identifies a "loan to shareholders" on line 7 of Schedule L in the amount of $▮ but does not identify the name of the borrowers (ONLINENIC 283644). OnlineNIC identifies a "loan out" that increased from $▮ to $▮ but does not identify the name of the borrower. (ONLINENIC 283673). OnlineNIC's 2016 tax returns are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by OnlineNIC.

50. Relevant portions of OnlineNIC's 2017 Federal and California tax returns (Bates Stamp Nos. ONLINENIC 283681-720) are attached to this Declaration as **Exhibit 31**. According to Schedule L, OnlineNIC had negative retained earnings. (ONLINENIC 283685). OnlineNIC identifies a "loan to shareholders" on line 7 of Schedule L that increased from $■■■ to $■■■ but does not identify the name of the borrowers (ONLINENIC 283685). OnlineNIC shows that "loan out" for $■■■ was not repaid. (ONLINENIC 283692, 283716). OnlineNIC's 2017 tax returns are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by OnlineNIC.

51. Relevant portions of OnlineNIC's 2018 Federal and California tax returns (Bates Stamp Nos. ONLINENIC 283725-757) are attached to this Declaration as **Exhibit 32**. According to Schedule L, OnlineNIC had negative retained earnings. (ONLINENIC 283730). OnlineNIC identifies "loans to shareholders" on line 7 of Schedule L that increased from $■■■ to $■■■ but still does not identify the name of the borrowers. OnlineNIC shows that the "loan out" for $■■■ was not repaid. (ONLINENIC 283736, 283755). OnlineNIC's 2018 tax returns are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by OnlineNIC.

52. Relevant portions OnlineNIC's 2019 Federal and California tax returns (Bates Stamp Nos. ONLINENIC 283762-795) are attached to this Declaration as **Exhibit 33**. According to Schedule L, OnlineNIC had negative retained earnings. (ONLINENIC 283767). OnlineNIC identifies "loans to shareholders" on line 7 of Schedule L that increased from $■■■ to $■■■ but still does not identify the name of the borrowers. OnlineNIC shows that the "loan out" for $■■■ was not repaid. (ONLINENIC 283774, 283793). OnlineNIC has never provided an explanation as to who the borrower was, and why that borrower was loaned money. OnlineNIC's 2019 tax returns are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by OnlineNIC.

53. I searched the California Secretary of State's website for the history and status of OnlineNIC. According to the California Secretary of State's website, OnlineNIC was suspended in 2002 and 2017. Printouts from the California Secretary of State's website are attached to this Declaration as **Exhibit 34**.

54. ICANN's Notice of Breach letters to OnlineNIC were mailed to Ms. Yu at 35.COM BLDG, 8th Guanri Road Software Park, Xiamen, Fujian 361008, China, and faxed to her at +86.592.539.1808. A

sample of ICANN's Notice of Breach letters to OnlineNIC addressed to Ms. Yu is attached to this Declaration as **Exhibit 35**.

55. Each year, between 2014 and 2021, 35.CN and OnlineNIC entered into a Service Outsourcing Contract in which 35.CN agreed to perform certain outsourcing services to OnlineNIC, including "website design, new product research and development, system maintenance, technical support and technical consultation, marketing, sales, support service and other services which the two parties agree." OnlineNIC agreed to pay 35.CN monthly payments for these services in the amount of $▇ in 2014 and 2015, $▇ in 2016, $▇ in 2017-2019, $▇ in 2020 and $▇ in 2021. Pursuant to each Service Outsourcing Contract, OnlineNIC was required to provide 35.CN "access to all documents and files necessary to the performance of [35.CN's] duties under" the contracts. Ms. Yu signed each Service Outsourcing Contract on behalf of OnlineNIC. Copies of the 2014-2021 Service Outsourcing Contracts (Bates Stamp Nos. 35CN0040425-68) are attached to this Declaration as **Exhibit 36**. These Service Outsourcing Contracts are designated "Confidential" by 35.CN.

56. In May 2021, OnlineNIC produced its bank statements with Citibank N.A. from May 1, 2014 to April 30, 2019 (although it did not include the July 2018 bank statement). Each of these bank statements are designated "CONFIDENTIAL" by OnlineNIC (Bates Stamp Nos. ONLINENIC 285133-285382). Copies of the relevant portions of these CONFIDENTIAL bank statements are attached to this Declaration as **Exhibit 37**.

57. OnlineNIC's bank statements reveal that OnlineNIC paid $▇ to 35.CN in March 2019 (ONLINENIC 285142) and $▇ to 35.CN in April 2019 (ONLINENIC 285137). These payments were not related to the Service Outsourcing Agreements. 35.CN has itemized OnlineNIC's payments in 2019 pursuant to the Service Outsourcing Agreements, and neither the $▇ nor $▇ payments were itemized. Furthermore, 35.CN's and OnlineNIC's interrogatory responses do not identify these payments from OnlineNIC to 35.CN.

58. Contrary to 35.CN's and OnlineNIC's interrogatory responses, OnlineNIC's bank statements do not reveal any payment to VeriSign in 2017 and 2018 on behalf of 35.CN in the amounts of $▇, $▇ or $▇. Rather, these bank statements show that OnlineNIC transferred only $▇ on December 26, 2017 (ONLINENIC 285201) and $▇ on January 30, 2018 (ONLINENIC

285198) directly to 35.CN, not VeriSign. The bank statements also reveal that 35.CN transferred $▮ to OnlineNIC on January 18, 2018 (ONLINENIC 285197).

59.     In February 2017, OnlineNIC received an email from ICANN regarding a Whois Inaccuracy Complaint. 35.CN, and not OnlineNIC, resolved this issue in March 2017 when a 35.CN employee emailed Ms. Yu at her 35.CN email address. A copy of this email chain (Bates Stamp Nos. 013217-22) is attached to this Declaration as **Exhibit 38**.

60.     On May 27, 2021, pursuant to the Court's May 11, 2021 Order (ECF No. 104), Plaintiffs propounded their Special Court Ordered Interrogatories to OnlineNIC and Domain ID Shield Service Co., Limited ("ID Shield" and together with OnlineNIC, the "OnlineNIC Defendants"). The OnlineNIC Defendants' Responses to the Special Court Ordered Interrogatories, verified by Ms. Yu, were served on June 10, 2021. A copy of these Responses, including the exhibits to the Responses which have been designated "CONFIDENTIAL" by the OnlineNIC Defendants pursuant to the Protective Order, is attached to this Declaration as **Exhibit 39**.

61.     In Exhibit 1 to the Responses to the Special Court Ordered Interrogatories, OnlineNIC claims that it loaned $▮ to 35.CN in 2017 ($▮ and $▮) and 2018 ($▮) by paying 35.CN's registry account at VeriSign. OnlineNIC has not produced any loan documents reflecting these loans, nor any corporate documents authorizing those loans. And this response is inconsistent with OnlineNIC's bank statements.

62.     In Exhibit 2 to the Responses to the Special Court Interrogatories, OnlineNIC claims that the three loans for $▮ referenced in Exhibit 1 were repaid in full. There is no indication that interest was charged for these loans.

63.     In Exhibits 5.1 and 5.2 to the Responses to the Special Court Ordered Interrogatories, OnlineNIC identifies almost $▮ in loans from individuals and companies (apparently based in China) to "fund business operations." There are no written loan documents reflecting the terms of these loans, including whether interest was charged. Some of the individuals who loaned money pursuant to Exhibit 5.1 include Gongshao hong aka Mr. Gong ($▮ in 2009), Person 11 ($▮ and $▮ in 2009), Person 8 ($▮ and $▮ in 2009), Person 5 ($▮ in 2009), Person 6 ($▮ in 2009 and $▮ in 2011), Person 4 ($▮ and $▮ in 2009), Person 1 ($▮

12
DECLARATION OF HOWARD A. KROLL ISO PLAINTIFFS' MOTION TO STRIKE AND FOR ENTRY OF DEFAULT
CASE NO. 3:19-CV-07071-SI

in 2009), Person 7 ($     and $     in 2009), INTRA ($     and $     in 2009), Person 2 ($     in 2011), and Person 3 ($     in 2011). Person 9 also loaned $     to OnlineNIC in 2009.

64. In Exhibit 6 to the Responses to the Special Court Ordered Interrogatories, OnlineNIC identifies repayments of approximately $     for these loans. There is no record of the status of the outstanding $     in loans to OnlineNIC. Exhibit 6 shows that INTRA was repaid only $    ; Person 1 has not been repaid, and Person 2 has been repaid $    . Furthermore, the repayments were not always made to the parties who lent the money. For example, Person 9 in 2009 loaned OnlineNIC over $    . Yet, OnlineNIC repaid those loans by repaying 12 other individuals between 2014 and 2018, including Mr. Gong who received $     in January 2018 as "collection of Person 9 loans in 2009." Further, Person 8 loaned $     to OnlineNIC in 2009, but this loan was repaid to Person 12 ($     in 2018) and his wife, Person 13 ($     in 2017). Person 12 also received an additional $     in February 2018 as repayment for loans made by Person 14 and Person 15 in 2009; and, Person 12 received $     in 2019 as repayment for a loan made by Person 16 in 2011.

65. In 2006, Mr. Gong was listed as the CEO and a Director of USA Intra Corp., while another officer and shareholder of 35.CN, Hongbing Xue, was listed as the Secretary, Chief Financial Officer and a Director of INTRA. In 2013, Ms. Yu was listed as the CFO of INTRA. And at one time, all employees of INTRA were also employees of 35.CN. A copy of INTRA's corporate documents are attached to this Declaration as **Exhibit 40**.

66. Defendants have not produced any service agreements regarding the operations of the ID Shield business. Nor have documents been produced showing that ID Shield made any payments to 35.CN or OnlineNIC for work their employees performed for ID Shield.

67. Each of ID Shield's audited financial statements between 2010 and 2020 (ONLINENIC 283796-895) confirm that ID Shield "has not commenced business yet" or "did not carry out business during the year." In 2020, ID Shield had accumulated losses of HKD$     (ONLINENIC 283894). Relevant portions of ID Shield's audited financial statements are attached to this Declaration as **Exhibit 41**. ID Shield's audited financial statements are designated "Confidential" by the OnlineNIC Defendants.

68. Ms. Yu was also designated as the 30(b)(6) witness for ID Shield. Ms Yu, however, failed to appear at the 30(b)(6) deposition of ID Shield on July 15, 2021. A copy of the Certificate re Nonappearance of Ms. Yu is attached to this Declaration as **Exhibit 42**.

69. 35.CN produced a document identifying its employees that performed work for OnlineNIC, along with their OnlineNIC email addresses. These employees include Leon Freeman (who uses the email leon@onlinenic.com), Luke Wayne (who uses the email luke@onlinenic.com), Ivan Wang (who uses the email wanghd@onlinenic.com) and Rachel Chan (who uses the email rachel@onlinenic.com). A copy of this document (Bates Stamp No. 35CN009424) is attached to this Declaration as **Exhibit 43**. This document is designated "Confidential" by 35.CN.

70. Sections 3.17 and 7.3.2 of the Registrar Accreditation Agreement ("RAA") that OnlineNIC entered with ICANN, requires OnlineNIC to inform ICANN of any transfers of ownerships. A copy of the 2013 RAA is attached as Exhibit 4 to the Second Amended Complaint, ECF No. 109.04. Despite this requirement, OnlineNIC has not produced any document from OnlineNIC informing ICANN that Mr. Gong purportedly sold OnlineNIC to Mr. Liu in 2007 or Ms. Z. Chen in 2009. In addition, ICANN did not produce any such document reflecting the sale of OnlineNIC to either Ms. Z. Chen or Mr. Liu.

71. According to the 2020 and 2021 Annual Reports of 35.CN, Chen Xueyi has been the accounting supervisor of the financial department, the deputy manager of the financial department, the manager of the auditing department, the person in charge of the internal audit department and is currently the supervisor, the president of the supervisory board and the person in charge of the internal audit department. A translation of the 2021 Annual Report referencing Chen Xuey is attached to this Declaration as **Exhibit 44**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on March 2, 2023, in Los Angeles, California.

                                                                 /s/ Howard A. Kroll