**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
liana@kr.law
leah@kr.law

Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., et al., | Case No. 3:19-cv-07071-SI |
| Plaintiffs, | |
| v. | **DECLARATION OF YU HONGXIA IN SUPPORT OF DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER AND FOR ENTRY OF DEFAULT AGAINST DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD. PURSUANT TO FED. R. CIV. P. 37 [D.E. 299]** |
| ONLINENIC INC., et al., | |
| Defendants. | |
| | Date: June 16, 2023<br>Time: 10:00 a.m.<br>Ctrm: 1, 17th Floor<br>Judge: Hon. Susan Illston |

Case No. 3:19-cv-07071-SI                             DECL OF Y. HONGXIA ISO DEF'S OPP TO
                                                      PLTFS' MTN TO STRIKE & FOR DEFAULT

I, Yu Hongxia, do hereby declare:

1. I am over the age of 18, and I am an employee of Defendant Xiamen 35.com Technology Co., Ltd. ("35.CN"). Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration, and if called as a witness I would testify to the facts contained in this declaration.

2. I reside in China and am a native Mandarin Chinese speaker. I also go by the English name of Carrie Yu when speaking conversationally with individuals in English because the name can be easier for non-Chinese speakers to pronounce.

3. I have worked in customer service and sales for Defendant OnlineNIC Inc. pursuant to a staffing agreement between 35.CN and OnlineNIC. During my work for OnlineNIC, I have reported to Zhipo Chen and Minghe Wang, similar to other 35.CN employees who have staffed OnlineNIC under the staffing agreement. To my knowledge, Zhipo Chen and Minghe Wang do not have any relationship with 35.CN.

4. I have never served as an officer or owner of 35.CN. For several years, I have been a "director" of the 35.CN software outsourcing center department, but I have never served as a public director of 35.CN's board of directors. During my work for 35.CN, I have reported to the Deputy General Manager of 35.CN.

5. I was deposed for OnlineNIC on certain issues in this case in July 2021 using a Chinese translator/interpreter. I spoke to several individuals and reviewed multiple documents in preparation for my deposition. During my deposition, I mistakenly said that Zhipo Chen purchased OnlineNIC from Shaohui Gong in 2009. I later came to understand that Rex Liu actually purchased OnlineNIC from Shaohui Gong in 2007. To my knowledge, Rex Liu does not have any other relationship with 35.CN. In 2009, Zhipo Chen became the shareholder of OnlineNIC. I was not involved in the sale of OnlineNIC. I started working for 35.CN in roughly 2007 to 2008, and during that time, I was a salesperson for OnlineNIC.

6. I participated in obtaining certain information and documents for some of OnlineNIC and ID Shield's responses to Plaintiffs' discovery in this case. To my knowledge, 35.CN did not control or participate in the purported "destruction of evidence" as alleged

against OnlineNIC and ID Shield in this case. Further, to my knowledge, OnlineNIC tried to defend this case. However, Plaintiffs' discovery and motions required substantial use of OnlineNIC's time and resources.

7. To my knowledge, OnlineNIC has separate financial accounts in the US, whereas 35.CN has financial accounts in China.

8. 35.CN and OnlineNIC have separate document databases. For example, OnlineNIC used the Kayako Ticket Database; 35.CN does not use this database.

9. 35.CN and OnlineNIC have separate offices spaces on different floors in a large office building that has various unrelated businesses.

10. To my knowledge, 35.CN has not held itself out as liable for the debts of OnlineNIC or ID Shield as related to this case, nor have OnlineNIC or ID Shield held themselves out as liable for the debts of 35.CN.

11. To my knowledge, 35.CN has not treated the assets of OnlineNIC or ID Shield as its own as related to this case, nor have OnlineNIC or ID Shield treated the assets of 35.CN as their own; and 35.CN has not concealed activities of OnlineNIC or ID Shield as related to this case, nor have OnlineNIC or ID Shield concealed activities of 35.CN.

12. For years before this case, Plaintiffs and OnlineNIC had a cooperative relationship where Plaintiffs (through their email addresses or outside counsel) would email OnlineNIC on occasion where there were perceived issues with OnlineNIC's customers' domain names; and OnlineNIC would respond by email.

13. I am informed that INTRA was set up to be a domain name registrar but has not been in operation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2 day of April, 2023 in Xiamen, China.

By: _____Yu Hong Xia_____
Yu Hongxia

Case No. 3:19-cv-07071-SI     2     DECL OF Y. HONGXIA ISO DEF'S OPP TO PLTFS' MTN TO STRIKE & FOR DEFAULT