**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
liana@kr.law
leah@kr.law

Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FACEBOOK, INC.**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**ONLINENIC INC.**, et al.,<br><br>Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DECLARATION OF KARL S. KRONENBERGER IN SUPPORT OF DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER AND FOR ENTRY OF DEFAULT AGAINST DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD. PURSUANT TO FED. R. CIV. P. 37 (AKA PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT) [D.E. 299]**<br><br>**RE-FILED PURSUANT TO ORDER DATED NOVEMBER 6, 2023**<br><br>Hon. Susan Illston |

I, Karl S. Kronenberger, do hereby declare:

1. I am an attorney admitted to practice law before this Court. I am a partner at the law firm of Kronenberger Rosenfeld, LLP, counsel of record for Defendant Xiamen 35.com Technology Co., Ltd., ("35.CN" or "Defendant"). Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration, and if called as a witness I would testify to the facts contained in this declaration.

2. In my prior declaration in support of 35.CN's Opposition, I attached, as Exhibit A, a chart that summarized 35.CN's opposition to the points raised in Plaintiffs' attorney declaration of Howard Kroll ("Kroll Decl."). In the attached Supplemental **Exhibit A**, there are additional specific citations to the evidence and record to address Plaintiffs' points in the Reply.

3. In my prior declaration, I also referenced 35.CN's written discovery responses and produced documents. 35.CN's document production has included 35CN0056842-35CN0056850, which were contract/loan documents in Chinese.

4. Attached as **Exhibit B** is a spreadsheet, designated as confidential, that summarizes Plaintiffs' arguments in their Motion to Strike regarding the funds transferred between or relating to 35.CN and OnlineNIC/ID Shield. In particular, Exhibit B demonstrates that Plaintiffs assert there was about [REDACTED] transferred between or relating to Defendants (which amount is not conceded), including under an outsourcing agreement and relating to several purported loans, over about a twenty-year period.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 1st day of December, 2023 in San Francisco, CA.

By:   s/ Karl S. Kronenberger
       Karl S. Kronenberger

# Exhibit A

**Rebuttal to Kroll Declaration**

| Row No. | Column A: Kroll Decl. Allegations (and New Summary of Plaintiffs' Conclusions) | Column B: 35.CN's Response | Column C: New Specific Cites for Sur-Reply in Response to Plaintiffs' Reply |
|---|---|---|---|
| 1. | **Implication that Gong controls both 35.CN and OnlineNIC.** Gong is listed as among the largest shareholders of 35.CN from 2009 to 2022 and as an officer and director of 35.CN from 2009 to 2008. Kroll Decl. ¶9. | Gong's involvement with 35.CN, among other large shareholders, officers, and directors, does not establish alter ego liability over OnlineNIC/ID Shield, especially considering how Gong divested himself of all ownership in OnlineNIC in 2007, which was disclosed publicly by 35.CN. | Gong does not presently control 35.CN and has not controlled OnlineNIC since 2007. Public records and discovery responses show how Gong divested himself of all ownership in OnlineNIC in 2007. E.g., Kronenberger Decl. Exs. C (securities purchase agreement and related attorney letter), D (legal opinions issued in connection with 35.CN's public offering); D.E. 174-2 (additional public offering documents addressing this issue); Supp. Yu Decl. ¶6 (correction to deposition). |
| 2. | **Implication that 35.CN and OnlineNIC have the same office.** Kroll Decl. ¶¶40-41, 54. | 35.CN and OnlineNIC have separate office spaces on different floors of a large building containing other unrelated business tenants. *See* Yu Decl. | 35.CN and OnlineNIC do not have the same offices. Discovery responses and deposition testimony confirm that 35.CN and OnlineNIC had separate offices. Yu Decl. ¶7; *see also* 35.CN's responses to RFAs 48-51, 102-103; OnlineNIC's response to Rog 9 ("35.CN has separate offices"); Supp. Yu Decl. ¶6 & Ex. B (deposition testimony). |
| 3. | **Implication that Carrie Yu oversees both 35.CN and OnlineNIC.** Carrie Yu aka | Yu was an employee of 35.CN, who reported to the Deputy General Manager and who was a "director" of a specific | Carrie Yu does not oversee or control OnlineNIC or 35.CN. Discovery responses and deposition testimony |

1

|   | | | |
|---|---|---|---|
|   | Hongxia Yu was deposed for OnlineNIC. Kroll Decl. ¶¶14-16. Yu signed a document as a "director" of 35.CN. Kroll Decl. ¶20. | department (not a "director" on the board of directors). See Yu Decl. and Kronenberger Decl. Exhibits. | confirm that Ms. Yu reported to separate OnlineNIC management for OnlineNIC-related work, and she was not a "director" of 35.CN in the traditional sense (but a "director" of a specific department only). Yu Decl. ¶3; Supp. Yu Decl. ¶6 & Ex. B (deposition testimony). |
| 4. | **Implication that OnlineNIC lacked requisite corporate records.** OnlineNIC produced limited corporate formation documents. Kroll Decl. ¶¶32-33. | OnlineNIC has corporate formation documents and has followed corporate formalities. See Kronenberger Decl. Exhibits. | OnlineNIC filed crucial corporate records. E.g., OnlineNIC corporate formation records and related filings (Kronenberger Decl. Ex. G); see also OnlineNIC production of financial records; Kroll Decl. Exs. 23-33 (OnlineNIC tax records). |
| 5. | **Implication that OnlineNIC is managed by 35.CN employees.** OnlineNIC's secretary of state filings identify Zhipo Chen, Rex Liu, Sily Chen, and Carrie Yu. Kroll Decl. ¶¶36-37. | OnlineNIC has been owned and managed by individuals who had no connections to 35.CN. Carrie Yu reported to separate upper management at OnlineNIC. See Yu Decl. | OnlineNIC has had separate management unrelated to 35.CN. Yu Decl. ¶3; Weiwei Decl. ¶2; Supp. Yu Decl. ¶¶5-6 & Exs. A (W-2) and B (deposition testimony). |
| 6. | **Implication that OnlineNIC was not adequately capitalized.** OnlineNIC's tax returns since 2009 apparently identify certain loans that were not repaid. Kroll Decl. ¶¶42-52. | Meta cherry picks from two decades of tax records to imply that loans were not repaid on a regular basis over years, which is not the case. There is no indication of suspicious loans involving 35.CN or its employees that were not repaid. OnlineNIC filed tax returns, showing legitimate business and | OnlineNIC generated substantial revenue, including for significant business unrelated to 35.CN, and was adequately capitalized for expected liabilities. Supp. Yu Decl. ¶2; OnlineNIC production of financial records; Kroll Decl. Exs. 23-33 (OnlineNIC tax records). |

| | | corporate formalities. *See* Kronenberger Decl and Weiwei Decl. & Kroll Exhibits. | |
|---|---|---|---|
| 7. | **Implication that OnlineNIC commingled funds with 35.CN by paying 35.CN for unreported services.** OnlineNIC's bank statements purportedly reveal payments to 35.CN that were not identified as under the outsourcing agreement. Kroll Decl. ¶¶56-58. | OnlineNIC and 35.CN have provided information and documents outlining their arm's length business transactions, which account for the payments, despite Meta guessing as to the meaning of certain line items over many years. *See* Kronenberger Decl. Exhibits. | OnlineNIC did not commingle funds with 35.CN. OnlineNIC and 35.CN had separate accounts (including separate bank accounts and financial records in separate countries), separate tax statements, and separate registration and document databases. OnlineNIC paid 35.CN for services pursuant to a written staffing agreement. Weiwei Decl. ¶¶2-5; Yu Decl. ¶¶3-11; Kronenberger Decl. Exs. A-H; [D.E. 174-1, ¶¶5-9]; 35.CN's and OnlineNIC's responses to discovery (e.g., OnlineNIC response to RFP 87, identifying ONLINENIC272094-272097; and 35.CN's response to RFP 14, confirming identification of bank accounts) and production of separate bank account and financial records; Kroll Decl. Exs. 23-33 (OnlineNIC tax records). |
| 8. | **Implication that OnlineNIC commingled funds with 35.CN by repaying loans without interest.** OnlineNIC outlined certain loans relating to Verisign and 35.CN in its discovery responses without producing certain loan documents. While | Any business loans involving 35.CN were made pursuant to arm's length transactions and repaid. OnlineNIC has complied with the discovery requests and, importantly, 35.CN did not control OnlineNIC's discovery responses or decisions. *See* Weiwei Decl. | *See* above and Weiwei Decl. ¶3 (confirming business transactions and any loans between 35.CN and OnlineNIC are pursuant to formal written contracts and/or payment records). |

3

| | | | |
|---|---|---|---|
| | OnlineNIC clarified that loans were repaid in full, there was "no indication" of interest charged. Kroll Decl. ¶¶60-62. | | |
| 9. | **Implication that OnlineNIC commingled funds with 35.CN through outstanding loans by individuals to 35.CN and Intra.** OnlineNIC outlined certain loans relating to individuals, purportedly connected to 35.CN, and Intra. Kroll Decl. ¶¶63-65. | Meta relies on supposed translations and referencing persons using Pinyin spelling, which make it difficult to verify the information; and different English names to assist with pronunciation does not establish bad faith. *See* Weiwei Decl. Intra is not connected to these claims and is a red herring. *See* Yu Decl. | See above and Weiwei Decl. ¶4 (stating Plaintiffs' claims that certain 35.CN employees loaned money to OnlineNIC do not include transactions involving 35.CN; 35.CN did not locate evidence of outstanding OnlineNIC/ID Shield loans or any loans that were suspicious or contrary to normal Chinese business practices); Yu Decl. ¶13 (outlining that Intra has not been in operation). |

4

# Exhibit B

| Row No. | Colum A: Plaintiffs' Description of Funds | Colum B: Amount Per Plaintiffs | Colum C: Cites |
|---|---|---|---|
| 1 | Payments from OnlineNIC to 35 for "outsourcing services" | | Mtn to Strike pp. 5:19-6:1; Resp. to ROG #15 |
| 2 | Unidentified payment from OnlineNIC to 35 | | Mtn to Strike p. 6:2-4 |
| 3 | Payments from 35.CN to OnlineNIC between 2015-2021 for "U.S Based Services" | | Mtn to Strike p. 6:7-8; Resp. to ROG #16 |
| 4 | Loan from Mr. Gong to OnlineNIC in 2009 | | Mtn. to Strike pp. 6:18-7:1 |
| 5 | Loan from ▮▮▮▮ to OnlineNIC in 2009 | | Mtn. to Strike pp. 6:18-7:1 |
| 6 | Loan from INTRA to OnlineNIC in 2009 | | Mtn to Strike p. 7:2-3 |
| 7 | Loan from ▮▮▮▮ (▮▮▮▮ to OnlineNIC in 2009 | | Mtn to Strike p. 7:3-4 |
| 8 | Loan from ▮▮▮▮ (▮▮▮▮ to OnlineNIC | | Mtn to Strike p. 7:4-6 |
| 9 | Loans from 35 employees ▮▮▮▮, ▮▮▮▮, ▮▮▮▮, ▮▮▮▮ and ▮▮▮▮ to OnlineNIC | | Mtn to Strike p. 7:6-10 |
| 10 | Loan from ▮▮▮▮ (▮▮▮▮ to OnlineNIC in 2009 | | Mtn to Strike p. 7:11-12 |
| 11 | Repayment of a loan made by someone else in 2009 to Mr. Gong from OnelineNIC | | Mtn to Strike p. 7:14-15 |
| 12 | Loans from OnlineNIC to 35 in 2017 made by paying 35's registry account at VeriSign | | Mtn to Strike p. 7:17-19 |
| 13 | Loan from OnlineNIC to L&L Oil LLC, a company owned by Mr. Liu | | Mtn to Strike p. 8:3-8 |
| | | **Total:** | |