TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:       213.430.3400
Facsimile:         213.430.3409

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.) and
INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 3:19-cv-07071-SI<br><br>**PLAINTIFFS' CORRECTED OBJECTION TO SUR-REPLY EVIDENCE**<br><br>**[FILED UNDER SEAL]**<br><br>DATE: July 11, 2023<br>TIME: 11:30 a.m.<br>CTRM: 1 – 17th Floor<br><br>Hon. Susan Illston |

## I. INTRODUCTION

Plaintiffs file this Objection to Sur-Reply Evidence (ECF No. 335) pursuant to Civil L.R. 7-3(d)(1). All three of the declarations submitted by 35.CN in support of its Sur-Reply contain statements and exhibits that are not relevant, not based on personal knowledge, contradict prior discovery responses and admissions, are hearsay and provide legal conclusions rather than facts. As such, these declarations contain inadmissible evidence and should be stricken pursuant to Civil L.R. 7-5(b) ("An affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. . . . An affidavit or declaration not in compliance with this rule may be stricken in whole or in part."). *See also F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

In its Objections to Reply Evidence (ECF No. 327 ("Objections")), 35.CN sought leave of court to file a sur-reply on only two issues. First, 35.CN "would provide a declaration attesting . . . that only OnlineNIC (and not 35.CN) hired and trained people for OnlineNIC work." Objections at 1:22-25, 2:13-16, 3:1-4). Second, 35.CN "would provide a declaration attesting that Minghe Wang was an OnlineNIC employee without a connection to 35.CN." *Id.* at 3:16-23. The Court granted 35.CN leave to file its sur-reply on June 6, 2023 (ECF No. 329) and 35.CN filed its Sur-Reply on June 23, 2023. The Sur-Reply, however, improperly addresses several issues unrelated to the topics for which 35.CN sought leave and for which the Court granted leave.[1]

Even so, 35.CN failed to submit a declaration explicitly stating that only OnlineNIC hired and trained 35.CN's employees who performed OnlineNIC's registrar business. Nor did 35.CN submit a declaration from Mr. Wang describing his role at 35.CN or OnlineNIC, or from Zhipo Chen about the

---

[1] For example, the Sur-Reply discusses (1) whether OnlineNIC and 35.CN were a unified business (Sur-Reply at 1:21-3:6); (2) whether OnlineNIC needed $▇ to continue operating (*id.* at 1:26-2:3); (3) 35.CN's payments to OnlineNIC of $▇ for US-based services (*id.* at 2:4-11); (4) the "little overlap in revenue" of $▇ between 35.CN and OnlineNIC (*id.* at 2:12-3:6); (5) whether ID Shield is an alter ego of 35.CN (*id.* at 5:12-13); (6) whether OnlineNIC lacked corporate formalities (*id.* at 5:14-16); (7) whether OnlineNIC lacked legal formalities and arms' length transactions (*id.* at 5:17-19); (8) whether 35.CN and OnlineNIC had separate offices (*id.* at 5:20-23); (9) whether 35.CN and OnlineNIC commingled assets (*id.* at 5:24-6:7); (10) whether OnlineNIC was adequately capitalized (*id.* at 6:8-13); and (11) whether 35.CN and OnlineNIC misrepresented or obfuscated the ownership of OnlineNIC (*id.* at 6:14-19).

hiring, training and management of 35.CN's employees. Instead of proffering this testimony, 35.CN submitted inadmissible evidence that should be stricken.

## II. 35.CN'S SUR-REPLY DOES NOT CONTAIN ADMISSIBLE EVIDENCE THAT ONLINENIC HIRED AND TRAINED 35.CN'S EMPLOYEES TO PERFORM WORK FOR ONLINENIC

Plaintiffs submitted three exhibits attached to the Supplemental Declaration of Howard A. Kroll to support their claim that 35.CN was responsible for hiring and training 35.CN employees who operated OnlineNIC's registrar business. (ECF Nos. 324 at 8:11-17; 324.02-324.04). In the Sur-Reply, and based solely on the Declarations of Zhang Weiwei (ECF No. 335.03 ("Weiwei Decl.")) and Yu Hongxia (ECF No. 335.02 ("Yu Decl.")), 35.CN claims that OnlineNIC (and not 35.CN) hired and trained these employees. Sur-Reply at 4:5-7. Yet, the evidence in these declarations is inadmissible because the statements are not relevant, lack personal knowledge, and are contrary to prior deposition testimony.

Mr. Weiwei declares that "35.CN did not hire or train OnlineNIC's separate employees or managers." Weiwei Decl., ¶ 2. This statement, however, is not relevant because it does not have "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. The relevant issue is whether 35.CN hired or trained **35.CN's employees** who performed work for OnlineNIC, not whether 35.CN hired or trained **OnlineNIC's employees**. Mr. Weiwei could have, but did not, declare that 35.CN did not hire or train 35.CN's employees who worked for OnlineNIC. 35.CN failed to submit relevant and admissible evidence on this issue; therefore, the Court should strike paragraph 2 of Mr. Weiwei's declaration as not relevant.

Ms. Yu's declaration on this issue fares no better. Ms. Yu declares, "To my knowledge, Exhibits 1-3 to the Reply ('Statement of Work,' 'Performance Appraisal Form,' and 'Employee Training Plan') were not used by 35.CN for the purpose of taking responsibility for the hiring or training of OnlineNIC workers." Yu Decl., ¶ 4. Ms. Yu, however, does not describe how she has personal knowledge as to whether or not Exhibits 1-3 were used by 35.CN to hire or train 35.CN's employees who performed work for OnlineNIC. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002) (holding district court properly disregarded declaration that included facts beyond declarant's personal knowledge and where declarant did not indicate how she knew the facts to be true). Nor does Ms. Yu declare why Exhibits 1-3 exist if not to show the hiring and training by 35.CN of OnlineNIC workers.

Ms. Yu also declares that "individuals working under the staffing agreement (such as myself) reported to separate OnlineNIC ownership/management (such as Zhipo Chen, Minghe Wang, Rex Liu and Sily Chen)." Yu Decl., ¶ 4. But this is not relevant to whether 35.CN or OnlineNIC hired or trained 35.CN's employees because "reporting to" someone is not the same as hiring or training them. Ms. Yu could have, but did not, declare that OnlineNIC hired or trained 35.CN's employees who performed work for OnlineNIC. Again, 35.CN failed to submit relevant and admissible evidence on this issue; therefore, the Court should strike paragraph 4 of Ms. Yu's declaration for lack of personal knowledge.[2]

The Sur-Reply did not include emails or other written correspondence from Zhipo Chen or Minghe Wang evidencing any involvement by them in the operation of OnlineNIC. Ms. Yu's declaration that Ms. Chen "authorized my signing of OnlineNIC discovery verifications in this case, including in face-to-face meetings" (Yu Decl., ¶ 6) is irrelevant to whether Zhipo Chen (or anyone else) provided guidance on how to run OnlineNIC, and should also be stricken. For these reasons, the Court should strike paragraphs 4 and 6 of Ms. Yu's declaration.

### III. 35.CN'S SUR-REPLY DOES NOT CONTAIN ADMISSIBLE EVIDENCE THAT PROVES MINGHE WANG WAS NOT THE DIRECTOR OF 35.CN'S SOFTWARE OUTSOURCING CENTER

Plaintiffs attached an Organization Chart of 35.CN's Software Outsourcing Center to the Supplemental Declaration of Howard A. Kroll which lists Wang Minghe as the Director of the Software Outsourcing Center and Ms. Yu as the Assistant to the Director. ECF Nos. 324.05. In its Sur-Reply, and based solely on conclusory statements made in the Yu and Weiwei Declarations, 35.CN claims that Mr. Wang was not an employee or director of 35.CN but was an OnlineNIC employee. Sur-Reply at 1:9-11, 3:14-27. The statements made in these declarations are inadmissible and should be stricken because the statements lack personal knowledge, are contrary to prior admissions, are hearsay, and are not relevant.

---

[2] Ms. Yu's declaration is also inadmissible because it contradicts her prior deposition testimony that the management team of OnlineNIC reported to her:
> "Q: Do all of the managers [of OnlineNIC] report to you, as the vice president?
> A: Yes."

Yu Depo II attached as Exhibit 7 to Supplemental Kroll Declaration (ECF No. 324.08) at 30:25-31:2. *Yeager v. Bowlin*, 693 F.3d 1076, 1081 (9th Cir. 2012) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").

First, Ms. Yu declares "To my knowledge, Exhibit 4 to the Reply ("Organization Chart") does not show that Minghe Wang was the Director of 35.CN's Software Outsourcing Center, but rather shows that Minghe Wang (an OnlineNIC employee) oversaw the 35.CN employees working under the staffing agreement." Yu Decl., ¶ 5. This statement is inadmissible because it contradicts the judicial admission of OnlineNIC that it "has no employees who carry out the day-to-day registrar operations for OnlineNIC." (ECF No. 109 (Second Amended Complaint ("SAC") ¶ 50; ECF No. 88 (OnlineNIC Defendants' Answer to First Amended Complaint ("Answer") ¶ 50 (admitting).[3] *See American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (statement in an answer is a judicial admission); *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) ("Judicial admissions are formal concessions in the pleadings . . . that are binding upon the party making them.").[4] Since OnlineNIC does not have any employees who operate OnlineNIC's registrar business, Mr. Wang could not have been an OnlineNIC employee who oversaw 35.CN's employees involved in OnlineNIC's registrar business. In addition, Ms. Yu's statement is inadmissible because it includes facts beyond Ms. Yu's knowledge–what the Organization Chart shows–without any explanation of how she knows the facts are true. For these reasons, the Court should strike paragraph 5 of Ms. Yu's declaration.

Second, Ms. Yu declares: "I am informed that OnlineNIC produced Minghe Wang's W-2 from OnlineNIC, showing that Minghe Wang was an OnlineNIC employee." Yu Decl., ¶ 5. This statement is also inadmissible because it is not based on personal knowledge and is hearsay.[5] *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations "on information and belief . . . entitled to no weight because the declarant did not have personal knowledge"). Furthermore, the purported W-2 does not contain a Bates stamp number which indicates that it was not produced by OnlineNIC, nor have Plaintiffs been able to find this document. Finally, a 2015 W-2, if one does exist, does not disprove that

---

[3] OnlineNIC's Answer to the First Amended Complaint is the operative responsive pleading to the SAC. ECF No. 108.

[4] As the CEO and officer of OnlineNIC, Ms. Yu is bound by the statements made by OnlineNIC in its Answer. Her declaration, therefore, cannot contradict, the judicial admissions of OnlineNIC.

[5] Ms. Yu also declares in paragraph 2 that she is "informed" about 35.CN's total revenue. For the same reasons, this statement should be stricken because it is not based on personal knowledge and is hearsay.

Mr. Wang was the director of 35.CN's Software Outsourcing Center, and is irrelevant.

Finally, Mr. Weiwei declared that "Minghe Wang has never been a 35.CN employee or director." Weiwei Decl., ¶ 3. Mr. Weiwei, however, became an officer of 35.CN in 2020. Appendix A to 35.CN's Further Amended and Supplemental Written Discovery Responses attached as Exhibit 1 to the Kroll Declaration (ECF No. 299.03). Thus, Mr. Weiwei's statement is inadmissible because there is no explanation of how Mr. Weiwei had personal knowledge of whether Mr. Wang was the director of the Software Outsourcing Center prior to 2020.

## IV.     OTHER OBJECTIONS TO SUR-REPLY EVIDENCE

Exhibit A to the Declaration of Karl S. Kronenberger (ECF No. 335.01) ("Kronenberger Decl.")) purports to "summarize[] 35.CN's opposition to the points raised in Plaintiffs' attorney declaration of Howard Kroll." (Kronenberger Decl. ¶ 2.) Yet, Exhibit A improperly contains legal arguments, is not based on Mr. Kronenberger's personal knowledge, especially regarding the business practices of the OnlineNIC Defendants, and should be stricken. Civil L.R. 7-5(b).

Similarly, paragraph 3 of the Kronenberger Declaration refers to 35.CN's document production (35CN0056842-35CN0056850) on April 13, 2023, which has not been attached to any Declaration and thus not introduced into evidence by 35.CN. Mr. Kronenberger's declaration that these documents "were contract/loan documents in Chinese" is inadmissible hearsay and should also be stricken.

Finally, Ms. Yu declares that "I also testified that the CEO of OnlineNIC would have negotiated the outsourcing agreement." Yu Decl., ¶ 6. This statement should be stricken because it contradicts Ms. Yu's deposition testimony that when she became director of the Software Outsourcing Center in 2017 (Yu Depo II at 66:25-67:2 attached as Exhibit B to the Yu Decl.), she negotiated the outsourcing agreement between 35.CN and OnlineNIC. (*Id*. at 78:17-24).

## V.     CONCLUSION

The Declarations of Kronenberger, Weiwei and Yu should be stricken pursuant to Civil L.R. 7-5(b) because they are not relevant, not based on personal knowledge, contradict prior discovery responses and admissions, are hearsay and provide legal conclusions rather than facts. These inadmissible declarations, therefore, cannot be used by 35.CN to refute that (a) 35.CN hired and trained its employees to work at OnlineNIC or (b) that Mr. Wang was the Director of 35.CN's Software Outsourcing Center.

DATED: November 16, 2023

Tucker Ellis LLP

By: /s/David J. Steele
    David J. Steele
    Howard A. Kroll
    Steven E. Lauridsen

    Attorneys for Plaintiffs,
    META PLATFORMS, INC.
    (fka FACEBOOK, INC.) and
    INSTAGRAM, LLC