TUCKER ELLIS LLP
David J. Steele - SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen - SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone: 213.430.3400

Attorneys for Plaintiffs, META PLATFORMS, INC. f/k/a
FACEBOOK, INC. and INSTAGRAM, LLC

LEXANALYTICA, PC
Perry J. Narancic – SBN 206820
pjn@lexanalytica.com
3000 El Camino Real, Bldg. 4, Suite 200
Palo Alto, CA 94306
Telephone: 650.655.2800

Attorneys for Defendants ONLINENIC, INC. and DOMAIN ID SHIELD
SERVICES CO., LTD.

KRONENBERGER ROSENFELD, LLP
Karl S. Kronenberger – SBN 226112
karl@kr.law
Liana W. Chen – SBN 296965
liana@kr.law
Leah Rosa Vulić – SBN 343520
leah@kr.law
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155

Attorneys for Defendants
XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC INC., DOMAIN ID SHIELD SERVICE CO., LIMITED, and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 3:19-cv-07071-SI<br><br>**JOINT STATUS STATEMENT**<br><br>Date:  December 8, 2023<br>Time:  3:00 p.m.<br>Courtroom:  1 – 17th Floor (via Zoom)<br><br>Hon. Susan Illston |

On November 6, 2023, the Court issued its Order Granting Plaintiffs' Motion for Summary Judgment on Alter Ego and Striking 35.CN's Answer. ECF No. 357 (the "Order"). In the Order, the Court found that Defendant Xiamen 35.com Internet Technology Co., Ltd. ("35.CN") is the alter ego of Defendants OnlineNIC Inc. ("OnlineNIC") and Domain ID Shield Service Co., Ltd. ("ID Shield") (together, the "OnlineNIC Defendants"). The Clerk entered default against the OnlineNIC Defendants on December 19, 2022 (ECF No. 292) and against 35.CN on November 8, 2023 (ECF No. 352).

Pursuant to the Order (ECF No. 357 at 23:8-9), counsel for the Parties[1] met and conferred by videoconference on November 21, 2023, regarding the following five issues raised in Section IV ("Relief") of Judge van Keulen's Report and Recommendation ("R&R"): (1) statutory damages, (2) transfer of Infringing Domain Names, (3) injunctive relief, (4) attorneys' fees, and (5) reimbursement of costs associated with the Special Master. *See* ECF No. 225 at 23:17-33:8. In addition, counsel for the Parties met and conferred regarding entry of default judgment. *See* ECF No. 357 at 23:7-8. Counsel for the Parties submit this Joint Status Statement pursuant to the Order.

## I.    ISSUES RAISED IN JUDGE VAN KEULEN'S REPORT AND RECOMMENDATION

### A.    Statutory Damages

The Parties are at an impasse with respect to statutory damages. Judge van Keulen recommended statutory damages of $3,135,000 against the OnlineNIC Defendants under the Anticybersquatting Consumer Protection Act ("ACPA"). ECF No. 225 at 26:22-28:23; 33:13.

#### 1.    Plaintiffs' Statement

In finding the OnlineNIC Defendants' conduct egregious, Judge van Keulen noted that the OnlineNIC Defendants "registered a significant number (35) of domain names (the Infringing Domain Names) incorporating both the correct spellings and misspellings of Plaintiffs' Marks." *Id*. at 24:22-25. Judge van Keulen further found that "OnlineNIC is a serial cybersquatter" (*id*. at 26:2-17) and that the OnlineNIC Defendants "demonstrated contempt of these proceedings" by their "willful spoliation of millions of database records and thousands of attachments." *Id*. at 26:18-21.

Because 35.CN is the alter ego of the OnlineNIC Defendants (ECF No. 357), the Court should

---

[1] The Parties are Plaintiffs Meta Platforms, Inc. and Instagram, LLC (collectively, "Plaintiffs") and Defendants OnlineNIC, ID Shield, and 35.CN (collectively, "Defendants").

1  adopt the R&R and award statutory damages of $3,135,000 jointly and severally against all of the
2  Defendants for their violations of the ACPA.

3  35.CN's objection below to Judge van Keulen's recommendation on statutory damages in the R&R
4  has no basis in law or fact and should be rejected for several reasons.

5  First, neither the OnlineNIC Defendants nor 35.CN objected to the amount and award of statutory
6  damages in the R&R in their respective motions for de novo review of the R&R. *See* ECF Nos. 228, 229.
7  Instead, 35.CN argued only that lesser sanctions, such as adverse inferences or a jury instruction, should
8  be levied instead of terminating sanctions. *See* ECF No. 228 at 13:24-14:22. As such, Defendants have
9  waived their ability to contest the amount and award of statutory damages. *Smith v. Frank*, 923 F.2d 139,
10 141 (9th Cir. 1991).

11 Second, Defendants are in default and the allegations in the Second Amended Complaint relating
12 to liability are deemed to be true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).
13 As such, Defendants cannot contest that they registered, used, or trafficked in thirty-five domain names
14 that are identical or confusingly similar to Plaintiffs' trademarks in violation of the ACPA. ECF No. 109
15 at ¶¶ 56-57, 87. Indeed, ID Shield is listed as the registrant of the thirty-five Infringing Domain Names in
16 the WHOIS directory records attached as Exhibit 7 to the Second Amended Complaint. *See*
17 ECF No. 109-7. Courts hold that a defendant alleged to have been listed in the "registrant" field in the
18 WHOIS directory is sufficient to plead the defendant registered the domain name within the meaning of
19 the ACPA. *Facebook Inc. v. Namecheap Inc.*, No. CV-20-00470-PHX-GMS, 2020 WL 6585534, at *3
20 (D. Ariz. Nov. 10, 2020) (holding plaintiffs plausibly alleged proxy service provider was domain name
21 registrant because it was listed as registrant in WHOIS directory for each domain name at issue); *Meta
22 Platforms, Inc. v. New Ventures Servs. Corp.*, No. 3:21-cv-697-MEM, 2023 WL 5651994, at *6 (M.D. Pa.
23 Aug. 31, 2023). The Court should thus ignore 35.CN's argument that "OnlineNIC and ID Shield did not
24 register the domain names at issue" and reject 35.CN's request for a 20% reduction of statutory damages
25 based on this unsupported claim.

26 Third, 35.CN once again argues (without any support) that Defendants are not secondarily liable
27 for certain domain names. This is an issue that Defendants have raised numerous times and that the Court
28 has repeatedly rejected. *See* ECF Nos. 207 at 10:23-11:6 (Order denying 35.CN's motion to dismiss); 226

at 5:7-6:13 (Order denying 35.CN's motion to bifurcate); 276 at 13:15-14:1 (Order adopting R&R). Furthermore, the allegations in the Second Amended Complaint relating to secondary liability (ECF No. 109 at ¶¶ 71-75, 97, 111, 123, 135) are also deemed to be true. *Geddes,* 559 F.2d at 560. Since Defendants are directly liable for the registration of thirty-five Infringing Domain Names, and secondarily liable as well, there is no justification to reduce the statutory damages award in the R&R.

To the extent the Court requests further briefing on this issue, Plaintiffs propose the following briefing schedule:

Plaintiffs' opening brief on statutory damages: January 31, 2024

Defendants' opposition brief on statutory damages: February 28, 2024

Plaintiffs' reply brief: March 28, 2024

### 2. Defendants' Statement[2]

Defendants dispute the amount of statutory damages.

For 26 of the 35 domain names, 35.CN suggests a 20% reduction from what Magistrate Van Keulen's listed in her R&R, due to the fact that OnlineNIC and ID Shield did not register the domain names at issue; instead, the customers of OnlineNIC and ID Shield registered the domain names, and this list of customers was produced to Plaintiffs in discovery. [D.E. 318-1 at Para. 10 & Ex. H.] This is in contrast to prior cases against OnlineNIC, where OnlineNIC was found to be the actual registrant of domain names. *See, for e.g., Verizon California Inc. v. Onlinenic, Inc.*, No. C 08-2832 JF (RS), 2009 WL 2706393, at *3 (N.D. Cal. Aug. 25, 2009). Here, the R&R acknowledges that "ID Shield enables OnlineNIC's customers to own domain names anonymously." [R&R at 2:19-20.] Further, the amount of damages should be "just" under Section 1117(d). Based on this factor, 35.CN suggests the following statutory damages per domain name, using the domain name numbering from the Second Amended Complaint, and the pre- and post-reduction amounts:

---

[2] None of the statements in this joint status report should be interpreted as Defendants adopting, conceding, or stipulating to any of the positions in the R&R or any other Court order; all rights are reserved.

| | | | |
|---|---|---|---|
| 1 | 1. buyinstagramfans.com | $95,000 | $76,000 |
| 2 | 3. facebook-alkalmazasok.net | $85,000 | $68,000 |
| 3 | 5. facebook-fans-buy.com | $95,000 | $76,000 |
| 4 | 6. facebook-login-signup.com | $95,000 | $76,000 |
| 5 | 7. facebook-mails.com | $95,000 | $76,000 |
| 6 | 8. facebook-pass.com | $95,000 | $76,000 |
| 7 | 9. facebookphysician.com | $95,000 | $76,000 |
| 8 | 10. facebook-pw.com | $85,000 | $68,000 |
| 9 | 11. facebookvideodownload.net | $95,000 | $76,000 |
| 10 | 17. findfacebookid.com | $95,000 | $76,000 |
| 11 | 18. hackfacebook-now.com | $95,000 | $76,000 |
| 12 | 19. hackingfacebook.net | $95,000 | $76,000 |
| 13 | 20. hacksomeonesfacebook.com | $95,000 | $76,000 |
| 14 | 21. iiinstagram.com | $85,000 | $68,000 |
| 15 | 22. instaface.org | $80,000 | $64,000 |
| 16 | 23. instagram01.com | $95,000 | $76,000 |
| 17 | 25. Iamsocialfacebook.net | $95,000 | $76,000 |
| 18 | 26. learntohackfacebook.com | $95,000 | $76,000 |
| 19 | 27. login-Instargram.com | $80,000 | $64,000 |
| 20 | 28. m-facebook-login.com | $95,000 | $76,000 |
| 21 | 29. ofacebooklogin.com | $95,000 | $76,000 |
| 22 | 30. singin-Instargram.com | $80,000 | $64,000 |
| 23 | 31. trollfacebook.com | $95,000 | $76,000 |
| 24 | 32. watch-facebook.com | $95,000 | $76,000 |
| 25 | 33. www-facebook-login.com | $95,000 | $76,000 |
| 26 | 34. www-facebook-pages.com | $95,000 | $76,000 |
| 27 | | $2,395,000 | $1,916,000 |

Regarding the other nine domain names, 35.CN submits that there should be no statutory damages at all because there was never a request for OnlineNIC to disclose contact information for these domain names under the ICANN rules, which is the basis for Plaintiffs' vicarious liability arguments. The R&R relied on Plaintiffs' false allegations about sending notices and states that ID Shield failed to timely disclose customers' contact information. [R&R at 3:8-14.] The R&R also notes case law outlining various factors for awards of statutory damages, including whether there was an attempt to conceal the registrant's identity. [R&R at 26:26-28.] In fact, Plaintiffs have admitted that notice and request for disclosure of contact information related to the following domain names were made, dubiously, in a mediation brief and in a request for production of documents [*see* D.E. 238-1 at Para. 6 & Ex. C; *see also* Plaintiffs' Counsel's June 16, 2022 Email to Defendants' Counsel (identifying the "notice" as Plaintiffs' third set of RFPs to OnlineNIC and ID Shield, and counsel's response, and Plaintiffs' 2021 Mediation Brief)], which are facially insufficient notice under the ICANN rules. This is despite the Second Amended Complaint

allegations that notice was provided prior to the original Complaint being filed and the fact that nearly all of the causes of action rely on this secondary liability argument for the domain names. [SAC paras. 97, 111, 123, 135, Prayer 5(e).] And again, any statutory damages must be "just" under Section 1117(d). These domain names are as follows, using the numbering from the Second Amended Complaint:

| | |
|---|---|
| 1 | 2. face2bouk.com |
| 2 | 4. facebook-chat-emoticons.com |
| 3 | 12. facebux2.com |
| 4 | 13. facekhook.com |
| 5 | 14. facessbook.com |
| 6 | 15. faecb00k-page.com |
| 7 | 16. faecbook-page.com |
| 8 | 17. findfacebookid.com |
| 9 | 24. instakram.com |

Contrary to Plaintiffs' arguments, Defendants objected to the requested relief by outlining why lesser sanctions are appropriate. [*See e.g.,* D.E. 228 at 1:8-9; *see also* D.E. 238.] Further, while Plaintiffs argue that allegations are taken as true for liability purposes, only well-pleaded factual allegations should be considered and only as to liability, not as to damages. *See Asia Res. Mins. PLC v. Roeslani*, No. CV 15-747-R, 2016 WL 11755110, at *1 (C.D. Cal. June 14, 2016). Therefore, even if ID Shield was determined to have "registered" the domain names for liability purposes (which Defendants disputed), the Court can consider that ID Shield was acting as a (privacy) service for its customers, as acknowledged in the R&R, to lower the amount of statutory damages to what is "just." Finally, the parties are only submitting a limited status report at this time. Defendants agree to Plaintiffs' proposed briefing schedule.

**B.    Transfer of Infringing Domain Names**

The Parties agree that the Defendants be ordered to transfer to Plaintiffs "the 35 Infringing Domain Names identified in ¶ 56 of the SAC." ECF No. 225 at 29:2-3.

**C.    Injunctive Relief**

The Parties are still meeting and conferring regarding the language of the proposed default judgment and permanent injunction. To the extent the Parties cannot agree on the language of the proposed permanent injunction prior to the further case management conference scheduled for December 8, 2023, the Parties suggest the same briefing schedule proposed above to address the issues in dispute.

### D. Attorneys' Fees

The Parties are at an impasse regarding attorneys' fees.

#### 1. Plaintiffs' Position

Judge van Keulen found that the following facts made this case exceptional under 15 U.S.C. § 1117(a), entitling Plaintiffs to attorneys' fees: (1) the OnlineNIC Defendants "engaged in significant litigation misconduct, derailing discovery by spoliating evidence after this litigation began and after the Special Master was appointed, and (2) that Defendants' cybersquatting was egregious." ECF No. 225 at 32:5-8. Judge van Keulen also found that Plaintiffs are "only entitled to a partial recovery of fees: Plaintiffs are awarded fees related to the proceedings before the Special Master and the Motion for Sanctions." *Id.* at 32:10-11.

Given the legal expenses incurred by Plaintiffs in litigating the case against 35.CN, Plaintiffs respectfully request that they be awarded all of their attorney's fees incurred in this action jointly and severally against all of the Defendants.

The R&R was issued on March 28, 2022 and only addressed the legal fees incurred by Plaintiffs in litigating the case against the OnlineNIC Defendants. The R&R did not address the additional legal expenses incurred by Plaintiffs related to: (a) revising the initial complaint and serving 35.CN, (b) opposing 35.CN's motion to dismiss (denied by the Court on January 18, 2022) (ECF No. 207), (c) opposing 35.CN's motion to bifurcate (denied by the Court on April 5, 2022) (ECF No. 226), (d) opposing 35.CN's motion for de novo review of the Report and Recommendation (denied by the Court on October 17, 2022) (ECF No. 276), (e) various discovery disputes with 35.CN resulting in Judge Tse's order granting in part Plaintiffs' motion to compel (ECF No. 286), and (f) Plaintiffs' motion for summary judgment granted by the Court on November 6, 2023 finding that 35.CN is the alter ego of the OnlineNIC Defendants and thus also responsible for spoliating evidence. ECF No. 225.

The Special Master found that "Defendants began deleting data before the complaint was filed, continued deleting responsive records during the discovery process, and even after Special Master's appointment." ECF No. 115 at 39:25-28. This Court concluded that it would "be inequitable to allow 35.CN to escape the consequences of the evidence spoliation that its own employees apparently carried out." ECF No. 225 at 20:8-9. As such, all of the attorney's fees incurred by Plaintiffs in this action should

be jointly and severally awarded against all of the Defendants.

Below, Defendants contest Judge van Keulen's finding that this is an exceptional case under 15 U.S.C. § 1117(a). This should be rejected. First, Defendants did not object to this finding in their respective motions for de novo review of the R&R. *See* ECF Nos. 228, 229. They have thus waived any objection to the exceptional case finding. *Smith*, 923 F.2d at 141.

Second, Judge van Keulen found that Defendants' "egregious" infringement and "significant litigation misconduct, derailing discovery by spoliating evidence" makes this case "exceptional." ECF No. 225 at 32:5-8. 35.CN argued in opposition to Meta's motion for summary judgment that the OnlineNIC Defendants "did not destroy evidence and that any destruction was not intentional." ECF No. 357 at 19:4. The Court found that "[t]his position directly contravenes the special master's findings, as adopted by both Judge van Keulen and this Court." *Id.* at 19:8-10. In addition, this Court found that both 35.CN and OnlineNIC "have–in the past and in the litigation in this case–obfuscated and misled others about OnlineNIC's ownership. The Court has noted numerous inconsistencies among 35.CN and OnlineNIC's discovery responses, deposition testimony, declarations, ICANN certifications, and tax filings regarding who owns and manages the two companies." ECF No. 357 at 11:22-25.[3]

Finally, it is improper for the defaulted Defendants to continue to make arguments challenging facts pleaded in the Second Amended Complaint that are deemed to be true. *Geddes,* 559 F.2d at 560.

To the extent the Court requests further briefing on the proper scope of the attorneys' fees award, Plaintiffs suggest the same briefing schedule proposed above.

**2. Defendants' Position**

Defendants dispute the amount and scope of requested attorney's fees.

As an initial matter, Defendants do not agree that this case is "exceptional" under 15 U.S.C. § 1117(a). However, Defendants will agree to a judgment that includes reasonable attorney's fees, as

---

[33] Defendants' obfuscation and misleading discovery responses are consistent with their past behavior before this Court. *See Verizon California Inc. v. OnlineNIC, Inc.,* No. C 08-2832 JF (RS), 2009 WL 2706393 at *1, 6 (N.D. Cal. Aug. 25, 2009) (Judge Fogel awarded $50,000 per domain name as statutory damages against OnlineNIC and noted that OnlineNIC made "repeated misrepresentations concerning the nature of its relationship with [35.CN].") Judge Fogel also held OnlineNIC in civil contempt for multiple violations of court orders, finding "by clear and convincing evidence" that OnlineNIC violated court orders by producing a selective subset of data and failing to produce required documents in discovery. *Verizon California Inc. v. OnlineNIC, Inc.*, 647 F. Supp. 2d 1110, 1114, 1120-21 (N.D. Cal. 2009).

Magistrate Van Keulen recommended, "related to the proceedings before the Special Master and the Motion for Sanctions." There are a variety of factors that cut against a finding of exceptionalness under 15 U.S.C. § 1117(a), including a) all of the domain names were registered on behalf of third party customers of OnlineNIC and not to OnlineNIC directly; b) the vicarious liability allegations in the complaint, if not for the default, would have led to a case of first impression, on the issue of vicarious liability for a domain name registrar arising from alleged violations of a provision in its agreement with ICANN and ICANN-required agreements (which argument is weak for Plaintiffs given established case law against third-party liability under the RAA); and c) during litigation, OnlineNIC provided the registrant information for the domain names. [*See* D.E. 146 & Exs. A-C (including a registrant confirmation); *see also* D.E. 318-1 at Para. 10 & Ex. H.]. Moreover, in support of their argument for fees, Plaintiffs argued: "[S]ignificantly, Defendants intentionally hid the identity of their cybersquatting customers even after Plaintiffs sent notice of the cybersquatting." [D.E. 176 at 24:17-28.] This demonstrates how Plaintiffs concede that Defendants did not register the domain names directly, let alone with malicious, fraudulent, deliberate, or willful conduct, and that Plaintiffs should not be entitled to fees where there was no pre-complaint notice of cybersquatting (as outlined for nine domain names above). The lack of pre-complaint notice is key as even the R&R declined to accept Plaintiffs' argument that Defendants' business model automatically results in a finding of willfulness. [R&R at 25:25-26.]

In addition, limited fees relating to the Special Master proceedings and the Motion for Sanctions are consistent with Rule 37, under which Plaintiffs filed their motion for terminating sanctions (arguing that fees are warranted in part due to purported spoliation) and which authorizes reasonable expenses/fees for making the motion. Thus, even though 35.CN disputes the basis for attorney's fees, it will agree to a judgment that includes reasonable fees related to the proceedings before the Special Master and the Motion for Sanctions.

Contrary to Plaintiffs' arguments, the R&R considered legal fees incurred by Plaintiffs for other issues in this case and declined to award Plaintiffs fees for the entire case. Further, Defendants objected to the requested relief by outlining why lesser sanctions are appropriate. [*See e.g.,* D.E. 228 at 1:8-9; *see also* D.E. 238.] Thus, Defendants request that the legal fees be limited in amount and scope and that

Plaintiffs support any request for fees with further documentation and descriptions, including as outlined in the R&R at 32:16-21, 33:16-20. Defendants agree to Plaintiffs' proposed briefing schedule.

### E. Reimbursement for Costs Associated with the Special Master

The Parties agree that the Defendants shall jointly and severally reimburse Plaintiffs in the amount of $88,937 for costs related to the Special Master.

## II. ENTRY OF DEFAULT JUDGMENT

The Parties are still meeting and conferring regarding the language of the proposed default judgment and permanent injunction. To the extent the Parties cannot agree on the language of the proposed final default judgment prior to the further case management conference scheduled for December 8, 2023, the Parties suggest the same briefing proposed above.

## III. SETTLEMENT AND ADR

There have been no ADR efforts to date with all of the Defendants. The Parties are informally engaged in settlement discussions and may seek to mediate this matter to determine whether the case can be resolved. If such a mediation is scheduled, the Parties will submit for the Court's approval a new briefing schedule with proposed dates.

DATED: December 1, 2023         Tucker Ellis LLP


                                By: /s/David J. Steele
                                    David J. Steele

                                    Attorneys for Plaintiffs,
                                    META PLATFORMS, INC. (fka
                                    FACEBOOK, INC.) and INSTAGRAM, LLC

| | | |
|---|---|---|
| DATED: December 1, 2023 | | LEXANALYTICA PC |

By: /s/Perry J. Narancic
Perry J. Narancic

Attorneys for Defendants,
ONLINENIC, INC and DOMAIN ID SHIELD SERVICES CO., LTD.

DATED: December 1, 2023            Kronenberger Rosenfeld, LLP

By: /s/Karl S. Kronenberger
Karl S. Kronenberger

Attorneys for Defendant
XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that all other signatories listed and on whose behalf this filing is made concur in the filing of this document and have granted permission to use an electronic signature.

/s/David J. Steele