**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
liana@kr.law
leah@kr.law

Defendant Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FACEBOOK, INC.**, et al., | Case No. 3:19-cv-07071-SI |
| Plaintiffs, | |
| v. | **CORRECTED EXHIBIT F TO DECLARATION OF KARL S. KRONENBERGER IN SUPPORT OF DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER AND FOR ENTRY OF DEFAULT AGAINST DEFENDANT XIAMEN 35.COM TECHNOLOGY CO., LTD. PURSUANT TO FED. R. CIV. P. 37 [D.E. 299]** |
| **ONLINENIC INC.**, et al., | |
| Defendants. | |
| | Hon. Susan Illston |

Exhibit F

Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC <br><br> Plaintiffs, <br><br> v. <br><br> ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED. <br><br> Defendants. | Case No. 19-CV-07071-SVK <br><br> **FIRST SUPPLEMENTAL RESPONSE OF ONLINENIC, INC. TO REQUESTS FOR PRODUCTION OF DOCUMENTS PROPUNDED BY FACEBOOK, INC. AND INSTAGRAM, LLC.** |

PROPOUNDING PARTY:          Facebook, Inc. and Instagram, LLC

RESPONDING PARTY:          OnlineNIC, Inc.

SET NO.:          One (1)


Defendant OnlineNIC, Inc. ("OnlineNIC") hereby responds to the Request for Production of Documents propounded by Facebook, Inc. and Instagram, LLC (together, the "Plaintiffs") as follows:

PRELIMINARY STATEMENT

A.      The specific responses as set forth below are for the purposes of discovery only and OnlineNIC does not intend to waive, but expressly reserves, any and all objections and may have

- 1-

Facebook, Inc. v. OnlineNIC, Inc.                                                        Case No. 19-cv-7071-SVK
OnlineNIC, Inc.'s First Supplemental Responses to Plaintiffs' Requests for Production of Documents – Set 1

Defendant objects to this Request as overbroad and unduly burdensome, as it is not limited in time or scope, and thus it is not proportional to the needs of the case. Specifically, Defendant has been in business for over 20 years, and as such, has collected millions of records over the years, including a database with millions of records, and tens of thousands of emails and support tickets. The burden and expense of having to review every record to ensure that "All Documents" have been produced outweighs any potential relevancy of such records. Subject to these objections, Defendant has conducted a search in the Database Records, and in emails and support tickets, and at Bates OnlineNIC252186-OnlineNIC258330, OnlineNIC000001-70, OnlineNIC266918-266947, OnlineNIC268299 – 268773, OnlineNIC267164-OnlineNIC267167. Additional responsive documents exist in the Keyword Dataset, which has been produced in searchable format OnlineNIC is not aware of other responsive records within its possession, custody or control being withheld on the basis of any objection herein.

**REQUEST FOR PRODUCTION NO. 14:**

All contracts, agreements, and/or any other written understanding between ONLINENIC and DOMAIN ID SHIELD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

No responsive documents.

**REQUEST FOR PRODUCTION NO. 15:**

All contracts, agreements, and/or any other written understanding between DOMAIN ID SHIELD and any United States entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Responsive documents are located in the Database Records, and at OnlineNic266948 – 266955.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS relating to the relationship between DOMAIN ID SHIELD and any California entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Responsive documents are located in the Database Records, and at ONLINENIC266948 –

produced.

**REQUEST FOR PRODUCTION NO. 151:**

All DOCUMENTS that IDENTIFY internal or external policies, procedures, or best practices to deter cybersquatting by ONLINENIC since 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151**

*See* Bates numbers OnlineNIC267195 – OnlineNIC267201, as well as the policies and procedures that are evidenced in the business operations set forth in the Keyword Dataset.

**REQUEST FOR PRODUCTION NO. 152:**

All DOCUMENTS that IDENTIFY internal or external policies, procedures, or best practices to deter cybersquatting by DOMAIN ID SHIELD since 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152**

No responsive documents.

As to Objections.

Respectfully Submitted,

DATED:  July 23, 2020            LEXANALYTICA, PC

By: _____

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHEILD
SERVICE CO., LIMITED

Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC | Case No. 19-CV-07071-SVK |
| Plaintiffs, | **ONLINENIC, INC.'S FIRST AMEDNED RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED. | |
| Defendants. | |

PROPOUNDING PARTY:        Facebook, Inc. and Instagram, LLC

RESPONDING PARTY:        OnlineNIC, Inc.

SET NO.:        One (1)

Defendant OnlineNIC, Inc. ("OnlineNIC") hereby responds to the Requests for Admission, Set One propounded by Facebook, Inc. and Instagram, LLC (together, the "Plaintiffs") as follows:

PRELIMINARY STATEMENT

A.        The specific responses as set forth below are for the purposes of discovery only and OnlineNIC does not intend to waive, but expressly reserves, any and all objections and may have to the relevance, competence, materiality, admissibility or use at trial of any information,

- 1-

Admitted.

**REQUEST FOR ADMISSION NO. 25:**

Admit that 35.CN has a controlling interest in ONLINENIC.

**RESPONSE TO REQUEST NO. 25**

Denied.

**REQUEST FOR ADMISSION NO. 26:**

Admit that 35.CN has a controlling interest in DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 26**

Denied.

**REQUEST FOR ADMISSION NO. 27:**

Admit that at least one officer of 35.CN is an officer of ONLINENIC.

**RESPONSE TO REQUEST NO. 27**

Denied.

**REQUEST FOR ADMISSION NO. 28:**

Admit that at least one officer of 35.CN is an officer of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 28**

Denied.

**REQUEST FOR ADMISSION NO. 29:**

Admit that at least one employee of 35.CN is an officer of ONLINENIC.

**RESPONSE TO REQUEST NO. 29**

Admitted.

**REQUEST FOR ADMISSION NO. 30:**

Admit that at least one employee of 35.CN is an officer of DOMAIN ID SHIELD.

**RESPONSE TO REQUEST NO. 30**

Denied.

**REQUEST FOR ADMISSION NO. 31:**

Admit that at least on employee of 35.CN is an employee of ONLINENIC.

**RESPONSE TO REQUEST NO. 31**

**RESPONSE TO REQUEST NO. 122**

Denied.

**REQUEST FOR ADMISSION NO. 123:**

Admit that ONLINENIC USES the domain name m-facebook-login.com.

**RESPONSE TO REQUEST NO. 123**

Denied.

**REQUEST FOR ADMISSION NO. 124:**

Admit that ONLINENIC USES the domain name singin-lnstargram.com.

**RESPONSE TO REQUEST NO. 124**

Denied.

**REQUEST FOR ADMISSION NO. 125:**

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name hackingfacebook.net.

**RESPONSE TO REQUEST NO. 125**

Denied.

**REQUEST FOR ADMISSION NO. 126:**

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name facebook-fans-buy.com.

**RESPONSE TO REQUEST NO. 126**

Denied.

**REQUEST FOR ADMISSION NO. 127:**

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name facebook-mails.com.

**RESPONSE TO REQUEST NO. 127**

Denied.

**REQUEST FOR ADMISSION NO. 128:**

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name facebook-pass.com.

**RESPONSE TO REQUEST NO. 128**

Denied.

**REQUEST FOR ADMISSION NO. 129:**

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name facebook-pw.com.

**RESPONSE TO REQUEST NO. 129**

Denied.

**REQUEST FOR ADMISSION NO. 130:**

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name facebookphysician.com.

**RESPONSE TO REQUEST NO. 130**

Denied.

**REQUEST FOR ADMISSION NO. 131:**

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name facebookvideodownload.net.

**RESPONSE TO REQUEST NO. 131**

Denied.

**REQUEST FOR ADMISSION NO. 132:**

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name findfacebookid.com.

**RESPONSE TO REQUEST NO. 132**

Denied.

**REQUEST FOR ADMISSION NO. 133:**

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name hackingfacebook.com.

**RESPONSE TO REQUEST NO. 133**

Denied.

**REQUEST FOR ADMISSION NO. 134:**

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name hacksomeonesfacebook.com.

**RESPONSE TO REQUEST NO. 134**

Denied.

**REQUEST FOR ADMISSION NO. 135:**

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name lamsocialfacebook.net.

**RESPONSE TO REQUEST NO. 135**

Denied.

**REQUEST FOR ADMISSION NO. 136:**

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name trollfacebook.com.

**RESPONSE TO REQUEST NO. 136**

Denied.

**REQUEST FOR ADMISSION NO. 137:**

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name www-facebook-login.com.

**RESPONSE TO REQUEST NO. 137**

Denied.

**REQUEST FOR ADMISSION NO. 138:**

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name www-facebook-pages.com.

**RESPONSE TO REQUEST NO. 138**

Denied.

- 24-

1

**REQUEST FOR ADMISSION NO. 139:**

2

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name

3

buyinstagramfans.com.

4

**RESPONSE TO REQUEST NO. 139**

5

Denied.

6

**REQUEST FOR ADMISSION NO. 140:**

7

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name

8

instaface.com.

9

**RESPONSE TO REQUEST NO. 140**

10

Denied.

11

**REQUEST FOR ADMISSION NO. 141:**

12

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name

13

instagram01.com.

14

**RESPONSE TO REQUEST NO. 141**

15

Denied.

16

**REQUEST FOR ADMISSION NO. 142:**

17

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name

18

iiinstagram.com.

19

**RESPONSE TO REQUEST NO. 142**

20

Denied.

21

**REQUEST FOR ADMISSION NO. 143:**

22

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name login-

23

Instargram.com.

24

**RESPONSE TO REQUEST NO. 143**

25

Denied.

26

27

28

1

**REQUEST FOR ADMISSION NO. 144:**

2

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name m-facebook-

3

login.com.

4

**RESPONSE TO REQUEST NO. 144**

5

Denied.

6

**REQUEST FOR ADMISSION NO. 145:**

7

Admit that DOMAIN ID SHIELD is the REGISTRANT of the domain name singin-

8

lnstargram.com.

9

**RESPONSE TO REQUEST NO. 145**

10

Denied.

11

As to Objections.

12

Respectfully Submitted,

13

DATED:  January 29, 2021          LEXANALYTICA, PC

14

15

By:

16

Attorneys for Defendants

17

ONLINENIC, INC. and DOMAIN ID SHEILD
SERVICE CO., LIMITED

18

19

20

21

22

23

24

25

26

27

28

Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.<br><br>Defendants. | Case No. 19-CV-07071-SVK<br><br>**ONLINENIC, INC.'S FIRST AMENDED RESPONSES TO PLAINTIFF FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES.** |

PROPOUNDING PARTY:        Facebook, Inc.

RESPONDING PARTY:        OnlineNIC, Inc.

SET NO.:        One (1)


        Defendant OnlineNIC, Inc. ("Defendant") hereby responds to the Request for Production of

Documents propounded by Facebook, Inc. ( "Plaintiff") as follows:

PRELIMINARY STATEMENT

        A.        The specific responses as set forth below are for the purposes of discovery only and

OnlineNIC does not intend to waive, but expressly reserves, any and all objections and may have

to the relevance, competence, materiality, admissibility or use at trial of any information,

- 1-

Facebook, Inc. v. OnlineNIC, Inc.                                                        Case No. 19-cv-7071-SVK
OnlineNIC, Inc.'s First Amended Responses to Facebook, Inc.'s Interrogatories  – Set 1

documents or writings produced, identified or referred to herein. All such objections may be made at any time up to and including the time of trial.

B.     The following responses are based on information reasonably available to OnlineNIC as of the date of these responses, and upon documents that are in the possession, custody or control of OnlineNIC. OnlineNIC's investigation and search for documents and things responsive to these requests are ongoing. Pursuant to Federal Rule of Civil Procedure 26, OnlineNIC specifically reserves the right to revise, supplement and/or amend these responses and, if necessary, to assert additional objections arising from further investigation.

C.     By agreement of the parties, the parties do not seek privilege logs for materials covered by the attorney-client privilege or the attorney work product doctrine where such materials arose after the original complaint was filed in this action.

D.     OnlineNIC expressly reserves its right to rely, at any time during trial, upon subsequently discovered information or information omitted from the specific responses set forth below as a result of mistake, oversight, or inadvertence.

E.     Capitalized terms, unless otherwise defined herein, have the same meaning as set forth in Plaintiff's Interrogatories.

**RESPONSES**

**INTERROGATORY NO. 1:**

Explain in detail all facts supporting YOUR contention that ONLINENIC did not directly participate in the REGISTRATION, USE or TRAFFICKING IN of the ACCUSED DOMAIN NAMES as alleged in the complaint and as described in Facebook's discovery responses.

**RESPONSE TO INTERROGATORY NO. 1**

The identity of the person or entity whose name and contact information is/was listed in the WHOIS directory as registrant for the Accused Domain Names during the relevant periods is set forth in Tables 5 and 18 of OnlineNIC's registration database, which has been produced. Table ol_10 and ol_11 and Table15 set forth the "on/off" dates for the privacy service, which will correspond to when DOMAIN ID SHEILD'S name was listed in the public WHOIS registrant field. During those periods that DOMAIN ID SHIELD was listed, it was solely acting as a privacy service (as described in Response to Interrogatory No. 12).

DOMAIN ID SHIELD was never a "registered name holder" as defined in the Registration Accreditation Agreement. According to ICANN: "The registrant, also known as the "Registered Name Holder" is the person or entity that holds the rights to a domain name." https://www.icann.org/resources/pages/faqs-84-2012-02-25-en#4. Nowhere in the ID Shield Service Agreement does it state that DOMAIN ID SHIELD owns or registers any domain; on the contrary, the agreement specifically vests all ownership, rights and control in the customer.

Even if a "registrant" is blindly just deemed to be the person or entity that is merely listed as "registrant" in a public search, what is in the publicly available WHOIS is not the proper place to look to determine the identity of the "registrant" according to ICANN. As a registrar, OnlineNIC maintains the WHOIS database that contains the name of the person or entity that "owns the rights" to the domain. All that DOMAIN ID SHIELD does is that it allows its name to be used in a public search query under which the "registrant" name is replaced – but this does not change the fact that the WHOIS record (which is internal to OnlineNIC, and also sent to escrow

with Iron Mountain) still records the name of the person or entity that "owns the rights" to the domain.

The fact that a person or entity listed in the public WHOIS is not necessarily the party that "holds the rights" to the domain (i.e. the registrant) is obvious from ICANN's own view:

The registrant, also known as the "Registered Name Holder" is the person or entity that holds the rights to a domain name. Check with your registrar to see who the Registrant of record is for your domain name. If you have outsourced a third-party, such as a developer, to help manage your domain name, they may have registered the domain name using their own contact details (even if you have paid them to register and manage the domain name). Therefore, they may be listed as the official Registrant of record for the domain name. You may need to provide proof of your payment to the third-party/developer to prove to your registrar that you are the rightful holder and should be the registrant of the domain name.

https://www.icann.org/resources/pages/faqs-84-2012-02-25-en#4

For all the foregoing reasons, it is also clear that neither Defendant "registered" any of the Accused Domain Names. A party "registers" a domain by submitting an application to a registrar, who then processes the application information and sends it to the correct registry: "The registrar will then keep records of the contact information and submit the technical information to a central directory known as the "registry." https://www.icann.org/resources/pages/faqs-84-2012-02-25-en. Again, based on ICANN's own statements, neither Defendant "registers" anything – that is done by the applicant.  If neither Defendant was the registrant of the Accused Domain Names, and if they did not "register" the domain,  it is obvious that they did not REGISTER the domain as defined by Plaintiffs.  Defendants obtained no monetization revenue from the Accused Domain Names, and they did not TRAFFICK in them. Nor did Defendants USE any of the Accused Domain Names.

**INTERROGATORY NO. 2:**

IDENTIFY all individuals with knowledge concerning the REGISTRATION, TRAFFICKING IN, or USE of the ACCUSED DOMAIN NAMES as alleged in the complaint.

**RESPONSE TO INTERROGATORY NO. 2**

No specific person performing services for Defendant has direct, personal knowledge concerning alleged REGISTARTION, TRAFFICKING or USE of the ACCUSED DOMAINS.

From Defendants previous responses, in any event, Defendants do not engage in REGISTRATION, TRAFFICKING OR USE. Notwithstanding the foregoing, Defendants have prepared two witnesses to address Plaintffs' allegations concerning these matters. Carrie Yu and Leon Freeman will be designated as 30(b)(6) witnesses for Defendant and she will be familiar with Defendants involvement with the ACCUSED DOMAIN NAMES. Their identifying information, to the extent available,  is separately attached and designated as CONFIDENTIAL.

**INTERROGATORY NO. 3:**

Explain in detail all facts supporting YOUR contention that ONLINENIC and DOMAIN ID SHIELD are not *alter egos* of one another.

**RESPONSE TO INTERROGATORY NO. 3**

As discussed above, no Defendant REGISTERED, TRAFFICKED IN, or USED the Accused Domain Names. Accordingly, based on the order in *Facebook, Inc v. Namecheap, Inc*., 2020 U.S. Dist. LEIS 210068,  there are no facts that support the "fraud" prong of establishing an *alter ego*.

**INTERROGATORY NO. 4:**

IDENTIFY all officers of ONLINENIC since 2009, and their business relationship, if any, with 35.CN and DOMAIN ID SHIELD.

**RESPONSE TO INTERROGATORY NO. 4**

Based on records available to Defendant, Carrie Yu, Rex Liu, Zhippo Chen, Shaohui Gong. Their identifying information, to the extent available, is provided separately and is designated as CONFIDENTIAL.  Carrie Yu is an officer of OnlineNIC and an employee of 35.CN. Liu is a local representative and employee of OnlineNIC, and has no business relationship with 35.  Chen has no business relationship with 35.CN, and is a shareholder of OnlineNIC. Gong is a former officer of 35.CN, and he has no business relationship with OnlineNIC.

**INTERROGATORY NO. 5:**

IDENTIFY all shareholders and owners of ONLINENIC since 2009, and their business relationship, if any, with 35.CN and DOMAIN ID SHIELD.

**RESPONSE TO INTERROGATORY NO. 5**

Zhippo Chen and Shaohui Gong. Chen has no business relationship with 35.CN or DOMAIN ID SHIELD. Shaohui Gong is a shareholder in 35 and has no business relationship with DOMAIN ID SHIELD. Their identifying information, to the extent available, is provided separately and is designated as CONFIDENTIAL.

**INTERROGATORY NO. 6:**

IDENTIFY all directors of ONLINENIC since 2009, and their business relationship, if any, with 35.CN and DOMAIN ID SHIELD.

**RESPONSE TO INTERROGATORY NO. 6**

Based on records available to OnlineNIC, Carrie Yu. Defendant will seek to obtain records from the Secretary of State to determine additional information. Her identifying information, to the extent available, is provided separately and is designated as CONFIDENTIAL.

**INTERROGATORY NO. 7:**

IDENTIFY all employees of ONLINENIC since 2009, and their business relationship, if any, with 35.CN and DOMAIN ID SHIELD.

**RESPONSE TO INTERROGATORY NO. 7**

Rex Liu and Minghe Wang. In addition, Carrie Yu acts as VP, Business Development, and Zhippo Chen is the President. Their identifying information, to the extent available, is provided separately and is designated as CONFIDENTIAL.

**INTERROGATORY NO. 8:**

IDENTIFY all independent contractors, including technical support staff, of ONLINENIC since 2009, and their business relationship, if any, with 35.CN and DOMAIN ID SHIELD.

**RESPONSE TO INTERROGATORY NO. 8**

35.CN.

**INTERROGATORY NO. 9:**

Describe the business, corporate, working or other relationship between ONLINENIC and 35.CN, including the services which 35.CN performs for or on behalf of ONLINENIC, and any monetary payment which 35.CN receives for those services.

**RESPONSE TO INTERROGATORY NO. 9**

35.CN provides facilities and services to OnlineNIC pursuant to the Outsourcing Agreement dated Jan. 1, 2014 (ONLINENIC 266918). In addition to the services listed therein, as part of the Outsourcing Agreement, 35.CN provides an office for OnlineNIC in a building where 35.CN has separate offices.

**INTERROGATORY NO. 10:**

Describe the business, corporate, working or other relationship between ONLINENIC and DOMAIN ID SHIELD, including the services which ONLINENIC performs for or on behalf of DOMAIN ID SHIELD, and any monetary payment which ONLINENIC receives for those services.

**RESPONSE TO INTERROGATORY NO. 10**

DOMAIN ID SHIELD provides privacy services for persons who use the registration services of OnlineNIC. OnlineNIC controls Domain ID Shield and runs its operations and pays its expenses. OnlineNIC runs the Domain ID Shield website and pays administrative expenses such as corporate fees and virtual office fees and provides technical support. Domain ID Shield charges $1 per year for each privacy subscription, which fees are paid to Defendant and which are used to defray costs.

**INTERROGATORY NO. 11:**

Explain in detail all facts supporting your denial of Request For Admission No. 83 that "ONLINENIC profits from services provided by DOMAIN ID SHIELD."

**RESPONSE TO INTERROGATORY NO. 11**

The fees obtained by OnlineNIC through Domain ID Shield are not sufficient to cover expenses of Domain ID Shield.

**INTERROGATORY NO. 12:**

Explain in detail how YOU ensure that YOU and YOUR resellers comply with YOUR obligations under 3.12 of the RAA, including IDENTIFYING the individuals responsible for that compliance, and describing any standard operating procedures, training, documentation or other information used by ONLINENIC to comply with YOUR obligations under the RAA.

**RESPONSE TO INTERROGATORY NO. 12**

**INTERROGATORY NO. 15:**

Explain in detail any investigation, analysis, findings, and conclusion by ONLINENIC as to whether the registration and use of the ACCUSED DOMAIN NAMES constituted DOMAIN NAME ABUSE.

**RESPONSE TO INTERROGATORY NO. 15**

OnlineNIC worked with its counsel to investigate the DOMAIN NAME ABUSE after it received notice of this lawsuit. This information is protected by the attorney-client and work product privileges.  The parties have agreed that they do not seek such materials in discovery.

**INTERROGATORY NO. 16:**

Explain in detail what services other than registering domain names YOU perform, including but not limited to hosting services, pay-per-click pages and cloud services.

**RESPONSE TO INTERROGATORY NO. 16**

OnlineNIC provides: (a) shared hosting i.e. hosting of third party websites on a common server; (b) cloud services, similar to AWS cloud computing, (c) SSL Certificates i.e. resale of SSL certificates, (d) building websites based on templates; (e) enterprise email solutions, including installing and configuring email systems for enterprises and email services for hosted domains, (f) domain monetization i.e. OnlineNIC will identify monetization services and share revenue with a registrant.

**INTERROGATORY NO. 17:**

Describe in detail YOUR corporate structure, including but not limited to parent entities, subsidiaries, affiliates and affiliated registrars.

**RESPONSE TO INTERROGATORY NO. 17**

OnlineNIC is a California corporation.  It controls one entity, Domain ID Shield. OnlineNIC has no parent.

**INTERROGATORY NO. 18:**

Explain in detail what records have been put in escrow as to YOUR customers, resellers, and licensees who were involved in the REGISTRATION or USE of the ACCUSED DOMAIN NAMES.

1    As to Objections.

2                                              Respectfully Submitted,

3    DATED:  February 1, 2021                  LEXANALYTICA, PC

4

5                                              By:

6

7                                              Attorneys for Defendants
                                               ONLINENIC, INC. and DOMAIN ID SHEILD
                                               SERVICE CO., LIMITED

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800


Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.<br><br>Defendants. | Case No. 19-CV-07071-SVK<br><br>**ONLINENIC, INC.'S RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTY:        Facebook, Inc. and Instagram, LLC

RESPONDING PARTY:         OnlineNIC, Inc.

SET NO.:                  Three (3)


        Defendant OnlineNIC, Inc. ("OnlineNIC") hereby responds to the Requests for Admission,

Set Three propounded by Facebook, Inc. and Instagram, LLC (together, the "Plaintiffs") as

follows:

### PRELIMINARY STATEMENT

        A.        The specific responses as set forth below are for the purposes of discovery only and

OnlineNIC does not intend to waive, but expressly reserves, any and all objections and may have

- 1-

to the relevance, competence, materiality, admissibility or use at trial of any information, documents or writings produced, identified or referred to herein. All such objections may be made at any time up to and including the time of trial.

B.    The following responses are based on information reasonably available to OnlineNIC as of the date of these responses, and upon documents that are in the possession, custody or control of OnlineNIC. OnlineNIC has conducted a diligent search and believes that the document production is substantially complete, except where expressly noted herein. However, due to its limited resources and current pandemic conditions, OnlineNIC's investigation and search for documents and things responsive to these requests are ongoing. Pursuant to Federal Rule of Civil Procedure 26, OnlineNIC specifically reserves the right to revise, supplement and/or amend these responses and, if necessary, to assert additional objections arising from further investigation.

C.    OnlineNIC expressly reserves its right to rely, at any time during trial, upon subsequently discovered information or information omitted from the specific responses set forth below as a result of mistake, oversight, or inadvertence.

D.    OnlineNIC objects to each and every request to the extent that it seeks information that may be prohibited from disclosure under the General Data Protection Regulation, and OnlineNIC reserves the right to "claw-back" such information if it determines that such "claw-back" is required by applicable law.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 316:**

Admit that FACEBOOK sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name face2bouk.com.

**RESPONSE TO REQUEST NO. 316**

Denied.  Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 317:**

Admit that FACEBOOK sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name facebook-alkalmazasok.net.

**RESPONSE TO REQUEST NO. 317**

Denied. Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 318:**

Admit that FACEBOOK sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name facebook-chat-emoticons.com.

**RESPONSE TO REQUEST NO. 318**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 319:**

Admit that FACEBOOK sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name facebook-login-signup.com.

**RESPONSE TO REQUEST NO. 319**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 320:**

Admit that FACEBOOK sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name facebux2.com.

**RESPONSE TO REQUEST NO. 320**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from

- 3 -

ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 321:**

Admit that FACEBOOK sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name facekhook.com.

**RESPONSE TO REQUEST NO. 321**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 322:**

Admit that FACEBOOK sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name facessbook.com.

**RESPONSE TO REQUEST NO. 322**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 323:**

Admit that FACEBOOK sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name faecb00k-page.com.

**RESPONSE TO REQUEST NO. 323**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 324:**

Admit that FACEBOOK sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name faecbook-page.com.

**RESPONSE TO REQUEST NO. 324**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from

- 4 -

ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 325:**

Admit that FACEBOOK sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name hackfacebook-now.com.

**RESPONSE TO REQUEST NO. 325**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 326:**

Admit that INSTAGRAM sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name instakram.com.

**RESPONSE TO REQUEST NO. 326**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 327:**

Admit that FACEBOOK sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name learntohackfacebook.com.

**RESPONSE TO REQUEST NO. 327**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 328:**

Admit that FACEBOOK sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name ofacebooklogin.com.

**RESPONSE TO REQUEST NO. 328**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from

- 5 -

ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 329:**

Admit that FACEBOOK sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name watch-facebook.com.

**RESPONSE TO REQUEST NO. 329**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 330:**

Admit that INSTAGRAM sent ONLINENIC a notice containing reasonable evidence of actionable harm related to the domain name www-instagram.net.

**RESPONSE TO REQUEST NO. 330**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 331:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name buyinstagramfans.com within seven days after receiving notice from INSTAGRAM containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 331**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 332:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name face2bouk.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

1  **RESPONSE TO REQUEST NO. 332**

2      Denied. Among other things, any notices that were sent were sent from email addresses and

3  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

4  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

5  **REQUEST FOR ADMISSION NO. 333:**

6      Admit that ONLINENIC did not disclose the then-current contact information provided by

7  the licensee for the domain name facebook-alkalmazasok.net within seven days after receiving

8  notice from FACEBOOK containing reasonable evidence of actionable harm regarding that

9  domain name.

10  **RESPONSE TO REQUEST NO. 333**

11      Denied. Among other things, any notices that were sent were sent from email addresses and

12  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

13  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

14  **REQUEST FOR ADMISSION NO. 334:**

15      Admit that ONLINENIC did not disclose the then-current contact information provided by

16  the licensee for the domain name facebook-chat-emoticons.com within seven days after receiving

17  notice from FACEBOOK containing reasonable evidence of actionable harm regarding that

18  domain name.

19  **RESPONSE TO REQUEST NO. 334**

20      Denied. Among other things, any notices that were sent were sent from email addresses and

21  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

22  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

23  **REQUEST FOR ADMISSION NO. 335:**

24      Admit that ONLINENIC did not disclose the then-current contact information provided by

25  the licensee for the domain name facebook-fans-buy.com within seven days after receiving notice

26  from FACEBOOK containing reasonable evidence of actionable harm regarding that domain

27  name.

28

1    **RESPONSE TO REQUEST NO. 335**

2         Denied. Among other things, any notices that were sent were sent from email addresses and

3    parties which were not verified, and FACEBOOK failed to respond to numerous replies from

4    ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

5    **REQUEST FOR ADMISSION NO. 336:**

6         Admit that ONLINENIC did not disclose the then-current contact information provided by

7    the licensee for the domain name facebook-login-signup.com within seven days after receiving

8    notice from FACEBOOK containing reasonable evidence of actionable harm regarding that

9    domain name.

10    **RESPONSE TO REQUEST NO. 336**

11         Denied. Among other things, any notices that were sent were sent from email addresses and

12    parties which were not verified, and FACEBOOK failed to respond to numerous replies from

13    ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

14    **REQUEST FOR ADMISSION NO. 337:**

15         Admit that ONLINENIC did not disclose the then-current contact information provided by

16    the licensee for the domain name facebook-mails.com within seven days after receiving notice

17    from FACEBOOK containing reasonable evidence of actionable harm regarding that domain

18    name.

19    **RESPONSE TO REQUEST NO. 337**

20         Denied. Among other things, any notices that were sent were sent from email addresses and

21    parties which were not verified, and FACEBOOK failed to respond to numerous replies from

22    ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

23    **REQUEST FOR ADMISSION NO. 338:**

24         Admit that ONLINENIC did not disclose the then-current contact information provided by

25    the licensee for the domain name facebook-pass.com within seven days after receiving notice from

26    FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

27    **RESPONSE TO REQUEST NO. 338**

28         Denied. Among other things, any notices that were sent were sent from email addresses and

parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 339:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name facebookphysician.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 339**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 340:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name facebook-pw.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 340**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 341:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name facebookvideodownload.net within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 341**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

1    **REQUEST FOR ADMISSION NO. 342:**

2         Admit that ONLINENIC did not disclose the then-current contact information provided by

3    the licensee for the domain name facebux2.com within seven days after receiving notice from

4    FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

5    **RESPONSE TO REQUEST NO. 342**

6         Denied. Among other things, any notices that were sent were sent from email addresses and

7    parties which were not verified, and FACEBOOK failed to respond to numerous replies from

8    ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

9    **REQUEST FOR ADMISSION NO. 343:**

10        Admit that ONLINENIC did not disclose the then-current contact information provided by

11   the licensee for the domain name facekhook.com within seven days after receiving notice from

12   FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

13   **RESPONSE TO REQUEST NO. 343**

14        Denied. Among other things, any notices that were sent were sent from email addresses and

15   parties which were not verified, and FACEBOOK failed to respond to numerous replies from

16   ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

17   **REQUEST FOR ADMISSION NO. 344:**

18        Admit that ONLINENIC did not disclose the then-current contact information provided by

19   the licensee for the domain name facessbook.com within seven days after receiving notice from

20   FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

21   **RESPONSE TO REQUEST NO. 344**

22        Denied. Among other things, any notices that were sent were sent from email addresses and

23   parties which were not verified, and FACEBOOK failed to respond to numerous replies from

24   ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

25   **REQUEST FOR ADMISSION NO. 345:**

26        Admit that ONLINENIC did not disclose the then-current contact information provided by

27   the licensee for the domain name faecb00k-page.com within seven days after receiving notice from

28   FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 345**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 346:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name faecbook-page.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 346**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 347:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name findfacebookid.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 347**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 348:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name hackfacebook-now.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 348**

Denied. Among other things, any notices that were sent were sent from email addresses and

parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 349:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name hackingfacebook.net within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 349:**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 350:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name hacksomeonesfacebook.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 350**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 11:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name iiinstagram.com within seven days after receiving notice from INSTAGRAM containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 351**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

1  **REQUEST FOR ADMISSION NO. 352:**

2      Admit that ONLINENIC did not disclose the then-current contact information provided by

3  the licensee for the domain name instaface.org within seven days after receiving notice from

4  INSTAGRAM containing reasonable evidence of actionable harm regarding that domain name.

5  **RESPONSE TO REQUEST NO. 352**

6      Denied. Among other things, any notices that were sent were sent from email addresses and

7  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

8  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

9  **REQUEST FOR ADMISSION NO. 353:**

10      Admit that ONLINENIC did not disclose the then-current contact information provided by

11  the licensee for the domain name instagram01.com within seven days after receiving notice from

12  INSTAGRAM containing reasonable evidence of actionable harm regarding that domain name.

13  **RESPONSE TO REQUEST NO. 353**

14      Denied. Among other things, any notices that were sent were sent from email addresses and

15  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

16  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

17  **REQUEST FOR ADMISSION NO. 354:**

18      Admit that ONLINENIC did not disclose the then-current contact information provided by

19  the licensee for the domain name instakram.com within seven days after receiving notice from

20  INSTAGRAM containing reasonable evidence of actionable harm regarding that domain name.

21  **RESPONSE TO REQUEST NO. 354**

22      Denied. Among other things, any notices that were sent were sent from email addresses and

23  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

24  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

25  **REQUEST FOR ADMISSION NO. 355:**

26      Admit that ONLINENIC did not disclose the then-current contact information provided by

27  the licensee for the domain name lamsocialfacebook.net within seven days after receiving notice

28

from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 355**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 356:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name learntohackfacebook.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 356:**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 357:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name login-lnstargram.com within seven days after receiving notice from INSTAGRAM containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 357**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 358:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name m-facebook-login.com within seven days after receiving notice

from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 358**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 359:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name ofacebooklogin.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 359**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 360:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name singin-lnstargram.com within seven days after receiving notice from INSTAGRAM containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 360**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 361:**

Admit that ONLINENIC did not disclose the then-current contact information provided by the licensee for the domain name trollfacebook.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

1  **RESPONSE TO REQUEST NO. 361**

2      Denied. Among other things, any notices that were sent were sent from email addresses and

3  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

4  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

5  **REQUEST FOR ADMISSION NO. 362:**

6      Admit that ONLINENIC did not disclose the then-current contact information provided by

7  the licensee for the domain name watch-facebook.com within seven days after receiving notice

8  from FACEBOOK containing reasonable evidence of actionable harm regarding that domain

9  name.

10  **RESPONSE TO REQUEST NO. 362**

11      Denied. Among other things, any notices that were sent were sent from email addresses and

12  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

13  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

14  **REQUEST FOR ADMISSION NO. 363:**

15      Admit that ONLINENIC did not disclose the then-current contact information provided by

16  the licensee for the domain name www-facebook-login.com within seven days after receiving

17  notice from FACEBOOK containing reasonable evidence of actionable harm regarding that

18  domain name.

19  **RESPONSE TO REQUEST NO. 363**

20      Denied. Among other things, any notices that were sent were sent from email addresses and

21  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

22  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

23  **REQUEST FOR ADMISSION NO. 364:**

24      Admit that ONLINENIC did not disclose the then-current contact information provided by

25  the licensee for the domain name www-facebook-pages.com within seven days after receiving

26  notice from FACEBOOK containing reasonable evidence of actionable harm regarding that

27  domain name.

28

1    **RESPONSE TO REQUEST NO. 364**

2    Denied. Among other things, any notices that were sent were sent from email addresses and

3    parties which were not verified, and FACEBOOK failed to respond to numerous replies from

4    ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

5    **REQUEST FOR ADMISSION NO. 365:**

6    Admit that ONLINENIC did not disclose the then-current contact information provided by

7    the licensee for the domain name www-instagram.net within seven days after receiving notice

8    from INSTAGRAM containing reasonable evidence of actionable harm regarding that domain

9    name.

10   **RESPONSE TO REQUEST NO. 365**

11   Denied. Among other things, any notices that were sent were sent from email addresses and

12   parties which were not verified, and FACEBOOK failed to respond to numerous replies from

13   ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

14   **REQUEST FOR ADMISSION NO. 366:**

15   Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

16   domain name buyinstagramfans.com within seven days after receiving notice from INSTAGRAM

17   containing reasonable evidence of actionable harm regarding that domain name.

18   **RESPONSE TO REQUEST NO. 366**

19   Denied. Among other things, any notices that were sent were sent from email addresses and

20   parties which were not verified, and FACEBOOK failed to respond to numerous replies from

21   ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

22   **REQUEST FOR ADMISSION NO. 367:**

23   Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

24   domain name face2bouk.com within seven days after receiving notice from FACEBOOK

25   containing reasonable evidence of actionable harm regarding that domain name.

26   **RESPONSE TO REQUEST NO. 367**

27   Denied. Among other things, any notices that were sent were sent from email addresses and

28   parties which were not verified, and FACEBOOK failed to respond to numerous replies from

1   ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

2   **REQUEST FOR ADMISSION NO. 368:**

3   Admit that ONLINENIC did not disclose the then-current identity of the licensee for the
4   domain name facebook-alkalmazasok.net within seven days after receiving notice from
5   FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

6   **RESPONSE TO REQUEST NO. 368**

7   Denied. Among other things, any notices that were sent were sent from email addresses and
8   parties which were not verified, and FACEBOOK failed to respond to numerous replies from
9   ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

10  **REQUEST FOR ADMISSION NO. 369:**

11  Admit that ONLINENIC did not disclose the then-current identity of the licensee for the
12  domain name facebook-chat-emoticons.com within seven days after receiving notice from
13  FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

14  **RESPONSE TO REQUEST NO. 369**

15  Denied. Among other things, any notices that were sent were sent from email addresses and
16  parties which were not verified, and FACEBOOK failed to respond to numerous replies from
17  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

18  **REQUEST FOR ADMISSION NO. 370:**

19  Admit that ONLINENIC did not disclose the then-current identity of the licensee for the
20  domain name facebook-fans-buy.com within seven days after receiving notice from FACEBOOK
21  containing reasonable evidence of actionable harm regarding that domain name.

22  **RESPONSE TO REQUEST NO. 370**

23  Denied. Among other things, any notices that were sent were sent from email addresses and
24  parties which were not verified, and FACEBOOK failed to respond to numerous replies from
25  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

26  **REQUEST FOR ADMISSION NO. 371:**

27  Admit that ONLINENIC did not disclose the then-current identity of the licensee for the
28  domain name facebook-login-signup.com within seven days after receiving notice from

- 18-

FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 371**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 372:**

Admit that ONLINENIC did not disclose the then-current identity of the licensee for the domain name facebook-mails.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 372**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 373:**

Admit that ONLINENIC did not disclose the then-current identity of the licensee for the domain name facebook-pass.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 373**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 374:**

Admit that ONLINENIC did not disclose the then-current identity of the licensee for the domain name facebookphysician.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 374**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from

1    ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

2    **REQUEST FOR ADMISSION NO. 375:**

3        Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

4    domain name facebook-pw.com within seven days after receiving notice from FACEBOOK

5    containing reasonable evidence of actionable harm regarding that domain name.

6    **RESPONSE TO REQUEST NO. 375**

7        Denied. Among other things, any notices that were sent were sent from email addresses and

8    parties which were not verified, and FACEBOOK failed to respond to numerous replies from

9    ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

10   **REQUEST FOR ADMISSION NO. 376:**

11       Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

12   domain name facebookvideodownload.net within seven days after receiving notice from

13   FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

14   **RESPONSE TO REQUEST NO. 376**

15       Denied. Among other things, any notices that were sent were sent from email addresses and

16   parties which were not verified, and FACEBOOK failed to respond to numerous replies from

17   ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

18   **REQUEST FOR ADMISSION NO. 377:**

19       Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

20   domain name facebux2.com within seven days after receiving notice from FACEBOOK

21   containing reasonable evidence of actionable harm regarding that domain name.

22   **RESPONSE TO REQUEST NO. 377**

23       Denied. Among other things, any notices that were sent were sent from email addresses and

24   parties which were not verified, and FACEBOOK failed to respond to numerous replies from

25   ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

26

27

28

1    **REQUEST FOR ADMISSION NO. 378:**

2    Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

3    domain name facekhook.com within seven days after receiving notice from FACEBOOK

4    containing reasonable evidence of actionable harm regarding that domain name.

5    **RESPONSE TO REQUEST NO. 378**

6    Denied. Among other things, any notices that were sent were sent from email addresses and

7    parties which were not verified, and FACEBOOK failed to respond to numerous replies from

8    ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

9    **REQUEST FOR ADMISSION NO. 379:**

10    Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

11    domain name facessbook.com within seven days after receiving notice from FACEBOOK

12    containing reasonable evidence of actionable harm regarding that domain name.

13    **RESPONSE TO REQUEST NO. 379**

14    Denied. Among other things, any notices that were sent were sent from email addresses and

15    parties which were not verified, and FACEBOOK failed to respond to numerous replies from

16    ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

17    **REQUEST FOR ADMISSION NO. 380:**

18    Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

19    domain name faecb00k-page.com within seven days after receiving notice from FACEBOOK

20    containing reasonable evidence of actionable harm regarding that domain name.

21    **RESPONSE TO REQUEST NO. 380**

22    Denied. Among other things, any notices that were sent were sent from email addresses and

23    parties which were not verified, and FACEBOOK failed to respond to numerous replies from

24    ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

25    **REQUEST FOR ADMISSION NO. 381:**

26    Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

27    domain name faecbook-page.com within seven days after receiving notice from FACEBOOK

28    containing reasonable evidence of actionable harm regarding that domain name.

1  **RESPONSE TO REQUEST NO. 381**

2  Denied. Among other things, any notices that were sent were sent from email addresses and

3  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

4  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

5  **REQUEST FOR ADMISSION NO. 382:**

6  Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

7  domain name findfacebookid.com within seven days after receiving notice from FACEBOOK

8  containing reasonable evidence of actionable harm regarding that domain name.

9  **RESPONSE TO REQUEST NO. 382**

10  Denied. Among other things, any notices that were sent were sent from email addresses and

11  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

12  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

13  **REQUEST FOR ADMISSION NO. 383:**

14  Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

15  domain name hackfacebook-now.com within seven days after receiving notice from FACEBOOK

16  containing reasonable evidence of actionable harm regarding that domain name.

17  **RESPONSE TO REQUEST NO. 383**

18  Denied. Among other things, any notices that were sent were sent from email addresses and

19  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

20  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

21  **REQUEST FOR ADMISSION NO. 384:**

22  Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

23  domain name hackingfacebook.net within seven days after receiving notice from FACEBOOK

24  containing reasonable evidence of actionable harm regarding that domain name.

25  **RESPONSE TO REQUEST NO. 384**

26  Denied. Among other things, any notices that were sent were sent from email addresses and

27  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

28  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

- 22-

Facebook, Inc. v. OnlineNIC, Inc.                                         Case No. 19-cv-7071-SVK
OnlineNIC, Inc.'s Responses to Plaintiffs' Requests for Admission – Set 3

1    **REQUEST FOR ADMISSION NO. 385:**

2    Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

3    domain name hacksomeonesfacebook.com within seven days after receiving notice from

4    FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

5    **RESPONSE TO REQUEST NO. 385**

6    Denied. Among other things, any notices that were sent were sent from email addresses and

7    parties which were not verified, and FACEBOOK failed to respond to numerous replies from

8    ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

9    **REQUEST FOR ADMISSION NO. 386:**

10   Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

11   domain name iiinstagram.com within seven days after receiving notice from INSTAGRAM

12   containing reasonable evidence of actionable harm regarding that domain name.

13   **RESPONSE TO REQUEST NO. 386**

14   Denied. Among other things, any notices that were sent were sent from email addresses and

15   parties which were not verified, and FACEBOOK failed to respond to numerous replies from

16   ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

17   **REQUEST FOR ADMISSION NO. 387:**

18   Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

19   domain name instaface.org within seven days after receiving notice from INSTAGRAM

20   containing reasonable evidence of actionable harm regarding that domain name.

21   **RESPONSE TO REQUEST NO. 387**

22   Denied. Among other things, any notices that were sent were sent from email addresses and

23   parties which were not verified, and FACEBOOK failed to respond to numerous replies from

24   ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

25   **REQUEST FOR ADMISSION NO. 388:**

26   Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

27   domain name instagram01.com within seven days after receiving notice from INSTAGRAM

28   containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 388**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 389:**

Admit that ONLINENIC did not disclose the then-current identity of the licensee for the domain name instakram.com within seven days after receiving notice from INSTAGRAM containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 389**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 390:**

Admit that ONLINENIC did not disclose the then-current identity of the licensee for the domain name lamsocialfacebook.net within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 390**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 391:**

Admit that ONLINENIC did not disclose the then-current identity of the licensee for the domain name learntohackfacebook.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 391**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 392:**

Admit that ONLINENIC did not disclose the then-current identity of the licensee for the domain name login-lnstargram.com within seven days after receiving notice from INSTAGRAM containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 392**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 393:**

Admit that ONLINENIC did not disclose the then-current identity of the licensee for the domain name m-facebook-login.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 393**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 394:**

Admit that ONLINENIC did not disclose the then-current identity of the licensee for the domain name ofacebooklogin.com within seven days after receiving notice from FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

**RESPONSE TO REQUEST NO. 394**

Denied. Among other things, any notices that were sent were sent from email addresses and parties which were not verified, and FACEBOOK failed to respond to numerous replies from ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

**REQUEST FOR ADMISSION NO. 395:**

Admit that ONLINENIC did not disclose the then-current identity of the licensee for the domain name singin-lnstargram.com within seven days after receiving notice from INSTAGRAM containing reasonable evidence of actionable harm regarding that domain name.

1  **RESPONSE TO REQUEST NO. 395**

2  　　Denied. Among other things, any notices that were sent were sent from email addresses and

3  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

4  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

5  **REQUEST FOR ADMISSION NO. 396:**

6  　　Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

7  domain name trollfacebook.com within seven days after receiving notice from FACEBOOK

8  containing reasonable evidence of actionable harm regarding that domain name.

9  **RESPONSE TO REQUEST NO. 396**

10  　　Denied. Among other things, any notices that were sent were sent from email addresses and

11  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

12  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

13  **REQUEST FOR ADMISSION NO. 397:**

14  　　Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

15  domain name watch-facebook.com within seven days after receiving notice from FACEBOOK

16  containing reasonable evidence of actionable harm regarding that domain name.

17  **RESPONSE TO REQUEST NO. 397**

18  　　Denied. Among other things, any notices that were sent were sent from email addresses and

19  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

20  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

21  **REQUEST FOR ADMISSION NO. 398:**

22  　　Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

23  domain name www-facebook-login.com within seven days after receiving notice from

24  FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

25  **RESPONSE TO REQUEST NO. 398**

26  　　Denied. Among other things, any notices that were sent were sent from email addresses and

27  parties which were not verified, and FACEBOOK failed to respond to numerous replies from

28  ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

1    **REQUEST FOR ADMISSION NO. 399:**

2    Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

3    domain name www-facebook-pages.com within seven days after receiving notice from

4    FACEBOOK containing reasonable evidence of actionable harm regarding that domain name.

5    **RESPONSE TO REQUEST NO. 399**

6    Denied. Among other things, any notices that were sent were sent from email addresses and

7    parties which were not verified, and FACEBOOK failed to respond to numerous replies from

8    ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

9    **REQUEST FOR ADMISSION NO. 400:**

10    Admit that ONLINENIC did not disclose the then-current identity of the licensee for the

11    domain name www-instagram.net within seven days after receiving notice from INSTAGRAM

12    containing reasonable evidence of actionable harm regarding that domain name.

13    **RESPONSE TO REQUEST NO. 400**

14    Denied. Among other things, any notices that were sent were sent from email addresses and

15    parties which were not verified, and FACEBOOK failed to respond to numerous replies from

16    ONLINENIC – leading ONLINENIC to believe that the notices were spam or phishing emails.

17    **REQUEST FOR ADMISSION NO. 401:**

18    Admit that when face2bouk.com was registered using ONLINENIC as the Registrar, the

19    contact information of DOMAIN ID SHIELD was displayed in the WHOIS directory rather than

20    the contact information of the customer of ONLINENIC, the customer of DOMAIN ID SHIELD,

21    or another party.

22    **RESPONSE TO REQUEST NO. 401**

23    Admitted.

24    **REQUEST FOR ADMISSION NO. 402:**

25    Admit that when facebook-alkalmazasok.net was registered using ONLINENIC as the

26    Registrar, the contact information of DOMAIN ID SHIELD was displayed in the WHOIS

27    directory rather than the contact information of the customer of ONLINENIC, the customer of

28    DOMAIN ID SHIELD, or another party.

1   **REQUEST FOR ADMISSION NO. 496:**

2        Admit that the WHOIS information contained in Exhibit 32 (Bates Number FB0024991) is

3   true and accurate.

4   **RESPONSE TO REQUEST NO. 496**

5        Denied on the grounds that "registrant" as used in WHOIS is vague and ambiguous.

6   **REQUEST FOR ADMISSION NO. 497:**

7        Admit that the WHOIS information contained in Exhibit 33 (Bates Number FB0000150) is

8   true and accurate.

9   **RESPONSE TO REQUEST NO. 497**

10        Denied on the grounds that "registrant" as used in WHOIS is vague and ambiguous.

11  **REQUEST FOR ADMISSION NO. 498:**

12        Admit that the WHOIS information contained in Exhibit 34 (Bates Number FB0000151) is

13  true and accurate.

14  **RESPONSE TO REQUEST NO. 498**

15        Denied on the grounds that "registrant" as used in WHOIS is vague and ambiguous.

16  **REQUEST FOR ADMISSION NO. 499:**

17        Admit that the WHOIS information contained in Exhibit 35 (Bates Number FB0024994) is

18  true and accurate.

19  **RESPONSE TO REQUEST NO. 499**

20        Denied on the grounds that "registrant" as used in WHOIS is vague and ambiguous.

21  As to Objections.

22

23                                              Respectfully Submitted,

24  DATED:  June 10, 2021                        LEXANALYTICA, PC

25                                              By: _____

26

27                                              Attorneys for Defendants
                                                ONLINENIC, INC. and DOMAIN ID SHEILD
                                                SERVICE CO., LIMITED
28

- 46-

Facebook, Inc. v. OnlineNIC, Inc.                                    Case No. 19-cv-7071-SVK
OnlineNIC, Inc.'s Responses to Plaintiffs' Requests for Admission – Set 3

Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800


Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC | Case No. 19-CV-07071-SVK |
| Plaintiffs, | **ONLINENIC, INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF REQUESTS FOR ADMISSION** |
| v. | |
| ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED. | |
| Defendants. | |

PROPOUNDING PARTY:          Facebook, Inc. and Instagram, LLC

RESPONDING PARTY:          OnlineNIC, Inc.

SET NO.:          Four (4)


        Defendant OnlineNIC, Inc. ("OnlineNIC") hereby responds to the Requests for Admission,

Set Three propounded by Facebook, Inc. and Instagram, LLC (together, the "Plaintiffs") as

follows:

PRELIMINARY STATEMENT

        A.     The specific responses as set forth below are for the purposes of discovery only and

OnlineNIC does not intend to waive, but expressly reserves, any and all objections and may have

- 1-

**RESPONSE TO REQUEST NO. 534**

Admitted.

As to Objections.

Respectfully Submitted,

DATED: June 10, 2021                    LEXANALYTICA, PC

By: _____

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHEILD
SERVICE CO., LIMITED

Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800


Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

FACEBOOK, INC. and INSTAGRAM,
LLC

              Plaintiffs,

    v.

ONLINENIC, INC. and DOMAIN ID
SHIELD SERVICE CO., LIMITED.

        Defendants.

Case No. 19-CV-07071-SVK

**ONLINENIC, INC.'S RESPONSES
TO PLAINTIFFS' FIFTH SET OF
REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS.**

PROPOUNDING PARTY:      Facebook, Inc. and Instagram, LLC

RESPONDING PARTY:        OnlineNIC, Inc.

SET NO.:                    Five (5)


      Defendant OnlineNIC, Inc. ("OnlineNIC") hereby responds to the Requests for Production of Documents and Things, Set Five propounded by Facebook, Inc. and Instagram, LLC (together, the "Plaintiffs") as follows:

PRELIMINARY STATEMENT

      A.     The specific responses as set forth below are for the purposes of discovery only and OnlineNIC does not intend to waive, but expressly reserves, any and all objections and may have

1   this Request to the extent that it calls for information protected by the attorney-client privilege or
2   work product immunity – Defendant will not be producing such information.  Defendant objects to
3   this Request as vague, overbroad and unduly burdensome, as it seeks "all DOCUMENTS relating
4   to any communications."   Defendant objects to this Request as duplicative of other requests and
5   thus served for the purpose of harassment and oppression.

6           Subject to the General and Specific Objections above, Defendant responds: Defendant will
7   produce any responsive, relevant, non-privileged documents after conducting a reasonable search
8   by June 18, 2021, to the extent not already produced.

9   **REQUEST FOR PRODUCTION NO. 286:**

10          All DOCUMENTS relating to any communications between YOU and any PERSON(S)
11  acting on behalf of "customer ID 612745."

12  **RESPONSE TO REQUEST NO. 286:**

13          Defendant objects to this Request as not being limited in time or scope, and thus seeks
14  information that is not relevant to any claim or issue in this litigation.  Defendant further objects to
15  this Request to the extent that it calls for information protected by the attorney-client privilege or
16  work product immunity – Defendant will not be producing such information.  Defendant objects to
17  this Request as vague, overbroad and unduly burdensome, as it seeks "all DOCUMENTS relating
18  to any communications."   Defendant objects to this Request as duplicative of other requests and
19  thus served for the purpose of harassment and oppression.

20          Subject to the General and Specific Objections above, Defendant responds: Defendant will
21  produce any responsive, relevant, non-privileged documents after conducting a reasonable search
22  by June 18, 2021, to the extent not already produced.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1    As to Objections.

2                                            Respectfully Submitted,

3    DATED:  June 10, 2021                   LEXANALYTICA, PC

4

5                                            By:

6

7                                            Attorneys for Defendants
                                             ONLINENIC, INC. and DOMAIN ID SHEILD
                                             SERVICE CO., LIMITED

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA 94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants
ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE
CO., LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ONLINENIC, INC. and DOMAIN ID SHIELD SERVICE CO., LIMITED.<br><br>Defendants. | Case No. 19-CV-07071-SVK<br><br>**RESPONSES OF ONLINENIC, INC. TO PLAINTIFF INSTAGRAM, LLC's FIRST SET OF INTERROGATORIES.** |

PROPOUNDING PARTY:        Instagram, LLC.

RESPONDING PARTY:        OnlineNIC, Inc.

SET NO.:        One (1)


        Defendant OnlineNIC, Inc. ("Defendant") hereby responds to the Request for Production of

Documents propounded by Instagram, LLC ("Plaintiff") as follows:

PRELIMINARY STATEMENT

        A.        The specific responses as set forth below are for the purposes of discovery only and

OnlineNIC does not intend to waive, but expressly reserves, any and all objections and may have

to the relevance, competence, materiality, admissibility or use at trial of any information,

- 1-

Facebook, Inc. v. OnlineNIC, Inc.                                        Case No. 19-cv-7071-SVK
OnlineNIC, Inc.'s Responses to Instagram, LLC's Interrogatories  – Set 1

1    documents or writings produced, identified or referred to herein. All such objections may be made

2    at any time up to and including the time of trial.

3        B.      The following responses are based on information reasonably available to

4    OnlineNIC as of the date of these responses, and upon documents that are in the possession,

5    custody or control of OnlineNIC. OnlineNIC's investigation and search for documents and things

6    responsive to these requests are ongoing. Pursuant to Federal Rule of Civil Procedure 26,

7    OnlineNIC specifically reserves the right to revise, supplement and/or amend these responses and,

8    if necessary, to assert additional objections arising from further investigation.

9        C.      OnlineNIC expressly reserves its right to rely, at any time during trial, upon

10   subsequently discovered information or information omitted from the specific responses set forth

11   below as a result of mistake, oversight, or inadvertence.

12       E.      Capitalized terms, unless otherwise defined herein, have the same meaning as set

13   forth in Plaintiff's Interrogatories.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Facebook, Inc. v. OnlineNIC, Inc.                                    Case No. 19-cv-7071-SVK
OnlineNIC, Inc.'s Responses to Instagram, LLC's Interrogatories – Set 1

1

2

## **RESPONSES**

3

## **INTERROGATORY NO. 1:**

4

Explain in detail all facts supporting YOUR Fifth Affirmative Defense that "Plaintiffs

5

claims are barred by the doctrine of unclean hands."

6

## **RESPONSE TO INTERROGATORY NO. 1**

7

OnlineNIC objects to this interrogatory on the grounds that discovery has not been

8

completed, and Plaintiffs' discovery responses to date have been evasive and/or inadequate.

9

Accordingly, Defendants do not have all the information that is required to fully respond to this

10

interrogatory.  OnlineNIC further objects to the instruction to provide responses "in detail" as that

11

would require an unduly burdensome narrative. Subject to these objections, OnlineNIC responds

12

as follows:

13

Plaintiffs purposefully sent disclosure requests to ID Shield, to an obscure fax number

14

found online, instead of sending its notices through the ordinary electronic support system.  At a

15

minimum, both methods should have been used.  The clear intent of this conduct was to prejudice

16

Defendants and hope that the faxes were lost or not received. When Facebook sent infringement

17

complaint emails to OnlineNIC through electronic means, it did so from obscure email addresses

18

that looked like they were spam or automated.  When OnlineNIC initially responded to these

19

emails, Facebook failed to reply and thereby gave the impression that the emails indeed were

20

spam.  Plaintiffs induced OnlineNIC into thinking that Facebook's complaint emails were spam

21

and could be ignored. In so doing, Plaintiffs are estopped from claiming that Defendants' failure or

22

delay to respond to Plaintiff' complaints constitute a violation of any law. Moreover, since some of

23

the domains at issue have been registered for years, Plaintiffs' claims are barred for their failure to

24

police and enforce rights that with respect to domains that Plaintiffs knew or should have known

25

of.

26

Plaintiffs have also brought and maintained this litigation in bad faith. Plaintiffs have

27

produced no evidence that the Defendants somehow acted in concert with their customers (and/or

28

so-called "Licensees") to commit cybersquatting. Nor have Plaintiffs provided any evidence that

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants configured email for the allegedly infringing domains. Plaintiffs also acted in bad faith by publishing an unprivileged, defamatory press release accusing OnlineNIC of "fraud" – with the intent of destroying OnlineNIC's business reputation by extra-judicial means and poisoning the potential jury pool.  Plaintiffs' discovery responses have been made in bad faith since they are knowingly inadequate.  Despite massive legal departments, Facebook is still producing documents in response to discovery request propounded in 2020 and have not provided any firm date as to when their productions will be complete;  the last production date was May 4, 2021.

Plaintiffs' court filings have knowingly included inaccurate information intended to prejudice the Court against Defendants, including allegations that Defendants initially provided support tickets only in PDF format, and that Defendants never provided file attachments.  See e.g. Dkt. No. 65.  Plaintiffs have timed filings to cause maximum prejudice to Defendants (like filing in Chinese New Years), and have refused short extension requests of a few days. Plaintiffs have publicly filed Defendants' confidential information even though warned not to do so. Plaintiffs have improperly made filings in violation of local court rules with the intent and purpose of prejudicing Defendants.  See e.g. Dkt. No. 58, 64. Plaintiffs have failed to join necessary parties to this litigation, including the real "registrants" and resellers - all with the intent of prejudicing Defendants.

Plaintiffs have taken legal positions that are not supported by any good faith interpretation of the law or the facts.  For instance, there is no legal basis for alleging that Defendants' alleged breach of a private contract (the RAA) gives rise to liability under any United States statute.  There is no legal or factual basis for claiming that ID Shield "registered", or otherwise used any of the allegedly infringing domains, as those terms are defined under relevant law.  Nor is there any legal or factual basis for claiming that Defendants assumed all liability for the allegedly infringing domains as a result of an alleged breach of the RAA.

Plaintiffs have brought claims based on domains that cannot be reasonably be viewed as infringing or otherwise violative of Plaintiffs' rights, such as hackingfacebook.net.  Such conduct, and the attempt to enforce trademark rights through misuse of the federal courts, violates the First Amendment and fair use principles.

Discovery is continuing and Defendants may supplement or amend this response.

**INTERROGATORY NO. 2:**

Explain in detail all facts supporting YOUR Sixth Affirmative Defense that "Plaintiffs' claims are barred by the doctrines of laches and/or estoppel."

**RESPONSE TO INTERROGATORY NO. 2**

OnlineNIC objects to this interrogatory on the grounds that discovery has not been completed, and Plaintiffs' discovery responses to date have been evasive and/or inadequate. Accordingly, Defendants do not have all the information that is required to fully respond to this interrogatory. OnlineNIC further objects to the instruction to provide responses "in detail" as that would require an unduly burdensome narrative. Subject to these objections, OnlineNIC responds as follows:

Plaintiffs purposefully sent disclosure requests to ID Shield, to an obscure fax number found online, instead of sending its request through the ordinary electronic support system. At a minimum, both methods should have been used. The clear intent of this conduct was to prejudice Defendants and hope that the faxes were lost or not received. When Facebook sent infringement complaint emails to OnlineNIC through electronic means, it did so from obscure email addresses that looked like they were spam or automated. When OnlineNIC initially responded to these emails, Facebook failed to reply and thereby gave the impression that the emails indeed were spam. Plaintiffs induced OnlineNIC into thinking that Facebook's complaint emails were spam and could be ignored. In so doing, Plaintiffs are estopped from claiming that Defendants' failure or delay to respond to Plaintiffs' complaints constitute a violation of any law. Moreover, since some of the domains at issue have been registered for years, Plaintiffs' claims are barred for their failure to police and enforce rights that with respect to domains that Plaintiffs knew or should have known of.

Discovery is continuing and Defendants may supplement or amend this response.

**INTERROGATORY NO. 3:**

Explain in detail all facts supporting YOUR contention that Defendants did not have a bad faith intent to profit from Plaintiffs' trademarks under 15 U.S.C., § 1125(d)(1).

- 5-

**RESPONSE TO INTERROGATORY NO. 3**

Defendants' did not "register", "use" or "traffic in" the domains in question, as these terms are defined under relevant law. Accordingly, they had no bad faith intent to profit therefrom. Moreover, the mere fact that the real registrants may have processed the registration of any infringing domains through the OnlineNIC platform does not mean that OnlineNIC or ID Shield made any profit *from that mark* .  Any profit gained through processing a registration for a mark (or providing a privacy service) is not the same as profiting *from that mark*, such as profiting from using an infringing domain to sell counterfeit goods or services.

**INTERROGATORY NO. 4:**

IDENTIFY, by year, each individual who signed, on behalf of 35.CN, each Service Outsourcing Contract between ONLINENIC and 35.CN from 2014 to the present day, and their business relationship, if any, with ONLINENIC and DOMAIN ID SHIELD.

**RESPONSE TO INTERROGATORY NO. 4**

From the year of 2014 to 2016, the person who signed for OnlineNIC Service Outsourcing Contract on behalf of 35 was Chen Ying; her title was Deputy General Manager. From 2017 to 2020, it was Chen Yiqi who signed for the contract on behalf of 35, and his title was Deputy General Manager.  Both individuals are no longer with 35 and no current contact information is available for either. They do not have any business relationship with OnlineNIC or Domain ID Shield.

**INTERROGATORY NO. 5:**

Explain in detail all facts supporting YOUR contention that the INSTAGRAM MARKS are not valid and enforceable.

**RESPONSE TO INTERROGATORY NO. 4**

OnlineNIC objects to this interrogatory on the grounds that discovery has not been completed, and Plaintiffs' discovery responses to date have been evasive and/or inadequate. Accordingly, Defendants do not have all the information that is required to fully respond to this interrogatory – including policing efforts.

1

2

3   As to Objections.

4

5                                    Respectfully Submitted,

6   Dated and served on:  May 7, 2021    LEXANALYTICA, PC

7                                    By: _____

8
                                     Attorneys for Defendants
9                                    ONLINENIC, INC. and DOMAIN ID SHEILD
                                     SERVICE CO., LIMITED
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28