TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiffs,
META PLATFORMS, INC (fka FACEBOOK, INC.)
and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>    Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DECLARATION OF HOWARD A. KROLL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>DATE: None (pursuant to Court order)<br>TIME: None (pursuant to Court order)<br><br>Hon. Susan Illston |

I, Howard A. Kroll, declare as follows:

1. I am a Partner at Tucker Ellis LLP ("Tucker Ellis"), attorneys of record for Plaintiffs in this action. I make this declaration based on my personal knowledge and, if called as a witness, would testify competently to each of the following facts.

2. In this case, I am the lead trial attorney on this matter. As such, I have been substantially involved throughout the entire life of this case and am very familiar with all of the facts of this case. I also have been primarily responsible for overseeing work related to the Motion for Sanctions and the Motion for Default/Summary Judgment against 35.CN on the alter ego question.

3. Defendants' destruction of evidence at such a massive scale, and the legal ramifications resulting from this destruction, raised uncommon and complicated issues requiring attorneys with requisite levels of experience and familiarity with the facts of this case to expend significant numbers of hours to ultimately resolve Plaintiffs' Motion for Sanctions in Plaintiffs' favor. As shown in Exhibits 7-14 of the Declaration of David Steele ("Steele Decl."), Tucker Ellis attorneys spent hours attending to a significant volume of motions, oppositions, replies, and briefings necessary to resolve Plaintiffs' Motion for Sanctions. Based on my 43 years of litigation experience, the hours spent on these tasks were reasonable.

4. Facts obtained through discovery and facts obtained from public records in the United States and China revealed that 35.CN is the alter ego of the OnlineNIC Defendants and that 35.CN's employees participated in the spoliation of evidence. Applying the "voluminous" (ECF No 357 at 1:16) and improperly designated "confidential" facts (see ECF No. 353 at 3:19-20) to an alter ego analysis took significant hours by experienced attorneys well-acquainted with the facts of this case. To succeed on Plaintiffs' Motion for Default/Summary Judgment, Plaintiffs' attorneys were required to thoroughly examine Defendants' discovery responses, deposition testimony, communications with ICANN, tax returns, bank statements, contracts, and financial statements. By way of illustration, to demonstrate Defendants' commingling of funds, Plaintiffs' attorneys were required to cross-check 35.CN's employee list (originally in Chinese) with the discovery responses of the OnlineNIC Defendants itemizing certain loans. As a result of expending significant hours to these tasks, Plaintiffs were able to present "overwhelming evidence" (ECF No. 357 at 20:10-13) successfully demonstrating 35.CN's use of the OnlineNIC Defendants as shell companies. Based on my 43 years of litigation experience, all of these

1  hours spent, including outlining why default judgment against all of the Defendants entitling Plaintiffs to
2  statutory damages of $3,135,000, were reasonable due to the complexity of piecing together alter ego
3  facts, drafting motions and responding to Defendants' oppositions. Indeed, the Motion for Default
4  Judgment/Summary Judgment was the most fact-intensive and complicated motion I have worked on in
5  my career.
6      I declare under penalty of perjury under the laws of the United States of America that the foregoing
7  is true and correct and that this declaration was executed on May 17, 2024 in Encino, California.

                                                                          /s/ Howard A. Kroll