**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Leah Rosa Vulić (Bar No. 343520)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
liana@kr.law
leah@kr.law

Defendant Leascend Technology Co., Ltd.
fka Xiamen 35.com Technology Co., Ltd. ("35.CN")

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **FACEBOOK, INC.**, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>**ONLINENIC INC.**, et al.,<br><br>　　　　Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DEFENDANT LEASCEND TECHNOLOGY CO., LTD. F/K/A XIAMEN 35.COM TECHNOLOGY CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**<br><br>Date:　　In Chambers<br>Time:　　In Chambers<br>Ctrm:　　1, 17th Floor<br>Before:　Hon. Susan Illston |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 2

    A.    Factual Background ............................................................................................. 2

    B.    Procedural History and Requests for Attorneys' Fees and Costs. ..................... 2

ARGUMENT .................................................................................................................................. 6

    A.    Standard ............................................................................................................... 6

    B.    Plaintiffs' motion should be denied to the extent amounts are unreasonable.... 8

    C.    Plaintiffs' motion should be denied to the extent the Court cannot determine whether amounts are tied to the three issues or are reasonable. ................... 10

    D.    The Court should deny Plaintiffs' requests for fees above the three issues. ... 11

CONCLUSION ............................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baldain v. Am. Home Mortg. Servicing, Inc.*,
   No. CIV. S-09-0931 LKK/GGH, 2010 WL 2606666 (E.D. Cal. June 28, 2010) .............. 7

*Cataphora, Inc. v. Parker*,
   848 F. Supp. 2d 1064 (N.D. Cal. 2012) ........................................................................ 6

*Dep't of Toxic Substances Control v. Rossi*,
   No. 20-cv-01049-VC (RMI), 2022 WL 1271007 (N.D. Cal. Apr. 28, 2022) .................... 7

*Gracie v. Gracie*,
   217 F.3d 1060 (9th Cir. 2000) .................................................................................... 12

*Greenfield Fresh, Inc. v. Berti Produce-Oakland, Inc.*,
   No. 14-CV-1096 YGR, 2015 WL 1160584 (N.D. Cal. Mar. 13, 2015) ....................... 6, 8

*Greenfield Fresh, Inc. v. Berti Produce-Oakland, Inc.*,
   No. 14-CV-01096-JSC, 2014 WL 5700695 (N.D. Cal. Nov. 3, 2014) ........................... 7

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ..................................................................................................... 6

*Johnson v. Storix, Inc.*,
   716 F. App'x 628 (9th Cir. 2017) .................................................................................. 6

*Mfg. Automation & Software Sys. v. Hughes*,
   No. 2:16-cv08962-CAS-KSx, 2019 WL 2396308 (C.D. Cal., June 3, 2019) ................. 7

*Nike, Inc. v. Fujian Jialaimeng Shoes Co.*,
   No. 217CV00516GMNGWF, 2020 WL 137382 (D. Nev. Jan. 13, 2020) ...................... 7

*Renova Energy Corp. v. Cuevas*,
   No. 1-22-cv-00999-JLT-EPG, 2024 WL 245116 (E.D. Cal. Jan. 23, 2024) .................. 6

*Sunnyside Dev. Co., LLC v. Opsys Ltd.*,
   No. C-05-0553-MHP, 2007 WL 2462141 (N.D. Cal. Aug. 29, 2007) .......................... 11

*Van Gerwen v. Gaurantee Mut. Life Co.*,
  214 F.3d 1041 (9th Cir. 2000) ................................................................................ 7

*Whitaker v. SMB Grp.*,
  No. 22-55668, 2023 WL 5842311 (9th Cir. Sept. 11, 2023) ......................................... 7

**Statutes**

U.S.C. §1117(a) ............................................................................................................ 1

**Rules**

Federal Rule of Civil Procedure 54 ............................................................................ 1, 6

Defendant Leascend Technology Co., Ltd. fka Xiamen 35.com Technology Co., Ltd. ("35.CN") opposes the Motion for Attorneys' Fees [D.E. 395] by Plaintiffs Meta Platforms, Inc. (fka Facebook Inc. and Instagram, LLC) ("Plaintiffs") as follows under Federal Rule of Civil Procedure ("Rule") 54(d), Local Rule 54, and the May 3, 2024 Order [D.E. 393]:

## INTRODUCTION

Plaintiffs' Motion for Attorneys' Fees should be denied in part because, and to the extent, it does not comport with the instructions in the Court's May 3, 2024 Order [D.E. 393] or the Report and Recommendation ("R&R") [D.E. 225]. In particular, Plaintiffs seek total amounts—$2,201,992.25 in fees (including nearly $1.4 million for seeking the default judgment against 35.CN) and $51,045.16 in costs—that are excessive and disproportionate under the circumstances; and Plaintiffs have not met their burden of showing the fees are reasonable (e.g., conducted by the appropriate level of attorney and not duplicative), including due to lack of work descriptions in redacted billing invoices.

The Court, citing the R&R, granted Plaintiffs' request, in part, for attorneys' fees and costs under the Lanham Act, 15. U.S.C. §1117(a) due to findings of intentional misconduct in discovery. [D.E. 393.] However, the Court limited fees and costs to three issues:

1. The proceedings before the Special Master (as outlined in the R&R);
2. The Motion for Sanctions (as outlined in the R&R); and
3. The Motion for Default/Summary Judgment against 35.CN on alter ego.

For context, the R&R found that Plaintiffs' initial request for fees could not be granted because the Court "cannot ascertain whether the attorneys' fees sought are for the tasks covered by this Order or whether they are reasonable." Plaintiffs' present Motion suffers from these same failures. For example, Plaintiffs heavily redact their billing invoices, leaving no description of work for many line items, and for others, only including broad categories like "Call" and "Report." Thus, Plaintiffs' self-serving statements about reasonableness cannot be confirmed. In fact, the unredacted portions of invoices and total requested amounts demonstrate that time and rates were not reasonable for specific tasks and that (often block) billing was excessive and duplicative among multiple billers.

For these reasons, the Court should deny Plaintiffs' Motion to the extent that billing entries are excessive and/or to the extent requests cannot be tied to the three issues identified by the Court or to reasonable tasks and amounts, including due to Plaintiffs' failure to provide sufficient descriptions of work. Plaintiffs' Motion should also be denied to the extent it seeks fees above the May 3rd Order; while Plaintiffs try to re-raise an argument for fees for "intertwined" discovery, the Court already denied those requests twice.

## BACKGROUND

### A.   Factual Background

35.CN is a publicly traded company in China that, as a limited part of its business, is an ICANN-accredited domain name registrar. [D.E. 360 at 11; 174-1 ¶¶2-3.] OnlineNIC is a California corporation and also an ICANN-accredited domain name registrar that has done substantial independent business. [*See* D.E. 360 at 14 & 174-2 & Exs.]

With this action, Plaintiffs sought identifying information on OnlineNIC and ID Shield's third-party customers, which information was shielded by ID Shield's privacy services, for **thirty-five domain names** claimed to infringe on Plaintiffs' trademarks.

On May 3, 2024, the Court granted Plaintiffs' Motion for Default Judgment (in parts), awarding, among other things, Special Master costs of $88,937 and statutory damages under the ACPA in the amount of $3,135,000. [D.E. 393 at 8:2-4.]

### B.   Procedural History and Requests for Attorneys' Fees and Costs

Plaintiffs knew they would be requesting fees since they initiated this case, and in fact, the pressure of fees was one of Plaintiffs' primary arguments in this case.

The Magistrate Judge initially refused recovery of Plaintiffs' attorney's fees for the whole case, instead finding Plaintiffs are only entitled to a partial recovery of fees for work related to "the proceedings before the Special Master and the Motion for Sanctions" (*i.e.*, the spoliation issues). [R&R 32:8-14.] Further, while Plaintiffs sought over $2 million in fees at that time (for the entire case), it was impossible to ascertain whether the fees were for the tasks covered by the Order or whether they were reasonable. [*See* R&R at 32:14-16.]

Specifically, the R&R stated:

"Turning to the amount of fees to be awarded, the Court finds that it cannot ascertain whether the attorneys' fees sought are for the tasks covered by this Order or whether they are reasonable. As noted at the hearing before the magistrate judge, the chart in the Steele Declaration supporting the sanctions motion is insufficiently detailed: Plaintiffs list fees for broad categories such as 'Pleadings' and 'Motions' without any further explanation. Steele Declaration ¶ 2. Therefore, it is recommended that the Court order Plaintiffs to submit additional supporting documentation as to the categories for which fees are awarded, including: (1) a description of work performed, (2) identification of which attorneys performed which tasks, (3) the number of hours worked, and (4) the billing rate for each attorney. OnlineNIC and ID Shield will have the opportunity to review and respond to Plaintiffs' submission of attorneys' fees." [D.E. 225 at 32:12-21.]

After additional litigation and briefing, the Court adopted and cited to the R&R, stating: "Plaintiffs are hereby provisionally awarded their reasonable attorneys' fees—related to the proceedings before the Special Master, the Motion for Sanctions, and the Motion for Default/Summary Judgment against 35.CN on the alter ego question—as well as costs." [D.E. 393 at 9:2-4.] The Court denied Plaintiffs' request for attorneys' fees for the entire case, which means that Plaintiffs cannot recover fees for issues such as research, drafting pleadings and other motions, discovery, or settlement discussions.

Plaintiffs' current Motion for Fees cures some of the issues referenced in the R&R, for example by providing invoices and declarations outlining the individuals, number of hours worked, and billing rate, as well as not seeking fees for the entire case. However, Plaintiffs' Motion still fails to identify a description of work performed for much of their requested fees, claiming redactions are necessary to protect privilege or work product [D.E. 395-1 at ¶12], even though Plaintiffs re-filed an Exhibit 25 under seal, and the case

is subject to a standard protective order, including with an Attorneys' Eyes Only provision. As limited examples, Plaintiffs provide these types of redacted "descriptions" for work performed:

| Date | Attorney | Description | Hours | Amount |
|---|---|---|---|---|
| 2/27/2022 | Steele, David J. | Prepare for ▮ | 3.3 | $2,325.35 |
| 2/28/2022 | Guye, Helena M. | Research ▮ | 2.9 | $697.60 |
| 3/1/2022 | Lauridsen, Steven E. | ▮ | 0.6 | $365.16 |
| 6/14/2022 | Lauridsen, Steven E. | ▮ | 1.2 | $730.32 |
| 6/14/2022 | Steele, David J. | ▮ | 1.2 | $845.58 |
| 8/11/2021 | Lauridsen, Steven E. | Research ▮ | 4.6 | $2,717.45 |
| 8/11/2021 | Guye, Helena M. | Research ▮ | 5.9 | $1,028.08 |
| 3/26/2022 | Lauridsen, Steven E. | Attention to ▮ | 6.3 | $3,834.18 |
| 3/26/2022 | Guye, Helena M. | Research ▮ | 7.7 | $1,852.24 |
| 3/27/2022 | Sindelar, Jeffrey C. | Research ▮ | 3.7 | $1,393.24 |
| 12/19/2022 | Sindelar, Jeffrey C. | ▮ | 2.2 | $828.41 |
| 12/19/2022 | Kroll, Howard A. | ▮ | 2.4 | $1,744.20 |
| 6/2/2023 | Sindelar, Jeffrey C. | Analyze ▮ | 3.4 | $1,280.27 |
| 6/2/2023 | Roumiantseva, Dina | Research ▮ | 4.8 | $2,244.00 |

Moreover, Plaintiffs' redactions indicate that Plaintiffs could be seeking fees for time spent on work that is covered by the Order plus work that is *not* covered by the Order, as redactions may cover work that is unrelated to the three identified issues.

| Date | Attorney | Description | Hours | Amount |
|---|---|---|---|---|
| 6/16/2021 | Steele, David J. | Research ▮ | 2.7 | $1,847.48 |
| 6/16/2021 | Kessel, Bart L. | Review ▮ and draft email to Special Master regarding ▮ | 3.2 | $1,917.60 |

Even where Plaintiffs provide descriptions of work, it is clear they are using block and duplicative billing among multiple attorneys. As just one example, Plaintiffs billed multiple hours and thousands of dollars across different attorneys to submit five-page objections to evidence in June 2023 [D.E. 341], as indicated below in Plaintiffs' Ex. 16:

| Date | Attorney | Description | Hours | Amount |
|---|---|---|---|---|
| 6/25/2023 | Kroll, Howard A. | Analyze whether to file Objection to Sur-Reply Evidence. | 5.2 | $3,779.10 |
| 6/27/2023 | Roumiantseva, Dina | Draft objections to sur-reply evidence. | 1.8 | $841.50 |

Case No. 3:19-cv-07071-SI  4  **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MTN FOR ATTY FEES**

| Date | Attorney | Description | Hours | Amount |
|---|---|---|---|---|
| 6/27/2023 | Kroll, Howard A. | Draft Objection to Sur-Reply Evidence. | 5.6 | $4,069.80 |
| 6/28/2023 | Guye, Helena M. | Revise Plaintiffs' Objection to Sur-Reply Evidence. | 1.3 | $375.70 |
| 6/28/2023 | Kroll, Howard A. | Revise Objection to Sur-Reply Evidence. | 9.4 | $6,831.45 |
| 6/29/2023 | Kroll, Howard A. | Revise Objection to Sur-Reply Evidence. | 6.6 | $4,796.55 |
| 6/30/2023 | Steele, David J. | Revise Motion to Seal confidential information filed in Objection. | 0.5 | $352.33 |
| 6/30/2023 | Steele, David J. | Revise Objections to 35.cn's Sur Reply. | 1.3 | $916.05 |
| 6/30/2023 | Lauridsen, Steven E. | Revise motion to seal sur-reply evidence. | 2.4 | $1,460.64 |
| 6/30/2023 | Lauridsen, Steven E. | Analyze confidential material in objection to sur-reply to determine de-designations for motion to seal. | 2.9 | $1,764.94 |
| 6/30/2023 | Kroll, Howard A. | Prepare Objection to Sur-Reply Evidence. | 6.9 | $5,014.58 |
| 6/30/2023 | Guye, Helena M. | Prepare Plaintiffs' Objection to Sur-Reply Evidence for filing. | 9.1 | $2,629.90 |

As another limited example, multiple partners and attorneys spent numerous hours analyzing a court order (and related tasks) for repeated days. [Steel Decl. Ex. 10.]

| Date | Attorney | Description | Hours | Amount |
|---|---|---|---|---|
| 3/25/2022 | Sindelar, Jeffrey C. | Review order granting terminating sanctions. | 0.9 | $338.90 |
| 3/25/2022 | Steele, David J. | Review Order by court granting motion to strike. | 1.4 | $986.51 |
| 3/25/2022 | Lauridsen, Steven E. | Analyze order granting motion for terminating sanctions. | 1.6 | $973.76 |
| 3/25/2022 | Guye, Helena M. | Research | 3.8 | $914.09 |
| 3/25/2022 | Lauridsen, Steven E. | Analyze | 4.4 | $2,677.84 |
| 3/25/2022 | Kroll, Howard A. | Analyze Court's order granting motion for terminating sanctions. | 6.6 | $4,796.55 |
| 3/26/2022 | Steele, David J. | Attention to | 1.4 | $986.51 |
| 3/26/2022 | Sindelar, Jeffrey C. | Research | 2.5 | $941.38 |
| 3/26/2022 | Kroll, Howard A. | Analyze Court's order granting motion for terminating sanctions. | 5.9 | $4,287.83 |
| 3/26/2022 | Lauridsen, Steven E. | Attention to | 6.3 | $3,834.18 |
| 3/26/2022 | Guye, Helena M. | Research | 7.7 | $1,852.24 |
| 3/27/2022 | Sindelar, Jeffrey C. | Research | 3.7 | $1,393.24 |
| 3/28/2022 | Lauridsen, Steven E. | Review order withdrawing order granting motion for terminating sanctions. | 0.1 | $60.86 |
| 3/28/2022 | Lauridsen, Steven E. | Report | 0.1 | $60.86 |
| 3/28/2022 | Lauridsen, Steven E. | Report | 0.1 | $60.86 |
| 3/28/2022 | Steele, David J. | Review Order from court withdrawing order and issuing report and recommendation. | 0.5 | $352.33 |
| 3/28/2022 | Kroll, Howard A. | Review Court's Report and Recommendation to grant motion for terminating sanctions. | 0.8 | $581.40 |
| 3/28/2022 | Kroll, Howard A. | Conference with Facebook litigation team regarding | 1.0 | $726.75 |
| 3/28/2022 | Lauridsen, Steven E. | Meeting with Meta team regarding | 1.1 | $669.46 |
| 3/28/2022 | Lauridsen, Steven E. | Analyze report and recommendation to grant motion for terminating sanctions. | 1.1 | $669.46 |
| 3/28/2022 | Sindelar, Jeffrey C. | Research | 1.2 | $451.86 |
| 3/28/2022 | Kroll, Howard A. | Further legal research on | 2.7 | $1,962.23 |
| 3/28/2022 | Lauridsen, Steven E. | Further research regarding | 2.8 | $1,704.08 |
| 3/29/2022 | Sindelar, Jeffrey C. | Review magistrate judge's newly issued R&R. | 0.5 | $188.28 |
| 3/30/2022 | Lauridsen, Steven E. | Meet and confer with opposing counsel regarding report and recommendation to enter default judgment. | 1.5 | $912.90 |
| 3/30/2022 | Pacheco, Kathryn R. | Legal research | 2.1 | $589.05 |
| 3/31/2022 | Pacheco, Kathryn R. | Legal research | 1.0 | $280.50 |
| 4/14/2022 | Lauridsen, Steven E. | Review order vacating deadlines in report and recommendation to issue terminating sanctions. | 0.1 | $60.86 |
| 4/14/2022 | Steele, David J. | Review Order from Judge van Keulen clarifying that the proposed deadlines in the previously stricken order are now recommendations from Judge Illston. | 0.3 | $211.40 |
| 10/17/2022 | Steele, David J. | Conference with regarding | 0.5 | $352.33 |
| 10/17/2022 | Steele, David J. | Analysis of Judge Illston's Order re Report and Recommendation. | 1.2 | $845.58 |
| 10/17/2022 | Sindelar, Jeffrey C. | Analyze court's order adopting terminating sanctions against OnlineNIC Defendants. | 1.4 | $527.17 |
| 10/17/2022 | Steele, David J. | Conference with TE team regarding | 1.4 | $986.51 |
| 10/17/2022 | Lauridsen, Steven E. | Analyze order adopting report and recommendation for terminating sanctions. | 2.3 | $1,399.78 |
| 10/17/2022 | Kroll, Howard A. | Analyze Judge Illston's ruling on motion for terminating sanctions. | 2.3 | $1,671.53 |
| 10/17/2022 | Guye, Helena M. | Analysis of Order adopting R&R. | 1.1 | $264.60 |
| 10/18/2022 | Lauridsen, Steven E. | with Meta team concerning | 1.0 | $608.60 |
| 10/18/2022 | Sindelar, Jeffrey C. | Participate in call with client regarding | 1.0 | $376.55 |
| 10/18/2022 | Steele, David J. | Conference with Meta litigation team regarding | 1.2 | $845.58 |
| 10/18/2022 | Sindelar, Jeffrey C. | Analyze | 4.9 | $1,845.10 |
| 10/18/2022 | Guye, Helena M. | | 0.8 | $192.44 |
| 10/24/2022 | Steele, David J. | Telephone conference with P. Narancic regarding Judge Illston's order and whether OnlineNIC would file any papers or file an appeal. | 0.6 | $422.79 |
| 12/16/2022 | Guye, Helena M. | Review order delaying default judgment. | 0.3 | $72.17 |
| 12/16/2022 | Kroll, Howard A. | Analyze Court's order re default judgment. | 0.4 | $290.70 |
| 12/16/2022 | Lauridsen, Steven E. | Analyze order to defer final entry of judgment. | 0.4 | $243.44 |
| 12/16/2022 | Steele, David J. | Review Judge Illston's Order regarding Default Judgment. | 0.5 | $352.33 |
| 12/19/2022 | Lauridsen, Steven E. | Review entry of default as to OnlineNIC Defendants. | 0.1 | $60.86 |
| 12/19/2022 | Lauridsen, Steven E. | Report | 0.1 | $60.86 |
| 12/19/2022 | Steele, David J. | Review Clerk's Entry of Default of OnlineNIC. | 0.2 | $140.93 |
| 12/19/2022 | Lauridsen, Steven E. | | 2.1 | $1,278.06 |
| 12/19/2022 | Roumiantseva, Dina | | 2.1 | $981.75 |
| 12/19/2022 | Guye, Helena M. | Review order delaying default judgment. | 2.1 | $505.16 |
| 12/19/2022 | Sindelar, Jeffrey C. | | 2.2 | $828.41 |
| 12/19/2022 | Kroll, Howard A. | | 2.4 | $1,744.20 |
| 12/19/2022 | Steele, David J. | Analysis of Order entering default but not final default judgment. | 2.4 | $1,691.16 |
| 12/22/2022 | Lauridsen, Steven E. | Analyze | 0.3 | $182.58 |

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Likewise, for a July 11, 2023 hearing on Plaintiffs' Motion for Summary Judgment, Plaintiffs billed not only for three attorneys who appeared for the hearing but also for an associate who attended the hearing, and then over twenty hours for two attorneys who did not attend or argue at the hearing. [D.E. 395-1 at 10:22-23; Steel Decl. Ex. 17.]

Although Plaintiffs filed a redacted version of Exhibit 25 [D.E. 399 (KPMG invoice)] with the original exhibit under seal, Plaintiffs have not provided other unredacted invoices.

On May 15, 2024, counsel met and conferred regarding this Motion; however, Plaintiffs did not provide any billing records at that time to enable 35.CN to assess the reasonableness of the amounts sought. (Declaration of Karl S. Kronenberger ¶5.)

## ARGUMENT

The Court should deny Plaintiffs' Motion to the extent amounts are not reasonable or related to the May 3rd Order, including due to lack of detailed billing descriptions.

**A.    Standard**

Attorneys' fees are recoverable only to the extent they are reasonable. *See Johnson v. Storix, Inc.*, 716 F. App'x 628, 632 (9th Cir. 2017); *see also* Rule 54. To determine whether the fees sought are reasonable, courts calculate the "lodestar figure" by multiplying the number of hours *reasonably expended* on the litigation by a reasonable hourly rate. *Cataphora, Inc. v. Parker*, 848 F. Supp. 2d 1064, 1069 (N.D. Cal. 2012); *see also Greenfield Fresh, Inc. v. Berti Produce-Oakland, Inc.,* No. 14-CV-1096 YGR, 2015 WL 1160584, at *3–*4 (N.D. Cal. Mar. 13, 2015). In determining a reasonable amount of time spent, the Court should exclude hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 4 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)).

1    The party requesting fees bears the burden of showing fees are reasonable. *See Renova Energy Corp. v. Cuevas*, No. 1-22-cv-00999-JLT-EPG, 2024 WL 245116, at *7-*8 (E.D. Cal. Jan. 23, 2024) (denying excessive attorney fee requests, reasoning that moving party failed to meet burden of reasonableness where "many of the hours claimed are inadequately supported" by an attorney declaration and itemized fee list, and taking "potential duplicate work into consideration when awarding fees.") (citing *Van Gerwen v. Gaurantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly."), *F&R adopted*, No. 1-22--cv-00999-JLT-EPG, 2024 WL 524448 (E.D. Cal. Feb. 9, 2024); *see also Baldain v. Am. Home Mortg. Servicing, Inc.*, No. CIV. S-09-0931 LKK/GGH, 2010 WL 2606666, at *9 (E.D. Cal. June 28, 2010) (confirming burden is on the party seeking fees and denying requested fees for lacking evidence).

Requests for fees are routinely denied or reduced where the party has not met its burden to show reasonableness. *See e.g., Nike, Inc. v. Fujian Jialaimeng Shoes Co.*, No. 217CV00516GMNGWF, 2020 WL 137382, at *2 (D. Nev. Jan. 13, 2020) (denying requested fees where billing entries posed concerns about reasonableness, for example 7.7 hours for a motion for entry of clerk's default, and that lumped entries prevented the court from properly evaluating the precise time spent just on that motion); *see also Mfg. Automation & Software Sys. v. Hughes*, No. 2:16-cv08962-CAS-KSx, 2019 WL 2396308, at *6 (C.D. Cal., June 3, 2019) (denying attorneys' fees to the prevailing party on a contract claim, when he had not met his burden to allocate reasonable fees attributable to his successful defense of that claim), *aff'd*, 833 F. App'x 147 (9th Cir. 2021); *Dep't of Toxic Substances Control v. Rossi*, No. 20-cv-01049-VC (RMI), 2022 WL 1271007, at *1–*2 (N.D. Cal. Apr. 28, 2022) (reducing the requested fee award and noting defendants' argument that the work involved could have been completed in less time); *Whitaker v. SMB Grp.,* No. 22-55668, 2023 WL 5842311, at *1 (9th Cir. Sept. 11, 2023) (noting district court

Case No. 3:19-cv-07071-SI     7     **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MTN FOR ATTY FEES**

appropriately reduced requested hourly rates and commenting on prior review of factors, including whether work was performed by person of appropriate seniority and fact that the amount of fees significantly overshadowed the settlement obtained); *Greenfield Fresh, Inc. v. Berti Produce-Oakland, Inc.,* No. 14-CV-01096-JSC, 2014 WL 5700695, at *5-*6 (N.D. Cal. Nov. 3, 2014) (finding attorney declaration and attached billing statement was insufficient evidence to allow the court to determine a reasonable amount of fees and costs; noting redactions precluded court from assessing the reasonableness of the amount sought and that party could provide the court with unredacted copies of records), *R&R adopted*, 2015 WL 1160584, at *5 (N.D. Cal. Mar. 13, 2015) ("To charge Plaintiff twice for the same conversation would be duplicative and therefore excessive.").

Under this standard, Plaintiffs' request for fees should be denied to the extent that fees are unreasonable and as a determination cannot be made due to redacted invoices.

**B.  Plaintiffs' motion should be denied to the extent amounts are unreasonable.**

Plaintiffs seek $2,201,992.25 in fees, as well as $51,045.16 in costs. The fees cover work from at least ten attorneys (four partners and six "partner track" attorneys, Mtn at 3:17-26) working nearly 4,000 hours. These amounts and hours are globally unreasonable for the three specific tasks identified by the Court: (1) the proceedings before the Special Master, (2) the Motion for Sanctions; and (3) the Motion for Default/Summary Judgment against 35.CN on the alter ego issue. (*See* Kronenberger Decl. ¶3.)

While the three issues involved significant review and briefing (though not in a complex division), over $2.2 million is excessive; and the individual amounts (nearly a quarter million for the Special Master proceedings, over $600,000 for the Motion for Sanctions, and $1.347 million for the Motion for Default Judgment (Mtn at 5-6)) result from excessive, redundant, or otherwise unnecessary billing entries, including duplicative block billing entries by multiple attorneys in apparent efforts to drive up attorneys' fees. For the Motion for Default Judgment, Plaintiffs had already spent time reviewing alter ego issues for the amended complaint and through discovery, which fees are not recoverable.

Plaintiffs try to divide up the three identified categories into smaller issues to make the amounts seem smaller and more reasonable, but even the amounts for the specific categories are unreasonable on their face. For example, although this case involved unique issues, Plaintiffs' requested amounts (*i.e.,* the amount of hours and fees requested) are unreasonable for nearly every sub-category (except perhaps the line item for assisting the Special Master with review of Defendants' data). As examples, Plaintiffs seek fees for the following that appear unreasonable on their face (Mtn at 5-7):

- 105.3 hours for "Appointment of the Special Master"
- 48.1 hours for hearings related to the Special Master
- 75.1 hours analyzing the Special Master's reports
- 125 hours enforcing payment of the Special Master
- 233.9 hours drafting the Motion for Terminating Sanctions
    - Another 158.7 hours for analyzing/responding to the opposition
- 158.6 hours for hearings related to the Motion for Terminating Sanctions
    - Another 123.9 hours analyzing the Court Orders for the Motion for Sanctions
- 177.2 hours analyzing/responding to a motion for de novo review
- 134 hours analyzing/responding to an *administrative* motion for a hearing
- 98.1 hours on supplemental briefing regarding the entry of default judgment
- 752.2 hours for drafting the Motion for Default/Summary Judgment
    - Another 257.5 hours for drafting the Motion for Default Judgment
    - Not including another 438.8 plus 299.7 hours (738.5 total hours) analyzing/responding to Defendants' filings in response
- 192.5 hours for the hearing related to the Motion for Default Judgment
    - Another 123.6 hours to "prepare for and attend" hearings
    - Another 42.7 hours for analyzing court orders
- 52 hours for a "Joint Status Statement regarding Section IV of the R&R"
- 213.6 hours for sealing of filings and records (Kronenberger Decl. ¶4.)

While Plaintiffs elaborate about their experience in this field [*see* D.E. 395-1, ¶¶5-11], it is shocking for Plaintiffs to request such high amount of fees (over thousands of hours of work and multiple attorneys) for the requested *three* issues allowed by the Court. Plaintiffs extraordinary request amounts to an eye-popping grand total of $2,201,992.25.

Additionally, Plaintiffs' requested costs also appear excessive (in the dollar amounts) based on the documentation provided, *i.e.,* $51,000 in costs, including for $1,700 for service, $21,000 for depositions, $27,000 for document productions. (Mtn at 10.)

Therefore, Plaintiffs' Motion should be denied to the extent that amounts (in terms of hours, rate per task, duplicative billing, and monetary amounts) are not reasonable.

**C.   Plaintiffs' motion should be denied to the extent the Court cannot determine whether amounts are tied to the three issues or are reasonable.**

In addition to seeking unreasonable amounts, Plaintiffs have failed to meet their burden by largely over redacting their billing invoices. Specifically, this prevents the Court from confirming that the requested attorneys' fees are (a) related to tasks within the scope of the Order (*i.e.,* solely covering the three identified issues and not other work), and (b) reasonable in the amount of time spent, rate per task, and thus overall monetary amount requested). Although 35.CN does not dispute the attorney rates per se, a rate or amount may be unreasonable if the task is not performed at the appropriate attorney/skill level (*e.g.,* a partner billing excessive time for a clerical task). Because Plaintiffs only provided redacted copies of invoices, it is impossible to confirm the amounts are reasonable.

For example, the invoices showing redactions after words like "Call," "Research," "Analyze" and "Attention," could cover up attorneys discussing and reviewing multiple issues, only some of which may be covered by the Court's Order (*e.g.,* discussing a covered motion and then discussing amending the Complaint) or could show four partners researching the same clerical issue for hours where the task was more suitable for an associate (*e.g.,* reviewing a filing deadline or researching local rules on a motion to seal procedure). Thus, and also given the large amounts of "block billing" (where attorneys bill

1  numerous hours in one time entry slip), the redactions are improper because the Court
2  cannot confirm that the requested amounts are covered by the Order or whether they are
3  reasonable in scope and amount. (*See* Kronenberger Decl. ¶3.)

4          The R&R requested that Plaintiffs submit additional details and documentation,
5  including a description of the work performed; and the Court's May 3rd Order cited to the
6  R&R in awarding attorneys' fees. [D.E. 393 at 8-12-13.] Plaintiffs failed to meet these
7  requests or their burden for showing reasonable attorneys' fees and costs. Plaintiffs knew
8  they were seeking fees before and after R&R and still did not provide billing invoices in a
9  format to support the amounts requested. Further, the case is subject to a protective order,
10 and Plaintiffs filed a redacted version of one exhibit [D.E. 399] with the original exhibit
11 under seal. Without additional unredacted documentation, Plaintiffs have failed to show
12 adequate billing descriptions; and it is impossible to confirm whether the redacted amounts
13 were related to the three identified issues and whether they were reasonable (e.g., whether
14 the time and rate was reasonable for the specific task or whether the amount was
15 duplicative among multiple attorneys). The totals provided indicate line items were not
16 reasonable. Even if there is an attorney declaration attesting to the total amount of fees,
17 the Court has questioned attorney statements as suitable evidence. Therefore, Plaintiffs'
18 Motion should be denied to this extent, and redacted line items should be subtracted.

19 **D.  The Court should deny Plaintiffs' requests for fees above the three issues.**

20         Plaintiffs ask the Court to clarify whether the "related to" language in the attorneys'
21 fees order is intended to encompass all work associated with the discovery efforts to obtain
22 the evidence for the Motion for Default/Summary Judgment, as such work is "inextricably
23 intertwined" with Plaintiffs' Motion for Default/Summary Judgment. Plaintiffs already
24 requested recovery of more expansive fees prior the R&R and May 3rd Order, and their
25 requests for fees for other issues were denied. The request should be denied here again.
26         Notably, the cases Plaintiffs cite are inapposite, largely because the Court has
27 already used its discretion to limit fees to the three identified issues (in line with the prior
28

Case No. 3:19-cv-07071-SI      11      **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MTN FOR ATTY FEES**

1  R&R). For example, Plaintiffs cite to *Sunnyside Dev. Co., LLC v. Opsys Ltd.*, No. C-05-
2  0553-MHP, 2007 WL 2462141, at *4 (N.D. Cal. Aug. 29, 2007) for the proposition that
3  recovery of attorneys' fees is appropriate for work related to multiple claims where claims
4  are "inextricably intertwined." (Mtn at 2.) However, that case reviewed a court's discretion
5  to award fees related to a contract cause of action where the separation of conjoined
6  activities into compensable and noncompensable time units would be "impracticable, if not
7  impossible." Plaintiffs' other citations on this point are likewise distinguishable and
8  unpersuasive for Plaintiffs' attempts to add on additional fees. *See e.g., Gracie v. Gracie*,
9  217 F.3d 1060, 1069-70 (9th Cir. 2000) (finding fees for Lanham Act claims and non-
10 Lanham Act claims may be awarded if separation would be "meaningless" *i.e.,* if fees are
11 so intertwined that it is *impossible to differentiate* between work done on claims).

12     In this case, by contrast, the Court has already limited fees in the Court's discretion
13 to the three identifiable issues (Special Master proceedings and the two motions), and
14 Plaintiffs have requested separate fees for those issues. Any "related" discovery or other
15 issues have already been carved out and are not recoverable. Moreover, the Court
16 properly denied recovery of other fees, including as 35.CN showed meritorious arguments
17 in aspects of the case, such as discovery positions outlined in Judge Tse's prior orders.

18     Therefore, Plaintiffs' requests for broadening the scope of fees should be denied.

## CONCLUSION

20     For the foregoing reasons, 35.CN respectfully requests that the Court deny
21 Plaintiffs' Motion for Attorneys' Fees to the extent the fees are not reasonable or related to
22 the May 3rd Order, including where there is a lack of detailed billing descriptions.

23 Respectfully Submitted,

24 Dated: May 31, 2024     **KRONENBERGER ROSENFELD, LLP**

By:   s/ Karl S. Kronenberger
      Karl S. Kronenberger

Attorneys for Defendant Leascend Technology Co., Ltd. fka Xiamen 35.com Technology Co., Ltd.

Case No. 3:19-cv-07071-SI     12     **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MTN FOR ATTY FEES**