1  **KRONENBERGER ROSENFELD, LLP**
   Karl S. Kronenberger (Bar No. 226112)
2  Jeffrey M. Rosenfeld (Bar No. 222187)
   Liana W. Chen (Bar No. 296965)
3  Leah Rosa Vulić (Bar No. 343520)
   150 Post Street, Suite 520
4  San Francisco, CA 94108
   Telephone: (415) 955-1155
5  Facsimile: (415) 955-1158
   karl@kr.law
6  jeff@kr.law
   liana@kr.law
7  leah@kr.law
8

9  Defendant Leascend Technology Co., Ltd.
   fka Xiamen 35.com Technology Co., Ltd. ("35.CN")
10

11

12                **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
13                     **SAN FRANCISCO DIVISION**

14 | **FACEBOOK, INC.**, et al.,        | Case No. 3:19-cv-07071-SI
15 |                                    |
   |         Plaintiffs,                |
16 |                                    | **DECLARATION OF KARL S.**
   |   v.                               | **KRONENBERGER IN SUPPORT OF**
17 |                                    | **DEFENDANT LEASCEND**
   | **ONLINENIC INC.**, et al.,        | **TECHNOLOGY CO., LTD. F/K/A**
18 |                                    | **XIAMEN 35.COM TECHNOLOGY CO.,**
   |         Defendants.                | **LTD.'S OPPOSITION TO PLAINTIFFS'**
19 |                                    | **MOTION FOR ATTORNEY'S FEES**
20 |                                    |
   |                                    | Date:    In Chambers
21 |                                    | Time:    In Chambers
   |                                    | Ctrm:    1, 17th Floor
22 |                                    | Before:  Hon. Susan Illston

23

24

25

26

27

28

Case No. 3:19-cv-07071-SI                **DECL. OF K. KRONENBERGER ISO OPP TO**
                                         **PLAINTIFFS' MTN FOR ATTY FEES**

I, Karl S. Kronenberger, declare as follows:

1. I am an attorney admitted to practice law before this Court. I am a partner at the law firm of Kronenberger Rosenfeld, LLP, counsel of record for Defendant Leascend Technology Co., Ltd. f/k/a Xiamen 35.com Technology Co., Ltd. ("35.CN" or "Defendant"). Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration, and if called as a witness I would testify to the facts contained in this declaration.

2. As background, my law firm Kronenberger Rosenfeld, LLP ("Kronenberger Rosenfeld") is AV-rated and has a national practice with multiple attorneys and paralegals. I dedicate my entire practice to legal issues relating to technology, digital media, and the internet, including litigation in federal court regarding cybersquatting and infringement claims. I have practiced law as a federal and state litigator for over thirty years, and, regarding my professional focus on internet- and technology-related legal issues, I consider myself as a leading voice and have testified as an expert on internet and technology topics, in addition to speaking as an internet law expert on national television news programs and on industry panels throughout the United States. I am also a co-founder of the Internet Law Leadership Summit ("ILLS"), a group of 95+ attorneys who litigate and otherwise practice in the area of internet, intellectual property, and technology law, and I manage the educational agendas for all ILLS conferences. Thus, I have significant base of experience to support opinions concerning appropriate billing on litigation involving internet and technology matters. I am a former prosecutor and Army JAG Corps officer.

3. This case has involved disputed litigation and novel legal issues. However, in my review of Plaintiffs' Motion for Attorneys' Fees and Costs, and based on my experience practicing in this area, Plaintiffs are seeking amounts (a) that appear excessive and unreasonable (*e.g.,* in the number of billed hours, often caused by multiple attorneys billing for the same and overlapping work product, and resulting monetary amounts) and (b) where I cannot determine if the fees are reasonable, or covered by the Court's Order granting a limited scope of fees, due to redacted billing entries in Plaintiffs' exhibits.

4. As limited examples, Plaintiffs seek fees for the following work where the numbers appear unreasonable and/or where billing entries are redacted (Mtn at 5-7):

- 105.3 hours for "Appointment of the Special Master"
- 48.1 hours for hearings related to the Special Master
- 75.1 hours analyzing the Special Master's reports
- 125 hours enforcing payment of the Special Master
- 233.9 hours drafting the Motion for Terminating Sanctions
    - Another 158.7 hours for analyzing/responding to the opposition
- 158.6 hours for hearings related to the Motion for Terminating Sanctions
    - Another 123.9 hours analyzing the Court Orders for the Motion for Sanctions
- 177.2 hours analyzing/responding to a motion for de novo review
- 134 hours analyzing/responding to an *administrative* motion for a hearing
- 98.1 hours on supplemental briefing regarding the entry of default judgment
- 752.2 hours for drafting the Motion for Default/Summary Judgment
    - Another 257.5 hours for drafting the Motion for Default Judgment
    - Not including another 438.8 plus 299.7 hours (738.5 total hours) analyzing/responding to Defendants' filings in response
- 192.5 hours for the hearing related to the Motion for Default Judgment
    - Another 123.6 hours to "prepare for and attend" hearings
    - Another 42.7 hours for analyzing court orders
- 52 hours for a "Joint Status Statement regarding Section IV of the R&R"
- 213.6 hours for sealing of filings and records

5. On May 15, 2024, I met and conferred with Plaintiffs' counsel regarding Plaintiffs' Motion for Attorneys' Fees and Costs; however, Plaintiffs had not provided any billing records at that time to enable 35.CN to assess the reasonableness of the invoices.

//
//
//

1  I declare under penalty of perjury under the laws of the United States of America
2  that the foregoing is true and correct.

4  Executed on this 31st day of May 2024 in San Francisco, CA.

By:   s/ Karl S. Kronenberger
      Karl S. Kronenberger