UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>    Defendants. | Case No. 3:19-cv-07071-SI<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' EMERGENCY EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER FREEZING ASSETS OF DEFENDANT LEASCEND TECHNOLOGY CO., LTD. FKA XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD., AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Hon. Susan Illston |

The Court, having read and considered Plaintiffs' Emergency Ex Parte Application for a Temporary Restraining Order Freezing Assets of Defendant Leascend Technology Co., Ltd. fka Xiamen 35.Com Internet Technology Co., Ltd. ("35.CN"), and good cause appearing, **ORDERS** that the application is **GRANTED**.

It is further **ORDERED** that 35.CN show cause before the Honorable Susan Illston of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 1 – 17th Floor at ____ a.m./p.m. on _____, 2024, why a preliminary injunction should not issue pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court's inherent authority, and the All Writs Act that would, pending trial of this action, order as follows:

1. 35.CN shall immediately provide to the Court an accounting of all of its assets, including but not limited to (a) all of 35.CN's bank account numbers and those accounts' respective balances as of the date the order is entered; (b) 35.CN's ownership interest in any companies, including in its wholly-owned subsidiary Xiamen 35.com Information Co., Ltd. ("35.com Info"); and (c) any other tangible or intangible assets, including 35.CN's registrar business and accreditation (IANA 4163) currently held by 35.com Info, cash balances, accounts receivable, income, real estate, physical property, domain names, or intellectual property.

2. 35.CN, as well as its officers, agents, servants, employees, or attorneys, or any other person who is in active concert or participation with them, ***shall not*** transfer, sell, dissipate, abscond, hide, secret away, borrow against, or pledge any of their assets, including 35.CN's registrar business and accreditation (IANA 4163) currently held by 35.com Info.

3. Except to pay costs directly necessary to maintain and continue the day-to-day operations of 35.CN's business, 35.CN, as well as its officers, agents, servants, employees, or attorneys, or any other person who is in active concert or participation with them, ***shall not***:

    a) Transfer, release, delete, or assign any tangible and intangible assets, including any domain names or intellectual property owned or controlled by 35.CN, including but not limited to the list of domain names and intellectual property attached to this Order as Exhibits 1 and 2, respectively;

    b) Transfer or withdraw any funds from any bank account;

    c)    Transfer or use any funds from PayPal accounts and any other third-party payment processor, except that those funds may be deposited into one of the bank accounts identified in response to (1) above;

    d)    Transfer or use any funds from Visa, MasterCard, American Express, or any other credit card company as well as any credit card processing company, except that those funds may be deposited into one of the bank accounts identified in response to (1) above;

    e)    Transfer or use any funds held in any attorney-client trust account;

    f)    Sell, lease, loan, pledge, or otherwise encumber any physical assets or infrastructure, including any computer server or equipment of value;

    g)    Assign any employee compensation or benefit plan or requesting any return of such funds from the plan coordinator;

    h)    Sell, assign, or otherwise transfer any equity 35.CN owns in any other companies identified by 35.CN in response to (1) above; and

    i)    Assist, aid, or abet any other person or business entity in engaging in or performing any of these activities.

**AND IT APPEARING TO THE COURT** that 35.CN is dissipating and will continue to dissipate its assets, it is further **ORDERED** that, pending hearing and determination of whether an injunction should issue, 35.CN's assets are temporarily restrained as follows:

1.    35.CN shall immediately provide to the Court an accounting of all of its assets, including but not limited to (a) all of 35.CN's bank account numbers and those accounts' respective balances as of the date the order is entered; (b) 35.CN's ownership interest in any companies, including in 35.com Info; and (c) any other tangible or intangible assets, including 35.CN's registrar business and accreditation (IANA 4163) currently held by 35.com Info, cash balances, accounts receivable, income, real estate, physical property, domain names, or intellectual property.

2.    35.CN, as well as its officers, agents, servants, employees, or attorneys, or any other person who is in active concert or participation with them, ***shall not*** transfer, sell, dissipate, abscond, hide, secret

away, borrow against, or pledge any of their assets, including 35.CN's registrar business and accreditation (IANA 4163) currently held by 35.com Info.

3. Except to pay costs directly necessary to maintain and continue the day-to-day operations of 35.CN's business, 35.CN, as well as its officers, agents, servants, employees, or attorneys, or any other person who is in active concert or participation with them, ***shall not***:

    a) Transfer, release, delete, or assign any tangible and intangible assets, including any domain names or intellectual property owned or controlled by 35.CN, including but not limited to the list of domain names and intellectual property attached to this Order as Exhibits 1 and 2, respectively;

    b) Transfer or withdraw any funds from any bank account;

    c) Transfer or use any funds from PayPal accounts and any other third-party payment processor, except that those funds may be deposited into one of the bank accounts identified in response to (1) above;

    d) Transfer or use any funds from Visa, MasterCard, American Express, or any other credit card company as well as any credit card processing company, except that those funds may be deposited into one of the bank accounts identified in response to (1) above;

    e) Transfer or use any funds held in any attorney-client trust account;

    f) Sell, lease, loan, pledge, or otherwise encumber any physical assets or infrastructure, including any computer server or equipment of value;

    g) Assign any employee compensation or benefit plan or requesting any return of such funds from the plan coordinator;

    h) Sell, assign, or otherwise transfer any equity 35.CN owns in any other companies identified by 35.CN in response to (1) above; and

    i) Assist, aid, or abet any other person or business entity in engaging in or performing any of these activities.

The above Temporary Restraining Order is effective immediately without requiring Plaintiffs to file an undertaking. Any response or opposition to this Order to Show Cause must be filed and served on

Plaintiffs' counsel no more than ___ days before the date set for hearing, and any reply must be filed and served no later than ___ days before the hearing.

It is further **ORDERED** that, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, any Defendant can apply to this Court for modification/dissolution of this Temporary Restraining Order on two-days' notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Temporary Restraining Order or stay the terms herein unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

DATED: _____          _____
                                         Susan Illston
                                         United States District Judge