TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:    213.430.3409

Attorneys for Plaintiffs, META PLATFORMS, INC.
(fka FACEBOOK, INC.) and INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>        Plaintiffs,<br><br>   v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>        Defendants. | Case No. 3:19-cv-07071-SI<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBIT 15 TO THE DECLARATION OF DAVID J. STEELE IN SUPPORT OF PLAINTIFFS' AMENDED BILL OF COSTS**<br><br>Hon. Susan Illston |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs Meta Platforms, Inc., f/k/a Facebook, Inc., and Instagram, LLC ("Plaintiffs") seek leave to file, partially under seal, Exhibit 15 to the Declaration of David J. Steele in Support of Plaintiffs' Amended Bill of Costs. This exhibit consists of invoices from KPMG LLC, which provided professional services related to ESI to Plaintiffs, and it contains certain confidential information, including (1) bank account numbers, (2) unit and rate figures, and (3) client/engagement numbers. All of this information is proprietary to KPMG and therefore is not publicly available. Declaration of David Shin ("Shin Decl.") ¶ 3.[1] Public disclosure of KPMG's specific unit and rate figures charged to Plaintiffs for services related to this litigation would cause competitive harm to KPMG. *Id.* ¶ 4. Public disclosure of KPMG's bank account numbers and client/engagement numbers would create a potential security risk for KPMG and Plaintiffs. *Id.* ¶ 5. KPMG has therefore designated all of this information CONFIDENTIAL pursuant to the terms of the protective order entered in this action. *Id.* ¶ 6; ECF No. 35.

Plaintiffs now seek leave to file Exhibit 15 with confidential bank account numbers, unit and rate figures, and client/engagement numbers redacted based on Fed. R. Civ. P. 5.2 and KPMG's designation of this information as CONFIDENTIAL pursuant to the protective order in this case. Shin Decl. ¶ 2, 6; ECF No. 35.

## II. THIRD PARTY KPMG HAS SHOWN GOOD CAUSE TO SEAL.

Although there is a presumption in favor of public access to court filings, that presumption can be overcome "on the basis of articulated facts known to the court." *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986). To determine whether a document may be sealed, a court may consider the "likelihood of an improper use, including publication of scandalous, libelous, pornographic, or trade secret materials . . . and residual privacy rights." *Id.* (citation omitted); *see also EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990) (holding that the *Valley Broadcasting*

---

[1] Plaintiffs previously sought leave to file these invoices under seal, which the Court granted. ECF Nos. 400, 402. In that motion, Plaintiffs relied on the same declaration as in this motion (ECF No. 400-1), which Plaintiffs are refiling. The Court has since ordered Plaintiffs to file an Amended Bill of Costs (ECF No. 425) in connection with which Plaintiffs are refiling these invoices.

factors apply equally to civil and criminal proceedings); Fed. R. Civ. P. 26(c)(l)(F)–(G). "In short, the district court must weigh 'the interests advanced by the parties in the light of the public interest and the duty of the courts.'" *Valley Broadcasting Co.*, 798 F.2d at 1294 (quoting *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 602 (1978)). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006).

Here, KPMG's confidential bank account numbers, unit and rate figures, and client/engagement numbers are designated CONFIDENTIAL pursuant to the terms of the protective order in this action. Shin Decl. ¶ 6; ECF No. 35. Good cause exists for sealing this information because (1) public disclosure of KPMG's specific unit and rate figures charged to Plaintiffs for services related to this litigation would cause competitive harm to KPMG, and (2) public disclosure of KPMG's bank account numbers[2] and client/engagement numbers would create a potential security risk for KPMG and Plaintiffs. Shin Decl. ¶ 4-5. The unredacted version of Exhibit 15 submitted with this Administrative Motion to Seal identifies portions of pages 1-23, 25–57, 59–60, and 62–69 of the document that should be sealed. L.R. 79-5(c); Fed. R. Civ. P. 5.2. By filing the document with redactions, only the sensitive, proprietary, and confidential material will be sealed, and the least restrictive means of sealing the document are being employed. L.R. 79-5(c).

## III. CONCLUSION

KPMG has shown good cause through the Shin Decl. that the information sought to be sealed is proprietary, and that the public disclosure of the information would cause competitive harm to KPMG. Accordingly, Plaintiffs ask that the Court grant their Administrative Motion to File Under Seal Exhibit 15 to the Declaration of David J. Steele in Support of Plaintiffs' Amended Bill of Costs.

---

[2] The private bank account numbers are also covered by the privacy protections of Fed. R. Civ. P. 5.2.

DATED: February 7, 2025                    Tucker Ellis LLP

                                           By:  /s/David J. Steele
                                                David J. Steele
                                                Howard A. Kroll
                                                Steven E. Lauridsen

                                                Attorneys for Plaintiffs, META PLATFORMS, INC.
                                                (fka FACEBOOK, INC.) and INSTAGRAM, LLC