# Exhibit 2

证券代码：300051　　　　证券简称：琏升科技　　　　公告编号：2025-010

# 琏升科技股份有限公司
## 关于公司诉讼事项的进展公告

本公司及董事会全体成员保证信息披露的内容真实、准确、完整，没有虚假记载、误导性陈述或重大遗漏。

**重要内容提示：**

1.案件所处的诉讼阶段：一审判决

2.上市公司所处的当事人地位：被告之一

3.涉案的金额：5,461,851.20美元（按照2024年12月31日汇率折算，为人民币39,261,971.17元）

4.对上市公司产生的影响：依据企业会计准则及谨慎性原则，公司将在2024年年度报告中确认预计负债人民币39,261,971.17元（金额以审计结果为准）。

鉴于公司系在中国境内合法注册存续，且未曾直接在美国境内开展域名注册业务，公司认为美国地区法院对本公司不具有管辖权。在应诉过程中，公司已明确向法院申明该观点，并向法院提供了大量证据材料。但审理法院未充分考量公司所提交的证据，在未对案件进行实体审理的情况下作出了一审判决。目前，由于中美之间并未签署双边司法协助条约，该判决未经中国法院的审核承认，所以该判决在中国直接执行的可能性较低。

公司将尽快研究可行方案，尽一切努力维护公司及广大股东的权益，包括但不限于申请二审等方式，公司将着重对美国法院对于中国境内上市公司的管辖权问题提出抗辩，以及要求详细审查一审中未能得到充分审查的事实及证据。本次案件对公司的影响最终以有管辖权的中国法院审核认定结果为准。敬请广大投资者关注二级市场交易风险，审慎决策、理性投资。

一、本次诉讼基本情况

2021年8月,公司收到Meta Platform, Inc.(曾用名Facebook, Inc.)、Instagram, LLC发来的民事诉讼传票等法律文书,公司因域名及商标事项纠纷作为共同被告参与到诉讼中,具体内容详见公司于2021年8月23日披露的《关于收到民事诉讼传票及诉状等法律文书的公告》(公告编号:2021-196)。

二、本次诉讼的进展情况

近日,公司收到美国加利福尼亚州北区联邦地区法院针对本案件的判决书,主要内容如下:

原告:Facebook, Inc. (原告一,简称"Facebook",现已更名为Meta Platform, Inc.)

Instagram, LLC (原告二,简称"Instagram")

原告一、原告二合称"原告"

被告:OnlineNIC, Inc.(被告一,简称"OnlineNIC")

Domain ID Shield Service Co., Limited(被告二,简称"ID Shield")

厦门三五互联科技股份有限公司(被告三,简称"35.CN",现已更名为琏升科技股份有限公司)

被告一、被告二、被告三合称"被告"

(一)被告应承担责任

A. 被告违反《美国法典》第15编第1125(d)条的域名抢注责任;

B. 被告应对被许可人违反《美国法典》第15编第1114条的商标侵权承担责任;

C. 被告应对被许可人违反《美国法典》第15编第1125(a)条的虚假来源标识承担责任;

D. 被告应对被许可人违反《美国法典》第15编第1125(c)条的商标淡化承担责任。

（二）赔偿与费用

A. 被告向原告支付3,135,000美元法定赔偿金；

B. 支付律师费2,185,869.14美元；

C. 特别主事官（即特别调查专家）费用88,937美元；

D. 被告还应承担本案全部诉讼成本。

前述金额合计5,461,851.20美元（按照2024年12月31日汇率折算，为人民币39,261,971.17元）。

（三）被告域名转移、永久禁令主要条款

A. 被告应立即将侵权域名转移至原告名下；

B. 特此永久禁止被告及其代理人、雇员、继受者、受让人以及任何协同/共谋/关联方从事以下行为：

a. 注册、交易或使用任何全部或部分包含原告商标或混淆性相似标识的域名；

b. 以可能导致关联性误认的方式使用原告商标或其他标识；

c. 实施弱化或丑化原告商标显著性的行为；

d. 协助、教唆他人实施上述行为。

C. 35.CN立即向法院提交完整资产清单，包括：

a. 所有银行账号及截至判决日的账户余额；

b. 持有的公司股权（含全资子公司厦门三五互联信息技术有限公司"35.com Info"）；

c. 其他有形/无形资产（含通过35.com Info持有的注册商业务及IANA 4163资质、现金、应收账款、不动产、域名、知识产权等）；

D. 在判决履行完毕前，禁止35.CN及其关联方：转移、出售、隐匿、质押任何资产（含通过35.com Info持有的注册商业务及IANA 4163资质）。

E. 在判决履行完毕前，除维持日常运营的必要支出外，禁止35.CN及其关联方：

a. 处置任何有形/无形资产（含域名及知识产权）；

b. 从银行账户转出资金；

c. 使用PayPal等第三方支付账户资金（仅可转入第92条申报账户）；

d. 使用信用卡公司资金（仅可转入申报账户）；

e. 动用律师信托账户资金；

f. 抵押/处置实体资产（含服务器设备）；

g. 变更员工薪酬福利计划或要求退费；

h. 转让持有的公司股权；

i. 协助他人实施上述行为。

### 三、其他尚未披露的诉讼仲裁事项

截至公告之日，本公司及控股子公司没有应披露而未披露的重大诉讼及仲裁事项。其他诉讼情况及进展详见公司的后续公告或定期报告。

### 四、本次公告的诉讼对公司本期利润或期后利润的可能影响

依据企业会计准则及谨慎性原则，公司将在2024年年度报告中确认预计负债人民币39,261,971.17元（金额以审计结果为准）。本次案件对公司的影响最终以有管辖权的中国法院审核认定结果为准。

### 五、备查文件

1、相关判决文书。

特此公告！

琏升科技股份有限公司

董事会

二〇二五年二月十八日

| Ticker: 300051 | Securities Abbreviation: Leascend Technology | Announcement No.: 2025-010 |
|---|---|---|

# Leascend Technology Co., Ltd.

## Progress Notice on Company Litigation Matters

> **the Company and all members of the Board of Directors guarantee that the information disclosed is true, accurate and complete, and there are no false records, misleading statements or material omissions.**

**Important content tips:**

1. The litigation stage of the case: First-instance judgment

2. The status of a listed company as a party:: One of the Defendants

3. Amount involved: USD 5,461,851.20 (converted based on the exchange rate on December 31, 2024, equivalent to RMB39,261,971.17)

4. Impact on the listed company: In accordance with the accounting standards for enterprises and the principle of prudence, the Company will recognize the estimated liabilities of RMB 39,261,971.17 (the amount is subject to audit results) in its 2024 annual report.

Given that the Company is legally registered and existing in China and has never directly conducted domain name registration business in the United States, the Company believes that the U.S. district court has no jurisdiction over the Company. During the course of the litigation, the Company has clearly stated this view to the court and provided the court with a large amount of evidentiary materials. The trial court, however, did not fully consider the evidence submitted by the Company and entered a first-instance judgment without a substantive trial of the case. At present, since there is no bilateral mutual legal assistance treaty signed between the US and China, the judgment has not been reviewed and recognized by the Chinese court, therefore, the possibility of direct enforcement in China is low.

The Company will study feasible options as soon as possible and make every effort to protect the rights and interests of the Company and its shareholders, including but not limited to applying for a second instance. the Company will focus on raising defenses against the jurisdiction of the U.S. courts over a listed company in China and requesting detailed examination of facts and evidence that were not fully reviewed in the first instance. The impact of this case on the Company is ultimately subject to the review and determination results of the Chinese court with jurisdiction. Investors are advised to pay attention to the risks of secondary trading, make prudent decisions and invest rationally.

**I. Basic information of this lawsuit**

In August 2021, the Company received civil litigation summons and other legal documents from Meta Platform, Inc. (formerly known as Facebook, Inc.) and Instagram, LLC. the Company participated in the litigation as a co-defendant due to domain name and trademark disputes. For details, please see the "Announcement on the Receipt of Civil Litigation Summons and Complaints and Other Legal Documents" disclosed by the Company on August 23, 2021 (Announcement No.: 2021 – 196).

**II. Progress of this lawsuit**

Recently, the Company received a judgment from the United States District Court for the Northern District of California regarding this case. The main contents are as follows:

Plaintiffs: Facebook, Inc. (Plaintiff I, "Facebook," now known as Meta Platform, Inc.)

    Instagram, LLC (Plaintiff II, "Instagram")

    Plaintiffs I and II are collectively referred to as "Plaintiffs"

Defendants: OnlineNIC, Inc.(Defendant I, referred to as "OnlineNIC")

    Domain ID Shield Service Co., Limited (Defendant II, referred to as "ID Shield")

    Xiamen 35.com Technology Co., Ltd. (Defendant III, referred to as "35.CN", now renamed as Leascend Technology Co., Ltd.)

    Defendants I, II, and III are collectively referred to as "Defendants"

(I) The defendants' liabilities

A. defendants' liability for cybersquatting in violation of 15 U.S.C. § 1125(d);

B. Defendants are liable for trademark infringement by the licensee(s) in violation of 15 U.S.C. § 1114;

C. Defendants are liable for false origin identification by the licensee(s) in violation of 15 U.S.C. § 1125(a);

D. Defendants are liable for the dilution of trademarks by the licensee(s) in violation of 15 U.S.C. § 1125(c).

(II) Compensation and expenses

A. The defendants are to pay the plaintiffs statutory damages of US$3,135,000;

B. Pay attorney's fees in the amount of 2,185, 869.14 USD;

C. Pay the investigator(s) (i.e. special investigation specialists) costs in the amount of US$ 88,937;

D. The defendants shall also bear the entire litigation costs of this case.

The aforementioned amount totals USD 5,461,851.20 (converted based on the exchange rate on December 31, 2024, it is RMB 39,261,971.17).

(III) Main terms on defendants' domain name transfer and permanent injunction

A. The defendants shall immediately transfer the Infringing domain name to the plaintiffs;

B. Defendants, their agents, employees, successors, assignees, and any collaborators/colluders /affiliates are hereby permanently enjoined from:

a. Register, trade in, or use any domain name incorporating, in whole or in part, the plaintiffs' trademarks or confusingly similar marks;

b. Use the plaintiffs' trademarks or other marks in a manner that could lead to a false identification of association;

c. Engage in any conduct that diminishes or disparages the distinctiveness of the plaintiffs' trademark;

d. Aid and abet others to do the above.

C. 35.CN immediately submits to the court a complete list of assets, including:

a. All bank account numbers and account balances as of the judgment date;

b. Equity holdings of companies (including its wholly-owned subsidiary Xiamen 35.com Information Technology Co., Ltd. "35.com Info");

c. Other tangible/intangible assets (including registrar business and IANA 4163 qualifications, cash, accounts receivable, real estate, domain names, intellectual property, etc. held through 35.com Info);

D. Until the judgment is fulfilled, 35.CN and its affiliates are prohibited from: Transfer, sell, conceal, or pledge any assets (including registrar business and IANA 4163 qualifications held through 35.com Info).

E. Until the judgment is fulfilled, except for the expenses necessary to maintain daily operations, 35.CN and its affiliates are prohibited from:

a. Dispose of any tangible/intangible assets (including domain names and intellectual property);

    b. Transfer funds from bank accounts;

    c. Use funds from third-party payment accounts such as PayPal (can only be transferred to the account reported in Article 92);

    d. Use credit card company funds (can only be transferred to the declared account);

    e. Use funds from attorney trust accounts;

    f. Mortgage/dispose of physical assets (including server equipment);

    g. Change or refund any employee's compensation benefit plan;

    h. Transfer the equity held;

    i. Assist others to do the above.

**III. Other undisclosed litigation and arbitration matters**

As of the date of the announcement, the Company and its controlled subsidiaries have no material litigation and arbitration matters that should be disclosed but not disclosed. See the Company's subsequent announcements or periodic reports for details of other lawsuits and developments.

**IV. Possible impact of this announcement on the Company's current or future profits**

In accordance with the accounting standards for enterprises and the principle of prudence, the Company will recognize the estimated liabilities of RMB 39,261,971.17 (the amount is subject to the audit results) in the 2024 annual report. The impact of this case on the Company is ultimately subject to the review and determination results of the Chinese court with jurisdiction.

**V. Documents available**

1. Relevant judgment documents.

This concludes the announcement!

Leascend Technology Co., Ltd.

Board of Directors

February 18, 2025



City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**2025-02-18 - Announcement on the progress of the company's litigation ma...**" is, to the best of my knowledge and belief, a true and accurate translation from Chinese into English.

_____
Jacqueline Yorke

Sworn to before me this
February 28, 2025

_____
Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27

_____
Stamp, Notary Public