TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071
Telephone:     213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.) and
INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>        Defendants. | Case No. 3:19-cv-07071-SI<br><br>**PLAINTIFFS' BRIEF RE: FURTHER CONTEMPT PROCEEDINGS [426, 441, 445]**<br><br>DATE:     April 4, 2025<br>TIME:     10:00 a.m.<br>CTRM:     1 – 17th Floor<br><br>Hon. Susan Illston |

Plaintiffs submit this brief to provide the documents Defendant Leascend Technology Co., Ltd. fka Xiamen 35.Com Internet Technology Co., Ltd. ("35.CN") produced to Plaintiffs in response to the Court's order to produce closing and other documents by March 28, 2025.

On March 28, 2025, 35.CN produced to Plaintiffs a "Property Transfer Agreement" ("Purchase Agreement" or "PA") relating to the sale of 35 Info.[1] The Purchase Agreement, attached as Exhibit 1 to the Declaration of Steven E. Lauridsen ("Lauridsen Decl."), was executed and deemed effective on December 23, ***three days after entry of the Court's December 20, 2024 order*** requiring 35.CN to deposit $5.5 million into escrow and prohibiting the sale of 35 Info until 35.CN made such a deposit. *Compare* PA, arts. 1.1 & 15.1 (defining "Effective Date" to be when all parties have signed), *with id.* at 10 (signature page); *see* ECF No. 420 ("Escrow Order") at 2 ¶¶ 1, 3. The Purchase Agreement explains that the sale will close only after satisfaction of multiple contingencies, such as payment; execution of relevant agreements (including IP assignments); the submission of an application to the appropriate registration authority in China for the registration transfer of 35 Info's stock, intellectual property, and other assets; and the "equity transfer registration [being] completed with the relevant administrative authority." *See, e.g.*, PA, arts. 1.1, 6.1, 6.2, 7.1, 7.3.[2] The sale of 35 Info therefore could not have closed before December 23, let alone on December 5 as 35.CN previously represented (ECF No. 432 at 2-3) or before this Court issued its December 20 Escrow Order.

On April 3, 2025, after the deadline to produce closing documents and just one day before the

---

[1] 35.CN's registrar business, which includes certain of its United States-based assets comprising 35.CN's .com and .net domain-name portfolio and its ICANN accreditation, was transferred into 35 Info, a wholly owned subsidiary of 35.CN.

[2] These provisions comport with 35.CN's own public announcements previously cited by Plaintiffs concerning the progress of the transaction as of December 2024. See Mot. for Contempt Reply (ECF No. 433) at 8-11; *compare* PA, art. 4 (stating internal company approvals had been met as of December 23), *with* 35.CN's Announcement (ECF No. 408-2) at §§ I(i)3, I(ii) (announcing December 5 auction result, completed Board of Director approval, and upcoming shareholder approval meeting), and ECF No. 433-5 (announcing December 23 shareholder approval had taken place). These facts also comport with Mr. Kronenberger's original representations to the Court that the transaction had not closed as of December 20. Kronenberger Decl. in Opp. to TRO App., ECF No. 415-1, ¶ 7 ("I am informed by Leascend's Chinese counsel that Plaintiffs' proposed relief would put Leascend in conflict with promises previously made … nonetheless, if Plaintiffs obtain an asset freeze order before the sale transaction closes, it could potentially impact the transaction to Leascend's detriment.").

hearing, 35.CN produced two additional documents, a "Registration Notice" and a "Company Registration (Filing) Application Form." Lauridsen Decl. ¶¶ 3-5, Exs. 2-3. The "Registration Notice," dated December 27, 2024, refers to the registration of 35 Info and does not by itself evidence the equity transfer registration being completed as required for the closing of the sale. The "Company Registration (Filing) Application Form" is undated and therefore irrelevant to determining whether (or when) the sale has closed. While 35.CN might argue that these two documents relate to contingencies required under the Purchase Agreement, there remain other contingencies required and, in any event, neither could show that the sale closed prior to the Court's December 20 Escrow Order.

      Accordingly, 35.CN's claim that 35 Info was sold on December 5 (ECF No. 432 at 2-3) prior to entry of the Escrow Order is demonstrably false. Further, none of the documents 35.CN produced indicate whether (or when) the sale has closed. By failing to produce the required closing documents, it remains impossible for either Plaintiffs or the Court to determine the status of this transaction, and Plaintiffs respectfully request the Court to maintain the Court's March 15 asset freeze (ECF No. 445).

DATED: April 3, 2025                        Tucker Ellis LLP

By:  /s/Steven E. Lauridsen
      David J. Steele
      Howard E. Kroll
      Steven E. Lauridsen

      Attorneys for Plaintiffs,
      META PLATFORMS, INC. (fka
      FACEBOOK, INC.) and INSTAGRAM, LLC