TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071
Telephone:	213.430.3400
Facsimile:	213.430.3409

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.) and
INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>　　　　　　Defendants. | Case No. 3:19-cv-07071-SI<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CONTEMPT REMEDIES AGAINST DEFENDANT LEASCEND TECHNOLOGY CO., LTD. FKA XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.**<br><br>DATE:　　May 30, 2025<br>TIME:　　10:00 a.m.<br>CTRM:　　1 – 17th Floor<br><br>Hon. Susan Illston |

On April 4, 2025, the Court found Defendant Leascend Technology Co., Ltd. ("Leascend") fka Xiamen 35.com Internet Technology Co., Ltd. in civil contempt of court for Leascend's failure to comply with the Court's December 20, 2024 order ("Escrow Order") that Leascend shall not sell or transfer its domain name registrar business or accreditation until it has deposited $5.5 million (USD) into an escrow account in the United States, in addition to Leascend's failure to deposit the funds by January 31, 2025 in any instance, and ordered Plaintiffs to file a motion regarding contempt remedies. ECF No. 460 at 1, 8. The Court, having read and considered the papers supporting and opposing Plaintiffs' Motion for Contempt Remedies, the record, and all arguments presented at the May 30, 2025 hearing, and good cause appearing, **ORDERS** that the motion is **GRANTED.**

Accordingly, based on the level of financial resources Leascend previously represented to the Court that it possesses, the length of time that has elapsed without sufficient attempts at compliance with the Escrow Order, and Leasend's prior statements concerning this Court's lack of authority over Leascend due to it being located in China, the Court, in its discretion, **ORDERS** the following coercive civil contempt sanctions as being the minimum necessary to coerce compliance in the present circumstances:

1. Beginning fourteen days from entry of this order, Leascend will begin to accrue a daily fine of $1,000 to be paid to this Court. The daily fine will continue to accrue each day until Leascend purges its contempt. If Leascend purges its contempt before fourteen days have elapsed from entry of this order, then no fine shall accrue.

2. Plaintiffs shall provide Verisign, Inc. a copy of this order if Leascend has not purged its contempt within fourteen days of this order's entry. Upon receipt of this order from Plaintiffs, Verisign, Inc. is **ORDERED** to deactivate Leascend's .com domain names leascend.com and leasdgrp.com by setting these domain names' respective statuses to ServerHold until Verisign, Inc. receives further notice as provided below in this paragraph. If the domain names are deactivated pursuant to this order and Leascend subsequently purges its contempt, Plaintiffs shall provide Verisign, Inc. notice that the contempt has been purged, at which point Verisign, Inc. is **ORDERED** to reactivate these domain names.

The Court further **ORDERS** the following compensatory sanctions:

1. Leascend shall pay Plaintiffs' reasonable attorneys' fees and costs expended in connection

with Leascend's contempt. Plaintiffs shall brief the appropriateness and amount of their fees within fourteen days of entry of this order.

2. Pursuant to this Court's inherent authority and 28 U.S.C. § 1927, Leascend's attorney, Karl Kronenberger, shall be jointly and severally liable for the award of Plaintiffs' attorneys' fees and costs expended in connection with Leascend's contempt.

It is further **ORDERED** that Leascend's former fully owned subsidiary, Xiamen 35.Com Information Co., Ltd. ("35 Info"), shall show cause as to why the judgment in this action should not be amended to add 35 Info as a joint judgment debtor. Mr. Kronenberger is **ORDERED** to immediately serve a copy of this order on 35 Info and promptly file a proof of service. Plaintiffs shall file and serve their opening brief concerning whether the judgment should be amended by June 27, 2025; Leascend and 35 Info shall file and serve any opposition briefs by July 25, 2025; and Plaintiffs shall file any reply brief on August 15, 2025. The Court shall conduct a hearing on this order to show cause on August 29, 2025 at 10:00 a.m. PDT via Zoom.

**IT IS SO ORDERED.**

DATED: _____      _____
                                               Susan Illston
                                               United States District Judge