TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:     213.430.3409

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.) and
INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD., <br><br> Defendants. | Case No. 3:19-cv-07071-SI <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED IN CONNECTION WITH PLAINTIFFS' MOTION FOR CONTEMPT REMEDIES** <br><br> DATE:   May 30, 2025 <br> TIME:    10:00 a.m. <br> CTRM:   1 – 17th Floor <br><br> Hon. Susan Illston |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(f), as well as Section 9 of Judge Illston's Standing Order, Plaintiffs seek leave to file the following documents under seal in connection with Plaintiffs' Motion for Civil Contempt Remedies:

| Document | Text or Portion to be Sealed | Basis for Sealing |
|---|---|---|
| Memorandum of Points and Authorities in Support of Motion for Contempt Remedies | Page 2, Lines 3-6;[1] 7:1-5, 7:7-12, 7:24-25, 7:28, 9:4-7, 18:13-14 | Designated by the Internet Corporation for Assigned Names and Numbers ("ICANN") |
| Declaration of Helena Guye ("Guye Decl.") | Pages and Lines 1:9-12, 3:22-24, 4:1-3, 4:8-10 | Designated by ICANN |
| Guye Decl. Ex. 1 | Entire Exhibit | Designated by ICANN |
| Guye Decl. Ex. 11 | Entire Exhibit | Designated by ICANN |
| Guye Decl. Ex. 12 | Entire Exhibit | Designated by ICANN |
| Guye Decl. Ex. 13 | Entire Exhibit | Designated by ICANN |

As explained further below, because ICANN designated this material as confidential, the burden rests with ICANN to show sufficient good cause for sealing this material.

## II. ICANN MUST SHOW GOOD CAUSE TO SEAL THESE DOCUMENTS BECAUSE THEY ARE FILED IN CONNECTION WITH A NON-DISPOSITIVE MOTION.

Although there is a presumption in favor of public access to court filings, that presumption can be overcome "on the basis of articulated facts known to the court." *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986). To determine whether a document may be sealed, a court may consider the "likelihood of an improper use, including publication of scandalous, libelous, pornographic, or trade secret materials . . . and residual privacy rights." *Id.* (citation omitted); *see also EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990) (holding that the *Valley Broadcasting*

---

[1] Citations to page and line numbers are in "xx:yy" format where "xx" is the page number and "yy" is the line number.

factors apply equally to civil and criminal proceedings); *see also* Fed. Re. Civ. P. 26(c)(l)(F)-(G). "In short, the district court must weigh 'the interests advanced by the parties in the light of the public interest and the duty of the courts." *Valley Broadcasting Co.*, 798 F.2d at 1294 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978)). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions" and "to seal documents produced in discovery." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1180 (9th Cir. 2006). However, documents filed in connection with a dispositive motion can only be filed under seal if there are "compelling reasons" to shield them from public access. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.2d 1092, 1097-98 (9th Cir. 2016). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The information for which Plaintiffs seek leave to file under seal was designated by ICANN as confidential pursuant to the terms of the protective order in this action (ECF No. 35). Sealing Declaration of Steven E. Lauridsen ¶¶ 2-4. Thus, pursuant to Civil Local Rule 79-5(f), the burden rests with ICANN as the designating party to submit via declaration a good cause showing why these materials should be filed under seal. *See also* Civil Local Rule 79-5(f)(3) (providing designating party seven days to file declaration establishing material is sealable).

### III. CONCLUSION

Plaintiffs seek leave to file the aforementioned information under seal because ICANN designated that information as confidential per the protective order. Plaintiffs therefore seek leave to file under seal the documents containing that information upon the appropriate showing by ICANN.

DATED: April 22, 2025

Tucker Ellis LLP

By: /s/David J. Steele
  David J. Steele
  Howard A. Kroll
  Steven E. Lauridsen

  Attorneys for Plaintiffs,
  META PLATFORMS, INC.
  (fka FACEBOOK, INC.) and
  INSTAGRAM, LLC

3
PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
CASE NO. 3:19-CV-07071-SI