TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
Helena M. Guye SBN 350417
helena.guye@tuckerellis.com
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071
Telephone:     213.430.3400
Facsimile:     213.430.3409

Attorneys for Plaintiffs,
META PLATFORMS, INC. (fka FACEBOOK, INC.) and
INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>ONLINENIC INC.; DOMAIN ID SHIELD SERVICE CO., LIMITED; and XIAMEN 35.COM INTERNET TECHNOLOGY CO., LTD.,<br><br>        Defendants. | Case No. 3:19-cv-07071-SI<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPEAL BOND PURSUANT TO FED. R. APP. P. 7**<br><br>DATE:     June 13, 2025<br>TIME:     10:00 a.m.<br>CTRM:    1 – 17th Floor<br><br>Hon. Susan Illston |

1

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 13, 2025, at 10:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Susan Illston of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom 1 – 17th Floor, San Francisco, CA 94102, Plaintiffs Facebook, Inc. and Instagram LLC (collectively, "Plaintiffs") will and hereby do move for an order requiring Defendant Leascend Technology Co., Ltd. fka Xiamen 35.Com Internet Technology Co., Ltd. ("Leascend") to post an appeal bond of $210,000 pursuant to Rule 7 of the Federal Rules of Appellate Procedure.

An appeal bond is appropriate in this case because Leascend is financially able to post a bond, there is substantial risk that Leascend will not pay Plaintiffs' costs if Leascend loses the appeal, and it is likely that Leascend will lose the appeal and be subject to pay Plaintiffs' costs. The appeal bond should include (1) Plaintiffs' anticipated costs under Rule 39 of the Federal Rules of Appellate Procedure and (2) Plaintiffs' anticipated attorneys' fees on appeal pursuant to 15 U.S.C. § 1117(a).

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, the Declaration of Micah G. Block, the [Proposed] Order, any oral argument heard by the Court, such additional evidence as may be submitted to the Court, matters as to which the Court may take judicial notice, the record in this action, and such other matters as the Court deems proper.

DATED: May 9, 2025                                  Tucker Ellis LLP

                                                    By:  /s/David J. Steele
                                                         David J. Steele
                                                         Howard A. Kroll
                                                         Steven E. Lauridsen
                                                         Helena M. Guye

                                                         Attorneys for Plaintiffs,
                                                         META PLATFORMS, INC. (fka
                                                         FACEBOOK, INC.) and INSTAGRAM, LLC

2

PLAINTIFFS' MOTION FOR APPEAL BOND
Case No. 3:19-cv-07071-SI

**Table of Contents**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I. INTRODUCTION .................................................................................................... 1

II. STATEMENT OF ISSUES TO BE DECIDED ...................................................... 2

III. STATEMENT OF FACTS ....................................................................................... 2

IV. IMPOSING AN APPEAL BOND IS APPROPRIATE. .......................................... 4

    A. Leascend has the financial ability to pay an appeal bond. ........................... 4

    B. There is a significant risk that Leascend will not pay Plaintiffs' costs. ........ 5

    C. Leascend is unlikely to succeed on the merits of its appeal. ....................... 6

V. A BOND IN THE AMOUNT OF $210,000 IS APPROPRIATE TO COVER PLAINTIFFS' COSTS AND ATTORNEYS' FEES ON APPEAL. ...................... 8

    A. The bond should secure $10,000 for costs under Rule 39. .......................... 9

    B. The bond should secure $200,000 for costs of attorneys' fees under 15 U.S.C. § 1117(a). ........................................................................................ 10

VI. CONCLUSION ....................................................................................................... 13

TUCKER ELLIS LLP
515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071   213.430.3400

**Table of Authorities**

**Page(s)**

**Cases**

*Adsani v. Miller*,
   139 F.3d 67 (2d Cir. 1998) .................................................................................................. 12

*Am. Trucking Associations, Inc. v. City of Los Angeles*,
   559 F.3d 1046 (9th Cir. 2009) ............................................................................................... 7

*Athena Cosms., Inc. v. AMN Distribution Inc.*,
   No. 2:20-CV-05526-SVW-SHK, 2025 WL 736570 (C.D. Cal. Jan. 29, 2025) ................... 13

*Azizian v. Federated Dep't Stores, Inc.*,
   499 F.3d 950 (9th Cir. 2007) ....................................................................... 4, 10, 11, 12

*Broomfield v. Craft Brew All., Inc.*,
   No. 17-CV-01027-BLF, 2020 WL 1972501 (N.D. Cal. Apr. 13, 2020) ........................... 4, 7

*Cisco Sys., Inc. v. Wuhan Wolon Commc'n Tech. Co.*,
   No. 5:21-CV-04272-EJD, 2021 WL 4962661 (N.D. Cal. July 23, 2021) ............................ 6

*DIRECTV, Inc. v. Hoa Huynh*,
   503 F.3d 847 (9th Cir. 2007) ................................................................................................ 7

*Do v. First Fin. Sec., Inc.*,
   No. 2:14-cv-07608-SVW-AJW, 2016 WL 11757885 (C.D. Cal. Jan. 11, 2016) ................. 7

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) .............................................................................................. 2

*Embry v. ACER Am. Corp.*,
   No. C 09-01808 JW, 2012 WL 2055030 (N.D. Cal. June 5, 2012) ............................. 1, 4, 6

*Estrada v. Speno & Cohen*,
   244 F.3d 1050 (9th Cir. 2001) .............................................................................................. 7

*F.T.C. v. Affordable Media*,
   179 F.3d 1228 (9th Cir. 1999) .............................................................................................. 7

*Figure Eight Holdings, LLC v. Dr. Jay's, Inc.*,
   No. CV 10-7828 R (AJWX), 2012 WL 12893450 (C.D. Cal. June 18, 2012) .............................. 5, 6, 12

*Figure Eight Holdings, LLC v. Dr. Jays, Inc.*,
   534 Fed. App'x 670 (9th Cir. 2013) ................................................................................................ 4, 5

*Fleury v. Richemont N. Am., Inc.*,
   No. C-05-4525 EMC, 2008 WL 4680033 (N.D. Cal. Oct. 21, 2008) ...................................................... 4

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ............................................................................................................................ 12

*Holt v. Urb. League of Portland, Inc.*,
   No. 3:22-CV-00837-YY, 2024 WL 5319081 (D. Or. Dec. 16, 2024) .................................................. 11

In re Cardizem CD Antitrust Litig.,
   391 F.3d 812 (6th Cir. 2004) .............................................................................................................. 10

*In re Heritage Bond Litig.*,
   233 Fed. App'x. 627 (9th Cir. 2007) .................................................................................................. 11

*In re Magsafe Apple Power Adapter Litig.*,
   571 F. App'x 560 (9th Cir. 2014) ......................................................................................................... 9

*Intel Corp. v. Terabyte Int'l, Inc.*,
   6 F.3d 614 (9th Cir. 1993) .................................................................................................................. 12

*James v. Uber Techs. Inc.*,
   No. 3:19-cv-06462-EMC, 2022 WL 6468665 (N.D. Cal. Oct. 10, 2022) ............................................. 5

*Jason Scott Collection, Inc. v. Trendily Furniture, LLC*,
   68 F.4th 1203 (9th Cir. 2023) ........................................................................................................ 1, 12

*Keller v. Nat'l Collegiate Athletic Ass'n*,
   No. C 09-1967 CW, 2015 WL 6178829 (N.D. Cal. Oct. 21, 2015) ...................................................... 7

*Lippi v. City Bank*,
   955 F.2d 599 (9th Cir. 1992) ................................................................................................................ 9

*Long v. Authentic Athletix LLC*,
   No. 16-CV-03129-JSC, 2018 WL 6168531 (N.D. Cal. Nov. 26, 2018) ................................................ 9

*Marek v. Chesny*,
 473 U.S. 1 (1985) .................................................................................................................... 10

*Padgett v. Loventhal*,
 No. 5:04-CV-03946-EJD, 2015 WL 4240804 (N.D. Cal. July 13, 2015) ........................................ 4, 11

*Quy Troung v. Garden Square Parking Ass'n*,
 No. SACV 17-01758 AG (JDEx), 2019 WL 12381118 (C.D. Cal. Sept. 9, 2019) ............................. 11

*Schulken v. Washington Mut. Bank*,
 No. 09-CV-02708-LHK, 2013 WL 1345716 (N.D. Cal. Apr. 2, 2013) ..................................... 4, 5, 6, 7

*Senne v. Kansas City Royals Baseball Corp.*,
 No. 14-CV-00608-JCS, 2023 WL 4238509 (N.D. Cal. June 27, 2023) ................................... 4, 5, 9, 10

*Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*,
 598 F.3d 1061 (9th Cir. 2010) ........................................................................................................ 7

*Stillman v. InService Am. Inc.*,
 838 F. Supp. 2d 138 (S.D.N.Y. 2011) ............................................................................................. 6

*Tri-Star Pictures, Inc. v. Unger*,
 32 F. Supp. 2d 144 (S.D.N.Y.),
 *aff'd*, 198 F.3d 235 (2d Cir. 1999) ................................................................................................ 12

*Voice v. Stormans Inc.*,
 757 F.3d 1015 (9th Cir. 2014) ........................................................................................................ 1

*Yuga Labs, Inc. v. Ripps*,
 2024 WL 489248 (C.D. Cal. Jan. 11, 2024) .................................................................................. 13

*Zakikhani v. Hyundai Motor Co.*,
 No. 8:20-CV-01584-SB-JDE, 2023 WL 9420118 (C.D. Cal. Dec. 14, 2023) ......................... 7, 10, 11

**Statutes**

15 U.S.C. § 1117 ............................................................................................................................ passim

42 U.S.C. § 12205 .................................................................................................................................. 11

Cal. Civ. Code § 1780 ............................................................................................................................ 11

O.RS. 31.152(3) ..................................................................................................................................... 11

**Rules**

Fed. R. App. P. 7 ................................................................................................................... passim

Fed. R. App. P. 39 ............................................................................................................................ 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court entered judgment in Plaintiffs' favor against all Defendants on February 14, 2025. ECF No. 431. Defendant Leascend Technology Co., Ltd. fka Xiamen 35.Com Internet Technology Co., Ltd. ("Leascend") has appealed that judgment and at least four other orders of the Court. ECF Nos. 438, 439, 468. Since then, Leascend has done *nothing* to suggest that it will pay the judgment, attorneys' fees, or costs awarded by this Court once it loses the appeal. Indeed, the Court recently held Leascend in civil contempt of court because Leascend failed to deposit $5.5 million into a United States escrow account as *expressly ordered to ensure that this Court's judgment would be satisfied*. And Leascend publicly suggested that this Court lacks authority over it—describing as low the chances of enforcement of this Court's judgment against Leascend in China. ECF Nos. 433-4 at 6, 464 at 24:25-25:6. The odds of Leascend paying Plaintiffs' appellate costs and attorneys' fees[1] if Leascend loses its appeal are miniscule.

Fortunately, this Court has discretion under Rule 7 of the Federal Rules of Appellate Procedure ("Rule 7") to order Leascend to post a bond in an amount necessary to ensure that Leascend pays Plaintiffs' appellate costs, including attorneys' fees. *Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012). District courts in the Ninth Circuit apply a three-factor test to determine if a bond is warranted: (1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay costs if the appeal fails, and the (3) the likelihood that the appellant will lose the appeal. *Id.* Each factor weighs heavily in favor of granting this motion. First, Leascend has demonstrated through court filings its financial ability to post the bond. Second, Leascend's failure to make any efforts to pay this Court's judgment, combined with Leascend's past willful violations of this Court's order to deposit funds into escrow, demonstrate a significant risk that Leascend will not pay Plaintiffs' costs and fees for an unsuccessful appeal. Third, Leascend is unlikely to prevail in its appeal.

Accordingly, Plaintiffs respectfully request that the Court order Leascend to post a $210,000

---

[1] The Court has determined that this is an exceptional case pursuant to 15 U.S.C. § 1117(a), entitling Plaintiffs to their attorneys' fees on appeal. "Generally, a party that is entitled to an award of attorneys' fees in the district court is also entitled to an award of attorneys' fees on appeal." *Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1224 (9th Cir. 2023) (quoting *Voice v. Stormans Inc.*, 757 F.3d 1015, 1016 (9th Cir. 2014)).

appeal bond to cover both Plaintiffs' costs and attorneys' fees for the appeal, the latter of which are appropriate to include as costs under the Lanham Act's attorneys' fees-shifting provision, 15 U.S.C. § 1117(a).

## II.   STATEMENT OF ISSUES TO BE DECIDED

1.   Whether a bond under Rule 7 is necessary to ensure Leascend's payment of costs and attorneys' fees on appeal; and

2.   Whether an appeal bond of $210,000 is an appropriate amount to impose for Plaintiffs' anticipated costs and attorneys' fees on appeal under Rule 7.

## III.   STATEMENT OF FACTS

On March 12, 2025, Leascend filed its Notice of Appeal of the amended default judgment based on at least four underlying orders that merged into the designated judgment on appeal. ECF Nos. 438, 439. First, Leascend appealed the November 7, 2023, Order Granting Plaintiffs' Motion for Summary Judgment on Alter Ego; Striking 35.CN's Answer. ECF Nos. 351 (under seal) and 357 (partially unsealed) ("Summary Judgment Order"). In the Summary Judgment Order, the Court stated: "[b]ased on the voluminous records submitted by plaintiffs along with [Leascend's] failure to designate facts showing a genuine issue for trial, the Court hereby finds that [Leascend] and the OnlineNIC defendants[2] are alter egos of each other. Accordingly, the terminating sanctions that have issued in this case against the OnlineNIC defendants are extended to [Leascend] as well." *Id*. at 1:16-19.

Second, Leascend appealed the May 3, 2024, Order Granting Plaintiffs' Motion for Default Judgment. ECF No. 393 ("Default Judgment Order"). In the Default Judgment Order, the Court found that it "has personal jurisdiction over defendant OnlineNIC, and alter egos ID Shield and [Leascend], because OnlineNIC maintains and operates its business in California." *Id*. at 5:8-9. In addition, the Court stated: "[w]ith default now entered against all defendants, the Court takes as true the well-pleaded allegations of the [Second Amended Complaint]" for cybersquatting and trademark violations. *Id*. at 6:8-11. The Court further found that default judgment was appropriate after reviewing the seven factors described in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default Judgment Order at 6:13-7:26. Finally, the Court

---

[2] The OnlineNIC Defendants are Defendants OnlineNIC Inc. and Domain ID Shield Service Co., Ltd.

stated that it agreed "with the reasoning and analysis in Judge van Keulen's Report and Recommendation [ECF No. 225] at 24-28 and ADOPTS IN FULL the report at Section IV(A). The Court will award plaintiffs $3,135,000 in statutory damages under the ACPA." Default Judgment Order at 10:8-10.

Third, Leascend appealed the December 20, 2024, Order Re: Plaintiffs' Emergency Ex Parte Application for a Temporary Restraining Order Freezing Assets. ECF No. 420 ("TRO Order"). At the hearing on Plaintiffs' ex parte application for a TRO, the Court stated: "the Court has found that Meta is entitled to somewhere south of $5.5 million, and it's my plan to make it as possible for that to be realized as I can. And so I am inclined to disallow anything that's going to make that impossible . . . ."). *See* ECF No. 423 (Dec. 20, 2024, TRO Hearing Transcript ("TRO Hr'g Tr.")) at 10:9-14. To that end, the Court ordered Leascend "shall deposit, on or before January 31, 2025, $5.5 million (USD) into an escrow account in the United States." TRO Order at 2 ¶ 1. The Court further ordered that Leascend "shall not sell or transfer the registrar business or accreditation (IANA No. 4163), currently held by [Leascend's] wholly-owned subsidiary Xiamen 35.com Information Co., Ltd. ('35.com') . . . until [Leascend] has deposited the $5.5 million into an escrow account pursuant to paragraph 1." *Id*. at ¶ 3.

Finally, Leascend appealed the February 14, 2025, Amended Default Judgment. ECF No 431. In the Amended Default Judgment, the Court identified twenty-three separate facts to support the judgment. *Id*. at 2:18-6:5. In addition, the Court concluded that (1) the Court has personal jurisdiction over Defendants (*id.* at 6:11-12); (2) "[e]ach of the *Eitel* factors support entering default judgment against the Defendants" (*id*. at 6:16-23); (3) Defendants are liable for cybersquatting (*id*. at 7:1-8:11), trademark infringement (*id*. at 8:12-10:1), false designation of origin (*id*. at 10:2-10:20), and dilution (*id*. at 10:21-11:8); (4) statutory damages in the amount of $3,135,000 should be awarded (*id*. at 11:10-28); (5) attorneys' fees in the amount of $2,185,869.14 and costs should be awarded (*id*. at 12:1-28); and (6) "Defendants shall reimburse Plaintiffs $88,937 which represents Plaintiffs' payments to the Special Master." (*id*. at 13:2-3). Finally, the Court ordered Defendants to transfer the Infringing Domain Names to Plaintiffs and entered a permanent injunction. *Id*. at 13:4-17:18.

On May 2, 2025, Leascend filed a second Notice of Appeal. ECF No. 468.[3] Leascend separately

---

[3] By this motion, Plaintiffs request a single appeal bond related to both appeals.

appealed the April 4, 2025, Order Holding Leascend Technology Co., Ltd. in Civil Contempt of Court. ECF No. 460 ("Contempt Order"). The Court held Leascend in civil contempt because Leascend "failed to deposit the $5.5 million into an escrow account in the United States, as ordered by the Court." *Id.* at 5:28-6:1. The Court found that Plaintiffs proved "by clear and convincing evidence, that Leascend violated a specific and definite court order, beyond substantial compliance, and not based upon a reasonable and good faith interpretation of the order." *Id*. at 8:9-11.

## IV.     IMPOSING AN APPEAL BOND IS APPROPRIATE.

Rule 7 provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The purpose of an appeal bond under Rule 7 is to "protect an appellee against the risk of nonpayment by an unsuccessful appellant." *Embry*, 2012 WL 2055030, at *1. "The need for a bond, as well its amount, are left to the discretion of the trial court." *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008).

"Courts in the Ninth Circuit consider the following factors in determining whether an appeal bond is appropriate: (1) the appellants' financial ability to post bond; (2) the risk that appellants will not pay the costs if they lose the appeal; and (3) the likelihood that they will lose the appeal and be subject to costs." *Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2023 WL 4238509, at *1 (N.D. Cal. June 27, 2023) (citing *Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013)); *see also Figure Eight Holdings, LLC v. Dr. Jays, Inc.*, 534 Fed. App'x 670, 670-71 (9th Cir. 2013) (affirming district court's imposition of an appeal bond under the same factors). Each of these factors favors imposing a bond on Leascend, and the Court should do so to protect Plaintiffs against the substantial risk of Leascend failing to pay Plaintiffs' appeal costs.

### A.      Leascend has the financial ability to pay an appeal bond.

Leascend's financial statements demonstrate its financial ability to pay an appeal bond. *See Broomfield v. Craft Brew All.*, *Inc.*, No. 17-CV-01027-BLF, 2020 WL 1972501, at *2 (N.D. Cal. Apr. 13, 2020) ("The first factor generally weighs in favor of a bond unless a party is financially unable to post a bond." (quoting *Padgett v. Loventhal*, No. 5:04-CV-03946-EJD, 2015 WL 4240804, at *3 (N.D. Cal. July 13, 2015)); *see also Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007) (noting

that a relevant factor in evaluating whether to impose a bond is "financial hardship" that "indicate[s] that the bond would unduly burden" the right to appeal). According to Leascend's financial statements recently filed with the Court, Leascend possesses about $444 million (3,234,829,148.21 RMB) in total assets, including about $13 million (94,721,337.29 RMB) in cash and cash equivalents. ECF No. 436 at 4-5; *see also* ECF No. 415 (Leascend's TRO Opposition) at 3 n.3 (detailing extensive assets in similar amounts, including $57 million in current assets expected to be converted into cash or use within one year or less). Further, as of at least December 20, 2024, Leascend represented to this Court that it could transfer $3 million into a United States escrow account. TRO Hr'g Tr. at 11:3-10. And, of course, Leascend recently received approximately $6.6 million (48,238,900 RMB) from the sale of its wholly owned subsidiary, 35 Info. ECF No. 408-1 (Guye Declaration) ¶ 3.

Moreover, *Leascend*—not Plaintiffs—bears the burden to establish that it cannot post an appeal bond. *James v. Uber Techs. Inc.*, No. 3:19-cv-06462-EMC, 2022 WL 6468665, at *3 (N.D. Cal. Oct. 10, 2022). And "[m]ere claims of a party's financial inability to pay are insufficient." *Figure Eight Holdings, LLC v. Dr. Jay's, Inc.*, No. CV 10-7828 R (AJWX), 2012 WL 12893450, at *1 (C.D. Cal. June 18, 2012), *aff'd sub nom. Figure Eight,* 534 F. App'x 670. Rather, Leascend "must provide specific financial information demonstrating that they cannot afford to post a bond and/or reflecting the maximum amount that they can afford." *Senne,* 2023 WL 4238509, at *2. As shown above, it cannot do so.

Thus, the first factor weighs in favor of imposing an appeal bond.

**B.   There is a significant risk that Leascend will not pay Plaintiffs' costs.**

Based on Leascend's past conduct and its location in China, there is a significant risk that Leascend will not pay Plaintiffs' costs on appeal. This second factor "weighs in favor of granting an appeal bond when collecting costs after a failed appeal would be difficult." *James*, 2022 WL 6468665 at *4. In evaluating the risk that an appellant will not pay costs on appeal, courts found relevant whether the appellant has paid prior awards against it (*Figure Eight*, 2012 WL 12893450, at *2) and where the appellant resides (*Schulken*, 2013 WL 1345716, at *5).

First, "[c]ourts have consistently held that there is a substantial risk of nonpayment where a party has not paid prior awards." *Figure Eight,* 2012 WL 12893450, at *2. Further, "[w]here a party has not paid a judgment or posted a *supersedeas* bond, it 'raises serious concerns about their ability to do so.'" *Id.*

(quoting *Stillman v. InService Am. Inc.*, 838 F. Supp. 2d 138, 140 (S.D.N.Y. 2011)). Leascend has not paid the judgment issued in this case or posted a *supersedeas* bond. Moreover, the Court held Leascend in contempt for failing to comply with an order designed to ensure that Leasend would pay the judgment in this case. Contempt Order at 9:2-4. Considering the purpose of the TRO Order was to ensure that Leascend would pay this Court's judgment (TRO Hr'g Tr. 15:2-23), Leascend's contemptuous conduct magnifies the high risk that it will not pay Plaintiffs any money it owes, let alone Plaintiffs' costs on appeal.

Second, "courts in the Northern District have recognized that collecting costs from out of state appellants may be diffic[]ult." *Schulken*, 2013 WL 1345716, at *5 (citing *Embry*, 2012 WL 2055030, at *1). An appellant's absence from the state "is particularly troubling when [the] appellant lives outside the jurisdiction of the Ninth Circuit." *Id.* Leascend is based in China. As such, it will be extremely difficult for Plaintiffs to collect appeal costs after Leascend's failed appeal because it is "difficult if not impossible to enforce U.S. judgments in China." *Cisco Sys., Inc. v. Wuhan Wolon Commc'n Tech. Co.*, No. 5:21-CV-04272-EJD, 2021 WL 4962661, at *9 (N.D. Cal. July 23, 2021) (collecting authorities). Indeed, Leascend *publicly stated* that "the possibility of direct enforcement" of the Court's judgment "in China is low." ECF No. 433-04 at 6 (Leascend's public announcement).

In sum, Leascend failed to comply with the TRO Order to deposit $5.5 million into an escrow account. Leascend also has not paid the Amended Default Judgment of $5,409,806.14. And, Leascend publicly stated that the possibility of enforcing the Amended Default Judgment in China is low. Accordingly, there is a significant risk that Leascend will not pay Plaintiffs' appeal costs, which weighs in favor of imposing an appeal bond.

### C. Leascend is unlikely to succeed on the merits of its appeal.

"A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal." *Figure Eight*, 2012 WL 12893450, at *2. This factor favors imposing a bond because Leascend is unlikely to succeed in its appeal given the applicable standards of review and the extensive analysis by the Court for each appealed decision. Three of the four challenged orders are reviewed for abuse of discretion, and the fourth—summary judgment—is based on record evidence establishing no dispute of material fact. And the Court

6

PLAINTIFFS' MOTION FOR APPEAL BOND
Case No. 3:19-cv-07071-SI

correctly analyzed the underlying issues in each challenged order.

Courts agree that a deferential standard of review makes success on appeal unlikely and favors imposition of a bond. *See, e.g.*, *Do v. First Fin. Sec., Inc.*, No. 2:14-cv-07608-SVW-AJW, 2016 WL 11757885, at *2 (C.D. Cal. Jan. 11, 2016); (finding "this factor weighs in favor of ordering a Rule 7 bond" because "[o]nly in rare cases will [the Ninth Circuit] question the exercise of discretion"); *Keller v. Nat'l Collegiate Athletic Ass'n*, No. C 09-1967 CW, 2015 WL 6178829, at *3 (N.D. Cal. Oct. 21, 2015) (ordering a bond because the challenged objections it had overruled as meritless "can only be reversed if the Ninth Circuit finds the Court abused its discretion"). Like in *Do* and *Keller*, three challenged orders on appeal will be reviewed for abuse of discretion.[4] Because the Court did not abuse its discretion, this alone weighs in favor of a bond as to three of the four challenged orders.

In addition to weighing the standard of review for an appeal, courts also examine the reasoning of the appealed decisions to determine the likelihood of success on appeal. For instance, the district court in *Zakikhani* noted that none of the court's rulings "rested on a close or debatable legal issue." *Zakikhani v. Hyundai Motor Co.*, No. 8:20-CV-01584-SB-JDE, 2023 WL 9420118, at *2 (C.D. Cal. Dec. 14, 2023). Similarly, in *Schulken*, the district court found this "third factor weighs heavily in favor of setting an appeal bond" because each of the issues raised by the appellant "ha[d] been thoroughly addressed" by the district court, including two of which were meritless. 2013 WL 1345716, at *5. And in *Broomfield*, the district court explained a bond was warranted because it had "engaged in an extensive analysis" of the motion appealed from, "including the merits of the objections, and found the [awarded relief] to be fair, adequate, and reasonable" and thus held that this factor weighed in favor of posting an appeal bond. *Broomfield*, 2020 WL 1972501, at *3.

With respect to the Summary Judgment Order, the only appealed order subject to *de novo* review,

---

[4] *See DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007) (entry of default judgment reviewed for an abuse of discretion); *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1056 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 24, 2001) ("the judge's decision to order default judgment is reviewed for an abuse of discretion" where the default was entered as a sanction for misconduct); *Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1069 (9th Cir. 2010) (citing *Am. Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)) (the grant or denial of injunctive relief is ordinarily reviewed for abuse of discretion); *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) ("We review a district court's civil contempt order for an abuse of discretion.").

the Court thoroughly reviewed the facts and law in finding that summary judgment on alter ego was appropriate. The Court held that "much of [Leascend's] 'evidence' is actually inadmissible; [Leascend] does not rebut much of the evidence that plaintiffs have presented; and [Leascend's] briefs make sweeping assertions that are unsupported by any evidence." Summary Judgment Order at 6:20-23. By comparison, the Court found that "the factual detail provided in the summary judgment motion was on another level altogether. Where the amended complaint alleged that defendants were alter egos, the summary judgment motion actually connected the dots, sometimes in painstaking detail. . . . The detailed evidentiary support plaintiffs provided in the motion ultimately led to their prevailing." ECF No. 430 at 5:18-25. Because Leascend failed to provide *any* evidence establishing a dispute of material fact, the Court correctly held that this was not a close call, based on a thorough analysis of the law and admissible facts.

Further, while the standard of review for the remaining orders already minimizes Leascend's chances for a successful appeal, those orders were also thoroughly reasoned and did not present close factual or legal questions. In granting default judgment, the Court noted that "[m]any of the issues presented . . . have already been litigated and/or decided in some form during the lengthy history of the case" followed by a detailed analysis. Default Judgment Order at 1:17-18. The TRO Order to deposit $5.5 million into escrow issued following a lengthy hearing where the Court relied on Leascend's own financial representations to craft relief designed to minimize the impact on Leascend's business while ensuring Leascend did not dissipate its assets. TRO Hr'g Tr. at 15:6-16:6, 19:13-24. And the Contempt Order issued after two hearings and multiple rounds of briefing, with the Court finding Plaintiffs had shown by clear and convincing evidence that contempt was warranted "even accepting Leascend's version of events as true." Contempt Order at 7:8-10, 8:9-11.

In sum, all but one of the decisions on appeal are subject to a highly deferential standard, and the only one that is not, the question of summary judgment, was extensively analyzed and did not present any close factual or legal issues. This factor therefore weighs in favor of posting an appeal bond.

**V.    A BOND IN THE AMOUNT OF $210,000 IS APPROPRIATE TO COVER PLAINTIFFS' COSTS AND ATTORNEYS' FEES ON APPEAL.**

Rule 7 does not expressly require Plaintiffs to make any showing of costs for an appeal bond motion. *See* Fed. R. App. P. 7; *Long v. Authentic Athletix LLC*, No. 16-CV-03129-JSC, 2018 WL 6168531,

at *2-3 (N.D. Cal. Nov. 26, 2018) (ordering appeal bond despite moving party "provid[ing] no guidance" on the amount). Thus, "Plaintiffs need not provide an itemized breakdown of the anticipated appellate costs. Rather, courts must consider the types of costs requested and the reasonableness of the requests . . . in light of other cases, and the statements in Plaintiffs' declaration." *Senne*, 2023 WL 4238509, at *2. (internal citation and quotation marks omitted). In estimating costs for an appeal bond, courts consider the length of time of the underlying litigation and the volume of the record. *Id.* ("This litigation has spanned almost a decade and the record is voluminous, supporting Plaintiffs' relatively high estimate of Rule 39(e) costs.").

This litigation has been pending for over five and a half years, and the record is undoubtedly voluminous. Moreover, Leascend's appeals involve at least five different orders, including the Summary Judgment Order, which will likely necessitate a *de novo* review of the evidence that was before the district court at the time of summary judgment (*see Lippi v. City Bank*, 955 F.2d 599, 604 (9th Cir. 1992) ("Our review is limited to the record presented to the district court at the time of summary judgment.")).[5] As explained in more detail below, Plaintiffs expect their reasonable costs on appeal to be at least $210,000, including (1) $10,000 in costs under Rule 39 and (2) $200,000 in estimated attorneys' fees as authorized pursuant to the Lanham Act's fee-shifting provision, 15 U.S.C. § 1117(a).

### A.     The bond should secure $10,000 for costs under Rule 39.

Rule 39 of the Federal Rules of Appellate Procedure ("Rule 39") provides the starting point for calculating an appropriate appeal bond under Rule 7. *See In re Magsafe Apple Power Adapter Litig.*, 571 F. App'x 560, 563 (9th Cir. 2014) ("A district court may always include in an appeal bond the costs specified in Fed. R. App. P. 39."); *Senne*, 2023 WL 4238509, at *2 ("There is no question that the amount of the bond should, at least, be sufficient to cover the specific costs enumerated under Rule 39(e)."). Rule 39(e) lists as taxable costs: (1) preparation and transmission of the record; (2) the reporter's transcript, if necessary; (3) any premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the filing fee for the notice of appeal. Fed. R. App. P. 39. In light of the scope of Leascend's appeal, Plaintiffs anticipate their costs will amount to $10,000. Declaration of Micah G. Block

---

[5] The briefing on Plaintiffs' (converted) motion for summary judgment is particularly voluminous at nearly 800 pages including exhibits. *See* ECF Nos. 359-363, 372.

("Block Decl.") ¶ 6. This estimate is within the range of Rule 39 costs courts have imposed for appeal bonds under Rule 7. *See Senne*, 2023 WL 4238509, at *2 (surveying cases and stating "$10,000 estimate is on the high side but is, nonetheless, within the range of what district courts have found to be appropriate"); *Zakikhani*, 2023 WL 9420118, at *2 ("$10,000 in Rule 39(e) costs are properly included in the appeal bond"). Accordingly, including $10,000 in Rule 39 costs is appropriate in calculating the amount of the appeal bond required from Leascend.

### B. The bond should secure $200,000 for costs of attorneys' fees under 15 U.S.C. § 1117(a).

Attorneys' fees on appeal may be awarded pursuant to the Lanham Act's fee-shifting provision, 15 U.S.C. § 1117(a), and should be included in the appeal bond. The Ninth Circuit has expressly rejected the minority view that "costs" under Rule 7 cannot in any instance include attorneys' fees. Instead, the Ninth Circuit held the drafters of Rule 7 "'intended [that rule] to refer to all costs properly awardable' at the conclusion of the appeal, including attorney's fees authorized by relevant statutory authority." *Azizian*, 499 F.3d at 958 (citing *Marek v. Chesny*, 473 U.S. 1, 9 (1985)). The Court in *Azizian* concluded that "the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees." *Id.*

In reaching this decision, the Ninth Circuit joined in the "majority rule," adopted by the Second, Sixth, and Eleventh Circuits, that "a district court may order security for appellate attorney's fees in a Rule 7 bond if they would be treated as recoverable costs under an applicable fee-shifting statute." *Id.* at 955, 958. The Court considered and relied in part on the Sixth Circuit's decision in *In re Cardizem CD Antitrust Litig.*, which evaluated a Tennessee fee-shifting statute that permitted the recovery of "*reasonable attorney's fees and costs*." 391 F.3d 812, 817 (6th Cir. 2004). There, the Sixth Circuit concluded that "the underlying statute was sufficient to inform the definition of 'costs' under Fed. R.App. P. 7." *Id.* at 818; *see also Azizian*, 499 F.3d at 958 ("The Sixth Circuit . . . [held] that a Tennessee statute shifting fees to prevailing defendants supported including attorney's fees in a Rule 7 bond."). In so holding, the Sixth Circuit explicitly rejected the appellant's contention that the semantic distinction between fees and costs in the underlying fee-shifting statute barred inclusion of attorneys' fees in a Rule 7 bond. *See In re Cardizem*, 391 F.3d at 817 n.4 ("*Marek* does not require that the underlying

statute provide a definition for 'costs.' Rather, *Marek* requires a court to determine which sums are 'properly awardable' under the underlying statute, and to include those sums as 'costs' under the procedural rule.").

District courts in the Ninth Circuit have interpreted *Azizian* somewhat inconsistently. Some courts have interpreted *Azizian* to require that the underlying statute explicitly define "attorneys' fees" as part of "costs" for those fees to be included in an appeal bond. *See, e.g., Padgett*, 2015 WL 4240804, at *2 ("The mere existence of a fee-shifting statute is not sufficient; '[r]ather, the statute must specifically define 'costs' to include attorney's fees.'") (quoting *In re Heritage Bond Litig.*, 233 Fed. App'x. 627, 630–31 (9th Cir. 2007) (predating *Azizian*)). Yet, *Azizian* need not be interpreted so narrowly. *Azizian*, relying on the Supreme Court decision in *Marek*, instructs courts to determine which sums are "properly awardable" by a relevant statutory authority—including attorneys' fees—and to include those sums as "costs" under Rule 7. 499 F.3d at 958.

Contrary to cases like *Padgett*, *supra*, several courts within the Ninth Circuit have required an appeal bond including attorneys' fees despite the absence of a definition of "costs" that explicitly includes "attorneys' fees" in the relevant underlying statute. *See, e.g., Zakikhani*, 2023 WL 9420118, at *4 (including attorneys' fees in an appeal bond pursuant to Cal. Civ. Code § 1780, which states: "The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section. Reasonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith."); *Quy Troung v. Garden Square Parking Ass'n,* No. SACV 17-01758 AG (JDEx), 2019 WL 12381118, at *2 (C.D. Cal. Sept. 9, 2019) (including attorneys' fees in an appeal bond pursuant to 42 U.S.C. § 12205, which entitles prevailing parties to "a reasonable attorney's fee, including litigation expenses, and costs"); *Holt v. Urb. League of Portland, Inc.*, No. 3:22-CV-00837-YY, 2024 WL 5319081, at *4 (D. Or. Dec. 16, 2024), *report and recommendation adopted*, No. 3:22-CV-00837-YY, 2025 WL 72137 (D. Or. Jan. 10, 2025) (including attorneys' fees in an appeal bond pursuant to O.RS. 31.152(3), which entitles prevailing defendants to "reasonable attorney fees and costs").

While undersigned counsel have not surfaced any cases in the Ninth Circuit addressing this issue with respect to the Lanham Act specifically, the Second Circuit affirmed a district court's decision

requiring a defendant in a trademark infringement case to post an appeal bond that includes attorneys' fees based on its prior finding that the case was exceptional. *See Tri-Star Pictures, Inc. v. Unger*, 32 F. Supp. 2d 144, 150 (S.D.N.Y.), *aff'd*, 198 F.3d 235 (2d Cir. 1999). And this makes sense: Rule 7's effectiveness as a safeguard for appellees would be greatly limited if properly awardable attorneys' fees could not be assessed as part of costs. As its purpose is "to protect an appellee against the risk of nonpayment by an unsuccessful appellant," (*Figure Eight*, 2012 WL 12893450, at *1), it is not "bizarre or anomalous for the amount of the bond to track the amount the appellee stands to have reimbursed" (*Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir. 1998)).

The Lanham Act provides that a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Attorneys' fees may be awarded in Lanham Act cases on appeal. *Jason Scott Collection,* 68 F.4th at 1223-24 (affirming district court's finding that case was "exceptional" under § 1117(a) and awarding attorneys' fees on appeal). Here, this Court determined this was an exceptional case warranting attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a). ECF No. 393 at 8:13-16. The Court awarded Plaintiffs "their reasonable attorneys' fees—related to the proceedings before the Special Master, the Motion for Sanctions, and the Motion for Default/Summary Judgment against 35.CN on the alter ego question—as well as costs." *Id.* at 9:2-4. And once Leascend's appeal fails, Plaintiffs will be entitled to their attorneys' fees related to these issues on appeal. *See Jason Scott Collection,* 68 F.4th at 1223-24. Because Plaintiffs stand to have their attorneys' fees reimbursed if Leascend's appeal fails, the Court in its discretion may include these fees in an appeal bond under Rule 7. *Cf. Azizian*, 499 F.3d at 959 ("[A]llowing district courts to include appellate attorney's fees in estimating and ordering security for statutorily authorized costs under Rule 7 comports with their role in taxing the ***full range*** of costs of appeal.") (emphasis added).

In light of the scope of Leascend's appeal, Plaintiffs anticipate their attorneys' fees will amount to $200,000 based on a conservative estimate of 200 hours at a reasonable hourly rate of $1,000. Block Decl. ¶¶ 3-5. When setting a fee under the Lanham Act, "the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The estimated 200 hours on both appeals is reasonable. *See* Block Decl. ¶ 4; *see also Athena Cosms., Inc. v. AMN Distribution Inc.*, No. 2:20-CV-05526-SVW-SHK, 2025 WL 736570, at *4 (C.D. Cal. Jan. 29, 2025) (finding over 200 hours expended on single appeal of summary judgment in case involving Lanham Act claims reasonable). Reasonable attorney rates in California substantially exceed $1,000 per hour. Block Decl. ¶ 3. For example, last year, a court found that rates ranging from $1,355 to $1,410 for partners and $710 to $1,185 for associates were reasonable, noting that "a $1,000 plus rate for a five to six year associate is reasonable." *See Yuga Labs, Inc. v. Ripps*, 2024 WL 489248, at *3-4 (C.D. Cal. Jan. 11, 2024), *R&R adopted by* ECF No. 448 (Jan. 23, 2024) (collecting cases across California holding similar rates reasonable). Accordingly, based on reasonable prevailing rates and the complexity of the issues on appeal, a conservative estimate of $200,000 in attorneys' fees is reasonable.

## VI.   CONCLUSION

Despite having demonstrated that it possesses ample financial resources, Leascend has given this Court every indication that it has no intention of paying the judgment, attorneys' fees, or costs awarded by this Court. As a result, the odds of Leascend paying Plaintiffs' costs following its unsuccessful appeal are minimal. Plaintiffs therefore respectfully request that the Court order Leascend to post an appeal bond in the amount of $210,000.

DATED: May 9, 2025                                          Tucker Ellis LLP


By:   /s/David J. Steele
      David J. Steele
      Howard A. Kroll
      Steven E. Lauridsen

      Attorneys for Plaintiffs,
      META PLATFORMS, INC. (fka
      FACEBOOK, INC.) and INSTAGRAM, LLC

13

PLAINTIFFS' MOTION FOR APPEAL BOND
Case No. 3:19-cv-07071-SI