**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Leah Rosa Vulić (Bar No. 343520)
548 Market St. #85399
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
liana@kr.law
leah@kr.law

Attorneys for Defendant Leascend Technology Co., Ltd.
f/k/a Xiamen 35.com Technology Co., Ltd.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **FACEBOOK, INC.**, et al., | Case No. 3:19-cv-07071-SI |
| Plaintiffs, | |
| v. | **DECLARATION OF KARL S. KRONENBERGER IN SUPPORT OF DEFENDANT LEASCEND TECHNOLOGY CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION RE: CONTEMPT REMEDIES** |
| **ONLINENIC INC.**, et al., | |
| Defendants. | |
| | Date:     May 30, 2025 |
| | Time:     10:00 a.m. |
| | Ctrm:     1 – 17th Floor |
| | Before:   Hon. Susan Illston |

**DECL. OF K. KRONENBERGER ISO OPP TO MTN RE: CONTEMPT REMEDIES**

1  I, Karl S. Kronenberger, do hereby declare:

2      1.      I am an attorney admitted to practice law before this Court. I am a partner

3  at the law firm of Kronenberger Rosenfeld, LLP, counsel of record for Defendant

4  Leascend Technology Co., Ltd. f/k/a Xiamen 35.com Technology Co., Ltd. ("Defendant"

5  or "Leascend"). Unless otherwise stated, I have personal knowledge of the facts set forth

6  in this declaration, and if called as a witness I could testify to the facts contained herein.

7  This declaration is provided in connection with Leascend's opposition to the motion for

8  contempt remedies, including sanctions against Leascend and myself, filed by Plaintiffs

9  Facebook, Inc. and Instagram, LLC (collectively, "Plaintiffs" or "Meta").

10  ***Meta's Requests for Defendant to Exit the Domain Name Registration Business***

11     2.      On May 15, 2024, Meta's counsel (David Steele) emailed me and Perry

12  Narancic, copying Howard Kroll, with "High" importance. The email outlined Meta's

13  settlement proposal and attached a "Binding Term Sheet" including the following terms:

14     d) All **Defendants shall issue a public statement that: (1) they are**
       **exiting the domain name business** . . .

15     e) The 35.CN Entities represent and warrant that **they have independently**
       **decided to exit the domain business and shall not own or operate or**
16     **establish any registrar**, registry, privacy or proxy service provider, or
       reseller ([ ] a "Domain Name Business") **on or after January 1, 2025**:

17        (1) Failure to timely cease owning or operating all Domain Name
          Businesses . . . will trigger the Liquidated Damages . . . (emphasis
18        added)

19  A true and correct copy of the foregoing correspondence, with redactions for settlement

20  communications not relevant to Meta's motion, is attached as **Exhibit A**. These redacted

21  settlement communications are not being used for prohibited uses under Federal Rule of

22  Civil Procedure 408 but rather to negate a contention of undue delay and contempt.

23     3.      On May 29, 2024, Meta's counsel (David Steele) emailed me with updated

24  settlement terms, "Further to our conversation," stating in part:

25     o  Onlin[e]NIC's statement and IDShield's statement shall further include
          the language regarding that they are voluntarily getting out of the
26        domain name business (as proposed in the Term Sheet);

27     o  Leascend's statement need not include the language that it is getting
          out of the business (note: **it must still get out of the business**, but it
28        need not make a public statement to that effect) (emphasis added)

**DECL. OF K. KRONENBERGER ISO OPP TO**
                                                                                          **MTN RE: CONTEMPT REMEDIES**

1    A true and correct copy of the foregoing correspondence, with redactions, is attached as

2    **Exhibit B**.

3          4.    On July 25, 2024, I emailed Meta's counsel with a few updates, including

4    about the process for Leascend selling the domain name business and reporting to

5    regulatory authorities; after an additional email on July 27, 2024 regarding the Sale Notice

6    terms, on July 29, 2024, I emailed Meta's counsel a draft Sale Announcement, which is

7    released just after the Sale Notice and is a series of government forms. A true and correct

8    copy of the foregoing correspondence, with redactions, is attached as **Exhibit C**.

9          5.    On August 6, 2024, Meta's counsel (David Steele) emailed me, stating: "I

10   don't believe there was confusion here. **The subsidiary is going to be sold**"; Meta's

11   counsel also elaborated that the prior terms "(from the Feb. 15th [sic, May 15th] version)"

12   were that the Leascend (fka 35.CN) entities "independently decided to exit the domain

13   business and shall not own or operate or establish any registrar, registry, privacy or proxy

14   service provider . . . **on or after January 1, 2025**." (emphasis added). The foregoing

15   correspondence is included in the attached Exhibit C.

16         6.    On October 23, 2024, I emailed Meta's counsel, attaching the announcement

17   of the future sale of the subsidiary, stating: "Currently, the subsidiary is 'for sale'"; Meta's

18   counsel (Howard Kroll) responded stating: "Thanks Karl for your email. I am in the process

19   of melding the suggested revisions to our term sheet with your latest revisions to the term

20   sheet." A true and correct copy of the foregoing correspondence, with redactions, is

21   attached as **Exhibit D**.

22         7.    On December 4, 2024, Meta's counsel (Howard Kroll) emailed me with clean

23   versions of the Term Sheet that were "ready to be executed" and which included terms that

24   Leascend would issue a public statement that "Leascend, **and its subsidiary after the**

25   **sale**, will treat Meta as a Trusted Notifier . . ." (emphasis added). A true and correct copy

26   of the foregoing correspondence, with redactions, is attached as **Exhibit E**.

27              ***Responses to Meta's Allegations About My Representations***

28         8.    I    dispute    Meta's    allegations    that    I    made    bad    faith    or    reckless

1   misrepresentations in this case and respond below to each of Meta's arguments.

2       9.      Statements About the Sale and Omitting Reference to the Auction Terms:

3   Meta claims that I made misrepresentations regarding the sale of 35.Com Information Co.,

4   Ltd. ("35 Info") to Chengdu Yuyuling Internet Technology Co., Ltd. ("Yuyuling") by

5   indicating that the sale had not yet occurred in a "TRO Opp" filed on December 19, 2024

6   and at the December 20, 2024 TRO hearing in response to the Court's questioning. (Mtn

7   at 7-8). My statements were reasonable under the circumstances and promptly corrected.

8       10.     As an initial matter, I had very limited time to consult with Leascend for the

9   December 19, 2024 opposition brief and the December 20, 2024 Court hearing. Meta's

10  "emergency" TRO was filed on December 18, 2024, at 6:09 p.m. Pacific Time. The next

11  day, on December 19, 2024, at 9:12 a.m. Pacific Time, the clerk's notice set the deadline

12  for Leascend's opposition brief for 6:00 p.m. that day; moreover on December 19, 2024,

13  at 9:24 a.m., the clerk's notice set a hearing on the TRO for the following day on December

14  20, 2024, at 12:00 p.m. In other words, I had less than 9 hours to prepare the opposition

15  brief (during business hours Pacific Time, but where Leascend's representatives are in

16  China), and I had less than 27 hours to prepare for the emergency hearing, from the time

17  of the clerk's notices.

18      11.     I was able to talk to Chinese outside counsel for Leascend on the evening of

19  December 19, 2024, at which time I confirmed that Leascend's board of directors was

20  meeting on December 23, 2024, to confirm the sale; however, outside counsel did not yet

21  inform me that the operative terms of the auction state that the best offer to buy above the

22  reserve price creates an enforceable contract (i.e., that the sale was effective on December

23  5, 2024, despite the future board meeting). (See Auction Rules quoted and attached to the

24  prior declaration of Yanrong Li, dated February 21, 2025, filed as D.E. 432-1.) Thus, when

25  I addressed the Court on December 20, 2024, I reasonably assumed the transaction would

26  be enforceable only after the meeting of the board of directors.

27      12.     Still, as outlined in the December 20, 2024, transcript, I clarified that my

28  statements were based on limited time to review with my client, stating:

"**I'm somewhat hesitant because I just don't know. And this happened so quickly, we had very little time to talk to the client's representative**, which is an attorney who speaks English who has been our main contact; and so I'm fearful that **I'm not being able to factor in enough information** about the position of the client to really give you a good answer." [Dec. 20 Hr'g Tr. at 7:16-8:25; 12:20-14:14 (emphasis added).]

13.    Subsequently, after traveling for the holidays, I had another opportunity to consult Leascend's representative (attorney Cong Zheng at Tsing Law Partners, who is outside legal counsel for Leascend in China). Mr. Zheng clarified that pursuant to the Auction Rules, the sale was effective on December 5, 2024. Therefore, in briefing to the Court and in hearing statements to the Court to clarify the complex situation, I explained to the Court that I had the facts wrong on December 20, 2024.

14.    In particular, at the March 14, 2025 hearing, I explained how the attorney role was to provide Court Orders to my client as quickly as possible and tell them to comply, not to get around it; I also confirmed that I had limited time to prepare for the December 20th hearing and on that day did not know about the terms of the auction. [Mar. 14 Hr'g Tr. at 4:15-6:4, (outlining that the sale was effective December 5th).]

15.    On April 4, 2025, the Court held another hearing, and I again explained how the auction documents outlined how the business was sold on December 5th but that I did not have the auction terms before the December 20th hearing; I also discussed how Leascend faced difficulty transferring money out of China as international transfers are highly regulated for a public company. [Apr. 4 Hr'g Tr. at 6:2-7:23.]

16.    <u>Statement About Communicating with the Client in English</u>. Meta targets my statement about no one at Leascend speaking English. (Mtn at 19.) To clarify, while there is a client representative who provided a declaration in this matter and speaks English and Chinese, there have been Chinese language/translation and time-of-day barriers with my representation of Leascend, which is a Chinese company.

17.    In particular, legal discussions between myself and the client have required separate outside counsel in China, TsingLaw Partners. As represented, my primary contact for Leascend on these issues has been an attorney at TsingLaw Partners who

1  speaks English and Chinese.

2          18.     Statement About No U.S. Assets. Meta attacks statements made about

3  Leascend lacking U.S.-based assets, and they point to two .com domain names. This is a

4  complex issue, and my position had legal and factual support.

5          19.     In Court, I stated that Leascend has no U.S. assets, and I believed that to be

6  true when I made the comment. For example, Defendant filed a prior declaration in this

7  case for its personal jurisdiction motion outlining lack of contacts in the U.S., including lack

8  of assets, accounts, offices, employees, owners, directors, agents, or business.

9          20.     While Meta makes the argument that corporate domain names that may be

10 owned by Leascend are U.S. assets, this argument is a questionable one, as the core of

11 these purported assets is a Chinese trademark, and Leascend does not even own the

12 domain name *leascend.com* (as confirmed by the separate declaration being filed by

13 Leascend's representative). Further, this statement should not be construed as a

14 misrepresentation, and it is consistent with Leascend's arguments in its personal

15 jurisdiction motion.

16         21.     Statement About ICANN Certificate. Meta argues that I made statements

17 inconsistent with an ICANN certificate that is dated February 20, 2025, in connection with

18 the date of the sale outlined above. (Mtn at 5, citing Guye Decl. ¶ 2, Ex. 1.) I did not.

19 Notably, this certificate was not created by me or Leascend. Further, Meta has

20 misinterpreted and/or mistranslated the certificate to argue that the sale was finalized on

21 February 20, 2025, when the translated certificate merely states that the sale was effective

22 "as of" the date of issuance, where there is a listed date of February 20, 2025. Decl. of

23 Yanrong Li in Support of Opposition to Motion re: Contempt Remedies, ¶6. Thus, my

24 statements to the Court were consistent with this certificate. A true and correct copy of

25 correspondence forwarding the certificate is attached as **Exhibit F**.

26         22.     Statement About Funds Wired from Hong Kong. Meta claims I

27 misrepresented facts about Leascend wiring money from Hong Kong. (Mtn at 9.) I did not.

28         23.     For context, I tried to assist with a settlement where settlement funds would

KRONENBERGER ROSENFELD

be wired from an account in Hong Kong owned by a financing partner of Leascend. I informed Meta's counsel multiple times about this potential alternative to Leascend wiring funds directly from China. (*See e.g.,* my July 22, 2024 email about funds originating in Hong Kong.) However, my efforts to facilitate payments from Hong Kong failed. While I did comment on the proposal for funds to be wired from Hong Kong to the Court, Leascend was not able to wire any funds from Hong Kong into escrow or otherwise. These statements by me were not misstatements.

24.    I am aware that my client, Leascend, uses an email address @leasdgrp.com for legal communications that would be impacted if there was deactivation of that domain name.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day of May 2025 in San Francisco, CA.

By:    s/ Karl S. Kronenberger
          Karl S. Kronenberger

Exhibit A

**Attachments:**    2024-04-25.03 - Exhibit B - Block List.docx; 2024-04-24.04- Exhibit C - Trusted Notifier Program.docx; 2024-04-24.02- Exhibit A - Reveal Request Protocol.docx; 2024-05-15.02 - Meta - OnlineNIC - Proposed Term Sheet.docx

**Importance:**    High

**From:** Steele, David J. <David.Steele@tuckerellis.com>
**Sent:** Wednesday, May 15, 2024 8:44 AM
**To:** Karl Kronenberger <karl@kr.law>; Perry J. Narancic (pjn@lexanalytica.com) <pjn@lexanalytica.com>
**Cc:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** FRE 408 Settlement Proposal (TE No. 015949-007)
**Importance:** High

** FRE 408 **
** For Settlement Purposes Only **

Karl and Perry,

In a final effort to resolve the dispute, Meta extends this best and final settlement offer to globally resolve this dispute. We look forward to discussing any questions you may have regarding the agreement during our meet and confer conference later today.

We look forward to talking with you both later today.

Thank you,

**David Steele | Partner | Tucker Ellis LLP**
515 South Flower Street | Forty-Second Floor| Los Angeles, CA 90071
Direct: 213-430-3360
david.steele@tuckerellis.com

This e-mail is sent by the law firm of Tucker Ellis LLP and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately by return email.

# **Binding Term Sheet**

*Meta et al. v. OnlineNIC et al*



d) All Defendants shall issue a public statement that: (1) they are exiting the domain name business; (2) until they do so, they will treat Meta as a Trusted Notifier and implement a block list to protect the Meta brands and users from domain name abuse; and (3) Meta has been paid statutory damages & fees.

e) The 35.CN Entities represent and warrant that they have independently decided to exit the domain business and shall not own or operate or establish any registrar, registry, privacy or proxy service provider, or reseller (collectively, a "Domain Name Business") on or after January 1, 2025.

    (1) Failure to timely cease owning or operating all Domain Name Businesses, or establishing any Domain Name Business, will trigger the Liquidated Damages of 2(j)(ii) below.









**Signatures appear on the following two pages**

**For Meta Platforms, Inc.**

| | |
|---|---|
| Printed Name | Title |

| | |
|---|---|
| Signature | Date |

**For Instagram LLC**

| | |
|---|---|
| Printed Name | Title |

| | |
|---|---|
| Signature | Date |

**For Leascend, Xiamen 35.com Information Co., Ltd.**

| | |
|---|---|
| _____ | _____ |
| Printed Name | Title |
| | |
| _____ | _____ |
| Signature | Date |

**For OnlineNIC Inc**

| | |
|---|---|
| _____ | _____ |
| Printed Name | Title |
| | |
| _____ | _____ |
| Signature | Date |

**For Domain ID Shield Service Co., Limited**

| | |
|---|---|
| _____ | _____ |
| Printed Name | Title |
| | |
| _____ | _____ |
| Signature | Date |

Exhibit B

**From:** **Steele, David J.** Dav d.Stee e@tuckere s.com  📎
**Subject:** RE: Update on Potent a Sett ement (Meta v. On neNIC, et a .)
**Date:** May 29, 2024 at 3:13 PM
**To:** Kar Kronenberger kar @kr. aw, Kro , Howard A. Howard.Kro @tuckere s.com
**Cc:** L ana Chen L ana@kr. aw

DS

Further to our conversation, here is the bullet point list:



- Public statements by Defendants:



  ○ OnlinNIC's statement and IDShield's statement shall further include the language regarding that they are voluntarily getting out of the domain name business (as proposed in the Term Sheet);
  ○ Leascend's statement need not include the language that it is getting out of the business (note: it must still get out of the business, but it need not make a public statement to that effect);





_____

# Karl S. Kronenberger

**PARTNER**
**KRONENBERGER ROSENFELD, LLP**
150 Post Street, Ste 520 San Francisco, CA 94108
**Phone:** (415) 955-1155 Ext. 114

**karl@kr.law**
**www.kr.law**

Follow us

 

NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express written permission is strictly proh bited. If you are not the intended recipient, please contact the sender at the above number and delete all copies. Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).

Exhibit C













**From:** Steele, David J. <David.Steele@tuckerellis.com>
**Sent:** Tuesday, August 6, 2024 11:12 AM
**To:** Karl Kronenberger <karl@kr.law>
**Cc:** Liana Chen <Liana@kr.law>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** RE: Edits to Settlement Proposal

Karl, please see my comments below in red. I'm pretty confused from nearly everything you state in your email below as your comments do not track what we discussed on Friday.

**From:** Karl Kronenberger <karl@kr.law>
**Sent:** Tuesday, August 6, 2024 10:28 AM
**To:** Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Liana Chen <Liana@kr.law>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Subject:** RE: Edits to Settlement Proposal

**Subject:** ~~Sr. Esto to Settlement~~ ~~roposal~~

**<<< EXTERNAL EMAIL >>>**

---

David,

I have a few clarifications based on your questions during our last Zoom.

First, the sale of the subsidiary will result in the subsidiary being privately held. This is not the sale of an entity that will be a public company.

I don't believe there was confusion here. The subsidiary is going to be sold. You suggested on Friday that 35 didn't know who the purchaser was yet; but it sounds like 35 in fact does know that information. Please let me know if 35 knows who it's planning to sell to and whether any of those humans involved with that private company are any of the same folks formerly involved with 35 and/or OnlineNIC.



Meta has never indicated in any what that the statement should state or suggest that Meta is forcing Leascend out of the domain registration business. In fact, the plain language of the prior statement was "Leascend has independently decided that it will sell its subsidiary." And before that the language (from the Feb. 15th version) was "The 35.CN Entities represent and warrant that they have independently decided to exit the domain business and shall not own or operate or establish any registrar, registry, privacy or proxy service provider, or reseller (collectively, a "Domain Name Business") on or after January 1, 2025"









**From:** Karl Kronenberger <karl@kr.law>
**Sent:** Monday, July 29, 2024 7:41 PM
**To:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Liana Chen <Liana@kr.law>
**Subject:** RE: Edits to Settlement Proposal

**<<< EXTERNAL EMAIL >>>**

---

Howard and David,

Any word back from Meta?

I do have an update. Attached is a draft Sale Announcement. The Sale Announcement is released just after the Sale Notice, which is a series of government forms. Let me know if you want to discuss.

Very best,

Karl

---

**From:** Karl Kronenberger
**Sent:** Saturday, July 27, 2024 3:04 PM
**To:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Liana Chen <Liana@kr.law>
**Subject:** RE: Edits to Settlement Proposal

Hello Howard,

I do have somewhat of a framework, provided from the client (to clarify, this was written by outside Chinese counsel):

   a) **Sale Notice** The notice will include the following:

      1.  Leascend intends to sell its subsidiary (XXXX company).
      2.  The subsidiary primarily engages in domain name registration.
      3.  Post-sale, Leascend will no longer have control over this subsidiary and will cease all domain name registration activities.



███████████████████████████

Very best,

Karl

---

**From:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Sent:** Saturday, July 27, 2024 2:49 PM
**To:** Karl Kronenberger <karl@kr.law>; Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Liana Chen <Liana@kr.law>
**Subject:** RE: Edits to Settlement Proposal

Karl,

Do you have specific language we could use for the Term Sheet regarding the public statement and the timing on the public statement?

Howard

**Howard A. Kroll | Attorney | Tucker Ellis LLP**
515 South Flower Street | Forty-Second Floor| Los Angeles, CA 90071
Direct: 213-430-3365 | Fax: 213-430-3409 |
howard.kroll@tuckerellis.com        Online biography
tuckerellis.com

This e-mail is sent by the law firm of Tucker Ellis LLP and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately by return email.

---

**From:** Karl Kronenberger <karl@kr.law>
**Sent:** Thursday, July 25, 2024 5:32 PM
**To:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Steele, David J. <David.Steele@tuckerellis.com>
**Cc:** Liana Chen <Liana@kr.law>
**Subject:** RE: Edits to Settlement Proposal

**<<< EXTERNAL EMAIL >>>**



Howard and David,

I have just a few updates on my end.



4. The issue of the public statement is more complicated, but I have more background information. First, the process of selling the domain business involves Leascend filing a report with the regulatory authorities. After the authorities review it, Leascend must pass a shareholder resolution and then make a public announcement through official channels. The entire process takes, at a minimum, two weeks. Second, regarding the settlement statement, Leascend's settlement announcement will involve a separate procedure. For cases that significantly impact a listed company, the settlement must be announced immediately after the agreement is signed, as required by the regulatory authorities. The content of the announcement must include the main points of the settlement agreement. Most importantly, Leascend **cannot repeat** the sale announcement within the settlement announcement, as this would conflict with the regulations of the China Securities Regulatory Commission (CSRC). Due to these complications, I have asked Leascend to provide me a draft sale announcement ASAP.

I look forward to getting feedback from the two of you and Meta.

Very best,

Karl











Very best,

Karl

———————————————————————

# Karl S. Kronenberger

**PARTNER**
**KRONENBERGER ROSENFELD, LLP**

150 Post Street, Ste 520 San Francisco, CA 94108
**Phone:** (415) 955-1155 Ext. 114

**karl@kr.law**
**www.kr.law**

Follow us

<image001.png>

<image002.png>

NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient.  Any review, reliance or distr bution by others or forwarding without express written permission is strictly proh bited.  If you are not the intended recipient, please contact the sender at the above number and delete all copies.  Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).

Exhibit D

From: Kroll, Howard A. Howard.Kro  @tuckere  s.com  📎
Subject: RE: Fo  ow Up on Leascend Sett ement Issues
Date: October 28, 2024 at 1:24 PM
To: Kar  Kronenberger  kar @kr. aw, Stee e, Dav d J. Dav d.Stee e@tuckere  s.com
Cc: L ana Chen  L ana@kr. aw



Thanks Karl for your email. I am in the process of melding the suggested revisions to our term sheet with your latest revisions to the term sheet. ███████████████ ███████████████████████████████████████████████████████████ ███████████████████████████

**Howard A. Kroll | Attorney | Tucker Ellis LLP**
515 South Flower Street | Forty-Second Floor | Los Angeles, CA 90071
Direct: 213-430-3365 | Fax: 213-430-3409 |
howard.kroll@tuckerellis.com        Online biography
tuckerellis.com

This e-mail is sent by the law firm of Tucker Ellis LLP and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately by return email.

**From:** Karl Kronenberger <karl@kr.law>
**Sent:** Wednesday, October 23, 2024 8:29 PM
**To:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Steele, David J.
<David.Steele@tuckerellis.com>
**Cc:** Liana Chen <Liana@kr.law>
**Subject:** Follow Up on Leascend Settlement Issues

**<<< EXTERNAL EMAIL >>>**

Howard and David,

Attached is the announcement of the future sale of Leascend's subsidiary, released on Sept 3. Currently, the subsidiary is "for sale."

Also attached is draft agreement with the subsidiary, with exhibits.

████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████
███████████████████████████████████████████████

Very best,

Karl

_____

# Karl S. Kronenberger

**PARTNER**

**KRONENBERGER ROSENFELD, LLP**

150 Post Street, Ste 520 San Francisco, CA 94108
**Phone:** (415) 955-1155 Ext. 114

**karl@kr.law**
**www.kr.law**

Follow us

 

NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express written permission is strictly proh bited.  If you are not the intended recipient, please contact the sender at the above number and delete all copies.  Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).

Exhibit E



**From:** Kroll, Howard A. Howard.Kro @tuckere s.com
**Subject:** RE: 2024-11-13.02 - Meta - On neNIC - Proposed Term Sheet.docx
**Date:** December 4, 2024 at 6:52 PM
**To:** Kar Kronenberger kar @kr. aw, Stee e, Dav d J. Dav d.Stee e@tuckere s.com
**Cc:** L ana Chen L ana@kr. aw, Guye, He ena M. He ena.Guye@tuckere s.com

Here are the clean versions ready to be executed. Please let us know if these are acceptable to you and your client. And, also please let us know the status of Exhibit D to the Term Sheet.

**Howard A. Kroll | Attorney | Tucker Ellis LLP**

515 South Flower Street | Forty-Second Floor| Los Angeles, CA 90071
Direct: 213-430-3365 | Fax: 213-430-3409 |
howard.kroll@tuckerellis.com          Online biography
tuckerellis.com

This e-mail is sent by the law firm of Tucker Ellis LLP and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately by return email.











 

| | |
|---|---|
| **2024-12-04.01 - Meta - OnlineNIC - Clean Binding Term Sheet.docx** | **2024-12-04.01 - Clean Domain Name Registrar Intellectual...**<br>42 KB |

# Binding Term Sheet

*Meta et al. v. OnlineNIC et al*

g) No later than 2 days after the execution of this term sheet, Leascend shall issue a public statement that (1) Leascend, and its subsidiary after the sale, will treat Meta as a Trusted Notifier and implement a block list to protect the Meta brands and users from domain name abuse; ████████████████████████████████████████████████████████









**Signatures appear on the following two pages**

**For Meta Platforms, Inc.**

_____
Printed Name

_____
Title

_____
Signature

_____
Date

**For Instagram LLC**

_____
Printed Name

_____
Title

_____
Signature

_____
Date

**For Leascend, Xiamen 35.com Information Co., Ltd.**

| | |
|---|---|
| _____ | _____ |
| Printed Name | Title |
| | |
| _____ | _____ |
| Signature | Date |

**For OnlineNIC Inc**

| | |
|---|---|
| _____ | _____ |
| Printed Name | Title |
| | |
| _____ | _____ |
| Signature | Date |

**For Domain ID Shield Service Co., Limited**

| | |
|---|---|
| _____ | _____ |
| Printed Name | Title |
| | |
| _____ | _____ |
| Signature | Date |

Exhibit F

███████████████████████████████

| | |
|---|---|
| **From:** | Guye, Helena M. <Helena.Guye@tuckerellis.com> |
| **Sent:** | Monday, April 21, 2025 3:54 PM |
| **To:** | Karl Kronenberger; Perry J. Narancic; Nguyen, Melissa |
| **Cc:** | Steele, David J.; Kroll, Howard A.; Lauridsen, Steven E.; Jeff Rosenfeld; Leah Vulic; Liana Chen; Enson, Eric |
| **Subject:** | RE: Meta v. OnLineNIC - ICANN's Responses & Objections to Plaintiffs' Subpoena |

Karl and Perry, I'll send an FTP link shortly.

Melissa, you can disregard.

Thanks,
Helena

**From:** Karl Kronenberger <karl@kr.law>
**Sent:** Friday, April 18, 2025 6:08 PM
**To:** Guye, Helena M. <Helena.Guye@tuckerellis.com>; Nguyen, Melissa <MNguyen@crowell.com>; Enson, Eric <EEnson@crowell.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>; Jeff Rosenfeld <Jeff@kr.law>; Leah Vulic <Leah@kr.law>; Liana Chen <Liana@kr.law>; Perry J. Narancic <pjn@lexanalytica.com>
**Subject:** RE: Meta v. OnLineNIC - ICANN's Responses & Objections to Plaintiffs' Subpoena

**<<< EXTERNAL EMAIL >>>**

Hello Melissa,

Any update on this?

Very best,

Karl

_____

## Karl S. Kronenberger

**PARTNER**

**KRONENBERGER ROSENFELD, LLP**

548 Market Street, Ste 85399 San Francisco, CA 94104
**Phone:** (415) 955-1155 Ext. 114

**karl@kr.law**
**www.kr.law**

Follow us

 

NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express written permission is strictly prohibited. If you are not the intended recipient, please contact the sender at the above number and delete all copies. Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).

---

**From:** Guye, Helena M. <Helena.Guye@tuckerellis.com>
**Sent:** Thursday, April 17, 2025 5:34 PM
**To:** Nguyen, Melissa <MNguyen@crowell.com>; Enson, Eric <EEnson@crowell.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>; Karl Kronenberger <karl@kr.law>; Jeff Rosenfeld <Jeff@kr.law>; Leah Vulic <Leah@kr.law>; Liana Chen <Liana@kr.law>; Perry J. Narancic <pjn@lexanalytica.com>
**Subject:** RE: Meta v. OnLineNIC - ICANN's Responses & Objections to Plaintiffs' Subpoena

Hi Melissa,

Would you please share ICANN's responses and the secure file transfer link with counsel for Defendants? This would include:

- Karl Kronenberger karl@kr.law;
- Jeff Rosenfeld Jeff@kr.law;
- Leah Vulic Leah@kr.law;
- Liana Chen Liana@kr.law; and
- Perry J. Narancic pjn@lexanalytica.com.

(All copied here)

Thank you,
Helena

---

**From:** Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>
**Sent:** Wednesday, April 16, 2025 3:56 PM
**To:** Nguyen, Melissa <MNguyen@crowell.com>; Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Guye, Helena M. <Helena.Guye@tuckerellis.com>; Enson, Eric <EEnson@crowell.com>
**Subject:** RE: Meta v. OnLineNIC - ICANN's Responses & Objections to Plaintiffs' Subpoena

Melissa,

This is received, thank you. We will let you know if we have any difficulty accessing the files or any other questions.

Best,
Steven

**From:** Nguyen, Melissa <MNguyen@crowell.com>
**Sent:** Wednesday, April 16, 2025 3:50 PM
**To:** Kroll, Howard A. <Howard.Kroll@tuckerellis.com>
**Cc:** Steele, David J. <David.Steele@tuckerellis.com>; Lauridsen, Steven E. <Steven.Lauridsen@tuckerellis.com>; Guye, Helena M. <Helena.Guye@tuckerellis.com>; Enson, Eric <EEnson@crowell.com>
**Subject:** RE: Meta v. OnLineNIC - ICANN's Responses & Objections to Plaintiffs' Subpoena

**<<< EXTERNAL EMAIL >>>**

Howard,

Please see attached. You should have just received a secure file transfer containing ICANN's production volume ICANN-METAONLINENIC-001. ████████████████████████████████████

Please let me know if you have any issues accessing the files.

Thanks,
Melissa

**Melissa M. Nguyen**
Pronouns: she/her/hers
Crowell & Moring LLP
mnguyen@crowell.com
+1.415.365.7228 direct

**From:** Nguyen, Melissa <MNguyen@crowell.com>
**Sent:** Wednesday, April 16, 2025 3:32 PM
**To:** howard.kroll@tuckerellis.com
**Cc:** david.steele@tuckerellis.com; steven.lauridsen@tuckerellis.com; helena.guye@tuckerellis.com; Enson, Eric <EEnson@crowell.com>
**Subject:** Meta v. OnLineNIC - ICANN's Responses & Objections to Plaintiffs' Subpoena

Howard,

Attached are non-party ICANN's Objections and Responses to the April 9, 2025 subpoena served on ICANN by your clients. As you will see, based on a review of ICANN's files, ICANN believes that there has never been an assignment of the RAA associated with IANA 4163 and therefore could not locate any documents regarding such an assignment. A production of the ICANN documents responsive to the subpoena's other requests, as limited by our discussions over the last week, is forthcoming.

Thanks,
Melissa

**Melissa M. Nguyen**
Pronouns: she/her/hers
mnguyen@crowell.com
+1.415.365.7228 direct

Crowell & Moring LLP
3 Park Plaza
20th Floor
Irvine, CA 92614

## Crowell

**Collaboration Powers Success**

crowell.com

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.