**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
Leah Rosa Vulić (Bar No. 343520)
548 Market St. #85399
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
liana@kr.law
leah@kr.law

Defendant Leascend Technology Co., Ltd.
f/k/a Xiamen 35.com Technology Co., Ltd.
(erroneously sued as Xiamen 35.com Internet Technology Co., Ltd.)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **FACEBOOK, INC.**, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>**ONLINENIC INC.**, et al.,<br><br>  Defendants. | Case No. 3:19-cv-07071-SI<br><br>**DEFENDANT LEASCEND TECHNOLOGY CO., LTD. F/K/A XIAMEN 35.COM TECHNOLOGY CO., LTD.'S NOTICE OF MOTION AND MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  July 18, 2025<br>Time:  10:00 a.m.<br>Ctrm:  1, 17th Floor<br>Judge:  Hon. Susan Ilston |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on July 18, 2025, at 10:00 a.m., in the above-titled Court, in Courtroom 1, 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Leascend Technology Co., Ltd. F/K/A Xiamen 35.com Technology Co., Ltd. ("Leascend" or "Defendant") will and hereby does move this Court to stay all proceedings in this district court pending final resolution of Leascend's appeal of orders by this Court to the United States Court of Appeals for the Ninth Circuit under Appeal No. 25-1773.

After years of litigation, the Court issued orders that collectively held Leascend in default and imposed sanctions on Leascend as an alter ego Defendants OnlineNIC Inc. ("OnlineNIC") and Domain ID Shield Service Co. Limited ("ID Shield") based on alleged discovery violations by OnlineNIC and ID Shield. Leascend filed a notice of appeal of those orders and the appeal is now pending before the Ninth Circuit. The outcome of the appeal may render moot pending proceedings before this Court. Further, all relevant factors under *Nken v. Holder*, 556 U.S. 418 (2009), weigh in favor of granting a stay pending outcome of the appeal.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities and declarations, the pleadings and other papers on file in this action, and any other evidence that may be offered at a hearing if necessary.

Respectfully Submitted,

Dated: May 19, 2025            **KRONENBERGER ROSENFELD, LLP**

By:   s/ Karl S. Kronenberger
        Karl S. Kronenberger

Attorneys for Defendant Leascend Technology Co., Ltd. f/k/a Xiamen 35.com Technology Co., Ltd.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Introduction**

Defendant Leascend Technology Co., Ltd. F/K/A Xiamen 35.com Technology Co., Ltd. ("Leascend" or "Defendant") moves to stay all further proceedings in this Court pending resolution of Leascend's appeal to the United States Court of Appeals for the Ninth Circuit (Appeal No. 25-1773) of this Court's its orders granting, among other things, summary, default judgment, and a freeze of Leascend assets (collectively, the "Alter Ego Default Orders") (Dkt. Nos. 351, 393, 420, 430, and 431). A stay is warranted to promote the interest of justice, and is supported under *Nken v. Holder*, 556 U.S. 418 (2009).

Defendant requested the other parties' consent to this stay. Counsel for co-defendants agreed; however, counsel for Plaintiffs did not. *See* Declaration of Karl Kronenberger in Support of Defendant Leascend's Motion to Stay ("Kronenberger Decl.") ¶3 & Ex. A.)

**II. Statement of Issues**

Whether all further proceedings in the district court should be stayed pending outcome of Defendant Leascend's appeal to the Ninth Circuit (Appeal No. 25-1773).

**II. Statement of Facts**

On March 13, 2025, Leascend filed a Notice of Appeal in this Court (Dkt. No. 439). The notice appeals to the Ninth Circuit the following orders by this Court:

| DOCKET NO. | ORDER | DATE |
|---|---|---|
| 431 | Amended Default Judgment | 02/14/2025 |
| 430 | Order re: Motion for Attorneys' Fees and Costs | 02/14/2025 |
| 420 | Order re: Plaintiffs' Emergency Ex Parte Application for a Temporary Restraining Order Freezing Assets of Defendant Leascend Technology Co., Ltd. FKA XIAMEN | 12/20/2024 |

|  | 35.COM Internet Technology Co., Ltd. |  |
|---|---|---|
| 393 | Order Granting Plaintiffs' Motion for Default Judgment | 05/03/2024 |
| 351 | Order Granting Plaintiffs' Motion for Summary Judgment on Alter Ego; Striking Leascend's Answer | 11/07/2023 |

(Kronenberger Decl. ¶2.)

Since Leascend filed the Notice of Appeal, Plaintiffs filed a motion for civil contempt against Leascend which was granted (Dkt. No. 460 ("Contempt Order")), a motion for civil contempt remedies which is set for hearing on May 30, 2025 (Dkt. No. 466) ("Remedies Motion"), and a motion for an appeal bond set for hearing on June 13, 2025 (Dkt. No. 470).

**III. Argument**

**A. Legal Standard**

Under *Nken*, courts consider four factors in evaluating a request for a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434; *see also Leiva-Perez v. Holder*, 640 F.3d 962, 964-65 (9th Cir. 2011).

**B. Defendant Has a Strong Likelihood of Success on Appeal**

"The idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits." *Leiva-Perez*, 640 F.3d at 968. However, "to justify a stay, petitioners need not demonstrate that it is more likely than not that they will win on the merits." *Id.* at 966. Indeed, this factor is met when "serious legal questions are raised." *Id.* at 968.

Here, the Alter Ego Default Orders rely on a foundational finding, on summary judgment, that Defendant is an "alter ego" of the co-defendant OnlineNic Inc., and, based

on that finding, the orders assert jurisdiction over Defendant, hold Defendant responsible for OnlineNic's discovery conduct, hold Defendant in default, and more.

As this Court itself has acknowledged, the alter ego determination and its repercussions in this case raise very serious and difficult legal questions:

> In California, "[t]he law as to whether courts will pierce the corporate veil is easy to state but difficult to apply." Las Palmas Assocs. v. Las Palmas Ctr. Assocs., 235 Cal. App. 3d 1220, 1248 (1991) (quoting Talbot v. Fresno-Pacific Corp., 181 Cal. App. 2d 425, 432 (1960)). "Whether the evidence has established that the corporate veil should be ignored is primarily a question of fact which should not be disturbed when supported by substantial evidence." Id. (citation omitted).

Order Granting Plaintiffs' Mot. Summ. J. on Alter Ego; Striking Leascend's Answer ("MSJ Order") at 5.

And:

> The Court acknowledges some concerns over potential unfairness in making an alter ego finding against 35.CN, on the basis of evidence that OnlineNIC provided or failed to provide during discovery in the earlier part of this case, when 35.CN was not a party.

MSJ Order at 19.

Defendant's appeals of the Alter Ego Default Orders undoubtedly raise "serious legal questions."

The first factor weighs strongly in support of a stay.

**C. Defendant Will Suffer Irreparable Harm Absent a Stay**

The Remedies Motion requests, among other things, the deactivation of the domain names leascend.com and leasdgrp.com. As Plaintiffs and the Court are aware, Defendant has transitioned to an entirely new business industry – solar cell technology. The leasdgrp.com domain targeted by the Remedies Motion is used by Defendant for communications to advance this new business. If the Remedies Motion is not stayed, Defendant faces the potential of losing the business continuity associated with this domain.



(Kronenberger Decl. ¶4.)

Further, the entry of default judgment and finding of civil contempt have already harmed Leascend's business reputation; however, the additional imposition of potentially astronomical sanctions against Leascend is likely to compound the harm to a possibly irreparable level as Leascend is endeavoring to transition to an entirely new line of business as Plaintiffs previously demanded. Kronenberger Decl. ¶5. If proceedings in this Court continue, this incalculable harm may befall Leascend despite the serious legal questions on appeal to the Ninth Circuit. (Kronenberger Decl. ¶6.)

A stay of proceedings in this Court is necessary to maintain the status quo during appeal of the Alter Ego Default Orders. *Fed. Trade Comm'n v. Qualcomm Inc.*, 935 F.3d 752, 757 (9th Cir. 2019); *see Nken*, 556 U.S. at 529. This factor also weighs strongly in favor of a stay.

### D. Plaintiff Will Suffer No Prejudice from a Stay

Plaintiff will suffer no prejudice from a stay of the remaining district court proceedings. The Remedies Motion for example seeks to penalize Defendant, not provide relief to Plaintiffs. Plaintiffs remain in the same posture in the case and in their operations whether the Remedies Motion proceeds now or after resolution of the pending appeals.

Further, Defendant disputes the Contempt Order as erroneous and therefore believes any imposition of sanctions or other remedies by the Court pursuant to that order would be misplaced. Defendant therefore anticipates appealing the Contempt Order and any order on the Remedies Motion that grants such sanctions or remedies. The appeal process in the Ninth Circuit would consequently be prolonged and incur further expenditure of resources by all parties, which is prejudicial to all parties. A stay of the district court proceedings would contrarily expedite the appeal process and conclusion of the case.

The lack of prejudice to Plaintiff supports granting a stay.

### E. Public Interest Favors a Stay

Public interest in the judicious use of judicial resources favors a stay. While the parties have filed opening briefs on the Remedies Motions, the Court has not yet been

required to invest substantial time towards it. There has been no review of briefs and their supporting materials, no hearing, no deliberation by the Court, and no preparation of a written opinion and order. And if Defendant's pending appeal is successful, this Court will never have to dedicate time to these proceedings. Judicial economy favors conserving resources otherwise spent on remedies that may become moot. *Leiva-Perez*, 640 F.3d at 970.

This final factor in evaluation of a request to stay proceedings also supports granting a stay here.

### IV. Conclusion

For the reasons stated, Defendant requests a stay of all further proceedings in this Court pending resolution of Ninth Circuit Appeal No. 25-1773.

Respectfully Submitted,

Dated: May 19, 2025

**KRONENBERGER ROSENFELD, LLP**

By:   s/ Karl S. Kronenberger
          Karl S. Kronenberger

Attorneys for Defendant Leascend Technology Co., Ltd. f/k/a Xiamen 35.com Technology Co., Ltd.